THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
ROBERT I. LESTER (CBN 116429)
Assistant United States Attorney
    300 North Los Angeles Street, Rm. 7516
    Los Angeles, California  90012
    Phone: (213) 894-2464
    Fax:   (213) 894-7819
    Robert.Lester@usdoj.gov
JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General, Civil Division
DAVID J. KLINE
Principal Deputy Director
Office of Immigration Litigation
GJON JUNCAJ (MI SBN P63256)
NANCY SAFAVI (TBN 24042342)
    Trial Attorneys
    Office of Immigration Litigation
    P.O. Box 878, Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 307-8514/514-9875
    Facsimile: (202) 233-0397
    E-mail: Nancy.Safavi@usdoj.gov

Attorneys for Federal Respondents
James Hayes, George Molinar, Michael
Chertoff, and Michael B. Mukasey

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, et al.,<br><br>    Petitioners,<br><br>v.<br><br>JAMES HAYES, Immigration and Customs Enforcement Los Angeles District Field Office Director; MICHAEL B. MUKASEY, Attorney General et al.,<br><br>    Respondents. | No. CV 07-3239-TJH(RNB)<br><br>**REPLY OF FEDERAL RESPONDENTS JAMES HAYES, GEORGE MOLINAR, MICHAEL CHERTOFF, AND MICHAEL B. MUKASEY TO PETITIONERS' OPPOSITION TO RESPONDENTS' MOTION TO DISMISS**<br><br>DATE: Jan. 14, 2008<br>TIME: Under submission<br><br>[**JUDGE HATTER**] |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

This petition for writ of habeas corpus is moot, as the lead Petitioner, Alejandro Rodriguez, is no longer in immigration detention, and no class has ever been certified in this case. Mr. Rodriguez was released from detention on July 27, 2007. See Kescoli v. Babbitt, 101 F.3d 1304, 1308 (9th Cir. 1996) (a case "is moot if 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome'") (citation omitted).

Petitioners main argument in their opposition is that the Government's motion to dismiss is procedurally flawed. As explained below, Petitioners are incorrect, because a party may challenge subject matter jurisdiction at any stage in the litigation. On the merits, Petitioners' arguments also fail. Mr. Rodriguez's release from detention renders this litigation moot, and no exceptions to the mootness doctrine apply.

**II.   ARGUMENT**

**A.   THIS MOTION TO DISMISS IS PROPERLY BEFORE THIS COURT**

A party may always show the Court that it lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). The instant motion brings to the forefront Respondents' argument, already made briefly in its opposition to Petitioners' pending motion for class certification, that Petitioners' case should be dismissed because Mr. Rodriguez's claims were moot due to his release from detention.

"The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006). See Fed. R. Civ. P. 12(h)(3) (2008) (if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action).[1] For example, in Friery v. Los Angeles Unified School District, 448 F.3d 1146 (9th Cir. 2006) (order), the court considered a defendant's challenge to the plaintiff's standing made for the first time in supplemental briefing filed in that court. The Ninth Circuit held: "Despite the advanced stage of this litigation, . . . [a]s standing implicates Article III limitations on our power to decide a case, we must address it before proceeding to the merits." *Id*. at 1148.

A party may not "waive" subject matter jurisdiction even if it failed to raise it by motion at the earliest and most procedurally appropriate manner. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (rejecting the defendants' argument that the plaintiffs waived their right to contest the removal on appeal because they had failed to file "a formal and timely motion to remand").

---

[1] Rule 12(h)(3), as amended on December 1, 2007, is merely a stylistic reformulation of the longstanding language of that rule: "*Whenever* it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court *shall* dismiss the action." (emphasis added).

Thus, Respondents' argument, that this Court no longer has subject matter jurisdiction because the case is now moot, is properly before this Court. In <u>Augustine v. United States</u>, 704 F.2d 1074 (9th Cir. 1983), the government filed a post-answer motion to dismiss on subject matter jurisdiction grounds, apparently citing only to Rule 12(b)(1). Despite concluding that the Rule 12(b)(1) motion was "technically untimely," the Ninth Circuit held:

> The matter of subject matter jurisdiction, however, may be raised by the parties at any time pursuant to Fed.R.Civ.P. 12(h)(3), and the government's motion was thus properly before the court as a Rule 12(h)(3) suggestion of lack of subject matter jurisdiction.

<u>Id</u>. at 1075 n.3 (<u>cited in</u> William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, <u>Federal Civil Procedure Before Trial</u> ¶ 9:67 (The Rutter Group 2007)). <u>See also</u> <u>Elvig v. Calvin Presbyterian Church</u>, 375 F.3d 951, 955 n. 2 (9th Cir. 2004) (although the defendants' post-answer motion to dismiss based on subject matter jurisdiction was improperly based on Rule 12(b)(1), it was properly considered because of Rule 12(h)(3)).

