THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
AUSA, Chief, Civil Division
ROBERT I. LESTER (CBN 116429)
Assistant United States Attorney
    300 North Los Angeles Street, Rm. 7516
    Los Angeles, California  90012
    Phone: (213) 894-2464
    Fax:   (213) 894-7819
    Robert.Lester@usdoj.gov
JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General, Civil Division
DAVID J. KLINE
Principal Deputy Director
Office of Immigration Litigation
GJON JUNCAJ (MI SBN P63256)
NANCY SAFAVI (TBN 24042342)
    Trial Attorneys
    Office of Immigration Litigation
    P.O. Box 878, Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 307-8514/514-9875
    Facsimile: (202) 233-0397
    E-mail: Nancy.Safavi@usdoj.gov

Attorneys for Federal Respondents
James Hayes, George Molinar, Michael Chertoff, and Michael B. Mukasey

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, et al., | No. CV 07-3239-TJH(RNB) |
| Petitioners, | ***EX PARTE* APPLICATION OF FEDERAL RESPONDENTS JAMES HAYES, GEORGE MOLINAR, MICHAEL CHERTOFF, AND MICHAEL B. MUKASEY FOR ORDER STAYING PROCEEDINGS PENDING THIS COURT'S RULING ON THEIR MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION;** |
| v. | |
| JAMES HAYES, Immigration and Customs Enforcement Los Angeles District Field Office Director; MICHAEL B. MUKASEY, Attorney General et al., | |
| Respondents. | |
| | **MEMORANDUM OF POINTS AND AUTHORITIES;** |
| | **DECLARATION.** |
| | [**JUDGE HATTER**] |

### *EX PARTE APPLICATION*

Federal Respondents hereby apply *ex parte* for an order staying the proceedings in this case until the Court has ruled on Respondents' motion to dismiss based on lack of subject matter jurisdiction -- a motion that is now fully briefed.

Pursuant to Local Rule 7-19.1, on January 3, 2008, Respondents' counsel provided notice of this *ex parte* application to Petitioners' counsel, Ahilan Arulanantham, via email. He responded that he opposes the relief that Respondents seek in this *ex parte* application. Declaration of Robert I. Lester ¶ 2.

This *ex parte* application is based upon the attached memorandum of points and authorities, the attached declaration, and the files and records in this case.

DATED: January 6, 2008    Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney
JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General,
Civil Division
DAVID J. KLINE
Principal Deputy Director
Office of Immigration Litigation
GJON JUNCAJ
NANCY SAFAVI
Office of Immigration Litigation
Trial Attorneys


/s/ Robert I. Lester
ROBERT I. LESTER
Assistant United States Attorney

Attorneys for Respondents

**MEMORANDUM OF POINTS AND AUTHORITIES**

In this habeas corpus case, petitioner Rodriguez challenges his asserted indefinite immigration detention; on his own behalf as well as on behalf of a proposed class.  Federal Respondents request that the Court stay proceedings in this case until it has ruled on the motion to dismiss filed on December 17, 2007, and which is now fully briefed.  The motion is based on this Court's lack of subject matter jurisdiction, because Mr. Rodriguez, the only named petitioner in this case, has been released from immigration detention.

This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 707-08 (1997).  It would be unnecessary and a waste of judicial resources for the Court to rule on other matters in this case, including the motion for class certification, because Respondents' motion, if granted, will terminate the claims in this case.  "Ordinarily, a contention of mootness must be resolved as a threshold matter, since the court would lack jurisdiction to decide a moot case." Coral Constr. Co. v. King County, 941 F.2d 910, 927 (9th Cir. 1991).  See also Friery v. Los Angeles Unified School District, 448 F.3d 1146, 1148 (9th Cir. 2006) ("as standing implicates Article III limitations on our power to decide a case, we must address it before proceeding to the merits.")[1]; Herman Family Revocable

---

[1] In Friery, the court considered a defendant's challenge to the plaintiff's standing made for the first time in supplemental briefing filed in that court.  The Ninth Circuit held:  "Despite the advanced stage of this litigation, . . . [a]s standing implicates Article III limitations on our power

1 Trust v. Teddy Bear, 254 F.3d 802 (9th Cir. 2001) ("Once the
2 district court reached the conclusion that it had no underlying
3 original subject matter jurisdiction, there was nothing left to
4 do but to dismiss the case. *See* Fed. R. Civ. P. 12(h)(3)").[2]

In this case, the Court should first rule on Respondents' motion to dismiss before it considers the class certification motion or conducts any further proceedings.

### III.

### CONCLUSION

Based on the foregoing, this Court should stay the proceedings in this case until it has ruled on the pending motion to dismiss based on lack of subject matter jurisdiction.

DATED: January 6, 2008

THOMAS P. O'BRIEN
United States Attorney
JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General,
Civil Division
DAVID J. KLINE
Principal Deputy Director
Office of Immigration Litigation
GJON JUNCAJ
NANCY SAFAVI
Office of Immigration Litigation
Trial Attorneys

/s/ Robert I. Lester
ROBERT I. LESTER
Assistant United States Attorney

Attorneys for Fed. Respondents

---

to decide a case, we must address it before proceeding to the merits." *Id*. at 1148. The court held that the record was unclear, and remanded the case "to develop the factual record and to determine whether Friery has standing to bring the suit." Id. at 1150.

[2] In Teddy Bear, the district court had reached its conclusion that it lacked subject matter jurisdiction after trial.

4