THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
ROBERT I. LESTER (CBN 116429)
Assistant United States Attorney
    300 North Los Angeles Street, Rm. 7516
    Los Angeles, California  90012
    Phone: (213) 894-2464
    Fax:   (213) 894-7819
    Robert.Lester@usdoj.gov
JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General, Civil Division
DAVID J. KLINE
Principal Deputy Director
Office of Immigration Litigation
GJON JUNCAJ (MI SBN P63256)
NANCY SAFAVI (TBN 24042342)
    Trial Attorneys
    Office of Immigration Litigation
    P.O. Box 878, Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 307-8514/514-9875
    Facsimile: (202) 233-0397
    E-mail: Nancy.Safavi@usdoj.gov

Attorneys for Federal Respondents
James Hayes, George Molinar, Michael
Chertoff, and Michael B. Mukasey

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, et al., | No. CV 07-3239-TJH(RNB) |
| Petitioners, | **NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF MOTION OF FEDERAL RESPONDENTS JAMES HAYES, GEORGE MOLINAR, MICHAEL CHERTOFF, AND MICHAEL B. MUKASEY TO DISMISS** |
| v. | |
| JAMES HAYES, Immigration and Customs Enforcement Los Angeles District Field Office Director; MICHAEL B. MUKASEY, Attorney General et al., | |
| Respondents. | |
| | DATE: Jan. 14, 2008<br>TIME: Under submission |
| | **[JUDGE HATTER]** |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Respondents contend that this petition for writ of habeas corpus is moot, as the lead Petitioner, Alejandro Rodriguez, is no longer in immigration detention,[1] and no class has ever been certified in this case.  Therefore, this Court lacks subject matter jurisdiction over this case.

In opposition, Petitioners argue, in part, that Respondents have not properly raised or have somehow waived the argument. Respondents replied that they have not, and cannot, waive the lack of subject matter jurisdiction argument, and that they have properly presented it to this Court.

The Supreme Court has now reaffirmed that subject matter jurisdiction cannot be waived, and affirmed the decision of the Court of Federal Claims dismissing the action.  John R. Sand & Gravel Co. v. United States, 2008 WL 65445 (U.S. Jan. 8, 2008). In that case, the government conceded at the trial level that the plaintiff's claim was timely, and won on the merits.  During plaintiff's appeal to the Court of Federal Claims, the government did not attempt to raise the statute of limitations issue; however, an *amicus* brief called the issue to the attention of the appellate court.  That court agreed that the action was untimely.

On January 8, 2008, the Supreme Court agreed that the Federal Circuit was correct in addressing the statute of limitations issue on appeal (despite the government's "waiver"),

---

[1] Mr. Rodriguez was released from immigration detention on July 27, 2007.

because that this particular statute of limitations was "jurisdictional," and not a mere affirmative defense that the defendant can waive or forfeit.

Similarly, in this case, the issue of subject matter jurisdiction has been called to the Court's attention, and should be considered.

DATED: January 8, 2008            Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney
JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General,
    Civil Division
DAVID J. KLINE
Principal Deputy Director
Office of Immigration Litigation
GJON JUNCAJ
NANCY SAFAVI
Office of Immigration Litigation
Trial Attorneys


/s/ Robert I. Lester
ROBERT I. LESTER
Assistant United States Attorney

Attorneys for Federal Respondents