PETER J. ELIASBERG (SBN 189110)
Email: peliasberg@aclu-sc.org
AHILAN T. ARULANANTHAM (SBN 237841)
Email: aarulanantham@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017
Tel: (213) 977-5211
Fax: (213) 977-5297

**Attorneys For Petitioner**
(Additional counsel listed on following page)

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, et al., <br><br> Petitioners, <br><br> vs. <br><br> JAMES HAYES, et al., <br><br> Respondents. | Case No. CV 07 – 3239 TJH (RNBx) <br><br> **NOTICE OF MOTION AND MOTION FOR DISCOVERY RELATED TO SUB-CLASSES;** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;** <br><br> **PROPOSED ORDER** <br><br> Honorable Terry J. Hatter <br><br> Complaint Filed: 5/16/2007 <br><br> Hearing Date: March 15, 2010 <br> Time: 10:00 AM <br> Place: Courtroom 17 |

1   Additional Counsel:

2   JUDY RABINOVITZ*
    AMERICAN CIVIL LIBERTIES FOUNDATION
3   IMMIGRANTS' RIGHTS PROJECT
    125 Broad Street, 18th Floor
4   New York, NY 10004
    Telephone: (212) 549-2618
5   Facsimile: (212) 549-2654

6   CECILLIA D. WANG (SBN 187782)
    AMERICAN CIVIL LIBERTIES UNION FOUNDATION
7   IMMIGRANTS' RIGHTS PROJECT
    39 Drumm Street
8   San Francisco, CA 94111
    Telephone: (415) 343-0775
9   Facsimile: (415) 395-0950

10  JAYASHRI SRIKANTIAH (SBN 189566)
    STANFORD LAW SCHOOL
11  IMMIGRANTS' RIGHTS CLINIC
    Crown Quandrangle
12  559 Nathan Abbott Way
    Stanford, CA 94305-8610
13  Telephone: (650) 724-2442
    Facsimile: (650) 723-4426

14
    STEVEN A. ELLIS (SBN 171742)
15  WILLIAM TRAN (SBN 245104)
    BRIAN K. WASHINGTON (SBN 248960)
16  SIDLEY AUSTIN LLP
    555 West Fifth Street, Suite 4000
17  Los Angeles, California 90013-1010
    Telephone: (213) 896-6000
18  Facsimile: (213) 896-6600

19  *Application for admission *pro hac vice* forthcoming

20

21

22

23

24

25

26

27

28

2

1   TO DEFENDANTS AND THEIR COUNSEL OF RECORD:

2

3       PLEASE TAKE NOTICE that on March 15, 2010, at 10:00 AM, or as soon

4   thereafter as this matter may be heard, in Courtroom 17, of the above-entitled Court,

5   located at 312 North Spring Street, Los Angeles, California, Petitioner Alejandro

6   Rodriguez will and hereby does move for an order compelling Respondents to comply

7   with the discovery sought by Petitioner.  Specifically, Petitioner seeks an order

8   compelling Respondents to produce:  (1) the names, locations, A numbers, and lengths

9   of detention for all people detained by ICE for six months or more with immigration

10  cases still pending (whether before the agency or the federal courts of appeal) who

11  have been detained in the Central District; (2) the following documents related to

12  those individuals' detention: (a) any charging documents in their immigration cases,

13  (b) any writings regarding any parole decisions, custody reviews,  bond hearings, or

14  hearings provided pursuant to *Casas-Castrillon*, 535 F.3d 942 (9th Cir. 2008), and any

15  merits decisions in their immigration cases from administrative adjudicators,

16  including Immigration Judge decisions and decisions of the Board of Immigration

17  Appeals, and (c) transcripts of their proceedings that relate to continuances and the

18  dates when all agency proceedings took place; and (3) the attorney contact

19  information (contained on a form "G-28") for any of these individuals who are

20  represented by counsel in their immigration proceedings.

21      Class counsel seeks this information for all detainees who 1) have an

22  immigration case currently pending before the agency or the federal courts of appeal

23  and 2) were detained in the Central District on the 180th day of their detention,

24  whether or not they remain detained in this district.  By this motion, class counsel also

25  seeks this information on an on-going basis; class counsel requests that the

26  government provide the requested information on detainees as their length of

27  detention exceeds six months.

28

1    This Motion is made pursuant to 28 U.S.C. 2243 and Federal Rule of Civil

2    Procedure 26, on the grounds that the discovery sought is nonprivileged and relevant

3    to Petitioner's claims.

