TONY WEST
Assistant Attorney General, Civil Division
DAVID J. KLINE
Director
Office of Immigration Litigation
District Court Section
VICTOR M. LAWRENCE
Principal Assistant Director
GJON JUNCAJ
Senior Litigation Counsel
Michigan Bar No. P63256
     P.O. Box 868, Ben Franklin Station
     Washington, D.C. 20044
     Telephone: (202) 307-8514
     Facsimile: (202) 305-7000
     Email: gjon.juncaj@usdoj.gov

Attorneys for Defendants-Respondents

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, et al., ) | No. CV 07-03239 TJH (RNBx) |
|    Plaintiff-Petitioner, ) | |
|                ) | **OPPOSITION TO PETITIONER'S** |
|     v.       ) | **MOTION FOR DISCOVERY** |
|                ) | **RELATED TO SUBCLASSES;** |
| TREY LUND[1], et al., ) | |
|    Defendants-Respondents. ) | **EXHIBITS.** |
|                ) | |
|                ) |  Hon. Terry J. Hatter, Jr. |
|                ) | Date: March 22, 2010 |
| _____ ) | Time: 10:00 a.m. |

---

    [1] Pursuant to Fed. R. Civ. P. 25(d), Eric H. Holder, Jr., United States Attorney General, Janet Napolitano, Secretary of the Department of Homeland Security, and Trey Lund, Immigration and Customs Enforcement Field Office Director for the Los Angeles District, are substituted as Respondents for their predecessors Alberto Gonzales, Michael Chertoff, and James Hayes, respectively.

**TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

   I.  THIS CASE INVOLVES A PURE LEGAL QUESTION WHERE NO
     DISCOVERY SHOULD BE AUTHORIZED. . . . . . . . . . . . . . . . . . . . . . . . . 4

     A.     Petitioner Must Be Judicially Estopped From Seeking
              Discovery Into Facts That He Successfully Claimed To
              The Ninth Circuit Are Irrelevant. . . . . . . . . . . . . . . . . . . . . . . . . . 4

     B.     Petitioner Is Not Entitled To Discovery. . . . . . . . . . . . . . . . . . . . . 7

  II. PETITIONER HAS NOT DEMONSTRATED GOOD CAUSE EXISTS TO
     GRANT DISCOVERY IN ORDER TO SUPPORT ANY
     SUBCLASS CLAIM. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

     A.    The Discovery Requested By Petitioner Is Not Relevant To Any Proper
            Subclass Claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

     B.    Personal and Contact Information of Proposed Class Members. . . . . . 17

     C.    Respondents Are Entitled To Notice Of The Claims Against Them. . . 19

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

i

1

## TABLE OF AUTHORITIES
### CASES

2

Atari v. Superior Court of Santa Clara County,
    166 Cal. App. 3d 867 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Babbitt v. Albertson's Inc.,
    1993 WL. 128080 (N.D. Cal. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Badea v. Cox,
    931 F.2d 573 (9th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). . . . . . . . . . . . . . . . . 4, 19

Bittaker v. Woodford,
    331 F.3d 715 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11

Campbell v. Blodgett,
    982 F.2d 1356 (9th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Casas-Castrillon v. Department of Homeland Sec.,
    535 F.3d 942 (9th Cir.2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 13, 20

Harris v. Nelson,
    394 U.S. 286, 296, 89 S. Ct. 1082, 22 L.Ed.2d 281 (1969). . . . . . . . . . . . 2, 9, 11

Kleiner v. First National Bank of Atlanta,
    751 F.2d 1193 (11th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Mantolete v. Bolger,
    767 F.2d 1416 (9th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

New Hampshire v. Maine,
    532 U.S. 742, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001). . . . . . . . . . . . . . 1, 5, 7

Parks v. Eastwood Insurance Services, Inc.,
    235 F. Supp. 2d 1082 (C.D. Cal. 2002). . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

Pena v. Gardner,
    976 F.2d 469 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Preiser v. Rodriguez,
    411 U.S. 475, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973). . . . . . . . . . . . . . . . . 1, 8

Prieto-Romero v. Clark,
    534 F.3d 1053 (9th Cir.2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Reiman v. Does 1-1000,
    2007 WL. 1575307 (W.D. Wash. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . 10

Rissetto v. Plumbers & Steamfitters Local 343,
    94 F.3d 597 (9th Cir.1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ii

Rodriguez v. Hayes,
   591 F.3d 1105 (9th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, **passim**

Ruff v. Ramirez,
   2007 WL 2900541 (S.D. Cal. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Russell v. Rolfs,
   893 F.2d 1033 (9th Cir.1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Salazar v. Avis Budget Group, Inc.,
   2007 WL 2990281 (S.D. Cal. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Thomas v. Yates,
   2009 WL 3273280 (E.D. Cal. 2009)(iii). . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Ibrahim,
   522 F.3d 1003 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Van Gernert v. Boeing Co.,
   590 F.2d 433 (2d Cir. 1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Wagner v. Prof'l Eng'rs in Cal. Gov't.
   354 F.3d 1038, 1044 (9th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Walters v. Reno,
   145 F.3d 1032 (9th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Whaley v. Belleque,
   520 F.3d 997 (9th Cir.2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Yingling v. eBay, Inc.,
   2010 WL 373868 (N.D. Cal. 2010)(A). . . . . . . . . . . . . . . . . . . . . . . . . . 17


## FEDERAL STATUTES

5 U.S.C. § 552a. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

8 U.S.C. § 1231 (a)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

28 U.S.C. § 1331. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8

28 U.S.C. § 2241. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. §2241(c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

42 U.S.C. §1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# FEDERAL RULES OF CIVIL PROCEDURE

Fed .R. Civ. P. 8(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Fed. R. Civ. P. 23. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 11

