1  PETER J. ELIASBERG (SBN 189110)
   AHILAN T. ARULANANTHAM (SBN 237841)
2  RANJANA NATARAJAN (SBN 230149)
   ACLU FOUNDATION OF SOUTHERN CALIFORNIA
3  1616 Beverly Boulevard
   Los Angeles, California 90026
4  Tel: (213) 977-9500
   Fax: (213) 250-3919
5
   **Attorneys For Petitioner**
6  (Additional counsel listed on following page)

7

8              UNITED STATES DISTRICT COURT
9          FOR THE CENTRAL DISTRICT OF CALIFORNIA
10                    WESTERN DIVISION
11

12 | ALEJANDRO RODRIGUEZ, A# 41-551-486, et al. | Case No.: CV07 – 3239 VAP (E) |
|---|---|
| Petitioners, | **NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; PROPOSED ORDER** |
| vs. | |
| JAMES HAYES, Immigration and Customs Enforcement Los Angeles District Field Office Director; GEORGE MOLINAR, Chief of Detention and Removal Operations, San Pedro Detention Facility; MICHAEL CHERTOFF, Secretary, Department of Homeland Security; ALBERTO GONZALES, United States Attorney General; PAUL WALTERS, Chief of Police for the city of Santa Ana; LEE BACA, Sheriff of Los Angeles County; SAMMY JONES, Chief of the Custody Operations Division of the Los Angeles County Sheriff's Department; | Assigned to: Hon. Virginia A. Phillips

Complaint Filed: 5/16/2007

Date: July 16, 2007
Time: 10:00 AM
Place: Room 290, Courtroom 2 |
| Respondents. | |

Additional Counsel:

JUDY RABINOVITZ**
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

CECILLIA D. WANG (SBN 187782)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

JAYASHRI SRIKANTIAH (SBN 189566)
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quandrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

STEVEN A. ELLIS (SBN 171742)
POOJA TECKCHANDANI (SBN 247854)*
WILLIAM TRAN (SBN 245104)
BRIAN K. WASHINGTON (SBN 248960)*
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Pending admission to Central District of California
**Application for admission *pro hac vice* forthcoming

LA1 945924v.1

2

TO DEFENDANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 16, 2007, at 10:00 AM, or as soon thereafter as this matter may be heard, in Room 290, Courtroom 2, of the above-entitled Court, located at 3470 Twelfth Street, Riverside, California, Petitioner Alejandro Rodriguez will and hereby does move for an order certifying this action as a class action defined as follows: all non-citizens within this District who (1) are or will be detained for longer than six months pursuant to one of the general immigration detention statutes pending completion of removal proceedings, including judicial review; and (2) have not been afforded a hearing to determine whether their prolonged detention is justified.

Petitioner will and hereby does also move for an order appointing him as the representative of the class, appointing the undersigned counsel as counsel for the class, and requiring the government to notify the Court prior to transferring class members outside of this district so as to defeat the Court's jurisdiction over this action.

This Motion is made pursuant to the inherent power of the Court and Federal Rule of Civil Procedure 23, on the grounds that this case satisfies the requirements for the maintenance of a class action or an analogous representative action. Petitioner seeks certification of the class with regard to all claims stated in the Petition in this action under Rule 23(b)(2) or a procedural analog of that Rule.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities filed in support thereof, the Petition filed in this action, all Exhibits to the Petition, including the Declarations of Bardis Vakili and Alejandro Rodriguez, all matters of which judicial notice may be taken, the Court's

LA1 945924v 1

EXHIBIT B   000082

files, and such other oral and written evidence and argument as may be presented at or before the hearing on this Motion.[1]

Dated: June 25, 2007

Respectfully submitted,

ACLU FOUNDATION OF SOUTHERN CALIFORNIA

By: _____ /w+/
Ahilan Arulanantham
Attorneys for Petitioner

Dated: June 25, 2007

Respectfully submitted,

SIDLEY AUSTIN LLP

By: _____ /w+/
Steven A. Ellis
Attorneys for Petitioner

---

[1] While the rules governing meet-and-confer obligations do not apply to habeas corpus petitioners, see Local Rule 7-3 and 16-12, Petitioner did inform the government of his intent to file this class action by email of May 14, 2007, and subsequently corresponded with the government about this action. Petitioner discussed the date of the hearing requested in this motion with government counsel today. The government has not consented to this date, and may move to extend it.

