# Exhibit 10

EXHIBIT E   000180

**Declaration of Bardis Vakili of August 13, 2007**

I, Bardis Vakili, hereby declare:

1. I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently as follows:

2. I am employed as an Immigrants' Rights Consultant at the American Civil Liberties Union of Southern California.

3. As of the time of this writing, I have knowledge of 44 individuals who have been detained for longer than six months pending completion of their removal proceedings and who have not received a hearing concerning whether or not their continued detention is justified. All of these individuals were either detained in the Central District of California on May 17, 2007 and continue to be detained, or have been transferred into the Central District of California since that date.

4. Specifically, I have interviewed these 44 individuals, either by phone or in person, and I have continued to track their cases through regular follow-up phone calls, interviews, and conversations with their immigration lawyers. Through this ongoing monitoring, I can confirm that all 44 continue to be detained as of today while their immigration cases are pending. Of these 44 individuals, 10 are from El Salvador, 8 from Mexico, 5 from Guatemala, 4 from South Korea, 2 each from Jamaica, Honduras, and the Philippines, and 1 each from Colombia, England, Italy, the Dominican Republic, the former Yugoslavia, Jordan, Morocco, Canada, Poland, Egypt, and Nigeria. I have verified that all of these detainees have pending removal cases, whether before an Immigration Judge, the Board of Immigration Appeals, the Ninth Circuit, or the Attorney General. None of these individuals are being detained under the special national security statutes that specifically authorize prolonged detention.

5. I have learned of these detainees subject to prolonged detention in varying ways. Often, detainees contact me directly when they learn that the ACLU can assist immigrants with detention issues. Sometimes, detainees' family members call me and ask me to interview their loved ones. In other cases, the detainees' immigration attorneys themselves have referred me to their clients' cases.

Exhibit 10
33

EXHIBIT E   000181

6. I have verified the length of detention in each case through review of court documents given to me by the detainees themselves, their family members, and/or their attorneys. I update this data on a continuous basis, such that I have confirmed the information concerning each of the 44 detainees at some point within the last four weeks, and in almost every case within the last two weeks.

7. In addition, I have strong reason to believe that there are other detainees who have been detained longer than six months and whose cases remain pending, for several reasons. First, we have no systematic way of identifying detainees. We have learned of these detainees because our contact information along with news about our work is spreading by word of mouth in the facilities, but I have no reason to believe that this information spreads in a comprehensive way throughout the facilities. Second, I am being continuously contacted by individuals seeking assistance with their detention, some of whom have been held for close to or more than six months. At this moment, I have a list of four additional detainees at San Pedro and two at Mira Loma who claim to have been detained for longer than 6 months, but whom I have not yet had a chance to interview. Finally, on four separate occasions, I have attempted to visit detainees who had reported being detained for six months, but who were then transferred to other facilities before I had a chance to interview them.

8. I recently interviewed two detainees at the Mira Loma Detention Center both of whom said they were willing to be named class representatives in the ACLU's lawsuit challenging prolonged and indefinite immigration detention. Each man has been detained for more than two years pending completion of his removal proceedings. One of them has what I believe is a very strong appeal of his removal order currently pending at the Ninth Circuit, for which he has obtained a stay of removal. The other recently won his appeal with the Board of Immigration Appeals, and his case was remanded back to the Immigration Judge for further proceedings. Neither of them has ever had a hearing to determine whether their prolonged and indefinite detention is justified.

I declare under penalty of perjury of the laws of the State of California and the United

1  States that the foregoing is true and correct. Executed this 13th day of August, 2007 in Los
2  Angeles, California.
3  
           _____
           Bardis Vakili