# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| AMADOU LAMINE DIOUF,<br>Petitioner,<br>v.<br>ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL, *et al.*,<br>Respondents. | CV 06-7452 TJH (FMOx)<br><br>Order<br><br>JS-6 |

Diouf petitioned for *habeas corpus* relief and requested a preliminary injunction, ordering an Immigration Judge to hold a bond hearing, on the grounds that his lengthy detention violated 8 U.S.C. § 1226(a), and the Due Process Clause. This Court granted the petition for *habeas corpus* relief and the preliminary injunction. The Immigration Judge released Diouf on bond. The Government

EXHIBIT G   000186

1  appealed both decisions.
2  The Circuit reversed the grant of *habeas corpus* relief and vacated and
3  remanded the preliminary injunction for further proceedings consistent with its
4  opinion. The Circuit asked this Court to determine whether § 1231(a)(6) requires
5  a bond hearing, whether the Due Process Clause requires a bond hearing and
6  whether the post-custody reviews Diouf received satisfied the Due Process Clause.
7  In *Diouf v. Mukasey*, 542 F.3d 1222 (9th Cir. 2008), the circuit ruled that
8  Diouf was not entitled to *habeas corpus* relief because he was detained under §
9  1231(a)(6) and not § 1226(a). *Diouf*, 542 F.3d at 1233. The Circuit concluded
10 that, "an alien is entitled to *habeas* relief after a presumptively reasonable six-month
11 period of detention under § 1231(a)(6), only upon demonstration that the detention
12 is indefinite – *i.e.*, that there is good reason to believe that there is no significant
13 likelihood of removal in the reasonably foreseeable future." *Diouf*, 542 F.3d at
14 1233. Because Diouf was properly detained under § 1231(a)(6) at the time of his
15 petition for *habeas corpus* relief and the preliminary injunction, it follows that he
16 is not entitled to a bond hearing as a requirement of § 1231(a)(6).
17 Both §§ 1226(a) and 1231(a)(6) are ambiguous as to the authority of the
18 Attorney General to prolong the detention of an alien. Section 1226(a) provides the
19 Attorney General with discretionary authority to release aliens on bond "prior" to
20 the removal period. Similarly, § 1231(a)(6) provides the Attorney General with
21 discretionary authority to detain certain classes of aliens "beyond" the removal
22 period. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008). Section
23 1226(a), read in light of the Constitutional demand, limits an aliens's detention to
24 a period reasonably necessary to bring about the aliens's removal from the United
25 States. *Prieto-Romero*, 534 F.3d at 1062-1063. Because § 1226(a) and §
26 1231(a)(6) create the same Constitutional ambiguity, it follows that § 1231(a)(6)

should be read in the same light as § 1226(a). *Prieto-Romero*, 534 F.3d at 1063. Thus, aliens who are detained under § 1231(a)(6) cannot be indefinably detained without sufficient procedural due process.

Though § 1226(a) and § 1231(a)(6) create the same Constitutional concern, it does not follow that Diouf, like an alien under § 1226(a), is entitled to a bond hearing as a requirement of the due process. The statutes are similar in language, however, it is the purpose of the statute that controls and not the fact that both say an alien "may" be detained. The Court has held that the nature of due process protection may vary depending upon the status and circumstances of the alien. *Zadvydus v. Davis*, 533 U.S. 678, 694, 121 S. Ct. 2491, 2501, 150 L. Ed. 2d 653, 669 (2001). Thus, it is the status and circumstance of the alien that determine what type of process is due and not simply that § 1226(a) and § 1231(a)(6) have similar wording.

In *Casas-Castrillon v. Department of Homeland Sec.*, 535 F.3d 942 (9th Cir. 2008), the court concluded that aliens are entitled to a bond hearing as a matter of due process. *Casas-Castrillon*, 535 F.3d at 952. However, the status and circumstance of the alien in *Casa-Castrillon* is factually different from Diouf. In *Casas-Castrillon* the alien was a lawful permanent resident who was being detained under § 1226(a) because his original removal orders were still being judicially reviewed. *Casas-Castrillon*, 535 F.3d at 942. Furthermore, Casa-Castrillon did not receive adequate procedural due process protection while he was detained. *Casas-Castrillon*, 535 F.3d at 952. In contrast, Diouf was given a final removal order and is simply asking the circuit to review his denied motion to reopen the case. Moreover, Diouf was lawfully permitted but subsequently ordered removed by the Board of Immigration Appeals has exhausted all of his opportunities to challenge his final removal order directly and has previously been granted release on bond and

1  had the bond cancelled for failure to timely depart. Also, Diouf received adequate
2  procedural due process when he received his two post-order custody reviews. Diouf
3  is not entitled to a bond hearing as a matter of due process because he is not in the
4  same status and circumstance as Casas-Castrillon.

5  The Constitutional concern due to the ambiguity of § 1231(a)(6) does require
6  that an alien receive adequate procedural protection to ensure that the government's
7  asserted justification for physical confinement outweighs the individual's
8  constitutionally protected interest in avoiding physical restraint. *Prieto-Romero*, 534
9  F.3d at 1065. Because Prieto-Romero was detained under § 1226(a), he received
10 the procedure that 8 C.F.R. § 236.1(d) required. *Prieto-Romero*, 534 F.3d at 1065-
11 66. The court concluded that Prieto-Romero was not entitled to another bond
12 hearing because he had already received adequate procedural due process. *Prieto-*
13 *Romero*, 534 F.3d at 1068.

14 Similarly, Diouf has already received adequate procedural due process.
15 Because Diouf was detained under § 1231(a)(6), the procedure in 8 C.F.R. § 241.4
16 applied. Diouf received two post-order custody review considerations on July 29,
17 2005, and again on July 25, 2006, as required by 8 C.F.R. § 241.4. The post-order
18 custody review worksheet required the reviewing officer to consider numerous
19 factors laid out at 8 C.F.R. § 241.4(e), (f), and (h)(2). The basic purpose of the
20 immigration detention is assuring the alien's presence at removal. *Prieto-Romero*,
21 534 F.3d at 1063. The government's decision to continue custody is not in violation
22 of due process when balanced with other considerations, such as Diouf's criminal
23 history, lack of cooperation in past removal proceedings and the likelihood of his
24 future removal. To the extent Diouf retains any constitutional rights, the post-order
25 custody review procedures provided ample procedural due process in these
26 circumstances. An alien is not entitled to a bond hearing when he has received

adequate due process. *Prieto-Romero*, 534 F.3d at 1068. Thus, because Diouf received adequate due process he is not entitled to a bond hearing.

It is **Ordered** that the petition for a preliminary injunction be, and hereby is, **Denied**.

Date:   September 9, 2009

*/s/ Terry J. Hatter, Jr.*
Terry J. Hatter, Jr.
Senior United States District Judge