```
 1

 2                      UNITED STATES DISTRICT COURT

 3                    CENTRAL DISTRICT OF CALIFORNIA
                            WESTERN DIVISION
 4


 5
     ALEJANDRO RODRIGUEZ,           )
 6                                  )
                                    )
 7           PETITIONER,            )
                                    )
 8           VS.                    )   CASE NO. CV 07-3239-TJH(RNB)
                                    )
 9                                  )
     JAMES HAYES, ET AL.,           ) LOS ANGELES, CALIFORNIA
10                                  ) FEBRUARY 1, 2010
                                    ) (10:39 A.M. TO 10:57 A.M.)
11           RESPONDENTS.           )
     _____)
12

13                          STATUS CONFERENCE
             BEFORE THE HONORABLE TERRY J. HATTER, JR.
14             UNITED STATES DISTRICT COURT JUDGE

15

16

17
     APPEARANCES:              SEE NEXT PAGE
18
     COURT REPORTER:           RECORDED; COURT SMART
19
     COURTROOM DEPUTY:         STEVE CHUNG
20
     TRANSCRIBER:              DOROTHY BABYKIN
21                             COURTHOUSE SERVICES
                               1218 VALEBROOK PLACE
22                             GLENDORA, CALIFORNIA  91740
                               (626) 963-0566
23


24
     PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
25   TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.
```

```
 1   APPEARANCES:  (CONTINUED)
     FOR THE PETITIONER:     ACLU FOUNDATION
 2                             OF SOUTHERN CALIFORNIA
                             BY:  AHILAN T. ARULANANTHAM
 3                                JEN STARK
                                  ATTORNEYS AT LAW
 4                             1313 WEST 8TH STREET
                             LOS ANGELES, CALIFORNIA  90017
 5

 6   FOR THE RESPONDENTS:    U.S. DEPARTMENT OF JUSTICE
                             OFFICE OF IMMIGRATION LITIGATION
 7                             BY:  GJON JUNCAJ
                                  TRIAL ATTORNEY
 8                             P.O. BOX 868
                             BEN FRANKLIN STATION
 9                             WASHINGTON, D.C.  20044

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                        I N D E X
      CASE NO. CV 07-3239-TJH(RNB)              FEBRUARY 1, 2010
 2
      PROCEEDINGS:   STATUS CONFERENCE:  RE MANDATE OF THE NINTH
 3                   CIRCUIT COURT OF APPEAL'S ORDER AND AMENDED
                     OPINION.
 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1   LOS ANGELES, CALIFORNIA; MONDAY, FEBRUARY 1, 2010; 10:39 A.M.

2           THE CLERK:  CALLING ITEM NUMBER 2, CV 07-3239-TJH,

3   ALEJANDRO RODRIGUEZ VERSUS JAMES HAYES, ET AL.

4           COUNSEL, PLEASE STATE YOUR APPEARANCES FOR THE

5   RECORD.

6           MR. ARULANANTHAM:  GOOD MORNING, YOUR HONOR.

7           AHILAN ARULANANTHAM AND JEN STARK FOR THE

8   PETITIONER ALEJANDRO RODRIGUEZ.

9           THE COURT:  ALL RIGHT.  THANK YOU.

10          MR. JUNCAJ:  GOOD MORNING, YOUR HONOR.

11          GJON JUNCAJ ON BEHALF OF THE FEDERAL RESPONDENTS,

12  DEFENDANTS.

13          THE COURT:  THANK YOU.

14          ALL RIGHT.  WHO WISHES TO BE HEARD?

15          THE MATTER IS HERE FOR A STATUS CONFERENCE AFTER

16  THE MATTER HAS COME BACK FROM THE CIRCUIT ON REVERSAL.

17          AND PLEASE REPEAT YOUR REPRESENTATIONS ANY TIME YOU

18  SPEAK, PLEASE.

19          MR. ARULANANTHAM:  YES, YOUR HONOR.

20          AHILAN ARULANANTHAM FOR THE PETITIONER AND THE

21  CLASS.

22          I THINK MR. JUNCAJ AND I HAVE TALKED ABOUT THIS

23  CASE.  I THINK THERE ARE SOME INITIAL MATTERS I THINK WHICH

24  WE DISAGREE ABOUT CONCERNING DISCOVERY AND WHAT INFORMATION

