# EXHIBIT 16

                                                                     1

1

2                    UNITED STATES DISTRICT COURT

3                   CENTRAL DISTRICT OF CALIFORNIA
                           WESTERN DIVISION
4

5
     ALEJANDRO RODRIGUEZ,           )
6                                   )
                                    )
7         PETITIONER,               )
                                    )
8         VS.                       )  CASE NO. CV 07-3239-TJH(RNB)
                                    )
9                                   )
     JAMES HAYES, ET AL.,           )  LOS ANGELES, CALIFORNIA
10                                  )  FEBRUARY 1, 2010
                                    )  (10:39 A.M. TO 10:57 A.M.)
11        RESPONDENTS.              )
                                    )
12   _____)

13                       STATUS CONFERENCE
            BEFORE THE HONORABLE TERRY J. HATTER, JR.
14             UNITED STATES DISTRICT COURT JUDGE

15

16

17
     APPEARANCES:              SEE NEXT PAGE
18
     COURT REPORTER:           RECORDED; COURT SMART
19
     COURTROOM DEPUTY:         STEVE CHUNG
20
     TRANSCRIBER:              DOROTHY BABYKIN
21                             COURTHOUSE SERVICES
                               1218 VALEBROOK PLACE
22                             GLENDORA, CALIFORNIA  91740
                               (626) 963-0566
23

24
     PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
25   TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.

2

```
 1   APPEARANCES:  (CONTINUED)
     FOR THE PETITIONER:    ACLU FOUNDATION
 2                            OF SOUTHERN CALIFORNIA
                          BY:  AHILAN T. ARULANANTHAM
 3                               JEN STARK
                                 ATTORNEYS AT LAW
 4                        1313 WEST 8TH STREET
                          LOS ANGELES, CALIFORNIA  90017
 5

 6   FOR THE RESPONDENTS:   U.S. DEPARTMENT OF JUSTICE
                            OFFICE OF IMMIGRATION LITIGATION
 7                        BY:  GJON JUNCAJ
                                 TRIAL ATTORNEY
 8                        P.O. BOX 868
                          BEN FRANKLIN STATION
 9                        WASHINGTON, D.C.  20044

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

