# EXHIBIT 17



LIBERTY | JUSTICE | EQUALITY

March 4, 2010

Gjon Juncaj
Senior Litigation Counsel
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Email: gjon.juncaj@usdoj.gov

**Chair**
Stephen Rohde

**President**
Douglas Mirell

**Chairs Emeriti**
Danny Goldberg
Allan K. Jonas
Burt Lancaster*
Irving Lichtenstein, MD*
Jarl Mohn
Laurie Ostrow*
Stanley K. Sheinbaum
*deceased

**Chief Executive Officer**
Ramona Ripston

**Chief Counsel**
Mark D. Rosenbaum

**Chief Financial Officer**
Brenda Mauli

**Communications Director**
Gordon Smith

**Development Director**
Sandy Graham-Jones

**Legal Director**
Hector O. Villagra

**Managing Attorney &
Manheim Family Attorney
for First Amendment Rights**
Peter J. Eliasberg

Dear Gjon,

I write to memorialize our extensive conversations during the past month regarding our request for discovery related to sub-classes in this case.

As you know, we first spoke about our request for discovery relating to sub-class certification shortly before the status conference that the Court held on February 1, 2010. We also discussed filing a motion for discovery concerning sub-classes with Judge Hatter during that hearing. Afterwards, at your request, Judge Hatter directed us to file a written motion seeking discovery relating to sub-classes.

I contacted you by email to discuss potential sub-classes, and how we might identify them on February 5, 2010. We filed the motion as directed by the Court on February 8, 2010. You and I then sent several substantive emails back and forth on February 9, 2010, after which I sent you a formal proposal for sub-classes. We exchanged further substantive emails on February 16 and 18, 2010, and then had a lengthy conversation concerning a possible resolution of these issues with respect to sub-classes and our discovery requests on February 18, 2010. At that time, you represented that your clients do not keep individual detainee data that would allow them to easily identify all of the class members. For that reason, among others, we discussed a tentative proposal that would allow your clients to avoid having to engage in individualized file review to identify the class members. We agreed to speak with our respective clients and co-counsel concerning the tentative proposal.

Under that tentative proposal, which was based upon your representation that your clients do not keep individual detainee data of the type we need to identify class members, you would (in lieu of conducting an extensive, file by file, paper review of detainee records) provide us with access to some (undetermined) number of class members in order for us to interview them to identify appropriate sub-class representatives. After you had reviewed our proposed sub-class

representatives to ensure that they fell within the appropriate sub-class categories, we would file a new motion for class certification that included the sub-class representatives, which you would not oppose. In return, we would withdraw our motion for discovery related to the sub-classes, although we would preserve the right to request discovery related to the merits at a later time. We also discussed the possibility of a modified version of this, under which you would agree not to oppose our motion in all respects other than with respect to the numerosity requirement.

A few days later, on Thursday, February 25, 2010, I sent you a database spreadsheet that the Associated Press had obtained from your client. The database appears to have in it individualized detainee data organized by length of detention, which I asked that you review prior to our next call.

We spoke again this past Friday, February 26, 2010. In that call, you stated that your client was willing to allow us to meet with fifteen class members, as identified and selected by the government, in return for our first amending the complaint and also withdrawing the motion for discovery related to sub-classes. You stated that your client would not agree to waive opposition to a motion for sub-class certification. I stated that we would not agree to that proposal.

I then asked what legal basis you had for denying us the names, A numbers, and locations of the class members. You stated that the class was not yet certified, as Judge Hatter has not entered an order certifying the class, and also that you believe that the class should exclude people who are eligible to obtain bond hearings under *Casas-Castrillon*. I noted (and you agreed) that Judge Hatter would likely certify the class, as he has been ordered to do by the Ninth Circuit. I also pointed out that the Ninth Circuit already rejected your argument regarding *Casas*-eligible detainees when it certified the class in this case. I also stated that I was unaware of any case ruling that a defendant could deny plaintiffs' counsel access to class members where the class has already been certified, and asked you to point me to any contrary authority. You reiterated your earlier objections, and also added that we had not met the "meet and confer" requirement for purposes of our discovery request. (This last point is obviously meritless, given that we had discussed the motion for nearly one month as of the time of the conversation).

I also asked, in the interest of compromise, if you would be willing to provide us with just the names, A numbers, and locations of the class members. You said that you would not be able to do that because the class should not include people eligible for hearings under *Casas-Castrillon*. I then also asked whether you would be willing to provide us with the names of those whom you believe to be properly within the class. You asked me what I would be willing to give up in exchange for that request, and I stated that I would be willing to give up nothing for it, because you were without question obligated to give us that information. You then said that you would discuss that request with your clients, but that you thought it unlikely that they would



agree, because your general view is that the government is not required to provide any discovery in this case, because the issues involved in this case are purely legal. You then stated that we should work out a schedule for the hearing on the discovery motion (which we then did).

As the above description may already make clear, I am disappointed and unhappy with the government's conduct with respect to our limited discovery request. I can find no legal basis for your refusing to provide us with the names, A numbers, and locations of the class members, who are now unquestionably our clients. In addition, your claim that we have not met and conferred with respect to our discovery request is entirely baseless given that we have been discussing these issues for the past month, Judge Hatter ordered us to file that request after we discussed it prior to the court hearing, and in any event Rule 26 requires you to provide that information to us even without a formal request. Your suggestion that people eligible for hearings under *Casas-Castrillon* are not properly part of the class has already been rejected by the Ninth Circuit; in addition, your position with respect to those detainees does not explain why you would deny us information concerning the other members of the class. Finally, the information that your clients already provided to the Associated Press makes clear that they already keep data from which they could easily obtain the names, A numbers, and locations of our class members.

I reiterate our request that you provide us, at a minimum, with the basic information needed for us to contact our clients. Relatedly, I request that you provide me with any authority, in any court, holding that defendants have no obligation to give client contact information to plaintiffs' counsel where a class has already been certified. I also reiterate our request that you provide such other information necessary for us to determine which putative sub-class our clients fall under.

Yours,

Ahilan T. Arulanantham
Director of Immigrants' Rights and National Security



ACLU
AMERICAN CIVIL LIBERTIES UNION of SOUTHERN CALIFORNIA
FOUNDATION
LIBERTY | JUSTICE | EQUALITY