TONY WEST
Assistant Attorney General, Civil Division
DAVID J. KLINE
Director
Office of Immigration Litigation
District Court Section
VICTOR M. LAWRENCE
Principal Assistant Director
GJON JUNCAJ
Senior Litigation Counsel
Michigan Bar No. P63256

P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-8514
Facsimile: (202) 305-7000
Email: gjon.juncaj@usdoj.gov

Attorneys for Respondents

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, et al., | No. CV 07-3239-TJH (RNBx) |
| Petitioners, | **OPPOSITION TO CLASS CERTIFICATION** |
| v. | Honorable Terry J. Hatter, Jr. |
| TREY LUND, et al., | Hearing Date: None |
| Respondents. | |

Following a hearing on Monday, March 22, 2010, this Court issued an Order requiring Petitioner's counsel to submit a proposed order regarding class certification. Doc. 67. The proposed order was filed on March 26, 2010. Doc. 68. Respondents state the following objections to the entry of the proposed class certification order:

1  (1)  Respondents herein incorporate and renew the objections to class certification raised before this Court and again on appeal prior to the issuance of the Ninth Circuit's precedent decision in <u>Rodriguez v. Hayes</u>, 591 F.3d 1105, 1122-25 (9th Cir. 2010).

2  (2)  Petitioner Alejandro Rodriguez has not met his burden to demonstrate he presently remains an adequate representative of the class he seeks to represent. <u>Zinser v. Accufix Research Inst.</u>, 253 F.3d 1180, 1186 (9th Cir. 2001) (the party seeking class certification bears the burden of demonstrating that he met each of the four requirements of Rule 23(a) and at least one of the Rule 23(b) requirements). Respondents note that the Ninth Circuit's decision concerning the adequacy of Petitioner's representation relied on a record that preceded July 17, 2008, when the Ninth Circuit granted Petitioner permission to appeal this Court's denial of class certification. Doc. 36 (Ninth Circuit Order dated July 17, 2008).

3  (3)  Pursuant to Fed. R. Civ. P. 23(c)(1)(B), "[a]n order that certifies a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel pursuant to Rule 23(g)." Following remand of this case from the Ninth Circuit, Petitioner posited to the Court that the proffered class definition also includes: (a) individuals who have received a bond hearing from an immigration judge, and (b) individuals who, on the date of the filing of the operative petition for a writ of habeas corpus (amended petition filed May 29, 2007 (doc. 4)), were detained in the Central District of

2

1 | California on the sixth month of their detention but who are now
2 | detained in a district other than the Central District of California.
3 | Any certified class should explicitly exclude these categories of
4 | individuals.

6 | (a) With regard to individuals who have obtained bond hearings, the
7 | plain terms of the proposed class definition state it only applies to
8 | those persons who "have not been afforded a hearing to determine
9 | whether their prolonged detention is justified." The Ninth Circuit
10 | Court of Appeals also expressly stated in this case that "[i]f an alien
11 | who would otherwise be a member of the class receives a bond
12 | hearing pursuant to [Casas-Castrillon v. Dep't of Homeland Sec., 535
13 | F.3d 942 (9th Cir. 2008)] or any other ruling they would cease to be a
14 | member of the class." Rodriguez, 591 F.3d at 1118. Respondents
15 | object to the inclusion of any detainee who has received a bond
16 | hearing before an immigration judge, and any class certification
17 | should expressly exclude such individuals.

19 | (b) The class definition by its own terms also excludes individuals
20 | who are presently not detained in the Central District of California.
21 | Specifically, the definition consists of "all non-citizens within this
22 | District who 1) are or will be detained for longer than six months. . .
23 | ." (Emphasis added). Respondents thus object to the extension of this
24 | definition to any individuals who are not detained within the Central
25 | District of California at the time of any class certification.

1 | As a general matter, Respondents note that Petitioner must be
2 | required to seek leave to amend his petition in order to assert any new
3 | class claims in this case that were not expressly pled to in the
4 | operative habeas petition.  Fed. R. Civ. P. 8(a)(2); <u>Bell Atl. Corp. v.</u>
5 | <u>Twombly</u>, 550 U.S. 544, 555-58, 127 S.Ct. 1955, 167 L.Ed.2d 929
6 | (2007).  Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to
7 | set forth a "short and plain statement of the claim showing that the
8 | pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Petitioner's
9 | factual allegations must be enough to give Respondents fair notice of
10 | what the claim is and the grounds upon which it rests.  <u>Twombly</u>, 550
11 | U.S. at 555-58.  Even where <u>pro se</u> petitioners are involved, the Court
12 | cannot add facts to a complaint that have not been pled and cannot
13 | supply essential elements to a complaint that the plaintiff has failed to
14 | plead.  <u>Pena v. Gardner,</u> 976 F.2d 469, 472 (9th Cir. 1992).

16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27

4

Respondents respectfully note the foregoing objections to class certification.

Dated: March 26, 2010                    Respectfully submitted,

                                         TONY WEST
                                         Assistant Attorney General

                                         DAVID J. KLINE
                                         Director
                                         Office of Immigration Litigation
                                         District Court Section

                                         VICTOR M. LAWRENCE
                                         Principal Assistant Director


                                         /s/ Gjon Juncaj
                                         GJON JUNCAJ
                                         Senior Litigation Counsel
                                         District Court Section
                                         Office of Immigration Litigation
                                         Civil Division
                                         U.S. Department of Justice
                                         P.O. Box 868, Ben Franklin Station
                                         Washington, D.C. 20044
                                         Telephone: (202) 307-8514
                                         Facsimile: (202) 305-7000
                                         Email: gjon.juncaj@usdoj.gov

                                         Attorneys for Respondents