TONY WEST
Assistant Attorney General, Civil Division
DAVID J. KLINE
Director
Office of Immigration Litigation
District Court Section
VICTOR M. LAWRENCE
Principal Assistant Director
GJON JUNCAJ
Senior Litigation Counsel
Michigan Bar No. P63256

P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-8514
Facsimile: (202) 305-7000
Email: gjon.juncaj@usdoj.gov

Attorneys for Respondents

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, et al., | No. CV 07-3239-TJH (RNBx) |
| Petitioners, | |
| | **RESPONSE TO COURT'S MARCH 9, 2010 ORDER TO SHOW CAUSE** |
| v. | |
| TREY LUND, et al., | Honorable Terry J. Hatter, Jr. |
| Respondents. | |
| | Hearing Date: March 22, 2010 |

## INTRODUCTION

On March 9, 2010 this Court issued an Order To Show Cause to Petitioner Alejandro Rodriguez regarding the sufficiency of service on Respondents Lee Baca, Los Angeles County Sheriff; Paul Walters, Chief of Police for the City of Santa Ana, California; and Sammy Jones, Chief of the Custody Operations Division of the Los Angeles County Sheriff's Department (retired). See Doc. 62.

At a status conference held on Monday, March 22, 2010, the Court inquired as to Respondents' position regarding the matter of service on Respondents Baca, Jones, and Walters. At that time, undersigned counsel stated he would first advise the Court before the end of the week whether he represented Respondents Baca, Jones, and Walters as that matter had not been officially determined. On March 26, 2010, Respondents filed a status report reflecting the undersigned attorney, Gjon Juncaj, will represent named Respondents Paul Walters, Lee Baca, and Sammy Jones in this case, and that Respondents would state their position regarding service no later than Wednesday, March 31, 2010.

## RESPONSE

The instant action is a petition for a writ of habeas corpus and should be treated as such for all purposes, including service. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement") (citing Preiser v. Rodriguez, 411 U.S. 475, 484, 493, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). To that end, Respondents Baca, Walters, and Jones, and all other Respondents, were ordered by the Court to respond to the habeas petition on May 22, 2007. Doc. 5 (Order of Magistrate Judge Eick). This was in keeping with the ordinary course of habeas corpus procedures as spelled out in Habeas Rules governing 28 U.S.C. § 2254 proceedings, which also apply to 28 U.S.C. § 2241 proceedings such as this. See Rule 4, Rules Governing § 2254 Habeas Petitioners (service of habeas petition by Court); see also id. at Rule 1(b); Forde v. People of Cal., 2008 WL 2064779, *2 (C.D. Cal. 2008) ("Under Rule 1(b), the Rules Governing § 2254 Cases apply to habeas corpus petitions brought pursuant to § 2241."). Accordingly, the Federal Rules of Civil Procedure, including service Rule 4(m), do not expressly apply to this case. See Fed. R. Civ. P. 81(a)(4).

That stated, Petitioner has taken the position in this case that the Federal Rules of Civil Procedure do expressly apply, and because of that he is entitled to discovery as a matter of right under Fed. R. Civ. P. 26. See Doc. 54 at 5-7 (Petitioner's Memo in Support of Discovery Related To Subclasses). However, when ordered to demonstrate why this case should not be dismissed as to Respondents Baca, Jones, and Walters for potential violation of the Federal Rules of Civil Procedure as they pertain to service, Petitioner inconsistently takes the position that he believed service was effected when the Court followed the habeas corpus procedures and ordered a response to the petition. Doc. 66.

Petitioner can not have it both ways. The Court should consistently conclude that this a habeas corpus petition for all purposes. Should the Court be inclined to find that the Federal Rules of Civil Procedure do expressly apply, then Respondents Baca, Walters, and Jones should be dismissed pursuant to Fed. R. Civ. P. 4(m).[1]

//
//
//

---

[1] In any event, these individuals, including all other Respondents named in this case, should be dismissed as improper Respondents. The proper Respondents in this case should be determined to be the wardens of the detention facilities where any putative class members are detained. Rumsfeld v. Padilla, 542 U.S. 426, 435, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004). Although the Supreme Court reserved decision on who the proper Respondent is for immigration habeas cases, the rule announced in Padilla should be adopted here. 542 U.S. at 436, n.8. In the only circuit court decision to address the issue since Padilla, the Seventh Circuit Court of Appeals adopted the Padilla rule and concluded that even where a state official is the warden of a facility housing immigration detainees, it is that warden who is the proper Respondent to the habeas petition, not a supervisory federal official such as the Immigration Customs Enforcement Field Office Director, or Attorney General of the United States. Kholyavskiy v. Achim, 443 F.3d 946, 953 (7th Cir. 2006). This issue will be raised further when briefing on the merits of any of Petitioner's class or subclass claims proceed in this habeas corpus petition.

| | | |
|---|---|---|
| 1 | Dated: March 30, 2010 | Respectfully submitted, |
| 2 | | TONY WEST<br>Assistant Attorney General |
| 3 | | |
| 4 | | DAVID J. KLINE<br>Director<br>Office of Immigration Litigation |
| 5 | | District Court Section |
| 6 | | VICTOR M. LAWRENCE<br>Principal Assistant Director |
| 7 | | |
| 8 | | |
| 9 | | /s/ Gjon Juncaj<br>GJON JUNCAJ<br>Senior Litigation Counsel |
| 10 | | District Court Section<br>Office of Immigration Litigation |
| 11 | | Civil Division<br>U.S. Department of Justice |
| 12 | | P.O. Box 868, Ben Franklin Station<br>Washington, D.C. 20044 |
| 13 | | Telephone: (202) 307-8514<br>Facsimile: (202) 305-7000 |
| 14 | | Email: gjon.juncaj@usdoj.gov |
| 15 | | Attorneys for Respondents |