PETER J. ELIASBERG (SBN 189110)
Email: peliasberg@aclu-sc.org
AHILAN T. ARULANANTHAM (SBN 237841)
Email: aarulanantham@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1616 Beverly Boulevard
Los Angeles, California 90026
Tel: (213) 977-5211
Fax: (213) 977-5297

**Attorneys For Petitioner**
(Additional counsel listed on following page)

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, et al., <br><br> Petitioners, <br><br> vs. <br><br> TREY LUND, et al.; <br><br> Respondents. | Case No.: CV07 – 3239 TJH (RNBx) <br><br> **PETITIONER'S RESPONSE TO RESPONDENTS' OBJECTIONS TO PROPOSED ORDER CERTIFYING CLASS** <br><br> Assigned to: Hon. Terry J. Hatter <br><br> Complaint Filed: 5/16/2007 <br><br> Date: March 22, 2010 <br> Time: 10:00 AM <br> Place: Courtroom 17 |

LA1 1777366v.2

Additional Counsel:

JUDY RABINOVITZ
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

JAYASHRI SRIKANTIAH (SBN 189566)
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

STEVEN A. ELLIS (SBN 171742)
WILLIAM TRAN (SBN 245104)
BRIAN K. WASHINGTON (SBN 248960)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

LA1 1777366v.2

Petitioner reiterates his request that the Court certify the class as specified in the proposed order, which contains the same class definition that the Ninth Circuit ruled upon in this case.

The government objects that Petitioner has not proven that he remains an adequate class representative, but it points to no evidence establishing that he is no longer adequate, as the Ninth Circuit held. While Petitioner has no burden to establish his continuing adequacy absent evidence from the government, Petitioner's counsel understand that his immigration case remains pending, now before the immigration courts upon remand, and that he has still not received a hearing concerning his prolonged detention. Therefore, he remains an adequate class representative in light of the Ninth Circuit's ruling.

The government also objects concerning two issues that are not resolved by virtue of the class definition itself. First, it asks the Court to rule explicitly that the class should not include people who have already obtained a bond hearing. However, the class definition refers to a hearing to determine that "prolonged detention is justified," which the prayer for relief specifies to be an "adequate" hearing. See Proposed Order at 4:12-20; Petition for Writ of Habeas Corpus at 21:2-8. Whether bond hearings under existing procedures are "adequate" in light of the length of detention is an issue that the parties should brief and address at a later stage. Similarly, the government asks that the class definition explicitly exclude people who met the class definition at the time the complaint was filed but are no longer in the Central District. While Petitioner believes that such people are part of the class, the Court need not resolve that issue at this stage, given that the Court has not ordered the government to disclose the identities of such people at this time.

For these reasons, Petitioner respectfully requests that the Court certify the class as specified in the proposed order, while leaving resolution of the issues addressed by the government until such time as necessary. Alternatively, Petitioner requests that the Court certify the class, order the government to disclose the names of

LA1 1777366v.2

detainees who are indisputably part of the class under the existing schedule, and order the parties to brief without further delay the issues raised by the government.

Dated: March 31, 2010

Respectfully submitted,

ACLU FOUNDATION OF SOUTHERN CALIFORNIA

By: _____
Ahilan Arulanantham
Attorneys for Petitioner

Dated: March 31, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP

By: _____
William Tran
Attorneys for Petitioner

LA1 1777366v.2