1  PETER J. ELIASBERG (SBN 189110)
   Email:  peliasberg@aclu-sc.org
2  AHILAN T. ARULANANTHAM (SBN 237841)
   Email:  aarulanantham@aclu-sc.org
3  ACLU FOUNDATION OF SOUTHERN CALIFORNIA
   1313 West Eighth Street
4  Los Angeles, CA 90017
   Tel: (213) 977-9500
5  Fax: (213) 977-5297

6  Attorneys for Petitioner
   (Additional counsel listed on following page)

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                   WESTERN DIVISION

11
   ALEJANDRO RODRIGUEZ, et al.,    )    No. CV 07-3239-TJH (RNBx)
12                                  )
              Petitioners,          )    [PROPOSED] STIPULATED
13                                  )    PROTECTIVE ORDER
                                    )    CONCERNING ROSTER OF
14       v.                         )    DETAINEES
                                    )
15   TREY LUND, et al.,             )    Honorable Terry J. Hatter
                                    )
16            Respondents.          )
     _____    )
17

18

19

20

21

22

23

24

25

26  ///

27  ///

28  ///

Additional counsel:

JUDY RABINOVITZ
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

CECILLIA D. WANG (SBN 187782)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0775
Facsimile: (415) 395-0950

JAYASHRI SRIKANTIAH (SBN 189566)
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

STEVEN A. ELLIS (SBN 171742)
WILLIAM TRAN (SBN 245104)
BRIAN K. WASHINGTON (SBN 248960)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

///

///

///

1    IT IS HEREBY ORDERED that Respondents are authorized and ordered to

2  produce to Petitioners' counsel, subject to the instant protective order, a roster of

3  the names, alien numbers, locations, and attorney contact information, if any, for

4  all immigration detainees detained for six months or longer in the Central District

5  of California.  This information will be obtained by searching government

6  computer systems.  The production shall occur within seven (7) court days of entry

7  of this order and an order certifying the class.[1]  This information may be released

8  to Petitioners' counsel without Respondents obtaining prior written consent of

9  those individuals whose names and other identifying information may be present in

10  that production.  Such disclosure is subject to the following conditions:

11    1.    The terms of this Stipulated Protective Order will govern

12  Respondents' entire production of information regarding the names, alien numbers,

13  locations, and attorney contact information, if any, for all immigration detainees

14  detained for six months or longer in the Central District of California, as well as

15  the safeguarding of such information by all individuals referenced in paragraph 5.

16

17    2.    Respondents' production of the names, alien numbers, locations, and

18  attorney contact information, if any, for all immigration detainees detained for six

19  months or longer in the Central District of California is appropriately deemed

20  "Confidential" information, as defined <u>infra</u> at paragraph 3.  Such "Confidential"

21  information is subject to the restrictions of this Protective Order and may be used

22  solely for purposes of this litigation.

23

24  [1]  Petitioner believes that the Court should order production of this information regardless of whether or not it certifies the class, because Petitioner believes the

25  Court's minute order of Monday, March 22, 2010 requires production of this information regardless of whether or not the class is certified.  Respondents,

26  however, believe that, consistent with Respondents' position on this matter, the Court expressed its intent at the March 22, 2010 status conference to certify the

27  class prior to requiring disclosure of the information at issue in this order.  The parties request that the Court clarify this issue (unless it is rendered moot by entry

28  of an order certifying the class prior to entering this protective order).

1

3.     "Confidential" is defined as any information contained in the roster of names and other information to be produced by Respondents, the use of which would allow the identification of the person to whom the information relates. "Confidential" information includes the names, alien numbers, or any other identifying information which would allow the identification of the person to whom the information relates.

4.     Respondents will affix to the production of any "Confidential" information the words "CONFIDENTIAL" "THIS DOCUMENT IS SUBJECT TO A COURT ORDER IN THE RODRIGUEZ, ET AL. v. LUND, ET AL., No. 07-cv-3239 (C.D. Cal.) CASE.  THIS DOCUMENT AND ITS CONTENTS SHALL NOT BE USED, SHOWN OR DISTRIBUTED EXCEPT AS PROVIDED IN THE PROTECTIVE ORDER."

