1  PETER J. ELIASBERG (SBN 189110)
   Email: peliasberg@aclu-sc.org
2  AHILAN T. ARULANANTHAM (SBN 237841)
   Email: aarulanantham@aclu-sc.org
3  ACLU FOUNDATION OF SOUTHERN CALIFORNIA
   1616 Beverly Boulevard
4  Los Angeles, California 90026
   Tel: (213) 977-5211
5  Fax: (213) 977-5297

6  Attorneys for Petitioner
   (Additional counsel listed on following page)
7

8           **UNITED STATES DISTRICT COURT**

9           **CENTRAL DISTRICT OF CALIFORNIA**

10                  **WESTERN DIVISION**

11

| | |
|---|---|
| 12  ALEJANDRO RODRIGUEZ, *et al.*, | Case No. CV 07-3239-TJH (RNBx) |
| 13                Petitioners, | **JOINT REPORT RE: CONFERENCE OF PARTIES PURSUANT TO FED. R. CIV. P. 26(F), LOCAL RULE 26-1, AND COURT ORDER** |
| 14  vs. | |
| 15  TIMOTHY S. ROBBINS, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director*; JANET NAPOLITANO, *in her capacity as Secretary of Homeland Security*; and ERIC H. HOLDER, JR., *in his capacity as Attorney General of the United States,* | |
| 20               Respondents. | |

LA1 1818591v.5

1 | Additional counsel:

2 | JUDY RABINOVITZ
AMERICAN CIVIL LIBERTIES FOUNDATION
3 | IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
4 | New York, NY 10004
Telephone: (212) 549-2618
5 | Facsimile: (212) 549-2654

6 | JAYASHRI SRIKANTIAH (SBN 189566)
STANFORD LAW SCHOOL
7 | IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
8 | 559 Nathan Abbott Way
Stanford, CA 94305-8610
9 | Telephone: (650) 724-2442
Facsimile: (650) 723-4426

10

11 | STEVEN A. ELLIS (SBN 171742)
WILLIAM TRAN (SBN 245104)
BRIAN K. WASHINGTON (SBN 248960)
12 | SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
13 | Los Angeles, California 90013-1010
Telephone: (213) 896-6000
14 | Facsimile: (213) 896-6600

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA1 1818591v.5

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Petitioner Alejandro Rodriguez and the Class (collectively, "Petitioners") and Timothy S. Robbins, *et al.* (collectively, "Respondents")[1] hereby submit a report following their conference of counsel on June 23, 2010.

## I. STATEMENT OF CASE.

Petitioner Alejandro Rodriguez seeks relief on behalf of himself and a class of aliens in the Central District of California "who 1) are or will be detained for longer than six months pursuant to one of the general immigration detention statutes pending completion of removal proceedings, including judicial review, and 2) have not been afforded a hearing to determine whether their prolonged detention is justified." [Dkt # 1 at ¶ 39]. Petitioner asserts that the detention of the members of the proposed class is not authorized by statute, and, in the alternative, that if their detention is authorized it violates the Fifth Amendment's guarantee of due process. Petitioner's requested relief includes the certification of the proposed class, appointment of Petitioner's counsel as class counsel, and injunctive and declaratory relief providing all members of the class "constitutionally-adequate individual hearings before an immigration judge . . . , at which Respondents will bear the burden to prove by clear and convincing evidence that Petitioner and each class member is a sufficient danger or risk of flight to justify his detention in light of how long he has been detained already and the likelihood of his case being finally resolved in favor of the government in the reasonably foreseeable future." [Dkt # 1 at ¶ 21].

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Timothy S. Robbins is substituted for James Hayes as Los Angeles Field Office Director for U.S. Immigration and Customs Enforcement; Janet Napolitano is substituted for Michael Chertoff as Secretary of Homeland Security; and Eric H. Holder, Jr. is substituted for Alberto Gonzales as Attorney General of the United States. This Court dismissed certain state and local officials on April 5, 2010. [Dkt # 76].

1

LA1 1818591v.5

In appellate proceedings, the Ninth Circuit held that the class should be certified in this case. Additionally, "to the extent there may be any concern that the differing statutes authorizing detention of the various class members will render class adjudication of class members' claims impractical or undermine effective representation of the class," the Ninth Circuit also determined that the "parties may submit proposals for formation of subclasses on remand and the district court shall exercise its discretion to determine whether adoption of any proposal would be appropriate." Rodriguez v. Hayes, 591 F.3d 1105, 1123-24 (9th Cir. 2010).

