| | |
|---|---|
| 1 | PETER J. ELIASBERG (SBN 189110) |
| | Email: peliasberg@aclu-sc.org |
| 2 | AHILAN T. ARULANANTHAM (SBN 237841) |
| | Email: aarulanantham@aclu-sc.org |
| 3 | ACLU FOUNDATION OF SOUTHERN CALIFORNIA |
| | 1313 West 8th Street |
| 4 | Los Angeles, California 90017 |
| | Tel: (213) 977-5211 |
| 5 | Fax: (213) 977-5297 |
| 6 | Attorneys for Petitioner |
| 7 | (Additional counsel listed on following page) |

8   **UNITED STATES DISTRICT COURT**

9   **CENTRAL DISTRICT OF CALIFORNIA**

10  **WESTERN DIVISION**

| | | |
|---|---|---|
| 11 | | |
| 12 | ALEJANDRO RODRIGUEZ, et al., | Case No. CV 07-3239-TJH (RNBx) |
| 13 | Petitioners, | **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| 14 | v. | |
| 15 | TREY LUND, et al.; | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 16 | Respondents. | |
| 17 | | The Honorable Terry J. Hatter, Jr. |
| 18 | | Hearing Date: October 11, 2010 |
| | | Hearing Time: Under Submission |

1. Additional counsel:
2. JUDY RABINOVITZ
   AMERICAN CIVIL LIBERTIES FOUNDATION
3. IMMIGRANTS' RIGHTS PROJECT
   125 Broad Street, 18th Floor
4. New York, NY 10004
   Telephone: (212) 549-2618
5. Facsimile: (212) 549-2654

6. JAYASHRI SRIKANTIAH (SBN 189566)
   STANFORD LAW SCHOOL
7. IMMIGRANTS' RIGHTS CLINIC
   Crown Quadrangle
8. 559 Nathan Abbott Way
   Stanford, CA 94305-8610
9. Telephone: (650) 724-2442
   Facsimile: (650) 723-4426
10.
    STEVEN A. ELLIS (SBN 171742)
11. WILLIAM TRAN (SBN 245104)
    BRIAN K. WASHINGTON (SBN 248960)
12. SIDLEY AUSTIN LLP
    555 West Fifth Street, Suite 4000
13. Los Angeles, California 90013-1010
    Telephone: (213) 896-6000
14. Facsimile: (213) 896-6600
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.

## NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

To defendants and their counsel of record:

Please take notice that a hearing is under submission in the above-entitled Court, before the Honorable Terry J. Hatter, on October 11, 2010. Petitioner Alejandro Rodriguez will and hereby does move for leave to file his Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), this Court's order of March 22, 2010, and the parties' Joint Rule 26(f) Report.

Counsel for Petitioners have spoken with Counsel for Respondents concerning the filing of an amended complaint in this action on several occasions. Counsel for Respondents have repeatedly requested that Counsel for Petitioners amend the complaint, including as manifested in the parties' Joint Rule 26(f) Report filed on July 9, 2010.

## MEMORANDUM OF POINTS AND AUTHORITIES

Rule 15(a)(2) allows a party to amend the complaint "with the opposing party's written consent or the court's leave" and further provides that "the court should freely give leave when justice so requires." The Ninth Circuit has repeatedly interpreted this rule to require that leave to amend should be granted with "extreme liberality." *See, e.g.*, *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

Here, the Court should grant leave for at least three reasons. First, the Court ordered Petitioners to identify suitable sub-class representatives during the status conference of March 22, 2010, which order is memorialized in the Court's Minute Order of March 22, 2010 stating that Petitioners "shall . . . compile a representative number of claimants" from the government's list of class members. The amended complaint includes the sub-class representatives that the Court ordered Petitioners to add.

1  Second, the government has repeatedly requested that Petitioners amend the complaint to update it, given that it is over three years old. As the legal and factual landscape has changed since the original complaint was filed, amendment is warranted for this reason as well.

Finally, the government will suffer no prejudice if amendment is allowed; indeed counsel for both sides included a date for amendment in their Joint Rule 26(f) Report. *See Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (recognizing that absent adverse factors, denying leave is abuse of discretion).

For these reasons, Petitioners respectfully requests that the Court grant him leave to amend the complaint and accept the Second Amended Complaint as the operative complaint in this case until such time as further amendment may be required.[1]

Respectfully submitted,

ACLU OF SOUTHERN CALIFORNIA

Dated: September 7, 2010          By  Ahilan T. Arulanantham
                                      AHILAN T. ARULANANTHAM
                                      Counsel for Petitioners

---

[1] Because the Second Amended Complaint adds new defendants to account for the change in administrations as well as the opening of new detention facilities in this district, Petitioners had to file the amended complaint at the Court's filing window. The complaint was accepted with a discrepancy but not filed as of the time this motion was submitted electronically.