TONY WEST
Assistant Attorney General,
Civil Division
DAVID J. KLINE
Director
VICTOR M. LAWRENCE
Principal Assistant Director
THEODORE W. ATKINSON (DC 458963)
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C.  20044
Tel:  (202) 532-4135
Fax:  (202) 305-7000
E-mail: theodore.atkinson@usdoj.gov

Attorneys for Respondents

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*,<br><br>      Petitioners,<br><br>v.<br><br>ERIC H. HOLDER, JR., *et al.*,<br><br>      Respondents. | Case No. CV 07-3239-TJH (RNBx)<br><br>RESPONDENTS' ANSWER TO THE CORRECTED SECOND AMENDED COMPLAINT |

Respondents, by undersigned counsel, hereby answer Petitioners' Corrected Second Amended Complaint by admitting, denying, and averring as follows:

1.      Respondents admit that Petitioners Alejandro Rodriguez, Abdirizak Farah, Jose Farias Cornejo, and Abel Perez Ruelas are non-citizens who have been detained by U.S. Immigration and Customs Enforcement ("ICE") for six months or

more while their immigration proceedings have been ongoing.  ICE has no record of an Angel Armando Amaya in custody in the Central District of California.  Respondents deny that Yussuf Abdikadir is currently detained.  The allegation that Petitioners have not been afforded a hearing to determine whether their detention is justified is vague and ambiguous, to which no response is required.  The third sentence of Paragraph 1 constitutes a characterization of the present action, to which no response is required.  Respondents deny the remaining allegations of Paragraph 1.

2.    The allegations in paragraph 2 contain legal conclusions to which no response is required.  To the extent a response is required, Respondents deny that this court has jurisdiction over Petitioners' class-wide claims under 8 U.S.C. § 1252(f)(1).  However, in light of the decision by the U.S. Court of Appeals for the Ninth Circuit in this action that 28 U.S.C. § 1252(f)(1) does not strip this court of jurisdiction, Respondents aver that in the context of that decision this court has jurisdiction over this action under 28 U.S.C. § 2241 and 8 U.S.C. § 1331.  Respondents deny that 28 U.S.C. § 1651 or the Suspension Clause of Article I of the U.S. Constitution confers jurisdiction.

3.    The allegations in paragraph 3 contain legal conclusions to which no response is required.  To the extent a response is required, Respondents deny that this court has jurisdiction over Petitioners' class-wide claims under 8 U.S.C. § 1252(f)(1).  However, in light of the decision by the U.S. Court of Appeals for the Ninth Circuit in this action that 28 U.S.C. § 1252(f)(1) does not strip this court of jurisdiction, Respondents aver that in the context of that decision this court may grant relief under 28 U.S.C. § 1331, 28 U.S.C. § 1651, 28 U.S.C. §§ 2241 and 2243, and 28 U.S.C. §§ 2201 and 2202.  Respondents deny that Petitioners are entitled to the relief they seek in this action.

4.     The allegations in paragraph 4 contain legal conclusions to which no response is required.  To the extent a response is required,  Respondents deny that all Petitioners or class members are detained, and deny that all class members are detained in this district.  Respondents admit that venue is proper under 28 U.S.C. § 1391(b).

## INTRODUCTION

5.     This paragraph sets forth Petitioners' characterization of their case and conclusions of law to which no response is required.  To the extent that a response is required, Respondents deny the allegations of paragraph 5.

6.     This paragraph sets forth Petitioners' characterization of their case and conclusions of law to which no response is required.  To the extent that a response is required, Respondents deny the allegations of paragraph 6.

7.     This paragraph sets forth Petitioners' characterization of their case and conclusions of law to which no response is required.  To the extent that a response is required, Respondents deny the allegations of paragraph 7.

8.     This paragraph sets forth Petitioners' characterization of their case and and conclusions of law to which no response is required.  To the extent that a response is required, Respondents deny the allegations of paragraph 8.

9.     This paragraph sets forth Petitioners' characterization of their case and conclusions of law to which no response is required.  To the extent that a response is required, Respondents deny the allegations of paragraph 9.

10.     This paragraph sets forth Petitioners' characterization of their case and conclusions of law to which no response is required.  To the extent that a response is required, Respondents deny the allegations of paragraph 10.

11.     This paragraph sets forth Petitioners' characterization of their case and conclusions of law to which no response is required.  To the extent that a response is required, Respondents deny the allegations of paragraph 11.

1      12.    This paragraph sets forth Petitioners' characterization of their case

2  and conclusions of law to which no response is required.  To the extent that a

3  response is required, Respondents deny the allegations of paragraph 12.

4      13.    This paragraph sets forth Petitioners' characterization of their case

5  and conclusions of law to which no response is required.  To the extent that a

6  response is required, Respondents deny the allegations of paragraph 13.

7  **PARTIES**

8      14.    Respondents admit that Petitioner Alejandro Rodriguez is a citizen of

9  Mexico.  Respondents further admit that Rodriguez was detained for over three

10 years while litigating his removal case prior to the filing of the original complaint

11 in this case.  The allegation that Rodriguez  has not been afforded a hearing to

12 determine whether his prolonged detention is justified is vague and ambiguous, to

13 which no response is required.  To the extent Petitioner is referring to a bond

14 hearing, Respondents aver that Rodriguez was granted bond and an immigration

15 judge reviewed his request for a bond redetermination.  Respondents admit that

16 Rodriguez is currently residing in Los Angeles under release conditions while his

17 removal proceedings remain pending.  Respondents deny the remainder of

18 paragraph 14 of the Second Amended Complaint.

