1 | AHILAN T. ARULANANTHAM (SBN 237841)
Email: aarulanantham@aclu-sc.org
2 | JENNIFER STARK (SBN 267062)
Email: jstark@aclu-sc.org
3 | ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
4 | Los Angeles, CA 90017
Tel: (213) 977-5211
5 | Fax: (213) 977-5297

6 | **Attorneys For Petitioners**
(Additional counsel listed on following page)
7

8 | **UNITED STATES DISTRICT COURT**

9 | **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10 | **WESTERN DIVISION**

11

12 | ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, *for themselves and on behalf of a class of similarly-situated individuals*,

Petitioners,

v.

ERIC H. HOLDER, JR., in his official capacity as *United States Attorney General, et al.*

Respondents.

Case No. CV 07-3239-TJH (RNBx)

**JOINT STIPULATION TO CONTINUE THE FINAL PRE-TRIAL CONFERENCE**

Honorable Terry J. Hatter

Additional Counsel:

JUDY RABINOVITZ
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

JAYASHRI SRIKANTIAH (SBN 189566)
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

STEVEN A. ELLIS (SBN 171742)
WILLIAM TRAN (SBN 245104)
BRIAN K. WASHINGTON (SBN 248960)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

1  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2      PLEASE TAKE NOTICE that the parties, by and through their undersigned
3  counsel, hereby stipulate and agree as follows:
4      1.    On April 21, 2010, the Court issued a Minute Order Regarding Discovery
5  and Setting Final Pretrial Conference [Dkt. #79]. In the Order, the Court stated:

> This action shall be governed by the Federal Rules of Civil Procedure
> and the Local Rules of the Central District of California. … [P]ursuant to
> Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16, that
> the Final Pre-Trial Conference is placed on the Court's calendar for
> October 18, 2010…The court does not issue a scheduling order or set a
> status conference regarding the management of cases. Counsel are to
> come to an agreement regarding these dates to comply with [Federal Rule
> of Civil Procedure] 26 and Local Rule 16 in order to prepare for the Final
> Pre-Trial Conference. If discovery has not been completed by the time of
> the Final Pre-Trial Conference, the COURT will set dates for discovery
> cutoff, the filing of any anticipated pre-trial motions and for trial which
> could be a date four to six months from the day of the Final Pre-Trial
> Conference.

[Dkt. #79, at 1-2]. The Court also ordered that "any application or stipulation to continue the Final Pre-trial Conference shall be lodged with the court no later than one week prior to the Conference date, and shall state the reason for seeking the continuance." [Dkt. #79, at 1].

    2.    Petitioners and Respondents now jointly stipulate to continue the Final Pre-Trial Conference to February 21, 2011, or the Court's next available date thereafter.

    3.    Petitioners and Respondents assert that this continuance is for good cause, insofar as they have diligently pursued this action since the Court entered its order, as explained below.

    4.    Counsel for Petitioners sought to obtain information concerning each class member in the form of each class members' "A file" by motion of February 8, 2010. Notice of Motion and Motion for Discovery Related to Sub-Classes;

1

Memorandum of Points and Authorities in Support Thereof; Proposed Order [Dkt. # 54, at 3]. At the March 22, 2010 hearing on that motion, the Court ordered the government to disclose a list of all class members to Petitioners' counsel. Status Conference Re Class Certification, Discovery, and Order to Show Cause Re Lack of Prosecution [Dkt. # 67]. Thereafter, Respondents provided Petitioners with this list on April 30, 2010.

5. Following the Court's stipulated protective order, Petitioners' counsel worked to identify class members for three purposes: to identify suitable sub-class representatives, to establish whether each sub-class was sufficiently "numerous" for purposes of Rule 23(b), and to obtain other information relevant to the lawsuit from each individual.

6. In order to obtain this information, counsel for Petitioners wrote a letter to all class members asking them to complete a questionnaire with information that would allow counsel to assess their sub-class membership, wrote to the attorneys of all class members (using the information provided by the government) to obtain that same information, and then, when those methods proved largely unfruitful, personally interviewed 70 of the class members in an effort to gather more information.

5. Overall, from April 30, 2010 through July 22, 2010, Petitioners devoted hundreds of hours sending out questionnaires, responding to phone calls, and visiting detention facilities in an effort to gather information about the class they are representing. Much of this effort proved ineffectual as just over one third of all detainees on the roster responded to Petitioner's questionnaires, less than thirty attorneys provided their client's documents, and very few detainees thoroughly understood their immigration cases.

