1    TONY WEST
Assistant Attorney General,
2    Civil Division
DAVID J. KLINE
3    Director
VICTOR M. LAWRENCE
4    Principal Assistant Director
THEODORE W. ATKINSON
5    Senior Litigation Counsel
United States Department of Justice
6    Office of Immigration Litigation
District Court Section
7    P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
8    Tel: (202) 532-4135
Fax: (202) 305-7000
9    E-mail: theodore.atkinson@usdoj.gov

10    Attorneys for Respondents

11

        UNITED STATES DISTRICT COURT

12

       CENTRAL DISTRICT OF CALIFORNIA

13

         WESTERN DIVISION

14

15    ALEJANDRO RODRIGUEZ, *et al.*,     Case No. CV 07-3239-TJH (RNBx)

16              Petitioners,     EX PARTE APPLICATION FOR TEMPORARY STAY AND TO SET A

17    v.     BRIEFING AND CASE MANAGEMENT SCHEDULE

18

19    ERIC H. HOLDER, JR., *in his capacity*     Discovery Cut-Off: None
*as Attorney General of the United States,*
20    *et al.*,     Pretrial conference: October 18, 2010

          Respondents.     Trial date: None
21

22       Hearing: none requested

23

24        Respondents hereby apply to this Court *ex parte* for a temporary stay of

25    discovery proceedings pending Petitioners' expected motion for sub-class

26    certification and Respondents' motion for judgment on the pleadings under Fed.

27    R. Civ. P. 12(c). Because the parties have been unable to agree to a stay,

28

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

1  Respondents also request that the Court enter a case management schedule.[1]
2  There is good cause for the requested relief, and for the filing of this request as an
3  *ex parte* application.

4      As explained in the accompanying memorandum, this case can and should
5  be resolved now.  As in each case that has come before, the issue of whether aliens
6  are entitled to a bond hearing at six months will involve a consideration of the
7  alien's due process rights, if any; the purpose and intent of each of the four very
8  different, complex statutory schemes at issue; and the government's significant
9  interests in the area of the admission, exclusion, and removal of aliens.  The law
10  on the issues before this Court has developed significantly since this action was
11  first filed in 2007 on each of the complex statutory schemes challenged in this
12  case.  Permitting a motion on the pleadings under Rule 12(c) now, before the
13  Court is required to intervene in the discovery dispute, will, at the very least,
14  narrow the claims for ultimate decision by this Court, narrow the areas of possible
15  discovery (if any), and provide the Court with a thorough and concrete
16  understanding of the legal issues before it determines whether Petitioners are
17  entitled to discovery.

18      Respondents accordingly request that the Court enter an order temporarily
19  staying discovery, enter a briefing schedule for Respondents' Rule 12(c) motion
20  for judgment on the pleadings and for sub-class certification.

21

22  [1]  On April 21, 2010, this Court entered an order declining to set a case management
23  schedule, but notifying the parties that "[i]f discovery has not been completed by the
    time of the Final Pre-Trial Conference, the COURT will set dates for discovery cutoff,
    the filing of any anticipated pre-trial motions and for trial which could be a date four to
24  six months from the day of the Final Pre-Trial Conference."  Minute Order [Dkt. # 79].
    The Court scheduled the final pre-trial conference for October 18, 2010.  *Id.*  Because the
25  parties are locked in a discovery dispute and do not agree on how best to proceed, the
    parties expect to file a Joint Stipulation rescheduling the final pre-trial conference from
26  October 18, 2010, to sometime after February 21, 2011.  However, because the parties
    are unable to meet the final pre-trial conference deadline scheduled by the Court,
27  Respondents request that the Court enter a scheduling order as described in this
    application.

28

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

1    Good cause also exists to bring the request for a stay as an *ex parte*

2  application.  In the absence of a case management order and without the parties'

3  agreement as how best to proceed, this action has been dictated by the timing of

4  Petitioners' discovery and pleadings.  Respondents are concerned that the parties'

5  discovery dispute and Petitioners' motion for class certification will likely be

6  addressed before a motion for stay and entry of a case management order are

7  resolved under the motion procedures of L.R. 7-3.

8    On September 27, 2010, counsel for Respondents and counsel for

9  Petitioners discussed this application with respect to the request to stay the

10  discovery.  On October 8, 2010, counsel for Respondents again met and conferred

11  regarding this application.  Counsel for Petitioners represented that they oppose

12  the *ex parte* application for a stay, both because they oppose the application for

13  stay itself and because there is no justification for proceeding *ex parte* rather than

14  by noticed motion.  Petitioners intend to file a response to this *ex parte*

15  application.

16    This application is based on the accompanying memorandum in support of

17  the motion for an *ex parte* application, the declaration of undersigned counsel, and

18  the certificate of counsel pursuant to L.R. 7-19.1.

