1  AHILAN T. ARULANANTHAM (SBN 237841)
   Email: aarulanantham@aclu-sc.org
2  JENNIFER  STARK (SBN 267062)
   Email: jstark@aclu-sc.org
3  ACLU FOUNDATION OF SOUTHERN CALIFORNIA
   1313 West 8th Street
4  Los Angeles, CA 90017
   Tel: (213) 977-5211
5  Fax: (213) 977-5297

6  **Attorneys For Petitioners**
   (Additional counsel listed on following page)

7

8

9              **UNITED STATES DISTRICT COURT**

10        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11                    **WESTERN DIVISION**

12

13  ALEJANDRO RODRIGUEZ,              )  Case No. CV 07-3239-TJH (RNBx)
    ABDIRIZAK ADEN FARAH, YUSSUF      )
14  ABDIKADIR, ABEL PEREZ RUELAS,     )  **MEMORANDUM OF POINTS AND**
    JOSE FARIAS CORNEJO, ANGEL        )  **AUTHORITIES**
15  ARMANDO AYALA, *for themselves    )
    and on behalf of a class of similarly-  )  Honorable Terry J. Hatter
16  situated individuals*,            )
                                      )  Hearing Date:  December 6, 2010
17         Petitioners,               )
                                      )  Hearing Time:  UNDER SUBMISSION
18         v.                         )
                                      )
19  ERIC H. HOLDER, JR., in his official  )
    capacity as *United States Attorney  )
20  General, et al.*                  )
                                      )
21         Respondents.               )
                                      )
22  —————————————————————

23

24

25

26

27

28

1   Additional Counsel:

2   JUDY RABINOVITZ
    AMERICAN CIVIL LIBERTIES FOUNDATION
3   IMMIGRANTS' RIGHTS PROJECT
    125 Broad Street, 18th Floor
4   New York, NY 10004
    Telephone: (212) 549-2618
5   Facsimile: (212) 549-2654

6   JAYASHRI SRIKANTIAH (SBN 189566)
    STANFORD LAW SCHOOL
7   IMMIGRANTS' RIGHTS CLINIC
    Crown Quadrangle
8   559 Nathan Abbott Way
    Stanford, CA 94305-8610
9   Telephone: (650) 724-2442
    Facsimile: (650) 723-4426
10
    STEVEN A. ELLIS (SBN 171742)
11  WILLIAM TRAN (SBN 245104)
    BRIAN K. WASHINGTON (SBN 248960)
12  SIDLEY AUSTIN LLP
    555 West Fifth Street, Suite 4000
13  Los Angeles, California  90013-1010
    Telephone: (213) 896-6000
14  Facsimile: (213) 896-6600

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.  Introduction ....................................................................................................1

II.  Proposed Subclasses.........................................................................................3

III.  The Proposed Subclasses Meet the Requirements of Rule 23...........................3

    A.  Numerosity...........................................................................................4

    B.  Commonality........................................................................................6

    C.  Typicality .............................................................................................7

    D.  Adequacy .............................................................................................7

    E.  Rule 23(b)(2) .......................................................................................8

IV.  Clarification of Scope of Proposed Class .........................................................9

V.  Conclusion ....................................................................................................10

i

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**FEDERAL CASES**

Armstrong v. Davis,
275 F.3d 849 (9th Cir. 2001)........................................................7

Betts v. Reliable Collection Agency, Ltd.,
659 F.2d 1000 (9th Cir. 1981)......................................................4

Casas-Castrillon v. Dep't of Homeland Security,
535 F.3d 942 (9th Cir. 2008)........................................................3

General Telegraph Co. of the Nw., Inc. v.
Equal Employment Opportunity Commission,
446 U.S. 318 (1980)....................................................................4

Hanlon v. Chrysler Corp.,
150 F.3d 1011 (9th Cir. 1998)...................................................6, 7

Harris v. Palm Springs Alpine Estates, Inc.,
329 F.2d 909 (9th Cir. 1964)........................................................4

Jordan v. Cty. of Los Angeles,
669 F.2d 1311 (9th Cir. 1982),
vacated on other grounds, 459 U.S. 810 (1982) ......................4, 5

