UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **CV 07-3239-TJH (RNBx)**                                              Date: **October 22, 2010**

Title:  **Alejandro Rodriguez, et al. v. Timothy S. Robbins, et al.**

**DOCKET ENTRY**

PRESENT:

**HON. ROBERT N. BLOCK, UNITED STATES MAGISTRATE JUDGE**

| Kerri Hays | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:
           None present                                                          None present

**PROCEEDINGS:  (IN CHAMBERS)**

**Petitioner's Motion to Compel and Respondent's Motion for Protective Order, filed October 19, 2010**

Now that the District Judge has denied respondents' Ex Parte Application, the new filing deadline for the parties' Supplemental Memoranda will be November 5, 2010.  If, after review of the Supplemental Memoranda, the Court decides to permit oral argument, the Court will set a new date for the hearing.  Otherwise, the Motions will be taken under submission and then be decided on the papers without oral argument.  See Local Rule 7-15.

For purposes of their Supplemental Memoranda, the parties are advised that the Court subscribes to the view that the scope of permissible discovery was narrowed by the amendments to the Federal Rules of Civil Procedure which became effective December 1, 2000.  Under Fed. R. Civ. P. 26(b)(1), as amended, the scope of discoverable information no longer is any unprivileged matter relevant to the subject matter involved in the pending action and/or reasonably calculated to lead to the discovery of admissible evidence.  Rather, the scope of discoverable information has been narrowed, and now may be stated as follows: any unprivileged matter relevant to the claim or defense of any party, and/or relevant information reasonably calculated to lead to the discovery of admissible evidence.  Without **prior** court permission on a showing of good cause, a party is not entitled to "relevant to subject matter" discovery.  Further, the Court subscribes to the view that the burden of demonstrating relevance rests with the party seeking discovery.  See Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial ¶ 11:615 (2010 rev. ed.).

MINUTES FORM 11                                                                  Initials of Deputy Clerk     klh
CIVIL-GEN