1  TONY WEST
   Assistant Attorney General,
2  Civil Division
   DAVID J. KLINE
3  Director
   VICTOR M. LAWRENCE
4  Principal Assistant Director
   THEODORE W. ATKINSON
5  Senior Litigation Counsel
   United States Department of Justice
6  Office of Immigration Litigation
   District Court Section
7  P.O. Box 868, Ben Franklin Station
   Washington, DC  20044
8  Tel:  (202) 532-4135
   E-mail: theodore.atkinson@usdoj.gov
9  NICOLE R. PRAIRIE
   Trial Attorney
10 ELIZABETH L. WALKER
   Trail Attorney
11 EREZ R. REUVENI
   Trial Attorney
12
   Attorneys for Respondents
13

14              UNITED STATES DISTRICT COURT

15             CENTRAL DISTRICT OF CALIFORNIA

16                    WESTERN DIVISION

17
   ALEJANDRO RODRIGUEZ, *et al.*,          Case No. CV 07-3239-TJH (RNBx)
18
                    Petitioners,           **DISCOVERY MATTER**
19
   v.                                      JOINT STIPULATION REGARDING
20                                         RESPONDENTS' MOTION TO STAY
   TIMOTHY S. ROBBINS, *in his capacity*   DISCOVERY PURSUANT TO
21 *as U.S. Immigration and Customs*       LOCAL RULE 37-2.1
   *Enforcement, Los Angeles District Field*
22 *Office Director*; JANET NAPOLITANO,
   *in her capacity as Secretary of*       Honorable Robert N. Block
23 *Homeland Security*; and ERIC H.
   HOLDER, JR., *in his capacity as*
24 *Attorney General of the United States*, Hearing Date: November 30, 2010
                                           Time: 9:30 AM
25                 Respondents.            Place: Courtroom 6D
26

27

28

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

## <u>TABLE OF CONTENTS</u>

PARTIES' INTRODUCTORY STATEMENTS.......................................... 1

I.      RESPONDENTS' INTRODUCTORY STATEMENT............................ 1

II.     PETITIONERS' INTRODUCTORY STATEMENT. ............................ 3

PARTIES' CONTENTIONS....................................................... 6

I.      RESPONDENTS' CONTENTIONS........................................... 6

   A.   Background to Respondents' Motion. ................................. 6

       1.    Procedural history before remand ..................................... 6

       2.    Procedural history since remand. ..................................... 8

            a.    Petitioners have repeatedly represented that this case
involves a question of law that has nothing to do with
the facts of any individual class member........................... 8

            b.    Petitioners' sweeping discovery requests seek, among
other things, detailed facts regarding the individual circumstances
of each class member........................................... 12

       3.    The filing of the Second Amended Complaint. ......................... 15

       4.    Respondents' announced motion for judgment on the pleadings. ............ 16

       5.    Respondents' *Ex Parte* Application for Stay of Discovery. ................. 17

   B.   The Court Should Exercise its Discretion and Temporarily Stay
Discovery Pending Resolution of Respondents' Motion for Judgment
on the Pleadings............................................... 19

       1.    This case involves purely legal issues of statutory and
constitutional interpretation and is ripe for determination
now that the action has been properly joined........................... 20

       2.    Respondents have a meritorious basis for seeking judgment
on the pleadings under Rule 12(c)..................................... 22

       3.    This case is ripe for determination................................... 27

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

C.    Even if the Rule 12(c) motion does not dispose of the case,
        the Rule 12(c) motion will narrow the issues before it and thus narrow
        and focus discovery. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

II.    PETITIONERS' CONTENTIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

A.    Respondents distort Petitioner's position and the procedural history of the case. . . . . . . 33

B.    Controlling due process case law supports Petitioner's entitlement to discovery. . . . . . . 37

        1.    Petitioner seeks factual information relevant to the due process
                standards applied by the Supreme Court and Ninth Circuit in
                similar cases. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

        2.    Petitioner seeks discovery into aggregate and class-wide facts
                because this case is a class action, and not an individual case.. . . . . . . . . . . . . . 43

        3.    The specific examples that Respondents provide actually illustrate why
                discovery is appropriate here. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

C.    A Stay of All Discovery is Unwarranted Because it Would Substantially Delay
        Resolution of This Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

D.    A Stay of All Discovery is Unwarranted Because the Government is
        Very Unlikely to Prevail on the Merits of its Forthcoming Rule 12(c)
        Motion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

# PARTIES' INTRODUCTORY STATEMENTS

## I.    RESPONDENTS' INTRODUCTORY STATEMENT

This is a class-action lawsuit involving a legal question of statutory construction.  Petitioners claim that the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101, *et seq.*, and the Due Process Clause of the Fifth Amendment to the U.S. Constitution require Respondents to provide any alien who was or will be detained for six months or longer in the Central District with a "constitutionally adequate" individualized hearing before an immigration judge to justify their continued detention.  The action challenges detention under four different and complex detention schemes authorized under four detention provisions of the INA, specifically 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a).

In deciding that this action could proceed as a class-action, the U.S. Court of Appeals for the Ninth Circuit determined that this case presents a legal issue that does not turn on the facts of any detainee's individual case.  *Rodriguez v. Hayes*, 591 F.3d 1105, 1122–25 (9th Cir. 2010).  Indeed, when arguing that a class action was appropriate in this case, Petitioners repeatedly took the position – both before the Ninth Circuit and this Court – that this case involved a "pure question of law" that did not turn on the facts of any individual detainee's case.  *See* Petitioner's Opening Brief, No. 08-56156 [Dkt. # 6], at 44; *see also* Petitioner's

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

1

Motion for Class Certification [Dkt. # 10], at 84  (stating the "core issue in this case . . . is a pure question of law that has nothing to do with the particular facts of any detainee's case.").

However, now that the class action has been certified and the action has begun to proceed in this Court, Petitioners have propounded six sets of sweeping document requests, interrogatories, and requests for admissions that seek, among other things, facts related to each individual class member, beginning with, but by no means limited to, the A-file of every class member and a copy of each class member's immigration court proceedings.  Petitioners also seek broad categories of information regarding the nature and conduct of various types of removal proceedings, the costs associated with removal proceedings and detention, and other matters too numerous to list.  The discovery requests are sweeping enough to include, as specific requests, copies of government contracts with detention facilities; documents related to detainees' visitation rights; and access to legal materials and educational opportunities.  Respondents timely objected.[1]

Because litigation has proceeded solely based on the timing of the filing and submission of Petitioners' pleadings and papers, the case now sits in an unusual procedural posture:  Petitioners served discovery *before* they filed their Second

---

[1]   The parties filed a Joint Stipulation with this Court on October 19, 2010, pursuant to L.R. 37-1 and 37-2.

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

2

Amended Complaint, and *before* they sought sub-class certification.  At the same time, the parties have a fundamental disagreement over what due process framework applies to this case and, more importantly, whether Petitioners' claims may be resolved without the need for discovery.  Because this case involves purely legal questions of statutory and constitutional interpretation of four separate detention schemes under the INA, this case may be disposed of in its entirety on a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  Petitioners disagree, and insist that discovery is necessary and, more insistently, contend that the discovery issues should be decided and discovery should proceed regardless of whether the district court is presented with and considers a motion for judgment on the pleadings.

Respondents request that the Court temporarily stay discovery, and permit the district court to determine Respondents' Rule 12(c) motion for judgment on the pleadings.  The legal issues presented by this case can and should be disposed of on Respondents' Rule 12(c) motion before the Court is required to wade into the parties' dispute over whether discovery is even necessary in the first instance.  Additionally, even if the Rule 12(c) motion does not dispose of the claims in their entirety, the Rule 12(c) motion will – at the very least – narrow the issues for further consideration and discovery, and will provide the Court with a more

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

fulsome context in which to decide the discovery dispute between the parties if the case survives the Rule 12(c) motion. The Court should temporarily stay discovery until the Rule 12(c) motion is decided.

## II.    PETITIONERS' INTRODUCTORY STATEMENT

The Respondents' motion to stay discovery presents the Respondents' latest attempt to stonewall discovery in this matter, even on the most basic information that is clearly relevant to the claims and defenses in the case. Petitioner served the discovery in this case on July 22, 2010 – over three months ago – but to date Respondents have refused to answer virtually all of the discovery requests, choosing not only to file a motion for a protective order objecting to the requests, but also to file an ex parte application to stay all discovery pending adjudication of the Respondents' yet-to-be-filed Rule 12(c) motion – an application which was rejected by Judge Hatter as wholly unwarranted.

The instant stay motion is similarly unwarranted, for at least three reasons. First, Respondents' central premise – that no fact discovery is required because this case involves a question of law – rests on a fundamental misunderstanding of the nature of due process challenges and the importance of aggregate facts in assessing a statute's constitutionality. Controlling case law governing due process challenges to detention schemes makes clear that the due process issue in this case

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

should be resolved by reference to aggregate facts about the class as a whole. *See,*

*e.g.*, *Demore v. Kim*, 538 U.S. 510, 529-30 (2003) (relying on aggregate facts to

resolve due process challenge to detention statute). Thus, there is no contradiction

between Petitioner's assertion that the constitutional issue in this case involves a

question of law and Petitioner's requests for discovery concerning that

constitutional claim. In fact, Petitioner's discovery requests seek the very same

type of information relied upon by the Supreme Court and Ninth Circuit in

considering similar due process challenges – including, most clearly, the core

immigration documents (known as the "A-files") pertaining to the class members.

