TONY WEST
Assistant Attorney General,
Civil Division
DAVID J. KLINE
Director
VICTOR M. LAWRENCE
Principal Assistant Director
THEODORE W. ATKINSON
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC  20044
Tel:  (202) 532-4135
E-mail: theodore.atkinson@usdoj.gov
NICOLE R. PRAIRIE
Trial Attorney
ELIZABETH L. WALKER
Trail Attorney
EREZ R. REUVENI
Trial Attorney

Attorneys for Respondents

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>TIMOTHY S. ROBBINS, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director*; JANET NAPOLITANO, *in her capacity as Secretary of Homeland Security*; and ERIC H. HOLDER, JR., *in his capacity as Attorney General of the United States*,<br><br>Respondents. | Case No. CV 07-3239-TJH (RNBx)<br><br>**DISCOVERY MATTER**<br><br>SUPPLEMENTAL MEMORANDUM IN SUPPORT OF RESPONDENTS' MOTION FOR A PROTECTIVE ORDER<br><br>Honorable Robert N. Block<br><br>Hearing Date: None |

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

Respondents submit this supplemental memorandum in support of their motion for a protective order, and to highlight why the sweeping discovery Petitioners seek should not be permitted.  On November 3, 2010, Respondents filed a motion for an order from this Court staying discovery until Judge Hatter decides Respondents' motion for judgment on the pleadings under Fed. R. Civ. P. 12(c).  [Dkt. # 115].  The three motions – the motion for a protective order, the motion for stay, and the pending Rule 12(c) motion for judgment[1] – are related.

As Respondents detailed in the joint stipulation, this case involves a purely legal issue of statutory and constitutional interpretation.  Petitioners claim that all aliens detained for six months or longer are entitled to a bond hearing before an immigration judge, regardless of their immigration status and regardless of the individual circumstances of their detention.  While the issue of whether the Constitution requires a bond hearing after six months of immigration detention appears straightforward, the issues to be put to this Court are, in fact, complex.  The case as pled requires the examination of four different statutes – 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a).  Those statutes authorize detention in different ways and for different purposes.  Consequently, the overarching issue before the Court – Does the Constitution require the Government to provide aliens with a bond hearing when they have been detained for six months? – will be answered by examining the question through the prism of each of the four statutory and regulatory schemes in this case.

However complex the ultimate issue before the Court is, it does not require the sifting of individual facts before it can be decided.  Petitioners' claim that other detention cases have been decided after examining "aggregate data" is wrong.  Until now, each case has been decided on its own merits, based on the

---

[1] The parties have agreed to a schedule for briefing the Rule 12(c) motion, which begins with the filing of the motion on November 22, 2010.  The parties are in the process of preparing a joint stipulation to set the briefing schedule.

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

individual facts pertaining to each individual alien. By permitting this case to go forward as a class action, the Ninth Circuit recognized that the claim pled in this case is one of statutory and constitutional interpretation. This case can go forward as a class action because the claim that the Constitution requires a bond hearing at six months turns on essentially two core common facts: detention under one of the four statutes, and detention lasting at least six months under those statutes. Thus, as a general matter, Petitioners are not entitled to the broad, expansive discovery they seek because it is not relevant to the claim they are pursuing.

Petitioners repeatedly turn to thin arguments that other cases were decided on the basis of "aggregate data" and therefore they, too, are entitled to "aggregate data" without specifying *why* the information requested is relevant to their claims. Rather, petitioners make general arguments about a general need for the discovery. Respondents, on the other hand, have explained why there is no specific relevance to the information requested. For example, aliens detained under section 1226(a) are *already entitled to a bond hearing* (regardless of how long they have been detained). *See* 8 C.F.R. § 236.1. That raises the question of why Petitioners need the individual A-files and court records of anyone detained under section 1226(a). With regard to those aliens the issue is whether the hearing to which they are entitled meets constitutional muster with regard to the standard and burden of proof, the availability of transcripts, and the provision of Government-provided counsel. *Nothing* in the A-files will assist the Court in determining these issues, so Petitioners do not need to see the A-files of section 1226(a) detainees.

