PETER J. ELIASBERG (SBN 189110)
Email: peliasberg@aclu-sc.org
AHILAN T. ARULANANTHAM (SBN 237841)
Email: aarulanantham@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017
Tel: (213) 977-5211
Fax: (213) 977-5297

**Attorneys For Petitioner**
(Additional counsel listed on following page)

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*, <br><br> Petitioner, <br><br> vs. <br><br> TIMOTHY S. ROBBINS, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director*; JANET NAPOLITANO, *in her capacity as Secretary of Homeland Security*; and ERIC H. HOLDER, JR., *in his capacity as Attorney General of the United States*, <br><br> Respondents. | Case No. CV 07 – 3239 TJH (RNBx) <br><br> **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PETITIONER'S MOTION TO COMPEL PURSUANT TO LOCAL RULE 37-2.3** <br><br> Honorable Robert N. Block <br><br> Complaint Filed: 5/16/2007 |

LA1 1908531v.1

1 | Additional Counsel:

2 | JUDY RABINOVITZ
AMERICAN CIVIL LIBERTIES FOUNDATION
3 | IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
4 | New York, NY 10004
Telephone: (212) 549-2618
5 | Facsimile: (212) 549-2654

6 | JAYASHRI SRIKANTIAH (SBN 189566)
STANFORD LAW SCHOOL
7 | IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
8 | 559 Nathan Abbott Way
Stanford, CA 94305-8610
9 | Telephone: (650) 724-2442
Facsimile: (650) 723-4426
10 |
STEVEN A. ELLIS (SBN 171742)
11 | WILLIAM TRAN (SBN 245104)
BRIAN K. WASHINGTON (SBN 248960)
12 | SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
13 | Los Angeles, California  90013-1010
Telephone: (213) 896-6000
14 | Facsimile: (213) 896-6600

15
16
17
18
19
20
21
22
23
24
25
26
27
28

LA1 1908531v.1

1   The government has refused, almost completely, to respond to Petitioner's
2   discovery requests. Other than providing a roster of class members and boilerplate
3   responses to a handful of requests for admission, the government has taken the
4   extreme position that it is not obligated to provide discovery responses. The
5   government cannot simultaneously (a) assert that the government's existing standards,
6   policies, and procedures fully comport with its obligations under the Due Process
7   Clause and (b) refuse to respond to discovery requests regarding those very same
8   standards, policies, and procedures.
9   The Court should compel the government to respond to Petitioner's discovery
10  requests for two principal reasons. First, contrary to the government's objections, the
11  mere fact that this case involves a "question of law" does not render factual discovery
12  per se irrelevant. Rather, the discovery Petitioner seeks falls into four general
13  categories—(1) the A files of class members, (2) the government's written policies
14  and procedures concerning its custody review and detention procedures, (3) statistical
15  and aggregate information that the government already keeps in its databases, and
16  (4) cost data—and all four categories are highly relevant to the due process standard
17  enunciated by the Supreme Court and Ninth Circuit. That standard requires the Court
18  to consider the nature and duration of class members' detention, the procedures that
19  resulted in their detention, and the accuracy of these procedures in determining that
20  class members posed a danger or flight risk sufficient to justify such detention. This,
21  in turn requires consideration of the nature of class members' claims against removal.
22  The Supreme Court and Ninth Circuit have considered the very sort of factual
23  information Petitioner seeks in analyzing similar due process challenges in individual
24  cases. Moreover, in class action challenges in particular, these courts have routinely
25  relied on the kind of aggregate facts that Petitioner is seeking.
26  Second, the burden the government complains of is largely of its own making.
27  For example, the government argues that a manual review of class members' A files
28  would be unduly burdensome, while at the same time refusing to produce those files

**1**

LA1 1908531v.1

to Petitioner's counsel so they can conduct the review themselves.  Indeed, Petitioner's counsel have offered to withdraw the discovery requests that seek information contained in the A files if the government would simply produce the class members' A files themselves.

**I.      Discovery is Necessary Because This Case Requires the Resolution of Factual Issues.**

The government's central contention—that this case involves legal claims on which no factual discovery is needed—reflects a misunderstanding of controlling due process precedent, as well as a refusal to recognize that class action challenges typically require courts to consider aggregate facts.  Indeed, the Supreme Court itself relied on aggregate statistics about the length of detention and the strength of the government's justification for detention in its last case concerning the constitutionality of immigration detention, Demore v. Kim, 538 U.S. 518-21, 529 (2003).  Petitioner seeks the same type of evidence through the discovery at issue in this dispute.

The Ninth Circuit has also repeatedly relied on the individual facts of cases in resolving the due process claims of immigration detainees; information contained in the A files of the individual petitioners.  For example, in Casas-Castrillon v. DHS, 535 F.3d 942 (9th Cir. 2008), the Ninth Circuit reviewed the facts in the administrative record—including the limited procedural protections of paper custody reviews, the nature of prior bond hearings, the length of detention, and the outcomes of removal proceedings—to determine "whether Casas ha[d] been afforded an adequate opportunity to challenge the necessity of his detention."  Id. at 951; see also Prieto-Romero v. Clark, 534 F.3d 1053, 1065-67 (9th Cir. 2008) (reviewing record facts regarding three bond hearings and outcome of removal proceedings); Diouf v. Mukasey, 542 F.3d 1222 (9th Cir. 2008) (vacating and remanding to address the sufficiency of the post-order custody review process received by the detainee).

