TONY WEST
Assistant Attorney General,
Civil Division
DAVID J. KLINE
Director
VICTOR M. LAWRENCE
Principal Assistant Director
THEODORE W. ATKINSON
Senior Litigation Counsel
NICOLE PRAIRIE
Trial Attorney
ELIZABETH L. WALKER
Trial Attorney
EREZ REUVENI
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C.  20044
Tel:  (202) 5307-4293
Fax:  (202) 305-7000
E-mail: erez.r.reuveni@usdoj.gov

Attorneys for Respondents

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*, | Case No. CV 07-3239-TJH (RNBx) |
| Petitioners, | |
| v. | RESPONDENTS' RESPONSE TO MOTION FOR CLASS AND SUBCLASS CERTIFICATION |
| ERIC H. HOLDER, JR., *et al.*, | |
| Respondents. | |

In their Third Amended Complaint ("TAC") and Motion to Certify Class
and Subclasses ("Class Motion") Petitioners seek certification of a purported class
consisting of all people within the Central District of California who:

(1) are or will be detained for longer than six months pursuant to the general immigration detention statutes pending completion of removal proceedings, including judicial review;

(2) are not detained pursuant to one of the national security detention statutes at 8 U.S.C. § 1226a and 8 U.S.C. §§ 1531-37; and

(3) have not been afforded a hearing to determine whether their prolonged detention is justified.

TAC at ¶ 105; Class Motion at 1.  The proposed class includes individuals who were present in a U.S. Immigration and Customs Enforcement ("ICE") detention facility in the Central District on or after the date on which the original complaint was filed, provided they had been detained by ICE for more than six months at that time and remain detained with a pending case, even if they are no longer in the Central District.  TAC at ¶ 105; Class Motion at 9.

According to Petitioners' pleadings, the proposed class excludes:

(1) individuals who have a final order of removal and no stay of that removal order, such that the government has legal authority to remove them;

(2) juveniles who are held under the care of the Office of Refugee Resettlement; and

(3) individuals imprisoned pursuant to a criminal sentence, including individuals who complete removal proceedings and any judicial review while serving such sentences.

TAC at ¶¶ 107-108; Class Motion at 10.

In addition, Petitioners propose four subclasses, tracking the general immigration detention statutes found at 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a):

(1) a subclass of class members detained under 8 U.S.C. § 1225(b), represented by Petitioners Abdirizak Aden Farah and Yussuf Abdikadir;

(2) a subclass of class members detained under 8 U.S.C. § 1226(a), represented by Petitioners Alejandro Rodriguez and Abel Perez Ruelas;

(3) a subclass of class members detained under 8 U.S.C. § 1226(c), represented by Petitioner Jose Farias Cornejo; and

(4) a subclass of class members detained under 8 U.S.C. § 1231(a), represented by Petitioner Angel Armando Ayala.

TAC at ¶ 109; Class Motion at 3.

1    Respondents do not object to Petitioners' proposed class and subclass
2    definitions. However, Respondents' lack of objection to the certification motion is
3    made with the caveat that Respondents do not object because this case presents a
4    facial challenge to the challenged statutes, and presents the purely legal issue of
5    whether, under the Constitution and the statutes themselves, an alien can be
6    detained without a bond hearing for more than six months. As discussed below, in
7    their Third Amended Complaint, Petitioners allege facial challenges to the
8    constitutionality of prolonged detention under each of the four general
9    immigration detention statutes and their implementing regulations, *see El Rescate
10   Legal Services, Inc. v. EOIR*, 959 F.2d 742, 751 (9th Cir. 1992); *see also Rust v.
11   Sullivan*, 500 U.S. 173, 183 (1991), such that "final injunctive relief or
12   corresponding declaratory relief is appropriate respecting the [sub]class as a
13   whole." Fed. R. Civ. P. 23(b)(2). However, should it become clear as the case
14   develops that the Court cannot, in fact, fashion relief for members of each subclass
15   in a uniform fashion within the requirements of Rule 23(b)(2), Respondents
16   reserve the right to seek reconsideration of the Court's class certification order
17   pursuant to Rule 23(c).

