TONY WEST
Assistant Attorney General,
Civil Division
DAVID J. KLINE
Director, Office of Immigration Litigation
District Court Section
VICTOR M. LAWRENCE
Principal Assistant Director
THEODORE W. ATKINSON
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4135
Fax: (202) 305-7000
E-mail: theodore.atkinson@usdoj.gov
NICOLE PRAIRIE
Trial Attorney
EREZ REUVENI
Trial Attorney
ELIZABETH L. WALKER

Attorneys for Respondents

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>ERIC H. HOLDER, JR., *et al.*,<br><br>Respondents. | Case No. CV 07-3239-TJH (RNBx)<br><br>RESPONDENTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY |

Petitioners concede that this class action involves questions of statutory and constitutional interpretation that "are not dependent on the facts of any *individual* case" of any class member. Joint Stipulation at 34 (emphasis in original). Having made that concession, however, Petitioners argue that they should be permitted to discover a wide range of discovery — including, in particular, the A-files of each and every class member – precisely because they seek to discover individual facts concerning each class member. Petitioners attempt to reconcile these contradictory positions by arguing that they are entitled to obtain "aggregate data" and "aggregate facts," insisting that in other non-class action cases the issues of constitutional interpretation turned on such aggregate data. Petitioners also argue that under the recent decision of *Dent v. Holder*, No. 09-71987, -- F.3d --, 2010 WL 4455877 (9th Cir. Nov. 9, 2010), class members are entitled to obtain their A-files, even though the Ninth Circuit in *Dent* addressed the issue of obtaining A-files in the context of *removal proceedings*, which this class action is not. Petitioners are incorrect.

At the outset, it is telling that while asserting generally that they should be afforded the opportunity to obtain "aggregate data," Petitioners make no attempt to show how the *specific* information requested is relevant to a *specific* claim in their case. Nor can they. This case challenges the four immigration detention statutes specified in their complaint. Petitioners' claim is that to comply with due process, every alien detained under one of the four challenged statutes is entitled to receive a "constitutionally adequate" bond hearing once they have been detained for six months, regardless of their individual circumstances. That phrase – "regardless of their individual circumstances" – is critical, because Petitioners' case is not an as-applied challenge; it is instead a facial challenge. As the Ninth Circuit recognized in permitting class certification to go forward, the issues of statutory and constitutional interpretation will not turn on individual facts of each detainee. Petitioners have been unwilling or unable to show how the facts they seek are

2

relevant to their core claims that the challenged statutes must be interpreted as not authorizing detention for six months or longer, and that the Constitution requires that every alien so detained be provided with a particular form of bond hearing before an immigration judge.

Respondents, on the other hand, have demonstrated why the individual facts Petitioners seek are not relevant to Petitioners' facial challenge. For example, 8 U.S.C. § 1225(b), one of the challenged statutes, governs the detention of arriving aliens (meaning those aliens who have not been admitted into the United States). The issue the Court must decide is whether due process requires a bond hearing at six months of detention, even though arriving aliens have no due process rights regarding their immigration status. Thus, Petitioners' claims regarding section 1225(b) will turn *entirely* on the issue of whether such aliens have a due process right to a bond hearing – an issue that will not be aided in any way by the individual circumstances of aliens so detained. Petitioners offer no explanation whatsoever as to how obtaining the A-files of arriving aliens detained under section 1225(b) will assist the Court in deciding this subclass claim.

Similarly, with regard to aliens ordered removed and who are detained under 8 U.S.C. § 1231(a) and have obtained a judicial stay of removal, Petitioners argument turns on whether the post-order custody review ("POCR") regulations are sufficient to meet constitutional demands of due process. That subclass claim will turn on whether the POCR regulations – on their face – provide adequate procedural safeguards for the continued detention of aliens ordered removed but who have obtained a judicial stay of removal pending judicial appeal. Petitioners have not explained how their facial challenge to the regulations (as opposed to an as-applied challenge) will be aided by the discovery of the individual facts of each alien detained pursuant to section 1231(a). This disconnect between the claimed need for the discovery sought and the specific claims asserted in this case is true of

every one of Petitioners' claims.[1]

