1  TONY WEST
   Assistant Attorney General,
2  Civil Division
   DAVID J. KLINE
3  Director, Office of Immigration Litigation
   District Court Section
4  VICTOR M. LAWRENCE
   Principal Assistant Director
5  THEODORE W. ATKINSON
   Senior Litigation Counsel
6  United States Department of Justice
   Office of Immigration Litigation
7  District Court Section
   P.O. Box 868, Ben Franklin Station
8  Washington, DC  20044
   Tel:  (202) 532-4135
9  Fax:  (202) 305-7000
   E-mail: theodore.atkinson@usdoj.gov
10 NICOLE PRAIRIE
   Trial Attorney
11 EREZ REUVENI
   Trial Attorney
12 ELIZABETH L. WALKER

13
   Attorneys for Respondents
14

15              UNITED STATES DISTRICT COURT

16              CENTRAL DISTRICT OF CALIFORNIA

17                   WESTERN DIVISION

18
   ALEJANDRO RODRIGUEZ, *et al.*,        Case No. CV 07-3239-TJH (RNBx)
19
                Petitioners,             RESPONDENTS' SUBSTITUTED
20                                       SUPPLEMENTAL MEMORANDUM
   v.                                    IN SUPPORT OF MOTION TO
21                                       STAY DISCOVERY
   ERIC H. HOLDER, JR., *et al.*,
22
                Respondents.
23

24

25
        Respondents submit this supplemental memorandum in support of their
26
   motion for stay of discovery, and in substitution of the supplemental memorandum
27

28

1  filed by Respondents on November 15, 2010.[1]  This Court has ordered

2  Respondents to address two specific arguments:  Petitioners' arguments that a

3  temporary stay will result in unreasonable delay in this case (*see* Section II.C of

4  the Joint Stipulation [Dkt. # 115]) , and Petitioners' argument that under the recent

5  decision of *Dent v. Holder*, No. 09-71987, -- F.3d --, 2010 WL 4455877 (9th Cir.

6  Nov. 9, 2010), the class members in this action are entitled to obtain their A-files.

7  The Court should reject both arguments.

8           **1.      A Temporary Stay Will Not Delay the Resolution of this Case**

9           Petitioners's argument that a temporary stay in discovery will result in a

10  "massive delay in resolving this case" is incorrect.  The pending Rule 12(c)

11  motion will accelerate this action, because the core issues in this action are purely

12  legal issues that will be decided based on statutory and constitutional

13  interpretation.  Indeed, Petitioners concede that this class action involves

14  questions of statutory and constitutional interpretation that "are not dependent on

15  the facts of any *individual* case" of any class member.  Joint Stipulation at 34

16  (emphasis in original).  Ultimately, the parties also agree that this action will be

17  decided on the basis of a dispositive motion, and have agreed to a schedule in

18  which motions for summary judgment must be filed by February 21, 2011.

19           If Respondents are correct, and this case does not turn on the individual

20  circumstances of any detainee (as Petitioners concede), and does not turn on the

21  discovery of "aggregate data" (as Respondents contend),[2] then the Rule 12(c)

22

---

23  [1]   On November 16, 2010, counsel for Respondents was alerted to the fact that this
24  Court entered a minute order on November 5, 2010, ordering Respondents to address
    Petitioners' argument that a stay will result in substantial delay to this case. [Dkt. # 119].
    Undersigned counsel for Respondents did not receive the Court's November 5, 2010
25  minute order owing to a temporary disruption of the e-mail service on the network
    system used by counsel for Respondents.

