AHILAN T. ARULANANTHAM (SBN 237841)
Email: aarulanantham@aclu-sc.org
JENNIFER STARK (SBN 267062)
Email: jstark@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Tel: (213) 977-5211
Fax: (213) 977-5297

Attorneys for Petitioners
(Additional counsel listed on following page)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, for themselves and on behalf of a class of similarly-situated individuals,<br><br>    Petitioners,<br><br>v.<br><br>ERIC H. HOLDER, JR., in his official capacity as United States Attorney General, et al.<br><br>    Respondents. | Case No. CV 07-3239-TJH (RNBx)<br><br>**PETITIONERS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO RESPONDENTS' MOTION TO STAY DISCOVERY**<br><br>Honorable Robert N. Block |

1  Additional Counsel:

2  JUDY RABINOVITZ
   AMERICAN CIVIL LIBERTIES FOUNDATION
3  IMMIGRANTS' RIGHTS PROJECT
   125 Broad Street, 18th Floor
4  New York, NY 10004
   Telephone: (212) 549-2618
5  Facsimile: (212) 549-2654

6  JAYASHRI SRIKANTIAH (SBN 189566)
   STANFORD LAW SCHOOL
7  IMMIGRANTS' RIGHTS CLINIC
   Crown Quadrangle
8  559 Nathan Abbott Way
   Stanford, CA 94305-8610
9  Telephone: (650) 724-2442
   Facsimile: (650) 723-4426
10
   STEVEN A. ELLIS (SBN 171742)
11 WILLIAM TRAN (SBN 245104)
   BRIAN K. WASHINGTON (SBN 248960)
12 SIDLEY AUSTIN LLP
   555 West Fifth Street, Suite 4000
13 Los Angeles, California 90013-1010
   Telephone: (213) 896-6000
14 Facsimile: (213) 896-6600

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 This Court should reject the government's motion to stay all discovery in
2 this case pending a ruling on the government's yet-to-be filed Rule 12(c) motion,
3 for three basic reasons. First, the Court should reject the request because of the
4 inordinate delay that the government has shown in pursuing it, and the effect that a
5 stay will have to further delay the relief class members seek from their unlawfully
6 prolonged detention. While the government may take its time bringing the
7 motion, it is not entitled to delay the entire case for the months it takes to do so.

8 Second, to the extent that the validity of Petitioner's discovery position is
9 relevant to the motion for stay, the Court should reject the government's stay
10 request because Petitioner's discovery requests are reasonable. They seek
11 information that is clearly discoverable under controlling caselaw, and indeed
12 present the only mechanism for gathering facts relevant to the claims of the class
13 as a whole. This is a class action challenge, which courts have interpreted to
14 require aggregate data – in this case data to assess the strength of class members'
15 liberty interest and the quality of the existing detention review procedures. *See*
16 Supplemental Memorandum in Support of Petitioner's Motion to Compel (Dkt #
17 118) at 2-3.

18 Finally, the Court should reject the government's argument because it has
19 not shown – indeed, has not even argued – that it will prevail on its Rule 12(c)
20 motion. Instead, its primary argument for staying all discovery – that the Rule
21 12(c) motion (and the case as a whole) involves questions of law that can be
22 resolved without discovery – would justify at most a protective order barring the
23 discovery requests that are unwarranted, not a stay of every request.

24
25 **I. Given The Interests At Stake, The Massive Delay Associated With This Motion Justifies Denying It.**

26 Even if the government has advanced a valid rationale for its stay motion,
27 *but see infra* III, the Court should reject it because the government greatly delayed
28 in bringing the motion, and granting it would result in a further massive delay.

1

1  Petitioner is mindful of the Court's caution that a Magistrate Judge should
2  not "speculate on the likelihood that a District Judge will grant or deny a motion
3  that is pending or will be pending before the District Judge." [Dkt. # 119].[1]
4  However, such speculation is unnecessary here because the government has for the
5  most part not even argued that the District Judge will grant its Rule 12(c) motion.
6  Instead, it has argued only that the motion can be resolved without discovery. The
7  government's implicit admission that the Rule 12(c) motion will not dispose of the
8  entire case thus ensures that this Court will have to eventually decide many, if not
9  all, of the discovery disputes.
10  Accordingly, there can be no serious dispute that granting this motion will
11  delay resolution of this case by at least several months. Under the most recently
12  proposed schedule, a hearing on the Rule 12(c) motion would not take place until
13  January 31, 2011 at the very earliest, and the decision might not issue for weeks
14  thereafter. Meanwhile, hundreds of class members will remain subject to
15  additional months of unlawful detention, while the discovery needed to establish
16  their legal claims is placed on hold. Given that the government had all
17  information it needed to file this motion *four months* ago (and over two months
18  ago even on the government's view), a stay at this late stage is unjustified.[2]
19  The government argues that granting a stay will not result in substantial

---

[1] Like government counsel, counsel undersigned only became aware of this Court's November 5, 2010, minute order on November 16, 2010.

[2] As of July 22, 2010, Petitioner had filed an operative complaint, the government had answered, and Petitioner had served the discovery. While Petitioner did not file the amended complaint naming the particular sub-class representatives until September 8, 2010 – in keeping with the schedule that the parties had agreed upon – counsel for Petitioner notified government counsel of the content of the proposed sub-classes more than nine months ago, on February 9, 2010, *see* Ex. 20 – even before it served the discovery, and also made clear to the government on several occasions that the amended complaint would not expand the claims or the scope of required discovery in any way. Even on the government's distorted account of the procedural history, it has waited two and a half months longer than necessary to file this motion, given that it had the second amended complaint in this case on September 8, 2010.

