# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **CV 07-3239-TJH (RNBx)**                             Date: **November 17, 2010**

Title:  **Alejandro Rodriguez, et al. v. Timothy S. Robbins, et al.**

**DOCKET ENTRY**

PRESENT:

**HON. ROBERT N. BLOCK, UNITED STATES MAGISTRATE JUDGE**

| Kerri Hays | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:           ATTORNEYS PRESENT FOR DEFENDANTS:
    None present                                                                None present

**PROCEEDINGS:  (IN CHAMBERS)**

### Respondents' Motion to Stay Discovery, filed November 3, 2010

The Court is mindful of the authorities cited by petitioners for the proposition that a party moving to stay discovery pending the determination of a dispositive motion has the burden of making a "strong showing" that it likely will prevail on the motion. However, not all courts subscribe to that proposition, especially where the motion to dismiss presents solely a question of law that is potentially dispositive of the case. See, e.g., Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987) (holding that a district court did not abuse its discretion by staying discovery pending the disposition of motions to dismiss because "[d]iscovery is only appropriate where there are factual issues raised by a Rule 12(b) motion"); Chattler v. United States, 2008 WL 495702, *1-*2 (N.D. Cal. Feb. 20, 2008) (granting stay of discovery with respect to all claims as to which defendants' motion to dismiss raised only legal issues, without addressing whether defendants had made a "strong showing" that they likely would prevail on the motion); Ameritel Inns v. Moffat Bros. Plastering, L.C., 2007 WL 1792323, *4 (D. Idaho June 20, 2007) (granting temporary stay of all discovery other than service of initial disclosures on the basis that defendant's motion to dismiss did not appear to be "without some degree of foundation in law" and there was a possibility that defendant might prevail); Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (explaining that courts have held "that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law" (internal quotation marks omitted)). Moreover, this Court previously advised the

MINUTES FORM 11                                                                                          Initials of Deputy Clerk        klh
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.:  CV 07-3239-TJH (RNBx)                                      November 17, 2010
  <u>Alejandro Rodriguez, et al.  v. Timothy S. Robbins, et al.</u>                    Page 2

--------------------------------------------------------------------------------------------------------------------

parties that it was unwilling to speculate on the likelihood that the District Judge would grant or deny respondents' Rule 12(c) motion.  Nevertheless, the Court has no hesitation in finding that respondents' prospective motion does not appear to be "without some degree of foundation in law" and that there is at least a possibility that respondents may prevail.  For the foregoing reasons, as well as those set forth in the Court's November 5, 2010 Minute Order and respondents' Supplemental Memorandum, respondents' motion to stay discovery pending the District Judge's ruling on respondents' Rule 12(c) motion is granted.

Further, to the extent that petitioners' "Notice of Filing Additional Legal Authority" was intended as a request that the Court order respondents to turn over the A-files of the class members, even if the Court granted the stay motion, petitioners' request is denied because the Court concurs with respondents that the Ninth Circuit's rationale in <u>Dent v. Holder</u> has no applicability whatsoever to the instant case.

### Petitioners' Motion to Compel and Respondents' Motion for Protective Order, filed October 19, 2010

The Court's granting of respondents' stay motion renders moot respondents' motion for a protective order.  Moreover, in view of the Court's granting of respondents' stay motion, petitioners' motion to compel discovery is denied without prejudice to its refiling after the District Judge issues his ruling on respondents' Rule 12(c) motion.  However, prior to petitioners' refiling of any motion to compel discovery, counsel for both sides are ordered to meet and confer again in light of the District Judge's ruling and then, if they are unable to reach a complete resolution of their discovery disputes, to arrange with the Magistrate Judge's courtroom deputy for a date and time to appear before the Court in person to meet and confer further under the Court's auspices.  If and when the Court is satisfied that counsel truly have made a good faith effort to eliminate the necessity for hearing the motion or at least eliminate as many of their disputes as possible, the Court will set a briefing schedule for the filing of a new Joint Stipulation, wherein each side will be required to set forth with respect to each discovery request still remaining in dispute not only its contentions but also how its counsel proposed to resolve the dispute over that discovery request at the further conference of counsel.  <u>See</u> Local

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.:  CV 07-3239-TJH (RNBx)                                    November 17, 2010
**Alejandro Rodriguez, et al.  v. Timothy S. Robbins, et al.**                      **Page 3**

-----------------------------------------------------------------------------------------------------------------------

Rule 37-2.1.


cc:    Judge Hatter

MINUTES FORM 11                                                         Initials of Deputy Clerk    klh
CIVIL-GEN