1 PETER J. ELIASBERG (SBN 189110)
  Email: peliasberg@aclu-sc.org
2 AHILAN T. ARULANANTHAM (SBN 237841)
  Email: aarulanantham@aclu-sc.org
3 ACLU FOUNDATION OF SOUTHERN CALIFORNIA
  1313 West Eighth Street
4 Los Angeles, California 90017
  Tel: (213) 977-5211
5 Fax: (213) 977-5297

6 **Attorneys For Petitioner**
  (Additional counsel listed on following page)
7

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, et al., <br><br> Petitioners, <br><br> vs. <br><br> TROY ROBBINS, et al.; <br><br> Respondents. | Case No. CV 07- 3239-TJH (RNBx) <br><br> **[PROPOSED] ORDER RE: CLASS AND SUBCLASS CERTIFICATION** <br><br> Honorable Terry J. Hatter <br><br> Complaint Filed: 5/16/2007 |

1  Additional Counsel:

2  JUDY RABINOVITZ
   AMERICAN CIVIL LIBERTIES FOUNDATION
3  IMMIGRANTS' RIGHTS PROJECT
   125 Broad Street, 18th Floor
4  New York, NY 10004
   Telephone: (212) 549-2618
5  Facsimile: (212) 549-2654

6  JAYASHRI SRIKANTIAH (SBN 189566)
   STANFORD LAW SCHOOL
7  IMMIGRANTS' RIGHTS CLINIC
   Crown Quadrangle
8  559 Nathan Abbott Way
   Stanford, CA 94305-8610
9  Telephone: (650) 724-2442
   Facsimile: (650) 723-4426
10
   STEVEN A. ELLIS (SBN 171742)
11 WILLIAM TRAN (SBN 245104)
   BRIAN K. WASHINGTON (SBN 248960)
12 SIDLEY AUSTIN LLP
   555 West Fifth Street, Suite 4000
13 Los Angeles, California  90013-1010
   Telephone: (213) 896-6000
14 Facsimile: (213) 896-6600

1 By order dated April 5, 2010, the Court certified a class in this case. [Dkt. # 77]. At a hearing on February 1, 2010, the Court stated that the parties should proceed by way of subclasses. [Dkt. #63 at 5]. On October 15, 2010, Petitioners filed a motion for class and subclass certification. [Dkt. # 101]. On November 15, 2010, Respondents filed a statement of non-opposition to Petitioners' class and subclass certification motion, stating that they did not contest that the requirements of Rule 23(a) and 23(b)(2) were met as to each proposed subclass. [Dkt. # 122].

The Court has considered all of the parties' briefing, evidence, and arguments in this case to this point, as well as the authorities cited in support of their positions, including the Ninth Circuit decision in <u>Rodriguez v. Hayes</u>, 591 F.3d 1105 (9th Cir. 2010). Upon due consideration, the Court hereby GRANTS Petitioners' motion for class and subclass certification, and orders as follows:

Pursuant to Federal Rule of Civil Procedure 23, the federal habeas statute, and the inherent power of the court, the Court now hereby certifies the following subclasses within the certified class:

    (1)    a subclass of class members detained under 8 U.S.C. § 1225(b);

    (2)    a subclass of class members detained under 8 U.S.C. § 1226(a);

    (3)    a subclass of class members detained under 8 U.S.C. § 1226(c); and

    (4)    a subclass of class members detained under 8 U.S.C. § 1231(a).

The Court further orders the following:

    (1)    Petitioners Abdirizak Aden Farah and Yussuf Abdikadir are named as representatives of the subclass of class members detained under 8 U.S.C. § 1225(b), because each of them has been detained under that statute for more than six months and has not been afforded the hearing to which they claim they are entitled;

    (2)    Petitioners Alejandro Rodriguez and Abel Perez Ruelas are named as representatives of the subclass of class members detained under 8 U.S.C. § 1226(a) , because each of them has been detained under that statute for

|    |     |                                                                                   |
|----|-----|-----------------------------------------------------------------------------------|
| 1  |     | more than six months and has not been afforded the hearing to which               |
| 2  |     | they claim they are entitled;                                                     |
| 3  | (3) | Petitioner Jose Farias Cornejo is named as representative of the subclass         |
| 4  |     | of class members detained under 8 U.S.C. § 1226(c) because he has been            |
| 5  |     | detained under that statute for more than six months and has not been             |
| 6  |     | afforded the hearing to which he claims he is entitled; and                       |
| 7  | (4) | Petitioner Angel Armando Ayala is named as representative of the                  |
| 8  |     | subclass of class members detained under 8 U.S.C. § 1231(a) because he            |
| 9  |     | has been detained under that statute for more than six months and has not         |
| 10 |     | been afforded the hearing to which he claims he is entitled.                      |

