# Exhibit 31

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

---

HONORABLE DOLLY M. GEE, JUDGE PRESIDING

---

JOSE ANTONIO FRANCO-GONZALEZ, )
on behalf of themselves and all )
others similarly situated, )
)
)
)
Plaintiffs, )
)No. CV 10-2211DMG
VS )
)
ERIC HOLDER, Attorney General, )
et al, )
)
)
Defendants. )
)

Reporter's Transcript of Proceedings
Motion Hearing
Los Angeles, California
MONDAY, OCTOBER 18, 2010

Anne Kielwasser, RPR No. 50901
Federal Official Court Reporter
312 North Spring Street, Room 432
Los Angeles, California 90012
Phone: (213) 894-2969
anne.kielwasser@gmail.com
AKcourtreporting.com

1             A P P E A R A N C E S

2

3    ON BEHALF OF THE PETITIONER:

4    **Ahilan T Arulanantham**
     ACLU Foundation of Southern California
5    1313 West Eighth Street
     Los Angeles, CA 90017
6    213-977-5211
     Fax: 213-977-5297
7    Email: Aarulanantham@aclu-sc.org

8    **Michael H Steinberg**
     Sullivan & Cromwell LLP
9    1888 Century Park East Suite 2100
     Los Angeles, CA 90067-1725
10   310-712-6600
     Fax: 310-712-8800
11   Email: Steinbergm@sullcrom.com

12

13   ON BEHALF OF THE RESPONDENT:

14   **Samuel P Go**
     Office of Immigration Litigation - District Court Section
15   US Department of Justice, Civil Division
     P O Box 868 Ben Franklin Station
16   Washington, document 20044
     202-353-9923
17   Fax: 202-305-7000
     Email: Samuel.go@usdoj.gov

18

19

20

21

22

23

24

25

```
 1   MONDAY, OCTOBER 18, 2010                        9:50 A.M.

 2                           ~ ~ ~

 3                    P R O C E E D I N G S

 4                           ~ ~ ~

 5          COURT CLERK:  Item No. 1.  Civil Case 10-221

 6   [SIC].  Jose Antonio Franco-Gonzales, et al, versus Eric

 7   Holder, et al.

 8              Counsel, state your appearance, please.

 9          MR. ARULANANTHAM:  Good morning, Your Honor.

10   Ahilan Arulanantham and Michael Steinberg for the petitioner.

11          MR. STEINBERG:  Good morning, Your Honor.

12          MR. GO:  Good morning, Your Honor.  Samuel Go on

13   behalf of the respondents.

14          THE COURT:  Good morning, both of you.  I assume

15   that you have received the Court's tentative and reviewed it?

16          MR. GO:  Yes, Your Honor.

17          THE COURT:  All right.  Mr. Go, I assume I will

18   hear from you.

19          MR. GO:  Good morning, Your Honor.  Thank you for

20   allowing the government to be heard on this matter.

21              Your Honor, I did a quick review of your

22   tentative ruling.  I would like to address some points that

23   you raised in the discussion part.

24              First point I'd like to make -- you stated

25   that -- a discretionary -- custody does not moot a habeas
```

1   petition.  Your Honor, I guess what we have here is, we have

2   a very specific case.  It's an individual habeas petition,

3   and on a plain reading of that petition, what he requests is

4   for release with reasonable conditions of supervision or

5   alternatively a bond hearing.  That is different from

6   Rodriguez who actually wanted a bond hearing to determine

7   whether he was -- should be granted nondiscretionary release

8   or not.

9            So, I guess my point is, if Mr. Franco

10  Gonzales was successful in his habeas petition, he would have

11  received release under reasonable condition of supervision,

12  which is exactly what he has.

13       THE COURT:  But wasn't the challenge in the

14  petition to his detention under 1226(c)?

15       MR. GO:  Yes, but he is -- umm --

16       THE COURT:  So, the challenge that he mounts in

17  his petition is to the legitimacy of detention under the

18  mandatory detention provisions of that statute.  Instead, he

19  was relieved under the discretionary portion of the statute.

20       MR. GO:  All right, Your Honor, his -- I believe

21  that his petition challenges release overall.  I mean, to be

22  clear, just -- the government reviewed Mr. Franco-Gonzalez's

23  situation, and they found that release was appropriate.

24            And that does fulfill that part of the

25  injunctive relief that they were asking for in the petition,

1    which leaves us with just the declaratory judgment, whether

2    his detention was lawful or unlawful.  And, umm --

3            THE COURT:  Is the government willing to concede

4    that its practice of detaining people for longer than 90 days

5    under 1226(c) is unlawful?

6            MR. GO:  Your Honor, what I can speak for is with

7    this particular situation, and with petitioner's situation,

8    we did determine that his detachment was indeed lengthy and

9    therefore we felt that release was appropriate.

10           THE COURT:  So, you are willing to concede that

11   his detention was unlawful under 1226(c)?

12           MR. GO:  Your Honor, the government just thought

13   it was appropriate.  It was the right thing to do in terms

14   of releasing, releasing this --

15           THE COURT:  All right, well, that's the sort of

16   nebulous response that I think gives rise to the Court's

17   ruling, which is, that it is a discretionary relief and not a

18   nondiscretionary relief, and that there are issues still at

19   stake for the petitioner here in the case relating to the

20   lawfulness of his detention under 1226(c).

21           MR. GO:  Sure, Your Honor.  But I think what goes

22   into this is, is that all these situations are

23   individualized; and I don't think that I could actually make

24   a blanket statement saying there are times where a detention

25   is appropriate no matter -- and what may be appropriate in

1    terms of length of time for one person may not be for another

2    person.

3              So, we can only look at this on a

4    case-by-case basis, and in this case we did find that release

5    was appropriate for this petitioner.

6              THE COURT:  Wouldn't you agree, though, that the

7    Declaration that the government provided to the Court does

8    not relinquish the government's discretion to re-detain

9    Mr. Franco as appropriate?

10             MR. GO:  Well, Your Honor, I think that there has

11   to be some conditions to make things work.

