Slip Copy, 2010 WL 4977023 (S.D.Cal.)
**(Cite as: 2010 WL 4977023 (S.D.Cal.))**

Only the Westlaw citation is currently available.

United States District Court,
S.D. California.
Jose Angel GONZALEZ-GALINDO, Petitioner,
v.
Janet NAPOLITANO, Secretary, Department of Homeland Security (DHS), Eric Holder, U.S. Attorney General, U.S. Department of Justice (DOJ), Johnny Williams, Field Office Director for Immigration and Citizenship Enforcement (ICE), Respondents.
**No. 10CV1875 WQH (AJB).**

Dec. 1, 2010.

Carolyn Chapman, Law Offices of Carolyn Chapman, San Diego, CA, for Petitioner.

Raven M. Norris, Thomas C. Stahl, U.S. Attorney's Office, San Diego, CA, for Respondents.

ORDER

HAYES, District Judge.

**\*1** The matter pending before the Court is Petitioner Jose Angel Gonzalez-Galindo's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241; 28 U.S.C. § 1651, filed simultaneously with Petition for Writ of Prohibition and/or Mandamus. (ECF No. 1).

**ALLEGATIONS OF PETITION**

On May 24, 1996, Petitioner became a lawful permanent resident of the United States. On February 22, 2001, Petitioner pleaded guilty to the crime of sale or transportation of marijuana in violation of California Health & Safety Code § 11360(a) and the court entered judgment including a sentence of 365 days.

On December 9, 2009, the U.S. Department of Homeland Security arrested Petitioner and detained him in Lancaster, California. On January 7, 2010, Petitioner was served with a Notice to Appear which asserted that he was subject to removal.

On December 15, 2009, the immigration court held a bond hearing and on December 28, 2009, Petitioner was denied bond because Petitioner was found to be an aggravated felon and subject to mandatory detention.

On January 7, 2010, Petitioner appeared before the immigration court. "Although counsel was prepared to [file] the appropriate paperwork, the Court would not accept the pleadings at that time and set another date for March [9], 2010...." (ECF No. 7 at 3).

On March 9, 2010, the immigration court granted Petitioner's motion to change venue and Petitioner filed an application for cancellation of removal, an application for asylum, and a motion to terminate the removal proceedings.

On June 17, 2010, Petitioner's request for administrative bond was summarily denied via a letter from Immigration and Customs Enforcement ("ICE"). On August 11, 2010, Petitioner's second request for administrative bond was again summarily denied via a letter from ICE.

Petitioner's July 22, 2010, hearing date was moved to September 28, 2010, on the court's motion. On September 28, 2010, the Immigration Judge ("IJ") found that Petitioner was subject to removal and denied Petitioner's motion for asylum, but "[since] the IJ did not have time to address Petitioner's Cancellation of Removal application, he set a new hearing date for March 31, 2011-six months in the future." (ECF No. 7 at 4). During oral argument the parties stated that Petitioner's hearing date of March 31, 2011 had been advanced to January 19, 2011.

**DISCUSSION**

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

### I. Jurisdiction

Petitioner contends that "this Court [should] issue a Writ of Prohibition and/or Mandamus and order DHS/ICE to terminate their removal proceedings against Petitioner." (ECF No. 1-1 at 12). Petitioner contends, "the IJ does not have the authority to address constitutional issues, [therefore, Petitioner] should not have to wait until exhausting all of his remedies through the Immigration Court, Board of Immigration Appeals, and the Ninth Circuit to have his constitutional issues reviewed." (ECF No. 7 at 5).

Respondents contend that this Court lacks jurisdiction to issue an order terminating Petitioner's removal proceedings.

**\*2** Pursuant to 28 U.S.C. § 2241, alien detainees can properly challenge "the extent of the Attorney General's authority" to detain a removable alien under the general detention statutes. *Zadvydas v. Davis,* 533 U.S. 678, 687-89, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001); *see also Denmore v. Kim,* 538 U.S. 510, 516-17, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003). The REAL ID Act precludes habeas jurisdiction over final removal orders and vests that jurisdiction solely with the courts of appeal. *Nadarajah v. Gonzales,* 443 F.3d 1069, 1075-76 (9th Cir.2006); 8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal."). Where an administrative order of removal is not final, habeas corpus jurisdiction remains in the district court to challenge detentions. *See Casas-Castrillon v. Dep't of Homeland Sec.,* 535 F.3d 942, 946 (9th Cir.2008); *Nadarajah,* 443 F.3d at 1075-76; *see also* 8 U.S.C. § 1231(a)(1) (describing how a removal order becomes final). Therefore, this Court's jurisdiction is limited to Petitioner's challenge of his detention.

### II. Bond

Petitioner contends that "[b]ond should be immediately set in this case." (ECF No. 1-1 at 7). Petitioner contends that *Zadvydas* applies to this case because Petitioner has been detained for eleven months, there is no immediate relief in sight, and his detention is beyond the presumptively reasonable six-month period. Petitioner contends that under *Tijani v. Willis,* 430 F.3d 1241 (9th Cir.2005), Petitioner should receive a bond hearing because his administrative proceedings have not been expeditious.

Respondents contend that Petitioner is subject to mandatory detention which is constitutionally permissible under *Denmore v. Kim,* 538 U.S. 510, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003) and is not affected by the Ninth Circuit's holding in *Tijani* because detention has not been prolonged. Respondents contend that "most of the delay is attributable to Petitioner's request for change of venue and his pursuit of applications for relief from removal." (ECF No. 5 at 6). Respondents also contend that *Zadvydas* is inapplicable because Zadvydas was subject to a final order of deportation but Petitioner's administrative proceedings are ongoing.

