# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al*., | CV 07-03239 TJH (RNBx) |
| Petitioners, | |
| v. | Order |
| ERIC H. HOLDER, *et al*., | |
| Respondents. | |

The Court has considered Defendant's motion for judgment on the pleadings together with the moving and opposing papers.

A motion for judgment on the pleadings challenges the legal sufficiency of the non-moving party's pleadings. Fed. R. Civ. P. 12(c). For the motion to succeed, the moving party must be entitled to judgment as a matter of law, even if the facts alleged in the complaint are taken as true. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). When considering the motion, the court may only take into account allegations and facts in the complaint and

answer. *Amfac Mortg. Corp. v. Arizona Mall of Tempe, Inc.*, 583 F.2d 426, 429 (9th Cir. 1978).

Under the Entry Fiction Doctrine, those aliens who are not yet considered to be on American soil do not possess constitutional rights with regard to their application for admission. *Alvarez-Garcia v. Ashcroft*, 378 F.3d 1094, 1097 (9th Cir. 2004). However, this doctrine only deals with the *procedure* for admitting aliens, not their substantive rights. *Kwai Fun Wong v. United States*, 373 F.3d 952, 974 (9th Cir. 2004). Non-admitted aliens are able to bring substantive Fourteenth Amendment claims, such as equal protection and due process. *Kwai Fun Wong*, 373 F.3d at 974. Therefore, the Entry Fiction Doctrine does not preclude Plaintiff from bringing procedural due process claims under 8 U.S.C. § 1225(b), regardless of the sub-class's immigration status.

Mandatory detainment under 8 U.S.C. § 1226(c) does not require a bond hearing to satisfy due process. *Demore v. Kim*, 538 U.S. 510, 529 123 S. Ct. 1708, 1721, 155 L. Ed. 2d 724, 732 (2003). However, when an alien does not concede deportability, this section only applies to expedited removal proceedings. *Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005). When the Board of Immigration Appeals affirms the order of removal and administrative proceedings are complete, authority to detain the immigrant under 8 U.S.C. § 1226(c) ends, and the detention falls under the purview of 8 U.S.C. § 1226(a). *Casas-Castrillon v. DHS*, 535 F.3d 942, 948 (9th Cir. 2008). At that point, a bond hearing must be held. *Casas-Castrillon*, 535 F.3d at 950. Otherwise, this prolonged detention of a legal permanent resident would raise constitutional concerns. *Casas-Castrillon*, 535 F.3d at 950.

Though due process does not require a bond hearing under 8 U.S.C. § 1226(c), the authority to detain immigrants is limited. *Casas-Castrillon*, 535 F.3d at 950. Consequently, each immigrant detained under 1226(c) must receive a hearing, as, at some point, the authority to detain switches from 1226(c) to 1226(a), when all administrative hearings are complete. *Casas-Castrillon*, 535 F.3d at 948. Thus, the statute can be interpreted to require a bond hearing after a certain amount of time, not only to comply with precedent, but to avoid constitutional concerns as well. As such, Plaintiff's claim would succeed.

Furthermore, the facts, as alleged, indicate that hundreds of immigrants are held for years under the authority of the other sections, without an individualized determination of their flight risk or danger to society. Without a bond hearing, this prolonged detention raises due process issues, considering the aliens do not have an opportunity to contest their detainment. The statute must be interpreted to avoid any potential due process issues. *Clark v. Martinez*, 543 U.S. 371, 381, 125 S. Ct. 716, 724, 160 L. Ed. 2d 734, 743 (2005). As such, if the above facts are taken as true, there are due process concerns. To avoid these issues, the court could hold the detention statute mandates bond hearings after a certain, reasonable period of time.

Additionally, the Ninth Circuit has indicated this Court should determine in which fact scenarios bond hearings would be appropriate. *Rodriguez v. Hayes*, 591 F.3d 1105, 1115 (9th Cir. 2010). The Circuit has, also, held that bond hearings are required when detention becomes prolonged, in order to avoid due process issues. *Casas-Castrillon*, 535 F.3d at 950. Since many immigrants are held without a hearing for years, it is incumbent on this Court to construe the statute to require bond hearings when detention becomes unreasonable. As such, the Court can grant relief to the class as a whole by interpreting the statute to require bond hearings after detainment has lasted an unreasonable length of time, in which case, Plaintiff has a

remedy at law.

**It is Ordered** that Defendant's motion for judgment on the pleadings be, and hereby is, **Denied**.

Date:   January 27, 2011

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　**Terry J. Hatter, Jr.**
　　　　　　　　　　　　　　　　**Senior United States District Judge**