# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, *et al.*, <br><br> Respondents. | CV 07-03239 TJH (RNBx) <br><br><br> Order <br> [101] |

    The Court has considered Plaintiff's motion for class certification, together with the moving papers and Respondents' statement of non-opposition.

    To certify a class, it must satisfy commonality, typicality, numerosity, and adequacy requirements. Fed. R. Civ. P. 23(a). For subclasses to exist, each subclass must meet these requirements as well. Fed. R. Civ. P. 23(c)(5). The first requirement, commonality, ensures that all absent members of the class are adequately represented. *Walters v. Reno*, 145 F.3d 1032, 1045 (9th Cir. 1998). This requirement has been construed permissively, as in, it is not necessary for all questions of law and fact to be exactly the same. *Hanlon v. Chrysler Corp.*, 150

F.3d 1011, 1019 (9th Cir. 1998). It is only necessary that there be a common core of operative facts and legal issues. *Hanlon*, 150 F.3d at 1019.

The second requirement, typicality, looks to whether the claims of the class representative adequately represent the claims of the class as a whole. *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001). The claims must, also, share parallel legal arguments. *Armstrong*, 275 F.3d at 849. Typicality is construed permissively as well, and only requires that the claims be reasonably similar, rather than identical. *Hanlon*, 150 F.3d at 1020.

Numerosity is satisfied if joinder of all parties is impractical. Fed. R. Civ. P. 23(a). A large number of plaintiffs generally satisfies this requirement. *Jordan v. Los Angeles County*, 669 F.2d 1311, 1319 (9th Cir. 1982).

Finally, adequacy is fulfilled if the counsel for each named representative is sufficiently qualified, there is a shared interest between representatives and absent class members, and it is unlikely the suit is collusive. *Walters*, 145 F.3d at 1046. Additionally, the Circuit already determined that the class satisfies Rule 23(b)(2)'s requirements, given that the class as a whole seeks declaratory and injunctive relief. *Rodriguez v. Holder*, 951 F.3d 1105, 1125-26 (9th Cir. 2010).

As for numerosity, Plaintiff conducted a random sampling from the government's list of 352 class members, and the result indicated that each subclass would contain at least forty five immigrants. Joinder of all of these people would be impractical, and thus the subclasses satisfy numerosity. The adequacy requirement is met, also, given that counsel consists of lawyers from the American Civil Liberties Union, and each named plaintiff is seeking identical relief as the absentee class members.

The proposed subclasses share a common question of law and fact, as well. The subclasses are divided along statutory lines, with each section containing a

subclass. Therefore, each subclass member shares a similar factual pattern, having been detained under that section's authority. Though most situations are not exactly the same, commonality does not mandate that the fact patterns be identical. *Hanlon*, 150 F.3d at 1019. Additionally, the questions of law under each section are the same: Whether that section can be interpreted to require a bond hearing after six months, or, conversely, whether the procedures already in place satisfy due process. Therefore, the commonality requirement is met.

As for the typicality requirement, each named representative has been detained under the authority of the various sections for over six months. Thus, the named plaintiff shares a common underlying fact pattern with the absent class members, otherwise he would be detained under a different section. Furthermore, the remedy the named plaintiff is seeking is identical to the other class members: Declaratory and injunctive relief, mandating a bond hearing after a detention of more than six months. Therefore, typicality is satisfied. Thus, all the requirements of Rule 23 are met for each subclass.

It is Ordered that Plaintiff's motion for class certification shall be, and hereby is, Granted.

Date: March 8, 2011

                                                      _____
                                                      Terry J. Hatter, Jr.
                                                      Senior United States District Judge