# EXHIBIT 37

**AMERICAN CIVIL LIBERTIES UNION**
**of SOUTHERN CALIFORNIA**

LIBERTY | JUSTICE | EQUALITY

*Via Email*

**Chair**
Stephen Rohde

**President**
Douglas Mirell

**Chairs Emeriti**
Danny Goldberg
Allan K. Jonas
Burt Lancaster*
Irving Lichtenstein, MD*
Jarl Mohn
Laurie Ostrow*
Stanley K. Sheinbaum
*deceased

**Executive Director**
Ramona Ripston

**Chief Counsel**
Mark D. Rosenbaum

**Deputy Executive Director**
James Gilliam

**Chief Financial Officer**
Brenda Maull

**Communications Director**
Eileen White Read

**Development Director**
Sandy Graham-Jones

**Legal Director**
Hector O. Villagra

**Managing Attorney &
Manheim Family Attorney
for First Amendment Rights**
Peter J. Eliasberg

August 31, 2010

Theodore W. Atkinson
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
Box 868, Ben Franklin Station
Washington, DC 20044

Dear Ted,

We write regarding your letter of August 25, 2010 and the accompanying discovery responses.

First, by this letter we confirm that we are available to meet on September 8, 2010 in person in Los Angeles. Judy Rabinovitz and Farrin Anello will confer by telephone from New York. Other counsel, including Jayashri Srikantiah, Steve Ellis, William Tran, Brian Washington, and Ahilan Arulanantham, will confer in person.

Second, we note that we intend to meet and confer with you on September 8, 2010, pursuant to Local Rule 37-1, regarding our intent to file a motion to compel production of the discovery we sought in our requests of July 22, 2010. We anticipate that there will be substantial -- perhaps complete -- overlap between the information that we seek by way of a potential motion to compel and the information you seek to avoid disclosing by way of a potential motion for protective order. Therefore, we expect that the substance of the two meet and confer processes will substantially and perhaps entirely overlap. Through these overlapping processes, we hope to work with you to streamline our areas of dispute and ensure their orderly resolution before the Court.

Third, we describe here our responses to your objections to our discovery requests. Because of the substantial redundancy in both our requests and your objections, and in the interests of avoiding unnecessary and lengthy correspondence concerning them, we describe our responses here in summary fashion. In doing so, we reserve the right to raise other objections at our September 8, 2010 meeting and in any subsequent briefing concerning discovery, and also to elaborate on the objections described here.

You object to a large number of our discovery requests on the ground that they seek information that is not relevant to resolving the constitutional issue in this case because that issue presents a pure question of law. See, e.g., General Objection #1 to Alejandro Rodriguez's First Set of Interrogatories to Department of Homeland Security and Department of Justice, General Objection # 1 to Alejandro Rodriguez's First Set of Document Requests to Department of Homeland Security and Department of Justice, and General Objection # 1 to Alejandro Rodriguez's First Set of Requests for Admission to Department of Homeland Security and Department of Justice. This objection rests on confusion concerning the nature of the pure question of law at issue in this case. The question whether the Due Process Clause requires the type of bond hearings that the class members seek is indeed a pure question of law, but courts have often resolved questions like it by relying on facts about the affected people. See, e.g., *Demore v. Kim*, 538 U.S. 510 (resolving question whether Due Process required bond hearings by relying on aggregate data concerning individual cases); *Orantes-Hernandez v. Meese*, 685 F.Supp. 1488, 1507-08 (C.D. Cal. 1988) (resolving procedural due process claim by reference to facts about "a substantial number of class members"); *Morales-Izquierdo v. Gonzalez*, 486 F.3d 484, 496 (9th Cir. 2007) (en banc) (relying on data concerning the "error rate" to assess sufficiency of additional process in removal proceedings); *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1200 (9th Cir. 2009) (utilizing error rate in system similar to the one at issue in assessing due process claim). Similarly, here, information about a large number of particular cases will be necessary to resolve the Due Process question at issue.

