**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CIVIL MINUTES--GENERAL

Case No.  **CV 07-3239-TJH (RNBx)**                              Date: **April 25, 2011**

Title:  **Alejandro Rodriguez, et al. v. Timothy S. Robbins, et al.**

**DOCKET ENTRY**

PRESENT:

**HON. <u>ROBERT N. BLOCK</u>, UNITED STATES MAGISTRATE JUDGE**

| <u>Joe Roper</u> | <u>   n/a   </u> |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:           ATTORNEYS PRESENT FOR DEFENDANTS:
    None present                                            None present

**PROCEEDINGS:  (IN CHAMBERS)**

<u>**Petitioners' Motion to Compel and Respondents' Motion for Protective Order, filed April 15, 2011**</u>

Based on its review of the Joint Stipulation and the parties' Supplemental Memoranda, the Court is satisfied that counsel have complied with their meet and confer obligation and that the Joint Stipulation complies with Local Rule 37-2.1.  Further, the Court has concluded that oral argument will not be of material assistance to the Court's determination of these related Motions.

Preliminarily, in ruling on the remaining discovery requests in dispute, the Court has not considered or credited any arguments by the Government that were either explicitly or implicitly rejected by the District Judge when he granted petitioners' motion to clarify the class-certification order and/or denied the Government's motion for judgment on the pleadings.  Thus, for example, the Court has not considered or credited the Government's argument that discovery relating to aliens detained under § 1225(b) need not be provided because such aliens do not have any due process rights with respect to release on parole.  The Court also has not considered or credited any other arguments by the Government that go solely to the merits of petitioners' claims.  The issue before the Court is not whether petitioners are unlikely to prevail on their claims with respect to any or all of the sub-classes, but rather whether the discovery sought falls within the scope of permissible discovery, which the Court defines as follows: any unprivileged matter relevant to the claim or defense of any party, and/or relevant information reasonably calculated to lead to the discovery of admissible evidence.  <u>See</u> Fed. R. Civ. P. 26(b)(1).

Turning now to the three categories of discovery in dispute, the Court grants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.:  CV 07-3239-TJH (RNBx)                                          April 25, 2011
   <u>Alejandro Rodriguez, et al.  v. Timothy S. Robbins, et al.</u>                Page 2

------------------------------------------------------------------------------------------------------------------

petitioners' Motion and denies respondents' Motion as follows:

     1.    <u>The A-File Materials sought by petitioners for noncitizens detained six months or longer in the Central District from April 21, 2010 and who spent a substantial portion of their time in the Central District, as described in petitioners' proposal as set forth on page 13, lines 7-15 of the Joint Stipulation.</u>  The Government's relevance and undue burden objections to the production of this discovery are overruled for the reasons stated by petitioners.  Accordingly, subject to any agreement by petitioners to reduce their request after reviewing the database information that the Government previously agreed to produce, the Government is ordered to produce the A-File Materials sought by petitioners, to the extent such materials exist, on a rolling basis to be completed within sixty (60) days of the date of this ruling.  The production shall be subject to the entry of an appropriate protective order that addresses the issues raised by respondent on page 47, lines 21-24 of the Joint Stipulation.  If counsel are unable to agree on the terms of such a protective order in the meantime, they are ordered to appear in person before the Court on May 10, 2011 at 9:30 a.m. for the purpose of meeting and conferring under the Court's auspices.

     2.    <u>The materials sought by petitioners relating to written policies, procedures and practices with respect to parole determinations, post-order custody reviews, *Casas* hearings, and *Joseph* hearings, as described in petitioners' proposal as set forth on page 49, lines 11-14 of the Joint Stipulation.</u>  The Government's relevance objection to the production of this discovery is overruled for the reasons stated by petitioners.  Accordingly, the Government is ordered to produce the materials sought by petitioners, to the extent such materials exist, within thirty (30) days of the date of this ruling.

     3.    <u>The requests for admissions as to which petitioners are seeking unqualified admissions or denials, as set forth on pages 56-58 of the Joint Stipulation.</u>  The Government's relevance objections to these requests for admissions are overruled for the reasons stated by petitioners.  Accordingly, the Government is ordered to serve supplemental responses that unqualifiedly admit or deny each of these requests within thirty (30) days of the date of this ruling.

cc:     Judge Hatter

MINUTES FORM 11                                                                               Initials of Deputy Clerk: <u>JR</u>
CIVIL-GEN