TONY WEST
Assistant Attorney General
Civil Division
DAVID J. KLINE
Director, Office of Immigration Litigation
District Court Section
VICTOR M. LAWRENCE
Principal Assistant Director
THEODORE W. ATKINSON
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation,
District Court Section
    P.O. Box 868, Ben Franklin Station
    Washington, DC 20044
    Phone: (202) 532-4135
    theodore.atkinson@usdoj.gov

Attorneys for Federal Respondents

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*, <br><br> Petitioners, <br><br> vs. <br><br> TIMOTHY S. ROBBINS, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director;* JANET NAPOLITANO, *in her official capacity as Secretary of Homeland Security;* ERIC H. HOLDER, JR., *in his official capacity as United States Attorney General,* <br><br> Respondents. | Case No. CV 07-3239-TJH (RNBx) <br><br> **DISCOVERY MATTER** <br><br> *EX PARTE* APPLICATION FOR AN ORDER: <br><br> (1) PARTIALLY STAYING APRIL 25, 2011 DISCOVERY ORDER PENDING CONSIDERATION OF MOTION FOR REVIEW, OR, IN THE ALTERNATIVE, FOR MODIFICATION OF THE DISCOVERY ORDER, AND <br><br> (2) CONTINUING HEARING DATE ON PROTECTIVE ORDER ONE WEEK; <br><br> MEMORANDUM OF POINTS OF AUTHORITIES; <br><br> DECLARATIONS <br><br> Hon. Robert N. Block <br><br> Discovery Cut-Off: None <br> Pretrial conference: None <br> Trial date: None <br> Hearing: None Requested |

## *EX PARTE* APPLICATION

Pursuant to Local Rule 7.19, the above-captioned Respondents hereby apply *ex parte* for an order partially staying this Court's April 25, 2011 Order ("Order") under Local Rule 72-2.2 pending consideration of Respondents' motion for review of the Order. Specifically, Respondents seek a stay of the Order provisions requiring Respondents to produce the A-File Materials sought by Petitioners, to the extent such materials exist, on a rolling basis to be completed within 60 days of the date of the Order, which was entered on ECF and received by Respondents on April 27, 2011. See Dkt. # 169. Respondents seek no stay with respect to the remainder of the Order. If this Court does not grant the requested stay, then Respondents alternatively request that this Court modify the Order to extend the date of completion of the production of requested A-File materials from 60 days to 120 days.

Respondents also hereby apply *ex parte* for an order continuing the hearing on the issue of a protective order governing confidential and privileged information scheduled for May 10, 2011, for one week to May 17, 2011, or as soon thereafter as this Court may order.

Pursuant to Local Rule 7-19.1, on April 29, 2011, counsel for Respondents provided notice of the *ex parte* application for a stay by telephone, and on May 3, 2011, counsel for Respondents provided notice of the *ex parte* application, in the alternative, for modification of the Order and continuance of the May 10, 2011 hearing, by telephone to counsel for Petitioners. Petitioners have indicated that they oppose the relief requested. Atkinson Declaration ¶ 2. Respondents do not object to Petitioners' request that they have until Monday, May 9, in which to file their opposition.

This *ex parte* application is based upon the attached memorandum of points and authorities; the attached Declarations of Conrad Agagan, Terry Graves Sloan, and Theodore W. Atkinson; and the files and records in this case.

| | | |
|---|---|---|
| 1 | Dated: May 4, 2011 | Respectfully submitted, |
| 2 | | |
| 3 | | TONY WEST<br>Assistant Attorney General<br>Civil Division |
| 4 | | DAVID J. KLINE<br>Director, Office of Immigration Litigation |
| 5 | | District Court Section<br>VICTOR M. LAWRENCE |
| 6 | | Principal Assistant Director |
| 7 | | */s/ Theodore W. Atkinson*<br>THEODORE W. ATKINSON |
| 8 | | Senior Litigation Counsel<br>United States Department of Justice |
| 9 | | Office of Immigration Litigation,<br>District Court Section |
| 10 | | P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044 |
| 11 | | Phone: (202) 532-4135<br>theodore.atkinson@usdoj.gov |
| 12 | | Attorneys for Respondents |

## MEMORANDUM OF POINTS AND AUTHORITIES

A brief stay pending decision of Respondents' motion for review is necessary because it is the only way to ensure that Respondents will not be unnecessarily burdened by having undertaken a production and review of documents from over 1,000 of A-Files if their motion for review of the Order is successful.

