1  PETER J. ELIASBERG (SBN 189110)
   Email: peliasberg@aclu-sc.org
2  AHILAN T. ARULANANTHAM (SBN 237841)
   Email: aarulanantham@aclu-sc.org
3  MICHAEL KAUFMAN (SBN 254575)
   Email: mkaufman@aclu-sc.org
4  ACLU FOUNDATION OF SOUTHERN CALIFORNIA
   1616 Beverly Boulevard
5  Los Angeles, California 90026
   Tel: (213) 977-5211
6  Fax: (213) 977-5297

7  Attorneys for Petitioners
   (Additional counsel listed on following page)
8

9           **UNITED STATES DISTRICT COURT**

10          **CENTRAL DISTRICT OF CALIFORNIA**

11                  **WESTERN DIVISION**

12

13  ALEJANDRO RODRIGUEZ, *et al.*,        ) Case No. CV 07-3239-TJH (RNBx)
                                          )
14          Petitioners,                  ) **SUPPLEMENTAL MEMORANDUM IN**
                                          ) **OPPOSITION TO RESPONDENTS'**
15      vs.                               ) **MOTION FOR REVIEW**
                                          )
16  TIMOTHY S. ROBBINS, *in his*          )
    *capacity as U.S. Immigration and*    ) Honorable Terry J. Hatter, Jr.
17  *Customs Enforcement, Los Angeles*    )
    *District Field Office Director*;     )
18  JANET NAPOLITANO, *in her*            )
    *capacity as Secretary of Homeland*   )
19  *Security*; and ERIC H. HOLDER, JR.,  )
    *in his capacity as Attorney General of* )
20  *the United States*,                  )
                                          )
21          Respondents.                  )
                                          )
22

1  Additional counsel:

2  JUDY RABINOVITZ
   AMERICAN CIVIL LIBERTIES FOUNDATION
3  IMMIGRANTS' RIGHTS PROJECT
   125 Broad Street, 18th Floor
4  New York, NY  10004
   Telephone:  (212) 549-2618
5  Facsimile:  (212) 549-2654

6  JAYASHRI SRIKANTIAH (SBN 189566)
   STANFORD LAW SCHOOL
7  IMMIGRANTS' RIGHTS CLINIC
   Crown Quadrangle
8  559 Nathan Abbott Way
   Stanford, CA 94305-8610
9  Telephone:  (650) 724-2442
   Facsimile:  (650) 723-4426
10
   SEAN COMMONS (SBN 217603)
11 CODY JACOBS (SBN 272276)
   SIDLEY AUSTIN LLP
12 555 West Fifth Street, Suite 4000
   Los Angeles, California 90013-1010
13 Telephone:  (213) 896-6000
   Facsimile:  (213) 896-6600
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Petitioner respectfully submits this supplemental opposition to Respondents' motion challenging Judge Block's discovery order requiring the production of "A files." Petitioner is forced to submit this supplemental memorandum because Respondents have provided discovery responses that contradict and undermine claims they make in their reply brief. This information was not available to Petitioner at the time he filed his opposition brief, as Respondents had not yet responded to the discovery requests at that time.

Respondents argued in their moving and reply papers that they would produce all "relevant" information from the A files in response to requests for production and requests for admission, thus obviating the need to produce the files themselves. *See* Resp't Mot. at 1-2, 10 & n.3 (Dkt. # 172); Reply at 6-7 (Dkt # 179). Since then, however, Respondents have responded to Petitioner's discovery requests without producing such information. In fact, Respondents' discovery responses confirm that the A files are a critical source for obtaining information relevant to Petitioner's claims, as Respondents will not be able to provide reliable information on those critical issues in any other way.

