# Exhibit A

1 | TONY WEST
Assistant Attorney General
2 | Civil Division
DAVID J. KLINE
3 | Director, Office of Immigration Litigation
District Court Section
4 | VICTOR M. LAWRENCE
Principal Assistant Director
5 | THEODORE W. ATKINSON
Senior Litigation Counsel
6 | United States Department of Justice
Office of Immigration Litigation,
7 | District Court Section
    P.O. Box 868, Ben Franklin Station
8 |     Washington, DC 20044
    Phone: (202) 532-4135
9 |     theodore.atkinson@usdoj.gov

10 | Attorneys for Federal Respondents

11 | **UNITED STATES DISTRICT COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA**

13 | **WESTERN DIVISION**

14

15 | ALEJANDRO RODRIGUEZ, *et al.*,

Petitioners,

16 |     vs.

17

18 | TIMOTHY S. ROBBINS, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director;* JANET NAPOLITANO, *in her official capacity as Secretary of Homeland Security*; ERIC H. HOLDER, JR., *in his official capacity as United States Attorney General,*

Respondents.

Case No. CV 07-3239-TJH (RNBx)

**RESPONDENTS' ANSWERS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO RESPONDENT DEPARTMENT OF JUSTICE (NOS. 1-13)**

1      Pursuant to Federal Rule of Civil Procedure 36, Respondent the Department of

2  Justice hereby answers Petitioner's first set of requests for admissions.

3  **REQUEST FOR ADMISSION NO. 1:**

4  Admit that Petitioners detained under 8 U.S.C. 1226(c) have not been provided with

5  any bond hearing or other review of their detention, except for hearings pursuant to

6  *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999).

7      **ANSWER:**  Respondent admits that aliens detained under 8 U.S.C. § 1226(c)

8  are not, under section 1226(c), entitled to a bond hearing before an immigration judge,

9  and admits that aliens may request a hearing before an immigration judge to determine

10  whether he or she is properly included in the specified classes of aliens over whom the

11  immigration judge has no jurisdiction, pursuant to *Matter of Joseph*, 22 I. & N.  Dec.

12  799 (BIA 1999).  Respondent denies that there is "no other review of [the] detention"

13  of aliens under section 1226(c), because the outcomes of *Joseph* hearings are subject

14  to further review on an appeal to the Board of Immigration Appeals.  Respondents do

15  not have reasonable access to sufficient readily obtainable information to either admit

16  or deny that class members detained under section 1226(c) have been provided with

17  any bond hearing other than a *Joseph* hearing.

18  **REQUEST FOR ADMISSION NO. 2:**

19  Admit that Respondent has no policy or procedure requiring it to notify individuals

20  detained under 8 U.S.C. 1226(c) that they are entitled to request a hearing under

21  *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999).

22      **ANSWER:**  Admit.

23  **REQUEST FOR ADMISSION NO. 3:**

24  Admit that Respondent has no policy or practice requiring the creation of transcripts

25  of BOND HEARINGS and CASAS HEARINGS.

26      **ANSWER:**  Admit.

27

28

**REQUEST FOR ADMISSION NO. 4:**

Admit that Respondent has no policy or practice of informing individuals who are eligible for a hearing under *Casas-Castrillon v. Dep't of Homeland Sec'y*, 535 F.3d 942 (9th Cir. 2008), that they are eligible for such a hearing.

    **ANSWER:** Respondent admits that there is no policy or procedure of providing notice to individuals eligible for CASAS HEARINGS that they are eligible for a CASAS HEARING.

**REQUEST FOR ADMISSION NO. 5:**

Admit that some PROLONGED DETAINEES who are eligible for a CASAS HEARING under *Casas-Castrillon v. Dep't of Homeland Sec'y*, 535 F.3d 942 (9th Cir. 2008), do not receive such a hearing.

    **ANSWER:** Respondent, through the Executive Office for Immigration Review, has made inquiries to determine whether, in cases where PROLONGED DETAINEES are eligible to receive CASAS HEARINGS, those PROLONGED DETAINEES have not been provided with a CASAS HEARING. Respondent does not have reasonable access to sufficient readily obtainable information to either admit or deny that some PROLONGED DETAINEES who are eligible for a CASAS HEARING do not receive such a hearing.

**REQUEST FOR ADMISSION NO. 6:**

Admit that some persons in the Central District of California who request BOND HEARINGS have waited longer than 3 months to receive such a hearing.

