TONY WEST
Assistant Attorney General
Civil Division
DAVID J. KLINE
Director, Office of Immigration Litigation
District Court Section
VICTOR M. LAWRENCE
Principal Assistant Director
THEODORE W. ATKINSON
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation,
District Court Section
    P.O. Box 868, Ben Franklin Station
    Washington, DC 20044
    Phone: (202) 532-4135
    theodore.atkinson@usdoj.gov

Attorneys for Federal Respondents

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*,<br><br>    Petitioners,<br><br>vs.<br><br>TIMOTHY S. ROBBINS, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director;* JANET NAPOLITANO, *in her official capacity as Secretary of Homeland Security*; ERIC H. HOLDER, JR., *in his official capacity as United States Attorney General,*<br><br>    Respondents. | Case No. CV 07-3239-TJH (RNBx)<br><br>**RESPONSE TO PETITIONERS' SUPPLEMENTAL MEMORANDUM OPPOSING RESPONDENTS' MOTION FOR REVIEW**<br><br>Hon. Terry J. Hatter, Jr. |

Respondents offer this memorandum to rebut Petitioners' two main arguments in their supplemental brief, both of which are incorrect. Petitioners first argue that Respondents' answers to certain requests for admission justify the need for the A-File materials, because those answers did not satisfy Petitioners in a way that only the A-Files themselves will. The real source of Petitioners' concern is not with Respondents' answers but in the manner in which Petitioners have drafted their discovery. Petitioners cite a handful of requests for admission that ask Respondents to admit certain facts with respect to "some" detainees or their cases. For example, one request seeks an admission that "some" prolonged detainees who affirmatively request a bond hearing do not get one within three months.

Even if Respondents could admit or deny these requests by combing through administrative and immigration records with respect to the information sought for each detainee, the Federal Rules simply *do not require* a party to engage in such an extraordinary effort to answer requests for admission. Rather, Rule 36 permits an answering party to state lack of information if "the party states that it has made reasonable inquiry and the information it knows or *can readily obtain* is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4); *see also Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1245 (9th Cir.1982) (lack of knowledge is permissible where a "reasonable inquiry" has been made by a responding party of "readily obtainable" information). Poring through hundreds or thousands of records is not required, because that information is not readily obtainable.

Thus, Respondents' answer that they lack knowledge based on readily obtainable information is entirely appropriate and contemplated by Rule 36. But Petitioners cannot now claim that based on Respondents' proper answers to the requests for admissions, the *only way* to get the information is by ordering the production of A-Files. Petitioners are incorrect. As Rule 36 recognizes, a request for admission is a poor tool for seeking the kind of detailed information Petitioners want precisely because Rule 36 does not require a responding party to look beyond readily

2

obtainable information.  If Petitioners were correct, then any party could pin the relevance of a document request to an answer to a request for admission where the answering party properly asserts lack of knowledge.  That is hardly the standard for relevance under the Federal Rules.

Additionally, Petitioners incorrectly assume that the categories of information they seek through their request for admissions will be revealed in an A-file.  First, A-files will not necessarily contain any information about whether a class member who seeks a bond or *Casas* hearing has to wait longer than three months to receive one because those requests could be made orally and not in writing.  Second, since Respondents have already stated that transcripts are not routinely prepared in *Casas* hearings, there likely will be nothing in an A-file to confirm or deny whether every or even some *Casas* hearing the immigration judge placed the burden of proof on the alien.  Third, an A-file will not reveal whether class members eligible for a hearing under *Casas* did in fact receive one because not all aliens entitled to hearings request them.  Finally, as for whether class members detained under 8 U.S.C. §1226(c) have been provided with a bond hearing other than a hearing under *Matter of Joseph*, Respondents already stated that aliens detained under section 1226(c) are not entitled to bond hearings.  Although it is possible that at a *Matter of Joseph* hearing, an immigration judge could decide that the alien is not subject to mandatory detention, and provide the alien with a bond hearing under 8 U.S.C. § 1226(a).

