

FILED
CLERK, U.S. DISTRICT COURT

JUN -13 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

1   PETER J. ELIASBERG (SBN 189110)
    Email: peliasberg@aclu-sc.org
2   AHILAN T. ARULANANTHAM (SBN 237841)
    Email: aarulanantham@aclu-sc.org
3   MICHAEL KAUFMAN (SBN 254575)
    Email: mkaufman@aclu-sc.org
4   ACLU FOUNDATION OF SOUTHERN CALIFORNIA
    1616 Beverly Boulevard
5   Los Angeles, California 90026
    Tel: (213) 977-5211
6   Fax: (213) 977-5297

7   Attorneys for Petitioners
    (Additional counsel listed on following page)

8

9           UNITED STATES DISTRICT COURT

10         CENTRAL DISTRICT OF CALIFORNIA

11              WESTERN DIVISION

12

13   ALEJANDRO RODRIGUEZ, *et al.*,      )   Case No. CV 07-3239-TJH (RNBx)
                                         )
14          Petitioners,                 )   **SUPPLEMENTAL MEMORANDUM IN**
                                         )   **OPPOSITION TO RESPONDENTS'**
15      vs.                              )   **MOTION FOR REVIEW**
                                         )
16   TIMOTHY S. ROBBINS, *in his*        )   Honorable Terry J. Hatter, Jr.
     *capacity as U.S. Immigration and*  )
17   *Customs Enforcement, Los Angeles*  )
     *District Field Office Director*;   )
18   JANET NAPOLITANO, *in her*          )
     *capacity as Secretary of Homeland* )
19   *Security*; and ERIC H. HOLDER, JR.,)
     *in his capacity as Attorney General of* )
20   *the United States*,                )
                                         )
21          Respondents.                 )
                                         )
22

23

24

25

26

27

28

1    Additional counsel:

2    JUDY RABINOVITZ
     AMERICAN CIVIL LIBERTIES FOUNDATION
3    IMMIGRANTS' RIGHTS PROJECT
     125 Broad Street, 18th Floor
4    New York, NY 10004
     Telephone: (212) 549-2618
5    Facsimile: (212) 549-2654

6    JAYASHRI SRIKANTIAH (SBN 189566)
     STANFORD LAW SCHOOL
7    IMMIGRANTS' RIGHTS CLINIC
     Crown Quadrangle
8    559 Nathan Abbott Way
     Stanford, CA 94305-8610
9    Telephone: (650) 724-2442
     Facsimile: (650) 723-4426

10
     SEAN COMMONS (SBN 217603)
11   CODY JACOBS (SBN 272276)
     SIDLEY AUSTIN LLP
12   555 West Fifth Street, Suite 4000
     Los Angeles, California 90013-1010
13   Telephone: (213) 896-6000
     Facsimile: (213) 896-6600

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Petitioner respectfully submits this supplemental opposition to Respondents'
2  motion challenging Judge Block's discovery order requiring the production of "A
3  files." Petitioner is forced to submit this supplemental memorandum because
4  Respondents have provided discovery responses that contradict and undermine claims
5  they make in their reply brief. This information was not available to Petitioner at the
6  time he filed his opposition brief, as Respondents had not yet responded to the
7  discovery requests at that time.

8    Respondents argued in their moving and reply papers that they would produce all
9  "relevant" information from the A files in response to requests for production and
10  requests for admission, thus obviating the need to produce the files themselves. *See*
11  Resp't Mot. at 1-2, 10 & n.3 (Dkt. # 172); Reply at 6-7 (Dkt # 179). Since then,
12  however, Respondents have responded to Petitioner's discovery requests without
13  producing such information. In fact, Respondents' discovery responses confirm that
14  the A files are a critical source for obtaining information relevant to Petitioner's
15  claims, as Respondents will not be able to provide reliable information on those
16  critical issues in any other way.

17    Respondents concede that Petitioner is entitled to certain information about bond
18  hearings and custody determinations that Respondents characterize as "objective,"
19  such as, for example, whether and when class members obtain such hearings under
20  existing custody procedures. *See* Resp't Reply at 6-7.[1] Nonetheless, Respondents
21  argue that production of the A-Files is unnecessary because Respondents will produce
22  such "objective" information through the production of database information, as well
23  as in responses to interrogatories and requests for admission. *See id.* at 7. However,
24  in their responses, Respondents state that they do "not have reasonable access to

25

26  _____

27  [1] Petitioner, of course, disputes Respondents' crabbed view of the proper scope of
   discovery as somehow limited to what they deem "objective" facts, but will not
28  reargue those points here as they are set forth in the opposition. (Dkt # 176).

1

sufficient readily obtainable information" to disclose a variety of "objective" and highly relevant information, such as:

- Whether class members detained under section 1226(c) have been provided with a bond hearing other than a hearing under *Matter of Joseph*, 22 I. & N. Dec. 799, 1999 WL 339053 (BIA 1999). *See* Ex. A at 1 (Respondents' Answers to Plaintiff's [sic] First Set of Requests for Admission to Respondent Department of Justice, Response No. 1); Ex. B at 2 (Respondents' Answers to Plaintiff's [sic] First Set of Requests for Admission to Respondent Department of Homeland Security, Response No. 1).

- Whether class members eligible for a hearing under *Casas-Castrillon v. Dep't of Homeland Security*, 535 F.3d 942 (9th Cir. 2008) in fact receive one. *See* Ex. A at p. 3 (Response No. 5); Ex. B at 4 (Response No. 6).

