1  TONY WEST
   Assistant Attorney General
2  Civil Division
   DAVID J. KLINE
3  Director, Office of Immigration Litigation
   District Court Section
4  VICTOR M. LAWRENCE
   Principal Assistant Director
5  THEODORE W. ATKINSON
   Senior Litigation Counsel
6  United States Department of Justice
   Civil Division
7  Office of Immigration Litigation
   District Court Section
8  P.O. Box 868, Ben Franklin Station
   Washington, DC 20044
9  Tel.: (202) 532-4135
   e-mail: theodore.atkinson@usdoj.gov
10
   Attorneys for Respondents

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*, | Case No. CV 07-3239-TJH (RNBx) |
| Petitioners, | **DISCOVERY MATTER** |
| vs. | **[PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION** |
| TIMOTHY S. ROBBINS, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director*; JANET NAPOLITANO, *in her capacity as Secretary of Homeland Security*; and ERIC H. HOLDER, JR., *in his capacity as Attorney General of the United States*, | Hon. Robert N. Block |
| Respondents. | |

This matter comes before this Court on the parties' joint stipulation for the entry of a protective order governing confidential information. Good cause exists for the entry of a protective order because discovery in this action has and will result in the disclosure by the parties of personal and confidential non-privileged information, including electronic database information, possibly information from alien files (or "A-Files"), and other information concerning members of the class certified in this action and other individuals. The parties having agreed to the following terms governing the treatment of confidential information, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is

HEREBY ORDERED as follows:

1. Pursuant to 5 U.S.C. § 552a(b)(11), this Stipulated Protective Order authorizes Respondents to produce private identifying information and other information discoverable pursuant to Fed. R. Civ. P. 26(c) that Petitioner seeks without requiring officials of the United States to pre-screen each document for objections under the Privacy Act, 5 U.S.C. § 552a, and presenting those objections to this Court for a decision regarding disclosure.

2. The terms of this Stipulated Protective Order will govern the parties' production of information in response to discovery requests, to the extent that such production contains "Confidential Information" as defined in paragraph 3 and designated in paragraph 4. The terms of this Order shall also govern the

safeguarding of such information by all individuals referenced in paragraph 6.

3. As used in this Stipulated Protective Order, "Confidential Information" is defined as any information not publicly available that is disclosed by the parties in this action and which at or before the time of disclosure has been designated as "Confidential" by the parties in accordance with paragraph 4. The disclosure of all information that the parties previously agreed to keep confidential shall now be governed by this Stipulated Protective Order. "Confidential Information" is the following: (a) the names, alien numbers, locations of, or any other identifying information which would allow the identification of the particular individual(s) to whom the information relates, (b) individual medical information, (c) certain individual financial and tax information, (d) non-public divorce decrees, (e) any information that is protected or restricted from disclosure by statute or regulation, but which the Court has ordered to be produced, and (f) any other category of information hereinafter given confidential status by the Court. If a designating party determines that information not described in this paragraph should be designated as "Confidential Information," the parties shall negotiate the appropriateness of that designation in good faith and endeavor to resolve any dispute prior to the production of that information. Information that is not "Confidential Information" includes, but is not limited to, aggregate information concerning class members that does not permit the identification of the particular individuals to whom the information relates.

4. "Confidential Information" may be designated by the parties in one or more of the following ways:

    a. "Confidential Information" set forth in a response to an interrogatory may be so designated by including the word "Confidential" in the response.

    b. "Confidential Information" contained in a document or part thereof may be so designated by marking the production of any "Confidential Information" with the words "CONFIDENTIAL" or "THIS DOCUMENT IS SUBJECT TO A COURT ORDER IN RODRIGUEZ, ET AL. v. ROBBINS, ET AL., No. 07-cv-3239 (C.D. Cal.). THIS DOCUMENT AND ITS CONTENTS SHALL NOT BE USED, SHOWN OR DISTRIBUTED EXCEPT AS PROVIDED IN THE PROTECTIVE ORDER ENTERED IN THIS ACTION."

    c. "Confidential Information" contained in any statement made during an oral deposition may be so designated through a statement made on the record.

    d. Information that is otherwise properly designated as "Confidential Information" shall not be so designated or considered where the detainee to whom the information refers has affirmatively consented to its disclosure.

5. If a Party disagrees with a designation of "Confidential Information," it shall provide the designating party written notice of its challenge. If the parties

cannot resolve this dispute, a non-designating party may object to and challenge the designation of any information as "Confidential Information" in a manner that comports with Local Rules 37-1 and 37-2. The designating party bears the burden of showing that information is confidential. Failure to challenge a designation immediately does not waive a party's ability to bring a later challenge.

6. Information designated as "Confidential Information," including the portion of any document containing "Confidential" information, may be disclosed by a non-designating party only to the following persons:

  a. counsel for the parties to this action and any support staff and other employees of such counsel assisting in this action with an appropriate need to know;

  b. any experts retained for this action by counsel to a party or support staff or employees of such an expert, subject to paragraph 9;

  c. any other person mutually authorized by the parties' counsel to examine such information, subject to paragraph 9;

  d. the Court and its personnel, including court reporters.

7. All persons listed in paragraph 6(a) to whom "Confidential" information is disclosed are hereby prohibited from disclosing to, or otherwise discussing with, any person other than those listed in paragraph 6(a)-(d), any information designated as "Confidential Information," except as provided in this Stipulated Protective Order.

8. All persons listed in paragraphs 6(b) and 6(c) to whom "Confidential Information" is disclosed shall first be required to read the terms of this Stipulated Protective Order and sign a copy of the Acknowledgment of Protective Order form, attached hereto as Exhibit A, agreeing to be bound thereby. This requirement does not apply to the disclosure of Confidential Information to the Court and its personnel, including court reporters.

