# EXHIBIT A

Joint Stipulation Regarding
Petitioners' Motion for Reconsideration
and/or Clarification of July 25, 2011 Order [Dkt # 195]

*Rodriguez v. Robbins, et al.,* Case No. 07-3239-TJH (RNBx)



**U.S. Citizenship and Immigration Services**



Home | Español| Blog | Archive | Index

Search

Entire Site ○ Just this section ○

Home > Humanitarian > Refugees & Asylum > Asylum

Printer Friendly

**Refugees & Asylum**
Refugees
Asylum
Victims of Human Trafficking & Other Crimes
Temporary Protected Status & Deferred Enforced Departure
Battered Spouse, Children & Parents
Humanitarian Parole
Special Situations

## Obtaining Asylum in the United States

The two ways of obtaining asylum in the United States are through the affirmative process and defensive process.

### Affirmative Asylum Processing With USCIS

To obtain asylum through the affirmative asylum process you must be physically present in the United States. You may apply for asylum status regardless of how you arrived in the United States or your current immigration status.

You must apply for asylum within one year of the date of their last arrival in the United States, unless you can show:

- Changed circumstances that materially affect your eligibility for asylum or extraordinary circumstances relating to the delay in filing
- You filed within a reasonable amount of time given those circumstances.

You may apply for affirmative asylum by submitting Form I-589, Application for Asylum and for Withholding of Removal, to USCIS. For instructions on how to file for asylum, see the "Form I 589, Application for Asylum and for Withholding of Removal" link to the right.

If your case is not approved and you do not have a legal immigration status, we will issue a Form I-862, Notice to Appear, and forward (or refer) your case to an Immigration Judge at the Executive Office for Immigration Review (EOIR). The Immigration Judge conducts a 'de novo' hearing of the case. This means that the judge conducts a new hearing and issues a decision that is independent of the decision made by USCIS. If we do not have jurisdiction over your case, the Asylum Office will issue an I-863, Notice of Referral to Immigration Judge, for an asylum-only hearing. See 'Defensive Asylum Processing With EOIR' below if this situation applies to you.

Affirmative asylum applicants are rarely detained by U.S. Immigration and Customs Enforcement (ICE). You may live in the United States while your application is pending before USCIS. If you are found ineligible, you can remain in the United States while your application is pending with the Immigration Judge. Most asylum applicants are not authorized to work.

For step-by-step information about the affirmative asylum process, see the "The Affirmative Asylum Process" link to the right.

### Defensive Asylum Processing with EOIR

A defensive application for asylum occurs when you request asylum as a defense against removal from the U.S. For asylum processing to be defensive, you must be in removal proceedings in immigration court with the Executive Office for Immigration Review (EOIR).

Individuals are generally placed into defensive asylum processing in one of two ways:

- They are referred to an Immigration Judge by USCIS after they have been determined to be ineligible for asylum at the end of the affirmative asylum process, or
- They are placed in removal proceedings because they:
    - Were apprehended (or caught) in the United States or at a U.S. port of entry without proper legal documents or in violation of their immigration status, OR
    - Were caught by U.S. Customs and Border Protection (CBP) trying to enter the United States without proper documentation, were placed in the expedited removal process, and were found to have a credible fear of persecution or torture by an Asylum Officer. For more information on the Credible Fear Process, see the "Questions & Answers: Credible Fear Screenings" link to the right.

Immigration Judges hear defensive asylum cases in adversarial (courtroom-like) proceedings. The judge will hear arguments from both of the following parties:

- The individual (and his or her attorney, if represented)
- The U.S. Government, which is represented by an attorney from Immigration and Customs Enforcement (ICE)

The Immigration Judge then decides whether the individual is eligible for asylum. If found eligible, the Immigration Judge will order asylum to be granted. If found ineligible for asylum, the Immigration Judge will determine whether the individual is eligible for any other forms of relief from removal. If found ineligible for other forms of relief, the Immigration Judge will order the individual to be removed from the United States. The Immigration Judge's decision can be appealed by either party.

For information about the grant of asylum by an Immigration Judge, see the "Granted a Green Card by an Immigration Judge" link to the right.

For information about the Executive Office for Immigration Review, including the Immigration Courts and the Board of Immigration Appeals, see the "Executive Office for Immigration Review" link to the right.

