# Exhibit 1

to

Notice of Related Case

*Rodriguez v. Robbins, et al.*, No. 07-cv-03239-TJH (RNBx) (C.D. Cal.)




# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

SACV11-01786 AG (OP)

***Efren Orozco,(pro-se)***
*Petitioner – Plaintiff.*

***Alien No***: 200-707-831




***Eric Holder,***
*Attorney General of the United States.*
***Timothy Robins,***
*Field Operations Director*
*Immigration and Customs Enforcement*
*Department of Homeland Security*
***Janet Napolitano,***
Secretary, Department of Homeland Security
***Sandra Hutchens***
*Warden / Sheriff / Coroner of Orange County*
*Respondents – Defendants.*

**Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief**

Petitioner-plaintiff Efren Orozco Osuna (hereinafter Efren) hereby petitions this Court for a writ of habeas corpus and seeks declaratory and injunctive relief to review the lawfulness of his detention by the United States Department of Homeland Security (DHS), and Immigration and Customs Enforcement (ICE) since March 28, 2011 because ICE has detained the petitioner for 8 months without a bail hearing, denying parole on inadequate grounds. In support of this Petition and Complaint, Petitioner alleges as follows:

## JURISDICTION

1. This action arises under the United States Constitution, the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. 1101 *et seq.* (the INA), and the Administrative Procedure Act, 5 U.S.C. 701 *et seq.* (the APA).

LODGED
CLERK, U.S. DISTRICT COURT
NOV 15 2011
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

2. Jurisdiction exists in this Court pursuant to 28 U.S.C. 2241 *et seq.*, 28 U.S.C. 1331, the APA, the Declaratory Judgment Act, 28 U.S.C. 2201 *et seq.*, and the All Writs Act, 28 U.S.C. 1361. This Court has jurisdiction to review Petitioners unlawful detention claims. *See CASA CASTRILLON v. DHS. {535 F.3d 951}*

**VENUE**

3. Venue is proper in this district because Petitioner is currently incarcerated in the Theo Lacy Facility, Orange County Jail, Orange, CA, within the District of, Central District of California. *See* 28 U.S.C. 1391(e)(2).

**PARTIES**

4. Petitioner is a citizen and native of Mexico, and an arriving alien to the United States.

5. Respondent-defendant Eric Holder is the duly appointed, qualified and confirmed Attorney General of the United States Department of Justice, and, as such, is the official charged with responsibility for the administration of all the functions, powers and duties of ICE, including carrying out or staying any order of exclusion, deportation or removal.

6. Respondent-defendant Timothy Robins is sued in his official capacity as the District Director of, Orange, CA, United States Immigration and Customs Enforcement. As such, he is the United States Attorney Generals designate, charged with the duty of administration and enforcement of all the functions, powers and duties of ICE. He has responsibilities for detainees confined in Orange County, which includes Theo Lacy Facility, Orange County Jail.

**FACTS**

7. Petitioner is a male, twenty-seven years of age born in Tijuana, Mexico in 1984. Petitioner was removed to Mexico on January 2011 by an Immigration Judge (IJ) in Chaparral NM, for a violating Cal. Penal Code 243 (e) (1). Re-entered the United States on March 28, 2011 giving his

self into custody of costumes and border protection agent (CBP) at San Ysidro border inspection, seeking refuge from the Mexican government. Petitioner has been in custody of DHS/ICE ever since. *See* Exh. Copy of Credible Fear Determination interview.

