Case 2:07-cv-03239-TJH-KES   Document 212-1   Filed 05/04/12   Page 1 of 14   Page
ID #:2866
Case 2:07-cv-03239-TJH-RNB   Document 212-1   Filed 05/04/12   Page 1 of 9   Page ID
#:2897

# Exhibit 1

to
Notice of Related Case

*Rodriguez v. Robbins, et al.*, No. 07-CV-3239-TJH-RNBx

FILED

2012 APR 27 PM 3:39

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1  Stacy Tolchin, CA SBN # 217431
2  Law Offices of Stacy Tolchin
   634 S. Spring St. Suite 714
3  Los Angeles, CA 90014
   Telephone: (213) 622-7450
4  Facsimile: (213) 622-7233
5  Email:Stacy@Tolchinimmigration.com

6
7  Counsel for Petitioner
   Suren SOGHOMONYAN (aka. Hovsep SOGOMONIAN)

8
9         UNITED STATES DISTRICT COURT FOR THE
10            CENTRAL DISTRICT OF CALIFORNIA
11 Suren SOGHOMONYAN (aka. Hovsep        Case No.    CV12-3696-R (FFM)
12 SOGOMONIAN)
13        Petitioner,                    **Petition for Writ of**
14           v.                          **Habeas Corpus**
15
   Timothy ROBBINS, in his Official Capacity,    Immigration Case
16 Field Office Director, ICE Enforcement and    Agency Nos. A095-221-306,
17 Removal Operations, Los Angeles; Maribel       075-644-797
   LOCHES, in her official capacity, Assistant Field
18 Office Director, Theo Lacy Field Office, ICE
19 Enforcement and Removal Operations; and Janet
   NAPOLITANO, in her Official Capacity,
20 Secretary, U.S. Department of Homeland
21 Security; and Eric H. HOLDER, Jr., in his
   Official Capacity, U.S. Attorney General.
22
23        Respondents.
24
25
26
27
28

# INTRODUCTION

1.  Petitioner Suren SOGHOMONYAN (aka. Hovsep SOGOMONIAN) files this petition for writ of habeas corpus challenging his prolonged detention, and requesting an order from this Court requiring his release consistent with <u>Nadarajah v. Gonzales</u>, 443 F.3d 1069 (2006), or in the alternative, requiring a bond hearing before the Immigration Judge ("IJ") under <u>Casas–Castrillon v. Department of Homeland Security</u>, 535 F.3d 942 (9th Cir. 2008), <u>Diouf v. Napolitano</u>, 634 F.3d 1081 (9th Cir. 2011) and <u>Singh v. Holder</u>, 638 F.3d 1196, 1207 (9th Cir. 2011).

2.  Petitioner has been detained by the Department of Homeland Security since March 25, 2011, for over 13 months. Petitioner's removal order is on its second round of appeals to the Board of Immigration Appeals ("Board" or "BIA"). Further, his case currently faces a burdensome delay. The Board recently furnished an incomplete transcript of his removal proceedings, which has prevented his immigration counsel from preparing a brief in support of his second appeal to the BIA, and which may require another remand to the judge.

3.  Petitioner's health has deteriorated significantly over his 13 months of detention. In addition, his legal permanent resident father, with whom he is very close, is extremely ill. Having been detained for over a

year, and in light of the additional delay he likely will experience because of the incomplete transcript, the length of his detention is now presumptively unreasonable under the Constitution. Nadarajah v. Gonzales, 443 F.3d 1069 (2006); Diouf v. Napolitano, 634 F.3d 1081, 1091 (9th Cir. 2011).

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 2241 (the general habeas corpus statute), 28 U.S.C. § 1651 (the All Writs Act), and the Suspension Clause of Article I of the U.S. Constitution.

5.  Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which the Respondents are employees or officers of the United States, acting in their official capacity, and an agency of the Untied States; because a substantial part of the events or omissions giving rise to the claim occurred in Los Angeles, California, in the Central District of California; and because Petitioner resides in the Central District of California and there is no real property involved in this action.

