1
2
3
4
5
6
7
8
9
10
11
12
13 **UNITED STATES DISTRICT COURT**
14 **CENTRAL DISTRICT OF CALIFORNIA**
15 **WESTERN DIVISION**
16
17 ALEJANDRO RODRIGUEZ, *et al.*,

18                    Petitioners,

19            vs.

20 TIMOTHY S. ROBBINS, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director*;
21 JANET NAPOLITANO, *in her capacity as Secretary of Homeland Security*; and ERIC H. HOLDER, JR., *in his capacity as Attorney General of the United States*,
22
23
24                    Respondents.
25
26
27
28

Case No. CV 07-3239-TJH (RNBx)

**DISCOVERY MATTER**

**[PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION**

Hon. Robert N. Block

This matter comes before this Court on the parties' joint stipulation for the entry of a protective order governing confidential and highly confidential information.  The parties each submitted a proposed protective order following a decision issued on May 3, 2012, in which the District Court ordered the Government to disclose what is hereinafter designated as "Highly Confidential Information," based on that court's factual and legal conclusions that such disclosure is consistent with statutory and regulatory language found in 8 U.S.C. § 1367 and 8 C.F.R. § 208.6.   Good cause exists for the entry of a protective order because discovery in this action has and will result in the disclosure by the parties of information from electronic databases, administrative files (or "A-Files"), and other sources concerning members of the class certified in this action and other individuals, including (1) confidential personal and non-privileged information and (2) certain categories of highly confidential information generally restricted from unauthorized disclosure by statute or regulation.  The Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is

HEREBY ORDERED that this Court's July 6, 2011 Protective Order (ECF 188) is hereby superseded as follows:

I.    Authorization to Produce Information Protected by the Privacy Act – Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes Respondents to produce private identifying information and other information discoverable pursuant to

1

Fed. R. Civ. P. 26(c) that Petitioners seek without requiring officials of the United States to pre-screen each document for objections under the Privacy Act, 5 U.S.C. § 552a, and present those objections to this Court for a decision regarding disclosure.

      II.    <u>Scope</u> – The terms of this Order will govern the parties' production of information in response to discovery requests, to the extent that such production contains information designated as "Confidential Information" or "Highly Confidential Information" as defined in this Order.  The terms of this Order shall also govern the safeguarding of such information by all individuals referenced in this Order.

      III.    <u>Definitions and Designation of Protected Information</u> –

      (a).    <u>Definitions</u> –

      (1).  <u>"Confidential Information"</u> – As used in this Order, "Confidential Information" is defined as any information not publicly available that is disclosed by the parties in this action and which at or before the time of disclosure has been designated as "Confidential Information" by the parties in accordance with paragraph III(b).  The disclosure of all information that the parties previously agreed to keep confidential, or which was designated as "Confidential Information" under the July 6, 2011 Protective Order [ECF 188], shall now be governed by this Order.  "Confidential Information" is the following: (1) the names, alien numbers, locations of, or any other identifying information

which would allow the identification of the particular individual(s) to whom the information relates, (2) individual medical information, (3) certain individual financial and tax information, (4) non-public divorce decrees, (5) identity information on law enforcement officials; (6) any information the parties previously agreed to include within the definition of "Confidential Information," and (7) any other category of information hereinafter given confidential status by the Court.  If a designating party determines that information not described in this paragraph should be included within the definition of "Confidential Information," the parties shall negotiate the appropriateness of that designation in good faith and endeavor to resolve any dispute prior to the production of that information. Information that is not "Confidential Information" includes, but is not limited to, aggregate information concerning class members that does not permit the identification of the particular individuals to whom the information relates.

