# Exhibit 51

## DECLARATION OF TALIA INLENDER

I, Talia Inlender, declare as follows:

1. I am a member of the State Bar of California and an attorney at Public Counsel, a non-profit agency that provides *pro bono* legal services. I submit this declaration in support of Petitioners' Motion for a Preliminary Injunction. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to such facts under oath.

2. I run a weekly Legal Orientation Program for immigration detainees at the Santa Ana City Jail in Santa Ana, California and co-coordinate a monthly Legal Orientation Program for immigration detainees at the James A. Musick Facility in Irvine, California. Neither of these programs is funded by the Executive Office for Immigration Review. Over the past four years, more than 1,500 immigration detainees have attended my legal orientation classes.

3. On August 9, 2012, I taught a legal orientation class to a group of approximately twenty female immigration detainees at the Musick Facility. I asked the women to estimate how long it was taking from the time they entered immigration custody until the first time they saw an immigration judge. They told me that the time gap was approximately three weeks. Based on my observations and conversations with detainees, I believe this is roughly true for detainees awaiting their first court dates at the Santa Ana City Jail as well.

4. There are also time lags once an individual is before the immigration court. On June 5, 2012, two *pro bono* attorneys with whom I work appeared with their client in the Los Angeles Immigration Court for a merits hearing. They told me that because there were multiple hearings scheduled for the same afternoon, their case was not heard until approximately 3:30 PM. They did not have sufficient time to complete the merits hearing that day. The immigration judge rescheduled the case for September 27, 2012, nearly four months later. The attorneys filed a motion to reschedule the hearing to an earlier date; the motion was denied. The detainee has been held in immigration custody since on or about November 29, 2011.

5. On June 18, 2012, I was in the Los Angeles Immigration Court for a merits hearing with a client. There were two other merits hearings scheduled for that same afternoon. There was insufficient time to complete all three hearings. The immigration judge rescheduled the hearing of one of the detainees, a woman who was appearing *pro se*, for a date in or about October 2012, more than three months later.

6. Not all cases have such extraordinary delays between court dates. However, while very lengthy continuances between hearing dates are not always the case, they occur with some frequency. This has resulted in many cases unnecessarily being prolonged by weeks and months, due to no fault of the detainee.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed at Los Angeles, California on August 3, 2012.

___/s/___ Talia Inlender
TALIA INLENDER