# Exhibit 57

LEGAL DEPARTMENT
IMMIGRANTS'
RIGHTS PROJECT



AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
MM GRANTS
RIGHTS PROJECT

PLEASE RESPOND TO:
NATIONAL OFFICE
125 BROAD STREET 18TH FL
NEW YORK, NY 10004-2400
T/212 549 2660
F 212 549 2654
WWW.ACLU.ORG

OFFICERS AND DIRECTORS
SUSAN H HERMAN
PRESIDENT

ANTHONY D. ROMERO
EXECUTIVE DIRECTOR

March 6, 2012

Via Email

Theodore W. Atkinson
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
theodore.atkinson@usdoj.gov

Re: **Confidential Settlement Communication Pursuant to FRE 408**
Possible settlement of *Rodriguez v. Hayes, et al.*,
No. 2:07-cv-03239-TJH-RNB

Dear Ted,

      We are writing to you, as class counsel in the above-referenced case, because we believe this is an opportune moment for the parties to consider whether this case could be resolved through settlement rather than through protracted litigation. The government's recent decision not to seek further review of *Diouf v. Napolitano*, 634 F.3d 1081 (9th Cir. 2011), puts plaintiffs in a strong position to prevail before the district court and the Ninth Circuit with respect to their claim of entitlement to bond hearings. Nonetheless, we are prepared to consider a settlement that recognizes that our claims are stronger on behalf of some class members than others, and that would not require *Casas* bond hearings across the board at six months for all class members. In addition, there may be other approaches towards determining who should receive bond hearings – including ones which look to whether an individual has a meritorious challenge to removal – which could address both parties' concerns.

      Because the government will soon be deciding how to implement the *Diouf* decision, and because some of the same issues concerning the right to bond hearings for prolonged detainees are being discussed as part of ongoing settlement discussions in *Franco-Gonzalez, et al. v. Holder, et al.*, No. 2:10-cv-02211-DMG-DTB (C.D.C.A. filed March 26, 2010), we think this is a particularly good time for the parties to enter into a dialogue about these issues. Please convey this to your clients. If they are interested, we would be glad to consider a settlement proposal that would resolve this litigation in a

way that is consistent with Ninth Circuit precedent, yet sensitive to the government's needs.

We look forward to hearing back from you.

Best,

*[signature]*

Judy Rabinovitz
ACLU Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
jrabinovitz@aclu.org

Ahilan Arulanantham
ACLU Foundation of Southern California
1313 West Eighth Street
Los Angeles, CA 90017
aarulanantham@aclu-sc.org

Jayashri Srikantiah
Stanford Law School
Immigrants' Rights Clinic,
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
jsrikantiah@law.stanford.edu

Sean Commons
Sidley Austin, LLP
555 West Fifth Street
Los Angeles, California 90013
scommons@sidley.com

AMERICAN CIVIL LIBERTIES UNION FOUNDATION