STUART F. DELERY
Acting Assistant Attorney General
Civil Division
DAVID J. KLINE
Director, Office of Immigration Litigation
District Court Section
VICTOR M. LAWRENCE
Principal Assistant Director
THEODORE W. ATKINSON
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation,
District Court Section
    P.O. Box 868, Ben Franklin Station
    Washington, DC 20044
    Phone: (202) 532-4135
    theodore.atkinson@usdoj.gov

Attorneys for Respondents

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, et al., <br><br> Petitioners, <br><br> vs. <br><br> TIMOTHY S. ROBBINS, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director, et al.,* <br><br> Respondents. | Case No. CV 07-3239-TJH (RNBx) <br><br> **DECLARATION OF THOMAS Y.K. FONG** |

I, THOMAS Y.K. FONG, declare as follows:

    1.    I serve as the Assistant Chief Immigration Judge with oversight responsibility for the Executive Office for Immigration Review's (EOIR) Los Angeles and Lancaster Immigration Courts. The Office of the Chief Immigration Judge (OCIJ) provides overall program direction, articulates policies and procedures, and establishes priorities for the immigration courts throughout the United States. The Chief Immigration Judge carries out these responsibilities with a Deputy and Assistant

Chief Immigration Judges. I work for the Chief Immigration Judge and have managerial and supervisory responsibilities for the Immigration Courts located in Honolulu, Lancaster, Los Angeles, Saipan, and Salt Lake City. In this role, I oversee the immigration court personnel including the immigration judges, the Court Administrators, and clerical staff assigned to these immigration courts. I have served in this position since my appointment in October 2006.

2. I have prepared this declaration with the goal of explaining how the Los Angeles and Lancaster Immigration Courts will be affected by the order from this Court in connection with the lawsuit of Alejandro Rodriguez, et al., that requires Defendants to identify and provide bond hearings to all members of the Section 1225(b) and Section 1226(c) Subclasses, before an immigration judge with the power to grant release, within thirty (30) days of the Court's order (by October 12, 2012) and, within this same time frame, create a system to identify future class members and provide them with bond hearings.

3. The Los Angeles Immigration Court has thirty-one (31) immigration judges available to conduct immigration hearings. At this time, seven (7) of the thirty-one (31) immigration judges are currently assigned to handle detained immigration cases. Each Los Angeles immigration judge handling detained immigration cases is currently scheduled to conduct approximately 27 bond hearings, approximately 86 master calendar hearings, and approximately 27 merits hearings over the course of the next 30-days.

4. Of the seven (7) assigned immigration judges handling detained dockets, they conduct their detained cases out of two separate locations in downtown Los Angeles. Five (5) of the immigration judges conduct these hearings via video teleconference and the other two (2) conduct in-person hearings with the detained alien present. The detained aliens are not centrally housed in a single location; instead, the detained aliens are housed in several different locations throughout the

metropolitan Los Angeles area, including Lancaster, Adelanto and at least three (3) Orange County facilities.

5. Currently, the bond hearing dockets for the Los Angeles Immigration Court are set and completely full until, depending on the individual dockets of each immigration judge, as early as September 20, 2012, and as late as October 10, 2012. However, a minimum seventy-two (72) hours advance notice to the DHS is normally required for them to arrange the transfer and transport logistics for a detained respondent for any hearing before the immigration judge held in the Orange County custody facilities.

6. The Lancaster Immigration Court, located on the grounds of the Mira Loma Detention Facility, has three (3) immigration judges assigned to handle the immigration cases for all individuals detained at this location. Each immigration judge handling detained immigration cases in the Lancaster Immigration Court is currently scheduled to conduct approximately 119 bond hearings, approximately 130 master calendar hearings, and approximately 22 merits hearings over the course of the next thirty (30) days.

7. Currently, the bond hearing dockets for the Lancaster Immigration Court are set and completely full until, depending on the individual dockets of each immigration judge, as early as September 18, 2012, and as late as September 19, 2012.

8. Scheduling more than 100 bond hearings by October 12, 2012, pursuant to the Court's Order, will have an adverse impact on the Los Angeles and Lancaster Immigration Courts. Specifically, a total of 1790 detained alien proceedings (bond, master calendar and merits hearings) currently docketed during that time period, will have to be rescheduled to accommodate the bond hearings ordered by the district court. This is likely to have a "ripple" effect on the two courts' dockets going forward, including delaying adjudications of other detained cases already scheduled. Moreover, rescheduling cases requires re-serving notices of hearing to parties and their attorneys, with the possibility of conflicts with availability of attorneys and witnesses, which will likely require additional rescheduling.

9. Also, EOIR is facing an imminent disruption to its operations over the next month. Specifically, on September 10, 2012, the Department of Homeland Security (DHS) informed EOIR that it is terminating its contract with the Los Angeles Sheriff's Department for all immigration detainees currently detained at the Mira Loma Detention Facility with all immigration detainees to be removed from the facility on or before November 16, 2012. Termination of the detention contract for the Mira Loma Detention Facility directly impacts EOIR's Lancaster Immigration Court, which is co-located within the grounds of the detention facility. At this time, the Lancaster Immigration Court conducts all detained hearings for immigration detainees housed at the Mira Loma Detention Facility. If this immigration detention facility closes, the Lancaster Immigration Court will close. DHS further requested that EOIR not set any hearings at the Lancaster Immigration Court location after October 31, 2012. At this time EOIR has made no decisions regarding the relocation of the immigration court or its assigned personnel. Normally, a two (2) to five (5) day closure period occurs before EOIR and its immigration judges can recommence conducting hearings.

10. The Court's Order also imposes upon immigration judges a requirement that they conduct bond hearings in cases where re-determining custody is outside the scope of the jurisdiction of immigration judges. Specifically, immigration judges may not re-determine custody with respect to arriving aliens. 8 C.F.R. § 1003.19(h)(2)(i)(B) ("[A]n immigration judge may not re-determine conditions of custody . . . with respect to the following classes of aliens…(B) Arriving aliens in removal proceedings …"). Immigration judges also may not re-determine custody with respect to aliens detained under 8 U.S.C. § 1226(c). 8 C.F.R. § 1003.19(h)(2)(i)(D) ("[A]n immigration judge may not re-determine conditions of custody . . . with respect to the following classes of aliens…(D) Aliens in removal proceedings subject to section 236(c) [8 U.S.C. § 1226(c)] …").

11. Similarly, the Court's Order requires immigration judges to re-determine custody of section 1225(b) and section 1226(c) aliens under a burden standard currently applicable only in *Casas-Castrillon* hearings.

12. Because the Court's Order sets forth requirements outside immigration judges' jurisdiction (conducting bond hearings for arriving aliens detained under section 1226(c), and aliens detained under section 1226(c)), and also requires judges to adopt a burden of proof not typically applied, and which immigration judges may be unfamiliar, the Court's Order will require effort by EOIR and/or the ACIJ to instruct or guide immigration judges to conduct bond hearings consistent with the Court's Order. That process will likely take some time, to ensure that immigration judges understand the requirements of the Court's Order. The time to provide such instruction or guidance will shorten the time immigration courts have to complete the bond hearings as ordered.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 17, 2012

_____
THOMAS Y.K. FONG