STUART F. DELERY
Acting Assistant Attorney General
Civil Division
DAVID J. KLINE
Director, Office of Immigration Litigation
District Court Section
VICTOR M. LAWRENCE
Principal Assistant Director
THEODORE W. ATKINSON
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation,
District Court Section
    P.O. Box 868, Ben Franklin Station
    Washington, DC 20044
    Phone: (202) 532-4135
    theodore.atkinson@usdoj.gov

Attorneys for Respondents

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*, <br><br> Petitioners, <br><br> vs. <br><br> TIMOTHY S. ROBBINS, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director, et al.*, <br><br> Respondents. | Case No. CV 07-3239-TJH (RNBx) <br><br> **DECLARATION** |

<u>Declaration of Eric Saldana</u>

I, Eric Saldana, declare as follows:

1.  I am currently employed as the Assistant Field Office Director for the Los Angeles Field Office, U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO). I have served in this capacity since July of 2007. The Los Angeles Field Office of ERO is responsible for the detention of aliens within the geographic jurisdiction of the United States District Court, Central District of California (CDCA). The Los Angeles Field Office of ERO is also responsible for the investigation and apprehension of aliens suspected of violating the Immigration and Nationality Act, and carrying out removal orders issued by the Executive Office of Immigration Review (EOIR) and other authorized officers. The apprehension, detention and removal of aliens who pose a danger to national security or a risk to public safety are our highest enforcement priority. The Los Angeles Field Office has a staff of approximately 442 officers to carry out these functions.

2.  As of September 14, 2012, within the geographic jurisdiction of the CDCA, approximately 101 individuals are detained in the custody of ICE for six months or more under the authority of 8 U.S.C. §§ 1225(b) and 1226(c). ICE's databases do not track individuals by the statutory authority for their detention. Accordingly, this figure was obtained from ERO's Statistical Tracking Unit and represents individuals detained six months or more within the geographic jurisdiction of CDCA that do not have an administrative final order of removal. In order to obtain a precise number of individuals that are subject to the district court's order, a file-by-file review would be necessary. Such review would be time consuming (approximately 30 minutes per file) and divert substantial resources from ICE's operations.

3. The Los Angeles Field Office of ERO is also responsible for ensuring that detained aliens attend scheduled hearings before EOIR. To that end, we manage the movement of detained aliens between various detention facilities to enable aliens to be detained in close proximity to the EOIR offices with jurisdiction over their cases. We also arrange for transportation of detained aliens to the hearing sites and guard them during hearings at certain facilities. We currently have only 2 officers and 34 contract staff assigned to perform these particular functions.

4. The Los Angeles Field Office of ERO must meet its obligations in ensuring that aliens currently scheduled for bond hearings in the next 30 days attend their hearings. The sudden addition of approximately 101 bond hearings, in addition to the bond hearings already scheduled within the next 30 days, would significantly disrupt our ability to manage the detained aliens within our jurisdiction. Given our limited staff, the required hearings would require diversion of staff to detention management, transport and guarding operations, thereby disrupting other key functions such as investigations, apprehensions and removals. Given our limited ability to divert staff from our core enforcement obligations, the addition of 101 bond hearings over the next 30 days would likely result in significant overtime costs to the agency.

5. The order that the government bear the burden of proof in these additional bond hearings within the next 30 days will further burden our operations. Specifically, when a Notice to Appear is filed with the EOIR, a preliminary background investigation of each alien commensurate with the existing burden of proof is completed by ICE officers. Placing the burden of proof upon ICE to show that continued detention is warranted by clear and convincing evidence, would require ERO to conduct more extensive background checks, locate witnesses and secure updated and supplemental documentary evidence. It is estimated that most

individual file reviews and written recommendations by officers would require at least two hours per case. In cases requiring additional supporting or legal documentation, significant delays of weeks or longer could be experienced. It is unlikely that this could be accomplished for all 101 detained aliens within 30 days, leading to bond hearings conducted without relevant evidence of flight risk or danger to the community. It would also require additional diversion of staff and disruption of other operations. Specifically, regularly performed law enforcement operations that have been planned for this period would likely have to postponed.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

September 17, 2012

Eric Saldana