1   **AHILAN T. ARULANANTHAM (SBN 237841)**
    **aarulanantham@aclu-sc.org**
2   **MICHAEL KAUFMAN (SBN 254575)**
    **mkaufman@aclu-sc.org**
3   **ACLU FOUNDATION OF SOUTHERN CALIFORNIA**
    **1313 West Eighth Street**
4   **Los Angeles, CA 90017**
    **Telephone:  (213) 977-9500**
5   **Facsimile:  (213) 977-5297**

6   *Attorneys for Petitioners*
    **(Additional Counsel listed on following page)**

7

8                   UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                        WESTERN DIVISION

11
    ALEJANDRO RODRIGUEZ,              ) Case No. CV-07-3239-TJH (RNBx)
12  ABDIRIZAK ADEN FARAH,             )
    YUSSUF ABDIKADIR, ABEL PEREZ      )
13  RUELAS, JOSE FARIAS CORNEJO,      ) **DECLARATION OF STACY**
    ANGEL ARMANDO AYALA, for          ) **TOLCHIN**
14  themselves and on behalf of a class of )
    similarly-situated individuals,   ) Honorable Terry J. Hatter
15                                     )
                    Petitioners,       ) Date:  May 6, 2013
16                                     ) Time:  Under Submission
                    v.                 )
17                                     )
    ERIC HOLDER, United States Attorney )
18  General; JANET NAPOLITANO,         )
    Secretary, Homeland Security;     )
19  THOMAS G. SNOW, Acting Director,   )
    Executive Office for Immigration  )
20  Review; TIMOTHY ROBBINS, Field    )
    Office Director, Los Angeles District )
21  Immigration and Customs Enforcement; )
    WESLEY LEE, Officer-in-Charge, Mira )
22  Loma Detention Center; et al.;     )
    RODNEY PENNER, Captain, Mira      )
23  Loma Detention Center; SANDRA     )
    HUTCHENS, Sheriff of Orange County; )
24  OFFICER NGUYEN, Officer-in-        )
    Charge, Theo Lacy Facility; CAPTAIN )
25  DAVIS NIGHSWONGER, Commander,      )
    Theo Lacy Facility; CAPTAIN MIKE  )
26  KREUGER, Operations Manager, James )
    A. Musick Facility; ARTHUR        )
27  EDWARDS, Officer-in-Charge, Santa )
    Ana City Jail; RUSSELL DAVIS, Jail )
28  Administrator, Santa Ana City Jail, )

─────────────────────────────────────────────
                **DECLARATION OF STACY TOLCHIN**

1

Respondents. )
                    )
2

3   **JUDY RABINOVITZ**
    JRabinovitz@aclu.org
4   **AMERICAN CIVIL LIBERTIES FOUNDATION**
    **IMMIGRANTS' RIGHTS PROJECT**
5   125 Broad Street, 18th Floor
    New York, NY 10004
6   Telephone: (212) 549-2618
    Facsimile: (212) 549-2654
7

    **JAYASHRI SRIKANTIAH (SBN 189566)**
8   **STANFORD LAW SCHOOL**
    **IMMIGRANTS' RIGHTS CLINIC**
9   Crown Quadrangle
    559 Nathan Abbott Way
10  Stanford, CA 94305-8610
    Telephone: (650) 724-2442
11  Facsimile: (650) 723-4426

12  **SEAN COMMONS (SBN 217603)**
    **CODY JACOBS (SBN 272276)**
13  **JONATHAN FEINGOLD (SBN 286302)**
    **SIDLEY AUSTIN LLP**
14  555 West Fifth Street, Suite 4000
    Los Angeles, CA 90013-1010
15  Telephone: (213) 896-6000
    Facsimile: (213) 896-6600
16

    *Attorneys for Petitioners*
17

18

19

20

21

22

23

24

25

26

27

28

2

## DECLARATION OF STACY TOLCHIN

1.     I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently as follows:

2.     My name is Stacy Tolchin. I am an immigration attorney in private practice in Los Angeles, CA.

3.     I graduated from UCLA Law School in 2001. From 2001-2010, I was employed by Van Der Hout, Brigagliano & Nightingale, LLP, where I specialized in complex removal cases in immigration court, appeals before the Board of Immigration Appeals and Administrative Appeals Office, and petitions for review before the U.S. Court of Appeals for the Ninth Circuit. In 2010, I opened my own practice, the Law Offices of Stacy Tolchin, where I continue to practice immigration law.

