1  **AHILAN T. ARULANANTHAM (SBN 237841)**
   aarulanantham@aclu-sc.org
2  **MICHAEL KAUFMAN (SBN 254575)**
   mkaufman@aclu-sc.org
3  **ACLU FOUNDATION OF SOUTHERN CALIFORNIA**
   1313 West Eighth Street
4  Los Angeles, CA 90017
   Telephone: (213) 977-9500
5  Facsimile: (213) 977-5297

6  *Attorneys for Petitioners*
   **(Additional Counsel listed on following page)**

7

8

9  UNITED STATES DISTRICT COURT

10 FOR THE CENTRAL DISTRICT OF CALIFORNIA

11 WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, for themselves and on behalf of a class of similarly-situated individuals, <br><br> Petitioners, <br><br> v. <br><br> ERIC HOLDER, United States Attorney General; JANET NAPOLITANO, Secretary, Homeland Security; THOMAS G. SNOW, Acting Director, Executive Office for Immigration Review; TIMOTHY ROBBINS, Field Office Director, Los Angeles District Immigration and Customs Enforcement; WESLEY LEE, Officer-in-Charge, Mira Loma Detention Center; et al.; RODNEY PENNER, Captain, Mira Loma Detention Center; SANDRA HUTCHENS, Sheriff of Orange County; OFFICER NGUYEN, Officer-in-Charge, Theo Lacy Facility; CAPTAIN DAVIS NIGHSWONGER, Commander, Theo Lacy Facility; CAPTAIN MIKE KREUGER, Operations Manager, James A. Musick Facility; ARTHUR EDWARDS, Officer-in-Charge, Santa Ana City Jail; RUSSELL DAVIS, Jail Administrator, Santa Ana City Jail, | Case No. CV-07-3239-TJH (RNBx) <br><br> **DECLARATION OF TALIA INLENDER** <br><br> Honorable Terry J. Hatter <br><br> Date: May 6, 2013 <br> Time: Under Submission |

**DECLARATION OF TALIA INLENDER**

| | |
|---|---|
| 1 | Respondents. |
| 2 | |

**JUDY RABINOVITZ**
JRabinovitz@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

**JAYASHRI SRIKANTIAH (SBN 189566)**
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

**SEAN COMMONS (SBN 217603)**
**CODY JACOBS (SBN 272276)**
**JONATHAN FEINGOLD (SBN 286302)**
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Petitioners*

# DECLARATION OF TALIA INLENDER

I, Talia Inlender, declare as follows:

1. I am a member of the State Bar of California and an attorney at Public Counsel, a non-profit agency that provides *pro bono* legal services. I submit this declaration in support of Petitioners. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to such facts under oath.

2. I graduated from Yale Law School in 2007. From 2007-2008, I served as a law clerk to the Honorable Stephen Reinhardt on the U.S. Court of Appeals for the Ninth Circuit. Following my clerkship, I worked for two years as an Equal Justice Works Fellow at Public Counsel, where I developed a project to provide legal services to immigrants at the Santa Ana City Jail in Orange County.

3. In 2010, I became a staff attorney at Public Counsel and, since that time, have continued to provide legal representation and assistance to detained immigrants within the jurisdiction of the Central District of California, most often immigrants detained in facilities located in Orange County, California.

4. In my approximately four and a half years as an attorney at Public Counsel focused on immigrants' rights, I would estimate that I have provided full representation to approximately 12 people in detention. In addition, I have facilitated the representation of more than 70 people in detention by volunteer *pro bono* attorneys, who I mentor and train. I have provided pro se help to hundreds of detainees.

5. One of my responsibilities as an attorney at Public Counsel is to coordinate and serve as an instructor at a weekly Legal Orientation Program ("LOP") for immigration detainees at the Santa Ana City Jail in Santa Ana, California. I also co-coordinate and instruct at a monthly LOP for immigration detainees at the James A. Musick Facility in Irvine, California. Neither of these programs is funded by the

Executive Office for Immigration Review. Over the past four years, more than 1,500 immigration detainees have attended my legal orientation classes. During and after my LOP presentations, I have had the opportunity to speak individually with hundreds of detainees about their cases.

