**AHILAN T. ARULANANTHAM (SBN 237841)**
aarulanantham@aclu-sc.org
**MICHAEL KAUFMAN (SBN 254575)**
mkaufman@aclu-sc.org
**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**
**1313 West Eighth Street**
**Los Angeles, CA 90017**
**Telephone:  (213) 977-9500**
**Facsimile:  (213) 977-5297**

*Attorneys for Petitioners*
**(Additional Counsel listed on following page)**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, for themselves and on behalf of a class of similarly-situated individuals,<br><br>Petitioners,<br><br>v.<br><br>ERIC HOLDER, United States Attorney Genera; JANET NAPOLITANO, Secretary, Homeland Security; THOMAS G. SNOW, Acting Director, Executive Office for Immigration Review; TIMOTHY ROBBINS, Field Office Director, Los Angeles District Immigration and Customs Enforcement; WESLEY LEE, Officer-in-Charge, Mira Loma Detention Center; et al.; RODNEY PENNER, Captain, Mira Loma Detention Center; SANDRA HUTCHENS, Sheriff of Orange County; OFFICER NGUYEN, Officer-in-Charge, Theo Lacy Facility; CAPTAIN DAVIS NIGHSWONGER, Commander, Theo Lacy Facility; CAPTAIN MIKE KREUGER, Operations Manager, James A. Musick Facility; ARTHUR EDWARDS, Officer-in-Charge, Santa Ana City Jail; RUSSELL DAVIS, Jail Administrator, Santa Ana City Jail,<br><br>Respondents. | Case No. CV-07-3239-TJH (RNBx)<br><br>**[PROPOSED] ORDER GRANTING PETITIONERS' MOTION FOR SUMMARY JUDGMENT**<br><br>Honorable Terry J. Hatter<br><br>Date:  May 6, 2013<br>Time:  Under Submission |

JUDY RABINOVITZ
JRabinovitz@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm St.
San Francisco, CA 94111
Telephone: (415) 343-0779
Facsimile: (415) 395-0950

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.stanford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
CODY JACOBS (SBN 272276)
cjacobs@sidley.com
JONATHAN FEINGOLD (SBN 286302)
jfeingold@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Petitioners*

The Court has considered the parties' briefing, evidence, and arguments as well as the authorities cited in support of their positions. Upon due consideration, the Court hereby **GRANTS** Petitioners' Motion for Summary Judgment or, in the Alternative, for Summary Adjudication, and orders as follows.

## I.   Findings of Fact

Summary judgment is proper where no genuine issue of material fact is in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Range Road Music, Inc. v. East Coast Foods, Inc.*, 668 F.3d 1148, 1152 (9th Cir. 2012). The Court finds that there is no genuine dispute as to the following facts:

On March 8, 2011, the Court certified a class of all people in the Central District of California who (1) are or will be detained for longer than six months pursuant to the general immigration detention statutes pending completion of removal proceedings, including judicial review; (2) are not detained pursuant to one of the national security detention statutes at 8 U.S.C. § 1226a and 8 U.S.C. §§ 1531-37; and (3) have not been afforded a hearing to determine whether their prolonged detention is justified. [Dkt. #161]. The Court certified four subclasses according to the statute under which class members are currently being detained: 8 U.S.C. §§ 1226(c), 1225(b), 1226(a), and 1231(a).

On September 13, 2012, the Court entered a preliminary injunction ordering that Respondents provide each member of the Sections 1226(c) and 1225(b) Subclasses with a bond hearing before an Immigration Judge where the government bears the burden, by clear and convincing evidence, to show that continued detention is justified based on danger to the community or risk of flight. [Dkt. #255]. The Court also ordered that those bond hearings be recorded so that transcriptions are available in the event of any appeal. [Dkt. #255].

Prior to the preliminary injunction, Respondents did not provide any bond hearings—much less bond hearings that are recorded and that place a heightened burden of proof on the government—to members of the Sections 1226(c) and 1225(b)

Subclasses. But for the preliminary injunction, persons in those subclasses would continue to be detained for six months or longer without these bond hearings.

