| | |
|---|---|
| 1 | **AHILAN T. ARULANANTHAM (SBN 237841)**<br>aarulanantham@aclu-sc.org |
| 2 | **MICHAEL KAUFMAN (SBN 254575)**<br>mkaufman@aclu-sc.org |
| 3 | **ACLU FOUNDATION OF SOUTHERN CALIFORNIA**<br>1313 West Eighth Street |
| 4 | Los Angeles, CA 90017<br>Telephone:  (213) 977-9500 |
| 5 | Facsimile:  (213) 977-5297 |
| 6 | *Attorneys for Petitioners*<br>(Additional Counsel listed on following page) |
| 7 | |
| 8 | UNITED STATES DISTRICT COURT |
| 9 | FOR THE CENTRAL DISTRICT OF CALIFORNIA |
| 10 | WESTERN DIVISION |

| | | |
|---|---|---|
| 11 | ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, for themselves and on behalf of a class of similarly-situated individuals, | ) | Case No. CV-07-3239-TJH (RNBx) |
| 12 | | ) | |
| 13 | | ) | **PETITIONERS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION** |
| 14 | | ) | |
| 15 | Petitioners, | ) | |
| 16 | v. | ) | Honorable Terry J. Hatter |
| 17 | ERIC HOLDER, United States Attorney General; JANET NAPOLITANO, Secretary, Homeland Security; THOMAS G. SNOW, Acting Director, Executive Office for Immigration Review; TIMOTHY ROBBINS, Field Office Director, Los Angeles District Immigration and Customs Enforcement; WESLEY LEE, Officer-in-Charge, Mira Loma Detention Center; et al.; RODNEY PENNER, Captain, Mira Loma Detention Center; SANDRA HUTCHENS, Sheriff of Orange County; OFFICER NGUYEN, Officer-in-Charge, Theo Lacy Facility; CAPTAIN DAVIS NIGHSWONGER, Commander, Theo Lacy Facility; CAPTAIN MIKE KREUGER, Operations Manager, James A. Musick Facility; ARTHUR EDWARDS, Officer-in-Charge, Santa Ana City Jail; RUSSELL DAVIS, Jail Administrator, Santa Ana City Jail, | ) | Date: May 6, 2013<br>Time:  Under Submission |
| 18 | | ) | |
| 19 | | ) | |
| 20 | | ) | |
| 21 | | ) | |
| 22 | | ) | |
| 23 | | ) | |
| 24 | | ) | |
| 25 | | ) | |
| 26 | | ) | |
| 27 | | ) | |
| 28 | Respondents. | ) | |

JUDY RABINOVITZ
JRabinovitz@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm St.
San Francisco, CA 94111
Telephone: (415) 343-0779
Facsimile: (415) 395-0950

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.stanford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
CODY JACOBS (SBN 272276)
cjacobs@sidley.com
JONATHAN FEINGOLD (SBN 286302)
jfeingold@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Petitioners*

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56-2, Petitioners identify below the uncontroverted facts and conclusions of law. Petitioners also provide background facts that Petitioners do not believe need be adjudicated in order to resolve their claims for relief, but which may become relevant if this matter proceeds in a forum where existing Ninth Circuit law no longer governs.

**Issue 1: Members Of The 1226(c) Subclass Are Entitled To *Casas* Hearings[1]**

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| Class members are being detained in the Central District of California pursuant to 8 U.S.C § 1226(c). | Petitioners' Motion for Class Certification, Declaration of Jennifer Stark ¶¶ 3, 15 (Dkt. 101-2); Respondents' Notice of Non-Opposition to Petitioners' Motion for Class Certification at 2-3 (Dkt. 122) |
| But for the preliminary injunction entered by this Court on September 13, 2012, Respondents would not have a policy or practice of providing and would not provide *Casas* hearings to persons in the 1226(c) Subclass. | Responses of the Department of Justice to Petitioners' First Set of Requests for Admission No. 1 (Kaufman Dec. Ex. K); Deposition of Assistant Chief Immigration Judge Thomas Fong (hereinafter "Fong Depo." at 88:16-18; 88:25-89:5 (attached as Exhibit E to the Declaration of Cody Jacobs) |

---

[1] A "*Casas* hearing" is a bond hearing where the government bears the burden of proof by clear and convincing evidence to show that a detainee presents a danger or flight risk sufficient to justify his or her detention. *See V. Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011); *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 951 (9th Cir. 2008). In addition, a *Casas* bond hearing must be recorded for transcription. *V. Singh*, 638 F.3d at 1208-10.

