Exhibit 1

**NAME**
Jose Luis Galvan-Avila

**PRISON IDENTIFICATION/BOOKING NO.**
092-121-306  BK9# 268-0866

**ADDRESS OR PLACE OF CONFINEMENT**
Theo Lacy Facility Orange, CA

Note: If represented by an attorney, provide name, address & telephone number. It is your responsibility to notify the Clerk of Court in writing of any change of address.

FILED
CLERK, U.S. DISTRICT COURT
DEC 10 2012
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Fee Due

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**FULL NAME** (Include name under which you were convicted)
JOSE LUIS GALVAN-AVILA
Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY
NAME OF WARDEN, (or other authorized person having custody of petitioner)
Respondent.

**CASE NUMBER:**
CV 2:12 CV 10520 CJC (CW)
To be supplied by the Clerk of the United States District Court

CR  CR11-1109-R
Criminal case under which sentence was imposed.

**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY**
(28 U.S.C § 2241)

## INSTRUCTIONS - READ CAREFULLY

This petition shall be legibly handwritten or typewritten, signed by *the petitioner, under penalty* of perjury. You must set forth CONCISELY the answer to each question in the proper space on the form. Any false statement of *a material* fact may serve as the basis for prosecution and conviction for perjury.

You must not attach separate pages to this petition except that ONE separate additional page is permitted in answering Question No.9.

Upon receipt of a fee of $5.00 your petition will be filed if it is in proper order.

If you are seeking leave to proceed *in forma pauperis* (without paying the $5.00 filing fee and other court costs), then you must also execute the declaration on the last page, setting forth information which establishes your inability to pay the fees and costs of the proceedings or to give security therefor. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your prison account exceeds $25.00, you must pay the filing fee as required by the rule of the district court.

LODGED
CLERK, U.S. DISTRICT COURT
DEC - 7 2012
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

When the petition is completed, the original and 3 copies, must be mailed to the Clerk of the United States District Court for the Central District of California, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012, ATTENTION: Intake/Docket Section.

Only one sentence, conviction or parole matter may be challenged in a single petition. If you challenge more than one, you must do so by separate petitions.

---

PLEASE COMPLETE THE FOLLOWING: (*Check appropriate number*)

This petition concerns:
1. ☒ a conviction.
2. ☐ a sentence.
3. ☐ jail or prison conditions.
4. ☐ prison discipline.
5. ☐ a parole problem.
6. ☒ other.

PETITION

1. Place of detention (now) Theo Lacy Facility, Orange, CA   (Then) Metropolitan Detention Center
2. Name and location of court which imposed sentence Immigration Court 300 No. Los Angeles St. Los Angeles, CA 90012
3. The indictment number or numbers (if known) upon which, and the offense or offenses for which, sentence was imposed:
   a. N/A
   b. CR11-1109=R
   c. S 1326 (a)(b)(1)
4. The date upon which sentence was imposed and the terms of the sentence:
   a. January of 2012
   b. Time served due to 1994 State Felony but a Misdemeanor
   c. Under Federal Law
5. Check whether a finding of guilty was made:
   a. ☒ After a plea of guilty
   b. ☐ After a plea of not guilty
   c. ☐ After a plea of nolo contendere
6. If you were found guilty after a plea of not guilty, check whether that finding was made by:
   a. ☐ a jury
   b. ☐ a judge without a jury
7. Did you appeal from the judgment of conviction or the imposition of sentence?  ☐ Yes  ☒ No
8. If you did appeal, give the following information for each appeal:

   CAUTION: *If you are attacking a sentence imposed under a federal judgment, you must first file a direct appeal or motion under 28 U.S.C. §2255 in the federal court which entered the judgment.*

   a. (1) Name of court N/A
      (2) Result
      (3) Date of result
      (4) Citation or number of opinion

    (5) Grounds raised (*list each*):

        (a) N/A

        (b) _____

        (c) _____

        (d) _____

b. (1) Name of court  N/A

   (2) Result _____

   (3) Date of result _____

   (4) Citation or number of opinion _____

   (5) Grounds raised (*list each*):

        (a) _____

        (b) _____

        (c) _____

        (d) _____

9. State CONCISELY every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, attach a SINGLE page only behind this page.

