STUART F. DELERY
Acting Assistant Attorney General
Civil Division
DAVID J. KLINE
Director, Office of Immigration Litigation
District Court Section
VICTOR M. LAWRENCE
Principal Assistant Director
THEODORE W. ATKINSON
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation,
District Court Section
     P.O. Box 868, Ben Franklin Station
     Washington, DC 20044
     Phone: (202) 532-4135
     theodore.atkinson@usdoj.gov

Attorneys for Respondents

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*, | Case No. CV 07-3239-TJH (RNBx) |
| Petitioners, | **DECLARATION OF BENJAMIN B. McDOWELL** |
| vs. | |
| TIMOTHY S. ROBBINS, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director, et al.*, | |
| Respondents. | |

I, BENJAMIN B. McDOWELL, declare as follows:

    1.    I am a program analyst with the Department of Justice, Executive Office for Immigration Review (EOIR) in Falls Church, Virginia. I have been a program analyst with EOIR since February 1, 2010. I am familiar with, and routinely use and rely on, EOIR's CASE program. CASE is the Informational Resource Management System that provides EOIR with case tracking and management information, office automation, Internet/Intranet, and automated legal research service. CASE allows

users to access database information about various aspects of an individual's removal proceedings before the immigration courts.

2.      I am familiar with this litigation.  In 2010, I was asked by counsel for Respondents to assist in providing certain categories of database information accessed through CASE in response to discovery requests.  I created a readable ACCESS database containing the requested information in various tables, along with lookup tables that serve as keys for abbreviations or codes used in the database.  ACCESS is a commercially available Microsoft program that allows users to view and create tables from information compiled by the user.  The ACCESS database has several tables, including both a Schedule Table and an Actions Table.

3.      The purpose of the Schedule Table is to record metadata about hearings that take place in the Immigration Courts.  The Schedule Table identifies certain actions in a removal proceeding by an alien number (or IDNCASE number) and a proceeding number (or IDNPROCEEDING number).  The Schedule Table identifies the dates of hearings and other actions before an immigration court in a proceeding, including whether a hearing was concluded or rescheduled, or, as the database refers to it, "adjourned."  The Schedule Table identifies, for example, when a hearing was adjourned (ADJ_DATE), and the reason indicated by court staff for the adjournment, or "adjournment code" (ADJ_RSN).  The database also identifies the type of hearing, or "schedule type," which is typically a master calendar hearing, a reset master calendar hearing, a custody hearing, or a merits or individual hearing (these codes are found under the SCHEDULE_TYPE column of the table.

4.      As I more thoroughly explained in my declarations dated  July 18, 2012, and December 14, 2012, if the user were to look at an individual's proceeding in the Schedule Table, the user would be able to identify the dates of all of the hearings in that proceeding.  The user would also be able to see the reason that each hearing was concluded and, if a future hearing was scheduled, why the case did not conclude at the

previous hearing.  For example, the user could see that the individual had a hearing scheduled for a particular day.   The user could also look down the table and, if there were a subsequent hearing date, the user could determine that the case was continued from the earlier date until the later date.  The user could also determine which party requested the continuance and the reason for the request by looking at the adjournment code associated with the earlier hearing.  Thus, the table lists the individual's hearing dates, the reasons for scheduling future hearing dates, and the party or parties requesting the future hearings.

5.    The Actions Table stores information concerning actions to a record in CASE.  Records from the Schedule Table and the Actions Table cannot be programmatically linked to one another.  However, the records in each of these tables can be analyzed to determine how they correspond to one another.  A record in the schedule table can be linked to a record in the case table by the IDNCASE, and a record in the actions table can also be linked to a record in the case table by the IDNCASE, but there is no data element in one of these tables that can be linked to a key in the other.  This means that the most direct correlation that can be programmatically made between these two tables is that they each belong to the same case.  Each hearing in the schedule table will have a corresponding entry in the actions table.

