1   STUART F. DELERY
    Principal Deputy Assistant Attorney General
2   Civil Division
    DAVID J. KLINE
3   Director, Office of Immigration Litigation
    District Court Section
4   THEODORE W. ATKINSON
    United States Department of Justice
5   Office of Immigration Litigation
    SARAH S. WILSON
6   Trial Attorney
    P.O. Box 868, Ben Franklin Station
7   Washington, DC 20044
    Phone: (202) 532-4700
8   sarah.s.wilson@usdoj.gov

9

    Attorneys for Respondents
10

11

12              UNITED STATES DISTRICT COURT
13            CENTRAL DISTRICT OF CALIFORNIA
                    WESTERN DIVISION
14

15   ALEJANDRO RODRIGUEZ, *et al.*,        )  Case No. CV 07-3239-TJH (RNBx)
                                           )
16              Petitioners,               )
                                           )
17         vs.                             )
                                           )
18   TIMOTHY S. ROBBINS, *in his*          )  Opposition to Notice of Related Case (filed
     *capacity as U.S. Immigration and*    )  in *Rodriguez v. Hayes, et al.*, Case No. 07-
19   *Customs Enforcement, Los Angeles*    )  3239-TJH-RNB)
     *District Field Office Director, et al.*, )
                                           )
20                                         )
                Respondents.               )
21                                         )
                                           )
22   ─────────────────────────────────────

23

24

25

26

27

28

                           1

On March 8, 2013, Petitioners filed a Notice of Related Case Under Local Rule 83-1.3.1, seeking to relate Galvin-Avila's habeas case, *Galvin-Avila v. Bland*, No. 12-10520-CJC (CW) (C.D. Cal.), with this class action. *See* ECF No. 296 ("Notice"). Respondents hereby oppose Petitioners' Notice under Rule 83-1.3.2 because this action does not qualify for related case transfer.

I.     Introduction

The habeas action is not related to this class action because Galvin-Avila is not a *Rodriguez* class member, and resolution of his petition therefore does not turn on "the same or substantially related or similar questions of law and fact" as those at issue in *Rodriguez*. L.R. 83-1.3.1(b). Accordingly, this action does not qualify for related case transfer.

II.    Relevant Background

Galvin-Avila is subject to a reinstated order of removal, but is in withholding-only proceedings before an immigration judge. *See Galvin-Avila*, No 12-10520-CJS (CW) ECF No. 6-1 (Declaration of Quang Quach ("Quach Decl.") at ¶¶ 7,8). Galvin-Avila is scheduled to appear in immigration court on April 18, 2013 for a hearing on the merits of his claims. *See* ECF No. 296.   While his immigration proceedings are ongoing, Galvin-Avila is subject to mandatory detention under 8 U.S.C. § 1226(c). *See* Quach Decl. at ¶ 9. Galvin-Avila requested a determination of his custody statute, but the immigration judge denied that request, concluding that he is not a *Rodriguez* class member. *See Galvin-Avila*, No 12-10520-CJS (CW) ECF No. 11-2

("Immigration Bond Order"). On January 22, 2013, Galvin-Avila appealed the immigration judge's decision to the Board of Immigration Appeals ("Board"). *See* Quach Decl." at ¶ 11, Exh D thereto. That appeal remains pending. *Id.*

On December 10, 2012, Galvin-Avila filed a habeas petition with this Court. The petition challenges Galvin-Avila's detention, and the reinstatement of his removal order, and seeks Galvin-Avila's immediate release from custody. *See Galvin-Avila*, No 12-10520-CJS (CW) ECF No.1 at ¶ 9. On February 1, 2013, Respondents in that action filed a Motion to Dismiss the Petition, arguing: (1) Galvin-Avila failed to name his immediate custodian as a respondent as required by *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); (2) Galvin-Avila failed to exhaust his administrative remedies; and (3) this Court lacks jurisdiction to review Galvin-Avila's challenges to his removal order. *See Galvin-Avila*, No 12-10520-CJS (CW) ECF No.6 (Motion to Dismiss). Except for the proper-respondent claim, which was resolved, the issues in Respondents' Motion to Dismiss remain pending in *Galvin-Avila*.

