1  STUART F. DELERY
   Principal Deputy Assistant Attorney General
2  Civil Division
   DAVID J. KLINE
3  Director, Office of Immigration Litigation
   District Court Section
4  THEODORE W. ATKINSON
   United States Department of Justice
5  Office of Immigration Litigation
        P.O. Box 868, Ben Franklin Station
6       Washington, DC 20044
        Phone: (202) 532-4135
7       theodore.atkinson@usdoj.gov
   SARAH S. WILSON,
8  Trial Attorney

9  Attorneys for Respondents

10

11              UNITED STATES DISTRICT COURT
            CENTRAL DISTRICT OF CALIFORNIA
12                  WESTERN DIVISION

13  ALEJANDRO RODRIGUEZ, *et al.*,    ) Case No. CV 07-3239-TJH (RNBx)
                                      )
14          Petitioners,             ) **RESPONDENTS' OBJECTIONS TO**
                                      ) **EVIDENCE FILED IN SUPPORT OF**
15      vs.                          ) **PETITIONERS' MOTION FOR**
                                      ) **SUMMARY JUDGMENT**
16  TIMOTHY S. ROBBINS, *in his*      )
    *capacity as U.S. Immigration and* )
17  *Customs Enforcement, Los Angeles* )
    *District Field Office Director, et al.*, )
18                                    ) Hon. Terry J. Hatter, Jr.
                                      )
19          Respondents.             )
                                      ) Hearing Date: May 6, 2013
20                                    ) Hearing Time: UNDER SUBMISSION
                                      )
21                                    )

22

23

24

25

26

27

28

1    Respondents object to the following evidence filed in support of Petitioners'

2  motion for summary judgment, which is set for hearing on May 6, 2013. A trial court

3  may only consider admissible evidence in ruling on a motion for summary judgment.

4  *Bank of America v. Orr*, 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed. R. Evid.

5  56(e)). Declarations filed in connection with a motion for summary judgment are only

6  admissible if the declarant would be permitted to testify as to the content of the

7  affidavit as trial. *See Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992).

8  Because the portions of the declarations objected to below are inadmissible based on

9  their content, Respondents object to their use in support of Petitioners' motion.

10

11  **OBJECTIONS TO DECLARATION OF BYRON MERIDA (ECF No. 281-1)**

12

13  **Objection No. 1:**

14      **Objectionable Testimony:**

15      The Merida declaration in its entirety.

16  **Respondents' Objection:**

17      Respondents object to the entirety of Merida's declaration on the basis that he

18  was not properly disclosed as a fact witness during the more than five years this case

19  remained pending prior to the close of discovery. Declaration of Sarah Wilson

20  ("Wilson Dec.") (Exhibit A, Petitioners' Supplemental Initial Disclosures).

21  Petitioners also failed to include Merida in response to interrogatories seeking a list of

22  all individual class members Petitioners intend to use as illustrative examples in

23  support of its position that Respondents' practices and policies fail to properly assess

24  flight risk or danger. *See* Wilson Dec. (Exhibit C, Petitioners' Interrogatory

25  Responses).

26      Merida's declaration is excludable on that basis. *See Durand v. Stonehouse*

27  *Court Associates, LLC*, 473 F. App'x 667, 669 (9th Cir. 2012) (not an abuse of

28  discretion to strike declaration where witness was disclosed on final day of discovery

1

1   and not included in interrogatory response).  Federal Rule of Civil Procedure 37(c)(1)

2   provides, in relevant part: "If a party fails to provide information or identify a witness

3   as required by Rule 26(a) or (e), the party is not allowed to use that information or

4   witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was

5   substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  "Implicit in Rule

6   37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."

7   *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1107 (9th Cir. 2001).

8       Petitioners cannot demonstrate that the untimely disclosure is substantially

9   justified or harmless.  The disclosure was made after the close of discovery and

10  immediately prior to the dispositive motions deadlines.  This places Respondents in

11  the unfair position of having to defend a motion based on evidence Respondents have

12  not had the opportunity to test in a deposition.  *See Durand,* 473 F. App'x at 669.

13  Respondents' perceived need for this information is demonstrated by Respondents'

14  interrogatories, which requested identification of class members like Merida in April

15  of 2012.  Wilson Dec. (Exhibit B, Respondents' First Interrogatories).  Additionally,

16  the Ninth Circuit has recognized that disruption of the court's discovery plan and

17  scheduling order "is not harmless."  *Wong v. Regents of the University of California,*

18  410 F.3d 1052, 1062 (9th Cir. 2005).  *Id.* at 1062.

19      ____ Sustained

20      ____ Overruled

21

22  **Objection No. 2:**

23      **Objectionable Testimony:**

24      Merida Declaration, Paragraph 12:  However, most of the detainees I met in

25  Mira Loma understood very little about their cases and the immigration process.

26  Many did not have attorneys, speak or read English, or understand the steps for

27  applying for relief, bond or for appeals.

28      **Respondents' Objection:**

1    The declaration does not establish a proper foundation for Merida's lay opinion.

2    *See* Fed. R. Evid. 701. If a witness is not testifying as an expert, the witness's

3    testimony in the form of opinions or inferences is limited to those opinions or

4    inferences which are (a) rationally based on the perception of the witness, (b) helpful

5    to a clear understanding of the witness's testimony or the determination of a fact in

6    issue, and (c) not based on scientific, technical, or other specialized knowledge within

7    the scope of Rule 702. *See id.* By all appearances, Merida's testimony is based on

8    statements by Mira Loma detainees to Merida during conversations where Merida

9    "informally assisted" the detainee on their immigration cases. Fed. R. Evid. 801, 802.

