AHILAN T. ARULANANTHAM (SBN 237841)
aarulanantham@aclu-sc.org
MICHAEL KAUFMAN (SBN 254575)
mkaufman@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5211
Facsimile: (213) 977-5297

*Attorneys for Petitioners*
(Additional Counsel listed on following page)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, for themselves and on behalf of a class of similarly-situated individuals,<br><br>Petitioners,<br><br>v.<br><br>ERIC HOLDER, United States Attorney General; JANET NAPOLITANO, Secretary, Homeland Security; THOMAS G. SNOW, Acting Director, Executive Office for Immigration Review; TIMOTHY ROBBINS, Field Office Director, Los Angeles District Immigration and Customs Enforcement; WESLEY LEE, Officer-in-Charge, Mira Loma Detention Center; et al.; RODNEY PENNER, Captain, Mira Loma Detention Center; SANDRA HUTCHENS, Sheriff of Orange County; OFFICER NGUYEN, Officer-in-Charge, Theo Lacy Facility; CAPTAIN DAVIS NIGHSWONGER, Commander, Theo Lacy Facility; CAPTAIN MIKE KREUGER, Operations Manager, James A. Musick Facility; ARTHUR EDWARDS, Officer-in-Charge, Santa Ana City Jail; RUSSELL DAVIS, Jail Administrator, Santa Ana City Jail,<br><br>Respondents. | Case No. CV-07-3239-TJH (RNBx)<br><br>**PETITIONERS' REPLY IN SUPPORT OF NOTICE OF RELATED CASE UNDER LOCAL RULE 83-1.3.1**<br><br>Honorable Terry J. Hatter |

JUDY RABINOVITZ
JRabinovitz@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0779
Facsimile: (415) 395-0950

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.stanford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
CODY JACOBS (SBN 272276)
cjacobs@sidley.com
JONATHAN FEINGOLD (SBN 286302)
jfeingold@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Petitioners

Petitioners submit this reply in support of the Notice of Related Case re: *Galvan-Avila v. Department of Homeland Security*, No. 12-10520-CJC (CW) (C.D. Cal.). See Dkt. 296. Respondents' opposition attempts to create a new limitation on this Court's class certification order that is contrary to the plain language of the order and to the parties' positions on class certification. The Court should reject Respondents' attempt to re-litigate class certification at this late stage in the case, find Mr. Galvan-Avila is a class member, and order that his case is related to this action.

In their Opposition, Respondents admit that Mr. Galvan-Avila (1) has been detained for more than six months in immigration detention in the Central District of California; (2) is detained under 8 U.S.C. 1226(c); and (3) seeks, through his habeas petition, to remedy his prolonged detention without a bond hearing. See Dkt. 302 at 2-3. In light of these undisputed facts, Mr. Galvan-Avila plainly is a class member in this action. See Dkt. 77 (class certification order) ("the Class shall consist of all non-citizens within the Central District of California who . . . are . . . detained for longer than six months pursuant to one of the general immigration detention statutes pending completion of removal proceedings, including judicial review" and "have not been afforded a hearing to determine whether their detention is justified"); Dkt 111 at 3-4 (Third Amended Complaint) (defining "general immigration detention statutes" as including 8 U.S.C. §1226(c)). See also *Rodriguez v. Hayes*, 591 F.3d 1105, 1111 (9th Cir. 2010) (recognizing that this case involves "a class of aliens detained in the Central District of California for more than six months without a bond hearing while engaged in *immigration proceedings*" ) (emphasis added); *id*. at 1113 (listing covered statutes, including Section 1226(c)).

Respondents contend that Mr. Galvan-Avila is not a *Rodriguez* class member based on a gross misreading of this Court's certification order and Petitioners' complaint. Respondents claim that the term "removal proceedings" as used *by Petitioners* in the class definition and complaint and by *the Court* in its order is actually a narrowly defined term of art that limits the class to people detained for only

1

1  those proceedings which are "initiated upon the filing of a Notice to Appear," *see* Dkt
2  302 at 4, even though no such limiting language appears in the order or in Petitioners'
3  complaint. Respondents' hyper-technical and unduly limited reading should be
4  rejected for several reasons.

