STUART F. DELERY
Acting Assistant Attorney General
Civil Division
DAVID J. KLINE
Director, Office of Immigration Litigation
District Court Section
THEODORE W. ATKINSON
United States Department of Justice
Office of Immigration Litigation
    P.O. Box 868, Ben Franklin Station
    Washington, DC 20044
    Phone: (202) 532-4135
    theodore.atkinson@usdoj.gov
SARAH S. WILSON
Trial Attorney

Attorneys for Respondents

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*,<br><br>    Petitioners,<br><br>vs.<br><br>TIMOTHY S. ROBBINS, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director, et al.*,<br><br>    Respondents. | Case No. CV 07-3239-TJH (RNBx)<br><br>**RESPONDENTS' OBJECTION TO THE APRIL 4, 2013 DECLARATION OF SUSAN LONG**<br><br>Hon. Terry J. Hatter, Jr.<br><br>Hearing Date: May 6, 2013<br>Hearing Time: UNDER SUBMISSION |

Respondents submit the following objection to the April 4, 2013 Declaration of Susan Long.

**Objectionable Testimony:**

The April 4, 2013 Declaration of Susan B. Long in its entirety.

**Respondents' Objection:**

Long's latest declaration is comprised of a series of opinions that were not properly disclosed in compliance with Federal Rule of Civil Procedure 26(a)(2). Rule 26(a)(2) requires the "complete" disclosure of all expert opinions prior to the close of expert discovery and in accordance with the Court's scheduling orders. Rule 37(c)(1) establishes an "automatic" and "self-executing" sanction for failure to comply with Rule 26(a). Fed. R. Civ. P. 37 advisory committee's note (1993). It provides that a party may not use undisclosed expert testimony to supply evidence on a motion unless the failure was "substantially justified" or is "harmless." Fed. R. Civ. P. 37(c)(1). The party facing the sanction carries the burden of demonstrating that the failure to comply with rules concerning expert testimony is substantially justified or harmless. *Torres v. City of Los Angeles,* 548 F.3d 1197, 1213 (9th Cir. 2008).

Long's declaration is both untimely and an improper attempt to supplement her expert report under Rule 26(a)(2)(E). *See Citizens Legal Enforcement and Restoration v. Connor*, 762 F. Supp. 2d 1214, 1220 (S.D. Cal. 2011) (striking expert declaration submitted with summary judgment briefing as improper supplementation of the witness's expert report). First, Long's declaration comes more than four months after the deadline for submitting expert reports, more than three months after the close of expert discovery, and only weeks before the final summary judgment submission is due to the Court. *See* ECF No. 278. Additionally, the declaration offers testimony intended to further rebut Respondents' expert reports and bolster Long's report, neither of which are permissible reasons for supplemental disclosures under Rule 26(a)(2)(E). *See Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1063 (C.D. Cal. 2010) (expert declarations that contain new information or opinions do not

1

merely supplement the original expert report).  For both reasons, Long's declaration should be excluded under Rule 37(c)(1).

Long justifies her new declaration by asserting "Mr. McDowell's declaration contains new information about the EOIR database and EOIR data entry practices that had not been previously disclosed by Mr. McDowell and Respondents in this matter." Long Decl. at ¶ 4. The "new information" is not a substantial justification for Long's untimely disclosure.  Long claims that the McDowell's declaration "clarifies" that the dates in the Schedule Table refer to the date on which a hearing is scheduled and that hearings are not necessarily scheduled chronologically.[1]  Long Decl. at ¶ 5.  First, Mr. McDowell has repeatedly indicated that (1) the Schedule Table contains the dates of scheduled hearings, and (2) hearings may be rescheduled as a result of continuances (or "adjournments," as they are referred in the CASE database) and, therefore, may not go forward on the scheduled date. *See* ECF 299-1 at Exhibit A ¶ 4(1) ("The Schedule Table identifies the dates of hearings[.] … The Schedule Table identifies whether a hearing was concluded *or rescheduled*." (emphasis added)); ¶ 4(a), (e), (f), (h) (discussing adjournment codes "Unplanned Leave," "Rescheduled for Priority Case," and "Completion Prior to Hearing" which indicate that the scheduled hearing did not occur).  Second, Mr. McDowell's clarifications do not substantially justify Long's untimely expert disclosure because proper investigation would have revealed this information. *See Wong v. Regents of University of California*, 410 F.3d 1052, 1061-62 (9th Cir. 2005) (striking undisclosed expert testimony where the new information could have been discovered if the opposing party had "taken [a] deposition or propounded interrogatories to ascertain [the opposing expert's] opinions, including the opinions subsequently relied upon . . . in its summary judgment

---

[1] It is unclear why Dr. Long required either clarification – especially that the *Schedule Table* contains the dates of *scheduled* hearings – given her "extensive experience and knowledge of the databases maintained by EOIR." Long Decl. at ¶ 3.

2

motion."). Therefore, there is not substantial justification for Long's new, undisclosed opinions related to this information. *See* Long Decl. at ¶¶ 4-10.

Respondents are prejudiced by the untimely disclosure. Long's new opinions come nearly a month *after* Respondents submitted their cross-motion for summary judgment and only days before the reply deadline. The prejudice is exacerbated by Petitioners' heavy reliance on Long's declaration in the opposition brief and to create material factual disputes in response to Respondents' statements of materials facts. As a result of the late disclosure, Respondents must address Long's new opinions in a page-limited reply brief, with small amount of response time, and without the benefit of a deposition to understand and test her opinions. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001). Accordingly, Long's declaration should be excluded under Rule 37(c)(1).

\_\_\_\_ Sustained

\_\_\_\_ Overruled

Dated: April 26, 2013						Respectfully submitted,

								STUART F. DELERY
								Acting Assistant Attorney General
								Civil Division
								DAVID J. KLINE
								Director
								THEODORE W. ATKINSON
								United States Department of Justice
								Office of Immigration Litigation
								District Court Section

								/s/ Sarah S. Wilson
								SARAH S. WILSON
								Trial Attorney
								P.O. Box 868, Ben Franklin Station
								Washington, DC 20044
								Phone: (202) 532-4700
								sarah.s.wilson@usdoj.gov

# CERTIFICATE OF SERVICE

I certify that on April 26, 2013, I served a copy of the foregoing through the Court's CM/ECF system on the following counsel of record:

Ahilan T. Arulanantham
ACLU Foundation of Southern California
1616 Beverly Boulevard
Los Angeles, CA 90026
213-977-5211
Fax: 213-977-5297
Email: aarulanantham@aclu-sc.org

Jayashri Srikantiah
Stanford Law School
Immigrants' Rights Clinic,
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
650-724-2442
Fax: 650-723-4426
Email: jsrikantiah@law.stanford.edu

Sean Commons
Sidley Austin
555 West Fifth Street Suite 4000
Los Angeles, CA 90013-1010
213-816-6000
Fax: 213-896-6600
Email: scommons@sidley.com

Judy Rabinovitz
ACLU Immigrants' Rights Project
125 Broad Street 18th Floor
New York, NY 10004
212-549-2618
Fax: 212-549-2654
Email: jrabinovitz@aclu.org

Cody Jacobs
Sidley Austin LLP
555 West Fifth Street Suite 4000
Los Angeles, CA 90013-1010
213-896-6000
Fax: 213-896-6600
Email: cjacobs@sidley.com

*/s/ Sarah S. Wilson*
Sarah S. Wilson
Trial Attorney
United States Department of Justice