STUART F. DELERY
Acting Assistant Attorney General,
Civil Division
DAVID J. KLINE
Director
THEODORE W. ATKINSON
United States Department of Justice
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC  20044
Tel:  (202) 532-4135
E-mail: theodore.atkinson@usdoj.gov
SARAH S. WILSON
Trial Attorney

Attorneys for Respondents

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*,<br><br>　　　　Petitioners,<br><br>　　vs.<br><br>TIMOTHY S. ROBBINS, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director, et al*<br><br>　　　　Respondents. | Case No. CV 07-3239-TJH (RNBx)<br><br><br>**DECLARATION OF SARAH S. WILSON** |

　　　　I, Sarah S. Wilson, declare:

1.　　　I am a trial attorney with the United States Department of Justice and counsel for Respondents in this action.  I offer this declaration in support of Respondents' Response to Petitioners' Evidentiary Objections.  I offer this declaration in part to identify and authenticate documents attached as exhibits to this declaration, all of which were sent or received by my office as part of this litigation.  I make this

declaration based on my own personal knowledge and if called to testify I would testify as follows:

2.      Attached as **Exhibit A** to this declaration are true and correct copies of select pages from the deposition of Benjamin McDowell in this action.  On December 19, 2011, my co-counsel Victor Lawrence defended the deposition.  I subsequently receivieved a certified transcript of the deposition.

3.      Attached as **Exhibit B** to this declaration is a true and correct copy of Respodents' Answers to Plaintiffs' First Set of Requests for Production to Respondents Deament of Justice (No. 3, 4, 18) dated May 27, 2011.

4.      Attached as **Exhibit C** to this declaration is a true and correct copies of correspondence received from Petitioners' counsel dated February 14, 2011.

5.      Attached as **Exhibit D** to this declaration is a true and correct copy of correspondence from co-counsel Theordore Atkinson to Petitioners' counsel dated March 17, 2011.

6.      In December 2012, shortly after the close of expert discovery on December 21, 2012, Respondents communicated with Petitioners' counsel about making Mr. McDowell available for a second deposition to address issues raised regarding the CASE database during the two depositions of Respondents' expert, Dr. Chester I. Palmer.

7.      Respondents informed Petitioners of their intention to file a supplemental declaration by Mr. McDowell in support of Respondents' cross motion for summary judgment.  The anticipated purpose of the declaration was to have Mr. McDowell address questions about the database directed to Dr. Palmer.  In January 2013, on a telephone call between counsel, Petitioners declined Respondents' offer to make Mr. McDowell available for a second deposition.

8.      Attached as **Exhibit E** are true and correct copies of e-mail correspondence between counsel dated December 26, 2012.

1

2           I declare under penalty of perjury that the foregoing is true and correct.

3

4    Dated:          April 26, 2013          */s/ Sarah S. Wilson*
                                             SARAH S. WILSON
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

to

Declaration of Sarah S. Wilson

*Rodriguez v. Robbins, et al.*, No. 07-cv-3239-TJH (C.D. Cal.)

Confidential



Page 1

1                  UNITED STATES DISTRICT COURT

                CENTRAL DISTRICT OF CALIFORNIA

2                     WESTERN DIVISION

3                                              CERTIFIED
                                                  COPY
4    ALEJANDRO RODRIGUEZ, et al.,   )

                                    )

5                  Petitioners,     )

          vs.                       )        Case No.

6                                   )

     TIMOTHY S. ROBBINS, in his     )  CV 07-3239-TJH

7    capacity as U.S. Immigration   )  (RNBx)

     and Customs Enforcement, Los   )

8    Angeles District Field Office  )

     Director; JANET NAPOLITANO,    )

9    in her capacity as Secretary   )

     of Homeland Security; and      )

10   ERIC H. HOLDER, JR., in his    )

     capacity as Attorney General   )

11   of the United States,          )

                                    )

12                 Respondents.     )

13

14

15               *** CONFIDENTIAL ***

16

17      30(b)(6) DEPOSITION OF BENJAMIN B. McDOWELL

18            Monday, December 19, 2011

19

20

21

22   Reported by:

23   Judith L. Leitz Moran

24   Notary Public

25   Job No.: 44695

Confidential

1                    P R O C E E D I N G S

2                         -    -    -

3                    BENJAMIN B. McDOWELL,

4     being first duly sworn, was examined as follows:

5                         -    -    -

6                         EXAMINATION

7     BY MR. COMMONS:

8        Q.    Good morning, Mr. McDowell.  I'm Sean

9     Commons.  I know we introduced each other

10    before, but I wanted to just introduce myself

11    again on the record.

12              As I'm sure you know by now, we're

13    going to have your deposition today.  It's going

14    to be just a series of questions about a couple

15    of different topics.

16              Before we start, though, I thought I'd

17    ask, have you ever been deposed before?

18       A.    No.

19       Q.    Actually, can you state your full name

20    for the record.

21       A.    Benjamin Bruce McDowell.

22       Q.    Thank you.

23              Well, if you haven't had it, I'll just

24    take a few moments to discuss it.

25              Again, I imagine you've had a little

Confidential

Page 131

 1       A.    On Page 11 of Exhibit 2, strReaction

 2   is -- is, in essence, the same as the column

 3   Action/Decision.

 4       Q.    And is strDescription on Exhibit 19

 5   essentially the same as Action Type on Page 11

 6   of Exhibit 2?

 7       A.    It is.

 8       Q.    I'm going to mark as Exhibit 20, it's

 9   a memorandum, it's 13 pages.

10            (McDowell Exhibit 20 was marked.)

11   BY MR. COMMONS:

12       Q.    This memorandum is dated June 16,

13   2005.  The Subject line is:  Operating Policies

14   and Procedures Memorandum, OPPM 05-07,

15   Definitions and Use of Adjournment Call Up and

16   CASE Identification Codes.

17            Do you have Exhibit 20 in front of

18   you?

19       A.    I do.

20       Q.    Do you recognize this document?

21       A.    Yes.

22       Q.    Is this the current OPPM for

23   Definitions and Use of Adjournment Call Up and

24   CASE Identification Codes?

25       A.    Yes.

Confidential

Page 155

```
 1                CERTIFICATE OF NOTARY PUBLIC
 2           I, JUDITH L. LEITZ MORAN, the officer
 3      before whom the foregoing deposition was taken,
 4      do hereby certify that the witness whose
 5      testimony appears in the foregoing deposition
 6      was duly sworn by me; that the testimony of said
 7      witness was taken by me in stenotypy and
 8      thereafter reduced to typewriting under my
 9      direction; that said deposition is a true record
10      of the testimony given by said witness; that I
11      am neither counsel for, related to, nor employed
12      by and of the parties to the action in which
13      this deposition was taken; and, further, that I
14      am not a relative or employee of any counsel or
15      attorney employed by the parties hereto, nor
16      financially or otherwise interested in the
17      outcome of this action.
18      Dated: 1/3/2011
19
20                    JUDITH L. LEITZ MORAN
                      Notary Public in and for the
21                    District of Columbia
22
23      My commission expires:
24      November 30, 2016
25
```



**U.S. Department of Justice**

Executive Office for Immigration Review

*Office of the Chief Immigration Judge*

Chief Immigration Judge

*5107 Leesburg Pike, Suite 2500*
*Falls Church, Virginia 22041*

June 16, 2005

**MEMORANDUM**

TO:    Deputy Chief Immigration Judges
       All Assistant Chief Immigration Judges
       All Immigration Judges
       All Court Administrators
       All Support Staff

FROM:    Office of the Chief Immigration Judge

SUBJECT:    Operating Policies and Procedures Memorandum (OPPM) 05-07: Definitions and Use of Adjournment, Call-up and Case Identification Codes

**A.    Rescinded OPPM:**

This Operating Policies and Procedures Memorandum (OPPM) rescinds OPPM 03-03, Definitions and Use of Adjournment and Call-up Codes, dated July 8, 2003, and sets forth additions to the Adjournment, Call-up Codes and Case Identifiers used to track the case hearing process.

