**AHILAN T. ARULANANTHAM (SBN 237841)**
aarulanantham@aclu-sc.org
**MICHAEL KAUFMAN (SBN 254575)**
mkaufman@aclu-sc.org
**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

*Attorneys for Petitioners*
**(Additional Counsel listed on following page)**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, for themselves and on behalf of a class of similarly-situated individuals,<br><br>Petitioners,<br><br>v.<br><br>ERIC HOLDER, United States Attorney General; JANET NAPOLITANO, Secretary, Homeland Security; THOMAS G. SNOW, Acting Director, Executive Office for Immigration Review; TIMOTHY ROBBINS, Field Office Director, Los Angeles District Immigration and Customs Enforcement; WESLEY LEE, Officer-in-Charge, Mira Loma Detention Center; et al.; RODNEY PENNER, Captain, Mira Loma Detention Center; SANDRA HUTCHENS, Sheriff of Orange County; OFFICER NGUYEN, Officer-in-Charge, Theo Lacy Facility; CAPTAIN DAVIS NIGHSWONGER, Commander, Theo Lacy Facility; CAPTAIN MIKE KREUGER, Operations Manager, James A. Musick Facility; ARTHUR EDWARDS, Officer-in-Charge, Santa Ana City Jail; RUSSELL DAVIS, Jail Administrator, Santa Ana City Jail,<br><br>Respondents. | Case No. 2:07-CV-3239-TJH (RNBx)<br><br>**PETITIONERS' OPPOSITION TO RESPONDENTS' OBJECTION TO THE APRIL 4, 2013 DECLARATION OF SUSAN LONG**<br><br>Honorable Terry J. Hatter<br><br>Date: May 6, 2013<br>Time: Under Submission |

**PETITIONERS' OPPOSITION TO RESPONDENTS' OBJECTION TO THE APRIL 4, 2013 DECLARATION OF SUSAN LONG**

JUDY RABINOVITZ
JRabinovitz@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm St.
San Francisco, CA 94111
Telephone: (415) 343-0779
Facsimile: (415) 395-0950

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.stanford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
JONATHAN FEINGOLD (SBN 286302)
jfeingold@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Petitioners*

**PETITIONERS' OPPOSITION TO RESPONDENTS' OBJECTION TO THE APRIL 4, 2013 DECLARATION OF SUSAN LONG**

Petitioners respectfully submit this opposition to Respondents' Objection to the April 4, 2013 Declaration of Susan Long (Dkt. 329). For the Court's convenience, Petitioners have reproduced the text of Respondents objection verbatim, and then set forth why the objection is not well taken and does not create a disputed issue of material fact.

**Objectionable Testimony:**

The April 4, 2013 Declaration of Susan B. Long in its entirety.

**Respondents' Objection:**

Long's latest declaration is comprised of a series of opinions that were not properly disclosed in compliance with Federal Rule of Civil Procedure 26(a)(2). Rule 26(a)(2) requires the "complete" disclosure of all expert opinions prior to the close of expert discovery and in accordance with the Court's scheduling orders. Rule 37(c)(1) establishes an "automatic" and "self-executing" sanction for failure to comply with Rule 26(a). Fed. R. Civ. P. 37 advisory committee's note (1993). It provides that a party may not use undisclosed expert testimony to supply evidence on a motion unless the failure was "substantially justified" or is "harmless." Fed. R. Civ. P. 37(c)(1). The party facing the sanction carries the burden of demonstrating that the failure to comply with rules concerning expert testimony is substantially justified or harmless. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008).

Long's declaration is both untimely and an improper attempt to supplement her expert report under Rule 26(a)(2)(E). *See Citizens Legal Enforcement and Restoration v. Connor*, 762 F. Supp. 2d 1214, 1220 (S.D. Cal. 2011) (striking expert declaration submitted with summary judgment briefing as improper supplementation of the witness's expert report). First, Long's declaration comes more than four months after the deadline for submitting expert reports, more than three months after the close of expert discovery, and only weeks before the final summary judgment

1  submission is due to the Court.  *See* ECF No. 278.  Additionally, the declaration offers testimony intended to further rebut Respondents' expert reports and bolster Long's report, neither of which are permissible reasons for supplemental disclosures under Rule 26(a)(2)(E).  *See Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1063 (C.D. Cal. 2010) (expert declarations that contain new information or opinions do not merely supplement the original expert report).  For both reasons, Long's declaration should be excluded under Rule 37(c)(1).

Long justifies her new declaration by asserting "Mr. McDowell's declaration contains new information about the EOIR database and EOIR data entry practices that had not been previously disclosed by Mr. McDowell and Respondents in this matter." Long Decl. at ¶ 4.  The "new information" is not a substantial justification for Long's untimely disclosure.  Long claims that the McDowell's declaration "clarifies" that the dates in the Schedule Table refer to the date on which a hearing is scheduled and that hearings are not necessarily scheduled chronologically.[1] Long Decl. at ¶ 5.  First, Mr. McDowell has repeatedly indicated that (1) the Schedule Table contains the dates of scheduled hearings, and (2) hearings may be rescheduled as a result of continuances (or "adjournments," as they are referred in the CASE database) and, therefore, may not go forward on the scheduled date.  *See* ECF 299-1 at Exhibit A ¶ 4(1) ("The Schedule Table identifies the dates of hearings[.] … The Schedule Table identifies whether a hearing was concluded *or rescheduled*." (emphasis added)); ¶ 4(a), (e), (f), (h) (discussing adjournment codes "Unplanned Leave," "Rescheduled for Priority Case," and "Completion Prior to Hearing" which indicate that the scheduled hearing did not occur).  Second, Mr. McDowell's clarifications do not substantially justify Long's untimely expert disclosure because proper investigation would have revealed this information.  *See Wong v. Regents of*

---

[1] It is unclear why Dr. Long required either clarification – especially that the *Schedule Table* contains the dates of *scheduled* hearings – given her "extensive experience and knowledge of the databases maintained by EOIR." Long Decl. at ¶ 3.

