AHILAN T. ARULANANTHAM (SBN 237841)
aarulanantham@aclu-sc.org
MICHAEL KAUFMAN (SBN 254575)
mkaufman@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA  90017
Telephone: (213) 977-5211
Facsimile: (213) 977-5297

*Attorneys for Petitioners*
(Additional Counsel listed on following page)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, for themselves and on behalf of a class of similarly-situated individuals,<br><br>Petitioners,<br><br>v.<br><br>ERIC HOLDER, United States Attorney General; JANET NAPOLITANO, Secretary, Homeland Security; THOMAS G. SNOW, Acting Director, Executive Office for Immigration Review; TIMOTHY ROBBINS, Field Office Director, Los Angeles District Immigration and Customs Enforcement; WESLEY LEE, Officer-in-Charge, Mira Loma Detention Center; et al.; RODNEY PENNER, Captain, Mira Loma Detention Center; SANDRA HUTCHENS, Sheriff of Orange County; OFFICER NGUYEN, Officer-in-Charge, Theo Lacy Facility; CAPTAIN DAVIS NIGHSWONGER, Commander, Theo Lacy Facility; CAPTAIN MIKE KREUGER, Operations Manager, James A. Musick Facility; ARTHUR EDWARDS, Officer-in-Charge, Santa Ana City Jail; RUSSELL DAVIS, Jail Administrator, Santa Ana City Jail,<br><br>Respondents. | Case No. CV-07-3239-TJH (RNBx)<br><br>**PETITIONERS' SUPPLEMENTAL BRIEF REGARDING THE NINTH CIRCUIT DECISION AFFRIMING THIS COURT'S ORDER GRANTING PETITIONERS' PRELIMINARY INJUNCTION MOTION**<br><br>Honorable Terry J. Hatter |

JUDY RABINOVITZ
JRabinovitz@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0779
Facsimile: (415) 395-0950

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.stanford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
CODY JACOBS (SBN 272276)
cjacobs@sidley.com
JONATHAN FEINGOLD (SBN 286302)
jfeingold@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Petitioners

Pursuant to this Court's order permitting supplemental briefing, Dkt. 328, Petitioners address five significant points arising from the Ninth Circuit's decision affirming this Court's preliminary injunction order. *Robbins, et al. v. Rodriguez, et al.*, --- F.3d ---, 2013 U.S. App. LEXIS 7565 (9th Cir. April 16, 2013).

*First*, the Ninth Circuit's decision definitively establishes the right of class members to *Casas* hearings after six months. *See* Dkt. 281 at 21-26 and Dkt. 315 at 5-37. The Ninth Circuit resolved the question in the context of the claims of the two Subclasses for whom the government provided no bond hearings (the Section 1226(c) and 1225(b) Subclasses), but the unanimous opinion makes clear the same holds true for *all* class members. *See Rodriguez*, 2013 U.S. App. LEXIS 7565 at *29 ("the government does not present a persuasive reason why the same protections recognized in *Casas* should not apply to pre-removal order detainees."). The Court concluded as a matter of law that, "[e]ven if *Diouf II* does not squarely hold that detention always becomes prolonged at six months, that conclusion is consistent with the reasoning of *Zadvydas*, *Demore*, *Casas* and *Diouf II*, and we so hold." *Id*. at *30 (internal citation and quotation omitted). Thus, the *only* remaining open questions for this Court concern what additional procedures Respondents must follow when providing hearings. *See* Dkt. 281 at 26-47.[1]

*Second*, the Ninth Circuit's discussion of *V. Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), forecloses Respondents' argument that individuals who have received a procedurally inadequate bond hearing need not receive a second hearing that conforms with due process requirements. The panel construed *V. Singh* as requiring hearings that satisfy due process standards where prior processes have fallen short. *Compare* Dkt. 299 at 29-30 (arguing detainees need not receive a second bond hearing if they already received one under Section 1226(a), even if that hearing did not apply

---

[1] In addition, the proper scope of the class is now a distinct issue in dispute, but the parties have agreed to address their dispute on that subject through a separate motion that Petitioners will shortly file.

