STUART F. DELERY
Acting Assistant Attorney General
Civil Division
DAVID J. KLINE
Director, Office of Immigration Litigation
District Court Section
THEODORE W. ATKINSON
United States Department of Justice
Office of Immigration Litigation
    P.O. Box 868, Ben Franklin Station
    Washington, DC 20044
    Phone: (202) 532-4135
    theodore.atkinson@usdoj.gov
SARAH S. WILSON
Trial Attorney

Attorneys for Respondents

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*, <br><br> Petitioners, <br><br> vs. <br><br> TIMOTHY S. ROBBINS, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director, et al.*, <br><br> Respondents. | Case No. CV 07-3239-TJH (RNBx) <br><br> **RESPONDENTS' MEMORANDUM IN OPPOSITION TO PETITIONERS' MOTION FOR CLARIFICATION OF THE CLASS DEFINITION** <br><br> Hon. Terry J. Hatter, Jr. <br><br> Hearing Date: June 3, 2013 <br> Hearing Time: UNDER SUBMISSION |

1

# INTRODUCTION

In Petitioners' Motion for Clarification of the Class Definition, Petitioners ask the Court to clarify that the certified class – defined as aliens detained pursuant to one of four enumerated immigration detention statutes pending completion of "*removal proceedings*" – applies to aliens detained under *any* immigration detention statute pending completion of *any* administrative process or proceeding.  Respondents oppose the motion for two reasons.  First, the certified class is limited to aliens detained pending the completion of "removal proceedings," which is defined by 8 U.S.C. § 1229a, where the alien is detained pursuant to one of the following statutes: 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), or 1231(a).  Second, to the extent the motion seeks a modification of the certified class, Respondents oppose the motion based on Petitioners' failure to satisfy Federal Rule of Civil Procedure 23.  Respondents respectfully request that the Court find the certified class excludes aliens not in section 1229a removal proceedings and aliens detained pursuant to other, non-enumerated detention statutes.

# CERTIFIED CLASS DEFINITION

As certified, the class is composed of aliens in *removal* proceedings detained under one of four immigration detention statutes.  On October 22, 2010, Petitioners filed the Third Amended Complaint and requested certification of a class composed of

> [a]ll people within the Central District of California who 1) are or will be detained for longer than six months pursuant to the general immigration detention statutes *pending completion of removal proceedings*, including judicial review, 2) are not detained pursuant to one of the national security detention statutes at 8 U.S.C. § 1226a and 8 U.S.C. § 1531-37 and 3) have not been afforded a bond hearing to determine whether their prolonged detention is justified.

ECF No. 111 at 24, 31(emphasis added).  The complaint further requested certification of four sub-classes corresponding to four detention statutes: (1) 8 U.S.C.

1

§ 1225(b); (2) 8 U.S.C. § 1226(a); (3) 8 U.S.C. § 1226(c); and (4) 8 U.S.C. § 1231(a). The Court certified the class on March 8, 2011. ECF No. 161.

## ARGUMENT

**I.   The court should interpret the class definition as applying exclusively to aliens in proceedings conducted in accordance with 8 USC § 1229a based on the recognized meaning of "removal proceedings" under the Immigration and Nationality Act.**

"Removal proceedings" is a term of art that applies exclusively to proceedings conducted in accordance with 8 USC § 1229a. Section 1229a, appropriately entitled "Removal Proceedings," establishes a specific type of administrative proceeding conducted by an immigration judge for the purpose of determining the inadmissibility or deportability of an alien. 8 U.S.C. § 1229a(a). Removal proceedings are initiated by the Department of Homeland Security ("DHS") filing a Notice to Appear with the immigration court and serving the notice on the alien. *See* 8 U.S.C. § 1229(a); 8 C.F.R. §§ 1003.13, 1003.14. Section 1229a governs the form of removal proceedings, outlines the alien's rights in the proceedings, and establishes the burden of proof. 8 U.S.C. § 1229a(b)(2)-(4), (c). Under the Immigration and Nationality Act ("INA"), in order for an immigration proceeding to qualify as a removal proceeding, it must be conducted in accordance with section 1229a.

