AHILAN T. ARULANANTHAM (SBN 237841)
aarulanantham@aclu-sc.org
MICHAEL KAUFMAN (SBN 254575)
mkaufman@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5211
Facsimile: (213) 977-5297

*Attorneys for Petitioner*
(Additional counsel listed on following page)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, for themselves and on behalf of a class of similarly-situated individuals, | Case No. CV 2:07-3239-TJH (RNBx) **DISCOVERY MATTER** JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL PURSUANT TO LOCAL RULE 37-2 |
| Petitioners, | |
| vs. | Honorable Robert N. Block |
| ERIC HOLDER, United States Attorney General; JANET NAPOLITANO, Secretary, Homeland Security; THOMAS G. SNOW, Acting Director, Executive Office for Immigration Review; TIMOTHY ROBBINS, Field Office Director, Los Angeles District Immigration and Customs Enforcement; WESLEY LEE, Officer-in-Charge, Mira Loma Detention Center; et al.; RODNEY PENNER, Captain, Mira Loma Detention Center; SANDRA HUTCHENS, Sheriff of Orange County; OFFICER NGUYEN, Officer-in-Charge, Theo Lacy Facility; CAPTAIN DAVIS NIGHSWONGER, Commander, Theo Lacy Facility; CAPTAIN MIKE KREUGER, Operations Manager, James A. Musick Facility; ARTHUR EDWARDS, Officer-in-Charge, Santa Ana City Jail; RUSSELL DAVIS, Jail Administrator, Santa Ana City Jail, | Complaint Filed May 16, 2007 Hearing Date: July 16, 2013 Time: 9:30 AM Place: Courtroom 6D |
| Respondents. | |

---

**JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL PURSUANT TO LR 37-2**

1   Additional counsel:

2   JUDY RABINOVITZ
    JRabinovitz@aclu.org
3   AMERICAN CIVIL LIBERTIES FOUNDATION
    IMMIGRANTS' RIGHTS PROJECT
4   125 Broad Street, 18th Floor
    New York, NY 10004
5   Telephone: (212) 549-2618
    Facsimile: (212) 549-2654
6
    MICHAEL TAN (SBN 284869)
7   mtan@aclu.org
    AMERICAN CIVIL LIBERTIES FOUNDATION
8   IMMIGRANTS' RIGHTS PROJECT
    39 Drumm Street
9   San Francisco, CA 94111
    Telephone: (415) 343-0779
10  Facsimile: (415) 395-0950

11  JAYASHRI SRIKANTIAH (SBN 189566)
    jsrikantiah@law.stanford.edu
12  STANFORD LAW SCHOOL
    IMMIGRANTS' RIGHTS CLINIC
13  Crown Quadrangle
    559 Nathan Abbott Way
14  Stanford, CA 94305-8610
    Telephone: (650) 724-2442
15  Facsimile: (650) 723-4426

16  SEAN COMMONS (SBN 217603)
    scommons@sidley.com
17  JONATHAN FEINGOLD (SBN 286302)
    jfeingold@sidley.com
18  SIDLEY AUSTIN LLP
    555 West Fifth Street, Suite 4000
19  Los Angeles, CA 90013-1010
    Telephone: (213) 896-6000
20  Facsimile: (213) 896-6600

21  Attorneys for Petitioners

22

23

24

25

26

27

28

**JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL
PURSUANT TO LR 37-2**

# TABLE OF CONTENTS

**Page**

JOINT INTRODUCTORY STATEMENT AND OVERVIEW .................................. 1

I.    NATURE OF THE CASE AND PROCEDURAL BACKGROUND ................ 1

THE PARTIES' INTRODUCTORY STATEMENTS ...................................... 3

I.    PETITIONERS' INTRODUCTORY STATEMENT ................................ 3

II.   RESPONDENTS' INTRODUCTORY STATEMENT ...................................... 6

PARTIES' CONTENTIONS AS TO THE DISPUTED DISCOVERY ...................... 8

I.    INFORMATION SUPPORTING RESPONDENTS' CLAIM
      REGARDING BOND HEARING OUTCOMES ...................................... 8

      A.    Disputed Discovery ...................................... 8

      B.    Parties' Proposals ...................................... 8

      C.    Petitioners' Contentions ...................................... 9

            1.    Rule 26(a), (e) mandates disclosure of information about
                  bond hearings because Respondents have advanced a variety
                  of defenses that depend on the occurrence and outcomes of
                  bond hearings ...................................... 10

            2.    The information Petitioners seek would confirm whether
                  Respondents have complied with the preliminary injunction ....... 14

            3.    If necessary, the Court should exercise its discretion to
                  reopen fact discovery for the limited purpose of obtaining
                  information about bond hearings ...................................... 15

      D.    Respondents' Contentions ...................................... 17

            1.    Rule 26(a) does not require Respondents to produce the
                  documentary information Petitioners seek. ...................................... 17

                  a.    Respondents' answer to a question posed by the Ninth
                        Circuit panel at oral argument does not show that
                        Respondents used the information in their answer to
                        support a claim or defense advanced by Respondents ....... 17

                  b.    Rule 26(a) requires Respondents to disclose
                        documents containing relevant information, not the
                        documents themselves ...................................... 20

            2.    This Court should deny Petitioner's motion to compel on
                  grounds that Respondents have failed to comply with the
                  preliminary injunction order ...................................... 20

i

3.      This Court should decline Petitioners' motion to reopen............23

**JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL PURSUANT TO LR 37-2.1**

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*A&M Records, Inc. v. Napster, Inc.*,
284 F.3d 1091 (9th Cir. 2002) ...................................................5,13, 21

*Forbes v. 21st Century Ins. Co.*,
258 F.R.D. 335 (D. Ariz. 2009) ........................................................ 19

*Hardin v. Wal-Mart Stores, Inc.*,
No. 08–CV–0617 AWI BAM, 2012 WL 2921226 (E.D. Cal. July 17, 2012)...25

*Gerawan Farming, Inc. v. Rehrig Pacific Co.*,
No. 1:11–cv–1273 LJO BAM, 2013 WL 1982797 (E.D. Cal. May 13, 2013)..20

*Gorzynski v. Jetblue Airways Corp.*,
Case No. 03CV774A, 2012 WL 712067 (W.D.N.Y. March 5, 2012) ..............11

*Green v. Baca*,
219 F.R.D. 485 (C.D. Cal. 2003)........................................................ 10

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992)........................................................23, 24

*McCollum v. UPS Ground Freight Inc.*,
No. CV11–0961 PHX DGC, 2013 WL 105225 (D. Ariz. Jan. 9, 2013)............18

*McConnell v. Wal-Mart Stores, Inc.*,
No. 2:12–cv–01601–RCJ–PAL,
2013 WL 2232791 (D. Nev. May 17, 2013) ...................................... 18

*Perkins v. Contra Costa Cnty. Sheriff's Dep't J-Team*,
C 07-02013 CW, 2010 WL 539260 (N.D. Cal. Feb. 9, 2010) .......................... 16

*Prieto-Romero v. Clark*,
534 F.3d 1053 (9th Cir. 2008) ........................................................22

*Rodriguez v. Robbins*,
12-56734, 2013 WL 1607706 (9th Cir. Apr. 16, 2013) ............................passim

