AHILAN T. ARULANANTHAM (SBN 237841)
aarulanantham@aclu-sc.org
MICHAEL KAUFMAN (SBN 254575)
mkaufman@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5211
Facsimile: (213) 977-5297

*Attorneys for Petitioners*
(Additional Counsel listed on following page)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, for themselves and on behalf of a class of similarly-situated individuals, | Case No. CV-07-3239-TJH (RNBx) **DECLARATION OF MICHAEL KAUFMAN OF JUNE 25, 2013** Honorable Terry J. Hatter |
| Petitioners, | |
| v. | |
| ERIC HOLDER, United States Attorney General; JANET NAPOLITANO, Secretary, Homeland Security; THOMAS G. SNOW, Acting Director, Executive Office for Immigration Review; TIMOTHY ROBBINS, Field Office Director, Los Angeles District Immigration and Customs Enforcement; WESLEY LEE, Officer-in-Charge, Mira Loma Detention Center; et al.; RODNEY PENNER, Captain, Mira Loma Detention Center; SANDRA HUTCHENS, Sheriff of Orange County; OFFICER NGUYEN, Officer-in-Charge, Theo Lacy Facility; CAPTAIN DAVIS NIGHSWONGER, Commander, Theo Lacy Facility; CAPTAIN MIKE KREUGER, Operations Manager, James A. Musick Facility; ARTHUR EDWARDS, Officer-in-Charge, Santa Ana City Jail; RUSSELL DAVIS, Jail Administrator, Santa Ana City Jail, | |
| Respondents. | |

JUDY RABINOVITZ
JRabinovitz@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0779
Facsimile: (415) 395-0950

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.stanford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
CODY JACOBS (SBN 272276)
cjacobs@sidley.com
JONATHAN FEINGOLD (SBN 286302)
jfeingold@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Petitioners*

# DECLARATION OF MICHAEL KAUFMAN OF JUNE 25, 2013

I, Michael Kaufman, hereby declare:

1. I am a staff attorney at the American Civil Liberties Union of Southern California and counsel of record for Petitioners in the above-entitled certified class action ("Rodriguez"). I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently as follows:

2. On May 28, 2013, my colleague Jonathan Feingold and I met and conferred by phone with counsel for Respondents, Theodore Atkinson and Sarah Wilson, on Petitioners' motion to compel database information related to implementation of the preliminary injunction entered in the above-entitled matter on September 13, 2012 ("PI"). During the course of that conversation, counsel for Respondents suggested that they might agree to voluntary disclosure of the requested information subject to certain conditions. Potential conditions included: Petitioners (1) may not use the information outside of the present litigation, and (2) may not use the information for any motion regarding compliance. In response, I expressed doubts about the proposals because I thought Petitioners could not agree to waive the right to use relevant information bearing on non-compliance with the PI. Mr. Atkinson indicated that he would discuss the matter with his clients, and let us know whether Respondents would oppose the motion or offer a firm proposal. Several days later, Mr. Atkinson followed up by email to state that Respondents would oppose the motion.

3. Following the issuance of the PI, the parties reached an agreement under which Respondents have provided the hearing notices for PI bond hearings on an ongoing basis. Respondents began producing the hearing notices in approximately mid-December, 2012. Respondents have typically provided the hearing notices in a single weekly email, which contain hearing notices for the following days or week. In many cases, the notices are for hearings scheduled the day we receive the weekly email or in the next couple days; in some cases, the notices are for hearings that have already
1

DECLARATION OF MICHAEL KAUFMAN OF JUNE 25, 2013

been completed.

