AHILAN T. ARULANANTHAM (SBN 237841)
aarulanantham@aclu-sc.org
MICHAEL KAUFMAN (SBN 254575)
mkaufman@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5211
Facsimile: (213) 977-5297

*Attorneys for Petitioners*
(Additional Counsel listed on following page)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, for themselves and on behalf of a class of similarly-situated individuals,<br><br>Petitioners,<br><br>v.<br><br>ERIC HOLDER, United States Attorney General; JANET NAPOLITANO, Secretary, Homeland Security; THOMAS G. SNOW, Acting Director, Executive Office for Immigration Review; TIMOTHY ROBBINS, Field Office Director, Los Angeles District Immigration and Customs Enforcement; WESLEY LEE, Officer-in-Charge, Mira Loma Detention Center; et al.; RODNEY PENNER, Captain, Mira Loma Detention Center; SANDRA HUTCHENS, Sheriff of Orange County; OFFICER NGUYEN, Officer-in-Charge, Theo Lacy Facility; CAPTAIN DAVIS NIGHSWONGER, Commander, Theo Lacy Facility; CAPTAIN MIKE KREUGER, Operations Manager, James A. Musick Facility; ARTHUR EDWARDS, Officer-in-Charge, Santa Ana City Jail; RUSSELL DAVIS, Jail Administrator, Santa Ana City Jail,<br><br>Respondents. | Case No. CV-07-3239-TJH (RNBx)<br><br>**PETITIONERS' OPPOSITION TO RESPONDENTS'** ***EX PARTE*** **APPLICATION TO STAY REPORTING OBLIGATION**<br><br>Honorable Terry J. Hatter<br><br>DATE: N/A<br>TIME: N/A<br>PLACE: Courtroom 17 |

**PETITIONERS' OPPOSITION TO RESPONDENTS'** ***EX PARTE***
**APPLICATION TO STAY REPORTING OBLIGATION**

1  JUDY RABINOVITZ
   JRabinovitz@aclu.org
2  AMERICAN CIVIL LIBERTIES FOUNDATION
   IMMIGRANTS' RIGHTS PROJECT
3  125 Broad Street, 18th Floor
   New York, NY 10004
4  Telephone: (212) 549-2618
   Facsimile: (212) 549-2654
5
   MICHAEL TAN (SBN 284869)
6  mtan@aclu.org
   AMERICAN CIVIL LIBERTIES FOUNDATION
7  IMMIGRANTS' RIGHTS PROJECT
   39 Drumm Street
8  San Francisco, CA 94111
   Telephone: (415) 343-0779
9  Facsimile: (415) 395-0950

10 JAYASHRI SRIKANTIAH (SBN 189566)
   jsrikantiah@law.stanford.edu
11 STANFORD LAW SCHOOL
   IMMIGRANTS' RIGHTS CLINIC
12 Crown Quadrangle
   559 Nathan Abbott Way
13 Stanford, CA 94305-8610
   Telephone: (650) 724-2442
14 Facsimile: (650) 723-4426

15 SEAN COMMONS (SBN 217603)
   scommons@sidley.com
16 SIDLEY AUSTIN LLP
   555 West Fifth Street, Suite 4000
17 Los Angeles, CA 90013-1010
   Telephone: (213) 896-6000
18 Facsimile: (213) 896-6600

19 Attorneys for Petitioners

20

21

22

23

24

25

26

27

28

**PETITIONERS' OPPOSITION TO RESPONDENTS' *EX PARTE*
APPLICATION TO STAY REPORTING OBLIGATION**

Petitioners respectfully request that the Court deny Respondents' request for an indefinite stay of their reporting obligations, and instead grant a two week stay of these obligations, after which time this issue should be revisited upon further input from the parties. Petitioners make this request for three reasons.

First, while Petitioners appreciate the difficulties presented by the partial shutdown of the federal government, the shutdown cannot serve as an *indefinite* justification for preventing the federal courts from adjudicating (and, where necessary, monitoring) the legality of those portions of the government's operations that have *not* shut down. The government continues to detain and deport class members. As a result, this Court should not authorize a lengthy stay of monitoring requirements designed to ensure those detentions occur consistent with federal law.

Second, Petitioners have identified substantial compliance problems that they intend to bring to this Court's attention within the next week. Petitioners have met and conferred with Respondents at length concerning these problems, but they remain unresolved. In light of these issues, Petitioners have serious concerns that indefinitely excusing Respondents from their basic reporting obligations will result in any additional compliance issues going un-detected. While Petitioners can present their motion without that data, the Court should have the benefit of Petitioners' review of that information prior to the completion of briefing.

Finally, the Court should deny the request for an indefinite stay because it departs from the more reasonable request Respondents' counsel presented to counsel for Petitioners during the meet and confer process. As the parties' correspondence shows, *see* Exhibit A, during the meet and confer process Respondents' counsel sought Petitioners' position on a one-week extension of the reporting obligation. Petitioners' counsel readily consented. Petitioners did not learn that Respondents intended to seek an indefinite stay until receiving the *ex parte* application filed yesterday. This prevented the parties from exploring

1

**PETITIONERS' OPPOSITION TO RESPONDENTS' *EX PARTE* APPLICATION TO STAY REPORTING OBLIGATION**

alternatives, such as authorizing Petitioners to gather the same or similar information through other means.

For these reasons, Petitioners respectfully request that the Court enter the attached proposed order.  Under that order, the Court would stay Respondents' reporting obligations for up to two weeks, assuming the government's partial shutdown does not end earlier, and direct the parties to file a status report and a statement of their positions, if necessary, at that time.

Respectfully submitted,

ACLU OF SOUTHERN CALIFORNIA

Dated:  October 2, 2013

 /s/ *Ahilan Arulanantham*
Ahilan Arulanantham
Counsel for Petitioners

2
**PETITIONERS' OPPOSITION TO RESPONDENTS' *EX PARTE*
APPLICATION TO STAY REPORTING OBLIGATION**

LA1 2850434v.1