# Exhibit A

# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*, | CV 07-3239 TJH (RNBx) |
| Petitioners, | |
| v. | Order, |
| ERIC HOLDER, *et al.*, | Judgment |
| Respondents. | and |
| | Permanent Injunction |

The Court has considered Petitioners' motion to clarify the class definition and the cross motions for summary judgment together, with moving and opposing papers.

The Court certified the class in this case after the Ninth Circuit held that the class must be certified. *Rodriguez v. Hayes (Rodriguez I)*, 591 F.3d 1105 (9th Cir. 2010). The class is defined as:

> All non-citizens within the Central District of California who: (1) Are or were detained for longer than six months pursuant to one of the general immigration detention statutes pending completion of removal proceedings, including judicial review; (2) Are not and have not been detained pursuant to a national security detention statute; and (3) Have not been afforded a

1 hearing to determine whether their detention is justified.

2 "General immigration statutes" in the class definition refers to 8 U.S.C. §§ 1225(b), 1226 and 1231(a). *See Rodriguez I*, 591 F.3d at 1113. "Removal proceedings" does not narrowly refer to its use in 8 U.S.C. § 1229a, but to any proceedings to determine whether persons detained pursuant to the general immigration statutes, as defined in *Rodriguez 1*, will be removed from the United States.

For organizational purposes, the class is divided into four subclasses, as follows:

1. Class members detained under 8 U.S.C. § 1225(b);
2. Class members detained under 8 U.S.C. § 1226(a);
3. Class members detained under 8 U.S.C. § 1226(c); and
4. Class members detained under 8 U.S.C. § 1231(a).

The Court provided for no exceptions to the definitions of class membership, yet Respondents have unilaterally excluded certain detainees. Consequently,

It is Ordered that there are no exceptions, express or implied, to the class membership definitions.

It is further Ordered that class membership includes, *inter alia*, detainees incarcerated for restatement under 8 U.S.C. § 1231(a)(5), detainees held for proceedings initiated by an administrative removal order under 8 U.S.C. § 1228(b); and detainees held under the general immigration statutes after entering the United States through the Visa Waiver Program.

There are no genuine issues of material fact, and neither party contests that those detained under § 1231 or § 1226(a) have a right to a bond hearing after six months of detention. Most of Respondents's arguments were previously addressed by this Court and affirmed by the Circuit in *Rodriguez v. Robbins (Rodriguez II)*, 715 F.3d 1127 (9th Cir. 2013). However, Respondents raises one new argument. Respondents argue that constitutional concerns are not implicated because the *Rodriguez II* panel did not consider evidence that "a large number of aliens" extend the term of their own detention through their own actions, such as requests for continuances. For this

1  argument, Respondents rely on *Demore v. Kim*, 538 U.S. 510, 526, 123 S. Ct. 1708,
2  1719, 155 L. Ed. 724, 739 (2003), which the Ninth Circuit explicitly construed to only
3  support brief periods of detention. *Rodriguez II*, 715 F.3d at 1135.

4      The procedural requirements for bond hearings are well settled in the Ninth
5  Circuit. *See Casas–Castrillon v. Department of Homeland Security*, 535 F.3d 942 (9th
6  Cir. 2008). In *Rodriguez II*, the Ninth Circuit reaffirmed that the procedural
7  requirements for a *Casas* bond hearing are those articulated in *Singh v. Holder*, 638
8  F.3d 1196, 1203-10 (9th Cir. 2011). *Rodriguez II*, 715 F.3d at 1135-36. The
9  government must prove by clear and convincing evidence that a detainee is a flight risk
10 or a danger to the community to justify the denial of bond at a *Casas* hearing.
11 *Rodriguez II*, 715 F.3d at 1136. Additionally, due process requires a contemporaneous
12 record of Casas hearings, so that a transcript or audio recording is available upon
13 request. *Rodriguez II*, 715 F.3d at 1136.

14     Petitioners, now, request four additional procedural safeguards. First, Petitioners
15 request that an Immigration Judge be required to consider whether the detainee will ever
16 be removed. Second, Petitioners request that an Immigration Judge be required to
17 consider conditions short of incarceration. Third, Petitioners request that the bond
18 hearings be automatically provided, rather than placing the burden on the detainee to
19 request the hearing. Finally, Petitioners request that notice of the hearing be provided
20 to each detainee in plain language, reasonably calculated to inform a person unfamiliar
21 with English and the United States legal system of the pendency of the hearing.

22     The first and second proposed procedural additions – consideration of the
23 likelihood of removal during a bond hearing, and consideration of alternatives to
24 incarceration – fall outside the ambit of *Casas*, *Singh*, and *Rodriguez II*. *Rodriguez II*
25 affirmed that the purpose of a *Casas* bond hearing is to determine a detainee's flight risk
26 and dangerousness. *Rodriguez II*, 715 F.3d at 1135-36. Accordingly, Petitioners'
27 request that Immigration Judges consider the likelihood of detainees' ultimate removal
28 as a factor at bond hearings would drastically expand the scope and purpose of bond

1 hearings. Such a requirement would require legal and political analyses beyond what would otherwise be considered at a bond hearing, and would place an unreasonable burden on overly burdened Immigration Judges. As to the second request, Immigration Judges should already be considering restrictions short of incarceration, including house arrest with electronic monitoring, in determining a detainee's flight risk and dangerousness. *Rodriguez II*, 715 F.3d at 1131.

On the other hand, Petitioners' request that the bond hearings be provided automatically and that the notice to detainees of the bond hearings be provided in plain language are consistent with the due process concerns of *Casas*, *Singh*, and *Rodriguez II*. The bond hearing process would be fraught with peril if the Court were to place the burden on detainees to request a bond hearing when the government is constitutionally obligated to provide those hearings. Accordingly, comprehendible notice must be provided to detainees for that notice to pass constitutional review.

