1  AHILAN T. ARULANANTHAM (SBN 237841)
   aarulanantham@aclu-sc.org
2  MICHAEL KAUFMAN (SBN 254575)
   mkaufman@aclu-sc.org
3  ACLU FOUNDATION OF SOUTHERN CALIFORNIA
   1313 West 8th Street
4  Los Angeles, CA 90017
   Telephone: (213) 977-5211
5  Facsimile: (213) 977-5297

6  *Attorneys for Petitioners*
   (Additional Counsel listed on following page)
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, for themselves and on behalf of a class of similarly-situated individuals,<br><br>Petitioners,<br><br>v.<br><br>ERIC HOLDER, United States Attorney General; JANET NAPOLITANO, Secretary, Homeland Security; THOMAS G. SNOW, Acting Director, Executive Office for Immigration Review; TIMOTHY ROBBINS, Field Office Director, Los Angeles District Immigration and Customs Enforcement; WESLEY LEE, Officer-in-Charge, Mira Loma Detention Center; et al.; RODNEY PENNER, Captain, Mira Loma Detention Center; SANDRA HUTCHENS, Sheriff of Orange County; OFFICER NGUYEN, Officer-in-Charge, Theo Lacy Facility; CAPTAIN DAVIS NIGHSWONGER, Commander, Theo Lacy Facility; CAPTAIN MIKE KREUGER, Operations Manager, James A. Musick Facility; ARTHUR EDWARDS, Officer-in-Charge, Santa Ana City Jail; RUSSELL DAVIS, Jail Administrator, Santa Ana City Jail,<br><br>Respondents. | Case No. CV-07-3239-TJH (RNBx)<br><br>**[PROPOSED] ORDER GRANTING PETITIONERS' MOTION FOR COMPLIANCE**<br><br>Honorable Terry J. Hatter |

JUDY RABINOVITZ
jrabinovitz@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0779
Facsimile: (415) 395-0950

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.stanford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Petitioners*

1  Good cause having been shown in Petitioners' Motion for Compliance, the
2  motion is hereby GRANTED.
3  This Court issued an Order granting Petitioners' Motion for Summary
4  Judgment on August 6, 2013 (Dkt. 353). Respondents have failed to comply with
5  that Order in several respects.
6  First, Respondents currently employ a notice that includes only the date, time
7  and location of the bond hearing, which is less information than the *Casas* notice the
8  Court found constitutionally deficient. The current notice is not written in "plain
9  language" and does not notify class members regarding the nature of the
10 determination to be made at the hearing or of class member's rights. It is hereby
11 ORDERED that Respondents must provide the notice attached to this Order for all
12 bond hearings conducted pursuant to this Court's Order of August 6, 2013 (Dkt. 353).
13 Second, Respondents shall not exclude the following individuals from the class
14 definition: persons who satisfy the class definition whose cases have been denied by
15 the Board of Immigration Appeals ("BIA"), but remain within the 30-day period for
16 filing a petition for review. Under *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir.
17 2008), such individuals remain class members because the "removal period" under 8
18 U.S.C. § 1231(a)(1) does not begin until after a noncitizen waives their right to appeal,
19 whether affirmatively or through in action within the 30-day period. This Court also
20 finds that Respondents failed to notify Petitioners of this exclusion in violation of the
21 August 6, 2013 Order (Dkt. 353).
22 Accordingly, Respondents do not have legal authority to remove these
23 individuals under 8 U.S.C. § 1231(a)(1) until the time to appeal lapses or a waiver
24 occurs. It is hereby ORDERED that the class includes detainees whose cases have
25 been denied by the BIA, but who remain within the 30-day period for filing an appeal
26 and have not affirmatively waived their right to appeal.
27 In light of the fact that Respondents have continued to exclude class members
28 without leave of the Court and without the notice that this Court previously ordered, it

is hereby ORDERED that Respondents must submit a declaration from a person most knowledgeable either: (1) confirming that no other exclusions exist beyond the four identified to date by class counsel; or (2) identifying (a) each and every purported exception that Respondents believe entitles them to detain class members for longer than six month without a bond hearing, (b) the basis for each and every such exclusion, and (c) the individuals impacted by each and every such exclusion since this Court's preliminary injunction or the Order, as applicable. The declaration must be submitted no later than two weeks from the date of this Order.

In light of Respondents' pattern of non-compliance, Respondents are required to disclose sufficient information for Petitioners and this Court to determine if there have been other violations of this Court's Orders. Accordingly, it is hereby ORDERED that Respondents:

1. Shall disclose the following information concurrent with each status report required under the August 6, 2013 Order (Dkt. 353): whether each detainee on whom information is provided was found eligible for a *Rodriguez* hearing; the outcome of any appeal of a bond decision; whether a class member actually bonded out from detention (including the date on which the bond was posted, the date of the class member's release, and contact information for the class member and/or his attorney if Respondents possess it).

2. Shall produce to class counsel copies of the electronic recordings of class members' bond hearings that have occurred on or before the date of this Order, within 30 days of this Order.

3. Shall make available for inspection class members' immigration court files upon Petitioners' request in the same manner and subject to the same conditions as when requested by individual class members, and without the need for a Freedom of Information Act request.

Respondents shall disclose the information required under (1) and (2) for all class members who received a bond hearing under the preliminary or permanent

2

1  injunction.  To the extent that there is "confidential" or "highly confidential"
2  information contained in these records, Respondents may produce such information
3  subject to the terms of the protective order entered in this case.  This Order is being
4  granted without prejudice to future requests for information pertinent to monitor
5  compliance.  Moreover, the Court hereby notifies Respondents that any further
6  instances of noncompliance could result in sanctions, including but not limited to the
7  striking of defenses or adverse inferences.
8      It is so ORDERED.

Dated:  November____, 2013

                       HONORABLE TERRY J. HATTER, JR.
                       United States District Court Judge