# Exhibit A

## Michael Kaufman

| | |
|---|---|
| **From:** | Michael Kaufman |
| **Sent:** | Monday, October 22, 2012 5:05 PM |
| **To:** | 'Atkinson, Theodore (CIV)'; 'Wilson, Sarah S. (CIV)' |
| **Cc:** | Ahilan Arulanantham |
| **Subject:** | Rodriguez: class member lists |

Ted,

I write to follow up on the list of class members eligible for bond hearings under Judge Hatter's order.  In an October 17 email, you promised to provide us with information regarding Respondents' methodology for identifying class members by today.  I look forward to your response, which Sarah has told us will be coming soon.

As we previously discussed over email, there are a number of eligible class members who were missing from Respondents' lists for the detention center visits.  I previously sent you a list of 26 class members that were missing from the Adelanto list, which was nearly half the total of eligible class members.  In addition, we have identified a number of additional class members who are missing from the lists for the OC facilities.  This includes: (1) people who Erik notified us had been initially omitted from the lists; (2) people who we identified as missing from the list, and Erik subsequently confirmed that they should have been included; and (3) people who we encountered during the course of our visits (or who other detainees identified during our visits) whom we believe may be eligible under the Court's order, although we are not certain that they qualify. Below is a list of the individuals at the OC facilities that fall within these three categories.

Please note that these are only the people who we happen to have identified though the detention visits and through communications with their attorneys.  Unlike at Adelanto – where AFOD Valdez systematically reviewed the cases all detainees to determine who was eligible – this is not intended to be a comprehensive list of all the missing class members.  Based on our experience at Adelanto and our estimates of eligible class members, we suspect that there are substantially more eligible class members at the OC facilities.  However, we wanted to provide the identities of these individuals now, to the extent that it will aid Respondents in determining the cause of the under-counting problem.

Finally, in light of these issues, we request that Respondents provide us a list of the schedule for the Rodriguez bond hearings (the date of the hearing, IJ and location) and, if the hearings have been completed, the outcome of the bond hearing.  Due to the problems with Respondents' identification of eligible class members, we were not able to meet with a number of eligible class members and gather their information.  As a result, we have no way of tracking whether Respondents are complying with the Court's order for these class members.  We also request that Respondents provide weekly updates for hearings that are scheduled in the future under the Court's order.  We would like to work cooperatively with you on this rather than litigating it – both sides have much better things to do than to litigate a contempt motion or seek other relief to ensure compliance with the Court's order, but in light of the serious under-counting problem we cannot be confident in Respondents' compliance absent this information.

If you would like to discuss these issues by phone, I can be reached at the number below.

Regards, Michael


Jose Salazar Liborio, A201 174 544
Javier Duarte-Juarez, A95 199 317
Jin Kim-Lee, A200 153 938
Chin Yi, A38 703 259
Juan Huerta-Flores, A75 481 737
Cristian Herrera Jimenez, A205 310 481
Marvin Garcia-Reyes, A200 245 102
Angel Carrillo, A92 814 589
Gevorg Sukiasyan, A099 903 951
Artak Yeghishyan, A075 525 299



Michael Kaufman

# Exhibit B

**Michael Kaufman**

| | |
|---|---|
| **From:** | Ahilan Arulanantham |
| **Sent:** | Thursday, October 25, 2012 10:13 PM |
| **To:** | sarah.s.wilson@usdoj.gov; theodore.atkinson@usdoj.gov |
| **Cc:** | Michael Kaufman |
| **Subject:** | RE: Rodriguez Correspondence |

Dear Sarah,

Thank you for your letter. We appreciate the care which you obviously took in researching the underlying information. As Michael mentioned yesterday, we are reviewing the letter and will get back to you with follow up questions.

I want to briefly raise two issues related to Respondents' methodology that need not wait for our response to the letter.

First, we recently became aware of two additional detainees at Santa Ana City Jail whom we believe are incorrectly missing from your list:

(1)  Jose Guereca, B# 12-1413, A#205-311-159 (detained since April 12, 2012)

(2)  Nenry Serrano, B# 11-5326, A#200-977-053 (detained since November 30, 2011)

Please let us know if these individuals are in fact eligible class members and, if so, why your methodology did not identify them.

Second, I want to state, again, our request for a list of the bond hearings scheduled for Rodriguez class members, which would include the detainee's name, A#, date of hearing, IJ and outcome (if the bond hearing has been completed). Michael first requested this information on Friday, and specifically followed up with you on the request yesterday. I don't believe we've heard back as to whether Respondents would provide such a list. As Michael explained, the list is critical for us to determine whether Respondents have been complying with Judge Hatter's order, and we can't imagine that it would be burdensome to provide it. Given that we have identified several detainees who were incorrectly excluded from your initial list (including five from Santa Ana, if the two listed here should also be included), we believe it reasonable to request that you provide us that information. Please let us know by cob Monday whether you will provide that information to us.

Take care,
ahilan


From: Wilson, Sarah S. (CIV) [mailto:Sarah.S.Wilson@usdoj.gov]
Sent: Tuesday, October 23, 2012 8:48 PM
To: Ahilan Arulanantham; Michael Kaufman
Cc: Atkinson, Theodore (CIV)
Subject: Rodriguez Correspondence

Ahilan and Michael,

Please see the attached letter and list of Rodriguez subclass members.

Thanks,
Sarah

Sarah Wilson
Trial Attorney
U.S. Department of Justice
Civil Division - Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

# Exhibit C

## Michael Kaufman

| | |
|---|---|
| From: | Michael Kaufman |
| Sent: | Tuesday, February 19, 2013 10:19 AM |
| To: | 'Atkinson, Theodore (CIV)'; Ahilan Arulanantham |
| Cc: | Wilson, Sarah S. (CIV) |
| Subject: | RE: Rodriguez -- Response to E-mail |
| | |
| Importance: | High |

Ted,

I write to follow up on your email below.  First, an urgent matter.  In your email, you reference that Respondents had determined that a pro bono attorney had not been denied a limited appearance for a Rodriguez bond hearing.  The attorney at issue in the case you reference is Victor Nieblas, and the client is Anselmo Posada Flores (A# 095-140-779). We were recently informed that Mr. Nieblas received a notice of a hearing for Mr. Posada Flores scheduled for tomorrow, 2/20, at 8:30 AM in Judge Bank's courtroom.  Mr. Nieblas is currently out of town, and will not be able to appear at the hearing.  Mr. Nieblas contacted us, understandably concerned that it appears that the court had not in fact accepted his limited appearance, and that he is now obligated to appear at tomorrow's hearing or risk that his former client could be ordered removed in abstentia.  Please let us know as soon as possible whether Respondents have in fact rejected his limited appearance, and whether Mr. Nieblas is obligated to appear at tomorrow's hearing.  If that is not the case, please confirm that Mr. Posada Flores has either received separate notice of the hearing, or (if the notice was sent only to Mr. Nieblas, who does not have Mr. Posada Flores' current contact information) Mr. Posada Flores will not be given an in abstentia order.

Second, we appreciate that Respondents have taken steps to investigate our concerns regarding compliance with Judge Hatter's order.  However, we cannot be satisfied by Respondents' assurances that they intend to comply with the order. We have received such assurances before, and yet we continue to discover ongoing cases on noncompliance.  Our concerns have only been heightened by our recent discovery of the numerous cases in which it appears Respondents have denied bond hearings to individuals in withholding only proceedings, in conflict with Respondents' stated position that such individuals are eligible for bond.  In light of these issues, we ask that Respondents reconsider our request to provide information from EOIR's bond hearing table regarding class members' bond hearings.  There is little burden for Respondents to pull that data, and it would shed considerable light on whether in fact there are systemic issues of noncompliance.

