AHILAN T. ARULANANTHAM (SBN 237841)
aarulanantham@aclu-sc.org
MICHAEL KAUFMAN (SBN 254575)
mkaufman@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5211
Facsimile: (213) 977-5297

*Attorneys for Petitioners*
(Additional Counsel listed on following page)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, for themselves and on behalf of a class of similarly-situated individuals,

Petitioners,

v.

ERIC HOLDER, United States Attorney General; JANET NAPOLITANO, Secretary, Homeland Security; THOMAS G. SNOW, Acting Director, Executive Office for Immigration Review; TIMOTHY ROBBINS, Field Office Director, Los Angeles District Immigration and Customs Enforcement; WESLEY LEE, Officer-in-Charge, Mira Loma Detention Center; et al.; RODNEY PENNER, Captain, Mira Loma Detention Center; SANDRA HUTCHENS, Sheriff of Orange County; OFFICER NGUYEN, Officer-in-Charge, Theo Lacy Facility; CAPTAIN DAVIS NIGHSWONGER, Commander, Theo Lacy Facility; CAPTAIN MIKE KREUGER, Operations Manager, James A. Musick Facility; ARTHUR EDWARDS, Officer-in-Charge, Santa Ana City Jail; RUSSELL DAVIS, Jail Administrator, Santa Ana City Jail,

Respondents.

Case No. CV-07-3239-TJH (RNBx)

**[PROPOSED] ORDER GRANTING PETITIONERS' MOTION FOR COMPLIANCE**

Honorable Terry J. Hatter

JUDY RABINOVITZ
jrabinovitz@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0779
Facsimile: (415) 395-0950

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.stanford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Petitioners*

| | |
|---|---|
| 1 | Good cause having been shown in Petitioners' Motion for Compliance, the |
| 2 | motion is hereby GRANTED. |
| 3 | This Court issued an Order granting Petitioners' Motion for Summary |
| 4 | Judgment on August 6, 2013 (Dkt. 353). Respondents have failed to comply with |
| 5 | that Order in several respects. |
| 6 | First, Respondents currently employ a notice that includes only the date, time |
| 7 | and location of the bond hearing, which is less information than the *Casas* notice the |
| 8 | Court found constitutionally deficient. The current notice is not written in "plain |
| 9 | language" and does not notify class members regarding the nature of the |
| 10 | determination to be made at the hearing or of class member's rights. It is hereby |
| 11 | ORDERED that Respondents must provide the notice attached to this Order for all |
| 12 | bond hearings conducted pursuant to this Court's Order of August 6, 2013 (Dkt. 353). |
| 13 | Second, Respondents shall not exclude the following individuals from the class |
| 14 | definition: persons who satisfy the class definition whose cases have been denied by |
| 15 | the Board of Immigration Appeals ("BIA"), but remain within the 30-day period for |
| 16 | filing a petition for review. Under *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. |
| 17 | 2008), such individuals remain class members because the "removal period" under 8 |
| 18 | U.S.C. § 1231(a)(1) does not begin until after a noncitizen waives their right to appeal, |
| 19 | whether affirmatively or through in action within the 30-day period. This Court also |
| 20 | finds that Respondents failed to notify Petitioners of this exclusion in violation of the |
| 21 | August 6, 2013 Order (Dkt. 353). |
| 22 | Accordingly, Respondents do not have legal authority to remove these |
| 23 | individuals under 8 U.S.C. § 1231(a)(1) until the time to appeal lapses or a waiver |
| 24 | occurs. It is hereby ORDERED that the class includes detainees whose cases have |
| 25 | been denied by the BIA, but who remain within the 30-day period for filing an appeal |
| 26 | and have not affirmatively waived their right to appeal. |
| 27 | In light of the fact that Respondents have continued to exclude class members |
| 28 | without leave of the Court and without the notice that this Court previously ordered, it |

1  is hereby ORDERED that Respondents must submit a declaration from a person most
2  knowledgeable either: (1) confirming that no other exclusions exist beyond the four
3  identified to date by class counsel; or (2) identifying (a) each and every purported
4  exception that Respondents believe entitles them to detain class members for longer
5  than six month without a bond hearing, (b) the basis for each and every such
6  exclusion, and (c) the individuals impacted by each and every such exclusion since
7  this Court's preliminary injunction or the Order, as applicable.  The declaration must
8  be submitted no later than two weeks from the date of this Order.

In light of Respondents' pattern of non-compliance, Respondents are required to disclose sufficient information for Petitioners and this Court to determine if there have been other violations of this Court's Orders.  Accordingly, it is hereby ORDERED that Respondents:

1. Shall disclose the following information concurrent with each status report required under the August 6, 2013 Order (Dkt. 353): whether each detainee on whom information is provided was found eligible for a *Rodriguez* hearing; the outcome of any appeal of a bond decision; whether a class member actually bonded out from detention (including the date on which the bond was posted, the date of the class member's release, and contact information for the class member and/or his attorney if Respondents possess it).

