STUART F. DELERY
Principal Assistant Attorney General
Civil Division
DAVID J. KLINE
Director, Office of Immigration Litigation
District Court Section
THEODORE W. ATKINSON
United States Department of Justice
Office of Immigration Litigation
    P.O. Box 868, Ben Franklin Station
    Washington, DC 20044
    Phone: (202) 532-4135
    theodore.atkinson@usdoj.gov
SARAH S. WILSON
Trial Attorney

Attorneys for Respondents

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*, <br><br> Petitioners, <br><br> vs. <br><br> TIMOTHY S. ROBBINS, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director, et al.*, <br><br> Respondents. | Case No. CV 07-3239-TJH (RNBx) <br><br> **RESPONDENTS' EX PARTE APPLICATION FOR A SEVEN-DAY EXTENSION OF TIME TO FILE (1) RESPONDENTS' OPPOSITION TO PETITIONERS' MOTION FOR COMPLIANCE, AND (2) RESPONDENTS' FIRST STATUS REPORT ON IMPLEMENTATION OF THE AUGUST 6, 2013 FINAL ORDER AND PERMANENT INJUNCTION** <br><br> Hon. Terry J. Hatter, Jr. |

Respondents respectfully request that this Court enter an order granting Respondents a one-week extension, until November 4, 2013, to file (1) Respondents' status report, ordered by this Court in its August 6, 2013 Order, Final Judgment and Permanent Injunction ("Order") (ECF No. 353), and (2) Respondents' opposition to Petitioners' Motion for Compliance.

As detailed in the accompanying declaration of Theodore W. Atkinson, there is good cause for the brief extension. Significant to both the status report and the opposition to the Motion for Compliance is the spreadsheet this Court ordered to be produced as part of the status report. Order at 5. That spreadsheet must contain, for each class member, (1) the alien's name, (2) alien number (or A number), (3) the date of the bond hearing, or date of scheduled bond hearing, (4) whether the alien was represented, (5) the name of the immigration judge, (6) the bond amount set, if any, and (7) whether the alien has filed an appeal. Order at 5.

The spreadsheet is critical to the status report because it reflects the steps taken by Respondents to identify class members and automatically schedule bond hearings for each class member. Although portions of the status report are not dependent on the spreadsheet, a substantial portion of the report is dependent upon the information contained in the spreadsheet and in the declarations accompanying the spreadsheet and status report which detail the ways in which Respondents have complied with the injunctive remedies ordered by the Court. Thus, submitting the status report without the spreadsheet provides an incomplete view of the status report and makes little sense.

The spreadsheet is also critical to the opposition to the Motion for Compliance. That motion seeks a number of extraordinary enhancements to the compliance requirements established by this Court, based on Petitioners' argument that Respondents have so far not complied with the Order. In countering that argument, Respondents intend to demonstrate the steps they have taken to comply with – and go beyond – the Court's Order in terms of compliance. However, doing so means presenting the status report with the opposition, and the status report can only be comprehensively understood in the context of the spreadsheet.

However, despite Respondents' efforts to complete the spreadsheet within the ten-day post-shutdown period established by the Court in granting a temporary stay, the spreadsheet requires additional work and review to ensure that the information is

both accurate and complete.

Creating the spreadsheet has been a significant undertaking. The Order contemplates the production of bond hearing information only for current and future class members beginning August 6, 2013, the date of the permanent injunction. But Respondents have worked to include the information for each class member given a bond hearing under both the permanent injunction *and* the preliminary injunction. Thus, rather than provide counsel for Petitioners and this Court with information for bond hearings dating back two months, Respondents have committed to providing information dating back to November 13, 2012, when the preliminary injunction became effective.

As a result, Respondents intend to provide the required information about the more than 2,100 bond hearings held over the last year. Moreover, Respondents have worked to include information not required by this Court's Order, including information about the outcomes of bond hearings (rather than just the amount of bond, if any set by immigration judges), identifying whether an immigration judge has ordered alternatives to detention, or denied bond for lack of jurisdiction, or taken other action. Respondents believe this will best demonstrate the scope of the efforts Respondents have taken to ensure compliance with this Court's injunctions, and demonstrate that the relief Petitioners seek in their motion for compliance is unwarranted.

