1  AHILAN T. ARULANANTHAM (SBN 237841)
   aarulanantham@aclu-sc.org
2  MICHAEL KAUFMAN (SBN 254575)
   mkaufman@aclu-sc.org
3  ACLU FOUNDATION OF SOUTHERN CALIFORNIA
   1313 West 8th Street
4  Los Angeles, CA  90017
   Telephone: (213) 977-5211
5  Facsimile: (213) 977-5297

6  *Attorneys for Petitioners*
   (Additional Counsel listed on following page)

7

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10 ALEJANDRO RODRIGUEZ,                  ) Case No. CV-07-3239-TJH (RNBx)
   ABDIRIZAK ADEN FARAH,                 )
11 YUSSUF ABDIKADIR, ABEL PEREZ          ) **PETITIONERS' OPPOSITION TO**
   RUELAS, JOSE FARIAS CORNEJO,          ) **RESPONDENTS' EX PARTE**
12 ANGEL ARMANDO AYALA, for              ) **APPLICATION FOR A SEVEN-**
   themselves and on behalf of a class of ) **DAY EXTENSION OF TIME TO**
13 similarly-situated individuals,        ) **FILE (1) RESPONDENTS'**
                                         ) **OPPOSITION TO PETITIONERS'**
14               Petitioners,            ) **MOTION FOR COMPLIANCE,**
                                         ) **AND (2) RESPONDENTS' FIRST**
15               v.                      ) **STATUTS REPORT ON**
                                         ) **IMPLEMENTATION OF THE**
16 ERIC HOLDER, United States Attorney   ) **AUGUST 6, 2013 FINAL ORDER**
   General; JANET NAPOLITANO,            ) **AND PERMANENT INJUNCTION**
17 Secretary, Homeland Security;         )
   THOMAS G. SNOW, Acting Director,      ) Honorable Terry J. Hatter, Jr.
18 Executive Office for Immigration      )
   Review; TIMOTHY ROBBINS, Field        )
19 Office Director, Los Angeles District )
   Immigration and Customs Enforcement;  )
20 WESLEY LEE, Officer-in-Charge, Mira   )
   Loma Detention Center; et al.;        )
21 RODNEY PENNER, Captain, Mira          )
   Loma Detention Center; SANDRA         )
22 HUTCHENS, Sheriff of Orange County;   )
   OFFICER NGUYEN, Officer-in-           )
23 Charge, Theo Lacy Facility; CAPTAIN   )
   DAVIS NIGHSWONGER, Commander,         )
24 Theo Lacy Facility; CAPTAIN MIKE      )
   KREUGER, Operations Manager, James    )
25 A. Musick Facility; ARTHUR            )
   EDWARDS, Officer-in-Charge, Santa     )
26 Ana City Jail; RUSSELL DAVIS, Jail    )
   Administrator, Santa Ana City Jail,   )
27                                       )
                 Respondents.            )
28

JUDY RABINOVITZ
jrabinovitz@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0779
Facsimile: (415) 395-0950

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.stanford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Petitioners*

1    Respondents seek extensions based on their own admitted failure to complete

2    a status report which this Court ordered produced nearly three months ago, and for

3    which Respondents have already requested – and received – a three-week extension.

4    *See* Dkt. 361; 372.  This Court should not countenance further unwarranted delays in

5    the resolution of Petitioners' important constitutional and statutory rights based on

6    Respondents' utter neglect of this Court's deadlines.

7    Most troubling, Respondents also attempt to bootstrap their own non-

8    compliance with the Court's deadline on the status report to seek additional time to

9    prepare their opposition to Petitioners' Motion for Compliance, *even though it*

10   *addresses issues that are completely distinct from the status report.*  Petitioners'

11   Motion for Compliance was filed well before the deadline for production of the

12   status report and it is mere happenstance (arising from the delays created by the

13   partial government shutdown) that the deadlines for the two filings were scheduled

14   for the same date.   Because the two filings are separate and distinct, Respondents

15   have not – and cannot – point to any piece of information in the status report that

16   bears on the issues in Petitioners' Motion for Compliance.  Petitioners' Motion seeks

17   to remedy violations of this Court's orders and requests that this Court order the

18   production of certain additional information – separate and apart from the status

19   report – that will enable Petitioners to better monitor Respondents' compliance and

20   detect any future violations.  As Respondents concede, there is *absolutely nothing* in

21   the status report relevant to resolving whether Respondents have violated this

22   Court's orders.  Nor does the status report have any bearing on whether this Court

23   should order the production of additional monitoring information, which Petitioners

24   seek precisely because the status report will not by itself contain sufficient

25   information to effectively monitor compliance.

26   As such, it is apparent that the delay in filing the status report provides no

27   justification for Respondents' failure to timely file their opposition.  While

28   Petitioners also believe that an extension for production for the status report is

1   unwarranted, they offered to agree to a four-day extension of that deadline to

2   accommodate any logistical difficulties in the production of database information, as

3   well as to a one-day extension for Respondents' opposition, as a courtesy to counsel

4   for Respondents.  Petitioners' offer provided ample time for Respondents to

5   complete production of the status report, while preventing further unnecessary

6   delays in resolving Petitioners' Motion for Compliance and ensuring the protection

7   of class members' rights under this Court's orders.[1]

8          In addition, this is not the first time in which Petitioners have offered to

9   accommodate Respondents by delaying the deadlines related to Petitioners' Motion:

10  Petitioners already agreed to re-notice their Motion and reschedule the hearing date

11  to provide Respondents additional time to file their opposition due to the partial

12  government shutdown.  *See* Dkt. 369.  Here again Petitioners made a good faith

13  offer to reschedule the current deadlines to accommodate Respondents, but

14  Respondents have rejected the offer and instead come to the Court seeking yet

15  another reprieve from a deadline set nearly three months ago.

16         For these reasons, good cause does not exist for the requested extensions, and

17  the Court should deny Respondents' ex parte application and direct Respondents to

18  file their opposition brief, if any, immediately, and to process the status report no

19  later than Friday, November 1, 2013.

20

21                              Respectfully submitted,

22                              ACLU OF SOUTHERN CALIFORNIA

23  Dated:  October 17, 2013       s/ Michael Kaufman
                                   MICHAEL KAUFMAN
24                                 Counsel for Petitioners

25

26  _____
    [1] Petitioners decline to agree to a longer extension not only because of the absence of
27  good cause, but also because the undersigned counsel, who has been principally
    responsible for the issues in the Motion for Compliance, is leaving the country for
28  one month on December 8, 2013.