1  STUART F. DELERY
   Principal Assistant Attorney General
2  Civil Division
   DAVID J. KLINE
3  Director, Office of Immigration Litigation
   District Court Section
4  THEODORE W. ATKINSON
   United States Department of Justice
5  Office of Immigration Litigation
        P.O. Box 868, Ben Franklin Station
6       Washington, DC 20044
        Phone: (202) 532-4135
7       theodore.atkinson@usdoj.gov
   SARAH S. WILSON
8  Trial Attorney

9  Attorneys for Respondents

10          UNITED STATES DISTRICT COURT
          CENTRAL DISTRICT OF CALIFORNIA
11              WESTERN DIVISION

12  ALEJANDRO RODRIGUEZ, *et al.*,      ) Case No. CV 07-3239-TJH (RNBx)
                                        )
13          Petitioners,                )
                                        )
14      vs.                             ) **RESPONDENTS'**
                                        ) **FIRST STATUS REPORT**
15  TIMOTHY S. ROBBINS, *in his*        ) **ON IMPLEMENTATION OF THE**
    *capacity as U.S. Immigration and*  ) **AUGUST 6, 2013 FINAL ORDER AND**
16  *Customs Enforcement, Los Angeles*  ) **PERMANENT INJUNCTION**
    *District Field Office Director, et al.,*  )
17                                      )
                                        ) Hon. Terry J. Hatter, Jr.
18          Respondents.                )
                                        )
19  _____    )

20          Respondents submit the following status report on the implementation of this

21  Court's August 6, 2013 Order, Judgment and Permanent Injunction.

22              <u>**OVERVIEW AND SUMMARY**</u>

23          This report details (1) steps taken by U.S. Immigration and Customs

24  Enforcement ("ICE") to implement a system for the identification of current and

25  future class members; (2) steps taken by ICE and the Executive Office for

26  Immigration Review ("EOIR") to ensure the automatic-scheduling of bond hearings

27  for aliens whose detention at 180 days will qualify them as class members and entitle

28  them to an automatically-scheduled *Rodriguez* hearing by the 181st day of their

detention; (3) steps taken by EOIR and the immigration courts within this district to notify detainees, their representatives, and class counsel of the date, time, and location of the automatically-scheduled bond hearings; and (4) other steps taken by Respondents to comply with the Order.

Respondents are contemporaneously sending by e-mail to counsel for Petitioners, and will file under seal with this Court, an Excel spreadsheet containing information about the bond hearings that have been held under both the preliminary and permanent injunction. Although the Order does not require Respondents to report information regarding bond hearings granted under the preliminary injunction – the August 6, 2013 Order only requires periodic reporting of certain information about *current* and *future* class members – Respondents have endeavored to provide the ordered information for all detainees provided with bond hearings since September 12, 2012. Accordingly, the spreadsheet details information about more than 1,300 *Rodriguez* bond hearings held within this district dating back more than a year.[1] Respondents included information about bond hearings granted under the preliminary injunction to provide this Court with assurance that Respondents take their obligations under this Court's orders seriously, and to document efforts made by Respondents over the past year to comply with this Court's directives.

This status report was compiled from information gathered from ICE; EOIR; and from staff and administrators at the various immigration court locations within this district.

As this report details, ICE, EOIR, and the immigration courts have taken numerous and significant steps in short order to effectively create and implement an entirely new regime for the identification of *Rodriguez* class members; to automatically schedule and hold bond hearings before immigration judges for those

---

[1] In Respondents' *ex parte* application for an extension of time to file this report, undersigned counsel inadvertently transposed the number of entries from his notes, reporting that there were more than "2,100" hearings, when in fact estimates at that time were that the spreadsheet would contain more than 1,200 entries.

class members; and to provide clear and comprehendible written notice to aliens, their representatives, and class counsel of automatically-scheduled bond hearings. Because the bond hearing regime ordered by this Court is new and requires the coordinated efforts of different government agencies, refinements have been made and will continue to be made over time to the system described below. Accordingly, Respondents are committed to notifying class counsel and this Court of any corrections or revisions to any information contained in this report or in the accompanying spreadsheet, and to do so sooner than the next 90-day reporting period established by this Court, if warranted.

## **RELEVANT PROCEDURAL BACKGROUND**

On September 12, 2012, this Court entered a preliminary injunction ordering Respondents to provide bond hearings at six months to two distinct subclasses in this action: aliens detained under 8 U.S.C. §§ 1225(b) and 1226(c). ECF No. 255. Following the entry of this Court's preliminary injunction, and beginning before the effective date of November 13, 2012,[2] Respondents began providing bond hearings consistent with the preliminary injunction to the sections 1225(b) and 1226(c) subclass members.

On August 6, 2013, this Court entered a final order, judgment, and permanent injunction in this action. ECF No. 353 (the "Order").[3]  The Order requires Respondents to provide bond hearings, under a clear and convincing evidence standard with the burden of proof on the Government, to all class members by their 181st day of detention. The Order also requires Respondents to make periodic reports as follows:

---

[2] The U.S. Court of Appeals for the Ninth Circuit denied Respondents' motion for a stay pending their appeal of the preliminary injunction, but granted an extension of time for Respondents to provide bond hearings under the preliminary injunction from October 13, 2012, to November 13, 2012.

[3] The parties have filed notices of appeal of the Order.

Within 60 days of the date of this Order, Respondents shall file a status report describing the steps taken to timely identify all current and future class members and to ensure that they receive bond hearings and notice of those hearings. Along with the status report, Respondents shall file under seal (with a copy served on class counsel) a list containing [1] each class member's name and [2] alien number, [3] the date of any scheduled or completed bond hearing, [4] whether the class member is or was represented, [5] the Immigration Judge who conducted or will conduct the hearing, [6] the bond amount set, if any, and [7] whether any appeal has been taken.  Respondents shall file and serve an updated status report and class member list every 90 days thereafter until August 1, 2015. The updated reports and lists shall include the information for all class members in detention as of the date of the prior report.

