| | |
|---|---|
| 1 | AHILAN T. ARULANANTHAM (SBN 237841) |
| 2 | aarulanantham@aclu-sc.org<br>MICHAEL KAUFMAN (SBN 254575) |
| 3 | mkaufman@aclu-sc.org<br>ACLU FOUNDATION OF SOUTHERN CALIFORNIA |
| 4 | 1313 West 8th Street<br>Los Angeles, CA 90017 |
| 5 | Telephone: (213) 977-5211<br>Facsimile: (213) 977-5297 |
| 6 | *Attorneys for Petitioners* |
| 7 | (Additional Counsel listed on following page) |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, for themselves and on behalf of a class of similarly-situated individuals,<br><br>Petitioners,<br><br>v.<br><br>ERIC HOLDER, United States Attorney General; JANET NAPOLITANO, Secretary, Homeland Security; THOMAS G. SNOW, Acting Director, Executive Office for Immigration Review; TIMOTHY ROBBINS, Field Office Director, Los Angeles District Immigration and Customs Enforcement; WESLEY LEE, Officer-in-Charge, Mira Loma Detention Center; et al.; RODNEY PENNER, Captain, Mira Loma Detention Center; SANDRA HUTCHENS, Sheriff of Orange County; OFFICER NGUYEN, Officer-in-Charge, Theo Lacy Facility; CAPTAIN DAVIS NIGHSWONGER, Commander, Theo Lacy Facility; CAPTAIN MIKE KREUGER, Operations Manager, James A. Musick Facility; ARTHUR EDWARDS, Officer-in-Charge, Santa Ana City Jail; RUSSELL DAVIS, Jail Administrator, Santa Ana City Jail,<br><br>Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. CV-07-3239-TJH (RNBx)<br><br>**DECLARATION OF MICHAEL KAUFMAN OF NOVEMBER 20, 2013 IN SUPPORT OF PETITIONERS' MOTION FOR COMPLIANCE**<br><br>Honorable Terry J. Hatter |

JUDY RABINOVITZ
JRabinovitz@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0779
Facsimile: (415) 395-0950

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.stanford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Petitioners*

**DECLARATION OF MICHAEL KAUFMAN OF NOVEMBER 20, 2013**

I, Michael Kaufman, hereby declare:

1. I am a staff attorney at the American Civil Liberties Union of Southern California and counsel of record for Petitioners in the above-entitled certified class action ("Rodriguez"). I make this declaration in support of Petitioners' concurrently filed *Ex Parte* Application to File Supplemental Brief in Support of Petitioners' Motion for Compliance, as well as the underlying Motion for Compliance ( "Motion") (Dkt. 367), based on my own personal knowledge and if called to testify I could and would do so competently as follows:

2. On November 12, 2013, I emailed counsel for Respondents, Theodore Atkinson, requesting clarification regarding a statement in Respondents' first status report that Respondents have refused to provide bond hearings to "aliens who were already granted bond but have not yet posted that bond with ERO." I requested that Respondents "provide some more detail regarding the scope of this exception, and the legal basis for denying bond hearings to these individuals." I never received a response to this email. Attached hereto as Exhibit A is a true and correct copy of the November 12, 2013 email.

3. On November 14, 2013, I received an email from Mr. Atkinson in which he requested the parties meet and confer on a proposed amendment to the permanent injunction to allow Respondents additional time to schedule hearings. I responded by email the same day and indicated my availability for a phone call the following day. I also reiterated the request in my November 12th email, that the parties discuss the statement in Respondents' status report regarding the exclusion of class members who had previously been granted bond. Attached hereto as Exhibit B is a true and correct copy of the November 14, 2013 email correspondence.

4. On November 15, 2013, I met and conferred by phone with Mr. Atkinson. At that time, Mr. Atkinson stated that the excluded class members included individuals detained under Section 1226(a) who had a bond set by ICE or an

1

immigration judge prior to six months of detention, but who had not posted the bond and remained detained. When I inquired whether Respondents believed that the exclusion was consistent with the Court's permanent injunction (Dkt. 353), Mr. Atkinson stated his belief that the exclusion was justified because these individuals had had an opportunity to seek release on bond, and to appeal the determination to the Board of Immigration Appeals. I responded that the parties had briefed this issue on summary judgment and that the Court had resolved the issue in Petitioners' favor, and therefore Respondents were plainly in violation of the Court's Order. Mr. Atkinson requested an opportunity to speak with his clients about the issue before we sought relief from the Court. I agreed that Petitioners would allow Respondents one week to determine whether they voluntarily would cease denying bond hearings to these class members before filing a separate motion with the Court to compel compliance with the permanent injunction.

5. On November 18, 2013, I emailed Mr. Atkinson, explaining that Petitioners intended to file an *ex parte* application to submit a supplemental brief in support of the Motion to notify the Court regarding Respondents' latest exclusion of class members. I requested that Respondents provide their position on the *ex parte* application. Attached hereto as Exhibit C is a true and correct copy of the November 18, 2013 email.

6. On November 19, 2013, I met and conferred by phone with Mr. Atkinson and Ms. Wilson, counsel for Respondents, along with co-counsel Sean Commons, regarding the *ex parte* application and Motion. During that conference, Mr. Atkinson confirmed that Respondents had denied bond hearings to a group of Section 1226(a) subclass members: those that had a bond set by an immigration judge at a bond hearing conducted prior to six months of detention, but who had not posted the bond and remained detained. Mr. Atkinson further represented that Respondents have provided bond hearings to two other groups of Section 1226(a) subclass members: (1) individuals who had an initial bond hearing but were denied release on

2

the grounds of danger or flight risk; and (2) individuals who had an initial bond amount set by Immigration and Customs Enforcement ("ICE"), but who elected not to seek review of that determination by an immigration judge.

7. Mr. Atkinson acknowledged that the excluded individuals are class members, and should have received bond hearings pursuant to this Court's Order. He further represented that Respondents would provide bond hearings to each class member erroneously denied a bond hearing, but would not commit to a date by which the bond hearings would occur. Mr. Atkinson, however, claimed that Respondents had not violated the permanent injunction because they had not acted in bad faith by excluding these individuals and were under no obligation to disclose exclusion before implementing them so long as they believe the exclusions are warranted. He stated that Respondents had reasonably concluded that these individuals did not fall within the class because (1) they had a bond hearing, and (2) had the opportunity to appeal that bond determination to the Board of Immigration Appeals and that an appeal was the appropriate "remedy" for any violation of these individuals' rights. I responded that Mr. Atkinson's interpretation of the notice provision -- that it does not apply so long as Respondents have a good faith belief that the excluded individuals are not class members -- would render the notice provision obsolete.

8. During the November 19, 2013 meet and confer, Mr. Atkinson stated that Respondents would not oppose Petitioners' *ex parte* application to file a supplemental brief. Petitioners also agreed not to oppose Respondents' planned *ex parte* application to file a response by November 27, 2013. Mr. Atkinson further stated that he would not oppose Petitioners' request that the Court hold an in-person hearing on Petitioners' Motion, and agreed that such a hearing would be helpful in the Court's consideration of the Motion.

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct to the best of my knowledge and belief. Executed this 20th day of November, 2013, in Los Angeles, California.

 s/ Michael Kaufman
MICHAEL KAUFMAN