AHILAN T. ARULANANTHAM (SBN 237841)
aarulanantham@aclu-sc.org
MICHAEL KAUFMAN (SBN 254575)
mkaufman@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA  90017
Telephone: (213) 977-5211
Facsimile: (213) 977-5297

*Attorneys for Petitioners*
(Additional Counsel listed on following page)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, for themselves and on behalf of a class of similarly-situated individuals,<br><br>Petitioners,<br><br>v.<br><br>ERIC HOLDER, United States Attorney General; JANET NAPOLITANO, Secretary, Homeland Security; THOMAS G. SNOW, Acting Director, Executive Office for Immigration Review; TIMOTHY ROBBINS, Field Office Director, Los Angeles District Immigration and Customs Enforcement; WESLEY LEE, Officer-in-Charge, Mira Loma Detention Center; et al.; RODNEY PENNER, Captain, Mira Loma Detention Center; SANDRA HUTCHENS, Sheriff of Orange County; OFFICER NGUYEN, Officer-in-Charge, Theo Lacy Facility; CAPTAIN DAVIS NIGHSWONGER, Commander, Theo Lacy Facility; CAPTAIN MIKE KREUGER, Operations Manager, James A. Musick Facility; ARTHUR EDWARDS, Officer-in-Charge, Santa Ana City Jail; RUSSELL DAVIS, Jail Administrator, Santa Ana City Jail,<br><br>Respondents. | Case No. CV-07-3239-TJH (RNBx)<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF PETITIONERS' MOTION FOR COMPLIANCE**<br><br>Honorable Terry J. Hatter |

| | |
|---|---|
| 1 | JUDY RABINOVITZ |
| | JRabinovitz@aclu.org |
| 2 | AMERICAN CIVIL LIBERTIES FOUNDATION |
| | IMMIGRANTS' RIGHTS PROJECT |
| 3 | 125 Broad Street, 18th Floor |
| | New York, NY 10004 |
| 4 | Telephone: (212) 549-2618 |
| | Facsimile: (212) 549-2654 |
| 5 | |
| | MICHAEL TAN (SBN 284869) |
| 6 | mtan@aclu.org |
| | AMERICAN CIVIL LIBERTIES FOUNDATION |
| 7 | IMMIGRANTS' RIGHTS PROJECT |
| | 39 Drumm Street |
| 8 | San Francisco, CA 94111 |
| | Telephone: (415) 343-0779 |
| 9 | Facsimile: (415) 395-0950 |
| 10 | JAYASHRI SRIKANTIAH (SBN 189566) |
| | jsrikantiah@law.stanford.edu |
| 11 | STANFORD LAW SCHOOL |
| | IMMIGRANTS' RIGHTS CLINIC |
| 12 | Crown Quadrangle |
| | 559 Nathan Abbott Way |
| 13 | Stanford, CA 94305-8610 |
| | Telephone: (650) 724-2442 |
| 14 | Facsimile: (650) 723-4426 |
| 15 | SEAN COMMONS (SBN 217603) |
| | scommons@sidley.com |
| 16 | WEN W. SHEN (SBN 288334) |
| | wshen@sidley.com |
| 17 | SIDLEY AUSTIN LLP |
| | 555 West Fifth Street, Suite 4000 |
| 18 | Los Angeles, CA 90013-1010 |
| | Telephone: (213) 896-6000 |
| 19 | Facsimile: (213) 896-6600 |
| 20 | Attorneys for Petitioners |

Petitioners file this supplemental brief to notify the Court of a troubling admission that came to light yesterday afternoon – one week after Petitioners filed their reply brief (Dkt. 380) in support of their Motion for Compliance (Dkt. 367) (the "Motion"). Yesterday's discovery underscores the urgent need for the relief requested in the Motion and warrants a hearing to understand why Respondents have refused to comply with the express terms of the Court's summary judgment and permanent injunction order. Dkt. 353 (the "permanent injunction").

Yesterday, Respondents' counsel admitted that, for several months, Respondents have denied bond hearings to yet another group of individuals that fall within the protections of the permanent injunction. This latest group consists of individuals in the Section 1226(a) Subclass who, like class representative Abel Perez Ruelas, had a bond set at a hearing with fewer protections than required by the Court's permanent injunction, and then remained detained for six months or longer because they are unable to post that bond. *See* Kaufman Decl. of November 19, 2013 ¶6. Incredibly, Respondents insist that they were well within their rights to implement secretly what is now a fifth undisclosed carve-out, notwithstanding this Court's recent admonition that "there are no exceptions, express or implied, to the class membership definitions." Dkt. 353 at 2. Equally incredibly, upon learning that Petitioners would file this supplemental brief, Respondents changed their position and agreed that these individuals should have received bond hearings under the permanent injunction, and that those class members who were denied hearings on this ground would receive them shortly. Kaufman Decl. ¶7. [1]

Respondents' conduct is indefensible. Respondents unilaterally adopted a reading of the permanent injunction that would have carved out *one of the named*

---

[1] If Respondents do not promptly provide hearings, Petitioners will bring a separate motion to compel compliance. Petitioners also are evaluating whether an order to show cause for a potential contempt citation is warranted.

1

*class representatives*, and then failed to notify Petitioners of this decision. Both actions directly contravened this Court's express orders.

During the meet and confer, Respondents sought to justify their conduct on the ground that the class definition is limited to individuals who "[h]ave not been afforded a hearing to determine whether their detention is justified," Dkt. 77; Dkt. 353 at 1-2, and that the excluded individuals have had such a "hearing." In effect, Respondents asserted that the class definition would enable them to exclude any person who has received any detention "hearing," no matter how procedurally or constitutionally defective, without notifying Petitioners or the Court.

