STUART F. DELERY
Acting Assistant Attorney General
Civil Division
DAVID J. KLINE
Director, Office of Immigration Litigation
District Court Section
THEODORE W. ATKINSON
United States Department of Justice
Office of Immigration Litigation
    P.O. Box 868, Ben Franklin Station
    Washington, DC 20044
    Phone: (202) 532-4135
    theodore.atkinson@usdoj.gov
SARAH S. WILSON
Trial Attorney

Attorneys for Respondents

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*, <br><br> Petitioners, <br><br> vs. <br><br> TIMOTHY S. ROBBINS, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director, et al.*, <br><br> Respondents. | Case No. CV 07-3239-TJH (RNBx) <br><br> **RESPONDENTS' RESPONSE AND OPPOSITION TO PETITIONERS' EX PARTE APPLICATION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF** <br><br> Hon. Terry J. Hatter, Jr. |

      Respondents respectfully submit this response and opposition to Petitioners' ex parte application for leave to file a supplemental brief in support of their motion for compliance.

As an initial matter, Petitioners are incorrect that Respondents do not oppose Petitioners' ex parte application.[1]  This Court should deny the ex parte application for two reasons.

First, Petitioners cannot demonstrate good cause why they should be permitted additional briefing in support of their motion for order of compliance (ECF No. 367) on an issue that they could and should have addressed in their reply brief.  The issue Petitioners raise in their proposed supplemental brief concerns the scope and coverage of the permanent injunction with respect to aliens who have already had a bond hearing before an immigration judge under 8 U.S.C. § 1226(a), and who have been awarded bond by an immigration judge, but who have not yet posted the bond.

This issue was not, as Mr. Kaufman has suggested in his declaration and as charged in the proposed supplemental brief, an issue Respondents attempted to conceal.  To the contrary, Respondents informed Petitioners and this Court on November 4, 2013, that Respondents did not provide *Rodriguez* bond hearings to certain detainees, including "aliens who were already granted bond but have not yet posted that bond with ERO [U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations]."  Status Report, ECF No. 377, at 7, ¶ 5.[2]

---

[1] Petitioners may believe the ex parte application is unopposed because, during the conference of counsel on November 18, 2013, Respondents' asked Petitioners if they would oppose Respondents seeking leave to file a response to Petitioners' supplemental brief *if* this Court granted Petitioners' ex parte application.  *See* Declaration of Theodore W. Atkinson, ¶ 5.  During the conversation, Petitioners stated that they would not oppose Respondents seeking leave to file a supplemental brief by November 27, 2013, as indicated in Petitioners' ex parte application.  However, Respondents oppose the ex parte application in the first place for the reasons discussed in this response.

[2] The Status Report on this issue states:  "Examples of aliens who would not require a *Rodriguez* bond hearing include: aliens who received administratively final orders of removal after ERO delivered the weekly list to the OCC; aliens who already had a *Rodriguez* bond hearing or a bond hearing that comports with the requirements in *Rodriguez*; and aliens who were already granted bond but have not yet posted that bond with ERO."

1  Between November 4, 2013 and November 12, 2013, Petitioners did not raise
2  any issue or concern with the Status Report, nor did they question the representation
3  in the Status Report that ICE did not provide *Rodriguez* hearings to aliens who were
4  granted bond but had not yet posted bond.
5  Rather, Petitioners waited until November 12, 2013 to raise a question of
6  clarification about that statement. *See* Kaufman Decl. Exh. A. Specifically, Mr.
7  Kaufman did not e-mail undersigned counsel about this matter until 10:27 p.m. on
8  November 12 – long after normal business hours and just a few hours before
9  Petitioners filed their reply brief. *See* Kaufman Decl. Exh. A.; ECF No. 380 (Reply
10 Brief filed November 12, 2013).
11 In their ex parte application, Petitioners offer no explanation why they waited
12 eight (8) days – until late into the night their reply brief was due – to raise this issue
13 with Respondents. Nor do they make any attempt to demonstrate how their ex parte
14 application is based on good cause. Instead, Petitioners offer the declaration of their
15 counsel, Michael Kaufman, to insinuate that Respondents somehow mislead and
16 stonewalled Petitioners on the specific class coverage issue at hand. This is both
17 insulting and incorrect.
18 Mr. Kaufman himself admits that within a day after he sent his e-mail,
19 Respondents contacted Mr. Kaufman and the parties arranged for a conference call at
20 which the issue of class coverage was discussed. *See* Kaufman Decl. at ¶¶ 2-3. That
21 call was held a day later. *Id.*, ¶ 4. After discussing the issue, the parties adjourned the
22 call to allow counsel for Respondents to discuss the matter with Respondents, and to
23 provide Petitioners with their position. A follow-up call at which Respondents made
24 their position clear was held within a week after Petitioners raised the issue for the
25 first time.
26 Given the brief period of time in which the issue was raised, discussed, and
27 positions conveyed, there is no discernible reason why this issue could not have been
28 raised and discussed when Respondents filed their Status Report, and before the reply

