1  AHILAN T. ARULANANTHAM (SBN 237841)
   aarulanantham@aclu-sc.org
2  MICHAEL KAUFMAN (SBN 254575)
   mkaufman@aclu-sc.org
3  ACLU FOUNDATION OF SOUTHERN CALIFORNIA
   1313 West 8th Street
4  Los Angeles, CA  90017
   Telephone: (213) 977-5211
5  Facsimile: (213) 977-5297

6  *Attorneys for Petitioners*
   (Additional Counsel listed on following page)

7

8                  **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10 ALEJANDRO RODRIGUEZ,                ) Case No. CV-07-3239-TJH (RNBx)
   ABDIRIZAK ADEN FARAH,               )
11 YUSSUF ABDIKADIR, ABEL PEREZ        ) **SUPPLEMENTAL BRIEF IN**
   RUELAS, JOSE FARIAS CORNEJO,        ) **SUPPORT OF PETITIONERS'**
12 ANGEL ARMANDO AYALA, for            ) **MOTION FOR COMPLIANCE**
   themselves and on behalf of a class of )
13 similarly-situated individuals,       ) Honorable Terry J. Hatter
                                         )
14              Petitioners,             )
                                         )
15            v.                         )
                                         )
16 ERIC HOLDER, United States Attorney  )
   General; JANET NAPOLITANO,           )
17 Secretary, Homeland Security;        )
   THOMAS G. SNOW, Acting Director,     )
18 Executive Office for Immigration     )
   Review; TIMOTHY ROBBINS, Field      )
19 Office Director, Los Angeles District )
   Immigration and Customs Enforcement; )
20 WESLEY LEE, Officer-in-Charge, Mira  )
   Loma Detention Center; et al.;       )
21 RODNEY PENNER, Captain, Mira         )
   Loma Detention Center; SANDRA        )
22 HUTCHENS, Sheriff of Orange County;  )
   OFFICER NGUYEN, Officer-in-          )
23 Charge, Theo Lacy Facility; CAPTAIN  )
   DAVIS NIGHSWONGER, Commander,        )
24 Theo Lacy Facility; CAPTAIN MIKE     )
   KREUGER, Operations Manager, James   )
25 A. Musick Facility; ARTHUR           )
   EDWARDS, Officer-in-Charge, Santa    )
26 Ana City Jail; RUSSELL DAVIS, Jail   )
   Administrator, Santa Ana City Jail,  )
27                                      )
                Respondents.            )
28

JUDY RABINOVITZ
JRabinovitz@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY  10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone:  (415) 343-0779
Facsimile:  (415) 395-0950

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.stanford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA  94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
WEN W. SHEN (SBN 288334)
wshen@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA  90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Petitioners

1    Petitioners file this supplemental brief to notify the Court of a troubling

2    admission that came to light yesterday afternoon – one week after Petitioners filed

3    their reply brief (Dkt. 380) in support of their Motion for Compliance (Dkt. 367)

4    (the "Motion").  Yesterday's discovery underscores the urgent need for the relief

5    requested in the Motion and warrants a hearing to understand why Respondents

6    have refused to comply with the express terms of the Court's summary judgment

7    and permanent injunction order.  Dkt. 353 (the "permanent injunction").

8    Yesterday, Respondents' counsel admitted that, for several months,

9    Respondents have denied bond hearings to yet another group of individuals that

10   fall within the protections of the permanent injunction.  This latest group consists

11   of individuals in the Section 1226(a) Subclass who, like class representative Abel

12   Perez Ruelas, had a bond set at a hearing with fewer protections than required by

13   the Court's permanent injunction, and then remained detained for six months or

14   longer because they are unable to post that bond.  *See* Kaufman Decl. of November

15   19, 2013 ¶6.  Incredibly, Respondents insist that they were well within their rights

16   to implement secretly what is now a fifth undisclosed carve-out, notwithstanding

17   this Court's recent admonition that "there are no exceptions, express or implied, to

18   the class membership definitions."  Dkt. 353 at 2.  Equally incredibly, upon

19   learning that Petitioners would file this supplemental brief, Respondents changed

20   their position and agreed that these individuals should have received bond hearings

21   under the permanent injunction, and that those class members who were denied

22   hearings on this ground would receive them shortly.  Kaufman Decl. ¶7. [1]

23   Respondents' conduct is indefensible.  Respondents unilaterally adopted a

24   reading of the permanent injunction that would have carved out *one of the named*

25

26   _____

27   [1] If Respondents do not promptly provide hearings, Petitioners will bring a separate
     motion to compel compliance.  Petitioners also are evaluating whether an order to
28   show cause for a potential contempt citation is warranted.

1

1    *class representatives*, and then failed to notify Petitioners of this decision.  Both

2    actions directly contravened this Court's express orders.

3        During the meet and confer, Respondents sought to justify their conduct on

4    the ground that the class definition is limited to individuals who "[h]ave not been

5    afforded a hearing to determine whether their detention is justified," Dkt. 77; Dkt.

6    353 at 1-2, and that the excluded individuals have had such a "hearing."  In effect,

7    Respondents asserted that the class definition would enable them to exclude any

8    person who has received any detention "hearing," no matter how procedurally or

9    constitutionally defective, without notifying Petitioners or the Court.

10        But it is difficult to imagine that Respondents internally justified their now-

11    disavowed position on this ground because it would constitute a gross and willful

12    disregard of the permanent injunction, for at least four reasons.

