STUART F. DELERY
Assistant Attorney General
Civil Division
DAVID J. KLINE
Director, Office of Immigration Litigation
District Court Section
THEODORE W. ATKINSON
United States Department of Justice
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4135
theodore.atkinson@usdoj.gov
SARAH S. WILSON
Trial Attorney

Attorneys for Respondents

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*, <br><br> Petitioners, <br><br> vs. <br><br> TIMOTHY S. ROBBINS, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director, et al.*, <br><br> Respondents. | Case No. CV 07-3239-TJH (RNBx) <br><br> **RESPONDENTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PETITIONERS' MOTION FOR COMPLIANCE** <br><br> Hon. Terry J. Hatter, Jr. <br><br> Hearing Date: December 9, 2013[1] <br> Hearing Time: TBD <br> Place: Courtroom 17 |

---

[1] The parties agree that this matter should be set for a hearing before the Court for a full and complete discussion of the various issues raised by Petitioners' motion. At the suggestion of counsel for Petitioners, counsel for the parties contacted the courtroom clerk, Yolanda Skipper, to raise the request. Counsel for Respondents understands that Ms. Skipper contacted counsel for Petitioners on or about Friday, November 22, 2013, to provide available dates – including December 9, 2013 – and to ask counsel to file a joint stipulation identifying the date that worked with the parties' schedules. A joint stipulation selecting the available December 9, 2013, date was filed on November 26, 2013. ECF No. 386.

1

Respondents file this supplemental brief to address two points raised by Petitioners' supplemental brief, filed on November 25, 2013. ECF Nos. 385 (order permitting filing) and 388 (supplemental brief).

First, Respondents flatly reject Petitioners' accusation that Respondents have engaged in "misconduct" by "secretly" creating a "carve-out" of this Court's class membership definition to exclude from the class membership a certain group of aliens – those detained for six months under 8 U.S.C. § 1226(a), but who have had a hearing before an immigration judge and who were granted bond. The charge of "misconduct" is a serious allegation. It is one that Respondents do not take lightly. And it is entirely unwarranted.

As a starting point, it is important for the Court to understand that Respondents have, in a short period of time, established and implemented an entirely new system for the identification of class members and the automatic scheduling and notification of bond hearings required by this Court's Order, Judgment and Permanent Injunction ("Order"), ECF No. 353. As detailed in Respondents' First Status Report, compliance with the Court's injunction has required the coordination of several inter-departmental components and the immigration court in Los Angeles to meet this Court's orders in the permanent injunction. ECF No. 377 (Status Report). Those components have worked together to meet three key goals of the permanent injunction: (1) identify class members entitled to a hearing, (2) provide for automatically-scheduled hearings for those aliens, and (3) provide timely notice of those hearings to the detainees, their representatives, and their counsel. To put it simply, in three months Respondents have had to coordinate, create and put into place a system that is not found in either the regulations or the statutes, but which is derived largely from the language of this Court's permanent injunction.

Respondents readily concede that for a brief period between August 6, 2013 and November 19, 2013, they did not identify for *Rodriguez* hearings aliens who (1) were detained under section 1226(a), (2) had a bond hearing before an immigration judge,

2

(3) were awarded a bond or other conditions of release, and (4) did not post the bond. U.S. immigration and Customs Enforcement ("ICE") – the agency component primarily responsible for identifying class members for *Rodriguez* hearings – interpreted the Order as not including those detainees because of the Order's language identifying class members. The Court's Order defines the class as follows:

> All non-citizens within the Central District of California who: (1) Are or were detained for longer than six months pursuant to one of the general immigration detention statutes pending completion of removal proceedings, including judicial review; (2) Are not and have not been detained pursuant to a national security detention statute; and (3) ***Have not been afforded a hearing to determine whether their detention is justified***.

Order at 2-3. In interpreting that language, ICE understood the Order not to cover those who were granted bond by an immigration judge at a bond hearing, because the detainee had "been afforded a hearing to determine whether the detention is justified," and also prevailed at that hearing and received bond. Significantly, ICE understood that the class definition and the Order included (1) section 1226(a) aliens who were granted bond by ICE, but who did not have a hearing before an immigration judge, and (2) section 1226(a) aliens who had a hearing before an immigration judge but who were *denied* bond under a different standard than that required by the Order. Thus, ICE's understanding of the scope of the Order excluded one very narrow group of aliens: those who appeared before an immigration judge to determine whether their detention was justified, and who were awarded a bond at that hearing.

