STUART F. DELERY
Assistant Attorney General
Civil Division
DAVID J. KLINE
Director, Office of Immigration Litigation
District Court Section
THEODORE W. ATKINSON
United States Department of Justice
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4135
theodore.atkinson@usdoj.gov
SARAH S. WILSON
Trial Attorney

Attorneys for Respondents

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*,<br><br>Petitioners,<br><br>vs.<br><br>TIMOTHY S. ROBBINS, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director, et al.*,<br><br>Respondents. | Case No. CV 07-3239-TJH (RNBx)<br><br>**RESPONDENTS' SUPPLEMENTAL BRIEF REGARDING THE PARTIES' PROPOSED ORDER**<br><br>Hon. Terry J. Hatter, Jr.<br><br>Hearing Date: Under submission |

On December 9, 2013, at a hearing on Petitioners' Motion for Compliance, this Court instructed the parties to meet and negotiate over various matters and to prepare an order for submission to this Court.

The parties met in person, conferred by telephone, and exchanged correspondence setting forth the parties' positions. The parties agree on certain issues, as reflected in the accompanying proposed order. However, there are areas where the parties continue to disagree.

There are two areas of disagreement Respondents believe it is important to highlight:

1.  Digital Audio Recordings and Court Documents

The parties have generally agreed that Respondents will produce a certain number of Digital Audio Recordings ("DARs") and court documents from those hearings (if Petitioners later request such documents). The parties disagree on (1) how many DARs should be produced and how far back the production should cover, (3) when the DARs must be produced, and (4) what court documents may Petitioners request.

First, the parties disagree on the amount of DARs to be produced and the time period to be covered by the production. Petitioners have proposed that Respondents be required to produce DARs (and, potentially, court documents) for 20% of all *Rodriguez* hearings, whether under the preliminary injunction or the permanent injunction. This would require Respondents to produce approximately 260 DARs for all hearings already held (approximately 1,300 as of the November reporting period), and 20% of the DARs for all hearings going forward as part of the status reporting through August 2015.

Respondents propose that the number of DARs be limited to 10% – the number suggested by this Court at the December 9, 2013 hearing. Respondent also propose that they only be required to produce DARs from the date of the permanent injunction on (*i.e.*, August 6, 2013 on), because compliance with the *preliminary* injunction – which put different requirements on immigration judges than the permanent injunction – is no longer relevant. Respondents note that adoption of Respondents' proposal will result in the production of approximately 52 DARs and related immigration court documents to Petitioners for hearings conducted since August 6, 2013 – the date of this Court's permanent injunction – and the reporting period at the end of October 2013. Respondents further estimate that since the last report and at the time of Respondents' next report at the end of January 2014, the immigration court will have

conducted approximately 800 *Rodriguez* hearings, resulting in the likely production of 80 or more DARs under Respondents' proposal for the next reporting period alone.

<u>Second</u>, the parties disagree over the court documents Petitioners may request. Petitioners seek "the immigration court files" of any detainee about whom they receive a DAR. This would require Respondents to produce the *entire* Record of Proceeding – which could be hundreds to thousands of pages long – for any such detainee. Respondents instead propose that they be required to produce those documents that are non-privileged and that relate to the *Rodriguez* hearing at issue: the documents filed by a detainee or the Government concerning the hearing, and any documents issued by the immigration court.

<u>Third</u>, the parties disagree when the DARs and court documents should be produced. Petitioners propose that Respondents produce all DARs within 14 days. Respondents propose that they be provided with 30 days to produce any DARs, because a 14-day production period is too short a time to identify, copy, review, and produce such recordings. Similarly, because records of proceedings may be in chambers, with the immigration court clerk, or with the Board of Immigration Appeals, two weeks is a short period of time to produce court documents to Petitioners. Respondents also seek 30 days to produce any court documents related to the *Rodriguez* hearings to Petitioners.

2.   <u>Class Coverage Issue</u>

The parties disagree as to whether aliens whose appeals to the BIA have been dismissed, but who have not filed a petition for review and sought a stay of removal, are within the class. The proposed order offers the parties' two proposals, but does not explain them. The dispute is fairly straightforward.

The class excludes from class membership detainees "who have [1] a final order of removal and [2] no stay of that removal order, such that the government has legal authority to remove them." ECF No. 111 at ¶ 107. Similarly, the Court's

permanent injunction only includes aliens within the class where the "government does not have present authority to deport that individual." ¶ 6.

The disagreement lies over whether the Government has the authority to remove aliens who have an administratively final order of removal, but who have not filed a petition for review with a court of appeals and sought a stay of their removal pending their appeal.

Petitioners take the position that the Government may not remove aliens during the period between when their removal order becomes administratively final and when they file a petition for review and seek a stay – if they do at all. According to Petitioners, because such aliens are not removable, they are entitled to a *Rodriguez* hearing if they are detained for 180 days during this 30-day time period between the date the Board dismisses their appeal and when they must file a petition for review.

