AHILAN T. ARULANANTHAM (SBN 237841)
aarulanantham@aclu-sc.org
MICHAEL KAUFMAN (SBN 254575)
mkaufman@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5211
Facsimile: (213) 977-5297

*Attorneys for Petitioners*
(Additional Counsel listed on following page)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, for themselves and on behalf of a class of similarly-situated individuals,<br><br>Petitioners,<br><br>v.<br><br>ERIC HOLDER, United States Attorney General; JANET NAPOLITANO, Secretary, Homeland Security; THOMAS G. SNOW, Acting Director, Executive Office for Immigration Review; TIMOTHY ROBBINS, Field Office Director, Los Angeles District Immigration and Customs Enforcement; WESLEY LEE, Officer-in-Charge, Mira Loma Detention Center; et al.; RODNEY PENNER, Captain, Mira Loma Detention Center; SANDRA HUTCHENS, Sheriff of Orange County; OFFICER NGUYEN, Officer-in-Charge, Theo Lacy Facility; CAPTAIN DAVIS NIGHSWONGER, Commander, Theo Lacy Facility; CAPTAIN MIKE KREUGER, Operations Manager, James A. Musick Facility; ARTHUR EDWARDS, Officer-in-Charge, Santa Ana City Jail; RUSSELL DAVIS, Jail Administrator, Santa Ana City Jail,<br><br>Respondents. | Case No. CV-07-3239-TJH (RNBx)<br><br>**PETITIONERS' OPPOSITION TO RESPONDENTS'** ***EX PARTE*** **APPLICATION TO FILE A SUPPLEMENTAL BRIEF CONCERNING THE PARTIES' PROPOSED ORDER**<br><br>Honorable Terry J. Hatter, Jr. |

JUDY RABINOVITZ
jrabinovitz@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY  10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone:  (415) 343-0779
Facsimile:  (415) 395-0950

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.stanford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA  94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA  90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Petitioners*

1 Petitioners oppose Respondent's *Ex Parte* Application to file yet another
2 supplemental brief, *see* Dkt. 396, because the parties fully briefed the issues in
3 dispute and the Court already stated its rulings from the bench. The only matter that
4 the Court did not resolve, but instead asked the parties to "work out," concerned the
5 appropriate percentage of audio files that Respondents should make available to
6 Petitioners to ensure compliance with the injunction. While more could always be
7 said on that question, Petitioners did not believe it appropriate to further burden the
8 Court given the straightforward nature of that issue. Petitioners would like 20% of
9 the audio files because, as they already explained, approximately 20% of the prior
10 hearings likely involved non-compliance. *See* Dkt. 380 at 11. Respondents would
11 like to produce only 10% because they claim a higher number would be burdensome.
12 *See* Dkt. 378 at 18-19. The Court needs no further information to decide that issue,
13 and the parties' proposed order – submitted pursuant to the Court's instruction, Dkt.
14 393 – clearly sets forth the competing alternatives. *See* Proposed Order, at 2-6
15 (submitted December 23, 2013) ("Proposed Order").

16 Respondents nonetheless address various other issues that they failed to raise
17 in prior briefing, in an improper attempt to limit the scope of the issues they already
18 lost without following the procedures or satisfying the standards that govern motions
19 for reconsideration (Local Rule 7-18) or *ex parte* applications (Local Rule 7-19;
20 *Mission Power Eng'g Co v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)
21 (requiring *ex parte* applicant to establish (1) irreparable prejudice, and (2) that it is
22 without fault or that crisis occurred due to excusable neglect)). Respondents
23 belatedly request that the Court limit the temporal scope of the production so as to
24 exclude hearings conducted pursuant to the preliminary injunction. *See* Dkt. 396-1 at
25 2:20-23. They also ask that the Court limit the nature of the documents to be
26 produced along with the audio files. *Id.* at 3:3-7. Both of these requests should be
27 rejected both because they are untimely and because they are meritless on their face.
28 The Court's permanent injunction adds no substantive requirements to those already

1

required by the preliminary injunction ruling, *see* Dkt. 255, 353 (both adopting existing Ninth Circuit law governing prolonged detention hearings under *Casas*), and the Court has previously rejected claims of privilege like those presented here. *See* Dkt. 380 at 13 n.5 (citing Dkt. 210 at 4).

Similarly, the Court should reject Respondents' attempt to re-litigate issues surrounding Class membership. The Court made clear from the bench that individuals detained while in the process of filing their petitions for review are class members. *See* Ex. A, at 36:18-20. They must therefore be detained under one of the four "general detention statutes." Petitioners argued that, under existing law, such individuals are detained under Section 1226(a). The Court agreed that such individuals are class members, and Respondents have offered no alternative explanation for what statute governs their detention. Petitioners' proposed order makes the reasoning for the Court's ruling on this issue clear, and the Court should adopt it. *See* Proposed Order, at ¶ 5b.

Therefore, the Court should deny Respondents' *ex parte* application as an improper attempt to reargue points fully addressed at the hearing on Petitioners' Motion for Compliance on December 9th.

                Respectfully submitted,

                ACLU OF SOUTHERN CALIFORNIA

Dated: December 26, 2013        s/ Ahilan T. Arulanantham
                AHILAN T. ARULANANTHAM
                Counsel for Petitioners