1  AHILAN T. ARULANANTHAM (SBN 237841)
   aarulanantham@aclu-sc.org
2  MICHAEL KAUFMAN (SBN 254575)
   mkaufman@aclu-sc.org
3  ACLU FOUNDATION OF SOUTHERN CALIFORNIA
   1313 West 8th Street
4  Los Angeles, CA  90017
   Telephone: (213) 977-5211
5  Facsimile: (213) 977-5297

6  *Attorneys for Petitioners*
   (Additional Counsel listed on following page)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, for themselves and on behalf of a class of similarly-situated individuals,<br><br>Petitioners,<br><br>v.<br><br>ERIC HOLDER, United States Attorney General; JANET NAPOLITANO, Secretary, Homeland Security; THOMAS G. SNOW, Acting Director, Executive Office for Immigration Review; TIMOTHY ROBBINS, Field Office Director, Los Angeles District Immigration and Customs Enforcement; WESLEY LEE, Officer-in-Charge, Mira Loma Detention Center; et al.; RODNEY PENNER, Captain, Mira Loma Detention Center; SANDRA HUTCHENS, Sheriff of Orange County; OFFICER NGUYEN, Officer-in-Charge, Theo Lacy Facility; CAPTAIN DAVIS NIGHSWONGER, Commander, Theo Lacy Facility; CAPTAIN MIKE KREUGER, Operations Manager, James A. Musick Facility; ARTHUR EDWARDS, Officer-in-Charge, Santa Ana City Jail; RUSSELL DAVIS, Jail Administrator, Santa Ana City Jail,<br><br>Respondents. | Case No. CV-07-3239-TJH (RNBx)<br><br>**PETITIONERS' RESPONSE TO RESPONDENTS' SUPPLEMENTAL BRIEF REGARDING THE PARTIES' PROPOSED ORDER**<br><br>Honorable Terry J. Hatter, Jr. |

JUDY RABINOVITZ
jrabinovitz@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0779
Facsimile: (415) 395-0950

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.stanford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Petitioners*

Petitioners file this short response to Respondents' Supplemental Brief Regarding the Proposed Order. *See* Dkt. 396 (*ex parte* application seeking leave to file supplemental brief); Dkt. 400 (order granting *ex parte* application). Respondents' Supplemental Brief raises new arguments that they failed to raise in prior briefing in support of positions that this Court unambiguously rejected in its rulings from the bench. *See* Dkt. 397-1 (transcript of December 9, 2013 hearing on Petitioners' Motion for Compliance). The Court should reject Respondents' attempt to use supplemental briefing to re-litigate issues they lost, rather than following the procedures for a Motion to Reconsider. *See* L.R. 7-18.

## Audio and Court Records

The only issue that this Court did not resolve at the December 9, 2013 hearing – and is therefore a proper subject for supplemental briefing – concerns the appropriate *percentage* of audio files that Respondents should make available to Petitioners to ensure compliance with the injunction.[1] Petitioners believe that a minimum of 20% of audio files should be produced to ensure that they have access to a sufficiently numerous and diverse set of recordings to discover any additional violations by Respondents. This constitutes a reasonable sample, particularly in light of the fact that Respondents' have committed numerous documented violations of the preliminary and permanent injunction. Most important, the data already produced by Respondents strongly suggests that approximately 20% of class members were erroneously denied bond hearings during the first ten months of implementation. *See* Dkt. 380 at 11. Respondents claim that producing 10% would be sufficient, but did not establish that there is *any* burden in producing the additional recording Petitioners seek. In fact, Respondents have not disputed that they regularly produce audio recordings to noncitizens and their immigration counsel in immigration courts across the country in volumes far in excess of the limited set of recordings Petitioners seek

---

[1] The Court also requested that the parties negotiate a revised draft notice. The parties are engaged in negotiations over the notice and will only seek the Court's intervention in the event they are unable to resolve any disputes.

1

here. *See* Dkt. 380 at 14.

Respondents also raise a host of new arguments regarding the production of the audio and court files, but these arguments should be rejected both because they are untimely and because they are meritless. Respondents belatedly request that the Court limit the temporal scope of the production so as to exclude hearings conducted pursuant to the preliminary injunction. *See* Dkt. 396-1 at 2. However, many class members who received bond hearings under the preliminary injunction remain detained, and would be entitled to a new bond hearing should a review of their prior hearing reveal that Respondents did not comply with this Court's orders. In particular, many individuals were erroneously denied bond hearings on grounds since rejected by this Court; it is critical that Petitioners have data about such individuals to ensure that the prior compliance violation is corrected, and that these class members obtain their day in court.

Remarkably, Respondents assert that compliance with the preliminary injunction is "irrelevant" because it "put different requirements on immigration judges than the permanent injunction," Dkt. 396-1 at 2, ignoring their prior stated position that individuals who received a hearing under preliminary injunction are not entitled to a new hearing under the permanent injunction *because the same standards are applicable at both hearings*. *See* Exh. A (December 4, 2013 letter from Mr. Atkinson to Petitioners) (asserting that Respondents do not provide new bond hearings to class members who had a hearing under the preliminary injunction "in compliance with *V. Singh*"). The Court should not permit Respondents to limit class members to a single hearing under the preliminary injunction, and then deny Petitioners the information they need to ensure that those hearings were conducted consistent with the standards adopted by this Court and affirmed by the Ninth Circuit.

