Case 2:07-cv-03239-TJH-KES  Document 401-1  Filed 01/17/14  Page 1 of 4  Page ID #:8926

# Exhibit A



**U.S. Department of Justice**

Civil Division
Office of Immigration Litigation

---

*Box 868, Ben Franklin Station*
*Washington, DC 20044*
*Tel.:(202) 532-4132*

December 4, 2013

**BY E-MAIL**

Ahilan T. Arulanantham
Michael Kaufman
ACLU Foundation of Southern California
1616 Beverly Boulevard
Los Angeles, CA 90026

      RE:    *Rodriguez v. Robbins*, No. CV 07-3239-TJH (RNBx) (C.D. Cal.)

Ahilan and Michael,

I hope you had an enjoyable Thanksgiving holiday. I am writing in advance of the hearing we expect will be set by Judge Hatter for next Monday, December 9, 2013, to address your request in your supplemental briefing that the Court order Respondents to identify, through a declaration, any aliens to whom Respondents are not providing *Rodriguez* hearings, despite their continued detention of six months.

Although we do not believe that a declaration is warranted, we are willing to formally identify and represent those categories of aliens to whom Respondents do not routinely provide *Rodriguez* hearings. We do so for two reasons.

First, we believe that it is important heading into the hearing on December 9, 2013, that the parties understand the universe of aliens at issue at the hearing next Monday. We want to ensure that there are no outstanding issues left unaddressed at the hearing on Monday.

Second, we are providing this representation – which we will also make to the Court next Monday – to demonstrate Respondents' commitment to complying with the permanent injunction pending appeal. As you know, Respondents have scheduled or held more than 1,300 bond hearings under the preliminary and permanent injunctions. What you have deemed misconduct is, in our view, an honest disagreement at times over the scope of the permanent injunction, and the individuals it covers. Significantly, the disagreement has not concerned vast numbers of aliens. Indeed, for the vast majority of aliens detained for six months or longer, ICE and EOIR have worked to automatically-schedule *Rodriguez* hearings, and to do so in a manner that ensures that the hearings are held as soon as possible. Moreover, where you have identified categories of aliens for whom bond hearings are not routinely being provided, Respondents have either agreed to take the matter to the Court for clarification (in the case of aliens in withholding only proceedings and Visa Waiver Program aliens), or have agreed to provide *Rodriguez*

hearings without the necessity of court intervention (in the case of aliens detained under 8 U.S.C. § 1226(a) and given a bond at a hearing by an immigration judge, but who have not yet posted that bond). As we understand it, that leaves only one narrow category of aliens over which we disagree: those aliens who have received a final order of removal in the past thirty days, but who have not filed a petition for review or requested a stay. Those aliens have been the subject of briefing by both sides, and we expect the Court will address that issue on Monday.

For these reasons, Respondents represent that the following aliens detained for six months or longer are not receiving *Rodriguez* hearings:

(1) Respondents have not provided bond hearings to juvenile detainees who are detained for six months or longer under the care of the Department of Health and Human Services. Such aliens have never been within the scope of the class.

(2) Respondents have not provided a *Rodriguez* hearing under the permanent injunction to any alien who received a *Rodriguez* hearing under the preliminary injunction and for whom a bond decision was made by the immigration judge in compliance with *V. Singh*.

(3) Respondents have not provided a *Rodriguez* hearing to any alien who received a heightened hearing under *Casas-Castrillon* or *Diouf II*, with the burden on the Government, under the *V. Singh* standards. The permanent injunction denied Petitioners multiple forms of relief on the ground that such relief was either already met by, or not required by, *Casas*, *Diouf,* and *V. Singh*. Given that the district court also denied Petitioners' "periodicity" argument, the permanent injunction does not require aliens that received a *Casas* or *Diouf* hearing under the *V. Singh* standards with standard *Rodriguez* hearing. Moreover, such aliens have never been within the scope of the class.[1]

(4) Respondents have not provided bond hearings to aliens who have an administratively final order of removal, but who have not filed a petition for review. This matter was briefed in the parties' original briefs on your motion for compliance.

(5) Respondents have not provided bond hearings to aliens who are detained for six months, who have had judicial review of their final order, but for which there is no judicial stay or other legal impediment to their removal. Such aliens have never been within the scope of the class, are expressly exempt from the Court's Order, and have no judicial barrier to their removal.

For clarification and to reiterate, Respondents *are* providing *Rodriguez* hearings to aliens with reinstated final orders but who are in withholding proceedings, and to Visa Waiver Program aliens. The parties' disagreement over the scope of the class certification order was resolved by

---

[1] We also think – and please let us know if you disagree – that *Casas* and *Diouf* hearings will be wholly supplanted by *Rodriguez* hearings, except in the extraordinarily rare case where an alien is issued a Notice to Appear, is ordered removed, has an appeal dismissed by the Board of Immigration Appeals, and files a petition for review and obtains a stay *within* six months after first being detained. That process generally takes longer, and therefore we expect that most aliens, except in rare cases, will receive a *Rodriguez* hearing at six months before reaching a point where *Casas* and *Diouf II* procedurally come into play.

the Court in the permanent injunction. Accordingly, Respondents now provide *Rodriguez* hearings to such aliens.

Additionally, ICE is now identifying for *Rodriguez* hearings to aliens who are detained under section 1226(a), who have had a bond hearing before an immigration judge, and who have been awarded a bond because the immigration judge determined they were not a flight risk or danger. This category was the subject of the parties' supplemental briefing. We also reiterate that Respondents have, since the permanent injunction, provided automatically-scheduled *Rodriguez* hearings to aliens who are detained under section 1226(a), who have had a bond hearing before an immigration judge, but who were *denied* a bond. Similarly, if the alien has been granted bond by ICE under its regulations, but did not request a hearing before an immigration judge to redetermine the terms of release set by ICE, and is still in ICE custody, Respondents automatically schedule that alien for a *Rodriguez* hearing.

We hope this provides you with the representation you seek, and clarifies the issues for the hearing expected on Monday, December 9, 2013.

If there are any other issues not specifically addressed in your motion for compliance or supplemental briefing you believe needs to be addressed on Monday, please let us know before Thursday close of business. We want to make sure that any outstanding issues you may have are addressed at the hearing.

    Regards,

    */s/ Theodore Atkinson*

    Theodore W. Atkinson
    Office of Immigration Litigation

cc:  Sarah S. Wilson