1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*, | ) Case No. CV 07-3239-TJH (RNBx) |
| Petitioners, | ) **[PROPOSED] ORDER** |
| vs. | ) Hon. Terry J. Hatter, Jr. |
| TIMOTHY S. ROBBINS, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director, et al.*, | ) |
| Respondents. | ) |

This matter came before the Court on Petitioners' Motion for Compliance.  At a hearing on December 9, 2013, this Court instructed the parties to meet and negotiate over various matters raised in Petitioners' motion and by the parties at the hearing and to prepare an order for submission to this Court.

This Court, having considered Petitioners' motion, Respondents' opposition, supplemental briefing by the parties, and oral argument, hereby orders as follows:

1.    Content of Notice of *Rodriguez* Hearings:   Respondents shall provide Petitioners with a draft Notice on or before January 10, 2014.  The parties shall either negotiate a mutually-acceptable revised Notice by January 17, 2014, or submit to the Court by that date competing Notice proposals from the parties for consideration by the Court.

2.    <u>Spreadsheet Information</u>:  In addition to information already required in the spreadsheet accompanying the periodic reports ordered by this Court in its August 6, 2013 Permanent Injunction Order ("Order"), Respondents shall provide the following information:

a.    Respondents shall provide (1) the date bond was posted (if at all), and (2) the date of the alien's release after posting bond.  Respondents shall include such bond information in spreadsheets required to be submitted with status reports under this Court's August 6, 2013 Order.  Respondents shall also provide this information by January 31, 2014, to Petitioners for all aliens identified on the spreadsheet filed under seal with this Court on November 4, 2013 ("November 2013 spreadsheet") who were identified in that spreadsheet as having been awarded bond.  The November 2013 spreadsheet contains information about bond hearings held or scheduled since the date of the Preliminary Injunction (September 12, 2012).

b.    Respondents shall provide contact information for an alien's representative or for the alien, if the alien acted *pro se*, for any alien identified as released on bond in spreadsheets required to be submitted with status reports under this Court's August 6, 2013 Order.  Respondents shall produce the last known contact information available from the electronic database maintained by the Executive Office for Immigration Review.

**[Petitioners' Proposal:**  Respondents shall also provide this information by January 31, 2014, to Petitioners for all detainees identified on the November 2013 spreadsheet – i.e., for all detainees who had a *Rodriguez* bond hearing since the date of the preliminary injunction– who were identified in that spreadsheet as having been awarded bond.]

**[Respondents' Proposal**:  Respondents shall also provide this information by January 31, 2014, to Petitioners for aliens identified on the November 2013 spreadsheet who were identified in that spreadsheet as having been awarded bond, and

who had a *Rodriguez* bond hearing since August 6, 2013 (the date of the permanent injunction order).]

      c.    Respondents shall provide information identifying the outcome of any administrative appeal to the Board of Immigration Appeals for review of any *Rodriguez* hearing.  Respondents shall include such bond information in spreadsheets required to be submitted with status reports under this Court's August 6, 2013 Order. Respondents shall also provide this information by January 31, 2014 to Petitioners for all aliens identified on the November 2013 spreadsheet who were identified in that spreadsheet as having filed an appeal of a *Rodriguez* hearing with the Board of Immigration Appeals.

      d.    Respondents shall identify whether a detainee was found eligible for a Rodriguez hearing, and, if found to be ineligible, the basis of ineligibility ("eligibility information").  Respondents shall include such eligibility information in spreadsheets required to be submitted with future status reports under this Court's August 6, 2013 Order.

**[Petitioners' proposal:**  Respondents shall also provide this information by January 31, 2014, to Petitioners for all detainees identified on the November 2013 spreadsheet – i.e., all detainees who had a bond hearing since the date of the preliminary injunction –who were identified in that spreadsheet as having a hearing outcome of "no jurisdiction," "no action," or "other."]

**[Respondents' proposal:**  Respondents shall also provide this information by January 31, 2014, to Petitioners for aliens identified on November 2013 spreadsheet who were identified in that spreadsheet as having a hearing outcome of "no jurisdiction," "no action," or "other," and who had a *Rodriguez* bond hearing since August 6, 2013, the date of the permanent injunction.]

