STUART F. DELERY
Assistant Attorney General
Civil Division
COLIN KISOR
Deputy Director, Office of Immigration Litigation
District Court Section
THEODORE W. ATKINSON
United States Department of Justice
Office of Immigration Litigation
    P.O. Box 868, Ben Franklin Station
    Washington, DC 20044
    Phone: (202) 532-4135
    theodore.atkinson@usdoj.gov
SARAH S. WILSON
Trial Attorney

Attorneys for Respondents

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*, <br><br> Petitioners, <br><br> vs. <br><br> TIMOTHY S. ROBBINS, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director, et al.*, <br><br> Respondents. | Case No. CV 07-3239-TJH (RNBx) <br><br> **RESPONDENTS' SUPPLEMENTAL STATUS REPORT ON IMPLEMENTATION OF THE AUGUST 6, 2013 FINAL ORDER AND PERMANENT INJUNCTION** <br><br> Hon. Terry J. Hatter, Jr. |

Respondents submit the following supplemental status report on the implementation of this Court's August 6, 2013 Order, Judgment and Permanent Injunction (the "Order"). This supplemental status report addresses (1) successful efforts by the parties to negotiate a revised notice for use in connection with the scheduling of *Rodriguez* hearings, and (2) to apprise the Court of an issue raised by Petitioners of a number of notices not sent to class counsel during the preliminary injunction period and under the permanent injunction, and of steps taken by Respondents to address the issue and to ensure that hearing notices continue to be sent to class counsel.

### Agreement Regarding Revised Notice of Hearing

On December 9, 2013, this Court heard argument on Petitioners' motion for compliance. As part of their motion, Petitioners argued that the notice sent to aliens who were scheduled for a *Rodriguez* hearing was insufficient to comply with the Order. Petitioners argued at the hearing that the notice failed to contain information which Petitioners contended was required by the Order, including information concerning the Government's burden of proof, the right of an alien to present evidence at the hearing, and the factors the immigration judge must consider in awarding bond. Respondents argued that the Order required Respondents to notify aliens of the date and location of the hearing, which Petitioners conceded the notice provided.

Without ruling on the issue, this Court encouraged the parties to attempt negotiation of a revised notice. The parties submitted a proposed order the Court later entered setting forth a schedule for negotiations.

The parties have since reached an agreement on language of a revised notice. Respondents will submit by April 4 a proposed order to Petitioners for review and approval concerning the use of the notice. Once the parties agree on the proposed order, the parties will jointly submit the order to the Court for entry.

### Issue Regarding Missing Notices to Class Counsel

On February 19, 2014, Petitioners notified counsel for Respondents by e-mail that they had discovered that they had not received copies of notices sent to aliens or their immigration proceeding representatives. Specifically, class counsel wrote that they had discovered "more than 690 instances when [they] did not receive a notice." Attached to the e-mail were two spreadsheets purporting to identify the instances when a hearing was reported by Respondents, but for which a notice was not received by class counsel. One spreadsheet covered the hearings held under the preliminary injunction, and the second spreadsheet covered the hearings held under the permanent injunction.

As a result of the e-mail, Respondents investigated Petitioners' concern, and

reported the results of that investigation to counsel for Petitioners. The parties also discussed the issues by telephone in a "meet and confer" call in advance of a potential motion by Petitioners.

Respondents' findings are as follows:

(1) <u>Duplicate Entries</u> – Petitioners reported "more than 690" instances in which they did not receive a copy of a notice sent to an alien or an alien's representative. However, in comparing the spreadsheets Petitioners sent purporting to show each instance of a hearing reported where no notice copy was received, there were a number of duplicate entries. After eliminating duplicate entries on Petitioners' spreadsheets, the number of non-duplicate instances is 530.

(2) <u>Preliminary Injunction Notices</u> – Of the 530 instances reported by Petitioners, the Executive Office for Immigration Review ("EOIR") has determined that approximately 330 hearings were held under the preliminary injunction, and approximately 200 were held under the permanent injunction. "Approximately" is used here because some hearings were scheduled under the preliminary injunction, but may have occurred after the permanent injunction was entered.

With respect to the approximately 320 instances in which class counsel asserts they did not receive a copy of the notice sent to aliens, there are several explanations why that may be the case.

- First, the preliminary injunction did not require Respondents to send a copy of the bond hearing notice to class counsel. Although neither party can recall the specific date on which they agreed, the parties agreed in October or November 2012 that Respondents would scan and send copies of notices to class counsel for Petitioners so that Petitioners could attend hearings for monitoring purposes. Shortly after the Court entered the preliminary injunction on September 12, 2012, but before Respondents voluntarily agreed to provide copies of notices, the immigration courts in this district began scheduling bond hearings and sending notices to detainees. Accordingly, for an indeterminate number of

3

hearings, no copies of notices were sent to class counsel because there was no order to do so, and Respondents had not yet offered or agreed to do so.

- Second, an indeterminate number of the bond hearings under the preliminary injunction were held after Respondents agreed to provide notice, but before immigration court personnel received instructions or training on scanning and e-mailing notices to counsel for Respondents.

- Third, some hearings were held without any notice. Specifically, no notice was sent to an alien in those cases in which the alien requested a bond hearing in person during a master calendar hearing, or an immigration judge recognized the alien was entitled to a bond hearing under the preliminary injunction, and the hearing was held then and there with the consent of the alien and DHS counsel present in the courtroom. Petitioners have stated their agreement with Respondents that no written notice is required in those general circumstances.