In this case, Respondents' post-answer "motion to dismiss" (which cited to Rules 12(b)(1) <u>and</u> 12(h)(3)) should not be denied as procedurally flawed.

**B.   THIS CASE IS MOOT, AND NO EXCEPTIONS TO THE MOOTNESS DOCTRINE APPLY.**

If a case has become moot, this Court has no jurisdiction to adjudicate it. <u>Kescoli</u>, 101 F.3d at 1308; <u>see</u> <u>also</u> <u>Picrin-Peron v. Rison</u>, 930 F.2d 773, 775 (9th Cir. 1991)("If it appears that [the court is] without power to grant the relief requested, then th[e] case is moot"). Mr. Rodriguez no longer has a claim that he is unlawfully detained by Respondents, and his claims should be dismissed. Fed. R. Civ. P. 12(h)(3).

This case does not satisfy the exceptions to the mootness doctrine. There is no reasonable expectation that the challenged action will be repeated and that such action will occur before the court has a chance to rule on the action. <u>Alaska Center for the Environment v. U.S. Forest Service</u>, 189 F.3d 851, 854-55 (9th Cir. 1999).

If ICE ever were to re-detain Mr. Rodriguez, it would be based on a <u>new</u> set of facts or changed circumstances. Any present fear of future detention because of Mr. Rodriguez's release conditions is speculative at best, and do not satisfy the well-established test to defeat mootness.

As Respondents referenced in their moving papers, this Court's decisions in similar cases support the Government's assertion that Mr. Rodriguez's claim is moot. <u>See</u> <u>Rasheed v. Gonzales</u>, Case No. CV 06-7449-TJH (C.D. Cal. Aug. 8, 2007), and <u>Mussa v. Gonzales</u>, Case No. CV 06-2749-TJH (C.D. Cal. Oct. 17, 2006). Rodriguez's case does not survive mootness even if voluntary cessation did apply, as this Court ruled in <u>Mussa</u> that in this type of case there is no reasonable expectation that the

violation of Rodriguez's rights alleged in this action will recur.  Petitioners offer no rebuttal to these arguments in their opposition.[2]

A plaintiff who may suffered an injury may not sue for equitable relief if he cannot establish that there is any real or immediate threat that he will be wronged again.  See Hodgers-Durgin v. de la Vina, 199 F.3d 1037, 1042-44 (9th Cir. 1999) (en banc).  That is, Mr. Rodriguez has not established that it is likely that ICE will not only re-detain him, but keep him in detention longer than is authorized both by statue and by the Constitution.  Similarly, Mr. Rodriguez's failure to establish the likelihood of future injury renders his claim unripe.  Id. at 1044 ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.")

Petitioners also assert that there are "other members in the class" who remain in custody; however, there is no certified class at this time.  Opp. at p. 5.  Before the Court certifies a class, the Court must determine that the named plaintiffs have standing.  See Lewis v. Casey, 518 U.S. 343, 357 (1996) ("even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'").

---

[2]  Mr. Rodriguez's claim that he is still detained lacks merit because his monitoring by its nature, constitutes "supervision," not detention.  See generally Nguyen v. BI, Inc., 435 F.Supp.2d 1109 (D. Or. 2006).

6

In <u>Hodgers-Durgin</u>, the Ninth Circuit specifically held that "system-wide injunctive relief is not available based on alleged injuries to unnamed members of a proposed class." 199 F.3d at 1045. The court affirmed the grant of summary judgment for defendants because:

> Here, no class members other than Mr. Lopez and Ms. Hodgers-Durgin have chosen to join the action as named plaintiffs. Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief. Any injury unnamed members of this proposed class may have suffered is simply irrelevant to the question whether the named plaintiffs are entitled to the injunctive relief they seek.

<u>Id.</u>

Mr. Rodriguez has not show that he is entitled to injunctive relief, because it is entirely speculative whether he will ever be re-detained and even if will be, that he would be kept in detention in violation of statutes and the Constitution. Thus, the claims of unnamed (or putative) class members may not establish standing in this case.

Petitioners further allege that the Government has a practice of "picking off" named plaintiffs and that the Government has the burden of proving that the alleged activity is not occurring. Opp. at p. 5. The Government can not be expected to prove a negative, and respond to such allegations when Petitioners provide no evidence and simply level unwarranted

accusations based on pure speculation.  Moreover, even if the allegation were true, Petitioners' opposition brief fails to cite to any authority which would defeat Respondents' arguments.

## III.

## CONCLUSION

Based on the foregoing, this Court should dismiss the habeas petition.

DATED: January 6, 2008          Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney
JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General,
   Civil Division
DAVID J. KLINE
Principal Deputy Director
Office of Immigration Litigation
GJON JUNCAJ
NANCY SAFAVI
Office of Immigration Litigation
Trial Attorneys


/s/ Robert I. Lester
ROBERT I. LESTER
Assistant United States Attorney

Attorneys for Federal Respondents