4    This Motion is based upon this Notice of Motion and Motion, the Memorandum

5    of Points and Authorities filed in support thereof, all matters of which judicial notice

6    may be taken, the Court's files, and such other oral and written evidence and argument

7    as may be presented at or before the hearing on this Motion.

8

9    Dated:  February 8, 2010                Respectfully submitted,

10                                            ACLU OF SOUTHERN CALIFORNIA

11                                            By:  s/Ahilan T. Arulanantham

12                                                 Ahilan T. Arulanantham
                                                   Attorneys for Petitioner
13

14   Dated:  February 8, 2010                Respectfully submitted,

15                                            SIDLEY AUSTIN LLP

16                                            By:

17                                                 William Tran
                                                   Attorneys for Petitioner
18

19

20

21

22

23

24

25

26

27

28

4

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3       This is a Motion for post-certification discovery of basic facts relating to class

4  members.  Petitioner Alejandro Rodriguez argues that he is entitled to discovery of the

5  names, locations, A numbers, lengths of detention, and certain other detention-related

6  information for all class members.[1]  Controlling authority makes clear that such

7  discovery is appropriate in habeas cases, see Harris v. Nelson, 394 U.S. 286, 290

8  (1969) (citing 28 U.S.C. 2243), and required in federal question cases brought under

9  28 U.S.C. 1331, as in this case.

10      Petitioner seeks the limited discovery requested through this motion because it

11 is necessary to identify class members and appropriate sub-class representatives.

12 Petitioner anticipates that he will seek further discovery with respect to the merits of

13 his claims at a later time.

14

15 **I.    PETITIONER IS ENTITLED TO THE REQUESTED DISCOVERY**

16    **UNDER FEDERAL RULE OF CIVIL PROCEDURE 26 AND THE**

17    **GENERAL FEDERAL HABEAS STATUTE.**

18    **A.    Petitioner Is Entitled to Discovery As A Matter of Right Under Fed.**

19         **R. Civ. Pro. 26, Because This Is A Federal Question Case Under 28**

20         **U.S.C. 1331.**

21

22 [1]  Specifically, Petitioner seeks an order compelling Respondents to produce: (1) the names, locations, A numbers, and lengths of detention for all detainees who 1) have

23 an immigration case currently pending before the agency or the federal courts of appeal and 2) were detained in the Central District on the 180th day of their detention,

24 whether or not they remain detained in this district; (2) the following documents related to those individuals' detention: (a) any charging documents in their

25 immigration cases, (b) any writings regarding any parole decisions, custody reviews, bond hearings, or hearings provided pursuant to *Casas-Castrillon*, and any merits

26 decisions in their immigration cases from administrative adjudicators, including Immigration Judge decisions and decisions of the Board of Immigration Appeals, and

27 (c) transcripts of their proceedings that relate to continuances and the dates when all agency proceedings took place; and (3) the attorney contact information (contained on

28 a form "G-28") for any of these individuals who are represented by counsel in their immigration proceedings.

1    This class action has been brought not only as a habeas petition, but also as a

2    general federal question suit under 28 U.S.C. 1331.  This is clear from the original

3    petition itself, which relied upon both the habeas statute and the general federal

4    question statute.  See Petition at ¶¶ 1, 3.

5    As a federal question case, this action is subject to Rule 26 of the Federal Rules

6    of Civil Procedure.  Rule 26(b)(1) permits discovery of "any nonprivileged matter,

7    that is relevant to any party's claim or defense."  In addition, for good cause shown,

8    the court may also order "discovery of any matter relevant to the subject matter

9    involved in the action."  Fed.R.Civ.P. 26(b)(1).  "Generally, the purpose of discovery

10   is to remove surprise from trial preparation so the parties can obtain evidence

11   necessary to evaluate and resolve their dispute." Moon v. SCP Pool Corp., 232 F.R.D.

12   633, 635 (C.D.Cal. 2005).  Thus, Rule 26(b) is "liberally interpreted" to allow "wide-

13   ranging discovery of information" even if the information may be inadmissible at trial.

14   Id.; accord, Bible v. Rio Properties, Inc., 246 F.R.D. 614, 617 (C.D.Cal. 2007).

15   **B.    Habeas Petitioners Also May Obtain Discovery.**

16   While not available as a matter of right, discovery is also available in habeas

17   corpus cases, because the general federal habeas statute gives this Court authority to

18   dispose of a habeas petition "as law and justice require."  28 U.S.C. 2243.  In Harris v.