Fed. R. Civ. P. 23(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

Fed. R. Civ. P. 23(c)(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 12, 17

Fed. R. Civ. P. 23(c)(1)(B).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 17

Fed. R. Civ. P. 26(a)(1)(B)(iii). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

Fed. R. Civ. P. 26(a)(1)(C).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Fed. R. Civ. P. 26(d)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10, 19

Fed. R. Civ. P. 26(f). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10

Fed. R. Civ. P. 81(a)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

**INTRODUCTION**

The pending Motion For Discovery Related To Sub-Classes ("Pet. Motion")
should be denied.  As squarely held by the Ninth Circuit Court of Appeals, this case
was found to be maintainable as a class action because it involves a pure question of
law that does not turn on any factual distinctions or variances by any putative class
member or class representative.  <u>Rodriguez v. Hayes</u>, 591 F.3d 1105, 1122-25 (9th
Cir. 2010).  This cannot be disputed.  Petitioner <u>himself</u> has argued to this Court and
the Ninth Circuit that this case presents "a pure question of law that has nothing to
do with the particular facts of any detainees case."  Exhibit ("Ex.") A at 44
(Petitioner's Ninth Circuit Opening Brief); <u>see also</u> Ex. B at 84 (Petitioner's District
Court Motion for Class Certification) (stating the "core issue in this case . . . is a
pure question of law that has nothing to do with the particular facts of any
detainee's case.").  The Ninth Circuit agreed, and it is precisely for this reason that
the Ninth Circuit held any class or subclass may be certified using the guidelines of
Federal Rule of Civil Procedure 23.  <u>See Rodriguez</u>, 591 F.3d at 1124 ("The
particular characteristics of the Petitioner or any individual detainee will not impact
the resolution of this general statutory question and, therefore, cannot render
Petitioner's claim atypical.").  Petitioner must be judicially estopped from taking a
position that succeeded before the Ninth Circuit, and now that he seeks discovery,
taking a contradictory position in his attempt to obtain discovery into matters he
previously successfully claimed were irrelevant.  <u>New Hampshire v. Maine</u>, 532
U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)).

Petitioner also incorrectly argues that he is entitled to discovery because this
case is alleged to be a 28 U.S.C. § 1331 case.  This is a case challenging the legality
of custody, a matter which the Supreme Court has already held must be brought as a
petition for a writ of habeas corpus.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484, 493,
93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  As such, there is no entitlement to discovery

1

1    under the Federal Rules of Civil Procedure. <u>Harris v. Nelson</u>, 394 U.S. 286, 295, 89

2    S.Ct. 1082, 22 L.Ed.2d 281 (1969). If the Rules do expressly apply, then his request

3    is certainly premature as there has been no meet and confer between the parties.

4    Fed. R. Civ. P. 26(f). Discovery should not proceed until there is. Fed. R. Civ. P.

5    26(d)(1). In any event, discovery should not be granted because the matters

6    Petitioner seeks are irrelevant to subclass or class certification, or any claim before

7    the Court. <u>Rodriguez</u>, 591 F.3d at 1121-25.

8        Petitioner has also not demonstrated the good cause necessary to obtain the

9    discovery in a habeas corpus proceeding. This is not changed by Petitioner's claim

10   that discovery into each individual case is necessary in order to form subclasses. In

11   addition to being judicially estopped from taking the contrary position posited in

12   support of this request, the argument relating to discovery for subclasses (or the

13   need for discovery into the merits) is entirely without merit. The Ninth Circuit has

14   unequivocally held, as Petitioner unequivocally urged it to, that for purposes of

15   class certification and the merits of the claim in this case "the determination of

16   whether Petitioner is *entitled* to a bond hearing will rest largely on interpretation of

17   <u>the statute</u> authorizing his detention . . . [t]he particular characteristics of the

18   Petitioner <u>or any individual detainee</u> will not impact the resolution of this general

19   statutory question and, therefore, cannot render Petitioner's claim atypical."

20   <u>Rodriguez</u>, 591 F.3d at 1124 (italicized emphasis in original, underlined emphasis

21   supplied).

22        Petitioner cannot now expand his limited non-fact based class claims into

23   subclass claims that require factual discovery. Just as discovery was not necessary

24   to support certification of the larger class, or the merits of this case, discovery

25   should not be permitted now that subclass certification is being considered for any

26   reason. Furthermore, Petitioner's argument that discovery is necessary to establish

27   "typicality" fails for the same reason the Ninth Circuit rejected the Government's

28                              2

1  argument raising the same point regarding differing factual circumstances.

2  Rodriguez, 591 F.3d at 1124.  Petitioner himself argued factual distinctions were

3  irrelevant at the class certification stage.  Subclasses in this case were contemplated

4  by the Ninth Circuit in order to specify and litigate the sole legal questions pursuant

5  to the particular federal statutes at issue, and nothing more.  Rodriguez, 591 F.3d at

6  1123.  This in no way opens the door to Petitioner's gathering irrelevant discovery

7  on the way to the resolution of the legal question in this case

8        Petitioner likewise fails to meet his burden of demonstrating that good cause

9  exists to permit discovery into this habeas petition.  Petitioner argues he needs

10  discovery to identify subclass members, but Petitioner himself has submitted

11  evidence throughout these proceedings that his counsel is aware of dozens of

12  individuals detained, and that at one point at least two of those individuals were

13  willing to serve as class representative if Petitioner could not.  Petitioner does not in

14  the first instance allege that his counsel is now unaware of the names and identities

15  of those or any other putative class members.  Indeed, Petitioner's counsel also

16  represents the Petitioner in Diouf v. Holder, No. CV 06-7452 TJH (AJWx) (C.D.