4

LA1 945924v 1

## MEMORANDUM OF POINTS AND AUTHORITIES

This is a case that is ideally suited for class certification. Petitioner Alejandro Rodriguez argues that (1) the government has a general practice or policy of detaining non-citizens for prolonged periods of time pending completion of removal proceedings without holding a hearing to determine whether such detention is justified and (2) this general practice or policy is contrary to both the statutory authority of the Respondents and the U.S. Constitution – not only in his specific case but also in relation to at least dozens of other detainees within this District.

The government, presumably, will disagree and argue that its general practice or policy is permitted by both the applicable statutes and the Constitution. But regardless of which side ultimately prevails on the merits, the core issue in the case – whether the government has the power under the general immigration detention statutes and the Constitution to hold non-citizens for prolonged and indefinite periods without a hearing – is a pure question of law that has nothing to do with the particular facts of any detainee's case. Instead, Petitioner and all putative class members argue that, regardless of the particular posture of their respective cases, if they have been incarcerated for a prolonged and indefinite period of time, they are entitled to a hearing to determine whether their continued detention is justified. If Petitioner prevails and shows to the satisfaction of the Court that the government's general practice or policy is unlawful, then not only he but also dozens of other detainees should be given immediate hearings to determine whether their continued detention is justified.

**I. INTRODUCTION AND LEGAL BACKGROUND**

At this moment, the government is incarcerating hundreds of detainees in two large immigration detention centers in this district, as well as other detainees held in smaller facilities. At least dozens of these non-citizens have been held for six

months or more – including some for years – without a hearing to determine if their prolonged and indefinite detention is justified. While a handful of detainees have won their release by filing individual habeas corpus petitions in the last several months, the overwhelming majority of detainees do not have representation or the necessary legal expertise to challenge their prolonged and indefinite detention in federal court. Nonetheless, the detention of each of these long-term inmates without a hearing gives rise to the same legal question.

Petitioner and all other members of the putative class have been (or will be) held in detention for more than six months under one of the <u>general immigration detention statutes</u> that govern the detention of most non-citizens whom the government is trying to remove. See generally <u>Nadarajah v. Gonzales</u>, 443 F.3d 1069, 1078-79 (9th Cir. 2006) (discussing general immigration detention statutes). Neither Petitioner nor any other member of the putative class is detained pursuant to one of the narrower statutes that specifically authorizes prolonged detention. <u>See</u> 8 U.S.C. 1226a (authorizing detention of non-citizens for prolonged periods, subject to procedural protections including review every six months, if detainee's release will threaten the national security); 8 U.S.C. 1537 (authorizing prolonged detention of alien terrorists subject to various procedural protections).

There is an important distinction between the two categories of immigration detention statutes. Courts have repeatedly held that the general immigration detention statutes (the ones at issue in this case) do <u>not</u> authorize prolonged and indefinite detention – a conclusion they have reached in part to avoid the serious constitutional problems associated with such detention. Instead, courts have interpreted the general immigration detention statutes to authorize detention for only a "reasonable" period of time, which is presumptively no more than six months.

The Ninth Circuit has applied that rule in two cases, ordering the government to hold a detention hearing for a detainee held for a prolonged and

6

indefinite period of time pending completion of removal proceedings in one case, while requiring the outright release of a detainee subject to prolonged and indefinite detention in another. See Tijani v. Willis, 430 F.3d 1241, 1242 (9th Cir. 2005) (construing 8 U.S.C. 1226(c) to apply only to "expeditious" removal proceedings in light of constitutional problems associated with prolonged immigration detention); Nadarajah v. Gonzales, 443 F.3d 1069, 1078-79 (9th Cir. 2006) (holding that the general detention statutes authorized detention for only a "brief and reasonable" period of time – presumptively six months – and ordering petitioner released after four and a half years of detention). See also Zadvydas v. Davis, 533 U.S. 678, 690-92 (2001) (construing general detention statute at 8 U.S.C. 1231(a)(6) to authorize detention for only a reasonable period of time); Ma v. Ashcroft, 257 F.3d 1095, 1112 (9th Cir. 2001) ("[w]e cannot presume that Congress would authorize so drastic a limitation on the rights of such aliens by so indirect a means, particularly when it could have easily included express language to that effect in the statute.").