25  ABOUT THE CLASS MEMBERS THAT WE'RE ENTITLED TO.

1          THE COURT:  YOU MEAN ONLY ABOUT DISCOVERY?

2          BECAUSE I WOULD THINK THAT THERE WOULD BE SOME

3    DISCUSSION AT LEAST AMONG YOU, IF NOT DISAGREEMENT, ABOUT

4    WHAT KIND OF SUB CLASSES WE'RE GOING TO HAVE HERE BECAUSE

5    THERE'S NO WAY WE CAN PROCEED WITHOUT THAT.

6          MR. ARULANANTHAM:  YES, YOUR HONOR.  I THINK WE MAY

7    BE IN AGREEMENT ABOUT THAT.  WE'RE BOTH IN AGREEMENT THAT

8    THERE SHOULD BE SUB CLASSES.  WE DISCUSSED IT A LITTLE BIT

9    ABOUT HOW THE BREAKDOWN SHOULD BE, AND WE DIDN'T GET TO A

10   POINT WHERE WE WERE TALKING ABOUT IT.

11         I THINK FOR OUR SIDE I HAVE A THEORY FOR HOW I

12   THINK THE SUB CLASSES SHOULD GO.

13         THE COURT:  HAVE YOU SHARED THAT WITH THE

14   PROSECUTION?

15         MR. ARULANANTHAM:  YES.  BUT -- I MEAN, I DON'T

16   WANT TO SPEAK TOO MUCH FOR MR. JUNCAJ.  I THINK IT MIGHT BE

17   POSSIBLE THAT WE END UP AGREEING ON WHAT THE SUB CLASSES ARE,

18   BUT I -- YOU KNOW, I'M NOT SURE ABOUT THAT.

19         AND, THEN, THE THIRD ISSUE, YOUR HONOR, I THINK

20   ONCE WE'VE DECIDED WHAT THE SUB CLASSES ARE, THEN, THE COURT

21   WILL HAVE TO DECIDE WHICH, IF ANY, OF THOSE SUB CLASSES ARE

22   ENTITLED TO HEARINGS.

23         AND THEN I THINK JUST SPEAKING FOR OUR SIDE, NOT

24   THAT WE'VE AGREED ON THIS, I THINK THAT THERE MIGHT THEN NEED

25   TO BE A SEPARATE SET OF BRIEFING CONCERNING WHAT THE HEARING

1    REQUIREMENTS ARE.

2          SO, IF WE'VE, SAY, DECIDED -- ASSUMING THAT THE

3    COURT DECIDES THAT SOME PORTION OF THE SUB CLASS IS ACTUALLY

4    ENTITLED TO A HEARING, WHICH I ASSUME MAY OR MAY NOT HAPPEN,

5    BUT IF WE DO WIN AT LEAST A PORTION OF IT, THEN, I THINK

6    THERE SHOULD BE A SEPARATE SET OF BRIEFING ON WHAT THAT

7    ENTAILS THEN.  BECAUSE I THINK THOSE ARE ANALYTICALLY A

8    DISTINCT SET OF QUESTIONS -- LIKE, SHOULD IT BE TRANSCRIBED,

9    WHO SHOULD BEAR THE BURDEN, THINGS LIKE THAT.

10          SO, THAT'S HOW I SEE IT PROCEEDING.

11          I DO THINK THAT INITIAL ISSUE, THOUGH, WILL HAVE TO

12    RESOLVE BECAUSE WE THINK THAT WE'RE ENTITLED TO THE NAMES,

13    THE LOCATIONS, AND AT LEAST SOME OF THE INFORMATION

14    CONCERNING THE DETENTION OF THE CLASS MEMBERS.

15          WE STILL HAVE NO IDEA HOW MANY THERE ARE.  YOU

16    KNOW, IT'S ONLY OUR PIECEMEAL TRYING TO GO FIGURE IT OUT.

17    AND NOW THAT WE -- YOU KNOW, WE'VE HAD TO TRY AND GO SORT OF

18    PERSON BY PERSON.  YOU ASK SOMEONE IN THE DETENTION CENTER.

19    THEN THEY TALK TO YOU AND SAY, OH, THERE'S SOME OTHER GUY WHO