```
1                        I N D E X
   CASE NO. CV 07-3239-TJH(RNB)              FEBRUARY 1, 2010
2
   PROCEEDINGS:  STATUS CONFERENCE:  RE MANDATE OF THE NINTH
3                CIRCUIT COURT OF APPEAL'S ORDER AND AMENDED
                 OPINION.
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1     LOS ANGELES, CALIFORNIA; MONDAY, FEBRUARY 1, 2010; 10:39 A.M.
2              THE CLERK:  CALLING ITEM NUMBER 2, CV 07-3239-TJH,
3     ALEJANDRO RODRIGUEZ VERSUS JAMES HAYES, ET AL.
4              COUNSEL, PLEASE STATE YOUR APPEARANCES FOR THE
5     RECORD.
6              MR. ARULANANTHAM:  GOOD MORNING, YOUR HONOR.
7              AHILAN ARULANANTHAM AND JEN STARK FOR THE
8     PETITIONER ALEJANDRO RODRIGUEZ.
9              THE COURT:  ALL RIGHT.  THANK YOU.
10             MR. JUNCAJ:  GOOD MORNING, YOUR HONOR.
11             GJON JUNCAJ ON BEHALF OF THE FEDERAL RESPONDENTS,
12    DEFENDANTS.
13             THE COURT:  THANK YOU.
14             ALL RIGHT.  WHO WISHES TO BE HEARD?
15             THE MATTER IS HERE FOR A STATUS CONFERENCE AFTER
16    THE MATTER HAS COME BACK FROM THE CIRCUIT ON REVERSAL.
17             AND PLEASE REPEAT YOUR REPRESENTATIONS ANY TIME YOU
18    SPEAK, PLEASE.
19             MR. ARULANANTHAM:  YES, YOUR HONOR.
20             AHILAN ARULANANTHAM FOR THE PETITIONER AND THE
21    CLASS.
22             I THINK MR. JUNCAJ AND I HAVE TALKED ABOUT THIS
23    CASE.  I THINK THERE ARE SOME INITIAL MATTERS I THINK WHICH
24    WE DISAGREE ABOUT CONCERNING DISCOVERY AND WHAT INFORMATION
25    ABOUT THE CLASS MEMBERS THAT WE'RE ENTITLED TO.

```
 1              THE COURT: YOU MEAN ONLY ABOUT DISCOVERY?
 2              BECAUSE I WOULD THINK THAT THERE WOULD BE SOME
 3    DISCUSSION AT LEAST AMONG YOU, IF NOT DISAGREEMENT, ABOUT
 4    WHAT KIND OF SUB CLASSES WE'RE GOING TO HAVE HERE BECAUSE
 5    THERE'S NO WAY WE CAN PROCEED WITHOUT THAT.
 6              MR. ARULANANTHAM: YES, YOUR HONOR. I THINK WE MAY
 7    BE IN AGREEMENT ABOUT THAT. WE'RE BOTH IN AGREEMENT THAT
 8    THERE SHOULD BE SUB CLASSES. WE DISCUSSED IT A LITTLE BIT
 9    ABOUT HOW THE BREAKDOWN SHOULD BE, AND WE DIDN'T GET TO A
10    POINT WHERE WE WERE TALKING ABOUT IT.
11              I THINK FOR OUR SIDE I HAVE A THEORY FOR HOW I
12    THINK THE SUB CLASSES SHOULD GO.
13              THE COURT: HAVE YOU SHARED THAT WITH THE
14    PROSECUTION?
15              MR. ARULANANTHAM: YES. BUT -- I MEAN, I DON'T
16    WANT TO SPEAK TOO MUCH FOR MR. JUNCAJ. I THINK IT MIGHT BE
17    POSSIBLE THAT WE END UP AGREEING ON WHAT THE SUB CLASSES ARE,
18    BUT I -- YOU KNOW, I'M NOT SURE ABOUT THAT.
19              AND, THEN, THE THIRD ISSUE, YOUR HONOR, I THINK
20    ONCE WE'VE DECIDED WHAT THE SUB CLASSES ARE, THEN, THE COURT
21    WILL HAVE TO DECIDE WHICH, IF ANY, OF THOSE SUB CLASSES ARE
22    ENTITLED TO HEARINGS.
23              AND THEN I THINK JUST SPEAKING FOR OUR SIDE, NOT
24    THAT WE'VE AGREED ON THIS, I THINK THAT THERE MIGHT THEN NEED
25    TO BE A SEPARATE SET OF BRIEFING CONCERNING WHAT THE HEARING
```

1   REQUIREMENTS ARE.

2           SO, IF WE'VE, SAY, DECIDED -- ASSUMING THAT THE
3   COURT DECIDES THAT SOME PORTION OF THE SUB CLASS IS ACTUALLY
4   ENTITLED TO A HEARING, WHICH I ASSUME MAY OR MAY NOT HAPPEN,
5   BUT IF WE DO WIN AT LEAST A PORTION OF IT, THEN, I THINK
6   THERE SHOULD BE A SEPARATE SET OF BRIEFING ON WHAT THAT
7   ENTAILS THEN.  BECAUSE I THINK THOSE ARE ANALYTICALLY A
8   DISTINCT SET OF QUESTIONS -- LIKE, SHOULD IT BE TRANSCRIBED,
9   WHO SHOULD BEAR THE BURDEN, THINGS LIKE THAT.

10          SO, THAT'S HOW I SEE IT PROCEEDING.

11          I DO THINK THAT INITIAL ISSUE, THOUGH, WILL HAVE TO
12  RESOLVE BECAUSE WE THINK THAT WE'RE ENTITLED TO THE NAMES,
13  THE LOCATIONS, AND AT LEAST SOME OF THE INFORMATION
14  CONCERNING THE DETENTION OF THE CLASS MEMBERS.

15          WE STILL HAVE NO IDEA HOW MANY THERE ARE.  YOU
16  KNOW, IT'S ONLY OUR PIECEMEAL TRYING TO GO FIGURE IT OUT.
17  AND NOW THAT WE -- YOU KNOW, WE'VE HAD TO TRY AND GO SORT OF
18  PERSON BY PERSON.  YOU ASK SOMEONE IN THE DETENTION CENTER.
19  THEN THEY TALK TO YOU AND SAY, OH, THERE'S SOME OTHER GUY WHO
20  ALSO WANTS TO TALK TO YOU WHO'S BEEN HERE FOR TWO YEARS.
21  AND, THEN, YOU FIND IT THAT WAY.  AND I THINK --

22          THE COURT:  WELL, LET ME SEE IF I CAN GET THIS
23  STRAIGHT.  ARE YOU ASKING FOR THE GOVERNMENT TO GIVE TO YOU
24  THE NAMES OF PEOPLE WHO HAVE BEEN DETAINED FOR A CERTAIN
25  NUMBER OF YEARS OR WHAT?