5.     Information designated as "Confidential," including the document containing "Confidential" information, may be disclosed only to the following persons and only to the extent necessary for the prosecution of this action:

a.     current and future counsel for Petitioners and Respondents and any support staff and other employees of such counsel assisting in this action with an appropriate need to know;

b.     the Court and its personnel, including court reporters; and

c.     any other person mutually authorized by all counsel to examine such information, subject to paragraph 7 infra.

6.     All persons listed in Paragraph 5(a) to whom "Confidential" information is disclosed are hereby prohibited from disclosing to, or otherwise discussing with, any person other than those listed in 5(a)-(c), any information designated as "Confidential," except as provided in this Stipulated Protective Order.

7.     All persons listed in Paragraphs 5(c) to whom "Confidential" information is disclosed shall first be required to read the terms of this Stipulated

2

Protective Order and sign a copy of the Acknowledgment of Protective Order form, attached hereto as Exhibit A, agreeing to be bound thereby.  The signed Acknowledgment forms shall be maintained by counsel for Respondents.

8.     Any filings by Petitioners with the Court which contain "Confidential" information shall be made under seal, unless a release is obtained from the individual to whom the "Confidential" information pertains authorizing the disclosure of such information, or the "Confidential" information is appropriately redacted to prevent identifying information from being disclosed.

9.     No "Confidential" information shall be used by Petitioner at any hearing, trial or appellate proceeding in this action, unless provision shall be made for exclusion of the public, permission is obtained from the individual to whom the "Confidential" information pertains authorizing the disclosure of such information, the "Confidential" information is appropriately redacted to prevent identifying information from being disclosed, or, by agreement of the parties, some other reasonable provision to protect "Confidential" information has been made.  Where "Confidential" information is used by Petitioners at a hearing, trial or appellate proceeding in this action, the appropriate portion of the Court transcript containing such "Confidential" information shall be placed under seal.  Such designation shall be limited to those portions of the transcript the sealing of which is reasonably necessary to preserve the "Confidential" information described therein.

10.     Within ten (10) days of the Court's having decided that some "Confidential" information relates to people who are <u>not</u> class members, Counsel for Petitioners shall destroy the information related to non-class members, and certify in writing to Counsel for Respondents that such information has been destroyed.  In addition, if the Parties mutually agree that some "Confidential" information relates to people who are not class members, Counsel for Petitioners shall destroy information related to those people within ten (10) days of their

3

1    mutual decision, and Counsel for Petitioners' shall certify in writing to Counsel for

2    Respondents that such information has been destroyed.  Counsel for Petitioners

3    shall maintain all remaining "Confidential" information pursuant to the terms of

4    this Stipulated Protective Order, subject to further order by this Court.  Counsel for

5    Petitioners shall notify counsel for Respondents of an inadvertent disclosure of

6    information concerning any individual who is not a class member and shall destroy

7    information related to such individuals consistent with the terms of this Paragraph.

8

9        11.    Nothing in this Order shall be construed as a waiver of any defense,

10   right or claim by Respondents, nor shall this Order affect the right of Respondents

11   to seek additional protection against the disclosure of any documents or materials.

12       12.    Any party may apply to this Court at any time, upon proper notice, for

13   a modification of this Stipulated Protective Order with respect to the handling or

14   designation of any document or for any other purpose.

15       13.    Nothing in this Order shall preclude the disclosure of any information

16   described in paragraph 3 with respect to a detainee who consents to the disclosure

17   of that information.

18       14.    This Order shall be binding upon any present or future party to the

19   Rodriguez, et al. v. Lund, et al., No. 07-cv-3239-TJH (RNBx) (C.D. Cal.),

20   litigation.

21       15.    This Order shall be effective and enforceable upon entry by the Court.

22   Dated:  March 30, 2010                    Dated:  March 30, 2010

23

24       It is so ORDERED.

25

26   DATED: April 19, 2010                     _____

27                                             HONORABLE TERRY J. HATTER, JR.
                                               Senior U.S. District Court Judge

28

4