On March 22, 2010, the parties appeared before the Court for a hearing on discovery related to subclasses. At the March 22 hearing, the Court ordered Respondents to produce a roster with the names and locations of all class members so that Petitioners' counsel could contact these class members (1) to determine whether they were in possession of their documents from their immigration proceedings, and (2) to assist Petitioners' counsel in identifying appropriate subclass representatives.

On April 5, 2010, the Court certified a class consisting of all non-citizens within the Central District of California who: "(1) are or were detained for longer than six months pursuant to one of the general immigration detention statutes pending completion of removal proceedings, including judicial review, (2) are not and have not been detained pursuant to a national security detention statute, and (3) have not been afforded a hearing to determine whether their detention is justified." [Dkt # 77]. The Court also appointed Petitioner as Class Representative and appointed Petitioner's counsel as Class Counsel.

On April 21, 2010, the Court issued a Minute Order Regarding Discovery and Setting Final Pretrial Conference (the "Order"). [Dkt # 79]. In the Order, the Court stated as follows:

LA1 1818591v.5

> This action shall be governed by the Federal Rules of Civil Procedure and the Local Rules of the Central District of California. ... [P]ursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16, that the Final Pre-Trial Conference is placed on the Court's calendar for October 18, 2010 .... The court does not issue a scheduling order or set a status conference regarding the management of cases. Counsel are to come to an agreement regarding these dates to comply with [Federal Rule of Civil Procedure] 26 and Local Rule 16 in order to prepare for the Final Pre-Trial Conference.

[Dkt # 79].

On June 16, 2010, counsel for Petitioners and counsel for Respondents met and conferred by telephone regarding Respondents' position that a Rule 26(f) conference was either unnecessary or pre-mature. At that time, the parties disagreed as to the necessity for, and scope of, fact discovery in this action. The parties continue to disagree on this issue, and are likely to disagree as to whether any particular discovery request falls outside the scope of permissible discovery in the case. However, the parties agree that the parties should address their disagreements once Petitioners issue specific discovery requests, and in the context of a specific discovery request, and not in the abstract.

Accordingly, despite the disagreement between the parties regarding the necessity for, and scope of, fact discovery in this action, the parties held a Rule 26(f) conference on June 23, 2010. This report summarizes the parties' positions.

## II. DISCOVERY PLAN PURSUANT TO RULE 26(f).

### A. Changes To Rule 26(a) Disclosures.

The parties do not seek any changes to the timing, form, or requirements for disclosures under Rule 26(a). The parties agree to make their initial disclosures on July 9, 2010.

### B. Subjects, Timing, and Phasing of Discovery.

As of this time, Petitioners intend to conduct discovery on all issues raised in the pleadings, including document requests, special interrogatories, requests for

3

LA1 1818591v.5

admission, and depositions. Respondents disagree that extensive fact discovery regarding each class member's individual circumstances is necessary in this action but will present their position to the Court in the context of objections to specific discovery requests.

Despite their disagreement over the need for and scope of discovery, the parties agree that a schedule should be set in this case, and respectfully request that the Court adopt the following schedule respecting discovery and other trial events:

| | |
|---|---|
| October 18, 2010 | Fact discovery completed |
| October 18, 2010 | Pretrial conference |
| November 17, 2010 | Initial exchange of expert reports (and other information required by Rule 26(a)(2)) |
| December 8, 2010 | Exchange of rebuttal expert reports (and other information required by Rule 26(a)(2)) |
| January 12, 2011 | Expert depositions completed |
| February 14, 2011 | Summary judgment motions due |
| March 14, 2011 | Oppositions to summary judgment motions due |
| April 4, 2011 | Summary judgment reply briefs due |

The parties believe it is premature to set a trial date at this time because the issues in the case may be fully resolved through dispositive motions.

Additionally, Respondents take the position that in setting the discovery schedule, this Court should include a date for the joinder of parties and the amendment of pleadings. Because sub-class discovery has been ongoing, and because the identification of subclasses would shape any fact discovery that may be ordered, Respondents request that the Court set the following date for the joinder of parties and the amendment of pleadings:

| | |
|---|---|
| September 7, 2010 | Joinder of Parties and Amendment of Pleadings |

Although Petitioners do not believe it is necessary for the Court to order a date for joinder of parties and amendment of pleadings, Petitioners anticipate filing an amended complaint in advance of the date proposed by Respondent.