19     15.    Respondents admit that Petitioner Abdirizak Aden Farah is a citizen

20 of Somalia who has been detained at Mira Loma Detention Center for over eight

21 months.  Respondents deny that Farah is a refugee because he has not been granted

22 refugee status from United States Citizenship and Immigration Services.  The

23 allegation that Farah has not been afforded a hearing to determine whether his

24 detention is warranted is vague and ambiguous, to which no response is required.

25 To the extent Petitioner is referring to a bond hearing, the allegation is admitted but

26 deny any implication that such a hearing is required by law.  Respondents deny

27 that Farah has not received an explanation from ICE as to why he continues to be

28 detained.  Respondents are without information or knowledge sufficient to form a

belief as to the truth of the allegations in the second sentence of paragraph 15 that
Farah has a close family friend in Minnesota willing to house him and no criminal
history of any kind, and therefore deny those allegations.

16.    Respondents admit that Petitioner Yussuf Abdikadir is a citizen of
Somalia and was detained by ICE for approximately six months.  Respondents
deny that Abdikadir is currently detained.  Respondents deny that Abdikadir is a
refugee because he has not been granted refugee status from United States
Citizenship and Immigration Services. The allegation that Abdikadir has not been
afforded a hearing to determine whether his detention is warranted is vague and
ambiguous, to which no response is required.  To the extent Petitioner is referring
to a bond hearing, the allegation is admitted but deny any implication that such a
hearing is required by law.  Respondents deny that Abdikadir has not received an
explanation from ICE as to why he continues to be detained.  Respondents are
without information or knowledge sufficient to form a belief as to the truth of the
allegations in the second sentence of paragraph 16 that Abdikadir has a sponsor in
San Diego willing to house him and no criminal history of any kind, and therefore
deny the allegations.

17.    Respondents admit that Petitioner Abel Perez Ruelas is a Mexican
national who entered the United States on a visitor's visa approximately eight years
ago.  Respondents admit that Ruelas has been detained for 16 months pending
completion of his removal proceedings.  Respondents admit that Ruelas received a
bond hearing where he bore the burden to prove that he was not a danger or flight
risk.  Respondents further admit that after initially denying bond, an immigration
judge set a monetary bond.  Respondents are without information or knowledge
sufficient to form a belief as to the truth of the allegations that Ruelas is married to
a U.S. Citizen, or that he could not afford to pay the bond set by an immigration
judge, and therefore deny the allegations.  The last sentence of paragraph 17 states
a legal conclusion to which no response is required.  To the extent a response is

1    required, the allegation is denied.

2        18.    Respondents admit that Petitioner Jose Farias Cornejo is a Mexican

3    national, and a lawful permanent resident of the United States.  Respondents are

4    without information or knowledge sufficient to form a belief as to the truth of the

5    allegation that Cornejo has lived in the United States since before his first birthday,

6    and therefore deny the allegation.  Respondents admit that Cornejo has been

7    convicted of several criminal offenses, one of which was a conviction for

8    possession of a controlled substance, for which he was sentenced to 180 days in

9    jail.  Respondents admit that Cornejo remains in detention awaiting a final decision

10   in his case.  The allegation that Cornejo has not been afforded a detention hearing

11   of any kind is vague and ambiguous, to which no response is required.  To the

12   extent Petitioner is referring to a bond hearing, the allegation is admitted, but

13   Respondents deny any implication that such a hearing is required by law.  The final

14   sentence of paragraph 18 characterizes a legal position and states a legal

15   conclusion to which no response is required.  Respondents admit that the

16   government has not opposed the application for cancellation of removal but deny

17   the remaining factual allegations of paragraph 18.

18       19.    Respondents deny that ICE has any record of Angel Armando Amaya

19   in custody in the Central District of California.[1]  To the extent, Petitioner is

20   referring to Angel Armando Ayala, Respondents admit that  Ayala  is a citizen

21   of El Salvador.  Respondents are without information or knowledge sufficient to

22   form a belief as to the truth of the allegation that Ayala has lived in the United

23   States since the age of eleven.  Respondents deny that Ayala has never received a

24   criminal sentence of longer than 90 days.  Respondents admit that Ayala has been

25

26   [1]   ICE does not currently have any individual in custody in the Central District of
     California with the name Angel Armando Amaya.  ICE does currently have an individual
27   in custody in the Central District of California with the name Angel Armando Ayala.
     Ayala is a citizen of El Salvador and has been detained for more than six months.  Based
28   on the belief that Ayala is the proper petitioner, this Answer will contain responses to the
     allegations raised in the Amended Complaint based on ICE records for Angel Armando
     Ayala.

detained for more than 18 months.  Respondents admit that Ayala has not been provided with a bond hearing before an immigration judge but deny any implication that such a hearing is required by law. The final sentence of paragraph 19 characterizes a legal position and states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

20.    Respondents admit that Respondent Eric H. Holder, Jr., is the Attorney General of the United States and the head of the Department of Justice, and that the Executive Office of Immigration Review, a component of the Department of Justice, interprets and administers federal immigration laws by conducting immigration court proceedings, appellate reviews, and administrative hearings before immigration judges and the Board of Immigration Appeals. Respondents admit that the Department of Justice and the Department of Homeland Security share responsibilities in implementing and enforcing federal immigration law.  Respondents admit that Attorney General Holder is sued in his official capacity.  Respondents deny that Attorney General Holder is the immediate custodian of Petitioners or the class members.  Respondents deny the remainder of paragraph 20.