6. On July 22, 2010 Petitioner Rodriguez propounded six sets of discovery requests on the Department of Homeland Security and the Department of Justice requesting certain information Petitioners' counsel believes is relevant to the claims in this case, including the A-files of all class members.

7. On August 25, 2010, Respondents timely submitted objections and responses to the discovery requests served by Petitioners. Respondents objected to most of the discovery, and requested a conference of counsel pursuant to L.R. 37-1 on a proposed motion for a protective order. Petitioners responded by also invoking L.R. 37-1 on a proposed motion to compel. The parties agreed to meet September 8, 2010.

9. Counsel for the parties met on September 8, 2010, to confer in person regarding their discovery dispute. At that time, the parties agreed to file parallel discovery motions -- Petitioners intend to file a motion to compel production of the discovery originally sought on July 22, 2010, while Respondents intend to seek a protective order pursuant to Federal Rule of Civil Procedure 26(c) barring Petitioner's discovery requests. In addition, on September 27, 2010, the parties met and conferred telephonically, at which time the government stated its intent to file a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c), which motion will argue that the case can be resolved in Respondents' favor without further discovery.

10. Despite the disagreement over discovery, both parties complied with their subsequent filing deadlines to keep the litigation schedule on track. On September 7, 2010, Petitioners filed the Notice of Motion and Motion for Leave to File the Second Amended Complaint [Dkt. #83], which the Court granted on September 9, 2010 [Dkt #84]. On September 10, 2010, Petitioners filed the Corrected Second Amended Complaint [Dkt. #87]. On October 4, 2010, Respondent's filed their Answer to the Corrected Second Amended Complaint [Dkt. # 94].[1]

11. Petitioners and Respondents originally settled upon October 18, 2010 as a reasonable time for a pre-trial conference assuming that all fact discovery would be complete by that date. See Joint Report Re: Conference of Parties Pursuant to Fed. R.

---

[1] Petitioners filed an errata, to which the government consented, on October 6, 2010. The Second Corrected Second Amended Complaint is now the operative complaint in this case.

1 | Civ. P. 26(F), Local Rule 26-1, and Court Order [Dkt. #82, at 4]. In light of the
2 | continuing dispute concerning discovery, however, that date is no longer practical.
3 |        12.    Without settlement regarding the scope of discovery, the Court and
4 | counsel risk the expenditure of considerable wasted effort should the Court require
5 | both parties to proceed with a Final Pre-Trial Conference as currently scheduled. In
6 | addition, it is questionable how much use certain pre-trial documents, such as the
7 | Memorandum of Fact and Law, would be to the Court if they were prepared prior to
8 | resolution of the discovery disputes.
9 |        13.    The parties have therefore conferred and agreed that it would be in the
10 | interests of justice and efficiency to continue the Final Pre-Trial Conference (the event
11 | from which numerous pre-trial deadlines are calculated) to a date beyond the February
12 | 14, 2010, date agreed to by the parties for the filing of dispositive motions. The
13 | parties continue to believe that it would not be appropriate to propose a trial date at
14 | this time, given the likelihood that this case will be resolved through motion practice.
15 |        14.    The parties therefore stipulate to this request to continue the Final Pre-
16 | Trial Conference to February 21, 2011, or to any subsequent day convenient for the
17 | Court.

4

15. Alternatively, the parties request a joint status conference to occur on October 18, 2010 or on such other date as the Court may deem appropriate.

| | |
|---|---|
| IT IS SO STIPULATED. | ACLU OF SOUTHERN CALIFORNIA |
| Dated: October 12, 2010 | By: s/ Ahilan T. Arulanantham |
| | AHILAN T. ARULANANTHAM<br>Counsel for Petitioners |
| Dated: October 12, 2010 | TONY WEST<br>Assistant Attorney General<br>Civil Division |
| | DAVID J. KLINE<br>Director<br>Office of Immigration Litigation<br>District Court Section |
| | VICTOR M. LAWRENCE<br>Principal Assistant Director |
| | THEODORE W. ATKINSON<br>Senior Litigation Counsel<br>U.S. Department of Justice<br>Civil Division<br>Office of Immigration Litigation<br>District Court Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>(202) 532-4135 |
| | By: s/ Theodore W. Atkinson |
| | THEODORE W. ATKINSON<br>Counsel for Respondents |

5