19

20  Dated: October 12, 2010          Respectfully submitted,

21                                  TONY WEST
                                    Assistant Attorney General
22                                  Civil Division

23                                  DAVID J. KLINE
                                    Director, Office of Immigration Litigation
24                                  District Court Section

25                                  VICTOR M. LAWRENCE
                                    Principal Assistant Director

26

27                                          UNITED STATES DEPARTMENT OF JUSTICE
                                              Civil Division, Office of Immigration Litigation,
                                                       District Court Section
28                                            P.O. Box 868, Ben Franklin Station
                                                  Washington, DC 20044
                                                      (202) 532-4074

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*s/ Theodore W. Atkinson*
THEODORE W. ATKINSON
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington D.C. 20044
(202) 532-4074

NICOLE  R. PRAIRIE
Trial Attorney

ELIZABETH L. WALKER
Trial Attorney

EREZ R. REUVENI
Trial Attorney

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

4

## MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION

## I.    INTRODUCTION

This is a class-action lawsuit involving a legal question of statutory construction.  Petitioners claim that the Immigration and Nationality Act, 8 U.S.C. §§ 1101, *et seq.*, and the Due Process Clause of the Fifth Amendment to the U.S. Constitution require Respondents to provide any alien who was or will be detained for six months or longer in the Central District with a "constitutionally adequate" individualized hearing before an immigration judge to justify their continued detention.  The action challenges detention under four different and complex detention schemes authorized under four detention provisions of the INA, specifically 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a).

In deciding that this action could proceed as a class-action, the U.S. Court of Appeals for the Ninth Circuit determined that this case presents a legal issue that does not turn on the facts of any detainee's individual case.  *Rodriguez v. Hayes*, 591 F.3d 1105, 1122–25 (9th Cir. 2010).  Indeed, when arguing that a class action was appropriate in this case, Petitioners repeatedly took the position – both before the Ninth Circuit and this Court – that this case involved a "pure question of law" that did not turn on the facts of any individual detainee's case.  *See* Petitioner's Opening Brief, No. 08-56156 [Dkt. # 6], at 44; *see also* Petitioner's Motion for Class Certification [Dkt. # 10], at 84  (stating the "core issue in this case . . . is a pure question of law that has nothing to do with the particular facts of any detainee's case.").

However, now that the class action has been certified and the action has begun to proceed in this Court, Petitioners have propounded six sets of sweeping document requests, interrogatories, and requests for admissions that seek, among other things, facts related to each individual class member, beginning with, but by no means limited to, the A-file of every class member and a copy of each class

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

member's immigration court proceedings.  Petitioners also seek broad categories of information regarding the nature and conduct of various types of removal proceedings, the costs associated with removal proceedings and detention, and other matters too numerous to list.  The discovery requests are sweeping enough to include, as specific requests, copies of government contracts with detention facilities; documents related to detainees' visitation rights; and access to legal materials and educational opportunities.  Respondents timely objected.

Because there is no case management order in this action, litigation has proceeded solely based on the timing of the filing and submission of Petitioners' pleadings and papers.  This has led to an unusual procedural posture:  Petitioners served discovery *before* they identified their sub-classes claims or representatives, *before* they filed their Second Amended Complaint, and *before* they sought sub-class certification.  The consequence has been that the parties will have to ask the Court to push off the October 18, 2010 date for a final pre-trial conference until next year.  The parties also disagree as to how this case should proceed.

Respondents request that the Court temporarily stay discovery and enter a scheduling order setting dates for (1) Respondents' Rule 12(c) motion for judgment on the pleadings, and (2) Petitioners' motion for class certification.  This is necessary for three reasons.  First, this case involves purely legal questions of statutory construction and constitutional interpretation, and the answers to the legal issues will not turn on the discovery Petitioners seek.  These issues can and should be disposed of on a Rule 12(c) motion on the pleadings before the Court is required to wade into the parties' dispute over whether discovery is necessary in the first instance.  Second, because the claims touch on four different statutory schemes, each with unique statutory purposes and provisions, even if a Rule 12(c) motion does not dispose of the claims in their entirety, the Rule 12(c) motion will have two beneficial effects: (1) it will narrow the issues for further consideration

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

and discovery, and (2) it will provide the Court with a more fulsome context in which to consider the discovery dispute between the parties as the case goes forward.  Third, staying discovery until the Court has decided the sub-class certification motion will place this action in a proper procedural posture moving forward.

The Court should grant the *ex parte* application, temporarily stay discovery, and enter a scheduling order as described herein.

## II.    BACKGROUND

### A.    Procedural History Before Remand

This action has an unusual procedural posture.  This lawsuit was initially filed on May 16, 2007, and styled as a Petition for a Writ of Habeas Corpus.  [Dkt. # 1].  On June 25, 2007, Petitioners filed a motion for class certification [Dkt. # 2], which Respondents opposed.  [Dkt. # 20].  On December 17, 2007, Respondents filed a motion to dismiss on the ground that the action was moot, or otherwise barred as a class action.  [Dkt. # 26].  The Court denied both the motion for class certification and the motion to dismiss on March 19, 2008.  [Dkt. # 33]. Petitioners appealed.

After extensive briefing, the Ninth Circuit reversed the this Court's denial of Petitioners' motion for class certification, finding that the action was maintainable as a class action because it involves a common issue of law that does not turn on the factual distinctions between class members or class representatives. *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) ("The claims of Petitioner and the class on the whole are that they are entitled to a bond hearing in which dangerousness and risk of flight are evaluated . . . . [T]he determination of whether Petitioner is *entitled* to a bond hearing will rest largely on interpretation of the statute authorizing his detention. The particular characteristics of the Petitioner or any individual detainee will not impact the resolution of this general

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

1  statutory question . . . .") (emphasis in original).