Marisol A. v. Giuliani,
126 F.3d 372 (2d Cir. 1997)........................................................3

Nadarajah v. Gonzales,
443 F.3d 1069 (9th Cir. 2006)......................................................2

Rodriguez v. Hayes,
591 F.3d 1105 (9th Cir. 2010)..............................................passim

Stewart v. Abraham,
275 F.3d 220 (3d Cir. 2001)........................................................4

Von Colln v. Cty. of Ventura,
189 F.R.D. 583 (C.D. Cal. 1999) ................................................4

Walters v. Reno,
145 F.3d 1032 (9th Cir. 1998)...................................................7, 8

Zadvydas v. Davis,
533 U.S. 678 (2001) ...................................................................2

Zinser v. Accufix Research Institute, Inc.,
253 F.3d 1180 (9th Cir. 2001)......................................................8

**STATUTES**

8 U.S.C. § 1225(b) ........................................................................ 2, 3, 5, 6

8 U.S.C. § 1226(a) ........................................................................ 2, 3, 5, 6

8 U.S.C. § 1226(c) ....................................................................... 2, 3, 5, 6, 7

8 U.S.C. § 1226a ............................................................................... 1, 2, 9

8 U.S.C. § 1231 ...................................................................................... 5

8 U.S.C. § 1231(a) ...................................................................... 2, 3, 5, 6, 7

8 U.S.C. §§ 1531-37 ..................................................................... 1, 2, 8, 10

**RULES**

Fed. R. Civ. P. 23 ..................................................................................... 1

Fed. R. Civ. P. 23(a)(1) ............................................................................ 4

Fed. R. Civ. P. 23(a)(2) ............................................................................ 6

Fed. R. Civ. P. 23(a)(3) ............................................................................ 7

Fed. R. Civ. P. 23(a)(4) ............................................................................ 8

Fed. R. Civ. P. 23(c)(4) ............................................................................ 3

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to this court's request that the parties propose subclasses, Alejandro Rodriguez and the five other named Petitioners in this action (together, "Petitioners") propose that the court certify a class and four subclasses in the instant class action. Petitioners request that the court define the class to consist of "all people within the Central District of California who 1) are or will be detained for longer than six months pursuant to the general immigration detention statutes pending completion of removal proceedings, including judicial review; 2) are not detained pursuant to one of the national security detention statutes at 8 U.S.C. § 1226a and 8 U.S.C. §§ 1531-37; and 3) have not been afforded a hearing to determine whether their prolonged detention is justified."[1]

Given the Court's directive regarding subclasses, Petitioners further request that the subclasses be formed based on the four detention statutes under which the government detains all of the class members. The proposed subclassification divides the class according to each of the four general immigration detention statutes. The proposed subclasses satisfy all requirements of Fed. R. Civ. P. 23, and subclassification will advance the interests of practicality, economy, and effective representation in this suit.

## I.    Introduction

Petitioners represent or seek to represent a class of non-citizens in the Central District of California who, like them, have been detained for more than six months while the government litigates their removal cases, and yet have never received a hearing with adequate procedures where the government has had to justify their incarceration. On any given day, approximately 350 individuals in the district are subject to such prolonged detention, in many cases for years, while their cases wind their way through the adjudicatory system. Pursuant to policy or general practice, the

---

[1] Petitioners also request that the court clarify certain ambiguities in this definition, as set forth infra.

1  government routinely subjects these individuals to prolonged incarceration without

2  ever demonstrating that their detention is necessary, whether to secure their presence

3  at the time of removal or to protect public safety.

4      Petitioners, like the detainees they represent or seek to represent, are

5  purportedly detained under one of the four general immigration detention statutes that

6  govern the detention of most non-citizens whom the government seeks to remove.

7  See 8 U.S.C. § 1225(b) (authorizing detention of non-citizens seeking admission); 8

8  U.S.C. § 1226(a) (authorizing detention of non-citizens pending a determination of

9  removability); 8 U.S.C. § 1226(c) (authorizing "mandatory" detention, without

10 hearings, of non-citizens who, inter alia, have been convicted of certain offenses); 8

11 U.S.C. § 1231(a) (authorizing detention of non-citizens with administratively final

12 orders of removal during and after the removal period); see also Nadarajah v.