While no single class member's factual circumstances are relevant to resolving the

constitutional issues here, aggregate information concerning the class is highly

relevant, and therefore a suitable subject for discovery.

Second, the Respondents' approach will result in a massive delay – at bare

minimum of three to four months, but probably longer – and therefore will

substantially prolong completion of this three-year-old case that challenges

unlawfully-prolonged detention, contrary to the bedrock principle that habeas

petitions must be promptly adjudicated. The government has now stated that it

likely will not file its Rule 12(c) motion until November 22, 2010, and given the

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

holidays the motion will not likely be heard before January 24, 2010.[2]  If this Court grants the stay requested here, the discovery disputes will only be adjudicated after a decision on that motion.  Hundreds of detainees will be denied bond hearings to which they may be entitled while this delay occurs, and at the end of it the parties will still have to litigate at least some discovery disputes.  As such, a stay of discovery would serve only to delay resolution of this case without diminishing expenditure of the Court's or parties' resources.  Additionally, Respondents have already filed for a protective order in which they made precisely the same argument presented here in the context of Petitioner's individual discovery requests.  Thus, even without the stay motion, the Court would have to address Respondents' contention that Petitioners are not entitled to any factual discovery related to their claims.

Third, the government has not come near to making the "strong showing" that is required under Ninth Circuit law to prevail on a motion to stay discovery pending resolution of a dispositive motion – namely that the party seeking the stay is likely to prevail on the dispositive motion.  *Skellerup Industries Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995) (denying request to stay

---

[2]  The parties have tentatively agreed upon a schedule for litigating the Rule 12(c) motion.  Under that schedule, the government would file the motion on November 22, 2010, Petitioners would file a response on December 20, 2010, the government would file a reply on January 10, 2011, and the hearing on the motion would occur on January 24, 2010.

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

discovery pending litigation of dispositive motions because defendant had failed

to make "strong showing" that it would prevail on dispositive motion).  Tellingly,

Respondents do not even argue that they will prevail with respect to large parts of

their forthcoming Rule 12(c) motion, asserting instead only that discovery is not

required to resolve the issues.  As discussed below, even a cursory review of

Respondents' arguments demonstrates that the Court will almost certainly deny

the Respondents' Rule 12(c) motion.

## PARTIES' CONTENTIONS

### I.    RESPONDENTS' CONTENTIONS

**A.    Background to Respondents' Motion**

   **1.    Procedural history before remand**

This lawsuit was initially filed on May 16, 2007, and styled as a Petition for

a Writ of Habeas Corpus.  [Dkt. # 1].  On June 25, 2007, Petitioners filed a motion

for class certification [Dkt. # 2], which Respondents opposed.  [Dkt. # 20].  On

December 17, 2007, Respondents filed a motion to dismiss on the ground that the

action was moot, or otherwise barred as a class action.  [Dkt. # 26].  The Court

denied both the motion for class certification and the motion to dismiss on March

19, 2008.  [Dkt. # 33].  Petitioners appealed.

After extensive briefing, the Ninth Circuit reversed this Court's denial of

Petitioners' motion for class certification, finding that the action was maintainable

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

as a class action because it involves a common issue of law that does not turn on the factual distinctions between class members or class representatives. *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) ("The claims of Petitioner and the class on the whole are that they are entitled to a bond hearing in which dangerousness and risk of flight are evaluated . . . . [T]he determination of whether Petitioner is *entitled* to a bond hearing will rest largely on interpretation of the statute authorizing his detention. The particular characteristics of the Petitioner or any individual detainee will not impact the resolution of this general statutory question . . . .") (emphasis in original).

The Ninth Circuit's determination that this case could proceed as a class action was supported, among other things, by Petitioner Alejandro Rodriguez's representation to the Ninth Circuit that this case presents "a pure question of law that has nothing to do with the particular facts of any detainee's case." *See* Petitioner's Opening Brief, No. 08-56156 [Dkt. # 6], at 44; *see also* Petitioner's Motion for Class Certification [Dkt. # 10], at 84  (stating the "core issue in this case . . . is a pure question of law that has nothing to do with the particular facts of any detainee's case.").  The Ninth Circuit remanded the case.

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

**2.    Procedural history since remand**

**a.    Petitioners have repeatedly represented that this case involves a question of law that has nothing to do with the facts of any individual class member.**

The procedural history shows that Petitioners have repeatedly and expressly acknowledged that this case involves pure questions of law concerning statutory and constitutional interpretation, and one that does not turn on individual facts or circumstances of the class members.

On February 8, 2010, Petitioners filed with this Court a motion for discovery regarding potential subclass members.[3]  [Dkt. # 54].  Respondents opposed the motion for discovery, highlighting Petitioner's position before the Ninth Circuit:

[R]egardless of which side ultimately prevails on the merits, the core

---

[3]  "Specifically, Petitioner [sought] an order compelling Respondents to produce: (1) the names, locations, A numbers, and lengths of detention for all detainees who 1) have an immigration case currently pending before the agency or the federal courts of appeal and 2) were detained in the Central District on the 180th day of their detention, whether or not they remain detained in this district; (2) the following documents related to those individuals' detention: (a) any charging documents in their immigration cases, (b) any writings regarding any parole decisions, custody reviews, bond hearings, or hearings provided pursuant to *Casas-Castrillon*, and any merits decisions in their immigration cases from administrative adjudicators, including Immigration Judge decisions and decisions of the Board of Immigration Appeals, and (c) transcripts of their proceedings that relate to continuances and the dates when all agency proceedings took place; and (3) the attorney contact information (contained on a form "G-28") for any of these individuals who are represented by counsel in their immigration proceedings." [Dkt. # 54, n.1].

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

issue in the case – whether the Government has the power under the

general immigration detention statutes and the Constitution to hold

non-citizens for prolonged periods without a hearing – is a pure

question of law that is common to all class members and has nothing

to do with the particular facts of any detainee's case.  Mr. Rodriguez

asserts that he and all class members share a common legal and

factual claim: that, regardless of the particular posture of their

respective cases, all class members who have been incarcerated for a

prolonged period of time are entitled to an individualized hearing

(with certain procedural protections) to determine whether their

continued detention is justified.

*See* Opposition to Motion for Discovery [Dkt # 55] (citing Petitioner's Opening

Brief, No. 08-56156 [Dkt. # 6], at 44; *id.* at 58 ("[a]ll class members share the

same core of facts:  they are noncitizens subject to prolonged detention and have

not been provided a hearing with appropriate procedural protections before an

[Immigration Judge] to determine whether such prolonged detention is

justified.")).

At the hearing on Petitioners' motion for discovery regarding potential

subclass members and several miscellaneous issues, this Court ordered

Respondents to provide Petitioners' counsel with a list containing the names and

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

A-numbers of potential putative class members in order for Petitioners to more

easily identify subclass members.  Transcript [Dkt. # 71], at 44-51.  During the

hearing, the parties also expressed their understanding of the basis of this lawsuit,

while this Court agreed it involves a pure question of law:

> THE COURT: – the reason that I have ruled the way I did initially
>
> was that I did not think that there was the commonality necessary;
>
> circuit sees it otherwise.  And since they do, then what we're talking
>
> about is just a question of law, isn't it?
>
> . . .
>
> MR. JUNCAJ: As far as discovery relevant [sic], we don't think
>
> there is any discovery that is relevant to the claims that are raised
>
> here, because, once again, they're purely legal issues.
>
> . . .
>
> THE COURT: I tend to agree with you on that . . .

*Id.* at 12:24-25; 13:1-3; 23:19-25.

Counsel for Petitioners also expressly acknowledged that the case presents a

constitutional question of statutory construction:

> MR. ARULANANTHAM: . . . With respect to subclasses and the
>
> question of law, your Honor, we believe that the constitutional
>
> question, whether everyone detained for six months is entitled to in-

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

person adversarial hearing with certain protections, which is the way we pled it in the original complaint, we do believe that that is a question of law, your Honor.

*Id*. at 14:21-25 and 15:1.  Nevertheless, the Court determined that Petitioners were entitled to at least a list of the names of aliens currently in detention in the Central District of California for six months or more in order to identify subclass members.  Respondents agreed to provide the list for purposes of identifying subclass members.[4]

On April 5, 2010, this Court certified the class in this matter, consisting "of all non-citizens within the Central District of California who: (1) are or were detained for longer than six months pursuant to one of the general immigration detention statutes pending completion of removal proceedings, including judicial review, (2) are not and have not been detained pursuant to a national security detention statute, and (3) have not been afforded a hearing to determine whether their detention is justified." [Dkt. # 77].  Thereafter, the list discussed at the March 22, 2010 hearing was provided to Petitioners' counsel.

After receiving the list, Petitioners' counsel requested a Rule 26(f)

---

[4]  Respondents have also committed to providing counsel for Petitioners with the names of potential class members beyond sub-class discovery, and to seasonably supplement the list as the number and identification of class members changes.