Another example of how Petitioners cannot show how the specific requests are relevant to their claims: Petitioners go to great lengths to argue that they are entitled to broad documents and information showing the costs of detention and the costs of providing hearings to aliens. But at no time do Petitioners explain why that cost data is relevant. Petitioners cite *Mathews v. Eldridge*, 424 U.S. 319 (1976), and argue that under *Mathews* a cost-benefit analysis is important to

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

considering the Government's interest in a due process analysis. However, at no time do Petitioners explain how such cost information will prove their case. The financial costs of providing a bond hearing are undoubtedly less than the costs associated with detention, but that fact should come as a surprise to no one. Petitioners offer no meaningful explanation why, in the absence of a claim by the Government that bond hearings are too costly, they need cost information. Instead, Petitioners fall back on generalized arguments about their entitlement to such information under *Mathews*. In fact, no cost data is relevant to this case at all.

The two examples described above show how Respondents have demonstrated that the discovery requests are irrelevant to the purely legal claims in this case. However, this Court should not make its decision regarding the sample discovery requests put before it[2] against a backdrop of broad and somewhat abstract arguments as to what this case is about. Instead, this Court should permit consideration and decision on the Rule 12(c) motion first, which will either resolve the case in its entirety or narrow the issues for further consideration and possible discovery. If, however, the Court determines to resolve the discovery dispute before Judge Hatter decides the Rule 12(c) motion, the Court should still deny all of the discovery sought for the reasons stated by Respondents in the Joint Stipulation.

---

[2] It cannot be reiterated strongly enough that the discovery requests presented to the Court in the 150-plus page joint stipulation are only a few of the requests that are at the center of the parties' discovery dispute. Moreover, the parties themselves have acknowledged to each other that even if this Court decides the present discovery dispute, other disputes will likely have to be presented to the Court in the near future.

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

```
Dated: November 5, 2010              Respectfully submitted,


                                     TONY WEST
                                     Assistant Attorney General
                                     Civil Division

                                     DAVID J. KLINE
                                     Director, Office of Immigration Litigation
                                     District Court Section


                                     VICTOR M. LAWRENCE
                                     Principal Assistant Director


                                     s/ Theodore W. Atkinson
                                     THEODORE W. ATKINSON
                                     Senior Litigation Counsel
                                     U.S. Department of Justice
                                     Civil Division
                                     Office of Immigration Litigation
                                     District Court Section
                                     P.O. Box 868, Ben Franklin Station
                                     Washington DC 20044
                                     (202) 532-4074

                                     NICOLE R. PRAIRIE
                                     Trial Attorney

                                     ELIZABETH L. WALKER
                                     Trial Attorney

                                     EREZ R. REUVENI
                                     Trial Attorney

                                     Attorneys for Respondents
```

5

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074

# CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2010, I filed the foregoing with this Court through the Court's ECF/CM filing system, which caused a copy to be served electronically on the following:

| | |
|---|---|
| Ahilan T. Arulanantham<br>ACLU Foundation of Southern California<br>1616 Beverly Boulevard<br>Los Angeles, CA 90026<br>213-977-5211<br>Fax: 213-977-5297<br>Email: aarulanantham@aclu-sc.org | Judy Rabinovitz<br>ACLU Immigrants' Rights Project<br>125 Broad Street 18th Floor<br>New York, NY 10004<br>212-549-2618<br>Fax: 212-549-2654<br>Email: jrabinovitz@aclu.org |
| Jayashri Srikantiah<br>Stanford Law School<br>Immigrants' Rights Clinic,<br>Crown Quadrangle<br>559 Nathan Abbott Way<br>Stanford, CA 94305-8610<br>650-724-2442<br>Fax: 650-723-4426<br>Email: jsrikantiah@law.stanford.edu | Steven A. Ellis<br>Sidley Austin LLP<br>555 W 5th St, Ste 4000<br>Los Angeles, CA 90013-1010<br>213-896-6000<br>Fax: 213-896-6600<br>Email: sellis@sidley.com |
| William Tran<br>Sidley Austin<br>555 West Fifth Street Suite 4000<br>Los Angeles, CA 90013-1010<br>213-816-6000<br>Fax: 213-896-6600<br>Email: wtran@sidley.com | Brian Kelley Washington<br>Sidley Austin<br>555 West Fifth Street Suite 400<br>Los Angeles, CA 90013-1010<br>213-896-6000<br>Fax: 213-896-6600<br>Email: bwashi01@sidley.com |

*s/ Theodore W. Atkinson*
THEODORE W. ATKINSON
Senior Litigation Counsel

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4074