Moreover, the Ninth Circuit admonished in Casas: "because the parties did not develop an adequate record of the procedural review that Casas has received, we

2

1  cannot determine whether the government has afforded him a [sufficient] bond
2  hearing." Id. at 952.  Given these statements in recent Ninth Circuit cases concerning
3  immigration detention, it is difficult to understand how the government expects this
4  Court to resolve the due process claims here without an examination of the accuracy
5  of "the procedural review" that class members have received.

6        Notably, in various cases before the Ninth Circuit, the government has itself
7  relied on its existing custody processes to justify the constitutionality of continued
8  detention.  See, e.g., Brief for Appellees Department of Homeland Security and Bill
9  Lockyer, Attorney General, Casas-Castrillon v. Dep't of Homeland Sec., 2007 WL
10 4559452, *24-25 (2007).  Yet notwithstanding the obvious relevance of this
11 information, the government has refused to turn over any information concerning its
12 existing policies and practices relating to custody determinations.

13       The importance of statistical and aggregate information about current and
14 former class members' is equally clear, especially in light of the class action nature of
15 this case.  Petitioner does not seek to present the individual facts of each class
16 members' case to this Court.   Rather, Petitioner intends to provide an aggregation of
17 the relevant facts relied upon in Casas and other Ninth Circuit precedent, including
18 length of detention, accuracy of custody determinations, and nature of class members'
19 removal claims.  The Supreme Court and Ninth Circuit have indicated in several cases
20 that such aggregate information is critical to due process inquiry.  County of Riverside
21 v. McLaughlin, 500 U.S. 44, 55, 57 (1991) (in class action, relying on general
22 conclusion that "it takes 36 hours to process arrested persons in Riverside County" in
23 assessing constitutional requirements); Schall v. Martin, 467 U.S. 253, 265, 271-72
24 (1984) (in habeas class action, considering aggregate data on juvenile crime rates and
25 the outcome of class members' cases); Orantes-Hernandez v. Meese, 685 F.Supp.
26 1488, 1507-08 (C.D. Cal. 1988) (in class action, resolving procedural due process
27 claim by reference to facts about "a substantial number of class members").
28       The government also unreasonably seeks to block discovery on cost and other

3

factors relevant to the procedural due process test defined in Mathews v. Eldridge, 424 U.S. 319 (1976).  In the absence of a stipulation from the government that cost is irrelevant in this matter, the Court should compel the government to respond to Petitioner's discovery about the cost of additional procedural protections.[1]

## II.     The Government Greatly Exaggerates the Burden of the Discovery.

The burden that the government describes is largely self-imposed, stemming from its refusal to produce the A files of class members.  During the meet and confer process, Petitioner's counsel stated their willingness to withdraw many of the discovery requests that the government now characterizes as burdensome if the government produced the A files of current class members (some 350 A files).  The government rejected this offer, and now bases most of its arguments on the burden of manually reviewing the A files—a burden of the government's own making.

Throughout this litigation, the government has refused to produce the A files of class members, despite the fact that each class member is a client of Petitioner's counsel by virtue of this Court's grant of class certification.  Petitioner was therefore forced to propound discovery requests both for class members' A files and for various categories of information contained in those A files.  See, e.g., Document Request No. 2 to Department of Justice; Interrogatory No. 2 to Department of Homeland Security.

Petitioner remains willing to withdraw the discovery requests pertaining to information contained in the A files (approximately 25 requests in all), if the government produces class members' A files.  Thus, Petitioner would assume the burden of reviewing the files—a burden described in hyperbolic detail by the government.  As such, the main "burden" on the government is that of producing approximately 350 A files—hardly onerous given that a subdivision of DHS, the National Records Center, produces 4000 to 6000 A files per month in individual immigration cases.  See Recommendations from the CIS Ombudsman to the Director,

---

[1] Petitioner has requested that the government so stipulate, but the government has yet to respond to that request.

4

1  USCIS (July 12, 2006), available at http://www.dhs.gov
2  /xlibrary/assets/CISOmbudsman_RR_30_FOIA_Processing_07-12-06.pdf .[2]
3       Finally, the government incorrectly states that Petitioner's requests require the
4  government to create new databases aggregating information about individual class
5  members. Petitioner's requests for aggregate data fall into two categories. The first
6  category involves the aggregation of information in individual A files. As explained
7  above, Petitioner remains willing to assume the burden of such aggregation. The
8  second category involves requests for subsets of databases that the government
9  already maintains. To produce the information Petitioner seeks, the government
10 would not be required to create any new information. The requests ask only that the
11 government produce relevant information it already maintains in aggregate format.
12 Typically, this requires the government to run a single query in a Microsoft Access or
13 Excel file—a process that should not take more than a few minutes per query.

## CONCLUSION

The Court should compel the government to respond to Petitioner's discovery, including ordering the government to turn over all A files of the class members, all requested information concerning its policies and practices relating to existing custody procedures, and all requested statistical and aggregate information that it already keeps concerning the class. The Court should also require the government either to respond to Petitioner's cost-related discovery requests or stipulate to the irrelevance of that information.

Dated: November 5, 2010           Respectfully submitted,

                                  By:  s/ Jayashri Srikantiah
                                       Attorneys for Petitioner

---

[2] The government also objects that Petitioner's discovery requests are burdensome because they require review of the A files of class members no longer in detention. However, as explained in the Joint Stipulation (at 90), information about past class members is necessary to assess the accuracy of the government's custody determination processes.

5

LA1 1908531v.1