## DISCUSSION

18
19   "[E]ach subclass must independently meet the requirements of Rule 23 for
20   the maintenance of a class action." *Betts v. Reliable Collection Agency, Ltd.*, 659
21   F.2d 1000, 1005 (9th Cir. 1981). Rule 23(a) therefore requires that: (1) each
22   subclass is so numerous that joinder of all members is impracticable; (2) there are
23   questions of law or fact common to each subclass; (3) the claims or defenses of the
24   representative parties are typical of the claims or defenses of each subclass; and
25   (4) the representative parties will fairly and adequately protect the interests of each
26   subclass. Respondents do not contest Petitioners' assertions as to Rule 23(a) in
27   their Class Motion. As currently proposed, and as determined by the U.S. Court of
28   Appeals for the Ninth Circuit in *Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir.
     2009), the class satisfies each of the numerosity, commonality, typicality, and

1  adequacy requirements of Rule 23(a).

2      In addition, Rule 23(b)(2), pursuant to which Petitioners seek to certify this
3  class action, requires that Petitioners show that the government has "acted or
4  refused to act on grounds that apply generally to the [sub]class, so that final
5  injunctive relief or corresponding declaratory relief is appropriate respecting the
6  [sub]class as a whole." Fed. R. Civ. P. 23(b)(2).  Thus, pursuant to Rule 23(b)(2),
7  Petitioners must "seek uniform relief from a practice applicable to all of them."
8  *See Rodriguez*, 591 F.3d at 1125 (9th Cir. 2010).  As framed in their Third
9  Amended Complaint and certification motion, that "practice" is their detention for
10 longer than six months under the general immigration detention statutes without a
11 bond hearing.  The "uniform relief" is either an order construing each of the four
12 detention statutes as requiring a bond hearing in every instance at six months, or a
13 ruling that as a constitutional or statutory matter, the process provided by each
14 statute and its implementing regulations is unconstitutional or not authorized by
15 statute, regardless of the individual circumstances of any class member apart from
16 the circumstance that they have been detained for six months or longer under one
17 of the four general detention statutes at issue.  *See* TAC at ¶¶ 111-12, 124-27 &
18 Prayer for Relief; Class Motion at 6.

19     So long as the Court can determine, as a purely legal matter, that each
20 challenged detention statute and their implementing regulations are facially
21 constitutional or not, and facially authorize detention beyond six months or not,
22 then the Court may in fact order "uniform relief from a practice applicable" to
23 each subclass, *Rodriguez*, 591 F.3d at 1125, such that "final injunctive relief or
24 corresponding declaratory relief is appropriate respecting the [sub]class as a
25 whole." Fed. R. Civ. P. 23(b)(2).  Indeed, in deciding that this action could
26 proceed as a Rule 23(b)(2) class-action in the first place, the Ninth Circuit
27 determined that common issues predominated precisely because it involves a legal
28 issue that does not turn on the facts of any detainee's individual case, but instead

1  turns on the fact that each member of the putative class has been detained under

2  one of the four statutes at issue, and has been detained for longer than six months.[1]

3  *Rodriguez*, 591 F.3d at 1122–25.

4        However, if it becomes clear as the case proceeds that this Court cannot in

5  fact order categorical relief as to all class and subclass members as Rule 23(b)(2)

6  requires, but rather must tailor relief to each subclass member based on as of yet

7  unknown facts specific to each individual class-member, then the Court would no

8  longer be able to order final injunctive or declaratory relief as to each subclass.