The point of raising the relevance of Petitioners' discovery requests is not to relitigate the parties' cross-motions for a protective order and to compel, which have been fully briefed to this Court. Rather, by highlighting the disconnect between Petitioners' claims and their discovery requests, Respondents emphasize that the issues of statutory and constitutional interpretation presented in this case can and should be decided first by the Court on Respondents' Rule 12(c) motion to be filed on November 22, 2010. Respondents have answered the complaint and have admitted to those facts material to a Rule 12(c) motion. If Respondents are correct (as Petitioners themselves have conceded) that the ultimate issues before this Court can be decided without first engaging in burdensome and resource-tasking discovery, then the Court should stay discovery until those issues are taken up by the Court. Even if the Rule 12(c) motion does not dispose of the entire case as Respondents believe it will, it will likely decide several of Petitioners' claims, and thus narrow this case, and narrow the sweeping discovery sought. For this reason, the request for stay should be granted.

Petitioners also argue that regardless of whether other discovery is stayed, the Court should order the production of the A-files of each class member based on the Ninth Circuit's decision in *Dent*. Petitioners are incorrect that *Dent* should be read as requiring the production of each of the more than 350 class members'

---

[1] Petitioners do not offer any reason why they would need to know the individual circumstances of each alien detained pursuant to 8 U.S.C. § 1226(c), the mandatory detention provision requiring the detention of certain criminal aliens. The issue of whether due process requires the uniform relief sought of a bright-line rule that every alien detained under section 1226(c) receive a bond hearing after six months of detention is a matter of constitutional interpretation. Petitioners do not claim that some aliens detained under section 1226(c) are entitled to a bond hearing based on their individual circumstances, but rather that *every* alien detained under section 1226(c) is entitled to a bond hearing after six months of detention, *regardless* of their individual circumstances. Whether the uniform relief Petitioners seek is constitutionally required will not – and by Petitioners' own pleading, cannot – turn on the individual circumstances of any alien detained under section 1226(c). Finally, the discovery Petitioners seek is irrelevant to their claims that due process requires bond hearings to follow certain procedures of transcription, attorney provision, burden-setting, and substantive levels of proof are inherently issues of constitutional interpretation.

A-files in this class action case involving issues of statutory and constitutional interpretation.

In *Dent*, the Ninth Circuit held that an alien in removal proceedings was entitled, as a matter of due process and statutory entitlement, to obtain a copy of his A-file without having to make a request for the file through the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Critical to the Ninth Circuit's conclusion was the fact that the petitioner sought his A-file in the course of removal proceedings. The Court first recognized that "[a]n alien has a Fifth Amendment right to due process, including the right to a full and fair hearing *in a deportation proceeding.*" *Dent*, 2010 WL 4455877, * 5 (quoting *Burgos-Abril v. I.N.S.*, 58 F.3d 475, 476 (9th Cir.1995)) (emphasis added). The Court went on to explain that the failure to follow due process in a removal proceeding could result in unfair prejudice to the alien. *Id.* By denying the petitioner his A-file, the Court concluded that the Department of Homeland Security "denied [petitioner] an opportunity to fully and fairly litigate his *removal and his defensive citizenship claim.*" *Id.* at *6 (emphasis added).

Second, the Ninth Circuit recognized that Congress provided that "to meet his burden of proof *in removal proceedings*, 'the alien shall have access' to his entry document 'and any other records and documents, not considered by the Attorney General to be confidential, pertaining to the alien's admission or presence in the United States.'" *Id.* (citing 8 U.S.C. § 1229a(c)(2)(B) (governing procedures for removal proceedings)). The Ninth Circuit concluded that this "mandatory access law" entitled petitioner to his A-file during his removal proceedings. *Id.* Finally, the Court held that requiring an alien to request his file through FOIA was not only contradicted by the removal proceedings statute, it was also a violation of due process. If an alien in petitioner's position was required to make a FOIA request for the A-file, the Court reasoned, "a serious due process problem would arise, because FOIA requests often take a very long time,

continuances in removal hearings are discretionary, and aliens in removal hearings might not get responses to their FOIA requests before they were removed." *Id.*