26
    [2]   Petitioners argue that Respondents are incorrect, and contend that this case *must* be
27  decided on the basis of "aggregate data." In making this argument, Petitioners have
    avoided specificity, and have never made a meaningful attempt to explain in any detail
28  how the information they seek is relevant to deciding any of their claims.  Respondents,
    on the other hand, have been specific in explaining why Petitioners' discovery requests

1   motion will decide this case.  To permit discovery to go forward pending the

2   determination of a potentially dispositive Rule 12(c) motion would be inefficient

3   to the parties and the Court.  *See U.S. Philips Corp. v. Synergy Dynamics Intern.,*

4   *LLC*, No. 05-cv-00577, 2006 WL 3453225, *4 (D. Nev. Nov. 28, 2006) (the court

5   should determine "whether the issues before the court are purely questions of law

6   that can and should be decided before the parties engage in burdensome,

7   expensive and potentially unnecessary discovery").

8         However, even if Respondents do not prevail on every claim at issue in the

9   Rule 12(c) motion, Petitioners are incorrect that staying discovery will result in

10  massive delay of the resolution of this case.  The parties agree that the discovery

11  dispute before this Court is not the *only* dispute, nor is it likely to be the last

12  dispute.  *See* Joint Stipulation [Dkt. # 103] at 3 (the discovery dispute before the

13  Court is intended to "address broader areas of dispute first, with the understanding

14  that after the Court has resolved those broader issues the parties will reconvene to

15  address any remaining disputes.").  If this Court were to decide the cross-motions

16  now, it is highly likely that the non-prevailing party will appeal to the district court

17  for review.  The district court will then be faced with making a decision regarding

18  the discovery dispute – while the Rule 12(c) motion is pending.  Because the Rule

19  12(c) motion will undoubtedly affect the district court's decision with regards to

20  discovery, there is no massive delay that will result by staying discovery pending a

21

22

23  are irrelevant to deciding the issues in this case.  In summary: (1) the issue of whether
    due process requires that arriving aliens detained under 8 U.S.C. § 1225(b) receive a
    bond hearing after six months of detention will turn on the issue of whether arriving

24  aliens enjoy any due process rights with regard to their immigration status, a purely legal
    issue; (2) the issue of whether due process requires that all aliens detained under 8

25  U.S.C. 1226(c) receive a bond hearing after six months of detention, regardless of their
    individual circumstances, is a purely legal issue; (3) the issue of whether the post-order

26  custody review process is, on its face, a sufficient procedural safeguard for the continued
    detention under 8 U.S.C. § 1231(a) of aliens ordered removed but whose removal has

27  been stayed is a purely legal issue, as this Court has already recognized, *see Diouf v.*
    *Holder*, No. 06-7452, 2009 WL 6331130 (C.D. Cal. Sept. 09, 2009) (Hatter, J.); and (4)

28  the issue of whether an immigration bond hearing must meet certain conditions regarding
    notice, provision of counsel by the Government, certain burdens of proof, and certain
    substantive standards are purely legal issues.  The information contained in class
    members individual A files has no bearing on these legal issues.

1  ruling.  Until the Rule 12(c) is resolved, all of the discovery sought remains

2  subject to a potential dispute owing to the disagreement between the parties as to

3  whether this case is one that can be resolved based on the pleadings (as admitted),

4  or whether "aggregate data" is needed to resolve the purely legal issues before the

5  Court.

6       Staying discovery until the Rule 12(c) is resolved would have two effects.

7  First, if it does not dispose of the case, but only narrows the claims, then the

8  pending and future discovery disputes would themselves be narrowed,[3] and

9  lengthy and potentially unnecessary discovery disputes would be avoided.

10  Second, staying discovery pending a decision on the Rule 12(c) motion would

11  avoid the potential that this Court could decide that certain discovery is relevant,

12  but then have to re-examine that issue in light of a  decision on the Rule 12(c)

13  motion that demonstrates that the ordered discovery is, in fact, not relevant.

14  Staying discovery will not delay resolution of this case, but will instead allow

15  resolution of the case more quickly and efficiently than if discovery were to

16  proceed at this time.

17       **2.    *Dent* Does Not Require the Production of A-Files in this Case**

18       Petitioners argue that the Court should order the production of the A-files of

19  each class member based on the Ninth Circuit's decision in *Dent*.  Petitioners are

20  incorrect that *Dent* should be read as requiring the production of each of the more

21  than 350 potential class members' A-files in this class action case involving issues

22  of statutory and constitutional interpretation.