2

delay because the parties have agreed to a schedule under which motions for summary judgment must be filed by February 21, 2001. However, Petitioners agreed to this schedule before the government's repeated attempts to stonewall discovery. Due to the government's refusal to answer discovery requests, it is highly unlikely that summary judgment briefing will commence on the current schedule, even absent a stay.

The government further suggests that a stay is warranted because, in the event that the Court decides the cross-motions now, the losing party would appeal to the District Court. But this is incorrect. Under the government's approach such appeals will take place anyway, but *several months later*, after resolution of the Rule 12(c) motion. Thus, contrary to the government's suggestion, this Court's consideration of the cross-motions will speed resolution of the case by permitting resolution of the discovery disputes while the Rule 12(c) motion is pending, thereby ensuring faster review by the District Court in the event of an appeal.

## II. Petitioner Seeks Discovery That is Relevant Under Controlling Authority.

While Petitioner does not believe that the merits of the discovery disputes themselves are relevant to the question whether discovery should be stayed, at least in the absence of some showing that the government will prevail on its Rule 12(c) motion, if the Court concludes otherwise, it should nonetheless reject the government's stay motion because the discovery requests here are clearly necessary to resolve the class members' statutory and due process claims.

Contrary to the government's suggestion, Petitioner never stated that the legal question in this case could be resolved without reference to any facts at all; rather, Petitioner's position has always been that the claims here do not turn on the facts of *any particular detainee's* case. Courts assessing due process claims in class actions have routinely relied on aggregate facts to assess the strength of those claims, and the discovery here seeks such aggregate information. As

Petitioners have argued in their motion to compel, the government's argument is contrary to a large body of due process caselaw, involving both class actions and individual detention habeas petitions, that have relied on 1) facts from A files to assess the strength of liberty interests against the quality of the government's detention procedures, and 2) aggregate facts in class actions raising due process issues.  *See* Supplemental Memorandum in Support of Petitioner's Motion to Compel (Dkt# 118) at 2-4.  Moreover, even the cases relied upon by the government rely on facts from the A files of the detainees at issue, including information about the quality of existing detention procedures and the length of detention.  *Id*. at 2.  If granted, the government's stay motion would prevent Petitioner from obtaining that information for several months.

The Ninth Circuit's recent decision in *Dent v. Holder*, No. 09-71987 (9th Cir. Nov. 9, 2010), provides further support for Petitioner's view.  While *Dent* did not involve a challenge to unlawful detention, the class members' due process interest here in avoiding prolonged detention is at least as strong as the liberty interest in avoiding removal at issue in *Dent*.  *See, e.g.*, *Casas-Castrillon v. Department of Homeland Security*, 535 F.3d 942, 950 (9th Cir. 2008) (describing weighty due process interest in avoiding prolonged physical confinement).  Thus, here also due process likely requires that the government disclose the information it has concerning class members' cases, so as to allow them to make an aggregate factual showing concerning, *inter alia*, the strength of their liberty interest and the quality of the government's release procedures.  Additionally, *Dent* completely undermines the government's claim that production of the A-files is burdensome, because it already must give class members their A files in removal proceedings.

**III. The Government's Objection to "Irrelevant" Discovery Must Be Litigated Through the Motion For A Protective Order, Not a Motion for a Stay.**

Finally, the Court should reject the motion for a stay because the government has failed to meet its obligation to make a "strong showing" that it

4

1  will *prevail* on its Rule 12(c) motion. To justify a stay on a dispositive motion, the
2  government has to show that it will *prevail* on its motion, rendering discovery
3  unnecessary *even if it would otherwise be relevant*. *See Skellerup Industries Ltd.*
4  *v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995) (denying request to
5  stay discovery pending litigation of dispositive motions because defendant had
6  failed to make "strong showing" that it would prevail on dispositive motion);
7  *Baker v. Arkansas Blue Cross*, No. 08-03974, 2009 WL 904150, at *1 (N.D. Cal.
8  Mar. 31, 2009) (denying motion to stay discovery pending motion to dismiss
9  because "it is not clear that Plaintiffs will fail to state a claim").

10  Here, the Court need not assess whether the government will in fact prevail
11  because it has ignored its obligation to make such a showing, arguing instead only
12  that the 12(c) motion can be resolved without discovery. However, this argument,
13  even if correct, does not support a stay of all discovery. Rather, the government's
14  objection to the relevancy and over-breadth of Petitioner's discovery requests are
15  properly decided in the context of the discovery disputes.

16  Ultimately, the government's stay motion reflects its preference to litigate
17  pure legal questions for a few more months, in the hopes of diminishing its
18  discovery obligations, rather than allowing fact-gathering to commence to
19  facilitate quick resolution of class members' detention claims. But that preference
20  is inconsistent with the liberal discovery principles underlying the federal rules,
21  particularly in a case challenging unlawfully-prolonged detention. *See Skellerup*
22  *Industries Ltd.*, 163 F.R.D. at 600-01 (rejecting motion to stay discovery where
23  entering the stay "would undercut the Federal Rules' liberal discovery provisions,"
24  and moving party had failed to meet its "heavy burden").

                                                                                   Respectfully submitted,

DATED: November 16, 2010          ACLU OF SOUTHERN CALIFORNIA

                                                                                   s/ Ahilan T. Arulanantham
                                                                                   AHILAN T. ARULANATHAM
                                                                                   Attorneys for Petitioners