The Court finds that each subclass "independently meet[s] the requirements of Rule 23 for the maintenance of a class action," Betts v. Reliable Collection Agency, Ltd., 659 F.2d 1000, 1005 (9th Cir. 1981), based on the Court's following factual findings:

Rule 23(a)(1) is satisfied for each subclass because each subclass is so numerous that joinder of all members is impracticable. Petitioners conducted an analysis in which they found that a randomly-generated sample of 70 detainees from the Respondents' list of 352 class members contained 11 people detained under § 1225(b), 13 people detained under § 1226(a), 37 people detained under § 1226(c), and 9 people detained under § 1231. Based on that randomly-generated sample, on April 21, 2010 in the Central District, there were likely approximately 55 class members held under § 1225(b), approximately 65 class members held under § 1226(a), approximately 186 class members held under § 1226(c), and approximately 45 class members held under § 1231(a). See Exhibit 26 to Petitioners' Motion for Class and Subclass Certification (Declaration of Jennifer Stark of October 15, 2010). [Dkt. # 101 at 32.] Respondents did not object to Petitioners' analysis or their conclusion that each subclass is sufficiently numerous to warrant class certification under Rule 23. Given that each subclass also includes future members, the Court concludes that joinder of all individual claims would be impracticable.

Case 2:07-cv-03239-TJH-KES   Document 129-1   Filed 11/22/10   Page 5 of 6   Page ID #:1241

Rule 23(a)(2) is satisfied for each subclass because there are questions of law or fact common to the class. Each proposed subclass shares related common questions of law, including:

- for subclass 1, whether 8 U.S.C. § 1225(b) authorizes the policy or general practice of detaining non-citizens in removal proceedings for longer than six months without a constitutionally adequate bond hearing, and if so, whether it is constitutional as applied to the subclass members;

- for subclass 2, whether 8 U.S.C. § 1226(a) authorizes the policy or general practice of detaining non-citizens in removal proceedings for longer than six months without a constitutionally adequate bond hearing, and if so, whether it is constitutional as applied to the subclass members;

- for subclass 3, whether 8 U.S.C. § 1226(c) authorizes the policy or general practice of detaining non-citizens in removal proceedings for longer than six months without a constitutionally adequate bond hearing, and if so, whether it is constitutional as applied to the subclass members; and

- for subclass 4, whether 8 U.S.C. § 1231(a) authorizes the policy or general practice of detaining non-citizens in removal proceedings for longer than six months without a constitutionally adequate bond hearing, and if so, whether it is constitutional as applied to the subclass members.

In short, each subclass shares the common "question of whether indefinite or prolonged detention generating serious constitutional concerns is present" under its respective detention statute, and "the constitutional issue at the heart of each class member's claim for relief is common." Rodriguez, 591 F.3d at 1123; Third Amended Complaint ¶¶111-112 [Dkt 111].

Rule 23(a)(3) is satisfied for each subclass because the claims of the named representatives are typical of the claims of the class. Each Petitioner challenges his detention, pursuant to the government's policy or practice, for more than six months

under the pertinent general immigration statute, without an adequate hearing where the government has shown that his prolonged detention is justified. Third Amended Complaint at ¶ 105, 109-113. As each named representative Petitioner has been subject to detention of more than six months without the hearing to which he claims he is entitled, each representative's claims are typical of his respective subclass. Third Amended Complaint at ¶ 113.

Rule 23(a)(4) is satisfied for each subclass because the representative parties will fairly and adequately protect the interests of the class. The named representatives seek relief that is identical to the relief sought by their respective subclass members and have no interests adverse to other subclass members. In addition, Petitioners are represented by pro bono counsel from the ACLU of Southern California, the ACLU Immigrants' Rights Project, the Stanford Law School Immigrants' Rights Clinic, and the law firm of Sidley Austin LLP. Collectively, counsel have extensive experience litigating on behalf detained immigrants and litigating class actions and are extremely well-qualified to bring this suit.

Rule 23(b)(2) is satisfied for each subclass because Respondents have acted or refused to act on grounds that apply generally to each subclass, so that final injunctive relief is appropriate respecting each subclass as a whole. Each subclass member challenges Respondents' policy or general practice of the "prolonged detention of detainees without providing a bond hearing" under his respective detention statute and seeks the same relief in the form of a constitutionally adequate bond hearing. In this sense, "relief from a single practice is requested by all [subclass] members," and "all [subclass] members' seek the exact same relief as a matter of statutory or, in the alternative, constitutional right." Rodriguez, 591 F.3d at 1126.

IT IS SO ORDERED.

Dated:_____   _____
HONORABLE TERRY J. HATTER
United States District Court Judge

4