12             In terms of the reasonable conditions of

13   supervision, while there needs to be some way to enforce

14   that; and, you know, this is something where the parties were

15   in agreement.  The parties -- petitioner requests

16   for reasonable conditions of supervision; the government

17   agreed.  And in order to have those, there needs to be some

18   basis of, if there is a violation of that, what do you do?

19             And I think that it is appropriate -- if

20   those conditions are violated, then the reason it's not

21   appropriate -- it's not being appropriately handled and

22   perhaps re-detention is necessary.

23             THE COURT:  Well, this is what distinguishes this

24   case from Picrin-Peron, then, because in that declaration

25   that was supplied by the government in that case, the

1    government relinquished all discretion with regard to

2    re-detention, and the only issues that were raised in that

3    declaration were things that were outside of the control of

4    the government.

5            MR. GO:  Well, Your Honor, I would argue to say

6    that same thing is here.  These are all -- we try to limit it

7    to the minimal circumstances that are outside of our control.

8    It's not in our control whether he violated conditions.

9            And I'd like to clarify, we did say in the

10   Declaration that when it is -- ICE is required by law to

11   re-detain him.  And what we want to say, it's not, as

12   petitioners put it, to try to re-detain him under 1226(c).

13   Actually, that is to -- for the government -- in the event

14   there is a change of law or regulations.

15           And it does make sense, because if there is

16   such a change in the law or the regulations, then ICE has to

17   adhere to that law.  They can't just go against it,

18   because -- umm, it would not be wise to go against it in

19   terms of, you know, adhering to a particular declaration.

20           So, I just want to clarify that.  And if

21   necessary, the government will file a supplemental

22   declaration to clarify.

23           THE COURT:  And what would that declaration say?

24           MR. GO:  Your Honor, that would just say that if

25   there is a change in the law or the regulations, umm --

8

```
 1    ICE -- that requires ICE to re-detain him.  Perhaps, this
 2    declaration -- they can't be bound not to adhere to the law.
 3            THE COURT:  Well, that's precisely why we're here
 4    in this case, is, that the petitioners want to challenge the
 5    government's interpretation of the law and their authority
 6    under 1226(c).
 7            So, unless the government is willing to
 8    concede that its detentions of these types of people under
 9    1226(c) is unlawful for longer periods than 90 days, it seems
10    that the issue is still a live one.
11            MR. GO:  Well, Your Honor, I -- again, going back
12    to the individuality of all of these -- and we would have to
13    analyze on a case-by-case basis, where, with regards to some
14    of the named classes of people, whether 1226(c) mandatory
15    detention is appropriate or not.  In some cases we believe
16    that they are, and it may be an open question in other cases.
17    But we have to analyze on a case-by-case basis.
18            THE COURT:  All right, thank you.
19            MR. GO:  Your Honor, I just want to mention one
20    more thing.  You state in your discussion that the petitioner
21    is entitled to amend as of right -- because of the return is
22    not -- custody -- responsive pleading -- I'd like to address
23    that.
24            Your Honor, we did what the Court ordered us
25    to do.
```

1         THE COURT:  I don't think -- actually, the Court

2    did not rule that it does not constitute a responsive

3    pleading.  The Court ruled that because the matter is not

4    moot that, therefore, the liberal amendments rules should

5    have applied and that the petitioner should have been allowed

6    to amend, not to amend as of right but should have been given

7    leave to amend.

8         MR. GO:  Oh, okay.  Well, I apologize.  I -- umm

9    --

10        THE COURT:  I think that was the petitioner's

11   contention.

12        MR. GO:  Okay.

13        THE COURT:  But no one cited any authority to

14   support that contention.

15        MR. GO:  Oh.

16        THE COURT:  And the Court found none.  So, I think

17   this case turns more on the issue of whether the petitioner's

18   claims are moot.

19        MR. GO:  Okay.  Your Honor, again, we believe

20   that the petition is moot.  The relief that was received by

21   the petitioner directly reflects the relief that he was

22   seeking, other than a declaratory judgment saying that his

23   detention was unlawful.

24             And we've tried very hard with our

25   declaration to show that -- well, I think that we have shown

1    that we will not re-detain petitioner except for very limited

2    circumstances outside of the government's control, that we

3    just -- umm -- we feel are necessary to make the release

4    work.

5              Again, this person is still in removal

6    proceedings, and the conditions that are imposed on him are

7    designed to make sure that he is not a flight risk in terms

8    of a lie that we will perceive -- or proceed as -- umm -- as

9    they should.

10         THE COURT:  I understand that, but given the fact

11    that he did not have a hearing, he did not even have a chance

12    to present whether or not he was a flight risk or whether or

13    not he was a danger to the community.

14         MR. GO:  Well, Your Honor, that's because he's no

15    longer in detention.  You know, we've made that determination

16    that he is -- uh -- that with these conditions -- umm -- he

17    will not be a flight risk or a danger to the community as

18    long as he -- as long as he follows the conditions of

19    supervision.

20              Umm -- so, therefore -- I mean, that question

21    has been answered.  We found that release was appropriate.

22    We found that he shouldn't -- uh -- he shouldn't -- he

23    shouldn't be detained at this time.  And, therefore, I think

24    that that -- his individual habeas petition is over, because

25    he -- umm -- you know, he did challenge the detention, and

 1    he's no longer detained.

 2            THE COURT:  Well, it's sort of the cart pulling

 3    the horse, I guess.  He's contending that he should have had

 4    a nondiscretionary release, I presume; and that if that was

 5    the case, then arguably some of the conditions of release may

 6    not have been reasonable by his estimation.

 7            MR. GO:  Sure.  But, Your Honor, the language of

 8    the habeas petition just asks for release under reasonable

 9    conditions of supervision, and that does differ from

10    Rodriguez.  Well, Rodriguez is asking for a bond hearing.

11            The other point is, if he is, indeed,

12    challenging his conditions of supervision, then that's more

13    appropriate with his civil rights suit.

14            As we've noted in our papers, Badia versus

15    Cox talks about habeas proceeding.  It's just being -- umm --

16    it's a proper mechanism to challenge the duration or

17    lawfulness of the confinement.  And that's a specific role of

18    the habeas.