8 U.S.C. § **1226**( **c**) provides for the mandatory detention of criminal aliens including those subject to removal because they have been sentenced to a term of imprisonment for at least one year. *See* 8 U.S.C. § **1226**( **c**)(1)(C). The United States Supreme Court has held that mandatory detention of an alien pursuant to 8 U.S.C. § **1226**( **c**) for the "limited period" necessary to complete removal proceedings "is a constitutionally permissible part of [the removal] process." *Denmore,* 538 U.S. at 526, 531; *see also id.* at 532-33 (Kennedy, J., concurring) ("Were there to be an unreasonable delay by [ICE] in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons.").

**\*3** Though the Supreme Court has characterized constitutional detention pursuant to 8 U.S.C. § **1226**

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 4977023 (S.D.Cal.)
**(Cite as: 2010 WL 4977023 (S.D.Cal.))**

Page 3

( **c**) as "limited" and "brief," it did not explicitly limit the length of mandatory detention or articulate a presumptively reasonable length of detention. *Denmore,* 538 U.S. at 526, 531. In *Denmore,* the Supreme Court held that a six month detention of an alien who was not contesting removal was authorized by 8 U.S.C. § **1226**( **c**), and thus, at minimum, six months must be considered expeditious. *Denmore,* 538 U.S. at 530-31. In *Tijani,* the Ninth Circuit found that a removal proceeding lasting two years and four months, which included seven months before the immigration judge, thirteen months before the BIA, and eight months on appeal, was not expeditious. *Tijani,* 430 F.3d at 1242, 1246.

In *Casas-Castrillon,* the Court of Appeals for the Ninth Circuit stated:

> § **1226**( **c**) does not authorize prolonged mandatory detention after an alien's administrative proceedings are complete. Rather, these aliens are detained under the Attorney General's broader grant of discretionary authority under § 1226(a). Further, such prolonged detention of aliens is permissible only where the Attorney General finds such detention individually necessary by providing the alien with an adequate opportunity to contest the necessity of his detention.... Because the prolonged detention of an alien without an individualized determination of his dangerousness or flight risk would be 'constitutionally doubtful,' we hold that § 1226(a) must be construed as requiring the Attorney General to provide the alien with such a hearing.

*Casas-Castrillon,* 535 F.3d at 951 (quoting *Tijani,* 430 F.3d at 1242). The Ninth Circuit has "clarified that, in order to avoid the serious constitutional questions raised by indefinite mandatory detention, detention of an alien beyond an expedited period ceases to be mandatory under Section **1226**( **c**) and instead becomes discretionary under Section 1226(a)." *Rodriguez v. Hayes,* 591 F.3d 1105, 1116 (9th Cir.2010) (citing *Casas-Castrillon,* 535 F.3d at 951; *Tijani v. Willis,* 430 F.3d 1241, 1242 (9th Cir.2005)).

To date, Respondents have detained Petitioner for nearly twelve months pursuant to 8 U.S.C. § **1226**( **c**), six months longer than the petitioner in *Denmore. See Denmore,* 538 U.S. at 531. However, the petitioner in *Denmore* did not contest removal. Petitioner in this case sought a change of venue early in the proceedings and has challenged his removal by filing an application for cancellation of removal, an application for asylum, and a motion to terminate the removal proceedings. The Court concludes that Petitioner has not been detained beyond an expedited period in light of Petitioner's challenges to his removal. *See Denmore,* 538 U.S. at 526, 531; *see also, e.g., Ovchinnikov v. Clark,* 543 F.Supp.2d 1265, 1266, 1271 (W.D.Wash.2008) (finding that twelve month detention pursuant to § **1226**( **c**) during administrative proceedings was permissible under *Denmore* and *Tijani* because "petitioner's own administrative motions and **continuances** are at least partially responsible for the length of proceedings."); *Ibeagwa v. Crawford,* Case No. CV06-2646-PHX-SRB-BPV, 2007 WL 2702006, at *2 (D.Ariz. Sept.14, 2007) (finding that twelve month detention pursuant to § **1226**( **c**) during administrative proceedings was permissible under *Denmore* and *Tijani* because "[Administrative proceedings] were concluded as expeditiously as possible under the circumstances and based on the issues presented."). Respondents have not sought any extensions of time, have not prolonged administrative proceedings, and have not otherwise unreasonably delayed "pursuing and completing deportation proceedings." *Denmore,* 538 U.S. at 532-33 (Kennedy, J., concurring). The Court concludes that there is nothing in the record to indicate that Petitioner's "detention is not to facilitate deportation ... but to incarcerate for other reasons." *Id.*

## CONCLUSION

**\*4** The Court concludes that Petitioner has been subject to mandatory detention pursuant to 8 U.S.C. § **1226**( **c**) for the "limited period" necessary to

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 4977023 (S.D.Cal.)
**(Cite as: 2010 WL 4977023 (S.D.Cal.))**

complete removal proceedings and his proceedings have not been unreasonably delayed. *Denmore,* 538 U.S. at 526, 531-33. The Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

S.D.Cal.,2010.
Gonzalez-Galindo v. Napolitano
Slip Copy, 2010 WL 4977023 (S.D.Cal.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.