You also object to a number of our discovery requests on the grounds that they seek information concerning existing custody determination procedures, including custody reviews, Casas hearings, Joseph hearings, parole reviews, and bond hearings, all of which we assert are constitutionally-inadequate. See, e.g., General Objections #5, 6, 7, and 8 to Alejandro Rodriguez's First Set of Interrogatories to Department of Homeland Security and Department of Justice; General Objections # 5, 6, 7, and 8 to Alejandro Rodriguez's First Set of Document Requests to Department of Homeland Security and Department of Justice, and General Objections # 5, 6, and 7 to Alejandro Rodriguez's First Set of Requests for Admission to Department of Homeland Security and Department of Justice. While, again, we agree with your characterization of our argument insofar as we do not believe that any of the existing procedures are constitutionally-sufficient for determining the class members' eligibility for release on bond, it does not follow that information concerning these procedures is irrelevant. On the contrary, when litigants seek recognition of a Due Process right to a given procedure, courts routinely resolve their claims by comparing the relative sufficiency of the existing procedures against the procedures sought by the litigants. See generally *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). In order to prove our assertion that the existing procedures are constitutionally-deficient, we are entitled to obtain information about those procedures, including evidence concerning their application in particular cases. Indeed, evidence concerning the accuracy of the existing procedures – including their application in particular cases -- is quite obviously relevant to the question whether those procedures are constitutionally-adequate.



You also object to several discovery requests on the grounds that they seek records that are vague or unspecified.  See, e.g., Request for Production #1 in Alejandro Rodriguez's First Set of Document Requests to Department of Homeland Security and Request for Production #1 in Alejandro Rodriguez's First Set of Document Requests to Department of Justice.  We note here that we intend to ask for the information contained in the "A files" of all class members.  We believe such records are relevant, easily identifiable and segregable.  Moreover, we do not believe that producing them would be unduly burdensome to the Government.  We look forward to working with you to clarify the scope of this request in the hopes of reaching agreement on it without the need for further litigation.

You also object to a number of our discovery requests because they seek information on detainees who are not part of the class.  See, e.g., General Objections # 2, 4, and 10 to Alejandro Rodriguez's First Set of Interrogatories to Department of Homeland Security and Department of Justice; General Objections # 2, 4, and 10 to Alejandro Rodriguez's First Set of Document Requests of Homeland Security and Department of Justice, and General Objections # 2 and 4 to Alejandro Rodriguez's First Set of Requests for Admission to Department of Homeland Security and Department of Justice.  In some cases, your objections in this respect appear to reflect a misunderstanding of either the scope of our request or the class definition.  We hope to clarify this matter in our meeting.  In other cases, we seek information concerning detainees even though they are not or were not class members because that information is relevant to resolving the Due Process question in this case, as explained *supra*.

Finally, we note that much of the information we seek is contained in databases that the Government possesses.  We know this because the Government has provided information from those databases to counsel in other cases. See, e.g., Interrogatories #1, 2, 3, 5, and 12 to Alejandro Rodriguez's First Set of Interrogatories to Department of Homeland Security; Interrogatories # 2, 7, 11, and 12 to Alejandro Rodriguez's First Set of Interrogatories to Department of Justice; Requests for Production # 4, 7, 8, 9, 16, 18, 21, 22, 25 in Alejandro Rodriguez's First Set of Document Requests to Department of Homeland Security; and Requests for Production # 4, 7, 8, 11, 12, 14, 15, 16, and 19 in Alejandro Rodriguez's First Set of Document Requests to Department of Justice.

Based on the foregoing, if we are not able to resolve these discovery issues at our meeting on September 8, we reserve the right to move to compel on Interrogatories # 1 through 21 of Alejandro Rodriguez's First Set of Interrogatories to Department of Homeland Security; Interrogatories # 1 through 13 of Alejandro Rodriguez's First Set of Interrogatories to Department of Justice; Requests for Production # 1 through 27 of Alejandro Rodriguez's First Set of Document Requests to Department of Homeland Security; Requests for Production # 1 through 21 of Alejandro Rodriguez's First Set of Document Requests to Department of Justice; Requests for Admission # 1 through 21 of Alejandro Rodriguez's First Set of Requests for Admission to Department of Homeland Security; and Requests for Admission # 1 through 13 of Alejandro Rodriguez's First Set of Requests for Admission to Department of Justice.



Page 4

While we have a number of other responses to your objections, we believe it more productive to address those at our meeting, as many of them involve either only a small number of discovery requests or could be resolved easily once the issues addressed in this letter are resolved. Therefore, we look forward to discussing these and our other responses to your objections at the September 8, 2010 meeting, and reiterate that we hope to achieve resolution concerning many of these issues at that time.

Sincerely,

Ahilan T. Arulanantham
Director of Immigrants' Rights and National Security