To be clear, Respondents understand that in the absence of a stay, this Court's Order remains binding and effective. Since this Court issued its Order, Respondents have been coordinating among themselves and with other federal agencies to determine the most efficient way to comply with the Order, to locate A-Files, and to begin the gathering process. However, as detailed in the accompanying declarations, the Order's 60-day deadline for completed production – a production period Petitioners admit they did not ask for – will be difficult, if not practically impossible, to meet. Those declarations detail significant logistical obstacles to the quick gathering, scanning, and production of more than 1,000 A-Files for review (approximately 600 of which are not centrally located) and describe the difficulties of conducting a review in fewer than 60 days of 200,000 to 500,000 pages from those A-Files for responsive, non-privileged documents. Compliance with the Order –more specifically, with the 60-day deadline – will impose an extraordinary burden on Respondents. But if Respondents are successful in their motion for review – a motion which will not be fully briefed until halfway through the production period and which may not be determined until shortly before the 60-day period closes – then that burden would have been borne for no reason. For this reason the Court should grant a partial stay of its Order regarding the A-Files.

Alternatively, if this Court declines to stay the discovery, then Respondents request that the Court enlarge the period for production from 60 days to 120 days. Although a stay more fully protects Respondents' interests, modifying the Order to increase the production period accomplishes two things: it permits production efforts to go forth pending a determination of the motion for review without imposing the

1

same kind of overwhelming burden a 60-day deadline creates (thus protecting Respondents' interests), and it ensures that production will not have been delayed if the motion for review is unsuccessful (thus protecting Petitioners' interests).

In conference of counsel, Petitioners voiced strong opposition to either request for relief. Petitioners claim that the issue of burden has been litigated and settled, even though the specific burden of producing the requested A-File materials in a 60-day period was *never* addressed until now. Petitioners' solution to any issue of burden is either that the Government "hire more people," or that Respondents should submit to a protective order that permits the production of A-Files to Petitioners' counsel without *any* review for even the most basic privileged documents, and with a provision allowing for clawback only after privileged, confidential, law enforcement sensitive, and private information has been disclosed to Petitioners' attorneys in full.[1]

Respondents seek a reasonable resolution to the parties' dispute and to the logistical challenges posed by the 60-day deadline. Respondents ask that the Court stay the production of the A-Files until the motion for review can be decided or, in the alternative, enlarge the time for production to 120 days to protect Respondents' interests in avoiding potentially unnecessary production if the motion for review succeeds, while keeping the production moving forward if the motion for review fails. Moreover, because there is such a divide over the terms of a protective order in the absence of a decision on the request for a stay or an enlargement, Respondents request

---

[1] The majority of aliens whose A-Files are at issue are not class members, and thus are not represented by counsel for Petitioners. Petitioners' counsel would thus have this Court order the disclosure to them –without prior review or redaction – of private information about aliens, including information concerning asylum claims, domestic violence claims under the Violence Against Women Act, or other sensitive information restricted from disclosure to third parties under various statutes and regulations. The Government is prohibited from disclosing these confidential materials even to counsel. Disclosure is permitted only if the government receives a signed waiver from the alien. See Declaration of Conrad Agagan, ¶ 15.

a brief continuance of the May 10, 2011, protective order hearing for one week until this *ex parte* application can be decided.

**1. The Court should grant a brief stay because without a stay Respondents cannot obtain meaningful relief on their motion for review of the Order.**

In the absence of a stay, the Order's 60-day deadline means that Respondents are unlikely to obtain meaningful relief from the district court if the motion is successful. The problem is that the 60-day production period and the 28-day period for briefing the motion for review (and the time the district court will take to decide the motion) overlap to a significant extent. Under the briefing schedule, the notice for review will be noticed for June 6, 2011, just three weeks before the deadline for the completion of the A-File documents. A decision on the motion is likely to take some time beyond June 6, and it is conceivable that a decision may not be issued until after the production is completed. Even if the district court takes the motion for review under advisement immediately following completion of the briefing of the motion on May 23, 2011,[2] the district court will still not likely issue a decision until Respondents are more than halfway through the 60-day production period.