Respondents concede that Petitioner is entitled to certain information about bond hearings and custody determinations that Respondents characterize as "objective," such as, for example, whether and when class members obtain such hearings under existing custody procedures. *See* Resp't Reply at 6-7.[1] Nonetheless, Respondents argue that production of the A-Files is unnecessary because Respondents will produce such "objective" information through the production of database information, as well as in responses to interrogatories and requests for admission. *See id.* at 7. However, in their responses, Respondents state that they do "not have reasonable access to

---

[1] Petitioner, of course, disputes Respondents' crabbed view of the proper scope of discovery as somehow limited to what they deem "objective" facts, but will not reargue those points here as they are set forth in the opposition. (Dkt # 176).

1

sufficient readily obtainable information" to disclose a variety of "objective" and highly relevant information, such as:

- Whether class members detained under section 1226(c) have been provided with a bond hearing other than a hearing under *Matter of Joseph*, 22 I. & N. Dec. 799, 1999 WL 339053 (BIA 1999). *See* Ex. A at 1 (Respondents' Answers to Plaintiff's [sic] First Set of Requests for Admission to Respondent Department of Justice, Response No. 1); Ex. B at 2 (Respondents' Answers to Plaintiff's [sic] First Set of Requests for Admission to Respondent Department of Homeland Security, Response No. 1).
- Whether class members eligible for a hearing under *Casas-Castrillon v. Dep't of Homeland Security*, 535 F.3d 942 (9th Cir. 2008) in fact receive one. *See* Ex. A at p. 3 (Response No. 5); Ex. B at 4 (Response No. 6).
- Whether class members who affirmatively request a bond or *Casas* hearing wait longer than three months to receive one. *See* Ex. A at 3-4 (Response Nos. 6-7); Ex. B at 5 (Response No. 10 or 11).
- Whether immigration judges in *Casas* hearings place the burden of proof on class members. *See* Ex. A at 4-5 (Response No. 10).
- Whether arriving alien asylum seekers who pass a credible fear determination receive parole determinations. *See* Ex. B at 5 (Response No. 9).

If Respondents cannot answer these and other basic "objective" questions using electronic databases, then Petitioner must rely on the A files themselves to obtain such information. These responses therefore demonstrate why Judge Block properly ordered production of the A files.

In addition, production of the A files is necessary because, despite protestations to the contrary, Respondents now have candidly acknowledged that information in their databases may not be up-to-date, complete, or accurate. For instance, Respondents provided the following caveat regarding two fields in a database that is supposed to describe whether or not class members have obtained bond, and if so, in what amount:

2

> It is not clear whether this information is routinely inputted. However, where a new bond is set, we presume that there is some reliability to the amount noted. That is not to say, however, that the lack of any bond amount information means no bond was set, or that a bond was not set in a particular amount.

*See* Ex. C at 5 (Letter dated June 1, 2011). As a result, Respondents "*caution against overly relying on*" such data. *Id.* In the face of such candid admissions as to information that is obviously central to the claims in this case, Respondents cannot plausibly continue to refuse to produce the A files that would enable Petitioner to verify whether these and other entries are in fact accurate. *Id.* (emphasis added); *see also id.* at 2 ("CUSTODY …. It is not clear when this information is inputted."); ("DATE_DETAINED …. The spreadsheet provided by ICE on ICE-EDI-001 *likely* provides *more reliable*, *updated* information regarding dates of detention.") (emphasis added); ("DATE_RELEASED … The spreadsheet provided by ICE on ICE-EDI-001 *likely* provides *more reliable*, *updated* information regarding dates of release.") (emphasis added).

Simply put, Respondents' discovery responses demonstrate once again that key information resides in A files, and that such information is critical above and beyond information contained in Respondents' databases. Furthermore, the A files are necessary to fill in holes and correct inaccuracies in those databases. For these and other reasons previously stated, Magistrate Judge Block did not commit clear error in ordering Respondents to produce the limited A file information that Petitioner seeks.

Dated: June 8, 2011                     /s/ Ahilan T. Arulanantham
                                         AHILAN T. ARULANANTHAM
                                         Counsel for Petitioners