    **ANSWER:** Respondent, through the Executive Office for Immigration Review, has made inquiries to determine whether, in cases where PROLONGED DETAINEES have requested BOND HEARINGS, those hearings have not been held until longer than three months after the PROLONGED DETAINEE requested the hearing. Respondent does not have reasonable access to sufficient readily obtainable information to either admit or deny that that some PROLONGED DETAINEES who

1  request BOND HEARINGS have waited longer than three months to receive such
2  hearings.

3  **REQUEST FOR ADMISSION NO. 7:**

4  Admit that some PROLONGED DETAINEES who request CASAS HEARINGS
5  have waited longer than 3 months to receive such hearings.

6      **ANSWER:**  Respondent, through the Executive Office for Immigration
7  Review, has made inquiries to determine whether, in cases where PROLONGED
8  DETAINEES have requested CASAS HEARINGS, those hearings have not been held
9  until longer than three months after the PROLONGED DETAINEE requested the
10  hearing.  Respondent does not have reasonable access to sufficient readily obtainable
11  information to either admit or deny that that some PROLONGED DETAINEES who
12  request CASAS HEARINGS have waited longer than three months to receive such
13  hearings.

14  **REQUEST FOR ADMISSION NO. 8:**

15  Admit that in CASAS HEARINGS conducted in the Central District of California,
16  transcripts are not routinely maintained or prepared.

17      **ANSWER:**  Admit.

18  **REQUEST FOR ADMISSION NO. 9:**

19  Admit that in CASAS HEARINGS conducted in the Central District of California,
20  PROLONGED DETAINEES do not receive counsel, paid for by the Government.

21      **ANSWER:**  Admit.

22  **REQUEST FOR ADMISSION NO. 10:**

23  Admit that in some CASAS HEARINGS conducted in the Central District of
24  California, the burden of proof is placed on the PROLONGED DETAINEE.

25      **ANSWER:**  Respondent denies that there is any policy or procedure that the
26  alien bear the burden of proof in a CASAS HEARING.  Respondent, through the
27  Executive Office for Immigration Review, has made inquiries to determine whether,
28  in some CASAS HEARINGS, immigration judges have placed the burden of proof on

4

07

PROLONGED DETAINEES. Respondent does not have reasonable access to sufficient readily obtainable information to either admit or deny that in some CASAS HEARINGS immigration judges have placed the burden of proof on a PROLONGED DETAINEE.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, other than through a petition for a writ of habeas corpus or other writ, there is no judicial review of the outcome of CASAS HEARINGS.

**ANSWER:** Respondent admits that a bond decision affirmed by the Board of Immigration Appeals is subject to judicial review only on the basis of a petition for a writ of habeas corpus or other writ, but denies any implication in the Request that an immigration judge's bond redetermination at a CASAS HEARING is not subject to further review, specifically by the Board of Immigration Appeals.

**REQUEST FOR ADMISSION NO. 12:**

Admit that in BOND HEARINGS conducted in the Central District of California, transcripts are not routinely maintained or prepared.

**ANSWER:** Admit.

**REQUEST FOR ADMISSION NO. 13:**

Admit that in BOND HEARINGS conducted in the Central District of California, PROLONGED DETAINEES do not receive counsel, paid for by the Government.

**ANSWER:** Admit.

1   Dated: May 27, 2011

2                                Respectfully submitted,

3                                TONY WEST
                                 Assistant Attorney General
4                                Civil Division
                                 DAVID J. KLINE
5                                Director, Office of Immigration Litigation
                                 District Court Section
6                                VICTOR M. LAWRENCE
                                 Principal Assistant Director
7
                                 /s/ Theodore W. Atkinson
8                                THEODORE W. ATKINSON
                                 Senior Litigation Counsel
9                                United States Department of Justice
                                 Office of Immigration Litigation,
10                               District Court Section
                                 P.O. Box 868, Ben Franklin Station
11                               Washington, DC 20044
                                 Phone: (202) 532-4135
12                               theodore.atkinson@usdoj.gov

13                               Attorneys for Respondents

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

09

**CERTIFICATE OF SERVICE**

    I certify that on May 27, 2011, I served a copy of the foregoing by e-mail on the following counsel of record:

Ahilan T. Arulanantham
ACLU Foundation of Southern California
1616 Beverly Boulevard
Los Angeles, CA 90026
Email: aarulanantham@aclu-sc.org

Michael Kaufman
ACLU Foundation of Southern California
1616 Beverly Boulevard
Los Angeles, CA 90026
Email: mkaufman@aclu-sc.org

*/s/  Theodore W. Atkinson*
Theodore W. Atkinson
Senior Litigation Counsel
United States Department of Justice