In any event, the A-File materials Petitioners seek are, as Respondents argue in their motion, irrelevant because the information requested will have no bearing on the outcome of the statutory and constitutional questions at issue.  However, at a hearing before Judge Block on June 14, 2011, on issues related to a protective order governing confidential information, Petitioners admitted that it was possible that some documents contained in the A-Files – such as applications for immigration benefits that are 20 years old – would not be relevant *even under Petitioners' own theory*.  This Court should continue to focus on the pertinent issues of relevance discussed in the

3

initial briefing on the motion for review, and disregard Petitioners' misguided effort to cite Respondents' answers to requests for admission as a justification for A-File production.

Second, Petitioners argue that they must be provided with A-Files because the electronic database information Respondents provided is not "up-to-date, complete, or accurate." Dkt. # 180-1. Petitioners wildly overstate the alleged "inaccuracy" of the database based on the three examples they cite, none of which support a claim of inaccurate information. Petitioners point to a column of information in the database – one column out of dozens – that identifies the amount of bond set in a case. Respondents informed Petitioners that while the stated bond amounts were likely reliable, the existence of a "null set" may not mean that a bond was not set. That small caution to Petitioners hardly reflects the kind of inaccuracy and incompleteness that Petitioners assert here. Nor can Petitioners seriously base a claim of inaccuracy on the fact that Respondents informed Petitioners that, when looking to the database information on issues of dates of custody, the ICE information would likely be more reliable and up to date than the EOIR database information because ICE – which, unlike EOIR, handles detention – logs book-in and book-out dates. Again, this simple guidance in how to use and consider the electronic database information hardly belies the accuracy of the database information itself.

For the reasons discussed in Respondents' motion for review, Petitioners are incorrect that the information in the A-Files is "key." That information is not relevant because, as Petitioners concede may be the case, documents responsive to the request may be inherently irrelevant, and none of the documents are relevant in light of the legal claims challenging detention beyond six months, and the statutory and constitutional questions before the Court. Petitioners' supplemental memorandum does nothing to bolster Petitioners' arguments. Respondents' motion for review should be granted.

Dated: June 15, 2011

Respectfully submitted,

TONY WEST
Assistant Attorney General
Civil Division

DAVID J. KLINE
Director, Office of Immigration Litigation
District Court Section

VICTOR M. LAWRENCE
Principal Assistant Director

*/s/ Theodore W. Atkinson*
THEODORE W. ATKINSON
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4135
theodore.atkinson@usdoj.gov

Attorneys for Federal Respondents

# CERTIFICATE OF SERVICE

I certify that on June 15, 2011, I served a copy of the foregoing through the Court's CM/ECF system on the following counsel of record:

Ahilan T. Arulanantham
ACLU Foundation of Southern California
1616 Beverly Boulevard
Los Angeles, CA 90026
213-977-5211
Fax: 213-977-5297
Email: aarulanantham@aclu-sc.org

Jayashri Srikantiah
Stanford Law School
Immigrants' Rights Clinic,
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
650-724-2442
Fax: 650-723-4426
Email: jsrikantiah@law.stanford.edu

William Tran
Sidley Austin
555 West Fifth Street Suite 4000
Los Angeles, CA 90013-1010
213-816-6000
Fax: 213-896-6600
Email: wtran@sidley.com

Judy Rabinovitz
ACLU Immigrants' Rights Project
125 Broad Street 18th Floor
New York, NY 10004
212-549-2618
Fax: 212-549-2654
Email: jrabinovitz@aclu.org

Steven A. Ellis
Sidley Austin LLP
555 W 5th St, Ste 4000
Los Angeles, CA 90013-1010
213-896-6000
Fax: 213-896-6600
Email: sellis@sidley.com

Brian Kelley Washington
Sidley Austin
555 West Fifth Street Suite 400
Los Angeles, CA 90013-1010
213-896-6000
Fax: 213-896-6600
Email: bwashi01@sidley.com

*/s/ Theodore W. Atkinson*
Theodore W. Atkinson
Senior Litigation Counsel
United States Department of Justice