- Whether class members who affirmatively request a bond or *Casas* hearing wait longer than three months to receive one. *See* Ex. A at 3-4 (Response Nos. 6-7); Ex. B at 5 (Response No. 10 or 11).

- Whether immigration judges in *Casas* hearings place the burden of proof on class members. *See* Ex. A at 4-5 (Response No. 10).

- Whether arriving alien asylum seekers who pass a credible fear determination receive parole determinations. *See* Ex. B at 5 (Response No. 9).

If Respondents cannot answer these and other basic "objective" questions using electronic databases, then Petitioner must rely on the A files themselves to obtain such information. These responses therefore demonstrate why Judge Block properly ordered production of the A files.

In addition, production of the A files is necessary because, despite protestations to the contrary, Respondents now have candidly acknowledged that information in their databases may not be up-to-date, complete, or accurate. For instance, Respondents provided the following caveat regarding two fields in a database that is supposed to describe whether or not class members have obtained bond, and if so, in what amount:

2

1              It is not clear whether this information is routinely inputted.

2              However, where a new bond is set, we presume that there is

3              some reliability to the amount noted.  That is not to say,

4              however, that the lack of any bond amount information

5              means no bond was set, or that a bond was not set in a

6              particular amount.

7    *See* Ex. C at 5 (Letter dated June 1, 2011).  As a result, Respondents "*caution against*

8    *overly relying on*" such data.  *Id.*  In the face of such candid admissions as to

9    information that is obviously central to the claims in this case, Respondents cannot

10   plausibly continue to refuse to produce the A files that would enable Petitioner to

11   verify whether these and other entries are in fact accurate.  *Id.* (emphasis added); *see*

12   *also id.* at 2 ("CUSTODY ….  It is not clear when this information is inputted.");

13   ("DATE_DETAINED ….  The spreadsheet provided by ICE on ICE-EDI-001 *likely*

14   provides *more reliable*, *updated* information regarding dates of detention.") (emphasis

15   added); ("DATE_RELEASED … The spreadsheet provided by ICE on ICE-EDI-001

16   *likely* provides *more reliable*, *updated* information regarding dates of release.")

17   (emphasis added).

18        Simply put, Respondents' discovery responses demonstrate once again that key

19   information resides in A files, and that such information is critical above and beyond

20   information contained in Respondents' databases.  Furthermore, the A files are

21   necessary to fill in holes and correct inaccuracies in those databases.  For these and

22   other reasons previously stated, Magistrate Judge Block did not commit clear error in

23   ordering Respondents to produce the limited A file information that Petitioner seeks.

24

25   Dated: June 8, 2011                   s/ Ahilan T. Arulanantham

26                                     AHILAN T. ARULANANTHAM
                                       Counsel for Petitioners

27

28

# Exhibit A

1  TONY WEST
   Assistant Attorney General
2  Civil Division
   DAVID J. KLINE
3  Director, Office of Immigration Litigation
   District Court Section
4  VICTOR M. LAWRENCE
   Principal Assistant Director
5  THEODORE W. ATKINSON
   Senior Litigation Counsel
6  United States Department of Justice
   Office of Immigration Litigation,
7  District Court Section
         P.O. Box 868, Ben Franklin Station
8        Washington, DC 20044
         Phone: (202) 532-4135
9        theodore.atkinson@usdoj.gov

10 Attorneys for Federal Respondents

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13                    **WESTERN DIVISION**

14
   ALEJANDRO RODRIGUEZ, *et al.*,          Case No. CV 07-3239-TJH (RNBx)
15
              Petitioners,
16                                          **RESPONDENTS' ANSWERS**
      vs.                                   **TO PLAINTIFF'S FIRST SET OF**
17                                          **REQUESTS FOR ADMISSION**
   TIMOTHY S. ROBBINS, *in his*             **TO RESPONDENT DEPARTMENT OF**
18 *capacity as U.S. Immigration and*       **JUSTICE (NOS. 1-13)**
   *Customs Enforcement, Los Angeles*
19 *District Field Office Director;*
   JANET NAPOLITANO, *in her official*
20 *capacity as Secretary of Homeland*
   *Security;* ERIC H. HOLDER, JR., *in*
21 *his official capacity as United States*
   *Attorney General,*
22
              Respondents.
23

24

25

26

27

28

                                                                      04

Pursuant to Federal Rule of Civil Procedure 36, Respondent the Department of Justice hereby answers Petitioner's first set of requests for admissions.

**REQUEST FOR ADMISSION NO. 1:**

Admit that Petitioners detained under 8 U.S.C. 1226(c) have not been provided with any bond hearing or other review of their detention, except for hearings pursuant to *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999).

**ANSWER:** Respondent admits that aliens detained under 8 U.S.C. § 1226(c) are not, under section 1226(c), entitled to a bond hearing before an immigration judge, and admits that aliens may request a hearing before an immigration judge to determine whether he or she is properly included in the specified classes of aliens over whom the immigration judge has no jurisdiction, pursuant to *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999). Respondent denies that there is "no other review of [the] detention" of aliens under section 1226(c), because the outcomes of *Joseph* hearings are subject to further review on an appeal to the Board of Immigration Appeals. Respondents do not have reasonable access to sufficient readily obtainable information to either admit or deny that class members detained under section 1226(c) have been provided with any bond hearing other than a *Joseph* hearing.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Respondent has no policy or procedure requiring it to notify individuals detained under 8 U.S.C. 1226(c) that they are entitled to request a hearing under *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999).

**ANSWER:** Admit.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Respondent has no policy or practice requiring the creation of transcripts of BOND HEARINGS and CASAS HEARINGS.