9. In the event a party wishes to use any "Confidential Information" produced under this Stipulated Protective Order to move the Court to resolve a matter arising from litigating this action only, or to oppose such motion, such pleadings shall be filed in accordance with Local Rule 79-5.

10. If a party expects to use "Confidential Information" at any hearing, trial, or appellate proceeding in this action, the non-designating party shall provide the designating party with sufficient opportunity to request that the Court exclude the information from the public record.

11. Except as provided in this paragraph or elsewhere in this Stipulated Protective Order, all discovery produced or exchanged that contains designated "Confidential Information" shall be used solely for the purposes of litigating this action and for no other purpose whatsoever and shall not be disclosed, disseminated, or transmitted to any person, entity, or organization except in accordance with the terms hereof.

a. Nothing in this Stipulated Protective Order shall preclude the disclosure of any "Confidential Information" with respect to a detainee who affirmatively consents to the disclosure of that information.

b. The limitations and restrictions on the disclosure of "Confidential Information" under this Stipulated Protective Order shall not apply to "Confidential Information" (1) that the Court has ordered Respondents to produce, and (2) that comes from the requested A-File materials of an individual who presently is or will be a class member. This exception does not apply to post-order custody review worksheets that may be contained in an A-File. Because the exception in this paragraph permits a class member to disclose the "Confidential Information" described in this paragraph without restriction or limitation, including through class counsel with a class member's authorization or consent, the exception described in this paragraph shall remain in effect only so long as counsel for Petitioners remain as counsel for the certified class in this action.

c. The limitations and restrictions on "Confidential Information" in this Stipulated Protective Order shall not apply with respect to information obtained through a third-party source other than through discovery production.

d. This Stipulated Protective Order shall not preclude any party from disclosing publicly-available information.

12. The parties shall maintain "Confidential Information" as follows:

    a. If the parties mutually agree that some "Confidential Information" relates to individuals who were never class members, Counsel for Petitioner shall destroy information related to those people within ten (10) days of their mutual decision, and Counsel for Petitioner shall certify in writing to Counsel for Respondents that such information has been destroyed. If the parties do not agree, and if the Court determines that "Confidential Information" relates to individuals who were never class members, then within ten (10) days of the Court's having made that determination, counsel for Petitioners shall destroy the "Confidential Information" related to non-class members, and certify in writing to Counsel for Respondents that such information has been destroyed.

    b. Petitioners and anyone to whom "Confidential Information" has been disclosed in accordance with paragraphs 6(a) through 6(c) shall maintain all remaining "Confidential Information" pursuant to the terms of this Stipulated Protective Order, subject to further order by this Court (this provision does <u>not</u> apply to Confidential Information disclosed to and maintained by the Court and its personnel, including court reporters). Within ten (10) days after the final disposition of this action, including any and all appeals, all discovery and copies thereof in the possession of Petitioners and anyone to whom "Confidential Information" has been disclosed in accordance with paragraphs 6(a) – (c) shall be

returned to the producing parties or destroyed, at the option of the disclosing party, except as this Court may otherwise order.

        c.      Notwithstanding subparagraph 12(b), counsel of record may maintain a complete set of discovery for their records, provided that such counsel maintain the confidential nature of the discovery.

    13.      Counsel for either party shall notify the other of any inadvertent disclosure of information concerning any individual who is not a class member and shall destroy information related to such individuals consistent with the terms of paragraph 12(a).

    14.      Nothing in this Stipulated Protective Order shall be construed as a waiver of any defense, right or claim by either party, nor shall this Stipulated Protective Order affect the right of Respondents to seek additional protection against the disclosure of any documents or materials, or of Petitioner to seek additional disclosures.

    15.      Any party may apply to this Court at any time, upon proper notice, for a modification of this Stipulated Protective Order with respect to the handling or designation of any document or for any other purpose.

    16.      Nothing in this Stipulated Protective Order shall be taken to authorize the disclosure of information otherwise barred from disclosure pursuant to Local Rule 79-5.4.

17. This Stipulated Protective Order shall be binding upon any present or future party to the *Rodriguez, et al. v. Robbins, et al.*, No. 07-cv-3239-TJH (RNBx) (C.D. Cal.), litigation.

18. This Stipulated Protective Order shall be effective and enforceable upon entry by the Court, except that the Parties may agree to abide by its terms prior to entry of any order.

19. The terms of this Stipulated Protective Order shall survive the termination of this action proceeding after its final disposition for purposes of enforcing this Stipulated Protective Order.

Dated: __July 6__, 2011  _____
ROBERT N. BLOCK
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER

I, _____, am associated with the litigation in Rodriguez, et al. v. Robbins, et al., No. 07-cv-3239-TJH (RNBx) (C.D. Cal.) in the capacity of _____. I acknowledge reading and understanding the Stipulated Protective Order Governing Confidential Information issued in Rodriguez on _____, and agree to be bound by all provisions thereof.

   Executed this \_\_\_ day of _____ at _____.

   SIGNATURE: _____

PRESENTED BY:

TONY WEST
Assistant Attorney General
DAVID J. KLINE
Director,
Office of Immigration Litigation
District Court Section
VICTOR M. LAWRENCE
Principal Assistant Director
By: */s/ Theodore W. Atkinson*
THEODORE W. ATKINSON
Senior Litigation Counsel
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4135
e-mail: theodore.atkinson@usdoj.gov

Attorneys for Respondents

By: */s/ Ahilan Arulanantham*
AHILAN T. ARULANANTHAM
ACLU OF SOUTHERN CALIFORNIA

Attorneys for Petitioners