### Key Differences Between "Affirmative" and "Defensive" Asylum Process

| Affirmative | Defensive |
|---|---|
| Individual has not been placed in removal proceedings before an Immigration Judge | Individual has been placed in removal proceedings before an Immigration Judge |
| Individual affirmatively submits Form I-589 to USCIS | Individual: |

**Related Links**
- Asylum Eligibility and Applications FAQ

**More Information**
- Obtaining Asylum in the United States
- The Affirmative Asylum Process
- Types of Asylum Decisions
- Minor Children Applying for Asylum By Themselves
- Immigration through the Nicaraguan Adjustment and Central American Relief Act (NACARA) Section 203
- Asylum Bars
- Benefits and Responsibilities of Asylees
- Asylum Employment Authorization and Clock Contacts
- Resources for Asylum Applicants
- Information Guide for Prospective Asylum Applicants
- Asylum Division Training Programs

**Asylum Forms**
- Asylum Forms

**Questions and Answers**
- Asylum Questions and Answers

**Tools**
- Field Office Locator
- ASC Locator
- Find a Medical Doctor
- Asylum Office Locator

**Other USCIS Links**
- Fingerprint Notification for California and Arizona Asylum Applicants
- Green Card for Asylees
- Green Card Through Refugee or Asylum Status
- Family of Refugees and Asylees

**Non-USCIS Links**
- Title 8, Code of Federal Regulations
- Executive Office for Immigration Review

- Add Our RSS Feed

|  |  |
|---|---|
|  | • Is placed in removal proceedings by an Asylum Officer; |
|  | • Is placed in removal proceedings for immigration violations; or |
|  | • Tried to enter the United States without proper documents and was found to have a credible fear of persecution or torture |
|  | If the individual was referred by USCIS, the asylum application already filed will carry over to the immigration judge. If the individual did not yet submit an asylum application he or she will submit it to the Immigration Judge. |
| Individual appears before a USCIS Asylum Officer for a non-adversarial interview | Individual appears before an Immigration Judge with the Executive Office for Immigration Review for an adversarial, court-like hearing |
| Individual must provide a qualified interpreter for the asylum interview | The Immigration Court provides a qualified interpreter for the asylum hearing and all other court proceedings. |

Last updated:03/10/2011

InfoPass                Citizenship                U.S. Department of Homeland Security    Freedom of Information Act (FOIA)
My Case Status          Green Card                 U.S. Customs & Border Protection        No FEAR Act
                        Family                     U.S. Immigration & Customs              Website Policies
                        Working in the U.S.        Enforcement                             Privacy and Legal Disclaimers
Passports               Humanitarian               White House                             Accessibility
A-                      Adoption                   U.S. Department of State                Plug-ins
                        Military                   USA.gov                                 Adobe Reader®
                        Avoid Scams                                                        Windows Media Player®
Contact Us              Genealogy                                                          Archive

http://www.uscis.gov/portal/site/uscis/menuitem.5af9bb95919f35e66f614176543f6d1a/?vgn...    8/9/2011

49

# EXHIBIT B

Joint Stipulation Regarding
Petitioners' Motion for Reconsideration
and/or Clarification of July 25, 2011 Order [Dkt # 195]

*Rodriguez v. Robbins, et al.,* Case No. 07-3239-TJH (RNBx)



**U.S. Citizenship and Immigration Services**

Home | Español | Blog | Archive | Index

Search

Entire Site ○ Just this section ○

FORMS    NEWS    RESOURCES    LAWS    OUTREACH    ABOUT US

Home > Humanitarian > Battered Spouse, Children & Parents    🖨 Printer Friendly

Refugees & Asylum
Victims of Human Trafficking & Other Crimes
Temporary Protected Status & Deferred Enforced Departure
Battered Spouse, Children & Parents
Humanitarian Parole
Special Situations

## Questions and Answers: Battered Spouses, Children and Parents Under the Violence Against Women Act (VAWA)

**Q. What if my Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant, is denied?**
A. If your petition is denied the denial letter will tell you how to file an appeal. You may file a Notice of Appeal along with the required fee at the Vermont Service Center within 33 days of receiving the denial. Once the fee is collected and the form is processed at the service center, the appeal will be referred to the Administrative Appeals Office in Washington, D.C.

**Q. Can A Man File A Petition For Himself Under The Violence Against Women Act?**
A. Yes, VAWA applies equally to victims of either sex.

**Q. Do I Have to Remain Married to My Abusive Spouse Until my Form I-360 is Approved?**
A. Effective October 28, 2000, you may file a Form I-360 if you are still married to your abusive spouse or, in certain circumstances, if you are not still married to your abusive spouse. If you are not still married to your abusive spouse when you file Form I-360, you must meet one of the following exceptions:

- You believed you were legally married to your abusive spouse but the marriage is not legitimate solely because of the bigamy of your abusive spouse.
- Your abusive spouse died within 2 years of filing the petition.
- Your abusive spouse lost or renounce his citizenship or lawful resident status due to an incident of domestic violence
- Your marriage to your abusive spouse was terminated within the 2 years prior to filing of the petition, and there is a connection between the termination of the marriage and the battery or extreme cruelty.