8. Late March 2011, Petitioner was kidnapped by two alleged "Policia Federal" officers in full commando suit. Petitioner suffer from extortion from the Mexican Authorities, Finally Kidnapping him In attempts To recruit him to commit criminal activities and or attempting to force him into confessing for crimes he did not commit, when the petitioner refused to do as he told, he was taken by force and confined in a steel shack where the petitioner days later made an escape to the U.S. border. Thus petitioner has committed no crime by seeking help from the U.S. government. DHS/ICE has kept the petitioner in prolonged detention in violation of his 5th Amendment, please see *CASA CASTRILLON v. DHS.* **{535 F.3d 950}** *(9TH Cir. 2008);("We conclude that prolonged detention without adequate procedural protections would raise serious constitutional concerns. As the Supreme Court has repeatedly reaffirmed, "'the Fifth Amendment entitles aliens to due process of law in deportation proceedings".)*

9. October 12, 2011 , petitioner received a letter from ICE deportation officer Torres stating denial of parole the letter signed by Assistant Field Director, Mr. Gabriel Valdez states that I had a parole interview with ICE on September 23, 2011, this is unfitting and I have no acknowledgement or record of such happening, please see *CASA CASTRILLON v. DHS.* **{535 F.3d 951}** (9TH *Cir. 2008), (" two Immigration and Customs Enforcement ("ICE") field officers filled out a "Post-Order Custody Review Worksheet" and recommended that Casas remain in custody because he "would be a flight risk," a determination that was then approved by an ICE field director. Although these ICE officials reviewed Casas' record when making their determination, they did not interview him personally or by telephone. It is not clear from the record whether Casas was even notified of this impending review or whether he was given an opportunity to contest the facts on which the ICE officials*

*based their decision. 3 There is no indication that he had a right to an administrative appeal. This review falls far short of the procedural protections afforded").*

10. ICE states that petitioner "has not established to ICE's satisfaction the he is not a danger to the community or U.S. security. In making this determination ICE has taken into account any evidence of past criminal activity, activity contrary to U.S. national security interest, activity giving rise to concerns of public safety or danger to the community, disciplinary infractions or incidents, or other criminal or detention history that shows you would like to harm yourself or others". Petitioners previous conviction and only conviction to the best of his knowledge is violation of Cal. Penal Section 243 (e) (1), a crime that has proven not to involve moral turpitude because it is not under 18 U.S.C. § 16, a crime of violence, please see, (Ortega-Mendez v. Gonzales), **450 F.3d 1019** (9th Cir. 2006), ("*suggesting that battery encompasses use of force that is not violent. Thus, the Robinson court may have assumed that it need not examine case law in conducting the "crime of violence" inquiry, and it certainly assumed that "crimes of");* **{450 F.3d 1020}** *violence" need not be violent in nature. Both assumptions are, however, clearly irreconcilable with intervening higher authority");* **{450 F.3d 1021} ("***For the foregoing reasons, we hold that Ortega-Mendez's 1998 battery offense is not a "crime of violence" within the meaning of 18 U.S.C. § 16(a) and thus not a "crime of domestic violence" within the meaning of 8 U.S.C. § 1227(a)(2)(E)(i). The BIA therefore erred in determining that Ortega-Mendez was ineligible for cancellation of removal under 8 U.S.C. § 1229b (b) (1) (C) on the ground that his 1998 offense was a "crime of domestic violence" within the meaning of § 1227(a) (2) (E) (i). We grant Ortega-Mendez's petition. Because the agency did not determine whether Ortega-Mendez was otherwise statutorily eligible for cancellation of removal, we remand for a determination of that question, and, if he is eligible, for a determination of whether the agency should, as a matter of discretion, grant him relief. See INS v. Ventura, 537 U.S. 12, 16-18, 123 S. Ct. 353, 154 L. Ed. 2d 272 (2002)") ;* **{ 450 F.3d 1022} ("***PETITION GRANTED; REMANDED").* Therefore making the petitioner neither a violent individual nor a risk to the community.

11. ICE has also determined the petitioner would be a flight risk without giving him a chance to contest such determination. Mr. Orozco has no recognition of any failures to appear, or evading police conviction in his record. Please See Tijani, **{430 F.3d at 1242}**. *Thus an alien is entitled to release on bond unless the "government establishes that he is a flight risk or will be a danger to the community."*

12. While in detention, Petitioner has no record of any violence or disciplinary confinement, proving that the petitioner is not either a violent or problematic individual, always cooperates and follows instructions from authorities, and has voluntarily taken the job of "house mouse" without pay, helping other detainees in his housing location. (See attachment letters of detainees)

## PROCEDURAL HISTORY

13. Efren Orozco Osuna, Petitioner was ordered re-detained by ICE. Petitioner has been detained at Theo Lacy Facility, Orange County Jail since March 28, 2011.