## PARTIES

6.  Petitioner Suren SOGHOMONYAN (aka. Hovsep SOGOMONIAN) is a citizen and national of Armenia who resides in Glendale, California. He also used the name Hovsep SOGOMONIAN, which is the primary name used in his removal case. He is now detained at

Petition for Writ
of Habeas Corpus

Case No.

the Theo Lacy Facility in Orange, California, and in the custody of Respondents.

7.  Respondent Timothy ROBBINS is sued in his official capacity as the Field Office Director for the Los Angeles Office of the United States Immigration and Customs Enforcement, U.S. Department of Homeland Security.  Respondent Robbins oversees custody determinations made by DHS within the Southern California region.

8.  Respondent Maribel LOCHES, is sued in her official capacity as the Assistant Field Office Director, Santa Ana Field Office, ICE Enforcement and Removal Operations; United States Immigration and Customs Enforcement, U.S. Department of Homeland Security.  Respondent Loches is responsible for ICE detainees in the Theo Lacy Facility.

9.  Janet NAPOLITANO, is sued in her official capacity as the Secretary of the U.S. Department of Homeland Security.  In this capacity, she has responsibility for the administration and enforcement of the immigration and naturalization laws pursuant to section 402 of the Homeland Security Act of 2002, 107 Pub. L. No. 296, 116 Stat. 2135 (Nov. 25, 2002); see also 8 U.S.C. § 1103.

10. Eric H. HOLDER, Jr., is sued in his Official Capacity, as the United States Attorney General.  The Attorney General is responsible for the

Petition for Writ
of Habeas Corpus

Case No.

supervision of the Executive Office for Immigration Review, including the

Los Angeles Immigration Court which would have jurisdiction over a bond

redetermination hearing pursuant to an order from this Court.


## FACTUAL ALLEGATIONS

11. Petitioner is a native and citizen from Armenia who has resided in

the United States since February of 1999.

12. Petitioner is married and has three children, two of whom are U.S.

Citizens.

13. On May 28, 1999, Petitioner, through a notario, filed an asylum

application under the name "Suren Grishavik Sokhomonyan".  He was

assigned Alien Number 075-644-797 by the former Immigration and

Naturalization Service.

14. On October 19, 1999, the asylum application was referred to the

Immigration Court.

15. Petitioner was scheduled to appear before the immigration judge

on March 2, 2000.  He failed to appear because he was not informed by prior

counsel of the hearing, and he was issued an in absentia order of removal.

16. On December 21, 2001, Petitioner filed another asylum

application using the name "Hovsep Sogomonian," which was his brother's

| Petition for Writ of Habeas Corpus | Case No. |
|---|---|

name.  He was assigned Alien Number 095-221-306 by the Department of

Homeland Security.  This application was approved on February 20, 2002.

17. On June 16, 2003, Petitioner filed an application for adjustment of

status to lawful permanent residency based on his February 20, 2002

approved asylum application.

18. On August 10, 2007, Petitioner adjusted his immigration status to

that of a lawful permanent resident under the name of "Hovsep

Sogomonian".

19. On December 6, 2010, Petitioner departed the United States.

20. On December 13, 2010, Petitioner attempted to reenter the United

States, was stopped at the border, and paroled in by the Department of

Homeland Security.

21. On March 25, 2011, Petitioner was detained by the Department of

Homeland Security, and issued a Notice to Appear in case number 095-221-306 in

which he was charged as an "arriving alien" and with inadmissibility  under 8

U.S.C §§ 1182(a)(6)(C)(i) (seeking admission through fraud), 1182(a)(7)(A)(i)(I)

(not in possession of a valid entry document), and 1182(a)(9)(A)(ii) (departing the

U.S. with an outstanding removal order and seeking admission to the U.S. within

ten years of that outstanding removal order).

22. On April 12, 2011, Petitioner, through new attorney Ashley Gambourian,

---

Petition for Writ
of Habeas Corpus

Case No.

5

submitted a request to the Department of Homeland Security, Detention and

Removal Office in Santa Ana, California, requesting Petitioner's Release from

Custody. She received no response.