        (2).    "Highly Confidential Information" – As used in this Order, "Highly Confidential Information" is defined as any information not publicly available that is disclosed by the parties in this action and which at or before the time of disclosure has been designated as "Highly Confidential Information" by the parties in accordance with paragraph III(b).  "Highly Confidential Information" is the following:  (1) information contained in or pertaining to asylum claims or applications, including applications for relief under the Convention Against Torture ("CAT") and refugee information; (2) information

3

contained in or pertaining to legalization applications under 8 U.S.C. § 1255a; (3) information contained in or pertaining to Special Agricultural Worker applications under 8 U.S.C. § 1160; (4) information contained in or pertaining to applications for temporary protected status ("TPS") under 8 U.S.C. § 1254a; (5) information contemplated by 8 U.S.C. § 1186a(c)(4)(C) concerning any abused alien spouse or child, including information regarding the whereabouts of such spouse or child (see 8 C.F.R. §§ 216.5(a)(1)(iii) and 1216.5(a)(1)(iii); 8 U.S.C. § 1154(a)(1)(A)(iii), (iv), (v), and (vi); 8 U.S.C. § 1154(a)(1)(B)(ii), (iii) and (iv)); and (6) any other category of information hereinafter given "Highly Confidential" status by the Court.  Information that is not "Highly Confidential Information" includes, but is not limited to, aggregate information concerning class members that does not permit the identification of the particular individuals to whom the information relates.  If a designating party determines that information not described in this paragraph should be designated as "Highly Confidential Information," the parties shall negotiate the appropriateness of that designation in good faith and endeavor to resolve any dispute prior to the production of that information.

      (b).   Designation – "Confidential Information" and "Highly Confidential Information" may be designated by the parties in one or more of the following ways:

(1).    "Confidential Information" set forth in a response to an interrogatory may be so designated by including the word "Confidential" in the response.  "Highly Confidential Information" set forth in a response to an interrogatory may be so designated by including the words "Highly Confidential Information" in the response.

(2).    "Confidential Information" contained in a document or part thereof may be so designated by marking the production of any "Confidential Information" with the words "CONFIDENTIAL."  "Highly Confidential Information" contained in a document or part thereof shall be so designated by marking the production of any "Highly Confidential Information" with the words "HIGHLY CONFIDENTIAL – AUTHORIZED PERSONNEL ONLY".  The designating party may also mark the production with the words "THIS DOCUMENT IS SUBJECT TO A COURT ORDER IN RODRIGUEZ, ET AL. v. ROBBINS, ET AL., No. 07-cv-3239 (C.D. Cal.).  THIS DOCUMENT AND ITS CONTENTS SHALL NOT BE USED, SHOWN OR DISTRIBUTED EXCEPT AS PROVIDED IN THE PROTECTIVE ORDER ENTERED IN THIS ACTION."

(3).    "Confidential Information" or "Highly Confidential Information" contained in any statement made during an oral deposition may be so designated through a statement made on the record.

5

(4).    Information that is otherwise properly designated as "Confidential Information" or "Highly Confidential Information" shall not be so designated or considered where the detainee to whom the information refers has affirmatively consented to the non-confidential treatment of the disclosed information, and that consent is presented in writing to the designating party prior to disclosure.

(c).    <u>Contesting Designation</u>– If a party disagrees with a designation of "Confidential Information" or "Highly Confidential Information," it shall provide the designating party written notice of its challenge.  If the parties cannot resolve this dispute, a non-designating party may object to and challenge the designation of any information as "Confidential Information" or "Highly Confidential Information" in a manner that comports with Local Rules 37-1 and 37-2.  The designating party bears the burden of showing that information is confidential.  Failure to challenge a designation immediately does not waive a party's ability to bring a later challenge.

IV.    <u>Permitted Disclosure of Protected Information</u>  –

(a).    Information designated as "Confidential Information," including the portion of any document containing "Confidential Information," may be disclosed by a non-designating party only to the following persons:

(1).   <u>Counsel</u> – Counsel for the parties to this action and any support staff and other employees of such counsel assisting in this action with an appropriate need to know;

(2).   <u>Experts and Staff</u> – Any expert as defined in Federal Rule of Civil Evidence 702 who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action, or support staff or employees of such an expert.  Any such expert or any support staff or employees of such an expert shall first be required to read the terms of this Order and sign a copy of the Acknowledgment of Protective Order form, attached hereto as Exhibit A.