4.     I have litigated a number of cases in federal district court and at the Ninth Circuit, including *Husyev v. Mukasey*, 528 F.3d 1172 (9th Cir. 2008), *Silaya v. Mukasey*, 524 F.3d 1066 (9th Cir. 2008), *Padilla-Padilla v. Gonzales*, 463 F.3d 972 (9th Cir. 2006), and *Singh v. Still*, 470 F.Supp.2d 1064 (N.D. Cal 2007). I have received numerous awards and recognitions for my work, including the American Immigration Lawyers Association Jack Wasserman Memorial Award for excellence in the field of litigation in 2009, the American Civil Liberties Union of Southern California Equal Justice Advocacy Award in 2009, and the National Immigration Law Center Annual Award in 2008. In addition, I currently serve on the Advisory Committee for the American Immigration Council and the Board of Directors of the National Immigration Project of the National Lawyers Guild, and serve on the Rules Committee of the U.S. Court of Appeals for the Ninth Circuit.

5.     I regularly represent individuals in immigration bond hearings conducted pursuant to *Casas-Castrillon v. Department of Homeland Security*, 535 F.3d 942 (9th Cir. 2008), *Diouf v. Napolitano*, 634 F.3d 1081 (9th Cir. 2011) (*Diouf II*) and the preliminary injunction order in *Rodriguez*. Over the course of my over 11 year career, I conservatively estimate that I have represented 4-7 individuals in *Casas / Diouf*

hearings. I conservatively estimate that I have represented 3 individuals in *Rodriguez* PI hearings. I also regularly represent individuals in bond hearings pursuant to 8 U.S.C. 1226(a). Over the course of my career, I conservatively estimate that I have represented 30 individuals in Section 1226(a) hearings.

6.      In my cases involving detained clients eligible for hearings under *Casas* or *Diouf II*, the Department of Homeland Security (DHS) did not provide written or verbal notice to the detainees that they were eligible for a *Casas / Diouf* hearing. Instead, once the detainees retained me, I had to affirmatively request such a hearing with the immigration court. I have not had any cases where DHS automatically scheduled *Casas / Diouf* hearings for eligible individuals.

7.      In contrast, in my experience representing individuals eligible for *Rodriguez* preliminary injunction hearings, the government has mailed a written notice to me in advance of the hearing. However, in my experience, I have received such notices typically only one day before the hearing. I have found that this period of notice is insufficient to adequately prepare for a bond hearing, because it can take several days to gather documents, interview potential witnesses, and conduct additional preparations for a bond hearing. In addition, I maintain a heavy caseload and cannot easily reschedule other meetings, hearings, and court deadlines to prepare for a bond hearing on such short notice.

8.      Attached hereto as Exhibit A are true and correct examples of two hearing notices for *Rodriguez* preliminary injunction bond hearings pertaining to my clients. One of the notices is postmarked November 6, 2012, yet noticed a bond hearing set for November 8, 2012. The notice was not received by my office until November 7, 2012. The second notice is postmarked October 29, 2012, yet noticed a bond hearing set for October 31, 2012. That notice was not received by my office until October 30, 2012. Based on past experience, I typically receive notices and other documents mailed by the Los Angeles Immigration Court within one to three days after the date on which they are postmarked.

DECLARATION OF STACY TOLCHIN

LA1 2650607x.1

9.     I am familiar with immigration court proceedings at the Los Angeles Immigration Court and (prior to its closing) the Mira Loma Immigration Court. In my experience in my own matters, and based on observing other matters, *Casas / Diouf* and *Rodriguez* preliminary injunction hearings typically last approximately 10 minutes, and no more than approximately 15 minutes.

10.     In addition, based on my experience representing clients and seeing other cases that occurred before or after mine in court, *Casas / Diouf* and *Rodriguez* preliminary injunction hearings routinely are conducted by video for detainees held in the following immigration detention facilities: Adelanto Detention Center, Theo Lacy Facility, and James A. Musick Facility. When a bond hearing is conducted by video, the hearing takes place at the Los Angeles Immigration Court, where the immigration judge, the DHS attorney, and (if represented) the detainee's attorney are physically present. The detainee appears by video from the detention center and is not transported to Los Angeles. In general, based on my experience and observations, bond hearings conducted by video do not materially differ in length from bond hearings in which the detainee is physically present.