### Detention Center Conditions

6. There are three immigration detention centers in Orange County, California: Santa Ana City Jail, James A. Musick Facility ("Musick"), and Theo Lacy Facility. Due to my responsibilities at Public Counsel, I have had numerous opportunities to visit each of these facilities over the past four years. All three are locked jail facilities. The Santa Ana City Jail is run by the Santa Ana Police Department. The Musick and Theo Lacy facilities are run by the Orange County Sheriff's Department.

7. The Santa Ana City Jail, Musick Facility, and Theo Lacy Facility issue jail uniforms to immigrant detainees, which they are required to wear at all times. In addition, based on my observations while visiting each of these facilities, movement is restricted. At the Santa Ana City Jail, most detainees live in two-person cells with limited access to a larger day room. Some female detainees at the Santa Ana City Jail live in a dorm-style room. At the Musick Facility, detainees live in large dorm-style rooms. At the Theo Lacy Facility, some detainees live in large dorm-style rooms while others are placed in cells.

### Access to Visitors

8. The detention centers in the Central District of California have visitation policies that limit detainees' ability to visit with spouses, siblings, parents, children and other loved ones and visitors, with the exception of retained counsel. Attached hereto as Exhibit A are screen shots from Immigration Customs and Enforcement's ("ICE's") website that describe the visitation policies for Santa Ana City Jail and the Adelanto Facility. At the Santa Ana City Jail, visitors may meet with a detainee for

no more than one hour, and only during certain designated periods during the day. Based on my experience, Musick and Theo Lacy facilities have similarly restrictive policies to Santa Ana City Jail. As described on ICE's website, at the Adelanto Facility, visitors may meet with detainees for no more than a half hour, and only during certain designated periods on three designated days a week.

9. At the Santa Ana City Jail and the Theo Lacy Facility, with the exception of retained counsel, detainees are not allowed contact visits with their visitors, including spouses, siblings, parents, children or other loved ones. Based on my personal observations while at these two facilities, when visits are permitted, most visits are limited to phone conversations through a see-through barrier, which prevents any direct contact between detainees and visitors, even when those visitors are close family members. At the Santa Ana City Jail, some visits for female detainees are limited to "video chats," rather than in-person telephone conversations across a see-through barrier. The Musick Facility permits detainees to have contact visits with their loved ones, but there are restrictions regarding the days when contact visits can occur as well as the length of contact visits.

**Access to Language Assistance, Law Libraries and Legal Assistance**

10. In my experience communicating with more than 1,500 detainees through my LOP classes over the past several years, the majority speak a language other than English as their primary language and express difficulty understanding even basic English. These comprehension problems present particular challenges when trying to explain concepts relating to legal procedures and immigration statutes, even for detainees who claim to have a basic level of English language comprehension.

11. Based on my experience working in the Orange County detention centers, of the three Orange County detention centers, only Musick has a physical law library for detainees. The "law library" at the Santa Ana Jail consists of a rolling cart on which books are placed as well as approximately 1-2 computer terminals in each

3

DECLARATION OF TALIA INLENDER

housing module. It is my understanding that the computer terminals run LEXIS compact discs that contain certain legal materials. Similarly, I believe that the "law library" at the Theo Lacy Facility consists of computer terminals with LEXIS CDs. I do not believe that detainees at these facilities have access to the internet.

12. There is currently no government-funded LOP program for the Santa Ana City Jail, Theo Lacy Facility, or Musick Facility. For the past four years, my organization, Public Counsel, has funded my weekly LOPs at the Santa Ana City Jail. Each week, my LOP is made available to detainees from one or more housing modules, and I rotate through all housing modules in the Santa Ana City Jail over a four-week period. Although I make my LOPs available to all Santa Ana City Jail detainees who want to attend, inevitably there are some people who are unable to attend because they are at immigration court on the day on which the LOP is held, or because they are deported or released from detention before my rotation to the housing module in which they are detained.