In addition, Respondents do not provide and have no policy or practice of providing such bond hearings automatically to persons in the Section 1226(a) Subclass who have been detained more than six months—even though the Ninth Circuit held that prolonged detention under Section 1226 required such hearings in *Casas-Castrillon v. DHS*, 535 F.3d 942 (9th Cir. 2008).[1] Pursuant to the Ninth Circuit's decision in *Diouf v. Napolitano (Diouf II)*, 634 F.3d 1081 (9th Cir. 2011), members of the Section 1231(a) Subclass do receive such bond hearings at six months of detention. However, prior to *Diouf II*, Respondents did not provide and had no policy or practice of providing such bond hearings to persons in the Section 1231(a) Subclass.

Furthermore, Respondents do not consider and have no policy or practice of considering the following factors at any bond hearings they presently provide: (1) the likelihood that persons in the class will ultimately be deported; (2) the length of past and future detention; and (3) the availability of less restrictive alternatives to detention. Nor do Respondents provide or have a policy or practice of providing periodic bond hearings to class members either denied bond at an initial bond hearing or unable to pay the bond set at an initial bond hearing. The administrative burden on Respondents to provide a bond hearing at least once every six months is low, especially when compared to the costs of detention.

---

[1] Class members detained pursuant to Section 1226(a) include people who have a reinstated prior order of removal and are detained pending a reasonable fear determination and withholding-only removal proceedings, people who entered the country through the Visa Waiver Program, and other prolonged detainees unless explicitly exempted in the class definition. *See Ortiz-Alfaro v. Holder*, 694 F.3d 955, 958 (9th Cir. 2012) (holding that reinstated removal orders are not "final" until completion of reasonable fear and withholding-only proceedings). *See generally* 8 U.S.C. § 1187 (Visa Waiver Program).

Respondents also have no policy or practice of providing notice to class members and their legal counsel that ensures receipt of such notice at least seven days in advance of a bond hearing.

Respondents' notice of existing bond hearings, including *Casas* hearings, is also deficient in that it does not contain a plain language explanation of how a detainee can request and prepare for such a hearing. *Casas* hearings are not provided automatically; detainees must affirmatively request them. The administrative burden on Respondents to automatically provide plain language notice of bond hearings is low.

The risk of erroneous deprivation caused by Respondents' failure to provide automatic, periodic hearings, and adequate notice is high. Under the existing procedures, even individuals who are eligible for *Casas* hearings do not always receive them.

## II.  Conclusions of Law

For the same reasons underlying the Court's grant of a preliminary injunction, Petitioners are entitled to summary judgment on their request that *all* class members—whether detained pursuant to Sections 1225(b), 1226(a), 1226(c), or 1231(a)—are entitled to a bond hearing at six months of detention. *See Diouf II*, 634 F.3d at 1086 (holding that Section § 1231(a) should be read to require bond hearings for individuals detained more than six months); *Casas-Castrillon*, 535 F.3d at 950 (holding that prolonged detention without a bond hearing raises serious constitutional concerns); *cf. Demore v. Kim*, 538 U.S. 510 (2003) (upholding constitutionality of "brief" mandatory detentions under Section 1226(c)). Moreover, the bond hearing must be accompanied by a contemporaneous record of proceedings and place the burden of proof on the government by clear and convincing evidence. *See V. Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011) (holding that hearings for prolonged detainees authorized under *Casas* must be recorded and must place the burden on the government by clear and convincing evidence); *Diouf II*, 634 F.3d at 1086 (holding

that 8 U.S.C. § 1231(a) should be read to require *Casas* bond hearings for individuals detained more than six months).

Petitioners are further entitled to summary judgment on their request that bond hearings involving prolonged detention require certain additional substantive safeguards in order to be adequate. Immigration judges adjudicating bond hearings must:

(1) order class members' release unless the government shows that no less restrictive alternatives to detention are available to address its concerns regarding flight risk and danger. *See United States v. Salerno*, 481 U.S. 739, 750-52 (1987) (upholding a federal bail statute permitting pretrial detention in part because the statute required strict procedural protections for detention, including prompt hearings before a judicial officer where the government bore the burden of proving dangerousness by clear and convincing evidence that no conditions short of detention would satisfy the government's interest in preventing flight and danger);

(2) consider the length of past and likely future detentions as a factor in determining whether continued detention is justified. *See Diouf II*, 634 F.3d at 1091 (recognizing that detainees' deprivation of liberty worsens as detention lengthens); and