1
PETITIONERS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS
OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| Prior to the preliminary injunction entered by this Court on September 13, 2012, persons in the 1226(c) Subclass were being detained for six months or longer without a bond hearing. | Fong Depo. at 88:16-18; 88:25-89:5 (Jacobs Dec. Ex. E); Responses of the Department of Justice to Petitioners' First Set of Requests for Admission No. 1 (Kaufman Dec. Ex. K); Petitioners' Motion for Class Certification, Declaration of Jennifer Stark ¶¶ 3, 15 (Dkt. 101-2) |

### Conclusion of Law

Persons detained pursuant to 8 U.S.C. § 1226(c) are entitled to a *Casas* hearing no later than six (6) months after being detained. *See Diouf v. Napolitano* (*Diouf II*), 634 F.3d 1081, 1086 (9th Cir. 2011) (holding that detention becomes prolonged at six months, and therefore that 8 U.S.C. § 1231(a) should be read to require *Casas* bond hearings for individuals detained more than six months under that statute); *Casas-Castrillon v. DHS*, 535 F.3d 942, 950 (9th Cir. 2008) (holding that prolonged detention without a bond hearing raises serious constitutional concerns and construing Section 1226(c) to authorize only brief detention without a bond hearing); *cf. Demore v. Kim*, 538 U.S. 510, 523, 526, 530-31 (2003) (upholding constitutionality of "brief" mandatory detentions under Section 1226(c)).

**Issue 2: Members Of The 1225(b) Subclass Are Entitled To Bond Hearings**

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| Class members are being detained in the Central District of California pursuant to 8 U.S.C § 1225(b). | Petitioners' Motion for Class Certification, Declaration of Jennifer Stark ¶¶ 3, 15 (Dkt. 101-2); Respondents' Notice of Non-Opposition to Petitioners' Motion for Class Certification at 2-3 (Dkt. 122) |
| But for the preliminary injunction entered by this Court on September 13, 2012, Respondents would not have a policy or practice of providing and would not provide *Casas* hearings to persons in the 1225(b) Subclass. | Deposition of Assistant Field Office Director Wesley Lee (hereinafter "Lee Depo.") at 17:8-10) (Dec. Ex. F) |
| But for the preliminary injunction entered by this Court on September 13, 2012, persons in the 1225(b) Subclass would be detained for six months or longer without a bond hearing. | Lee Depo. at 44:18 – 45:9 (Jacobs Dec. Ex. F); Petitioners' Motion for Class Certification, Declaration of Jennifer Stark ¶¶ 3, 15 (Dkt. 101-2) |

**Conclusions of Law**

Persons detained pursuant to 8 U.S.C. § 1225(b) are entitled to a bond hearing no later than six (6) months after being detained. *See Diouf II*, 634 F.3d at 1086 (holding that detention becomes prolonged at six months, and that 8 U.S.C. § 1231(a) should be read to require *Casas* bond hearings for individuals detained more than six months); *Casas-Castrillon*, 535 F.3d at 950 (holding that prolonged detention without a bond hearing raises serious constitutional concerns, and construing Section 1226(c) to authorize only brief detention without a bond hearing); *cf. Demore v. Kim*, 538 U.S. 510, 523, 526, 530-31 (2003).

8 U.S.C. § 1225(b) applies to non-citizens "seeking admission" to the United States, including certain lawful permanent residents returning from trips abroad, and the statute must be construed in light of its application to such lawfully admitted non-

3

citizens. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1077 (9th Cir. 2006) (recognizing that lawfully-admitted non-citizens are detained under Section 1225(b), and construing that statute to permit only a "brief and reasonable" detention period of presumptively six months); *see also Clark*, 543 U.S. at 378 (construing Section 1225 to avoid constitutional problems arising from its applicability to lawfully-admitted noncitizens).