    CAUTION: *If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date. You must state facts, not conclusions in support of your grounds. A rule of thumb to follow is - who did exactly what to violate your rights at what time and place.*

    a. Ground one: I Respectfully Request for my immediate Release From Custody. I have been detained for over eleven months. I was denied Bail

    Supporting FACTS (tell your story BRIEFLY without citing cases or law): On October 31, 2012 in Los Angeles, CA by Immigration Judge Lorraine Muños. The Allegations That The government is Holding against me are over 17yrs ago and Such allegations are not Aggrevated. The Government Cannot Prove That I pose either a Threat to Society or That I am a Flight Risk.

    b. Ground two: The Reinstatement of Removal Order against me on January of 2012 along with the 1326(a) Re-entry is invalid because I was

    Supporting FACTS (tell your story BRIEFLY without citing cases or law): Unlawfully deported in 1994 inspite of my lawful status, and having the Plausibility of being elgible For discretionary Relief From deportation by immigration Judge Ingrid K Hrycenko. I suffer prejudice as Result of The defects.

c. Ground three: The deportation at issue is The 1994 deportation because The deportation ordered entered against me in 1994

Supporting FACTS (tell your story BRIEFLY without citing cases or law): is invalid because at The Time I was in Pro-SE and I did **not** Knowingly & Intelligently Waived my appeal Rights. Immigration Judge: Ingrid K. HRYCENKO Failed to explain my Elgibility for Relief, and to give me an opportunity to develop The issue.

d. Ground four: The Key is The 1994 Unlawful deportation: The January of 2012 Reinstatement of Removal against me That is based on The 1994

Supporting FACTS (tell your story BRIEFLY without citing cases or law): deportation is invalid due to my Unlawfull Removal, I am now Seeking to Re-Claim my Legal Status Back so I Can Once again be Reunited With my Family because I have Lived in The U.S. Since my Elementary years, I have a solid work history, I have strong United States Ties, and my Entire Family Members are eAither U.S. Citizens or legal permanent Residents.

10. Have you filed previous petitions for habeas corpus, motions under Section 2255 of Title 28, United States Code, or any other applications, petitions or motions with respect to this conviction?  ☐ Yes  ☒ No

11. If your answer to Question No. 10 was yes, give the following information:
    a. (1) Name of Court ___N/A___
       (2) Nature of proceeding _____
       (3) Grounds raised _____

       (4) Result ___N/A___
       (5) Date of result _____
       (6) Citation or number of any written opinions or orders entered pursuant to each disposition.

   b. (1) Name of Court __N/A__
      (2) Nature of proceeding _____
      (3) Grounds raised _____

      (4) Result __N/A__
      (5) Date of result _____
      (6) Citation or number of any written opinions or orders entered pursuant to each disposition.

12. If you did not file a motion under Section 2255 of Title 28, United States Code, or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention: __N/A__

13. Are you presently represented by counsel? ☐ Yes ☒ No
    If so, provide name, address and telephone number __N/A__

    Case name and court _____

14. If you are seeking leave to proceed in forma pauperis, have you completed the declaration setting forth the required information? ☒ Yes ☐ No

    WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding,

                                                    __N/A__
                                                *Signature of Attorney (if any)*

    I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

    Executed on __11/28/2012__                     [signature]
                   *Date*                            *Signature of Petitioner*

Exhibit 2

STUART F. DELERY
Principal Deputy Assistant Attorney General
Civil Division
ELIZABETH STEVENS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Sarah.B.Fabian@usdoj.gov

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Luis Galvan-Avila, | ) Case No.: 12-10520 CJC(CW) |
| Petitioner, | ) |
| vs. | ) Respondent's Motion to Dismiss |
| Department of Homeland Security, | ) Petition for Writ of Habeas Corpus |
| Respondent. | ) |

Respondent, by and through undersigned counsel, in response to the Court's Order of January 2, 2013, hereby moves to dismiss the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), because: 1) Petitioner Jose Luis Galvan-Avila failed to name the proper respondent in his habeas petition, 2) Mr. Galvan-Avila has not exhausted his administrative remedies with regard to his

1

request for a bond hearing; and 3) this Court lacks jurisdiction over Mr. Galvan-Avila's challenges to his removal order.

I.   Introduction

On December 10, 2012, Mr. Galvan-Avila filed a Petition with this Court. The Petition challenges Mr. Galvan-Avila's detention, and the reinstatement of his removal order, and seeks Mr. Galvan-Avila's immediate release from custody. (Petition, Dec. 10, 2012, ECF No. 1 at ¶ 9.) The Petition should be dismissed because Mr. Galvan-Avila failed to name his immediate custodian as a respondent as required by *Rumsfeld v. Padilla*, 542 U.S. 426 (2004). Further, the Petition should be dismissed because Mr. Galvan-Avila's administrative proceedings regarding his request for bond are ongoing, and he has therefore failed to exhaust his administrative remedies. Finally, this Court lacks jurisdiction to review Mr. Galvan-Avila's challenges to his removal order.