6.    I have reviewed the certified transcript and exhibits from the deposition of Dr. Chester Palmer taken by Petitioners on November 27, 2012.  At Dr. Palmer's deposition, Petitioners asked Dr. Palmer about a set of documents entered as exhibits 3-7 to Dr. Palmer's November 27, 2012 deposition.  Counsel represented that each of exhibits contained two set of information for a particular IDNCase: (1) the complete list of all of the information from the Schedule Table; and (2) the complete list of all of the information from the Actions Table.  In the paragraphs below I briefly describe the information in the exhibits and the relationship between the information in the Schedule Table and the Actions Table in each of the exhibits.  The explanations are

based on my review of the exhibits and my experience working with the CASE system.

7.      Exhibit 3 to Dr. Palmer's Deposition (IDNCase 6566575), which is attached as Exhibit R to the March 15, 2013 declaration of Theodore W. Atkinson:

There are seven adjournments for this case.  Three of these adjournments are alien caused delays, and for this case one of those hearings was adjourned with the adjournment code of 12 and two were adjourned with the adjournment code of 02. These three adjournments aggregately delayed the case for 96 days.  These adjournments did occur during the time that this alien was in custody, and in fact all were during the first 180 days of custody.  Each of the adjournments that were recorded has a corresponding action recorded.  The hearing for September 2, 2010, was created on August 10, 2010, and was last updated on September 1, 2010, and there is an action dated September 1, 2010, with the IDNACTION of 34869451 that corresponds with this adjournment.  This hearing had been entered previously on August 30, 2010, and there is an action dated August 30, 2010, with the IDNACTION of 34816230 that corresponds with the original entry of this adjournment.  The hearing for March 1, 2011, was created on December 7, 2010, and there is an action dated March 28, 2011, with the IDNACTION of 40536459 that corresponds with this adjournment.

8.      Exhibit 4 to Dr. Palmer's Deposition (IDNCase 6426393), which is attached as Exhibit R to the March 15, 2013 declaration of Theodore W. Atkinson:

There are six adjournments for this case.  Four of these adjournments are alien caused delays, and for this case two of those hearings were adjourned with the adjournment code of 12, one was adjourned with the adjournment code of 06, and one was adjourned with the adjournment code of 02.  These four adjournments aggregately delayed the case for 121 days.  These adjournments did occur during the time that this alien was in custody, and in fact all were during the first 180 days of custody.  Each of the adjournments that were recorded has a corresponding action

recorded.  There were two hearings recorded for this case on March 2, 2010.  One of those hearings was an initial master hearing, and the other hearing was a custody hearing.

9.      Exhibit 5 to Dr. Palmer's Deposition (IDNCase 6475284), which is attached as Exhibit R to the March 15, 2013 declaration of Theodore W. Atkinson:

There are six adjournments for this case.  One of these adjournments is an alien caused delay, and for this case that hearing was adjourned with the adjournment code of 12. This adjournment delayed the case for 7 days.  This adjournment occurred during the first 180 days of custody. Each of the adjournments that were recorded has a corresponding action recorded.  The hearing for April 20, 2010, was created on April 12, 2010, and there is an action dated April 19, 2010, with the IDNACTION of 31436065 that corresponds with this adjournment.  The hearing for June 24, 2010, was created on April 27, 2010, and there is an action dated June 28, 2010, with the IDNACTION of 33320049 that corresponds with this adjournment.  This adjournment for this hearing had been entered previously on June 25, 2010, and there is an action with the IDNACTION of 33289209 that corresponds with the entry of this adjournment.  The hearing for November 5, 2010, was created on October 1, 2010, and there is an action dated November 8, 2010, with the IDNACTION of 36801581 that corresponds with this adjournment.  An application for asylum was received by the courts on April 27, 2010, and was subsequently granted on February 9, 2011.