III.    Argument

Petitioners argue that *Galvin-Avila* is related to this case because both cases "call for a determination of the same or substantially related or similar questions of law and fact, and would entail substantial duplication of labor if heard by different judges." Notice at 3-4. However, as the immigration judge has specifically concluded, Galvin-Avila is not a *Rodriguez* class member because he is subject to a reinstated order of removal, and is not currently in removal proceedings initiated upon

3

the filing of a Notice to Appear. *See* Bond Order at 2 (quoting *Rodriguez v. Hayes, et al.*, Case No. 07-3239-TJH-RNB (C.D. Cal.), Order, April 5, 2010, ECF No. 77) (certifying a class that consists of aliens detained for "longer than six months pursuant to one of the general immigration detention statutes *pending completion of removal proceedings*") (emphasis added)).

Because Galvin-Avila is outside the class of individuals who are seeking relief in this case, his case does not involve the same issues of law, and is not related to this action.[1]  Galvan-Avila's entitlement to relief – or lack thereof – is not determined by any decision on the legal issues in *Rodriguez*.  Moreover, his detention situation is entirely separate from that of the group of individuals who are members of the class here because he is subject to a reinstated order of removal, and is in withholding-only proceedings, rather than "removal proceedings" which are initiated by the filing of a Notice to Appear.  This case therefore should not be transferred.  L.R. 83-1.3.1.

IV.   Conclusion

*Galvin-Avil*a does not qualify for related case transfer because it is not related to this class action.  The petitioner is not a *Rodriguez* class member, and resolution of his Petition does not turn on "the same or substantially related or similar questions of law

---

[1] As Respondents argued in their Motion to Dismiss in *Galvin-Avil*a, the Board may yet find that Mr. Galvan-Avila is a *Rodriguez* class member, and he would then be entitled to a bond hearing, and to any other relief afforded the *Rodriguez* class. However, that appeal remains pending, and the Notice is therefore premature for the same reasons that the habeas petition is premature: because Galvin-Avila has not yet exhausted his administrative avenues for relief.

4

1    and fact" as those at issue in *Rodriguez*.  L.R. 83-1.3.1(b).  Accordingly, the Court

2    should decline to transfer this case.

3

4

5    Date: March 15, 2013                    STUART F. DELERY
                                            Acting Assistant Attorney General
6                                           Civil Division
                                            DAVID J. KLINE
7                                           Director, Office of Immigration Litigation
                                            District Court Section
8                                           THEODORE W. ATKINSON
                                            United States Department of Justice
9                                           Office of Immigration Litigation,

10                                          /s/ Sarah S. Wilson
                                            SARAH S. WILSON
11                                          Trial Attorney
                                            P.O. Box 868, Ben Franklin Station
12                                          Washington, DC 20044
                                            Phone: (202) 532-4700
13                                          sarah.s.wilson@usdoj.gov

14

15                                          Attorneys for Respondents

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2

3        I certify that on March 15, 2013, I served a copy of the foregoing through the Court's CM/ECF system on the following counsel of record:

4

5    Ahilan T. Arulanantham              Judy Rabinovitz
     ACLU Foundation of Southern         ACLU Immigrants' Rights Project
6    California                          125 Broad Street 18th Floor
     1616 Beverly Boulevard             New York, NY 10004
7    Los Angeles, CA 90026               212-549-2618
     213-977-5211                        Fax: 212-549-2654
8    Fax: 213-977-5297                   Email: jrabinovitz@aclu.org
     Email: aarulanantham@aclu-sc.org
                                         Cody Jacobs
9    Jayashri Srikantiah                 Sidley Austin LLP
     Stanford Law School                 555 West Fifth Street Suite 4000
10   Immigrants' Rights Clinic,          Los Angeles, CA 90013-1010
     Crown Quadrangle                    213-896-6000
11   559 Nathan Abbott Way               Fax: 213-896-6600
     Stanford, CA 94305-8610             Email: cjacobs@sidley.com
12   650-724-2442
     Fax: 650-723-4426
13   Email: jsrikantiah@law.stanford.edu

14   Sean Commons
     Sidley Austin
15   555 West Fifth Street Suite 4000
     Los Angeles, CA 90013-1010
16   213-816-6000
     Fax: 213-896-6600
17   Email: scommons@sidley.com

18

19

20                                       */s/  Sarah S. Wilson*
                                         Sarah S. Wilson
21                                       Trial Counsel
22                                       United States Department of Justice

23

24

25

26

27

28