10   Merida's testimony is excludable on that basis. *Stoebner Holdings, Inc. v. Automobili*

11   *Lamborghini S.P.A.*, 2007 WL 4230824, *2 (D. Haw. 2007) (a lay witness offering

12   opinion testimony may not rely on hearsay); *see also* Fed. R. Evid. 801, 802. To the

13   extent that Merida's testimony is not exclusively based on hearsay, it is excludable in

14   its present form because the declaration does not establish a basis for Merida to

15   personally gauge the legal comprehension level of every detainee he met at Mira

16   Loma. *See* Fed. R. Evid. 602. Merida's declaration does not establish a sufficient

17   basis to conclude that he had ample opportunity to assess every "detainee [he] met at

18   Mira Loma['s]" understanding of "the immigration process" or "the steps for applying

19   for relief, bond or for appeals" during these "informal" interactions with fellow

20   detainees. Merida Decl. at 12. The declaration likewise fails to establish that Merida

21   has sufficient skill to evaluate whether the detainees understands the immigration

22   process. *See* Fed. R. Evid. 701(c). Finally, the "informal" sessions could not provide

23   a non-hearsay foundation for Merida's lay opinion about whether Mira Loma

24   detainees were represented by attorneys during their immigration proceedings. To be

25   admissible, Merida's opinion on that subject would have to be based on his personal

26   observation of immigration proceedings. *See* Fed. R. Evid. 701(a); 602. Merida's

27   declaration makes no mention of his personal observation of the immigration

28

3

proceedings of other detainees or of any other basis for Merida's opinions about

representation of the Mira Loma detainees he met while detained there.

_____ Sustained

_____ Overruled

**Objection No. 3:**

**Objectionable Testimony:**

Merida Declaration, Paragraph 20:  Many of the detainees did not realize that

they could request a *Casas* hearing and ask to be released on bond.  I would estimate

that I spoke to dozens of people who did not know they could request a *Casas* hearing.

Some reported not receiving any notice of a Casas custody determination from ICE.

Some others reported receiving a notice, but did not understand that they could request

a *Casas* hearing in immigration court.

**Respondents' Objection:**

According to this paragraph, Merida's opinion that many of the detainees did

not realize that they could request a *Casas* hearing is based exclusively on

conversations with "dozens" of people who reported certain facts to him.  Because

Merida offers these "report[s]" by third parties as evidence that the third parties did, in

fact, not realize they could request a hearing, the statements are hearsay not within any

exception. *See* Fed. R. Evid. 801, 802.  Additionally, the testimony is improper

opinion testimony. *See* Fed. R. Evid. 701; *see also, Stoebner Holdings, Inc.*, 2007

WL 4230824 at *2 (a lay witness offering opinion testimony may not rely on hearsay).

To the extent that this evidence is not offered for the truth of the third party

statements, the relevance of the testimony is substantially outweighed by the

prejudicial nature of the testimony and strong possibility of confusion of the purpose

of the evidence. *See* Fed. R. Evid. 403.

_____ Sustained

_____ Overruled

4

**Objection No. 4:**

**Objectionable Testimony:**

Merida Declaration Paragraph 21: Of the people who did not realize they could request a *Casas* hearing, many already had been detained for a significant period of time after they filed their Ninth Circuit appeal. Several had been detained for at least 3-4 months, and a couple had been detained for more than a year after they filed their petitions for review and stays of removal.

**Respondents' Objection:**

According to paragraph 20, Merida's opinion that many of the detainees did not realize that they could request a *Casas* hearing is based exclusively on conversations with "dozens" of people who reported certain facts to him. Because Merida offers these "report[s]" by third parties as evidence that the third parties did, in fact, not realize they could request a hearing, the statements are hearsay not within any exception. *See* Fed. R. Evid. 801, 802. Additionally, Merida's declaration does not establish the basis for Merida's personal knowledge of his assertions. *Los Angeles Times Communications, LLC v. Department of Army*, 442 F. Supp. 2d 880, 886 (C.D. Cal. 2006) (objection to declaration sustained where it was unclear from the declaration the basis for personal knowledge).

\_\_\_\_ Sustained

\_\_\_\_ Overruled


**Objection No. 5:**

**Objectionable Testimony:**

Merida Declaration Paragraph 22: Most of the other detainees I met struggled to understand and represent themselves in immigration court.

**Respondents' Objection:**

5

1    Merida could not have observed court proceedings of "most of the other

2    detainees he met" (which, according to paragraph 12, includes more than 500

3    detainees in Mira Loma alone) and obtained the personal knowledge necessary to

4    render this testimony admissible under Rules 602, 701. *See* Fed. R. Evid. 602, 701.

5    _____ Sustained

6    _____ Overruled

7

8    **OBJECTIONS TO DECLARATION OF LUIS E. GONZALEZ (ECF No. 281-2)**

9    **Objection No. 6:**

10        **Objectionable Testimony:**

11        The Gonzalez declaration in its entirety.

12        **Respondents' Objection:**

13        Respondents object to the entirety of Gonzalez's declaration on the basis that he

14    was not properly disclosed by Petitioners during the more than five years this case

15    remained pending prior to the close of discovery.  Wilson Dec. (Exhibit A).

16    Petitioners also failed to include Mr. Irraberren-Zegarra, the client about whom

17    Gonzalez testifies, in response to interrogatories seeking a list of all individual class

18    members Petitioners intend to use as illustrative examples in support of its position

19    that Respondents' practices and policies fail to properly assess flight risk or danger.

20    *See* Wilson Dec. (Exhibit B); *see also* Wilson Dec. (Exhibit C).

21        Gonzalez's declaration is excludable on that basis. *See Durand v. Stonehouse*

22    *Court Associates, LLC*, 473 F. App'x 667, 669 (9th Cir. 2012) (not an abuse of

23    discretion to strike declaration where witness was disclosed on final day of discovery

24    and not included in interrogatory response).  Federal Rule of Civil ProcedurE 37(c)(1)

25    provides, in relevant part: "If a party fails to provide information or identify a witness

26    as required by Rule 26(a) or (e), the party is not allowed to use that information or

27    witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was

28    substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Implicit in Rule

6

1    37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."

2    *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1107 (9th Cir. 2001).

3         Petitioners cannot demonstrate that the untimely disclosure is substantially

4    justified or harmless.  The disclosure was made after the close of discovery and

5    immediately prior to the dispositive motions deadlines.   This places Respondents in

6    the unfair position of having to defend a motion based on evidence Respondents have

7    not had the opportunity to test in a deposition. *See Durand*, 473 F. App'x at 669.