5      *First*, the complaint makes clear that, through this action, Petitioners sought
6  broadly to represent all immigration detainees with pending immigration cases who
7  are detained without access to a bond hearing, subject to certain carefully limited and
8  explicitly-defined exceptions. *See* Dkt. 111 at ¶¶105-08 (stating that class includes
9  "all" people detained more than six months in immigration detention, subject to three
10 defined exceptions).[1] As Petitioners explained in their motion for class and sub-class
11 certification, this action challenges the government's practice of detaining immigrants
12 for prolonged periods without a bond hearing while they litigate their immigration
13 cases; nothing in that description remotely suggests an artificial limitation to some
14 particular form or procedural posture the cases take. *See* Dkt. 101 at 1-2 (class
15 includes people detained "while they litigate their removal cases" and covers four
16 different detention statutes under which an immigrant may be detained during
17 administrative and judicial review).

18     *Second*, in their statement of non-opposition to Petitioners' motion for class and
19 sub-class certification, Respondents offered no objection to the proposed class
20 definition, which they recognized "includes individuals who were present in a [ICE]
21 detention facility in the Central District . . . provided they had been detained by ICE
22 for more than six months at that time and remain detained *with a pending case*,"
23 subject to the three exceptions explicitly set forth in the complaint. Dkt. 122 at 2
24 (emphasis added).

---

[1] The explicitly stated exceptions are: (1) people "detained pursuant to the one of the national security detention statutes at 8 U.S.C. 1226a and 8 U.S.C. 1531-37"; (2) people who have "a final order of removal and no stay of that removal order, such that the government has legal authority to remove them"; and (3) "juveniles who are held under the care of the Office of Refugee Resettlement." Dkt. 111 at ¶¶105-08.

2

At no point in this action have Petitioners, this Court, or the Ninth Circuit ever suggested that the term "removal proceedings" is limited to only one kind of administrative removal proceeding – that is, removal proceedings "initiated upon the filing of a Notice to Appear." To the contrary, Petitioners specifically defined three exceptions to the broad class definition with the clear intention that all other people with pending immigration cases would be covered. Respondents had ample opportunity to raise any objections to the class definition during the parties' briefing on class certification, but did not. Their untimely unilateral narrowing of the class– in the midst of summary judgment briefing, more than two years after the class was certified – should be rejected.

*Third*, Respondents' position cannot be reconciled with the plain language of the certification order and Petitioners' complaint when the disputed language is read in its whole context. The certified class indisputably includes at least two groups of people who are "not currently in removal proceedings initiated upon the filing of a Notice to Appear," Dkt. 302 at 3-4, in the narrow sense that the government now seeks to define those words. First, the class is defined to include people detained pending "removal proceedings, *including judicial review*." *See* Dkt. 77 (emphasis added). But people detained pending judicial review are not "in removal proceedings initiated upon the filing of a Notice to Appear," under the government's new definition, because review conducted by the federal courts is separate and apart from administrative removal proceedings, and occurs only *after* administrative removal proceedings have come to a final conclusion. *See Lolong v. Gonzales*, 484 F.3d 1173, 1176 (9th Cir. 2007) (en banc) ("[O]ur jurisdiction is limited to review of final orders of removal."). Second, the class explicitly includes people detained under Section 1231(a), which authorizes the detention of people who have administratively final removal orders and remain detained pending litigation of their motions to reopen. *See generally Diouf v. Napolitano*, 634 F.3d 1081 (9th Cir. 2011) (*Diouf II*) (concerning a detainee held pending review of a motion to reopen). The government has repeatedly

acknowledged in this litigation – including in its recent summary judgment brief – that such individuals are part of the class to the extent they seek relief greater than that provided under existing law. *See* Dkt. 299 at 30 n.9. Yet such individuals also are not "in removal proceedings initiated upon the filing of a Notice to Appear" as the government now wants to define those words, because their removal proceedings are over, and they are detained because they seek to reopen them. The use of the words "removal proceedings, including judicial review" and the explicit inclusion of individuals detained under Section 1231(a) both demonstrate that the term "removal proceedings" as it appears in the complaint, class certification motion, order granting class certification, and Ninth Circuit's decision is intended to broadly encompass the various stages of administrative and judicial review, rather than to be a technical term of art limited to proceedings "initiated upon the filing of a Notice to Appear." Respondents cannot explain how the term "removal proceedings" in the class definition can be read as narrowly limited to one type of administrative removal proceeding in light of the context in which it is used in the class definition.