**B.    Effective Date:**

The revisions and/or additions to the current list of adjournment, call-up and case identification codes listed in this OPPM are effective immediately.

**C.    Background:**

Adjournment, Call-up, and Case Identification Codes are used primarily for case tracking information in the agency's automated system. More specifically, when a case is adjourned or a call-up date given, the reason for that adjournment or call-up must be provided by an Immigration Judge and then entered into the automated system by a support staff member using a two-digit adjournment code, or a two-letter call-up code. These codes have been revised to include changes required by statutory, regulatory and policy changes. Additional codes were also added to allow for better case tracking where case completion goals apply.



EXHIBIT: 20
NAME: McDowell
DATE: 12-19-2011
J. Leitz Moran

1

**D. List of Revised Adjournment Codes with the Definition:**

Please note that there are now adjournment codes that will: 1) Exempt a case from being counted toward the case completion goals, but DO NOT stop the asylum clock (e.g. - Adjournment codes 24, 37, 43, 44, 47, 50 and 53), and 2) Exempt the case from aged case completion goals.

| Code | Reason | Definition |
|------|--------|-----------|
| *01 | Alien to Seek Representation | Adjourned for alien to seek representation. |
| *02 | Preparation - Alien/Attorney/ Representative | Adjourned to allow alien/attorney/ representative time to prepare the case, including: allowing time to file an additional relief application not initially requested; or to take witness testimony outside corrections facility, e.g., at the Immigration Court for a witness in 240A(b) hearing. |
| 03 | Preparation - DHS | Adjourned to allow the DHS time for case preparation or to cover other DHS-requested continuances not included on this list. |
| 04 | DHS or DHS Administrative File - Unavailable for Hearing | Adjourned because DHS does not have the A-File available, or does not appear at the hearing. |
| *05 | Alien to File for Asylum | Adjourned to allow the alien to file an asylum application with the Immigration Court. |
| *06 | Alien to File Other Application | Adjourned to allow the alien to file an application for relief (other than for asylum) with the Immigration Court. |
| +*7A | DHS Application Process - Alien Initiated | Adjourned to allow the adjudication of an application pending with DHS, other than I-130, I-140, I-730, I-751, Cuban Adjustment or Pending Naturalization Application. |

+ These codes exempt a case from being counted toward the Case Completion Goals.
* These codes will stop the Asylum Clock until the next hearing.

2

### D. List of Revised Adjournment Codes with the Definition (continued):

| | | |
|---|---|---|
| +7B | DHS Application Process - DHS Initiated | Adjourned to allow the adjudication of an application pending with DHS, other than I-130, I-140, I-730, I-751, Cuban Adjustment or Pending Naturalization Application. |
| +*7C | DHS Adjudication of I-130 | Adjourned to allow for adjudication of I-130. |
| +*7D | DHS Adjudication of I-140 | Adjourned to allow for adjudication of I-140. |
| +*7E | DHS Adjudication of I-730 | Adjourned to allow for adjudication of I-730. |
| +*7F | DHS Adjudication of I-751 | Adjourned to allow for adjudication of I-751. |
| +*7G | 1966 Cuban Adjustment | Adjourned to allow for adjustment under the Cuban Adjustment Act of 1966. |
| +*7H | Pending Naturalization of Petitioning Relative | Adjourned to allow for naturalization of alien's petitioning relative. |
| 08 | State Department Response Not in ROP | Adjournment used ONLY when the Immigration Judge requests a special case-specific opinion. |
| 09 | Alien in DHS/Corrections Custody Not Presented for Hearing | Adjourned because DHS/Corrections did not bring the detainee/inmate to a scheduled hearing. |
| 10 | Notice Sent/Served Incorrectly | Attorney and/or alien does not appear at the scheduled hearing due to the notice of hearing containing inaccurate information, or, alien/attorney appears but has not received adequate notice of hearing of the proceedings. |
| *11 | Other No-Show by Alien/ Alien's Attorney/ Representative | Adjourned because an alien and/or his or her attorney/ representative does not appear at a scheduled hearing due to any reason except an incorrect notice or DHS oversight. |

+ These codes exempt a case from being counted toward the Case Completion Goals.
\* These codes will stop the Asylum Clock until the next hearing.

3

**D. List of Revised Adjournment Codes with the Definition (continued):**

| | | |
|---|---|---|
| *12 | Other Alien/Alien's Attorney/ Representative Request | Adjourned at the request of an alien/ alien's attorney/representative for reason that is not covered in this OPPM. |
| 13 | Insufficient Time to Complete Hearing | Adjourned because the case could not be completed in the time allotted, including: preparation of IJ's oral decision (This is different from a "reserved decision") and delivery at scheduled hearing; or, IJ wants to hear the testimony of additional witnesses, i.e., arresting officer or some other key witness not present at the hearing or to take and present a deposition. |
| 14 | Other Operational/Security Factors | Adjourned because of "operational" problems not covered in this list; e.g., recorder inoperable; weather, or environmental factors; agendas changed by OCIJ, IJ replaced/ resigned or retired; and/or, security risk to anyone in the court, e.g., in detained or criminal alien cases where DHS/the Corrections officials notify us that they believe the person is a security risk to take out of detention, or in the event of a bomb threat. *For televideo malfunction, see code 46.* |
| 16 | Alien Released From DHS/Corrections Custody | Adjourned from a detained to a non-detained calendar due to the alien being released from custody/ incarceration (except for transfer from IHP custody to DHS custody). |
| 17 | MC to IC - Merits Hearing | Adjourned from a Master Calendar to an Individual Calendar for a merits hearing, usually allowing time to file and process applications for relief before the hearing on the merits. |
| *21 | Supplement Asylum Application | Adjourned to file additional attachments or updates to a previously filed Form I-589. |

+ These codes exempt a case from being counted toward the Case Completion Goals.
* These codes will stop the Asylum Clock until the next hearing.

**D.  List of Revised Adjournment Codes with the Definition (continued):**

| | | |
|---|---|---|
| *22 | Alien or Representative Rejected Earliest Possible Asylum Hearing | Original hearing reset date was rejected and rescheduled to a later date. |
| *23 | Asylum Application Withdrawn/ Reset for Other Issues | Hearing adjourned because the Form I-589 was withdrawn and hearing was reset for other issues. |
| +24 | DHS to Provide Biometrics Check | Adjourned to allow DHS to complete the biometrics checks including required data base and fingerprint checks. |
| 25 | To Allow for Scheduling of Priority Case | Adjourned to allow for space to set a time-sensitive case. |
| *26 | Alien Request for an In-Person Hearing | Telephonic/televideo hearing adjourned due to a request by alien for an in-person hearing. |
| 27 | DHS Request for an In-Person Hearing | Telephonic/televideo adjourned due to a request by DHS for an in-person hearing. |
| 28 | IJ Determined that an In-Person Hearing is Necessary | Adjourned because IJ determined that an in-person hearing is necessary. |
| 29 | To Indicate Concurrent Applications for Relief | Alien/Attorney/Representative has filed an application for any other form of relief **in addition to** suspension of deportation or cancellation of removal.  Typically used during the suspension/cancellation grant cut-off period. |
| *30 | Consolidation with Family Members | Adjourned to allow Immigration Court to consolidate a family under one lead A#. |

+ These codes exempt a case from being counted toward the Case Completion Goals.
* These codes will stop the Asylum Clock until the next hearing.