2
**PETITIONERS' OPPOSITION TO RESPONDENTS' OBJECTION TO THE APRIL 4, 2013 DECLARATION OF SUSAN LONG**

1  *University of California*, 410 F.3d 1052, 1061-62 (9th Cir. 2005) (striking
2  undisclosed expert testimony where the new information could have been discovered
3  if the opposing party had "taken [a] deposition or propounded interrogatories to
4  ascertain [the opposing expert's] opinions, including the opinions subsequently
5  relied upon . . . in its summary judgment motion."). Therefore, there is not
6  substantial justification for Long's new, undisclosed opinions related to this
7  information. *See* Long Decl. at ¶¶ 4-10.

8  Respondents are prejudiced by the untimely disclosure. Long's new opinions
9  come nearly a month *after* Respondents submitted their cross-motion for summary
10 judgment and only days before the reply deadline. The prejudice is exacerbated by
11 Petitioners' heavy reliance on Long's declaration in the opposition brief and to create
12 material factual disputes in response to Respondents' statements of materials facts.
13 As a result of the late disclosure, Respondents must address Long's new opinions in
14 a page-limited reply brief, with small amount of response time, and without the
15 benefit of a deposition to understand and test her opinions. *See Yeti by Molly, Ltd. v.*
16 *Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001). Accordingly, Long's
17 declaration should be excluded under Rule 37(c)(1).

18 **Petitioners' Response:**

19 Respondents' objection to the entirety of the April 4, 2013 Declaration of
20 Susan B. Long should be overruled.

21 *First*, Petitioners did not submit a declaration by Ms. Long to support granting
22 summary judgment in their favor, but instead to establish the substantial prejudice
23 caused by the untimely revelation of information in the declaration of Mr.
24 McDowell, and thus to support Petitioners' evidentiary objections. Dkt. 311 at 10-
25 11. The Federal Rules of Civil Procedure do not require a party to sit on its hands
26 when an opponent contradicts prior sworn testimony to manufacture evidence in
27 support of a cross-motion for summary judgment. To the contrary, Petitioners were
28

3

well within their rights to assert evidentiary objections to exclude a troubling disclosure that contradicted prior sworn testimony. *See* Fed. R. Civ. P. 26(a)(3), 56(c)(2). None of the authorities cited by Respondents excluded a supplemental expert report offered to support an evidentiary objection.

*Second*, in addition to the right to object to evidence, Petitioners have the right to introduce expert testimony to oppose a cross-motion for summary judgment. Although Rule 26(a) generally requires disclosure of expert testimony ninety days before trial or as prescribed by court order or stipulation, it expressly contemplates supplemental expert disclosures where, as here, a party learns of new material information in a motion seeking summary judgment. *See* Rule 26(a)(2)(E) & (e)(1)(A); *see also Volterra Semiconductor Corp. v. Primarion, Inc.*, 796 F. Supp. 2d 1025, 1040 (N.D. Cal. 2011) (overruling objection to expert declaration responding to "opinions expressed by Defendants' experts in support of their summary judgment motions"). Again, none of the authorities cited by Respondents excluded a supplemental expert report offered in opposition to new evidence submitted by the opposing party at summary judgment.

*Third*, Petitioners were not obligated to depose Mr. McDowell or "conduct an investigation" to ascertain whether he had misstated testimony concerning how to interpret the database information relating to continuances. *See* Dkt. 311 at 10. Mr. McDowell's prior testimony and declarations were unambiguous and categorical. Respondents try to excuse his latest assertions as mere "clarifications," but the simple fact is that Mr. McDowell previously testified that continuances can be measured solely by reference to one database table, but his latest declaration establishes that two tables are needed. *See* Dkt. 299-1 at 2, 7-8; Dkt. 299-1 Ex. A at 2; Dkt. 299-1 Ex. B at 2-3. Respondents try to shift the blame onto Dr. Long on the theory that she should have known Respondents were withholding relevant database fields. Respondents, however, do not claim to have ever previously disclosed this

4
**PETITIONERS' OPPOSITION TO RESPONDENTS' OBJECTION TO THE APRIL 4, 2013 DECLARATION OF SUSAN LONG**

information publicly, and to Petitioners' knowledge, it was not disclosed before Respondents filed their cross-motion. Indeed, Respondents' own expert, Dr. Palmer, plainly was unaware of the existence of this database table, which is why Petitioners have objected to Respondents' reliance on Dr. Palmer's conclusions as well. Regardless, Ms. Long – like Petitioners – is entitled to rely upon sworn testimony by the Government's person-most-knowledgeable when forming opinions.

*Fourth*, as a matter of fundamental fairness, Petitioners should be allowed to respond to last-minute "clarifications" offered in a declaration in support of a cross-motion for summary judgment directed at the claims of a certified class. Respondents made continuances central to their defense in this case, but concededly made no mention of the existence of these fields until long after the exchange of expert reports and expert depositions, and after Petitioners filed their opening brief.

Consequently, Respondents' objection to Ms. Long's declarations should be overruled.

\_\_\_\_ Sustained

\_\_\_\_ Overruled Dated:

                                                  Respectfully submitted,

Dated:  May 3, 2013                      ACLU OF SOUTHERN CALIFORNIA

                                      By:   s/ Ahilan T. Arulanantham
                                            AHILAN T. ARULANANTHAM
                                            Counsel for Plaintiffs-Petitioners