1

the burden of proof applicable at *Casas* hearings) *with Rodriguez*, 2013 U.S. App. LEXIS 7565 at *45 (rejecting claim that parole process satisfies constitutional concerns because "*Singh* . . . held that bond hearings must be held before a neutral IJ with the government bearing the burden of proof by clear and convincing evidence. . . . The government does not, and could not, contend that discretionary parole satisfies *Singh*."). *See also V. Singh*, 638 F.3d at 1205 (ordering new bond hearing for individual who previously had procedurally inadequate bond hearing because "we cannot conclude that the clear and convincing evidence standard we adopt today would not have affected the outcome of the bond hearing.").

*Third*, contrary to Respondents' argument that this Court can disregard the Ninth Circuit's ruling based on its newly-presented evidence concerning continuances, Dkt. 330 at 1, 5, in fact the Ninth Circuit was already presented with, and found unpersuasive, Respondents' arguments about continuances. Respondents pointed to the prevalence of continuances – citing evidence and out-of- Circuit authorities – to argue that this Court erroneously granted the preliminary injunction. *See* Opening Brief of Respondents-Appellants at 14, 44-45, 46-47, 47 n.6, *Robbins v. Rodriguez*, --- F.3d ---, 2013 U.S. App. LEXIS 7565 (9th Cir. April 16, 2013), Dkt. 9; Reply Brief of Respondents-Appellants at 13-14, Dkt. 29. The panel also heard arguments from both counsel about continuances.[2] After consideration, the Ninth Circuit rejected that argument. *Robbins, et al. v. Rodriguez, et al.*, 2013 U.S. App. LEXIS 7565 ("To the extent *Diop* and *Ly* reject a categorical time limit, their reasoning in that respect is inapplicable here, both because this petition is a class action (and thus relief will perforce apply to all detainees) and because we already indicated in *Diouf II* that detention is presumptively prolonged when it surpasses six months in duration."). Respondents' request that this Court disregard the Ninth Circuit's holdings based on

---

[2] The argument transcript is available at http://www.ca9.uscourts.gov/media/view.php?pk_id=0000010460. Respondents' counsel discussed the issue at 13:00, and Petitioners' counsel at 18:08.

2

evidence of continuances or out-of-Circuit decisions thus is plainly wrong and, indeed, invites reversible error.

In any event, Respondents never explain *who* should determine whether a continuance is "alien-caused," let alone unjustifiably so, and *when* that determination should take place, at least for purposes of this class action. The obvious answer is that an IJ should make that determination, and should do so when detention reaches six months. Even if there were another alternative – and Respondents have advanced none – it would be foreclosed by the Ninth Circuit's "hold[ing]" that detention "always becomes prolonged at six months." *Rodriguez*, 2013 U.S. App. LEXIS 7565 at *30.

*Fourth*, as Respondents correctly note, Dkt. 330 at 4, the Ninth Circuit's decision rejects one of the two statutory construction theories that Petitioners have advanced regarding the Section 1225(b) Subclass (while adopting the other). Under the Court's ruling, "arriving alien" Subclass members (who constitute the majority of the Section 1225(b) Subclass) are detained under Section 1226(a), and entitled to bond hearings under the authority set forth in that section. *Rodriguez*, 2013 U.S. App. LEXIS 7565 at *42-45. Thus, this issue also is settled in Petitioners' favor.

*Fifth*, the Ninth Circuit rejected Respondents' argument that, if the class does not currently contain lawful permanent residents, Section 1225(b) can be construed to permit prolonged detentions. *Rodriguez*, 2013 U.S. App. LEXIS 7565 at *39 n.9. The Ninth Circuit held this was not a permissible approach to statutory interpretation. *Id.* So long as Section 1225(b) authorizes the detention of lawful permanent residents, which it does, it cannot be construed as authorizing prolonged detention without a bond hearing. *Id.* In any event, as counsel represented during oral argument at the Ninth Circuit, the Section 1225(b) Subclass does in fact contain lawful permanent residents. *See* Declaration of Ahilan Arulanantham ¶ 4.

3

1. For the foregoing reasons, and all those contained in the prior briefing and evidence submitted in this case, Petitioners respectfully request that the Court grant summary judgment on their behalf and enter the proposed order previously submitted. *See* Dkt. 281; 315.

Respectfully submitted,

ACLU OF SOUTHERN CALIFORNIA

Dated:  May 3, 2013

 s/ Ahilan T. Arulanantham
AHILAN T. ARULANANTHAM
Counsel for Petitioners