Removal proceedings are distinct from another category of immigration proceedings, which are referred to in the Immigration Court Practice Manual as "limited proceedings." *See* Immigration Court Practice Manual at Chapter Seven, Other Proceedings before Immigration Judges, at 105 *available at* http://www.justice.gov/eoir/vll/OCIJPracManual/ocij_page1.htm ("While the vast majority of proceedings conducted by Immigration Judges are removal proceedings, Immigration Judges have jurisdiction over other kinds of proceedings as well. . . . includ[ing] limited proceedings."). Limited proceedings are reserved for aliens that may be removed from the United States without being placed in removal proceedings.

2

*Id.* at 108 ("Certain aliens can be removed from the United States without being placed into removal proceedings. . . . [T]hese aliens may be afforded limited proceedings."). In limited proceedings, the alien is not permitted to raise issues of admissibility, deportability, eligibility for waiver, or any other form of relief not specifically provided for under the provision governing the specific type of limited proceeding. A lawful permanent resident ("LPR") may not be placed in limited proceedings and may only be ordered removed following removal proceedings governed by 8 USC § 1229a. *See* 8 USC § 1228(b) (excluding LPRs from expedited proceedings). Immigration courts recognize limited proceedings are not removal proceedings. *See, e.g.*, *In Re: Rosa Lazo-Guevara*, 2010 WL 1975961 (BIA April 30, 2010) ("Withholding-only proceedings . . . are not removal proceedings.").

Despite the unambiguous meaning of "removal proceedings" under the INA, regulations, immigration court procedures, and in Board decisions, Petitioners assert that "removal proceedings" should be interpreted more broadly than legally defined to include expedited proceedings under 8 USC § 1228(b) ("section 1228(b) proceedings") and other limited proceedings involving aliens with prior, reinstated orders of removal ("reinstatement aliens").[1] ECF No. 336-1 at 8. Section 1228(b) proceedings and proceedings involving reinstatement aliens are reserved for aliens

---

[1] These proceedings include section 1228(b) proceedings, reasonable fear proceedings, and withholding-only proceedings. Section 1228(b) proceedings apply only to non-LPR aliens with aggravated felony convictions who have not expressed fear of persecution or torture. *See* 8 U.S.C. § 1228(b). Reasonable fear proceedings are available to section 1228(b) aliens who express fear of persecution or torture and reinstatement aliens who express fear of persecution or torture to an immigration officer. *See* 8 C.F.R. §§1003.12-1003.41, 1240.1-1240.26. Withholding-only proceedings are available to aliens who obtain a favorable finding of reasonable fear from an asylum officer or, in the case of a negative finding, upon review by an immigration judge. *Id.*; 8 C.F.R. §1208.31. A reasonable fear finding does not necessarily indicate eligibility for withholding of removal as it does not take into account the statutory bars to eligibility. 8 C.F.R. §1208.31(c).

who are statutorily prohibited from contesting their removability and are limited to seeking relief from removal in the form of withholding of removal and protection from removal under the Convention Against Torture.

Petitioners criticize Respondents' class interpretation as "overly technical" but do not cite authority in support of their non-technical interpretation equating removal proceeding with any immigration court proceeding. As discussed above, Respondents' interpretation is supported by unambiguous statutory language contained in the same federal legislation at issue in this litigation. *See* ECF No. 111 (citing INA provisions throughout). Petitioners' non-technical interpretation is undermined by both their heavy reliance on the INA in the complaint and their requested relief, which relies upon immigration judges to understand and apply the class definition to proceedings governed by the INA. The complaint fails to provide notice that "removal proceedings" should be given a meaning other than the one contemplated by the INA.

In support of their definition, Petitioners contend that the "removal proceeding" class requirement may be jettisoned because the class is defined as including aliens seeking *judicial review* of orders entered by an immigration judge in a removal proceeding. The reference to judicial review in the context of removal proceedings has no bearing on Petitioners' claim that reinstatement aliens and section 1228(b) aliens should also be included under the class definition. Aliens in limited proceedings are not seeking review of any order entered in a removal proceeding. Indeed, aliens in these proceedings are not permitted to challenge their removability and immigration judges presiding over these limited proceedings expressly lack the authority to reopen or review the prior order of removal. *See* 8 U.S.C. § 1231(a)(5). In contrast, aliens seeking judicial review of an order entered by an immigration judge in the alien's removal proceedings fall within the class definition as aliens challenging their removability through the established judicial review process. *See Casas-Castrillon v. DHS*, 535 F.3d 942 (9th Cir. 2008). Similarly, aliens challenging a

decision on a motion to reopen by the immigration judge that presided over the alien's *removal* proceedings are seeking *judicial review* of a decision made in the alien's *removal* proceedings. Neither example provides a basis to rewrite the class definition to include aliens in limited proceedings.