*Rund v. Charter Commc'ns, Inc.*,
CIV S-05-0502 FCD GG, 2006 WL 3271606 (E.D. Cal. Nov. 13, 2006).........16

*Small v. Avanti Health Sys., LLC*,
661 F.3d 1180 (9th Cir. 2011)........................................................13, 22

**STATUTES**

8 U.S.C. § 1226(c) ................................................................1

8 U.S.C. § 1225(b) ................................................................1

**JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL PURSUANT TO LR 37-2.1**

1

28 U.S.C. § 636(b)(1)(A) ............................................................21

2

Immigration and Nationality Act, 8 U.S.C. §§ 1101, et seq. .....................................1

3

**OTHER AUTHORITIES**

4

8 Charles Alan Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice
    & Procedure § 2053 (Supp. 2009) ......................................................18

5

6

Fed. R. Civ. P. 16(a) ............................................................23

7

Fed. R. Civ. P. 26(a) ............................................................passim

Fed. R. Civ. P. 26(e) ............................................................passim

8

Fed. R. Civ. P. 33 ............................................................8

9

Fed. R. Civ. P. 37(a)(3)(A) ............................................................4

10

Central District Local Rule 37-2 ............................................................1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL
PURSUANT TO LR 37-2.1**

1

**JOINT INTRODUCTORY STATEMENT AND OVERVIEW**

2      Pursuant to Local Rule 37-2, Petitioner Alejandro Rodriguez, on behalf of

3   himself and other members of the class (collectively, "Petitioners"), and Timothy S.

4   Robbins, *et al.* (collectively, "Respondents" or "the Government") submit this Joint

5   Stipulation Regarding Petitioners' Motion to Compel mandatory Supplemental

6   Disclosures, or in the alternative, Reopen Fact Discovery ("Motion To Compel").

7   **I.    NATURE OF THE CASE AND PROCEDURAL BACKGROUND**

8      This case concerns a class of non-citizens who have been subjected to

9   immigration detention in excess of six months by Immigration and Customs

10  Enforcement ("ICE") while their removal proceedings remain pending without

11  receiving constitutionally adequate bond hearings.  *See* Third Amended Complaint

12  ("TAC")  (Dkt. 111).  Petitioners "challenge their prolonged detention without

13  adequate process on statutory and constitutional grounds, on behalf of themselves and

14  a class of similarly-situated detainees." *Id.* at ¶ 1.  Petitioners claim that under the

15  Immigration and Nationality Act, 8 U.S.C. §§ 1101, et seq., and the Due Process

16  Clause of the Fifth Amendment, every class member is entitled to a constitutionally-

17  adequate individualized hearing before an immigration judge.

18      On June 25, 2012, Petitioners moved for a preliminary injunction requiring

19  Respondents to provide bond hearings to class members detained pursuant to 8 U.S.C.

20  §§ 1226(c) and 1225(b) ("PI Subclasses").  *See* Dkt. 232-1.  The Government

21  opposed, arguing, *inter alia*, that Petitioners could not demonstrate a substantial

22  likelihood that all PI Subclass members were entitled to bond hearings at six months,

23  that the requested relief would cause irreparable harm, that the balance of equities is in

24  the Government's favor, and that any injunction would be against the public's interest.

25  *See* Dkt. 250.  On September 13, 2013, the Court granted the preliminary injunction

26  ("PI").  *See* Dkt. 255.  The PI, which remains in effect, requires Respondents to

27  "identify all [PI Subclass members] and provide each of them with a bond hearing" in

28  which the "Immigration Judge shall release each Subclass member on reasonable

conditions of supervision . . . unless the government shows by clear and convincing evidence that continued detention is justified based on his or her danger to the community or risk of flight" and to "develop a system to timely identify all future Subclass members and ensure that they receive . . . bond hearings." *Id*.

Respondents moved *ex parte* to stay the PI pending an appeal to the Ninth Circuit. *See* Dkt. 256. The Court denied Respondents' request. *See* Dkt. 257. Respondents thereafter requested that the Ninth Circuit stay the PI pending an appeal. *See* Ninth Cir., No. 12-56734, Dkt. 2. The Ninth Circuit denied Respondents' request (except insofar as it granted an extension of the deadline for compliance). *See* Ninth Cir., No. 12-56734, Dkt. 4.

At the same time, Petitioners sought from Respondents information about the bond hearings conducted pursuant to the Court's PI order ("PI bond hearings"). The parties reached an agreement whereby Respondents agreed to provide the hearing notices for PI bond hearings to Petitioners on an on-going basis. Petitioners also sought from Respondents information concerning the PI bond hearings, but the parties reached no agreement and no further information was provided.

On March 4, 2013, during oral argument before the Ninth Circuit for Respondents' appeal of this Court's PI order, a Circuit judge questioned Respondents' counsel concerning the conduct of the PI bond hearings. In response, Respondents' counsel made the following representation: "There have been approximately 400 bond hearing under the PI, and I believe that something close to two-thirds of those aliens have been released on bond." Oral Argument at 33:07, http://cdn.ca9.uscourts.gov/datastore/media/2013/03/04/12-56734.wma. The Ninth Circuit, in its written decision affirming the PI in its entirety, cited this representation twice. First, as relevant background for its ruling, the court stated that "[a]t oral argument, government counsel represented that, since bond hearings began in mid-November of 2012, about 400 hearings have been conducted under the district court's

**JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL
PURSUANT TO LR 37-2**

1  order.  Government counsel stated that about two-thirds of those hearings resulted in

2  the release of the alien on bond." *Rodriguez v. Robbins*, 12-56734, 2013 WL

3  1607706, at *1 n.2 (9th Cir. Apr. 16, 2013).  Later, the Ninth Circuit referred back to

4  this representation as grounds for rejecting the "government's arguments regarding the

5  resources required to implement the injunction" as "not compelling."  *Id.* at *14

6  (noting that "[h]undreds of hearings have already occurred under the district court's

7  order, belying any suggestion that the preliminary injunction is prohibitively

8  burdensome").

9       On March 12, 2013, in light of Respondents' representation to the Ninth

10  Circuit, and the Ninth Circuit's references to that representation in its ruling,

11  Petitioners renewed their request that Respondents disclose PI bond hearing outcome

12  information.  Respondents assert that Petitioners have no right to demand such

13  information.  Unable to resolve the dispute through the meet and confer process,

14  Petitioners bring this motion to compel disclosure.[1]

15                **THE PARTIES' INTRODUCTORY STATEMENTS**

16  **I.     PETITIONERS' INTRODUCTORY STATEMENT**

17       Petitioners are once again forced to seek this Court's intervention because

18  Respondents refuse to disclose plainly relevant information about class members.

19  *See, e.g.*, Dkt. 169 (granting Petitioners' motion to compel disclosure of, *inter alia*, A-

20  File material and written policies, procedures, and practices relating to various

21  custody review proceedings); Dkt. 195 (granting Petitioners' motion to compel

22  disclosure of additional A-file materials).  As with the prior requests, the information

23  Petitioners seek is plainly relevant: Petitioners seek the basis for a factual

24  representation Respondents made to the Ninth Circuit, and which the Ninth Circuit

25  _____

26  [1] Although Petitioners had requested information concerning bond hearing outcomes
from Respondents prior to the Ninth Circuit's decision, Petitioners did not state an

27  intention to move to compel the information until after the Court's ruling.