4. Counsel for Petitioners have attended some of the PI hearings for which we have received notices. However, it is not possible for us to obtain comprehensive data about the PI bond hearings through the notices alone, for several reasons. First, we cannot arrange our schedules to attend all the hearings because, as noted above, we often receive the notices the day of the hearing or only a few days in advance and, in some cases, after the hearings have already completed. Second, PI bond hearings often are scheduled at the same time in different courtrooms, making it impossible for us to attend all the hearings scheduled in a day. Third, an immigration judge typically has tens of matters scheduled in a single calendar, and the hearing notices do not indicate the order in which the matters will be heard. As a result, on many occasions, we are forced to sit through hours of proceedings in other matters before the scheduled PI bond hearing. Fourth, Respondents only agreed to provide hearing notices after a substantial number of PI bond hearings had already been completed, and we have no readily accessible way to gather information about the hearings that occurred before Respondents began to produce the notices. Fifth, we have no readily accessible way to determine whether either party will appeal a bond determination, and the outcome of the appeal. Likewise, we have no readily accessible way of determining whether a class member has posted the bond amount set. As a result, we cannot gather complete information about the outcome of the PI bond hearings.

5. Petitioners have also attempted to gather information about the PI bond hearings by individually meeting with and interviewing class members at detention centers throughout the Central District. However, it is also impossible to gain comprehensive information about the PI bond hearings from these visits, for several reasons. First, we have no ability to meet with class members who have posted bond and been released. Second, it is impractical to meet with every class member scheduled for a hearing because visiting the detention centers is extremely time-consuming. The detention centers in the Central District are located far from Los

1  Angeles, where our offices are based, and it can take between 2 and 4 hours to drive to
2  and from a detention center. At the facilities, we are only permitted to meet with a
3  single detainee at a time, and it can often take lengthy periods of time for facility
4  personnel to arrange to bring a class member to a visitation room.
5  6.  Despite the logistical difficulties in traveling to detention centers, we have been
6  able to meet with a substantial number of class members since the issuance of the
7  preliminary injunction. I would estimate that I, my co-counsel or legal assistants
8  working under our supervision have met with at least fifty class members who have
9  had PI bond hearings. Based on our experience meeting with class members, I have
10 substantial doubts about Respondents' counsel's representation, made during oral
11 argument before the Ninth Circuit, that two-thirds of class members have been
12 released on bond under the PI. When we have attempted to meet with people who
13 recently had scheduled bond hearings, I would estimate that well over half are still in
14 detention after their bond hearings. While many of these individuals had a bond
15 amount set, in many cases it was for an amount that the detainee was not able to
16 afford. As a result, even taking into account that some people who had their bond
17 hearings may have posted bond and been released before we had the opportunity to
18 meet with them, it does not appear that more than two-thirds of class members have
19 been released. Based on the information currently available to Petitioners, I believe it
20 is more likely that two-thirds of class members have had a bond amount set, but that
21 some significant percentage of those individuals have been unable to post the bond
22 and remain detained.
23 7.  On numerous occasions following the PI, I or my co-counsel have contacted
24 counsel for Respondents regarding our concerns that Respondents may not be in
25 compliance with the PI order. For example, on January 25, 2013, my co-counsel
26 Ahilan Arulanantham contacted Respondents regarding a class member who was
27 denied a bond hearing, despite the fact that he was detained under 8 U.S.C. 1226(c)
28 and clearly eligible for a bond hearing under the preliminary injunction. In an email

response on February 4, 2013, counsel for Respondents acknowledged the class member's eligibility, and observed that the individual had been subsequently afforded a PI bond hearing. Counsel further stated that the Assistant Chief Judge for the Los Angeles Immigration Court "recently sent an e-mail to all immigration judges in the district, reminding them of their obligations under the Rodriguez preliminary injunction." Additionally, the parties have communicated at length regarding Respondents' decision purporting to exclude whole categories of individuals from class membership, and thereby to deny them the benefits to which they are entitled under the preliminary injunction. Respondents' exclusion of these individuals is the subject of Petitioners' currently pending Motion for Clarification of the Class Certification. *See* Dkt. 336.

      I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct to the best of my knowledge and belief. Executed this 25th day of June, 2013, in Los Angeles, California.

/s/ Michael Kaufman
MICHAEL KAUFMAN