Petitioners are entitled to judgment as a matter of law. Members of all four subclasses – Sections 1231, 1226(a), 1226(c), and 1225(b) – should be afforded bond hearings after six months of detention, consistent with *Rodriguez II*. The procedural requirements of the bond hearings should be consistent with the findings of the Ninth Circuit in *Singh*, and *Rodriguez II*. Additionally, bond hearings should be provided automatically, and plain language notice, in writing, of the bond hearings should be provided to detainees prior to the hearing.

It is further Ordered that Petitioners' motion for summary judgment be, and hereby is, Granted.

It is further Ordered that Respondents' motion for summary judgment be, and hereby is, Denied.

It is further Ordered, Adjudged and Decreed that Judgment be, and hereby is, Entered in favor of Petitioners and against Respondents.

It is further Ordered that Respondents and their agents, employees, assigns, and all those acting in concert with them be, and hereby are, Permanently Enjoined as follows:

1. Respondents shall provide each class member, by the class member's 181st day of detention, with a a bond hearing before an Immigration Judge consistent with the substantive and procedural requirements set forth in this Order and *Casas*, *Singh*, and *Rodriguez II*.

2. The bond hearings shall be recorded or transcribed so that a written record can be made available if an appeal is taken.

3. At least seven days prior to providing any bond hearing conducted pursuant to this Order, Respondents shall provide written notice, in plain language, to the detainee of his or her upcoming bond hearing. For notice to be sufficient, Respondents must take reasonable steps to ensure receipt of the notice by the class member and class counsel.

4. For class members who have already been detained for more than six months as of the date of this order, but who have not yet received a bond hearing pursuant to this Court's preliminary injunction, Respondents shall provide a bond hearing before an Immigration Judge consistent with the requirements of this Order and *Casas*, *Singh*, and *Rodriguez II,* within 30 days of the date of this Order.

5. Within 60 days of the date of this Order, Respondents shall file a status report describing the steps taken to timely identify all current and future class members and to ensure that they receive bond hearings and notice of those hearings. Along with the status report, Respondents shall file under seal (with a copy served on class counsel) a list containing each class member's name and alien number, the date of any scheduled or completed bond hearing, whether the class member is or was represented, the Immigration Judge who conducted or will conduct the hearing, the bond amount set, if any, and whether any appeal has been taken. Respondents shall file and serve an updated status report and class member list every 90 days thereafter until August 1, 2015. The updated reports and lists shall include the information for all class members in detention as of the date of the prior report.

6. If Respondents determine that an individual is not a class member even

though that individual (a) is detained in Respondents' custody within the Central District, (b) has been detained by Respondents for six months or longer, (c) is not detained under 8 U.S.C. § 1226a or 8 U.S.C. § 1531-37, and (d) remains detained even though the government does not have present authority to deport that individual, Respondents shall notify class counsel of that individual's circumstances and the reason Respondents believe that individual is not a class member.

7. For class members in detention as of the date of this Order, Respondents shall provide class counsel with notice of class member bond hearings at the same time that they provide notice to class members directly.

Date: August 6, 2013

_____
Terry J. Hatter, Jr.
Senior United States District Judge

# Exhibit B

# REPRESENTATION STATEMENT

Pursuant to Ninth Circuit Rule 3-2(b) and Federal Rule of Appellate Procedure 12(b), undersigned counsel for Petitioners respectfully submits the following list that shows all of the parties to the action, and identifies their counsel by name, firm address, telephone number, facsimile number, and e-mail address, where appropriate.

PETITIONERS:

ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, for themselves and on behalf of a class of similarly-situated individuals

COUNSEL FOR PETITIONERS:

AHILAN T. ARULANANTHAM (SBN 237841)
aarulanantham@aclu-sc.org
MICHAEL KAUFMAN (SBN 254575)
mkaufman@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5211
Facsimile: (213) 977-5297

JUDY RABINOVITZ
jrabinovitz@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0779
Facsimile: (415) 395-0950

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.stanford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610

Telephone: (650) 724-2442
Facsimile: (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

RESPONDENTS:

ERIC HOLDER, United States Attorney General; JANET NAPOLITANO, Secretary, Homeland Security; THOMAS G. SNOW, Acting Director, Executive Office for Immigration Review; TIMOTHY ROBBINS, Field Office Director, Los Angeles District Immigration and Customs Enforcement; WESLEY LEE, Officer-in-Charge, Mira Loma Detention Center; et al.; RODNEY PENNER, Captain, Mira Loma Detention Center; SANDRA HUTCHENS, Sheriff of Orange County; OFFICER NGUYEN, Officer-in-Charge, Theo Lacy Facility; CAPTAIN DAVIS NIGHSWONGER, Commander, Theo Lacy Facility; CAPTAIN MIKE KREUGER, Operations Manager, James A. Musick Facility; ARTHUR EDWARDS, Officer-in-Charge, Santa Ana City Jail; RUSSELL DAVIS, Jail Administrator, Santa Ana City Jail,

COUNSEL FOR RESPONDENTS:

STUART F. DELERY
Principal Assistant Attorney General, Civil Division
DAVID J. KLINE
Director, Office of Immigration Litigation, District Court Section
THEODORE W. ATKINSON
United States Department of Justice
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4135
theodore.atkinson@usdoj.gov
SARAH S. WILSON
Trial Attorney

Dated: October 7, 2013

Respectfully submitted,

ACLU OF SOUTHERN CALIFORNIA

s/ Ahilan T. Arulanantham
AHILAN T. ARULANANTHAM
*Attorneys for Petitioners*

2