Regards, Michael

-----Original Message-----
From: Atkinson, Theodore (CIV) [mailto:Theodore.Atkinson@usdoj.gov]
Sent: Monday, February 04, 2013 1:32 PM
To: Ahilan Arulanantham; Michael Kaufman
Cc: Wilson, Sarah S. (CIV)
Subject: Rodriguez -- Response to E-mail

Ahilan and Michael,

I wanted to follow up with you regarding Ahilan's e-mail suggesting that two immigration judges, Judges Munoz and Ho, are failing to comply with the Rodriguez PI with respect to detainees, including, in particular, pro se detainees.

You helpfully provided us with an example by attaching an order you believe shows lack of compliance with the Rodriguez PI order issued by the district court.  There are several items to report with respect to this specific case concern that you forwarded:

Following your e-mail, our office and EOIR were able to confirm the following:

Judge Munoz's decision was based upon a request by the alien and related briefing seeking a hearing not under Rodriguez, but under Casas-Castrillon.  We understand that the alien's briefing and request was limited to a Casas hearing, and was evaluated and considered by Judge Munoz accordingly.  However, as part of the vetting and identification process we described after the PI was entered, independently of, and a few days after Judge Munoz issued

1

her decision, DHS identified the detainee as an alien entitled to a Rodriguez hearing on a list DHS regularly provides to EOIR to schedule Rodriguez hearings. Upon receiving this notice, and again, independent of your e-mail or Judge Munoz's decision, EOIR scheduled a hearing for this detainee for a Rodriguez hearing. That bond hearing is presently scheduled for tomorrow, February 5, 2013.

Additionally, we have been informed by EOIR that ACIJ Fong has recently sent an e-mail to all immigration judges in the district, reminding them of their obligations under the Rodriguez preliminary injunction. He specifically noted that immigration judges have an independent responsibility to make the determination of an alien's eligibility for a Rodriguez hearing, particularly in cases where the respondent is pro se.

We understand and appreciate your concern that this particular detainee did not receive a Rodriguez hearing, and we have as much interest in making sure immigration judges are in compliance with the order as you are. As you know, immigration judges are largely dependent upon ICE or the alien to state how long someone has been in custody and/or under what provision of law. At the same time, immigration judges have no interest in disobeying a district court injunction. To date, you have raised few concrete instances of non-compliance. Once we established a system of identifying and scheduling hearings under the Rodriguez PI, we informed you of and described that process. When you requested that we notify you of the dates of those hearings in advance to allow you to monitor compliance, we agreed to provide you that information.

To date, you have not raised a an objection to the general process used by DHS and EOIR to identify Rodriguez PI subclass members, nor am I aware of any concerns raised with respect to the process of notifying you of those hearings, which we regularly report through EOIR and our office. And I hope you recognize that we have considered each specific concern that you have raised, and have addressed those concerns.

We will continue to do so. However, as I described in my last e-mail, resolution of individual case concerns are most efficiently addressed by the identification of specific cases where you believe the immigration courts have not complied with the Rodriguez order. While we appreciate that you have relayed general concerns raised about the conduct of these two immigration judges, our office has not yet seen anything to lead us to believe that there is a widespread disregard of the Rodriguez PI by Judges Munoz and Ho, as you have suggested. (I note that one of the sources you identify as informing you of these judges' failure to comply is an immigration attorney who earlier informed you he had been denied a request for limited appearance, but after investigating that claim with the immigration judge at issue, we determined that claim was without merit -- a conclusion we informed you of, and to which you did not raise disagreement).

EOIR and DHS have a strong interest in ensuring compliance with the Rodriguez PI, and, recognizing that, both agencies have taken steps beyond what is required by Judge Hatter's order to inform you of our process for compliance and to give you notice in advance of hearings to allow you to ensure our compliance.

Again, if you have specific examples you discover where you or an immigration attorney representing a detainee have concerns, please let us know immediately so we can address those concerns as we have in this case and others.

Regards,

Ted Atkinson

# Exhibit D



LIBERTY | JUSTICE | EQUALITY

March 12, 2013

Via email

Theodore Atkinson
Senior Litigation Counsel
Office of Immigration Litigation
P.O. Box 838, Ben Franklin Station
Washington, DC 20044

Re:    *Rodriguez v. Hayes*, No. CV 07-3239-TJH (RNBx)

Dear Ted,

Congratulations on a fine Ninth Circuit argument this past Monday. I write pursuant to Local Rule 37-1 to renew our request for certain information in light of a representation you made to the Court during your argument. During your rebuttal, you stated that there have been approximately 400 *Rodriguez* bond hearings conducted pursuant to the preliminary injunction order, and that approximately two thirds of those hearings have resulted in the detainee's release. You made that statement shortly after the start of minute 33 of the audio recording, which is available here: http://cdn.ca9.uscourts.gov/datastore/media/2013/03/04/12-56734.wma, (33:07).

As you may recall, we had already made a request that you provide certain outcome information concerning the results of the bond hearings conducted pursuant to the preliminary injunction because of concerns that we have that Respondents are not fully complying with the order. We have corresponded with you about our request for this outcome information on, *inter alia*, October 23, 2012, January 25, 2013, and February 19, 2013, and have also discussed it on the phone on several occasions. As of our last communication, you had rejected our request.

In light of the fact that Respondents have now made representations to the Ninth Circuit about the outcomes of the Rodriguez bond hearings, and given that the Ninth Circuit may rely on that representation in reaching a decision, we renew our request for that outcome information. Specifically, we request the following information concerning the outcomes of bond hearings conducted pursuant to the preliminary injunction order:

Detainee name and A#; date of *Rodriguez* hearing; presiding Immigration Judge; outcome (bond denied or granted, bond amount (if any), other release conditions (if any)); attorney information (if any); contact information for detainee (if any).

We understand that all of this information is available in existing EOIR or ICE databases,

Chair Stephen Rohde   President Shari Leinwand
Chairs Emeriti Danny Goldberg  Allan K. Jonas  Burt Lancaster*  Irving Lichtenstein, MD*  Jarl Mohn  Laurie Ostrow*  Stanley K. Sheinbaum

Executive Director Hector O. Villagra   Chief Counsel Mark D. Rosenbaum  Deputy Executive Director James Gilliam
Communications Director Jason Howe  Development Director Sandy Graham-Jones  Director of Strategic Partnerships Vicki Fox
Legal Director & Manheim Family Attorney for First Amendment Rights Peter J. Eliasberg  Deputy Legal Director Ahilan T. Arulanantham
Director of Policy Advocacy Clarissa Woo  Director of Community Engagement Elvia Meza  Executive Director Emeritus Ramona Ripston        *deceased

Page 2

and therefore that the production of it should not be burdensome, particularly given that you are already providing notices of *Rodriguez* hearings to us. Whether or not that is true, the fact that the government has now relied on outcome information before the Ninth Circuit entitles Petitioners both to the underlying information itself and to enough information so as to allow Petitioners to verify its accuracy.

Please let us know your position as to this request by Wednesday March 13, 2013. We would like to have time to analyze this information prior to the deadline for filing our reply brief, which is April 5, 2013.

Sincerely,


_____/s/_____
Ahilan T. Arulanantham
Deputy Legal Director, ACLU/SC



# Exhibit E

**Michael Kaufman**

| | |
|---|---|
| **From:** | Michael Kaufman |
| **Sent:** | Friday, August 30, 2013 1:50 PM |
| **To:** | 'Atkinson, Theodore (CIV)' |
| **Cc:** | 'Wilson, Sarah S. (CIV)' |
| **Subject:** | RE: Rodriguez: fees, meet and confer |

Ted,

The following class member was denied a Rodriguez hearing after his merits case was denied by the BIA: Lesber Padilla
(A 078342263).

Regards, Michael

**From:** Atkinson, Theodore (CIV) [mailto:Theodore.Atkinson@usdoj.gov]
**Sent:** Thursday, August 29, 2013 3:47 PM
**To:** Michael Kaufman
**Cc:** Wilson, Sarah S. (CIV)
**Subject:** Re: Rodriguez: fees, meet and confer

I am available tomorrow before 2, and either Tuesday or Wednesday next week.