2. Shall produce to class counsel copies of the electronic recordings of class members' bond hearings that have occurred on or before the date of this Order, within 30 days of this Order.

3. Shall make available for inspection class members' immigration court files upon Petitioners' request in the same manner and subject to the same conditions as when requested by individual class members, and without the need for a Freedom of Information Act request.

Respondents shall disclose the information required under (1) and (2) for all class members who received a bond hearing under the preliminary or permanent

2

1  injunction.  To the extent that there is "confidential" or "highly confidential"
2  information contained in these records, Respondents may produce such information
3  subject to the terms of the protective order entered in this case.  This Order is being
4  granted without prejudice to future requests for information pertinent to monitor
5  compliance.  Moreover, the Court hereby notifies Respondents that any further
6  instances of noncompliance could result in sanctions, including but not limited to the
7  striking of defenses or adverse inferences.
8      It is so ORDERED.

10 Dated: November____, 2013

                     HONORABLE TERRY J. HATTER, JR.
                     United States District Court Judge

IMMIGRATION COURT

[ADDRESS OF IMMIGRATION COURT]

**NOTICE OF BOND HEARING UNDER *RODRIGUEZ V. ROBBINS***

[DETAINEE/LAWYER ADDRESS]

FILE:   [A NUMBER]

RE:     [DETAINEE NAME]

Your case has been scheduled for a *Rodriguez* bond hearing in immigration court on: [date/time] at the following address:  [address of immigration court].

At the bond hearing, the Department of Homeland Security (DHS) is required to prove, by clear and convincing evidence, that you are either a "flight risk" or a "danger to society" in order to keep you detained.  To show that you are a flight risk, the government must show that you are not likely to appear for future immigration hearings or for deportation (if you are ordered deported).  The government must also show that alternatives to detention, including bond, supervised release, or electronic monitoring, would not ensure that you appear for all your court hearings.  To show that you are a danger, the government must show that your release would harm property or persons.

At the hearing, you have the right to present any evidence to show why you should be released, including any documents or witnesses (such as relatives and friends) who can explain why you are not a flight risk or danger.  You may also testify at the bond hearing.  You may submit statements or letters from friends and family if they are not able to attend the bond hearing in person.  You may submit documents either at your hearing, or by mailing them to the immigration court before your hearing.

The immigration judge may consider one or more of the following factors at the bond hearing:

- Whether you have a fixed address in the United States, including where you will live if you are released;
- How long you have lived in the United States;
- Your family ties in the United States;
- Your employment history, education, community involvement;
- Any property you own;
- Your record of appearing in immigration court;
- Any reason for why you are likely to attend future hearings and comply with a deportation order (if you are ordered deported);
- Your criminal history, including any arrests, convictions, warrants, or restraining orders;
- Any history of immigration violations, including previous removals;
- Any attempts to flee prosecution or escape from the authorities;
- What steps you have taken to take responsibility and change from any criminal history;
- Your behavior (good and bad) while you were detained;
- The strength of your immigration case; and

1

- Your willingness to comply with other conditions of supervision, including electronic monitoring, and the amount of bond you would be able to pay.

You may be represented in this proceeding, at no expense to the government, by an attorney or other individual authorized and qualified to represent persons before an immigration court. Your lawyer or representative should appear with you at the hearing.

At the end of the bond hearing, the judge will announce a decision and ask you if you want to appeal. If you disagree with the judge's decision, including the amount of any bond the judge set or any other conditions imposed by the judge, you can say "yes" to appeal the determination. To appeal, you must then file form EOIR-26 with the Board of Immigration Appeals (BIA). The appeal form must be received by the BIA within thirty days of the immigration judge's decision.

Appeals to the BIA should be filed at the following address:

- Appeals sent by overnight mail must be mailed to:
    Board of Immigration Appeals
    Clerk's Office
    5107 Leesburg Pike, Suite 2000
    Falls Church, VA 22041

- Appeals sent by regular mail should be mailed to:
    Board of Immigration Appeals
    Clerk's Office
    P.O. Box 8530
    Falls Church, VA 22041

You may contact one of the providers on the attached sheet(s) of paper for further information about the bond hearing or to learn about free legal representation.

---

## CERTIFICATION OF SERVICE

This document was served by MAIL (M) or PERSONAL SERVICE (P) TO:
[ ] ALIEN
[ ] ALIEN c/o Custodial Officer
[ ] ALIEN's ATT/REP
[ ] DHS

DATE served: _____
BY: _____   Title: _____

Attachments:
[ ] EOIR-33
[ ] EOIR-28
[ ] Legal Services List
[ ] Other: _____

2