For reasons described in the Atkinson Declaration, completing review of the spreadsheet requires a brief, one week extension of time. The spreadsheet is the product of inter-departmental coordination between U.S. Immigration and Customs Enforcement ("ICE"), the Executive Office for Immigration Review ("EOIR"), and immigration court personnel at the various court locations within this district. The information contained in the spreadsheet is gathered not only from electronic databases maintained by ICE and EOIR, but also from immigration judges and their staff at the immigration court locations, much of which has to be manually inputted

and reviewed against court records. Court administrators, IT personnel, immigration judges (including Assistant Chief Immigration Judge Thomas Y.K. Fong), and agency counsel both in Washington and California have worked to contribute information contained in the spreadsheet Respondents will produce. Because of the number of individuals involved and the extensive nature of the information to be provided with respect to more than 2,100 bond hearings held under the injunctions, coordinating, inputting, and reviewing the information contained in the spreadsheet has taken longer than Respondents contemplated when estimating the time to complete this effort. Work on the spreadsheet also was disrupted by the government shutdown, which effectively resulted in a work-stoppage on the spreadsheet for nearly three weeks.

     Respondents understand the importance of complying with court orders, and do not make this application for a one-week extension lightly. Accordingly, in seeking the requested extension, Respondents met and conferred with counsel for Petitioners and offered concessions in exchange for the extension. Based on an idea suggested by Petitioners, Respondents offered to file a bifurcated response to the motion. Specifically, Respondents offered to file a partial response to the motion for compliance by the morning of October 29, 2013 – addressing the issues of sufficiency of the notices and the clarification of the class with respect to a narrow group of aliens whom Respondents believe fall clearly outside the class definition – and file a supplemental opposition addressing Petitioners' request for additional compliance measures when it filed the status report and spreadsheet on November 4, 2013. Respondents also offered to forego any request for oral argument, provide Petitioners with additional time to file a reply, and measure the next 90-day reporting requirement from the October 28 deadline (rather than from the date of any extension), all in exchange for a one-week extension. Petitioners declined, offering instead a four-day extension of the status report to Friday, November 1, 2013, if Respondents would file a complete opposition to the motion by noon October 29, 2013. Because Respondents have informed counsel that they need a full week to complete work and review of the

spreadsheet, and because Respondents believe that consideration of the status report will be important in deciding the motion for compliance, the parties could not reach agreement. Therefore, Petitioners have stated they will oppose this application.

Petitioners will not be prejudiced by a one-week extension. The status report requires no after-action. Nor will extending the time to respond to the motion for compliance result in prejudice to Petitioners. Even if extending the time to respond to the notice issue and the class coverage issue could result in prejudice, Respondents have offered to immediately file a partial response addressing those issues.

*  *  *

Because Respondents and their counsel believe that providing a complete spreadsheet is necessary to the status report, and that consideration of the status report is necessary in the consideration of Petitioners' motion for compliance, and because the spreadsheet will take an additional seven days to complete work and review of, Respondents respectfully request that the Court grant this application.

Date: October 28, 2013            Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General
Civil Division
DAVID J. KLINE
Director, Office of Immigration Litigation
District Court Section
/s/ Theodore W. Atkinson
THEODORE W. ATKINSON
United States Department of Justice
Office of Immigration Litigation,
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4135
theodore.atkinson@usdoj.gov
SARAH S. WILSON
Trial Attorney

Attorneys for Respondents

# **CERTIFICATE OF SERVICE**

I certify that on October 28, 2013, I served a copy of the foregoing through the Court's CM/ECF system on the following counsel of record:

Ahilan T. Arulanantham
ACLU Foundation of Southern California
1616 Beverly Boulevard
Los Angeles, CA 90026
213-977-5211
Fax: 213-977-5297
Email: aarulanantham@aclu-sc.org

Jayashri Srikantiah
Stanford Law School
Immigrants' Rights Clinic,
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
650-724-2442
Fax: 650-723-4426
Email: jsrikantiah@law.stanford.edu

Sean Commons
Sidley Austin
555 West Fifth Street Suite 4000
Los Angeles, CA 90013-1010
213-816-6000
Fax: 213-896-6600
Email: scommons@sidley.com

Judy Rabinovitz
ACLU Immigrants' Rights Project
125 Broad Street 18th Floor
New York, NY 10004
212-549-2618
Fax: 212-549-2654
Email: jrabinovitz@aclu.org

Cody Jacobs
Sidley Austin LLP
555 West Fifth Street Suite 4000
Los Angeles, CA 90013-1010
213-896-6000
Fax: 213-896-6600
Email: cjacobs@sidley.com

*/s/  Theodore W. Atkinson*
Theodore W. Atkinson
United States Department of Justice