Order at 5.  On October 4, 2013, this Court granted Respondents' ex parte application for a temporary stay due to a lapse in appropriations, and ordered Respondents to file this report within 10 days of October 17, 2013.  ECF No. 364.  This Court later extended the deadline by one week to accommodate Respondents.  ECF No. 375.

## STEPS TAKEN TO IDENTIFY CLASS MEMBERS

The Order first requires Respondents to describe "the steps taken to timely identify all current and future class members…"  Order at 5.

A.    Description of the Class Members

ICE identifies *Rodriguez* class members based on the certified class definition. The certified class is defined as "all non-citizens within the Central District of California who: (1) are or were detained for longer than six months pursuant to one of the general immigration detention statutes [8 U.S.C. §§ 1225(b), 1226, or 1231(a)], pending completion of removal proceedings, including judicial review, (2) are not and have not been detained pursuant to a national security detention statute, and (3) have not been afforded a hearing to determine whether their detention is justified."  *See* ECF Nos. 77 (class certification), 161 (subclass certification).  There are several exceptions that Petitioners have identified:  (1) individuals "detained pursuant to the one of the national security detention statutes at 8 U.S.C. 1226a and 8 U.S.C. 1531-37"; (2) individuals subject to "a final order of removal and no stay of that removal

4

order, such that the government has legal authority to remove them"; and (3)
"juveniles … held under the care of the Office of Refugee Resettlement." ECF No.
111 at ¶¶105-08.

Following the Order, which clarified the scope of the class, included within the
class are aliens detained while being processed for reinstatement under 8 U.S.C. §
1231(a)(5), aliens detained for proceedings initiated by an administrative removal
order under 8 U.S.C. § 1228(b), and aliens detained under the general immigration
statutes after entering the United States through the Visa Waiver Program.[4]

B.    ICE's Identification of *Rodriguez* Class Members

1.    After this Court entered the preliminary injunction, ICE Enforcement and
Removal Operations ("ERO") began to query, on a weekly basis, ICE's detention and

---

[4] In their Motion Concerning Non-Compliance, which Respondents oppose in a
response to be filed contemporaneously with this report, Petitioners have raised the
narrow issue of whether certain aliens fall within the class. Petitioners have not
sought clarification of the class with respect to this category of aliens, as they did
when the parties disputed whether aliens in withholding-only proceedings and aliens
admitted under the Visa Waiver Program were included in the class definition.
Specifically, Petitioners contend that aliens whose appeal to the Board of Immigration
Appeals has been dismissed – and whose administrative orders of removal are
therefore are administratively final – but who have not filed a petition for review and
sought a stay of their removal, fall within the class if their detention reaches 180 days
*after* the Board has dismissed their appeal, but *before* the 30-day deadline to file a
petition for review with the Ninth Circuit. Under 8 U.S.C. § 1231(a)(2)(B)(i), those
aliens are within the statutorily-defined removal period, and are subject to "a final
order of removal and no stay of that removal order, such that the government has legal
authority to remove them." ECF No. 111, ¶ 105. Thus, such aliens decidedly fall
within one of Petitioners' own "carve-out" exceptions to the class definition. *Id.*
Furthermore, the Order explicitly states that an individual only falls within the class if
that individual has been detained in the Central District for six months or longer and
"remains detained even though the government does not have present authority to
deport that individual…" An individual with a final order of removal and no pending
petition for review is an individual that the government has present authority to
remove, and thus falls outside the class. In any event, this matter is presently before
the Court on Petitioners' motion.

removal electronic database through its ENFORCE Module[5] weekly to identify all current detainees within the Central District of California who had been in custody for 150 days.   To avoid multiple reports of the same alien, ERO removed from the weekly reports the names of aliens who were previously reported.  ERO then conducted a review of information within the ENFORCE Module to determine which aliens were detained under 8 U.S.C. §§ 1225(b) or 1226(c).  If there was any uncertainty as to the statutory basis for the detention authority, ERO took the conservative measure of including the alien on the list.  Under the preliminary injunction, ERO then sent the list to the ICE's Office of Chief Counsel, Los Angeles ("OCC") for review and processing as described in paragraph 5 below.

2.      Since the Order issued on August 6, 2013, ERO has queried the ENFORCE Module at least once each week to identify all aliens detained at that time within the Central District of California for 140 days.   To avoid multiple reports of the same alien, ERO removes from the weekly reports the names of aliens who have been previously reported.

3.      ERO also checks its Ninth Circuit email inbox, to which the Ninth Circuit sends emails regarding newly-filed Petitions for Review ("PFR") of immigration cases.  ERO checks the email inbox to see if the recent PFRs were filed by aliens in detention for 140 days.  If so, ERO includes the alien in the list.

4.      Each week ERO sends the list of individuals that have been detained 140 days and fall within the parameters of the class to OCC for review.

5.      OCC reviews the list to determine whether each alien falls within the *Rodriguez* class.  Prior to the Court's August 6, 2013 Order, OCC reviewed the list to

---

[5] In the course of discovery in this action, Respondents designated two witnesses to testify at a deposition regarding the ICE electronic database.  Those witnesses testified at length regarding the database, and ICE's use of the ENFORCE Module to identify aliens whose detention reached or exceeded six months, including in the context of ICE's use of the database suite of software to produce the list of more than 1,000 aliens detained for six months or longer during a one-year period relevant to discovery.