But it is difficult to imagine that Respondents internally justified their now-disavowed position on this ground because it would constitute a gross and willful disregard of the permanent injunction, for at least four reasons.

- *First*, Mr. Perez Ruelas is a class representative, who prevailed at summary judgment even though he had been afforded a bond hearing under procedures that this Court found deficient; the circumstances surrounding his detention under Section 1226(a) are identical to those persons to whom Respondents have denied bond hearings.

- *Second*, Respondents have provided bond hearings as required by the injunction to other groups of individuals within the Section 1226(a) Subclass who received initial detention "hearings" or who otherwise had bonds set that they could not pay.[2]

- *Third*, this litigation always has been about the need for "constitutionally-adequate" hearings, not just any "hearing," and references

---

[2] For example, Respondents stated during the meet and confer that they did comply with the injunction with respect to: (1) persons denied bond in an initial custody determination performed by Immigration and Customs Enforcement ("ICE"), who also sought an initial bond hearing before an immigration judge, but were denied bond on grounds of danger or flight risk; and (2) persons who had an initial bond amount set by ICE, but did not ask an immigration judge to review that decision.

to the types of "hearings" sought in this litigation always have meant "constitutionally-adequate" hearings, as recognized by the parties' briefing, by the Ninth Circuit, and in this Court's orders.[3]

- *Fourth*, Respondents made the same argument at summary judgment and lost. Respondents argued that due process does not require a "second bond hearing" for members of the Section 1226(a) Subclass who received an initial bond determination by an immigration judge. Dkt. 299 at 28-30; *see also* Dkt. 330 at 8-12 (advancing same argument). In response, Petitioners argued that an earlier, inadequate bond hearing could never substitute for a "constitutionally-adequate" one. Dkt. 315, at 20-21. Following controlling Ninth Circuit law, the Court agreed that all individuals detained under Section 1226(a) should receive bond hearings with adequate procedural protections without any "exceptions, express or implied." Dkt. 353 at 2.

In the face of this record, Respondents have no excuse for implementing yet another carve-out, and for doing so without notifying Petitioners or the Court. Respondents nonetheless suggested during the meet and confer that the rights of the excluded individuals were adequately protected because they could have appealed bond determinations to the BIA. Kaufman Decl. ¶7. But this view cannot be reconciled with the presence of Mr. Perez Ruelas as a class representative, Respondents' treatment of other members of the Section 1226(a)

---

[3] *See* Dkt. 111 at 3 n.3 (Third Amended Complaint) ("Petitioners refer interchangeably throughout this complaint to a hearing to determine whether 'prolonged detention' is justified, a 'constitutionally-adequate' hearing, and an 'adequate' hearing to justify prolonged detention."); *Rodriguez v. Hayes*, 591 F.3d 1105, 1112 (9th Cir. 2010) (observing that "Petitioner's requested relief includes . . . providing all members of the class 'constitutionally-adequate individual hearings before an immigration judge' . . . ."); Dkt. 161 (order granting subclass certification) ( observing "the questions of law under each section are the same: Whether that section can be interpreted to require a bond hearing after six months, or, conversely, whether the procedures already in place satisfy due process.").

Subclass, or the Court's order requiring hearings to be provided to individuals under Section 1226(a) without "exceptions." Respondents cannot resurrect an issue they lost on summary judgment to justify violation of a valid court order.

Just as troubling, Respondents also have disregarded the notice provision that the Court adopted to prevent the very conduct that has occurred here. This exclusion did not occur due to inadvertence. Having considered the issue before acting, Respondents have no excuse for failing to notify Petitioners before implementing the exclusion, as the Court's order plainly requires. *See* Dkt. 353 at 5-6 (requiring notice of any individual denied a bond hearing who is (a) detained in the Central District, (b) for six months or longer, (c) "not detained under 8 U.S.C. § 1226a or 8 U.S.C. § 1531-37" and (d) remain "detained even though the government does not have present authority to deport that individual."). During the meet and confer, Respondents reiterated that they believe they have no obligation to comply with the notice provision so long as they entertain a good-faith belief that individuals are not Class members. Kaufman Dec. ¶7. Respondents could always use that excuse to explain why they unilaterally carved people out of the Class; that is precisely why Petitioners sought, and the Court ordered, the notice provision. The notice requirement does not contain a "good faith" belief exception because, if it did, it would be meaningless.

Respondents' misconduct and positions regarding their notice obligation afford the Court further proof of the need for improved monitoring and disclosures. Respondents only acknowledged this latest exclusion after repeated inquiries from Petitioners. Kaufman Decl. ¶¶2-3. As with all of Respondents' prior violations, this misconduct would never have come to light but for Petitioners' efforts. For the reasons explained in the Motion, Petitioners remain in the dark as to how Respondents are implementing the permanent injunction, including whether other groups of class members are being denied bond hearings and whether Respondents

4

have treated other aspects of the Court's orders as merely advisory, as opposed to binding, such as those regarding the applicable standard of proof at bond hearings.

    Accordingly, Petitioners ask that the Court grant the Motion and safeguard the rights of class members by ordering (1) additional periodic disclosures of information and expanded access to information about class members; and (2) Respondents to submit a declaration attesting to any and all other exclusions to the class definition so that any further carve outs can be addressed at one time and without further delay.  *See* Dkt. 367.

Respectfully submitted,

ACLU OF SOUTHERN CALIFORNIA

Dated:  November 20, 2013

  /s/ Michael Kaufman
MICHAEL KAUFMAN
Counsel for Petitioners