brief was due. Petitioners offer no explanation why it took them eight (8) days to raise the class coverage issue. They should not now be given the opportunity to file additional briefing out of time.

There is a second reason why the Court should deny Petitioners' ex parte application: the briefing addresses an issue on which Petitioners seek no relief. In their motion for an order of compliance, Petitioners ask this Court to order Respondents to produce information about bond hearings that have already been held – additional categories of information in the required periodic spreadsheet, digital audio recordings of every *Rodriguez* hearing held, and copies of documents associated with every *Rodriguez* hearing held. Setting aside the fact that this information would be unduly burdensome to produce, the information Petitioners seek *is wholly irrelevant to the issues of non-compliance they now bring before this Court*.

If Petitioners are correct – and they are not – that Respondents are improperly failing to provide *Rodriguez* hearings to certain categories of aliens, then providing information about *Rodriguez* hearings already held will do nothing to address that concern. How will providing additional information about *Rodriguez* hearings that have been held serve to identify those aliens for whom *Rodriguez* hearings have *not* been held? It will not, and Petitioners never bother to address the logical disconnect between their complaint (that Respondents are not providing certain aliens with *Rodriguez* hearings) and the relief they seek (information about *Rodriguez* hearings held, which would not include the aliens subject to the present class coverage dispute).

By that same token, the issue of whether aliens provided with bond hearings before immigration judges and granted bond by immigration judges are within the class definition is totally unrelated to the post-order discovery Petitioners now seek. Accordingly, Petitioners' proposed supplemental briefing is not relevant to the motion for an order of compliance. This Court should deny the ex parte application.

4


1 | Date: November 22, 2013

STUART F. DELERY
Acting Assistant Attorney General
Civil Division
DAVID J. KLINE
Director, Office of Immigration Litigation
District Court Section
*/s/ Theodore W. Atkinson*
THEODORE W. ATKINSON
United States Department of Justice
Office of Immigration Litigation,
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4135
theodore.atkinson@usdoj.gov
SARAH S. WILSON
Trial Attorney

Attorneys for Respondents

# CERTIFICATE OF SERVICE

I certify that on November 22, 2013, I served a copy of the foregoing through the Court's CM/ECF system on the following counsel of record:

Ahilan T. Arulanantham
ACLU Foundation of Southern California
1616 Beverly Boulevard
Los Angeles, CA 90026
213-977-5211
Fax: 213-977-5297
Email: aarulanantham@aclu-sc.org

Jayashri Srikantiah
Stanford Law School
Immigrants' Rights Clinic,
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
650-724-2442
Fax: 650-723-4426
Email: jsrikantiah@law.stanford.edu

Sean Commons
Sidley Austin
555 West Fifth Street Suite 4000
Los Angeles, CA 90013-1010
213-816-6000
Fax: 213-896-6600
Email: scommons@sidley.com

Judy Rabinovitz
ACLU Immigrants' Rights Project
125 Broad Street 18th Floor
New York, NY 10004
212-549-2618
Fax: 212-549-2654
Email: jrabinovitz@aclu.org

Cody Jacobs
Sidley Austin LLP
555 West Fifth Street Suite 4000
Los Angeles, CA 90013-1010
213-896-6000
Fax: 213-896-6600
Email: cjacobs@sidley.com

*/s/  Theodore W. Atkinson*
Theodore W. Atkinson
United States Department of Justice