13        • *First*, Mr. Perez Ruelas is a class representative, who prevailed at

14    summary judgment even though he had been afforded a bond hearing under

15    procedures that this Court found deficient; the circumstances surrounding his

16    detention under Section 1226(a) are identical to those persons to whom

17    Respondents have denied bond hearings.

18        • *Second*, Respondents have provided bond hearings as required by the

19    injunction to other groups of individuals within the Section 1226(a) Subclass

20    who received initial detention "hearings" or who otherwise had bonds set

21    that they could not pay.[2]

22        • *Third*, this litigation always has been about the need for

23    "constitutionally-adequate" hearings, not just any "hearing," and references

---

24    [2] For example, Respondents stated during the meet and confer that they did comply
25    with the injunction with respect to: (1) persons denied bond in an initial custody
     determination performed by Immigration and Customs Enforcement ("ICE"), who
26    also sought an initial bond hearing before an immigration judge, but were denied
27    bond on grounds of danger or flight risk; and (2) persons who had an initial bond
     amount set by ICE, but did not ask an immigration judge to review that decision.
28

1  to the types of "hearings" sought in this litigation always have meant
2  "constitutionally-adequate" hearings, as recognized by the parties' briefing,
3  by the Ninth Circuit, and in this Court's orders.[3]

4  • *Fourth*, Respondents made the same argument at summary judgment
5  and lost.  Respondents argued that due process does not require a "second
6  bond hearing" for members of the Section 1226(a) Subclass who received an
7  initial bond determination by an immigration judge.  Dkt. 299 at 28-30; *see*
8  *also* Dkt. 330 at 8-12 (advancing same argument).  In response, Petitioners
9  argued that an earlier, inadequate bond hearing could never substitute for a
10  "constitutionally-adequate" one.  Dkt. 315, at 20-21.  Following controlling
11  Ninth Circuit law, the Court agreed that all individuals detained under
12  Section 1226(a) should receive bond hearings with adequate procedural
13  protections without any "exceptions, express or implied."  Dkt. 353 at 2.

14  In the face of this record, Respondents have no excuse for implementing yet
15  another carve-out, and for doing so without notifying Petitioners or the Court.
16  Respondents nonetheless suggested during the meet and confer that the rights of
17  the excluded individuals were adequately protected because they could have
18  appealed bond determinations to the BIA.  Kaufman Decl. ¶7.  But this view
19  cannot be reconciled with the presence of Mr. Perez Ruelas as a class
20  representative, Respondents' treatment of other members of the Section 1226(a)

21

22  [3] *See* Dkt. 111 at 3 n.3 (Third Amended Complaint) ("Petitioners refer
23  interchangeably throughout this complaint to a hearing to determine whether
   'prolonged detention' is justified, a 'constitutionally-adequate' hearing, and an
24  'adequate' hearing to justify prolonged detention."); *Rodriguez v. Hayes*, 591 F.3d
25  1105, 1112 (9th Cir. 2010) (observing that "Petitioner's requested relief includes
   . . . providing all members of the class 'constitutionally-adequate individual
26  hearings before an immigration judge' . . . ."); Dkt. 161 (order granting subclass
27  certification) ( observing "the questions of law under each section are the same:
   Whether that section can be interpreted to require a bond hearing after six months,
28  or, conversely, whether the procedures already in place satisfy due process.").

3

1  Subclass, or the Court's order requiring hearings to be provided to individuals

2  under Section 1226(a) without "exceptions." Respondents cannot resurrect an

3  issue they lost on summary judgment to justify violation of a valid court order.

4  Just as troubling, Respondents also have disregarded the notice provision

5  that the Court adopted to prevent the very conduct that has occurred here. This

6  exclusion did not occur due to inadvertence. Having considered the issue before

7  acting, Respondents have no excuse for failing to notify Petitioners before

8  implementing the exclusion, as the Court's order plainly requires. *See* Dkt. 353 at

9  5-6 (requiring notice of any individual denied a bond hearing who is (a) detained in

10  the Central District, (b) for six months or longer, (c) "not detained under 8 U.S.C.

11  § 1226a or 8 U.S.C. § 1531-37" and (d) remain "detained even though the

12  government does not have present authority to deport that individual."). During

13  the meet and confer, Respondents reiterated that they believe they have no

14  obligation to comply with the notice provision so long as they entertain a good-

15  faith belief that individuals are not Class members. Kaufman Dec. ¶7.

16  Respondents could always use that excuse to explain why they unilaterally carved

17  people out of the Class; that is precisely why Petitioners sought, and the Court

18  ordered, the notice provision. The notice requirement does not contain a "good

19  faith" belief exception because, if it did, it would be meaningless.

20  Respondents' misconduct and positions regarding their notice obligation

21  afford the Court further proof of the need for improved monitoring and disclosures.

22  Respondents only acknowledged this latest exclusion after repeated inquiries from

23  Petitioners. Kaufman Decl. ¶¶2-3. As with all of Respondents' prior violations,

24  this misconduct would never have come to light but for Petitioners' efforts. For

25  the reasons explained in the Motion, Petitioners remain in the dark as to how

26  Respondents are implementing the permanent injunction, including whether other

27  groups of class members are being denied bond hearings and whether Respondents

28

4

1    have treated other aspects of the Court's orders as merely advisory, as opposed to

2    binding, such as those regarding the applicable standard of proof at bond hearings.

3          Accordingly, Petitioners ask that the Court grant the Motion and safeguard

4    the rights of class members by ordering (1) additional periodic disclosures of

5    information and expanded access to information about class members; and

6    (2) Respondents to submit a declaration attesting to any and all other exclusions to

7    the class definition so that any further carve outs can be addressed at one time and

8    without further delay.  *See* Dkt. 367.

9

10                                              Respectfully submitted,

11                                              ACLU OF SOUTHERN CALIFORNIA

12   Dated:  November 20, 2013          /s/ Michael Kaufman
                                        MICHAEL KAUFMAN
13                                      Counsel for Petitioners

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28