Once counsel for Petitioners raised a concern on November 12, 2013, that such aliens were apparently not being provided bond hearings, counsel for ICE and undersigned counsel for the Office of Immigration Litigation consulted on the issue. At the conclusion of that consultation, and within a week of Petitioners raising the issue for the first time, Respondents agreed to provide bond hearings for such aliens currently detained and going forward.

3

What Petitioners decry as "misconduct" is instead a result of an interpretation of the clear language of this Court's Order regarding the class definition. Petitioners point to the fact that one of the class representatives would have fallen into this narrow category of section 1226(a) aliens who had a hearing and were awarded bond. But what they are essentially arguing is that Respondents should have construed the Order's clear class definition description in the context of the facts and circumstances of a class representative named more than three years ago in an amended complaint. Petitioners are correct that such aliens should be included within the meaning of the class definition, but they are incorrect that Respondents engaged in misconduct by construing the scope of the class by relying on this Court's class definition on its face. Petitioners also do not offer any explanation *why* ICE would decide to include the vast majority of section 1226(a) aliens within the class definition, but exclude another, smaller and more narrow group of section 1226(a) detainees. The simpler explanation is the correct one: in seeking to follow this Court's Order and identify class members, Respondents interpreted this Court's class definition language by relying on the language of the Court's Order, rather than looking to the Court's Order in the context of the identification of the sole section 1226(a) representative Petitioners now point to. When the issue was raised by Petitioners, Respondents immediately addressed it and corrected it. This is not misconduct, and the Court should reject Petitioners' accusations to the contrary.

There is a second, perhaps broader point to be made here. None – absolutely none – of the relief Petitioners seek in their motion for compliance would have done anything to identify these aliens. Petitioners want significant amounts of additional information about *Rodriguez* hearings that have been held: information beyond what this Court already requires in the spreadsheet Respondents are required to periodically produce, digital audio recordings of all past and future *Rodriguez* hearings, and court-documents related to every *Rodriguez* hearing. The relief they seek pertains to hearings *already held*. It does nothing to identify those individuals for whom hearings

4

have *not* been held.  None of the information Petitioners seek would have identified the narrow group of aliens identified and discussed in Petitioners' supplemental brief.

      For the foregoing reasons, this Court should deny Petitioners' motion for compliance.

Date: November 27, 2013

STUART F. DELERY
Assistant Attorney General
Civil Division
DAVID J. KLINE
Director, Office of Immigration Litigation
District Court Section

s/ Theodore W. Atkinson
THEODORE W. ATKINSON
United States Department of Justice
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4135
theodore.atkinson@usdoj.gov
SARAH S. WILSON
Trial Attorney

Attorneys for Respondents

# **CERTIFICATE OF SERVICE**

I certify that on November 27, 2013, I served a copy of the foregoing through the Court's CM/ECF system on the following counsel of record:

Ahilan T. Arulanantham
ACLU Foundation of Southern California
1616 Beverly Boulevard
Los Angeles, CA 90026
213-977-5211
Fax: 213-977-5297
Email: aarulanantham@aclu-sc.org

Jayashri Srikantiah
Stanford Law School
Immigrants' Rights Clinic,
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
650-724-2442
Fax: 650-723-4426
Email: jsrikantiah@law.stanford.edu

Sean Commons
Sidley Austin
555 West Fifth Street Suite 4000
Los Angeles, CA 90013-1010
213-816-6000
Fax: 213-896-6600
Email: scommons@sidley.com

Judy Rabinovitz
ACLU Immigrants' Rights Project
125 Broad Street 18th Floor
New York, NY 10004
212-549-2618
Fax: 212-549-2654
Email: jrabinovitz@aclu.org

Cody Jacobs
Sidley Austin LLP
555 West Fifth Street Suite 4000
Los Angeles, CA 90013-1010
213-896-6000
Fax: 213-896-6600
Email: cjacobs@sidley.com

*/s/ Theodore W. Atkinson*
Theodore W. Atkinson
United States Department of Justice