Respondents maintain that aliens who have an administratively final order of removal, and who have not filed a petition for review and sought a stay of removal, are removable by ICE. There is no question that such aliens have a "final order of removal," do not have pending judicial review of their removal order, and do not have a "stay of their removal" – which Respondents understand in the context of this Court's class certification to mean a judicial stay of removal issued pending judicial review.[1]

---

[1] Petitioners disingenuously stretch "stay of removal" to mean not only a judicial stay, but also any legal barrier to an alien's removal. That goes beyond the obvious scope of the class certification. Petitioners are also incorrect that the Government lacks authority to remove aliens with final orders of removal, but who have not sought a petition for review or requested a stay of removal. Petitioners' only basis for this is argument is their reliance on *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008) for their belief that removal is prohibited during that 30-day period. Petitioners misread *Prieto-Romero*, which only addressed ICE's detention authority after an alien files a petition for review and obtains a court ordered stay. *See* 534 F.3d at 1067-68 (Ninth Circuit expressly held that "[a]n alien whose removal is administratively final, but whose removal is stayed pending the court of appeals' resolution of his petition for review, may be subject to detention under §1226(a), but not §1231(a)(2) or

*(Footnote continued)*

However, Respondents acknowledge that this Court indicated from the bench at the December 9, 2013 hearing that such aliens should be considered part of the class because they have been detained 180 days. As such, Respondents agree to provide *Rodriguez* bond hearings to such aliens if they have not yet been removed by ICE at the time of their scheduled bond hearing.

Respondents' proposed order language thus provides for *Rodriguez* hearings for such aliens while in ICE custody, but in no way impedes ICE's legal authority to remove such aliens during that 30-day period.

To the extent the Court does want to address the larger statutory construction and legal question of ICE's removal authorities – a question has broad implications far beyond this action – while at the same time ensuring that Respondents provide *Rodriguez* hearings to aliens who remain in ICE's custody after 180 days, this Court should adopt Respondents' proposed language.

---

(a)(6).") The decision in no way asserts that ICE's ability to remove an alien is somehow stayed in the 30-day period that an alien has to file a petition for review, nor could it because such a proposition would directly contradict the statute, regulations and Supreme Court law. *See* 8 U.S.C. §1231(a)(1)(B)(i); 8 C.F.R. §1241.33. *See also Nken v. Holder*, 556 U.S. 418 (2009) (Supreme Court held that once an order of removal has become final, it may be executed at any time and the sole mechanism to prevent the removal is a stay issued from a federal court that has considered likelihood of success on the merits, irreparable injury, injury to other parties, and public interest.) The Court's decision in *Nken*, clarifying the standard necessary to obtain a stay, recognized that Congress decided under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 110 Stat. 3009-546, to permit aliens to file and courts to adjudicate petitions for review after aliens have been removed. *Id.* at 424. Because courts were no longer prohibited from proceeding with review once an alien departed, Congress repealed an automatic stay during that 30 day time period to file a petition for review. *Id.* at 424-25.

5

Date: December 23, 2013    STUART F. DELERY
Assistant Attorney General
Civil Division
DAVID J. KLINE
Director, Office of Immigration Litigation
District Court Section

s/ Theodore W. Atkinson
THEODORE W. ATKINSON
United States Department of Justice
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4135
theodore.atkinson@usdoj.gov
SARAH S. WILSON
Trial Attorney

Attorneys for Respondents

# CERTIFICATE OF SERVICE

I certify that on December 23, 2013, I served a copy of the foregoing through the Court's CM/ECF system on the following counsel of record:

Ahilan T. Arulanantham
ACLU Foundation of Southern California
1616 Beverly Boulevard
Los Angeles, CA 90026
213-977-5211
Fax: 213-977-5297
Email: aarulanantham@aclu-sc.org

Jayashri Srikantiah
Stanford Law School
Immigrants' Rights Clinic,
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
650-724-2442
Fax: 650-723-4426
Email: jsrikantiah@law.stanford.edu

Sean Commons
Sidley Austin
555 West Fifth Street Suite 4000
Los Angeles, CA 90013-1010
213-816-6000
Fax: 213-896-6600
Email: scommons@sidley.com

Judy Rabinovitz
ACLU Immigrants' Rights Project
125 Broad Street 18th Floor
New York, NY 10004
212-549-2618
Fax: 212-549-2654
Email: jrabinovitz@aclu.org

Cody Jacobs
Sidley Austin LLP
555 West Fifth Street Suite 4000
Los Angeles, CA 90013-1010
213-896-6000
Fax: 213-896-6600
Email: cjacobs@sidley.com

/s/ Theodore W. Atkinson
Theodore W. Atkinson
United States Department of Justice