Respondents also ask that the Court limit the nature of the documents to be produced along with the audio files, Dkt. 396-1 at 3, but they waived their ability to litigate this issue by not raising it in the prior briefing on Petitioners' Motion for

2

Compliance. Regardless, Respondents do not need to review *public* immigration court files for "privilege" because the public nature of those files precludes an assertion of privilege (*see* Dkt. 380 at 13-14), and counsel for Respondents conceded at the hearing that Respondents have no other basis for seeking to redact public immigration court files. Dkt. 397-1 at 40 ("We understand and, in fact, may not disagree with their position that these are public hearings"). As with audio recordings, Respondents regularly produce un-redacted immigration court files to noncitizens and their counsel, and there is no reason that class counsel should be entitled to lesser access to public records.

## Class Membership

Respondents attempt to resurrect an issue that this Court decided in Petitioners' favor by asking this Court to adopt proposed language regarding class membership that would effectively exclude from the class the very people at issue in the Motion. Respondents' Supplemental Brief makes their intentions abundantly clear: Respondents describe the parties' "disagreement" on this issue as boiling down to "whether the Government has the authority to remove aliens who have an administratively final order of removal," but remain within the 30-day window for appealing the final order to the Ninth Circuit. Dkt. 396-1 at 4. Respondents believe such individuals "are removable by ICE," while Petitioners believe that "that the Government may not remove aliens during" this period because they are class members detained under 8 U.S.C. § 1226(a), such that the government has no authority to remove them. *Id*.

This is exactly the same dispute briefed at length in connection with Petitioners' Motion for Compliance, and which this Court unambiguously decided in Petitioners' favor, as Respondents acknowledge. *Compare* Dkt. 380 at 5-10 (arguing that such individuals fall within the class because the Government does not have "authority" to remove them) *with* Dkt. 378 at 9-13 (arguing that Government does have the "authority" to remove such individuals); *see also* 396-1 at 5 ("Respondents

3

acknowledge that this Court indicated from the bench at the December 9, 2013 hearing that such aliens should be considered part of the class because they have been detained 180 days.").

As the parties' prior briefing makes clear, the dispute over class membership turns entirely on whether the Government has "authority" to remove such individuals because, as both parties agree, the class definition contains an exception for individuals for whom the Government has "present authority to deport." Dkt. 111 at ¶ 107. Therefore, this Court's ruling that these individuals fall within the class *necessarily* means that the Government does not have the "authority" to deport class members until those individuals have had an opportunity to seek judicial review (or waive their right to do so). Respondents' proposed language not only cannot be reconciled with the plain language of the class definition and the parties' prior positions, but would render the Court's ruling hollow by enabling Respondents to race to deport class members before they have an opportunity for a bond hearing. As Petitioners previously explained, such a system would create perverse incentives and, in any event, has been definitively rejected by the Ninth Circuit in *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008) (holding that individuals in analogous position are detained under Section 1226(a)). *See* Dkt. 380 at 5-10.

Respondents again unpersuasively attempt to evade the Ninth Circuit's clear holding in *Prieto-Romero*, this time by advancing an argument not mentioned in their original opposition briefing or at the hearing. Respondents now argue that *Prieto-Romero* has been implicitly overruled by the Supreme Court in *Nken v. Holder*, 556 U.S. 418 (2009). *See* Dkt. 396-1 at 4 n.1. The Court should reject this claim first and foremost because Respondents made absolutely no mention of this assertion in their prior briefing or at oral argument. In addition, it rests on a gross misreading of *Nken*. The Supreme Court's decision concerns the standard applicable to a request for a judicial stay of removal pending appeal. The opinion is silent as to whether the Government has authority to remove individuals while they are within the 30-day

period for seeking such a stay and, contrary to Respondents' claim, the Supreme Court nowhere ruled that "that once an order of removal has become final, it may be executed at any time." Dkt. 396-1 at 4 n.1. This is not the first time that Respondents have mischaracterized *Nken* in this litigation, *see* Dkt. 250 at 4; Dkt. 252 at 24, and the Court should reject their latest, untimely attempt to do so.

Finally, Respondents suggest that their proposed language for class membership is preferable because it would avoid "the larger statutory construction and legal question of ICE's removal authorities." Dkt. 396-1 at 4. However, the Court cannot avoid the question of what statute governs the detention of individuals in this position, any more than it could have avoided ruling on the statutory authority to detain the various other groups of individuals that Respondents have sought to exclude from the class. As mentioned above, this is because the class definition turns on whether these individuals are presently removable under the immigration laws. Whether the Court stands by its ruling at the hearing, or reverses course and adopts Respondents' proposed interpretation, it will be construing the extent of Respondents' "ability to remove" a narrow subset of "aliens during that 30 day time period absent a court ordered stay of removal." *See* Proposed Order at 5. For all of the reasons previously briefed, the individuals in question are *not* presently removable, and the immigration statutes should not be construed in a manner that would treat them as shifting in and out of the class during a 30-day window of time, as *Prieto-Romero* counseled against.

This Court has already ruled that the individuals in question fit within the class definition, and should reject Respondents' attempt to re-litigate the issue. For these reasons, the Court should adopt Petitioners' proposed language for class membership.

Respectfully submitted,

Datted:  January 17, 2014        s/ Michael Kaufman
                                 MICHAEL KAUFMAN
                                 Counsel for Petitioners

5