    3.   <u>Digital Audio Recordings and Proceeding Documents</u>:

**[Petitioners' proposal:**  Respondents shall provide to Petitioners Digital Audio Recordings ("DARs") of *Rodriguez* hearings for 20% of the hearings covered by each

status report required under this Court's August 6, 2013 Order, including for the *Rodriguez* hearings described in the initial status report and the November 2013 spreadsheet. Petitioners shall be allowed to select which DARs Respondents shall produce. Respondents shall produce such recordings within 14 days of Petitioners making a request as to which recordings they wish to review. Respondents shall also provide the immigration court files concerning any *Rodriguez* hearing for any cases in which they have received a DAR upon written request by Petitioners. Petitioners shall make such requests to Respondents only upon having reviewed the recording and determined that they are unable to obtain sufficient information relating to compliance based on the recording itself. Respondents shall produce such information within 14 days of any request.]

[**Respondents' proposal**: Respondents shall provide to Petitioners Digital Audio Recordings ("DARs") of *Rodriguez* hearings for 10% of the hearings covered by each status report required under this Court's August 6, 2013 Order, and 10% of DARs for hearings identified in Respondents' first spreadsheet submitted under seal on November 4, 2013, for *Rodriguez* hearings held since August 6, 2013. Petitioners shall be allowed to select which DARs Respondents shall produce. Respondents shall produce such recordings on a rolling basis within 30 days of Petitioners making a request as to which recordings they wish to review. Respondents shall also provide documents concerning any *Rodriguez* hearing filed by the Government or an alien or issued by the immigration court for any cases in which they have received a DAR upon written request by Petitioners. Petitioners shall make such requests to Respondents only upon having reviewed the recording and determined that they are unable to obtain sufficient information relating to compliance based on the recording itself. Respondents shall produce such information on a rolling basis within 30 days of any request.]

5.    <u>Class Membership.</u> The Court makes the following order with respect to the two groups of individuals addressed by the parties in their briefing:

LA1 2918987v.1

a.    Individuals detained under 8 U.S.C. § 1226(a) who are awarded bond, either as part of the initial custody determination by U.S. Immigration and Customs Enforcement ("ICE"), or following a pre-six month bond hearing before an immigration judge, but are unable to post bond and remain detained after 180 days, are Class members.   Accordingly, Respondents shall provide these Class members with bond hearings consistent with the terms of the August 6, 2013 Order.

b.    **[Petitioners' Proposal:** Pursuant to the Court's ruling at the December 9, 2013 hearing, Hearing Transcript at 36: 18-20, the following individuals are Class members and, by definition, not subject to removal prior to their receiving a bond hearing pursuant to this Court's prior orders: individuals who have received a final removal order from the Board of Immigration Appeals, have not yet filed a petition for review of that order or waived their right to file such a petition, and whose time to file a petition for review has not yet expired.  Accordingly, Respondents shall provide these Class members with bond hearings consistent with the terms of the August 6, 2013 Order.]

**[Respondents' Proposal**:  Respondents shall provide a *Rodriguez* hearing to any alien in ICE custody who reaches 180 days of detention and whose *Rodriguez* hearing is scheduled to occur during the period after the Board of Immigration Appeals dismisses the alien's appeal, but before the 30 day time period for an alien to file a petition for review and seek a stay of removal from a court of appeals has elapsed.  Respondents' agreement to provide *Rodriguez* hearings does not impede ICE's ability to remove such aliens during that 30 day time period absent a court ordered stay of removal.**]**

6.    <u>Identification of Detainees Not Provided with *Rodriguez* Hearings</u>: In response to Petitioners' request for a declaration from Respondents identifying all individuals or categories of individuals to whom Respondents have not provided *Rodriguez* bond hearings, Respondents provided a letter on or about December 4, 2013 identifying categories of individuals to whom Respondents have not provided

1  *Rodriguez* bond hearings.  Petitioners shall identify to Respondents any perceived

2  deficiencies in Respondents' December 4, 2013 letter by January 10, 2013, and

3  Respondents shall revise the letter as necessary to comply with the Court's

4  Notification provision under its August 6, 2013 Order by January 17, 2014.

5  Respondents shall submit the finalized letter along with the January 31, 2014 status

6  report.

       7.    <u>Time for Scheduling Hearings</u>:

8        The Court's prior order regarding the timing of bond hearings occurring

9  pursuant to the Permanent Injunction is modified as follows: All *Rodriguez* hearings

10  required by this Court's permanent injunction shall be held on or before an alien's

11  195th day of detention.  Any notice of hearing required by this Court's permanent

12  injunction shall be served on the alien's representative, the alien, and class counsel

13  between the 150th and 180th day of detention.

14  Entered:  December __, 2013      _____

                                        TERRY J. HATTER, JR.

                                        United States District Judge

LA1 2918987v.1