- Fourth, during at least some portion of the preliminary injunction period, no notice copies were sent to class counsel if the alien filed a written request for a *Rodriguez* hearing. For at least some period, copies of notices were scanned and sent to counsel for Respondents only when the hearing was automatically scheduled under the preliminary injunction. Thus, for an indeterminate number of hearings affirmatively requested by the alien, no notice copy was sent. Respondents note that this is not the practice under the permanent injunction. If an alien requests a hearing, copies of notices issued are sent to class counsel.

(3)     <u>Permanent Injunction Notices</u> –Approximately 200 bond hearings were held under the permanent injunction for which Petitioners claim to have received no notice copy.

Respondents note that a number of copies were not sent due to the inherent ramping-up time between when the Order issued and when the formalized process for providing copies of the notice to class counsel could be put into place. Unlike the preliminary injunction, the permanent injunction required Respondents to provide

4

copies of notices to class counsel for hearings scheduled under the Order's 30-day window.  It took several weeks after the Order was entered for the Order to be disseminated to the immigration court through agency counsel, for the parties to decide whether to seek a stay of the order, for the immigration court to establish a system for providing copies of notice to counsel (a process that was court-ordered and more formalized than under our preliminary injunction agreement), and for the immigration court staff to implement the system and train legal assistants on the process for generating and mailing notices.  This ramping-up period was complicated by the government shutdown, which lasted from October 1, 2013 to October 16, 2013 – during which period neither EOIR staff in the General Counsel's Office nor OIL attorneys were permitted to work on any matters, including  forwarding notices.  During the ramping-up period, approximately 166 of the post-permanent injunction hearings of the 200 Petitioners identified were scheduled or held.[1]

As of October 23, 2013, a system in which notices were mailed by the immigration courts in this district directly to class counsel was fully implemented.  The remaining 34 instances reported by Petitioners occurred after this date.  That number is significantly lower than the instances in the preceding period, indicating that the system adopted by the immigration court for mailing notice copies directly to class counsel is working.  With respect to those 34 cases, Respondents have discovered the following:

- 12 were attorney requests for hearings for which no copies were generated (that practice has since changed, and a copy of a written notice is sent if an alien makes a motion for a *Rodriguez* hearing before one can be automatically scheduled).
- 10 were held after oral requests for a hearing made by aliens in immigration

---

[1] As noted above, for an indeterminate number of such hearings, those hearings were scheduled during the preliminary injunction period, when notice copies were not required to be sent.

5

court, and with the consent of DHS. Petitioners have agreed with Respondents that in those cases no notice is required.

- 4 were data entry errors, meaning they were non-existent A numbers or A numbers of aliens who had a bond hearing, but not a *Rodriguez* bond hearing.
- 1 case was actually under the preliminary injunction and held in 2012. Respondents erroneously identified the hearing as occurring in 2013 after the permanent injunction.
- 4 were "no action" cases, meaning that the aliens were removed or granted relief, and no notice of a hearing was mailed because no hearing was held.
- The remaining cases were cases in which the immigration court actually mailed the notices to class counsel, and Petitioners were mistaken in reporting those as instances in which they did not receive notice.

\* \* \*

Respondents understand and are committed to meeting their obligations under the Order. Accordingly, after Petitioners raised their concerns, Assistant Chief Immigration Judge Thomas Y.K. Fong sent out a directive to immigration court staff, reiterating to supervisors the need to train and supervise staff to send copies of notices to class in each case in which a *Rodriguez* hearing is scheduled. Staff temporarily detailed to the immigration court will be trained, as well. Moreover, Supervisory Legal Assistants will maintain a hard copy of each notice sent on a going forward basis, and agency counsel and staff will check notice copies against hearing reports to verify that notice copies are sent in each reported case.

Respondents' next quarterly status report is due April 28, 2014. Respondents will apprise the Court regarding any additional developments on this issue at that time.

Date: April 4, 2014

STUART F. DELERY
Assistant Attorney General
Civil Division
COLIN KISOR
Deputy Director, Office of Immigration Litigation
District Court Section
*/s/ Theodore W. Atkinson*
THEODORE W. ATKINSON
United States Department of Justice
Office of Immigration Litigation,
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4135
theodore.atkinson@usdoj.gov
SARAH S. WILSON
Trial Attorney

Attorneys for Respondents

# CERTIFICATE OF SERVICE

I certify that on April 4, 2014, I served a copy of the foregoing through the Court's CM/ECF system on the following counsel of record:

Ahilan T. Arulanantham
ACLU Foundation of Southern California
1616 Beverly Boulevard
Los Angeles, CA 90026
213-977-5211
Fax: 213-977-5297
Email: aarulanantham@aclu-sc.org

Jayashri Srikantiah
Stanford Law School
Immigrants' Rights Clinic,
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
650-724-2442
Fax: 650-723-4426
Email: jsrikantiah@law.stanford.edu

Sean Commons
Sidley Austin
555 West Fifth Street Suite 4000
Los Angeles, CA 90013-1010
213-816-6000
Fax: 213-896-6600
Email: scommons@sidley.com

Judy Rabinovitz
ACLU Immigrants' Rights Project
125 Broad Street 18th Floor
New York, NY 10004
212-549-2618
Fax: 212-549-2654
Email: jrabinovitz@aclu.org

Cody Jacobs
Sidley Austin LLP
555 West Fifth Street Suite 4000
Los Angeles, CA 90013-1010
213-896-6000
Fax: 213-896-6600
Email: cjacobs@sidley.com

*/s/  Theodore W. Atkinson*
Theodore W. Atkinson
United States Department of Justice