19   Nelson, 394 U.S. 286 (1969), the Supreme Court held that while the Federal Rules of

20   Civil Procedure do not apply in all respects to habeas petitions, "in appropriate

21   circumstances, a district court, confronted by a petition for habeas corpus which

22   establishes a prima facie case for relief, may use or authorize the use of suitable

23   discovery procedures." Id. at 290.  Moreover, while the Supreme Court clearly

24   intended to leave decisions concerning discovery to the sound discretion of the district

25   courts, it also made clear that the courts should order discovery when it was likely to

26   yield evidence favorable to the petitioner: "where specific allegations before the court

27   show reason to believe that the petitioner may, if the facts are fully developed, be able

28   to demonstrate that he is confined illegally and is therefore entitled to relief, it is the

6

1  duty of the court to provide the necessary facilities and procedures for an adequate

2  inquiry." Id. at 300.  Under Harris, federal courts do occasionally order discovery in

3  habeas cases, both in post-conviction criminal habeas cases and in habeas cases that,

4  like this one, challenge unlawful detention by the Executive Branch.  See Banks v.

5  Dretke, 540 U.S. 668, 684-85 (2004) (noting that discovery ordered by district court

6  on habeas yielded exculpatory evidence in post-conviction case); see generally Al-

7  Odah v. United States, 559 F.3d 539 (D.C. Cir. 2009) (discussing rules governing

8  discovery of classified information in habeas petitions for Guantanamo detainees).

9  　　　Here, as explained below, 'law and justice' undoubtedly require that Petitioner

10  be afforded the discovery that he seeks.  Harris, 394 U.S. at 300; 28 U.S.C. 2243.

11  **II.     PETITIONER IS ENTITLED TO THE DISCOVERY HE REQUESTS.**

12  　　　Petitioner is entitled to the discovery he requests here.  Rule 26 generally

13  provides for discovery of "relevant" information, with few limitations: "[p]arties may

14  obtain discovery regarding any nonprivileged matters that is relevant to any party's

15  claim or defense...."  Fed. R. Civ. Pro. 26.  The opponent of discovery "has the

16  burden to show discovery should not be allowed, and has the burden of clarifying,

17  explaining, and supporting its objections."  Sullivan v. Prudential Ins. Co. of America,

18  233 F.R.D. 573, 575 (C.D. Cal. 2005).  "Discovery should ordinarily be allowed under

19  the concept of relevancy unless it is clear that the information sought can have no

20  possible bearing upon the subject matter of this action."  Oakes v. Halvorsen Marine

21  Ltd., 179 F.R.D. 281, 283 (C.D.Cal. 1998) (citation omitted).

22  　　　Should this Court determine that the somewhat stricter rule for habeas petitions

23  applies in this case, then Petitioner must allege that the facts he seeks to prove "may,

24  if [] fully developed . . . demonstrate that he is confined illegally and is therefore

25  entitled to relief," or must otherwise show that "law and justice" require production of

26  the information.  Harris, 394 U.S. at 300; 28 U.S.C. 2243.  As discussed below, the

27  categories of discovery sought by Petitioner easily meet these standards.

28

7

1    **A.    Personal And Contact Information Must Be Produced So That Class**

2         **Counsel Can Communicate With Their Clients.**

3         Petitioner seeks the names, locations, A numbers, and lengths of detention for

4    all detainees who 1) have an immigration case currently pending before the agency or

5    the federal courts of appeal and 2) were detained in the Central District on the 180th

6    day of their detention, whether or not they remain detained in this district.  As

7    explained in declarations previously submitted in this case, class counsel have no

8    mechanism to identify class members, because the government does not freely allow

9    attorneys to know the names and locations of detainees.  See Exhibit 6 (Declaration of

10   Bardis Vakili) at ¶¶ 5, 7 (describing the haphazard ways in which counsel learned of

11   detainees incarcerated for more than six months).  Therefore, the government must

12   produce such information to allow class counsel to have comprehensive access to

13   class counsel's clients.

14        The federal courts have held that once a class action has been certified,

15   unnamed class members become clients of class counsel.  See, e.g., Kleiner v. First

16   Nat. Bank of Atlanta , 751 F. 2d 1193, 1207 n.28 (11th Cir. 1985) ("class counsel

17   represents all class members as soon as a class is certified"); Van Gemert v. Boeing

18   Co., 590 F.2d 433, 440 n.15 (2d Cir. 1978) ("The argument that there is no attorney-

19   client relationship between the absentees and class counsel is not persuasive. A

20   certification under [then-Rule 23(c)] makes the Class the attorney's client for all

21   practical purposes."); Parks v. Eastwood Ins. Services, Inc., 235 F. Supp. 2d 1082,

22   1083 (C.D. Cal. 2002) ("In a class action certified under Rule 23, Federal Rules of

23   Civil Procedure, absent class members are considered represented by class counsel

24   unless they choose to 'opt out.'").  As such, class counsel has both a right and an

25   obligation to know who their clients are and how to contact them.[2]

26

27   _____

28   [2] Because this case has been certified under Rule 23(b)(2), class members have no right to opt out of the class.  However, all class members will nonetheless be bound by the Court's judgment, and therefore remain clients of class counsel.