17  Cal.), No. 09-56774 (9th Cir.), an alien whose case presents precisely the issue

18  raised in these proceedings and is now pending before the Ninth Circuit.  Rather

19  than utilize existing and known putative class members, Petitioner unreasonably

20  requests access to the files and identities of every individual detained under the

21  terms of the class definition.

22        Petitioner also repeatedly references that a class has already been certified in

23  this case.  It has not.  The Federal Rules of Civil Procedure unequivocally require

24  that a class must be certified by Court order, Fed. R. Civ. P. 23(c)(1)(A), and that

25  class counsel must be appointed by such an order.  Fed. R. Civ. P. 23(c)(1)(B).

26  Therefore, Petitioner's claim to entitlement to the identities of all class members

27  under a theory of attorney-client relationship, are at the very least premature.

28                                        3

1      More importantly at this stage of the litigation, Respondents are entitled to

2  notice of the subclass or other claims against them. Petitioner's discovery motion

3  reveals he seeks to expand his habeas claims to matters not expressly pled in his

4  habeas petition. Indeed, the Ninth Circuit has expressly stated in its order on appeal

5  that "[i]f an alien who would otherwise be a member of the class receives a bond

6  hearing pursuant to [Casas-Castrillon v. Dep't of Homeland Sec., 535 F.3d 942 (9th

7  Cir. 2008)] or any other ruling they would cease to be a member of the class."

8  Rodriguez, 591 F.3d at 1118. Petitioner's motion now reveals that he takes the

9  position that such aliens remain members of the class. If this is the case, Petitioner

10  must seek leave to amend the operative habeas petition so that Respondents may be

11  apprized of any undefined claims and be provided an opportunity to respond. Fed.

12  R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-58, 127 S.Ct.

13  1955, 167 L.Ed.2d 929 (2007).

14      Petitioner's motion should be denied.

15                       **ARGUMENT**

16  **I.**     **THIS CASE INVOLVES A PURE LEGAL QUESTION WHERE NO**

17         **DISCOVERY SHOULD BE AUTHORIZED**

18      A.    Petitioner Must Be Judicially Estopped From Seeking Discovery Into

19           Facts That He Successfully Claimed To The Ninth Circuit Are

20           Irrelevant

21      Petitioner must be judicially estopped from obtaining discovery into the facts

22  of any detainee's case for purposes of subclass certification or otherwise. "Judicial

23  estoppel, sometimes also known as the doctrine of preclusion of inconsistent

24  positions, precludes a party from gaining an advantage by taking one position, and

25  then seeking a second advantage by taking an incompatible position." Whaley v.

26  Belleque, 520 F.3d 997, 1002 (9th Cir.2008) (quoting Rissetto v. Plumbers &

27  Steamfitters Local 343, 94 F.3d 597, 600 (9th Cir.1996)). It is "an equitable

28                            4

1  doctrine invoked by a court at its discretion," New Hampshire, 532 U.S. at 750

2  (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir.1990)), and "is intended to

3  protect the integrity of the judicial process by preventing a litigant from playing fast

4  and loose with the courts." Whaley, 520 F.3d at 1002 (quoting Wagner v. Prof'l

5  Eng'rs in Cal. Gov't, 354 F.3d 1036, 1044 (9th Cir.2004)).

6      "In determining whether to apply the doctrine, we typically consider (1)

7  whether a party's later position is 'clearly inconsistent' with its original position; (2)

8  whether the party has successfully persuaded the court of the earlier position, and

9  (3) whether allowing the inconsistent position would allow the party to 'derive an

10  unfair advantage or impose an unfair detriment on the opposing party.' " United

11  States v. Ibrahim, 522 F.3d 1003, 1009 (9th Cir. 2008) (quoting New Hampshire,

12  532 U.S. at 750-51,). All of the requirements for judicial estoppel are met here.

13  Petitioner's request for factual discovery is directly contradictory to his prior

14  position that this case presents a pure question of law that is common to all class

15  members and has nothing to do with the particular facts of any detainee's case. The

16  Ninth Circuit reversed this Court and found commonality and typicality were met

17  precisely on that basis. Finally, permitting discovery under these circumstances

18  would be unjust. Respondents argued throughout these proceedings that class

19  certification was inappropriate based on the distinct factual situations that Petitioner

20  previously eschewed as irrelevant. They remain irrelevant because the Ninth Circuit

21  has defined the issues in this case as purely legal. Requiring discovery of the nature

22  requested here, would work an undue burden on the Respondents.

23      Petitioner urged the Ninth Circuit and this Court to certify a class action

24  because:

25          [R]egardless of which side ultimately prevails on the merits,

26          the core issue in the case -- whether the Government has the

27          power under the general immigration detention statutes and

28                                    5

1    the Constitution to hold non-citizens for prolonged periods

2    without a hearing -- is a pure question of law that is common

3    to all class members and has nothing to do with the particular

4    facts of any detainee's case.  Mr. Rodriguez asserts that he

5    and all class members share a common legal and factual

6    claim: that, regardless of the particular posture of their

7    respective cases, all class members who have been

8    incarcerated for a prolonged period of time are entitled to an

9    individualized hearing (with certain procedural protections)

10   to determine whether their continued detention is justified.

11  Ex. A at 44; Id. at 58 ("[a]ll class members share the same core of facts: they are

12  noncitizens subject to prolonged detention and have not been provided a hearing

13  with appropriate procedural protections before an [Immigration Judge] to determine

14  whether such prolonged detention is justified."); Ex. B at 84 (stating the "core issue

15  in this case . . . is a pure question of law that has nothing to do with the particular

16  facts of any detainee's case.").  Based on these representations and a review of the

17  operative habeas petition[2], the Ninth Circuit agreed and reversed this Court's denial

18  of class certification finding the requirements of Rule 23 were met.