Earlier this year, in reliance on this authority, Judge Hatter ordered the government to provide immediate (and identical) hearings in four separate, individual habeas corpus proceedings brought by non-citizens who (1) had been detained for prolonged periods of time under the general immigration detention statutes and (2) had never been given a hearing to determine whether their prolonged detention was justified. Diouf v. Gonzales, Case No. CV 06-7452 (C.D. Cal. Jan. 4, 2007) (order granting in part Petitioner's Motion for Preliminary Injunction); Martinez v. Gonzales, Case No. CV 06-7609 (C.D. Cal. Jan. 4, 2007) (same); Soeoth v. Gonzales, Case No. CV 06-7451 (C.D. Cal. Jan. 4, 2007) (same); Rasheed v. Gonzales, Case No. CV 06-7449 (C.D. Cal. Jan. 4, 2007) (same). The government complied with the Court's orders in those four individual cases, providing immigration judge hearings at which the detainees prevailed (except in one case, where the government released the petitioner before any hearing). It has not, however, taken any other action to bring its

7

practices and policies into compliance with the requirements of the law. Instead, the government has failed to comply with the rulings of the Ninth Circuit and ignored the rulings of this Court, by refusing to provide detention hearings for the proposed class members, despite their prolonged and indefinite detention.

To remedy this ongoing violation of the law, Petitioner has filed this habeas corpus petition on behalf of both himself and the members of the putative class. Without certification of a class, the courts will be able to grant relief in a few individual cases only, while the government will be able to persist in its violation of the rights of dozens of non-citizens who are unable to file habeas corpus petitions, holding them without a hearing for <u>years</u> (in Petitioner's individual case, more than three years) while removal proceedings are pending before an Immigration Judge, the Board of Immigration Appeals, the Ninth Circuit, or the Supreme Court. Those few who do manage to file individual habeas petitions will have the central issues presented here determined separately, in piece-meal fashion, through individual habeas petitions filed before different judges.

## II. **PROPOSED CLASS DEFINITION**

Petitioner moves for an order certifying a class of persons defined as follows:

> All non-citizens within this District who 1) are or will be detained for longer than six months pursuant to one of the general immigration detention statutes pending completion of removal proceedings, including judicial review, and 2) have not been afforded a hearing to determine whether their prolonged detention is justified.

## III. **CLASS CERTIFICATION IN A HABEAS CORPUS PROCEEDING**

8

1        This Petition seeks two principal forms of relief: (1) a writ of habeas
2  corpus ordering a constitutionally-adequate hearing before an immigration judge, at
3  which Respondents will bear the burden to prove that Petitioner's continued detention
4  remains justified, and (2) a declaratory judgment holding that it is unlawful for
5  Respondents to detain class members without such hearings. Class action certification
6  is appropriate and necessary with respect to both elements of relief.
7        Although a habeas corpus petition typically involves a claim for only
8  individual relief, it is well established that, in the correct circumstances, a habeas
9  corpus petition may proceed on a representative or class basis. See U.S. Parole
10 Comm'n v. Geraghty, 445 U.S. 388, 393, 404 (1980) (holding that class representative
11 could appeal denial of nationwide class certification of habeas and declaratory
12 judgment claims); Nguyen Da Yen v. Kissinger, 528 F.2d 1194, 1202-05 (9th Cir.
13 1975) (holding that habeas petition may be maintained as a class action).
14       In Nguyen Da Yen, a group of "babylifted" Vietnamese children brought
15 suit against various government officials and agencies, including the INS, challenging
16 their custody pursuant to their having been brought to the United States for adoption.
17 528 F.2d at 1196-98.[2] The court noted that introducing a class action aspect to habeas
18 was "not unprecedented" and held that a class action habeas proceeding was proper.
19 Id. at 1203-04. As the Court explained, "we see no reason here why the complaint
20 may not be treated as a joint or class application for a writ of habeas corpus (on behalf
21 of those ultimately determined to be illegally detained), and the legality of the
22 children's custody tested in habeas proceedings." Id. at 1202. See also Mead v.
23 Parker, 464 F.2d 1108, 1113 (9th Cir. 1972) (finding class action appropriate in
24 habeas corpus proceeding where "the relief sought can be of immediate benefit to a
25 large and amorphous group"); see also Ali v. Ashcroft, 346 F.3d 873, 886-91 (9th Cir.