20    ALSO WANTS TO TALK TO YOU WHO'S BEEN HERE FOR TWO YEARS.

21    AND, THEN, YOU FIND IT THAT WAY.  AND I THINK --

22          THE COURT:  WELL, LET ME SEE IF I CAN GET THIS

23    STRAIGHT.  ARE YOU ASKING FOR THE GOVERNMENT TO GIVE TO YOU

24    THE NAMES OF PEOPLE WHO HAVE BEEN DETAINED FOR A CERTAIN

25    NUMBER OF YEARS OR WHAT?

1          MR. ARULANANTHAM:  RIGHT.

2          THE COURT:  WHAT ARE THE PARAMETERS THAT YOU'RE

3    SUGGESTING?

4          MR. ARULANANTHAM:  THE PARAMETERS WOULD BE PEOPLE

5    DETAINED MORE THAN SIX MONTHS.

6          THE COURT:  MORE THAN SIX MONTHS.

7          ANYWHERE IN THE UNITED STATES?

8          MR. ARULANANTHAM:  NO.  ONLY IN THE CENTRAL

9    DISTRICT.

10          THE COURT:  IN THE CENTRAL DISTRICT.

11          MR. ARULANANTHAM:  BUT A LITTLE CAVEAT THERE, YOUR

12    HONOR.

13          THE COURT:  WELL, SUPPOSE THEY STARTED HERE AND

14    THEN THEY MOVED THEM SOMEWHERE ELSE.

15          MR. ARULANANTHAM:  YES, YOUR HONOR.  WE THINK THAT

16    THOSE PEOPLE ARE IN A CLASS -- IN PARTICULAR, SAN PEDRO

17    DETENTION CENTER CLOSED SEVERAL MONTHS AFTER THIS CASE WAS

18    FILED.  A LOT OF THOSE PEOPLE ARE GONE.

19          THE COURT:  YES.

20          MR. ARULANANTHAM:  BUT I KNOW I REPRESENT ONE

21    PERSON, FOR EXAMPLE, WHO'S STILL HERE.  HE'S BEEN DETAINED

22    FOR -- I DON'T KNOW HOW LONG NOW -- THREE AND A HALF YEARS OR

23    SOMETHING.  HE'S IN PEARSON, TEXAS.

24          SO, I THINK, YES, IT WOULD INCLUDE THAT.

25          I THINK, YOUR HONOR, TRACKING DOWN THE PEOPLE WHO

1    HAVE BEEN TRANSFERRED, PERHAPS IN SOME CASES WOULD BE

2    DIFFICULT.  BUT I WOULDN'T WANT THAT TO HOLD UP THE PEOPLE --

3            THE COURT:  WELL, WHY SHOULD IT BE PARTICULARLY

4    DIFFICULT IF, AGAIN, WE HAVE A TIME FRAME.  IF THESE PEOPLE

5    HAVE BEEN TRANSFERRED AFTER THEY'VE BEEN HELD HERE IN EXCESS

6    OF SIX MONTHS AND THEN TRANSFERRED, THEY SHOULD HAVE THAT

7    LIST FAIRLY AVAILABLE.

8            MR. ARULANANTHAM:  I WON'T ARGUE WITH THAT, YOUR

9    HONOR.

10           THE COURT:  GIVEN WITH THE COMPUTERS AND OTHER

11   THINGS.

12           MR. ARULANANTHAM:  I WON'T ARGUE WITH THAT.

13           THE COURT:  I'M NOT THAT COMPUTER LITERATE, BUT WE

14   HAVE LAW CLERKS WHO ARE --

15           MR. ARULANANTHAM:  RIGHT.

16           THE COURT:  -- AND I THINK WE COULD FIND OUT.

17           MR. ARULANANTHAM:  GOOD.  GOOD, YOUR HONOR.

18           SHOULD I -- YOU WANT TO HEAR FROM THE GOVERNMENT

19   NOW?

20           THE COURT:  YES.  YES, I'LL HEAR FROM THE

21   GOVERNMENT.

22           MR. JUNCAJ:  GOOD MORNING, AGAIN, YOUR HONOR.

23   GJON JUNCAJ FOR THE RESPONDENTS.

24           THE COURT:  YES.

25           MR. JUNCAJ:  MR. ARULANANTHAM ACTUALLY SORT OF HIT

1    BOTH MAJOR POINTS.  WE BOTH AGREE THAT SUB CLASSES -- AND

2    YOUR HONOR HAS INDICATED --

3              THE COURT:  YES.

4              MR. JUNCAJ: -- THAT'S THE WAY TO GO TO PROCEED WITH