1        MR. ARULANANTHAM: RIGHT.

2        THE COURT: WHAT ARE THE PARAMETERS THAT YOU'RE

3 SUGGESTING?

4        MR. ARULANANTHAM: THE PARAMETERS WOULD BE PEOPLE

5 DETAINED MORE THAN SIX MONTHS.

6        THE COURT: MORE THAN SIX MONTHS.

7        ANYWHERE IN THE UNITED STATES?

8        MR. ARULANANTHAM: NO. ONLY IN THE CENTRAL

9 DISTRICT.

10       THE COURT: IN THE CENTRAL DISTRICT.

11       MR. ARULANANTHAM: BUT A LITTLE CAVEAT THERE, YOUR

12 HONOR.

13       THE COURT: WELL, SUPPOSE THEY STARTED HERE AND

14 THEN THEY MOVED THEM SOMEWHERE ELSE.

15       MR. ARULANANTHAM: YES, YOUR HONOR. WE THINK THAT

16 THOSE PEOPLE ARE IN A CLASS -- IN PARTICULAR, SAN PEDRO

17 DETENTION CENTER CLOSED SEVERAL MONTHS AFTER THIS CASE WAS

18 FILED. A LOT OF THOSE PEOPLE ARE GONE.

19       THE COURT: YES.

20       MR. ARULANANTHAM: BUT I KNOW I REPRESENT ONE

21 PERSON, FOR EXAMPLE, WHO'S STILL HERE. HE'S BEEN DETAINED

22 FOR -- I DON'T KNOW HOW LONG NOW -- THREE AND A HALF YEARS OR

23 SOMETHING. HE'S IN PEARSON, TEXAS.

24       SO, I THINK, YES, IT WOULD INCLUDE THAT.

25       I THINK, YOUR HONOR, TRACKING DOWN THE PEOPLE WHO

8

1    HAVE BEEN TRANSFERRED, PERHAPS IN SOME CASES WOULD BE
2    DIFFICULT.  BUT I WOULDN'T WANT THAT TO HOLD UP THE PEOPLE --
3               THE COURT:  WELL, WHY SHOULD IT BE PARTICULARLY
4    DIFFICULT IF, AGAIN, WE HAVE A TIME FRAME.  IF THESE PEOPLE
5    HAVE BEEN TRANSFERRED AFTER THEY'VE BEEN HELD HERE IN EXCESS
6    OF SIX MONTHS AND THEN TRANSFERRED, THEY SHOULD HAVE THAT
7    LIST FAIRLY AVAILABLE.
8               MR. ARULANANTHAM:  I WON'T ARGUE WITH THAT, YOUR
9    HONOR.
10              THE COURT:  GIVEN WITH THE COMPUTERS AND OTHER
11   THINGS.
12              MR. ARULANANTHAM:  I WON'T ARGUE WITH THAT.
13              THE COURT:  I'M NOT THAT COMPUTER LITERATE, BUT WE
14   HAVE LAW CLERKS WHO ARE --
15              MR. ARULANANTHAM:  RIGHT.
16              THE COURT:  -- AND I THINK WE COULD FIND OUT.
17              MR. ARULANANTHAM:  GOOD.  GOOD, YOUR HONOR.
18              SHOULD I -- YOU WANT TO HEAR FROM THE GOVERNMENT
19   NOW?
20              THE COURT:  YES.  YES, I'LL HEAR FROM THE
21   GOVERNMENT.
22              MR. JUNCAJ:  GOOD MORNING, AGAIN, YOUR HONOR.
23   GJON JUNCAJ FOR THE RESPONDENTS.
24              THE COURT:  YES.
25              MR. JUNCAJ:  MR. ARULANANTHAM ACTUALLY SORT OF HIT