### C. Issues of Disclosure and Production of Electronically Stored Information.

The parties are aware of their obligations to preserve and produce electronically-stored information. At this time, the parties do not foresee any issues pertaining to the discovery or disclosure of information generated and maintained in purely electronic format. With respect to the production of electronically-stored information, the parties agree that all electronic documents be produced in either a .pdf or .tiff format, but to the extent such information cannot be produced accordingly, the parties agree to produce such information in a machine-readable format. The parties agree that they may request specific documents in native format.

### D. Issues Respecting Privileged Information.

The parties agree that the inadvertent production of information subject to the attorney-client privilege and/or work product doctrine ("Privileged Information") shall not constitute a waiver of any such privilege and/or protection. Promptly upon discovering that any Privileged Information has been produced, the producing party shall notify the other party in writing and designate inadvertently produced documents on a privilege log. Upon receipt of such notice, the receiving party shall not review such documents further (except for the purposes of identifying them for their return to the disclosing party and/or destruction) and shall then either return all copies of the same to the producing party or, at the producing party's option, destroy them.

### E. Limitations on Discovery.

The parties presently do not seek changes to the limitations on the number of interrogatories, requests for production, or requests for admission that may be

propounded under the Federal and/or Local Rules, but each party reserves its right to request a protective order to limit the number of requests, if a party deems it necessary.

### F. Other Orders That The Court Should Issue Under Rule 26(c).

The parties continue their efforts to collect information relevant to this action. The parties agree that, to the extent the parties discover that said information is proprietary, private, or otherwise confidential, and to the extent the parties meet and confer efforts are ultimately unsuccessful, the parties will promptly notify the Court accordingly by way of a noticed motion brought pursuant to Rule 26(c).

## III. OTHER INFORMATION IDENTIFIED IN LOCAL RULE 26-1.

### A. This Action Is Not Complex.

The parties agree that this case is not complex.

### B. Motion Schedule.

Pursuant to the proposed schedule set forth hereinabove, the parties propose February 14, 2011, as the deadline for all parties to file motions for summary judgment. The foregoing is based on the assumption that the Court will adopt the parties' suggested discovery schedule, as set forth herein. To the extent the Court chooses not to do so, the foregoing will have to be revised accordingly.

### C. Settlement.

The parties continue to engage in their preliminary investigations of the action. Accordingly, the pursuit of settlement is currently premature. Such discussions will be the most effective after discovery has taken place. However, at the appropriate time, the parties will be amenable to appearing before the Court or the magistrate judge assigned to the case for purposes of a settlement conference.

LA1 1818591v.5

### D. Trial Estimate.

The parties presently cannot provide a trial estimate due to the likelihood of the matter being resolved through motion practice.

### E. Additional Parties.

Petitioners anticipate amending the complaint in this case to name sub-class representatives.

Petitioners anticipate that, at the time the amended complaint is filed, additional defendants, all acting in their official capacities as wardens of facilities in which class members are detained, will be added and/or substituted for current named defendants. However, the parties agree that George Molinar, who was sued in his capacity as Chief of Detention and Removal Operations for the facility formally known as the San Pedro Processing Center (and identified in the caption as the "San Pedro Detention Facility"), should be terminated from the action at this time. Since the Petition was filed, the San Pedro Processing Center has closed and is not expected to reopen. Additionally, other parties should be substituted as indicated at n.1 herein.

### F. Expert Witnesses.

As set forth above, the parties propose that any expert reports be exchanged on November 17, 2010, and that any rebuttal expert reports be exchanged on December 8, 2010.

//
//
//
//
//
//
//
//

LA1 1818591v.5

Respectfully submitted,

Dated: July 9, 2010

STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC

By: /s/ Jayashri Srikantiah /w+/
Jayashri Srikantiah
Attorney For Petitioners

Dated: July 9, 2010

TONY WEST
Assistant Attorney General
Civil Division

DAVID J. KLINE
Director
Office of Immigration Litigation
District Court Section

GJON JUNCAJ
Senior Litigation Counsel

Theodore W. Atkinson
THEODORE W. ATKINSON
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington D.C. 20044
(202) 532-4135

By: /s/ *Theodore W. Atkinson*
Theodore w. Atkinson
Attorneys For Respondents

8