21.    Respondents admit that Janet Napolitano is the Secretary of Homeland Security and heads the Department of Homeland Security, which, along with the Department of Justice, is responsible for enforcement of federal immigration law. Respondents admit that Secretary Napolitano is sued in her official capacity. Respondents aver that the Second Amended Complaint is vague as to the term "legal custody," but deny that Secretary Napolitano is the immediate custodian of Petitioners or the class members.  Respondents deny the remainder of paragraph 21.

22.    Respondents admit the allegations of the first sentence of paragraph 21.  Respondents admit that Respondent Snow is responsible for the supervision of agency personnel in the execution of their duties, but deny that Respondent Snow is responsible for the supervision of the Chairman of the Board of Immigration Appeals, the Chief Immigration Judge, or the Chief Administrative Hearing Officer.  Respondents admit that Respondent Snow is sued in his official capacity.

23.    Respondents admit the allegations of the first and last sentences of paragraph 23.  Respondents aver that the Second Amended Complaint is vague as to the term "legal custody," but deny that Respondent Robbins is the immediate custodian of the named Petitioners or of any class member.  Respondents further aver that the second sentence of Paragraph 23 is vague because it alleges that Respondent Robbins "is authorized to release Petitioner" without identifying the Petitioner, and therefore deny the allegation.

24.    Respondents admit the allegations of the first sentence of paragraph 24, and admit that Respondent Baca is sued in his official capacity.  Respondents aver that the Second Amended Complaint is vague as to the term "legal custody," but deny that Respondent Baca is the immediate custodian of any alien detained at Mira Loma Detention Center.  Respondents aver that the website for the Mira Loma Detention Center speaks for itself.

25.    Respondents deny that the title "Officer-in-Charge" is used by ICE, aver that Respondent Lee is an Assistant Field Office Director with ICE, and admit that he is assigned as a senior official at Mira Loma Detention Center. Respondents aver that the Second Amended Complaint is vague as to the term "legal custody," but deny that Respondent Lee is the immediate custodian of any alien detained at the Mira Loma Detention Center.  Respondents admit that Respondent Lee is being sued in his official capacity.

26.     Respondents admit that Rodney Penner is a Captain with the Los Angeles County Sheriff's Department.  Respondents admit that Respondent Penner is sued in his official capacity.  Respondents aver that the Second Amended Complaint is vague as to the term "legal custody," but deny that Respondent Penner is the immediate custodian of any alien detained at the Mira Loma Detention Center.

27.     Respondents admit the allegations of the first sentence of paragraph 27, and admit that Respondent Hutchens is sued in her official capacity. Respondents aver that the Second Amended Complaint is vague as to the term "legal custody," but deny that Respondent Hutchens is the immediate custodian of the named Petitioners or of any class member.

28.     Respondents deny that the title "Officer-in-Charge" is used by ICE, aver that Respondent Nguyen is a Supervisory Immigration Enforcement Agent with ICE, and admit that he is assigned as a senior official at the Theo Lacy Facility. Respondents aver that the Second Amended Complaint is vague as to the term "legal custody," but deny that Respondent Nguyen is the immediate custodian of any alien detained at the Theo Lacy Facility.  Respondents admit that Respondent Nguyen is being sued in his official capacity.

29.     Respondents admit that Captain Davis Nighswonger of the Orange County Sheriff's Office is the highest ranked official of the Orange County Sheriff's Office at the Theo Lacy Facility.  Respondents aver that the website for the Theo lacy facility speaks for itself.  Respondents admit that Angel Armando Ayala  is detained at the Theo Lacy Facility.  Respondents aver that the Second Amended Complaint is vague as to the term "legal custody," but admit that Respondent Nighswonger is the immediate custodian of any alien detained at the Theo Lacy Facility.  Respondents admit that Respondent Nighswonger is being sued in his official capacity.

1    30.    Respondents admit the first sentence of paragraph 30.  Respondents

2  aver that the website for the James A. Musick Facility speaks for itself.

3  Respondents aver that the Second Amended Complaint is vague as to the term

4  "legal custody," but admit that Respondent Krueger is the immediate custodian of

5  any alien detained at the James A. Musick Facility.  Respondents admit that

6  Respondent Krueger is being sued in his official capacity.

7    31.    Respondents deny that the title "Officer-in-Charge" is used by ICE,

8  aver that Respondent Edwards is a Supervisory Detention and Deportation Officer

9  with ICE, and admit that he is assigned by ICE as a senior official at the Santa Ana

10  Jail.  Respondents aver that the Second Amended Complaint is vague as to the term

11  "legal custody," but deny that Respondent Edwards is the immediate custodian of

12  any alien detained at the Santa Ana Jail.  Respondents admit Respondent Edwards

13  is being sued in his official capacity.