2  The Ninth Circuit's determination that this case could proceed as a class

3  action was supported, among other things, by Petitioner Alejandro Rodriguez's

4  representation to the Ninth Circuit that this case presents "a pure question of law

5  that has nothing to do with the particular facts of any detainee's case." *See*

6  Petitioner's Opening Brief, No. 08-56156 [Dkt. # 6], at 44; *see also* Petitioner's

7  Motion for Class Certification [Dkt. # 10], at 84  (stating the "core issue in this

8  case . . . is a pure question of law that has nothing to do with the particular facts of

9  any detainee's case.").  The Ninth Circuit remanded the case.

10  **B.    Procedural History Since Remand**

11  **1.    Petitioners repeatedly and expressly acknowledged that this case**

12  **involves pure questions of law concerning statutory and constitutional**

13  **interpretation.**

14  On February 8, 2010, Petitioners filed a motion for discovery regarding

15  potential subclass members.[2]  [Dkt. # 54].  Respondents opposed the motion for

16  discovery, highlighting Petitioner's position before the Ninth Circuit:

17  [R]egardless of which side ultimately prevails on the merits, the core

18  issue in the case – whether the Government has the power under the

19  general immigration detention statutes and the Constitution to hold

20

21  [2]  "Specifically, Petitioner [sought] an order compelling Respondents to produce: (1)
22  the names, locations, A numbers, and lengths of detention for all detainees who 1) have
   an immigration case currently pending before the agency or the federal courts of appeal
23  and 2) were detained in the Central District on the 180th day of their detention, whether
   or not they remain detained in this district; (2) the following documents related to those
24  individuals' detention: (a) any charging documents in their immigration cases, (b) any
   writings regarding any parole decisions, custody reviews, bond hearings, or hearings
25  provided pursuant to *Casas-Castrillon*, and any merits decisions in their immigration
   cases from administrative adjudicators, including Immigration Judge decisions and
26  decisions of the Board of Immigration Appeals, and (c) transcripts of their proceedings
   that relate to continuances and the dates when all agency proceedings took place; and (3)
27  the attorney contact information (contained on a form "G-28") for any of these
   individuals who are represented by counsel in their immigration proceedings." [Dkt. #
28  54, n.1].

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

1    non-citizens for prolonged periods without a hearing – is a pure

2    question of law that is common to all class members and has nothing

3    to do with the particular facts of any detainee's case.  Mr. Rodriguez

4    asserts that he and all class members share a common legal and

5    factual claim: that, regardless of the particular posture of their

6    respective cases, all class members who have been incarcerated for a

7    prolonged period of time are entitled to an individualized hearing

8    (with certain procedural protections) to determine whether their

9    continued detention is justified.

10   Petitioner's Opening Brief, No. 08-56156 [Dkt. # 6], at 44; *id.* at 58 ("[a]ll class

11   members share the same core of facts:  they are noncitizens subject to prolonged

12   detention and have not been provided a hearing with appropriate procedural

13   protections before an [Immigration Judge] to determine whether such prolonged

14   detention is justified.").

15        At the hearing on Petitioners' motion for discovery regarding potential

16   subclass members and several miscellaneous issues, this Court ordered

17   Respondents to provide Petitioners' counsel with a list containing the names and

18   A-numbers of potential putative class members in order for Petitioners to more

19   easily identify subclass members. Transcript [Dkt. # 71], at 44-51.  During the

20   hearing, the parties also expressed their understanding of the basis of this lawsuit,

21   while this Court agreed it involves a pure question of law:

22        THE COURT: – the reason that I have ruled the way I did initially

23        was that I did not think that there was the commonality necessary;

24        circuit sees it otherwise.  And since they do, then what we're talking

25        about is just a question of law, isn't it?

26        . . .

27   MR. JUNCAJ: As far as discovery relevant [sic], we don't think

28

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

5

1       there is any discovery that is relevant to the claims that are raised

2       here, because, once again, they're purely legal issues.

3           . . .

4       THE COURT: I tend to agree with you on that . . .

5   *Id.* at 12:24-25; 13:1-3; 23:19-25.

6       Counsel for Petitioners also expressly acknowledged that the case presents a

7   constitutional question of statutory construction:

8       MR. ARULANANTHAM: . . . With respect to subclasses and the

9       question of law, your Honor, we believe that the constitutional

10      question, whether everyone detained for six months is entitled to in-

11      person adversarial hearing with certain protections, which is the way

12      we pled it in the original complaint, we do believe that that is a

13      question of law, your Honor.

14  *Id.* at 14:21-25 and 15:1.  Nevertheless, the Court determined that Petitioners were

15  entitled to at least a list of the names of aliens currently in detention in the Central

16  District of California for six months or more in order to identify subclass

17  members.  Respondents agreed to provide the list for purposes of identifying

18  subclass members.

19      On April 5, 2010, this Court certified the class in this matter, consisting "of

20  all non-citizens within the Central District of California who: (1) are or were

21  detained for longer than six months pursuant to one of the general immigration

22  detention statutes pending completion of removal proceedings, including judicial

23  review, (2) are not and have not been detained pursuant to a national security

24  detention statute, and (3) have not been afforded a hearing to determine whether

25  their detention is justified." [Dkt. # 77].  Thereafter, the list discussed at the March

26  22, 2010 hearing was provided to Petitioners' counsel.

27

28

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

1    After receiving the list, Petitioners' counsel requested a Rule 26(f)

2    conference.  Counsel for Respondents agreed to participate in the conference, but

3    objected that a discovery plan was difficult to establish because Petitioners had not

4    yet filed an amended complaint, nor had they identified any sub-classes.