13 Gonzales, 443 F.3d 1069, 1078, 1080-81 (9th Cir. 2006) (contrasting "general

14 immigration detention statutes" that do not expressly authorize prolonged detention

15 with specific statutes at 8 U.S.C. §§ 1226a, 1531-37 that authorize prolonged

16 detention on, inter alia, national security grounds).

17     Petitioners contend that because none of the general immigration detention

18 statutes explicitly authorize prolonged detention, they cannot be construed to

19 authorize more than six months of detention absent a hearing where the government

20 bears the burden of showing that continued detention is justified.  See Casas-

21 Castrillon v. Dep't of Homeland Security, 535 F.3d 942, 950 (9th Cir. 2008)

22 (concluding that "prolonged detention without adequate procedural protections would

23 raise serious constitutional concerns.").  Alternatively, if these statutes do authorize

24 prolonged detention without sufficient procedural safeguards, they violate the Due

25 Process Clause of the Fifth Amendment.  See id. (citing Zadvydas v. Davis, 533 U.S.

26 678, 690 (2001)).

27     Despite these serious constitutional concerns, Respondents maintain a policy or

28 general practice of detaining class members for prolonged periods of time without

2

adequate procedural safeguards, in violation of the class members' statutory and constitutional rights.  To remedy this ongoing violation, Petitioners bring this action seeking declaratory and injunctive relief on behalf of themselves and the class.

## II.    Proposed Subclasses

Pursuant to this court's directive that the parties propose subclasses in this action, Petitioners propose that the court certify four subclasses corresponding to each of the general detention statutes.  Petitioners propose the following subclasses:

> (1)    a subclass of class members detained under 8 U.S.C. § 1225(b) represented by Petitioners Abdirizak Aden Farah and Yussuf Abdikadir, <u>see</u> Exhibit 21 (Declaration of Abdirizak Aden Farah of Oct. 12, 2010);

> (2)    a subclass of class members detained under 8 U.S.C. § 1226(a) represented by Petitioners Rodriguez and Abel Perez Ruelas, <u>see</u> Exhibit 22 (Declaration of Alejandro Rodriguez of May 10, 2007), Exhibit 23 (Declaration of Abel Perez Ruelas of Oct. 12, 2010);

> (3)    a subclass of class members detained under 8 U.S.C. § 1226(c) represented by Petitioner Jose Farias Cornejo, <u>see</u> Exhibit 24 (Declaration of Jose Farias Cornejo of Oct. 12, 2010); and

> (4)    a subclass of class members detained under 8 U.S.C. § 1231(a) represented by Petitioner Angel Armando Ayala, <u>see</u> Exhibit 25 (Declaration of Angel Armando Ayala of Oct. 14, 2010).

## III.    The Proposed Subclasses Meet the Requirements of Rule 23

Subclassification is appropriate where groups of class members have "'separate and discrete legal claims pursuant to particular federal and state constitutional, statutory, and regulatory obligations of the defendants,'" and where subclassification would serve the interests of practicality, economy, and effective representation. <u>Rodriguez v. Hayes</u>, 591 F.3d 1105, 1123 (9th Cir. 2010) (quoting <u>Marisol A. v. Giuliani</u>, 126 F.3d 372, 378-79 (2d Cir. 1997)); <u>see also</u> Fed. R. Civ. P. 23(c)(4) (authorizing subclass certification where "appropriate").

"[E]ach subclass must independently meet the requirements of Rule 23 for the maintenance of a class action."  <u>Betts v. Reliable Collection Agency, Ltd.</u>, 659 F.2d

3

1000, 1005 (9th Cir. 1981).  Rule 23(a) requires that:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

In addition, each subclass must meet the requirements of one of the three subsections in Rule 23(b).  In this case, Petitioners seek certification under Rule 23(b)(2), which requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Each of these requirements is met here.