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

conference.  Counsel for Respondents agreed to participate in the conference, but objected that a discovery plan was difficult to establish because Petitioners had not yet filed an amended complaint, nor had they identified any sub-classes. Respondents also objected that because the case presented purely legal issues of statutory construction and constitutional interpretation, traditional fact discovery was unnecessary and irrelevant.  After the conference was conducted, the parties submitted a joint report to the Court proposing a discovery plan, but also noting Respondents' objections to the need for discovery in the first instance.  [Dkt. # 82].

**b.    Petitioners' sweeping discovery requests seek, among other things, detailed facts regarding the individual circumstances of each class member**

On July 22, 2010, counsel for Petitioners propounded six sets of discovery requests upon Respondents the Department of Homeland Security ("DHS") and the Department of Justice ("DOJ").  The scope of the discovery requests are sweeping.

Petitioners' document requests, interrogatories, and requests for admissions seek, among other things, and by no means limited to, the following information: (1) the complete A-file of each and every one of the approximately 350 class members; (2) the complete immigration court record of each and every class

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

member; (3) all electronic database records of each and every class member; (4) documents and facts related to any parole determination, hearing pursuant to *Matter of Joseph*, 22 I. & N. Dec. 799, 1999 WL 339053 (BIA 1999), hearing pursuant to *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 948 (9th Cir. 2008), or custody review pursuant to 8 C.F.R. § 241.4 for each and every class member (including the production of any policy or procedure for each of those types of proceedings); (5) documents and other information related to the outcome of each and every class member's individual removal proceedings, including the result of any judicial review of those proceedings in district court or before a court of appeals; and (6) a breakdown, by stage in immigration proceeding, of the time each class member has spent in detention, and the statutes under which each class member is detained. The requests for information pertaining to the circumstances of each individual detainee's circumstances are comprehensive and go directly against what Petitioners represented to this Court and to the Ninth Circuit.

In addition to demanding information concerning the individual facts and circumstances of each and every class member, Petitioners also seek wide-ranging discovery on matters that go far beyond what courts consider in determining the pure question of law (as Petitioners described it) of statutory and constitutional interpretation that lies at the core of this action. For example, Petitioners demand copies of documents and seek information relating to whether any detainee (class

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

member or otherwise) is receiving *proper access to legal materials* while in detention.  Petitioners have requested policies and procedures related to any class members' *visitation rights with counsel or families*.  Petitioners demand to know what policies exist relating to *educational and vocational opportunities* for class members.  Several of the document requests and interrogatories demand documents and facts showing the dollar costs to the Government of "providing an immigration judge, an adversarial hearing, transcript, interpreters, written notice, and transportation of detainees from their respective detention facilities to the situs of the bond hearing."  Petitioners want copies of any contractual agreements between Respondents and any city, state, or county authority concerning the housing of any class member.  Petitioners demand to know how many bed spaces Respondents used to detain class members between 2006 and 2009.  This describes only a fraction of the requests served.

Respondents submitted objections to the discovery requests on August 23, 2010, and invoked L.R. 37-1 governing discovery disputes.  Pursuant to L.R. 37-1, the parties engaged in a pre-filing conference of counsel in Los Angeles, California on September 8, 2010.  On October 19, 2010, the parties submitted a Joint Stipulation regarding the parties' initial discovery dispute pursuant to L.R. 37-2.2.

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

### 3.    The filing of the Second Amended Complaint

Petitioners filed their Second Amended Complaint on September 7, 2010, the day before the parties' discovery conference.  The Second Amended Complaint amended the prior Amended Petition by (1) identifying sub-class representatives, (2) identifying the claims as encompassing the detention provisions of 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a); and (3) specifying Petitioners' claims as to what elements are required for a "constitutionally adequate" bond hearing before an immigration judge.  The Second Amended Complaint is styled as both a complaint for declaratory and injunctive relief pursuant to 28 U.S.C. § 1331 and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Dkt. # 85].[5]

### 4.    Respondents' announced motion for judgment on the pleadings

Petitioners answered the Second Amended Complaint on October 1, 2010. [Dkt. # 94].  Two weeks prior, on September 17, 2010, Respondents informed counsel for Petitioners that they intend to file a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.  The parties met and conferred that day regarding the motion under L.R. 7-3, and counsel for

---

[5]   Petitioners have filed two corrected versions of the Second Amended Complaint, and the most recent version of that complaint is entitled "Second Corrected Second Amended Complaint." [Dkt. # 95].  The district court ordered Petitioners to file a document entitled "Third Amended Complaint," presumably to reduce confusion.  The parties have agreed to prepare a stipulation to that effect.

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

Respondents explained in detail the basis for the motion.

Respondents explained that their Rule 12(c) motion for judgment on the pleadings would dispose of all the claims presented in this case.  The benefit of such a motion would be prompt resolution of the case.  Alternatively, if the motion does not dispose of the case in its entirety, Respondents explained that it would, at the very least,  narrow the issues for discovery and trial.  Petitioners announced that they would oppose the motion for judgment on the pleadings.

### 5.    Respondents' *Ex Parte* Application for Stay of Discovery

On October 12, 2010, Respondents filed an *ex parte* application for a stay of discovery and the entry of a case management order. [Dkt. # 98].  Respondents requested that the Court temporarily stay discovery until the district court could decide the motion for judgment on the pleadings under Rule 12(c) (which could be made because Petitioners had filed their Second Amended Complaint).

Petitioners filed an opposition to the *ex parte* application on October 15, 2010, arguing that the request for a stay in discovery was improperly filed as an *ex parte* application, and arguing that the discovery dispute should proceed without the entry of an order staying discovery. [Dkt. # 100].

On October 18, 2010, the district court held a status conference at which counsel for the parties appeared.  The district court indicated at the outset of the hearing that the stay request had been improperly filed as an *ex parte* application,

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

rather than as a motion in the ordinary course. *See* Declaration of Theodore W.

Atkinson, ¶ 4. The district court also indicated that because the request for a stay

was essentially a discovery matter, it should have been taken up with the

magistrate judge rather than the district judge. *Id.* Counsel for Respondents

explained that it was not essentially a discovery matter, and that there was a

dispute among the parties as to how the case should proceed, and about the

analytical framework that the Court should apply. *Id.* The district court disagreed

and indicated that the issue was a discovery issue, and that the magistrate judge

was well-qualified to address the issue. *Id.* Respondents agreed, and indicated

that they would file a motion for judgment on the pleadings. *Id.* Accordingly,

although the district court denied the *ex parte* application, it did not do so with

regard to the merits of the request for stay, but rather with regard to the procedural

manner in which Respondents pursued that request. *Id.* Therefore, Respondents

are now properly filing a motion for stay of discovery for consideration by the

magistrate judge.

　　　　On October 18, 2010, the district court enter an order denying the ex parte

application, and ordering such other housekeeping matters addressed at the status

conference on October 18, 2010. [Dkt. # 18]. On October 20, 2010, this Court

removed the discovery matter from the November 9, 2010 docket.

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

**B.** **The Court Should Exercise its Discretion and Temporarily Stay Discovery Pending Resolution of Respondents' Motion for Judgment on the Pleadings**

A stay of discovery is treated under a similar standard as a motion for a protective order under Federal Rule of Civil Procedure 26(c). A temporary stay of discovery should be ordered when the moving party establishes a strong showing of good cause for the order. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). In considering whether a stay of all discovery pending the outcome of a dispositive motion is warranted, a case-by-case analysis is required. *Skellerup Industries Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995) (quoting *Hachette Distribution, Inc. v. Hudson County News Company*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)). Factors this Court should consider include: "[T]he type of motion and whether it is a challenge as a 'matter of law' or the 'sufficiency' of the allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been interposed; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances." *Id.* The Court should grant this motion for a temporary stay of discovery to permit a determination of the legal issues which, Respondents contend, will resolve the

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

case in its entirety.  Even if it does not dispose of the entire case, the Rule 12(c) motion for judgment on the pleadings will dispose of certain issues and narrow other issues for consideration by this Court in deciding the parties' discovery dispute.

**1.**     **This case involves purely legal issues of statutory and constitutional interpretation and is ripe for determination now that the action has been properly joined**.

First, as the Ninth Circuit has recognized and as Petitioners have represented, this case turns on statutory and constitutional interpretation of four detention statutes, which Petitioners recently identified in the Second Amended Complaint.  *Rodriguez*, 591 F.3d at 1123.  Because this case involves a purely legal issue, it is ripe for determination now, and should be resolved before the parties are required to engage further in a significant discovery dispute that will require this Court's intervention.

Whether the class members are entitled to a bond hearing at six months (and what that hearing must look like) is a matter of statutory construction that must be determined against the Due Process Clause of the Fifth Amendment.  In deciding that this case could proceed as a class action, the Ninth Circuit surveyed the case law in the area of constitutional and statutory challenges to indefinite or prolonged detention.  That legal survey shows that in each previous case considered, courts

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

were able to analyze the statutory and constitutional issues as questions of law, and determine the cases without resort to the kind of sweeping fact discovery Petitioners seek in this case. *See Rodriguez*, 591 F.3d at 1113-16.