9  *See* 5-23 Moore's Federal Practice - Civil § 23.43 ("A class action may not be

10  certified under Rule 23(b)(2) if relief specifically tailored to each class member

11  would be necessary to correct the allegedly wrongful conduct of the defendant");

12  Wright, Miller & Kane, 7AA Fed. Prac. & Proc. Civ. § 1775 (3d ed.), § 1775 ("If

13  final injunctive or declaratory relief is not available to the class as a whole for the

14  claims being asserted, then Rule 23(b)(2) cannot be utilized"); *see also Shook v.*

15  *Bd. of County Comm'rs*, 543 F.3d 597, 604 (10th Cir. 2010) (explaining that

16  23(b)(2) class "must be amenable to uniform group remedies" and that those

17  "injuries must be sufficiently similar that they can be addressed in an [sic] single"

18  order).

19        For example, if the Court, as a legal matter, can rule that section 1231(a)(6)

20  and its implementing regulations, including the Post Order Custody Review

21  ("POCR") procedures codified at 8 C.F.R. §§ 241.4 and 241.13, are constitutional

22  or unconstitutional (or raise constitutional concerns) as to each and every member

23  of the 1231 subclass, without regard to each class member's individual

24  circumstances, then the Court can in fact order relief respecting the subclass as a

25  whole.  If however, section 1231(a)(6) and the POCR procedures' constitutionality

26

27        [1]  Petitioners have consistently taken the position that this case involved a "pure
      question of law" that did not turn on the facts of any individual detainee's case. *See*
28    Petitioner's Opening Brief, No. 08-56156 [Dkt. # 6], at 44; *see also* Petitioner's Motion
      for Class Certification [Dkt. # 10], at 84  (stating the "core issue in this case . . . is a pure
      question of law that has nothing to do with the particular facts of any detainee's case.").

1  depends on facts unique to each individual subclass member, then a Rule 23(b)(2)

2  class action is no longer the appropriate vehicle for adjudicating the subclass-

3  members claims, as the Court could no longer fashion relief "respecting the

4  [sub]class as a whole." Fed. R. Civ. P. 23(b)(2). Likewise, if the Court, as a legal

5  matter, can rule that section 1226(c) is unconstitutional (or raises actionable

6  constitutional concerns) as to all 1226(c) subclass-members, without regard to

7  their individual circumstances, then the Court can order relief respecting the

8  subclass as a whole. But if the Court cannot do so, then the 1226(c) subclass is

9  inappropriate under Rule 23(b)(2). In both cases, Petitioners would need to file an

10  as-applied challenge based on each class member's individual circumstances,

11  rather than a facial challenge to the statute. *See El Rescate*, 959 F.2d at 751.

12      Should it become the case that Petitioners cannot pursue their statutory and

13  constitutional claim – specifically, that the Constitution and the immigration laws

14  require that aliens receive a bond hearing once they are detained for six months –

15  in a way that permits uniform relief, Respondents understand Rule 23(c) to

16  encourage the Court to reassess its class certification order and the propriety of

17  each subclass, and redefine or even decertify the class action as necessary. Rule

18  23 provides that "[a]n order that grants or denies class certification may be altered

19  or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C); *see* Fed. R. Civ.

20  P. 23, advisory committee note of 2003 (noting that decertification may be

21  warranted in light of further proceedings); *see also General Telephone Co. of

22  Southwest v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a certification order is

23  entered, the judge remains free to modify it in the light of subsequent

24  developments in the litigation."); *Armstrong v. Davis*, 275 F.3d 849, 871 n.28 (9th

25  Cir. 2001) ("Federal Rule of Civil Procedure 23 provides district courts with broad

26  discretion to determine whether a class should be certified, and to revisit that

27  certification throughout the legal proceedings before the court. ).

28      Thus, "[i]f evidence not available at the time of certification disproves

Petitioners' contentions that common issues predominate, the district court has the
authority to modify or even decertify the class." *Dukes v. Wal-Mart Stores, Inc.*,
603 F.3d 571, 579 (9th Cir. 2010); *see also Boucher v. Syracuse Univ.*, 164 F.3d
113, 118 (2d Cir. 1999) ("courts are required to reassess their class rulings as the
case develops. . . . [t]he district judge must define, redefine, subclass, and decertify
as appropriate in response to the progression of the case from assertion to facts.").
"Where appropriate, the district court may redefine the class, may excise portions
of a plaintiffs class allegations, and may even decertify the class." *Armstrong*, 275
F.3d at 871 n.28.