This is a different case, for three reasons. First, this is not a removal proceeding, and so the statutory entitlement created by 8 U.S.C. § 1229a(c)(2)(B) does not apply. Second, because this is not a removal proceeding, the due process considerations cited by the Ninth Circuit are not implicated here. In *Dent* the A-file contained the very evidence that the petitioner needed to demonstrate that he enjoyed U.S. citizenship was in the A-file, and could not be obtained elsewhere. The Court concluded that an alien's ability to defend against removal may depend on the alien's ability to obtain the A-file. Implicit in the Ninth Circuit's reasoning is the understanding that a removal proceeding examines whether a particular alien, under the facts of that alien's case, support removal or not. Here, Petitioners do not even allege that the issues presented to this Court are dependent upon the individual facts or circumstances of any class member. Indeed, Petitioners have argued that this case has nothing to do with the individual circumstances of any class member. Third, and on a related note, this case presents a facial challenge to four detention statutes, the determination of which will turn on the issues of statutory and constitutional interpretation presented. Because the information contained in the A-files is irrelevant to the determination of the issues in this case, the A-files themselves do not "[bear] on this case," *Id.* at *6, and their production is not mandated by the Ninth Circuit's decision in *Dent*.[2]

The class members are not entitled to their A-files as a matter of right, and the Court should temporarily stay the request for those files, and all other discovery requests, until the Court decides Respondents' Rule 12(c) motion.

---

[2] Respondents note that the production of the A-files for more than 350 class members is undoubtedly the most burdensome of all of Petitioners' requests to comply with, and is unduly burdensome for the reasons provided by Respondents in their motion for a protective order. *See* Joint Stipulation [Dkt. # 103] at 70 - 72. Because *Dent* does not mandate their production in this non-removal proceeding case, the burden of producing such files should be considered by this Court in deciding this motion.

Dated: November 15, 2010

TONY WEST
Assistant Attorney General
Civil Division

DAVID J. KLINE
Director, Office of Immigration Litigation
District Court Section

VICTOR M. LAWRENCE
Principal Assistant Director

By: */s/ Theodore W. Atkinson*
THEODORE W. ATKINSON
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington DC 20044
(202) 532-4135
theodore.atkinson@usdoj.gov

NICOLE PRAIRIE
Trial Attorney

EREZ R. REUVENI
Trial Attorney

ELIZABETH L. WALKER
Trial Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2010, I submitted the foregoing to opposing counsel by e-mailing the same on the following:

Ahilan T. Arulanantham
ACLU Foundation of Southern California
1616 Beverly Boulevard
Los Angeles, CA 90026
213-977-5211
Fax: 213-977-5297
Email: aarulanantham@aclu-sc.org

Jayashri Srikantiah
Stanford Law School
Immigrants' Rights Clinic,
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
650-724-2442
Fax: 650-723-4426
Email: jsrikantiah@law.stanford.edu

William Tran
Sidley Austin
555 West Fifth Street Suite 4000
Los Angeles, CA 90013-1010
213-816-6000
Fax: 213-896-6600
Email: wtran@sidley.com

Judy Rabinovitz
ACLU Immigrants' Rights Project
125 Broad Street 18th Floor
New York, NY 10004
212-549-2618
Fax: 212-549-2654
Email: jrabinovitz@aclu.org

Steven A. Ellis
Sidley Austin LLP
555 W 5th St, Ste 4000
Los Angeles, CA 90013-1010
213-896-6000
Fax: 213-896-6600
Email: sellis@sidley.com

Brian Kelley Washington
Sidley Austin
555 West Fifth Street Suite 400
Los Angeles, CA 90013-1010
213-896-6000
Fax: 213-896-6600
Email: bwashi01@sidley.com

*/s/ Theodore w. Atkinson*
THEODORE W. ATKINSON
Senior Litigation Counsel
United States Department of Justice