23

---

24  [3]   Petitioners argue that Respondents have not explained in any meaningful way how
narrowing the claims would narrow discovery.  Eliminating and narrowing claims
25  through a Rule 12(c) motion could narrow discovery in any number of ways.  For
example, if the Court decides the subclass claims with respect to aliens detained under 8
26  U.S.C. § 1225(b) and 1231(a), then there would be no need to obtain "aggregate data"
regarding the class members detained under those statutes.  Another example:  If
27  Respondents' do not argue in their Rule 12(c) motion that the cost of bond hearings
should be considered as a factor in deciding any of the claims, then it is difficult to see
28  how Petitioners' requests for cost data is in any way relevant to this case.  The ways that
a decision on the Rule 12(c) motion could narrow the claims, and thus, discovery, is too
numerous to identify.

1    In *Dent*, the Ninth Circuit held that an alien in removal proceedings was

2  entitled, as a matter of due process and statutory entitlement, to obtain a copy of

3  his A-file without having to make a request for the file through the Freedom of

4  Information Act ("FOIA"), 5 U.S.C. § 552.  Critical to the Ninth Circuit's

5  conclusion was the fact that the petitioner sought his A-file in the course of

6  removal proceedings.  The Court first recognized that "[a]n alien has a Fifth

7  Amendment right to due process, including the right to a full and fair hearing *in a*

8  *deportation proceeding*." *Dent*, 2010 WL 4455877, * 5 (quoting *Burgos-Abril v.*

9  *I.N.S.*, 58 F.3d 475, 476 (9th Cir.1995)) (emphasis added).  The Court went on to

10  explain that the failure to follow due process in a removal proceeding could result

11  in unfair prejudice to the alien.  *Id.*  By denying the petitioner his A-file, the Court

12  concluded that the Department of Homeland Security "denied [petitioner] an

13  opportunity to fully and fairly litigate his *removal and his defensive citizenship*

14  *claim*." *Id.* at *6 (emphasis added).

15    Second, the Ninth Circuit recognized that Congress provided that "to meet

16  his burden of proof *in removal proceedings*, 'the alien shall have access' to his

17  entry document 'and any other records and documents, not considered by the

18  Attorney General to be confidential, pertaining to the alien's admission or

19  presence in the United States.'" *Id.* (citing 8 U.S.C. § 1229a(c)(2)(B) (governing

20  procedures for removal proceedings)).  The Ninth Circuit concluded that this

21  "mandatory access law" entitled petitioner to his A-file during his removal

22  proceedings.  *Id.*  Finally, the Court held that requiring an alien to request his file

23  through FOIA was not only contradicted by the removal proceedings statute, it

24  was also a violation of due process.  *Id.*

25    This is a different case, for three reasons.  First, this is not a removal

26  proceeding, and so the statutory entitlement created by 8 U.S.C. § 1229a(c)(2)(B)

27  does not apply.  Second, because this is not a removal proceeding, the due process

28  considerations cited by the Ninth Circuit are not implicated here.  In *Dent* the A-

1   file contained the very evidence that the petitioner needed to demonstrate that he

2   enjoyed U.S. citizenship was in the A-file, and could not be obtained elsewhere.

3   The Court concluded that an alien's ability to defend against removal may depend

4   on the alien's ability to obtain the A-file.  Implicit in the Ninth Circuit's reasoning

5   is the understanding that a removal proceeding examines whether a particular

6   alien, under the facts of that alien's case, support removal or not.  Here, Petitioners

7   do not even allege that the issues presented to this Court are dependent upon the

8   individual facts or circumstances that do or do not support the removal of any

9   class member.  Rather, Petitioners have argued that this case has nothing to do

10  with the individual circumstances of any class member because as a matter of law,

11  all class members are entitled to bond hearing at six months.  Third, and on a