19            In terms of challenging conditions for

20    confinement or conditions of release or supervision, that is

21    more in line with a civil rights suit or something outside

22    the habeas.  And that goes along with many of the claims that

23    are brought in the first amended complaint as well.  Those

24    are properly brought not in the habeas proceeding, which

25    petitioners are trying to force this into.

1            THE COURT:  Well, the Court does not see the
2    conditions of release as the primary aspect of the case.  The
3    primary issue in the case is a challenge to lengthy
4    detentions under 1226(c).
5                 The issue of reasonable conditions of release
6    is really kind of a so-called collateral consequence.
7            MR. GO:  Okay.  Sure.  But we would still maintain
8    that Franco Gonzalez's -- his case would be moot as to that
9    issue, whether his, you know -- about his detention, since he
10    is no longer detained.
11            THE COURT:  All right, I understand the
12    government's position.  Thank you.
13            MR. GO:  Thank you, Your Honor.
14            MR. ARULANANTHAM:  Your Honor, just very few brief
15    points.  Obviously, we agree with the tentative.
16                 So, I was going to start by saying that I
17    feel like I'm in a time warp because they made all the same
18    arguments in Rodriguez a few years ago when we were arguing
19    it, and obviously we agree with the Court that it's
20    controlled.
21                 What makes the release mandatory is the fact
22    that there's a legal ruling that you have to release the
23    person.  That's what it is that makes it mandatory.
24                 Just two very small things to add to that.
25    It's not an accident that the government cannot explain or

13

1    refuses to answer the question whether as a matter of law

2    1226(c) does not apply to people subject to prolonged

3    detention.    It is their practice throughout the country to

4    detain people for years and months under 1226(c), and they

5    take the position in other litigation where it suits their

6    tactics that 1226(c) has no temporal limit.    So that's the

7    reason why they can't say in front of you the 1226(c) doesn't

8    apply to prolonged detentions.

9            In addition, I don't believe that we have

10    argued that it's 90 days in particular, for what that's

11    worth.    I think in other litigation we said it's six months,

12    but I think the key point here is five years, and for a lot

13    of these detainees, in the amended complaint also, it's going

14    to be very long periods of time.

15            THE COURT:    What is your contention as to what is

16    a reasonable period of detention?    Or does that differ

17    depending on the circumstance?

18            MR. ARULANANTHAM:    Well, in other litigation,

19    we've said it's six months, because that's the period set by

20    Demore V Kim and set by Nadarajah v Gonzalez in the Ninth

21    Circuit.

22            I think at this stage of this litigation --

23    and we'd like the opportunity to brief that -- at this stage

24    of the litigation, all we have to decide in Mr. Franco's case

25    is five years, so --

1              And then the only last thing I would say is,

2    I don't think it's appropriate to allow the government to

3    submit another declaration in this case and take more time

4    before allowing us to amend the Complaint, not only because I

5    can agree with the Court that the answers given here are not

6    sufficient to solve the mootness problem but also because we

7    think even if the case were moot as to Mr. Franco, you know,

8    all of the separate set of arguments which the Court has not

9    addressed, you know, you can amend to cure a jurisdictional

10   defect, like an amount in controversy or something like that.

11             Obviously, the Court need not reach that

12   here, but even if they amend it, and even if they file the

13   new declaration that somehow satisfies the mootness

14   requirement, you know, we would still argue that we still get

15   to amend.  And so, they've had their chance, they file their

16   declaration, we litigate -- there's like five briefs about it

17   or something, and so I think at this point --

18             THE COURT:  The Court is not going to order or

19   request a supplemental declaration; but just out of

20   curiosity, wouldn't it have been faster to just file a new

21   complaint with new plaintiffs rather than appeal the mootness

22   issue?

23             MR. ARULANANTHAM:  Well, Your Honor, maybe, you

24   know, we didn't know -- when we filed the exhibit parte, we

25   actually thought that was going to get heard in this court.

```
 1    You know, there was that procedural -- and then it went back
 2    to the magistrate judge.  So at that time we didn't know.
 3                  And the other thing is, we believe it's
 4    important that Mr. Franco's case be a part of this case,
 5    because what happened to him could happen to a lot of other
 6    people in this position, and we want this Court and we want
 7    whatever other courts to consider this in the future to
 8    understand that that is part of the phenomenon here, and
 9    that's the reason, the other reason why we want the cases to
10    be together.
11                  THE COURT:  All right.
12                  MR. ARULANANTHAM:  Does the Court have any other
13    questions?
14                  THE COURT:  No, thank you.
15                  Mr. Go, do you have anything further?
16                  MR. GO:  Your Honor, I would just like to address
17    some points that my colleague has brought up.
18                  You know, I guess -- just as counsel has
19    stated, we don't believe that there's a time limit for
20    1226(c), and -- you know, actually, there is a time limit
21    where 1226(c) shouldn't apply, but what that is depends on
22    the circumstances; and, of course, in this case we realize
23    that with the petitioner that release was appropriate, that
24    1226(c) shouldn't apply.
25                  And, again, this goes with every, you know,
```

1    it's a case-by-case circumstance; but I just wanted to make

2    that point.  It's not a blanket holding.  It's something that

3    is reviewed on a case-by-case basis when we have the

4    opportunity to do that.

5              Your Honor, the petitioner's counsel also

6    raised the fact about correcting a jurisdictional defect; and

7    as we state in our papers, there is nothing jurisdictionally

8    defective about the habeas.  It was just rendered moot.  And

9    that makes it in contrast with the cases that petitioner has

10   cited.

11             All those had been to remedy a defect such

12   that the original complaint would be a live controversy; and

13   in this case, there is no amendment here that makes the

14   initial petition become a live controversy.  What they're

15   doing is adding new plaintiffs and adding new claims.

16             And I actually did want to bring up a case

17   that was in the northern district of California.  The case

18   name is Lago versus Pacific Bell Telephone Company.