Of course, the fact that these periods overlap is only significant because while the motion for review of the Order is being briefed and considered, Respondents will be required to expend a tremendous amount of resources and effort to comply with the Order being reviewed. See Declarations of Conrad Aganan and Terry Graves Sloan, and section 2 herein. To try and meet the Order's deadline will require significant production and review efforts on the part of Respondents precisely at a time when they are challenging the Order itself. If Respondents prevail on the motion for review, these costly production efforts would be undertaken unnecessarily. Accordingly,

---

[2] Respondents intend to file the motion on May 9, 2011. Under Local Rule 7-3 and Judge Hatter's procedures, the next available date for a hearing would be June 6, 2011. Working backwards from that date, Petitioners' opposition would be due May 16, 2011, and Respondents' reply would be due May 23, 2011.

3

because the Order's 60-day production period and the time for briefing on Respondents' motion to review overlap, a stay is the only way to ensure that the motion for review will offer meaningful relief if granted.

**2. In the alternative, the Court should enlarge the period for production to 120 days.**

Alternatively, if this Court declines to enter a stay, Respondents request that the Court modify its order to enlarge the period from 60 to 120 days. Of course, a stay provides the greatest protection of Respondents' interests.

However, if the Court declines to enter a stay, it should at least enlarge the production period. Enlargement of the production period to 120 days would provide protection of Respondents' interests by reducing the immediate burden on Respondents, which may prove unnecessary if they prevail on the motion for review. It would also protect against any concern that all production would stop, because Respondents would be required to comply with the Order, which protects Petitioners' interests in avoiding a halt in production efforts until and if the motion for review fails.[3]

In the event the stay request is denied, there is good cause for enlarging the period for the completion of the production from 60 days to 120 days. As detailed in the accompanying declarations, there are significant logistical barriers making compliance with the 60-day deadline extraordinarily burdensome, and possibly impossible. See Declarations of Conrad Aganan and Terry Graves Sloan.

There are approximately 1,030 A-Files at issue. Agagan Decl. ¶ 3. Approximately 400 of those A-Files are not actively being used (in immigration proceedings, by USCIS, ICE, or otherwise) and have been tentatively located as being

---

[3] To be clear, Respondents have not conclusively determined that they could even complete production within 120 days because Respondents are still early in the process of determining the logistical demands. But Respondents initially believe that the production of the requested A-File materials could more reasonably be completed within 120 days.

4

housed in the NRC.  Id. ¶ 6.  Approximately 600 A-Files are actively being used in ICE's Los Angeles area of responsibility, and are not centrally located.  Id. ¶ 7.  Each set of A-Files presents unique production issues.[4]

The approximately 400 files at the NRC are already in the process of being digitized for review, and may be digitized in early May, but will then have to be converted from NRC's system to a system ICE can use to review the files.  Id. ¶ 7.  The remaining 600 A-Files are in active use at various detention facilities and other locations in the Los Angeles area, and ICE has begun the process of requesting and gathering those files.  Id.  Several A-Files are being processed by USCIS for adjudication of a visa petition or other immigration benefit applications, and pulling those files may delay the benefits sought by those aliens.  Id. ¶ 8.  The process of gathering these 600 A-files will take some time, but once they are gathered, they may be sent to NRC for production.  (ICE lacks the capacity to scan 600 A-Files in the Los Angeles office.  Agagan Decl. ¶ 10).  However, NRC estimates it would take a minimum of 30 days  to produce CDs with the contents of the A-file ready for review.  Graves Sloan Decl. ¶ 5.  The staff time to produce CDs in response to this request would be approximately 1.5 hours per file, and a preliminary estimate to produce CDs

---

[4] Petitioners take the position that the issue of burden had been litigated and decided.  This is incorrect because the declarations and contentions set forth in the parties' Joint Stipulation [Dkt # 166] address the issue of burden generally, but not the specific burden of completing production within 60 days.  Additionally, to the extent Petitioners intend to again claim that the production of A-Files in litigation is comparable to a production of A-Files under the Freedom of Information Act ("FOIA"), Petitioners could not be more wrong.  A FOIA production relies on an automated system that processes FOIA exemptions and redactions differently than the type of manual review that would be required here.  Graves Sloan Decl. at ¶ 4.  The comparison of the FOIA production process – which currently suffers from a five-month, 31,000 document backlog, Id. – is wholly different from the process that would be used here to produce the requested A-Files.  See also Agagan Decl. ¶ 17.This Court should reject any effort by Petitioners to again compare the production of A-Files in this case to FOIA productions.