1

# Exhibit B

1  TONY WEST
   Assistant Attorney General
2  Civil Division
   DAVID J. KLINE
3  Director, Office of Immigration Litigation
   District Court Section
4  VICTOR M. LAWRENCE
   Principal Assistant Director
5  THEODORE W. ATKINSON
   Senior Litigation Counsel
6  United States Department of Justice
   Office of Immigration Litigation,
7  District Court Section
        P.O. Box 868, Ben Franklin Station
8       Washington, DC 20044
        Phone: (202) 532-4135
9       theodore.atkinson@usdoj.gov

10 Attorneys for Federal Respondents

11           **UNITED STATES DISTRICT COURT**

12          **CENTRAL DISTRICT OF CALIFORNIA**

13              **WESTERN DIVISION**

14
   ALEJANDRO RODRIGUEZ, *et al.*,        Case No. CV 07-3239-TJH (RNBx)
15
              Petitioners,
16                                        **RESPONDENTS' ANSWERS**
                                          **TO PLAINTIFF'S FIRST SET OF**
17    vs.                                 **REQUESTS FOR ADMISSION**
                                          **TO RESPONDENT DEPARTMENT OF**
18 TIMOTHY S. ROBBINS, *in his*           **HOMELAND SECURITY (NOS. 1-21)**
   *capacity as U.S. Immigration and*
19 *Customs Enforcement, Los Angeles*
   *District Field Office Director;*
20 JANET NAPOLITANO, *in her official*
   *capacity as Secretary of Homeland*
21 *Security*; ERIC H. HOLDER, JR., *in*
   *his official capacity as United States*
22 *Attorney General,*

23            Respondents.

24

25        Pursuant to Federal Rule of Civil Procedure 36, Respondent the Department of

26 Homeland Security hereby answers Petitioner's first set of requests for admissions.

27

28

**REQUEST FOR ADMISSION NO. 1:**

Admit that Petitioners detained under 8 U.S.C. 1226(c) have not been provided with any bond hearing or other review of their detention, except for hearings pursuant to *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999).

**ANSWER:** Respondent admits that aliens detained under 8 U.S.C. § 1226(c) are not, under section 1226(c), entitled to a bond hearing before an immigration judge, and admits that aliens may request a hearing before an immigration judge to determine whether he or she is properly included in the specified classes of aliens over whom the immigration judge has no jurisdiction, pursuant to *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999). Respondent denies that there is "no other review of [the] detention" of aliens under section 1226(c), because the outcomes of *Joseph* hearings are subject to further review on an appeal to the Board of Immigration Appeals. Respondent does not have reasonable access to sufficient readily obtainable information to either admit or deny that Petitioners detained under section 1226(c) have been provided with any bond hearing other than a *Joseph* hearing.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Respondent has no policy or procedure requiring it to notify individuals detained under 8 U.S.C. 1226(c) that they are entitled to request a hearing under *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999).

**ANSWER:** Admit.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the Department of Justice has no policy or practice requiring the creation
of transcripts of BOND HEARINGS and CASAS HEARINGS.

     **ANSWER:**  Respondent does not have reasonable access to sufficient readily
obtainable information to either admit or deny that the Department of Justice has no
policy or practice requiring the creation of transcripts of BOND HEARINGS and
CASAS HEARINGS.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Respondent has no policy or practice requiring the creation of transcripts
of interviews or any other proceedings conducted as part of CUSTODY REVIEWS
and PAROLE DETERMINATIONS.

     **ANSWER:**  Respondent admits that it has no policy or practice requiring the
creation of transcripts of interviews or any other proceedings conducted as part of
CUSTODY REVIEWS and PAROLE DETERMINATIONS, but deny any
implication in the request that no record is made of the conduct or outcomes of
CUSTODY REVIEWS and PAROLE DETERMINATIONS

**REQUEST FOR ADMISSION NO. 5:**

Admit that Respondent has no policy or practice of informing individuals who are
eligible for a hearing under *Casas-Castrillon v. Dep't of Homeland Sec'y*, 535 F.3d
942 (9th Cir. 2008), that they are eligible for such a hearing.

     **ANSWER:**  Deny.

**REQUEST FOR ADMISSION NO. 6:**

Admit that some PROLONGED DETAINEES who are eligible for a CASAS

HEARING under *Casas-Castrillon v. Dep't of Homeland Sec'y*, 535 F.3d 942 (9th

Cir. 2008), do not receive such a hearing.