**ANSWER:** Admit.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Respondent has no policy or practice of informing individuals who are eligible for a hearing under *Casas-Castrillon v. Dep't of Homeland Sec'y*, 535 F.3d 942 (9th Cir. 2008), that they are eligible for such a hearing.

**ANSWER:** Respondent admits that there is no policy or procedure of providing notice to individuals eligible for CASAS HEARINGS that they are eligible for a CASAS HEARING.

**REQUEST FOR ADMISSION NO. 5:**

Admit that some PROLONGED DETAINEES who are eligible for a CASAS HEARING under *Casas-Castrillon v. Dep't of Homeland Sec'y*, 535 F.3d 942 (9th Cir. 2008), do not receive such a hearing.

**ANSWER:** Respondent, through the Executive Office for Immigration Review, has made inquiries to determine whether, in cases where PROLONGED DETAINEES are eligible to receive CASAS HEARINGS, those PROLONGED DETAINEES have not been provided with a CASAS HEARING. Respondent does not have reasonable access to sufficient readily obtainable information to either admit or deny that some PROLONGED DETAINEES who are eligible for a CASAS HEARING do not receive such a hearing.

**REQUEST FOR ADMISSION NO. 6:**

Admit that some persons in the Central District of California who request BOND HEARINGS have waited longer than 3 months to receive such a hearing.

**ANSWER:** Respondent, through the Executive Office for Immigration Review, has made inquiries to determine whether, in cases where PROLONGED DETAINEES have requested BOND HEARINGS, those hearings have not been held until longer than three months after the PROLONGED DETAINEE requested the hearing. Respondent does not have reasonable access to sufficient readily obtainable information to either admit or deny that that some PROLONGED DETAINEES who

3

1  request BOND HEARINGS have waited longer than three months to receive such

2  hearings.

3  **REQUEST FOR ADMISSION NO. 7:**

4  Admit that some PROLONGED DETAINEES who request CASAS HEARINGS

5  have waited longer than 3 months to receive such hearings.

6      **ANSWER:** Respondent, through the Executive Office for Immigration

7  Review, has made inquiries to determine whether, in cases where PROLONGED

8  DETAINEES have requested CASAS HEARINGS, those hearings have not been held

9  until longer than three months after the PROLONGED DETAINEE requested the

10  hearing. Respondent does not have reasonable access to sufficient readily obtainable

11  information to either admit or deny that that some PROLONGED DETAINEES who

12  request CASAS HEARINGS have waited longer than three months to receive such

13  hearings.

14  **REQUEST FOR ADMISSION NO. 8:**

15  Admit that in CASAS HEARINGS conducted in the Central District of California,

16  transcripts are not routinely maintained or prepared.

17      **ANSWER:** Admit.

18  **REQUEST FOR ADMISSION NO. 9:**

19  Admit that in CASAS HEARINGS conducted in the Central District of California,

20  PROLONGED DETAINEES do not receive counsel, paid for by the Government.

21      **ANSWER:** Admit.

22  **REQUEST FOR ADMISSION NO. 10:**

23  Admit that in some CASAS HEARINGS conducted in the Central District of

24  California, the burden of proof is placed on the PROLONGED DETAINEE.

25      **ANSWER:** Respondent denies that there is any policy or procedure that the

26  alien bear the burden of proof in a CASAS HEARING. Respondent, through the

27  Executive Office for Immigration Review, has made inquiries to determine whether,

28  in some CASAS HEARINGS, immigration judges have placed the burden of proof on

1  PROLONGED DETAINEES.  Respondent does not have reasonable access to
2  sufficient readily obtainable information to either admit or deny that in some CASAS
3  HEARINGS immigration judges have placed the burden of proof on a PROLONGED
4  DETAINEE.

5  **REQUEST FOR ADMISSION NO. 11:**

6  Admit that, other than through a petition for a writ of habeas corpus or other writ,
7  there is no judicial review of the outcome of CASAS HEARINGS.

8  **ANSWER:**  Respondent admits that a bond decision affirmed by the Board of
9  Immigration Appeals is subject to judicial review only on the basis of a petition for a
10  writ of habeas corpus or other writ, but denies any implication in the Request that an
11  immigration judge's bond redetermination at a CASAS HEARING is not subject to
12  further review, specifically by the Board of Immigration Appeals.

13  **REQUEST FOR ADMISSION NO. 12:**

14  Admit that in BOND HEARINGS conducted in the Central District of California,
15  transcripts are not routinely maintained or prepared.

16  **ANSWER:**  Admit.

17  **REQUEST FOR ADMISSION NO. 13:**

18  Admit that in BOND HEARINGS conducted in the Central District of California,
19  PROLONGED DETAINEES do not receive counsel, paid for by the Government.

20  **ANSWER:**  Admit.