The actual grounds for the termination of the marriage do not need to explicitly cite battery or extreme cruelty. After your petition has been filed, legal termination of the marriage will not usually affect the status of your petition. Unfortunately, current USCIS regulations do not reflect these statutory changes and still state that you must be married at the time of filing. USCIS is obligated to follow the statute, and you are no longer required to be married to your abusive spouse at the time of filing. You may wish to seek advice from an immigration attorney or legal advocate regarding this provision.

**Q. Can A Divorced Spouse Seek Relief By Filing A Form I-360?**
A. Yes. Effective October 28, 2000, you may file a Form I-360 if the marriage was terminated within 2 years prior to the date of filing, if you can demonstrate a connection between the termination of the marriage and the battery or extreme cruelty. A battered spouse who cannot demonstrate such a connection may be eligible for battered spouse cancellation of removal. To qualify for battered spouse cancellation of removal, you must meet the other requirements that would be necessary for approval of a self-petition. In addition, you must have been physically present in the United States for 3 years immediately preceding the filing of the application for cancellation of removal, and you must demonstrate that your removal from the United States would result in extreme hardship to you or your child.

Your Form I-360 will be denied if you re-marry prior to the approval of the Form I-360. Remarriage after the Form I-360 has been approved will not affect the validity of the petition.

**Q. What if My Abusive U.S. Citizen or Permanent Resident Spouse or Parent (or U.S. Citizen Son or Daughter) Filed a Form I-130, Petition for Alien Relative, on My Behalf, Which Is Still Pending or Was Withdrawn?**
A. If you are the beneficiary of a Form I-130 filed by the abusive spouse, parent or child, you will be able to transfer the priority date of the Form I-130 to the Form I-360. This is extremely important for you if since it may result in an earlier priority date and a shorter waiting time for getting a green card.

**Q. Can Anyone Else Assist Me?**
A. If you need additional advice, you may contact the USCIS field office nearest your home for a list of community-based, non-profit organizations that may be able to assist you in applying for an immigration benefit. Please see the "Find a USCIS Office" link to the right for more information on contacting USCIS offices. In addition, see the "finding legal advice" link to the right for information on free or low cost legal advice.

You should also know that help is available to you through the National Domestic Violence Hotline at 1-800-799-7233 or 1-800-787-3224 [TDD]. The hotline has information about shelters, mental health care, legal advice and other types of assistance, including information about self-petitioning for immigration status.

Last updated: 09/09/2009

### More Information
- Immigration Options for Victims of Crimes Brochure (PDF)
- Immigration Relief for Vulnerable Populations (324KB PDF)

### Forms
- Form I-730, Refugees/Asylee Relative Petition
- Form I-485, Application to Register for Permanent Residence or Adjust Status
- Form I-765, Application for Employment Authorization

### Other USCIS Links
- Working in the U.S.
- Glossary
- Fact Sheet: USCIS Issues Guidance for Approved VAWA Self-Petitioners
- Immigration and Nationality Act Section 204 - Procedure for Granting immigra Part 204 Sec.204.2 Petitions for relatives, widows, widowers and abused spouses and children
- Policy and Procedural Memoranda on Battered Spouses
- Questions and Answers: Battered Spouses, Children and Parents Under the Violence Against Women Act (VAWA)
- Resources for Battered Spouse, Children & Parents
- Immigration Relief for Vulnerable Populations (324KB PDF)

### Non-USCIS Links
- National Domestic Violence Website
- Department of State: Visa Information

Add Our RSS Feed

---

| | | | |
|---|---|---|---|
| FOIA | Citizenship | U.S. Department of Homeland Security | Freedom of Information Act (FOIA) |
| My Case Status | Green Card | U.S. Customs & Border Protection | No FEAR Act |
| Change of Address | Family | U.S. Immigration & Customs Enforcement | Website Policies |
| Civil Surgeon | Working in the U.S. | White House | Privacy and Legal Disclaimers |
| Passports | Humanitarian | U.S. Department of State | Accessibility |
| E-Verify | Adoption | | Plug-ins |

| Contact us USCIS | Military | USA.gov | Adobe Reader |
|---|---|---|---|
| Site Map (links) | Avoid Scams | | Windows Media Player |
| Contact Us | Genealogy | | Archive |
| | Visit the U.S. | | |