14. Petitioner was determined to have credible fear by asylum officer, Mr. Matthew Walter. (Please see attached fear determination.)

14. A review of Petitioners continued custody has not been conducted by ICE like it states on letter denying parole, "on Sep. 23, 2011 ICE conducted an initial interview with you", such statement is deceitful and Papandreou's.

15. Petitioner Mr. Orozco has been detained without bail for over 8 months violating his 5th amendment as stated in *CASA CASTRILLON v. DHS.* **{535 F.3d 950}** (9TH *Cir. 2008). ("We conclude that prolonged detention without adequate procedural protections would raise serious constitutional concerns. As the Supreme Court has repeatedly reaffirmed, "'the Fifth Amendment entitles aliens to due process of law in deportation proceedings".).*

**CONSTITUTIONAL FRAMEWORK**

16. All persons, including aliens, residing in the United States are protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *Plyler v. Doe*, 457 U.S. 202, 210 (1982). The Due Process Clause of the Fifth Amendment provides that [n]o person shall be deprived of life, liberty, or property, without due process of law. U.S. Const., amend. V. Freedom from imprisonment from government custody, detention, or other forms of physical restraint lies at the heart of the liberty that Clause protects. *Zadvydas*, 533 U.S. at 690. This protection extends also to an alien subject to a final order of removal. *Id.* at 693-94. Detention by ICE puts at risk an individuals protected liberty interest. *Id.* at 680, 690.

**Substantive Due Process**

17. The substantive due process requirement of the Fifth Amendment prohibits the government from subjecting persons to preventative detention for a potentially indefinite period. *See United States v. Salerno*, 481 U.S. 739, 746 (1987). Furthermore, civil detention must be narrowly drawn to serve a legitimate and compelling governmental interest, such as ensuring that detainees if released will not present a danger to the community or abscond from future immigration proceedings. *See Zadvydas*, 533 U.S. at 690-91; *Salerno*, 481 U.S. at 747.

18. In civil cases involving potentially indefinite detention, the goal of preventing danger to the community, without more, is insufficient to justify continued detention; rather, the dangerousness rationale must also be accompanied by some other special circumstance, such as mental illness, that helps to create the danger. *Zadvydas*, 533 U.S. at 691. Thus, an aliens mere status as removable, which bears no relationship to his dangerousness, is not a sufficient basis to justify indefinite detention. *Id* at 691-92. Similarly, where removal is, at most, a remote possibility, prevention of flight is a weak or non-existent justification for continued detention. *Id.* at 690.

## Procedural Due Process

19. The Fifth Amendment requires that, before depriving a person of his liberty, the government allow that person to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976). The determination of whether particular government conduct violates this procedural due process balances (1) the private interest affected by the official action; (2) the risk of erroneous deprivation of the interest and value (if any) of additional or substitute procedural safeguards; and (3) the governments interest, including the burden that additional or substitute procedural requirements would impose. *Id.* at 335. To conform to the requirements of due process, such a hearing must take place before an independent and impartial adjudicator. *Id.* at 334-35. A determination by an ICE District Director to detain an alien indefinitely pending removal is insufficient to satisfy due process. *See Ekekhor v. Aljets*, 979 F. Supp. 640, 644 (N.D. Ill. 1997).

## STATUTORY AND REGULATORY FRAMEWORK

20. The Attorney General is authorized to detain aliens who are subject to final orders of removal for the purpose of effectuating their removal from the United States. *See* 8 U.S.C. 1231(a). Generally, aliens shall be removed within 90 days of the latest of: (1) the date the removal order becomes administratively final; (2) the date that ICE is able to execute the removal order after completion of judicial review; or (3) the date the alien is released from criminal incarceration. *See* 8 U.S.C. 1231(a)(l).