23. On April 18, 2011, Petitioner appeared for a bond redetermination

hearing before the immigration judge and the judge found that there was no

jurisdiction over the bond hearing because Petitioner was charged as an

"arriving alien." 8 C.F.R. § 1003.19(h)(2)(i)(B); <u>Matter of Oseiwusu</u>, 22 I.

& N. Dec. 19 (BIA 1998).

24. Petitioner applied for relief before the immigration judge in the forms of

asylum, withholding of removal and protection under the Convention Against

Torture. 8 U.S.C. § 1231(b)(3); Foreign Affairs Reform and Restructuring Act of

1998 ("FARRA"), Pub. L. No. 105-277, Div. G, Title XXII, § 2242, 112 Stat.

2681-822 (1998) (codified as note to 8 U.S.C.A. § 1231 (1999)); 8 C.F.R. § 208.18.

25. The Immigration Judge conducted hearings on the merits of Petitioner's

application for relief on June 13, 2011, June 21, 2011, July 21, 2011, August 3,

2011, and on August 31, 2011. Petitioner was in the custody of Respondents

during the duration of his proceedings.

26. On August 31, 2011, the Immigration Judge rendered a decision denying

Petitioner all forms of relief and ordered his removal to Armenia.

27. Petitioner timely appealed that decision to the Board on August 31, 2011.

Petition for Writ
of Habeas Corpus

Case No.

28. On or around December 2, 2012, Petitioner informed the Department of Homeland Security of Petitioner's father's ailing condition and requested that he be released.

29. To date, upon information and belief, the Department of Homeland Security has not issued a written custody or parole determination.

30. On December 15, 2011, the Board of Immigration Appeals remanded Petitioner's case to the Immigration Judge after it found that the Immigration Judge had "failed to make specific findings of fact, and set forth the clear and complete reasons for denying relief."

31. On January 10, 2012, the Immigration Judge conducted a master calendar hearing, at which time, she continued the case to March 13, 2012 for an individual hearing.

32. On March 13, 2012, Petitioner appeared before the Immigration Judge and she issued an oral decision denying Petitioner's applications for asylum, withholding of removal and protection under CAT for a second time.

33. On March 21, 2012, Petitioner timely appealed that decision to the Board of Immigration Appeals.

34. On April 16, 2012, Petitioner's immigration attorney, Ashley Gambourian, received the transcript of the removal proceedings and subsequently noted that the transcript was incomplete.

35. Specifically, the transcript stopped with the hearing on August 3, 2011, and it only included 3 pages of the Immigration Judge's Oral Decision, which was dated August 3, 2011. Notably, the Immigration Judge did not issue a decision on August 3, 2011. The first decision by the Immigration Judge was issued on August 31, 2011 and the second one was issued on March 13, 2012.

36. The transcript also did not include the hearings held on August 31, 2011 (when the Immigration Judge dictated her first oral decision), January 10, 2012, and March 13, 2012 (when the Immigration Judge dictated her second oral decision).

37. Additionally, the transcript issued by the Board was not signed by the Immigration Judge, as required under 8 C.F.R. § 1003.3(c).[1]

38. Without a complete transcript of the record of proceedings, Attorney Gambourian was unable to prepare and file a new brief in support of Petitioner's March 21, 2012 appeal.

39. On April 24, 2012, Petitioner, through Attorney Gambourian, filed a Request for a Complete and Accurate Transcript and a New Briefing Schedule with the Board.

40. On or about April 27, 2012, Attorney Gambourian spoke with a clerk at the Board of Immigration Appeals, who informed her that the briefing schedule in

---

[1] Notably, the first transcript issued by the Board in connection with Petitioner's first appeal to the Board was also not signed by the Immigration Judge, as required under 8 C.F.R. § 1003.3(c).

Petition for Writ
of Habeas Corpus

Case No.

8

1  Petitioner's case was suspended until the full transcript was generated.

2  41. Since he was detained on March 25, 2011, Petitioner has suffered, and

3  continues to suffer, many health problems. He has been diagnosed with post-

4

5  traumatic stress disorder, major depressive disorder, and panic disorder without

6  agoraphobia. Additionally, he has chronic abdominal pain, heart burn, heart

7  arrhythmias, and severe back pain.