(3).   <u>Authorized Others</u> – Any other person mutually authorized by the parties' counsel to examine such information.  Any such person shall first be required to read the terms of this Order and sign a copy of the Acknowledgment of Protective Order form, attached hereto as Exhibit A.

(4).   <u>The Court</u> – The Court and its personnel, including court reporters.

(b).   <u>Permitted Disclosure of "Highly Confidential Information"</u> – Information designated as "Highly Confidential Information," including the portion of any document containing "Highly Confidential Information," may be disclosed by a non-designating party only to the following persons, and in the following manner:

7

(1)    <u>Counsel for Respondents</u> – Counsel for Respondents, and their

support staff and employees.  Unless otherwise ordered by the Court and except

where disclosure is made by Respondents to counsel for Respondents, "Highly

Confidential Information" disclosed by a designating party to counsel for

Respondents shall be disclosed in an encrypted format other than through

electronic mail (e.g., DVD, CD, flash drive, etc.), accompanied by a cover letter of

transmittal from the designating party identifying the date of transmittal, the Bates

Numbers of the documents, and describing the medium of transmittal (e.g., DVD,

CD, flash drive, etc.), and shall be delivered by means permitting the tracking of

delivery (e.g., Federal Express, UPS, etc.).

(2).    <u>Class Counsel</u> – Counsel for Petitioners **[who have entered

their appearance and whose appearance has not been terminated[1]**] and

support staff or other employees of such counsel assisting in this action with an

appropriate need to know.  **[Any such counsel or support staff or employee of

such counsel to whom "Highly Confidential Information" is disclosed shall

first be required to read the terms of this Order and sign a copy of the

Acknowledgment of Protective Order form, attached hereto as Exhibit A[2]**].  If

any Class Counsel cease to represent Petitioners, for whatever reason, such

counsel shall no longer be cleared to access any "Highly Confidential

---

[1] [Respondents propose the inclusion of this language in the protective order]

[2] [Respondents propose the inclusion of this language in the protective order]

8

Information." Unless otherwise ordered by the Court, "Highly Confidential Information" produced by a designating party to Class Counsel shall be produced in an encrypted format other than through electronic mail (e.g., DVD, CD, flash drive, etc.), accompanied by a cover letter of transmittal from the designating party identifying the date of transmittal, the Bates Numbers of the documents, and describing the medium of transmittal (e.g., DVD, CD, flash drive, etc.), and shall be delivered by means permitting the tracking of delivery (e.g., Federal Express, UPS, etc.). Class Counsel have a duty to safeguard the information contained therein, from unauthorized disclosure. Class counsel shall also maintain a copy of each and every signed Acknowledgment of Protective Order required by this Order.

(3)    Experts – An expert, as defined in Fed R. Evid. 702, who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action, and support staff or other employees of such expert assisting in this action with an appropriate need to know.   Any such expert or support staff or employee of such expert to whom "Highly Confidential Information" is disclosed shall first be required to read the terms of this Order and sign a copy of the Acknowledgment of Protective Order form, attached hereto as Exhibit A. Once the parties have identified their experts in accordance with Federal Rule of Civil Procedure 26 and the Local Rules, each non-designating party shall identify each of that party's experts to whom "Highly Confidential

Information" has been disclosed and shall provide to the designating party copies of each Acknowledgements of Protective Order, attached hereto as Exhibit A, signed in accordance with this paragraph.

(4)  Authorized Others – Any other person mutually authorized by the parties' counsel to examine such information.  Any such person shall first be required to read the terms of this Order and sign a copy of the Acknowledgment of Protective Order form, attached hereto as Exhibit A.

(5)  The Court – The Court and its personnel, including court reporters.