11.     Based on my experiences working with detained and released immigrants, immigrants released from detention are better able to obtain legal representation. In addition, immigrants released from detention are better able to assist with preparing applications for relief, defenses to removal, and, in general, gathering evidence and witnesses. For non-detained clients, I do not have to travel long distances to meet with clients at detention centers, nor do I have to worry that my visits might be delayed or cut short by "counts", meal-times, or "lockdowns."

12.     Detention also presents serious impediments to my ability to communicate with my clients and advocate on their behalf at immigration court hearings. For hearings in which the detainee is physically present, the detainee must be transported to the Los Angeles Immigration Court. Because the detention centers are located some distance from the Los Angeles Immigration Court, detainees with

hearings on the morning calendars often are forced to wake up very early in the morning (as early as 3 AM) to be transported to Los Angeles. In my experience, my clients are often exhausted during their hearings due to the early wakeup and long transport to the Los Angeles Immigration Court. In the courtroom, the detainees are handcuffed and shackled at their ankles until an individual detainee's case is called, at which point an ICE official will uncuff the detainee and allow him or her to sit at the counsel table during their hearing. After the hearing is completed, the detainee is cuffed again. My clients often tell me that they find the shackles painful and humiliating.

13.   For detained clients that appear by video, there are different challenges. First, it is very difficult to have confidential attorney-client communications during a hearing by video, whereas when the client is in court an attorney can lean over and discreeetly speak with a client. Second, if documentary evidence is in the detainee's possession, the detainee must submit the documents through the court fax system. The same is true for documents in DHS' possession which need to be reviewed by the detainee. I have observed that this system does not always function well, particularly for lengthy documents.

14.   Currently, my office has approximately 23 cases – both detained and non-detained -- pending before various judges at the Los Angeles Immigration Court. In the months since the preliminary injunction order was issued in *Rodriguez*, I have not observed any noticeable increase in the time it takes for a matter to be scheduled for a bond or other types of hearings, or in the length of continuances, for my cases at the Los Angeles Immigration Court.

15.   In a *Casas / Diouf* or *Rodriguez* PI hearing, as well as bond hearings under Section 1226(a), I typically present substantial documentary and testimonial evidence relevant to whether my client is a danger or a flight risk. For example, such evidence may include testimony from family members and other members' of the community affected by my client's detention; documents regarding past employment,

4

participation and completion of substance abuse programs, or attendance and involvement in religious activities; and documents regarding the client's applications for relief and case history. In my experience, it can take a substantial period of time (at minimum, several days) to research, gather, and prepare such evidence for a bond hearing. In my experience, such evidence can be critically important to establishing a client's fitness for release and to obtaining a reasonable bond amount.

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct to the best of my knowledge and belief. Executed this 7th day of February, 2013 in Los Angeles, California.



Stacy Tolchin

**DECLARATION OF STACY TOLCHIN**

LA1 2650697v.1

# Exhibit A

IMMIGRATION COURT
300 NO LOS ANGELES ST. RM 4330
LOS ANGELES, CA  90012


LAW OFFICES OF STACY TOLCHIN
STACY TOLCHIN, ESQ.
634 S. SPRING ST., SUITE 714
LOS ANGELES, CA  90014

FILE: A090-083-757

RE:  LOPEZ CASTANEDA, GILBERTO


NOTICE OF CUSTODY REDETERMINATION HEARING IN IMMIGRATION PROCEEDINGS


PLEASE TAKE NOTE THAT THE ABOVE CAPTIONED CASE HAS BEEN
SCHEDULED/RESCHEDULED FOR A CUSTODY REDETERMINATION HEARING BEFORE THE
IMMIGRATION COURT ON Nov 8, 2012 AT 08:00 A.M. AT THE FOLLOWING ADDRESS:

300 NO LOS ANGELES ST. RM 8549
LOS ANGELES, CA  90012

YOU MAY BE REPRESENTED IN THIS PROCEEDING, AT NO EXPENSE TO THE GOVERNMENT, BY
AN ATTORNEY OR OTHER INDIVIDUAL AUTHORIZED AND QUALIFIED TO REPRESENT PERSONS
BEFORE AN IMMIGRATION COURT.  IF YOU WISH TO BE REPRESENTED, YOUR ATTORNEY
OR REPRESENTATIVE SHOULD APPEAR WITH YOU AT THIS HEARING.