13. In approximately February 2012, my organization, along with several other local legal service providers, collaborated to create a monthly LOP program for detainees at the Musick Facility. The collaborative receives no funding from the government to conduct LOPs at Musick. Prior to February 2012, there was no LOP at the Musick Facility. Currently, the collaborative conducts an LOP one day a month at Musick. Although we try to make the LOP available to each Musick detainee who would like to attend, inevitably there are some people who are unable to attend because they are at immigration court on the day of the LOP, they are deported or released from detention before the monthly LOP, or in rare cases where the collobarative does not have the resources to meet individually with every detainee.

14. There is not currently an LOP program conducted at the Theo Lacy Facility. As a result, none of the Theo Lacy detainees have the opportunity to attend an LOP.

4
DECLARATION OF TALIA INLENDER

### Immigration Court Mail

15. Based on my experience with detainees in the Central District, the Los Angeles Immigration Court sometimes sends detainees notices by mail, rather than by hand-delivery. Furthermore, it is my understanding that the Santa Ana City Jail distributes mail to detainees on Monday, Tuesday, Wednesday, and Thursday only. I regularly send mail to detainees at the Santa Ana City Jail and have found that, on average, it takes at least three business days for mail to reach the detainees.

16. Throughout my experience directly representing immigrant detainees in the Central District, as well as supervising the representation of such detainees, none of the detainees received notices from the Los Angeles Immigration Court translated into a language other than English. To the best of my knowledge, there is no procedure for requesting copies of written notices translated into a language other than English. The notices from the Department of Homeland Security ("DHS") are also generally in English, with the exception of what is known as an "Orantes" advisal notice, which is translated into Spanish. As a result, many detainees often have difficulty reading and understanding the notices they receive from the Court and DHS, especially when the detainees do not have the benefit of legal representation.

### Immigration Case Processing

17. Based on my experience providing LOPs at the Santa Ana City Jail and the Musick Facility, I would estimate that detainees are on average scheduled for their first hearing in immigration court approximately 3 weeks after they are first detained. This first hearing is called a "master calendar" hearing. The only way an immigration case is typically resolved at the initial master calendar hearing is if the detainee agrees that he is removable as charged, waives his right to file any applications for relief and to appeal, and agrees to accept an order of removal.

18. If the detainee instead wishes to attempt to find legal representation or fight his immigration case – by arguing that he is not removable as charged or by filing an application for relief from removal – the case generally cannot be resolved at the initial master calendar hearing. In my experience, it typically takes at minimum one additional court hearing, but often several additional hearings, to reach a final resolution in the case. In cases in which the detainee wishes to apply for relief from removal, the immigration judge will typically provide a copy of the application for relief to the detainee at the first or second master calendar hearing and continue the case.

19. In my experience, the majority of detainees at the Santa Ana City Jail, Theo Lacy Facility, and Musick Facility do not have representation at their initial master calendar hearing. Based on my experience, many pro se detainees who are unfamiliar with legal practice or unable to speak or read English struggle to understand the steps necessary to file applications for relief and other court procedures. When I encounter a detainee who I assess as having a strong defense to removal or claim for relief, I typically request that the detainee ask for a continuance to allow me time to recruit a pro bono attorney to represent them, or to locate and mail any relevant pro se guides or manuals to assist them with their case.

20. In my experience, detainees are typically provided with the Executive Office for Immigration Review's list of free legal services providers before or at the initial master calendar hearing. Additionally, immigration judges will typically ask pro se detainees at their initial master calendar hearing whether they would like an opportunity to obtain representation or legal assistance.