(3) the Immigration Judge must not order the continued detention of a class member if that class member is not significantly likely to be removed upon the conclusion of his removal case. *See Owino v. Napolitano*, 575 F.3d 952, 955 (9th Cir. 2009) (holding that when a noncitizen is "not significantly likely to be removed" upon conclusion of judicial and administrative review of his case, continued detention is unreasonable "and no longer authorized by statute" (citations omitted)). Removal is not significantly likely (a) where a noncitizen is not reasonably likely to obtain travel documents from his country of origin (or is stateless), *see id.*; *see also Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), or (b) where a noncitizen's removal will likely be prohibited under the Immigration and Nationality Act ("INA") because the individual

is likely to face persecution or torture if returned to his home country or because he will likely prevail in his removal case on other grounds.  *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1080 (9th Cir. 2006) (holding that individual who had won asylum and relief under the Convention Against Torture but was detained pending the government's appeal was not significantly likely to be removed).

Petitioners are further entitled to summary judgment on their claim that bond hearings involving prolonged detention require certain additional procedural safeguards:

(1)   All class members are entitled to *automatic* bond hearings if their detention has continued for six months.  *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *Doe v. Gallinot*, 657 F.2d 1017, 1022 (9th Cir. 1981) (holding that the protection of hearings that detainees must affirmatively request is "illusory" when detainees could not "realistically be expected to set the proceedings into motion").

(2)   For class members detained for up to a year or longer, such hearings shall be provided at least once every six months.

(3)   All class members are entitled to adequate notice that a bond hearing has been scheduled in order to prepare arguments, gather evidence, and obtain legal counsel (if not previously retained).  This notice must be in plain language and in a form that class members can comprehend.  *See Padilla-Agustin v. INS*, 21 F.3d 970, 976 (9th Cir. 1994), *overruled on other grounds by Stone v. INS*, 514 U.S. 386 (1995) (clarifying that "[p]articularly when the alien is representing himself and has language difficulties, as is so often the case . . . a high degree of clarity should be a part of the process accorded"); *Orantes-Hernandez v. Smith*, 541 F.Supp. 351, 384 (C.D. Cal. 1982) (acknowledging, in immigration detention context, that "incarcerated persons, though most in need of an opportunity to be heard, are least able to learn about their rights."); *see also Martinez de Bojorquez v. Ashcroft*, 365 F.3d 800, 804 (9th Cir. 2004) (holding that EOIR's failure to provide noncitizen notice of consequences of departures from United States violated procedural due process); *see also Walters*, 145

1   F.3d at 1043 (striking down INS procedures in part because "the alien never learns how to take advantage of the . . . procedures because the combined effect of all the [immigration] forms together is confusion.").

### III. Permanent Injunction Factors

The Court further finds that entry of a permanent injunction is warranted here. Petitioners will suffer irreparable injury in the absence of an injunction. Petitioners' "unnecessary deprivation of liberty clearly constitutes irreparable harm." *United States v. Bogle*, 855 F.2d 707, 710-11 (11th Cir. 1998). The harm caused by unlawful detention without adequate process is particularly severe given that class members are detained for far longer than six months in prison-like conditions separated from their families. Many class members have colorable defenses against removal, including in some cases clear eligibility for relief from removal, which they could more effectively pursue were they released from detention. Delay created by the need to litigate claims for relief often results in lengthier detention, such that those with stronger immigration cases are subject to more prolonged detention. A significant number of class members will likely prevail in their removal cases. Other class members will not prevail, but will never be removed from this country due to repatriation problems. Still others may lose their cases and be able to be removed, but their release pending a final decision would pose no danger to the community or risk of flight, particularly if placed on an alternative to detention program. The unnecessary detention of such individuals constitutes irreparable harm. *Cf. Nat'l Ctr. for Immigrants Rights, Inc. v. INS*, 743 F.2d 1365, 1369 (9th Cir. 1984) ("The hardship from being unable to work to support themselves and their dependents, to obtain release bonds, and to pay for legal representation is beyond question."); *United States v. Miller*, 991 F.2d 552, 553 n.1 (9th Cir. 1993), *abrogated on other grounds*, 518 U.S. 81 (1996) ("deprivation of the parental relationship when a parent is imprisoned almost always exposes children to the risk of psychological harm").