**Issue 3: Members Of The 1226(a) Subclass Are Entitled To Bond Hearings**

| Uncontroverted Facts | Supporting Evidence |
| --- | --- |
| Class members are being detained in the Central District of California pursuant to 8 U.S.C § 1226(a). | Petitioners' Motion for Class Certification, Declaration of Jennifer Stark ¶¶ 3, 15 (Dkt. 101-2); Respondents' Notice of Non-Opposition to Petitioners' Motion for Class Certification at 2-3 (Dkt. 122) |
| Respondents do not have a policy or practice of providing and would not provide a *Casas* hearing to persons in the 1226(a) Subclass who have been detained more than six months. | Fong Depo. at 45:12-46:24 (Jacobs Dec. Ex. E) |

**Conclusions of Law**

Persons detained pursuant to 8 U.S.C. § 1226(a) are entitled to a *Casas* hearing no later than six (6) months after being detained. *See Casas-Castrillon v. DHS*, 535 F.3d at 950; *Diouf II*, 634 F.3d at 1086 (holding that detention becomes prolonged at six months).

Class members detained pursuant to 8 U.S.C. § 1226(a) include people who have a reinstated prior order of removal and are detained pending a reasonable fear determination and withholding-only removal proceedings, people who entered the country through the Visa Waiver Program, and others in various procedural postures that are not explicitly exempt from the class definition. *See Ortiz-Alfaro v. Holder*,

694 F.3d 955, 958 (9th Cir. 2012) (holding that reinstated removal orders are not "final" until completion of reasonable fear and withholding-only proceedings); *see generally* 8 U.S.C. § 1187 (Visa Waiver Program).

### Issue 4:  Members Of The 1231(a) Subclass Are Entitled To Bond Hearings

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| Class members are being detained in the Central District of California pursuant to 8 U.S.C § 1231(a). | Petitioners' Motion for Class Certification, Declaration of Jennifer Stark ¶¶ 3, 15 (Dkt. 101-2)  Respondents' Notice of Non-Opposition to Petitioners' Motion for Class Certification, at 2-3 (Dkt. 122) |
| Prior to recent Ninth Circuit precedent, Respondents did not have a policy or practice of providing and would not provide a *Casas* hearing to persons in the Section 1231(a) Subclass. | Arulanantham Dec. ¶¶ 104, 157-58 |
| Prior to recent Ninth Circuit precedent, persons in the Section 1231(a) Subclass were being detained for six months or longer without a bond hearing. | Arulanantham Dec. ¶¶ 104, 157-58 |

### Conclusion of Law

Persons detained pursuant to 8 U.S.C. § 1231(a) are entitled to a *Casas* hearing no later than six (6) months after being detained.  *See Diouf II*, 634 F.3d at 1086 (extending *Casas* to people detained for six months or more under Section 1231(a)(6)).

5
PETITIONERS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS
OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION

**Issue 6: All Class Members Are Entitled To A Bond Hearing Before An Immigration Judge That Considers The Likelihood That A Detainee Will Ultimately Be Deported, The Length Of Past And Future Detention, And Alternatives To Detention**

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| Before and after the preliminary injunction entered by this Court on September 13, 2012, Respondents have not had and do not have a consistent policy or practice of considering, at class members' bond hearings, the likelihood that persons in the class will ultimately be deported. | Fong Depo. at 49:5-51:7; 53:21-54:25; 135:5-14 (Jacobs Dec. Ex. E); *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006) |
| Before and after the preliminary injunction entered by this Court on September 13, 2012, Respondents have not had and do not have a consistent policy or practice of considering, at class members' bond hearings, the length of past and future detention. | Fong Depo. at 46:3-9 (Jacobs Dec. Ex. E); *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006) |
| Before and after the preliminary injunction entered by this Court on September 13, 2012, Respondents have not had and do not have a consistent policy or practice of considering alternatives to detention at bond hearings for class members. | Fong Depo. at 57:11-59:14 (Jacobs Dec. Ex. E); *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006) |

**Conclusions of Law**

All Class members -- persons detained pursuant to 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), 1231(a) without adequate bond hearings for six months or more -- are entitled to a bond hearing that considers the likelihood that a detainee will ultimately be deported. *See Owino v. Napolitano*, 575 F.3d 952, 955 (9th Cir. 2009) (holding that when a noncitizen is "not significantly likely to be removed" upon conclusion of judicial and administrative review of his case, continued detention is unreasonable "and no longer authorized by statute") (citations omitted); *Nadarajah v. Gonzales*, 443 F.3d 1069 (9th Cir. 2005) (finding that detention of individual who had

won asylum and CAT relief was no longer authorized by statute despite pending government appeal to Attorney General).

All Class members are entitled to a bond hearing that considers the length of past and future detentions. *See Diouf II*, 634 F.3d at 1091 (recognizing that detainees' deprivation of liberty worsens as detention lengthens).