II.  Background

Mr. Galvan-Avila was ordered removed by an immigration judge on January 21, 1994, and removed to Mexico on January 22, 1994. (*See* Declaration of Quang Quach ("Quach Decl.") (attached hereto as Attachment 1) at ¶¶ 3,4, and Ex. A at 1, 4.) Mr. Galvan-Avila returned to the United States multiple times, and was removed to Mexico again on or around July 7, 2010, and August 11, 2010. (*Id.*) On or around October 12, 2011, Mr. Galvan-Avilla was once again found within

the United States, and on October 25, 2011 he was charged as an illegal alien found in the United States following deportation under 8 U.S.C. § 1326. (*Id.*) On January 23, 2012, after pleading guilty, Mr. Galvan-Avila was convicted and sentenced to time served. (Quach Decl. at ¶ 5, Ex. B at 1.)

On January 31, 2012, Mr. Galvan-Avila was released from criminal custody into the custody of U.S. Immigration and Customs Enforcement ("ICE"). (Quach Decl. at ¶ 6.) ICE issued an order reinstating Mr. Galvan-Avila's prior order of removal, but he claimed fear of returning to Mexico due to the violence in Mexico, and was referred to U.S. Citizenship and Immigration Services ("USCIS") for a reasonable fear interview. (Quach Decl. at ¶ 7.) USCIS interviewed Mr. Galvan-Avila regarding his claim that he feared returning to Mexico on June 13, 2012, and on September 17, 2012, USCIS issued its decision finding that Mr. Galvan-Avila had no credible fear. (Quach Decl. at ¶ 8.) This decision was referred to the immigration court, and on October 17, 2012, the immigration judge vacated USCIS's decision and placed Mr. Galvan-Avila into withholding-only proceedings. (*Id.*) Mr. Galvan-Avila is scheduled to appear for a hearing on March 5, 2013 on the merits of his application. (*Id.*)

Mr. Galvan-Avila is a criminal alien, and therefore is subject to mandatory detention under 8 U.S.C. § 1226(c). (Quach Decl. at ¶ 9.) On January 16, 2013, the immigration judge denied Mr. Galvan-Avila's request for a redetermination of

his custody status, finding that Mr. Galvan-Avila is not entitled to a bond hearing because he is not a "*Rodriguez*" class member.[1] (Quach Decl. at ¶ 10, Ex. C.) On January 22, 2013, Mr. Galvan-Avila appealed the immigration judge's decision to the Board of Immigration Appeals ("BIA"). (Quach Decl. at ¶ 11, Ex. D.) That appeal remains pending. (*Id.*)

III. Argument

    *A. The Petition Should Be Dismissed Because Mr. Galvan-Avila Failed To Name The Proper Respondent.*

Mr. Galvan-Avila names the Department of Homeland Security ("DHS") as the only respondent to his habeas corpus petition. However, DHS does not qualify as Mr. Galvan-Avila's "custodian" under 28 U.S.C. § 2241, as the Supreme Court construed that term in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004). In *Padilla*, the Supreme Court held that for "core" habeas challenges brought under 28 U.S.C. § 2241 (that is, challenges to present physical custody), "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." 542 U.S. at 435; *see also* 28 U.S.C. § 2243 (providing that "[t]he writ, or order to show cause, shall be directed to the person having custody of the person detained."). DHS is not an

---

[1] Under the preliminary injunction in *Rodriguez v. Hayes*, 08-cv-56156 (C.D. Cal.), the Department of Homeland Security and the Executive Office of Immigration Review are required to provide bond hearings to certain aliens detained for six months or longer in the Central District of California.

4

individual – and at best may best be classified as a "remote supervisory official" – and therefore should be dismissed. *See Padilla*, 542 U.S. at 435.

"[T]here is generally only one proper respondent to a given prisoner's habeas petition." *Id.* at 434. That respondent is the person with immediate physical custody over the petitioner, or the "ability to produce the prisoner's body before the habeas court." *Id.* at 435. The existence of legal control over the petitioner's confinement does not make an individual a proper respondent to a habeas petition. *Id.* at 437-40.

The warden of the Theo Lacy Detention Center where Mr. Galvan-Avila is detained, who is the only individual with immediate physical control over Mr. Galvan-Avila, has not been named as a respondent to this Petition. DHS, as an agency, exercises some measure of legal control over Mr. Galvan-Avila's detention, but it does not have immediate physical custody or day-to-day control over Mr. Galvan-Avila in the manner described by the Court in *Padilla*. *See id.* In a federal habeas action brought under 8 U.S.C. § 2241, a petitioner's failure to name his actual custodian as the respondent deprives the Court of jurisdiction and requires dismissal of the action. *See Johnson v. Reilly*, 349 F.3d 1149 (9th Cir. 2003); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Accordingly, because Mr. Galvan-Avila has not named his actual custodian as a respondent this action should be dismissed.

### B. The Petition Should Be Dismissed Because Mr. Galvan-Avila Has Not Exhausted His Administrative Remedies With Regard To His Request For a Bond Hearing.

Mr. Galvan-Avila appeared before the immigration court on the issue of bond on January 17, 2013, and his request for a custody redetermination was denied by the immigration judge because the immigration judge found that he was not a *Rodriguez* class member. (Quach Decl. at ¶ 10, Ex. C.) Mr. Galvan-Avila has appealed that denial to the Board of Immigration Appeals, and that appeal remains pending. (Quach Decl. at ¶ 11, Ex. D.)

If Mr. Galvan-Avila is successful on appeal, he will be provided a bond hearing that satisfies the requirements set forth in the preliminary injunction order. Thus, it remains to be seen whether the BIA will afford Mr. Galvan-Avila the very relief he is seeking from this Court. There is therefore good reason to dismiss the Petition where Mr. Galvan-Avila has further opportunity to establish his eligibility for the relief he is seeking before the BIA. *See, e.g., Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 819 (9th Cir.2003) (citing *Liu v. Waters,* 55 F.3d 421, 425 (9th Cir.1995)) (a petitioner "must exhaust administrative remedies before raising . . . constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal"); *Leonardo v. Crawford,* 646 F.3d 1157, 1160-61 (9th Cir. 2011) (dismissing habeas claim for failure to exhaust administrative remedies where alien

6

failed to appeal adverse bond determination to the BIA before filing habeas petition). Because Mr. Galvan-Avila has failed to exhaust his administrative remedies on the issue of bond, this Petition should be dismissed.

### C. This Court Lacks Jurisdiction Over Mr. Galvan-Avila's Challenges to His Removal Order.

Mr. Galvan-Avila also raises challenges his removal order. (Petition, Dec. 10, 2012, ECF No. 1 at ¶ 9.b.) However, Mr. Galvan-Avila has a final order of removal that has been reinstated, and this Court has no jurisdiction to review any issue arising from the entry of the removal order against Mr. Galvan-Avila. *See* 8 U.S.C. §§ 1252(a)(5), (b)(9); *Momeni v. Chertoff*, 521 F.3d 1094, 1095 (9th Cir. 2008) (quoting *Iasu v. Smith*, 511 F.3d 881, 888 (9th Cir. 2007)) ("[F]or habeas petitions filed after the effective date of the REAL ID Act a 'district court plainly lack[s] habeas jurisdiction' over challenges to removal orders."); *Puri v. Gonzalez*, 464 F.3d 1038, 1041 (9th Cir. 2006) (The REAL ID Act "eliminated district habeas corpus jurisdiction over orders of removal.").

Any actions arising from or challenges to Mr. Galvan-Avila's removal, including all constitutional claims and questions of law or fact, are required to be brought in a petition for review before the Circuit Court, and may not be considered here. *See* 8 U.S.C. § 1252(a)(2)(D), (a)(5), (b)(2), (b)(9). District courts retain jurisdiction to consider pure challenges to detention, but where, as

here, the challenge to detention amounts to a challenge to the removal order itself, the district courts lack jurisdiction to hear the claims. *See Won Ho Park v. Chertoff*, 357 Fed. Appx. 853, 853 (9th Cir. 2009) ("Since Park's petition [for habeas corpus] seeks to have the district court overturn a final order of removal, the district court properly dismissed it for lack of jurisdiction."); *Iasu v. Smith*, 511 F.3d 881, 887 (9th Cir. 2007) (quoting *Bonhometre v. Gonzales*, 414 F.3d 442, 446 (3d Cir. 2005)) ("[The REAL ID Act effectively limit[s] all aliens to one bite of the apple with regard to challenging an order of removal, in an effort to streamline what the Congress saw as uncertain and piecemeal review of orders of removal, divided between the district courts (habeas corpus) and the courts of appeals (petitions for review).").

IV. Conclusion

The Court should dismiss Mr. Galvan-Avila's Petition because: 1) Mr. Galvan-Avila failed to name his immediate custodian as a respondent as required by *Padilla*, 2) Mr. Galvan-Avila's administrative proceedings regarding his request

for bond are ongoing, and he has therefore failed to exhaust his administrative remedies, and 3) this Court lacks jurisdiction over Mr. Galvan-Avila's challenges to his removal order.

DATE: February 1, 2013    Respectfully submitted,

STUART F. DELERY
Principal Deputy Assistant Attorney General
Civil Division

ELIZABETH STEVENS
Assistant Director, District Court Section
Office of Immigration Litigation

By: /s/ Sarah B. Fabian
SARAH B. FABIAN
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Fax: (202) 305-7000
Sarah.B.Fabian@usdoj.gov

Attorneys for Respondent