10.      Exhibit 6 to Dr. Palmer's Deposition (IDNCase 6497927), which is attached as Exhibit R to the March 15, 2013 declaration of Theodore W. Atkinson:

There are sixteen adjournments for this case.  Three of these adjournments are alien caused delays, and for this case one of those hearings was adjourned with the adjournment code of 05, one was adjourned with the adjournment code of 12, and one was adjourned with the adjournment code of 36.  These three adjournments aggregately delayed the case for 245 days.  Forty-nine days worth of the delays occurred during the time that this alien was in custody, and these were during the first

180 days of custody.  Each of the adjournments that were recorded has a corresponding action recorded.  The hearing on August 5, 2010, is an alien caused delay that was created on May 25, 2010, and there is an action dated July 30, 2010, with the IDNACTION of 34058631 that corresponds with this adjournment.  The hearing on September 23, 2010, was created on July 30, 2010, and there is an action dated August 5, 2010, with the IDNACTION of 34217272 that corresponds with this adjournment.  The hearing for June 5, 2012 was created on November 22, 2011, and there is an action dated April 26, 2012, with the IDNACTION of 51645765 that corresponds with this adjournment.  The hearing for July 3, 2012, was created on April 26, 2012, and there is an action dated July 3, 2012, with the IDNACTION of 53507407 that corresponds with this adjournment.  The hearing for January 10, 2011, was created on October 5, 2010, and there is an action dated December 7, 2010, with the IDNACTION of 37540781 that corresponds with this adjournment.  The hearing for March 18, 2011, was created on March 14, 2011, and there is an action dated March 21, 2011, with the IDNACTION of 40349627 that corresponds with this adjournment. The hearing for November 22, 2011, was created on September 20, 2011, and there are two actions dated November 22, 2011, with the IDNACTIONs of 47348501 and 47353577 that correspond with this adjournment to add and then to edit this adjournment respectively.

11.    Exhibit 7 to Dr. Palmer's Deposition (IDNCase 6292159) which is attached as Exhibit R to the March 15, 2013 declaration of Theodore W. Atkinson:

There are seven adjournments for this case.  Three of these adjournments are alien caused delays, and for this case two of those hearings were adjourned with the adjournment code of 12 and one was adjourned with the adjournment code of 06.  These three adjournments aggregately delayed the case for 96 days.  All of the delays occurred during the time that this alien was in custody, and these were all during the first 180 days of custody.  Each of the adjournments that were recorded has a corresponding action recorded.  The hearing for December 23, 2009, was created on October 15, 2009, and there are two actions, both dated December 1, 2009, with the

IDNACTION of 24681911 and 24682306 that correspond with this adjournment for adding and editing this adjournment respectively.

12.    It would be improper to determine whether information in the Actions Table corresponds with information in the Schedule Table based on the number of records in the Actions Table as compared to the number of records in the Schedule Table.  Although there is no mechanism for directly linking scheduled hearings to the actions that were recorded for them in the actions table, it can be determined that each hearing in the Schedule Table has a corresponding entry in the action table for the record being added, and in the instance where the hearing record was subsequently edited, that hearing will have an additional entry in the Action Table for the editing of the record.

13.    Below I offer an example of how what may be appear to be discrepancies between the Schedule Table and the Actions Table really are not discrepancies at all.  The following is the information from the Schedule Table and the adjournment information in the Actions Table for IDNCase 6566575:

| Schedule Table | | | | Action Table | | | |
|---|---|---|---|---|---|---|---|
| IDNCASE | ADJ_RSN | ADJ_DATE | UPDATE_DATE | DATACTION | STRDESCRIPTION | STRREACTION | IDNACTION |
| 6566575 | 8A | 8/26/2010 | 8/26/2010 | 8/26/2010 | Adjournment | Added | 34741637 |
| 6566575 | 12 | 9/2/2010 | 9/1/2010 | 8/30/2010 | Adjournment | Added | 34816230 |
| | | | | 9/1/2010 | Adjournment | Edited | 34869451 |
| 6566575 | 02 | 10/7/2010 | 10/7/2010 | 10/7/2010 | Adjournment | Added | 36016689 |
| 6566575 | 02 | 11/24/2010 | 11/24/2010 | 11/24/2010 | Adjournment | Added | 37240530 |
| 6566575 | 17 | 12/7/2010 | 12/7/2010 | 12/7/2010 | Adjournment | Added | 37522217 |
| 6566575 | 13 | 3/1/2011 | 3/28/2011 | 3/28/2011 | Adjournment | Added | 40536459 |
| 6566575 | 8A | 4/19/2011 | 4/19/2011 | 4/19/2011 | Adjournment | Added | 41233335 |

For case 6566575, there are seven records in the schedule table for hearings, and there are eight records in the action table with the STRDESCRIPTION value of "Adjournment," but seven with the STRREACTION value of "Added."  The method for determining which schedule record goes with each action record is to examine the UPDATE_DATE value, which is the date the record was last updated, in the schedule table and compare it to the DATACTION value, which is the date on which the action

was added, in the action table.  For the 8/26/2010 adjournment for this case, both of these values are on 8/26/2010.  The exception to this occurs when a schedule record has been edited subsequent to its being added.   In case 6566575, there are no action records with a STRREACTION value of "Added" that match the adjournment of 9/2/2010 with the UPDATE_DATE value of 9/1/2010, but the action record for this case with a STRREACTION value of "Edited" does match this date.  The action record for this hearing being "Added" does have a DATACTION value of a prior date, 8/30/2010, and the IDNACTION for this action (34816230) is a number that came up sequentially before this record was "Edited" (34869451).

14.    A true and correct copy of my declaration dated July 18, 2012, is attached as Exhibit A to this declaration.

15.    A true and correct copy of my declaration dated December 14, 2012, is attached as Exhibit B to this declaration.


I declare under penalty of perjury that the foregoing is true and correct.

Date:  March 15, 2013

BENJAMIN B. McDOWELL

# Exhibit A

to

Declaration of Benjamin McDowell

Respondents' Motion for Summary Judgment and
Opposition to Petitioners' Motion for Summary Judgment

*Rodriguez v. Robbins, et al.*, No. 07-cv-3239-TJH (C.D. Cal.)

1   STUART F. DELERY
    Acting Assistant Attorney General
2   Civil Division
    DAVID J. KLINE
3   Director, Office of Immigration Litigation
    District Court Section
4   VICTOR M. LAWRENCE
    Principal Assistant Director
5   THEODORE W. ATKINSON
    Senior Litigation Counsel
6   United States Department of Justice
    Office of Immigration Litigation,
7   District Court Section
            P.O. Box 868, Ben Franklin Station
8           Washington, DC 20044
            Phone: (202) 532-4135
9           theodore.atkinson@usdoj.gov

10  Attorneys for Respondents

11              **UNITED STATES DISTRICT COURT**

12             **CENTRAL DISTRICT OF CALIFORNIA**

13                   **WESTERN DIVISION**

14
    ALEJANDRO RODRIGUEZ, *et al.*,      ) Case No. CV 07-3239-TJH (RNBx)
15                                      )
                    Petitioners,        )
16                                      ) **DECLARATION OF BENJAMIN B.**
            vs.                         ) **McDOWELL**
17                                      )
    TIMOTHY S. ROBBINS, *in his*        )
18  *capacity as U.S. Immigration and*  )
    *Customs Enforcement, Los Angeles*  )
19  *District Field Office Director, et al.,* )
                                        )
20                                      )
                    Respondents.        )
21  _____)

22
23  I, BENJAMIN B. McDOWELL, declare as follows:

24  1.      I am a program analyst with the Department of Justice, Executive Office for

25  Immigration Review (EOIR) in Falls Church, Virginia.  I have been a program analyst

26  with EOIR since February 1, 2010.  I am familiar with, and routinely use and rely on,

27  EOIR's CASE program, which allows users to access database information about

28  various aspects of an individual's removal proceedings before the immigration courts.

2.      I am familiar with this litigation.  In 2010 I was asked by counsel for Respondents to assist in providing certain categories of database information accessed through CASE in response to discovery requests.  I created a readable ACCESS database containing the requested information in various tables, along with lookup tables that serve as keys for abbreviations or codes used in the database.  ACCESS is a commercially available Microsoft program that allows users to view and create tables from information compiled by the user.  I have updated this database on several occasions, and provided it to EOIR counsel for production to attorneys for Petitioners in this case.  The most recent update was conducted in or around late April 2012.

3.      I have reviewed portions of the ACCESS database for the purpose of providing counsel for EOIR with representative samples of removal proceedings in which the database information indicates that a hearing was rescheduled – or, as CASE refers to it "adjourned" – for certain reasons indicated by immigration court staff in the database.

4.      The information provided below was determined by examining within the ACCESS database the following:

(1) the Schedule Table Data table, which identifies certain actions in a removal proceeding, identifying the proceeding by an alien number (or IDNCASE number) and a proceeding number (or IDNPROCEEDING number).  The Schedule Table identifies the dates of hearings and other actions before an immigration court in a proceeding, including whether a hearing was concluded or rescheduled, or, as the database refers to it, "adjourned."  The Schedule Table identifies, for example, when a hearing was adjourned (ADJ_DATE), and the reason indicated by court staff for the adjournment, or "adjournment code" (ADJ_RSN).  The database also identifies the type of hearing, or "schedule type," which is typically a master calendar hearing, a reset master calendar hearing, a custody hearing, or a merits or individual hearing (these codes are found under the SCHEDULE_TYPE column of the table.

(2) the Lookup Adjournment Reason table, which is a key that provides a user with the definition or meaning of an adjournment code (ADJ_RSN);

(3) the Lookup Schedule Type table, which is a key that provides a user with the definition or meaning of a hearing type (SCHEDULE_TYPE); and

(4) the Case Data Table, which identifies by IDNCASE number the A number of the alien, the alien's name, and other personal identifying information about the alien.

5.    So, for example, if one were to look at an individual's proceeding in the Schedule Table and see that there was an action (or ADJ_Date) on 3/3/2012 with an adjournment code (ADJ_RSN) "02," one would then look to the Lookup Adjournment Reason and see that "02" means "PREPARATION-- ALIEN/ATTORNEY/REPRESENTATIVE."  One would also see from the Schedule Table the type of hearing that was conducted on that date (SCHEDULE_TYPE).  If that column stated "MM," one would then turn to the Lookup Schedule Type table and see that "MM" means "Initial Master."  In plain language, what this information would tell the person looking at these tables is that on March 3, 2012 there was an initial master calendar hearing which ended, according to the court staff inputting the data, to allow an alien or the alien's attorney or representative to prepare.  However, the tables would not indicate anything beyond that code for additional details about the adjournment reason.  One could then look down the table and if there was a subsequent hearing date, one could determine that the case was continued from March 3, 2012 to the next date.  One could then turn to the Case Data table, and lookup the IDNCASE number to find the alien's name and A number.  Using this process, one could determine the following.

4.    <u>Huitz-Menchu, Oscar</u> (A number 091-414-311)

The ACCESS database contains, among other things, the following information:

| Case Table Data | | |
|---|---|---|
| IDNCASE | ALIEN_NBR | ALIEN_NAME |
| 6145280 | 091414311 | HUITZ-MENCHU, OSCAR |

| Schedule Table Data | | | | |
|---|---|---|---|---|
| IDNCASE | IDNPROCEEDING | ADJ_DATE | ADJ_RSN | SCHEDULE_TYPE |
| 6145280 | 4729351 | 1/21/2009 | 8A | CY |
| 6145280 | 4729351 | 2/24/2009 | 01 | MM |
| 6145280 | 4729351 | 4/9/2009 | 01 | MR |
| 6145280 | 4729351 | 5/6/2009 | 06 | MR |
| 6145280 | 4729351 | 7/6/2009 | 17 | MR |
| 6145280 | 4729351 | 7/29/2009 | 35 | II |
| 6145280 | 4729351 | 8/21/2009 | 8A | II |
| 6145280 | 4729351 | 9/1/2009 | 25 | II |

The ACCESS database shows that IDNCASE number refers to an individual identified as Oscar Huitz-Menchu (Case Table Data).  Looking at that IDNCASE number in the ACCESS database, there is a proceeding identified by the IDNPROCEEDING number 4729351.  The tables above show the information for the columns shown for that proceeding number in the ACCESS database.  The ADJ_DATE column identifies all the dates associated with an adjournment.  The ADJ_RSN column lists the identified adjournment code (which is defined on the Lookup Adjournment Reason table).  The SCHEDULE_TYPE column identifies the type of action or hearing associated with the identified date for that proceeding number.  According to the ACCESS database:

(a)    This alien had a custody ("CY" in the Lookup Schedule Type table) action on January 21, 2009.  The reason for adjournment is identified as "IJ Completion prior to hearing" ("8A" on the Lookup Adjournment Reason table).

(b)     This alien had an initial master calendar hearing ("MM") on February 24, 2009.  The reason for adjournment is identified as "ALIEN TO SEEK REPRESENTATION" ("01").

(c)     This alien had a rescheduled master calendar hearing ("MR") on April 9, 2009.  The reason for adjournment is again identified as "ALIEN TO SEEK REPRESENTATION" ("01").

(d)     This alien had a rescheduled master calendar hearing ("MR") on May 6, 2009.  The reason for adjournment is identified as "ALIEN TO FILE OTHER APPLICATION" ("06").

(e)     This alien had a rescheduled master calendar hearing ("MR") on July 6, 2009.  The reason for adjournment is identified as "MC TO IC--MERITS HEARING" ("17").

(f)     This alien had an individual hearing ("II") on July 29, 2009.  The reason for adjournment is identified as "UNPLANNED IJ LEAVE - DETAIL/OTHER ASSIGNMENT" ("35").

(g)     This alien had an individual hearing ("II") action on August 21, 2009.  The reason for adjournment is identified as "IJ Completion prior to hearing" ("8A").

(h)     This alien had an individual hearing ("II") action on September 1, 2009.  The reason for adjournment is identified as "TO ALLOW FOR SCHEDULING OF PRIORITY CASE" ("25").

5.    <u>Godina-Pallares, Israel</u> (A number 095-776-691)

The ACCESS database contains, among other things, the following information:

| Case Table Data | | |
|---|---|---|
| IDNCASE | ALIEN_NBR | ALIEN_NAME |
| 6193640 | 095776691 | GODINA-PALLARES, ISRAEL |

| Schedule Table Data | | | | |
|---|---|---|---|---|
| IDNCASE | IDNPROCEEDING | ADJ_DATE | ADJ_RSN | SCHEDULE_TYPE |
| 6193640 | 4790005 | 4/23/2009 | 02 | MM |
| 6193640 | 4790005 | 6/16/2009 | 02 | MR |
| 6193640 | 4790005 | 7/22/2009 | 01 | MR |
| 6193640 | 4790005 | 9/28/2009 | 01 | MR |
| 6193640 | 4790005 | 11/25/2009 | 06 | MR |
| 6193640 | 4790005 | 2/8/2010 | 06 | MR |
| 6193640 | 4790005 | 3/31/2010 | 06 | MR |
| 6193640 | 4790005 | 4/26/2010 | 8A | MR |

The ACCESS database shows that IDNCASE number refers to an individual identified as Israel Godina-Pallares (Case Table Data).  Looking at that IDNCASE number in the ACCESS database, there is a proceeding identified by the IDNPROCEEDING number 4790005.  The tables above show the information for the columns shown for that proceeding number in the ACCESS database.  The ADJ_DATE column identifies all the dates associated with an adjournment.  The ADJ_RSN column lists the identified adjournment code (which is defined on the Lookup Adjournment Reason table).  The SCHEDULE_TYPE column identifies the type of action or hearing associated with the identified date for that proceeding number.  According to the ACCESS database:

(a)    This alien had an initial master calendar hearing ("MM") on April 23, 2009.  The reason for adjournment is identified as "PREPARATION-- ALIEN/ATTORNEY/REPRESENTATIVE" ("02").  I note that there is a separate code in the Lookup Adjournment Reason table for "PREPARATION—DHS," which is code "03."

6

(b)      This alien had a rescheduled master calendar hearing ("MR") on June 16, 2009.  The reason for adjournment is identified as "PREPARATION-- ALIEN/ATTORNEY/REPRESENTATIVE" ("02").

(c)      This alien had a rescheduled master calendar hearing ("MR") on July 22, 2009.  The reason for adjournment is identified as "ALIEN TO SEEK REPRESENTATION" ("01").

(d)      This alien had a rescheduled master calendar hearing ("MR") on September 28, 2009.  The reason for adjournment is again identified as "ALIEN TO SEEK REPRESENTATION" ("01").

(e)      This alien had a rescheduled master calendar hearing ("MR") on November 25, 2009.  The reason for adjournment is identified as "ALIEN TO FILE OTHER APPLICATION" ("06").

(f)      This alien had a rescheduled master calendar hearing ("MR") on February 8, 2010.  The reason for adjournment is again identified as "ALIEN TO FILE OTHER APPLICATION" ("06").

(g)      This alien had a rescheduled master calendar hearing ("MR") on March 31, 2010.  The reason for adjournment is again identified as "ALIEN TO FILE OTHER APPLICATION" ("06").

(h)      This alien had a rescheduled master calendar hearing ("MR") action on April 26, 2010.  The reason for adjournment is identified as "IJ Completion prior to hearing" ("8A").

I declare under penalty of perjury that the foregoing is true and correct.


Date:  July 18, 2012

BENJAMIN B. McDOWELL

# Exhibit B

to

Declaration of Benjamin McDowell

Respondents' Motion for Summary Judgment and
Opposition to Petitioners' Motion for Summary Judgment

*Rodriguez v. Robbins, et al.*, No. 07-cv-3239-TJH (C.D. Cal.)

1   STUART F. DELERY
    Principal Deputy Assistant Attorney General
2   Civil Division
    DAVID J. KLINE
3   Director, Office of Immigration Litigation
    District Court Section
4   VICTOR M. LAWRENCE
    Principal Assistant Director
5   THEODORE W. ATKINSON
    Senior Litigation Counsel
6   United States Department of Justice
    Office of Immigration Litigation,
7   District Court Section
        P.O. Box 868, Ben Franklin Station
8       Washington, DC 20044
        Phone: (202) 532-4135
9       theodore.atkinson@usdoj.gov

10  Attorneys for Respondents

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13                   **WESTERN DIVISION**

14

15  ALEJANDRO RODRIGUEZ, *et al.,*        )  Case No. CV 07-3239-TJH (RNBx)
                                          )
16          Petitioners,                  )  **DECLARATION OF BENJAMIN B.**
                                          )  **McDOWELL**
17      vs.                               )
                                          )
18  TIMOTHY S. ROBBINS, *in his*          )
    *capacity as U.S. Immigration and*    )
19  *Customs Enforcement, Los Angeles*    )
    *District Field Office Director, et al.,* )
20                                        )
                                          )
21          Respondents.                  )

22

23  I, BENJAMIN B. McDOWELL, declare as follows:

24  1.      I am a program analyst with the Department of Justice, Executive Office for

25  Immigration Review (EOIR) in Falls Church, Virginia.  I have been a program analyst

26  with EOIR since February 1, 2010.  I am familiar with, and routinely use and rely on,

27  EOIR's CASE program, which allows users to access database information about

28  various aspects of an individual's removal proceedings before the immigration courts.

EOIR's CASE program displays data stored in the EOIR database, known as EOIRDB, which is a relational database running on Microsoft's SQL Server.

2.     I am familiar with this litigation.  In 2010 I was asked by counsel for Respondents to assist in providing certain categories of database information accessed through CASE in response to discovery requests.  I created a readable ACCESS database containing the requested information in various tables, along with lookup tables that serve as keys for abbreviations or codes used in the database.  ACCESS is a commercially available Microsoft program that allows users to view and create tables from information compiled by the user.  I have updated this database on several occasions, and provided it to EOIR counsel for production to attorneys for Petitioners in this case.  The most recent update was conducted in or around October 2012.

3.     I reviewed portions of the ACCESS database for the purpose of creating the excel spreadsheet entitled "AC Delays" for use by Dr. Chester Palmer.   The information contained in the AC Delays column's labeled "IDNCASE," IDNPROCEEDING," "ADJ_DATE," and "ADJ_RSN" was extracted from the ACCESS database's Schedule Table Data table.  The information contained in the AC Delays columns labeled "alien_name" and "alien_nbr" was taken from the ACCESS database's Case Data Table, which identifies by IDNCASE number the A number of the alien, the alien's name, and other personal identifying information about the alien. The information contained in the AC Delays column labeled "Alien Caused" was taken from the ACCESS database's data field "REGD_BY" in the Lookup Adjournment Reason table, which is a code that represents the party responsible for the hearing adjournment.  I understand that this code was also provided to Dr. Palmer and Petitioners' counsel in an Excel document entitled "dbo_tblAdjournmentcodes."

4.     The Schedule Table reflects all hearing related information.  The Schedule Table identifies the proceeding by a case number (or IDNCASE number) and a proceeding number (or IDNPROCEEDING number).  It identifies the dates of

1  hearings before an immigration court in a proceeding, including whether a hearing

2  was concluded or rescheduled, or, as the database refers to it, "adjourned." The

3  Schedule Table identifies, for example, when a hearing was adjourned (ADJ_DATE),

4  and the reason indicated by court staff for the adjournment, or "adjournment code"

5  (ADJ_RSN). The database also identifies the type of hearing, or "schedule type,"

6  which is typically a master calendar hearing, a reset master calendar hearing, a

7  custody hearing, or a merits or individual hearing (these codes are found under the

8  SCHEDULE_TYPE column of the table).

9  5.    As I more thoroughly explained in my declaration dated July 18, 2012, if the

10  user were to look at an individual's proceeding in the Schedule Table, the user would

11  be able to identify the dates of all of the hearings in that proceeding. The user would

12  also be able to see the reason that each hearing was concluded and, if a future hearing

13  was scheduled, why the case did not conclude at the previous hearing. For example,

14  the user could see that the individual had a hearing scheduled for a particular day.

15  The user could also look down the table and, if there were a subsequent hearing date,

16  the user could determine that the case was continued from the earlier date until the

17  later date. The user could also determine which party requested the continuance and

18  the reason for the request by looking at the adjournment code associated with the

19  earlier hearing. Thus, the table lists the individual's hearing dates, the reasons for

20  scheduling future hearing dates, and the party or parties requesting the future hearings.

21  6.    The most reliable way to calculate the amount of time a proceeding was delayed

22  due to a particular continuance request using information in the ACCESS database is

23  by using the information in the Schedule Table. The operational purpose of the

24  Schedule Table is such that the information may be used to calculate the number of

25  days between hearing dates where a hearing was adjourned for a specific purpose.

26  The most appropriate way to calculate the length of delays in the proceeding

27  attributable to a particular reason for adjournment would be to calculate the number of

28  days between the adjourned hearing and the next hearing as those dates appear in the

Schedule Table.  It would not be appropriate to calculate delays based on dates associated with data entry or data correction contained in the Actions Table.

7.    It would not cause me to doubt the reliability of the information in the Scheduling Table if the Action Table did not contain parallel entries.  The operational purposes of the Scheduling Table and the Action Table are distinct.  The Scheduling Table is a subordinate table to the Proceeding table that captures all hearing-related metadata.  The Action Table is an auditing table that holds information about actions added to a record in CASE.  The Actions Table is not set up in a way that allows the user to link particular entries in the Actions Table to particular changes in the Schedule Table because there is no key that relates entries in the Actions Table and schedule information in the Schedule Table.  As a result of their different operational purposes, I would not expect the tables to contain information that could be easily matched up.  For the same reasons, if I wanted to check the reliability of the data contained in the Schedule Tables, I would not compare it to information in the Actions Table.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  December 14, 2012

BENJAMIN B. McDOWELL