8    Respondents' perceived need for this information is demonstrated by Respondents'

9    interrogatories, which requested identification of class members like Irraberren-

10   Zegarra in May of 2012. Additionally, the Ninth Circuit has recognized that

11   disruption of the court's discovery plan and scheduling order "is not harmless." *Wong*

12   *v. Regents of the University of California,* 410 F.3d 1052, 1062 (9th Cir. 2005). *Id.* at

13   1062.

14        ____ Sustained

15        ____ Overruled

16

17   **Objection No. 7:**

18        **Objectionable Testimony:**

19        Gonzalez Declaration, Paragraph 6: I believe that Mr. Irraberren-Zegarra likely

20   would have received a lower bond amount if I had more notice and time to prepare for

21   the hearing.

22        **Respondents' Objection:**

23        The declaration fails to establish any basis for Gonazalez's counterfactual

24   statement and is speculative. *See* Fed. R. Evid. 602, 701(a). The declaration lacks

25   any indication of his level of experience in representing detainees in *Rodriguez* bond

26   hearings or additional relevant information he believes he might have been able to

27   present had he been afforded an additional three days to prepare. *See* ECF No. 281,

28   Petitioners' Memorandum, ("Pet. Mem.") at 42 at n.24 (arguing seven day notice is

7

constitutionally required).  Its relevance is also substantially outweighed by prejudice
and likelihood of confusion of the limited purpose of the evidence—that limited
purpose being the highly unremarkable proposition that one attorney, on one occasion,
believed that he could have benefited from three additional days of preparation time
before a court hearing.  *See* Fed. R. Evid. 403.  The likelihood of confusion is
demonstrated by Petitioners' attempt to use the evidence to prove Respondents engage
in a "practice of failing to give adequate notice prior to the bond hearing."  Pet. Mem.
at 42 n.24.  Finally, this portion of the declaration is excludable based on Petitioners'
failure to disclose Mr. Irraberren-Zegarra in response to Respondents' interrogatories.

_____ Sustained

_____ Overruled

## Objection No. 8:

**Objectionable Testimony:**

Gonzalez Declaration, Paragraph 6: Especially in light of the fact my client was
not a danger to the public or a flight risk.

**Respondents' Objection:**

This is improper opinion testimony because the declaration fails to provide a
factual basis for lay witness opinion on the subject.  *See* Fed. R. Evid. 701(a).  The
opinion of a lay witness must be predicated on concrete facts within the witness'
personal observation.  *United States v. Durham*, 464 F.3d 976, 982 (9th Cir. 2006).
The declaration contains no information about Gonzalez's personal knowledge of Mr.
Irraberren-Zegarra or his prior opportunities to personally observe Mr. Irraberren-
Zegarra in a setting where he could reliably assess whether Mr. Irraberren-Zegarra
posed a danger to the community or a flight risk.  *See id.*  To the extent Gonzalez's
opinion is based on information relayed to him by Mr. Irraberren-Zegarra himself or
Mr. Irraberren-Zegarra's family or friends, his opinion is premised on hearsay not
within any exception and cannot form the basis for a lay witness opinion.  *United*

8

*States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007) ("If [the witness] relied upon or conveyed hearsay evidence when testifying as a lay witness or if [the witness] based his lay testimony on matters not within his personal knowledge, he exceeded the bounds of properly admissible testimony."). Additionally, the very limited probative value of the testimony is substantially outweighed by the risk of prejudice and confusion of the purpose or value of the evidence. *See* Fed. R. Evid. 403. Finally, this portion of the declaration is excludable based on Petitioners' failure to disclose Mr. Irraberren-Zegarra in response to Respondents' interrogatories. *See* Wilson Dec. (Exhibit B); *see also* Wilson Dec. (Exhibit C).

_____ Sustained

_____ Overruled

## OBJECTIONS TO THE DECLARATION OF MICHAEL KAUFMAN (ECF No. 281-3)

### Objection No. 9:

**Objectionable Testimony:**

Kaufman Declaration, Paragraph 27: Based on my experience, I believe the bed space capacity for the Adelanto, Theo Lacy, Musick, and Santa Ana City Jail facilities is approximately 2,100 to 2,500.

**Respondents' Objection:**

The declaration fails to provide information supporting personal knowledge of facility bed space or define "my experience." *See* Fed. R. Evid. 602. To the extent it is based on information from third parties, it is hearsay not within any exception. Fed. R. Evid. 801, 802.

_____ Sustained

_____ Overruled

### Objection No. 10:

**Objectionable Testimony:**

Kaufman Declaration, Paragraph 28: ICE officials have informed me that, following the closure of the Mira Loma facility and the subsequent transfer of many of its detainees to Adelanto, the Adelanto facility is currently operating near or at its bed space capacity of approximately 1,200-1,300.

**Respondents' Objection:**

The paragraph includes hearsay statements by unnamed ICE officials. Petitioners, as the proponents of this evidence, bear the burden of demonstrating that Federal Rule of Evidence 801(d)(2) applies such that these statements are admissible. *See Durham v. County of Maui*, 804 F. Supp. 2d 1068, 1070 n.3 (D. Haw. 2011). The declaration does not contain sufficient detail for Petitioners to establish that Rule 801(d)(2) applies and therefore this statement is inadmissible hearsay not within any exception. *See* Fed. R. Evid. 801, 802.

_____ Sustained

_____ Overruled

**OBJECTIONS TO THE DECLARATION OF MERCEDES VICTORIA CASTILLO (ECF No. 281-4)**

**Objection No. 11:**

**Objectionable Testimony:**

The Castillo declaration in its entirety.

**Respondents' Objection:**

As set forth in the motion to strike, Respondents object to the entirety of the declaration on the basis that he was not properly disclosed by Petitioners during the more than five years this case remained pending prior to the close of discovery. Wilson Dec. (Exhibit A). Castillo's declaration is excludable on that basis. *See Durand v. Stonehouse Court Associates, LLC*, 473 F. App'x 667, 669 (9th Cir. 2012) (not an abuse of discretion to strike declaration where witness was disclosed on final

10

day of discovery and not included in interrogatory response). Federal Rule of Civil Procedure 37(c)(1) provides, in relevant part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1107 (9th Cir. 2001).

Petitioners cannot demonstrate that the untimely disclosure is substantially justified or harmless. The disclosure was made after the close of discovery and immediately prior to the dispositive motions deadlines. This places Respondents in the unfair position of having to defend a motion based on evidence Respondents have not had the opportunity to test in a deposition. *See Durand,* 473 F. App'x at 669. Additionally, the Ninth Circuit has recognized that disruption of the court's discovery plan and scheduling order "is not harmless." *Wong v. Regents of the University of California,* 410 F.3d 1052, 1062 (9th Cir. 2005). *Id.* at 1062.

_____ Sustained

_____ Overruled


**Objection No. 12:**

**Objectionable Testimony:**

Castillo Declaration, Paragraph 4: On several occasions I was retained or asked for pro-bono assistance after an IJ at Mira Loma has asked the detainee to find someone to help them with their application.

**Respondents' Objection:**

This statement conveys inadmissible hearsay statements by Castillo's clients recounting events that she did not personally observe. *See* Fed. R. Evid. 801, 802, 602. Petitioners rely on this testimony for the truth of the matter asserted, specifically

11

as proof that "immigration judges in the Central District routinely encourage *pro se*
detainees to take continuances to find an attorney where they appear eligible for
relief." Pet. Mem. at 15.

_____ Sustained

_____ Overruled

## Objection No. 13:

**Objectionable Testimony:**

Castillo Declaration, Paragraph 7: I have been retained by several detainees at
Adelanto who were told by their respective IJ to find an attorney to assist with a claim
or application for relief. A few detainees told me that Judge Ho or Sholomson told
them that they would not proceed with their cases until they came back with an
attorney.

**Respondents' Objection:**

This statement is inadmissible hearsay not within any exception. *See* Fed. R.
Evid. 801, 802. Castillo conveys hearsay statements by her clients recounting events
in immigration court and is offered to prove that those events occurred. *See* Fed. R.
Evid. 801, 802; Pet. Mem. at 15 (characterizing Castillo's declaration as proof that
"immigration judges in the Central District routinely encourage *pro se* detainees to
take continuances to find an attorney where they appear eligible for relief"). Castillo
also lacks personal knowledge of the events to which she testifies. Fed. R. Evid. 602.

_____ Sustained

_____ Overruled

## Objection No. 14:

**Objectionable Testimony:**

Castillo Declaration, Paragraph 8: While waiting to be called on my cases for
other clients, I have witnessed IJs at the Los Angeles courthouse ask detainees a few

1  questions and given them a continuance to seek counsel. I have also witnessed Judge

2  Ho tell a respondent that she would not proceed with his case until he had obtained an

3  attorney. **Based on the IJ's questions, I believe this was because the IJ concluded**

4  **that the detainee was eligible for relief and needed the assistance of counsel to**

5  **help prepare his application for relief.**

6      **Respondents' Objection:**

7      The bolded statement is an inadmissible lay witness opinion. "[T]he

8  interpretation of *clear* statements is not permissible, and is barred by the helpfulness

9  requirement of both Fed. R. Evid. 701 and Fed. R. Evid. 702." *United States v.*

10 *Freeman*, 498 F.3d 893, 905 (9th Cir. 2007) (emphasis in original). A lay opinion is

11 not helpful or necessary to clear understanding of testimony, when the fact finder has

12 been provided with all the information the witness possesses. *United States v. Sheet*,

13 665 F.2d 983, 985 (9th Cir. 1982). "If the [fact finder] can be put into a position of

14 equal vantage with the witness for drawing the opinion, then the witness may not give

15 an opinion." *Id.* Castillo specified that her opinion regarding the inner workings of

16 Judge Ho's mind is based entirely on the questions that Judge Ho asked the detainee.

17 Therefore, while Castillo may recount the questions Judge Ho asked the detainee, she

18 may not offer an opinion as to what the fact finder may derive from the questions. *Id.*

19 Under Rule 701(b), that opinion unnecessarily intrudes on the province of the fact

20 finder. Additionally, the testimony is speculative as Castillo lacks personal

21 knowledge of Judge Ho's views regarding the detainee's eligibility for relief. Fed. R.

22 Evid. 602. Finally, the very limited probative value of the testimony is substantially

23 outweighed by the risk of prejudice. *See* Fed. R. Evid. 403.

24     _____ Sustained

25     _____ Overruled

26

27     **OBJECTIONS TO THE DECLARATION OF STACEY TOLCHIN**

28     **(ECF No. 281-5)**

**Objection No. 15:**

    **Objectionable Testimony:**

    Tolchin Declaration, Paragraph 6:  In my cases involving detained clients eligible for hearings under *Casas* or *Diouf II*, the Department of Homeland Security (DHS) did not provide written or verbal notice to the detainees that they were eligible for a *Casas / Diouf* hearing.

    **Respondents' Objection:**

    This statement conveys inadmissible hearsay statements by Tolchin's clients recounting events that she did not personally observe offered to prove that those events occurred as recounted by the client.  *See* Fed. R. Evid. 801, 802, 602.

    \_\_\_\_ Sustained

    \_\_\_\_ Overruled


**Objection No. 16:**

    **Objectionable Testimony:**

    Tolchin Declaration, Paragraph 12:  My clients often tell me that they find the shackles painful and humiliating.

    **Respondents' Objection:**

    This statement is inadmissible hearsay.  *See* Fed. R. Evid. 801, 802.  If offered for a non-hearsay purpose, it should be excluded under Rule 403 because it lacks probative value and is prejudicial.  Fed. R. Evid. 403.

    \_\_\_\_ Sustained

    \_\_\_\_ Overruled


**OBJECTIONS TO THE DECLARATION OF SUSAN LONG (ECF No. 281-6)**

    Respondents do not object to any specific statements in Long's declaration or to statements in Dr. Long's reports used by Petitioners in support of their motion, but reserve the right to object to portions of Long's reports if cited by Petitioners in future

filings in this case. *See U.S. ex rel. Poong Lim/Pert Joint Venture v. Dick
Pacific/Ghemm Joint Venture*, No. A03-290-CV, 2005 WL 3047864, *1 (D. Alaska
Nov. 10, 2005) (premature to object to expert deposition testimony where not clear
objectionable testimony will be used in support of motion); *Adobe Systems Inc. v.
Wowza Media Systems, LLC*, No. C 11–2243 CW, 2013 WL 450626, *1 (N.D. Cal.
Feb. 13, 2013) (premature to object to expert report before motion is filed using the
report).

## OBJECTIONS TO THE DECLARATION OF TALIA INLENDER
### (ECF No. 281-7)

**Objection No. 17:**

    **Objectionable Testimony:**

    The Inlender declaration in its entirety.

    **Respondents' Objection:**

    Respondents object to the entirety of the declaration on the basis that Inlender
was not properly disclosed by Petitioners during the more than five years this case
remained pending prior to the close of discovery. Wilson Dec. (Exhibit A). Federal
Rule of Civil Procedure 37(c)(1) provides, in relevant part: "If a party fails to provide
information or identify a witness as required by Rule 26(a) or (e), the party is not
allowed to use that information or witness to supply evidence on a motion, at a
hearing, or at trial, unless the failure was substantially justified or is harmless." Fed.
R. Civ. P. 37(c)(1). "Implicit in Rule 37(c)(1) is that the burden is on the party facing
sanctions to prove harmlessness." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259
F.3d 1101, 1107 (9th Cir. 2001). Petitioners cannot demonstrate that the untimely
disclosure is substantially jusrified harmless. The disclosure was made after the close
of discovery and immediately prior to the dispositive motions deadlines. This places
Respondents in the unfair position of having to defend a motion based on evidence
Respondents have not had the opportunity to test in a deposition. *See Durand v.*

15

*Stonehouse Court Associates, LLC*, 473 F. App'x 667, 669 (9th Cir. 2012).

Additionally, the Ninth Circuit has recognized that disruption of the court's discovery plan and scheduling order "is not harmless." *Wong v. Regents of the University of California,* 410 F.3d 1052, 1062 (9th Cir. 2005). *Id.* at 1062.

\_\_\_\_ Sustained

\_\_\_\_ Overruled

## OBJECTIONS TO THE FIRST CORRECTED DECLARATION OF MICHAEL TAN (ECF No. 283)

**Objection No. 18:**

**Objectionable Testimony:**

All summary testimony contained in the Tan declaration, paragraphs 7-35.

**Respondents' Objection:**

The summary information in the Tan declaration is not admissible under Federal Rule of Evidence 1006. Respondents first learned of Tan's summaries after Petitioners filed for summary judgment. *See* ECF No. 283 (corrected declaration filed on Feb. 11, 2013). When Respondents realized that they were unable to verify Petitioners' summary claims based on the information provided by Petitioners, Respondents wrote to Petitioners' counsel on February 19, 2013. Wilson Dec. (Exhibit D, Feb. 19 Letter to Petitioners). In the letter to counsel, Respondents requested a complete list of the names and A numbers associated with calculations contained in paragraphs 13 through 20 of the declaration. *Id.* For example, Respondents requested that Petitioners provide a list of names and A numbers of the 138 class members Tan claims in paragraph 17a "had a child or children who resided in the United States." *Id.* at 2. Respondents also asked that Petitioners provide "any written guidance supplied to the reviewers to guide their assessment of whether a file 'contained information indicating' that the alien had (1) 'a child or children who resided in the United States,' (2) 'a child or children with U.S. Citizenship,' or (3) 'a

16

1    spouse who resided in the United States.'" *Id.* at 2 (quoting Tan Decl. at ¶¶ 17, 18,

2    20). Respondents explained that under controlling case law, Respondents are entitled

3    to depose Tan to explore how the summaries were compiled, but expressed a

4    willingness to forgo the deposition request if Petitioners would provide the requested

5    information. *Id.* Due to the impending cross-motion deadline and Petitioners' belief

6    that the information supporting Tan's sworn statement would be readily available to

7    Petitioners, Respondents asked that Petitioners provide the information in an

8    expeditious manner. *Id.* at 3.

9         On February 20, 2013, Petitioners' counsel responded to Respondents' letter by

10   asserting that, although Respondents are not entitled to any of the requested

11   information, Petitioners would provide the lists requested by Petitioners. Wilson Dec.

12   (Exhibit E, Feb. 20 Letter from Petitioners). Petitioners objected to the request for

13   information about file review process and indicated that Petitioners would not make

14   Tan available for deposition because Petitioners' believed his testimony on the matter

15   to be protected by the attorney work product privilege. *See id.* Shortly after receiving

16   Petitioners' letter, Respondents asked Petitioners when the list would be available.

17   Wilson Dec. (Exhibit F, at 1-2). Petitioners declined to provide a firm date, but

18   indicated that Petitioners hoped to provide the list early the following week. *Id.* at 1.

19   Respondents inquired about the status of the lists again on February 27, 2013. *Id.* at 1.

20        On March 1, Respondents received the lists. *Id.* at 1, 3. In the letter

21   accompanying the lists, Petitioners explained that "[i]n the course of compiling this

22   information, we discovered and corrected technical errors" and that the lists provided

23   by Petitioners is based on "corrected calculations." Indeed, Petitioners' attached lists

24   contained corrected calculations for each of the 19 calculations provided in these

25   paragraphs. *Compare* Wilson Dec. (Exhibit F at 4-130) *with* (Exhibit D). The updated

26   lists changes the universe of individuals for whom the summary data was provided by

27   nearly 30 class members. *Compare id.* at Exhibit F at 16 (list of aliens provided in

28   response to Request 1 includes 582 class members) *to* Wilson Dec. (Exhibit D, at 2

17

1 | (request 1 seeking 610 class membered referred to in paragraphs 13 and 18)) *and* Tan

2 | Declaration at ¶¶ 13 and 18 (the summary below pertains to 610 aliens). It also

3 | changed all of the calculations based on this data in the challenged paragraphs, several

4 | by more than 10 class members. *Compare id.* at Exhibit F at 103 (list of aliens

5 | provided in response to Request 12 includes 477 aliens) *to* Wilson Declaration

6 | (Exhibit D, at 2 (request 12 seeking 498 class membered referred to in paragraph

7 | 18c)) *and* Tan Declaration at ¶ 18c ("498 A files contained information indicating

8 | whether the class member had a child or children who reside in the United States).

9 | Despite the clear inaccuracies in Tan's summary data, Respondents did not provide

10 | the requested instructional documents. *See* Wilson Dec. (Exhibit E). Rather,

11 | Petitioners asserted that they intended to "promptly" submit a new declaration with

12 | corrected calculations and new information "regarding class members' ages at the

13 | time of their entry." *Id.* Petitioners did not provide a copy of the new calculations

14 | related to class members' ages at that time. Petitioners have not filed a second

15 | corrected Tan declaration.

16 |      Before a summary may be admitted as evidence, the proponent of the evidence

17 | must lay a proper foundation as to the admissibility of the material that is summarized

18 | and show that the summary is accurate. *United States v. Menendez*, No. CV 11–

19 | 06313 MMM (JCGx), 2013 WL 828926 *3 (C.D. Cal. March 6, 2013). Petitioners'

20 | subsequent retraction of *every* calculation in the declaration renders the summary

21 | evidence – both the current version and any future corrected declaration –

22 | inadmissible. *See United States v. Anekwu*, 695 F.3d 967, 981 (9th Cir. 2012)

23 | (quoting *United States v. Johnson,* 594 F.2d 1253, 1257 (9th Cir. 1979)) (accuracy of

24 | the summary data is a precondition for admissibility). Additionally, by failing to

25 | provide Respondents with the requested instructional materials, or any information

26 | about the types of documents on which the reviewers relied in calculating the family

27 | ties data, Petitioners cannot meet their burden of demonstrating that the summaries in

28 | paragraphs 17-20 are based on reliable and admissible information. *Id.* Because

1  Petitioners purport to use the summary information for a hearsay purpose – to show,

2  for example, that "class members had children" – Petitioners must establish a hearsay

3  exception for each of the documents on which it relied for that information.[1]  If the

4  instructions provided to the reviewers stated, for example, that in determining whether

5  a class member has children who are United States citizens, *see* paragraph 17b, the

6  reviewer may only count files containing a birth certificate for the child which names

7  the class member as a parent, the calculation would rely on admissible information for

8  an admissible purpose.  *See* Fed. R. Evid. 803(9) (hearsay exception for records of

9  vital statistics).  If, however, the reviewers relied on documents not covered by any

10 hearsay exception – photographs purporting to be of citizen children, unsworn letters

11 mentioning children, police reports naming children as witnesses, self-serving or

12 unverified statements by the class members or others – the summary evidence is

13 inadmissible because the underlying evidence is inadmissible for the purpose for

14 which it is used in the summary.  C.A. Wright & V.J. Gold, 31 Fed. Practice and

15 Procedure § 8043, at 527 (2000) ("Rule 1006 evidence may also be excluded where

16 the source materials are inadmissible hearsay or even where just some parts of those

17 materials are inadmissible hearsay.").  Therefore, Petitioners have failed to carry their

18 burden of establishing the admissibility of the summary evidence.

19      The proponent must also establish that the underlying materials upon which the

20 summary is based were made available to the opposing party for inspection.  *United*

21

22 [1] This hearsay issue is distinct from the hearsay objection covered by counsel's
23 stipulation dated February 9, 2012. *See* Sealed Declaration of Ahilan Arulanantham
   (Exhibit 2).  Although the parties stipulated around the first level of hearsay issues
24 posed by use of the administrative record, that stipulation does not waive
   Respondents' objection to uses of the documents that raise double hearsay issues. *See*
25 *id.* So while Respondents stipulated that the administrative files are business records
26 and not hearsay when used for the purpose of showing the contents of that file,
   Respondents did not stipulate that an unsworn letter from the file asserting, for
27 example, that the class member is a skilled tradesman may be used for the purpose of
28 showing that the class member is, in fact, a skilled tradesman.

*States v. Rizk*, 660 F.3d 1125, 1130 (9th Cir. 2011).  The availability requirement
ensures that the opposing party has "an opportunity to verify the reliability and
accuracy of the summary prior to trial." *Paddack v. Dave Christensen, Inc.*, 745 F.2d
1254, 1261 (9th Cir. 1984).  In addition to requiring that the underlying documents be
provided to the opposing party, courts also require the propounding party to provide
the *summaries* at a reasonable time prior to submitting them into evidence "because,
without notice of the summaries' contents, adverse parties cannot know what to look
for in the source material to determine if the summaries are accurate." *See United
States v. Dukes*, 242 F. App'x 37, 50 (4th Cir. 2007) (quoting 31 C.A. Wright & V.J.
Gold, *Federal Practice and Procedure* § 8045, at 549 (2000)).

    The summary information in the declaration is also inadmissible based on
Petitioners' failure to establish the reasonable availability of the underlying
information as required by Rule 1006.  Petitioners failed to make the evidence
available in time for proper inspection by Respondents. *See id.* (documents not
"available" prior to notice of what to look for in the records).  Respondents had only
14 days, during which Respondents were busy preparing the cross-motion for
summary judgment, to work with Petitioners' modified numbers.  The fact that this is
an insufficient amount of time is demonstrated by the 10 days Petitioners required to
provide the requested lists of their data, even after they claimed to have already
completed their analysis.  Petitioners have yet to provide Respondents with corrected
numbers for summary information related to paragraphs 28-35.  Therefore,
Respondents have had no opportunity to verify the accuracy of that data.  Petitioners'
refusal to allow Respondents an opportunity to depose Tan (or cross examine him at
trial) exacerbates the prejudice to the Respondents in this regard because Respondents
are unable to use cross-examination to test theories of inaccuracies.[2] *See Frank Music*

---

[2] Contrary to Petitioners' assertion, the attorney work product privilege does not
prevent such testimony. *See Montana Land and Mineral Owners Association, Inc. v.
Devon Energy Corp.*, No. CV 05-30-H-DWM, 2006 WL 1876859, *3-5 (D. Mont.

*(Footnote continued)*

1   *Corp. v. Metro–Goldwyn–Mayer, Inc.,* 772 F.2d 505, 515 n. 9 (9th Cir. 1985)

2   (summary not inadmissible under Rule 1006, even though "self-calculated" and

3   "unverified," because inaccuracies could be brought out on cross-examination); *see*

4   *also Hughes v. United States,* 953 F.2d 531, 543 (9th Cir. 1992) (summary judgment

5   declaration inadmissible where declarant could not testify to the contents at trial).

6   _____ Sustained

7   _____ Overruled

8

9   **OBJECTIONS TO THE DECLARATION OF AHILAN ARULANANTHAM**

10  **Objection No. 19:**

11      **Objectionable Testimony:**

12      The Arulanantham declaration in its entirety.

13      **Respondents' Objection:**

14      Counsel's editorialized summary of select portions of approximately 35

15  administrative files culled from the 1026 files produced by Respondents is not

16  admissible as summary evidence under Federal Rule of Evidence 1006.  *See* Fed. R.

17  Evid. 1006.  Under this rule, courts have rejected narrative summary evidence

18  propounded by trial counsel that "restates and distills" exhibits to the declaration "into

19  a summary that demonstrates [counsel's] particular view of the evidence." *United*

20  *States v. Grajales-Montoya,* 117 F.3d 356, 361 (8th Cir. 1997); *Anderson v. Otis*

21  *Elevator Company*, Case No. 11-10200, 2012 WL 5493383 *5 (E.D. Mich. Nov. 13,

22  2012).  "[S]uch a summary is a written argument," *Grajales-Montoya,* 117 F.3d at

23  361, and, in this case, a blatant end-run around the page limit stipulation governing the

24  motion and cross-motion for summary judgment in this case.  *See* ECF No. 278.  The

25  court should strike the declaration on that basis alone.  *See* L.R. 83-7 (sanctions for

26  violations or local rules).

27  _____

28  June 2, 2006) (use of summary evidence waives attorney-work product protection on
    topics related to preparation of the summaries.

21

1    Rule 1006 summary evidence is limited to "concrete, mathematical, [and]

2  objective information." *United States v. Stone*, 852 F. Supp 820, 828 (E.D. Mich.

3  2012). The reason for this principle is that, when a summary is admitted pursuant to

4  Rule 1006, the summary becomes substantive evidence. *Id.* As a result, it is

5  especially important that the summary be "straightforward" and "accurate." *See*

6  *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 553 (8th Cir. 1998) (Rule 1006 permits

7  "straightforward and accurate" summaries and rejects "argumentative or conclusory"

8  summaries). To satisfy the accuracy requirement, the summary cannot be

9  argumentative or "embellished by or annotated with the conclusions of or inferences

10  drawn by the proponent of the summary evidence." *United States v. Bray*, 139 F.3d

11  1104, 1110 (6th Cir. 1998).

12    The Arulanantham declaration is not a "straightforward" summary of

13  "objective" information. *See HBE Corp.*, 135 F.3d at 553; *Stone*, 852 F. Supp. 2d at

14  828. It is replete with characterizations and commentary that reflects the "inherent

15  assumptions of the person who composed it." *Bray*, 139 F.3d at 1110. The

16  declaration contains characterizations of the evidence. *See, e.g.*, Arulanantham Dec. ¶

17  29 (woman who underwent knee and back surgery "was very sick" and class member

18  who took her to appointments supported "her both economically and emotionally"). It

19  also contains evidentiary extrapolations. *See, e.g.*, Arulanantham Dec. ¶ 36 ("[B]ased

20  on tax and earnings statements in the file, he appears to have been the primary

21  breadwinner for the household."). It presents facts in an argumentative manner. *See,*

22  *e.g.*, Arulanantham Dec. ¶ 44 ("Thus, while [the class member] was specifically

23  allowed to travel to and from work to provide for his family—including his wife and

24  infant daughter, Leslie—during his criminal proceedings, he was prohibited from

25  working during the entire pendency of his removal proceedings."). Ultimately, the

26  declaration lacks the sterility required for admission under Rule 1006. *See Stone*, 852

27  F. Supp. 2d at 828; *Sims v. Lakeside School*, C06-1412RSM2008, WL 189674, *7

28  (W.D.Wash. Jan. 17, 2008) ("These statements are not the type of objective summary

1   of the evidence which is contemplated by FRE 1006. Rather, the summary is

2   argumentative in nature and should normally appear in the body of a brief.")

3          Additionally, the declaration is objectionable based on its selectivity in the

4   evidence it purports to summarize. *See Anderson*, 2012 WL 5493383 at *5.

5   Arulanantham does not offer a complete summary of the files he discussed, but

6   instead focuses on information from the files he deems relevant to Petitioners' view of

7   the evidence. *See, e.g.*, Arulanantham Dec. ¶ 43 (asserting a particular class member

8   was detained despite the fact that he "was eligible to re-adjust his status to lawful

9   permanent resident because of his marriage to his U.S. citizen wife," while omitting

10  the fact that the class member married a citizen several months *after* he was taken into

11  immigration custody); Arulanantham Dec. ¶ 53(omitting that the referenced

12  "disciplinary infraction" was for possession of a homemade shank).  Even

13  Arulanantham's decision regarding which files to summarize among the more than

14  one thousand files is an editorial decision that is itself argumentative in nature and not

15  tied to any objective analysis of the universe of administrative files. *See Anderson*,

16  2012 WL 5493383 at *5.

17         The declaration is also inadmissible based on Petitioner's failure to meet the

18  proponents' burden of establishing the requirements for admissibility set forth in Rule

19  1006.  A proponent of summary evidence must establish that the underlying materials

20  upon which the summary is based are (1) voluminous, (2) admissible in evidence, and

21  (3) were made available to the opposing party for inspection. *Amarel v. Connell*, 102

22  F.3d 1494, 1516 (9th Cir. 1996).

23         First, Arulanantham fails to establish that the materials he purports to

24  summarize are "voluminous" within the meaning of Rule 1006.  Rule 1006 permits

25  the admission of summaries of voluminous records or documents where the summary

26  "offers the only practical means of making their contents available to the judge and

27  jury." *See* Advisory Committee Notes to Rule 1006.  The more than one thousand

28  pages of exhibits Petitioners' submitted in support of their motion demonstrate that

the underlying materials could, practically, be included as exhibits, with

Arulanantham's summary incorporated into the brief. Further, even if the information

presented by Arlanantham as a whole is voluminous, that certainly cannot be said

about many of individual summaries that purport to distill one or two documents into

narrative form. *See, e.g.,* Arulanantham Dec. ¶¶ 91-99 (summarizing individual

parole determination worksheets). Therefore, at the very least, the paragraphs

summarizing individual documents should be stricken from the declaration. *See*

*Anderson,* 2012 WL 5493383 at *5 (Exhibit was "not just summarizing one piece of

particularly voluminous evidence, but rather attempting to compile various pieces of

evidence, some of which are not voluminous at all.").

Secondly, Petitioners fail to lay a proper foundation as to the admissibility of

the material that is summarized and show that the summary is accurate. *United States*

*v. Menendez,* 2013 WL 828926 at *3. Specifically, the summary evidence is

admissible only for purposes for which the underlying evidence is admissible. C.A.

Wright & V.J. Gold, 31 Fed. Practice and Procedure § 8043, at 527 (2000) ("Rule

1006 evidence may also be excluded where the source materials are inadmissible

hearsay or even where just some parts of those materials are inadmissible hearsay.").

The proponent bears the burden of establishing admissibility of the underlying

evidence. Here, the summary relies on hearsay not within any exception. *See, e.g.,*

Arulanantham Dec. ¶ 27, 29 (relying on unsworn letter to prove the assertions in the

letter). Therefore, Petitioners have not established the underlying admissibility of the

evidence relied upon in the summaries.[3]

Even more problematically, the declaration offers testimony contradicted by the

exhibits Arulanantham purports to summarize. As just one example, in paragraphs 78

---

[3] As discussed more fully in footnote 1, Petitioners' reliance on counsel's stipulation
to administrative files as business records does not allow admission of evidence that
constitutes double hearsay not within any exception. *See supra* note 1; Fed. R. Evid.
805.

through 82, the declaration asserts that a class member was deprived of due process because he did not receive a periodic parole determination, despite having reliable sponsorship information.  In reviewing the A-File materials provided, however, it is evident that while ICE concluded that there was credible evidence of identity, there was no sponsor willing to provide the alien with a place of temporary residence. Contrary to the declaration, the examining officer reached one potential sponsor identified by the alien by telephone, but that individual affirmatively declined to sponsor the alien.  Arulanantham Dec. ¶ 82 (Exhibit 69).  The worksheet also indicates that the examining officer attempted to contact two other potential sponsors by telephone, again listing their telephone numbers, but states that neither potential sponsor could be reached at the numbers provided.  *Id.*  Arulanantham states that ICE did not act on an affidavit of sponsorship submitted by the alien's attorney two months later, but the declaration fails to note that the alien's attorney did not submit that information *to ICE*, but rather to the immigration court as part of the alien's asylum application.  *See* Arulanantham ¶ 83 (Exhibit 70).  The declaration fails to explain why this information was not submitted to ICE by the alien's representative, nor is there any indication that the alien or his attorney availed themselves of the opportunity to make a second parole determination request – which any alien may request, and which is often made where, as here, the alien has updated information to provide, such as an affidavit of sponsorship, *see* Lee Dep. 47:11-47:21 (Exhibit A to Atkinson Dec.).

Respondents further object that counsel's summaries are not admissible under Rules 401-403 due to their limited value and substantially prejudicial presentation. *See Palmer v. Marion County*, 327 F.3d 588, 596-97 (7th Cir. 2003) ("showing of isolated incidents does not create a genuine issue as to whether defendants have a general policy or a widespread practice of an unconstitutional nature").  As a sworn statement by counsel, the summaries are substantially prejudicial because the promote information best left for the brief as having evidentiary status. *See* Fed. R. Evid. 403.

25

1    Finally, Respondents object on the basis that the information contained in the

2 declaration was not adequately disclosed in response to interrogatories seeking a list

3 of illustrative cases upon which Petitioners plan to rely. Although Petitioners sent a

4 letter to counsel disclosing *some* of the illustrative examples upon which it planned to

5 rely, it failed to do so (1) in a sworn supplemental interrogatory response, and (2)

6 prior to the close of discovery. *See* Wilson Dec. (Exhibit C). Accordingly, Petitioners

7 should be prevented from using any information from any of the files not disclosed in

8 response to Respondents' interrogatories.

9

10

11    Dated: March 15, 2013                    Respectfully submitted,

12                                             STUART F. DELERY
                                               Principal Deputy Assistant Attorney General
13                                             Civil Division
                                               DAVID J. KLINE
14                                             Director, Office of Immigration Litigation
                                               District Court Section
15                                             THEODORE W. ATKINSON
                                               United States Department of Justice
16
                                               /s/ Sarah S. Wilson
17                                             SARAH S. WILSON
                                               Trial Attorney
18                                             Office of Immigration Litigation,
                                               P.O. Box 868, Ben Franklin Station
19                                             Washington, DC 20044
                                               Phone: (202) 532-4700
20                                             Sarah.s.wilson@usdoj.gov

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

3      I certify that on March 15, 2013, I served a copy of the foregoing through the
Court's CM/ECF system on the following counsel of record:

4

5   Ahilan T. Arulanantham                Judy Rabinovitz
    ACLU Foundation of Southern           ACLU Immigrants' Rights Project
6   California                            125 Broad Street 18th Floor
    1616 Beverly Boulevard                New York, NY 10004
7   Los Angeles, CA 90026                 212-549-2618
    213-977-5211                          Fax: 212-549-2654
8   Fax: 213-977-5297                     Email: jrabinovitz@aclu.org
    Email: aarulanantham@aclu-sc.org
9                                         Cody Jacobs
    Jayashri Srikantiah                   Sidley Austin LLP
10  Stanford Law School                   555 West Fifth Street Suite 4000
    Immigrants' Rights Clinic,            Los Angeles, CA 90013-1010
11  Crown Quadrangle                      213-896-6000
    559 Nathan Abbott Way                 Fax: 213-896-6600
12  Stanford, CA 94305-8610               Email: cjacobs@sidley.com
    650-724-2442
13  Fax: 650-723-4426
    Email: jsrikantiah@law.stanford.edu

14  Sean Commons
    Sidley Austin
15  555 West Fifth Street Suite 4000
    Los Angeles, CA 90013-1010
16  213-816-6000
    Fax: 213-896-6600
17  Email: scommons@sidley.com

18

19

20                                        /s/  Sarah S. Wilson
                                          Sarah S. Wilson
21                                        Trial Attorney
                                          United States Department of Justice
22

23

24

25

26

27

28