*Fourth*, from a substantive standpoint, there is no meaningful basis to distinguish between noncitizens in withholding-only proceedings like Mr. Galvan-Avila, and other individuals who are indisputably considered part of class for purposes of their right to bond hearings. Mr. Galvan-Avila has a prior order of removal, which was reinstated following his apprehension by immigration officials. *See* Dkt. 302 at 2-3. After an asylum officer determined that he had "reasonable fear" of persecution or torture if returned to Mexico, he was referred to the immigration court for consideration of his claims for withholding of removal and protection under the Convention Against Torture ("CAT"). *Id.* In his proceeding, Mr. Galvan-Avila is limited to seeking withholding or CAT relief, but otherwise has all the rights of a person in removal proceedings "initiated upon the filing of a Notice to Appear" with respect to those claims: he has the right to the assistance of counsel at no expense to the government; he has the right to a hearing before the immigration judge on his

claims at which he can present evidence and examine witnesses; and he has the right to seek administrative and judicial review in the event of an unfavorable decision. *See* 8 CFR § 208.31; 8 CFR § 208.16 (describing process for reinstatement of removal and withholding-only proceedings).[2]

Like other class members, people in withholding-only proceedings can be incarcerated for a prolonged period of time without access to a bond hearing while their cases are processed through administrative and judicial review. For example, Mr. Galvan-Avila has been detained for well over a year but has yet to receive a merits hearing on his claims for relief before the immigration court. *See* Dkt. 296-1 at 3 (habeas petition) (first detained in January, 2012); Dkt 302 at 2 (merits hearings scheduled for April 18, 2013). Many individuals in withholding-only proceedings, including Mr. Galvan-Avila, have resided in the United States for some period prior to their apprehension by immigration authorities, have family members in the United States and have other strong community ties. *See id*. at 4, 7 (petitioner has resided in United States since elementary school, has steady work history, his entire family are United States citizens or lawful permanent residents, and is the "bread winner" for his wife and three children). Because individuals can be subject to reinstatement based on any prior removal order (including when they had not committed a criminal offense that resulted in their removal), many may have no, or very minor, criminal histories. Nonetheless, the government continues to detain people in withholding-only proceedings without the opportunity to ask an immigration judge for release on bond while their cases remain pending, even though they may not present a danger or flight risk.

---

[2] In this respect, class members in withholding-only proceedings are functionally in the same position as asylum seekers stopped at a port of entry, who comprise the vast majority of the Section 1225(b) Subclass. In such asylum cases, the noncitizen is referred to the immigration court for a hearing on his or her asylum claim, if he or she demonstrates a "credible fear" of persecution – a process very similar to the "reasonable fear" process employed in withholding-only cases. *See* 8 CFR § 208.30.

5

1    As such, people in withholding-only proceeding are similarly situated to other
2    class members and there is no basis to exclude them from the class.  Were the Court to
3    conclude otherwise, people like Mr. Galvan-Avila would be forced to continue to file
4    individual habeas petitions to obtain the relief from their unlawful detention.  The
5    Ninth Circuit found class certification warranted in this case precisely to avoid this
6    harm: to "facilitate development of a uniform framework for analyzing detainee
7    claims to a bond hearing" that would "render management of these claims more
8    efficient for the courts" and "benefit many of the putative class members by obviating
9    the severe practical concerns that would likely attend them were they forced to
10   proceed alone." *Rodriguez*, 591 F.3d at 1123.

11   For the foregoing reasons, the Court should find that Mr. Galvan-Avila is a
12   class member and order the cases related.  At a minimum, the actions call for
13   determination of the same or substantially related or similar questions of law and fact,
14   and would entail substantial duplication of labor if heard by different judges.  *See*
15   Local Rule 83-1.3.1.

Respectfully submitted,

ACLU OF SOUTHERN CALIFORNIA

Dated: March 21, 2013

  s/ Michael Kaufman
MICHAEL KAUFMAN
Counsel for Petitioners