**D.  List of Revised Adjournment Codes with the Definition (continued):**

| | | |
|---|---|---|
| 31 | RC to SC Merits Hearing | Adjourned from a Reasonable Cause to a Special Circumstances Merits Hearing in a continued detention review case, meaning that a final decision by the IJ or the BIA has determined that DHS met the burden to show reasonable cause to proceed with a merits hearing. |
| 32 | Interpreter Not Ordered | Adjourned because the case requires an interpreter but none was ordered. |
| 33 | Interpreter Ordered, but FTA | Case adjourned because the ordered interpreter ordered but failed to appear. |
| 34 | Unplanned IJ Leave - Sick/Annual | Adjourned because the presiding IJ is on unscheduled sick or annual leave. |
| 35 | Unplanned IJ Leave - Detail/Other Assignment | Adjourned because the presiding IJ is on detail assignment or other administrative assignment. |
| +*36 | Records/Biometrics Check/Overseas Investigation | Adjourned to allow **alien** time to complete the required paperwork for a biometrics check or an overseas investigation. |
| +37 | DHS Investigation | Adjourned to allow DHS time to complete investigations. |
| *38 | Illness of Alien | Adjourned due to severe and legitimate illness of alien. |
| *39 | Illness of Atty/Rep | Adjourned due to severe and legitimate illness of alien attorney/representative. |
| *40 | Illness of Witness | Adjourned due to severe and legitimate illness of a material witness and/or expert. |
| *42 | Alien Requested Forensic Analysis | Adjourned by request of alien for forensic analysis. |
| +43 | DHS Forensic Analysis | Adjourned by request of DHS for forensic analysis. |

+ These codes exempt a case from being counted toward the Case Completion Goals.
* These codes will stop the Asylum Clock until the next hearing.

**D. List of Revised Adjournment Codes with the Definition (continued):**

| | | |
|---|---|---|
| +44 | Cooperating Witness/Law Enforcement | Adjourned because alien is a cooperating witness or law enforcement has an interest in the alien. |
| *45 | Joint Request of Both Parties | Adjourned at the request of alien/attorney/representative and government representative. |
| 46 | Televideo Malfunction | Adjourned due to malfunction of televideo equipment. |
| +47 | New Charge Filed by DHS | Adjourned because of charge newly filed by DHS |
| 48 | Interpreter Appeared but IJ Rejected | Adjourned because contract interpreter appeared but rejected by IJ; e.g., IJ previously disqualified interpreter from all future hearings, but same interpreter shows up for the case or it is determined during the hearing that the interpreter is not interpreting correctly and IJ disqualifies interpreter. |
| 49 | Juvenile Home Study | Adjourned due to required home study before final adjudication. |
| +50 | Quarantine - Detained Cases | Adjourned because alien is quarantined due to outbreak of illness in detention facility. |
| *51 | Contested Charges | Adjourned due to alien contesting charges. |
| *52 | Jurisdiction Rests with the BIA | Adjourned due to alien filing certain appeals or motions causing jurisdiction to shift from the court to the BIA. |
| +53 | DHS Request for Certification of Mental Competency | Adjourned because DHS requested a certification of the alien's mental competency. |
| +*54 | Alien Claim to U.S. Citizenship | Adjourned due to alien claiming to be a U.S. citizen. |

+ These codes exempt a case from being counted toward the Case Completion Goals.
* These codes will stop the Asylum Clock until the next hearing.

**D. List of Revised Adjournment Codes with the Definition (continued):**

| 55 | Hearing Deliberately Advanced | Adjourned because circumstances dictated that the hearing be moved forward; e.g., a non-detained alien is arrested and hearing now has to be placed on the detained docket causing the hearing date to be earlier than previous hearing date. |

| 99 | Data Entry Error | Hearing date entered in error and cannot be corrected. **(CASE users only)** |

**NOTE: The edit table contains inactive codes that are not included in this OPPM.**

**E. Call-up Codes:**

The following list of call-up codes will be used by all Immigration Judges, Court Administrators, and Support Staff. The call-up code is entered into the automated system by a member of the support staff using a two-letter alphabetic code (an adjournment code is a two-digit alpha numerical code).

CODE    DESCRIPTION

AB    Alien/Attorney/Representative to file brief (other than for appeal)

AS    Alien/Attorney/Representative to file an Asylum Application - Form I-589

CA    LPR Alien/Attorney/Representative to file application for Cancellation of Removal - Section 240A(a)

CB    Non-LPR Alien/Attorney/Representative to file application for Cancellation of Removal - Section 240A(b)

DD    Decision of the IJ is delayed due to extenuating circumstances during a continued detention review hearing

IA    Interlocutory appeal filed by DHS to appeal the denial of a motion for protective order

IB    DHS to file document(s) or brief (other than for appeal)

MR    Pending IJ response to motion or request - motion for change of venue; motion for termination; request for continuance, etc.

OT    Alien/Attorney/Representative to file other application/document

**E. Call-up Codes (continued):**

CODE       DESCRIPTION

RC         DHS to Provide Records Checks

RE         Alien/Attorney/Representative to file application for Registry - Section 249

RR         Reserved Decision

SR         Pending State Department Response to Asylum Application

ST         Alien/Attorney/Representative to file application for Adjustment of Status -
           Section 245

SU         Alien/Attorney/Representative to file application for Suspension of Deportation -
           Section 244

WA         Alien/Attorney/Representative to file application for a waiver, e.g. Section 212(i)

**F. Case Identification Codes:**

The following list of case identifiers will be used by all Immigration Judges, Court
Administrators, and Support Staff. The case identifier is entered into the automated system by
a member of the support staff using a one or two-letter alphanumeric code.

CODE       DESCRIPTION

+4M        NTA Not Filed Within 120 Days of EPRD

B          Barahona Cases

CA         Cuban-Nicaraguan

CN         NACARA Remand

DC         Departure Control Case

EM         Electronic Monitoring

F          Female

FS         Forced Sterilization

+ These codes exempt a case from being counted toward the Case Completion Goals.

**F. Case Identification Codes (continued):**

| CODE | DESCRIPTION |
|------|-------------|
| HA | Haitian Refugee Fairness Act |
| +J | Juvenile Case |
| J1 | Juvenile Turned 18 While Case Pending |
| NA | NACARA |
| ND | NACARA Dependents |
| PO | Protective Order |
| RD | Reserved Suspension/Cancellation Decision |
| +RI | BIA Remand of IHP Case Originally Completed Prior to EPRD |
| RN | Cancellation of Removal |
| RP | Administrative Closure of Repapered Cases |
| SC | NACARA Section 203 |
| SR | Stipulated Removal |
| TE | Tefel |
| TC | Third Country |
| +UJ | Unaccompanied Juvenile - See OPPM 04-07 |

+ These codes exempt a case from being counted toward the Case Completion Goals.

G.   Use of Adjournment, Call-Up and Case Identification Codes:

All Court Administrators are instructed to review this OPPM with their support staff to insure
that the adjournment, call-up and case identification codes are properly entered. Use of all codes
should be monitored to identify any improper use of them in the automated system.

*Michael J. Creppy*

Michael J. Creppy
Chief Immigration Judge

Attachment

11

# Adjournment Codes
### June 13, 2005



## ALIEN-RELATED ADJOURNMENTS

| Description | Code | Clock |
|---|---|---|
| Alien to Seek Representation | 01 | S |
| Preparation - Alien/Attorney/Representative | 02 | S |
| Alien in File for Asylum | 05 | S |
| Alien to File Other Application | 06 | S |
| DHS Application Process - Alien Initiated | 7A+ | S |
| DHS Adjudication of I-130 | 7C+ | S |
| DHS Adjudication of I-140 | 7D+ | S |
| DHS Adjudication of I-730 | 7E+ | S |
| DHS Adjudication of I-751 | 7F+ | S |
| 1966 Cuban Adjustment | 7G+ | S |
| Pending Naturalization of Petitioning Relative | 7H+ | S |
| No-show by Alien/Alien's Attorney/Representative | 11 | S |
| Alien/Alien's Attorney/Representative Request | 12 | S |
| Supplement Asylum Application | 21 | S |
| Alien or Representative Rejected Earliest Possible Asylum Hearing | | |
| Asylum Application Withdrawn/Reset for Other Issues | 22 | S |
| Alien Request for an In-Person Hearing | 23 | X |
| Consolidation with Family Member | 26 | S |
| Preparation of Records/Biometrics Check/ Overseas Investigation by Alien | 30 | S |
| Illness of Alien | 36+ | S |
| Illness of Any/Representative | 38 | S |
| Illness of Witness | 39 | S |
| Alien Requested Forensic Analysis | 40 | S |
| Joint Request of Both Parties | 42 | S |
| Contested Charges | 45 | S |
| Jurisdiction Rests with the BIA | 51 | S |
| Alien Claim to U.S. Citizenship | 52 | S |
| | 54+ | S |

## DHS-RELATED ADJOURNMENTS

| Description | Code | Clock |
|---|---|---|
| Preparation - DHS | 03 | R |
| DHS or DHS Administrative File | | |
| Unscheduled for Hearing | 04 | R |
| DHS Application Process - DHS Initiated | 7B+ | R |
| Alien in DHS/Corrections Custody not Presented for Hearing | 09 | |
| Alien Released From DHS/Corrections Custody | 16 | R |
| DHS to Provide Biometrics Check | 24+ | R |
| DHS Request for an In-Person Hearing | 27 | R |
| DHS Investigation | 37+ | R |
| DHS Forensic Analysis | 43+ | R |
| Cooperating Witness /Law Enforcement | 44+ | R |
| New Charge Filed by DHS | 47+ | R |
| Juvenile Home Study | 49 | R |
| Quarantine - Detained Cases | 50+ | R |
| DHS Request for Certification of Mental Competency | 53+ | R |

## EOIR-RELATED ADJOURNMENTS

| Description | Code | Clock |
|---|---|---|
| Insufficient Time to Complete Hearing | 13 | R |
| MC to IC - Merits Hearing | 17 | R |
| IJ Request for an In-Person Hearing | 28 | R |
| RC to SC Merits Hearing | 31 | R |
| Unplanned IJ Leave - Sick/Annual | 34 | R |
| Unplanned IJ Leave - Detail/Other Assignment | 35 | R |
| Interpreter Appeared But IJ Rejected | 48 | R |

## OPERATIONAL ADJOURNMENTS

| Description | Code | Clock |
|---|---|---|
| State Department Response not in File | 08 | R |
| Notice Sent/Served Incorrectly | 10 | R |
| Other Operational/Security Factors | 14 | R |
| Allow for Scheduling of Priority Case | 25 | R |
| Concurrent Application | 29 | R |
| No Interpreter - Not Ordered | 32 | R |
| No Interpreter - Ordered but FTA | 33 | R |
| Tele/Video Malfunction | 46 | R |
| Hearing Deliberately Advanced | 55 | R |
| Data Entry Error | 99 | R |

+ These codes exempt a case from being counted toward the Case Completion Goals or Aged Completion Deadlines

**CLOCK CODES**

S = Stops
R = Runs
X = Eliminates

**COLOR KEY**

RED = Alien-Related Delay
GREEN = DHS-Related Delay
BLUE = EOIR-Related Delay (IJ)
ORANGE = EOIR-Related Delay (Operational)



## Call-up Codes
### June 15, 2005

### Case Waiting Criteria Codes
### June 15, 2005

| CODE | DESCRIPTION |
|------|-------------|
| AB | Alien/Attorney/Representative to file brief (other than for appeal) |
| AS | Alien/Attorney/Representative to file an Asylum Application - Form I-589 |
| CA | LPR Alien/Attorney/Representative to file application for Cancellation of Removal - Section 240A(a) |
| CB | Non-LPR Alien/Attorney/Representative to file application for Cancellation of Removal - Section 240A(b) |
| DD | Decision of the IJ is delayed due to extenuating circumstances during a continued detention review hearing |
| IA | Interlocutory appeal filed by DHS to appeal the denial of a motion for protective order |
| IB | DHS to file document(s) or brief (other than for appeal) |
| MR | Pending IJ response to motion or request - motion for change of venue; motion for termination, request for continuance, etc. |
| OT | Alien/Attorney/Representative to file other application/document |
| RC | DHS to Provide Records Checks |
| RE | Alien/Attorney/Representative to file application for Registry - Section 249 |
| RR | Reserved Decision |
| SR | Pending State Department Response to Asylum Application |
| ST | Alien/Attorney/Representative to file application for Adjustment of Status - Section 245 |
| SU | Alien/Attorney/Representative to file application for Suspension of Deportation - Section 244 |
| WA | Alien/Attorney/Representative to file application for a waiver, e.g. Section 212(i) |

| CODE | DESCRIPTION |
|------|-------------|
| +4M | NTA Not Filed Within 120 Days of EPRD |
| B | Barahona Cases |
| CA | Cuban-Nicaraguan |
| CN | NACARA Remand |
| DC | Departure Control Case |
| EM | Electronic Monitoring |
| F | Female |
| FS | Forced Sterilization |
| HA | Haitian Refugee Fairness Act |
| +J | Juvenile Case |
| JI | Juvenile Turned 18 While Case Pending |
| NA | NACARA |
| ND | NACARA Dependents |
| PO | Protective Order |
| RD | Reserved Suspension/Cancellation Decision |
| +RI | BIA Remand of IHP Case Originally Completed Prior to EPRD |
| RN | Cancellation of Removal |
| RP | Administrative Closure of Reopened Cases |
| SC | NACARA Section 203 |
| SR | Stipulated Removal |
| TE | Tefel |
| TC | Third Country |
| +UJ | Unaccompanied Juvenile |

+ These codes exempt a case from being counted toward the Case Completion Goals or Aged Completion Deadlines

13

# Exhibit B

to

Declaration of Sarah S. Wilson

*Rodriguez v. Robbins, et al.*, No. 07-cv-3239-TJH (C.D. Cal.)

1  TONY WEST
   Assistant Attorney General
2  Civil Division
   DAVID J. KLINE
3  Director, Office of Immigration Litigation
   District Court Section
4  VICTOR M. LAWRENCE
   Principal Assistant Director
5  THEODORE W. ATKINSON
   Senior Litigation Counsel
6  United States Department of Justice
   Office of Immigration Litigation,
7  District Court Section
        P.O. Box 868, Ben Franklin Station
8       Washington, DC 20044
        Phone: (202) 532-4135
9       theodore.atkinson@usdoj.gov

10 Attorneys for Federal Respondents

11         **UNITED STATES DISTRICT COURT**

12       **CENTRAL DISTRICT OF CALIFORNIA**

13            **WESTERN DIVISION**

14
   ALEJANDRO RODRIGUEZ, *et al.*,          Case No. CV 07-3239-TJH (RNBx)
15
              Petitioners,
16                                         **RESPONDENTS' ANSWERS
        vs.                                TO PLAINTIFF'S FIRST SET OF**
17                                         **REQUESTS FOR PRODUCTION
   TIMOTHY S. ROBBINS, *in his*            TO RESPONDENT DEPARTMENT OF**
18 *capacity as U.S. Immigration and*      **JUSTICE (NOS. 3, 4, 18)**
   *Customs Enforcement, Los Angeles*
19 *District Field Office Director;*
   JANET NAPOLITANO, *in her official*
20 *capacity as Secretary of Homeland*
   *Security*; ERIC H. HOLDER, JR., *in*
21 *his official capacity as United States*
   *Attorney General,*
22
              Respondents.
23

24

25

26

27

28

Pursuant to Federal Rule of Civil Procedure 34, Respondent the Department of Justice hereby answers Petitioner's first set of requests for production of documents, as limited by Petitioners in correspondence to counsel for Respondents on February 14, February 24, and March 8, 2011.

**REQUEST FOR PRODUCTION NO. 3 :**

All DOCUMENTS RELATING TO the Department of Homeland Security's (DHS's) and Respondent's policies, procedures, or practices for providing BOND HEARINGS, CASAS HEARINGS, or hearings pursuant to *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999), that apply, or have at any time since October 1, 2006 applied, to PROLONGED DETAINEES.

**Response:**

This request was limited by Petitioners to include only "written . . . policies and practices in effect or adopted on or after April 5, 2010." *See* February 14, 2011 Letter from ACLU to Counsel for Respondents.  Without waiving any of Respondent's previously stated general and specific objections, Respondent responds as follows:

*See* the accompanying documents Bates labeled EOIR-RPD-001 to EOIR-RPD-016.

In addition to these documents, there are a number of publicly-available documents that are responsive to this request:

(1)    The Immigration Judge Benchbook, a benchbook for immigration judges. The Immigration Judge Benchbook may be found at http://www.justice.gov/eoir/vll/benchbook/index.html.

(2)    The Immigration Court Practice Manual, a manual presenting practices before immigration judges.  The Immigration Court Practice Manual may be found at http://www.justice.gov/eoir/vll/OCIJPracManual/ocij_page1.htm.

(3)    Operating Policy & Procedure Memoranda for the Office of the Chief Immigration Judge.  Memoranda may be found at http://www.justice.gov/eoir/efoia/ocij/OPPMLG2.htm.  Responsive memoranda

includes:  Guidelines for Telephonic Appearances by Attorneys and Representatives at Master Calendar and Bond Redetermination Hearings (OPM 08-04).

(c)    The Board of Immigration Appeals Practice Manual, a manual presenting practices before the Board of Immigration Appeals.  The Board of Immigration Appeals Practice manual may be found at http://www.justice.gov/eoir/bia/qapracmanual/apptmtn4.htm.

(d)    Board of Immigration Appeals precedent decisions and Attorney General decisions may be found at http://www.justice.gov/eoir/vll/intdec/lib_indecitnet.html.

**REQUEST FOR PRODUCTION NO. 4:**

All electronic database records created on or after October 1, 2006 RELATING TO the removal cases of PROLONGED DETAINEES.

**Response:**

This request was limited by Petitioners in their February 14, February 24, and March 8, 2011 correspondence to counsel for Respondents, and through discussion of counsel, in which the scope of the request was limited to include certain categories of information to the extent such information exists in electronic databases.  Without waiving any of Respondent's previously stated general and specific objections, Respondent responds as follows:

Respondents previously produced a Microsoft Access database containing electronic data from the Executive Office for Immigration Review ("EOIR") on a compact disc Bates labeled EOIR-EDI-001, which has been sent to Petitioners by overnight delivery for arrival on May 27, 2011.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS RELATING TO policies, procedures, practices, and/or guidelines applicable to the ~~detention or~~ supervised release (including under electronic monitoring) of PROLONGED DETAINEES, including but not limited to manuals, guidances, instructions, policy statements, legal memoranda, training materials, and sample forms, worksheets, and letters.

**Response:**

This request was limited by Petitioners to include only "written . . . policies and practices in effect or adopted on or after April 5, 2010." *See* February 14, 2011 Letter from ACLU to Counsel for Respondents. This request was also limited by Petitioners to exclude the "detention or" language from the request. *See Id.* Without waiving any of Respondent's previously stated general and specific objections, Respondent responds as follows:

None.


Dated: May 27, 2011                     TONY WEST
                                        Assistant Attorney General
                                        Civil Division
                                        DAVID J. KLINE
                                        Director, Office of Immigration Litigation
                                        District Court Section
                                        VICTOR M. LAWRENCE
                                        Principal Assistant Director

                                        */s/ Theodore W. Atkinson*
                                        THEODORE W. ATKINSON
                                        Senior Litigation Counsel
                                        United States Department of Justice
                                        Office of Immigration Litigation,
                                        District Court Section
                                        P.O. Box 868, Ben Franklin Station
                                        Washington, DC 20044
                                        Phone: (202) 532-4135
                                        theodore.atkinson@usdoj.gov

                                        Attorneys for Respondent

4

1

2 <u>**CERTIFICATE OF SERVICE**</u>

3        I certify that on May 27, 2011, I served a copy of the foregoing by e-mail on the

4 following counsel of record:

5  Ahilan T. Arulanantham
   ACLU Foundation of Southern
6  California
   1616 Beverly Boulevard
7  Los Angeles, CA 90026
   Email: aarulanantham@aclu-sc.org
8
   Michael Kaufman
9  ACLU Foundation of Southern
   California
10 1616 Beverly Boulevard
   Los Angeles, CA 90026
11 Email: mkaufman@aclu-sc.org

12

13

14

15                                    */s/  Theodore W. Atkinson*

16                                    Theodore W. Atkinson
                                      Senior Litigation Counsel
17                                    United States Department of Justice

18

19

20

21

22

23

24

25

26

27

28

# Exhibit C

to

Declaration of Sarah S. Wilson

*Rodriguez v. Robbins, et al.*, No. 07-cv-3239-TJH (C.D. Cal.)

*Via email*

February 14, 2011

Theodore W. Atkinson
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section
Box 868, Ben Franklin Station
Washington, DC 20

RE:     Discovery meet and confer in *Rodriguez*

Dear Ted,

This memo follows on our conversation and email correspondence from the last two weeks concerning discovery in *Rodriguez*.  As promised, this memo sets forth our proposed agenda for the upcoming meet and confer, with a goal toward narrowing our discovery requests.[1]

First, we provide a limited list of discovery requests which will serve as the focus of the meet and confer.  The list is significantly narrower in number and scope than the discovery we initially served.  As I have previously stated, our providing this reduced list is not intended to waive any right to other discovery, but it is our attempt to reach agreement on a narrower set of issues with the aim of expediting the discovery process and narrowing (if not avoiding altogether) any further litigation about it.

For purposes of this meet and confer, we have chosen to focus only on a subset of our requests for production that form the core of our discovery requests.  We intend to follow up on our interrogatories and requests for admission as the case moves forward, but are hopeful that those can be limited significantly and in many cases dispensed with altogether, based on how the discovery proceeds with respect to the requests for production.

Second, we provide a proposed stipulation regarding the costs and burdens to the government in providing the relief sought.  If your clients are agreeable to the stipulation, we will agree to withdraw a number of discovery requests which we have identified below.  We are hopeful that the stipulation will provide a way to eliminate many of the most contentious discovery issues without further litigation.  If your clients are not agreeable to the stipulation, we will need to schedule a separate meet and confer on the cost-related discovery requests.

## I.  List of Discovery Requests

We propose to meet and confer on the following discovery requests:

    DHS Document Requests: 1, 3, 4, 6, 19

---

[1]We discussed a tentative date of February 28, 2011 for the meet and confer, but you have not yet confirmed that date.  Please do so as soon as possible.

1

DOJ Document Requests: 3, 4, 18

In order to ensure we have a meaningful and productive meeting, in the sections below we provide some clarification regarding the scope of these discovery requests, which we have narrowed significantly.

## A.   A-files (DHS Document Request 1)

DHS Document Request 1 seeks the A-files of Petitioners.  As we have previously discussed, we are seeking the A-files of both current and past class members.  We understand that the government objects to the production of A-files as unduly burdensome.  In order to minimize the burden on the government, we are agreeable to restricting the request to a limited time period, as long as it includes sufficient information from which we can draw statistically significant conclusions.  Accordingly, we propose the production of the A-files of all prolonged detainees from April 21, 2010 -- the date on which the government generated its initial list of prolonged detainees -- to present.  We reserve the right to request A-files from earlier dates should we conclude, on the advice of statistical experts, that a larger sample is necessary to draw the conclusions we seek to draw, however, we are hopeful that this will not be necessary.

## B.   Data and statistical information (DHS Document Request 4 and DOJ Document Request 4)

DHS Document Request 4 and DOJ Document Request 4 seek data and statistics on prolonged detainees that is maintained in government databases.  We are agreeable to several limitations on these requests that will clarify their scope and minimize the government's burden in responding to them.

First, we agree to limit the requests to data and statistics from April 5, 2010 -- the date of class certification – until present.  Thus, we are only concerned with records involving detainees who had been held for six months or longer on or after April 5, 2010.

Second, we agree to limit the data requested to certain categories of information which are described in the next paragraph.  From our review of publicly available documents, including documents obtained in response to a FOIA request that we filed some time ago, we believe that your clients already maintain most if not all of the requested information in existing DHS and DOJ databases.  We have attached to this memo examples of publicly available documents that demonstrate that this information is maintained or easily generated by your clients through their existing databases.  We also have further such evidence from our FOIA data that we can make available to you, although we did not attach it here because it is voluminous and unwieldy.

The data we seek through DHS Document Request 4 and DOJ Document Request 4 is as follows:

length of detention (including start and end date of detention), detention facility, and the reasons for release (e.g. to effectuate deportation, under a grant of supervision or bond, or because the detainee prevailed in his removal case)

the detention statute that authorized detention (or at least whether the detainee is held under mandatory detention)

2

the nature and outcome of "custody determinations", i.e., (1) parole determinations, (2) bond hearings, (3) Casas hearings, (4) Joseph hearings, and (5) post-order custody reviews

the nature and outcome of removal proceedings before the IJ, BIA, and Ninth Circuit, including whether class members were removed, had proceedings terminated, or who were granted relief

country of origin

any criminal history categorization or other information available in a database concerning detainees' criminal history

whether a detainee was represented, and at what stages in the administrative and judicial processes

data on detention lengths for different stages of proceedings as follows: **EITHER** the mean and median lengths of time to complete administrative proceedings, including the time between the date of detention and the first master calendar hearing; the time between the filing of the NTA and the first master calendar hearing; the time between master calendar hearings; the time between the first master calendar hearing and merits hearings; the time between the final merits hearing and the IJ decision; and the time between filing a notice of appeal and the BIA decision **OR** the individual database records for each prolonged detainee falling within the temporal scope of this request, which would allow us to gather that information ourselves

The discovery requests list several DHS and DOJ databases, which we understand may now be outdated. The discovery requests should be construed to request information from the following databases, as well as any other databases that may contain relevant information:

EOIR Records and Management Information System (RMIS)

Enforce Integrated Database (EID), including ENFORCE Apprehension Booking Module (EABM), ENFORCE Alien Detention Module (EADM) and ENFORCE Alien Removal Module (EARM)

Deportable Alien Control System (DACS)

Detention and Removal Information Management System (DRIMS)

Electronic Travel Document System (eTD)

As the attached documents show, many of the categories of information sought are maintained or easily generated through existing DHS and DOJ databases. For example, an EID "detention record" includes "detention facility, book-in/out date and time, mandatory detention and criminal flags, security classification level, aggravated felon status, and general health information that is relevant to detention or transportation requirements." *See* Exhibit A (*Privacy Impact Statement for the Enforcement Integrated Database (EID)* (Jan. 14, 2010)) at 8. EID also holds information regarding the "[p]rogress, status and final result of removal, prosecution, and other DHS processes and relating appeals. This may include information relating to criminal convictions, incarceration, and actual removal of aliens from the United States." *Id.* at 9.

In addition, EADM allows your clients "to track the detention of subjects in ICE custody charged with violations of the Immigration and Nationality Act." *Id.* at 3. ICE initiates detention

by using EADM's "Book-In/Out function" and "monitors the subject's detention status and removal proceedings using EADM and EARM." *Id.* at 6. "When a subject is released from detention, EADM is updated to indicate the date of release and release type (e.g., release on bond)." *Id.* at 3.

The EOIR database includes fields that appear to allow the government to track the outcome of proceedings before the IJ and BIA, whether an individual has been removed, received termination or granted relief, and the length of time it takes to complete immigration court proceedings, including the dates for the filing of NTA, master calendar hearings, merits hearings, IJ decision, notice of appeal, and BIA decision. *See* Exhibit B (EOIR Data Field Chart) at 174-76.[2]

### C.  Written Policies and Practices (DHS Document Requests 3, 6, 19 and DOJ Document Requests 3, 18)

DHS Document Requests 3, 6, 19 and DOJ Document Requests 3 and 18 seek written policies and practices concerning Respondents' custody determination processes, including those involving the decision to release detainees on supervised release. We are willing to limit to the requests to policies and practices in effect or adopted on or after April 5, 2010 -- the date of class certification.

In addition, in order to limit DHS Document Request 19 and DOJ Document Request 18 to the subject of supervised release, please eliminate the words "detention or" in those two requests.

## II.  Stipulation on Costs

As we discussed earlier, Petitioners intend to pursue a number of other discovery requests pertaining to cost data. However, we could forego those requests if we could obtain a suitable stipulation on the issue. Below is the text of our proposed stipulation on costs, which would foreclose our having to conduct discovery on that subject:

---

[2]In addition, in response to a FOIA request filed by the ACLU Immigrants' Rights Project regarding the POCR process, the government produced other information related to prolonged detention, including spreadsheets that listed "prolonged detainees who 'won' their cases and then were released each fiscal year." The criteria for 'winning' one's case was stated as including "those aliens who were granted adjustment to LPR Status, a waiver or cancellation of removal, granted a benefit by CIS, or where their proceedings where terminated." Additionally, the government provided information that appears to track the progress and outcome of individuals' POCR determinations. The database records that the government disclosed to us are too large to be attached to this letter, but we would be happy to provide a sample if that would assist you in complying with this discovery request.

"Respondents stipulate that the cost or burden to Respondents of providing constitutionally adequate bond hearings to class members is not relevant to the resolution of Petitioners' due process claims, and that, in any event, Respondents incur greater costs and burdens by maintaining the existing detention review system than they would by adopting the relief that Petitioners seek."

If Respondents were to agree to this stipulation, Petitioners would be able to withdraw the following discovery requests related to the cost or burden of providing constitutionally adequate bond hearings:

> Petitioner Alejandro Rodriguez's First Set of Document Requests to Respondent Department of Homeland Security Nos. 20, 26.
> Petitioner Alejandro Rodriguez's First Set of Document Requests to Respondent Department of Justice Nos. 13, 20.
> Petitioner Alejandro Rodriguez's First Set of Interrogatories to Respondent Department of Homeland Security Nos. 13, 14, 15, 16, 17, 18, 19, 20.
> Petitioner Alejandro Rodriguez's First Set of Interrogatories to Respondent Department of Justice Nos. 8, 9, 10."

If you agree in principle with this approach but have concerns regarding the proposed stipulation's language, we are open to considering alternatives.

I hope this letter helps to clarify and narrow the issues in advance of our meet and confer.  I look forward to hearing from you soon regarding these issues.

Sincerely,

/s

Ahilan Arulanantham

Director of Immigrants' Rights
and National Security

5

# Exhibit D

to

Declaration of Sarah S. Wilson

*Rodriguez v. Robbins, et al.*, No. 07-cv-3239-TJH (C.D. Cal.)



**U.S. Department of Justice**

Civil Division
District Court Section
Office of Immigration Litigation

*Box 868, Ben Franklin Station*
*Washington, DC 20044*
*Tel: (202) 532-4115*
*Fax: (202) 305-7000*
*Email: theodore.atkinson@usdoj.gov*

March 17, 2011

**BY E-MAIL**

Ahilan Arulanantham
Director of Immigrants' Rights
and National Security
American Civil Liberties Union of Southern California
1313 West Eighth Street
Los Angeles, California 90017

      RE:    *Rodriguez v. Robbins, et. al.*, No. 07-cv-3239 (C.D. Cal.)
             Discovery Issues & Follow-Up to Meeting and Conference

Dear Ahilan:

I am writing to memorialize our understanding of the parties' positions with respect to the outstanding discovery requests propounded by Petitioners on Respondents in this matter.

Petitioners served six sets of discovery requests on Respondents on July 22, 2010, and Respondents timely objected to the discovery both generally and specifically. The parties then engaged in pre-filing activities proscribed by Local Rule 37-1 and 37-2 in advance of cross-motions for a protective order (by Respondents) and to compel (by Petitioners). However, Respondents also sought a stay of discovery from Magistrate Judge Block, which was granted on November 17, 2010, pending resolution of Respondents' Rule 12(c) motion for judgment on the pleadings. The motion for judgment on the pleadings was subsequently denied. In accordance with Judge Block's November 17, 2010 Order, counsel met and conferred on February 28, 2011 to attempt to narrow the areas of dispute.

Let me acknowledge at this point the constructive nature of that meeting and the positions taken by Petitioners leading up to that meeting. Respondents recognize that Petitioners entered into the



discussions in a good faith manner by deciding not to compel responses to certain discovery requests, and by narrowing the scope of others, as detailed in your letters of February 14 and 24, 2011. I am also pleased that you thought significant advancement was made during the meeting, as you stated in your letter of March 8, 2011.

Of course, there remain areas of disagreement, but those areas have been significantly reduced. As we understand them, the remaining areas of agreement and dispute are as follows:

**<u>Areas of Disagreement</u>**

**1.      A-Files (DHS Request for Production 1)**

In your discovery request, you requested the A-file of every class member. In response to our objections, you modified your request in your February 14, 2011 letter by narrowing the universe of A-files to all A-files for any detainee who was a class member from April 21, 2010, to the present, while reserving the right to seek A-files from additional class members if you believed it was necessary. At our meeting, we indicated that such a universe would still impose an undue burden, and would require the production of irrelevant material from files.

In your March 8, 2011 letter, you offered to limit the materials sought in A-files to "any document sent, given or otherwise delivered by a Petitioner to the federal courts, DOJ or DHS (including ICE, CBP and USCIS) and documents sent, given or otherwise delivered by those entities to a Petitioner. In addition, we request POCR worksheets and the transcripts, if produced, of any statements given by a detainee to DOJ or DHS officials, such as transcripts of removal hearings or CBP interviews."

In our considered view, the scope of your request remains objectionable. Among other things, the universe of A-files remains exceptionally broad, particularly given the breadth of your class definition. Moreover, the March 8, 2011 letter does not present a significant limitation to your expansive request. The scope of your modified request remains exceptionally broad, seeks irrelevant information, and imposes an undue burden on Respondents. We therefore maintain

3

our objections to this request.

You stated in your March 8, 2011 letter that you may be able to significantly reduce the number of A-files requested, depending on the database information Respondents produce.  We hope that remains the case, and we remain open to reasonable proposals.

However, at present we understand that you will seek to compel a response to DHS RPD 1, but will not seek to compel, as duplicative, the following:

•       DOJ RPD 1, 2
•       DHS RPD 2

**2.       Requests Seeking Information Regarding the Implementation of _Joseph_ and _Casas_ Hearings, and Conduct of Post-Order Custody Reviews and Parole Determinations.**

As we discussed at the meeting, we maintain our objection to any discovery request seeking information regarding the implementation of _Joseph_ or _Casas_ hearings.  We also maintain our objections with regard to certain requests seeking information on whether Immigration and Customs Enforcement ("ICE") follows regulations in conducting discretionary parole determinations and post-order custody reviews ("POCRs").[1]  As we discussed at the meeting, _Joseph_ hearings are irrelevant to your claims.  To the extent you seek information regarding ICE's implementation of the Ninth Circuit's decision in _Casas-Castrillon_,[2] that information is irrelevant to this case.  Similarly, certain of your requests regarding whether ICE follows regulations concerning discretionary parole determinations and POCRs are irrelevant, particularly because you claim that those procedures are insufficient, even if they are properly conducted.

Specifically, with respect to this category of requests, Respondents will maintain objections to the following requests that we understand are still on the table:

| | |
|---|---|
| •<br><br>DHS RPD 3 and<br>DOJ RPD 3 | – Withdraw objection with respect to request for information concerning bond hearings and supervised release[3] as defined in the request and as request is modified by February 14, 2011 letter; maintain objection to the extent it |

---

[1]  We note that given the definition of the class and the claims raised with respect to aliens detained under 8 U.S.C. § 1231(a)(6), the scope of any request seeking post-order custody reviews is limited to information regarding 180-day POCRs, and not  90-day POCRs.

[2]  We will, however, not object to requests seeking information about _Casas_ hearings to the extent the information seeks relevant information as to the constitutional adequacy of bond hearings generally (and _Casas_ hearings specifically) with respect to issues such as transcripts, notice, appointment of counsel at Government expense, etc.

[3]  We understand the inclusion of "supervised release" to refer to requests for policies and procedures relating to the release of aliens on conditions of supervision, including alternatives to detention (including electronic monitoring).

4

|   |   |   |   |
|---|---|---|---|
| | | | seeks the requested information as to *Joseph* hearings, *Casas* hearings, parole determinations, and POCRs. |
| • | DHS RPD 6 | – | Withdraw objection with respect to request for information concerning bond hearings and supervised release as defined in the request and as request is modified by February 14, 2011 letter; maintain objection to the extent it seeks the requested information as to *Casas* hearings, parole determinations, and POCRs. |
| • | DHS RFA 2 DOJ RFA 2 | – | Maintain objection. |
| • | DHS RFA 3 DOJ RFA 3 | – | Maintain objection with respect to *Casas* hearings, but will answer with respect to bond hearings, as defined in the request. |
| • | DHS RFA 4 - 15 DHS RFA 18 - 21 DOJ RFA 4 - 11 | – | Maintain objection. |

We understand that you will seek to compel answers or responses to the above-identified requests, while not seeking to compel as to the following requests for admission (which Respondents have agreed to answer):

•      DHS RFA 1, 3 (objection withdrawn in part), 16, 17
•      DOJ RFA 1, 3 (objection withdrawn in part), 12, 13

**<u>Areas of Agreement</u>**

**1.    Database Information – Category "B" Information**

Much of the time at our meeting was spent discussing the production of certain electronic database information with respect to several categories. As we discussed, our ability to produce the information requested depended on the technical ability of ICE and EOIR to do so.

At present, we have determined *which* categories of information exist in the database, and we anticipate producing such information – constituting almost all of the information you requested. We caution, however, that we have not yet begun to work with information technology specialists to cull the information from the database, but if problems arise, we will inform you.

With respect to each of the numbered categories of information identified in your February 14, 2011 letter, we will produce the following information in spreadsheet format for aliens who were detained for a significant period[4] within the Central District from April 21, 2010 to the present, unless otherwise noted:

---

     [4] As we discussed on March 16, 2011, by telephone, your March 8, 2011 letter identifies

5

(1)    We will produce the initial date of detention, end date of detention, detention facility, and reasons for release (*e.g.* to effectuate deportation, under a grant of supervision or bond, or because the detainee prevailed in his removal case).

(2)    We do not maintain electronic records of the detention statute that authorizes or authorized detention.  However, we can at least identify whether the detainee is/was held under mandatory detention by producing the charge against the alien (from EOIR) and whether the alien has been identified as mandatorily detained (from ICE – although we note that this database entry is not required to be completed by ICE officials and therefore may be underinclusive).

(3)    We will produce the information the nature and outcome of "custody determinations," to the extent such information exists.  With respect to each:  (1) parole determinations – ICE maintains records of whether parole was granted, but not denied or requested; (2) bond hearings – EOIR's database reflects whether there was a bond hearing, and whether bond was granted, and ICE databases identify the amount of bond set (although it does not identify whether the bond was set by an immigration judge or by ICE); (3) *Casas* hearings – We maintain our objection that such information is irrelevant, but note that because the database does not specifically distinguish between bond hearings and *Casas* bond hearings, and because of the structure of the database, such information will be produced; (4) *Joseph* hearings – We maintain our objection that such information is irrelevant, but note that such information is likely to be produced because of the structure of the database; (5) post-order custody reviews – We are still looking into this category, but we do not believe such information is maintained in an electronic database.

(4)    We will produce information showing the nature and outcome of removal proceedings before an immigration judge and the Board of Immigration Appeals, including whether class members were removed, had proceedings terminated, or who were granted relief.  We do not maintain such information regarding the

a universe of aliens detained from April 21, 2010, to the present.  While that temporal limitation should not pose a problem, we expressed serious doubt that we could identify information for every class member during that period.  As you know, the class as defined includes any non-citizen detained for six months or longer *anywhere*, and who then is detained *for any period of time* thereafter in the Central District.  We have long objected that it is difficult – if not virtually impossible – for us to identify everyone who may fit that broad definition.  You stated that we could limit the universe by including the database information for class members who spent a "good chunk" of their detention in the Central District.  As we explained, we believe that we have the capability to identify class members who were detained for a significant period in the Central District, but we are not certain at this time.  We will, of course, apprise you of any problems in producing the data.

6

Ninth Circuit, although we note that the database information we produce will identify each hearing and decision in each case, and thus will show whether a case has been remanded from a court of appeals.

(5)     We will produce information showing the country of origin.

(6)     We will produce information showing whether each alien (1) is an aggravated felon, (2) their criminal categorization by ICE (Category I, II, or III), and (3) the charge against each alien, because such information is relevant to determining the statute governing detention. No other information regarding criminal history is maintained in any electronic database.

(7)     We will produce information showing the date of every filing of a G-28 or E-28 in each alien's case. We do not have information showing whether such representation was withdrawn.

(8)     We will produce information sufficient to identify the time between different stages and length of detention by identifying (1) the date of initial detention, (2) date detention ended, and (3) information showing each proceeding and decision in each alien's removal proceedings (excluding in the Ninth Circuit, which information neither ICE nor EOIR maintain).

(9)     We will produce information showing the initial removal charges (although this field may not capture additional charges added later).

(10)    Neither ICE nor EOIR maintain data showing immigration status.

In committing to providing the information above, we understand from our discussion that you will not seek to compel the following requests:

•    DHS RPD 4, 7, 8, 9, 14, 15, 16, 17, 18, 21, 22
•    DOJ RPD 4, 7, 8, 10, 11, 12, 14, 15, 16, 17, 19
•    DHS INT 1, 2, 3, 4, 5, 6, 9, 12
•    DOJ INT 1, 2, 3, 4, 5, 7, 11, 12

**2.    Written Policies and Procedures**

For the purpose of clarity, Respondents will maintain their objections with respect to DHS RPD 3and 6 and DOJ RPD 3 to the extent they seek policies and procedures regarding *Joseph* hearings, *Casas* hearings, parole determinations, and post-order custody reviews.

Respondents will produce, as we indicate above, written policies and procedures in concerning bond hearings and the decision to release detainees on supervised release (including electronic monitoring), as narrowed by your letter of February 14, 2011 and in our discussions (*i.e.*, regarding e-mails, as discussed above). Accordingly, we understand you will not seek to compel

7

DHS RPD 19 and DOJ RPD 18, as those requests were narrowed by your February 14, 2011 letter.


3.      **Interrogatories**

We understand, as explained in your February 14, 2011 letter and reiterated at our meeting, that Petitioners only sought to compel DHS Interrogatories 7 and 8 and DOJ Interrogatory 4, unless Respondents agreed to identify supervisors or upper-level DHS and DOJ officials who are responsible for the training, supervision, and implementation of DHS and DOJ policies concerning bond hearings, *Joseph* hearings, *Casas* hearings, parole determinations, and post-order custody reviews, as well as policies and procedures concerning initial custody determinations and release under conditions of supervision.

Respondents will identify supervisors or upper-level DHS and DOJ officials who are responsible for the training, supervision, and implementation of DHS and DOJ policies concerning bond hearings, initial custody determinations, and release under conditions of supervision.  However, Respondents object to identifying such individuals with knowledge of such policies or procedures as they relate to *Joseph* hearings, *Casas* hearings, parole determinations, and post-order custody reviews.  Respondents also object to the request to the extent that "supervisors or upper-level" DHS and DOJ officials includes the identification of immigration judges, members of the Board of Immigration Appeals, or other similar individuals.

4.      **Cost Discovery**

The parties also appear to agree that if Respondents do not pursue a defense or claim in this litigation relying on the cost of providing bond hearings, then Petitioners will not seek to compel such information.  Although we rejected the suggestion that the parties enter into a joint stipulation on this issue – on the ground that the determination not to pursue a general defense is not a "fact" that can be stipulated to and out of concern that such stipulation may be used outside this litigation –  Respondents are willing to provide Petitioners with assurance to that effect. Specifically:

> Respondents do not intend to pursue a general defense in this litigation (1) that the cost of providing a bond hearing should be considered in this case as a factor weighing in favor of Respondents, or (2) that the cost of providing bond hearings to class members is greater than the cost of detaining class members, <u>except</u> with respect to Petitioners' claim that due process requires the Government to provide detainees counsel at governmental expense.  Because Respondents do not intend to raise these defenses in this case, Petitioners have determined not to seek an order compelling responses to any discovery requests related to costs.  However, if Respondents determine that they will raise these or similar general defenses, then Respondents agree to immediately notify Petitioners of that fact in writing, and agree to join a stipulation seeking, if necessary, additional time in discovery or to reopen discovery to permit Petitioners to seek or compel discovery as to

8

any such defense.  Respondents agree that in such circumstances, good cause would exist
for the extension or reopening of discovery.

Based on this assurance, we understand that you will not seek to compel the following discovery
requests:

• DHS RPD 20, 26
• DOJ RPD 13, 20
• DHS INT 13, 14, 16, 17, 18, 19, 20
• DOJ INT 8, 9, 10

**5.      Office of Immigration Litigation Spreadsheet of Ninth Circuit Cases**

At the meeting we discussed whether the Department of Justice would produce what you refer to
as a "database" of cases before the Ninth Circuit involving aliens detained for more than six
months.  As we explained, the "database" is a spreadsheet identifying all cases where aliens have
filed petitions for review in the Ninth Circuit, and in which the aliens have been detained for
more than six months.  It identifies (1) case number, (2) case name, (3) days detained, and (4)
OIL trial attorney handling the case.  We will not produce the name of the OIL attorney handling
the case, but we will produce the rest of the spreadsheet.  This spreadsheet is only periodically
updated, but we will seasonably supplement to the extent the spreadsheet is updated.

Finally, we understand that to the extent not otherwise addressed herein, you are not seeking to
compel any other document requests at this time.

Regards,


Theodore W. Atkinson
Trial Attorney
Office of Immigration Litigation
District Court Section

# Exhibit E

to

Declaration of Sarah S. Wilson

*Rodriguez v. Robbins, et al.*, No. 07-cv-3239-TJH (C.D. Cal.)

From:       Atkinson, Theodore (CIV)
To:         Wilson, Sarah S. (CIV)
Subject:    FW: Rodriguez -- McDowell Deposition
Date:       Friday, April 12, 2013 3:15:02 PM

---

**From:** Michael Kaufman [mailto:mkaufman@aclu-sc.org]
**Sent:** Wednesday, December 26, 2012 6:34 PM
**To:** Atkinson, Theodore (CIV); Ahilan Arulanantham
**Cc:** Wilson, Sarah S. (CIV)
**Subject:** RE: Rodriguez -- McDowell Deposition

Ted,

Ahilan is out this week, along with a number of our co-counsel.  We will respond re: the possibility of McDowell's deposition in the new year.

Happy holidays,

Michael

> **From:** Atkinson, Theodore (CIV) [mailto:Theodore.Atkinson@usdoj.gov]
> **Sent:** Wednesday, December 26, 2012 3:10 PM
> **To:** Ahilan Arulanantham; Michael Kaufman
> **Cc:** Wilson, Sarah S. (CIV); Theodore.Atkinson@usdoj.gov
> **Subject:** Rodriguez -- McDowell Deposition
>
> Ahilan and Michael,
>
> Please let me know if you intend to seek the declaration of Ben McDowell.  I want to figure out the scheduling of the rest of the case for January.
>
> Regards,
>
> Ted Atkinson
> Senior Litigation Counsel
> United States Department of Justice
> Office of Immigration Litigation
> District Court Section
> P.O. Box 868, Ben Franklin Station
> Washington, DC  20044
> Tel:  202-532-4135