Petitioners also assert that the inadvertent production of a non-class member's administrative file as part of Respondents' production of more than 1000 administrative files indicates these individuals, and all others like them, are class members. As Petitioners have acknowledged, not all of the files produced by Respondents during discovery belong to class members. *See, e.g.,* ECF No. 281-3, Declaration of Michael Kaufman, at ¶¶ 22-25 (identifying 83 non-class member administrative files produced by Respondents); *see also* ¶ 5 (authenticating correspondence from Respondents' counsel to Petitioners' counsel noting that Respondents do not have the means to identify aliens by the statute authorizing detention). There is no reason to assume the inadvertent disclosure of non-class members' files was intended to alter the class definition. Accordingly, the express terms of the certified class as defined by the INA should control the scope of the certified class.

**II.  The Court should decline to interpret the class definition to apply to aliens detained pursuant to non-enumerated detention statutes.**

In addition to reinstatement aliens and section 1228(b) aliens, Petitioners claim that aliens detained under the Visa Waiver Program ("VWP aliens") should be considered part of the certified class. VWP aliens are not detained under the detention statutes challenged by Petitioners in the Third Amended Complaint.[2]  *See* ECF No.

---

[2] VWP aliens also fail to qualify for class membership because they are not in removal proceedings. By entering or attempting to enter the United States under the visa waiver program, VWP aliens waive their right to challenge their removability in a removal proceeding. *See* 8 U.S.C. § 1187(b)(2) (VWP alien must waive any right "to contest, other than on the basis of an application for asylum, any action for removal of the alien"). Thus, if a VWP alien expresses a fear of persecution or torture to an

*(Footnote continued)*

5

111 at ¶ 108 (defining the four subclasses by detention statute). The certified class by its express terms applies only to aliens detained under one of four detention statutes, sections 1225(b), 1226(a), 1226(c), or 1231(a). In *Matter of A-W*, 25 I. & N. Dec. 45, 47-48 (BIA 2009), the Board concluded that the statutory authority for detaining an alien who has been ordered removed under the VWP is found at 8 U.S.C. § 1187(c)(2)(E), and not in any of the enumerated detention statutes challenged in this action.

      Although Petitioners express their disagreement with the Board's decision in *Matter of A-W-*, they do not provide an argument that would support ignoring the decision for purposes of determining the scope of the class. Petitioners do not contest the Board's authority to interpret the INA, nor do they otherwise challenge the *Matter of A-W-*decision in the latest iteration of their complaint, which Petitioners amended after *Matter of A-W-* was issued by the Board. Further, under Petitioners' argument, VWP aliens become class members only *after* the Court finds that VWP detention is prolonged after 180 days and, therefore converts to 8 U.S.C. § 1226(a) detention. The Court, however, cannot enter such an order unless VWP aliens are class members. By the same logic, if Petitioners prevail on their claims regarding the 1226(c) subclass, the entire 1226(c) subclass would evaporate upon the Court finding that 1226(c) detention expires after six months of detention. To avoid such an anomalous result, class membership must be determined based on the statute presently governing

---

immigration officer, the alien is placed in asylum-only proceedings and is not afforded the heightened protections of a removal proceeding. *Id*. Aliens in asylum-only proceedings may seek relief only in the form of an application for asylum, withholding of removal, and protection under the Convention Against Torture. *See* 8 C.F.R. §§1003.12-1003.41, 1240.1-1240.26.

detention, not a statute a court may later find governs the alien's prolonged detention. Therefore, VWP aliens are outside the scope of the class definition.[3]

### III. Petitioners' motion is an improper attempt to amend the class definition without meeting Rule 23's requirements for class certification.

To the extent that Petitioners' motion may be read as a motion to amend the class certification order, Respondents oppose the motion as failing to meet the requirement for class certification under Federal Rule of Civil Procedure 23. Petitioners have not provided sufficient information to show that the inclusion of these aliens would be appropriate under Rule 23.[4] For instance, Petitioners have not taken a position on subclass eligibility for the proposed class members. This is problematic due to the unique statutory position of detained aliens in limited proceedings because they may not share a common question of law and fact with class members in removal proceedings. To satisfy Rule 23's commonality requirement, the class "claims must depend upon a common contention." *Wal–Mart Stores, Inc. v. Dukes,* --- U.S. ----, 131 S. Ct. 2541, 2551 (2011). The "common contention . . . must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Detention during the limited proceedings raised by Petitioners is sufficiency distinguishable from detention during removal proceedings such that they are unlikely to share a common claim that is capable of classwide resolution. By statute, lawful permanent residents are not subject to these limited proceedings. *See* 8

---

[3] This does not prevent a VWP alien – or any other alien not within the certified class – from individually challenging their detention under a prolonged detention theory. It simply forecloses the alien from doing so as part of the certified class.

[4] In fact, it is unclear from Petitioners' motion whether there are *any* aliens in section 1228(b) proceedings that have been detained in the Central District of California for 180 days or longer. Petitioners also fail to provide any estimate for the number of aliens that would be added to the class under an amended class certification order that includes all aliens Petitioners believe should be considered class members.

7

U.S.C. §§ 1228(b), 1187(c)(2) (limited to persons entering under visa waiver program).  Limited proceedings may be used only where the aliens has no statutory right to challenge the basis for removal.  Therefore, the detention of aliens subject to limited proceedings presents a different question of constitutional law and statutory interpretation from the detention of aliens in removal proceedings.  As a result, aliens in limited proceedings are unlikely to be entitled the same relief as the certified class. *See Rodriguez v. Robbins*, --- F.3d ---, 2013 WL 1607706, *10 (9th Cir. 2013) (applying statutory construction argument to avoid unconstitutional application of 8 U.S.C. §1225(b) to lawful permanent residents).  Accordingly, the Court should find aliens in limited proceedings are not members of the certified class and decline to modify the class certification order.

## **CONCLUSION**

For the foregoing reasons, this Court should deny Petitioners' motion for clarification.

Date: May 13, 2013

STUART F. DELERY
Acting Assistant Attorney General
Civil Division
DAVID J. KLINE
Director, Office of Immigration Litigation
District Court Section
VICTOR M. LAWRENCE
Principal Assistant Director
THEODORE W. ATKINSON
United States Department of Justice
Office of Immigration Litigation

/s/ Sarah S. Wilson
SARAH S. WILSON
Trial Attorney
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4700
sarah.s.wilson@usdoj.gov

Attorneys for Respondents

# CERTIFICATE OF SERVICE

I certify that on May 13, 2013, I served a copy of the foregoing through the Court's CM/ECF system on the following counsel of record:

Ahilan T. Arulanantham
ACLU Foundation of Southern California
1616 Beverly Boulevard
Los Angeles, CA 90026
213-977-5211
Fax: 213-977-5297
Email: aarulanantham@aclu-sc.org

Jayashri Srikantiah
Stanford Law School
Immigrants' Rights Clinic,
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
650-724-2442
Fax: 650-723-4426
Email: jsrikantiah@law.stanford.edu

Sean Commons
Sidley Austin
555 West Fifth Street Suite 4000
Los Angeles, CA 90013-1010
213-816-6000
Fax: 213-896-6600
Email: scommons@sidley.com

Judy Rabinovitz
ACLU Immigrants' Rights Project
125 Broad Street 18th Floor
New York, NY 10004
212-549-2618
Fax: 212-549-2654
Email: jrabinovitz@aclu.org

Cody Jacobs
Sidley Austin LLP
555 West Fifth Street Suite 4000
Los Angeles, CA 90013-1010
213-896-6000
Fax: 213-896-6600
Email: cjacobs@sidley.com

*/s/  Sarah S. Wilson*
Sarah S. Wilson
Trial Attorney
United States Department of Justice