28
                                **3**
       **JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL
                       PURSUANT TO LR 37-2**

relied on in its decision affirming this Court's PI.  However, unlike with at least some prior requests, Respondents cannot even arguably claim that the request is burdensome.  The information sought is maintained in Respondents' databases and is readily accessible.  In fact, Petitioners have disclaimed any interest (for purposes of this request) in information that is not already kept in Respondents' databases.

Petitioners are entitled to this information for three basic reasons.  First, Rule 26(a) compels disclosure because, as Respondents' representation at oral argument confirms, the Government "may use [information about *Rodriguez* bond hearings] to support its claims or defenses" in this litigation. Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii). Not only have Respondents already used this information before the Ninth Circuit, they may well use it again; Respondents may seek rehearing en banc, and may file a petition for certiorari with the United States Supreme Court.  And having acknowledged that the issues underlying Petitioners' preliminary injunction are practically identical to those underlying a permanent injunction, Respondents may again use this information to oppose a permanent injunction. *See* Dkt. 250 at 3 (acknowledging that Petitioners' preliminary injunction constitutes "relief that is nearly identical to the relief [Petitioners] seek in a final judgment").

Indeed, Respondents have already argued that providing the PI bond hearings will cause irreparable harm and that the balance of equities is in their favor – issues relevant not just to the PI appeal, but also to the permanent injunction Petitioners presently seek, and which Respondents oppose. *See, e.g.*, Dkt. 256-1; Dkt. 299 at 24-25, 29, 36-39 (asserting, *inter alia*, that class members include serious criminals who pose inherent flight risks; that detainees have filed and will continue to file frivolous continuances in order reach the six-month detention threshold, and that Petitioners' requested relief is impracticable).  As a result, Respondents have an affirmative obligation under Rule 26(a)(1)(A)(i)-(ii) to disclose information and documents relating to PI bond hearings afforded to class members. *See* Fed. R. Civ. P.

**4**

**JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL PURSUANT TO LR 37-2**

1   37(a)(3)(A) ("If a party fails to make a disclosure required by Rule 26(a), any other

2   party may move to compel disclosure and for appropriate sanctions.").  That

3   obligation is only heightened where, as here, Petitioners have tried other methods to

4   gain access to this information, and where based on the evidence they have uncovered,

5   Petitioners have significant doubts about the accuracy of the representation that

6   Respondents have made to the Court. [2]

7         Second, the Court should compel disclosure to ensure compliance with the PI.

8   Courts have the power to impose affirmative obligations, such as periodic disclosure,

9   to ensure that a party is taking reasonable steps to comply with a preliminary

10   injunction.  *See A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1096 (9th Cir.

11   2002) (court "carefully monitored" defendant's compliance with modified preliminary

12   injunction by "requir[ing] periodic reports from the parties and held several

13   compliance hearings" and "appoint[ing] a technical advisor to assist in evaluating

14   [defendant's] compliance").

15         Third, if necessary to afford Petitioners the relief they seek, the Court can and

16   should exercise its discretion to reopen discovery for the limited purpose of ordering

17   Respondents to produce this information.  Petitioners had no ability to obtain this

18   information prior to the close of fact discovery because it did not exist, and the

19   information bears directly on core issues in this case.  Regardless of how the district

20   court resolves the pending motions for summary judgment, the Ninth Circuit has

21   shown that it considers this information relevant to the propriety of injunctive relief.

---

[2] *See* Declaration of Michael Kaufman ¶¶ 4-7 ("Kaufman Decl.").  As explained below, Petitioners have gone to great lengths to independently monitor the outcomes of PI bond hearings.  Petitioners efforts have proven insufficient to obtain comprehensive information about the hearings.  Nonetheless, based on the limited and incomplete information currently available, Petitioners have reason to suspect that, contrary to Respondents' representation, perhaps two thirds of class members have had a bond amount *set*, but two thirds likely have not obtained their release by posting such bonds.

**5**

**JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL PURSUANT TO LR 37-2**

1  Respondents agree, having conceded that issues underlying Petitioners' preliminary

2  injunction are practically identical to those underlying a permanent injunction. *See*

3  Dkt. 250 at 3 (acknowledging that Petitioners' preliminary injunction constitutes

4  "relief that is nearly identical to the relief [Petitioners] seek in a final judgment").

5  ## II.    RESPONDENTS' INTRODUCTORY STATEMENT

6       Petitioners' motion to compel is based on the flimsiest of theories and should be

7  denied.  They contend that because Respondents answered a question at oral argument

8  before the Ninth Circuit about the number of bond hearings given under the

9  preliminary injunction – an answer the Ninth Circuit cited *against* the government's

10  position – Respondents have "used" information "in support of" their claims or

11  defenses that obligates Respondents, under Rule 26(a)(1), to produce a host of

12  information concerning those hearings in discovery, which closed six months ago.

13  Petitioners' arguments stretch Rule 26(a)(1) to ends plainly unintended under the

14  Rule.  The information contained in counsel's brief answer to the Ninth Circuit is not

15  information Respondents had ever sought to use in this action, let alone use to support

16  a claim or defense advanced by Respondents.  Moreover, even if Rule 26(a)(1)

17  applied in this context – and it plainly does not – that rule does not obligate

18  Respondents to produce documents reflecting the information Petitioners seek.  At

19  most, it requires Respondents to identify the categories and locations of such

20  documents.  Petitioners' attempt to invoke Rule 26(a)(1) to compel the production of

21  the documents Petitioners now seek should be rejected because Petitioners' arguments

22  concerning the application of that rule are wholly without merit.

23       Second, Petitioners argue that the Court should compel the production of such

24  documents to ensure compliance with the preliminary injunction.  Respondents'

25  overreach in this regard is breathtaking.  Petitioners do not once identify how

26  Respondents have failed to provide any class member so entitled with a *Rodriguez*

27  bond hearing, and their argument that there are unresolved compliance issues is flatly

28

**6**

1    misleading.  Respondents have routinely and voluntarily, without court order,

2    provided Petitioners with copies of the notices of the *Rodriguez* bond hearings as they

3    are scheduled – the same notices sent to detainees or their attorney representatives

4    receive.  *Not once* have Petitioners ever complained that hearings are not being

5    scheduled or held in accordance with the injunction.  Each time Petitioners have raised

6    a concern about the conduct of *Rodriguez* bond hearings, those concerns have been

7    limited to tangential issues – *e.g.,* whether a single immigration attorney can enter a

8    limited appearance before the immigration court, whether certain aliens were

9    receiving appropriate bond – Respondents investigated and responded to the

10   Petitioners' concerns, without further complaint from Petitioners.

11        Petitioners' ginned-up assertion that there are "compliance issues" is a pretext

12   for discovery which Petitioners have not formally sought and to which they are not

13   entitled under the preliminary injunction.  If Petitioners believe that the preliminary

14   injunction should be amended to require certain reporting or monitoring information,

15   they may request as much from the district court.  This Court should reject Petitioners'

16   efforts to bypass procedures available to them, and reject their groundless argument

17   that this Court should require discovery Petitioners have never before sought, and to

18   which Respondents have not even had opportunity to object, on a motion to compel.

19        Third, this Court should decline to reopen discovery to allow Petitioners to seek

20   the information they seek, because the information is neither relevant to the remaining

21   claims in this action.  While it is true that during the litigation over the preliminary

22   injunction, Respondents raised concerns that bond hearings would be burdensome,

23   Respondents lost that argument, both before the district court and before the Ninth

24   Circuit.  The litigation over the preliminary injunction is over, and discovery to probe

25   an argument on which Respondents have lost is irrelevant.  Nor is the discovery

26   Petitioners now seek relevant to any of the claims or defenses concerning the issues of

27   statutory construction and constitutional interpretation now before the district court on

28

**7**

**JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL**
**PURSUANT TO LR 37-2**

1 the cross-motions for summary judgment now briefed and submitted to the district

2 court.

3       Finally, even if such information is relevant to the claims and defenses in

4 summary judgment, Petitioners are incorrect that requiring the production of the

5 information goes hand in hand with granting reopening. If this Court agrees to reopen

6 discovery for the limited purpose of discovery over information supporting

7 Respondents' answer to a question at oral argument before the Ninth Circuit,

8 Respondents should be afforded the opportunity to object to any formal discovery

9 request Petitioners may make after reopening in accordance with Rules 26 and 33 of

10 the federal rules.

11       Petitioners' efforts to obtain discovery not compelled by Rule 26(a)(1), not

12 required by the terms of the preliminary injunction, and not relevant to any issues that

13 remain pending in this action should be rejected. Accordingly, this Court should deny

14 Petitioners' motion to compel and their motion to reopen.

15     **PARTIES' CONTENTIONS AS TO THE DISPUTED DISCOVERY**

16 **I.**    **INFORMATION SUPPORTING RESPONDENTS' CLAIM**

17       **REGARDING BOND HEARING OUTCOMES**

18      **A.**    **Disputed Discovery**

19       Petitioners have requested information about bond hearings provided to

20 *Rodriguez* class members, including: the name of each such class member; their A

21 number; the date of the *Rodriguez* hearing; the name of the presiding Immigration

22 Judge; the outcome of the hearing (i.e., whether bond was denied or granted, the bond

23 amount (if any), and other release conditions (if any)); the date on which the bond was

24 posted (if any); the date of the class member's release (if any); attorney contact

25 information (if any); and contact information for the class member (if any).

26

27

28

**8**

### B.    Parties' Proposals

During the May 28, 2013 telephonic meet and confer, Respondents suggested that they may agree to voluntary disclosure if subject to certain, but yet undefined restrictions.  Potential restrictions included: Petitioners (1) may not use the information outside of the present litigation, and (2) may not use the information for any motion regarding compliance.  Petitioners expressed doubts about the proposal for several reasons, including that Petitioners could not agree to waive the right to use relevant information bearing on non-compliance with this Court's PI.  A firm proposal with defined restrictions was never extended.

### C.    Petitioners' Contentions

Petitioners seek basic information relating to how Respondents have implemented this Court's PI.  Petitioners first asked Respondents to provide information concerning when the bond hearings would take place and who would receive them.  The parties negotiated the issue and ultimately Respondents agreed to provide that information.  Since on or about mid-December 2012, Respondents have provided Petitioners with notice on an on-going basis – usually only a few days in advance – of upcoming PI bond hearings.  Petitioners have attended some of these hearings, but the short advanced notice provided to Petitioners and the immigration courts' scheduling practices have made it impossible for Petitioners to observe the vast majority of PI bond hearings and to obtain complete information on the outcome of the hearings.  *See* Kaufman Decl. ¶ 4.  Petitioners have also attempted to obtain information by interviewing class members at detention centers throughout the Central District, but this process is extremely time-consuming and incomplete.  *See id.* at ¶¶ 5-6.  As a result, Petitioners continue to request that Respondents disclose the same data they summarized to the Ninth Circuit, as well as certain other information that would allow Petitioners to assess the accuracy of Respondents' representation.

**JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL PURSUANT TO LR 37-2**

The information Petitioners seek undeniably is relevant and readily-accessible to Respondents. Respondents should have disclosed it for at least two basic reasons. *First*, because Respondents have relied upon bond hearing information in their claims and defenses in this case, Rule 26(a) and (e) require disclosure of the information. They did so most obviously on appeal from the PI, which led the Ninth Circuit to rely upon Respondents' representation in its published affirmance. They also have relied upon evidentiary assertions about PI bond hearings at other times in this litigation, including most recently in cross-motions for summary judgment. Respondents have asserted that affording bond hearings to class members would cause irreparable harm, that the balance of equities counsel against such hearings, that such hearings would be difficult to implement administratively, and that the public interest does not favor providing them. Each of these arguments rests upon implicit evidentiary assertions about the hearings this Court ordered.

*Second*, the bond information will better enable Petitioners and the Court to evaluate whether Respondents have taken reasonable steps to comply with the PI. The "important constitutional issues" in this litigation favor permitting this limited discovery, *Green v. Baca*, 219 F.R.D. 485, 492-493 (C.D. Cal. 2003), particularly now that the Ninth Circuit relied on the information at issue and that Petitioners have good reason to doubt its accuracy.

1. **Rule 26(a), (e) mandates disclosure of information about bond hearings because Respondents have advanced a variety of defenses that depend on the occurrence and outcomes of bond hearings**

Respondents have an obligation, without awaiting a formal discovery request, to provide Petitioners with "a copy . . . of all documents, electronically stored information, and tangible things that [Respondents have in their] possession, custody, or control and may use to support [their] claims or defenses, unless the use would be

**JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL PURSUANT TO LR 37-2**

1    solely for impeachment." Fed. R. Civ. P. 26(a). The bond hearing information is

2    precisely such information.

3        The obligation to voluntarily disclose information that a party "may use" is

4    broad. The drafters of Rule 26 explained that "use" includes "any use at a pretrial

5    conference, to support a motion, or at trial." Adv. Comm. Notes to 2000 amendments

6    to Fed. R. Civ. P. 26(a)(1). The duty to disclose is triggered even if the party merely

7    "intends to use" information during the course of discovery should "the need arise[]."

8    *Id.* Once a party intends to use certain information should the need arise, the Rule

9    26(a) disclosure obligation "attaches." *Id.*

10       Rule 26(e)'s duty to supplement initial disclosures is ongoing; the duty extends

11   beyond the close of formal fact discovery and "applies whether the corrective

12   information is learned by the client or by the attorney."[3] *See Gorzynski v. Jetblue*

13   *Airways Corp.*, Case No. 03CV774A, 2012 WL 712067 (W.D.N.Y. March 5, 2012)

14   (rejecting argument that close of fact discovery excused duty to supplement, and

15   granting motion to compel); Adv. Comm. Notes to 1993 amendments to Fed. R. Civ.

16   P. 26(e). "The obligation to supplement disclosures . . . applies whenever a party

17   learns that its prior disclosures or responses are in some material respect incomplete or

18   incorrect. . . ." Adv. Comm. Notes to 2000 amendments to Fed. R. Civ. P. 26(a) and

19   (e). In fact, "supplementations . . . should be made . . . with special promptness as the

20   trial date approaches." Adv. Comm. Notes to 1993 amendments to Fed. R. Civ. P.

21   26(a).

22       In this case, Respondents have used information about PI bond hearings in pre-

23   trial proceedings, but still refuse to comply with their Rule 26 disclosure obligations.

24   Most recently, Respondents made a specific factual representation to the Ninth Circuit

25   during its appeal seeking to overturn this Court's PI order. Respondents claimed that

26   _____

27   [3] During the meet and confer process, Respondents disclaimed the position that
     Petitioners could not seek this information because discovery has closed.

28

**11**

**JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL
PURSUANT TO LR 37-2**

1    "[t]here have been approximately 400 bond hearing under the PI, and . . . something

2    close to two-thirds of those aliens have been released on bond."  Oral Argument at

3    33:07.  In its published decision affirming the PI, the Ninth Circuit cited this

4    representation both in its background section and again to explain that factors such as

5    administrative burden did not weigh against bond hearings.  *Rodriguez*, 2013 WL

6    1607706 at *1 n.2, 14.  By twice invoking Respondents' representation, the Ninth

7    Circuit confirmed – had there been any doubt – the representation's relevance to

8    Respondents' defenses, and Respondents' corresponding Rule 26 obligation to

9    disclose the supporting information.

10         Respondents have asserted that they do not have to disclose bond hearing

11   information because their specific representation to the Ninth Circuit on the subject

12   was made in response to a question during oral argument.  Rather than provide a

13   justification, the colloquy established that Respondents already had violated Rule

14   26(a).  Respondents plainly knew before oral argument that they "may use" bond

15   hearing information in pre-trial proceedings; they or their counsel had already

16   gathered the detailed information concerning bond hearing outcomes, which

17   Respondents' counsel had readily available during oral argument.  Counsel's ability to

18   provide a precise response to the Court's question about PI implementation further

19   demonstrated that Respondents had "intend[ed] to use" this information should "the

20   need arise[]."  Adv. Comm. Notes to 2000 amendments to Fed. R. Civ. P. 26(a)(1).

21   Moreover, whether or not Respondents would have provided the information had the

22   question not been asked, Respondents provided it and thereby relied upon it.

23   Respondents cannot escape the significance of that representation and the evidence

24   they had obviously reviewed to prepare for oral argument.  Once Respondents

25   determined to use this information should the need arise, they should have disclosed

26   this information to Petitioners.

27

28

**JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL
PURSUANT TO LR 37-2**

Furthermore, Respondents' representation to the Ninth Circuit during oral argument is merely one of many assertions demonstrating they have used or intend to use information about bond hearing outcomes.  Respondents opposed Petitioners' request for a preliminary injunction and sought to stay that injunction on the ground that affording class members bond hearings and releasing them on bond would result in "irreparable harm," that the public interest weighed against affording bond hearings, and that the balance of hardships favored denying bond hearing.  *See, e.g.*, Dkt. 256 at 2, 8-20; Ninth Cir., No. 12-56734, Dkt. 2 at 12-16, 18-20.  And in pending cross-motions for summary judgment, Respondents now argue, *inter alia*, that "criminal aliens released on bond pose an even greater flight risk," "[t]he practical aspects of granting Petitioners the relief they seek are mind-boggling," and that "[a] six-month, bright-line rule ignores practical considerations."  Dkt. 299 at 24, 29, and 36.  These argument underscore that Respondents intend to use information about bond hearings outcomes to justify their refusal to grant bond hearings to class members.

Disclosure is particular warranted where, as here, there are substantial doubts about the accuracy of Respondents' representation to the Ninth Circuit.  Petitioners' efforts to monitor the PI bond hearings give reason to question the reliability of Respondents' claim that two-thirds of class members have been released on bond.  *See* Kaufman Decl. ¶¶ 4-7.  Rather, it appears more likely that two-thirds of class members have *had bond amounts set*, but that far less have been able to post that bond.  *Id.*  Rule 26's ongoing disclosure obligations require Respondents to disclose the basic information that will allow Petitioners and the Court to determine whether Respondents' untested representation is in fact true.

Consequently, Respondents should have disclosed information about bond hearings in compliance with Rule 26(a).

**JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL PURSUANT TO LR 37-2**

## 2.    The information Petitioners seek would confirm whether Respondents have complied with the preliminary injunction

Apart from Respondents' Rule 26(a), (e) obligations, this Court should require Respondents to provide the requested information because doing so will enable Petitioners and this Court to evaluate whether Respondents have fully complied with the PI.  Courts commonly require such disclosures, often in the character of status reports, to ensure compliance with injunctions and other orders.  *See, e.g.*, *Small v. Avanti Health Sys., LLC*, 661 F.3d 1180, 1198 (9th Cir. 2011) ("We also find no error in the district court's request for a status report on compliance with the preliminary injunction."); *A&M Records, Inc.*, 284 F.3d at 1096 (court required "periodic reports . . . held several compliance hearings" and "appointed a technical advisor to assist in evaluating [defendant's] compliance").  Indeed, successful civil rights plaintiffs may recover attorneys' fees for time spent monitoring and enforcing compliance with injunctions – a rule which would make no sense if courts had no authority to order steps to ensure compliance.  Petitioners clearly have a right to ensure Respondents comply with the PI.

Disclosure is particularly appropriate where Petitioners have reason to believe that Respondents have not complied with the PI and for questioning the accuracy of the representation.  *See* Kaufman Decl. ¶¶ 4-7.  On multiple occasions, Petitioners have communicated to Respondents evidence indicating instances of non-compliance.  In one particularly clear case, Petitioners learned that an immigration judge denied outright a PI Subclass member a PI bond hearing in direct defiance of this Court's order.  *See* Kaufman Decl. ¶ 7.  In addition, following issuance of the PI, Respondents unilaterally excluded whole categories of individuals from class membership and the benefits to which they are entitled under the PI.  *See* Dkt. 336 (motion for clarification of the class definition) (describing parties' disputes over these individuals).  Based on such evidence and other accounts, Respondents should disclose the limited

**14**

**JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL PURSUANT TO LR 37-2**

1    information Petitioners seek so that Petitioners can determine the extent of any on-

2    going non-compliance.  Considering the ease with which Respondents can access this

3    information, the fact that the Ninth Circuit has affirmed the PI, and that Respondents

4    have not sought a stay of that order, Respondents have no legitimate objection to

5    disclosure.

6    **3.    If necessary, the Court should exercise its discretion to reopen
        fact discovery for the limited purpose of obtaining information

7        about bond hearings**

8        In the event that the Court determines that it may not compel disclosure under

9    Rule 26(a) or to ensure compliance with the PI, Petitioners respectfully request that

10    the Court grant leave to reopen discovery, in which case, to avoid further delay,

11    Petitioners request that, as of the date of an order by this Court, Respondents be

12    directed to produce documents within thirty days in response to the following

13    request:[4]

14        (1)  Documents sufficient to identify the following pieces of information

15    relating to every bond hearing conducted pursuant to the District Court's September

16    13, 2012 preliminary injunction ("PI bond hearing"):

17            (a) The name of each class member who has received a PI bond hearing;

18            (b)  The A number of each class member who has received a PI bond

19    hearing;

20            (c)  For each class member who has received a PI bond hearing, the date

21    upon which such PI bond occurred;

22            (d)  The name of the Immigration Judge who presided over each PI bond

23    hearing;

24

---

25    [4] During the parties' June 20, 2013 telephonic meet and confer, the parties agreed that,
should the Court grant Petitioners' request to reopen fact discovery, fact discovery

26    shall reopen for the sole purpose of enabling Petitioners to serve Respondents with

27    formal discovery requests.  Petitioners' discovery request, to the extent it is necessary,
is provided above in full.

28

**15**

**JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL
PURSUANT TO LR 37-2**

(e)  The outcome of every PI bond hearing, including but not limited to, whether bond was denied or granted, the bond amount (if any), and other release conditions (if any);

(f)  For each PI bond hearing in which the Immigration Judge granted bond, the date on which the bond was posted (if posted);

(g)  For each PI bond hearing in which the Immigration Judge granted bond, the date of the class member's release (if any);

(h) The attorney contact information (if any) of all class members who have received a PI bond hearing;

(i) The contact information (if any) for each class member who has received a PI bond hearing.

Reopening discovery is appropriate where the moving party shows good cause, such as when the requested information was not available prior to the close of discovery.  *See generally Perkins v. Contra Costa Cnty. Sheriff's Dep't J-Team*, C 07-02013 CW, 2010 WL 539260 (N.D. Cal. Feb. 9, 2010) (granting plaintiff's motion to reopen discovery even though additional discovery "might inconvenience defendants"); *Rund v. Charter Commc'ns, Inc.*, CIV S-05-0502 FCD GG, 2006 WL 3271606 (E.D. Cal. Nov. 13, 2006) (granting motion to reopen discovery where party showed "good cause" for limited additional discovery).  Such is the case here.  The Court granted the PI after the close of discovery and the argument before the Ninth Circuit took place well after that date; Petitioners obviously could not have requested, nor obtained, this information during fact discovery.  Moreover, as already explained, reopening discovery for this limited purpose will not prejudice Respondents or delay resolution of these proceedings, as Respondents have ready access to the information.

**JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL PURSUANT TO LR 37-2**

D.    **Respondents' Contentions**

    1.    **Rule 26(a) does not require Respondents to produce the documentary information Petitioners seek.**

Petitioners' motion to compel proceeds first from the theory that Rule 26(a)(1) requires Respondents to produce documents containing information about bond hearings conducted under the preliminary injunction entered in this action. Petitioners are incorrect for several reasons.

First, Rule 26(a)(1) applies only to information that a party "may use to support a claim or defense." Respondents have neither "used" information concerning bond hearings already afforded under the preliminary injunction in any manner in this action, nor have they – in responding to a question at oral argument in an appeal before the Ninth Circuit about the numbers of hearings held and their general outcomes – sought to use that information "to support a claim or defense" asserted by Respondents. Second, Rule 26(a)(1) disclosures are not required if a party objects to their disclosure. Third, even if Rule 26(a)(1) requires Respondents to make an initial disclosure, that obligation extends only so far as to a "description of the categories of documents" that may contain responsive information. Accordingly, Petitioners' contention that Respondents are required to produce documents containing the nine categories of information sought stretches Rule 26(a)(1) well past its intended purpose and in a way unrecognizable in the context of the Rule itself.

    a.    **Respondents' answer to a question posed by the Ninth Circuit panel at oral argument does not show that Respondents used the information in their answer to support a claim or defense advanced by Respondents**

Rule 26(a)(1)(A)(ii) does not require a party to disclose the categories and locations of documents containing relevant information unless it is information that a party "may use to support a claim or defense." Fed. R. Civ. P. 26(a)(i)(A)(ii).

**17**

**JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL PURSUANT TO LR 37-2**

1   Respondents focus almost entirely on the term "use," arguing that "use" may occur at
2   any time – in pre-trial, trial, or on appeal.

3       While Respondents do not disagree that "use" may occur at various times
4   throughout litigation, Rule 26(a)(1)(A)(ii) is intended to further discovery of
5   information a party intends to use at "a pre-trial conference, to support a motion, or at
6   trial" – neither the Rule nor the advisory comments suggest that the Rule has any
7   application beyond the trial stage, or when information is requested by an appellate
8   court in response to a question at oral argument.  *See* Fed. R. Civ. P. 26(a)(1) advisory
9   committee's note (2000) ("Use" includes any use at a pretrial conference, to support a
10  motion, or at trial.  The disclosure obligation is also triggered by intended use in
11  discovery, apart from use to respond to a discovery request; use of a document to
12  question a witness during a deposition is a common example.").

13      However, Petitioners' focus on the term "use" is beside the point.  The key
14  component of Rule 26(a)(1)(A)(ii) at issue is whether the information is information a
15  party intends to use "to support a claim or defense."

16      Far from seeking to impose a more rigorous disclosure burden on parties, the
17  2000 amendments to Rule 26 were designed to "narrow" the scope of the disclosure
18  obligation.  Fed. R. Civ. P. 26, advisory committee's note (2000).  Under the 1993
19  version of the rule, a party was obliged to disclose all individuals likely to have
20  discoverable knowledge.  In 2000, that obligation was narrowed to include only
21  witnesses that the disclosing party deemed useful to its case, and relieve the party of
22  disclosing harmful witnesses or information.  *See* 8 Charles Alan Wright, Arthur R.
23  Miller, Richard L. Marcus, Federal Practice & Procedure § 2053 (Supp. 2009).

24      Petitioners' argument that Rule 26(a)(1) requires Respondents to produce the
25  documents Petitioners seek is belied by their admission above that Respondents'
26  counsel's answer to the Ninth Circuit panel's question was cited by the Ninth Circuit
27  as working *against* Respondents' own arguments in its briefing.  *See supra* at 3

28

**18**

**JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL PURSUANT TO LR 37-2**

1  ("[T]he Ninth Circuit referred back to this representation as grounds for rejecting the

2  'government's arguments regarding the resources required to implement the

3  injunction' as 'not compelling.'").

4         The rule is clear that the pertinent inquiry is not whether the information is

5  relevant to *Petitioners'* case, but whether it is information *Respondents* may use to

6  support their own theories and positions.  *See*, *e.g.*, *McConnell v. Wal-Mart Stores,*

7  *Inc.*, No. 2:12–cv–01601–RCJ–PAL, 2013 WL 2232791, *2 (D. Nev. May 17, 2013)

8  ("The rule does not require counsel to anticipate the witnesses' opposing counsel

9  believes may have discoverable information *based on opposing counsel's liability or*

10  *damages theories*.  Rather, the rule requires disclosure of the witnesses *a party may*

11  *use to support its claims or defenses*.") (emphasis added) (analyzing similar Rule

12  26(a)(1)(A)(i) requirement); *McCollum v. UPS Ground Freight Inc.*, No. CV11–0961

13  PHX DGC, 2013 WL 105225, *1 (D. Ariz. Jan. 9, 2013) ("Defendants were required

14  to disclose any witness likely to have discoverable information and whom Defendants

15  knew they 'may use to support' their defense.  The relevant question, therefore, is

16  whether [the witness] has discoverable information and *whether Defendants knew that*

17  *they may use him to support their defense*.") (emphasis added) (examining Rule

18  26(a)(1)(A)(i)).

19         Therefore, even if counsel's answer to the panel's question constitutes a "use"

20  of information, which is doubtful,[5] Respondents certainly did not reveal this

21

22  _____

[5] Petitioners contend that by preparing to answer questions from the Ninth Circuit
23  panel, Respondents had an intent to "use" that information.  That is an absurd
   argument.  Had the Ninth Circuit not asked the question of counsel at oral argument,
24  the information would not have been provided, because it weighed against
   Respondents' position.  Nowhere in their briefs to the Ninth Circuit did Respondents
25  include the information provided in response to the question at oral argument, let
   alone include it to bolster their position.  If anything, Petitioners' characterization of
26  Respondents' "use" of the information shows that Respondents *never* intended to use
   that information at all.
27

28

**19**

**JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL
PURSUANT TO LR 37-2**

1    ultimately harmful information voluntarily, nor did they do so to support a claim or

2    defense they advanced in the case.  The information harmed Respondents' position,

3    and was provided only in response to a direct question posed by the Ninth Circuit.

**b.    Rule 26(a) requires Respondents to disclose documents containing relevant information, not the documents themselves**

6    Even if Petitioners were correct that Rule 26(a)(1)(A)(ii) is triggered by

7    counsel's answering a question with information that does not support his client's

8    position at oral argument on appeal, Petitioners are incorrect that they are entitled by

9    the rule to the documents they seek.  At most, they would be entitled to a description

10    of documents and their locations containing such information.  Fed. R. Civ. P.

11    26(a)(1)(A)(ii).  They would not be entitled to the documents themselves.  "As an

12    initial matter, a duty to disclose is not synonymous with a duty to produce.  While

13    some sections of Rule 26 require information be both disclosed and produced, Rule

14    26(a)(1)(A)(ii) only requires parties to provide notice regarding documents" by

15    providing "a description by category and location" of such documents.  *Forbes v. 21st*

16    *Century Ins. Co.*, 258 F.R.D. 335, 337-38 (D. Ariz. 2009) (citing Rule

17    26(a)(1)(A)(ii)).  Therefore, even if Rule 26(a)(1) requires Respondents to disclose

18    information related to its answer to the panel's question at oral argument, Petitioners

19    are incorrect that Rule 26(a)(1) requires Respondents to produce the documents

20    themselves.  This Court should deny Petitioner's motion to compel under their flawed

21    Rule 26(a)(1)(A)(ii) interpretation.

**2.    This Court should deny Petitioner's motion to compel on grounds that Respondents have failed to comply with the preliminary injunction order**

24    Petitioners also argue that this Court should compel the production of the

25    requested documents apart from Rule 26(a)(1) to ensure compliance with the

26    preliminary injunction.  This argument is flawed for several reasons.

27

28

**20**

**JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL PURSUANT TO LR 37-2**

1    First, there is no basis for this Court to compel Respondents to produce

2    documents because there is no request or obligation to produce such documents.  The

3    preliminary injunction itself contains no provisions for reporting compliance with the

4    injunction through the production of documents or through any other means.  *See*

5    Preliminary Injunction Order, ECF No. 255.  At most, the order required Respondents

6    to "develop a system to timely identify all future Subclass members and ensure that

7    they receive such bond hearings."  *Id.*  Respondents not only did that (and Petitioners

8    do not complain otherwise), but, as Petitioners acknowledge above, Respondents also

9    voluntarily agreed to provide and have regularly provided Petitioners' class counsel

10   with copies of notices sent to detainees or their representatives notifying them of the

11   dates of scheduled bond hearings under the injunction.  Thus, there is no obligation

12   within the preliminary injunction requiring the production of information Petitioners

13   now seek to have this Court compel Respondents to produce.  Nor is there any formal

14   request from Petitioners under Rules 26 or 33 requiring the production of the

15   information Petitioners now seek.  Although Petitioners requested the information in a

16   letter to counsel, this Court cannot compel the production of information based on

17   Petitioners' informal request.  *See, e.g., Gerawan Farming, Inc. v. Rehrig Pacific Co.*,

18   No. 1:11–cv–1273 LJO BAM, 2013 WL 1982797, *6 (E.D. Cal. May 13, 2013)

19   ("Plaintiff's counsel are sophisticated and experienced trial attorneys.  Counsel are

20   well aware that Plaintiff cannot rely solely on informal discovery requests to obtain

21   documents…").

22        Second, while there is no dispute that a district court may include reporting

23   provisions in a preliminary injunction order, and may later amend the injunctive order

24   to contain such terms, Petitioners are incorrect that a Magistrate Judge may issue an

25   order that has the effect of altering, *de facto*, a party's requirements under the

26   injunction.  *See Small v. Avanti Health Sys., LLC*, 661 F.3d 1180, 1198 (9th Cir. 2011)

27   ("We also find no error in the *district court's* request for a status report on compliance

28

**21**

**JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL**
**PURSUANT TO LR 37-2**

1    with the preliminary injunction.") (emphasis added); *A&M Records, Inc.,* 284 F.3d at

2    1096 (district court required "periodic reports" in conjunction with compliance

3    hearing held by the district court).  Generally, Magistrate Judges are statutorily denied

4    the authority to enter injunctive relief.  28 U.S.C. § 636(b)(1)(A).  Where the district

5    court has entered a preliminary injunction, a Magistrate Judge lacks authority to

6    modify the terms of that injunction.

7        Petitioners argue that ordering the discovery will help ensure full compliance

8    with the preliminary injunction, but such an order would amount to the creation of a

9    monitoring and reporting requirement not found in the district court's injunction, and

10    not presently required by the district court.  Of course, Petitioners could erase any

11    doubt by seeking an alteration of the district court's preliminary injunction to require

12    such reporting, but they have declined to do so.  This Court should reject Petitioners'

13    improper attempt to seek a *de facto* modification of the injunction on the grounds that

14    an order compelling the production of the information Petitioners seek will help

15    ensure full compliance.

16        Finally, to the extent that Petitioners seek an order compelling discovery

17    because they believe the preliminary injunction has not been complied with, this Court

18    should reject their arguments.  Petitioners filed their motion to compel on the basis of

19    seeking support for counsel's answer to the question posed at oral argument by the

20    Ninth Circuit, and now claim to need the discovery to determine whether the

21    information in Respondents' answer – which Respondents have never sought to

22    introduce or use elsewhere before the hearing or after – is substantiated.  But

23    Respondents have provided notices of hearings scheduled to Petitioners, allowing

24    Petitioners' counsel to determine when hearings are being held, for which class

25    members, and where.

26        Additionally, Petitioners argue that such discovery will permit them to more

27    readily assess the outcomes of bond hearings, but the outcomes of bond hearings does

28

**22**

**JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL**
**PURSUANT TO LR 37-2**

not go to the issue of whether Respondents are complying with the injunction by scheduling bond hearings. The outcomes of hearings may be an issue for individual class members who believe bond amounts are set too high, but those are issues for administrative appeal and are not relevant to compliance with the injunction in the first instance. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1067 (9th Cir. 2008) ("*Prieto-Romero* would have us second-guess the IJ's discretionary assessment of the bond amount required to secure his presence at removal in the event that his petition for review is denied. We have no authority to entertain his challenge.") (citing 8 U.S.C. § 1226(e), limiting federal court review of such determinations). Accordingly, Petitioners' request for an order compelling the discovery of bond hearing outcome information is irrelevant to their vague assertion that the injunction is not being fully complied with.

Nor have Petitioners advanced any grounds for this Court to accept that there are compliance concerns that are related in any way to the information they seek. Petitioners assert there have been ongoing compliance issues, but this is incorrect. It is true that Petitioners raised concerns *months* ago, but those concerns have nothing to do with compliance with the injunction, do not relate to the information sought, and ultimately were proven baseless. *See* Declaration of Theodore W. Atkinson, ¶¶ 4-5.

For these reasons, this Court should decline to order discovery not presently required under the terms of the injunction and in the absence of a formal request, particularly where Petitioners can advance no meritorious basis for this Court to conclude there are serious issues of compliance with the preliminary injunction.

### 3.    This Court should decline Petitioners' motion to reopen.

Petitioners also move this Court to reopen discovery to allow Petitioners to take discovery of the specific categories of information they now seek. This Court should deny Petitioners' motion to reopen because Petitioners cannot show why they did not seek the discovery in the months between when the injunction was entered and the

**23**

**JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL PURSUANT TO LR 37-2**

close of discovery, and because Petitioners cannot show how the information is relevant to any outstanding claims in this action.

First, Petitioners cannot satisfy the requirements of good cause and excusable neglect. Federal Rule of Civil Procedure 16 provides a stringent standard whereby the party who seeks to amend the Court's scheduling order must show "good cause" why the Court should set aside or extend a discovery deadline. *See* Fed. R. Civ. P. 16(b)(4. In *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992), the Ninth Circuit described the good cause and excusable neglect standard for reopening discovery. In looking to the "good cause" and excusable neglect standards, the Court was careful to articulate that the "good cause" standard is different from the "good cause" standard for the amendment of pleadings under Rule 15. "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15," because Rule 16(b)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Thus, a district court "may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

Here, Petitioners made no effort to discover the bond hearing information they now seek when discovery was open. The preliminary injunction was issued on September 12, 2012. Discovery in this matter closed on December 21, 2013. At no time during the three-month period before the close of discovery did Petitioners seek the bond-hearing outcome information they now claim to need. During that period, Petitioners should have anticipated that bond hearings ordered by the district court under the injunction would be held, and thus could have sought discovery of the outcomes of bond hearings while discovery remained open. Instead, they waited until now, months after the close of discovery. Therefore, to the extent that Petitioners claim that they need bond hearing outcome information to support a claim or defense

**24**

**JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL PURSUANT TO LR 37-2**

in the case relevant to the arguments presented in the parties' motions for summary judgment, Petitioners cannot show good cause for seeking that discovery at this late date.

Second, Petitioners cannot show that the discovery they seek is in any way relevant to either the matters before this Court on summary judgment, or to show compliance with the preliminary injunction.  Petitioners seek information concerning when bond hearings were held, and the specific outcomes of those bond hearings – whether bond was set, whether bond was posted by the alien, the name of the immigration judge conducting the hearing, etc.  The outcomes of bond hearings are plainly irrelevant to the core statutory and constitutional claims now before this Court on summary judgment.  Indeed, Petitioners have failed to identify *any* argument made by either Petitioners or Respondents on summary judgment that would be impacted by the discovery of the information sought.  This case, at its heart, turns on whether due process requires Respondents to provide aliens with bond hearings at six months under four immigration detention statutes.  The outcomes of bond hearings have no bearing on the threshold issue of whether those hearings should be held in the first place.

Nor is the information regarding the outcomes of bond hearings relevant to the issues in the case concerning the adequacy of bond hearings.  Petitioners claim that due process requires a number of "enhancements" to the bond hearing process through this class action:  an automatic, recorded bond hearing before an immigration judge every six months, with the burden on the government, under a clear and convincing evidence standard, in which the immigration judge must consider additional factors, such as whether the alien is ultimately removable and whether there are alternatives to detention.  The results of bond hearings conducted under the injunction are plainly irrelevant to Petitioners' claims because Petitioners' claims are limited to the conduct of such hearings, not their outcomes.  Moreover, because the injunction ordered bond

**25**

**JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL PURSUANT TO LR 37-2**

1    hearings without the full panoply of enhancements Petitioners seek, their outcomes are

2    even less relevant to the issues before this Court on summary judgment.

3         In short, what immigration judges are ordering at bond hearings held pursuant

4    to the injunction, and whether aliens are posting bonds granted at such hearings, has

5    no relevance to Petitioners' constitutional claims that hearings must be given at a

6    certain point in detention, and under certain circumstances.  Courts have not hesitated

7    to deny requests to reopen discovery where the information sought is irrelevant to the

8    issues before the court on summary judgment.  *See, e.g., Hardin v. Wal-Mart Stores,*

9    *Inc.*, No. 08–CV–0617 AWI BAM, 2012 WL 2921226 (E.D. Cal. July 17, 2012)

10   (denying motion to reopen discovery because the information sought could have been

11   sought before the close of discovery and, separately, because the information sought is

12   irrelevant to the remaining claims before the court on summary judgment).  This Court

13   should deny the motion to reopen for the same reasons.

14        What remains is Petitioners' argument that discovery should be reopened to

15   allow Petitioners to address their "serious" concerns that Respondents are not

16   complying with the injunction.  Petitioners' argument is wholly without merit.  In the

17   first place, the *outcomes* of bond hearings would shed no light whatsoever on the

18   concern Petitioners have that bond hearings are not being held.  Indeed, the

19   information they seek would be from bond hearings conducted *in compliance with* the

20   injunction itself.  Additionally, whether aliens are able to post bond set by an

21   immigration judge is a question that has nothing whatsoever to do with compliance

22   with the injunction, which only mandates that bond hearings be held for sections

23   1225(b) and 1226(c) sub-class members.  Finally, Petitioners can cite no nexus

24   between the outcomes of bond hearings with complaints they have had regarding

25   compliance:  that an immigration judge has denied an attorney's request for limited

26   appearance in a removal proceeding, and that two specific judges have denied bonds

27   to pro-se Petitioners on a wholesale basis.  Even if either of Petitioners' previously

28

**JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL
PURSUANT TO LR 37-2**

1   expressed concerns had anything to do with compliance with the injunction – and they

2   do not – the discovery they now seek is not tailored to address those concerns.

3         Petitioners cannot show that they have good cause under Rule 16 for the

4   discovery they now seek, nor can they show that the discovery they seek is relevant to

5   any claim before the district court on summary judgment or to any asserted concern

6   over compliance with the district court's injunction.  This Court should deny the

7   motion to reopen.[6]

8   Dated:  June 25, 2013                    /s/ *Sean Commons*
                                             SEAN COMMONS
9                                            Counsel for Petitioners

10  Dated:  June 25, 2013                    /s/ *Theodore Atkinson*
                                             THEODORE ATKINSON
11                                           Counsel for Respondents

12

13

14

15

16

17

18

19

20

21

22

23

24

25  [6] Even if this Court were to grant Petitioners' motion to reopen, Petitioners agree that
26  after re-opening they would have to serve formal discovery requests on Respondents
    for the information they seek, and Respondents would have the opportunity to state an
27  objection or assert a privilege in accordance with Rules 26 and 34.
28
                                        **27**
    **JOINT STIPULATION REGARDING PETITIONERS' MOTION TO COMPEL**
                      **PURSUANT TO LR 37-2**