**From:** Michael Kaufman [mailto:mkaufman@aclu-sc.org]
**Sent:** Thursday, August 29, 2013 06:44 PM
**To:** Atkinson, Theodore (CIV)
**Cc:** Wilson, Sarah S. (CIV)
**Subject:** RE: Rodriguez: fees, meet and confer

Ted,

I apologize for the delay in getting back to you. What's your availability tomorrow, and Tuesday/Wednesday of
next week?

Michael

**From:** Atkinson, Theodore (CIV) [mailto:Theodore.Atkinson@usdoj.gov]
**Sent:** Tuesday, August 27, 2013 8:21 AM
**To:** Michael Kaufman
**Cc:** Wilson, Sarah S. (CIV)
**Subject:** RE: Rodriguez: fees, meet and confer

Michael,

I am back. I am available tomorrow all afternoon, and I am open the rest of the week. I need a chance
to speak with my client about your e-mail, which I plan to do today.

Ted

**From:** Michael Kaufman [mailto:mkaufman@aclu-sc.org]
**Sent:** Monday, August 19, 2013 3:28 PM
**To:** Atkinson, Theodore (CIV)
**Cc:** Wilson, Sarah S. (CIV)
**Subject:** RE: Rodriguez: fees, meet and confer

Ted,

I write to follow up on our meet and confer last week. First, after some internal deliberation, we are not inclined to limit our request for audio recordings to a sample. However, we'd like to discuss our concerns with you prior to going to the court, and we will therefore hold off filing our motion until after your return next week. Please let me know your availability when you return.

Second, with respect to database information, we intend to seek the contact information for our clients as well as their immigration counsel. As I discussed on the phone, attorney information is sometimes incorrect or out of date, and we want to ensure that we have the ability to reach our clients.

Third, with respect to the notification language, we intend to send you proposed language in approximately the next week.

Fourth, I want to confirm that Respondents will be providing us bond hearing notices while you and Sarah are out on vacation this week. Please let me know when we can expect to receive the notices.

Regards, Michael

**From:** Atkinson, Theodore (CIV) [mailto:Theodore.Atkinson@usdoj.gov]
**Sent:** Thursday, August 15, 2013 8:47 AM
**To:** Michael Kaufman
**Cc:** Wilson, Sarah S. (CIV)
**Subject:** RE: Rodriguez: fees, meet and confer

Michael,

To help shorten the call, we do not oppose the preparation of a stipulation to apply the EAJA rules to allow for an application for fees and costs following appeal, if one is taken, or within X number of days after the time to file a notice of appeal has passed. I think to make everything inclusive, we would appreciate if you would agree – and note our agreement in the stipulation – that the costs of the PI appeal, $54.40, I think, will be made at the time any application for fees is granted and awarded. We just don't want to have to cut two checks, and for $55 bucks, it's a lot of paperwork we'd prefer to do once.

As to the meet and confer, I think we will oppose, but I think it's worth discussing what specifically you seek clarification of. Let's focus on that this afternoon. Anticipating you will file such a motion, I will note now in writing that I will be on vacation all next week, and Sarah Wilson will not be back into the office until Wednesday. We'd like to time the filing of the motion or allow an enlargement for our response in a way that does not interfere with our vacation. So let's talk about timing, today, as well.

Talk to you at 1.

Ted

Ted

**From:** Michael Kaufman [mailto:mkaufman@aclu-sc.org]
**Sent:** Tuesday, August 13, 2013 6:28 PM
**To:** Atkinson, Theodore (CIV)
**Subject:** RE: Rodriguez: fees, meet and confer

That works. Let's plan for 1 PM EST. I'll call you in your office then-

Michael

**From:** Atkinson, Theodore (CIV) [mailto:Theodore.Atkinson@usdoj.gov]
**Sent:** Tuesday, August 13, 2013 3:26 PM
**To:** Michael Kaufman; Wilson, Sarah S. (CIV)
**Subject:** Re: Rodriguez: fees, meet and confer

Michael:

Thursday between 11 and 2 EST is the best I can do.

Ted

**From:** Michael Kaufman [mailto:mkaufman@aclu-sc.org]
**Sent:** Tuesday, August 13, 2013 06:23 PM
**To:** Atkinson, Theodore (CIV); Wilson, Sarah S. (CIV)
**Subject:** Rodriguez: fees, meet and confer

Ted and Sarah,

I write regarding a couple issues related to Judge Hatter's ruling last week. First, as you
may be aware, there is a conflict between the EAJA rules governing the timing of fee
petitions and the local rules in the CDCA, which generally provide that fee petitions must
be filed within 14 days of entry of judgment. See L.R. 54-10. We think it clear that the
EAJA rules trump the local rules in this case under Al-Harbi v. Ins, 284 F.3d 1080 (9th
Cir. 2002). However, in an abundance of caution, we'd like to submit a joint stipulation to
the court in which we state our agreement that the EAJA rules apply. The stipulation
would benefit Respondents because – presuming you will be appealing the decision (and
I somehow suspect that you will) – it will put off any briefing on fees until the appeal is
resolved. We have filed such joint stipulations with the government in the past, including
recently in Hamdi – see attached. Please let me know if you are amenable to such a
stipulation, and I can draft one up.

Second, we'd like to meet and confer on a motion to amend the Court's order. We plan
to request that the Court modify its order to include the additional monitoring provisions
that we had previously discussed with respect to the preliminary injunction: providing us
access to the audio recordings of hearings, and certain additional database information
beyond what is currently required (including whether the detainee bonded out from
detention; the date on which the bond was posted; the date of the detainee's release; and
contact information for the detainee and/or his attorney). Please let me know if you are
available sometime in the next couple days to meet and confer by phone. I believe that
Ted is scheduled to be out of the office next week, and I'd like to try to discuss before he
departs.

Thanks, Michael

Michael Kaufman
Staff Attorney
ACLU of Southern California
1313 West 8th Street
Los Angeles, CA 90017
(o) (213) 977-5232 | (f) (213) 417-2232

website || facebook || twitter || blog

**The ACLU: Because Freedom Can't Protect Itself**

# Exhibit F

## Michael Kaufman

| | |
|---|---|
| **From:** | Michael Kaufman |
| **Sent:** | Tuesday, September 10, 2013 11:51 AM |
| **To:** | 'Atkinson, Theodore (CIV)'; Wilson, Sarah S. (CIV) |
| **Cc:** | Ahilan Arulanantham |
| **Subject:** | Rodriguez: monitoring and compliance issues |

Ted,

I write to follow up on several related issues concerning whether Respondents have complied with the district court's orders in this action, and the information Petitioners have requested in order to more accurately and efficiently ascertain that Respondents comply with those orders for the life of the permanent injunction.

First, on September 9, 2013, I received two sets of Rodriguez notices by email. Of the notices provided, at least five notices were marked as "served" on the class member less than seven days prior to the date of the class member's scheduled hearing. I also received all of the notices at least several days after the date marked "served," including one notice for a hearing scheduled for September 9th and three notices for hearings scheduled for today. In our view, the government must provide a minimum of seven days notice to class members and their counsel, as well as to class counsel, to comply with Judge Hatter's orders, and to enable us to effectively monitor compliance. Please advise whether Respondents take the position that they are in compliance with Judge Hatter's orders and, if not, the corrective steps they plan to take immediately to comply.

Second, on our last phone call on August 30, I explained that we have learned through our own monitoring efforts that several immigration judges have ruled that they lack jurisdiction to conduct a Rodriguez bond hearing if a class member's merits appeal has been denied by the BIA. I explained that Petitioners believe it is improper to deny Rodriguez bond hearings on this ground. In response, you requested the name and A number for one such class member so that you would discuss the issue with your clients. I provided you with that information by email on August 30th, but have not heard back regarding Respondents' position. Please advise whether Respondents intend to continue to allow immigration judges to deny bond hearings on this ground.

Third, on our last call, we discussed for at least the second time Petitioners' planned motion to amend the permanent injunction to include certain monitoring provisions. You indicated that you would discuss our position with your clients to see whether the parties could enter into a stipulation. I have not heard back from you on this matter and must assume, based on our prior meet and confers on this issue under Local Rule 7-3, that this is due to Respondents' unwillingness to enter into a stipulation or informal agreement. Please let me know if this is incorrect. Otherwise, we currently intend to file our motion with Judge Hatter on Tuesday, September 24. Because my first and second points in this email also bear on the motion, please also advise on those matters by no later than September 17th.

Regards, Michael

Michael Kaufman
Staff Attorney
ACLU of Southern California
1313 West 8th Street
Los Angeles, CA 90017
(o) (213) 977-5232 | (f) (213) 417-2232

<u>website</u> || <u>facebook</u> || <u>twitter</u> || <u>blog</u>

## The ACLU: Because Freedom Can't Protect Itself

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.

# Exhibit G

## Michael Kaufman

| | |
|---|---|
| **From:** | Michael Kaufman |
| **Sent:** | Friday, September 13, 2013 2:04 PM |
| **To:** | 'Atkinson, Theodore (CIV)'; Wilson, Sarah S. (CIV) |
| **Cc:** | Ahilan Arulanantham |
| **Subject:** | RE: Rodriguez: notice |

Ted,

We understand from multiple telephone conferences and this email exchange that Respondents have taken the position that Judge Hatter's order does not require them to change the existing notices, and that the only reason Respondents have entertained a revised notice is as a matter of courtesy.   We obviously disagree, and assumed that Respondents' willingness to negotiate a revised notice indicated a recognition that they are under a legal obligation to do so.  In any event, Respondents' position that the current notice is adequate cannot be reconciled with the record.  The parties disputed the adequacy of the current notice in the cross motions for summary judgment, and Judge Hatter's order identified improved notice as one of "four additional procedural safeguards" requested by Petitioners.  Judge Hatter then found "Petitioners' request" for improved notices consistent Ninth Circuit case law, and ruled that such "notice must be provided to detainees ...."

You also suggest that Respondents cannot be faulted for waiting for Petitioners to circulate a draft of the notice.  But this again assumes that the Court did not decide the notice question, which is incorrect.  The order imposes an independent obligation on Respondents to act.  Petitioners circulated a draft to avoid delays and in an effort to narrow potential issues for resolution by the Court.  Petitioners thus do not and cannot agree that Respondents can leverage the timing of the draft into an excuse for further delays.

If the parties cannot reach an agreement about the form of the notice in the near future, we intend to seek relief from the court to approve our proposed notice and to direct Respondents to promptly implement the revised notice.

Regards, Michael

> **From:** Atkinson, Theodore (CIV) [mailto:Theodore.Atkinson@usdoj.gov]
> **Sent:** Thursday, September 12, 2013 9:55 AM
> **To:** Michael Kaufman; Wilson, Sarah S. (CIV)
> **Cc:** Ahilan Arulanantham
> **Subject:** RE: Rodriguez: notice
>
> Michael,
>
> I understand your desire to have something from us by the 17th on the lengthy draft notice you sent us, and I will again ask my clients to move as quickly as possible on it, but I am skeptical we can get something back to you by the 17th.
>
> As you know, your draft is lengthy, and essentially rewrites the notice.  It makes a series of legal advisals not required by the Court's order that will need to be reviewed for accuracy and vetted.  There are operational questions that must be addressed.  These matters take time.
>
> If you had wanted us to act before the 17th, then I would have expected the draft sooner from you.  As you know, we have been discussing your provision of a draft notice for some time.  It took several weeks for you to send us a draft after the order was entered and after we began discussions on this issue.  As you also know, I encouraged you to send us a draft as soon as possible.  While we would like to get comments back by the 17th, the timeliness of your sending us the draft makes that difficult.
>
> I also fundamentally disagree with your interpretation of the order regarding the notice.  Despite the lengths to which Petitioners argued that the notices were deficient, nothing in the Court's order indicates that it found any

of the notices we provided to be deficient. Instead, the Court's opinion addresses the issue of notice in the context of addressing the need for automatically scheduled hearings. While the Court indicated that notices to be provided needed to be in "plain language" and "comprehendible" – a point we never disputed at any time – there is nothing in the order of the Court to suggest that the notices currently sent are not, in fact, comprehendible or in plain language. If you can point to a single sentence of the order in which the Court found the notices to be constitutionally deficient, by all means do so. So on this point we disagree with your desire to interpret the order to revise any of the notices sent.

That said, we are, as previously noted, willing to consider different language for the notices, and we appreciate your taking the time to draft a rather lengthy notice as the basis for discussions. However, we believe making the notice part of your motion is premature. But if you want to raise it with the Court, we cannot stop you. However, if you do so, we will make it clear to the Court the timing of your sending the draft, and the good faith effort we have indicated to negotiate over language.

This is a sweeping order. It places several obligations on the Respondents, and the Court has seen fit to allow Respondents the reasonable time to implement the order, which we are doing.


Regards,

Ted Atkinson
United States Department of Justice
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: 202-532-4135


**From:** Michael Kaufman [mailto:mkaufman@aclu-sc.org]
**Sent:** Wednesday, September 11, 2013 5:02 PM
**To:** Atkinson, Theodore (CIV); Wilson, Sarah S. (CIV)
**Cc:** Ahilan Arulanantham
**Subject:** RE: Rodriguez: notice

Ted,

We are encouraged to hear that Respondents believe we can negotiate an agreement on the notice. We are not committed to addressing the notice and monitoring/compliance issues in a single motion, but we do not believe it should take substantial time for Respondents to review and offer any edits on the draft notice, particularly given that the Court ordered a plain language notice several weeks ago. While we do not expect negotiations to conclude by the 17th, it seems reasonable that Respondents could offer their position on the draft notice by 17th. If you believe Respondents require a couple additional days to review the draft, please let us know the date by which we can expect Respondents' response.

Regards, Michael


**From:** Atkinson, Theodore (CIV) [mailto:Theodore.Atkinson@usdoj.gov]
**Sent:** Tuesday, September 10, 2013 3:00 PM
**To:** Michael Kaufman; Wilson, Sarah S. (CIV)
**Cc:** Ahilan Arulanantham
**Subject:** RE: Rodriguez: notice

Michael,

We understand you are trying to bundle all the issues addressed in this e-mail and your other e-mail from today for a single motion to the Court, but we disagree  We spoke with counsel for EOIR today, and they are interested in negotiating over language to be sent with the notice, based on what you sent. However, we think it is a bit unreasonable for you to wait until a week before your own self-imposed deadline to send us a draft notice and demand an answer from us by the 17th.  We believe that there is a good chance a revised notice can be worked out by the parties.  So we think you should take this piece off the table for your motion.  Please let me know what you think.

Regards,

Ted Atkinson
United States Department of Justice
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC  20044
Tel:  202-532-4135

**From:** Michael Kaufman [mailto:mkaufman@aclu-sc.org]
**Sent:** Tuesday, September 10, 2013 3:00 PM
**To:** Atkinson, Theodore (CIV); Wilson, Sarah S. (CIV)
**Cc:** Ahilan Arulanantham
**Subject:** Rodriguez: notice

Ted,

Attached is the notice Petitioners propose should be provided to class members in advance of Rodriguez bond hearings to comply with Judge Hatter's order.  This notice has been drafted in plain English to be understandable to individuals with limited English proficiency and no legal education.  Please let us know Respondents' position on the notice by Tuesday, September 17, as we should present the Court with the parties' joint or competing positions as soon as reasonably practicable so that revised notices can be implemented.

Regards, Michael

Michael Kaufman
Staff Attorney
ACLU of Southern California
1313 West 8th Street
Los Angeles, CA 90017
(o) (213) 977-5232 | (f) (213) 417-2232

website || facebook || twitter || blog

**The ACLU: Because Freedom Can't Protect Itself**

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.

IMMIGRATION COURT

[ADDRESS OF IMMIGRATION COURT]

**NOTICE OF BOND HEARING UNDER *RODRIGUEZ V. ROBBINS***

[DETAINEE/LAWYER ADDRESS]

FILE:  [A NUMBER]

RE:    [DETAINEE NAME]

Your case has been scheduled for a *Rodriguez* bond hearing in immigration court on: [date/time] at the following address:  [address of immigration court].

At the bond hearing, the Department of Homeland Security (DHS) is required to prove, by clear and convincing evidence, that you are either a "flight risk" or a "danger to society" in order to keep you detained.  To show that you are a flight risk, the government must show that you are not likely to appear for future immigration hearings or for deportation (if you are ordered deported).  The government must also show that alternatives to detention, including bond, supervised release, or electronic monitoring, would not ensure that you appear for all your court hearings.  To show that you are a danger, the government must show that your release would harm property or persons.

At the hearing, you have the right to present any evidence to show why you should be released, including any documents or witnesses (such as relatives and friends) who can explain why you are not a flight risk or danger.  You may also testify at the bond hearing.  You may submit statements or letters from friends and family if they are not able to attend the bond hearing in person.  You may submit documents either at your hearing, or by mailing them to the immigration court before your hearing.

The immigration judge may consider one or more of the following factors at the bond hearing:

- Whether you have a fixed address in the United States, including where you will live if you are released;
- How long you have lived in the United States;
- Your family ties in the United States;
- Your employment history, education, community involvement;
- Any property you own;
- Your record of appearing in immigration court;
- Any reason for why you are likely to attend future hearings and comply with a deportation order (if you are ordered deported);
- Your criminal history, including any arrests, convictions, warrants, or restraining orders;
- Any history of immigration violations, including previous removals;
- Any attempts to flee prosecution or escape from the authorities;
- What steps you have taken to take responsibility and change from any criminal history;
- Your behavior (good and bad) while you were detained;
- The strength of your immigration case; and

1

- Your willingness to comply with other conditions of supervision, including electronic monitoring, and the amount of bond you would be able to pay.

You may be represented in this proceeding, at no expense to the government, by an attorney or other individual authorized and qualified to represent persons before an immigration court. Your lawyer or representative should appear with you at the hearing.

At the end of the bond hearing, the judge will announce a decision and ask you if you want to appeal. If you disagree with the judge's decision, including the amount of any bond the judge set or any other conditions imposed by the judge, you can say "yes" to appeal the determination. To appeal, you must then file form EOIR-26 with the Board of Immigration Appeals (BIA). The appeal form must be received by the BIA within thirty days of the immigration judge's decision.

Appeals to the BIA should be filed at the following address:

- Appeals sent by overnight mail must be mailed to:
  Board of Immigration Appeals
  Clerk's Office
  5107 Leesburg Pike, Suite 2000
  Falls Church, VA 22041

- Appeals sent by regular mail should be mailed to:
  Board of Immigration Appeals
  Clerk's Office
  P.O. Box 8530
  Falls Church, VA 22041

You may contact one of the providers on the attached sheet(s) of paper for further information about the bond hearing or to learn about free legal representation.

---

## CERTIFICATION OF SERVICE

This document was served by MAIL (M) or PERSONAL SERVICE (P) TO:
[ ] ALIEN
[ ] ALIEN c/o Custodial Officer
[ ] ALIEN's ATT/REP
[ ] DHS

DATE served: _____
BY: _____    Title: _____

Attachments:
[ ] EOIR-33
[ ] EOIR-28
[ ] Legal Services List
[ ] Other: _____

# Exhibit H

**Michael Kaufman**

| | |
|---|---|
| **From:** | Michael Kaufman |
| **Sent:** | Thursday, September 19, 2013 11:35 AM |
| **To:** | 'Atkinson, Theodore (CIV)' |
| **Cc:** | Wilson, Sarah S. (CIV) |
| **Subject:** | RE: Rodriguez |

Ted,

I write to follow up on some of the issues addressed in your email.

First, we understand Respondents have taken the position that people whose merits case has been denied by the BIA – and have not filed a PFR, but remain eligible to do so until the 30 day period for an appeal has run – do not qualify as class members because they are, in Respondents' view, in the 90-day removal period.  We disagree and, having met and conferred extensively on this issue, we intend to file a motion with Judge Hatter seeking clarification that these individuals qualify as class members.

Second, we are disappointed to learn that Respondents have reversed course, and will no longer attempt to negotiate a revised notice that complies with Judge Hatter's orders.  On our August 30 phone call when we first discussed this issue, we agreed that Petitioners would draft a revised notice that would serve as the basis for negotiations.  After I sent the draft notice, you replied by email September 12 and indicated that Respondents were reviewing the revised notice and advised that they would not be able to respond by September 17, the date we had requested.  You further stated that making the notice part of our planned motion regarding compliance (tentatively scheduled for September 24) would be "premature" and that if we sought to include the issue in the motion before negotiations completed you would make clear to the Court "the good faith effort we have indicated to negotiate over language."  In light of Respondents' about face, it appears that our efforts to negotiate, and the additional delays occasioned by them, were unnecessary.

We intend to bring this issue before Judge Hatter in due course.  In your email, you suggested that the draft revised notice "contains misstatements of the law."  We certainly would like to remove any misstatements of law before presenting the notice to Judge Hatter.  Please let us know specifically what is incorrect in the notice.

Michael

> **From:** Atkinson, Theodore (CIV) [mailto:Theodore.Atkinson@usdoj.gov]
> **Sent:** Wednesday, September 18, 2013 7:11 AM
> **To:** Michael Kaufman
> **Cc:** Wilson, Sarah S. (CIV); Atkinson, Theodore (CIV)
> **Subject:** Rodriguez
>
> Michael,
>
> We are in receipt of your emails regarding your compliance and monitoring demands, and respond as follows.
>
> Additional Monitoring Conditions and Reporting
>
> We will oppose your request for information not ordered by the district court as part of the permanent injunction.  That Order requires Respondents to produce information every 90 days for the next two years to ensure compliance with the Order.  We have, on a voluntary basis, been providing you with copies of noticed bond hearings for the better part of a year.  We understand you will now seek digital audio recordings of every *Rodriguez* bond hearing going back to the start of the PI, as well as going forward; and that you will seek a copy of every document filed with or by the immigration court in association with any past or future hearing under the Order.  We oppose your request, and will oppose your motion.
>
> Notice

With respect to the issue of the sufficiency of the Notice informing aliens of their bond hearings, you take the position that the Court found the notice provided to detainees constitutionally insufficient.  We disagree, for several reasons.

First, nowhere in the Court's final judgment does the Court state that it found the notices deficient.

Second, it is difficult to see how the Court could have reached a pronouncement on the constitutional sufficiency of the notice sent to aliens under the *Rodriguez* PI and now, because *that notice was never submitted to the Court on summary judgment*.  Your motion for summary judgment supplied a copy of a letter sent to detainees notifying them of their right to seek a hearing under *Casas* and *Diouf*, and we submitted copies of that letter and the Notice of Custody Determination form issued by ICE in our motion.  At no time, however, did the Court have any opportunity to weigh in on the sufficiency of the notice sent by the immigration court to the detainee because that notice was never before the Court.

Third, the final judgment discusses a requirement of notice, in plain, comprehendible language, of "to detainees of the bond hearings."  Final Judgment at 4.  The Order itself states that "Respondents shall provide written notice, in plain language, to the detainee *of his or her upcoming bond hearing*."  Final Judgment at 3.  We believe the notices issued by the immigration court notifying detainees of their automatically-scheduled hearings is both plain and comprehendible, and informs the alien of the date, time, and location of their automatically-scheduled bond hearing.  What you submitted to us for review was not a notice, but a lengthy series of legal advisals – some of which are incorrect – that would place the immigration court in the position of providing legal information to detainees.  That is neither appropriate for the immigration court to distribute, nor required by the district court's order.

If I have interpreted your last e-mail correctly, you intend to go to the Court if we cannot negotiate a notice you deem sufficient.  However, for the reasons above, we believe that the immigration court's notice is simple, direct, and in plain language informs detainees of their scheduled bond hearings.  That is what both due process and the district court's order requires.

If you intend to go to the Court on this issue, we will oppose that effort, and we will also make it clear to the Court that the notice you will seek to have the Court adopt goes far beyond the bounds set by the district court's requirement of notice of the bond hearing; that it contains misstatements of the law; that it is, in fact, a series of legal advisals rather than notice of an upcoming, scheduled hearing; and that such information is best left disseminated by public legal organizations who are best positioned to give legal advisals.

The Juarez and Padilla Cases

I am informed by EOIR that Mr. Padilla, about whom you wrote to me on August 30, has had a *Rodriguez* hearing scheduled.

I am also informed by ICE that if Ms. Juarez files a petition for review and obtains a stay, then ICE will allow her to post the bond set by the immigration judge.  Until she does so, she is not a member of the class because there is no barrier to her removal and she is not in removal proceedings or seeking judicial review.  Moreover, ICE is not able to release her if she fails to file a PFR, because her removal period will have begun, under 8 U.S.C. 1252(a)(1)(B)(i), at the time her appeal was dismissed, and accordingly she will be within the 90-day removal period, during which her detention is mandated.  However, if she files the PFR, and seeks a stay, then ICE will honor her bond, because then, under 8 U.S.C. 1252(a)(1)(B)(ii), as interpreted by the Ninth Circuit in *Casas*, the removal period will not have begun, and she will be detained under section 1226(a).

I understand you will forward a copy of Ms. Juarez's PFR and stay motion by the end of the week.  We should have this resolved within a day of receiving the PFR.

Please contact me if you have any questions or comments.

# Exhibit I

ICE-RPD-000058    U.S. Department of Homeland Security
Detention and Removal Operations



**U.S. Immigration
and Customs
Enforcement**

May 10, 2011

Name, A number
Address
Address

Re: Custody Status Review

Name:

This letter is to inform you that your custody status has been reviewed under section 236(a) of the Immigration and Nationality Act, as amended (INA), pursuant to the decisions of the United States Court of Appeals for the Ninth Circuit in *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. Jul. 25, 2008), and/or *Casas-Castrillon v. DHS*, 535 F.3d 942 (9th Cir. Jul. 25, 2008). This custody decision has been made based on a review of your file and consideration of any information you previously submitted to U.S. Immigration and Customs Enforcement's (ICE) reviewing officials. For the following reasons, ICE has reviewed your custody status and has determined that you will [not be released from custody] *or* [be released from custody on $_____ bond] at this time.

[A review of your criminal record reveals (list criminal convictions)]. [Articulate any basis for flight risk and/or danger to the community.]

On [date], an Immigration Judge found you removable based on [your aggravated felony conviction] and ordered you removed to _____. The Board of Immigration Appeals (Board) affirmed that finding on [date]. At the time of the Board's decision, your removal order became administratively final. You then timely filed a Petition for Review (PFR) of that decision on [date], along with a request to stay your removal. That PFR is still pending before the Ninth Circuit Court of Appeals [or, your case has been remanded to the Board on _____].

[Based on your criminal history and the resulting convictions, you have failed to establish that you are not a danger to the community/in light of _____ history, you are considered a flight risk/etc.] In addition, if your PFR is ultimately unsuccessful, your removal is reasonably foreseeable in that ICE is able to effectuate removals to _____, and there are no known impediments to removal at this time. Thus, in light of the above, I have determined, in my discretion, that you will [not be released from the custody of ICE] *or* [be released from custody on $_____ bond] at this time.

Pursuant to the above-named Ninth Circuit decisions, you may request a review of this custody determination from an Immigration Judge. *See* 8 C.F.R. § 1003.19; Chapter 9 of the Immigration Court Practice Manual; www.usdoj.gov/eoir.

ICE-RPD-000059

Name, A number
Page 2 of 3

_____
Name
Title

ICE59

# Exhibit J

IMMIGRATION COURT
606 SOUTH OLIVE ST.
LOS ANGELES, CA  90014

ADELANTO

MICHAEL S. CARRILLO, ESQ.
1525 FAIR OAKS AVE
SOUTH PASADENA, CA  91030

FILE: A072-241-417

RE:  SERRANO, PEDRO ANGEL

NOTICE OF CUSTODY REDETERMINATION HEARING IN IMMIGRATION PROCEEDINGS

PLEASE TAKE NOTE THAT THE ABOVE CAPTIONED CASE HAS BEEN
SCHEDULED/RESCHEDULED FOR A CUSTODY REDETERMINATION HEARING BEFORE THE
IMMIGRATION COURT ON _____  AT THE FOLLOWING ADDRESS:

606 SOUTH OLIVE ST., 14TH FLOOR, COURTROOM B
LOS ANGELES, CA  90014

YOU MAY BE REPRESENTED IN THIS PROCEEDING, AT NO EXPENSE TO THE GOVERNMENT, BY
AN ATTORNEY OR OTHER INDIVIDUAL AUTHORIZED AND QUALIFIED TO REPRESENT PERSONS
BEFORE AN IMMIGRATION COURT.  IF YOU WISH TO BE REPRESENTED, YOUR ATTORNEY
OR REPRESENTATIVE SHOULD APPEAR WITH YOU AT THIS HEARING.

CERTIFICATION OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [ ] DHS
DATE: _____  BY:  COURT STAFF
Attachments: [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

U7

IMMIGRATION COURT
300 NO LOS ANGELES ST. RM 8549
LOS ANGELES, CA 90012

FILE:    A095.722.191                     SANTA ANA CITY JAIL

                                          62 Civic Center

                                                      Plaza

RE:      Cuellar Lopez, Carlos            Santa Ana, CA

                                                    92701

NOTICE OF CUSTODY REDETERMINATION HEARING IN IMMIGRATION PROCEEDINGS

PLEASE TAKE NOTE THAT THE ABOVE CAPTIONED CASE HAS BEEN
SCHEDULED/RESCHEDULED FOR A CUSTODY REDETERMINATION HEARING BEFORE THE
IMMIGRATION COURT ON _____3/21/2013_____ at _____9:00am_____AT THE FOLLOWING ADDRESS:

                   300 NO LOS ANGELES ST. RM 8549
                   LOS ANGELES, CA 90012

YOU MAY BE REPRESENTED IN THIS PROCEEDING, AT NO EXPENSE TO THE GOVERNMENT, BY
AN ATTORNEY OR OTHER INDIVIDUAL AUTHORIZED AND QUALIFIED TO REPRESENT PERSONS
BEFORE AN IMMIGRATION COURT. IF YOU WISH TO BE REPRESENTED, YOUR ATTORNEY
OR REPRESENTATIVE SHOULD APPEAR WITH YOU AT THIS HEARING.

_____
                         CERTIFICATION OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN   [ ] ALIEN c/o Custodial Officer   [ ] ALIEN'S ATT/REP   [ ] DHS
DATE: 5/3/13   BY: COURT STAFF
Attachments: [ ] EOIR-33   [ ] EOIR-28   [ ] Legal Services List   [ ] Other

                                                                   U7

 

IMMIGRATION COURT
10250 RANCHO RD., SUITE 201A
ADELANTO, CA  92301


HERBERT, NORMAN
C/O CUSTODIAL OFFICER P.O. BOX 6005
ADELANTO, CA  92301


FILE: A071-966-302

RE:   HERBERT, NORMAN


NOTICE OF CUSTODY REDETERMINATION HEARING IN IMMIGRATION PROCEEDINGS


PLEASE TAKE NOTE THAT THE ABOVE CAPTIONED CASE HAS BEEN SCHEDULED FOR
A *RODRIGUEZ v. ROBBINS CUSTODY REDETERMINATION* HEARING BEFORE THE
IMMIGRATION COURT ON *Sep 10, 2013 AT 10:00 A.M.* AT THE FOLLOWING ADDRESS:

                    10400 RANCHO ROAD
                    ADELANTO, CA  92301

YOU MAY BE REPRESENTED IN THIS PROCEEDING, AT NO EXPENSE TO THE GOVERNMENT, BY
AN ATTORNEY OR OTHER INDIVIDUAL AUTHORIZED AND QUALIFIED TO REPRESENT PERSONS
BEFORE AN IMMIGRATION COURT.  IF YOU WISH TO BE REPRESENTED, YOUR ATTORNEY
OR REPRESENTATIVE SHOULD APPEAR WITH YOU AT THIS HEARING.


_____
                    CERTIFICATION OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [ ] DHS
DATE: 8/29/13 _____  BY:  COURT STAFF _____
     Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other
_____

                                                                    U7

IMMIGRATION COURT
10250 RANCHO RD., SUITE 201A
ADELANTO, CA  92301

JUDITH L. WOOD, ESQ.
201 S. SANTA FE AVE. SUITE 101
LOS ANGELES, CA  90012

FILE: A205-318-405

RE:  GARCIA-YESCAS, MARTIN

*Mexico*
*Adelanto*

NOTICE OF CUSTODY REDETERMINATION HEARING IN IMMIGRATION PROCEEDINGS

PLEASE TAKE NOTE THAT THE ABOVE CAPTIONED CASE HAS BEEN SCHEDULED FOR A
RODRIGUEZ CUSTODY REDETERMINATION HEARING BEFORE THE
IMMIGRATION COURT ON <u>Oct 1, 2013 AT 1:00 P.M.</u>
THE ALIEN WILL BE PRESENT VIA TELEVIDEO, ALL OTHER PARTIES SHOULD REPORT TO:
606 SOUTH OLIVE STREET, COURTROOM D
LOS ANGELES,CA 90014

YOU MAY BE REPRESENTED IN THIS PROCEEDING, AT NO EXPENSE TO THE GOVERNMENT, BY
AN ATTORNEY OR OTHER INDIVIDUAL AUTHORIZED AND QUALIFIED TO REPRESENT PERSONS
BEFORE AN IMMIGRATION COURT.  IF YOU WISH TO BE REPRESENTED, YOUR ATTORNEY
OR REPRESENTATIVE SHOULD APPEAR WITH YOU AT THIS HEARING.

---

CERTIFICATION OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer [ ] ALIEN's ATT/REP  [ ] DHS
DATE: ____9-13-13____ BY: COURT STAFF
    Attachments: [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

---

U7

IMMIGRATION COURT
10250 RANCHO RD., SUITE 201A
ADELANTO, CA  92301


BENITEZ-RECINO, JUAN JOSE
ADELANTO DETENTION CENTER 10250 RANCHO ROAD
ADELANTO, CA  92301


FILE: A201-176-938

RE:   BENITEZ-RECINO, JUAN JOSE


NOTICE OF CUSTODY REDETERMINATION HEARING IN IMMIGRATION PROCEEDINGS


PLEASE TAKE NOTE THAT THE ABOVE CAPTIONED CASE HAS BEEN SCHEDULED FOR A
RODRIGUEZ CUSTODY REDETERMINATION HEARING BEFORE THE
IMMIGRATION COURT ON Oct 1, 2013 AT 08:30 A.M.
THE ALIEN WILL BE PRESENT VIA TELEVIDEO, ALL OTHER PARTIES SHOULD REPORT TO:
                        606 SOUTH OLIVE STREET, COURTROOM D
                        LOS ANGELES, CA 90014


YOU MAY BE REPRESENTED IN THIS PROCEEDING, AT NO EXPENSE TO THE GOVERNMENT, BY
AN ATTORNEY OR OTHER INDIVIDUAL AUTHORIZED AND QUALIFIED TO REPRESENT PERSONS
BEFORE AN IMMIGRATION COURT.  IF YOU WISH TO BE REPRESENTED, YOUR ATTORNEY
OR REPRESENTATIVE SHOULD APPEAR WITH YOU AT THIS HEARING.


CERTIFICATION OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [ ] DHS
DATE:  4-15-13        BY:  COURT STAFF
      Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

U7

 

IMMIGRATION COURT
10250 RANCHO RD., SUITE 201A
ADELANTO, CA  92301


JOAN DEL VALLE, ESQ
7944 VIA LATINA
BURBANK, CA  91504


FILE: A028-773-886

RE:   BANUELOS-CEPEDA, JOSE LUIS


NOTICE OF CUSTODY REDETERMINATION HEARING IN IMMIGRATION PROCEEDINGS


PLEASE TAKE NOTE THAT THE ABOVE CAPTIONED CASE HAS BEEN
SCHEDULED/RESCHEDULED FOR A CUSTODY REDETERMINATION HEARING BEFORE THE
IMMIGRATION COURT ON Oct 2, 2013 AT 08:00 A.M. AT THE FOLLOWING ADDRESS:

                    10400 RANCHO ROAD
                    ADELANTO, CA  92301

YOU MAY BE REPRESENTED IN THIS PROCEEDING, AT NO EXPENSE TO THE GOVERNMENT, BY
AN ATTORNEY OR OTHER INDIVIDUAL AUTHORIZED AND QUALIFIED TO REPRESENT PERSONS
BEFORE AN IMMIGRATION COURT.  IF YOU WISH TO BE REPRESENTED, YOUR ATTORNEY
OR REPRESENTATIVE SHOULD APPEAR WITH YOU AT THIS HEARING.


CERTIFICATION OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer [ ] ALIEN's ATT/REP  [ ] DHS
DATE: _____    BY:   COURT STAFF  _____
     Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

                                                              U7

IMMIGRATION COURT
10250 RANCHO RD., SUITE 201A
ADELANTO, CA  92301


LAW OFFICES OF DAVID M. PAZ SOLDAN
DAVID M. PAZ SOLDAN, ESQ.
523 W. 6TH STREET, SUITE #840
LOS ANGELES, CA  90014


FILE: A036-162-426

RE:  AVILA-GONZALEZ, MOISES

NOTICE OF CUSTODY REDETERMINATION HEARING IN IMMIGRATION PROCEEDINGS


PLEASE TAKE NOTE THAT THE ABOVE CAPTIONED CASE HAS BEEN SCHEDULED FOR A
RODRIGUEZ CUSTODY REDETERMINATION HEARING BEFORE THE
IMMIGRATION COURT ON Oct 1, 2013 AT 08:30 A.M.
THE ALIEN WILL BE PRESENT VIA TELEVIDEO, ALL OTHER PARTIES SHOULD REPORT TO:
                606 SOUTH OLIVE STREET, COURTROOM D
                LOS ANGELES, CA 90014


YOU MAY BE REPRESENTED IN THIS PROCEEDING, AT NO EXPENSE TO THE GOVERNMENT, BY
AN ATTORNEY OR OTHER INDIVIDUAL AUTHORIZED AND QUALIFIED TO REPRESENT PERSONS
BEFORE AN IMMIGRATION COURT.  IF YOU WISH TO BE REPRESENTED, YOUR ATTORNEY
OR REPRESENTATIVE SHOULD APPEAR WITH YOU AT THIS HEARING.


CERTIFICATION OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)     PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [ ] DHS
DATE:  9-12-13  BY: COURT STAFF _____
     Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

U7

IMMIGRATION COURT
10250 RANCHO RD., SUITE 201A
ADELANTO, CA  92301


CORTEZ-SERVIN, RUBEN
ICE Custody Adelanto Detention Facility 10250 Rancho Road, Suite 201A
Adelanto, CA  92301


FILE: A095-685-208

RE:   CORTEZ-SERVIN, RUBEN


NOTICE OF CUSTODY REDETERMINATION HEARING IN IMMIGRATION PROCEEDINGS


PLEASE TAKE NOTE THAT THE ABOVE CAPTIONED CASE HAS BEEN SCHEDULED FOR A
TELEVIDEO RODRIGUEZ CUSTODY REDETERMINATION HEARING BEFORE THE
IMMIGRATION COURT ON Sep 30, 2013 AT 08:30 A.M.

THE ALIEN WILL BE PRESENT VIA TELEVIDEO, ALL OTHER PARTIES SHOULD REPORT TO:
606 SOUTH OLIVE STREET, COURTROOM D
LOS ANGELES, CA 90014

YOU MAY BE REPRESENTED IN THIS PROCEEDING, AT NO EXPENSE TO THE GOVERNMENT, BY
AN ATTORNEY OR OTHER INDIVIDUAL AUTHORIZED AND QUALIFIED TO REPRESENT PERSONS
BEFORE AN IMMIGRATION COURT.  IF YOU WISH TO BE REPRESENTED, YOUR ATTORNEY
OR REPRESENTATIVE SHOULD APPEAR WITH YOU AT THIS HEARING.


---

CERTIFICATION OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)      PERSONAL SERVICE (P)
TO: [ ] ALIEN  [✓] ALIEN c/o Custodial Officer [ ] ALIEN's ATT/REP  [ ] DHS
DATE: 9-12-13      BY:  COURT STAFF
      Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

---

U7

 

```
                    IMMIGRATION COURT
              10250 RANCHO RD., SUITE 201A
                  ADELANTO, CA  92301
```

SIDHU, GAGAN DEEP
CUSTODIAL OFFICER 10400 RANCHO ROAD
ADELANTO, CA  92301


FILE: A060-909-481

RE:  SIDHU, GAGAN DEEP


NOTICE OF CUSTODY REDETERMINATION HEARING IN IMMIGRATION PROCEEDINGS


PLEASE TAKE NOTE THAT THE ABOVE CAPTIONED CASE HAS BEEN
SCHEDULED/RESCHEDULED FOR A CUSTODY REDETERMINATION HEARING BEFORE THE
IMMIGRATION COURT ON Oct 10, 2013 AT 08:30 A.M. AT THE FOLLOWING ADDRESS:

```
              606 SOUTH OLIVE ST., 14TH FLOOR, COURTROOM D
              LOS ANGELES, CA  90014
```

YOU MAY BE REPRESENTED IN THIS PROCEEDING, AT NO EXPENSE TO THE GOVERNMENT, BY
AN ATTORNEY OR OTHER INDIVIDUAL AUTHORIZED AND QUALIFIED TO REPRESENT PERSONS
BEFORE AN IMMIGRATION COURT.  IF YOU WISH TO BE REPRESENTED, YOUR ATTORNEY
OR REPRESENTATIVE SHOULD APPEAR WITH YOU AT THIS HEARING.


---

                    CERTIFICATION OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL [M]    PERSONAL SERVICE (P)
TO: [ ] ALIEN [M] ALIEN c/o Custodial Officer ( ) ALIEN's ATT/REP ( ) DHS
DATE: 9.18.13     BY: COURT STAFF DXO.
    Attachments: [M] EOIR-33 [ ] EOIR-28 [M] Legal Services List [M] Other
                                                          EOIR 41

                                                              U7
```

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
10250 RANCHO RD., SUITE 201A
ADELANTO, CA  92301


DOUGLAS D. JALAIE, ESQ.
P.O. BOX 49308
LOS ANGELES, CA  90049

IN THE MATTER OF            FILE A 205-066-254       DATE: Aug 22, 2013
MOHAMED, OSMAN ABDIKADIR


___ UNABLE TO FORWARD - NO ADDRESS PROVIDED

___ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE.  THIS DECISION
    IS FINAL UNLESS AN APPEAL IS FILED WITH THE BOARD OF IMMIGRATION APPEALS
    WITHIN 30 CALENDAR DAYS OF THE DATE OF THE MAILING OF THIS WRITTEN DECISION.
    SEE THE ENCLOSED FORMS AND INSTRUCTIONS FOR PROPERLY PREPARING YOUR APPEAL.
    YOUR NOTICE OF APPEAL, ATTACHED DOCUMENTS, AND FEE OR FEE WAIVER REQUEST
    MUST BE MAILED TO:    BOARD OF IMMIGRATION APPEALS
                         OFFICE OF THE CLERK
                         P.O. BOX 8530
                         FALLS CHURCH, VA  22041


___ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE AS THE RESULT
    OF YOUR FAILURE TO APPEAR AT YOUR SCHEDULED DEPORTATION OR REMOVAL HEARING.
    THIS DECISION IS FINAL UNLESS A MOTION TO REOPEN IS FILED IN ACCORDANCE
    WITH SECTION 242B(c)(3) OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C.
    SECTION 1252B(c)(3) IN DEPORTATION PROCEEDINGS OR SECTION 240(c)(6),
    8 U.S.C. SECTION 1229a(c)(6) IN REMOVAL PROCEEDINGS.  IF YOU FILE A MOTION
    TO REOPEN, YOUR MOTION MUST BE FILED WITH THIS COURT:

                         IMMIGRATION COURT
                         10250 RANCHO RD., SUITE 201A
                         ADELANTO, CA  92301

_X_ OTHER: _RODRIGUEZ v. ROBBINS CUSTODY REDETERMINATION HEARING NOTICE._

                                        COURT CLERK
                                        IMMIGRATION COURT                    FF

     CC: WALKER, NATHANIEL B., ESQ.
         10250 Rancho Road
         Adelanto, CA,  90014



UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
10250 RANCHO RD., SUITE 201A
ADELANTO, CA 92301


OSCAR R. PEREZ, ESQ.
6325 PACIFIC BLVD., SUITE 203
HUNTINGTON PARK, CA 90255

IN THE MATTER OF            FILE A 027-925-128        DATE: Aug 16, 2013
BENDANA TELLEZ, MARVIN ANTONIO

___ UNABLE TO FORWARD - NO ADDRESS PROVIDED

___ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE.  THIS DECISION
    IS FINAL UNLESS AN APPEAL IS FILED WITH THE BOARD OF IMMIGRATION APPEALS
    WITHIN 30 CALENDAR DAYS OF THE DATE OF THE MAILING OF THIS WRITTEN DECISION.
    SEE THE ENCLOSED FORMS AND INSTRUCTIONS FOR PROPERLY PREPARING YOUR APPEAL.
    YOUR NOTICE OF APPEAL, ATTACHED DOCUMENTS, AND FEE OR FEE WAIVER REQUEST
    MUST BE MAILED TO:     BOARD OF IMMIGRATION APPEALS
                           OFFICE OF THE CLERK
                           P.O. BOX 8530
                           FALLS CHURCH, VA 22041

___ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE AS THE RESULT
    OF YOUR FAILURE TO APPEAR AT YOUR SCHEDULED DEPORTATION OR REMOVAL HEARING.
    THIS DECISION IS FINAL UNLESS A MOTION TO REOPEN IS FILED IN ACCORDANCE
    WITH SECTION 242B(c)(3) OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C.
    SECTION 1252B(c)(3) IN DEPORTATION PROCEEDINGS OR SECTION 240(c)(6),
    8 U.S.C. SECTION 1229a(c)(6) IN REMOVAL PROCEEDINGS.  IF YOU FILE A MOTION
    TO REOPEN, YOUR MOTION MUST BE FILED WITH THIS COURT:

                           IMMIGRATION COURT
                           10250 RANCHO RD., SUITE 201A
                           ADELANTO, CA 92301

X OTHER: _Rodriguez Bond Hearing Notice._
                                              _____
                                              COURT CLERK
                                              IMMIGRATION COURT              FF

    CC: CHIEF LEGAL OFFICER
        10250 Rancho Road
        Adelanto, CA, 923010000