6

determine whether each alien fell within the preliminary injunction subclass (*i.e.* was detained pursuant to 8 U.S.C. §§ 1225(b) or 1226(c)).  Currently, OCC reviews the list to determine if the alien is detained under one of the four challenged detention statutes – 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), or 1231(a).  OCC notes which listed aliens require a *Rodriguez* bond hearing.  Examples of aliens who would not require a *Rodriguez* bond hearing include:  aliens who received administratively final orders of removal after ERO delivered the weekly list to the OCC; aliens who already had a *Rodriguez* bond hearing or a bond hearing that comports with the requirements in *Rodriguez*; and aliens who were already granted bond but have not yet posted that bond with ERO.  If eligibility for a *Rodriguez* bond is unclear, OCC treats the case as a potential class member and includes it on the list.

6.    Each week OCC sends to EOIR its reviewed list of aliens who are or will become *Rodriguez* class members during the next 30 days and who require a bond hearing.  That list provides names, A numbers and the book-in dates (date entered into ICE custody).  Where possible, OCC identifies the potential class members to EOIR prior to the aliens reaching 150 days of detention (*i.e.,* OCC conservatively allows ten days for its own review, if necessary) so that EOIR has sufficient time (30 days at a minimum) to schedule the hearing and provide notice to the class member and to class counsel.  Infrequently, potential class members come to OCC's attention after the 150 day mark.  Examples include:  where a detained alien who has been in ICE custody more than 180 days is transferred into a facility within the Central District, or where an alien has his or her removal proceedings reopened while in detention.  Such aliens may become *Rodriguez* class members after reaching 180 days in custody.  When informed of such occurrences, OCC includes those aliens in the next list provided to EOIR.

\* \* \*

Accordingly, ICE has developed a system of procedures to identify aliens detained for 140 days; to convey the list of such aliens to OCC for review and

7

inclusion on the list sent to EOIR; to conservatively include on that list aliens whose

inclusion in the class is uncertain; and to send the list to EOIR with sufficient lead

time to allow for the scheduling of bond hearings by the immigration court.

## STEPS TAKEN TO AUTOMATICALLY SCHEDULE BOND HEARINGS AND ISSUE WRITTEN NOTICE OF THOSE HEARINGS

The Order first requires Respondents to describe "the steps taken . . . to ensure

that [class members] receive bond hearings and notice of those hearings…"  Order at

5.

A.    Overview of the Los Angeles Immigration Court

In understanding how the immigration court automatically schedules bond

hearings, it is important to first provide this Court with a brief overview of the Los

Angeles Immigration Court and the detention facilities in the Central District of

California.

DHS detainees in the greater Los Angeles area are generally housed in a

number of different facilities run by different entities contracted by the DHS.  The

Adelanto Detention Facility in San Bernardino County ("ADL") is a privately run

detention facility opened in November 2012.  DHS also has contracted with the

Orange County Sheriff's Department ("OCSD") to house DHS detainees at their Theo

Lacy, James Musik and Santa Ana jail locations.  Theo Lacy only houses male

detainees for DHS.  James Musik houses both males and females.  The Santa Ana

facility is an umbrella name for a number of smaller OCSD jails wherein DHS will

transport aliens to the Santa Ana jail location for their Immigration Court hearings.

The Immigration Court currently has seven immigration judges assigned solely

to dockets of removal proceedings of detained aliens (the "Detained Docket").  Four

judges are assigned to Adelanto cases.  Out of these four, three immigration judges

hear detainees in-person at the ADL facility, while one additional judge located in

downtown Los Angeles at 606 South Olive Street hears Adelanto cases via video-

teleconferencing ("VTC").  Three immigration judges hear cases at the Orange

County facilities. Out of these three, two immigration judges hear cases on the Detained Docket in person at the Federal Building at 300 North Los Angeles Street (the "LA3" location for database purposes), while one additional immigration judge located in downtown Los Angeles at 606 South Olive Street hears Detained Docket cases via VTC. Aliens whose cases previously heard by the Los Angeles Immigration Court, and who are subsequently taken into custody or detained in other locations throughout the country who file motions for bond hearings, are denoted as Los Angeles (or "LOS") cases for record purposes.

> B.    Process Followed by the Los Angeles Immigration Court
> in Scheduling *Rodriguez* Bond Hearings

Court personnel have been instructed by Assistant Chief Judge Thomas Y.K. Fong that the scheduling of bond hearings under *Rodriguez* is of significant importance, and that the procedures for scheduling a hearing must be followed in each case.

When the list sent by OCC identifying aliens within the *Rodriguez* class is received by the immigration court point of contact, the following steps are taken:

1.    Immigration court administrators check each detainee's A number against EOIR's electronic database, accessed through the CASE software program[6], to ascertain that a bond hearing has not already been scheduled because of a previously submitted motion for bond.

2.    Immigration court administrators then review, for each alien, the book-in date obtained by ICE. The list of detainees for whom a bond hearing must be scheduled is then emailed by immigration court administrators to the appropriate court staff at each of the immigration court locations to set the hearing date.

---

[6] In the course of discovery in this action, Respondents designated a witness to testify at a deposition regarding the EOIR electronic database. That witness testified at length regarding the database, and EOIR's use of CASE to record information regarding individual proceedings before the immigration court.

3. Each scheduling e-mail is marked as a "PRIORITY" task and contains information and instructions for scheduling the hearing. Those instructions (1) identify each detainee by first and last name; (2) identify each detainee by A number; (3) identify each detainee's book-in date, *i.e.*, the date of initial detention; (4) identify the Los Angeles Immigration Court location responsible for scheduling the hearing (*e.g.*, OCSD, LA3); and (5) identify the date after which a *Rodriguez* hearing is to be scheduled (*e.g.*, for an alien detained beginning on May 20, 2013, the e-mail will instruct the legal assistant to "Schedule after 11/16/13"). Court staff then schedules each bond hearing date in response to the e-mail for a date close to the 180th or 181st day.[7] Each scheduled hearing date is inputted into CASE.

C. Process for Issuing Written Notice of the Hearing

1. Written hearing notices are generated by court staff at each immigration court location. Exemplars of notices sent under the preliminary injunction are attached as Attachment 1. Exemplars of notices sent out under the permanent injunction are attached as Attachment 2.

---

[7] There is an issue of jurisdictional and scheduling clarity that will need to be addressed by the parties. In the course of preparing this Report, counsel for Respondents discovered that the Order has created confusion among immigration judges because aliens do not become class members until their 180th day of detention, but the Order requires a bond hearing by the 18st day of detention. This has led to circumstances where jurisdiction has been denied because the alien has not fallen within the class, a situation created by the immigration court administrators scheduling a bond hearing *before* the 180th day – and before the alien becomes a class member – in order to comply with the Court's Order that the hearing be held "by" the 181st day of detention. A possible solution Respondents will explore with Petitioners is the modification of the Order to require Respondents to hold the bond hearing by the 195th day of detention – a solution employed in at least one other case in this district, *See Franco-Gonzalez v. DHS*, No. 10-CV-0221-DMG (C.D. Cal.), ECF No. 593 ¶ 7. This would ensure that bond hearings are held after detainees have become members of the class, without the requirement that they have a bond hearing within one day of becoming a class member.

2.      Once generated, each hearing notice is scanned and e-mailed to EOIR headquarters in Falls Church, Virginia, and identified in the subject line as "DHS IDENTIFIED."  The scanned hearing notices are distributed to the Assistant Chief Immigration Judge; the Supervisory Legal Assistant; the Administrative Assistant; the Court Administrator; and the Office of the General Counsel.

3.      Written hearing notices are then served on the detainees and their immigration attorneys, if any.  Aliens who are detained at Theo Lacy and James Musik facilities receive their notices care of the OCSD/ERO Custodial Officer by Federal Express to the Theo Lacy address; aliens detained at Santa Ana receive their hearing notices the OCSD/ERO Custodial Officer by Federal Express to the Santa Ana facility address.  If a case is on appeal, but the Record of Proceeding contains a previously filed notice of representation by an attorney (an "EOIR-28" form), the attorney is sent a copy of this bond notice.  However, if a new EOIR-28 has been submitted for the instant bond hearing (if previously requested by motion, for example)[8] then the notice is sent to that attorney.

4.      Prior to October 23, 2013, copies of the written hearing notices were sent by e-mail from the EOIR Office of General Counsel to counsel for Respondents, Theodore W. Atkinson and Sarah S. Wilson, who then forwarded the written notices

---

[8] Although bond hearings are automatically scheduled, in a number of cases detainees or their immigration attorneys have made a written request or filed a motion for a bond hearing under *Rodriguez*.  In those cases, the immigration court follows a different set of procedures.  Generally, the bond motion is checked for legal sufficiency and compliance with the Immigration Court Practice Manual (if filed by an attorney, court staff checks to make sure that the motion includes an EOIR-28, contains a Certificate of Service upon the DHS, and otherwise comports with motion requirements).  If the motion is filed by a *pro se* respondent, the court will stamp the motion with the "Served on DHS" stamp and provide a copy of the motion to DHS (often there is no Certificate of Service when an alien files a bond motion *pro se*).  If there is no bond hearing already scheduled or pending, then the matter is scheduled for the next available session for a bond hearing.  Written notice is served in the same manner as described in this report.

to counsel for Petitioners.  However, in an effort to increase the efficiency of the process of notifying class counsel of hearing dates, and to minimize the number of links in a multiple e-mail chain, beginning on or about October 23, 2013, the Los Angeles Immigration Court has begun mailing copies of issued written notices to Petitioners' counsel, Michael Kaufman, Staff Attorney, ACLU of Southern California, 1313 West 8th Street, Los Angeles, CA 90017 (counsel for Respondents continue to send e-mail copies of notices to Mr. Kaufman, a redundant system that will be discontinued once the mailing system has been up and running for a period of time). The parties previously agreed that copies of the written notices could be sent to Mr. Kaufman as the point of contact for class counsel.

* * *

Because ICE generates a list of potential *Rodriguez* class members at their 140th day of detention, and provides that list to the Los Angeles Immigration Court approximately 30 days before the 180th day of detention, immigration court staff has sufficient time to allow for the scheduling of bond hearings and the issuance of written notice.  That process follows a set of procedures developed by immigration court staff, including Judge Fong, for the timely scheduling of *Rodriguez* bond hearings going forward.  In addition, the written notice complies with this Court's Order by providing clear, comprehendible notice of the date, location, and time of the automatically-scheduled bond hearings, which are provided to detainees, their immigration counsel, if any, and to class counsel.

## ADDITIONAL COMPLIANCE MEASURES

In seeking to ensure compliance with this Court's preliminary and permanent injunctions, Respondents have taken steps beyond what was required by this Court in its injunction orders.

First, since in or around November 2012, Respondents have voluntarily provided class counsel for Petitioners with copies of written notices identifying the date, location, and times of *Rodriguez* hearings, in advance of those hearings.  This step was taken to permit counsel for Petitioners with an opportunity to attend bond

12

hearings so that counsel for Petitioners could see first-hand the steps taken by Respondents to comply with this Court's injunctions.

Second, beginning in November 2012, undersigned counsel for Respondents requested that EOIR provide counsel, for litigation purposes, with a periodic report of efforts taken by the immigration court to schedule and hold *Rodriguez* hearings. These reports were produced on a weekly basis from November 2012 until approximately May 2013, at which time EOIR generated those reports at counsel's instructions on a monthly basis. Those reports identified *Rodriguez* bond hearings held and contained the types of information this Court ordered to be produced on a periodic basis as part of the monitoring and reporting requirements of the permanent injunction. Notably, while these reports contained up to date information on *Rodriguez* bond hearings so undersigned counsel could track compliance with the injunctions, the spreadsheet accompanying this report was created separately by Respondents for production to class counsel and this Court.

Third, as noted above, Respondents included within the accompanying spreadsheet information dating back to the September 12, 2012 preliminary injunction for all detainees provided with a *Rodriguez* hearing, regardless of whether that hearing was held under the preliminary injunction, or held or scheduled under the permanent injunction.

## NOTES ON THE ACCOMPANYING SPREADSHEET

In its Order, this Court ordered Respondents to "file under seal (with a copy served on class counsel) a list containing each class member's name and alien number, the date of any scheduled or completed bond hearing, whether the class member is or was represented, the Immigration Judge who conducted or will conduct the hearing, the bond amount set, if any, and whether any appeal has been taken." Order at 5.

In complying with this instruction, Respondents created an Excel spreadsheet detailing the information required by the Court. The spreadsheet contains the following columns: (1) the detainee's last name; (2) the detainee's first name; (3) the

detainee's A number; (4) the date the detainee was provided with a *Rodriguez* hearing, or the date a *Rodriguez* hearing is scheduled for the detainee; (5) whether the class member is represented (as indicated in the field named "Represented"); (6) the name of the immigration judge who conducted the hearing; (7) the bond amount set, if any; and (8) whether any appeal to the Board of Immigration Appeals has been taken. In addition, the spreadsheet includes information not required by this Court's Order: (9) the spreadsheet identifies whether alternatives to detention were ordered in *Rodriguez* hearings included in the spreadsheet; (10) and the spreadsheet also indicates the action taken by the immigration court if bond was not granted or denied. Notes on each column are provided below.

A.    Method of Collection

The spreadsheet was created from information provided by ICE, EOIR, and the immigration courts. Not all of the information could be reliably culled from a single database. ICE generally has better or more information on detention and class member identification, and the immigration courts have better or more information on representation, the identity of immigration judges, the outcomes of hearings and whether an appeal has been taken in an individual case. The information was collected from electronic databases, as well as through individual review of Records of Proceedings ("ROPs") where electronic database information was unavailable. In several cases, information was manually inputted into the spreadsheet after a check of the ROP in a given case, whereas other information was derived from electronic databases of both ICE and EOIR.

Most of the information about hearing outcomes and hearing dates came directly from court personnel at the immigration court. In almost every case, the information has been reported at least twice – once to counsel for Respondents over the course of the past year as part of the compliance reporting requested by counsel for litigation purposes, and again when Respondents separately created the spreadsheet for this report. Because information has been reported on different

occasions, prior reports were used by counsel to check against the accuracy of the data in the accompanying spreadsheet.  At the same time, both ICE and EOIR conducted reviews of the spreadsheet to cross-check the accuracy of much of the information originally reported by a different component.  The spreadsheet was created and reviewed with the input and assistance of numerous employees and counsel at ICE, EOIR, and at the immigration court.

B.     Notes on the Information in Each Column

Respondents note the following definitions and descriptions with respect to each column on the accompanying spreadsheet:

(1)     Alien Name and A Number:  The first two columns identify the detainee by last name and first name.  The third column identifies the alien's A number.  In a very small number of cases, information about the alien name and A number did not initially match when inputted into the spreadsheet.  In resolving this discrepancy, EOIR and ICE generally conducted separate inquiries of their systems to identify those aliens where the alien name could not be matched with an A number, or vice versa.

(2)     The hearing date – This is the date of the detainee's *Rodriguez* hearing, based on either reliable database information or on information reported by the immigration court with respect to an individual case.  A date after the date of this report indicates that a bond hearing has been scheduled for that date, and/or the fact that the hearing is to be scheduled is noted on the spreadsheet.  Detainees whose *Rodriguez* hearings have been scheduled to occur in the future, but before the next 90-day report, will be included in Respondents' next report to this Court and to class counsel, so that outcome information for those aliens will be up to date.

(3)     Representation:  Information regarding whether an alien is represented in proceedings is derived primarily from information contained in CASE, and was collected in a manner similar to the attorney information gathered and produced during the course of discovery.  Respondents note that the column provides

information based on the most recent EOIR-28 information.  It is possible, however, that the attorney identified as representing the alien may not have been present at the *Rodriguez* hearing, or may have withdrawn before the *Rodriguez* hearing, but without individually reviewing each hearing record – a significantly burdensome task – the information provided is the most accurate information available.

(4)  <u>Hearing Result</u> – This column contains information not required by the Order, but which Respondents provide to more comprehensively show the outcome beyond simply reporting whether bond was set or denied.  The "Hearing Result" column contains one of the following:

(a)  Where a bond amount is reported as a dollar figure, that figure represents the bond amount set by the immigration judge.  A dollar figure in this column indicates that the immigration judge granted bond, in the amount shown.[9]

(b)  "No bond" means that the immigration denied bond on a conclusion that the detainee is found to be flight risk or danger to the community after presentation of evidence at the bond hearing.  This indicates that the alien, at the time of reporting, remains detained.

(c)  "ATD" means alternatives to detention.  Although not required under this Court's Order, where readily available information is available Respondents have also identified if ATD was ordered by the Court.  This information, provided by ICE, means that the bond decision could include (in addition to a bond amount) an order that the alien be placed on electronic monitoring (such as through a GPS tracking device, or telephonic reporting, or both), but it is not limited to electronic monitoring.  ATD could also include office visits, random home visits, etc.

(d)  "No jurisdiction" means that the immigration judge neither granted nor denied bond, but instead determined that the alien was not a *Rodriguez* class

_____

[9] Due to the government shutdown, results of bond hearings conducted just prior to and during the shutdown are generally not reported because that information has not been formally recorded in electronic databases in CASE.  Those detainees' cases will be included in the next status report and spreadsheet.

member.  The immigration judge may have reached this conclusion for various reasons, including (1) the alien was detained less than 180 days at the time of the hearing; (2) the alien had a final removal order and had not obtained a stay of removal or filed a petition for review with an accompanying request for a stay; or (3) the alien already had a heightened bond hearing in compliance with *V. Singh v.* Holder, 638 F.3d 1196 (9th Cir. 2011), pursuant to *Casas-Castrillon*, 535 F.3d 942 (9th Cir. 2008), *Diouf v. Napolitano*, 634 F.3d 1081 (9th Cir. 2011), or some other authority.  In cases where the alien had not reached 180 days of detention, those aliens will be reported on in future status reports, provided they fall into the class definition and receive a *Rodriguez* hearing.  Similarly, if aliens who were not in the class at the time of their hearings because there was no judicial impediment to removal become class members (such as through filing a petition for review and obtaining a stay of removal, in addition to detention for six months), those aliens will be included in future reports.

(e)    "Other" means that the Court did not reach a bond decision because the alien is not entitled to a bond for reasons other than lack of jurisdiction.  These determinations include circumstances in which an alien was removed or released prior to the date of the scheduled bond hearing.

(f)  "Continued" means that the hearing was continued by the immigration judge on a continuance request made by the alien, the alien's representative, or counsel for the Government.

Date: November 4, 2013

STUART F. DELERY
Acting Assistant Attorney General
Civil Division
DAVID J. KLINE
Director, Office of Immigration Litigation
District Court Section
*/s/ Theodore W. Atkinson*
THEODORE W. ATKINSON
United States Department of Justice
Office of Immigration Litigation,
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4135
theodore.atkinson@usdoj.gov
SARAH S. WILSON
Trial Attorney

Attorneys for Respondents

# ATTACHMENT A

**IMMIGRATION COURT**
**606 SOUTH OLIVE ST.**
**LOS ANGELES, CA  90014**

c/o: ICE Custody
Adelanto Detention Ctr
10400 Rancho Road
Adelanto, CA  92301

FILE: A

RE:

NOTICE OF CUSTODY REDETERMINATION HEARING IN IMMIGRATION PROCEEDINGS

PLEASE TAKE NOTE THAT THE ABOVE CAPTIONED CASE HAS BEEN
SCHEDULED FOR A CUSTODY REDETERMINATION HEARING BEFORE THE
IMMIGRATION COURT ON Nov 29, 2012 AT 09:30 A.M. AT THE FOLLOWING ADDRESS:

**Courtroom A, 14th Floor, 606 South Olive Street**
**Los Angeles, California  90014**

YOU MAY BE REPRESENTED IN THIS PROCEEDING, AT NO EXPENSE TO THE GOVERNMENT, BY
AN ATTORNEY OR OTHER INDIVIDUAL AUTHORIZED AND QUALIFIED TO REPRESENT PERSONS
BEFORE AN IMMIGRATION COURT.  IF YOU WISH TO BE REPRESENTED, YOUR ATTORNEY
OR REPRESENTATIVE SHOULD APPEAR WITH YOU AT THIS HEARING.

CERTIFICATION OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN  [M] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [P] DHS
DATE:  11/20/12    BY:  COURT STAFF
   Attachments:  [M] EOIR-33  [ ] EOIR-28  [M] Legal Services List  [M] Other EOIR-4PI

U7

IMMIGRATION COURT
606 SOUTH OLIVE ST.
LOS ANGELES, CA  90014


LAW OFFICE OF MARIO ACOSTA, JR.
MARIO ACOSTA, JR., ESQ.
611 WILSHIRE BLVD. STE. 1408
LOS ANGELES, CA  90017

FILE: A███████████

RE:     ███████████████████████

NOTICE OF CUSTODY REDETERMINATION HEARING IN IMMIGRATION PROCEEDINGS

PLEASE TAKE NOTE THAT THE ABOVE CAPTIONED CASE HAS BEEN
SCHEDULED/RESCHEDULED FOR A CUSTODY REDETERMINATION HEARING BEFORE THE
IMMIGRATION COURT ON Nov 27, 2012 AT 09:30 A.M. AT THE FOLLOWING ADDRESS:

          606 SOUTH OLIVE STREET, 14TH FLOOR COURTROOM "E"
          LOS ANGELES, CA  90014


YOU MAY BE REPRESENTED IN THIS PROCEEDING, AT NO EXPENSE TO THE GOVERNMENT, BY
AN ATTORNEY OR OTHER INDIVIDUAL AUTHORIZED AND QUALIFIED TO REPRESENT PERSONS
BEFORE AN IMMIGRATION COURT.  IF YOU WISH TO BE REPRESENTED, YOUR ATTORNEY
OR REPRESENTATIVE SHOULD APPEAR WITH YOU AT THIS HEARING.


CERTIFICATION OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [ ] DHS
DATE: 11/20/12   BY:  COURT STAFF _____
     Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

U7

IMMIGRATION COURT
606 SOUTH OLIVE ST.
LOS ANGELES, CA  90014


████████████████████

C/O CUSTODIAL OFFICER 10400 RANCHO RD
ADELANTO, CA  92301


FILE: A████████████

RE:    ████████████████████


NOTICE OF CUSTODY REDETERMINATION HEARING IN IMMIGRATION PROCEEDINGS


PLEASE TAKE NOTE THAT THE ABOVE CAPTIONED CASE HAS BEEN
SCHEDULED/RESCHEDULED FOR A CUSTODY REDETERMINATION HEARING BEFORE THE
IMMIGRATION COURT ON **Nov 29, 2012 AT 09:30 A.M.** AT THE FOLLOWING ADDRESS:

         **606 SOUTH OLIVE ST., 14TH FLOOR,COURTROOM B**
         LOS ANGELES, CA  90014

YOU MAY BE REPRESENTED IN THIS PROCEEDING, AT NO EXPENSE TO THE GOVERNMENT, BY
AN ATTORNEY OR OTHER INDIVIDUAL AUTHORIZED AND QUALIFIED TO REPRESENT PERSONS
BEFORE AN IMMIGRATION COURT.  IF YOU WISH TO BE REPRESENTED, YOUR ATTORNEY
OR REPRESENTATIVE SHOULD APPEAR WITH YOU AT THIS HEARING.


CERTIFICATION OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN    ☑ ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP   ☑ DHS
DATE: 11.20.12        BY:  COURT STAFF
      Attachments:  ☑ EOIR-33  [ ] EOIR-28  ☑ Legal Services List  ☑ Other
                                                              EOIR-11

                                                              U7

```
                        IMMIGRATION COURT
                606 SOUTH OLIVE ST.
                    LOS ANGELES, CA  90014
```

```
IMMIGRATION GROUP, LLC
PINTO-VEGA, GABRIELA  ESQ.
3030 CORAL WAY
MIAMI, FL  33145
```

FILE: A████████

RE:    ███████████████

NOTICE OF CUSTODY REDETERMINATION HEARING IN IMMIGRATION PROCEEDINGS

PLEASE TAKE NOTE THAT THE ABOVE CAPTIONED CASE HAS BEEN
SCHEDULED/RESCHEDULED FOR A CUSTODY REDETERMINATION HEARING BEFORE THE
IMMIGRATION COURT ON Dec 3, 2012 AT 10:00 A.M. AT THE FOLLOWING ADDRESS:

> 606 SOUTH OLIVE STREET, 14TH FLOOR COURTROOM "E"
> LOS ANGELES, CA  90014

YOU MAY BE REPRESENTED IN THIS PROCEEDING, AT NO EXPENSE TO THE GOVERNMENT, BY
AN ATTORNEY OR OTHER INDIVIDUAL AUTHORIZED AND QUALIFIED TO REPRESENT PERSONS
BEFORE AN IMMIGRATION COURT.  IF YOU WISH TO BE REPRESENTED, YOUR ATTORNEY
OR REPRESENTATIVE SHOULD APPEAR WITH YOU AT THIS HEARING.

---

```
                    CERTIFICATION OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer [ ] ALIEN's ATT/REP [ ] DHS
DATE: 11/20/12    BY:  COURT STAFF _____
       Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other
```

U7

# ATTACHMENT B

IMMIGRATION COURT
10250 RANCHO RD., SUITE 201A
ADELANTO, CA  92301


███████████████

ADELANTO DETENTION CENTER 10250 RANCHO ROAD
ADELANTO, CA  92301


FILE: A████████████

RE:     ████████████████


NOTICE OF CUSTODY REDETERMINATION HEARING IN IMMIGRATION PROCEEDINGS


PLEASE TAKE NOTE THAT THE ABOVE CAPTIONED CASE HAS BEEN
SCHEDULED/RESCHEDULED FOR A CUSTODY REDETERMINATION HEARING BEFORE THE
IMMIGRATION COURT ON Nov 25, 2013 AT 08:00 A.M. AT THE FOLLOWING ADDRESS:

10400 RANCHO ROAD
ADELANTO, CA  92301

YOU MAY BE REPRESENTED IN THIS PROCEEDING, AT NO EXPENSE TO THE GOVERNMENT, BY
AN ATTORNEY OR OTHER INDIVIDUAL AUTHORIZED AND QUALIFIED TO REPRESENT PERSONS
BEFORE AN IMMIGRATION COURT.  IF YOU WISH TO BE REPRESENTED, YOUR ATTORNEY
OR REPRESENTATIVE SHOULD APPEAR WITH YOU AT THIS HEARING.


_____
CERTIFICATION OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [ ] DHS
DATE: ___10-25-13___ BY:  COURT STAFF _____
   Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other
_____

U7

IMMIGRATION COURT
10250 RANCHO RD., SUITE 201A
ADELANTO, CA  92301


ESPERANZA IMMIGRANT RIGHTS PROJECT
TANIA KARINA VARGAS, ESQ.
1530 JAMES WOOD BLVD
LOS ANGELES, CA  90015


FILE: A██████████

RE:  ██████████████████████


NOTICE OF CUSTODY REDETERMINATION HEARING IN IMMIGRATION PROCEEDINGS


PLEASE TAKE NOTE THAT THE ABOVE CAPTIONED CASE HAS BEEN
SCHEDULED/RESCHEDULED FOR A CUSTODY REDETERMINATION HEARING BEFORE THE
IMMIGRATION COURT ON Nov 25, 2013 AT 08:00 A.M. AT THE FOLLOWING ADDRESS:

10400 RANCHO ROAD
ADELANTO, CA  92301

YOU MAY BE REPRESENTED IN THIS PROCEEDING, AT NO EXPENSE TO THE GOVERNMENT, BY
AN ATTORNEY OR OTHER INDIVIDUAL AUTHORIZED AND QUALIFIED TO REPRESENT PERSONS
BEFORE AN IMMIGRATION COURT.  IF YOU WISH TO BE REPRESENTED, YOUR ATTORNEY
OR REPRESENTATIVE SHOULD APPEAR WITH YOU AT THIS HEARING.


_____
CERTIFICATION OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)      PERSONAL SERVICE (P)
TO: [ ] ALIEN    [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP   [ ] DHS
DATE: 10-25-13        BY:  COURT STAFF
     Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other
_____


U7

IMMIGRATION COURT
10250 RANCHO RD., SUITE 201A
ADELANTO, CA  92301


████████████████████

C/O DHS CUSTODY 10400 RANCHO RD.
ADELANTO, CA  92301


FILE: A████████████

RE:   ████████████████


NOTICE OF CUSTODY REDETERMINATION HEARING IN IMMIGRATION PROCEEDINGS


PLEASE TAKE NOTE THAT THE ABOVE CAPTIONED CASE HAS BEEN
SCHEDULED/~~RESCHEDULED~~ FOR A CUSTODY REDETERMINATION HEARING BEFORE THE
IMMIGRATION COURT ON Nov 5, 2013 AT 12:30 P.M. AT THE FOLLOWING ADDRESS:

10400 RANCHO ROAD
ADELANTO, CA  92301

YOU MAY BE REPRESENTED IN THIS PROCEEDING, AT NO EXPENSE TO THE GOVERNMENT, BY
AN ATTORNEY OR OTHER INDIVIDUAL AUTHORIZED AND QUALIFIED TO REPRESENT PERSONS
BEFORE AN IMMIGRATION COURT.  IF YOU WISH TO BE REPRESENTED, YOUR ATTORNEY
OR REPRESENTATIVE SHOULD APPEAR WITH YOU AT THIS HEARING.


CERTIFICATION OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN  [√] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [√] DHS
DATE: 10/25/13    BY:  COURT STAFF _____
   Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

U7

IMMIGRATION COURT
10250 RANCHO RD., SUITE 201A
ADELANTO, CA  92301


████████████

C/O CUSTODIAL OFFICER 10400 RANCHO ROAD
ADELANTO, CA  92301


FILE: A███████████

RE:    ████████████


NOTICE OF CUSTODY REDETERMINATION HEARING IN IMMIGRATION PROCEEDINGS


PLEASE TAKE NOTE THAT THE ABOVE CAPTIONED CASE HAS BEEN
SCHEDULED/RESCHEDULED FOR A CUSTODY REDETERMINATION HEARING BEFORE THE
IMMIGRATION COURT ON Nov 5, 2013 AT 12:30 P.M. AT THE FOLLOWING ADDRESS:

10400 RANCHO ROAD
ADELANTO, CA  92301

YOU MAY BE REPRESENTED IN THIS PROCEEDING, AT NO EXPENSE TO THE GOVERNMENT, BY
AN ATTORNEY OR OTHER INDIVIDUAL AUTHORIZED AND QUALIFIED TO REPRESENT PERSONS
BEFORE AN IMMIGRATION COURT.  IF YOU WISH TO BE REPRESENTED, YOUR ATTORNEY
OR REPRESENTATIVE SHOULD APPEAR WITH YOU AT THIS HEARING.


CERTIFICATION OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)     PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [ ] DHS
DATE: 10/25/13   BY:  COURT STAFF _____
   Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other


                                                              U7

IMMIGRATION COURT
10250 RANCHO RD., SUITE 201A
ADELANTO, CA  92301

Dream Act Lawyers, Inc.
Holguin, Alex
8255 Firestone Blvd. Suite 450
Downey, CA  90241

FILE: A███████████

RE:   ███████████████████████████

NOTICE OF CUSTODY REDETERMINATION HEARING IN IMMIGRATION PROCEEDINGS

PLEASE TAKE NOTE THAT THE ABOVE CAPTIONED CASE HAS BEEN
SCHEDULED/RESCHEDULED FOR A CUSTODY REDETERMINATION HEARING BEFORE THE
IMMIGRATION COURT ON Nov 11, 2013 AT 01:30 A.M. AT THE FOLLOWING ADDRESS:

10250 RANCHO ROAD
ADELANTO, CA  92301

YOU MAY BE REPRESENTED IN THIS PROCEEDING, AT NO EXPENSE TO THE GOVERNMENT, BY
AN ATTORNEY OR OTHER INDIVIDUAL AUTHORIZED AND QUALIFIED TO REPRESENT PERSONS
BEFORE AN IMMIGRATION COURT.  IF YOU WISH TO BE REPRESENTED, YOUR ATTORNEY
OR REPRESENTATIVE SHOULD APPEAR WITH YOU AT THIS HEARING.

CERTIFICATION OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN  [/] ALIEN c/o Custodial Officer  [/] ALIEN's ATT/REP  [/] DHS
DATE: 10/25/13     BY:  COURT STAFF
   Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

U7

1

2

## <u>CERTIFICATE OF SERVICE</u>

3

4

    I certify that on November 4, 2013, I served a copy of the foregoing through the Court's CM/ECF system on the following counsel of record:

5

6

Ahilan T. Arulanantham
ACLU Foundation of Southern California
1616 Beverly Boulevard
Los Angeles, CA 90026
213-977-5211
Fax: 213-977-5297
Email: aarulanantham@aclu-sc.org

Jayashri Srikantiah
Stanford Law School
Immigrants' Rights Clinic,
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
650-724-2442
Fax: 650-723-4426
Email: jsrikantiah@law.stanford.edu

Sean Commons
Sidley Austin
555 West Fifth Street Suite 4000
Los Angeles, CA 90013-1010
213-816-6000
Fax: 213-896-6600
Email: scommons@sidley.com

Judy Rabinovitz
ACLU Immigrants' Rights Project
125 Broad Street 18th Floor
New York, NY 10004
212-549-2618
Fax: 212-549-2654
Email: jrabinovitz@aclu.org

Cody Jacobs
Sidley Austin LLP
555 West Fifth Street Suite 4000
Los Angeles, CA 90013-1010
213-896-6000
Fax: 213-896-6600
Email: cjacobs@sidley.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

*/s/ Theodore W. Atkinson*
Theodore W. Atkinson
United States Department of Justice

22

23

24

25

26

27

28

21