8

1    Indeed, a number of federal court decisions, including one from the Central

2    District, have held that class counsel is entitled to contact information for potential

3    class members even <u>before</u> certification.  <u>See</u> <u>Salazar v. Avis Budget Group, Inc.</u>,

4    2007 WL 2990281, *2 (S.D. Cal. 2007) (granting discovery of contact information for

5    current and former employees in a suit alleging overtime violations, in part because

6    "F.R.C.P. 26(a)(1)(A) requires each party to disclose <u>before formal discovery begins</u>

7    'the names, addresses and telephone numbers of each individual likely to have

8    discoverable information that the disclosing party may use to support its claims or

9    defenses.'") (emphasis in original); <u>see</u> <u>also</u> <u>Tomassi v. City of Los Angeles</u>, 2008

10    WL 4722393  at *4 (C.D. Cal. 2008) ("Plaintiffs are entitled to the names and

11    addresses of potential class members."); <u>Wiegele v. Fedex Ground Package System</u>,

12    2007 WL 628041 (S.D. Cal. 2007) (denying defendant's objections to discovery of

13    putative class member's contact information).[3]

14    Here, Petitioner's claim to discover this basic information is far stronger than in

15    the cases cited above, because the class has already been certified and counsel are in

16    an attorney-client relationship with all class members.  <u>Kleiner</u>, 751 F.2d  at 1207

17    n.28; <u>Parks</u>, 235 F. Supp. 2d at 1083.  Therefore, the Court should order the

18    government to provide this information.

---

19  [3] Similarly, in the state law context class counsel have a right to obtain such

20  information through discovery in order to contact class members even <u>before</u>

21  certification.  <u>See</u> <u>Pioneer Electronics (USA), Inc. v. Superior Court</u>, 40 Cal. 4th 360, 53 Cal. Rptr. 3d 513 (2007) (granting pre-certification discovery to obtain contact

22  information of putative class members absent a written objection).  <u>See</u> also <u>Belaire-

23  West Landscape, Inc v Superior Court</u>, 149 Cal. App. 4th 554, 57 Cal. Rptr. 3d 197 (2007) (granting discovery of contact information for current and former employees in

24  suit alleging wage and hour violations subject to opt-out provision); <u>Puerto v. Superior

25  Ct.</u>, 158 Cal. App. 4th 1242, 70 Cal. Rptr. 3d 701 (2008) (same); <u>Lee v. Dynamex, Inc.</u>, 166 Cal. App. 4th 1325, 83 Cal. Rptr. 3d 241 (2008) (reversing denial of class

26  certification, as class counsel was denied access to contact information of putative

27  class members); <u>Crab Addison Inc. v. Superior Ct.</u>, 169 Cal.App.4th  958, 87 Cal. Rptr. 3d 400 (2008) (affirming order granting discovery of identities and contact

28  information of putative class members).

**B.     Detention-Related Documents Must Be Produced Because They Are Necessary to Identify Class Members and Potential Sub-Class Representatives.**

In addition to seeking information to assist with contacting class members, Petitioner also seeks discovery of information relating to the class members' detention, as set forth above.  This information qualifies under Rule 26's standard of relevance and under the rule set forth in <u>Harris</u>, because such information goes directly to whether or not each detainee is a member of the class and also to the propriety of choosing any given individual as a sub-class representative.[4]

In order to determine whether any given individual is a class member, class counsel must determine whether the person is detained under one of the general detention statutes, whether the individual has been given "a hearing to determine whether prolonged detention is justified," and whether that hearing process included "sufficient procedural safeguards" to satisfy statutory and constitutional requirements.  Petition at ¶ 62.  In addition, Petitioner must have sufficient information to determine whether any given detainee's case is "typical" of the cases of other class members in order to establish whether that detainee can serve as a suitable sub-class representative.  <u>See</u> Fed. Rule Civ. Pro. 23(a)(3).[5]

---

[4] In practice, it may prove easier for the government to simply provide to class counsel the A files of the class members after redacting any information that must remain private notwithstanding class counsel's status as the attorney for each of these detainees with respect to their claim for a hearing.  However, at this time counsel seeks from each A file only the detention-related documents set forth above, rather than the entire A file of each detainee.

[5] Petitioner's discovery requests are narrowly tailored to these particular areas.  His request for writings regarding parole decisions, custody reviews, bond hearings, and <u>Casas</u> hearings relates directly to the evaluation of existing custody procedures to determine if they provide an adequate hearing.  The request for charging documents and decisions from administrative adjudicators (including Immigration Judge and Board decisions) relates directly to the evaluation of the statute under which a person is detained.  The request for transcripts of proceedings related to continuances is directly related to ascertaining whether the delays in cases are the fault of immigration detainees or instead the fault of the government, which goes to whether a given detainee's claim is "typical."  And the request for attorney contact information will allow the client's immigration attorney to become aware of this related litigation that may affect his or her client, and also facilitate class counsel's understanding of the statute under which the detainee has been held.

10

1    Even were such information not relevant at this stage, it would undoubtedly be

2    relevant when Petitioner seeks discovery on the merits of his claims. The government

3    has consistently argued that the existing procedures afforded to the class members are

4    sufficient for Due Process purposes, that the detainees often pursue their immigration

5    cases for long periods of time even though those cases are weak or even frivolous, and

6    that the detainees are the cause of any delays in their cases.[6] To respond to the

7    government's arguments, Petitioner must be afforded information concerning what

8    procedures for release have been employed in class members' cases, what claims the

9    individual detainees have raised in their immigration cases, and the reasons for the

10   delays that commonly occur.

11    Discovery of this information will thus allow class counsel to identify all class

12   members and select appropriate sub-class representatives.[7]

13

14

15

16

17

18

19

20

21

22   _____

23   [6] See, e.g., Answering Brief of Respondents-Appellees at 42, Rodriguez v. Hayes, No. 08-56156 (9th Cir. Oct. 20, 2008) ("Petitioner's request for individual hearings overlooks the exhaustive regulatory provisions already in place to review an alien's

24   custody when such review is authorized by Congress. 8 C.F.R. §§ 241.4, 241.13 (post-order custody review), 1003.19 (custody/bond review in the pre-order context).";

25   Def.-Respondents' Amended Answer to Petition for Writ of Habeas Corpus, Martinez v. Gonzales, C.D. Cal., No. 06-7609 at 15, 19 (arguing that detainee's immigration

26   appeal was frivolous); id. at 15 (claiming that petitioner's actions were undertaken "simply to stall DHS's considerable efforts to remove him.")

27   [7] Counsel for Petitioner and for the government intend to confer with the aim of reaching a stipulation on the definition of proposed sub-classes. Counsel for

28   Petitioner will inform the Court as to the progress of those efforts prior to the hearing on March 15, 2010.

1  **III.   CONCLUSION**

2        For the reasons discussed above, Petitioner respectfully requests that the

3  Court grant this motion and enter an order compelling Respondents to comply with

4  Petitioner's discovery requests as set forth in the concurrently-filed proposed order.

5
6                                              Respectfully submitted,

7
8  Dated:  February 8, 2010              By:  s/Ahilan T. Arulanantham
                                              Ahilan T. Arulanantham
9                                             Attorneys for Petitioner

10
11  Dated:  February 8, 2010             SIDLEY AUSTIN LLP

12                                        By:

13                                             William Tran
                                              Attorneys for Petitioner
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12

**PROPOSED ORDER**

The Court has considered all of the parties' briefing, evidence, and arguments in this case to this point, as well as the authorities cited in support of their positions. Upon due consideration, the Court hereby GRANTS Petitioner's Motion for Discovery Relating to Sub-Classes, and orders as follows:

___ Respondents shall produce the names, locations, A numbers, and lengths of detention for all people detained by ICE who 1) have an immigration case currently pending before the agency or the federal courts of appeal and 2) were detained in the Central District on the 180th day of their detention, whether or not they remain detained in this district;

___ Respondents shall produce the following documents related to those individuals' detention: (a) any charging documents in their immigration cases, (b) any writings regarding any parole decisions, custody reviews, bond hearings, or hearings provided pursuant to *Casas-Castrillon*, and any merits decisions in their immigration cases from administrative adjudicators, including Immigration Judge decisions and decisions of the Board of Immigration Appeals, and (c) transcripts of their proceedings that relate to continuances and the dates when all agency proceedings took place;

___ Respondents shall produce the attorney contact information (contained on a form "G-28") for any of these individuals who are represented by counsel in their immigration proceedings.

IT IS SO ORDERED.

Dated: February ____, 2010

_____
THE HONORABLE TERRY J. HATTER
United States District Court Judge

13