19

20      [2] Thus far this lawsuit has been held out to "raise[] only one challenge to his
    detention." Habeas Petition ¶ 45. "[Petitioner] argues that the government may
21  not detain him for longer than six months without a hearing to determine whether
    his prolonged detention is justified." Id.  He further stated that the common
22  questions of law and fact include "1) whether the government has a policy or
23  general practice of detaining non-citizens in removal proceedings for longer than
    six months under the general immigration detention statutes without providing a
24  hearing to determine whether such detention is justified, 2) whether this detention
25  policy or practice is authorized by statute, and 3) whether this detention policy or
    practice violates the Due Process Clause." Habeas Petition ¶ 41. Petitioner must
26  be held to the habeas petition allegations or he must seek leave to amend the
27  petition. See infra at 19-20.

28                                        6

1    The Ninth Circuit held that all that was required for certification of the class

2  for purposes of commonality was "some shared legal issue or a common core of

3  facts." Id. at 1123. It found this was satisfied in this case because each class

4  member posed the following common legal question: "may an individual be detained

5  for over six months without a bond hearing under a statute that does not explicitly

6  authorize detention for longer than that time without generating serious

7  constitutional concerns?" Id. As to typicality, the Ninth Circuit critically held, "the

8  determination of whether Petitioner is entitled to a bond hearing will rest largely on

9  interpretation of the statute authorizing his detention. "The particular characteristics

10  of the Petitioner or any individual detainee will not impact the resolution of this

11  general statutory question and, therefore, cannot render Petitioner's claim atypical."

12  Rodriguez, 591 F.3d at 1124.

13    Now that Petitioner has succeeded on appeal after representing that this case

14  "has nothing to do with the particular facts of any detainee's case," Ex. A at 44, Ex.

15  B at 84, his claim to being "entitled" to discovery regarding the particular facts of

16  each detainee's case must be rejected. Petitioner cannot now seek discovery relating

17  to each individualized class member under the guise of its being necessary to support

18  his subclass or merits claim. Pet. Motion at 10. Among other things, judicial

19  acceptance of his now inconsistent position "would create the perception that either

20  the first or the second court was misled." New Hampshire, 532 U.S. at 750 (internal

21  citation and quotation marks omitted). It would also work an injustice against

22  Respondents by permitting Petitioner to demand discovery of matters newly alleged

23  to be "relevant" despite the Ninth Circuit's observation that those facts are

24  immaterial to this case. This should not be permitted.

25    B.    Petitioner Is Not Entitled To Discovery.

26    Petitioner's argument to "entitlement" of discovery into matters that he only

27  now claims are "relevant," must also fail as a matter of law. Petitioner claims he is

28                                        7

1  entitled to discovery under Rule 26 because he cites the general federal question

2  statute at 28 U.S.C. § 1331 as a source of this Court's jurisdiction. Pet. Motion at 5-

3  6; see also Habeas Petition ¶ 1. However, a challenge to the fact or duration of

4  confinement – which this case is – must be brought as a petition for habeas corpus

5  (in this case pursuant to 28 U.S.C. § 2241). It is not the proper subject of an action

6  brought pursuant to 28 U.S.C. § 1331. See Preiser, 411 U.S. at 484 ("It is clear, not

7  only from the language of [28 U.S.C. §§] 2241(c)(3) and 2254(a), but also from the

8  common-law history of the writ, that the essence of habeas corpus is an attack by a

9  person in custody upon the legality of that custody, and that the traditional function

10 of the writ is to secure release from illegal custody."). In Preiser, the Supreme Court

11 was faced with a situation nearly identical to the one here. The issue was whether a

12 habeas corpus petition is the exclusive jurisdictional mechanism to seek review of

13 the legality of custody, even though the claim may also fit under the terms of a more

14 general jurisdictional statute (42 U.S.C. § 1983 in Preiser). Id. at 493. Preiser held

15 that more specific habeas corpus statute was the exclusive jurisdictional mechanism.

16 Id. at 500. This Court should conclude the same here where comparing the historical

17 and more specific purpose of 28 U.S.C. § 2241(c)(3) (involving a challenge to

18 "custody in violation of the Constitution or laws or treaties of the United States") as

19 opposed to the more general federal question provision of 28 U.S.C. § 1331. Id.; see

20 also Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings

21 are the proper mechanism for a prisoner to challenge the 'legality or duration' of

22 confinement") (citing Preiser, 411 U.S. at 484).[3]

23 _____

24    [3]  Petitioner cites to Walters v. Reno, 145 F.3d 1032, 1052 (9th Cir. 1998)
    following his citation to the general federal question statute at 28 U.S.C. § 1331.
25 Habeas Petition ¶ 1. He offers no explanation as to how Walters supports his
26 contention that 28 U.S.C. § 1331 applies concurrently or exclusively to the federal
    habeas statute. Regardless, Walters was a case that did not involve a challenge to
27 custody or any habeas provision, but rather involved the issue of notice to aliens in
28                                                           8

1    Prevailing law also leaves no doubt that there is no entitlement to discovery in

2    these habeas corpus proceedings. Parties in habeas cases, unlike those in ordinary

3    civil cases, have no right to discovery. Campbell v. Blodgett, 982 F.2d 1356, 1358

4    (9th Cir. 1993) ("[T]here simply is no federal right, constitutional or otherwise, to

5    discovery in habeas proceedings as a general matter.") (citing Harris, 394 U.S. at

6    296). As explained below, in a habeas case such as this, discovery under the Federal

7    Rules of Civil Procedure is available "if, and to the extent that, the judge in the

8    exercise of his discretion and for good cause shown grants leave to do so, but not

9    otherwise." Bittaker v. Woodford, 331 F.3d 715, 728 (9th Cir. 2003) (citing Rules

10    Governing Section 2254 Cases in the United States District Courts, Rule 6(a)). The

11    Federal Rules of Civil Procedure also state they do not expressly apply to habeas

12    corpus proceedings. See Fed. R. Civ. P. 81(a)(4). Petitioner has no right to

13    discovery in this habeas proceeding, and he concedes this point. Pet. Motion at 6

14    (stating discovery is "not available as a matter of right" in habeas proceedings).

15    Likewise, this Court must not credit any assertion that Respondents are required by

16    law to provide Petitioner with the names and contact information of putative class

17    members as part of their "initial disclosures" under Rule 26(a)(1). Pet. Motion at 9.

18    Rule 26(a)(1)(B)(iii) expressly states that the mandatory initial disclosure rules do

19    not apply to habeas corpus petitions. See also Thomas v. Yates, 2009 WL 3273280,

20    at * 6 (E.D. Cal. 2009) ("federal habeas petitioners are not entitled to the benefits

21    provided by the mandatory disclosure provisions of Federal Rule of Civil Procedure

22    Rule 26(a), Fed. R. Civ. P. 26(a)(1)(B)(iii)").

23    In the unlikely event that the Court concludes that the Rule 26 discovery

24    procedures expressly apply to this case, the Court should deny the discovery request

25    because, as detailed above, Petitioner has already conceded (in order to prevail in

26    ─────────────────────────────

27    deportation proceedings. 145 F.3d at 1032.

28                                    9

1   certifying a class action dealing with a pure question of law) that there is no relevant

2   factual information to discover in this case.  Furthermore, as discussed below, he has

3   not demonstrated good cause for disclosing the names and contact information

4   putative class members at this stage of the litigation.

5       If the Court does find factual discovery relevant under Rule 26, then it should

6   also deny the discovery request as premature.  It is well established that discovery is

7   not permitted before the Rule 26(f) conference, and Petitioner has not demonstrated

8   good cause to ignore this requirement.  Fed. R. Civ. P. 26(d)(1); <u>Ruff v. Ramirez</u>,

9   2007 WL 2900541, at *1 (S.D. Cal. 2007) (concluding discovery is premature

10  because "[A] party may not seek discovery from any source before the parties have

11  conferred as required by Rule 26(f).") (quoting Fed. R. Civ. P. 26(d)); <u>Reiman v.</u>

12  <u>Does 1-1000</u>, 2007 WL 1575307, at *2 (W.D. Wash. 2007) (same).  Nor do the rules

13  mandate initial disclosures be provided by any party prior to the Rule 26(f)

14  conference.  Fed. R. Civ. P. 26(a)(1)(C) (requiring initial disclosure at or within 14

15  days of the parties' Rule 26(f) conference unless a different time is set by stipulation

16  or court order.").  To the extent Petitioner may argue that the Rule 26(f) conference

17  requirement has been satisfied based on conversations between counsel relating to

18  subclasses or any other matters, that assertion must be rejected.  There has been no

19  meeting between counsel that complies with the requirements of Rule 26(f) or Local

20  Rule 26-1, let alone any discussion of preparing any Rule 26(f) report.

21      Petitioner is clearly not entitled to discovery.  He has also failed to

22  demonstrate that he has met his burden to show that discovery is likely to produce

23  substantiation of the class allegations, let alone substantiation of subclass claims that

24  have yet to be defined or alleged pursuant to an amendment of the operative habeas

25  petition.

26

27

28                                              10

1  **II.  PETITIONER HAS NOT DEMONSTRATED GOOD CAUSE EXISTS TO**
2  **GRANT DISCOVERY IN ORDER TO SUPPORT ANY SUBCLASS**
3  **CLAIM.**

4  Even utilizing the inapplicable Federal Rules of Civil Procedure as a

5  guideline, "[t]he plaintiff bears the burden of advancing a prima facie showing that

6  the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is

7  likely to produce substantiation of the class allegations." Mantolete v. Bolger, 767

8  F.2d 1416, 1424 (9th Cir. 1985). "Absent such a showing, a trial court's refusal to

9  allow class discovery is not an abuse of discretion." Id. (citing Doninger v. Pacific

10 Northwest Bell, Inc., 564 F.2d 1304, 1313 (9th Cir. 1977)).

11     A.    The Discovery Requested By Petitioner Is Not Relevant To Any Proper

12           Subclass Claim

13     Petitioner argues that discovery is necessary in order to identify class members

14 and potential subclass representatives. Pet. Motion at 10-11.  Respondents have

15 demonstrated above that this case is one that involves a pure question of law which

16 Petitioner argued, and the Ninth Circuit agreed, "has nothing to do with the

17 particular facts of any detainee's case." Ex. A at 44; Ex. B at 84.  Petitioner has

18 otherwise not shown that good cause exists for discovery in this habeas petition.

19 Bittaker, 331 F.3d at 728.  This is particularly the case where the Ninth Circuit has

20 already held, without the need for discovery, that the general class may be

21 maintained.[4]

22

23     [4]  Petitioner's citation to Harris v. Nelson, supra, does not support his

24 request for discovery in this case.  Pet. Motion at 6-7.  Harris concerned a habeas

25 petition that involved discovery relating to matters in factual dispute.  394 U.S. at

   289 (concerning an allegation that an arrest and incidental search were based

26 solely on the statement of an unreliable informant whose statements were accepted

27 by the police without proper precautionary procedures).  Unlike Harris, this case

28                                            11

1         It is clear from the Ninth Circuit's holding that the salient issue for all putative

2   class members in this case is that detention has exceeded six months and no bond

3   hearing has been received.  The remaining divergent facts necessary to litigate this

4   case are, as the Ninth Circuit suggested for purposes of subclass certification,

5   limited to the particularized detention statute each class member is detained under.

6   Rodriguez, 591 F.3d at 1123 ("[t]o the extent there may be any concern that different

7   statutes authorizing detention of the various class members will render class

8   adjudication impractical or undermine effective representation of the class, it may

9   counsel the formation of subclasses").  Beyond that, the Ninth Circuit has made clear

10  that the litigation and resolution of this case is dependent on common and typical

11  class-wide legal claims that do not involve analysis of "immaterial" individualized

12  distinctions between Petitioner and the class that Petitioner is now seeking to

13  identify through discovery.[5]  Rodriguez, 591 F.3d at 1124.  Again, this is a position

14  Petitioner himself has taken and should be held to:

15                There is no doubt that the general immigration detention

16                statutes operate differently in certain contexts -- all of which

17                are unrelated to this Petition.  For purposes of this Petition,

18                the central legal issue is whether the general immigration

19  _____

20  turns on purely legal grounds.

21       [5] As discussed infra at 17, despite Petitioner's representation to the contrary,

22  no class has been certified in this case. Fed. R. Civ. P. 23(c)(1)(A).  Indeed,

23  should Petitioner transmute this case from the pure legal issue the Ninth Circuit
    found it to be – such that it may be litigated as a class action – into a case

24  involving individualized or aggregate analysis of the particular facts and

25  circumstances of the detainees, Respondents would oppose certification.  The
    Ninth Circuit's order in no way sanctions Petitioner's inclusion of factual or legal

26  claims not asserted in Petitioner's operative habeas petition, or contemplated by

27  the Ninth Circuit's class certification order.

28                              12

1           detention statutes authorize prolonged and indefinite

2           detention.

3  Ex. C at 128 (District Court Class Cert. Reply Brief).  Petitioner's request is

4  particularly meritless when reviewing the specific documents he seeks.  Pet. Motion

5  at 10; Id. at n. 5.  Specifically, Petitioner requests "writings regarding parole

6  decisions, custody reviews, bond hearings, and Casas hearings" and claims that these

7  documents are necessary to establish typicality of any subclasses. Pet. Motion at 10,

8  n. 5.  Aside from having been established to be irrelevant for purposes of class

9  certification in this case, here again Petitioner ignores his prior representation in

10 support of his request for class certification:

11           The Government's other arguments, relating to burden of

12           proof, custody reviews, and length of detention, are

13           irrelevant at the class certification stage, and are best

14           addressed at a subsequent stage of this litigation, when this

15           Court determines appropriate class-wide remedies.

16 Ex. C at 128 (emphasis added); see also id. at [18] ("The Government's discussion of

17 paper custody reviews for non-citizens detained under 8 U.S.C. § 1231(a)(6) is

18 similarly irrelevant at the class certification stage, and instead pertains to the merits

19 of putative class members' claims to relief.") (emphasis added); Ex. D at 173 (Ninth

20 Circuit Reply Brief) (stating similar issues "relate to the merits, not to whether a

21 class should be certified.").

22        Petitioner also requests transcripts of proceedings related to continuances so

23 as to determine whether the "delays in cases are the fault of immigration detainees or

24 instead the fault of the government." Pet. Motion at 10, n. 5.  However, the

25 operative habeas petition in this case, as recognized by the Ninth Circuit, deals only

26 with detention of individuals detained longer than six months and whether as a

27

28                                    13

matter of statutory interpretation or constitutional law, an alien is entitled to a bond hearing before an immigration judge once detention reaches that six month threshold or beyond.  There is no claim in Petitioner's habeas petition that the reason for the length of detention needs to be identified to determine either of these legal questions, let alone support subclass certification in this case.[6]  See generally Habeas Petition; see also Rodriguez, 591 F.3d at 1124 (rejecting Respondents' argument regarding different circumstances of Petitioner and concluding Petitioner's supervised release and aggravated felony status are "immaterial" to the typicality analysis).  Likewise, Petitioner offers no cognizable explanation for his assertion that "charging documents and decisions from administrative adjudicators" of each putative class member is necessary to the "evaluation of the statute under which a person is detained."  Pet. Motion at 10, n. 5.  As this case has been pled "[t]he particular characteristics of the Petitioner or any individual detainee will not impact the resolution of the general statutory [or constitutional] question and, therefore, cannot render Petitioner's claim atypical."  Rodriguez, 591 F.3d at 1124.  These matters are clearly irrelevant to the class or subclass claims in this case.[7]

---

[6]  The Court should note that obtaining transcripts in cases involving the ongoing removal proceedings before an immigration judge is not only unwarranted, but would be particularly burdensome.  Transcripts of immigration judge proceedings are logically only processed at the conclusion of the immigration judge proceedings and only if one of the parties appeals.  See Board of Immigration Appeals Practice Manual, Chapter 4.2(f) (publicly available at: www.justice.gov/eoir/vll/qapracmanual/pracmanual/chap4.pdf.  However, Petitioner requests production of transcripts during the pendency of those proceedings.

[7]  Petitioner argues that if these matters are not relevant now, they will be during the merits phase of his case.  Pet. Motion at 11.  He does not seek discovery into the merits of his case at this time.  However, Petitioner utilizes this opportunity to assert that the Government consistently argues existing procedures

14

1    Finally, Petitioner argues the same discovery is necessary in order to identify

2  subclass representatives.  Here again he has failed to demonstrate good cause in light

3  of the Ninth Circuit's order and his own pleadings.  Although subclasses have not

4  been formally proposed in this case, it is clear that the Ninth Circuit contemplated

5  that subclasses may be created in order to address the legal question as it arises

6  under particular statutory provisions.  <u>Rodriguez</u>, 591 F.3d at 1123-24.  This should

7  be the only derivation to the class, and it requires no factual discovery to facilitate.

8  However, although it is presumed the subclass will not exceed the scope of the

9  general class in this case, no subclass definition has even been proposed by formal

10  amendment to the habeas petition.  As such, ordering discovery to fill the role of

11  subclass representative is premature.

12    In any event, assuming the subclasses are broken down by statutory provisions

13  alone, there is no allegation in Petitioner's Motion that appropriate subclass

14

15

_____

16  afforded to the putative class members already satisfy due process.  <u>Id.</u>  It is true
that the Government has argued as a matter of law, by pointing to the statutory and

17  regulatory authority, that existing procedures already satisfy due process.

18  Petitioner fails, however, to explain how the Government's reliance on legal
provisions necessitates discovery into factual matters.  This is because it does not.

19  Petitioner also cites to an individual case where the Government argued an alien's

20  removal proceeding appeal was without merit, and states that discovery is
therefore necessary into <u>each</u> putative class member's removal proceeding.  <u>Id.</u>

21  Petitioner here again ignores that the question in this case is a purely legal one that

22  is not dependent on the facts of any individual case.  To otherwise permit
discovery into the circumstances of each class member again calls into question

23  the propriety of proceeding as a class action in this case.  Petitioner sought

24  classwide litigation by making clear that the "core issue in this case . . . is a pure

25  question of law that has nothing to do with the particular facts of any detainee's
case."  Exhibit A at ___ (Petitioner's Opening Brief at ____).  Respondents stand

26  ready to litigate that pure question of law, but it should not be forced to do so

27  under unwarranted, irrelevant, and burdensome discovery.

28                                            15

representatives are not already known.  This is particularly relevant here because
Petitioner, through counsel, has repeatedly claimed throughout these proceedings
that he is aware of "dozens" or "over fifty" class members, some of whom are
willing to serve as named class representatives in the event Mr. Rodriguez could not
proceed as such.  See Ex. C at 114-15, 131-32 ("Counsel for Petitioner is aware of
dozens of other detainees who are class members.  At least two of them have made it
clear that they would like to serve as named class representatives in the event that
Petitioner is unable to do so.") (citing Exhibit 10, ¶ 8 of District Court Class Cert.
Reply Brief (Declaration of Bardis Vakili dated August 13, 2007)) (attached as
Exhibit E to this opposition); see also Habeas Petition ¶ 38 ("[c]ounsel for Petitioner
is aware of over fifty such cases [of persons detained beyond six months without
having been provided bond hearings] already.") (citing Habeas Petition Exhibit 6
(Declaration of Bardis Vakili dated May 15, 2007) (attached as Exhibit F to this
opposition).  Indeed, Petitioner's counsel submitted evidence that his office was
"continuously contacted by individuals seeking assistance with their detention, some
of whom have been held for close to or more than six months." Ex. F at 185, ¶7; see
also Ex. E at 182, ¶ 7 (repeating the office of Petitioner's counsel are "continuously"
contacted by detainees).

There can be no doubt that any detained putative class member known to
Petitioner's counsel is an individual detained under one of the specific detention
statutes at issue. Any of these individuals may therefore serve as an appropriate class
representative to litigate the purely legal claim before the Court.  Indeed, and for
illustration purposes only, one such subclass category could likely involve the
detention of aliens detained under INA § 241(a)(6), 8 U.S.C. § 1231(a)(6), and
whose removal is judicially stayed.  As to that category, proposed class counsel in
this case already has a client whose statutory and constitutional claim was recently

16

1  litigated before this Court and is now pending on appeal.  See Diouf v. Holder, No.
2  CV 06-7452 TJH (AJWx) (C.D. Cal.), No. 09-56774 (9th Cir.).  Petitioner offers no
3  explanation why this individual would not be an appropriate subclass representative
4  if such a subclass were adopted.[8]
5          B.      Personal and Contact Information of Proposed Class Members
6          Petitioner claims that this case has been certified and that he has both a right
7  and obligation to know who is clients are.  Pet. Motion at 8-9; Id. at 8, n. 2.
8  However, Petitioner does not represent the unnamed putative class members
9  "because no attorney-client relationship yet [prior to certification] exists."  Parks v.
10 Eastwood Ins. Servs., Inc., 235 F. Supp. 2d 1082, 1084 (C.D. Cal. 2002); Babbitt v.
11 Albertson's Inc., 1993 WL 128080, at *4 (N.D. Cal. 1993) (finding "that putative
12 class members are not presented by class counsel"); see also Atari v. Superior Court
13 of Santa Clara County, 166 Cal. App. 3d 867, 873 (1985) (under California law
14 potential parties to a class action are not deemed "parties ... represented by
15 counsel").  The Federal Rules of Civil Procedure unequivocally require that a class
16 must be certified by Court order. Fed. R. Civ. P. 23(c)(1)(A); Yingling v. eBay,
17 Inc., 2010 WL 373868 at *2 (N.D. Cal. 2010) ("[c]ertification of the class occurs
18 after the court determines by order 'whether to certify the action as a class action.'")
19 (citing Fed. R. Civ. P. 23(c)(1)(A)).  Furthermore, there is no appointment of class
20 counsel until specifically appointed by such court order.  Fed. R. Civ. P. 23(c)(1)(B)
21 ("An order that certifies a class action must define the class and the class claims,
22 issues, or defenses, and must appoint class counsel under Rule 23(g)").  As such, any
23
      _____
24      [8]  Diouf's case presents the same issue of whether the statute at issue or the
25   Constitution require a bond hearing before an immigration judge. Ex. G (Order of
      the District Court).  Diouf is no longer detained, but under the law of this case, this
26   would in no way prohibit Diouf from serving as an adequate subclass
27   representative. Rodriguez, 591 F.3d at 1117-18, 1125.
28                                              17

1  claim to entitlement to contact information of the putative class is in the present

2  instance, premature.[9]

3        Additionally, Petitioner's reliance on the precertification case of Salazar v.

4  Avis Budget Group, Inc., 2007 WL 2990281, at *2 (S.D. Cal. 2007) actually

5  counsels against providing the contact information requested by Petitioner.

6  Petitioner cites to Salazar and its internal citation to the mandatory initial disclosure

7  requirements of Rule 26(a)(1)(A). Pet. Motion at 9.  The initial disclosure

8  provisions have already been shown to be inapplicable to this case.  More

9  importantly, Salazar highlights important privacy concerns not raised by Petitioner.

10  The Department of Homeland Security has instituted a policy whereby any

11  personally identifiable information that is collected, used, maintained, and/or

12  disseminated in connection with a mixed system is treated as a system of records

13  subject to the administrative protections of the Privacy Act of 1974 ("Privacy Act"),

14  5 U.S.C. § 552a, regardless of whether the information pertains to a U.S. citizen,

15  legal permanent resident, visitor, or alien.  This policy is publicly available at:

16  www.dhs.gov/xlibrary/assets/privacy/privacy_policyguide_2007-1.pdf.  At this stage

17  of the litigation, Petitioner is requesting information that implicate Privacy Act

18  concerns.  Salazar was cognizant of such concerns and required that putative class

19  members expressly authorize the release of such information.  Undoubtedly, the

20  same must occur here should the Court order the production of this information.

21       Petitioner's request for contact information of the putative class members

22  should also be considered in the context of the specific nature of the class claims in

23  ———————————————

24       [9]  For these reasons, Petitioner's reliance on cases where a class has been
25  certified are inapplicable. Pet. Motion at 8 (citing Kleiner v. First Nat. Bank of
    Atlanta, 751 F. 2d 1193, 1207 n.28 (11th Cir. 1985); Van Gernert v. Boeing Co.,
26  590 F.2d 433,440 n.15 (2d Cir. 1978); Parks, 235 F. Supp. 2d at 1083 (C.D. Cal.
27  2002)).

28                                    18

1  this case.  This case involves the requested certification of a "mandatory" class of

2  individuals pursuant to Federal Rule of Civil Procedure 23(b)(2) (concerning cases

3  where the party opposing the class has allegedly acted or refused to act on grounds

4  generally applicable to a class of persons, thereby making appropriate declaratory or

5  injunctive relief with respect to the class as a whole.).  These Rule 23(b)(2)

6  individuals have no "opt-out" rights, unlike the Rule 23(b)(3) classes.  As such, the

7  right to "opt-out" does not need to be communicated.  Furthermore, for the reasons

8  explained above, contact with each putative class member is unnecessary for

9  purposes of litigating the purely legal claim for which Petitioner has not claimed is

10  not already known to him.

11          In light of these considerations, the more judicious approach would be for the

12  litigation to proceed in a manner that would require Petitioner to appropriately

13  identify by amendment to his habeas petition all of his subclass or other claims

14  against Respondents.

15          C.     Respondents Are Entitled To Notice Of The Claims Against Them

16          This Court has broad discretion to conduct these proceedings in a manner that

17  would be most judicially efficient.  Fed. R. Civ. P. 26(d)(1).  In the first instance,

18  Petitioner must be required to seek leave to amend his petition in order to assert any

19  new claims, subclass or otherwise.  At this point, Petitioner seeks discovery to

20  support subclass claims that have not even been pled against the Respondents.

21  Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to set forth a "short and

22  plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

23  Civ. P. 8(a)(2).  Petitioner's factual allegations must be enough to give Respondents

24  fair notice of what the claim is and the grounds upon which it rests.  Twombly, 550

25  U.S. at 555-58.  Even where pro se petitioners are involved, the Court cannot add

26  facts to a complaint that have not been pled and cannot supply essential elements to

27

28                                                   19

1  a complaint that the plaintiff has failed to plead.  Pena v. Gardner, 976 F.2d 469, 472

2  (9th Cir. 1992).

3       Once these claims are presented, the parties may promptly litigate the legal

4  issues.  At that time, the Court will be able to ascertain the impact of highly relevant

5  and controlling law that has since overcome the claims of many of the putative class

6  members.  See Casas-Castrillon, 535 F.3d at 949-52; Prieto-Romero v. Clark, 534

7  F.3d 1053, 1062-63 (9th Cir.2008).  This concern is relevant in this case because

8  there are likely many individuals detained beyond six months who have already

9  received a bond hearing and, therefore, should not be considered members of the

10  putative class.  See Rodriguez, 591 F.3d at 1118 ("If an alien who would otherwise

11  be a member of the class receives a bond hearing pursuant to Casas-Castrillon or

12  any other ruling they would cease to be a member of the class.").  Despite the receipt

13  of a bond hearing and exclusion of a detainee from the class, Petitioner has now

14  indicated his intent to argue that even if a class member has received a bond hearing

15  under Casas-Castrillon, that individual remains a class member.  Pet. Motion at 10,

16  n. 4 (seeking discovery into any bond or "Casas hearings" to determine if they

17  provide an adequate hearing.).  If such is the case, Petitioner should seek leave to

18  amend and identify these habeas claims so Respondents may be provided an

19  appropriate opportunity to respond them.

20       In any event, Respondents demonstrate here that Petitioner's motion for

21  subclass discovery should be denied.

22  //

23  //

24  //

25  //

26  //

27

28                                    20

## CONCLUSION

For the foregoing reasons, Petitioner's Motion For Discovery Related To Sub-Classes should be denied.

Dated: March 8, 2010

Respectfully submitted,

TONY WEST
Assistant Attorney General

DAVID J. KLINE
Director
Office of Immigration Litigation
District Court Section

/s/ *Gjon Juncaj*
GJON JUNCAJ
Senior Litigation Counsel
District Court Section
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-8514
Facsimile: (202) 305-7000
Email: gjon.juncaj@usdoj.gov

Attorneys for Defendants-Respondents

21