---

[2] Plaintiffs representing the proposed class of airlifted children alleged that some of them were not orphans and had been erroneously transported to the United States even though their parents in Vietnam wanted to retain custody over them.

9

2003) (affirming certification of class in habeas corpus proceeding), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u> <u>Jama v. ICE</u>, 543 U.S. 335 (2005).

While a number of courts have determined that either the class action device or some analogous procedure is available to habeas petitioners, these courts have disagreed regarding whether the provisions of Federal Rule of Civil Procedure 23 apply of their own force to class certification in a habeas corpus action, or if instead some analogous procedure must govern. Federal Rule of Civil Procedure 81 provides that the Federal Rules of Civil Procedure:

> are applicable to proceedings for … habeas corpus … to the extent that the practice in such proceedings is not set forth in statutes of the United States, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Proceedings, and has heretofore conformed to the practice in civil actions.

Fed. R. Civ. P. 81(a)(2). While the meaning of this provision is not clear, the Ninth Circuit has held that even if Rule 23 is "technically inapplicable to habeas corpus proceedings," courts should look to Rule 23 and apply "an analogous procedure" that "substantially tracks the prerequisites to a class action listed in Rule 23(a)." <u>Ali</u>, 346 F.3d at 891. <u>See</u> <u>also</u> <u>Napier v. Gertrude</u>, 542 F.2d 825, 827 (10th Cir. 1976) (stating that although Rule 23 class actions are "technically inapplicable to habeas corpus proceedings. . . [t]he court may . . . apply an analogous procedure by reference to Rule 23 in proper circumstances"); <u>United States ex rel. Sero v. Preiser</u>, 506 F.2d 1115, 1125-27 (2d Cir. 1974) (holding that an analogous procedure to Rule 23 was appropriate when certifying a habeas corpus class action; explaining that certification was appropriate here for numerous reasons, including that many of the proposed class members would not be able to engage their own counsel to file a habeas petition and that doing so would improve judicial economy); <u>Bijeol v. Benson</u>, 513 F.2d 965, 967-

10

68 (7th Cir. 1975) (holding that a habeas corpus class action was appropriate); United States ex rel. Morgan v. Sielaff, 546 F.2d 218, 221-22 (7th Cir. 1976) (stating that a habeas class action is analogous to a Rule 23 class action and that the provisions of Rule 23 need not be complied with precisely).

Accordingly, this memorandum is organized around the standards set forth in Rule 23.

### IV. THE RULE 23 REQUIREMENTS FOR CLASS CERTIFICATION ARE FULLY SATISFIED HERE

Under the Federal Rule of Civil Procedure 23, a representative seeking to represent a class must first establish that the proposed class meets the four requirements set out under Rule 23(a). Those requirements are:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are common questions of law or fact common to the class; (3) the claims or defenses of the representative are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); see also, e.g., Amchem Products, Inc. v. Windsor, 521 U.S. 591, 613 (1997).

In addition to satisfying all of the requirements of Rule 23(a), the action must also meet the requirements of one of the three subsections in Rule 23(b). In this case, Petitioner seeks certification under Rule 23(b)(2), which requires that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2); see also Amchem, 521 U.S. at 614. Each of these requirements is satisfied herein.

11

A. <u>Rule 23(a)</u>

1. <u>Numerosity</u>

Rule 23(a)(1) requires that a class be of sufficient number so as to make joinder of all members impracticable. Fed. R. Civ. P. 23(a)(1); <u>Amchem</u>, 521 U.S. at 613. "Impracticable does not mean impossible," and the Petitioner need only show that joinder of all class members would be difficult or inconvenient. <u>Robidoux v. Celani</u>, 987 F.2d 931, 935 (2d Cir. 1993); <u>see also</u> <u>Harris v. Palm Springs Alpine Estates, Inc.</u>, 329 F.2d 909, 913-14 (9th Cir. 1964); <u>Wang v. Chinese Daily News, Inc.</u>, 231 F.R.D. 602 (C.D. Cal. 2005); <u>Rodriguez v. Carlson</u>, 166 F.R.D. 465, 471 (E.D. Wash. 1996).

There is no fixed number of class members that either necessitates or precludes the certification of a class. <u>See</u> <u>General Tel. Co. of the Northwest, Inc. v. Equal Employment Opportunity Commission</u>, 446 U.S. 318, 330 (1980) (numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations). The fact that the precise number of potential members of the class cannot be ascertained does not bar the certification of a class. <u>In re U.S. Financial Securities Litigation</u>, 69 F.R.D. 24, 34 (S.D. Cal. 1975). Moreover, the exact size of the class need not even be known so long as "general knowledge and common sense indicate that it is large." <u>Von Colln v. County of Ventura</u>, 189 F.R.D. 583, 590 (C.D. Cal. 1999); <u>Orantes-Hernandez v. Smith</u>, 541 F. Supp. 351, 370 (C.D. Cal. 1982); <u>Aiken v. Obledo</u>, 442 F. Supp. 628, 658 (E.D. Cal. 1977).

As a general matter, a number of courts have held that classes with at least 40 members are sufficiently numerous to satisfy the requirements of Rule 23(a)(1). <u>Stewart v. Abraham</u>, 275 F.3d 220, 227-28 (3d Cir. 2001); <u>Consolidated Rail Corp. v. Town of Hyde Park</u>, 47 F.3d 473, 483 (2d Cir. 1995); <u>Aguayo v. Oldenkamp Trucking</u>, 2005 WL 2436477, at 12 (E.D. Cal. 2005). In certain circumstances, courts have stated that even smaller classes can be certified. <u>E.g.</u>,

12

Kazarov v. Achim, 2003 WL 22956006, at 4 (N.D. Ill. Dec. 12, 2003) (certifying class of 10-17 immigrants who were likely indigent and unable to speak English); Dale Electronics, Inc. v. R.C.L. Electronics, Inc., 53 F.R.D. 531 (D.N.H. 1971) (certifying class of thirteen defendants based on nationwide dispersion and because of the nature of patent litigation).

Here, there are more than 56 persons known to Petitioner's counsel who were class members as of the date the Petition was filed in this case. See Declaration of Bardis Vakili ("Vakili Decl.") (Exh. 6 to Habeas Corpus Petition filed on May 16, 2007), ¶¶ 4-6; Declaration of Alejandro Rodriguez ("Rodriguez Decl.") (Exh. 1 to Habeas Corpus Petition filed on May 16, 2007), ¶ 14. This number, by itself, would satisfy Rule 23(a). In addition, there are almost certainly other class members of whom Petitioner is presently unaware. Moreover, because the government knows the precise identity and number of each class member, the Court should not deny class certification on numerosity grounds, at least in the absence of discovery to determine the number of class members. See Barahona-Gomez v. Reno, 167 F.3d 1228, 1237 (9th Cir. 1999) (noting that in certifying a class of aliens the INS is uniquely positioned to determine who is included within the class). Here, counsel for Petitioner has good reason to believe that there are other, unidentified persons who (a) are currently subject to the government's unlawful detention policies but are unknown to Petitioner and his counsel and (b) will be subject to the government's unlawful detention policies in the future. See Vakili Decl., ¶ 7. Under these circumstances, joinder of all class members is not practicable, and the numerosity requirement of Rule 23(a)(1) is satisfied.

### 2. Commonality

The commonality requirement under Rule 23(a)(2) is satisfied if there is a question of law or fact that is common to the class. Dukes v. Wal-Mart, Inc., 474 F.3d 1214, 1232 (9th Cir. 2007); Amchem, 521 U.S. at 613. Courts have long

13

1  recognized that the commonality requirement of Rule 23(a)(2) does not create a heavy
2  burden. See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998)
3  (commonality preconditions of Rule 23(a)(2) are "construed permissively"); See also
4  Dukes, 474 F.3d at 1225 ("all questions of law and fact need not be common to satisfy
5  the rule"); Pichler v. UNITE, 228 F.R.D. 230, 249 (E.D. Pa. 2005) ("commonality
6  threshold is relatively low because the named plaintiffs need only share at least one
7  question of fact or law with the grievances of the prospective class").

8        In this case, each member of the proposed class raises the same two basic
9  questions of law: (1) whether the continued detention of putative class members
10 without a detention hearing is authorized by the general immigration detention statutes
11 and (2) whether this policy or general practice violates the Due Process Clause. The
12 Petitioner is not seeking any determination as to the validity of any class member's
13 individual removal order – an issue that must be resolved by the immigration courts
14 and the federal courts reviewing their decisions.

15       Moreover, as is clear from the face of the Petition, the Petitioner is not
16 seeking the immediate or unconditional release of all class members. Rather, the
17 relief sought – common to all class members – is an order from the Court requiring
18 that Respondents provide a hearing to class members on the issue of whether their
19 prolonged and indefinite detention is justified. Petition, ¶¶ 7-8.

20       Courts have found sufficient commonality to meet Rule 23's requirement
21 in similar circumstances. For instance, in Walters v. Reno, 145 F.3d 1032 (9th Cir.
22 1998), non-citizens who had been charged with document fraud brought an action
23 against the INS, alleging a violation of their due process rights with respect to the
24 notice given regarding deportation procedures under § 274C of the Immigration and
25 Naturalization Act of 1990, 8 U.S.C. § 1324c. The government opposed class
26 certification on the ground that the class members shared insufficient commonality,
27 both because the government had provided different kinds of notice to different class
28

LA1 945924v1

EXHIBIT B   000093

members and because of differences in the individual document fraud cases at issue. The Ninth Circuit rejected both claims. With respect to the differences in the government's notice policy, the court found minor differences in how the notice was given to be insufficient to defeat class certification: "[I]t would be a twisted result to permit an administrative agency to avoid nationwide litigation that challenges the constitutionality of its general practices simply by pointing to minor variations in procedure among branch offices and individual INS agents." Id. at 1046 (internal quotation omitted). The court also rejected the government's argument that the factual differences in individual cases precluded class certification. Differences among the class members regarding the merits of their individual cases were "simply insufficient to defeat the propriety of class certification." Id. Because plaintiffs had made a common allegation concerning the insufficiency of the INS's procedures, class certification was proper. Id. See also Forbush v. J.C. Penney Co., Inc., 994 F.2d 1101, 1106 (5th Cir. 1993) (noting that the need for subsequent individual proceedings, even complex ones, "does not supply a basis for concluding that [the named plaintiff] has not met the commonality requirement"); Doe v. Los Angeles Unified School Dist., 48 F. Supp. 2d 1233, 1241 (C.D. Cal. 1999) ("Commonality exists if plaintiffs share a common harm or violation of their rights, even if individualized facts supporting the alleged harm or violation diverge.").[3]

---

[3] In Mussa, Judge Hatter held that the habeas petitions of several detainees could not be joined together, prior to receiving a motion for class certification or briefing on the propriety of such certification. The critical difference between this case and Mussa is that there, the petitioners sought immediate release as their primary remedy – an issue that potentially involved individual adjudication of such issues as whether each detainee would pose a sufficient danger to the community or flight risk to justify his or her detention. Here, in contrast, the relief sought is a court order compelling Respondents to provide class members with a hearing – to which they are legally entitled regardless of their individual circumstances. See Mussa v. Gonzales, Order Dismissing Without Prejudice, at 9, Case No. CV 06-2749 TJH (JTL) (C.D. Cal. October 17, 2006).

15

### 3. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." See Dukes, 474 F.3d at 1225; see also Amchem, 521 U.S. at 613. "Under the rule's permissive standards, representative claims are typical if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon, 150 F.3d at 1020. "It is sufficient if the class representatives and members of the class share a common issue of law or fact, and are sufficiently parallel to insure a vigorous and full presentation of all claims for relief." Wang, 231 F.R.D. at 608 (internal quotations and citations omitted).

Here, the named Petitioner and the putative class members by definition are all detainees in the Central District who have been held for more than six months without a hearing to determine whether their prolonged detention is justified. The Petitioner's claims and the claims of all class members all arise from the same course of conduct of the Respondents – detaining non-citizens for more than six months without a detention hearing – are based upon the same legal theories, and seek the same relief. Thus, the typicality requirement of Rule 23(a)(3) is satisfied.

### 4. Adequacy

Rule 23(a)(4) permits certification of a class action only if the representative parties will fairly and adequately protect the interests of the class. Dukes, 474 F.3d at 1233; Amchem, 521 U.S. at 613. To satisfy the requirements of adequate representation under Rule 23(a)(4), the proponent of certification must show (1) that the proposed class representative does not have conflicts of interest with the proposed class, and (2) that class counsel is qualified and competent. Dukes, 474 F.3d at 1233; see also Linney v. Cellular Alaska Partnership, 151 F.3d 1234, 1238-39 (9th Cir. 1998); In re Northern Dist. of Cal. Dalkon Shield IUD Prods. Liab. Litigation,

693 F.2d 847, 855 (9th Cir. 1982); Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 512 (9th Cir. 1978).

In this case, the Petitioner will fairly and adequately represent the interests of the class. The Petitioner is detained in the San Pedro ICE detention facility in San Pedro, California, while attempting to litigate his removal case. The Petitioner, who has remained in detention for more than three years without ever having been afforded a hearing as to whether his prolonged and indefinite detention is justified, shares the interests of the class. His claims do not give rise to any conflicts of interest with other class members, as his claim is "not antagonistic to the interests of the class" and he is "interested and involved in obtaining relief." Walters, 145 F.3d at 1046.

Additionally, Petitioner's counsel are pro bono attorneys from the ACLU of Southern California, the ACLU Immigrants' Rights Project, the Stanford Law School Immigrants' Rights Clinic, and the law firm of Sidley Austin LLP. These organizations and the attorneys working for them collectively have extensive experience in immigration, habeas, and class action litigation, and have the necessary resources and energy to pursue vigorously the interests of the class.

**B.    Rule 23(b)(2)**

A Rule 23(b)(2) class action requires that "the party opposing the class has either acted or failed to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2); Dukes, 474 F.3d at 1233. Rule 23(b)(2) is satisfied if class members complain of a pattern or practice that is generally applicable to the class as a whole. See Walters, 145 F.3d at 1047.

Here, there can be no doubt that the requirements of Rule 23(b)(2) are satisfied. Petitioner alleges that all class members have been the victims of the Respondents' unlawful general practices or policy. All class members have been

17

denied a hearing regarding their prolonged detention, and all seek the same final injunctive and declaratory relief – a court order requiring Respondents to provide them with a hearing and declaring that the policy or practice of holding class members for prolonged periods without a hearing is unlawful under the general immigration detention statutes and the U.S. Constitution. See Walters, 145 F.3d at 1048; Perez-Funez v. INS, 611 F. Supp. 990 (C.D. Cal. 1984) (certifying Rule 23(b)(2) class and finding injunctive and declaratory relief appropriate where the INS acted on grounds applicable to a class of potential deportees); Society for Individual Rights, Inc. v. Hampton, 63 F.R.D. 399, 401 (N.D. Cal. 1973), aff'd, 528 F.2d 905, 906 (9th Cir. 1975) (certifying and upholding Rule 23(b)(2) class action where the Civil Service uniformly applied a practice of excluding all active homosexuals from government jobs).

## V. CONCLUSION

For the reasons discussed above, Petitioner respectfully requests that the Court grant this motion and enter an order certifying this proceeding as a class action and defining the class as set forth above in section II of this Memorandum.

Dated: June 25, 2007

Respectfully submitted,

By: _____ /wt/
Ahilan Arulanantham
Attorneys for Petitioner

Dated: June 25, 2007

Respectfully submitted,

SIDLEY AUSTIN LLP

By: _____ /wt/
Steven A. Ellis
Attorneys for Petitioner

18

# PROPOSED ORDER

The Court has considered all of the parties' briefing, evidence, and arguments in this case to this point, as well as the authorities cited in support of their positions. Upon due consideration, the Court hereby GRANTS Petitioner's motion for class certification, and orders as follows:

___ The Court names Petitioner Alejandro Rodriguez as class representative.

___ The Court names Petitioner's counsel as class counsel.

___ The Court certifies a class consisting of all non-citizens within this District who 1) are or will be detained for longer than six months pursuant to one of the general immigration detention statutes pending completion of removal proceedings, including judicial review, and 2) have not been afforded a hearing to determine whether their prolonged detention is justified. The class does not include any immigrant detained under the specific national security detention statutes. See 8 U.S.C. 1226a; 8 U.S.C. 1537.

___ In order to aid the Court in protecting its jurisdiction over this matter, and in order to ensure that class members receive any relief to which they are entitled, within

LA1 945924v 1

EXHIBIT B   000098

14 days of the date of this Order the Respondents shall file with the Court and serve upon Petitioner's counsel a list of the names, A numbers, and locations of those detained non-citizens who fall within the class definition as of the date of this Order. If Respondents wish to transfer any of those detainees from this District, they must provide reasonable advance notice of any such transfers to this Court.

IT IS SO ORDERED.

_____

The Honorable Virginia A. Phillips

Date: _____

LA1 945924v.1

EXHIBIT B   000099