5    SOME CLARITY MOVING FORWARD HERE.

6              AS TO WHETHER WE CAN AGREE TO WHAT THE SUB CLASSES

7    ARE, FOR A LARGE MAJORITY OF IT PERHAPS WE CAN.  THERE MAY BE

8    SOME DISAGREEMENTS ALONG THE WAY.

9              THE COURT:  YES.

10             MR. JUNCAJ:  LEAVING THE SUB CLASSES ASIDE FOR A

11   MOMENT, IN GETTING TO WHAT'S BEEN CALLED DISCOVERY, BEING

12   THAT THIS IS A HABEAS CLASS ACTION, IN ANY ORDINARY HABEAS

13   PROCEEDING THERE WOULD BE NO DISCOVERY AS TO THE -- NECESSARY

14   TO AFFECT THE MERITS OR TO LITIGATE THE MERITS OF THE CASE.

15             THE COURT:  YES, ORDINARILY.

16             MR. JUNCAJ:  I THINK IT'S MORE SO NOTICE THAT WE'RE

17   TALKING ABOUT HERE.

18             THE COURT:  YES.  ALL RIGHT.

19             MR. JUNCAJ:  NOTICE TO THE CLASS.  AND BECAUSE THIS

20   IS A 23(B)(2) CLASS, THERE IS NO MANDATORY REQUIRED NOTICE.

21   BECAUSE THE ULTIMATE RELIEF IF IT IS GRANTED WOULD BE UNDER

22   THIS COURT'S ORDER -- INJUNCTIVE ORDER REQUIRING THE

23   GOVERNMENT TO PROVIDE THE RELIEF THAT WAS REQUESTED.  AND AT

24   THAT POINT IT WOULD SEEM MORE LOGICAL TO IDENTIFY AND TO MAKE

25   SURE THAT NOTICE IS PROVIDED, OR THAT THAT RELIEF IS PROVIDED

1    TO THE CLASS IF THERE IS A DECISION ON THE MERITS.

2              THE COURT:  AND HOW WOULD THAT BE REVIEWED?  BY THE

3    COURT?  BY THE DEFENSE?  OR ACTUALLY BY THE PLAINTIFFS I

4    SHOULD SAY IN THIS CASE.

5              MR. JUNCAJ:  HOW WOULD IT BE REVIEWED TO INSURE

6    COMPLIANCE?

7              THE COURT:  YES.

8              MR. JUNCAJ:  WELL, IF WE GET TO THAT POINT, WE CAN

9    DISCUSS THE PROCEDURES THAT WOULD TAKE PLACE.  IT MAY BE A

10   LISTING OF THE INDIVIDUALS THAT WERE ENTITLED TO THE BOND

11   HEARING AT THAT POINT IF THE COURT DOES DECIDE THAT AND,

12   THEN, MAKING SURE THAT THOSE PEOPLE ARE PROVIDED BOND

13   HEARINGS.

14             OVERHANGING ALL OF THIS IS THE REALITY THAT SINCE

15   THIS CASE WAS FILED IN 2007, AS YOUR HONOR IS WELL AWARE --

16             THE COURT:  YES.

17             MR. JUNCAJ: -- MANY OF THESE PEOPLE HAVE ALREADY

18   BEEN GETTING BOND HEARINGS, AND MANY OF THEM ARE ALREADY

19   ENTITLED TO IT.

20             THE COURT:  EXACTLY.

21             MR. JUNCAJ:  SO, THE CLASS -- AND FRANKLY IT IS

22   STILL A FLUID THING.  THE WAY THAT THE CLASS IS DEFINED NOW

23   IS NOT JUST PEOPLE THAT ARE IN DETENTION FOR SIX MONTHS BUT

24   ALSO PEOPLE THAT WILL BE.  AND WHO THOSE PEOPLE WILL BE

25   DETAINED FOR SIX MONTHS, PARTICULARLY IN TERMS OF NOTICE,

1    IT'S DIFFICULT TO IDENTIFY WHO THAT PERSON MIGHT BE.

2          IF NOTICE IS REQUIRED, WE WOULD LIKE THE

3    OPPORTUNITY TO BRIEF THAT ISSUE IF THE COURT --

4          THE COURT:  OF COURSE.

5          MR. JUNCAJ: -- IS INCLINED TO GRANT WHAT REALLY

6    AMOUNTS TO DISCOVERY.  IT'S NOT REALLY NOTICE.  IT'S NOT THAT

7    THEY'RE ASKING FOR THE INDIVIDUALS TO BE NOTIFIED OF THE

8    CASE.  BUT THEY WANT ALL THE NAMES AND THE A NUMBERS.

9          HOW THAT WILL FACILITATE THE LITIGATION OF THE

10   MERITS I DON'T KNOW.  BUT IF THE TIME COMES WHERE THEY DO

11   PREVAIL, AND IT'S NECESSARY TO EFFECT THIS COURT'S ORDER, I

12   MEAN, THE GOVERNMENT I THINK WOULD BE WILLING TO INSURE AND

13   WORK WITH THE COURT TO MAKE SURE THAT IS COMPLIED WITH AND

14   THAT IT COULD BE IDENTIFIED AT THAT TIME.

15         BUT AT THIS POINT WE BELIEVE IT'S PREMATURE TO DO

16   THAT.

17         IF I COULD MAKE A SUGGESTION FOR YOUR HONOR IN

18   TERMS OF MOVING FORWARD.  SINCE WE'VE ALREADY TALKED ABOUT

19   BRIEFLY THE SUB CLASS ISSUE, IT MAY BE MOST EFFICIENT -- AND

20   I HAVEN'T RAISED THIS WITH COUNSEL YET -- TO TRY TO GET SOME

21   SORT OF AN AGREEMENT IN TERMS OF DEFINING THE SUB CLASSES.

22   TO THE EXTENT WE DISAGREE, SET A DATE WHERE THEY CAN MOVE TO

23   RENEW THEIR CLASS CERTIFICATION MOTION INCLUDING THOSE SUB

24   CLASSES.  WE WOULD HAVE THE OPPORTUNITY, OF COURSE, TO

25   RESPOND.

1          BUT RATHER THAN HASHING IT OUT ON PAPER IN ADVANCE

2    I DON'T THINK THAT'S NECESSARY.  THERE'S PROBABLY ROOM FOR

3    AGREEMENT FOR AT LEAST ONE OR TWO OR THREE SUB CLASSES THERE.

4          AND, RESPECTFULLY, THAT'S ALL I HAVE.

5          BUT, AGAIN, AS FAR AS THE NOTICE/DISCOVERY, WE

6    WOULD LIKE THE OPPORTUNITY TO BRIEF THAT ISSUE IF THE COURT

7    IS INCLINED TO GRANT DISCOVERY.  BUT AT THIS POINT WE BELIEVE

8    THAT'S NOT APPROPRIATE.

9          THE COURT:  ALL RIGHT.

10         MR. ARULANANTHAM:  WITH RESPECT TO SUB CLASSES,

11   YOUR HONOR, I THINK I AGREE WITH MR. JUNCAJ THAT WE SHOULD

12   CONFER AND WORK IT OUT AND THEN JUST SET A DATE BY WHICH WE

13   SHOULD SUBMIT TO THE COURT A PROPOSAL.  AND IF WE CAN'T

14   AGREE, THEN, TWO PROPOSALS.

15         THE COURT:  HOW MUCH TIME DO YOU THINK THAT WOULD

16   REQUIRE?

17         MR. ARULANANTHAM:  I THINK THAT -- AND I WANT TO

18   TALK ABOUT THE DISCOVERY ISSUE, YOUR HONOR.  BUT I THINK IT

19   SHOULD COME AFTER THAT.  AND THE REASON WHY IS BECAUSE WE

20   DON'T KNOW IN THE DIFFERENT CATEGORIES OF PEOPLE WHETHER

21   WE'RE TALKING ABOUT -- SOMETIMES HUGE CHUNKS OF PEOPLE, AND

22   THAT'S WHERE THE MAIN PROBLEM IS, OR, INSTEAD, YOU KNOW,

23   THERE'S ONLY PERSON OR TWO PEOPLE OR NONE, WHICH WOULD ALTER

24   IT.

25         SO, LET ME, IF YOU DON'T MIND, YOUR HONOR, TALK

1    ABOUT THE DISCOVERY ISSUE A LITTLE.  OF COURSE THERE IS

2    DISCOVERY IN HABEAS CASES.  IT'S DONE SOMETIMES AND NOT OTHER

3    TIMES.  YOU KNOW, I'VE LOOKED AT THIS BEFORE.  THE SUPREME

4    COURT HELD IT IN A CASE CALLED HARRIS.  THE GUANTANAMO CASES

5    THAT'S WHAT A LOT OF THE FIGHT HAS BEEN.  OBVIOUSLY, THERE

6    ARE -- THERE'S NO QUESTION THERE IS DISCOVERY IN THEM.  IN

7    2254 CASES THERE'S DISCOVERY.

8              THE COURT:  OF COURSE.

9              MR. ARULANANTHAM:  IN ADDITION, YOUR HONOR, THE

10   NINTH CIRCUIT OPINION IN THIS CASE WAS VERY CAREFUL I THOUGHT

11   TO PRESERVE THIS NOT ONLY AS A HABEAS, BUT ALSO AS A 1331

12   CASE.  WE PLED IT AS BOTH.  THERE IS A FEDERAL QUESTION IN

13   THIS CASE.  AND THEY DIDN'T RESOLVE THE JURISDICTIONAL ISSUES

14   -- YOU KNOW, ONE OF THE ARGUMENTS WE MADE WAS AT LEAST THE

15   HABEAS PORTION OF THIS CASE HAS TO SURVIVE AGAINST THE

16   GOVERNMENT'S JURISDICTIONAL ARGUMENTS.  AND THE COURT WAS

17   CAREFUL TO SAY WE'RE NOT REACHING THAT.  AT LEAST I READ THAT

18   AS IT'S NOT LIMITED TO A HABEAS CASE.

19             LET ME EXPLAIN WHY I THINK THE DISCOVERY GOES TO

20   THE MERITS A LITTLE BIT, AND WHY I THINK IT IS IMPORTANT.  IT

21   ISN'T A NORMAL HABEAS CASE BECAUSE WE HAVE TROUBLE CONTACTING

22   OUR CLIENTS OBVIOUSLY.  AND THAT'S -- AT LEAST THAT MINIMAL

23   INFORMATION -- NAME, A NUMBER, LOCATION FOR DETAINEES WHO

24   HAVE BEEN HELD FOR MORE THAN SIX MONTHS -- MAKES IT EASIER

25   FOR US TO TRACK DOWN OUR PLAINTIFFS, RIGHT.  AND THAT'S

1    OBVIOUSLY INFORMATION THAT IS IN THEIR POSSESSION.

2              IN ADDITION, YOUR HONOR, THE GOVERNMENT -- IF THE

3    NUMBER OF CASES WE'VE LITIGATED ON THIS ALREADY ARE ANY

4    INDICATION, THE GOVERNMENT IS GOING TO ARGUE THAT THE

5    PROCEDURES THEY HAVE NOW IN PLACE ARE SUFFICIENT.  AND THAT

6    IF THERE'S A DELAY IN SOMEONE'S CASE, IT'S THE DETAINEE'S

7    FAULT.

8              AND WE ARE GOING TO DISAGREE AND SAY, NO, THE

9    PROCEDURES THAT ARE EXISTING NOW ARE NOT SUFFICIENT FOR ANY

10   OF THE CLASSES OF PEOPLE OR SUB CLASSES OF PEOPLE.

11             AND AT LEAST SOME OF THE CASES I THINK WILL SHOW,

12   YOUR HONOR, IF WE CAN GET OUR HANDS ON IT -- LIKE UP IN

13   MIRALOMA DETENTION CENTER, FOR EXAMPLE, WHERE A LOT OF THE

14   CLASS IS, IT'S A REALLY LONG WAIT TO GET YOUR FIRST HEARING

15   IN FRONT OF AN IMMIGRATION JUDGE.  I'M TALKING ON THE MERITS

16   OF YOUR IMMIGRATION CASE, RIGHT.  IF YOU NEED A CONTINUANCE

17   TO FIND A LAWYER -- IT'S ONLY ANECDOTAL WHAT I'VE LEARNED,

18   BUT TALKING TO THE IMMIGRATION ATTORNEYS AND DETAINEES UP

19   THERE, YOU WAIT TWO, THREE MONTHS SOMETIMES JUST TO GET YOUR

20   NEXT HEARING.

21             BUT TO PROVE THAT, IN ORDER TO WIN OUR MERITS

22   CLAIM, THAT THE DELAYS HERE ARE OFTEN THE GOVERNMENT'S FAULT,

23   WE'LL NEED TO SEE THE TRANSCRIPT OF THE IMMIGRATION

24   PROCEEDINGS -- LIKE WHAT WE HAD IN MR. RODRIGUEZ' CASE, THE

25   INDIVIDUAL CASE.

1          SO, THAT IS DEFINITELY GOING TO GO TO THE MERITS.

2    AND I THINK IF THE COURT WERE TO FIND -- IF WE WERE ABLE TO

3    PROVE THAT A LOT OF DETAINEES AT SIX MONTHS, YOU KNOW, THEY

4    EVEN HAVEN'T HAD MERITS HEARING YET, OR THEY'VE ONLY HAD

5    MAYBE ONE MERITS HEARING.  THEN, I THINK THAT WOULD OBVIOUSLY

6    BE RELEVANT TO THE COURT'S DETERMINATION THAT -- BECAUSE THE

7    DELAYS HERE ARE LARGELY THE FAULT OF THE GOVERNMENT, THE

8    PERSON SHOULD BE ENTITLED TO A HEARING WHERE, YOU KNOW, THEY

9    HAVE ROBUST PROTECTIONS TO INSURE THEIR RELEASE.

10         SO, THAT'S THE REASON WHY I THINK WE DO WARRANT

11    DISCOVERY IN THIS CASE, BOTH UNDER 1331 AND UNDER HABEAS.

12    AND WE REQUEST THAT THE COURT ENTER SOME KIND OF LIMITED

13    ORDER ON THAT NOW.  AND THEN ONCE WE GET GOING, THEN, I THINK

14    WE CAN GET A SENSE OF WHO'S IN THE CLASS.

15         THE COURT:  WELL, I THINK I SHOULD GIVE THE

16    GOVERNMENT AN OPPORTUNITY TO BRIEF THIS SINCE EVIDENTLY THEY

17    ARE OPPOSED.  I WOULD THINK FROM JUST LISTENING TO YOUR

18    ARGUMENT THAT WE SHOULD DO THAT.  AND THAT MAY BE THE WAY I

19    COME OUT ON IT.  BUT I THINK THE GOVERNMENT SHOULD HAVE AN

20    OPPORTUNITY TO BRIEF THEIR OPPOSITION.

21         AND WHY DON'T WE GO AHEAD AND DO THAT, JUST

22    FOLLOWING THE LOCAL RULES AND PROVIDE US WITH SOMETHING

23    WITHIN TWO WEEKS' TIME.  AND, THEN, A WEEK LATER YOUR

24    RESPONSE.  AND THEN WE CAN SET IT ON FOR A HEARING SOMETIME

25    IN MARCH.

1          MR. ARULANANTHAM:  VERY WELL, YOUR HONOR.

2          THE COURT:  AND WITH REGARD TO THE SUB CLASSES, I

3     DON'T KNOW IF YOU -- AND I'M SURE YOU ARE -- LOOKING AT THE

4     VARIOUS SECTIONS THAT ARE ALLUDED TO BOTH IN YOUR PREVIOUS

5     PAPERS AS WELL AS IN THE NINTH CIRCUIT'S OPINION.  IN MY OWN

6     OPINION IT MIGHT BE SOME HELPFUL WAY TO START.

7          BUT I THINK YOU WILL BE ABLE TO AGREE ON MANY OF

8     THOSE KINDS OF ISSUE.  AND WHERE YOU CAN AGREE, THEN, WE'LL

9     HAVE THAT ON FOR A HEARING AS WELL.  AND MAYBE WE CAN DO BOTH

10    OF THEM BY MID MARCH.

11         LET'S SEE, WHAT'S THE SECOND -- THE 15TH, MARCH 15?

12         THE CLERK:  YES, SIR.  THE 15TH.

13         THE COURT:  THE IDES OF MARCH.

14         THE CLERK:  MARCH 15TH IS FINE.

15         THE COURT:  ALL RIGHT.  WHY DON'T WE TRY TO HAVE

16    THE HEARING ON MARCH 15TH AT 10:00 A.M.

17         MEANWHILE, WE WILL HAVE HAD THE GOVERNMENT'S

18    BRIEFING REGARDING THE NOTICE ISSUE.

19         I'M NOT GOING TO ISSUE A LIMITED ORDER REGARDING

20    DISCOVERY UNTIL THAT TIME.

21         ALL RIGHT.

22         MR. JUNCAJ:  YOUR HONOR, IF I MAY BE HEARD FOR A

23    MOMENT?

24         THE COURT:  YES.

25         MR. JUNCAJ:  CONSIDERING THEIR REQUEST FOR

1   DISCOVERY, WE WOULD RESPECTFULLY SUBMIT THAT THEY MOVE FOR

2   IT, STATE THE REASONS, AND WE CAN RESPOND.

3          THE COURT:  ALL RIGHT.  THAT --

4          MR. ARULANANTHAM:  THAT'S FINE.

5          THE COURT: -- SHOULD BE EASY ENOUGH TO DO.

6          MR. ARULANANTHAM:  PERHAPS, YOUR HONOR, WE SUBMIT

7   OUR MOTION -- TODAY'S MONDAY -- ON MONDAY, ONE WEEK.  AND

8   THEN THE GOVERNMENT -- MR. JUNCAJ HAS A ROUGH SENSE OF WHAT

9   WE'RE TALKING -- AND I CAN SPECIFY IT VERY CLEARLY NOW.  IT'S

10  NOT GOING TO CHANGE.  AND THEN THEIR BRIEF IS DUE EITHER ONE

11  WEEK OR TWO WEEKS AFTER THAT.  AND THEN OURS ONE WEEK AFTER

12  THAT.

13         IS THAT STILL MARCH 15TH.  ARE WE STILL --

14         THE COURT:  OH, YES.  WE COULD MAKE THAT.

15         MR. JUNCAJ:  RESPECTFULLY, YOUR HONOR, IN THE OTHER

16  MATTER THAT YOUR HONOR HAD, THE D.L. CASE, THE BRIEF THAT I'M

17  RESPONSIBLE FOR IS DUE FEBRUARY 15TH.  THE FOLLOWING MONDAY

18  I'M SET FOR JURY DUTY IN D.C.  WHETHER I GET SELECTED, I

19  DON'T KNOW.  BUT I'M GOING TO --

20         THE COURT:  WELL, IF IT'S ANYTHING LIKE HERE, YOU

21  WILL GET SELECTED.

22         MR. JUNCAJ:  OKAY.  SO, RESPECTFULLY, ALTHOUGH YOU

23  WOULD LIKE TO PROCEED ON AN EXPEDITED COURSE --

24         THE COURT:  MIGHT BE DIFFICULT.

25         MR. JUNCAJ: -- I WOULD NEED SOME TIME TO RESPOND TO

 1  THAT.  AT LEAST -- I DON'T KNOW IF WE COULD -- THE REGULAR --

 2  WHAT YOUR HONOR HAS SUGGESTED WAS FILING TWO WEEKS OUT.

 3           THE COURT:  YES.

 4           MR. JUNCAJ:  AND, THEN, IF I HAD THE TIME

 5  AFTERWARDS TO RESPOND.  BECAUSE IF WE CAN KEEP THAT MARCH

 6  15TH DATE, THAT'S FINE.  BUT THAT WOULD BE --

 7           THE COURT:  WHY DON'T WE DO THAT.  IF YOU FIND

 8  YOURSELF RUNNING INTO SOME TROUBLE, JUST LET US KNOW.  WE'LL

 9  CHECK WITH COUNSEL.  AND THEN I'M SURE WE CAN JUST MOVE THE

10  DATE.

11           MR. JUNCAJ:  OKAY.  THANK YOU, YOUR HONOR.

12           THE COURT:  ALL RIGHT.

13           IF THERE'S NOTHING FURTHER, THEN THAT'S WHAT WE'LL

14  DO.

15           THANK YOU.

16           MR. ARULANANTHAM:  THANK YOU, YOUR HONOR.

17           MR. JUNCAJ:  THANK YOU, YOUR HONOR.

18           THE COURT:  THANK YOU ALL.

19           THE CLERK:  WE'RE ADJOURNED.  THIS COURT STANDS IN

20  RECESS.

21           (PROCEEDINGS CONCLUDED 10:57 A.M.)

22

23

24

25

1

2

3                       C E R T I F I C A T E

4

5          I CERTIFY THAT THE FOREGOING IS A CORRECT

6  TRANSCRIPT FROM THE ELECTRONIC SOUND RECORDING OF THE

7  PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

8

9

10

11  DOROTHY BABYKIN                          3/13/10

12  _____          _____

13  FEDERALLY CERTIFIED TRANSCRIBER          DATED

14  DOROTHY BABYKIN

15

16

17

18

19

20

21

22

23

24

25