1   BOTH MAJOR POINTS.  WE BOTH AGREE THAT SUB CLASSES -- AND
2   YOUR HONOR HAS INDICATED --
3           THE COURT:  YES.
4           MR. JUNCAJ:  -- THAT'S THE WAY TO GO TO PROCEED WITH
5   SOME CLARITY MOVING FORWARD HERE.
6           AS TO WHETHER WE CAN AGREE TO WHAT THE SUB CLASSES
7   ARE, FOR A LARGE MAJORITY OF IT PERHAPS WE CAN.  THERE MAY BE
8   SOME DISAGREEMENTS ALONG THE WAY.
9           THE COURT:  YES.
10          MR. JUNCAJ:  LEAVING THE SUB CLASSES ASIDE FOR A
11  MOMENT, IN GETTING TO WHAT'S BEEN CALLED DISCOVERY, BEING
12  THAT THIS IS A HABEAS CLASS ACTION, IN ANY ORDINARY HABEAS
13  PROCEEDING THERE WOULD BE NO DISCOVERY AS TO THE -- NECESSARY
14  TO AFFECT THE MERITS OR TO LITIGATE THE MERITS OF THE CASE.
15          THE COURT:  YES, ORDINARILY.
16          MR. JUNCAJ:  I THINK IT'S MORE SO NOTICE THAT WE'RE
17  TALKING ABOUT HERE.
18          THE COURT:  YES.  ALL RIGHT.
19          MR. JUNCAJ:  NOTICE TO THE CLASS.  AND BECAUSE THIS
20  IS A 23(B)(2) CLASS, THERE IS NO MANDATORY REQUIRED NOTICE.
21  BECAUSE THE ULTIMATE RELIEF IF IT IS GRANTED WOULD BE UNDER
22  THIS COURT'S ORDER -- INJUNCTIVE ORDER REQUIRING THE
23  GOVERNMENT TO PROVIDE THE RELIEF THAT WAS REQUESTED.  AND AT
24  THAT POINT IT WOULD SEEM MORE LOGICAL TO IDENTIFY AND TO MAKE
25  SURE THAT NOTICE IS PROVIDED, OR THAT THAT RELIEF IS PROVIDED

10

1   TO THE CLASS IF THERE IS A DECISION ON THE MERITS.

2           THE COURT: AND HOW WOULD THAT BE REVIEWED? BY THE

3   COURT? BY THE DEFENSE? OR ACTUALLY BY THE PLAINTIFFS I

4   SHOULD SAY IN THIS CASE.

5           MR. JUNCAJ: HOW WOULD IT BE REVIEWED TO INSURE

6   COMPLIANCE?

7           THE COURT: YES.

8           MR. JUNCAJ: WELL, IF WE GET TO THAT POINT, WE CAN

9   DISCUSS THE PROCEDURES THAT WOULD TAKE PLACE. IT MAY BE A

10  LISTING OF THE INDIVIDUALS THAT WERE ENTITLED TO THE BOND

11  HEARING AT THAT POINT IF THE COURT DOES DECIDE THAT AND,

12  THEN, MAKING SURE THAT THOSE PEOPLE ARE PROVIDED BOND

13  HEARINGS.

14          OVERHANGING ALL OF THIS IS THE REALITY THAT SINCE

15  THIS CASE WAS FILED IN 2007, AS YOUR HONOR IS WELL AWARE --

16          THE COURT: YES.

17          MR. JUNCAJ: -- MANY OF THESE PEOPLE HAVE ALREADY

18  BEEN GETTING BOND HEARINGS, AND MANY OF THEM ARE ALREADY

19  ENTITLED TO IT.

20          THE COURT: EXACTLY.

21          MR. JUNCAJ: SO, THE CLASS -- AND FRANKLY IT IS

22  STILL A FLUID THING. THE WAY THAT THE CLASS IS DEFINED NOW

23  IS NOT JUST PEOPLE THAT ARE IN DETENTION FOR SIX MONTHS BUT

24  ALSO PEOPLE THAT WILL BE. AND WHO THOSE PEOPLE WILL BE

25  DETAINED FOR SIX MONTHS, PARTICULARLY IN TERMS OF NOTICE,

1  IT'S DIFFICULT TO IDENTIFY WHO THAT PERSON MIGHT BE.

2  IF NOTICE IS REQUIRED, WE WOULD LIKE THE
3  OPPORTUNITY TO BRIEF THAT ISSUE IF THE COURT --

4  THE COURT: OF COURSE.

5  MR. JUNCAJ: -- IS INCLINED TO GRANT WHAT REALLY
6  AMOUNTS TO DISCOVERY. IT'S NOT REALLY NOTICE. IT'S NOT THAT
7  THEY'RE ASKING FOR THE INDIVIDUALS TO BE NOTIFIED OF THE
8  CASE. BUT THEY WANT ALL THE NAMES AND THE A NUMBERS.

9  HOW THAT WILL FACILITATE THE LITIGATION OF THE
10 MERITS I DON'T KNOW. BUT IF THE TIME COMES WHERE THEY DO
11 PREVAIL, AND IT'S NECESSARY TO EFFECT THIS COURT'S ORDER, I
12 MEAN, THE GOVERNMENT I THINK WOULD BE WILLING TO INSURE AND
13 WORK WITH THE COURT TO MAKE SURE THAT IS COMPLIED WITH AND
14 THAT IT COULD BE IDENTIFIED AT THAT TIME.

15 BUT AT THIS POINT WE BELIEVE IT'S PREMATURE TO DO
16 THAT.

17 IF I COULD MAKE A SUGGESTION FOR YOUR HONOR IN
18 TERMS OF MOVING FORWARD. SINCE WE'VE ALREADY TALKED ABOUT
19 BRIEFLY THE SUB CLASS ISSUE, IT MAY BE MOST EFFICIENT -- AND
20 I HAVEN'T RAISED THIS WITH COUNSEL YET -- TO TRY TO GET SOME
21 SORT OF AN AGREEMENT IN TERMS OF DEFINING THE SUB CLASSES.
22 TO THE EXTENT WE DISAGREE, SET A DATE WHERE THEY CAN MOVE TO
23 RENEW THEIR CLASS CERTIFICATION MOTION INCLUDING THOSE SUB
24 CLASSES. WE WOULD HAVE THE OPPORTUNITY, OF COURSE, TO
25 RESPOND.

1       BUT RATHER THAN HASHING IT OUT ON PAPER IN ADVANCE
2  I DON'T THINK THAT'S NECESSARY. THERE'S PROBABLY ROOM FOR
3  AGREEMENT FOR AT LEAST ONE OR TWO OR THREE SUB CLASSES THERE.
4       AND, RESPECTFULLY, THAT'S ALL I HAVE.
5       BUT, AGAIN, AS FAR AS THE NOTICE/DISCOVERY, WE
6  WOULD LIKE THE OPPORTUNITY TO BRIEF THAT ISSUE IF THE COURT
7  IS INCLINED TO GRANT DISCOVERY. BUT AT THIS POINT WE BELIEVE
8  THAT'S NOT APPROPRIATE.
9       THE COURT: ALL RIGHT.
10      MR. ARULANANTHAM: WITH RESPECT TO SUB CLASSES,
11 YOUR HONOR, I THINK I AGREE WITH MR. JUNCAJ THAT WE SHOULD
12 CONFER AND WORK IT OUT AND THEN JUST SET A DATE BY WHICH WE
13 SHOULD SUBMIT TO THE COURT A PROPOSAL. AND IF WE CAN'T
14 AGREE, THEN, TWO PROPOSALS.
15      THE COURT: HOW MUCH TIME DO YOU THINK THAT WOULD
16 REQUIRE?
17      MR. ARULANANTHAM: I THINK THAT -- AND I WANT TO
18 TALK ABOUT THE DISCOVERY ISSUE, YOUR HONOR. BUT I THINK IT
19 SHOULD COME AFTER THAT. AND THE REASON WHY IS BECAUSE WE
20 DON'T KNOW IN THE DIFFERENT CATEGORIES OF PEOPLE WHETHER
21 WE'RE TALKING ABOUT -- SOMETIMES HUGE CHUNKS OF PEOPLE, AND
22 THAT'S WHERE THE MAIN PROBLEM IS, OR, INSTEAD, YOU KNOW,
23 THERE'S ONLY PERSON OR TWO PEOPLE OR NONE, WHICH WOULD ALTER
24 IT.
25      SO, LET ME, IF YOU DON'T MIND, YOUR HONOR, TALK

1  ABOUT THE DISCOVERY ISSUE A LITTLE.  OF COURSE THERE IS

2  DISCOVERY IN HABEAS CASES.  IT'S DONE SOMETIMES AND NOT OTHER

3  TIMES.  YOU KNOW, I'VE LOOKED AT THIS BEFORE.  THE SUPREME

4  COURT HELD IT IN A CASE CALLED HARRIS.  THE GUANTANAMO CASES

5  THAT'S WHAT A LOT OF THE FIGHT HAS BEEN.  OBVIOUSLY, THERE

6  ARE -- THERE'S NO QUESTION THERE IS DISCOVERY IN THEM.  IN

7  2254 CASES THERE'S DISCOVERY.

8          THE COURT:  OF COURSE.

9          MR. ARULANANTHAM:  IN ADDITION, YOUR HONOR, THE

10  NINTH CIRCUIT OPINION IN THIS CASE WAS VERY CAREFUL I THOUGHT

11  TO PRESERVE THIS NOT ONLY AS A HABEAS, BUT ALSO AS A 1331

12  CASE.  WE PLED IT AS BOTH.  THERE IS A FEDERAL QUESTION IN

13  THIS CASE.  AND THEY DIDN'T RESOLVE THE JURISDICTIONAL ISSUES

14  -- YOU KNOW, ONE OF THE ARGUMENTS WE MADE WAS AT LEAST THE

15  HABEAS PORTION OF THIS CASE HAS TO SURVIVE AGAINST THE

16  GOVERNMENT'S JURISDICTIONAL ARGUMENTS.  AND THE COURT WAS

17  CAREFUL TO SAY WE'RE NOT REACHING THAT.  AT LEAST I READ THAT

18  AS IT'S NOT LIMITED TO A HABEAS CASE.

19          LET ME EXPLAIN WHY I THINK THE DISCOVERY GOES TO

20  THE MERITS A LITTLE BIT, AND WHY I THINK IT IS IMPORTANT.  IT

21  ISN'T A NORMAL HABEAS CASE BECAUSE WE HAVE TROUBLE CONTACTING

22  OUR CLIENTS OBVIOUSLY.  AND THAT'S -- AT LEAST THAT MINIMAL

23  INFORMATION -- NAME, A NUMBER, LOCATION FOR DETAINEES WHO

24  HAVE BEEN HELD FOR MORE THAN SIX MONTHS -- MAKES IT EASIER

25  FOR US TO TRACK DOWN OUR PLAINTIFFS, RIGHT.  AND THAT'S

1   OBVIOUSLY INFORMATION THAT IS IN THEIR POSSESSION.

2           IN ADDITION, YOUR HONOR, THE GOVERNMENT -- IF THE
3   NUMBER OF CASES WE'VE LITIGATED ON THIS ALREADY ARE ANY
4   INDICATION, THE GOVERNMENT IS GOING TO ARGUE THAT THE
5   PROCEDURES THEY HAVE NOW IN PLACE ARE SUFFICIENT.  AND THAT
6   IF THERE'S A DELAY IN SOMEONE'S CASE, IT'S THE DETAINEE'S
7   FAULT.

8           AND WE ARE GOING TO DISAGREE AND SAY, NO, THE
9   PROCEDURES THAT ARE EXISTING NOW ARE NOT SUFFICIENT FOR ANY
10  OF THE CLASSES OF PEOPLE OR SUB CLASSES OF PEOPLE.

11          AND AT LEAST SOME OF THE CASES I THINK WILL SHOW,
12  YOUR HONOR, IF WE CAN GET OUR HANDS ON IT -- LIKE UP IN
13  MIRALOMA DETENTION CENTER, FOR EXAMPLE, WHERE A LOT OF THE
14  CLASS IS, IT'S A REALLY LONG WAIT TO GET YOUR FIRST HEARING
15  IN FRONT OF AN IMMIGRATION JUDGE.  I'M TALKING ON THE MERITS
16  OF YOUR IMMIGRATION CASE, RIGHT.  IF YOU NEED A CONTINUANCE
17  TO FIND A LAWYER -- IT'S ONLY ANECDOTAL WHAT I'VE LEARNED,
18  BUT TALKING TO THE IMMIGRATION ATTORNEYS AND DETAINEES UP
19  THERE, YOU WAIT TWO, THREE MONTHS SOMETIMES JUST TO GET YOUR
20  NEXT HEARING.

21          BUT TO PROVE THAT, IN ORDER TO WIN OUR MERITS
22  CLAIM, THAT THE DELAYS HERE ARE OFTEN THE GOVERNMENT'S FAULT,
23  WE'LL NEED TO SEE THE TRANSCRIPT OF THE IMMIGRATION
24  PROCEEDINGS -- LIKE WHAT WE HAD IN MR. RODRIGUEZ' CASE, THE
25  INDIVIDUAL CASE.

1        SO, THAT IS DEFINITELY GOING TO GO TO THE MERITS.
2   AND I THINK IF THE COURT WERE TO FIND -- IF WE WERE ABLE TO
3   PROVE THAT A LOT OF DETAINEES AT SIX MONTHS, YOU KNOW, THEY
4   EVEN HAVEN'T HAD MERITS HEARING YET, OR THEY'VE ONLY HAD
5   MAYBE ONE MERITS HEARING.  THEN, I THINK THAT WOULD OBVIOUSLY
6   BE RELEVANT TO THE COURT'S DETERMINATION THAT -- BECAUSE THE
7   DELAYS HERE ARE LARGELY THE FAULT OF THE GOVERNMENT, THE
8   PERSON SHOULD BE ENTITLED TO A HEARING WHERE, YOU KNOW, THEY
9   HAVE ROBUST PROTECTIONS TO INSURE THEIR RELEASE.
10       SO, THAT'S THE REASON WHY I THINK WE DO WARRANT
11  DISCOVERY IN THIS CASE, BOTH UNDER 1331 AND UNDER HABEAS.
12  AND WE REQUEST THAT THE COURT ENTER SOME KIND OF LIMITED
13  ORDER ON THAT NOW.  AND THEN ONCE WE GET GOING, THEN, I THINK
14  WE CAN GET A SENSE OF WHO'S IN THE CLASS.
15       THE COURT:  WELL, I THINK I SHOULD GIVE THE
16  GOVERNMENT AN OPPORTUNITY TO BRIEF THIS SINCE EVIDENTLY THEY
17  ARE OPPOSED.  I WOULD THINK FROM JUST LISTENING TO YOUR
18  ARGUMENT THAT WE SHOULD DO THAT.  AND THAT MAY BE THE WAY I
19  COME OUT ON IT.  BUT I THINK THE GOVERNMENT SHOULD HAVE AN
20  OPPORTUNITY TO BRIEF THEIR OPPOSITION.
21       AND WHY DON'T WE GO AHEAD AND DO THAT, JUST
22  FOLLOWING THE LOCAL RULES AND PROVIDE US WITH SOMETHING
23  WITHIN TWO WEEKS' TIME.  AND, THEN, A WEEK LATER YOUR
24  RESPONSE.  AND THEN WE CAN SET IT ON FOR A HEARING SOMETIME
25  IN MARCH.

1        MR. ARULANANTHAM:  VERY WELL, YOUR HONOR.

2        THE COURT:  AND WITH REGARD TO THE SUB CLASSES, I

3   DON'T KNOW IF YOU -- AND I'M SURE YOU ARE -- LOOKING AT THE

4   VARIOUS SECTIONS THAT ARE ALLUDED TO BOTH IN YOUR PREVIOUS

5   PAPERS AS WELL AS IN THE NINTH CIRCUIT'S OPINION.  IN MY OWN

6   OPINION IT MIGHT BE SOME HELPFUL WAY TO START.

7        BUT I THINK YOU WILL BE ABLE TO AGREE ON MANY OF

8   THOSE KINDS OF ISSUE.  AND WHERE YOU CAN AGREE, THEN, WE'LL

9   HAVE THAT ON FOR A HEARING AS WELL.  AND MAYBE WE CAN DO BOTH

10  OF THEM BY MID MARCH.

11       LET'S SEE, WHAT'S THE SECOND -- THE 15TH, MARCH 15?

12       THE CLERK:  YES, SIR.  THE 15TH.

13       THE COURT:  THE IDES OF MARCH.

14       THE CLERK:  MARCH 15TH IS FINE.

15       THE COURT:  ALL RIGHT.  WHY DON'T WE TRY TO HAVE

16  THE HEARING ON MARCH 15TH AT 10:00 A.M.

17       MEANWHILE, WE WILL HAVE HAD THE GOVERNMENT'S

18  BRIEFING REGARDING THE NOTICE ISSUE.

19       I'M NOT GOING TO ISSUE A LIMITED ORDER REGARDING

20  DISCOVERY UNTIL THAT TIME.

21       ALL RIGHT.

22       MR. JUNCAJ:  YOUR HONOR, IF I MAY BE HEARD FOR A

23  MOMENT?

24       THE COURT:  YES.

25       MR. JUNCAJ:  CONSIDERING THEIR REQUEST FOR

1   DISCOVERY, WE WOULD RESPECTFULLY SUBMIT THAT THEY MOVE FOR

2   IT, STATE THE REASONS, AND WE CAN RESPOND.

3          THE COURT:  ALL RIGHT.  THAT --

4          MR. ARULANANTHAM:  THAT'S FINE.

5          THE COURT:  -- SHOULD BE EASY ENOUGH TO DO.

6          MR. ARULANANTHAM:  PERHAPS, YOUR HONOR, WE SUBMIT

7   OUR MOTION -- TODAY'S MONDAY -- ON MONDAY, ONE WEEK.  AND

8   THEN THE GOVERNMENT -- MR. JUNCAJ HAS A ROUGH SENSE OF WHAT

9   WE'RE TALKING -- AND I CAN SPECIFY IT VERY CLEARLY NOW.  IT'S

10  NOT GOING TO CHANGE.  AND THEN THEIR BRIEF IS DUE EITHER ONE

11  WEEK OR TWO WEEKS AFTER THAT.  AND THEN OURS ONE WEEK AFTER

12  THAT.

13          IS THAT STILL MARCH 15TH.  ARE WE STILL --

14          THE COURT:  OH, YES.  WE COULD MAKE THAT.

15          MR. JUNCAJ:  RESPECTFULLY, YOUR HONOR, IN THE OTHER

16  MATTER THAT YOUR HONOR HAD, THE D.L. CASE, THE BRIEF THAT I'M

17  RESPONSIBLE FOR IS DUE FEBRUARY 15TH.  THE FOLLOWING MONDAY

18  I'M SET FOR JURY DUTY IN D.C.  WHETHER I GET SELECTED, I

19  DON'T KNOW.  BUT I'M GOING TO --

20          THE COURT:  WELL, IF IT'S ANYTHING LIKE HERE, YOU

21  WILL GET SELECTED.

22          MR. JUNCAJ:  OKAY.  SO, RESPECTFULLY, ALTHOUGH YOU

23  WOULD LIKE TO PROCEED ON AN EXPEDITED COURSE --

24          THE COURT:  MIGHT BE DIFFICULT.

25          MR. JUNCAJ:  -- I WOULD NEED SOME TIME TO RESPOND TO

                                                                  18

1    THAT.  AT LEAST -- I DON'T KNOW IF WE COULD -- THE REGULAR --

2    WHAT YOUR HONOR HAS SUGGESTED WAS FILING TWO WEEKS OUT.

3              THE COURT:  YES.

4              MR. JUNCAJ:  AND, THEN, IF I HAD THE TIME

5    AFTERWARDS TO RESPOND.  BECAUSE IF WE CAN KEEP THAT MARCH

6    15TH DATE, THAT'S FINE.  BUT THAT WOULD BE --

7              THE COURT:  WHY DON'T WE DO THAT.  IF YOU FIND

8    YOURSELF RUNNING INTO SOME TROUBLE, JUST LET US KNOW.  WE'LL

9    CHECK WITH COUNSEL.  AND THEN I'M SURE WE CAN JUST MOVE THE

10   DATE.

11             MR. JUNCAJ:  OKAY.  THANK YOU, YOUR HONOR.

12             THE COURT:  ALL RIGHT.

13             IF THERE'S NOTHING FURTHER, THEN THAT'S WHAT WE'LL

14   DO.

15             THANK YOU.

16             MR. ARULANANTHAM:  THANK YOU, YOUR HONOR.

17             MR. JUNCAJ:  THANK YOU, YOUR HONOR.

18             THE COURT:  THANK YOU ALL.

19             THE CLERK:  WE'RE ADJOURNED.  THIS COURT STANDS IN

20   RECESS.

21             (PROCEEDINGS CONCLUDED 10:57 A.M.)

22

23

24

25

```
 1
 2
 3                    C E R T I F I C A T E
 4
 5          I CERTIFY THAT THE FOREGOING IS A CORRECT
 6   TRANSCRIPT FROM THE ELECTRONIC SOUND RECORDING OF THE
 7   PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
 8
 9
10
11   DOROTHY BABYKIN                              3/13/10
12   _____        _____
13   FEDERALLY CERTIFIED TRANSCRIBER              DATED
14   DOROTHY BABYKIN
15
16
17
18
19
20
21
22
23
24
25
```