14    32.    Respondents admit that Russell Davis is the Administrator of the

15  Santa Ana Jail.  Respondents admit that class members are detained at the Santa

16  Ana Jail. Respondents aver that the Second Amended Complaint is vague as to the

17  term "legal custody," but admit that Respondent Davis is the immediate custodian

18  of any alien detained at the Santa Ana Jail.  Respondents admit that Respondent

19  Davis is being sued in his official capacity.

**FACTS AND PROCEDURAL HISTORY**

21  **Alejandro Rodriguez**

22    33.    Respondents admit that Petitioner Rodriguez was detained for over

23  three years while he challenged his removal to Mexico.  Respondents are without

24  sufficient information or knowledge to form a belief as to the truth of the allegation

25  that Rodriguez has not lived in Mexico since he was a baby, and therefore deny the

26  allegation.

27    34.    Respondents are without sufficient information or knowledge to form

28  a belief as to the truth of the allegation that Rodriguez came to this country when

he was one year old, and therefore deny the allegation. Respondents admit that Rodriguez became a lawful permanent resident on June 4, 1987. The footnote to paragraph 34 states legal conclusions to which no response is required. To the extent that a response is required, Respondents deny the allegations in the footnote.

35.    Respondents admit the allegations of paragraph 35.

36.    Respondents admit the allegations of paragraph 36, but deny the allegation in the footnote that bond was revoked. Respondents also lack sufficient information or knowledge to form a belief as to the truth of the allegation that Rodriguez was unable to afford the bond, and therefore deny the allegation.

37.    Respondents deny that the Government ever requested or received a continuance to alter the charging documents. Respondents admit the allegations in paragraph 37, but aver that the decision of the Immigration Judge referred to in paragraph 37 speaks for itself.

38.    Respondents aver that the decision of the Board of Immigration Appeals referred to in paragraph 38 speaks for itself.

39.    Respondents admit the allegations of the first two sentences of paragraph 39. Respondents aver that the decision of the Ninth Circuit referred to in paragraph 39 speaks for itself. Paragraph 39 also states a legal assertion to which no response is required.

40.    Paragraph 40 characterizes a procedural history before the Ninth Circuit and the Supreme Court, and sets forth legal conclusions to which no response is required.

41.    Respondents admit that Rodriguez's case has been remanded to consider cancellation of removal, but the remainder of Paragraph 41 sets forth Petitioners' characterization and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

42.    The allegation that Rodriguez  has not been afforded a hearing to determine whether his prolonged detention is justified is vague and ambiguous, to which no response is required.  To the extent Petitioner is referring to a bond hearing, Respondents deny that during Rodriguez's detention he did not receive a bond determination that was subsequently reviewed at his request by an immigration judge.  Rodriguez never appealed the immigration judge's decision not to lower the bond amount.  Respondents deny that the only process Rodriguez received with respect to his detention was a file custody review.  Respondents admit that Rodriguez received custody reviews conducted by ICE.  Respondents admit that the first custody review occurred on or about March 10, 2005, and that as a result of that custody review ICE issued a decision to continue detention. Respondents are without sufficient knowledge or information to form a belief as to whether an  ICE official conducted an interview with Rodriguez as part of that custody review, but deny any implication that such an interview was required by law.  Respondents admit that it provided Rodriguez with an information request, which Rodriguez completed and that request speaks for itself.  Respondents admit that ICE denied Rodriguez's request for relief.  Respondents  aver that the decision to continue detention referred to in paragraph 42 speaks for itself, and denies the characterization of the decision to continue detention set forth in paragraph 42. Respondents deny the remaining allegations and characterizations of paragraph 42.

43.    Respondents lack sufficient information or knowledge to form a belief as to the truth of the allegation that in or around September 2005, ICE conducted a second custody review concerning Rodriguez, and therefore deny the allegation. Respondents admit that a custody review was conducted in or around March 2006, and that as a result of that review ICE determined to continue to detain Rodriguez. Respondents admit that in or around March 2007, ICE conducted a custody review and issued a decision to continue detention.  Respondents aver that the decisions to continue detention that were provided to Rodriguez speak for themselves , and

deny the characterization of the decision to continue detention set forth in paragraph 43.  Respondents deny the remaining allegations and characterizations of paragraph 43.

44.    Respondents admit that ICE released Rodriguez on July 27, 2007. Respondents admit that Rodriguez's release was subject to certain conditions, including monitoring through the use of an electronic monitoring device/curfew but deny that the electronic monitoring device/curfew remains in effect. Respondents admit that Rodriguez has not been provided with a hearing before an immigration judge regarding the his post release conditions, but deny the implication that such a hearing is required by law or that Rodriguez  requested a hearing before an immigration judge to contest his release conditions.  Paragraph 44 contains a legal conclusion regarding Rodriguez's removal proceedings to which no response is required.  Respondents deny the remaining allegations and characterizations of paragraph 44.

**Abdirizak Aden Farah**

45.    Respondents admit that Petitioner Farah is Somalian and that he has been detained for over eight months at the Mira Loma Detention Center. Respondents deny that Farah is a refugee because he has not been granted refugee status from United States Citizenship and Immigration Services.  The allegation that Farah has not been afforded a hearing to determine whether his detention is warranted is vague and ambiguous, to which no response is required.  To the extent Petitioner is referring to a bond hearing, Respondents admit that Farah has not been provided with a bond hearing before an immigration judge, but deny any implication that such a hearing is required by law.

46.    Respondents lack sufficient information or knowledge to form a belief as to the truth of the allegations in the first and second sentence, and therefore deny those allegations.  Respondents admit the allegations of the third sentence of paragraph 46.  The third sentence of paragraph 46 contains a characterization of the current political status of Somalia, to which no response is required.  Respondents aver that guidelines issued by the United Nations High Commission for Refugees speak for themselves.  Respondents lack sufficient information or knowledge to form a belief as to the truth of the allegations as to Farah's last place of residence in Somalia or allegations of research conducted by Human Rights Watch, and therefore deny the allegations.

47.    Respondents lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 47, and therefore deny the allegations.

48.    Respondents lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 48, and therefore deny the allegations.

49.    Respondents admit that Farah arrived at the United States on or about December 31, 2009, and requested asylum in the United States.  Respondents admit that an asylum officer found that Farah had a credible fear of return to Somalia, and referred Farah for an asylum determination before an immigration judge.  Respondents lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations of paragraph 49, and therefore deny the allegations.

50.    Respondents admit that Farah has had several hearings continued because he did not have an attorney present and the next hearing is scheduled for late October 2010. Respondents deny the allegation that several hearings were cancelled because the judge or translator were not present and aver that one hearing was postponed seven days because the immigration judge was ill.

51.    Respondents admit that Farah applied for release on parole under 8 C.F.R. § 212(d)(5)(a), which ICE denied.  The second sentence of paragraph 51 contains a legal conclusion and characterization of the parole determination process set forth in the governing regulations, to which no response is required.  To the extent a response is required, Respondents deny the allegations that the decision to deny parole is made by a single officer, that Farah was not offered an explanation for the denial, and that he did not have the opportunity to appeal it by requesting a redetermination.

52.    Respondents lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 52, and therefore deny the allegations, but specifically deny that Farah is not able to communicate with family as a result of his detention.

**Yussif Abdikadir**

53.    Respondents admit that Petitioner Abdikadir is Somalian and he came into ICE custody in March 2010.  Respondents deny that Abdikadir is currently detained.  Respondents deny that Abdikadir is a refugee because he has not been granted refugee status from United States Citizenship and Immigration Services. The allegation that Abdikadir  has not been afforded a detention hearing of any kind is vague and ambiguous, to which no response is required.  To the extent Petitioner is referring to a bond hearing, Respondents admit that Abdikadir has not been provided with a bond hearing before an immigration judge, but deny any implication that such a hearing is required by law.

54.    Respondents lack sufficient information or knowledge to form a belief as to the truth of the allegations in  paragraph 54, and therefore deny the allegations.

55.     Respondents lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 55, and therefore deny the allegations.

56.    Respondents lack sufficient information or knowledge to form a belief as to the truth of the allegations in  paragraph 56, and therefore deny the allegations.

57.    Respondents lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 57, and therefore deny the allegations.

58.    Respondents lack sufficient information or knowledge to form a belief as to the truth of the allegations in  paragraph 58, and therefore deny the allegations.

59.    Respondents deny that Abdikadir applied for asylum at a border crossing from Tijuana but admit that Abdikadir appeared at the San Ysidro Port of entry and requested asylum relief on March 18, 2010 and passed his credible fear interview.

60.    Respondents admit that Abdikadir has appeared before an immigration judge on several occasions and that Abdikadir has not submitted an application for asylum.  Respondents lack sufficient information or knowledge to form a belief as to the remaining allegations of paragraph 60, and therefore deny the allegations.

61.    Respondents admit that Abdikadir applied for release on parole under 8 C.F.R. § 212(d)(5)(a) and his initial request was denied due to a failure to provide third party affidavits and letters of sponsorship to establish lack of flight risk.  The second sentence of paragraph 61 contains a legal conclusion and characterization of the parole determination process set forth in the governing regulations, to which no response is required.  Respondents admit that ICE denied Abdikadir's initial request for parole and aver that the notice of denial of parole speaks for itself.  Respondents aver that a subsequent parole request was granted after Abdikadir submitted new supporting documents.  The final sentence of paragraph 61 contains a legal conclusion to which no response is required.   Respondents deny the remaining allegations of paragraph 61.

62.    Respondents admit that Abdikadir has sought medical attention from medical staff at the Mira Loma Detention Center for his eyes but deny that he has not received medical attention and/or medication to address irritation of his eyes. Respondents lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations of paragraph 62, and therefore deny the allegations.

63.    Respondents deny that Abdikadir is denied the opportunity to communicate with family as a result of his detention, and therefore deny the allegations of the first sentence of paragraph 63.  Respondents lack sufficient information or knowledge to form a belief as to the truth of the allegations of the second sentence of paragraph 63, and therefore deny the allegations.  The third sentence of paragraph 63 states a legal conclusion to which no response is required. To the extent a response is required, Respondents deny that Abdikadir is currently detained.

**Abdel Perez Ruelas**

64.    Respondents admit the allegations of paragraph 64.

65.    Respondents lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 65, and therefore deny the allegations.

66.    Respondents admit that Petitioner Ruelas was admitted to the United States in 2002 on a visitors' visa.  Respondents lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations of paragraph 66, and therefore deny the allegations.

67.    Respondents lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 67, and therefore deny the allegations.

68.    Respondents deny that Ruelas filed an I-130 petition to adjust his status in February 2009.  Respondents lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations of paragraph 68, and therefore deny the allegations.

69.    Respondents lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 69, and therefore deny the allegations.

70.    Respondents lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 70, and therefore deny the allegations.

71.     Respondents admit that Ruelas has had at least three prior convictions for driving under the influence of alcohol but deny that these are his only convictions or that the has never been sentenced to more than 2 months in jail. Respondents lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations of paragraph 71, and therefore deny the allegations.

72.     Respondents admit that Ruelas was released from criminal incarceration on or about April 8, 2009.  Respondents admit that ICE immediately took Ruelas into custody when he was released, and aver that Ruelas was served with a notice to appear and placed in removal proceedings.  Respondents admit that at the time ICE detained Ruelas for his removable criminal offenses, Ruelas had recently filed his I-130 application, but deny any implication that the pending nature of the I-130 application had any legal bearing on ICE's legal authority to apprehend and detain him to secure his attendance during removal proceedings and to secure him for eventual removal.

73.     Respondents admit the allegations of the first sentence of paragraph 73.  Respondents admit that the immigration judge denied Ruelas release on bond on the grounds that his four DUI convictions made him a danger to society.  The remainder of paragraph 73 constitutes a characterization of the immigration proceeding to which no response is required.  To the extent a response is required, the allegations are denied.

74.     Respondents admit that in February 2010, a bond hearing was held and an immigration judge set bond at $5,000.  Respondents lack sufficient information or knowledge to form a belief as to the truth of the allegation that Ruelas could not afford the bond, and therefore deny the allegation.

75.     Respondents admit that Ruelas has remained detained for more than 16 months, and aver that he remains detained because he did not post the bond set by the immigration judge at the hearing on February 17, 2010.  Respondents deny that his last hearing before an immigration judge was on April 15, 2010.

76.     Respondents admit that Ruelas' I-130 application was approved on July 30, 2010.  The last sentence of paragraph 76 sets forth legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

**Jose Farias Cornejo**

77.     Respondents admit the allegations of paragraph 77.

78.     Respondents lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 78, and therefore deny the allegations.

79.     Respondents lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 79, and therefore deny the allegations.

80.     Respondents lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 80, and therefore deny the allegations.

81.     Respondents lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 81, and therefore deny the allegations.

82.     Respondents admit the allegations of the first sentence of paragraph 82.  Respondents lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations of paragraph 82, and therefore deny the allegations.

83.     Respondents admit the allegations of paragraph 83.

84.     Respondents admit the allegations of paragraph 84.

85.     Paragraph 85 contains a characterizations and legal conclusions  to which no response is required. To the extent a response is required, the allegations are denied.

86.    Respondents admit that Cornejo was provided with an application for cancellation of removal in or about October 2009, and admit that he did not file it until in or about June 2010.  Respondents lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations of paragraph 86, and therefore deny the allegations.

87.    Respondents admit that an immigration judge in Cornejo's removal proceedings set a hearing for November 15, 2010 and aver that the judge set this date because Cornejo is scheduled for sentencing on his recent conviction for Theft with Priors in violation of California Penal Code § 666 on November 9, 2010.  The remainder of paragraph 87 states a characterization of the removal proceedings, to which no response is required.  To the extent a response is required, the allegations are denied.

88.    The first sentence of paragraph 88 states a legal conclusion to which no response is required.  The allegation in the second sentence that Cornejo has not been a hearing to determine if his detention is justified is vague and ambiguous, to which no response is required.  To the extent Petitioner is referring to a bond hearing, Respondents admit that Cornejo is subject to continued detention under 8 U.S.C. § 1226(c), and admit that he has not had a bond hearing before an immigration judge.  Respondents deny any implication that such a hearing is required by law.

**Angel Armando Amaya**[2]

89.    Respondents admit that Ayala is a citizen of El Salvador. Respondents lack sufficient information or knowledge to form a belief as to the truth of remaining allegations of paragraph 89, and therefore deny the allegations.

---

[2]    ICE does not currently have any individual in custody in the Central District of California with the name Angel Armando Amaya.  ICE does currently have an individual in custody in the Central District of California with the name Angel Armando Ayala. Ayala is a citizen of El Salvador and has been detained for more than six months.  Based on the belief that Ayala is the proper petitioner, this Answer will contain responses to the allegations raised in the Amended Complaint based on ICE records for Angel Armando Ayala.

90.    Respondents lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 90, and therefore deny the allegations.

91.    Respondents lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 91, and therefore deny the allegations.

92.    Respondents deny that ICE detained Petitioner Ayala in 1994 at the San Pedro detention facility after he was arrested at a worksite raid.  Respondents lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations of paragraph 92, and therefore deny the allegations.

93.    Respondents lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 93, and therefore deny the allegations.

94.    Respondents admit that Ayala  filed an application for relief under the Nicaraguan and Cuban Adjustment Relief Act ("NACARA"), and that a removal hearing and determination of the application was scheduled before an immigration judge for on or about October 29, 1999.  Respondents lack sufficient information or knowledge to form a belief as to the truth of the allegation that Ayala's lawyer filed the application, and therefore deny the allegation.

95.    Respondents admit that on October 29, 1999, Ayala did not appear for his removal hearing and was ordered removed in absentia by the immigration judge.  The assertion that Ayala was prima facie eligible for NACARA relief is a legal conclusion to which no response is required.  Respondents lack sufficient information or knowledge to form a belief as to the truth of the remaining allegations of paragraph 95, and therefore deny the allegations.

96.    Respondents lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 96, and therefore deny the allegations.

97.    Respondents lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 97, and therefore deny the allegations.

1    98.    Respondents deny that Ayala has only been convicted of several

2    misdemeanor convictions for driving without a license.  Respondents lack sufficient

3    information or knowledge to form a belief as to the truth of the remaining

4    allegations of paragraph 98, and therefore deny the allegations.

5    99.    Respondents admit that Ayala was taken into custody and transferred

6    to the Mira Loma Detention Center in February 2009 based on his outstanding

7    removal order.  Respondents lack sufficient information or knowledge to form a

8    belief as to the truth of the allegation that Ayala shared a home with his mother, and

9    therefore deny the allegation.

10    100.    Respondents admit that Ayala filed a motion to reopen with an

11    immigration judge on a claim of ineffective assistance of counsel.  Respondents

12    admit that the motion to reopen was denied.  Respondents admit that Amaya

13    appealed the denial to the Board of Immigration Appeals, which dismissed the

14    appeal and affirmed the immigration judge's decision.  Respondents aver that the

15    decision of the Board of Immigration Appeals speaks for itself.  Respondents lack

16    sufficient information or knowledge to form a belief as to the truth of the

17    allegations in the footnote to paragraph 100, and therefore deny the allegations.

18    101.    Respondents admit that attorney Shan Potts represents Ayala in a

19    proceeding in the Ninth Circuit.  Respondents admit that the Ninth Circuit has

20    granted Ayala  a stay of removal, but deny that briefing has not yet begun for his

21    petition for review.  The third sentence of paragraph 101 contains a legal conclusion

22    to which no response is required.  To the extent a response is required, the

23    allegation is denied.

24    102.    Respondents lack sufficient information or knowledge to form a belief

25    as to the truth of the allegations of paragraph 102, and therefore deny the

26    allegations.

27

28

## CLASS-WIDE ALLEGATIONS

103.   Paragraph 103 states legal conclusions to which no response is required.  To the extent a response is required, Respondents deny the allegations.

104.   Paragraph 104 sets forth a characterization of Petitioners' action and legal conclusions to which no response is required. To the extent a response is required, Respondents deny the allegations.

105.   Paragraph 105 states legal conclusions to which no response is required.  Respondents aver that this Court has previously certified a class in this action and further avers that the certification order defines the scope of the class.

106.   Paragraph 106 states legal conclusions to which no response is required. To the extent a response is required, Respondents deny the allegations.

107.   Paragraph 107 sets forth a characterization of those to whom the class-wide allegations do not apply, and Respondents admit that the class does not include those aliens identified in paragraph 107.

108.   Paragraph 108 sets forth a characterization of those to whom the class-wide allegations do not apply, and Respondents admit that the class does not include those aliens identified in paragraph 108.

109.   Paragraph 109 sets forth a characterization of Petitioners' legal position with regard to the certification of sub-classes to which no response is required.  To the extent a response is required, Respondents deny the allegations.

110.   Paragraph 110 sets forth a characterization of Petitioners' legal position with regard to the certification of sub-classes to which no response is required.  To the extent a response is required, Respondents deny the allegations.

111.   Paragraph 111 states legal conclusions to which no response is required.  To the extent a response is required, Respondents deny the allegations.

112.   Paragraph 112 states legal conclusions to which no response is required. To the extent a response is required, Respondents deny the allegations.

1    113.   Paragraph 113 states legal conclusions to which no response is
2    required.  To the extent a response is required, Respondents deny the allegations.

3    114.   Paragraph 114 states legal conclusions to which no response is
4    required.  To the extent a response is required, Respondents deny the allegations.

5    115.   Paragraph 115 states legal conclusions to which no response is
6    required.  To the extent a response is required, Respondents deny the allegations.

7                                   **LEGAL BACKGROUND**

8    116.   Paragraph 116 sets forth a characterization of Petitioners' legal
9    position to which no response is required.  To the extent a response is required,
10   Respondents deny the allegations.

11   117.   Paragraph 117 sets forth a characterization of Petitioners' legal
12   position and legal conclusions  to which no response is required. To the extent a
13   response is required, Respondents deny the allegations.

14   118.   Paragraph 118 sets forth a characterization of Petitioners' legal
15   position and legal conclusions  to which no response is required.  To the extent a
16   response is required, Respondents deny the allegations.

17   119.   Paragraph 119 states legal conclusions to which no response is
18   required.  To the extent a response is required, Respondents deny the allegations.

19   120.   Paragraph 120 states legal conclusions to which no response is
20   required. To the extent a response is required, Respondents deny the allegations.

21   121.   Paragraph 121 states legal conclusions to which no response is
22   required. To the extent a response is required, Respondents deny the allegations.

23   122.   Paragraph 122 states legal conclusions to which no response is
24   required. To the extent a response is required, Respondents deny the allegations.

25   123.   Paragraph 123 states legal conclusions to which no response is
26   required. To the extent a response is required, Respondents deny the allegations.

27

28

# FIRST CAUSE OF ACTION

## Violation of Immigration Nationality Act and Regulations

124.    Respondents allege and reincorporate every response set forth above as if fully set forth herein.

125.    Paragraph 125 states legal conclusions to which no response is required.  Respondents deny that the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. §§ 1101, *et seq.*, the regulations implementing the INA, or the Constitution require Respondents to provide aliens detained for six months or longer under 8 U.S.C. §§ 1225, 1226(a), 1226(c), or 1231 with an individualized bond hearing, with counsel for the alien provided at the Government's expense, at which the Government bears the burden of establishing by clear and convincing evidence that a detained alien poses a substantial risk of flight or danger, Respondents further deny that Petitioners are entitled to the relief they seek as a matter of law, and aver that Petitioners have failed to state a claim for which the requested relief may be granted.

# SECOND CAUSE OF ACTION

## Violation of Fifth Amendment Due Process (Right to a Constitutionally Adequate Custody Hearing)

126.    Respondents allege and reincorporate every response set forth above as if fully set forth herein.

127.    Paragraph 127 states legal conclusions to which no response is required.  Respondents deny that the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. §§ 1101, *et seq.*, the regulations implementing the INA, or the Constitution require Respondents to provide aliens detained for six months or longer under 8 U.S.C. §§ 1225, 1226(a), 1226(c), or 1231 with an individualized bond hearing, with counsel for the alien provided at the Government's expense, at which the Government bears the burden of establishing by clear and convincing evidence that a detained alien poses a substantial risk of flight or danger,

Respondents further deny that Petitioners are entitled to the relief they seek as a matter of law, and aver that Petitioners have failed to state a claim for which the requested relief may be granted.

The Prayer for Relief of the Corrected Second Amended Complaint constitutes Petitioners' request for relief to which no response is required. To the extent that a response is deemed required, Respondents deny that Petitioners are entitled to relief from Respondents.

<strong>AFFIRMATIVE DEFENSES</strong>

In further answer to Petitioner's Corrected Second Amended Complaint, and as separate affirmative defenses, Respondents state as follows:

1. Petitioners' Corrected Second Amended Complaint and each cause of action therein fails to state a claim upon which relief can be granted.

2. The relief sought may not be granted where a Petitioner has failed to exhaust administrative remedies, or where subject matter jurisdiction over the determination of a claim is barred by the Immigration and Nationality Act or other statutory provision.

3. Declaratory or other requested relief should be denied as an exercise of judicial discretion to withhold relief.

4. Respondents preserve the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding the claims.

<strong>PRAYER FOR RELIEF</strong>

WHEREFORE, Respondents having fully answered Petitioners' Second Amended Complaint, respectfully prays for judgment denying each and every prayer for relief, dismissing the action, granting Respondents costs where permitted, and granting such other and further relief as this Court deems just and proper.

Dated: October 1, 2010

TONY WEST
Assistant Attorney General
Civil Division

DAVID J. KLINE
Director, Office of Immigration Litigation
District Court Section

VICTOR M. LAWRENCE
Principal Assistant Director

*s/ Theodore W. Atkinson*
THEODORE W. ATKINSON
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington D.C. 20044
(202) 532-4135

# CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2010, I submitted the foregoing to opposing counsel by e-mailing the same on the following:

Ahilan T. Arulanantham
ACLU Foundation of Southern California
1616 Beverly Boulevard
Los Angeles, CA 90026
213-977-5211
Fax: 213-977-5297
Email: aarulanantham@aclu-sc.org

Javashri Srikantiah
Stanford Law School
Immigrants' Rights Clinic,
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
650-724-2442
Fax: 650-723-4426
Email: jsrikantiah@law.stanford.edu

William Tran
Sidley Austin
555 West Fifth Street Suite 4000
Los Angeles, CA 90013-1010
213-816-6000
Fax: 213-896-6600
Email: wtran@sidley.com

Judy Rabinovitz
ACLU Immigrants' Rights Project
125 Broad Street 18th Floor
New York, NY 10004
212-549-2618
Fax: 212-549-2654
Email: jrabinovitz@aclu.org

Steven A. Ellis
Sidley Austin LLP
555 W 5th St. Ste 4000
Los Angeles, CA 90013-1010
213-896-6000
Fax: 213-896-6600
Email: sellis@sidley.com

Brian Kelley Washington
Sidley Austin
555 West Fifth Street Suite 400
Los Angeles, CA 90013-1010
213-896-6000
Fax: 213-896-6600
Email: bwashi01@sidley.com

/s/ Theodore w. Atkinson
THEODORE W. ATKINSON
Senior Litigation Counsel
United States Department of Justice