5    Respondents also objected that because the case presented purely legal issues of

6    statutory construction and constitutional interpretation, traditional fact discovery

7    was unnecessary and irrelevant.  After the conference was conducted, the parties

8    submitted a joint report to the Court proposing a discovery plan, but also noting

9    Respondents' objections to the need for discovery in the first instance.  [Dkt. #

10   82].

11   **2.      Petitioners' broad discovery requests**

12   On July 22, 2010, counsel for Petitioners propounded six sets of discovery

13   requests upon Respondents the Department of Homeland Security ("DHS") and

14   the Department of Justice ("DOJ").  The scope of the discovery requests are

15   expansive and astonishing.

16   Petitioners' document requests, interrogatories, and requests for admissions

17   seek, among other things, and by no means limited to, the following information:

18   (1) the complete A-file of each and every one of the approximately 350 class

19   members; (2) the complete immigration court record of each and every class

20   member; (3) all electronic database records of each and every class member; (4)

21   documents and facts related to any parole determination, hearing pursuant to

22   *Matter of Joseph*, 22 I. & N. Dec. 799, 1999 WL 339053 (BIA 1999), hearing

23   pursuant to *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 948 (9th

24   Cir. 2008), or custody review pursuant to 8 C.F.R. § 241.4 for each and every class

25   member (including the production of any policy or procedure for each of those

26   types of proceedings); (5) documents and other information related to the outcome

27   of each and every class member's individual removal proceedings, including the

28

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

7

1    result of any judicial review of those proceedings in district court or before a court

2    of appeals; and (6) a breakdown, by stage in immigration proceeding, of the time

3    each class member has spent in detention, and the statutes under which each class

4    member is detained.  The requests for information pertaining to the circumstances

5    of each individual detainee's circumstances are comprehensive and go directly

6    against what Petitioners represented to this Court and to the Ninth Circuit.

7         In addition to demanding information concerning the individual facts and

8    circumstances of each and every class member, Petitioners also seek wide-ranging

9    discovery on matters that go far beyond what courts consider in determining the

10   pure question of law (as Petitioners described it) of statutory and constitutional

11   interpretation that lies at the core of this action.  For example, Petitioners demand

12   copies of documents and seek information relating to whether any detainee (class

13   member or otherwise) is receiving *proper access to legal materials* while in

14   detention.  Petitioners have requested policies and procedures related to any class

15   members' *visitation rights with counsel or families*.  Petitioners demand to know

16   what policies exist relating to *educational and vocational opportunities* for class

17   members.  Several of the document requests and interrogatories demand

18   documents and facts showing the dollar costs to the Government of "providing an

19   immigration judge, an adversarial hearing,

20   transcript, interpreters, written notice, and transportation of detainees from their

21   respective detention facilities to the situs of the bond hearing."  Petitioners want

22   copies of any contractual agreements between Respondents and any city, state, or

23   county authority concerning the housing of any class member.  Petitioners demand

24   to know how many bed spaces Respondents used to detain class members between

25   2006 and 2009.  This describes a fraction of the requests served.

26        Respondents submitted objections to the discovery requests on August 23,

27   2010, and invoked L.R. 37-1 governing discovery disputes.  Pursuant to L.R. 37-1,

28

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

1  the parties engaged in a pre-filing conference of counsel in Los Angeles,

2  California on September 8, 2010.

3          **3.      The filing of the Second Amended Complaint**

4          On September 7, 2010, the day before the parties' discovery conference,

5  while counsel for Respondents were traveling to California for the meeting,

6  Petitioners filed their Second Amended Complaint.  The Second Amended

7  Complaint (as it is now styled) amends the prior Amended Petition by (1)

8  identifying sub-class representatives, (2) identifying the claims as encompassing

9  the detention provisions of 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a);

10  and (3) specifying Petitioners' claims as to what elements are required for a

11  "constitutionally adequate" bond hearing before an immigration judge.  The

12  Second Amended Complaint is styled as both a complaint for declaratory and

13  injunctive relief pursuant to 28 U.S.C. § 1331 and a petition for a writ of habeas

14  corpus pursuant to 28 U.S.C. § 2241. [Dkt. # 85].

15          At the discovery meeting, Petitioners provided counsel for Respondents

16  with a copy of the Second Amended Complaint, and gave counsel the opportunity

17  to review the Second Amended Complaint.  Although the parties made good faith

18  attempts during the nearly four-hour meeting to resolve their disputes over

19  Petitioners' incredibly expansive discovery requests, the parties fundamentally

20  disagreed – and continue to disagree – on whether discovery should be had in this

21  case involving a pure legal question.  In accordance with the procedures

22  contemplated by L.R. 37, the parties agreed to prepare a joint stipulation to submit

23  to the Court for resolution.  *See generally* L.R. 37.  That process is proceeding.

24          **4.      Petitioner's announced sub-class certification motion**

25          On September 17, 2010, Petitioners notified Respondents that they intend to

26  seek certification of the sub-classes and claims, and the parties have had a

27  conference on the motion pursuant to L.R. 7-3.  Petitioners did not state when that

28  motion would be filed.  In a conversation with counsel for Respondents on

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

9

October 8, 2010, counsel indicated that the motion for sub-class certification would be filed "sometime next week." The motion for sub-class certification has not been filed as of the date this *ex parte* application. Respondents have informed Petitioners that they cannot consent to the motion at this time.

### 5.    Respondents' announced motion for judgment on the pleadings

On September 17, 2010, Respondents informed counsel for Petitioners that they intend to file a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. The parties met and conferred that day regarding the motion under L.R. 7-3, and counsel for Respondents explained in detail the basis for the motion.

Respondents explained that their Rule 12(c) motion for judgment on the pleadings would either dispose of all the claims presented in this case, or would dispose of most of the claims. The benefit of such a motion would be prompt resolution of the case. Alternatively, if the motion does not dispose of the case in its entirety, Respondents explained that it would narrow the issues for discovery and trial. Petitioners announced that they would oppose the motion for judgment on the pleadings.

### 6.    Rescheduling of the pre-trial conference

On October 8, 2010, the parties discussed the need to reschedule the final pre-trial conference currently scheduled for October 18, 2010. The parties agreed that their discovery dispute, and their dispute over the scheduling of the case going forward, meant that the parties would no be prepared for a pre-trial conference on the date set by the Court. The parties agreed to file a joint stipulation concerning the need to reschedule the pre-trial conference from October 18, 2010 to February 2011. Alternatively, the parties requested that the October 18, 2010 date for a final pre-trial conference remain on the schedule as a status conference before the Court, or that the Court schedule a status conference at its earliest convenience.

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

III.    **ARGUMENT**

    A.    **The Court Should Exercise its Discretion and Temporarily Stay Discovery Pending Resolution of Petitioners' Motion for Sub-Class Certification and Respondents' Motion for Judgment on the Pleadings.**

    A stay of discovery is treated under a similar standard as a motion for a protective order under Federal Rule of Civil Procedure 26(c).  A temporary stay of discovery should be ordered when the moving party establishes a strong showing of good cause for the order.  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).  In considering whether a stay of all discovery pending the outcome of a dispositive motion is warranted, a case-by-case analysis is required.  *Skellerup Industries Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995) (quoting *Hachette Distribution, Inc. v. Hudson County News Company*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)).  Factors this Court should consider include: "[T]he type of motion and whether it is a challenge as a 'matter of law' or the 'sufficiency' of the allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been interposed; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances." *Id.*  The Court should grant this *ex parte* application for a temporary stay of discovery and enter a scheduling order on the parties' pending motions, for three reasons.

    1.    **This case involves purely legal issues of statutory and constitutional interpretation and is ripe for determination now that the action has been properly joined**.

    First, as the Ninth Circuit has recognized and as Petitioners have represented, this case turns on statutory and constitutional interpretation of four

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

detention statutes, which Petitioners recently identified in the Second Amended Complaint. *Rodriguez*, 591 F.3d at 1123. Because this case involves a purely legal issue, it is ripe for determination now, and should be resolved before the parties are required to engage further in a significant discovery dispute that will require this Court's intervention.

Whether the class members are entitled to a bond hearing at six months (and what that hearing must look like) is a matter of statutory construction that must be determined against the Due Process Clause of the Fifth Amendment. In deciding that this case could proceed as a class action, the Ninth Circuit surveyed the case law in the area of constitutional and statutory challenges to indefinite or prolonged detention. That legal survey shows that in each previous case considered, courts were able to analyze the statutory and constitutional issues as questions of law, and determine the cases without resort to the kind of sweeping fact discovery Petitioners seek in this case. *See Rodriguez*, 591 F.3d at 1113-16.

The Ninth Circuit explained that in each Supreme Court and Ninth Circuit decision, the courts had "undertaken interpretation of the immigration detention statutes against the backdrop of the serious constitutional issues raised by indefinite or prolonged detention." *Rodriguez*, 591 F.3d at 1114 (9th Cir. 2010). Accordingly, the Ninth Circuit correctly surveyed the relevant prior decisions taking up the same question in different immigration detention contexts and concluded that the issues before it were legal issues, not factual ones: "[T]he determination of whether Petitioner is entitled to a bond hearing will rest largely on interpretation of the statute authorizing his detention. The particular characteristics of the Petitioner or any individual detainee will not impact the resolution of this general statutory question . . . ." *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010). Indeed, in every preceding case on the issue of prolonged immigration detention, courts have decided these cases after engaging in statutory and constitutional interpretation, and without fact discovery. No court

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

has ever engaged in the kind of fact-sifting Petitioners seek to undertake in this case. *See Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008) (legal issue of statutory construction in the context of prolonged detention under section 1226(a)); *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942 (9th Cir.2008) (same); *Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005) (finding alien detained for nearly three years could not be mandatorily detained under section 1226(c) and ordering bond hearing, impliedly finding alien was detained under section 1226(a)); *Zadvydas v. Davis*, 533 U.S. 678 (2001) (engaging in statutory construction and constitutional analysis of alien initially detained under post-final order detention provision of section 1231(a)(6)).[3]

### 2.    Respondents have a meritorious basis for seeking judgment on the pleadings under Rule 12(c).

Respondents understand that it is important for the Court to have a sense as to whether the motion is meritorious before deciding to stay discovery. Without detailing all of the arguments of the pending Rule 12(c) motion, Respondents highlight the central arguments they expect to make.

At the outset, Respondents note that the Rule 12(c) motion will consider each of the four statutory schemes separately. As the courts considering prolonged detention issues have acknowledged, it is important to understand which statute governs, because each raises different due process considerations: "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Prieto-Romero v.*

---

[3]   Petitioners will likely argue in opposition to this application that in at least *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court based its decision on an extensive factual analysis. That is incorrect. A close examination of *Demore* shows that the Court relied on the facts from the legislative record in showing Congress's intent in establishing mandatory detention fo certain criminal aliens. The only extrinsic fact that was considered by the Court was cited by the Government for the first time in its brief to the Court.

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

13

*Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008).

First, the consideration of whether an alien detained under section 1225(b) is entitled to a bond determination at six months is ripe for determination without discovery, because much of the due process analysis is based on the threshold issue of whether an arriving alien enjoys the kind of due process rights that would permit him to challenge his prolonged detention.  The Supreme Court has long recognized that

> our immigration laws have long made a distinction between those
> aliens who have come to our shores seeking admission, such as
> petitioner, and those who are within the United States after an entry,
> irrespective of its legality. In the latter instance the Court has
> recognized additional rights and privileges not extended to those in
> the former category who are merely 'on the threshold of initial entry.'

*Sale v. Haitian Centers Council, Inc.*, 509 U.S. 155, 175 (1993) (citing *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953); *see also Knauff v. Shaughnessy*, 338 U.S. 537, 543 (1950).  The Ninth Circuit has also concluded that arriving aliens – that is, those who have not effected an "entry" into the United States – do not enjoy due process rights that that are necessary to bring a due process claim such as that asserted in this case.  *Alvarez-Garcia v. Ashcroft*, 378 F.3d 1094 (9th Cir. 2004); *Barrera-Echavarria v. Rison*, 44 F.3d 1441, 1448 (9th Cir. 1995) (en banc).

Petitioners will almost certainly disagree with this legal interpretation.  But the fact that they disagree with Respondents' interpretation of the previous case law and the constitutional analysis does not change the fact that, at its core, the debate is over a legal question that does not turn on the facts of any individual class member.  Since the issue of prolonged detention under section 1225(b) can be resolved on a motion for judgment on the pleadings, there is good cause to stay

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

the discovery of irrelevant and unduly burdensome discovery requests.[4]

Second, the issue of whether aliens detained pursuant to the discretionary detention provisions of section 1226(a) are entitled to a bond hearing is also a question of law that can be determined without resort to factual discovery. Since Petitioners brought this action, the Ninth Circuit has issued two significant decisions that touch on the rights of lawful permanent resident aliens to immigration bond hearings if they have been subject to prolonged detention and if their removal is stayed by the Ninth Circuit. *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008); *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942 (9th Cir. 2008).

Respondents expect to argue that aliens detained under section 1226(a) that are part of the class and who are not "*Casas* detainees" are entitled to a bond hearing before an immigration judge pursuant to the statute. To the extent Petitioners claim that the bond hearings are inadequate because they are not transcribed, they are not based on an appropriate standard of proof, and because the Government does not bear the burden of proof at such hearings, those issues are inherently an issue of law. The parties know they are issues of law because on October 4, 2010, the parties argued the very same issues of the "constitutional adequacy" of immigration bond hearings. In a trio of cases that advanced after this case was filed in 2007, the Ninth Circuit has heard arguments as to whether *Casas* hearings must conform to certain substantive and procedural standards that are identical to those set forth in the Second Amended Complaint at ¶¶ 121-122. *Vijendra Kumar Singh v. Eric H. Holder*, No. 08-71682 (9th Cir. Oct. 4, 2010); *Jaime Leonardo v. Phillip Crawford*, No. 09-17495 (9th Cir. Oct. 4, 2010);

---

[4]   Petitioners may argue that such discovery is necessary to identify who is an arriving alien under the class. But that argument goes to the issue of relief only *if* the Petitioners prevail on their claim. Such discovery is not necessary to determine the constitutional and statutory issues that must be determined before the entitlement to relief, if any, is granted.

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

1    *Gurdev Singh v. Michael Chertoff*, No. 09-56567 (9th Cir. Oct. 4, 2010).

2    Significantly, in *none* of the cases recently argued and submitted for decision by

3    the Ninth Circuit did Petitioners argue that the due process issues required factual

4    discovery before determination.   It is illogical for Petitioners to assert that

5    argument here.

6         Third, Respondents expect to argue that detention beyond six months under

7    the mandatory detention provisions of section 1226(c) is constitutional, as

8    recognized by the Supreme Court in *Demore v. Kim*.  There the Court considered

9    whether a lawful permanent resident detained for longer than six months was

10   entitled to a bond hearing, and concluded that his continued detention was

11   constitutional because his detention had a foreseeable termination point.  Again,

12   Petitioners are going to disagree, but that disagreement is a disagreement over

13   constitutional interpretation, and not an issue that requires factual discovery to

14   resolve.[5]

15        Fourth, Respondents will argue that the continued detention of an alien

16   discretionarily detained pursuant to section 1231(a)(6) beyond six months is not

17   unconstitutional, in light of the Supreme Court's decision in *Zadvydas v. Davis*,

18   533 U.S. 678 (2001) (engaging in statutory construction and constitutional

19   analysis of alien initially detained under post-final order detention provision of

20   section 1231(a)(6).  Petitioners will disagree, but the issue is nevertheless a legal

21   one at its core.  This Court is well aware that the constitutionality of continued

22   detention of an alien detained under section 1231(a)(6) is one that can be

23   determined based on statutory construction and constitutional interpretation.  Last

24

25   _____
     [5]   Petitioners will likely argue that discovery is needed to assess the "error rate" of
     alternatives to continued detention.  The "error rate" concept, first announced in
26   *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976), has never been adopted by the Supreme
     Court in assessing the constitutionality of immigration detention.  Additionally, it is not
27   appropriate in assessing the sufficiency of alternatives to an immigration bond hearing,
     particularly under section 1226(c), which provides no alternatives to mandatory
28   detention, except in rare cases.

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

16

1  year, this Court analyzed the same due process question at issue here by

2  examining the status of the alien at issue, the purpose of section 1236(a), the

3  government interest involved in the removal of aliens ordered removed, and the

4  constitutional adequacy of the custody review procedures as set forth in the

5  regulations.  *Diouf v. Mukasey*, No. 06-07452-TJH (C.D. Cal. Sept. 9, 2009) [Dkt

6  # 74 therein].  Moreover, this Court did so without resort to the factual discovery

7  that Petitioners now claim is necessary.  If this case can similarly be decided on

8  the law on a motion for judgment on the pleadings, it should be decided in the

9  interests of judicial economy.

10              **3.     This case is ripe for determination.**

11      Once Respondents answered the Second Amended Complaint, this case

12  became ripe for determination on the legal issues.  Because it is now ripe for

13  determination on the legal issues, the Rule 12(c) motion should be decided before

14  the parties engage in lengthy and burdensome discovery.  *See Rae v. Union Bank,*

15  725 F.2d 478, 481 (9th Cir. 1984) (district court did not abuse its discretion in

16  staying discovery pending resolution of the Rule 12(b) motion that accepted all

17  facts alleged in the complaint as true); *Duff v. Nevada*, 2006 WL 3699051, at *1

18  (9th Cir. Dec. 13, 2006) (district court did not abuse its discretion by staying

19  discovery pending resolution of the defendants' motion to dismiss); *U.S. Philips

20  Corp. v. Synergy Dynamics Intern., LLC*, No. 05-cv-00577, 2006 WL 3453225, *4

21  (D. Nev. Nov. 28, 2006) ("The decision whether to grant a stay of discovery still

22  requires the court to determine whether the issues before the court on the motion

23  for summary judgment are purely questions of law that can and should be decided

24  before the parties engage in burdensome, expensive and potentially unnecessary

25  discovery.").  If the Court, after accepting as true the allegations of the pleadings,[6]

26

27  _____
   [6]   Pursuant to Rule 12(c), "[a]fter the pleadings are closed but within such time as not
   to delay the trial, any party may move for judgment on the pleadings."  Fed. R. Civ. P.

28  12(c).  A motion for judgment on the pleadings should be granted only if "taking all the

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

determines that judgment may be entered under Rule 12(c), then the contentious

discovery process that is certain to be presented to this Court will have been

properly avoided.

**4.    Even if the Rule 12(c) motion does not dispose of the case,
the Rule 12(c) motion will narrow the issues before it and
thus narrow and focus discovery.**

Even if the Rule 12(c) motion would not result in judgment on all of the

claims under the Second Amended Complaint, discovery should still be

temporarily stayed because the Rule 12(c) motion would, at the very least, narrow

the issues for determination and discovery.[7]

Given the complexity of the statutory provisions, regulations, and prior case

law involved, this Court would benefit from a concrete presentation of the legal

arguments before determining, in the abstract, whether certain discovery should be

permitted.  As this case currently stands, this Court will be asked to decide

whether discovery should proceed *before* it has an opportunity to fully consider

the complexity and the scope of the issues presented by this case.  There is no

question that in opposing Petitioners' discovery, Respondents will be required to

explain why the merits of the legal issues do not justify the discovery requested.

Those legal issues should be considered and understood by the Court before

discovery is either denied or permitted.  The most efficient vehicle for doing so –

and one that will likely result in disposing of and/or narrowing of the claims – is

allegations in the pleading as true, the moving party is entitled to judgment as a matter of
law."  *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).

[7]  If this Court examines Respondents' Rule 12(c) motion and determines that certain
issues cannot be decided without the parties undergoing fact discovery, then this Court
may hold the Rule 12(c) motion in abeyance on issues that cannot be determined on the
pleadings, permit discovery on the issues under Rule 56(f), and revisit the Rule 12(c)
after discovery as a Rule 56 motion for summary judgment.  *See Living Designs, Inc. v.
E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 363-64 (9th Cir. 2005) (describing
appropriate procedure if case cannot be decided on a Rule 12(c) motion for judgment on
the pleadings).

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

18

1  Respondents' Rule 12(c) motion.

2       Petitioners likely will argue in opposing this application that Respondents'

3  underlying arguments about the merits (which go to Respondents' arguments in

4  the discovery dispute as to why discovery is not necessary) can be presented in

5  opposition to the discovery requests as opposed to a Rule 12(c) motion.  This is

6  incorrect.  The detailed and carefully prescribed process for presenting discovery

7  disputes to the Court is an inappropriate vehicle for advancing core legal

8  arguments on the merits of the case, the consideration of which is necessary to

9  resolve the parties' discovery dispute.  The local rules dictate that the parties'

10  discovery disputes be presented in a certain form.  *See* L.R. 37-1 (mandating a

11  joint report, requiring certain contents of the joint report, and otherwise structuring

12  the presentation of discovery disputes).

13       Petitioners admit that the Joint Stipulation the parties are required to file

14  requires the parties to set forth the discovery in the text of the document,

15  interspersed with the parties' arguments and cross-contentions.  For a dispute over

16  one or two discovery requests limited to a narrow issue, that format works well.

17  But here the issues are sprawling, and almost every discovery request is disputed

18  as unnecessary in light of the legal issues presented.  Under such circumstances,

19  the parties joint stipulation will be massive  – as of this stage in the drafting,

20  the parties joint stipulation pursuant to L.R. 37-1 *already exceeds 150 pages*, and

21  will only grow larger and more complex as the parties draft and add in their cross-

22  contentions.  More importantly, issues that could be presented and considered

23  more clearly through a Rule 12(c) motion are being lost in the mechanical aspects

24  of the joint stipulation document.[8]  Considering the issue of whether the legal

25

26  ———————————

    [8]   Indeed, to manage the sheer size of the filing, the parties agreed to submit

27  representative samples of discovery requests on basic overarching disputes, but even that has resulted in an enormous document, and it provides no guarantees that the parties will

28  not return to the Court on additional discovery disputes the parties have expressly reserved at this time.

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

1 claims may be determined now through a Rule 12(c) motion likely would, at the

2 very least, focus and narrow the issues in dispute in discovery.  Accordingly, a

3 temporary stay of discovery in this matter is warranted until there is a ruling on

4 Respondents' Rule 12(c) motion for judgment on the pleadings.

5 **B.     There is Good Cause for Filing this *Ex Parte* Application**

6 Finally, Respondents have good cause for filing this request as an *ex parte*

7 application.  Despite the parties' agreement regarding a schedule in this case, the

8 discovery dispute and the sequencing of this litigation have rendered that schedule

9 unworkable.  The parties are unable to agree to a new schedule going forward.

10 For this reason, Respondents' request for a temporary stay and a scheduling order

11 is timed to present those requests before the parties go further down the road in

12 their discovery dispute ahead of the announced motions for class certification and

13 for judgment on the pleadings.  Proceeding under the regular motion notice

14 schedule will not permit meaningful resolution of Respondents' request in a timely

15 manner.

16 **IV.     CONCLUSION**

17 For the foregoing reasons, Respondents respectfully request that this Court

18 (1) order a temporary stay in discovery, and (2) set a briefing schedule for the

19 announced motions for class certification and for judgment on the pleadings.

20

21 Dated: October 12, 2010                    Respectfully submitted,

22                                                          TONY WEST
                                                             Assistant Attorney General
23                                                          Civil Division

24                                                          DAVID J. KLINE
                                                             Director, Office of Immigration Litigation
25                                                          District Court Section

26                                                          VICTOR M. LAWRENCE
                                                             Principal Assistant Director

27

28

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

20

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*s/ Theodore W. Atkinson*
THEODORE W. ATKINSON
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington D.C. 20044
(202) 532-4074

NICOLE  R. PRAIRIE
Trial Attorney

ELIZABETH L. WALKER
Trial Attorney

EREZ R. REUVENI
Trial Attorney

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

21

1      In accordance with Rule 26(c) of the Federal Rules of Civil Procedure,

2 counsel for Respondents certify that the parties conferred in good faith,

3 telephonically, regarding the stay of discovery in this matter most recently on

4 October 8, 2010.

5

6                             *s/ Theodore W. Atkinson*
                             THEODORE W. ATKINSON

7                              Senior Litigation Counsel

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

## DECLARATION RE NOTICE OF EX PARTE APPLICATION

I, Theodore W. Atkinson, declare and say as follows:

1.    I am an attorney with the United States Department of Justice, Civil Division, Office of Immigration Litigation, District Court Section. I am one of the attorneys for Respondents. My business address is P.O. Box 868, Ben Franklin Station, Washington, DC 20044.

2.    On October 8, 2010, I sent an e-mail to and spoke with Ahilan Arulanantham, one of the lead attorneys for Petitioners, regarding this *ex parte* application. Mr. Arulanantham replied that Petitioners oppose this *ex parte* application.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of October, 2010, in Washington, DC.


                                        */s/ Theodore W. Atkinson*
                                        THEODORE W. ATKINSON

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2010, I filed the foregoing with this Court through the Court's ECF/CM filing system, which caused a copy to be served electronically on the following:

Ahilan T. Arulanantham
ACLU Foundation of Southern
California
1616 Beverly Boulevard
Los Angeles, CA 90026
213-977-5211
Fax: 213-977-5297
Email: aarulanantham@aclu-sc.org

Jayashri Srikantiah
Stanford Law School
Immigrants' Rights Clinic,
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
650-724-2442
Fax: 650-723-4426
Email: jsrikantiah@law.stanford.edu

William Tran
Sidley Austin
555 West Fifth Street Suite 4000
Los Angeles, CA 90013-1010
213-816-6000
Fax: 213-896-6000
Email: wtran@sidley.com

Judy Rabinovitz
ACLU Immigrants' Rights Project
125 Broad Street 18th Floor
New York, NY 10004
212-549-2618
Fax: 212-549-2654
Email: jrabinovitz@aclu.org

Steven A. Ellis
Sidley Austin LLP
555 W 5th St, Ste 4000
Los Angeles, CA 90013-1010
213-896-6000
Fax: 213-896-6000
Email: sellis@sidley.com

Brian Kelley Washington
Sidley Austin
555 West Fifth Street Suite 400
Los Angeles, CA 90013-1010
213-896-6000
Fax: 213-896-6000
Email: bwashi01@sidley.com

s/ Theodore W. Atkinson
THEODORE W. ATKINSON
Senior Litigation Counsel

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074