### A.    Numerosity

Rule 23(a)(1) requires that a class be of sufficient number such that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1).  "[I]mpracticability does not mean impossibility, but only the difficulty or inconvenience of joining all members of the class."  Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909, 913-14 (9th Cir. 1964) (internal quotation marks omitted).  There is no fixed number of class members required: "[t]he numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations."  Gen. Tel. Co. of the Nw., Inc. v. Equal Employment Opportunity Comm'n, 446 U.S. 318, 330 (1980).  In addition, the "exact size of the class need not be known so long as general knowledge and common sense indicate that it is large."  Von Colln v. Cty. of Ventura, 189 F.R.D. 583, 590 (C.D. Cal. 1999) (internal quotation marks omitted).

"[G]enerally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met."  Stewart v. Abraham, 275 F.3d 220, 227-28 (3d Cir. 2001); see also Jordan v. Cty. of Los

4

1  Angeles, 669 F.2d 1311, 1319 (9th Cir. 1982) (stating inclination "to find the

2  numerosity requirement . . . satisfied solely on the basis of the number of ascertained

3  class members, i.e., 39"), vacated on other grounds, 459 U.S. 810 (1982).  However,

4  courts have certified even smaller classes in appropriate cases.  See id. at 1319 n.10

5  (citing cases in which courts certified classes as small as seven members).

6         Here, each subclass satisfies the numerosity requirement.  Over the course of

7  several weeks in May, June, and July of 2010, class counsel and volunteers working

8  under their supervision interviewed a randomly-generated sample of 70 detainees

9  from the government's list of 352 class members.  See Exhibit 26 (Declaration of

10 Jennifer Stark of Oct. 15, 2010), Exhibit 27 (Declaration of Erin Michelle Mohan of

11 October 14, 2010).  Counsel then reviewed those interview transcripts.  The sample

12 contained 11 people detained under 8 U.S.C. § 1225(b), 13 people detained under 8

13 U.S.C. § 1226(a), 37 people detained under 8 U.S.C. § 1226(c), and 9 people detained

14 under 8 U.S.C. § 1231.  Based on that randomly-generated sample, on April 21, 2010

15 in the Central District there were probably approximately 55 class members held

16 under 8 U.S.C. § 1225(b), about 65 class members held under 8 U.S.C. § 1226(a),

17 about 186 class members held under 8 U.S.C. § 1226(c), and about 45 class members

18 held under 8 U.S.C. § 1231(a).

19        Joinder of the individual cases in any of the subclasses would be impracticable

20 for a number of reasons, including that on any given day there are likely more than

21 forty detainees in each subclass, the fact that new subclass members would have to be

22 constantly added to any individually-joined litigation as detainees reach six months'

23 detention, and the fact that, realistically, every subclass member could not file or

24 litigate his or her individual case.  See Rodriguez, 591 F.3d at 1123 ("Answering

25 comprehensively in a class setting the constitutional question that is at the center of

26 the proposed class's claims will facilitate development of a uniform framework for

27 analyzing detainee claims to a bond hearing. . . . Without certification, therefore,

28 many of the putative class members likely would not be able to adjudicate their

5

1    claimed need of a bond hearing after six months of detention").

2        **B.    Commonality**

3        The commonality requirement is satisfied if the subclass members share a

4    common question of law or fact.  Fed. R. Civ. P. 23(a)(2).  This requirement is

5    construed "permissively."  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir.

6    1998).  It is not necessary that "[a]ll questions of fact and law . . . be common to

7    satisfy the rule."  Rather, "[t]he existence of shared legal issues with divergent factual

8    predicates is sufficient, as is a common core of salient facts coupled with disparate

9    legal remedies within the class."  Id.

10        As recognized by the Ninth Circuit, the class as a whole shares several common

11    questions of law and fact, including (1) whether the government has a policy or

12    general practice of detaining non-citizens for longer than six months under the general

13    immigration statutes without providing an adequate hearing to determine whether such

14    prolonged detention is justified; (2) whether any general immigration detention statute

15    authorizes this policy or practice; and (3) whether this policy or practice violates the

16    Due Process Clause.  See Rodriguez, 591 F.3d at 1122-23.

17        Each proposed subclass shares related common questions of law, namely:

18  • for subclass 1, whether 8 U.S.C. § 1225(b) authorizes the policy or
19      general practice of detaining non-citizens in removal proceedings for
        longer than six months without a hearing where the government must
20      establish that such detention is justified;

21  • for subclass 2, whether 8 U.S.C. § 1226(a) authorizes this policy or
        practice;
22
    • for subclass 3, whether 8 U.S.C. § 1226(c) authorizes this policy or
23      practice; and

24  • for subclass 4, whether 8 U.S.C. § 1231(a) authorizes this policy or
        practice.
25
    In short, each subclass shares the common "question of whether indefinite or
26
    prolonged detention generating serious constitutional concerns is present" under its
27
    respective detention statute, and "the constitutional issue at the heart of each class
28

6

1  member's claim for relief is common." <u>Rodriguez</u>, 591 F.3d at 1123.  Thus, Rule
2  23(a)(2) is satisfied.

3      **C.    Typicality**

4      The typicality requirement looks to whether "the claims of the class
5  representatives [are] typical of those of the class, and [is] satisfied when each class
6  member's claim arises from the same course of events, and each class member makes
7  similar legal arguments to prove the defendant's liability." <u>Armstrong v. Davis</u>, 275
8  F.3d 849, 868 (9th Cir. 2001) (internal quotation marks omitted); <u>see also</u> Fed. R. Civ.
9  P. 23(a)(3).  Like the commonality requirement, the typicality requirement is
10 "permissive" and requires only that the representative's claims are "reasonably co-
11 extensive with those of absent class members; they need not be substantially
12 identical." <u>Hanlon</u>, 150 F.3d at 1020.

13     The proposed subclass representatives meet this requirement.  As held by the
14 Ninth Circuit, Rodriguez's claims are typical of the class as a whole as class members
15 all "raise similar constitutionally-based arguments and are alleged victims of the same
16 practice of prolonged detention while in immigration proceedings." <u>Rodriguez</u>, 591
17 F.3d at 1124.

18     Similarly, each Petitioner challenges his detention, pursuant to the
19 government's policy or practice, for more than six months under the pertinent general
20 immigration statute without an adequate hearing where the government has shown
21 that his prolonged detention is justified.  As each named representative Petitioner has
22 been the victim of prolonged detention without adequate procedures, each
23 representative's claims are typical of his respective subclass.

24     **D.    Adequacy**

25     "Whether the class representatives satisfy the adequacy requirement depends on
26 the qualifications of counsel for the representatives, an absence of antagonism, a
27 sharing of interests between representatives and absentees, and the unlikelihood that
28 the suit is collusive." <u>Walters v. Reno</u>, 145 F.3d 1032, 1046 (9th Cir. 1998) (internal

1  quotation marks omitted); <u>see also</u> Fed. R. Civ. P. 23(a)(4).

2       Petitioners will fairly and adequately represent the interests of all members of

3  the proposed subclasses because they seek relief that is identical to the relief sought by

4  their respective subclass members and have no interests adverse to other subclass

5  members.  In addition, Petitioners are represented by pro bono counsel from the

6  ACLU of Southern California, the ACLU Immigrants' Rights Project, the Stanford

7  Law School Immigrants' Rights Clinic, and the law firm of Sidley Austin LLP.

8  Collectively, counsel has extensive experience litigating on behalf detained

9  immigrants and litigating class actions and is extremely well-qualified to bring this

10  suit.

11       **E.    Rule 23(b)(2)**

12       Finally, Rule 23(b)(2) requires that "the primary relief sought is declaratory or

13  injunctive." <u>Zinser v. Accufix Research Inst., Inc.</u>, 253 F.3d 1180, 1195 (9th Cir.

14  2001); Fed. R. Civ. P. 23(b)(2).  Petitioners need not establish "the viability or bases

15  of class members' claims for declaratory and injunctive relief, but only . . . whether

16  class members seek uniform relief from a practice applicable to all of them."

17  <u>Rodriguez</u>, 591 F.3d at 1125.  It suffices to meet Rule 23(b)(2) where "class members

18  complain of a pattern or practice that is generally applicable to the class as a whole."

19  <u>Walters</u>, 145 F.3d at 1047.

20       Here, each subclass member challenges Respondents' policy or general practice

21  of the prolonged detention of detainees without providing adequate hearings under his

22  respective detention statute and seeks declaratory and injunctive relief requiring the

23  government to provide such hearings.  In this sense, "relief from a single practice is

24  requested by all [subclass] members," and "all [subclass] members' seek the exact

25  same relief as a matter of statutory or, in the alternative, constitutional right."

26  <u>Rodriguez</u>, 591 F.3d at 1126.  Thus, Rule 23(b)(2) is satisfied.

27       For all of these reasons, Petitioners request that the Court implement its earlier

28  suggestion regarding subclass certification by adopting their proposal for the four

1  subclasses as specified here.

2  **IV.    Clarification of Scope of Proposed Class**

3       Petitioners also request that the Court clarify certain ambiguities in the class

4  definition that have come to light since the Ninth Circuit's decision reversing the

5  denial of class certification.

6       First, consistent with the Ninth Circuit's decision and the original complaint,

7  Petitioners request that the court clarify that the hearing they request must consider the

8  validity of "prolonged detention." Rodriguez, 591 F.3d at 1112 (citing Pet. For Writ

9  of Habeas Corpus ¶ 39). As such, they request that the court certify the class as: "all

10  people within the Central District of California who 1) are or will be detained for

11  longer than six months pursuant to the general immigration detention statutes pending

12  completion of removal proceedings, including judicial review; 2) are not detained

13  pursuant to one of the national security detention statutes at 8 U.S.C. § 1226a and 8

14  U.S.C. §§ 1531-37; and 3) have not been afforded a hearing to determine whether

15  their prolonged detention is justified." This definition tracks the Court's certification

16  order of April 5, 2010 [Dkt. 77], but clarifies that the hearing Petitioners seek must

17  assess the validity of "prolonged" detention.

18       Second, the government has expressed uncertainty over the temporal scope of

19  the class. As a result, Petitioners request that the Court's order specify that the class

20  includes people who "are or will be" detained within the Central District of California,

21  and that it clarify that the group of people who "are or will be" detained includes

22  people who were present in a U.S. Immigration and Customs Enforcement ("ICE")

23  detention facility in the Central District on or after the date on which the original

24  complaint was filed, as long as they had been detained by ICE for more than six

25  months at that time, even if they are no longer detained in the Central District. The

26  class therefore includes people subject to the mass transfer of detainees from the San

27  Pedro Detention Facility in October 2007, as long as those people remain in an ICE

28  detention facility somewhere and their cases remain pending. However, the class does

1  not include people detained in the Central District (at any point in the past) if they

2  were transferred out of the district prior to spending six months in detention and have

3  not been sent back.

4     Third, Petitioners request that the court clarify the scope of the class in three

5  other respects based on concerns raised by the government in the course of the

6  litigation: (1) the class excludes people who have a final order of removal and no stay

7  of that removal order, such that the government has legal authority to remove them;

8  (2) the class excludes juveniles who are held under the care of the Office of Refugee

9  Resettlement; (3) the class excludes people imprisoned pursuant to a criminal

10  sentence, including individuals who complete removal proceedings and any judicial

11  review while serving such sentences.[2]

12     These clarifications will assist the parties in the course of the litigation and, if

13  Petitioners prevail, will assist in the enforcement of any judgment.

14  **V. Conclusion**

15     For the foregoing reasons, Petitioners respectfully request that the court grant

16  this motion and enter an order certifying the class and the subclasses as set forth in the

17  proposed order.

           Respectfully submitted,

           ACLU OF SOUTHERN CALIFORNIA

Dated:  October 15, 2010      s/ Ahilan T. Arulanantham
           AHILAN T. ARULANANTHAM
           Counsel for Petitioners

---

[2] It is Petitioners' understanding that the government would join in these requests for clarification, with the possible exception of the clarification concerning the temporal scope of the class.