The Ninth Circuit explained that in each Supreme Court and Ninth Circuit decision, the courts had "undertaken interpretation of the immigration detention statutes against the backdrop of the serious constitutional issues raised by indefinite or prolonged detention." *Rodriguez*, 591 F.3d at 1114 (9th Cir. 2010). Accordingly, the Ninth Circuit correctly surveyed the relevant prior decisions taking up the same question inimmigration detention contexts and concluded that the issues before it were legal issues, not factual ones: "[T]he determination of whether Petitioner is entitled to a bond hearing will rest largely on interpretation of the statute authorizing his detention. The particular characteristics of the Petitioner or any individual detainee will not impact the resolution of this general statutory question . . . ." *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010). Indeed, in every preceding case on the issue of prolonged immigration detention, courts have decided these cases after engaging in statutory and constitutional interpretation, and without fact discovery. No court has ever engaged in the kind of fact-sifting Petitioners seek to undertake in this case. *See Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008) (legal issue of statutory construction in the context of prolonged detention under section 1226(a)); *Casas-Castrillon v. Dep't*

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

*of Homeland Sec.*, 535 F.3d 942 (9th Cir.2008) (same);  *Tijani v. Willis*, 430 F.3d

1241, 1242 (9th Cir. 2005) (finding alien detained for nearly three years could not

be mandatorily detained under section 1226(c) and ordering bond hearing,

impliedly finding alien was detained under section 1226(a)); *Zadvydas v. Davis*,

533 U.S. 678 (2001) (engaging in statutory construction and constitutional

analysis of alien initially detained under post-final order detention provision of

section 1231(a)(6)).[6]

## 2.     Respondents have a meritorious basis for seeking judgment on the pleadings under Rule 12(c).

Respondents understand that it is important for the Court to have a sense as

to whether the motion is meritorious before deciding to stay discovery.  Without

detailing all of the arguments of the pending Rule 12(c) motion, Respondents

highlight the central arguments they expect to make.

At the outset, Respondents note that the Rule 12(c) motion will consider

each of the four statutory schemes separately.  As the courts considering

prolonged detention issues have acknowledged, it is important to understand

---

[6]   Petitioners will likely argue in opposition to this application that in at least *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court based its decision on an extensive factual analysis.  That is incorrect.  A close examination of *Demore* shows that the Court relied on the facts from the legislative record in showing Congress's intent in establishing mandatory detention fo certain criminal aliens.  The only extrinsic fact that was considered by the Court was cited by the Government for the first time in its brief to the Court.

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

which statute governs, because each raises different due process considerations:

"Where an alien falls within this statutory scheme can affect whether his detention

is mandatory or discretionary, as well as the kind of review process available to

him if he wishes to contest the necessity of his detention." *Prieto-Romero v.*

*Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008).

First, the consideration of whether an alien detained under section 1225(b)

is entitled to a bond determination at six months is ripe for determination without

discovery, because the due process analysis is based on the threshold issue of

whether an arriving alien enjoys the kind of due process rights that would permit

him to challenge his prolonged detention.  The Supreme Court has long

recognized that

> our immigration laws have long made a distinction between those
>
> aliens who have come to our shores seeking admission, such as
>
> petitioner, and those who are within the United States after an entry,
>
> irrespective of its legality. In the latter instance the Court has
>
> recognized additional rights and privileges not extended to those in
>
> the former category who are merely 'on the threshold of initial entry.'

*Sale v. Haitian Centers Council, Inc.*, 509 U.S. 155, 175 (1993) (citing

*Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953); *see also*

*Knauff v. Shaughnessy*, 338 U.S. 537, 543 (1950).  The Ninth Circuit has also

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

23

concluded that arriving aliens – that is, those who have not effected an "entry" into

the United States – do not enjoy due process rights that that are necessary to bring

a due process claim such as that asserted in this case. *Alvarez-Garcia v. Ashcroft*,

378 F.3d 1094 (9th Cir. 2004); *Barrera-Echavarria v. Rison*, 44 F.3d 1441, 1448

(9th Cir. 1995) (en banc).

Petitioners will almost certainly disagree with this legal interpretation. But

the fact that they disagree with Respondents' interpretation of the previous case

law and the constitutional analysis does not change the fact that, at its core, the

debate is over a legal question that does not turn on the facts of any individual

class member. Since the issue of prolonged detention under section 1225(b) can

be resolved on a motion for judgment on the pleadings, there is good cause to stay

the discovery of irrelevant and unduly burdensome discovery requests.[7]

Second, the issue of whether aliens detained pursuant to the discretionary

detention provisions of section 1226(a) are entitled to a bond hearing is also a

question of law that can be determined without resort to factual discovery.

Respondents will  argue that aliens detained under section 1226(a) that are part of

the class are entitled to a bond hearing before an immigration judge pursuant to

---

[7]   Petitioners may argue that such discovery is necessary to identify who is an arriving alien under the class.  But that argument goes to the issue of relief only *if* the Petitioners prevail on their claim.  Such discovery is not necessary to determine the constitutional and statutory issues that must be determined before the entitlement to relief, if any, is granted.

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

the statute.  To the extent Petitioners claim that the bond hearings are inadequate because they are not transcribed, they are not based on an appropriate standard of proof, and because the Government does not bear the burden of proof at such hearings, those issues are inherently an issue of law.  The parties know they are issues of law because on October 4, 2010, the parties argued the very same issues of the "constitutional adequacy" of immigration bond hearings.  In a trio of cases that advanced after this case was filed in 2007, the Ninth Circuit has heard arguments as to whether *Casas* hearings must conform to certain substantive and procedural standards that are identical to those set forth in the Second Amended Complaint at ¶¶ 121-122.  *Vijendra Kumar Singh v. Eric H. Holder*, No. 08-71682 (9th Cir. Oct. 4, 2010); *Jaime Leonardo v. Phillip Crawford*, No. 09-17495 (9th Cir. Oct. 4, 2010); *Gurdev Singh v. Michael Chertoff*, No. 09-56567 (9th Cir. Oct. 4, 2010).  Significantly, in *none* of the cases recently argued and submitted for decision by the Ninth Circuit did Petitioners argue that the due process issues required factual discovery before determination.   It is illogical for Petitioners to assert that argument here.

   Third, Respondents expect to argue that detention beyond six months under the mandatory detention provisions of section 1226(c) is constitutional, as recognized by the Supreme Court in *Demore v. Kim*.  There the Court considered whether a lawful permanent resident detained for longer than six months was

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

25

1  entitled to a bond hearing, and concluded that his continued detention was

2  constitutional because his detention had a foreseeable termination point.  Again,

3  Petitioners are going to disagree, but that disagreement is a disagreement over

4  constitutional interpretation, and not an issue that requires factual discovery to

5  resolve.[8]

6       Fourth, Respondents will argue that the continued detention of an alien

7  discretionarily detained pursuant to section 1231(a)(6) beyond six months is not

8  unconstitutional, in light of the Supreme Court's decision in *Zadvydas v. Davis*,

9  533 U.S. 678 (2001) (engaging in statutory construction and constitutional

10  analysis of alien initially detained under post-final order detention provision of

11  section 1231(a)(6)).  Petitioners have already agreed that *Zadvydas* aliens are

12  excluded from this class.  *See* Memorandum in Support of Certification of

13  Proposed Subclasses ("the class excludes people who have a final order of

14  removal and no stay of that removal order, such that the government has legal

15  authority to remove them.") Even if Petitioners disagree, the issue is nevertheless a

16  legal one at its core.  This Court is well aware that the constitutionality of

---

[8]   Petitioners will likely argue that discovery is needed to assess the "error rate" of alternatives to continued detention.  The "error rate" concept, first announced in *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976), has never been adopted by the Supreme Court in assessing the constitutionality of immigration detention.  Additionally, it is not appropriate in assessing the sufficiency of alternatives to an immigration bond hearing, particularly under section 1226(c), which provides no alternatives to mandatory detention, except in rare cases.

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

continued detention of an alien detained under section 1231(a)(6) is one that can

be determined based on statutory construction and constitutional interpretation.

Last year, this Court analyzed the same due process question at issue here by

examining the status of the alien, the purpose of section 1236(a), the government

interest involved in the removal of aliens ordered removed, and the constitutional

adequacy of the custody review procedures as set forth in the regulations.  *Diouf v.*

*Mukasey*, No. 06-07452-TJH (C.D. Cal. Sept. 9, 2009) [Dkt # 74 therein].

Moreover, this Court did so without resort to the factual discovery that Petitioners

now claim is necessary.  If this case can similarly be decided on the law on a

motion for judgment on the pleadings, it should be decided in the interests of

judicial economy.

### 3.    This case is ripe for determination.

Once Respondents answered the Second Amended Complaint, this case

became ripe for determination on the legal issues.  Because it is now ripe for

determination on the legal issues, the Rule 12(c) motion should be decided before

the parties engage in lengthy and burdensome discovery.  *See Rae v. Union Bank*,

725 F.2d 478, 481 (9th Cir. 1984) (district court did not abuse its discretion in

staying discovery pending resolution of the Rule 12(b) motion that accepted all

facts alleged in the complaint as true); *Duff v. Nevada*, 2006 WL 3699051, at *1

(9th Cir. Dec. 13, 2006) (district court did not abuse its discretion by staying

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

27

discovery pending resolution of the defendants' motion to dismiss); *U.S. Philips Corp. v. Synergy Dynamics Intern., LLC*, No. 05-cv-00577, 2006 WL 3453225, *4 (D. Nev. Nov. 28, 2006) ("The decision whether to grant a stay of discovery still requires the court to determine whether the issues before the court on the motion for summary judgment are purely questions of law that can and should be decided before the parties engage in burdensome, expensive and potentially unnecessary discovery.").  If the Court, after accepting as true the allegations of the pleadings,[9] determines that judgment may be entered under Rule 12(c), then the contentious discovery process that is certain to be presented to this Court will have been properly avoided.

**C.    Even if the Rule 12(c) motion does not dispose of the case, the Rule 12(c) motion will narrow the issues before it and thus narrow and focus discovery.**

Even if the Rule 12(c) motion would not result in judgment on all of the claims under the Second Amended Complaint, discovery should still be temporarily stayed because the Rule 12(c) motion would, at the very least, narrow

---

[9]    Pursuant to Rule 12(c), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings should be granted only if "taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law."  *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

the issues for determination and discovery.[10]

Given the complexity of the statutory provisions, regulations, and prior case law involved, this Court would benefit from a concrete presentation of the legal arguments before determining, in the abstract, whether certain discovery should be permitted.  As this case currently stands, this Court will be asked to decide whether discovery should proceed *before* it has an opportunity to fully consider the complexity and the scope of the issues presented by this case.  There is no question that in opposing Petitioners' discovery, Respondents will be required to explain why the merits of the legal issues do not justify the discovery requested. Those legal issues should be considered and understood by the Court before discovery is either denied or permitted.  The most efficient vehicle for doing so – and one that will likely result in disposing of and/or narrowing of the claims – is Respondents' Rule 12(c) motion.

Petitioners likely will argue in opposing this motion  that Respondents' underlying arguments about the merits (which go to Respondents' arguments in the discovery dispute as to why discovery is not necessary) can be presented in

---

[10]   If this Court examines Respondents' Rule 12(c) motion and determines that certain issues cannot be decided without the parties undergoing fact discovery, then this Court may hold the Rule 12(c) motion in abeyance on issues that cannot be determined on the pleadings, permit discovery on the issues under Rule 56(f), and revisit the Rule 12(c) after discovery as a Rule 56 motion for summary judgment.  *See Living Designs, Inc. v. E.I. Dupont de Nemours and Co.,* 431 F.3d 353, 363-64 (9th Cir. 2005) (describing appropriate procedure if case cannot be decided on a Rule 12(c) motion for judgment on the pleadings).

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

opposition to the discovery requests as opposed to a Rule 12(c) motion. This is incorrect. The detailed and carefully prescribed process for presenting discovery disputes to the Court is an inappropriate vehicle for advancing core legal arguments on the merits of the case, the consideration of which is necessary to resolve the parties' discovery dispute. The local rules dictate that the parties' discovery disputes be presented in a certain form. *See* L.R. 37-1 (mandating a joint report, requiring certain contents of the joint report, and otherwise structuring the presentation of discovery disputes).

Petitioners admit that the Joint Stipulation the parties filed requires the parties to set forth the discovery in the text of the document, interspersed with the parties' arguments and cross-contentions. For a dispute over one or two discovery requests limited to a narrow issue, that format works well. But here the issues are sprawling, and almost every discovery request is disputed as unnecessary in light of the legal issues presented. Under such circumstances, the parties joint stipulation exceeds 150 pages. More importantly, issues that could be presented and considered more clearly through a Rule 12(c) motion are being lost in the mechanical aspects of the joint stipulation document.[11] Considering the issue of

---

[11]    Indeed, to manage the sheer size of the filing, the parties agreed to submit <u>only</u> representative samples of discovery requests on basic overarching disputes. But even that has resulted in an enormous document, and it provides no guarantees that the parties will not return to the Court on additional discovery disputes the parties have expressly reserved at this time. Indeed, the parties have acknowledged in their discussions that this will likely only be the *first* round of discovery disputes, because the discovery dispute

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

whether the legal claims may be determined now through a Rule 12(c) motion

likely would, at the very least, focus and narrow the issues in dispute in discovery.

Accordingly, a temporary stay of discovery in this matter is warranted until there

is a ruling on Respondents' Rule 12(c) motion for judgment on the pleadings.

## II.    PETITIONERS' CONTENTIONS

To prevail on a motion to stay discovery pending litigation on a dispositive

motion, the moving party must make a "strong showing" that a stay is warranted.

*Skellerup Industries Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600-01 (C.D.

Cal. 1995) (rejecting motion to stay discovery where entering the stay "would

undercut the Federal Rules' liberal discovery provisions," and moving party had

failed to meet its "heavy burden").  A "strong showing" in this context requires

more than mere "conclusory" arguments that the party seeking the stay will prevail

on the dispositive motion, and more than general arguments that apply to "any

reasonably large civil litigation."  *Id*. at 601; *see also Baker v. Arkansas Blue

Cross*, No. 08-03974, 2009 WL 904150, at *1 (N.D. Cal. Mar. 31, 2009) (denying

motion to stay discovery pending motion to dismiss because "it is not clear that

Plaintiffs will fail to state a claim"); *Feldman v. Flood*, 176 F.R.D. 651, 652 -653

---

before this Court was only intended to resolve some of the larger, fundamental issues –
issues Respondents contend are better examined in the context of a Rule 12(c) motion.

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

(M.D.Fla. 1997) (denying motion to stay discovery pending motion to dismiss because motion was not "clearly meritorious and truly case dispositive").

The government has utterly failed to make such a "strong showing" of good cause.  First, the government is mistaken as to the essential premise of its motion – that because this case presents a legal question, factual discovery is not relevant to its resolution.  Case law and common sense make clear that this is incorrect as to at least some of the discovery requests in dispute.  While the class members' due process claim presents a legal question, courts have resolved such claims by reference to facts, and when those claims arose in class actions or other general challenges to statutes, courts have relied on aggregate facts about the affected population to resolve the due process issue.  Petitioner's discovery requests are simply an attempt to obtain those aggregate facts.  Second, because Petitioner is undoubtedly entitled to at least some discovery, imposition of a blanket stay on all discovery would substantially prolong the case by needlessly delaying resolution of the parties' discovery disputes.  As a result, it would work a massive hardship on the class members – who will be subject to prolonged detention for several additional months – without providing any appreciable benefit in terms of efficient resolution of this litigation.  Third, the government is very unlikely to prevail on its Rule 12(c) motion, leaving the parties to litigate the same discovery disputes

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

that will shortly be presented to the Magistrate Judge and this Court under the current schedule.[12]

## A.    Respondents distort Petitioner's position and the procedural history of the case.

Respondents falsely contend that counsel for Petitioners has taken contradictory positions on the need for merits discovery before the Ninth Circuit and this Court.  To the contrary, it has been counsel's consistent position throughout this litigation that the case presents questions of law, and that some factual discovery is relevant to the Court's resolution of those questions.

Respondents cite to portions of Petitioner's counsel's statements at the hearing on Petitioners' motion for discovery regarding potential subclass members, but glaringly omit Petitioners' counsel clear and unequivocal statement at that same hearing regarding the need for merits discovery:

MR. ARULANANTHAM:  So, we, I think, quite clearly, can both say this is a question of law that's common to the class, which it is, and also say, in order to answer their argument that the existing procedures are deficient, we have to know something about those

---

[12]   The parties' core discovery disputes are currently scheduled to be heard by this Court before this motion for stay.  Briefing on those disputes should be complete as of November 5, 2010.

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

procedures.  Now here we are talking about the merits, right; merits

discovery.

Transcript [Dkt. # 71] 15:17-21.

Likewise, Respondents distort Petitioners counsel's statements on class

certification to the Ninth Circuit, as well as the Ninth Circuit's subsequent opinion

in *Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2010).  The sole issue before the

Ninth Circuit was the propriety of the district court's order denying class

certification.  In arguing that Petitioner's claims were common to the class as a

whole, counsel stated that the claims involved questions of law that are not

dependent on the facts of any *individual* case, a conclusion with which the Ninth

Circuit agreed.[1]  Thus, in stating that "[t]he particular characteristics of the

Petitioner or any individual detainee will not impact the resolution of this general

statutory question…," the Ninth Circuit was not suggesting that the parties were

foreclosed from fact discovery concerning their legal claims.  *Id*. at 1124.  Rather,

the Ninth Circuit was simply reasoning that the unique facts of each class

member's immigration case did not render the class unsuitable for certification on

the basis of an absence of commonality.  Thus, Respondents' suggestion that the

---

[1] As explained more fully below, because this is a class action Petitioner seeks discovery in order to make aggregate claims about detainees subject to prolonged detention as a whole, not claims about individual class members.

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

Ninth Circuit implicitly ruled on, and rejected, the need for discovery is completely without merit.

Respondents' contention that Petitioners have taken contradictory positions is particularly galling given that the government itself has taken inconsistent positions on this issue in other cases, arguing before the Supreme Court and the Ninth Circuit that the sort of factual information sought by Petitioner is relevant to due process challenges to immigration detention.  For example, in *Demore v. Kim*, the government placed great weight on aggregate data concerning the rate at which individuals subject to the mandatory detention statute failed to appear to support its argument that the statute satisfied due process.  538 U.S. 510, 519 (2003) (finding that "20% of deportable criminal aliens failed to appear for their removal hearings" and citing government brief).  Likewise, in the recent trio of cases argued before the Ninth Circuit which Respondents cite, counsel for the government argued against imposing a higher burden on the government to justify prolonged detention by citing to aggregate statistics on "failure to appear" rates for aliens with a final order of removal.  Audio of Oral Argument, *Vijendra Kumar Singh v. Eric H. Holder*, No. 08-71682 (9th Cir. Oct. 4, 2010) ("62% of aliens released from detention will be issued final orders and fail to surrender or abscond, in accordance with a 2006 DHS report") (statement of government counsel William H. Orrick).  Indeed, although the government asserts that there

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

had been no discovery in these and other individual cases, the petitioners in each

of those cases obviously had access to the immigration "A files" of the petitioners,

which the government has opposed turning over for class members here.  Thus it

appears the government has adopted a double standard, selectively citing factual

information in cases in which it finds it helpful, but objecting to the disclosure of

similar information here.[2]

     Finally, Respondents erroneously suggest that the timing of the Second

Amended Complaint ("SAC"), and the fact that Petitioners have in general

controlled the timing of the litigation, somehow explain the government's decision

to file this stay motion, along with their Rule 12(c) motion, over three months after

they received the discovery requests.  This is pure fiction.  The SAC did not

materially alter any of the claims in the case or otherwise alter the landscape for

purposes of discovery; indeed, Petitioner filed the SAC on the schedule to which

the government agreed, *see* Joint Report Re: Conf. of Parties Pursuant to Fed. R.

Civ. P. 26(F), Local Rule 26-1, and Court Order [Dkt # 82 at 4, July 9, 2010],

made the same claims as in the original complaint, and asserted the same

jurisdictional bases as in that first complaint.  *Compare* Corrected Petition for Writ

---

[2] Petitioner's counsel have not sought discovery in any of the individual cases they have litigated concerning prolonged detention because they have had access to the requisite information in those cases in the form of the individual detainee's A file and related information.  Here, in contrast, the government has refused to turn over the A files of class members, thus making aggregate data-gathering about the class extremely difficult.

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

of Habeas Corpus (May 16, 2007) *with* Second Amended Complaint [Dkt # 85, Sept. 8, 2010]. The SAC did identify sub-class representatives, but did so according to the sub-class definitions that Petitioners' counsel provided to the government over *eight months ago*. *See* Exhibit 20 (email correspondence of February 9, 2010, providing notice as to Petitioner's proposed sub-classes). Similarly, while the SAC did provide some greater specificity concerning the content of a "constitutionally adequate" hearing, this greater specificity has absolutely no bearing on the need for discovery or lack thereof in this case. Notably, Respondents do not identify how the SAC may have altered the procedural posture in any way relevant to discovery, and Petitioner's counsel can think of none. As such, it is clear that the timing and substance of the SAC and Petitioner's other filings in this case played no part in the government's decision to seek a stay of all discovery three months after receiving the discovery requests.

**B.    Controlling due process case law supports Petitioner's entitlement to discovery.**

**1.    Petitioner seeks factual information relevant to the due process standards applied by the Supreme Court and Ninth Circuit in similar cases.**

The Court should also reject the government's request for a stay because the discovery Petitioner seeks is directly relevant to the constitutional question in this

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

case. The premise of the government's motion to stay all discovery is that because the constitutional claim in this case involves a question of law, factual claims are irrelevant and no discovery should be required. However, this premise is fundamentally misguided. The question of whether the Due Process Clause requires the type of hearings that the class members seek is indeed a question of law, but, as courts have repeatedly recognized, resolution of that legal question frequently requires reference to aggregate facts. *See, e.g.*, *Demore v. Kim*, 538 U.S. 510, 529-30 (2003) (in challenge to mandatory detention statute, resolving question whether due process required bond hearings by relying on aggregate data concerning individual cases); *County of Riverside v. McLaughlin*, 500 U.S. 44, 55, 57 (1991) (in class action, relying on information concerning causes for delays in arraignment and conclusion that "it takes 36 hours to process arrested persons in Riverside County" in assessing constitutional requirements); *see also id.* at 68 (Scalia, J., dissenting) (arguing in favor of a 24-hour period to provide a probable cause hearing based on the "available data" and observing that the Court had previously declined to decide the issue "since we had before us little data to support any figure we might choose" and that the Court would still benefit from "even more information"); *Schall v. Martin*, 467 U.S. 253, 265, 271-72 (1984) (in habeas class action challenging juvenile pre-trial detention on due process grounds, considering aggregate data on juvenile crime rates in assessing

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

government interest, factual testimony on the conditions of confinement in assessing individual's interest, and aggregate data on the outcome of class members' cases); *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1200 (9th Cir. 2009) (in challenge to validity of database system listing offenders without opportunity to challenge listing, utilizing aggregate error rate in system similar to the one at issue in assessing due process claim); *Morales-Izquierdo v. Gonzalez*, 486 F.3d 484, 496 (9th Cir. 2007) (en banc) (in challenge to reinstatement statute, relying on data concerning the aggregate "error rate" for all people subject to the statute to assess whether additional process -- involving hearings before immigration judges -- was required); *Orantes-Hernandez v. Meese*, 685 F.Supp. 1488, 1507-08 (C.D. Cal. 1988) (in class action, resolving procedural due process claim by reference to facts about "a substantial number of class members").

Following this precedent, Petitioner seeks discovery into factual information that is relevant to the due process standards developed and applied by the Ninth Circuit and Supreme Court in similar cases. "[D]ue process requires 'adequate procedural protections' to ensure that the government's asserted justification for physical confinement 'outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Casas-Castrillon v. Dept. of Homeland Sec.*, 535 F.3d 942, 950 (9th Cir. 2008) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)). To analyze Petitioners' claims under this standard, the Court must

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

39

examine the facts and circumstances of the government's restriction of class members' liberty, the procedures (if any) that the Government currently provides to them, and the strength of the Government's justifications for restricting that liberty interest without providing the hearing procedure that Petitioners seek.  *See Zadvydas*, 533 U.S. at 691-92 (examining, *inter alia*, the government's regulatory purpose for indefinite immigration detention, the government's interests in preventing flight and danger, and the nature of deprivation of liberty); *see also, e.g.*, *Demore v. Kim*, 538 U.S. 510, 529-30 (2003); *United States v. Salerno*, 481 U.S. 739, 749-52 (1987); *Schall v. Martin*, 467 U.S. 253, 265, 271-72 (1984). Indeed, in *Casas-Castrillon*, the Ninth Circuit made clear that it would have to rely on information about the custody procedures that the government had provided to the detainee in order to assess whether the government had complied with due process requirements.  532 F.3d  at 952 ("Because the parties did not develop an adequate record of the procedural review that Casas has received, we cannot determine whether the government has afforded him a bond hearing that complies with the requirements of *Tijani*.").

To provide the factual context necessary to assess the class members' claims, Petitioner Rodriguez propounded discovery requests on the Department of Homeland Security and the Department of Justice, seeking four categories of factual information that are relevant to his due process claims: (1) information

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

40

from class members' A-files (administrative files maintained by DHS); (2) aggregate information about the outcomes of class members' removal and detention proceedings; (3) DHS and DOJ written policies and practices governing class members' detention; and (4) the costs of providing constitutionally adequate detention hearings.

While it is impossible to explain the basis of each discovery request in this response, several examples demonstrate the relevance of discovery in this case. For example, many of Petitioner's discovery requests seek information contained in class members' A files.  Information from such files has been used by the courts to resolve every individual case challenging prolonged immigration detention, yet the government has refused to provide those files for the class members.  *See infra*. at 42.

Similarly, some of Petitioner's discovery requests seek to determine what the government's existing detention procedures actually are in practice, and whether they accurately serve to determine that any given detainee is a danger or flight risk.  Given that the government is arguing in this case that its existing detention procedures are constitutionally sufficient, Petitioner is obviously entitled to learn what those procedures are and how they function in practice; the Court cannot assess the constitutionality of detention procedures without knowing what they are.

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

Other discovery requests seek to determine for how long class members are typically detained, in order to determine the degree of liberty deprivation they will suffer without obtaining constitutionally-adequate hearings. The length of detention is obviously relevant to assessing the constitutionality of the existing detention scheme. *See Demore*, 538 U.S. at 529 (analyzing average length of detention in assessing constitutionality of detention scheme).

The government's requested stay would bar Petitioner from obtaining these basic kinds of information, even though they are plainly relevant and therefore justified under the Federal Rules.

Of course, that some discovery is warranted does not resolve the question whether *all* of Petitioner's discovery requests are justified. However, those issues are better resolved through the discovery motions already filed with the Court, in which the Court can review the relevancy of the Petitioner's individual discovery requests on a case-by-case basis.

**2. Petitioner seeks discovery into aggregate and class-wide facts because this case is a class action, and not an individual case.**

In support of its claim that it can avoid virtually all discovery, the government cites to several Ninth Circuit cases – *Casas-Castrillon*, *Prieto-Romero*, *Tijani*, *Diouf*, and a trio of pending cases – in which the Court has decided (or will decide) due process challenges to prolonged detention without the

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

benefit of factual discovery.  However, there is a critical difference between

individual challenges to detention, on the one hand, and class action challenges to

detention schemes, on the other.  In individual cases, the constitutional analysis

generally turns on the facts concerning the individual detainee and his detention –

information that frequently can be presented in the district court without the need

for significant discovery provided that the Petitioner has access to his A file and

other information about his particular case.  By contrast, in a class action – as in

*Orantes*, *McLaughlin*, and *Martin* – the plaintiff challenges the government's

policies and practices in *all* their applications. The analysis thus necessarily

requires consideration of aggregate or class-wide information.  Indeed, even in

individual cases raising due process challenges to a statutory scheme – such as

*Demore, Morales-Izquierdo*, *and Humphries* – courts have looked to aggregate

information in conducting their due process analysis of the statutory scheme itself.

Likewise here, Petitioner does not seek discovery in order to make due process

claims about any individual class member, but rather to support his due process

claims with respect to the statutory scheme as a whole – the same information

relied on by the Supreme Court and Ninth Circuit in considering similar claims.

　　　　As an initial matter, even if Petitioner were not entitled to other kinds of

aggregate information, there should be no serious dispute that he is entitled to the

A files of the class members.  The government never explains why it has denied

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

43

access to the A files of the class members – counsel's clients whom Petitioner represents for purposes of this class action – even though information from the A files has been critical in all of the individual detention cases decided by the Ninth Circuit.  *See, e.g.*, *Casas-Castrillon*, 535 F.3d at 945-47 (recounting detainee's individual immigration history in order to assess his claim); *id.* at 952 ("Because the parties did not develop an adequate record of the procedural review that Casas has received, we cannot determine whether the government has afforded him a bond hearing that complies with the requirements of *Tijani.*").

    With respect to other aggregate information that Petitioner seeks through discovery, *Demore* is directly on point with respect to the relevance of that information.  There, the Court considered a due process challenge to section 1226(c)'s authorization of detention without the opportunity for a bond hearing – the same basic kind of constitutional question presented in this case.  In concluding that bond hearings were not required, the Court stressed the "brief" period of detention for most 1226(c) detainees, relying on aggregate data provided by the government.  538 U.S. at 529 (EOIR "has calculated that, in 85% of the cases in which aliens are detained pursuant to § 1226(c), removal proceedings are completed in an average time of 47 days and a median of 30 days") (quoting government brief).  That data was central to the majority opinion's ultimate conclusion that bond hearings were not required for the "brief" period of detention

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

44

at issue, and also central to Justice Kennedy's concurrence (which provided the fifth vote for the majority).  *Id*.; *see also id.* at 532 (Kennedy, J., concurring) (stating that individualized hearing may be required if there is an "unreasonable delay by the INS in pursuing and completing deportation proceedings").

*Demore* also relied on other factual information.  It cited extensive findings and studies cited in the Congressional record in assessing the strength of the government's interest.  *Id*. at 518-21.  And while the Court found that a study done by the Vera Institute of Justice on alternatives to detention had "limited" value due to methodological problems, it accepted the premise that accurate data would have been relevant to due process analysis.  *Id*. at 520 n. 5.  Additionally, the majority opinion and Justice Kennedy's concurrence emphasized that the government's existing hearing scheme – hearings concerning the propriety of mandatory detention under *Matter of Joseph* – provide a procedural safeguard against unlawful detention.  *Id*. at 514 n.3, 523 n.6; *id*. at 531-32 (Kennedy, J. concurring).  The Court specifically observed that because of the petitioner's concession that he was deportable and therefore properly subject to the mandatory detention statute, "we have no occasion to review the adequacy of Joseph hearings generally in screening out those who are improperly detained." *Id*. at 514 n.3.  Thus, in *Kim*, the government argued – and the Court agreed – that aggregate data concerning flight risk of individuals subject to the mandatory detention statute , as well as the

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

45

efficacy of alternative procedural safeguards, were both relevant to the due process analysis.

The government now attempts to diminish the significance of *Demore*, suggesting that the Court relied on only one "extrinsic" fact (length of detention) introduced outside of the Congressional record. However, Respondent ignores the other factual information considered by the *Demore* court – among these the high rates of failure to appear for individuals who were not detained, and the availability and efficacy of alternatives to detention for preventing flight risk – in analyzing the due process claim. It is immaterial whether that information was introduced at the Supreme Court, in the Congressional record, or developed in discovery at the district court. This Court must ultimately look to the Supreme Court's analysis of the due process claim to consider whether discovery is relevant in this case, and the Supreme Court's analysis makes clear that these aggregate facts were relevant to assessing the due process claim at issue.[1]

---

[1] In addition, even if the government were correct that average length of detention were the only relevant aggregate fact in this case, that fact would still justify rejecting the government's stay motion, as well as its position that no discovery is relevant in this case, because the government has failed to make that data available to Petitioner. The most obvious way to provide it would be to provide Petitioner with the A files of the class members, thus allowing Petitioner to determine how long the typical class member is held prior to completion of his or her case.

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

### 3.    The specific examples that Respondents provide actually illustrate why discovery is appropriate here.

Respondents' selection of several discovery requests that it incorrectly characterizes as irrelevant only serves to highlight the need for discovery in this case.  While Petitioner has already provided a lengthy explanation of the need for this discovery in the October 10, 2010, Joint Stipulation, a brief review here will demonstrate that the Respondents' arguments are without merit.

First, Petitioner's request for information concerning the government's costs in providing certain procedures, the contractual agreements between Respondents and state and local entities, and bed space data are necessary to assess the costs of the Respondents' current procedures or the additional procedures Petitioner seeks. If the Court concludes that recourse to a *Mathews* due process analysis is required here, the Court cannot conduct that analysis without considering the cost of current and additional procedures.  Second, information concerning access to legal materials, visitation rights with counsel, and educational opportunities in detention are needed to assess the nature and extent of the deprivation of class members' liberty interests while detained.  This information also bears on the Respondents' costs of detention.

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

**C.     A Stay of All Discovery is Unwarranted Because it Would Substantially Delay Resolution of This Case.**

Apart from the error at the heart of the government's analysis, the Court should reject the requested stay because it will result in a massive delay in resolving this case.  The government cannot seriously dispute that its proposed stay of all discovery would delay resolution of this case by several months.  The Rule 12(c) motion – which according to the government will likely be filed on November 22, 2010 -- would require briefing on virtually all of the merits issues in this case.  The parties have agreed that, given the holidays and the complexity of the issues involved, the Court would likely be unable to hold a hearing on the motion prior to January 24, 2010.  Given its breadth, the motion would presumably require at least several more weeks, if not months, for a decision.  Therefore, assuming any part of the case survives – and it is virtually certain that at least large portions of it will, discovery will likely be delayed for several months pending the Court's resolution of the Rule 12(c) motion.

Because this case involves a challenge to prolonged detention, the delay caused by the stay would ensure that hundreds of detainees (approximately 350 on any given day) would remain in detention for several additional months without the bond hearings to which they may be entitled.  This is a massive interest counseling against any stay of discovery and contrary to the bedrock constitutional

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

principle that habeas corpus "is intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" *Hoeun Yong v. INS*, 208 F.3d 1116, 1120 (9th Cir. 2000) (quoting *Fay v. Noia*, 372 U.S. 391, 400 (1963)).

Contrary to the government's suggestion, weighed against that interest is *not* the government's interest in avoiding burdensome discovery, because even without the stay the government will have ample opportunity to avoid any unwarranted discovery. The Respondents have already filed for a protective order in which they argue in detail that certain discovery is burdensome or otherwise unwarranted, pursuant to the ordinary process for resolving discovery disputes. In that briefing, Respondents made precisely the same argument that they present here – i.e., that factual information sought is not relevant to the applicable due process standards – in the context of the individual discovery requests made by Petitioner. Because the Court will have the opportunity to review Respondents' primary contention, as well as its other objections, in deciding whether to grant a protective order, there is little reason (other than delay) for Respondents to seek a blanket stay at this time.

Finally, Respondents suggest that even if the Rule 12(c) motion would not result in a judgment on all claims, it will narrow the issues for determination or discovery. Notably, the Respondents do not explain in any meaningful way how the Court's "narrowing" would impact discovery. As a threshold matter, for the

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

reasons discussed below, the government is unlikely to prevail on any aspect of its Rule 12(c) motion, and thus there will be no narrowing of the discovery requested. However, even if the government were able to defeat some portion of Petitioners' claims, the basic categories of information that Petitioner seeks on the due process claim will remain relevant. As long as any "narrowing" fails to resolve the basic constitutional question at issue in the case, it will serve only to delay discovery, not to narrow it. Accordingly, even if the Court did "narrow" some issues, the majority of the current discovery disputes between the parties would remain outstanding.

**D.** **A Stay of All Discovery is Unwarranted Because the Government is Very Unlikely to Prevail on the Merits of its Forthcoming Rule 12(c) Motion.**

The Court should also reject the request to stay all discovery pending resolution of the government's Rule 12(c) motion because the government is very unlikely to prevail on that motion. *See Skellerup Industries Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995).

The government makes several cursory arguments suggesting that it will prevail on at least some aspects of its Rule 12(c) motion, but its arguments are meritless. The government's assertion that non-citizens detained under Section 1225(b) (whom the government erroneously refers to as "arriving aliens") lack due

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

50

process rights and therefore cannot challenge their prolonged detention is

incorrect for at least two reasons.  First, the Ninth Circuit has held that all non-

citizens physically present in the United States, even if they have not effected an

"entry," are protected by the Due Process Clause.  "Even an excludable alien is a

'person' for purposes of the Fifth Amendment and is thus entitled to substantive

due process." *Kwai Fun Wong v. United States*, 373 F.3d 952, 972 (9th Cir.

2004).  Second, the Ninth Circuit has held that Section 1225(b) applies also to

lawful permanent residents returning from travel abroad, because they too are

characterized as "arriving aliens" for purposes of the statute.  *See Nadarajah v.*

*Gonzales*, 443 F.3d 1069, 1077 n.3 (2006) (construing Section 1225(b) in light of

its potential effect on returning lawful permanent residents).[2]  Thus the

government's contention that detention under Section 1225(b) raises no due

process concerns because the only detainees it affects lack any due process rights

is clearly wrong.[1]

---

[2] While the government could respond that in fact no lawful permanent residents are
detained under Section 1225(b), at least in this district, this assertion would require
factual development to resolve, such that the government could not prevail on it under
Rule 12(c).  Thus, the government will not prevail on any motion for judgment on the
pleadings with respect to the Section 1225(b) sub-class, and it certainly will not do so
absent further factual development.

[1] The government cites two decisions, *Alvarez-Garcia v. Ashcroft*, 378 F.3d 1094 (9th
Cir. 2004) and *Barrera-Echavarria v. Rison*, 44 F.3d 1441, 1448 (9th Cir. 1995) (en
banc), that are easily distinguishable.  In *Alvarez-Garcia*, the Ninth Circuit concluded
that the distinction between excludable and deportable aliens justified the differing
treatment of excludable aliens' applications to adjust status.  However, the Court
nowhere suggested that excludable aliens did not have substantive due process rights,
and in fact cited to *Wong*'s conclusion that excludable aliens are covered by the Due
Process Clause.  378 F.3d at 1098.  *Barrera-Echavarria* was decided under a statutory
scheme that has been superseded, involved immigration categorizations that no longer

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

The government's arguments concerning detainees held under Section 1226(a) are weaker still.  The government does not even claim that it will prevail on its Rule 12(c) motion with respect to this group.  Instead, it seeks to pre-judge the question whether their claims can be resolved without discovery.  As noted above, that question should be resolved in the context of individual discovery disputes.  The government also argues that counsel for Petitioners have litigated issues concerning the requirements for prolonged detention hearings at the Ninth Circuit without requiring discovery.  But, as discussed, those cases involved individual petitioners, whose factual circumstances were clear from their A files, whereas this is a class action in which the government has refused to produce class members' A files.  Where litigants challenge the constitutionality of a statutory scheme as a whole, the courts have resolved such disputes by reference to aggregate facts concerning the group.

Similarly, the Respondents' arguments with respect to the subclass of detainees held under Section 1226(c) are completely without merit.  Respondents contend that the Supreme Court in *Demore v. Kim* held that prolonged detention under Section 1226(c) without bond hearings is constitutional.  However, in *Demore*, the Supreme Court repeatedly emphasized that its holding was limited to

---

exist, and is likely no longer good law given the Supreme Court's subsequent rulings limiting indefinite immigration detention.  For that reason, the Ninth Circuit has recognized the decision's limited applicability to current immigration law.  *See, e.g., Xi v. INS*, 298 F.3d 832, 837-38 (9th Cir. 2001).

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

the "brief" period necessary for removal, which the Court found was ordinarily between two and five month (based on aggregate data provided by the government). *See* 538 U.S. at 513 ("We hold that Congress . . . may require that persons such as respondent be detained for the brief period necessary for their removal proceedings."); *id.* at 526 ("the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings"); *id.* at 528 ("the detention here is of a much shorter duration"); *id.* at 530 ("the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal").[2]  Indeed, Justice Kennedy's concurrence expressly stated that in cases in which there is "unreasonable delay by the INS in pursuing and completing deportation proceedings" "a lawful permanent resident alien such as respondent could be entitled to an individualized determination as to his risk of flight and dangerousness." *Id*. at 532.  The Ninth Circuit has already interpreted *Demore* in this way – reading the case to uphold mandatory detentions only where the detention is brief.  *Nadarajah*, 443 F.3d at 1080 ("*Demore* endorses the general proposition of 'brief' detentions, with a specific holding of a six-month period as presumptively reasonable.").

_____

[2] While Mr. Kim himself had been detained for six months, the Court attributed the abnormally lengthy detention to his request for a continuance.  *Id*. at 530.

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

53

Finally, with respect to the subclass detained under Section 1231(a)(6), the government claims that this Court has already decided the question in its decision in *Diouf v Holder*, No. CV 06-7452, 2009 WL 6331130 (C.D. Cal. September 9, 2009), and furthermore that it has done so without reference to facts. Both claims are mistaken. A close reading of the Court's opinion in *Diouf* makes clear that the Court decided only that Mr. Diouf himself had no right to a hearing, without deciding the broader statutory and due process questions, and furthermore that it did so by reference to the particular facts of Mr. Diouf's case. *See id*. (holding that Diouf is not entitled to a bond hearing because he had already exhausted direct review of his removal order and only sought Ninth Circuit review of a motion to reopen, twice had bond cancelled after failing to timely depart, and had received multiple post-order custody reviews). In any case, Mr. Diouf's case has been appealed and argued to the Ninth Circuit; this Court's resolution of his particular case hardly constitutes a basis for staying all discovery in the whole class action pending resolution of a Rule 12(c) motion that the government has yet to file.

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

Dated: November 3, 2010                    Respectfully submitted,


TONY WEST                                  ACLU FOUNDATION OF
Assistant Attorney General                 SOUTHERN CALIFORNIA
Civil Division
                                           *s/ Ahilan T. Arulanantham*
                                           Ahilan T. Arulanantham
DAVID J. KLINE                             Jennifer Stark
Director, Office of Immigration            Michael Kaufman
Litigation
District Court Section                      AMERICAN CIVIL LIBERTIES
                                           UNION IMMIGRANTS' RIGHTS
                                           PROJECT
VICTOR M. LAWRENCE                         Judy Rabinovitz
Principal Assistant Director
                                           STANFORD LAW SCHOOL
                                           IMMIGRANTS' RIGHTS CLINIC
*s/ Theodore W. Atkinson*                  Jayashri Srikantiah

THEODORE W. ATKINSON                        SIDLEY AUSTIN LLP
Senior Litigation Counsel                  Steven A. Ellis
U.S. Department of Justice                 William Tran
Civil Division                             Brian K. Washington
Office of Immigration Litigation
District Court Section                          Attorneys for Petitioners
P.O. Box 868, Ben Franklin Station
Washington D.C. 20044
(202) 532-4074

NICOLE R. PRAIRIE
Trial Attorney


ELIZABETH L. WALKER
Trial Attorney


EREZ R. REUVENI
Trial Attorney

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2010, I filed the foregoing with this

Court through the Court's ECF/CM filing system, which caused a copy to be

served electronically on the following:

Ahilan T. Arulanantham
ACLU Foundation of Southern California
1616 Beverly Boulevard
Los Angeles, CA 90026
213-977-5211
Fax: 213-977-5297
Email: aarulanantham@aclu-sc.org

Judy Rabinovitz
ACLU Immigrants' Rights Project
125 Broad Street 18th Floor
New York, NY 10004
212-549-2618
Fax: 212-549-2654
Email: jrabinovitz@aclu.org

Jayashri Srikantiah
Stanford Law School
Immigrants' Rights Clinic,
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
650-724-2442
Fax: 650-723-4426
Email: jsrikantiah@law.stanford.edu

Steven A. Ellis
Sidley Austin LLP
555 W 5th St, Ste 4000
Los Angeles, CA 90013-1010
213-896-6000
Fax: 213-896-6600
Email: sellis@sidley.com

Brian Kelley Washington
Sidley Austin
555 West Fifth Street Suite 400
Los Angeles, CA 90013-1010
213-896-6000
Fax: 213-896-6600
Email: bwashi01@sidley.com

William Tran
Sidley Austin
555 West Fifth Street Suite 4000
Los Angeles, CA 90013-1010
213-816-6000
Fax: 213-896-6600
Email: wtran@sidley.com

*s/ Theodore W. Atkinson*
THEODORE W. ATKINSON
Senior Litigation Counsel

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074