Respondents presently do not object to Petitioners' proposed class and
subclass definitions with the understanding that this action, as framed by the Third
Amended Complaint, presents a facial challenge to the constitutionality or scope
of the statutes and regulations as it pertains to the continued detention of aliens for
more than six months without a bond hearing.  This case does *not* present a class-
member by class-member as-applied challenge to each class members' continued
detention.  However, should the case develop in such a way that renders the class
or one or more of the subclasses inappropriate under Rule 23, Respondents reserve
the right to request that this Court revise or decertify those subclasses at that time.

//

//

//

1    Dated: November 15, 2010              TONY WEST
                                           Assistant Attorney General
2                                          Civil Division

3                                          DAVID J. KLINE
                                           Director, Office of Immigration Litigation
4                                          District Court Section

5                                          VICTOR M. LAWRENCE
                                           Principal Assistant Director
6
                                           THEODORE W. ATKINSON
7                                          Senior Litigation Counsel

8                                          NICOLE PRAIRIE
                                           Trial Attorney
9
                                           ELIZABETH L. WALKER
10                                         Trial Attorney

11                                         /s/ Erez Reuveni
                                           EREZ REUVENI
12                                         Trial Attorney
                                           U.S. Department of Justice
13                                         Civil Division
                                           Office of Immigration Litigation
14                                         District Court Section
                                           P.O. Box 868, Ben Franklin Station
15                                         Washington DC 20044
                                           (202) 307-4293
16                                         Erez.r.reuveni@usdoj.gov

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2010, I submitted the foregoing to opposing counsel by mailing the same, first-class postage pre-paid on the following:

Ahilan T. Arulanantham
ACLU Foundation of Southern
California
1616 Beverly Boulevard
Los Angeles, CA 90026
213-977-5211
Fax: 213-977-5297
Email: aarulanantham@aclu-sc.org

Jayashri Srikantiah
Stanford Law School
Immigrants' Rights Clinic,
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
650-724-2442
Fax: 650-723-4426
Email: jsrikantiah@law.stanford.edu

Cecillia D. Wang
ACLU Foundation Immigrants Rights
Project
39 Drumm Street
San Francisco, CA 94111
415-343-0775
Email: cwang@aclu.org

Monica M. Ramirez
ACLU Immigrants Rights Project
39 Drumm Street
San Francisco, CA 94111
415-343-0778
Email:
mmramirez@stanfordalumni.org

William Tran
Sidley Austin
555 West Fifth Street Suite 4000
Los Angeles, CA 90013-1010
213-816-6000
Fax: 213-896-6600
Email: wtran@sidley.com

Peter J. Eliasberg
ACLU Foundation of Southern
California
1616 Beverly Boulevard
Los Angeles, CA 90026
213-977-5211
Fax: 213-977-5297
Email: peliasberg@aclu-sc.org

Judy Rabinovitz
ACLU Immigrants' Rights Project
125 Broad Street 18th Floor
New York, NY 10004
212-549-2618
Fax: 212-549-2654
Email: jrabinovitz@aclu.org

Steven A. Ellis
Sidley Austin LLP
555 W 5th St, Ste 4000
Los Angeles, CA 90013-1010
213-896-6000
Fax: 213-896-6600
Email: sellis@sidley.com

Brian Kelley Washington
Sidley Austin
555 West Fifth Street Suite 400
Los Angeles, CA 90013-1010
213-896-6000
Fax: 213-896-6600
Email: bwashi01@sidley.com

/s/ Erez Reuveni
EREZ REUVENI
Trial Attorney
United States Department of Justice