12  related note, this case presents a facial challenge to four detention statutes, the

13  determination of which will turn on the issues of statutory and constitutional

14  interpretation presented.  Because the information contained in the A-files is

15  irrelevant to the determination of the issues in this case, the A-files themselves do

16  not "[bear] on this case," *Id.* at *6, and their production is not mandated by the

17  Ninth Circuit's decision in *Dent*.[4]

18

19

20

21

22

23

---

24  [4]   The production of the A-files for more than 350 potential class members is
    undoubtedly the most burdensome of all of Petitioners' requests to comply with, for the
25  reasons stated in Respondents' protective order motion.  *See* Joint Stipulation [Dkt. #
    103] at 70 - 72.  Furthermore, Petitioners argument that the A-files are necessary to
26  determine "aggregate data" is flawed.  The aggregate data Petitioners seek will be based
    on a review and compilation of individual facts from hundreds of A-files.  If Petitioners
27  and the Ninth Circuit have concluded that the individual facts are not relevant for
    purposes of this case, it is unclear how a compilation of hundreds of individual facts to
28  create "aggregate data" is relevant.  Because *Dent* does not mandate the production of
    A-files in this non-removal proceeding case, the Court should consider their relevance
    and burden in deciding this motion.

1    Dated: November 16, 2010              TONY WEST
                                          Assistant Attorney General
2                                         Civil Division

3                                         DAVID J. KLINE
                                          Director, Office of Immigration Litigation
4                                         District Court Section

5                                         VICTOR M. LAWRENCE
                                          Principal Assistant Director
6
                                   By:    */s/ Theodore W. Atkinson*
7                                         THEODORE W. ATKINSON
                                          Senior Litigation Counsel
8                                         U.S. Department of Justice
                                          Civil Division
9                                         Office of Immigration Litigation
                                          District Court Section
10                                        P.O. Box 868, Ben Franklin Station
                                          Washington DC 20044
11                                        (202) 532-4135
                                          theodore.atkinson@usdoj.gov
12
                                          NICOLE PRAIRIE
13                                        Trial Attorney

14                                        EREZ R. REUVENI
                                          Trial Attorney
15
                                          ELIZABETH L. WALKER
16                                        Trial Attorney

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

3    I hereby certify that on November 16, 2010, I submitted the foregoing to opposing counsel by e-mailing the same on the following:

4

5    Ahilan T. Arulanantham
     ACLU Foundation of Southern
6    California
7    1616 Beverly Boulevard
     Los Angeles, CA 90026
8    213-977-5211
9    Fax: 213-977-5297
     Email: aarulanantham@aclu-sc.org
10

11   Jayashri Srikantiah
12   Stanford Law School
     Immigrants' Rights Clinic,
13   Crown Quadrangle
14   559 Nathan Abbott Way
     Stanford, CA 94305-8610
15   650-724-2442
16   Fax: 650-723-4426
     Email: jsrikantiah@law.stanford.edu
17

18   William Tran
19   Sidley Austin
     555 West Fifth Street Suite 4000
20   Los Angeles, CA 90013-1010
21   213-816-6000
     Fax: 213-896-6600
22   Email: wtran@sidley.com

Judy Rabinovitz
ACLU Immigrants' Rights Project
125 Broad Street 18th Floor
New York, NY 10004
212-549-2618
Fax: 212-549-2654
Email: jrabinovitz@aclu.org

Steven A. Ellis
Sidley Austin LLP
555 W 5th St, Ste 4000
Los Angeles, CA 90013-1010
213-896-6000
Fax: 213-896-6600
Email: sellis@sidley.com

Brian Kelley Washington
Sidley Austin
555 West Fifth Street Suite 400
Los Angeles, CA 90013-1010
213-896-6000
Fax: 213-896-6600
Email: bwashi01@sidley.com

23

24

25

26                    */s/ Theodore w. Atkinson*
                      THEODORE W. ATKINSON
27                    Senior Litigation Counsel
28                    United States Department of Justice

8