19        THE COURT:  I'm sorry, how do you spell?

20        MR. GO:  Lago is L-A-G-O, versus Pacific Bell

21   Telephone Company, and the case cite is 2008 Westlaw, 455

22   9739.  And in that case the plaintiffs sought to leave to

23   amend --

24        THE COURT:  Is that a Ninth Circuit case?

25        MR. GO:  It's a northern district California case.

```
 1              THE COURT:  Okay.

 2              MR. GO:  And there is a similar situation here,

 3     because the plaintiffs in that matter sought leave to amend

 4     to add new plans and new allegations but didn't have standing

 5     to bring forth the old allegations, and what the Court found

 6     there was that -- umm -- this matter was best -- would be

 7     best served by making a new complaint, by filing a new

 8     complaint; and in this case, that is the same thing.

 9              You know, in terms of Franco being a part of

10     this new case, you know, it has to go along with:  What does

11     the First Amended Complaint actually say?  I mean, if they

12     are talking about claims that pertain to Franco Gonzalez that

13     are not addressed in the habeas petition, then, there is no

14     preclusion.

15              But we are just talking about an

16     individualized habeas petition on behalf of one petitioner,

17     and that petitioner has been released; and now we're talking

18     about several plaintiffs, several new claims, really talking

19     about a right to a hearing, a right to provide counsel, to

20     have counsel at immigration proceedings which are entirely

21     different from the attention of one person and whether

22     release is appropriate.

23              THE COURT:  Well, to the extent the Court is

24     finding that the matter is not moot, I don't think we need to

25     go into the issue of whether the amendment is to correct a
```

```
 1   defect.
 2          MR. GO:  Sure.  I understand that is the second
 3   step of the process.  But, Your Honor, I would contend,
 4   again, that the case is moot; and you have heard my
 5   arguments, so, I won't elaborate.
 6          THE COURT:  All right, thank you.
 7          MR. ARULANANTHAM:  Thank you, Your Honor.
 8          THE COURT:  The matter will be submitted.
 9                        ~ ~ ~
10          (Proceedings concluded.)
11                        ~ ~ ~
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1 C E R T I F I C A T E

2 I hereby certify that the foregoing is a true and correct

3 transcript of the stenographically recorded proceedings in

4 the above matter.

5 Fees charged for this transcript, less any circuit fee

6 reduction and/or deposit, are in conformance with the

7 regulations of the judicial conference of the united states.

8

9

10               12/13/2010

11 Anne Kielwasser, CSR, RPR     Date
   Official Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT

68

**1**

1 [1] - 3:5
10-221 [1] - 3:5
10-2211DMG [1] - 1:11
12/13/2010 [1] - 19:10
1226(c [12] - 4:14, 5:5, 5:11, 8:9, 8:14, 13:2, 13:4, 13:6, 13:7, 15:20, 15:21, 15:24
1226(c) [4] - 5:20, 7:12, 8:6, 12:4
1313 [1] - 2:5
18 [2] - 1:19, 3:1
1888 [1] - 2:9

**2**

20044 [1] - 2:16
2008 [1] - 16:21
2010 [2] - 1:19, 3:1
202-305-7000 [1] - 2:17
202-353-9923 [1] - 2:16
2100 [1] - 2:9
213 [1] - 1:24
213-977-5211 [1] - 2:6
213-977-5297 [1] - 2:6

**3**

310-712-6600 [1] - 2:10
310-712-8800 [1] - 2:10
312 [1] - 1:23

**4**

432 [1] - 1:23
455 [1] - 16:21

**5**

50901 [1] - 1:22

**8**

868 [1] - 2:15
894-2969 [1] - 1:24

**9**

90 [3] - 5:4, 8:9, 13:10

90012 [1] - 1:24
90017 [1] - 2:5
90067-1725 [1] - 2:9
9739 [1] - 16:22
9:50 [1] - 3:1

**A**

A.M [1] - 3:1
aarulanantham@ aclu - 2:7
aarulanantham@ aclu-sc.org [1] - 2:7
accident [1] - 12:25
ACLU [1] - 2:4
add [2] - 12:24, 17:4
adding [2] - 16:15
addition [1] - 13:9
address [3] - 3:22, 8:22, 15:16
addressed [2] - 14:9, 17:13
adhere [2] - 7:17, 8:2
adhering [1] - 7:19
ago [1] - 12:18
agree [4] - 6:6, 12:15, 12:19, 14:5
agreed [1] - 6:17
agreement [1] - 6:15
Ahilan [2] - 2:4, 3:10
AKcourtreporting. com [1] - 1:25
al [3] - 1:13, 3:6, 3:7
allegations [2] - 17:4, 17:5
allow [1] - 14:2
allowed [1] - 9:5
allowing [2] - 3:20, 14:4
alternatively [1] - 4:5
amend [10] - 8:21, 9:6, 9:7, 14:4, 14:9, 14:12, 14:15, 16:23, 17:3
amended [2] - 11:23, 13:13
Amended [1] - 17:11
amendment [2] - 16:13, 17:25
amendments [1] - 9:4
amount [1] - 14:10
analyze [2] - 8:13, 8:17
Angeles [4] - 1:18, 1:24, 2:5, 2:9
Anne [2] - 1:22, 19:11
anne.kielwasser@ gmail.com [1] - 1:25
answer [1] - 13:1

answered [1] - 10:21
answers [1] - 14:5
Antonio [1] - 3:6
ANTONIO [1] - 1:8
apologize [1] - 9:8
appeal [1] - 14:21
appearance [1] - 3:8
applied [1] - 9:5
apply [4] - 13:2, 13:8, 15:21, 15:24
appropriate [15] - 4:23, 5:9, 5:13, 5:25, 6:5, 6:9, 6:19, 6:21, 8:15, 10:21, 11:13, 14:2, 15:23, 17:22
appropriately [1] - 6:21
arguably [1] - 11:5
argue [2] - 7:5, 14:14
argued [1] - 13:10
arguing [1] - 12:18
arguments [3] - 12:18, 14:8, 18:5
ARULANANTHAM [6] - 3:9, 12:14, 13:18, 14:23, 15:12, 18:7
Arulanantham [2] - 2:4, 3:10
aspect [1] - 12:2
assume [2] - 3:14, 3:17
attention [1] - 17:21
Attorney [1] - 1:13
authority [2] - 8:5, 9:13

**B**

Badia [1] - 11:14
basis [5] - 6:4, 6:18, 8:13, 8:17, 16:3
become [1] - 16:14
behalf [3] - 1:8, 3:13, 17:16
BEHALF [2] - 2:3, 2:13
Bell [2] - 16:18, 16:20
Ben [1] - 2:15
best [2] - 17:6, 17:7
blanket [2] - 5:24, 16:2
bond [3] - 4:5, 4:6, 11:10
bound [1] - 8:2
Box [1] - 2:15
brief [2] - 12:14, 13:23
briefs [1] - 14:16
bring [2] - 16:16, 17:5
brought [3] - 11:23, 11:24, 15:17

**C**

CA [2] - 2:5, 2:9
CALIFORNIA [1] - 1:2
California [5] - 1:18, 1:24, 2:4, 16:17, 16:25
cannot [1] - 12:25
cart [1] - 11:2
Case [1] - 3:5
case [37] - 4:2, 5:19, 6:4, 6:24, 6:25, 8:4, 8:13, 8:17, 9:17, 11:5, 12:2, 12:3, 12:8, 13:24, 14:3, 14:7, 15:4, 15:22, 16:1, 16:3, 16:13, 16:16, 16:17, 16:21, 16:22, 16:24, 16:25, 17:8, 17:10, 18:4
case-by-case [5] - 6:4, 8:13, 8:17, 16:1, 16:3
cases [4] - 8:15, 8:16, 15:9, 16:9
CENTRAL [1] - 1:2
Century [1] - 2:9
certify [1] - 19:2
challenge [6] - 4:13, 4:16, 8:4, 10:25, 11:16, 12:3
challenges [1] - 4:21
challenging [2] - 11:12, 11:19
chance [2] - 10:11, 14:15
change [3] - 7:14, 7:16, 7:25
charged [1] - 19:5
Circuit [2] - 13:21, 16:24
circuit [1] - 19:5
circumstance [2] - 13:17, 16:1
circumstances [3] - 7:7, 10:2, 15:22
cite [1] - 16:21
cited [2] - 9:13, 16:10
civil [3] - 3:5, 11:13, 11:21
Civil [1] - 2:15
claims [5] - 9:18, 11:22, 16:15, 17:12, 17:18
clarify [3] - 7:9, 7:20, 7:22
classes [1] - 8:14
clear [1] - 4:22
CLERK [1] - 3:5

collateral [1] - 12:6
colleague [1] - 15:17
community [2] - 10:13, 10:17
Company [2] - 16:18, 16:21
Complaint [2] - 14:4, 17:11
complaint [6] - 11:23, 13:13, 14:21, 16:12, 17:7, 17:8
concede [3] - 5:3, 5:10, 8:8
concluded [1] - 18:10
condition [1] - 4:11
conditions [6] - 4:4, 6:11, 6:12, 6:16, 6:20, 7:8, 10:6, 10:16, 10:18, 11:5, 11:9, 11:12, 11:19, 11:20, 12:2, 12:5
conference [1] - 19:7
confinement [2] - 11:17, 11:20
conformance [1] - 19:6
consequence [1] - 12:6
consider [1] - 15:7
constitute [1] - 9:2
contend [1] - 18:3
contending [1] - 11:3
contention [3] - 9:11, 9:14, 13:15
contrast [1] - 16:9
control [4] - 7:3, 7:7, 7:8, 10:2
controlled [1] - 12:20
controversy [3] - 14:10, 16:12, 16:14
correct [2] - 17:25, 19:2
correcting [1] - 16:6
Counsel [1] - 3:8
counsel [4] - 15:18, 16:5, 17:19, 17:20
country [1] - 13:3
course [1] - 15:22
COURT [32] - 1:1, 3:5, 3:14, 3:17, 4:13, 4:16, 5:3, 5:10, 5:15, 6:6, 6:23, 7:23, 8:3, 8:18, 9:1, 9:10, 9:13, 9:16, 10:10, 11:2, 12:1, 12:11, 13:15, 14:18, 15:11, 15:14, 16:19, 16:24, 17:1, 17:23, 18:6, 18:8
court [1] - 14:25
Court [18] - 1:23, 2:14,

6:7, 8:24, 9:1, 9:3, 9:16, 12:1, 12:19, 14:5, 14:8, 14:11, 14:18, 15:6, 15:12, 17:5, 17:23, 19:11
Court's [2] - 3:15, 5:16
courts [1] - 15:7
Cox [1] - 11:15
Cromwell [1] - 2:8
CSR [1] - 19:11
cure [1] - 14:9
curiosity [1] - 14:20
custody [2] - 3:25, 8:22
CV [1] - 1:11

**D**

danger [2] - 10:13, 10:17
Date [1] - 19:11
days [3] - 5:4, 8:9, 13:10
decide [1] - 13:24
Declaration [2] - 6:7, 7:10
declaration [11] - 6:24, 7:3, 7:19, 7:22, 7:23, 8:2, 9:25, 14:3, 14:13, 14:16, 14:19
declaratory [2] - 5:1, 9:22
defect [4] - 14:10, 16:6, 16:11, 18:1
defective [1] - 16:8
defendants [1] - 1:15
Demore [1] - 13:20
Department [1] - 2:15
deposit [1] - 19:6
designed [1] - 10:7
detachment [1] - 5:8
detain [6] - 6:8, 7:11, 7:12, 8:1, 10:1, 13:4
detained [3] - 10:23, 11:1, 12:10
detainees [1] - 13:13
detaining [1] - 5:4
detention [16] - 4:14, 4:17, 4:18, 5:2, 5:11, 5:20, 5:24, 6:22, 7:2, 8:15, 9:23, 10:15, 10:25, 12:9, 13:3, 13:16
detentions [3] - 8:8, 12:4, 13:8
determination [1] - 10:15
determine [2] - 4:6, 5:8

differ [2] - 11:9, 13:16
different [2] - 4:5, 17:21
directly [1] - 9:21
discretion [2] - 6:8, 7:1
discretionary [3] - 3:25, 4:19, 5:17
discussion [2] - 3:23, 8:20
distinguishes [1] - 6:23
District [1] - 2:14
DISTRICT [2] - 1:1, 1:2
district [2] - 16:17, 16:25
Division [1] - 2:15
document [1] - 2:16
DOLLY [1] - 1:4
duration [1] - 11:16

**E**

East [1] - 2:9
Eighth [1] - 2:5
elaborate [1] - 18:5
Email [3] - 2:7, 2:11, 2:17
enforce [1] - 6:13
entirely [1] - 17:20
entitled [1] - 8:21
Eric [1] - 3:6
ERIC [1] - 1:13
estimation [1] - 11:6
et [2] - 1:13, 3:6, 3:7
event [1] - 7:13
exactly [1] - 4:12
except [1] - 10:1
exhibit [1] - 14:24
explain [1] - 12:25
extent [1] - 17:23

**F**

fact [3] - 10:10, 12:21, 16:6
faster [1] - 14:20
Fax [1] - 2:6, 2:10, 2:17
Federal [1] - 1:23
fee [1] - 19:5
fees [1] - 19:5
felt [1] - 5:9
few [2] - 12:14, 12:18
file [4] - 7:21, 14:12, 14:15, 14:20
filed [1] - 14:24
filing [1] - 17:7

first [2] - 3:24, 11:23
First [1] - 17:11
five [3] - 13:12, 13:25, 14:16
flight [3] - 10:7, 10:12, 10:17
follows [1] - 10:18
force [1] - 11:25
foregoing [1] - 19:2
forth [1] - 17:5
Foundation [1] - 2:4
FRANCO [1] - 1:8
Franco [8] - 3:6, 4:9, 4:22, 6:9, 12:8, 14:7, 17:9, 17:12
Franco's [2] - 13:24, 15:4
Franco-Gonzales [1] - 3:6
FRANCO-GONZALEZ [1] - 1:8
Franco-Gonzales's [1] - 4:22
Franklin [1] - 2:15
front [1] - 13:7
fulfill [1] - 4:24
future [1] - 15:7

**G**

GEE [1] - 1:4
General [1] - 1:13
given [3] - 9:6, 10:10, 14:5
GO [26] - 3:12, 3:16, 3:19, 4:15, 4:20, 5:6, 5:12, 5:21, 6:10, 7:5, 7:24, 8:11, 8:19, 9:8, 9:12, 9:15, 9:19, 10:14, 11:7, 12:7, 12:13, 15:16, 16:20, 16:25, 17:2, 18:2
Gonzales [2] - 3:6, 4:10
GONZALEZ [1] - 1:8
Gonzalez [2] - 13:20, 17:12
Gonzalez's [2] - 4:22, 12:8
government [14] - 3:20, 4:22, 5:3, 5:12, 6:7, 6:16, 6:25, 7:1, 7:4, 7:13, 7:21, 8:7, 12:25, 14:2
government's [4] - 6:8, 8:5, 10:2, 12:12
granted [1] - 4:7
guess [4] - 4:1, 4:9, 11:3, 15:18

**H**

habeas [12] - 3:25, 4:2, 4:10, 10:24, 11:8, 11:15, 11:18, 11:22, 11:24, 16:8, 17:13, 17:16
handled [1] - 6:21
hard [1] - 9:24
hear [1] - 3:18
heard [3] - 3:20, 14:25, 18:4
Hearing [1] - 1:18
hearing [6] - 4:5, 4:6, 10:11, 11:10, 17:19
hereby [1] - 19:2
Holder [1] - 3:7
HOLDER [1] - 1:13
holding [1] - 16:2
Honor [27] - 3:9, 3:11, 3:12, 3:16, 3:19, 3:21, 4:1, 4:20, 5:6, 5:12, 5:21, 6:10, 7:5, 7:24, 8:11, 8:19, 8:24, 9:19, 10:14, 11:7, 12:13, 12:14, 14:23, 15:16, 16:5, 16:3, 18:7
HONORABLE [1] - 1:4
horse [1] - 11:3

**I**

ICE [4] - 7:10, 7:16, 8:1
Immigration [1] - 2:14
immigration [1] - 17:20
important [1] - 15:4
imposed [1] - 10:6
indeed [2] - 5:8, 11:11
individual [2] - 4:2, 10:24
individuality [1] - 8:12
individualized [2] - 5:23, 17:16
initial [1] - 16:14
injunctive [1] - 4:25
instead [1] - 4:18
interpretation [1] - 8:5
issue [7] - 8:10, 9:17, 12:3, 12:5, 12:9, 14:22, 17:25
issues [2] - 5:18, 7:2
Item [1] - 3:5

**J**

JOSE [1] - 1:8
Jose [1] - 3:6
judge [1] - 15:2
JUDGE [1] - 1:4
judgment [2] - 5:1, 9:22
judicial [1] - 19:7
jurisdictional [2] - 14:9, 16:6
jurisdictionally [1] - 16:7
Justice [1] - 2:15

**K**

key [1] - 13:12
Kielwasser [2] - 1:22, 19:11
Kim [1] - 13:20
kind [1] - 12:6

**L**

Lago [2] - 16:18, 16:20
LAGO [1] - 16:20
language [1] - 11:7
last [1] - 14:1
law [8] - 7:10, 7:14, 7:16, 7:17, 7:25, 8:2, 8:5, 13:1
lawful [1] - 5:2
lawfulness [2] - 5:20, 11:17
leave [3] - 9:7, 16:22, 17:3
leaves [1] - 5:1
legal [1] - 12:22
legitimacy [1] - 4:17
length [1] - 6:1
lengthy [2] - 5:8, 12:3
less [1] - 19:5
liberal [1] - 9:4
lie [1] - 10:8
limit [4] - 7:6, 13:6, 15:19, 15:20
limited [1] - 10:1
line [1] - 11:21
litigate [1] - 14:16
Litigation [1] - 2:14
litigation [5] - 13:5, 13:11, 13:18, 13:22, 13:24
live [3] - 8:10, 16:12, 16:14

LLP [1] - 2:8
look [1] - 6:3
Los [4] - 1:18, 1:24, 2:5, 2:9

## M

magistrate [1] - 15:2
maintain [1] - 12:7
mandatory [4] - 4:18, 8:14, 12:21, 12:23
matter [9] - 3:20, 5:25, 9:3, 13:1, 17:3, 17:6, 17:24, 18:8, 19:4
mean [3] - 4:21, 10:20, 17:11
mechanism [1] - 11:16
mention [1] - 8:19
Michael [2] - 2:8, 3:10
minimal [1] - 7:7
MONDAY [2] - 1:19, 3:1
months [2] - 13:4, 13:11, 13:19
moot [9] - 3:25, 9:4, 9:18, 9:20, 12:8, 14:7, 16:8, 17:24, 18:4
mootness [3] - 14:6, 14:13, 14:21
morning [5] - 3:9, 3:11, 3:12, 3:14, 3:19
Motion [1] - 1:18
mounts [1] - 4:16
MR [33] - 3:9, 3:11, 3:12, 3:16, 3:19, 4:15, 4:20, 5:6, 5:12, 5:21, 6:10, 7:5, 7:24, 8:11, 8:19, 9:8, 9:12, 9:15, 9:19, 10:14, 11:7, 12:7, 12:13, 12:14, 13:18, 14:23, 15:12, 15:16, 16:20, 16:25, 17:2, 18:2, 18:7

## N

Nadarajah [1] - 13:20
name [1] - 16:18
named [1] - 8:14
nebulous [1] - 5:16
necessary [3] - 6:22, 7:21, 10:3
need [2] - 14:11, 17:24
needs [2] - 6:13, 6:17
new [11] - 14:13,

14:20, 14:21, 16:15, 17:4, 17:7, 17:10, 17:18
Ninth [2] - 13:20, 16:24
nondiscretionary [3] - 4:7, 5:18, 11:4
none [1] - 9:16
North [1] - 1:23
northern [2] - 16:17, 16:25
noted [1] - 11:14
nothing [1] - 16:7

## O

obviously [3] - 12:15, 12:19, 14:11
OCTOBER [2] - 1:19, 3:1
OF [3] - 1:2, 2:3, 2:13
Office [1] - 2:14
official [1] - 19:11
Official [1] - 1:23
old [1] - 17:5
ON [2] - 2:3, 2:13
one [6] - 6:1, 8:10, 8:19, 9:13, 17:16, 17:21
open [1] - 8:16
opportunity [2] - 13:23, 16:4
order [2] - 6:17, 14:18
ordered [1] - 8:24
original [1] - 16:12
outside [4] - 7:3, 7:7, 10:2, 11:21
overall [1] - 4:21

## P

Pacific [2] - 16:18, 16:20
papers [2] - 11:14, 16:7
Park [1] - 2:9
part [5] - 3:23, 4:24, 15:4, 15:8, 17:9
parte [1] - 14:24
particular [3] - 5:7, 7:19, 13:10
parties [2] - 6:14, 6:15
people [6] - 5:4, 8:8, 8:14, 13:2, 13:4, 15:6
perceive [1] - 10:8
perhaps [2] - 6:22, 8:1
period [2] - 13:16,

13:19
periods [2] - 8:9, 13:14
Peron [1] - 6:24
person [5] - 6:1, 6:2, 10:5, 12:23, 17:21
pertain [1] - 17:12
petition [14] - 4:1, 4:2, 4:3, 4:10, 4:14, 4:17, 4:21, 4:25, 9:20, 10:24, 11:8, 16:14, 17:13, 17:16
PETITIONER [1] - 2:3
petitioner [12] - 3:10, 5:19, 6:5, 6:15, 8:20, 9:5, 9:21, 10:1, 15:23, 16:9, 17:16, 17:17
petitioner's [4] - 5:7, 9:10, 9:17, 16:5
petitioners [3] - 7:12, 8:4, 11:25
phenomenon [1] - 15:8
Phone [1] - 1:24
Picrin [1] - 6:24
Picrin-Peron [1] - 6:24
plain [1] - 4:3
plaintiffs [6] - 1:11, 14:21, 16:15, 16:22, 17:3, 17:18
plans [1] - 17:4
pleading [2] - 8:22, 9:3
point [3] - 3:24, 4:9, 11:11, 13:12, 14:17, 16:2
points [3] - 3:22, 12:15, 15:17
portion [1] - 4:19
position [3] - 12:12, 13:5, 15:6
practice [2] - 5:4, 13:3
precisely [1] - 8:3
preclusion [1] - 17:14
present [1] - 10:12
PRESIDING [1] - 1:4
presume [1] - 11:4
primary [2] - 12:2, 12:3
problem [1] - 14:6
procedural [1] - 15:1
proceed [1] - 10:8
proceeding [2] - 11:15, 11:24
Proceedings [1] - 1:17
proceedings [4] - 10:6, 17:20, 18:10, 19:3

13:19
process [1] - 18:3
prolonged [2] - 13:2, 13:8
proper [1] - 11:16
properly [1] - 11:24
provide [1] - 17:19
provided [1] - 6:7
provisions [1] - 4:18
pulling [1] - 11:2
put [1] - 7:12

## Q

questions [1] - 15:13
quick [1] - 3:21

## R

raised [3] - 3:23, 7:2, 16:6
rather [1] - 14:21
re [7] - 6:8, 6:22, 7:2, 7:11, 7:12, 8:1, 10:1
re-detain [5] - 6:8, 7:11, 7:12, 8:1, 10:1
re-detention [2] - 6:22, 7:2
reach [1] - 14:11
reading [1] - 4:3
realize [1] - 15:22
really [2] - 12:6, 17:18
reason [4] - 6:20, 13:7, 15:9
reasonable [8] - 4:4, 4:11, 6:12, 6:16, 11:6, 11:8, 12:5, 13:16
received [3] - 3:15, 4:11, 9:20
recorded [1] - 19:3
reduction [1] - 19:6
reflects [1] - 9:21
refuses [1] - 13:1
regard [1] - 7:1
regards [1] - 8:13
regulations [4] - 7:4, 7:16, 7:25, 19:7
relating [1] - 5:19
release [19] - 4:4, 4:7, 4:11, 4:21, 4:23, 5:9, 6:4, 10:3, 10:21, 11:4, 11:5, 11:8, 11:20, 12:2, 12:5, 12:21, 12:22, 15:23, 17:22
released [1] - 17:17
releasing [2] - 5:14
relief [5] - 4:25, 5:17,

5:18, 9:20, 9:21
relieved [1] - 4:19
relinquish [1] - 6:8
relinquished [1] - 7:1
remedy [1] - 16:11
removal [1] - 10:5
rendered [1] - 16:8
Reporter [2] - 1:23, 19:11
Reporter's [1] - 1:17
request [1] - 14:19
requests [2] - 4:3, 6:15
required [1] - 7:10
requirement [1] - 14:14
requires [1] - 8:1
RESPONDENT [1] - 2:13
respondents [1] - 3:13
response [1] - 5:16
responsive [2] - 8:22, 9:2
return [1] - 8:21
review [1] - 3:21
reviewed [3] - 3:15, 4:22, 16:3
rights [2] - 11:13, 11:21
rise [1] - 5:16
risk [3] - 10:7, 10:12, 10:17
Rodriguez [4] - 4:6, 11:10, 12:18
role [1] - 11:17
Room [1] - 1:23
RPR [2] - 1:22, 19:11
rule [1] - 9:2
ruled [1] - 9:3
rules [1] - 9:4
ruling [3] - 3:22, 5:17, 12:22

## S

Samuel [2] - 2:14, 3:12
samuel.go@usdoj. gov [1] - 2:17
satisfies [1] - 14:13
sc.org [1] - 2:7
second [1] - 18:2
Section [1] - 2:14
see [1] - 12:1
seeking [1] - 9:22
sense [1] - 7:15
separate [1] - 14:8
served [1] - 17:7

set [3] - 13:19, 13:20, 14:8
several [2] - 17:18
show [1] - 9:25
shown [1] - 9:25
SIC] [1] - 3:6
similar [1] - 17:2
similarly [1] - 1:9
situated [1] - 1:9
situation [4] - 4:23, 5:7, 17:2
situations [1] - 5:22
six [2] - 13:11, 13:19
small [1] - 12:24
so-called [1] - 12:6
solve [1] - 14:6
sorry [1] - 16:19
sort [2] - 5:15, 11:2
sought [2] - 16:22, 17:3
Southern [1] - 2:4
specific [2] - 4:2, 11:17
spell [1] - 16:19
Spring [1] - 1:23
stage [2] - 13:22, 13:23
stake [1] - 5:19
standing [1] - 17:4
start [1] - 12:16
state [3] - 3:8, 8:20, 16:7
statement [1] - 5:24
STATES [1] - 1:1
states [1] - 19:7
Station [1] - 2:15
statute [2] - 4:18, 4:19
Steinberg [2] - 2:8, 3:10
STEINBERG [1] - 3:11
steinbergm@
   sullcrom.com [1] - 2:11
stenographically [1] - 19:3
step [1] - 18:3
still [6] - 5:18, 8:10, 10:5, 12:7, 14:14
Street [2] - 1:23, 2:5
subject [1] - 13:2
submit [1] - 14:3
submitted [1] - 18:8
successful [1] - 4:10
sufficient [1] - 14:6
suit [2] - 11:13, 11:21
Suite [1] - 2:9
suits [1] - 13:5
Sullivan [1] - 2:8
supervision [8] - 4:4,

4:11, 6:13, 6:16, 10:19, 11:9, 11:12, 11:20
supplemental [2] - 7:21, 14:19
supplied [1] - 6:25
support [1] - 9:14

## T

tactics [1] - 13:6
talks [1] - 11:15
Telephone [2] - 16:18, 16:21
temporal [1] - 13:6
tentative [3] - 3:15, 3:22, 12:15
terms [7] - 5:13, 6:1, 6:12, 7:19, 10:7, 11:19, 17:9
THE [32] - 2:3, 2:13, 3:14, 3:17, 4:13, 4:16, 5:3, 5:10, 5:15, 6:6, 6:23, 7:23, 8:3, 8:18, 9:1, 9:10, 9:13, 9:16, 10:10, 11:2, 12:1, 12:11, 13:15, 14:18, 15:11, 15:14, 16:19, 16:24, 17:1, 17:23, 18:6, 18:8
themselves [1] - 1:8
therefore [4] - 5:9, 9:4, 10:20, 10:23
they've [1] - 14:15
throughout [1] - 13:3
together [1] - 15:10
Transcript [1] - 1:17
transcript [2] - 19:3, 19:5
tried [1] - 9:24
true [1] - 19:2
try [2] - 7:6, 7:12
trying [1] - 11:25
turns [1] - 9:17
two [1] - 12:24
types [1] - 8:8

## U

umm [12] - 4:15, 5:2, 7:18, 7:25, 9:8, 10:3, 10:8, 10:16, 10:20, 10:25, 11:15, 17:6
under [13] - 4:11, 4:14, 4:17, 4:19, 5:5, 5:11, 5:20, 7:12, 8:6, 8:8, 11:8, 12:4, 13:4
united [1] - 19:7
UNITED [1] - 1:1

unlawful [5] - 5:2, 5:5, 5:11, 8:9, 9:23
unless [1] - 8:7
up [2] - 15:17, 16:16
US [1] - 2:15

## V

versus [4] - 3:6, 11:14, 16:18, 16:20
violated [2] - 6:20, 7:8
violation [1] - 6:18
vS [1] - 1:12

## W

warp [1] - 12:17
Washington [1] - 2:16
West [1] - 2:5
Westlaw [1] - 16:21
willing [3] - 5:3, 5:10, 8:7
wise [1] - 7:18
worth [1] - 13:11

## Y

years [4] - 12:18, 13:4, 13:12, 13:25