1  with a scanned image of the files would cost approximately $28,000 and would
2  require USCIS staff to be diverted from fulfilling their daily responsibilities.  Id.
3       Once the A-Files are scanned and digitized, review of those files presents
4  additional significant burdens.  Agagan Decl. ¶¶ 11-15.  ICE estimates – based on a
5  random sample – that A-Files for aliens in detention range between 400 to 500 pages.
6  Agagan Decl. ¶ 10.  Thus, Respondents will be required to review approximately
7  400,000 to 500,000 pages within the 60-day period.  Id.  Even if those A-Files were
8  digitized and ready for review *today* – and they are not – Respondents would have to
9  review approximately 26.5 files per day, Id. ¶ 18, or between approximately 10,000
10 and 12,500 pages per day between May 3 and the end of June to identify responsive
11 documents and review those documents for privilege or restrictions on disclosure.  Id.
12 ¶ 15-17.  The review for privilege may have to be coordinated with separate agencies
13 – USCIS, ICE, EOIR, the Federal Bureau of Investigations, and possibly others –to
14 determine if a particular document is responsive or if a privilege or restriction applies.
15 Id. ¶ 15.  This simply adds another layer of complexity to a significant production of
16 documents – one that ICE has not handled before.  Id.
17       Immediately following the entry of the Order, Respondents and other federal
18 agencies began taking serious and concerted steps to determine what needs to be done
19 to comply with the Order if it is not overturned.  The declarations submitted with this
20 application show that although a rolling production of the 400 files can begin once
21 those files are put into a document-review platform, that process will take time, but
22 that there are real, significant logistical problems in gathering, scanning, producing,
23 and reviewing the remaining 600 files that are not realistically resolved by "hiring
24 more people," as Petitioners suggest.  The production will take time, and the Court
25 should modify its Order to enlarge the production period from 60 to 120 days.
26
27
28

**3. The Court should continue the May 10 hearing on the protective order until the *ex parte* application for stay or, in the alternative, enlargement, is decided.**

Complicating this matter is the fact that this Court also ordered the parties to negotiate a protective order to address Respondents' concerns regarding the disclosure of confidential information that Respondents may be required to withhold by law or redact under a claim of privilege. See Dkt. # 169 at 2. The parties are not able to agree over the terms of a protective order because, in the absence of a decision on this *ex parte* application for stay, they differ on the basic framework for a confidentiality protective order.

Specifically, Petitioners argue that even if Respondents cannot meet the 60-day deadline, Respondents should be required to produce A-Files on an "attorneys' eyes only" basis, without *any* review by Respondents or their counsel for even the most basic privileged or confidential information. Respondents cannot stipulate to an order requiring wholesale production without a meaningful opportunity for review. Rather, Respondents contend that a protective order that allows the well-defined designation and disclosure provisions of "Confidential" and "Confidential – Attorneys' Eyes Only" information is sufficient, provided Respondents and their counsel have the opportunity to first review the A-Files for privileged and restricted information. Furthermore, there is information contained in an A-file that cannot be disclosed by law under a confidential attorneys' eyes only designation. See e.g. 8 C.F.R. § 208.6. ("Information contained in or pertaining to any asylum application shall not be disclosed without the written consent of the applicant . . ."). This requires that not only the asylum application be redacted as confidential but any court decisions, transcripts, etc. referencing the asylum application.

Until a decision is made on this *ex parte* application for an order staying production pending consideration of the motion for review – or, in the alternative, for an order modifying the Order to enlarge the production period to 120 days – the

7

parties are unlikely to bridge their differences.  If a stay is entered or the period for production is enlarged, there will likely be much greater room for agreement over a stipulated protective order because the key stumbling block – the ability of Respondents to review the A-Files for privileged and confidential documents – will be removed.  Accordingly, this Court should also enter an order continuing the hearing on a protective order to May 17, 2011, or as soon as possible thereafter, so that the *ex parte* application for stay or, alternatively, enlargement, can first be decided.

**4. There is good cause for seeking the requested relief on an *ex parte* basis**

Respondents' cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures.  See Mission Power Engineering Co. v. Continental Cas. Co., 883 F. Supp. 488 (C.D. Cal. 1995).  If Respondents were required to pursue the present stay request under the procedures of Local Rule 7-3, that stay motion could not be calendared for hearing until May 31, 2011, and likely would not be fully briefed until May 17, 2011.  Consequently, a stay motion made under Local Rule 7-3 would not be decided until possibly a month or longer into the 60-day production period ordered by the Court.  Even if Respondents followed the normal motion calendar and were ultimately successful in obtaining a stay or prevailing in the impending motion for review of the April 25, 2011 Order, any relief obtained from those motions would likely be either too late or so close to the 60-day deadline as to be meaningless.  Filing this ex parte application is the only way to avoid prejudice to Respondents in this discovery matter, because it is the only way to ensure that the stay request will be meaningfully considered and decided before the 60-day deadline is reached.

Additionally, if the stay motion is decided on an *ex parte* basis before or at the May 10, 2011 hearing, see Dkt. # 169 at 2, that decision may help the parties bridge their disagreement, which is shaped in part by the current 60-day deadline.

Second, Respondents did not create the circumstances that requires *ex parte* relief, nor is the need for *ex parte* relief the result of any excusable neglect on the part

8

of Respondents. Mission Power, 883 F.Supp. at 493. The 60-day deadline underlying this application was not requested by either party, but was set by the Court. As set forth in the declarations, compliance with the 60-day deadline will nevertheless impose an extraordinary burden on Respondents. Furthermore, Respondents' motion to review likely will not be decided before much of that burden is borne by Respondents. Additionally, there is no undue delay on the part of Respondents. Respondents made this application once they could assess the burden of complying with the 60-day deadline and prepare and obtain declarations in support, in accordance with *ex parte* application procedure. Mission Power, 883 F.Supp. at 492 (discussing requirement of declarations supporting need for ex parte relief).

Dated:  May 4, 2011                                   Respectfully submitted,


                                      TONY WEST
                                      Assistant Attorney General
                                      Civil Division
                                      DAVID J. KLINE
                                      Director, Office of Immigration Litigation
                                      District Court Section
                                      VICTOR M. LAWRENCE
                                      Principal Assistant Director
                                      */s/ Theodore W. Atkinson*
                                      THEODORE W. ATKINSON
                                      Senior Litigation Counsel
                                      United States Department of Justice
                                      Office of Immigration Litigation
                                      District Court Section
                                      P.O. Box 868, Ben Franklin Station
                                      Washington, DC 20044
                                      Tel.: (202) 532-4135
                                      NICOLE R. PRAIRIE
                                      Trial Attorney
                                      EREZ R. REUVENI
                                      Trial Attorney
                                      ELIZABETH LEE WALKER
                                      Trial Attorney

# CERTIFICATE OF SERVICE

I certify that on May 4, 2011, I served a copy of the foregoing and the accompanying declarations through the Court's CM/ECF system on the following counsel of record:

Ahilan T. Arulanantham
ACLU Foundation of Southern California
1616 Beverly Boulevard
Los Angeles, CA 90026
213-977-5211
Fax: 213-977-5297
Email: aarulanantham@aclu-sc.org

Jayashri Srikantiah
Stanford Law School
Immigrants' Rights Clinic,
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
650-724-2442
Fax: 650-723-4426
Email: jsrikantiah@law.stanford.edu

William Tran
Sidley Austin
555 West Fifth Street Suite 4000
Los Angeles, CA 90013-1010
213-816-6000
Fax: 213-896-6600
Email: wtran@sidley.com

Judy Rabinovitz
ACLU Immigrants' Rights Project
125 Broad Street 18th Floor
New York, NY 10004
212-549-2618
Fax: 212-549-2654
Email: jrabinovitz@aclu.org

Steven A. Ellis
Sidley Austin LLP
555 W 5th St, Ste 4000
Los Angeles, CA 90013-1010
213-896-6000
Fax: 213-896-6600
Email: sellis@sidley.com

Brian Kelley Washington
Sidley Austin
555 West Fifth Street Suite 400
Los Angeles, CA 90013-1010
213-896-6000
Fax: 213-896-6600
Email: bwashi01@sidley.com

*/s/  Theodore W. Atkinson*
Theodore W. Atkinson
Senior Litigation Counsel
United States Department of Justice