ANSWER:  Respondent admits that some PROLONGED DETAINEES who

are eligible for a CASAS HEARING do not receive such a hearing because some

PROLONGED DETAINEES are released from detention by Respondent under

conditions of bond once they become eligible for a CASAS HEARING.  Respondent

does not have reasonable access to sufficient readily obtainable information to either

admit or deny that some PROLONGED DETAINEES who are eligible for a CASAS

HEARING and who are not released by Respondent on conditions of bond do not

receive a CASAS HEARING, because Respondent does not schedule CASAS

HEARINGS.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Respondent has failed to provide CUSTODY REVIEW(S) within the time

periods outlined in 8 C.F.R. 241.4(k) to every eligible PROLONGED DETAINEE.

ANSWER:  Deny.

**REQUEST FOR ADMISSION 8:**

Admit that, as part of its CUSTODY REVIEW process, Respondent has not

conducted in-person interviews for all PROLONGED DETAINEES with final

administrative removal orders, pursuant to 8 C.F.R. 241.4 or 8 C.F.R. 1241.4.

ANSWER:  Admit.

14

**REQUEST FOR ADMISSION NO. 9:**

Admit that Respondent has failed to provide a PAROLE DETERMINATION for some arriving alien asylum seekers in the Central District of California who pass a credible fear determination, as required by ICE Policy Directive No. 11002.1, since the implementation of that Directive.

     **ANSWER:** Respondent does not have reasonable access to sufficient readily obtainable information to either admit or deny that some arriving alien asylum seekers in the Central District of California who pass a credible fear determination have not been provided with a PAROLE DETERMINATION.

**REQUEST FOR ADMISSION NO. 10:**

Admit that some persons in the Central District of California who request BOND HEARINGS have waited longer than 3 months to receive such a hearing.

     **ANSWER:** Respondent does not have reasonable access to sufficient readily obtainable information to either admit or deny that some persons in the Central District of California who request BOND HEARINGS have waited longer than 3 months to receive such a hearing, because Respondent does not schedule BOND HEARINGS.

**REQUEST FOR ADMISSION NO. 11:**

Admit that some PROLONGED DETAINEES who request CASAS HEARINGS have waited longer than 3 months to receive such hearings.

     **ANSWER:** Respondent does not have reasonable access to sufficient readily obtainable information to either admit or deny that some PROLONGED DETAINEES who request CASAS HEARINGS have waited longer than 3 months to receive such hearings, because Respondent does not schedule CASAS HEARINGS.

**REQUEST FOR ADMISSION NO. 12:**

Admit that in CASAS HEARINGS conducted in the Central District of California, transcripts are not routinely maintained or prepared.

**ANSWER:** Respondent does not have reasonable access to sufficient readily obtainable information to either admit or deny that in CASAS HEARINGS conducted in the Central District of California, transcripts are not routinely maintained or prepared, because Respondent is not responsible for the preparation of transcripts.

**REQUEST FOR ADMISSION NO. 13:**

Admit that in CASAS HEARINGS conducted in the Central District of California, PROLONGED DETAINEES do not receive counsel, paid for by the Government.

**ANSWER:** Admit.

**REQUEST FOR ADMISSION NO. 14:**

Admit that in some CASAS HEARINGS conducted in the Central District of California, the burden of proof is placed on the PROLONGED DETAINEE.

**ANSWER:** Respondent does not have reasonable access to sufficient readily obtainable information to either admit or deny that in some CASAS HEARINGS conducted in the Central District of California, the burden of proof is placed on the PROLONGED DETAINEE, because immigration judges, not Respondent, apply the burden of proof.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than through a petition for a writ of habeas corpus or other writ, there is no judicial review of the outcome of CASAS HEARINGS.

**ANSWER:** Respondent admits that a bond decision affirmed by the Board of Immigration Appeals is subject to judicial review only on the basis of a petition for a writ of habeas corpus or other writ, but denies any implication in the Request that an immigration judge's bond redetermination at a CASAS HEARING is not subject to further review, specifically by the Board of Immigration Appeals.

**REQUEST FOR ADMISSION NO. 16:**

Admit that in BOND HEARINGS conducted in the Central District of California, transcripts are not routinely maintained or prepared.

    **ANSWER:** Respondent does not have reasonable access to sufficient readily obtainable information to either admit or deny that in BOND HEARINGS conducted in the Central District of California transcripts are not routinely maintained or prepared, because Respondent is not responsible for the preparation of transcripts.

**REQUEST FOR ADMISSION NO. 17:**

Admit that in BOND HEARINGS conducted in the Central District of California, PROLONGED DETAINEES do not receive counsel, paid for by the Government.

    **ANSWER:** Admit.

**REQUEST FOR ADMISSION NO. 18:**

Admit that in PAROLE DETERMINATIONS conducted in the Central District of California, transcripts are not routinely maintained or prepared.

    **ANSWER:** Admit.

**REQUEST FOR ADMISSION NO. 19:**

Admit that in PAROLE DETERMINATIONS conducted in the Central District of California, PROLONGED DETAINEES do not receive counsel, paid for by the Government.

    **ANSWER:** Admit.

**REQUEST FOR ADMISSION NO. 20:**

Admit that in CUSTODY REVIEWS conducted in the Central District of California, transcripts are not routinely maintained or prepared.

    **ANSWER:** Admit.

**REQUEST FOR ADMISSION NO. 21:**

Admit that in CUSTODY REVIEWS conducted in the Central District of California, PROLONGED DETAINEES do not receive counsel, paid for by the Government.

    **ANSWER:** Admit.

Dated:  May 27, 2011

Respectfully submitted,

TONY WEST
Assistant Attorney General
Civil Division
DAVID J. KLINE
Director, Office of Immigration Litigation
District Court Section
VICTOR M. LAWRENCE
Principal Assistant Director

/s/ Theodore W. Atkinson
THEODORE W. ATKINSON
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4135
theodore.atkinson@usdoj.gov

Attorneys for Respondents

1

**CERTIFICATE OF SERVICE**

2

    I certify that on May 27, 2011, I served a copy of the foregoing by e-mail on the

3

following counsel of record:

4

Ahilan T. Arulanantham

5

ACLU Foundation of Southern
California

6

1616 Beverly Boulevard
Los Angeles, CA 90026

7

Email: aarulanantham@aclu-sc.org

8

Michael Kaufman
ACLU Foundation of Southern

9

California
1616 Beverly Boulevard

10

Los Angeles, CA 90026
Email: mkaufman@aclu-sc.org

11

12

13

14

                                */s/ Theodore W. Atkinson*

15

                                Theodore W. Atkinson

16

                                Senior Litigation Counsel
                                United States Department of Justice

17

18

19

20

21

22

23

24

25

26

27

28

19

# Exhibit C



**U.S. Department of Justice**

Civil Division
Office of Immigration Litigation
District Court Section

_____

*Box 868, Ben Franklin Station*
*Washington, DC 20044*
*Tel: (202) 532-4135*
*Fax: (202) 305-7000*
*Email: theodore.atkinson@usdoj.gov*

June 1, 2011

Ahilan T. Arulanantham, Esq.
Michael Kaufman, Esq.
ACLU Foundation of Southern California
1616 Beverly Boulevard
Los Angeles, CA 90026

     RE:    <u>EOIR Access Database</u>
              No. CV 07-3239-TJH (RNBx) (C.D. Cal.)

Dear Ahilan and Michael:

On May 27, 2011, we provided you with a CD labeled EOIR-EDI-001, containing a Microsoft Access database. I am writing to provide you with some basic information about that database.

The database contains 11 tables of data, and 16 associated lookup tables. The lookup tables serve as a key for abbreviated data found within certain table columns.

**<u>Case Table Data</u>**

This table contains basic information about each alien, and allows you to identify which alien the data in other tables is associated with through the IDNCASE number.

- **IDNCASE** – This is an Access-created number that allows information in other tables to be linked and associated with a particular alien. The IDNCASE number has no particular significance except as a linking number. Thus, for example, the IDNCASE numbers listed in that column correspond with rows of data in other tables that match that IDNCASE number. So, for example, IDNCASE number 6473256 in the Actions Table Data matches with the particular alien identified by that IDNCASE number in the Case Table Data.
- **ALIEN_NBR** – The alien number of the associated IDNCASE identified alien..
- **ALIEN_NAME** – The name of the alien associated with the IDNCASE

-2-

identified alien.

- **NAT** – The nationality of the associated alien. The **Lookup Nationality** table identifies the nationality by code (*e.g.*, "MX" corresponds with "Mexico" in the lookup table).
- **CUSTODY** – This column indicates whether, according to EOIR, the associated alien is or was in custody. It is not clear when this information is inputted. The **Lookup Custody Status** table identifies the custody status by code (*e.g.*, "D" corresponds with "Detained" in the lookup table).
- **DATE_DETAINED** – This column indicates the date of detention of an associated alien, as inputted by immigration court staff. The spreadsheet provided by ICE on ICE-EDI-001 likely provides more reliable, updated information regarding dates of detention.
- **DATE_RELEASED** – This column indicates the date an associated alien was released from detention, as inputted by immigration court staff. The spreadsheet provided by ICE on ICE-EDI-001 likely provides more reliable, updated information regarding dates of release.

## Actions Table Data

This table contains electronic database information regarding actions taken by immigration court staff with respect to a particular detainee's electronic records. These are largely miscellaneous actions, but we included them because they provide a more complete picture of the course of individual removal proceedings.

- **IDNCASE** – See above.
- **IDNACTIONS** – This is the primary link for actions. It is a number generated by Access and associated with a particular row, or "action." This has no independent significance except as a linking identifier for assembling tables in Access.
- **DATACTION** – Date and time the action was inputted into the electronic database.
- **STRDESCRIPTION** – This is the description of the action taken. There is no associated lookup table. This column is generated based on particular rules within the system. I note that in producing this database, we redacted references to information that is restricted from disclosure (*i.e.*, asylum applications and claims, and claims under the Convention Against Torture ("CAT")). Those descriptions are noted with the following designation: [Redacted].
- **BASECITY** – This is the city where the immigration proceedings are based for each alien. The **Lookup base City Codes** table identifies each city by code (*e.g.*, "LOS" corresponds with "Los Angeles" in the lookup table).
- **HLOC** – The specific location of the corresponding hearing, proceeding,

-3-

or action.  The **Lookup HLOC Codes** table identifies the hearing location name by code (*e.g.*, "LAN" corresponds with "Mira Loma Detention Center" in the lookup table).

- **STRREACTION** – This provides additional miscellaneous information associated with the **STRDESCRIPTION**.

## Appeal Fed Courts Table Data

This table contains data on appeals to courts of appeals maintained in the EOIR electronic database.

- **IDNCASE** – See above.
- **ALIEN_NBR** – See above.
- **strDocketNumber** – The docket number of the case before the court of appeals.
- **datRequestedbyOIL** – This column identifies the date case-related information was requested by the Office of Immigration Litigation.

## Appeal Table Data

This table contains data on appeals to courts of appeals maintained in the EOIR electronic database.

- **idncase** – Same as IDNCASE (see above).
- **idnAppeal** – This is a number automatically generated by Access to correspond to the specific row of data presented.  This has no independent significance except as a linking identifier for assembling tables in Access.
- **datAppealDue** – This column identifies the date in which an appeal or other action is due to be filed, typically with the Board of Immigration Appeals.
- **strAppealType** – This column identifies the type of filing due on the appeal due date.
- **datAppealFiled** – This column of data shows the date on which an appeal or other action was filed.
- **strFiledBy** – This column of data identifies the filing party.  The **Lookup Appeal Filed By** table identifies the filing party by code (*e.g.*, "A" corresponds with "Alien" in the lookup table).
- **Proc** – This is a number used to identify the proceeding.  For example, if an alien is removed from the United states in a 1998 proceeding, returns illegally and is again placed in removal proceedings in 2009, then the 1998 removal proceeding will be designated as proceeding (or Proc) 1, the 2009 proceeding will be numbered 2, etc.  This permits Access to identify and group actions, dispositions, etc. by specific removal proceeding in the

-4-

event that an alien is subject to more than one removal proceeding. Accordingly, all actions, dispositions, etc. numbered Proc 1 will all be actions, dispositions, etc. associated with that same removal proceeding. All actions, dispositions, etc. labeled as part of Proc 2 are all part of a later proceeding than Proc 1.  And so on.

- **strBaseCityDistrictCode** – See **BASECITY** above.
- **strHearingOfficeCode** – Similar to **HLOC** above.  This is the location where the most recent proceeding or hearing was held.
- **strBIADecision** – This column identifies the decision of the Board of Immigration Appeals with respect to the appeal.  The **Lookup BIA Decision Codes** table identifies the decision of the Board of Immigration Appeals by code (*e.g.*, "DIS" corresponds with "Dismiss Appeal/Affirm IJ's decision" in the lookup table).
- **datBIADecision** – this column of data identifies a date associated with a decision of the Board of Immigration Appeals.  It is unclear whether the date is the date of the Board's decision, or the date the staff entered the decision into the electronic database from which this table was generated.

## Bond Table Data

This table contains data kept by EOIR concerning bond and custody matters.

- **IDNCASE** – See above.
- **IDNPROCEEDING** – Similar to **IDNACTIONS** and **idnappeal**, this is an automatically-generated unique identifier for each row of information in this table.  This has no independent significance except as a linking identifier for assembling tables in Access.
- **Proc** – See above.
- **INPUT_DATE** – The date and time the record was created by immigration court staff.
- **REC_TYPE** – This is the bond hearing action type.  The **Lookup Bond REC_TYPE** table identifies the **REC_TYPE**, but all of the records indicate that these were bond proceedings (coded as "B" on the lookup table).
- **BASE_CITY_CODE** – See **BASECITY** above.
- **HEARING_LOC_CODE** – See **HLOC** above.
- **DEC** – This column of information identifies the immigration judge's decision with respect to the bond proceeding, as inputted by immigration court staff.  The **Lookup Bond Decision** table identifies the decision of the immigration judge by code (*e.g.*, "S" corresponds with "No change" in the lookup table, "N" corresponds with "No bond," etc.).
- **COMP_DATE** – This column identifies the date of the bond decision, as inputted by immigration court staff.

-5-

- **INITIAL_BOND** and **NEW_BOND** – These columns identify, respectively, the amount of the initial bond set (whether by ICE or an immigration judge is unclear), and the new bond set by the immigration judge, as inputted by immigration court staff. It is not clear whether this information is routinely inputted. However, where a new bond is set, we presume that there is some reliability to the amount noted. That is not to say, however, that the lack of any bond amount information means no bond was set, or that a bond was not set in a particular amount. We caution against overly relying on these columns.

## Court Application Table Data

This table contains data identifying any applications filed by an alien in removal proceedings, the date the application was filed, the decision on that application, and the date of the decision.

- **IDNCASE** – See above.
- **IDNPROCEEDING** – See above.
- **Proc** – See above.
- **APPL_RECD_DATE** – The date the application filed by the alien was received by immigration court staff, as inputted by immigration court staff.
- **APPL_CODE** – This column of data identifies the application filed by the alien. The **Lookup Court Application** table identifies the application filed by code (*e.g.*, "VD" corresponds with "Voluntary departure" in the lookup table). Because several of the application codes refer to various forms of asylum applications, we have redacted references to applications concerning asylum and other restricted information under statute and regulation. Those redactions, owing to the limitations on the number of characters that can be inserted into the column, has been identified as: [RD].
- **BASE_CITY_CODE** – See above.
- **HEARING_LOC_CODE** – See above.
- **APPL_DEC** – This column identifies the decision on the application, as inputted by immigration court staff. The **Lookup Applications Decision** table identifies the decision of the immigration judge by code (*e.g.*, "A" corresponds with "Abandonment" in the lookup table).
- **DECISION_DATE** – The date of the immigration court decision on the application, as inputted by immigration court staff.

-6-

## Interim Board Decision Table Data

This table contains data identifying any interim decisions of the Board of Immigration Appeals.

- **idncase** – See above.
- **idnAppeal** – See above.
- **Proc** – See above.
- **datBoardMotionFiled** – This is the date the motion was filed with the Board of Immigration Appeals, as inputted by the immigration court staff.
- **strBoardMotionCode** – There are two codes associated with the motions shown in this table, as reflected in the **Lookup Board Motions** table. "ML" corresponds with "Motion to Accept Late Brief" and "RE" corresponds with Motion to Reinstate Appeal."
- **strBaseCityDistrictCode** – See above.
- **strHearingOfficeCode** – See above.
- **strDecisionCode** – this column identifies the decision of the Board of Immigration appeals with respect to the indicated motion. As reflected in the **Lookup BIA Decision Codes** table, "GRN" corresponds with "Granted."
- **datBoardDecisionRendered** – This column identifies the date on which the motion was decided by the Board of Immigration Appeals, as inputted by immigration court staff.

## Proceeding Charges Table Data

This table contains data identifying the charge against an alien in removal proceedings, and the date of a decision on the charge.

- **IDNCASE** – See above.
- **IDNPROCEEDING** – See above.
- **Proc** – See above.
- **DATCREATEDON** – This is the date the record was created by immigration court staff. It does not necessarily correspond to the date the alien was charged.
- **CHARGE** – This column of information identifies the charge or charges against an alien in the particular proceeding.
- **BASE_CITY_CODE** – See above.
- **HEARING_LOC_CODE** – See above.
- **CHG_STATUS** – This column identifies the status of the charge, as inputted by immigration court staff. The **Lookup Charge Status** table identifies the status of the charge by code (*e.g.*, "S" corresponds with "Sustained" in the lookup table).

-7-

- • **DECISION_DATE** – The date of the immigration court decision on the application, as inputted by immigration court staff.

## Proceeding Table Data

This table, when associated with the **Lookup Court Decision** table, contains information regarding the decision in a proceeding.

- • **IDNCASE** – See above.
- • **IDNPROCEEDING** – See above.
- • **Proc** – See above.
- • **INPUT_DATE** – This is the date the record was created, presumably by immigration court staff.
- • **BASE_CITY_CODE** – See above.
- • **HEARING_LOC_CODE** – See above.
- • **COMP_DATE** – The date the proceeding was completed, as inputted by immigration court staff. If the field has no information – that is, if it is a null set – that indicates the proceeding is pending.
- • **DEC_CODE, OTHER_COMP, CASE_TYPE** – The **DEC_CODE** and **OTHER_COMP** columns contain mutually exclusive data. The manner in which these columns, by row, are completed, will identify the outcome in each proceeding by case type (**CASE_TYPE**). The particular combination of these three fields, by row, will correspond to a decision description (**strDecDescription**) in the **Lookup Court Decision** table.

This is best described by a step-by-step example. Looking to the **Proceeding data table**, the first row is associated with **IDNCASE** 6535927. The case type identified under **CASE_TYPE** is "RMV," or "Removal." The decision code for that proceeding, located under **DEC_CODE**, is X. Under **OTHER_COMP**, there is no information. If you then go to the **Lookup Court decision table**, and go down the **strCaseType** column until you get to the group of "RMV," you then must look for the "X" (the code in **DEC_CODE**). The column next to it is **strDECType**. You will see a "C" or an "O." The "C" means the decision is found in the **DEC-COMP** (C stands for DecComp) column, and the "O" means the decision is found in the **OTHER_COMP** column ("O" stands for OtherComp). Thus, in looking at that record – 6535927 – we see that"X" under **DEC_COMP** corresponds with X under "C". Looking then to **strDescription** under the lookup table, you will see "Remove" – meaning the alien was ordered removed.

Another example: If you look two rows down on the **Proceeding Data Table**, you see record number 5869898. If you look across the row, you see a "C" under "OTHER_COMP," and that the case type is "RMV," or removal. Looking at the lookup table, you see that under RMV, a C under "OTHER_COMP" (represented by O) means

-8-

"Change of venue." If you go back to the Proceeding Data Table, you see that the same record number has three proceedings. Proceeding number 2 (or Proc 2) has also seen a change of venue (C is under "O"THER_COMP). If you look to the next line, you see the same record number with proceeding (Proc) number 3. There are no decisions under either "DEC_CODE" or "OTHER_COMP." The case remains pending.

Credible fear ("CFR") and reasonable fear ("RFR") case types are associated with asylum and asylum-related proceedings. Those have been redacted as follows: [R].

## Schedule Table Data

This table contains data identifying the dates of hearings in removal proceedings and the outcomes of those proceedings within a set of adjournment codes.

- **IDNCASE** – See above.
- **IDNPROCEEDING** – See above.
- **SCHEDULE_TYPE** – This indicates the type of hearing scheduled. Note: When referring to "adjournment," EOIR means "hearing" or "proceeding," and not adjournment in the usual sense of the word. The **Lookup Schedule Type** table identifies the hearing or adjournment type by code (*e.g.*, "CY" corresponds with "Custody" in the lookup table). We note that "Custody" means any kind of custody hearing, including a *Joseph* or *Casas* hearing, as well as a bond redetermination hearing.
- **ADJ_DATE** – The date of the hearing.
- **ADJ_TIME_START** and **ADJ_TIME_END** – These columns show, respectively, the scheduled start and end times for hearing.
- **BASE_CITY_CODE** – See above.
- **HEARING_LOC_CODE** – See above.
- **IJ_CODE** – The identification of the immigration judge.
- **ADJ_MEDIUM** – This column indicates whether a hearing was in person ("P"), by video teleconference ("V"), or by telephone ("T").
- **ADJ_RSN** – This column identifies, by code, the result of the hearing. The **Lookup Adjournment Reasons** table identifies the hearing outcome by code (*e.g.*, "01" corresponds with "Alien to seek representation" in the lookup table). Several of the codes reflect outcomes where the hearing was adjourned to permit the alien to pursue an asylum or other application, information about which is restricted from disclosure by statute or regulation. Those codes have been redacted and identified as: RD.

We have attempted to identify and redact only that information that clearly references restricted information. In the event that you discover a reference to asylum, a CAT claim, a claim under VAWA, or other area we addressed in previous correspondence,

-9-

such a disclosure was not intentional, and we ask that you please notify us immediately. Otherwise, we trust that this information will be maintained as confidential under the terms of our agreement pending a formal protective order.

Please contact me if you have any questions or comments.

Regards,

*/s/ Theodore W. Atkinson*

Ted Atkinson
Senior Litigation Counsel
united States Department of Justice