21

22

23

24

25

26

27

28

1    Dated:  May 27, 2011                    Respectfully submitted,

2
                                             TONY WEST
3                                            Assistant Attorney General
                                             Civil Division
4                                            DAVID J. KLINE
                                             Director, Office of Immigration Litigation
5                                            District Court Section
                                             VICTOR M. LAWRENCE
6                                            Principal Assistant Director

7                                            /s/ Theodore W. Atkinson
                                             THEODORE W. ATKINSON
8                                            Senior Litigation Counsel
                                             United States Department of Justice
9                                            Office of Immigration Litigation,
                                             District Court Section
10                                           P.O. Box 868, Ben Franklin Station
                                             Washington, DC 20044
11                                           Phone: (202) 532-4135
                                             theodore.atkinson@usdoj.gov
12
                                             Attorneys for Respondents
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

3      I certify that on May 27, 2011, I served a copy of the foregoing by e-mail on the following counsel of record:

4

5      Ahilan T. Arulanantham
       ACLU Foundation of Southern
       California
6      1616 Beverly Boulevard
       Los Angeles, CA 90026
7      Email: aarulanantham@aclu-sc.org

8      Michael Kaufman
       ACLU Foundation of Southern
       California
9      1616 Beverly Boulevard
       Los Angeles, CA 90026
10     Email: mkaufman@aclu-sc.org

11

12

13

14                                    /s/ Theodore W. Atkinson
                                      Theodore W. Atkinson
15                                    Senior Litigation Counsel
                                      United States Department of Justice
16

17

18

19

20

21

22

23

24

25

26

27

28

1

# Exhibit B

TONY WEST
Assistant Attorney General
Civil Division
DAVID J. KLINE
Director, Office of Immigration Litigation
District Court Section
VICTOR M. LAWRENCE
Principal Assistant Director
THEODORE W. ATKINSON
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation,
District Court Section
    P.O. Box 868, Ben Franklin Station
    Washington, DC 20044
    Phone: (202) 532-4135
    theodore.atkinson@usdoj.gov

Attorneys for Federal Respondents

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*,<br><br>        Petitioners,<br><br>vs.<br><br>TIMOTHY S. ROBBINS, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director;* JANET NAPOLITANO, *in her official capacity as Secretary of Homeland Security;* ERIC H. HOLDER, JR., *in his official capacity as United States Attorney General,*<br><br>        Respondents. | Case No. CV 07-3239-TJH (RNBx)<br><br>**RESPONDENTS' ANSWERS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO RESPONDENT DEPARTMENT OF HOMELAND SECURITY (NOS. 1-21)** |

     Pursuant to Federal Rule of Civil Procedure 36, Respondent the Department of Homeland Security hereby answers Petitioner's first set of requests for admissions.

**REQUEST FOR ADMISSION NO. 1:**

Admit that Petitioners detained under 8 U.S.C. 1226(c) have not been provided with any bond hearing or other review of their detention, except for hearings pursuant to *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999).

   **ANSWER:** Respondent admits that aliens detained under 8 U.S.C. § 1226(c) are not, under section 1226(c), entitled to a bond hearing before an immigration judge, and admits that aliens may request a hearing before an immigration judge to determine whether he or she is properly included in the specified classes of aliens over whom the immigration judge has no jurisdiction, pursuant to *Matter of Joseph*, 22 I. & N.  Dec. 799 (BIA 1999).  Respondent denies that there is "no other review of [the] detention" of aliens under section 1226(c), because the outcomes of *Joseph* hearings are subject to further review on an appeal to the Board of Immigration Appeals.  Respondent does not have reasonable access to sufficient readily obtainable information to either admit or deny that Petitioners detained under section 1226(c) have been provided with any bond hearing other than a *Joseph* hearing.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Respondent has no policy or procedure requiring it to notify individuals detained under 8 U.S.C. 1226(c) that they are entitled to request a hearing under *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999).

   **ANSWER:**  Admit.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the Department of Justice has no policy or practice requiring the creation of transcripts of BOND HEARINGS and CASAS HEARINGS.

    **ANSWER:** Respondent does not have reasonable access to sufficient readily obtainable information to either admit or deny that the Department of Justice has no policy or practice requiring the creation of transcripts of BOND HEARINGS and CASAS HEARINGS.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Respondent has no policy or practice requiring the creation of transcripts of interviews or any other proceedings conducted as part of CUSTODY REVIEWS and PAROLE DETERMINATIONS.

    **ANSWER:** Respondent admits that it has no policy or practice requiring the creation of transcripts of interviews or any other proceedings conducted as part of CUSTODY REVIEWS and PAROLE DETERMINATIONS, but deny any implication in the request that no record is made of the conduct or outcomes of CUSTODY REVIEWS and PAROLE DETERMINATIONS

**REQUEST FOR ADMISSION NO. 5:**

Admit that Respondent has no policy or practice of informing individuals who are eligible for a hearing under *Casas-Castrillon v. Dep't of Homeland Sec'y*, 535 F.3d 942 (9th Cir. 2008), that they are eligible for such a hearing.

    **ANSWER:** Deny.

13

**REQUEST FOR ADMISSION NO. 6:**

Admit that some PROLONGED DETAINEES who are eligible for a CASAS HEARING under *Casas-Castrillon v. Dep't of Homeland Sec'y*, 535 F.3d 942 (9th Cir. 2008), do not receive such a hearing.

    **ANSWER:** Respondent admits that some PROLONGED DETAINEES who are eligible for a CASAS HEARING do not receive such a hearing because some PROLONGED DETAINEES are released from detention by Respondent under conditions of bond once they become eligible for a CASAS HEARING. Respondent does not have reasonable access to sufficient readily obtainable information to either admit or deny that some PROLONGED DETAINEES who are eligible for a CASAS HEARING and who are not released by Respondent on conditions of bond do not receive a CASAS HEARING, because Respondent does not schedule CASAS HEARINGS.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Respondent has failed to provide CUSTODY REVIEW(S) within the time periods outlined in 8 C.F.R. 241.4(k) to every eligible PROLONGED DETAINEE.

    **ANSWER:** Deny.

**REQUEST FOR ADMISSION 8:**

Admit that, as part of its CUSTODY REVIEW process, Respondent has not conducted in-person interviews for all PROLONGED DETAINEES with final administrative removal orders, pursuant to 8 C.F.R. 241.4 or 8 C.F.R. 1241.4.

    **ANSWER:** Admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Respondent has failed to provide a PAROLE DETERMINATION for some arriving alien asylum seekers in the Central District of California who pass a credible fear determination, as required by ICE Policy Directive No. 11002.1, since the implementation of that Directive.

**ANSWER:** Respondent does not have reasonable access to sufficient readily obtainable information to either admit or deny that some arriving alien asylum seekers in the Central District of California who pass a credible fear determination have not been provided with a PAROLE DETERMINATION.

**REQUEST FOR ADMISSION NO. 10:**

Admit that some persons in the Central District of California who request BOND HEARINGS have waited longer than 3 months to receive such a hearing.

**ANSWER:** Respondent does not have reasonable access to sufficient readily obtainable information to either admit or deny that some persons in the Central District of California who request BOND HEARINGS have waited longer than 3 months to receive such a hearing, because Respondent does not schedule BOND HEARINGS.

**REQUEST FOR ADMISSION NO. 11:**

Admit that some PROLONGED DETAINEES who request CASAS HEARINGS have waited longer than 3 months to receive such hearings.

**ANSWER:** Respondent does not have reasonable access to sufficient readily obtainable information to either admit or deny that some PROLONGED DETAINEES who request CASAS HEARINGS have waited longer than 3 months to receive such hearings, because Respondent does not schedule CASAS HEARINGS.

**REQUEST FOR ADMISSION NO. 12:**

Admit that in CASAS HEARINGS conducted in the Central District of California, transcripts are not routinely maintained or prepared.

    **ANSWER:** Respondent does not have reasonable access to sufficient readily obtainable information to either admit or deny that in CASAS HEARINGS conducted in the Central District of California, transcripts are not routinely maintained or prepared, because Respondent is not responsible for the preparation of transcripts.

**REQUEST FOR ADMISSION NO. 13:**

Admit that in CASAS HEARINGS conducted in the Central District of California, PROLONGED DETAINEES do not receive counsel, paid for by the Government.

    **ANSWER:** Admit.

**REQUEST FOR ADMISSION NO. 14:**

Admit that in some CASAS HEARINGS conducted in the Central District of California, the burden of proof is placed on the PROLONGED DETAINEE.

    **ANSWER:** Respondent does not have reasonable access to sufficient readily obtainable information to either admit or deny that in some CASAS HEARINGS conducted in the Central District of California, the burden of proof is placed on the PROLONGED DETAINEE, because immigration judges, not Respondent, apply the burden of proof.

**REQUEST FOR ADMISSION NO. 15:**

Admit that, other than through a petition for a writ of habeas corpus or other writ, there is no judicial review of the outcome of CASAS HEARINGS.

    **ANSWER:** Respondent admits that a bond decision affirmed by the Board of Immigration Appeals is subject to judicial review only on the basis of a petition for a writ of habeas corpus or other writ, but denies any implication in the Request that an immigration judge's bond redetermination at a CASAS HEARING is not subject to further review, specifically by the Board of Immigration Appeals.

**REQUEST FOR ADMISSION NO. 16:**

Admit that in BOND HEARINGS conducted in the Central District of California, transcripts are not routinely maintained or prepared.

**ANSWER:** Respondent does not have reasonable access to sufficient readily obtainable information to either admit or deny that in BOND HEARINGS conducted in the Central District of California transcripts are not routinely maintained or prepared, because Respondent is not responsible for the preparation of transcripts.

**REQUEST FOR ADMISSION NO. 17:**

Admit that in BOND HEARINGS conducted in the Central District of California, PROLONGED DETAINEES do not receive counsel, paid for by the Government.

**ANSWER:** Admit.

**REQUEST FOR ADMISSION NO. 18:**

Admit that in PAROLE DETERMINATIONS conducted in the Central District of California, transcripts are not routinely maintained or prepared.

**ANSWER:** Admit.

**REQUEST FOR ADMISSION NO. 19:**

Admit that in PAROLE DETERMINATIONS conducted in the Central District of California, PROLONGED DETAINEES do not receive counsel, paid for by the Government.

**ANSWER:** Admit.

**REQUEST FOR ADMISSION NO. 20:**

Admit that in CUSTODY REVIEWS conducted in the Central District of California, transcripts are not routinely maintained or prepared.

**ANSWER:** Admit.

**REQUEST FOR ADMISSION NO. 21:**

Admit that in CUSTODY REVIEWS conducted in the Central District of California, PROLONGED DETAINEES do not receive counsel, paid for by the Government.

**ANSWER:** Admit.

17

1    Dated:  May 27, 2011                    Respectfully submitted,

2                                            TONY WEST
                                             Assistant Attorney General
3                                            Civil Division
                                             DAVID J. KLINE
4                                            Director, Office of Immigration Litigation
                                             District Court Section
5                                            VICTOR M. LAWRENCE
                                             Principal Assistant Director
6
                                             /s/ Theodore W. Atkinson
7                                            THEODORE W. ATKINSON
                                             Senior Litigation Counsel
8                                            United States Department of Justice
                                             Office of Immigration Litigation,
9                                            District Court Section
                                             P.O. Box 868, Ben Franklin Station
10                                           Washington, DC 20044
                                             Phone: (202) 532-4135
11                                           theodore.atkinson@usdoj.gov

12                                           Attorneys for Respondents

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

3
I certify that on May 27, 2011, I served a copy of the foregoing by e-mail on the following counsel of record:

4

5
Ahilan T. Arulanantham
ACLU Foundation of Southern California

6
1616 Beverly Boulevard
Los Angeles, CA 90026

7
Email: aarulanantham@aclu-sc.org

8
Michael Kaufman
ACLU Foundation of Southern California

9
1616 Beverly Boulevard
Los Angeles, CA 90026

10
Email: mkaufman@aclu-sc.org

11

12

13

14
                              /s/ Theodore W. Atkinson

15
                              Theodore W. Atkinson
                              Senior Litigation Counsel

16
                              United States Department of Justice

17

18

19

20

21

22

23

24

25

26

27

28

19

# Exhibit C



**U.S. Department of Justice**

Civil Division
Office of Immigration Litigation
District Court Section

---

*Box 868, Ben Franklin Station*
*Washington, DC 20044*
*Tel: (202) 532-4135*
*Fax: (202) 305-7000*
*Email: theodore.atkinson@usdoj.gov*

June 1, 2011

Ahilan T. Arulanantham, Esq.
Michael Kaufman, Esq.
ACLU Foundation of Southern California
1616 Beverly Boulevard
Los Angeles, CA 90026

    RE:    <u>EOIR Access Database</u>
                No. CV 07-3239-TJH (RNBx) (C.D. Cal.)

Dear Ahilan and Michael:

On May 27, 2011, we provided you with a CD labeled EOIR-EDI-001, containing a Microsoft Access database. I am writing to provide you with some basic information about that database.

The database contains 11 tables of data, and 16 associated lookup tables. The lookup tables serve as a key for abbreviated data found within certain table columns.

**Case Table Data**

This table contains basic information about each alien, and allows you to identify which alien the data in other tables is associated with through the IDNCASE number.

- **IDNCASE** – This is an Access-created number that allows information in other tables to be linked and associated with a particular alien. The IDNCASE number has no particular significance except as a linking number. Thus, for example, the IDNCASE numbers listed in that column correspond with rows of data in other tables that match that IDNCASE number. So, for example, IDNCASE number 6473256 in the Actions Table Data matches with the particular alien identified by that IDNCASE number in the Case Table Data.
- **ALIEN_NBR** – The alien number of the associated IDNCASE identified alien..
- **ALIEN_NAME** – The name of the alien associated with the IDNCASE

-2-

identified alien.

- **NAT** – The nationality of the associated alien. The **Lookup Nationality** table identifies the nationality by code (*e.g.*, "MX" corresponds with "Mexico" in the lookup table).
- **CUSTODY** – This column indicates whether, according to EOIR, the associated alien is or was in custody. It is not clear when this information is inputted. The **Lookup Custody Status** table identifies the custody status by code (*e.g.*, "D" corresponds with "Detained" in the lookup table).
- **DATE_DETAINED** – This column indicates the date of detention of an associated alien, as inputted by immigration court staff. The spreadsheet provided by ICE on ICE-EDI-001 likely provides more reliable, updated information regarding dates of detention.
- **DATE_RELEASED** – This column indicates the date an associated alien was released from detention, as inputted by immigration court staff. The spreadsheet provided by ICE on ICE-EDI-001 likely provides more reliable, updated information regarding dates of release.

## Actions Table Data

This table contains electronic database information regarding actions taken by immigration court staff with respect to a particular detainee's electronic records. These are largely miscellaneous actions, but we included them because they provide a more complete picture of the course of individual removal proceedings.

- **IDNCASE** – See above.
- **IDNACTIONS** – This is the primary link for actions. It is a number generated by Access and associated with a particular row, or "action." This has no independent significance except as a linking identifier for assembling tables in Access.
- **DATACTION** – Date and time the action was inputted into the electronic database.
- **STRDESCRIPTION** – This is the description of the action taken. There is no associated lookup table. This column is generated based on particular rules within the system. I note that in producing this database, we redacted references to information that is restricted from disclosure (*i.e.*, asylum applications and claims, and claims under the Convention Against Torture ("CAT")). Those descriptions are noted with the following designation: [Redacted].
- **BASECITY** – This is the city where the immigration proceedings are based for each alien. The **Lookup base City Codes** table identifies each city by code (*e.g.*, "LOS" corresponds with "Los Angeles" in the lookup table).
- **HLOC** – The specific location of the corresponding hearing, proceeding,

-3-

or action.  The **Lookup HLOC Codes** table identifies the hearing
location name by code (*e.g.*, "LAN" corresponds with "Mira Loma
Detention Center" in the lookup table).
- **STRREACTION** – This provides additional miscellaneous information
associated with the **STRDESCRIPTION**.

## Appeal Fed Courts Table Data

This table contains data on appeals to courts of appeals maintained in the EOIR
electronic database.

- **IDNCASE** – See above.
- **ALIEN_NBR** – See above.
- **strDocketNumber** – The docket number of the case before the court of
appeals.
- **datRequestedbyOIL** – This column identifies the date case-related
information was requested by the Office of Immigration Litigation.

## Appeal Table Data

This table contains data on appeals to courts of appeals maintained in the EOIR
electronic database.

- **idncase** – Same as IDNCASE (see above).
- **idnAppeal** – This is a number automatically generated by Access to
correspond to the specific row of data presented.  This has no independent
significance except as a linking identifier for assembling tables in Access.
- **datAppealDue** – This column identifies the date in which an appeal or
other action is due to be filed, typically with the Board of Immigration
Appeals.
- **strAppealType** – This column identifies the type of filing due on the
appeal due date.
- **datAppealFiled** – This column of data shows the date on which an
appeal or other action was filed.
- **strFiledBy** – This column of data identifies the filing party.  The **Lookup
Appeal Filed By** table identifies the filing party by code (*e.g.*, "A"
corresponds with "Alien" in the lookup table).
- **Proc** – This is a number used to identify the proceeding.  For example, if
an alien is removed from the United states in a 1998 proceeding, returns
illegally and is again placed in removal proceedings in 2009, then the 1998
removal proceeding will be designated as proceeding (or Proc) 1, the 2009
proceeding will be numbered 2, etc.  This permits Access to identify and
group actions, dispositions, etc. by specific removal proceeding in the

22

-4-

event that an alien is subject to more than one removal proceeding. Accordingly, all actions, dispositions, etc. numbered Proc 1 will all be actions, dispositions, etc. associated with that same removal proceeding. All actions, dispositions, etc. labeled as part of Proc 2 are all part of a later proceeding than Proc 1. And so on.

- **strBaseCityDistrictCode** – See **BASECITY** above.
- **strHearingOfficeCode** – Similar to **HLOC** above. This is the location where the most recent proceeding or hearing was held.
- **strBIADecision** – This column identifies the decision of the Board of Immigration Appeals with respect to the appeal. The **Lookup BIA Decision Codes** table identifies the decision of the Board of Immigration Appeals by code (*e.g.*, "DIS" corresponds with "Dismiss Appeal/Affirm IJ's decision" in the lookup table).
- **datBIADecision** – this column of data identifies a date associated with a decision of the Board of Immigration Appeals. It is unclear whether the date is the date of the Board's decision, or the date the staff entered the decision into the electronic database from which this table was generated.

## Bond Table Data

This table contains data kept by EOIR concerning bond and custody matters.

- **IDNCASE** – See above.
- **IDNPROCEEDING** – Similar to **IDNACTIONS** and **idnappeal**, this is an automatically-generated unique identifier for each row of information in this table. This has no independent significance except as a linking identifier for assembling tables in Access.
- **Proc** – See above.
- **INPUT_DATE** – The date and time the record was created by immigration court staff.
- **REC_TYPE** – This is the bond hearing action type. The **Lookup Bond REC_TYPE** table identifies the **REC_TYPE**, but all of the records indicate that these were bond proceedings (coded as "B" on the lookup table).
- **BASE_CITY_CODE** – See **BASECITY** above.
- **HEARING_LOC_CODE** – See **HLOC** above.
- **DEC** – This column of information identifies the immigration judge's decision with respect to the bond proceeding, as inputted by immigration court staff. The **Lookup Bond Decision** table identifies the decision of the immigration judge by code (*e.g.*, "S" corresponds with "No change" in the lookup table, "N" corresponds with "No bond," etc.).
- **COMP_DATE** – This column identifies the date of the bond decision, as inputted by immigration court staff.

-5-

- **INITIAL_BOND** and **NEW_BOND** – These columns identify, respectively, the amount of the initial bond set (whether by ICE or an immigration judge is unclear), and the new bond set by the immigration judge, as inputted by immigration court staff. It is not clear whether this information is routinely inputted. However, where a new bond is set, we presume that there is some reliability to the amount noted. That is not to say, however, that the lack of any bond amount information means no bond was set, or that a bond was not set in a particular amount. We caution against overly relying on these columns.

## Court Application Table Data

This table contains data identifying any applications filed by an alien in removal proceedings, the date the application was filed, the decision on that application, and the date of the decision.

- **IDNCASE** – See above.
- **IDNPROCEEDING** – See above.
- **Proc** – See above.
- **APPL_RECD_DATE** – The date the application filed by the alien was received by immigration court staff, as inputted by immigration court staff.
- **APPL_CODE** – This column of data identifies the application filed by the alien. The **Lookup Court Application** table identifies the application filed by code (*e.g.*, "VD" corresponds with "Voluntary departure" in the lookup table). Because several of the application codes refer to various forms of asylum applications, we have redacted references to applications concerning asylum and other restricted information under statute and regulation. Those redactions, owing to the limitations on the number of characters that can be inserted into the column, has been identified as: [RD].
- **BASE_CITY_CODE** – See above.
- **HEARING_LOC_CODE** – See above.
- **APPL_DEC** – This column identifies the decision on the application, as inputted by immigration court staff. The **Lookup Applications Decision** table identifies the decision of the immigration judge by code (*e.g.*, "A" corresponds with "Abandonment" in the lookup table).
- **DECISION_DATE** – The date of the immigration court decision on the application, as inputted by immigration court staff.

-6-

## Interim Board Decision Table Data

This table contains data identifying any interim decisions of the Board of Immigration Appeals.

- • **idncase** – See above.
- • **idnAppeal** – See above.
- • **Proc** – See above.
- • **datBoardMotionFiled** – This is the date the motion was filed with the Board of Immigration Appeals, as inputted by the immigration court staff.
- • **strBoardMotionCode** – There are two codes associated with the motions shown in this table, as reflected in the **Lookup Board Motions** table. "ML" corresponds with "Motion to Accept Late Brief" and "RE" corresponds with Motion to Reinstate Appeal."
- • **strBaseCityDistrictCode** – See above.
- • **strHearingOfficeCode** – See above.
- • **strDecisionCode** – this column identifies the decision of the Board of Immigration appeals with respect to the indicated motion.  As reflected in the **Lookup BIA Decision Codes** table, "GRN" corresponds with "Granted."
- • **datBoardDecisionRendered** – This column identifies the date on which the motion was decided by the Board of Immigration Appeals, as inputted by immigration court staff.

## Proceeding Charges Table Data

This table contains data identifying the charge against an alien in removal proceedings, and the date of a decision on the charge.

- • **IDNCASE** – See above.
- • **IDNPROCEEDING** – See above.
- • **Proc** – See above.
- • **DATCREATEDON** – This is the date the record was created by immigration court staff.  It does not necessarily correspond to the date the alien was charged.
- • **CHARGE** – This column of information identifies the charge or charges against an alien in the particular proceeding.
- • **BASE_CITY_CODE** – See above.
- • **HEARING_LOC_CODE** – See above.
- • **CHG_STATUS** – This column identifies the status of the charge, as inputted by immigration court staff.   The **Lookup Charge Status** table identifies the status of the charge by code (*e.g.*, "S" corresponds with "Sustained" in the lookup table).

-7-

- **DECISION_DATE** – The date of the immigration court decision on the application, as inputted by immigration court staff.

**Proceeding Table Data**

This table, when associated with the **Lookup Court Decision** table, contains information regarding the decision in a proceeding.

- **IDNCASE** – See above.
- **IDNPROCEEDING** – See above.
- **Proc** – See above.
- **INPUT_DATE** – This is the date the record was created, presumably by immigration court staff.
- **BASE_CITY_CODE** – See above.
- **HEARING_LOC_CODE** – See above.
- **COMP_DATE** – The date the proceeding was completed, as inputted by immigration court staff. If the field has no information – that is, if it is a null set – that indicates the proceeding is pending.
- **DEC_CODE, OTHER_COMP, CASE_TYPE** – The **DEC_CODE** and **OTHER_COMP** columns contain mutually exclusive data. The manner in which these columns, by row, are completed, will identify the outcome in each proceeding by case type (**CASE_TYPE**). The particular combination of these three fields, by row, will correspond to a decision description (**strDecDescription**) in the **Lookup Court Decision** table.

This is best described by a step-by-step example. Looking to the **Proceeding data table**, the first row is associated with **IDNCASE** 6535927. The case type identified under **CASE_TYPE** is "RMV," or "Removal." The decision code for that proceeding, located under **DEC_CODE**, is X. Under **OTHER_COMP**, there is no information. If you then go to the **Lookup Court decision table**, and go down the **strCaseType** column until you get to the group of "RMV," you then must look for the "X" (the code in **DEC_CODE**). The column next to it is **strDECType**. You will see a "C" or an "O". The "C" means the decision is found in the **DEC-COMP** (C stands for DecComp) column, and the "O" means the decision is found in the **OTHER_COMP** column ("O" stands for OtherComp). Thus, in looking at that record – 6535927 – we see that "X" under **DEC_COMP** corresponds with X under "C". Looking then to **strDescription** under the lookup table, you will see "Remove" – meaning the alien was ordered removed.

Another example: If you look two rows down on the **Proceeding Data Table**, you see record number 5869898. If you look across the row, you see a "C" under "OTHER_COMP," and that the case type is "RMV," or removal. Looking at the lookup table, you see that under RMV, a C under "OTHER_COMP" (represented by O) means

-8-

"Change of venue." If you go back to the Proceeding Data Table, you see that the same record number has three proceedings. Proceeding number 2 (or Proc 2) has also seen a change of venue (C is under "O"THER_COMP). If you look to the next line, you see the same record number with proceeding (Proc) number 3. There are no decisions under either "DEC_CODE" or "OTHER_COMP." The case remains pending.

Credible fear ("CFR") and reasonable fear ("RFR") case types are associated with asylum and asylum-related proceedings. Those have been redacted as follows: [R].

## Schedule Table Data

This table contains data identifying the dates of hearings in removal proceedings and the outcomes of those proceedings within a set of adjournment codes.

- **IDNCASE** – See above.
- **IDNPROCEEDING** – See above.
- **SCHEDULE_TYPE** – This indicates the type of hearing scheduled. Note: When referring to "adjournment," EOIR means "hearing" or "proceeding," and not adjournment in the usual sense of the word. The **Lookup Schedule Type** table identifies the hearing or adjournment type by code (*e.g.*, "CY" corresponds with "Custody" in the lookup table). We note that "Custody" means any kind of custody hearing, including a *Joseph* or *Casas* hearing, as well as a bond redetermination hearing.
- **ADJ_DATE** – The date of the hearing.
- **ADJ_TIME_START** and **ADJ_TIME_END** – These columns show, respectively, the scheduled start and end times for hearing.
- **BASE_CITY_CODE** – See above.
- **HEARING_LOC_CODE** – See above.
- **IJ_CODE** – The identification of the immigration judge.
- **ADJ_MEDIUM** – This column indicates whether a hearing was in person ("P"), by video teleconference ("V"), or by telephone ("T").
- **ADJ_RSN** – This column identifies, by code, the result of the hearing. The **Lookup Adjournment Reasons** table identifies the hearing outcome by code (*e.g.*, "01" corresponds with "Alien to seek representation" in the lookup table). Several of the codes reflect outcomes where the hearing was adjourned to permit the alien to pursue an asylum or other application, information about which is restricted from disclosure by statute or regulation. Those codes have been redacted and identified as: RD.

We have attempted to identify and redact only that information that clearly references restricted information. In the event that you discover a reference to asylum, a CAT claim, a claim under VAWA, or other area we addressed in previous correspondence,

27

-9-

such a disclosure was not intentional, and we ask that you please notify us immediately. Otherwise, we trust that this information will be maintained as confidential under the terms of our agreement pending a formal protective order.

Please contact me if you have any questions or comments.

Regards,

/s/ Theodore W. Atkinson

Ted Atkinson
Senior Litigation Counsel
united States Department of Justice