21. In response to the Supreme Court's decision in *Zadvydas*, the INS issued the Interim Regulations regarding continued detention of aliens subject to final orders of removal. *See* 66 Fed. Reg. 56967 (Nov. 14, 2001). The Interim Regulations now govern ICE's determination whether there is a significant likelihood that an alien will be removed from the United States in the reasonably foreseeable future, and whether there are special circumstances justifying the continued detention of certain aliens. *Id.* at 56967.

Case 8:11-cv-01786-AG-OP Document 1 Filed 11/18/11 Page 8 of 55 Page ID #:74

22. Under the Interim Regulations, an alien for whom the 90-day period has expired without removal from the United States may submit to the HQPDU a written request for release asserting grounds for the belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future to the country to which the alien was ordered removed and there is no third country willing to accept the alien. 8 C.F.R. 241.13(d)(1). The HQPDU must acknowledge the request within ten days of receipt with a letter explaining procedures that will be used to evaluate the request. 8 C.F.R. 241.13(e)(1). The HQPDU must consider all the facts of the case including, *inter alia*, the history of the aliens efforts to comply with the removal order, the history of ICE's efforts to remove aliens to the country in question, and the reasonably foreseeable results of BICEs ongoing efforts, 8 C.F.R. 241.13(f), and provide a written decision. 8 C.F.R. 241.13(g). If the HQPDU determines that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future, and no special circumstances justify continued detention, ICE shall promptly make arrangements for release of the alien subject to appropriate conditions. 8 C.F.R. 241.13(g)(l). Special circumstances justifying continued detention are: (1) if the alien has a highly contagious disease that is a threat to public safety; (2) if his release would have serious adverse foreign policy consequences; (3) if there are security or terrorism concerns; and (4) if release would pose a special danger to the public. 8 C.F.R. 241.14(b)(d), (f).

**EXHAUSTION**

23. By submitting to the ICE Field Operations Director a written requests for custody re-determination, dated October 18, 2011, and not receiving a response to the re-determination request. Petitioner has exhausted his administrative remedies under the Interim Regulations, 8 C.F.R. 241.13(e), and his only remedy from indefinite detention is by way of this judicial action.

24. No petition for writ of habeas corpus, or any other request for judicial review, has previously been filed in any court to review Petitioners detention.

Case 8:11-cv-01786-AG-OP Document 1 Filed 11/18/11 Page 9 of 33 Page ID #:75

**CUSTODY**

25. Petitioner is in the physical custody of ICE at Theo Lacy Facility, Orange County Jail, Orange California.

**COUNT ONE**

**(Detention in Violation of INA and the Interim Regulations)**

26. Petitioner repeats and re-alleges the allegations contained in paragraphs 1 through 25 above as though set forth fully herein.

27. Section 241 of the INA does not authorize ICE to detain indefinitely an alien without having a proper hearing by a neutral government official, such as an immigration judge. The alien must be released if there is no reasonable likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 699-700. ICE may not detain the alien beyond a reasonable period of time, which the Supreme Court has determined to be, presumptively, six months. *Id.* at 701. ICE has detained Petitioner for more than eight (8)months since he entered custody.

28. Despite Petitioners good faith efforts, the petitioner has been determined to have credible fear of persecution determined by an asylum officer. Thus, Petitioner has provided evidence that there is no significant likelihood that he will be removed in the reasonably foreseeable future. *See Yu Zhou v. Ashcroft*, Civil No. 3:CV-01-0863 (M.D.Pa. Apr. 15, 2002), at 8.

29. No special circumstances exist to justify Petitioners continued detention:

- Petitioner is not an alien with a highly contagious disease posing a danger to the public. 8 C.F.R. 241.14(b).
- Petitioners release would not cause serious adverse foreign policy consequences. 8 C.F.R. 241. 14(c)(1). Mexico has been proven to violate human rights and according the 2011 Human Rights Report of Mexico, "*Kidnapping remained a serious problem for persons of all socioeconomic levels. The government reported a 78.8 percent increase in kidnappings compared with 2008. Express kidnappings, in which a victim is detained for*

*a short period to extract payment, often through forcing the victim to use an ATM card to drain a bank account, remained a problem. Many kidnapping cases continued to go unreported, as families feared repercussions and often negotiated directly with kidnappers. Informed observers believed the number of cases reported to authorities was far less than the actual number of kidnappings. There were reports of police involvement in kidnappings for ransom, primarily at the state and local level".* There is no indication that Petitioners release would have <u>any</u> foreign policy consequences, let alone serious adverse consequences.

- Petitioner was not and is not now detained on account of security or terrorism concerns. 8 C.F.R. 241.14(d)(1).
- Petitioner has not committed a crime of violence as defined in 18 U.S.C. 16 as would classify him as specially dangerous under the Interim Regulations, 8 C.F.R. 241.14(f)(i), and his release therefore would not pose a special danger to the public. 8 C.F.R. 241.14(f).

30. Because there is no significant likelihood of his removal in the reasonably foreseeable future, and because none of the special circumstances exist here to justify Petitioners continued detention, Petitioner must be released.

**<u>COUNT TWO</u>**

**(Substantive Due Process Violation)**

31. Petitioner repeats and re- alleges the allegations set forth in paragraphs 1 through 30 as though set forth fully herein.

32. As a person in the United States, Petitioner is protected by the Due Process Clause of the Fifth Amendment. ICE has detained Petitioner for over eight months since he was brought to detention without a bond hearing or adequate parole review or determination. Because the Mexican government has been proven of many human rights violations, there is no significant

Case 8:11-cv-01786-AG-OP Document 1 Filed 11/18/11 Page 11 of 15 Page ID #:79

likelihood that his removal will occur in the reasonably foreseeable future because of his asylum claim resulting to have credible fear of torture.(please see country report.) Petitioner has not been determined to pose a danger to the community nor a risk for flight, and no special circumstances exist to justify his continued detention. As Petitioner is not dangerous, not a flight risk, and cannot be removed at this time, his indefinite detention is not justified and violates substantive due process. *See Zadvydas*, 533 U.S. at 690-91.

**COUNT THREE**

**(Procedural Due Process Violation)**

33. Petitioner repeats and re-alleges the allegations set forth in paragraphs 1 through 32 above as though fully set forth herein.

34. Petitioner has a fundamental interest in freedom from deprivation of his liberty without first being afforded procedural due process protections. Petitioners continued indefinite detention without a hearing before an impartial adjudicator infringes upon his right to procedural due process in violation of the Fifth Amendment. *See Plyler*, 457 U.S. at 210, and *CASA CASTRILLON v. DHS.* **{535 F.3d 950}** (9TH *Cir. 2008). ("We conclude that prolonged detention without adequate procedural protections would raise serious constitutional concerns. As the Supreme Court has repeatedly reaffirmed, "'the Fifth Amendment entitles aliens to due process of law in deportation proceedings".).*

35. The decision of ICE's District Director denying Petitioner release are insufficient to comply with the requirements of procedural due process. *See Ekekhor*, 979 F. Supp. at 644; *Cruz-Taveras v. McElroy*, No. 96 Civ. 5068, 1996 U.S. Dist. LEXIS 11516, at *1619 (S.D.N.Y. Aug. 13, 1996).

36. A custody hearing before an immigration judge would significantly reduce the risk of an erroneous deprivation of Petitioners liberty and would pose minimal fiscal or administrative burden on the government. *See Cruz-Taveras*, 1996 U.S. Dist. LEXIS 11516, at *1920.

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioner prays this Honorable Court to grant the following relief:

Issue an Order:

- Declaring that Petitioners continued detention is not authorized by the INA and/or violates the Fifth Amendment;
- Granting this Petition for a Writ of Habeas Corpus and releasing Petitioner under an order of supervision;
- Declaring that Petitioners continued indefinite detention without a hearing before an impartial adjudicator infringes upon his right to procedural due process in violation of the Fifth Amendment; and
- Enjoining Respondents-defendants to conduct an immediate hearing before an Immigration Judge.

Grant any other and further relief this Court may deem appropriate.

**Dated: November 8, 2011**

**Respectfully submitted,** ____________________

**Efren Orozco Osuna**
**Theo Lacy Facility**
**501 The City dr. south**
**Orange CA, 92868**

**VERIFICATION**

I, Efren Orozco Osuna, under penalty of perjury, state the following:

- That I am currently detained by Immigration and Custom Enforcement at Theo Lacy Facility, 501 The City dr. south, Orange CA, 92868, Petitioner in the foregoing "**Verified Petition for a Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief.**"
- That I affirm the truth of the contents thereof upon to the best of my knowledge and recollection and belief, and believe the same to be true, and I further state that a pro se submission from a habeas petitioner, the court must construe the petition and any supporting submissions liberally and with a measure of tolerance. (Then v. INS, 58 F. Supp. 2d 422, 429 (D.N.J. 1999). *But see* Fonge v. Comfort, 62 Fed. Appx. 266, 2003 U.S. App. LEXIS 6430, at *4 n.4 (10th Cir. Apr. 2, 2003) ([I]t is not the Courts duty to search through hundreds of pages of redundant and often irrelevant material to ascertain potential claims the petitioner might have brought.)

**November 8, 2011**

**Respectfully submitted,**

**Efren Orozco Osuna**
**Theo Lacy Facility**
**501 The City dr. south**
**Orange CA, 92868**

A 200 707 831
Theo Lacy Facility
501 The City Dr. South.
Orange CA, 92868

**"COPY OF LETTER TO MR TIMOTHY ROBINS ICE FIELD OFFICE DIRECTOR"**

**Revised and updated letter October 18 , 2011**

# RECONSIDERATION OF PAROLE DETERMINATION

**Mr. Timothy Robins. FOD,**

On October 12, 2011 I received a letter from ICE deportation officer Torres stating denial of parole. The letter signed by Assistant Field Director, Mr. Gabriel Valdez states that I had a parole interview with ICE on September 23, 2011, this is unfitting and I have no acknowledgement or record of such happening, ICE personal failed to dialog me properly regarding possible relief by parole. I have not received record of a notice like, **"ICE Form 71-012**, **"PAROLE ADVISAL AND SCHEDULING NOTIFICATION".** I have not been privileged with an opportunity to contest the facts which ICE based their decision upon. Please see *CASA CASTRILLON v. DHS.* **{535 F.3d 951}** (9[TH] *Cir. 2008)*, *(" two Immigration and Customs Enforcement ("ICE") field officers filled out a "Post-Order Custody Review Worksheet" and recommended that Casas remain in custody because he "would be a flight risk," a determination that was then approved by an ICE field director. Although these ICE officials reviewed Casas' record when making their determination, they did not interview him personally or by telephone. It is not clear from the record whether Casas was even notified of this impending review or whether he was given an opportunity to contest the facts on which the ICE officials based their decision. 3 There is no indication that he had a right to an administrative appeal. This review falls far short of the procedural protections afforded".)* Neither is any supporting evidence stating that I would be a flight risk or threat to the community. ICE assistant director fell short to research my ties to the community. Prolonged detention is unconstitutional in violation of the 5th amendment. Please see, *CASA CASTRILLON v. DHS.* **{535 F.3d 950}** (9[TH] *Cir. 2008)*. *("We conclude that prolonged detention without adequate procedural protections would raise serious constitutional concerns. As the Supreme Court has repeatedly reaffirmed, "'the Fifth Amendment entitles aliens to due process of law in deportation proceedings".);* **{535 F.3d 949}** *(" However, it was not clear that Congress could authorize the detention of criminal aliens as a class, without providing the individual alien with an opportunity to show that his detention is not necessary to secure his presence at the time of removal.");* **{535 F.3d 952}**(" *in ordinary bond hearings, where aliens may contest the necessity of their detention before an immigration judge and have an opportunity to appeal that determination to the BIA. See 8 C.F.R. § 236.1(d); Matter of Guerra, 24 I. & N. Dec. 37, 38-40 (BIA 2006).")*

I' am the oldest sibling of 4, and 3 are U.S. citizens, grandson of a U.S. citizen and a father of 2 U.S. citizen children, along with many more U.S. citizen and permanent legal resident *(PLR)* family. To my best recollection, my record declines showing any sort of failures to appear or any violations of any kind, other than my conviction case which is the only conviction I have or, I' am aware of. I have never been involved in any type of conflict with the authorities or involved in any criminal activity, confirms I would not be a danger to the community. My recent and only conviction to the best of my knowledge is a misdemeanor *OF California penal code § 243 (e) (1)* which is not categorically a "crime of violence" within the meaning of *18 U.S.C. § 16*. **(Ortega-Mendez v. Gonzales), 450 F.3d 1019 (9th Cir. 2006),** ("*suggesting that battery encompasses use of force that is not violent. Thus, the Robinson court may have*

A 200 707 831
Theo Lacy Facility
501 The City Dr. South.
Orange CA, 92868

*assumed that it need not examine case law in conducting the "crime of violence" inquiry, and it certainly assumed that "crimes of".);* **{450 F.3d 1020}** *violence" need not be violent in nature. Both assumptions are, however, clearly irreconcilable with intervening higher authority".);***{450 F.3d 1021} ("***For the foregoing reasons, we hold that Ortega-Mendez's 1998 battery offense is not a "crime of violence" within the meaning of 18 U.S.C. § 16(a) and thus not a "crime of domestic violence" within the meaning of 8 U.S.C. § 1227(a)(2)(E)(i). The BIA therefore erred in determining that Ortega-Mendez was ineligible for cancellation of removal under 8 U.S.C. § 1229b (b) (1) (C) on the ground that his 1998 offense was a "crime of domestic violence" within the meaning of § 1227(a) (2) (E) (i). We grant Ortega-Mendez's petition. Because the agency did not determine whether Ortega-Mendez was otherwise statutorily eligible for cancellation of removal, we remand for a determination of that question, and, if he is eligible, for a determination of whether the agency should, as a matter of discretion, grant him relief. See INS v. Ventura, 537 U.S. 12, 16-18, 123 S. Ct. 353, 154 L. Ed. 2d 272 (2002)".) ;* **{450 F.3d 1022} ("***PETITION GRANTED; REMANDED".)*

**236.1 Apprehension, custody, and detention.**

- *(d) Appeals from custody decisions. (1) Application to immigration judge. After an initial custody determination by the district director, including the setting of a bond, the respondent may, at any time before an order under 8 CFR part 240 becomes final, request amelioration of the conditions under which he or she may be released. Prior to such final order, and except as otherwise provided in this chapter, the immigration judge is authorized to exercise the authority in section 236 of the Act (or section 242(a) (1) of the Act as designated prior to April 1, 1997 in the case of an alien in deportation proceedings) to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released, as provided in 3.19 of this chapter. If the alien has been released from custody, an application for amelioration of the terms of release must be filed within 7 days of release.*

Thus proving I'm not a risk to the community because I pose no danger to anyone, proving I 'am not a violent person, whom my own performance report while in custody shows no record of violence, or any disciplinary confinements. **ICE Form 71-013**, "**RECORD OF DETERMINATION / PAROLE DETERMINATION WORKSHEET",** I was never shown a copy of this form nor was I ever evaluated regarding any question mentioned on 71-013 form. I took the plea of nolo contendere because of ineffective council, because I irresponsibly entered a plea of nolo contendere without being properly advice of the consequence of taking this plea, therefor proving lack and irresponsible council. I was never given the opportunity to contest on this matter either. I would like to respectfully ask you for an opportunity to have a ligate parole hearing with ICE agents or a neutral immigration judge. I thank you sir for taking the time to read this letter.

Sincerely,

Efren Orozco Osuna A# 200 707 831