8

9  42. At least one month ago, Petitioner received a "CT Scan" to examine what

10  was causing his abdominal pain. The doctors informed him that he had an infection

11  and needed to take antibiotics. Petitioner followed the doctors' instructions but

12  continues to have severe abdominal pain. Nonetheless, he has been refused

13  additional medical care to treat and diagnose his pain.

14

15  43. Petitioner has two United States Citizen twin sons who are three years

16  old, as well as two elderly parents who are legal permanent residents.

17  44. Petitioner is extremely close with his legal permanent resident father and

18  is his parents' only child in the United States.

19

20  45. Petitioner's father is also in very poor health. In January of 2012,

21  Petitioner's father was diagnosed with lung cancer and had to have part of his lung

22  removed.

23

24  46. Petitioner's ailing father also has a history of heart problems, including

25  heart failure, having had a heart attack approximately ten years ago, and having had

26

27

28

Petition for Writ                                                    Case No.
of Habeas Corpus

to undergo open heart surgery in January of 2010.   He also suffers from

hypertension, diabetes, anxiety and depression, all of which have worsened due to

the stress he has endured as a result of Petitioner's detention.


## CAUSES OF ACTION

## COUNT ONE

### (VIOLATION OF FIFTH AMENDMENT RIGHT TO DUE PROCESS)

47. Counts 1 through 46 are incorporated herein.

48. Petitioner has now been detained for 13 months.  His ongoing detention,

and the significant likelihood that he will not be removed in the reasonably

foreseeable future, violates the Fifth Amendment Due Process Clause of the United

Sates Constitution.  See Nadarajah v. Gonzales, 443 F.3d 1069 (9th Cir. 2006).  As

an "arriving alien" he must be released from the custody of Respondents.  Id.


## COUNT TWO

### (VIOLATION OF FIFTH AMENDMENT RIGHT TO DUE PROCESS)

49. Counts 1 through 46 are incorporated herein.

50. Petitioner has now been detained 13 months.  His ongoing detention,

without to a reasonable bond redetermination hearing by the Department of

Homeland Security or the Immigration Judge, violates the Fifth Amendment Due

| Petition for Writ of Habeas Corpus | Case No. |
|---|---|

Process Clause of the United Sates Constitution. Alternatively, he must be provided a bond hearing before the immigration judge. <u>Casas–Castrillon v. Department of Homeland Security</u>, 535 F.3d 942 (9th Cir. 2008); <u>Diouf v. Napolitano</u>, 634 F.3d 1081 (9th Cir. 2011); <u>Singh v. Holder</u>, 638 F.3d 1196, 1207 (9th Cir. 2011).

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioner prays that this Court grant the following relief:

(1)     Assume jurisdiction over this matter;

(2)     Order Petitioner's ongoing detention to be unconstitutional;

(3)     Order that Respondents release Petitioner during the pendency of his removal proceedings as required by <u>Nadarajah v. Gonzales</u>, 443 F.3d 1069 (9th Cir. 2006);

(4)     In the alternative, order that Petitioner be afforded a bond redetermination hearing in compliance with the procedural safeguards mandated in <u>Casas–Castrillon v. Department of Homeland Security</u>, 535 F.3d 942 (9th Cir. 2008), <u>Diouf v. Napolitano</u>, 634 F.3d 1081 (9th Cir. 2011) and <u>Singh v. Holder</u>, 638 F.3d 1196, 1207 (9th Cir. 2011);

(5)     Award reasonable costs and attorneys' fees; and

(6)     Grant such further relief as the Court deems just and proper.

| Petition for Writ of Habeas Corpus | Case No. |
|---|---|

Dated: April 27, 2012

Respectfully submitted,

Stacy Tolchin, CA SBN # 217431
Law Offices of Stacy Tolchin
634 S. Spring St. Suite 714
Los Angeles, CA 90014
Telephone: (213) 622-7450
Facsimile: (213) 622-7233
Email:
Stacy@Tolchinimmigration.com

Counsel for Petitioner

By: _____
Stacy Tolchin

Petition for Writ
of Habeas Corpus

Case No.

12