V.    Restrictions on Disclosure of Protected Information – All  persons listed in  paragraphs 4(a)(1) and 4(b)(2) to whom "Confidential Information" or "Highly Confidential Information" is disclosed are hereby prohibited from disclosing to, or otherwise discussing with, any person other than those listed in paragraphs IV(a)(2) to IV(a)(4); IV(b)(1); and IV(b)(3) to IV(b)(5) any information designated as "Confidential Information" or "Highly Confidential Information" except as otherwise provided in this Order.

VI.    Except as provided in this paragraph or elsewhere in this Order, all discovery produced or exchanged that contains designated "Confidential Information" or "Highly Confidential Information" shall be used solely for the purposes of litigating this action and for no other purpose whatsoever and shall not

be disclosed, disseminated, or transmitted to any person, entity, or organization except in accordance with the terms hereof.

(a).    Nothing in this Order shall preclude the disclosure of any "Confidential Information" or "Highly Confidential Information" with respect to a detainee who affirmatively consents to the disclosure of that information.

(b).    [**The limitations and restrictions on the disclosure of "Confidential Information" or "Highly Confidential Information" under this Stipulated Protective Order shall not apply to "Confidential Information" or "Highly Confidential Information" (1) that the Court has ordered Respondents to produce, and (2) that comes from the requested A-File materials of an individual who presently is or will be a class member.  This exception does not apply to post-order custody review worksheets that may be contained in an A-File.[3]**]

Because the exception in this paragraph [**exceptions in paragraphs (a) and (b)[4]**] permits a class member to disclose the "Confidential Information" or "Highly Confidential Information" described in this paragraph without restriction or limitation, including through class counsel with a class member's authorization or consent, the exception described in this paragraph shall remain in effect only so

---

[3] [Petitioners propose the inclusion of this language in the protective order]

[4] [Petitioners propose the inclusion of this language in the protective order]

long as counsel for Petitioners remain as counsel for the certified class in this action.

(c).    The limitations and restrictions on "Confidential Information" or "Highly Confidential Information" in this Order shall not apply with respect to information obtained through a third-party source other than through discovery production.

(d).    This Order shall not preclude any party from disclosing publicly-available information.

VII.    The parties shall maintain "Confidential Information" and "Highly Confidential Information" as follows:

(a).    If the parties mutually agree that some "Confidential Information" or "Highly Confidential Information" relates to individuals who were never class members, Counsel for Petitioner shall destroy information related to those people within ten (10) days of their mutual decision, and Counsel for Petitioner shall certify in writing to Counsel for Respondents that such information has been destroyed.  If the parties do not agree, and if the Court determines that "Confidential Information" or "Highly Confidential Information" relates to individuals who were never class members, then within ten (10) days of the Court's having made that determination, counsel for Petitioners shall destroy the "Confidential Information" or "Highly Confidential Information" related to

non-class members, and certify in writing to Counsel for Respondents that such information has been destroyed.

(b).    Counsel for either party shall notify the other of any inadvertent disclosure of information covered by this Order and concerning any individual who is not a class member and shall destroy information related to such individuals consistent with the terms of paragraph VII(a).

(c).    Petitioners and anyone to whom "Confidential Information" or "Highly Confidential Information" has been disclosed in accordance with paragraph III shall maintain all remaining "Confidential Information" or "Highly Confidential Information" pursuant to the terms of this Order, subject to further order by this Court (this provision does <u>not</u> apply to "Confidential Information" or "Highly Confidential Information" disclosed to and maintained by the Court and its personnel, including court reporters).  Within ten (10) days after the final disposition of this action, including any and all appeals, all discovery and copies thereof in the possession of Petitioners and anyone to whom "Confidential Information" or "Highly Confidential Information" has been disclosed in accordance with paragraph III shall be returned to the producing parties or destroyed, at the option of the disclosing party, except as this Court may otherwise order, and, if destroyed, certify in writing to Counsel for Respondents that such information has been destroyed.

(d).    Notwithstanding paragraphs VII(a)-(c), **[and excepting discovery materials designated as containing "Highly Confidential Information,"[5]]** counsel of record may maintain a complete set of discovery for their records, provided that such counsel maintain the confidential nature of the discovery.

VIII.  In the event a party wishes to use any "Confidential Information" or "Highly Confidential Information" produced under this Stipulated Protective Order to move the Court to resolve a matter arising from litigating this action only, or to oppose such motion, such pleadings shall be filed in accordance with Local Rule 79-5.  If a party expects to use "Confidential Information" or "Highly Confidential Information" at any hearing, trial, or appellate proceeding in this action, the non-designating party shall provide the designating party with sufficient opportunity to allow the parties to prepare a joint stipulation, or for the designating party to otherwise request that the Court exclude the information from the public record.  Any Document filed with the Court that may contain "Confidential Information" or "Highly Confidential Information" must have a cover page clearly marked with the words "CONFIDENTIAL – AUTHORIZED PERSONNEL ONLY" and each page of the Document in which "Confidential

---

[5] [Respondents propose the inclusion of this language in the protective order]

14

Information" appears must be marked with the same designation at the top of the page.

IX.     Nothing in this Order shall be construed as a waiver of any defense, right or claim by either party, nor shall this Order affect the right of Respondents to seek additional protection against the disclosure of any documents or materials, or of Petitioner to seek additional disclosures.

X.     Any party may apply to this Court at any time, upon proper notice, for a modification of this Order with respect to the handling or designation of any document or for any other purpose.

XI.     Nothing in this Order shall be taken to authorize the disclosure of information otherwise barred from disclosure pursuant to Local Rule 79-5.4.

XII.    This Order shall be binding upon any present or future party to the *Rodriguez, et al. v. Robbins, et al.*, No. 07-cv-3239-TJH (RNBx) (C.D. Cal.), litigation.

XIII.   This Order shall be effective and enforceable upon entry by the Court, except that the Parties may agree to abide by its terms prior to entry of any order.

XIV.    The terms of this Order shall survive the termination of this action proceeding after its final disposition for purposes of enforcing this Order.

Dated: _____, 2012         _____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBERT N. BLOCK
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER

I, _____, am associated with the litigation in

Rodriguez, et al. v. Robbins, et al., No. 07-cv-3239-TJH (RNBx) (C.D. Cal.) in

the capacity of _____.  I acknowledge reading

and understanding the Stipulated Protective Order Governing Confidential

Information issued in Rodriguez on _____, and agree to be bound by all

provisions thereof.

I also understand that information defined as "Highly Confidential

Information" under the Stipulated Protective Order may be disclosed to me, as

that term is defined in the Stipulated Protective Order Governing Confidential

Information I have received and read.  I understand that information designated as

"Highly Confidential Information" may be particularly serious and may carry with

it identifiable risks and dangers if disclosed to anyone not authorized to receive

"Highly Confidential Information" in accordance with paragraph IV of the

Stipulated Protective Order Governing Confidential Information.

**For these reasons, I specifically acknowledge the disclosure limits and

restrictions of paragraph IV of the Stipulated Protective Order, and

specifically agree to follow that provision** and all other provisions of the

Stipulated Protective Order.

Executed this ___ day of _____ at _____.

SIGNATURE: _____

1    PRESENTED BY:

2    STUART F. DELERY
     Acting Assistant Attorney General
3    DAVID J. KLINE
     Director,
4    Office of Immigration Litigation
     District Court Section
5    VICTOR M. LAWRENCE
     Principal Assistant Director
6    By:  */s/ Theodore W. Atkinson*
     THEODORE W. ATKINSON
7    Senior Litigation Counsel
     P.O. Box 868, Ben Franklin Station
8    Washington, DC 20044
     Tel: (202) 532-4135
9    e-mail: theodore.atkinson@usdoj.gov

10   Attorneys for Respondents

11   By: */s/ Ahilan Arulanantham*
     AHILAN T. ARULANANTHAM
12   ACLU OF SOUTHERN CALIFORNIA

13   Attorneys for Petitioners

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19