CERTIFICATION OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL [ ]  PERSONAL SERVICE [ ]
TO: [ ] ALIEN [ ] ALIEN c/o Custodial Officer [ ] ALIEN's ATT/REP [ ] DHS
DATE: _____  BY:  COURT STAFF
   Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

U7

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
606 SOUTH OLIVE ST.
LOS ANGELES, CA   90014


LAW OFFICES OF STACY TOLCHIN
STACY TOLCHIN, ESQ.
634 S. SPRING ST., SUITE 714
LOS ANGELES, CA  90014

FILE A 011-482-946            DATE: Oct 29, 2012

IN THE MATTER OF
VAN BREUKELEN, JOHANNES

___ UNABLE TO FORWARD - NO ADDRESS PROVIDED

___ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE.  THIS DECISION
IS FINAL UNLESS AN APPEAL IS FILED WITH THE BOARD OF IMMIGRATION APPEALS
WITHIN 30 CALENDAR DAYS OF THE DATE OF THE MAILING OF THIS WRITTEN DECISION.
SEE THE ENCLOSED FORMS AND INSTRUCTIONS FOR PROPERLY PREPARING YOUR APPEAL.
YOUR NOTICE OF APPEAL, ATTACHED DOCUMENTS, AND FEE OR FEE WAIVER REQUEST
MUST BE MAILED TO:    BOARD OF IMMIGRATION APPEALS
                      OFFICE OF THE CLERK
                      P.O. BOX 8530
                      FALLS CHURCH, VA  22041


___ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE AS THE RESULT
OF YOUR FAILURE TO APPEAR AT YOUR SCHEDULED DEPORTATION OR REMOVAL HEARING.
THIS DECISION IS FINAL UNLESS A MOTION TO REOPEN IS FILED IN ACCORDANCE
WITH SECTION 242B(c)(3) OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C.
SECTION 1252B(c)(3) IN DEPORTATION PROCEEDINGS OR SECTION 240(c)(6),
8 U.S.C. SECTION 1229a(c)(6) IN REMOVAL PROCEEDINGS.  IF YOU FILE A MOTION
TO REOPEN, YOUR MOTION MUST BE FILED WITH THIS COURT:

                      IMMIGRATION COURT
                      606 SOUTH OLIVE ST.
                      LOS ANGELES, CA  90014

✓ OTHER:  SEE ATTACHED COPY OF "ORDER FOR HEARING" OF THE IMMIGRATION JUDGE.

                              COURT CLERK
                              IMMIGRATION COURT                    FF

CC: NGUYEN, TRACY, ESQ
    606 S. OLIVE ST., 8th FLOOR
    LOS ANGELES, CA.  90014

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
**LOS ANGELES**, CALIFORNIA

| | | |
|---|---|---|
| In the Matter of: | ) | |
| | ) | Case No. 011 482 946 |
| VAN BREUKELEN, JOHANNES | ) | |
| | ) | IN BOND PROCEEDINGS |
| Respondent. | ) | |
| | ) | **ORDER FOR HEARING** |

IMMIGRATION COURT ORDER ON PRELIMINARY INJUNCTION
IN RODRIGUEZ et al., v. ROBBINS et al.,

By Order dated September 13, 2012, in the United States District Court for the Central
District of California case of ALEJANDRO RODRIGUEZ, *et al.*, v. TIMOTHY ROBBINS, *et
al.*, (Case No. CV 07-03239-TJH (RNBx)), Senior United States District Court, Judge Terry J.
Hatter, Jr., directed the government to conduct bond hearings in the cases of several identified
class members.[1]

The Department of Homeland Security has identified VAN BREUKELEN, JOHANNES, as a
member of the class of persons to be afforded a bond hearing pursuant to the Court's Order.

**ACCORDINGLY, IT IS HEREBY ORDERED** that a bond hearing be scheduled in
this matter for **OCT 3 1 2012**      , at 8:00 a.m., at the Los Angeles, Immigration Court, 606 S.
Olive Street, 14th Fl., Courtroom F., Los Angeles, California 90014.

Dated:  10 29 2012

KEVIN W. RILEY
Immigration Judge

---

[1] Copy of the Order and Preliminary Injunction is attached..  Note: This order was
modified in Rodriguez, et al. v. Robbins, No. 12-56734 (9th Cir. 9/25/12) staying the time to
comply with the district court's injunction until November 12, 2012.

RE:  VAN BREUKELEN, JOHANNES

File:  A011-482-946

CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY:  MAIL (M)      PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [ ] DHS
DATE: _____  BY: COURT STAFF _____  [ ] Other
      Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List

C1