21. Based on my experience, continuances that provide detainees with time to find an attorney or to prepare their applications for relief are critical safeguards that ensure that pro se detainees are not rushed through a complex system that they may not understand without legal assistance or sufficient time to prepare. Because there are

very few free legal resources available to detainees, and because immigration law is extremely complex, in my experience it can often take pro se detainees a significant amount of time to obtain legal assistance and prepare their defenses to removal or applications for relief. In such cases, it is often necessary for detainees to take multiple continuances to find an attorney or have sufficient time to prepare their cases pro se.

22. In cases where the detainee has filed an application for relief, the resolution of the case happens at a "merits" hearing. In order to get to a merits hearing, the immigration judge must continue the case at least once because a merits hearing is never the first hearing scheduled in a case. Merits hearings are typically longer hearings than master calendar hearings and, in some cases, require judges to block off approximately a half day for the hearing. In my experience, there are typically longer delays in scheduling a merits hearing than a master calendar hearing.

23. Cases do not necessarily conclude at the first scheduled merits hearing. For example, the immigration judge's schedule may not permit sufficient time to hear all the evidence relevant to a detainee's application for relief from removal at the first merits hearing or there may be more than one merits hearing scheduled for the same time slot. In such cases, the immigration judge will continue the case and schedule another merits hearing. In my experience, asylum cases, for example, may require more than one merits hearing, and can require as many as four merits hearings.

### Detainee Assistance

24. Through my LOPs, I often explain to detainees how to request bond hearings. In my experience, many detainees are unable to understand the regulations that govern bond hearings, and are often confused about their eligiblity for bond. During the past four and a half years, I would conservatively estimate that I have met with at least a dozen detainees who did not know they were eligible for a Casas hearing. I provided several of these detainees with pro se materials explaining how to request a Casas hearing.

25. Based on my observations and experience, I believe that a significant number of detainees give up meritorious claims and appeals because they cannot bear to stay in detention for the lengthy periods it may take to litigate their case. I have explained to detainees how to give up their cases and leave the country because they can no longer handle being in custody.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed at Los Angeles, California on February 6, 2013.

Talia Inlender

# Exhibit A



Enforcement & Removal » Detention Facilities (http://www.ice.gov/detention-facilities/)

# Los Angeles Field Office
# The Santa Ana City Jail

☼ SHARE



Enforcement and Removal Operations Leadership

Facility Location

**Hours of Visitation**

### Friends and Family Visits
Mondays through Fridays: 10 a.m. - 12 p.m., 2 p.m. - 5 p.m., 7 p.m. - 9 p.m.
Saturdays and Sundays: 8 a.m. - 12 p.m., 2 p.m. - 5 p.m., 7 p.m. - 9 p.m.

To ensure adequate time to process visitors through security, all visitors must arrive 15 minutes prior to the scheduled visit time.

Visitors must present a valid verifiable government-issued identification card to enter the facility.

Visits shall not exceed 1 hour.

Minors who are visiting the facility must be accompanied by an adult guardian (18 years or older). Minors must not be left unaccompanied in the waiting room, visiting room or any other area.

### Attorney Visits
There are no restrictions on visitation times by legal representatives.

A list of pro bono (free) legal organizations will be posted in all detainee housing units and other appropriate areas. This list shall be updated quarterly. If a detainee wishes to see a representative or paralegal from that organization, it is the detainee's responsibility to contact them for an appointment.

### Consular Visits
Consular officials may meet with their detained nationals at any time. It is requested that prior arrangements be made with the ICE Supervisory Deportation Officer to the extent possible, and that consular officials bring appropriate credentials when they come to the facility. The ICE Supervisory Deportation Officer in charge of the facility can be reached at (714) 834-4800.

### Clergy Visits
Clergy may visit detainees at any time, but must make prior arrangements with the Supervisor for Program Services at (714) 245-8126.

### Visiting Restrictions
- All family or other social visits are non-contact.
- No firearms or weapons of any kind are permitted in the facility.
- If visitors are or appear to be intoxicated, visitation will not be allowed.
- All visitors are subject to search while in the facility.
- Visitors are not allowed to pass or attempt to pass any items to detainees.
- Visitors are not allowed to carry any items into the visitation area.

**Search Procedures (prior to or during all visitations)**

All individuals requesting admittance to the facility or the visitation area are subject to a pat-down search of their person, an inspection of their belongings, and a metal scan search. Individuals refusing to cooperate with a reasonable search will not be admitted. No firearms or weapons of any kind are permitted. No electronic devices (cell phones, pagers, radios, etc.) are permitted in the secure areas of this facility

| back to top

Contacting Us

Freedom of Information Act (FOIA)

Finding the Status of a Case

Legal Help

Press/Media

Feedback/Complaints

Local Procedures

Sending Mail

Sending Money

Sending Packages

Calling a Detainee

# Exhibit B



Enforcement & Removal » Detention Facilities (http://www.ice.gov/detention-facilities/)

# Los Angeles Field Office
# Adelanto Detention Facility



Enforcement and Removal Operations Leadership

Facility Location

## Hours of Visitation

### Friends and Family Visits

| Level | Day | Hours |
|---|---|---|
| Level 1s (Blue) | Sundays: | 8 a.m. – 3 p.m. |
| | Thursdays: | 8 a.m. – 3 p.m. |
| | Fridays: | 12 p.m. – 3 p.m. |
| Level 2s (Orange) | Mondays: | 8 a.m. – 3 p.m. |
| | Fridays: | 8 a.m. – 11 a.m. |
| | Saturdays: | 8 a.m. – 3 p.m. |
| Level 3s (Red) | Mondays: | 8 a.m. – 3 p.m. |
| | Fridays: | 8 a.m. – 11 a.m. |
| | Saturdays: | 8 a.m. – 3 p.m. |

To ensure adequate time to process visitors through security, all visitors must arrive 15 minutes prior to the scheduled visit time.

Visitors must present a valid verifiable government-issued identification card to enter the facility.

Visits shall not exceed 30 minutes.

Minors who are visiting the facility must be accompanied by an adult guardian (18 years or older). Minors must not be left unaccompanied in the waiting room, visiting room or any other area.

### Attorney Visits
Legal representatives of detainees are authorized to visit their clients 24 hours a day.

A list of pro bono (free) legal organizations will be posted in all detainee housing units and other appropriate areas. This list shall be updated quarterly. If a detainee wishes to see a representative or paralegal from that organization, it is the detainee's responsibility to contact them for an appointment.

### Consular Visits
Consular officials may meet with their detained nationals at any time. It is requested that prior arrangements be made with the ICE Supervisory Deportation Officer to the extent possible, and that consular officials bring appropriate credentials when they come to the facility. The ICE Supervisory Deportation Officer in charge of the facility can be reached at (760) 561-6100.

### Clergy Visits
Clergy may visit detainees at any time, but must make prior arrangements with the Chaplain's Office at (760) 561-6100.

### Visiting Restrictions
- All family or other social visits are contact.
- No firearms or weapons of any kind are permitted in the facility.
- If visitors are or appear to be intoxicated, visitation will not be allowed.
- All visitors are subject to search while in the facility.
- Visitors are not allowed to pass or attempt to pass any items to detainees.
- Visitors are not allowed to carry any items into the visitation area.

### Search Procedures (prior to or during all visitations)
All individuals requesting admittance to the facility or the visitation area are subject to a pat-down search of their person, an inspection of their belongings, and a metal scan search. Individuals refusing to cooperate with a reasonable search will not be admitted. No firearms or weapons of any kind are permitted. No electronic devices (cell phones, pagers, radios, etc.) are permitted in the secure areas of this facility.

| back to top

Contacting Us

Freedom of Information Act (FOIA)

Finding the Status of a Case

Legal Help

Press/Media

Feedback/Complaints

Local Procedures

Sending Mail

Sending Money

Sending Packages

Calling a Detainee