The balance of equities also weighs strongly in Petitioners' favor. The government is not harmed when its own Immigration Judges utilize their authority to determine whether any given individual may be released on bond, including through the use of the "Intensive Supervision Appearance Program" ("ISAP II").

The government stands to realize substantial financial savings from the release of class members, as their prolonged detention is very costly. The government has stipulated that the cost of bond hearings cannot justify their denial here. Dkt. 165 at 4-5.

An injunction will serve and advance the public interest. The public has an interest in ensuring that the government enforces the immigration laws to avoid serious constitutional problems. Moreover, the public has an interest in accurate determinations in all legal proceedings, including the decision of whether to detain individuals during their immigration cases, and in ensuring that the government only expends its resources to detain individuals where it is necessary to prevent danger or flight risk.

For the foregoing reasons, it is **ORDERED** that Respondents and their agents, employees, assigns, and all those acting in concert with them are permanently enjoined as follows:

1. Respondents shall provide all class members a bond hearing before an Immigration Judge consistent with the substantive and procedural requirements set forth in this Order on or about their 180th day of detention.

2. At least seven days prior to providing any bond hearing conducted pursuant to this Order, Respondents shall provide notice, in plain language, of the forthcoming bond hearing. For notice to be sufficient, Respondents must take reasonable steps to ensure receipt by a class member and his counsel, if any, seven days prior to the hearing.

3. At the bond hearing, the Immigration Judge shall order the release of each class member on a reasonable bond or on his recognizance unless the government shows by clear and convincing evidence that his continued detention is justified based on flight risk or danger and that no conditions short of incarceration, including the use of alternatives to detention such as the ISAP II program, would satisfy the government's interests in detention. In making those determinations, the Immigration Judge must consider, among other factors, the length of past and likely

7
[PROPOSED] ORDER GRANTING PETITIONERS' MOTION FOR SUMMARY JUDGMENT

future detention for that particular class member.  The Immigration Judge shall not order the continued detention of any class member if that class member is not significantly likely to be removed upon the conclusion of his removal case.  This includes cases where: (a) the noncitizen is unlikely to obtain travel documents from his country of origin (or is stateless), or (b) the noncitizen's removal will likely be prohibited under the INA because of the likelihood of persecution or torture they would face if removed, or because of the likelihood of their prevailing through some other argument against their removal.

4. Bond hearings shall be recorded or transcribed, so that a written record can be made available in the event of any appeal.

5. For class members who have already been detained for more than six months as of the date of this Order, but who have not received a bond hearing pursuant to this Court's prior preliminary injunction order, Respondents shall provide a bond hearing before an Immigration Judge consistent with the requirements of this Order within 30 days of the date on which this Order is entered.

6. Within 60 days of this Order, Respondents shall submit to the Court a status report describing the steps taken to timely identify all current and future class members and ensure that they receive bond hearings as required by this Order, as well as notice of their hearings as required by this Order.  In that report, for each class member detained as of the date of this Order, Respondents shall submit with the status report under seal (and serve on class counsel) a list containing each class member's name and alien number, the date of any scheduled or completed bond hearing, whether the class member is or was represented, the Immigration Judge who conducted or will conduct the bond hearing, the outcome of any bond hearing, the bond amount set, if any, and whether any appeal has been taken.  Respondents shall provide a supplemental report 60 days thereafter, updated to include the same information for all class members in detention as of the date of the prior report.

7. For class members in detention as of the date of this Order, Respondents shall provide class counsel with notice of class member bond hearings at the same time that they provide notice to class members directly.

8. If, notwithstanding the terms of this Order, Respondents determine that an individual is not a class member even though that individual (a) is detained in Respondents' custody within the Central District, (b) has been detained by Respondents for six months or longer, (c) is not detained under 8 U.S.C. § 1226a or 8 U.S.C. § 1531-37, and (d) remains detained even though the government does not have present authority to deport that individual, Respondents shall notify class counsel of that individual's circumstances and the reason they believe that individual is not a class member.

**IT IS SO ORDERED**

Dated: _____                    _____
                                          HONORABLE TERRY J. HATTER, JR.
                                          United States District Court Judge