All Class members are entitled to a bond hearing that considers the use of alternatives to detention. *See United States v. Salerno*, 481 U.S. 739, 750-52 (1987) (upholding a federal bail statute permitting pretrial detention in part because the statute required strict procedural protections for detention, including prompt hearings before a judicial officer where the government bore the burden of proving dangerousness by clear and convincing evidence that no conditions short of detention would satisfy the government's interest in preventing flight and danger).

**Issue 7: All Class Members Are Entitled To Automatic And Periodic Bond Hearings And Adequate Advanced Notice Prior To Bond Hearings**

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| Respondents do not have a policy or practice of providing and would not provide periodic bond hearings to persons in the Class who are either denied bond at their first bond hearing after six months or unable to pay the bond set at that first bond hearing. | Fong Depo. at 46:3-9 (Jacobs Dec. Ex. E) |
| The administrative burden on Respondents to provide a bond hearing at least once every six months is low, especially when compared to the costs of detention. | Dkt. 165 (stipulation regarding costs); Fong Depo. 17:2-4, 19:3-5, 96:2-97:6 (attached as Ex. 2 to Dkt. Entry 3-3 in *Rodriguez v. Robbins*, Case No. 12-56734 (9th Cir. 2012)) |
| Respondents do not have a policy or practice of providing notice to allow the detainee or his or her counsel to receive notice at least 7 days in advance of bond hearings to Class members or their legal counsel. | Declaration of Stacy Tolchin, ¶¶ 6-8 |

7
PETITIONERS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS
OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION

**Conclusions of Law**

All Class members -- persons detained pursuant to 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), 1231(a) without adequate bond hearings for six months or more -- are entitled to automatic bond hearings. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *Doe v. Gallinot*, 657 F.2d 1017, 1022 (9th Cir. 1981) (holding that the protection of hearings that detainees must affirmatively request is "illusory" when detainees "cannot realistically be expected to set the proceedings into motion").

All Class members are entitled to at least one bond hearing every six months after their initial bond hearing. *Diouf II*, 634 F.3d 1091 ("When the period of detention becomes prolonged, 'the private interest that will be affected by the official action' . . . is more substantial."); *id*. at 1089 (noting that regulations establishing Post Order Custody Reviews require them to occur at 180 days, 12 months, and 18 months).

All Class members are entitled to receive a notice that states in plain language what they must know to prepare arguments and evidence or obtain legal counsel for the hearing. *See Padilla-Agustin v. INS*, 21 F.3d 970 (9th Cir. 1994), *overruled on other grounds by Stone v. INS*, 514 U.S. 386 (1995) (clarifying that "[p]articularly when the alien is representing himself and has language difficulties, as is so often the case . . . a high degree of clarity should be a part of the process accorded"); *Orantes-Hernandez v. Smith*, 541 F.Supp. 351, 384 (C.D. Cal. 1982) (acknowledging, in immigration detention context that "incarcerated persons, though most in need of an opportunity to be heard, are least able to learn about their rights."); *see also Martinez de Bojorquez v. Ashcroft*, 365 F.3d 800, 804 (9th Cir. 2004) (holding that EOIR failure to provide noncitizen notice of consequences of departures from United States violated procedural due process); *see also Walters*, 145 F.3d at 1043 (striking down INS procedures in part because "the alien never learns *how* to take advantage of the . . . procedures because the combined effect of all the [immigration] forms together is confusion").

8

| Background Facts | Supporting Evidence |
|---|---|
| Approximately 70% of studied class members asserted claims for relief. | Expert Report of Professor Susan B. Long at 8-9, Table 7 (attached as Exhibit A to Declaration of Susan B. Long) |
| Approximately 30% of studied class members won their cases. | Expert Rebuttal Report of Professor Susan B. Long at 12-14, Table 37 (Long Dec. Ex. B) |
| The average detention length for class members was no less than approximately eleven months. | Rebuttal Expert Statistical Report of Dr. Chester I. Palmer at 6, Table L-2 (Kaufman Dec. Ex. M). |
| Adopting the relief that Petitioners seek would save government resources. | Kaufman Dec. ¶¶ 31-33; Dkt. 165 (stipulation regarding costs) |

Respectfully submitted,

Dated: February 8, 2013

ACLU OF SOUTHERN CALIFORNIA

/s/   Ahilan T. Arulanantham
AHILAN T. ARULANANTHAM
Counsel for Petitioners

PETITIONERS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION