1  AHILAN T. ARULANANTHAM (SBN 237841)
   aarulanantham@aclu-sc.org
2  MICHAEL KAUFMAN (SBN 254575)
   mkaufman@aclu-sc.org
3  ACLU FOUNDATION OF SOUTHERN CALIFORNIA
   1313 West 8th Street
4  Los Angeles, CA  90017
   Telephone: (213) 977-5211
5  Facsimile: (213) 977-5297

6  *Attorneys for Petitioners*
   (Additional Counsel listed on following page)

7

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10 ALEJANDRO RODRIGUEZ,                    ) Case No. CV-07-3239-TJH (RNBx)
   ABDIRIZAK ADEN FARAH,                   )
11 YUSSUF ABDIKADIR, ABEL PEREZ            ) **RESPONSE TO RESPONDENTS'**
   RUELAS, JOSE FARIAS CORNEJO,            ) **SUPPLEMENTAL STATUS**
12 ANGEL ARMANDO AYALA, for                ) **REPORT**
   themselves and on behalf of a class of  )
13 similarly-situated individuals,         ) Honorable Terry J. Hatter, Jr.
                                           )
14              Petitioners,               )
                                           )
15              v.                         )
                                           )
16 ERIC HOLDER, United States Attorney     )
   General; JANET NAPOLITANO,              )
17 Secretary, Homeland Security;           )
   THOMAS G. SNOW, Acting Director,        )
18 Executive Office for Immigration        )
   Review; TIMOTHY ROBBINS, Field         )
19 Office Director, Los Angeles District   )
   Immigration and Customs Enforcement;    )
20 WESLEY LEE, Officer-in-Charge, Mira     )
   Loma Detention Center; et al.;          )
21 RODNEY PENNER, Captain, Mira            )
   Loma Detention Center; SANDRA           )
22 HUTCHENS, Sheriff of Orange County;     )
   OFFICER NGUYEN, Officer-in-             )
23 Charge, Theo Lacy Facility; CAPTAIN     )
   DAVIS NIGHSWONGER, Commander,           )
24 Theo Lacy Facility; CAPTAIN MIKE        )
   KREUGER, Operations Manager, James      )
25 A. Musick Facility; ARTHUR              )
   EDWARDS, Officer-in-Charge, Santa       )
26 Ana City Jail; RUSSELL DAVIS, Jail      )
   Administrator, Santa Ana City Jail,     )
27                                         )
                Respondents.               )
28

JUDY RABINOVITZ
jrabinovitz@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY  10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone:  (415) 343-0779
Facsimile:  (415) 395-0950

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.stanford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA  94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA  90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Petitioners*

Petitioners submit this Response to advise the Court of certain critical omissions contained in Respondents' April 4, 2014 Supplemental Status Report ("Supplemental Report").  *See* Dkt. 412.  In the Supplemental Report, Respondents acknowledge that they failed to provide 530 of the 1576 total bond hearing notices they were obligated to produce during the relevant period—or roughly 34% of the total.  *Id.* at 3-6.  However, Respondents failed to notify the Court of a separate set of violations of the Court's orders of which they are aware, and that these discoveries directly contradict Respondents' oral and written representations to the Court in opposing Petitioners' Motion for Compliance ("Compliance Motion").  *See* Dkt. 357.  Respondents' failures to comply with the reporting requirements of this Court's injunction provide further support for the Court to grant the relief that Petitioners seek in the pending Compliance Motion.  *See* Dkt. 404 (proposed order).

## I.    Respondents' Supplemental Report Fails to Present the Full Scope of Their Compliance Violations.

Since the December 9, 2013 hearing on Petitioners' Compliance Motion, Petitioners have brought to Respondents' attention not only the several hundred missing notices described in Respondents' Supplemental Report, but also missing *database information* for approximately one hundred class members that, inexplicably, Respondents have failed to produce.  The Court's summary judgment order requires Respondents to produce *both* the notices *and* the database information to class counsel, and Respondents' failure to do so constitutes  *two* separate violations of the permanent injunction.[1]  Despite their knowledge of both sets of violations for

---

[1] The permanent injunction requires Respondents to, *inter alia*, (1) "ensure receipt of [every bond hearing] notice by . . . class counsel"; and (2) produce, every 90 days, a status report that includes certain critical monitoring information ("database information") — e.g., date of hearing, bond amount set, and name of Immigration Judge — of every bond hearing conducted for a class member.  *See* Dkt. 353 at 5.  *See also* Dkt. 412 at 4-5 (acknowledging "the permanent injunction required Respondents to provide copies of notices to class counsel for hearings scheduled the" permanent injunction).  Moreover, as Respondents acknowledge in the Supplemental Report, their obligation to provide bond hearing notices predates the permanent injunction, because Respondents agreed to provide that information to Petitioners at least as far back as early November 2012.  *See* Kaufman Decl. at ¶ 2.

1

nearly two months, Respondents' Supplemental Report omits entirely their non-compliance with the database reporting requirements.

In early February 2014, class counsel discovered that Respondents had failed to produce hundreds of bond hearing notices, and database information for at least 66 class members. *See* Declaration of Michael Kaufman of April 9, 2014 (hereafter "Kaufman Decl.") at ¶ 4, filed concurrently herewith. On February 19, 2014, class counsel contacted Respondents regarding these issues and, to facilitate Respondents' investigation into these compliance failures, provided a list of class members specific to each issue. *Id.* at ¶ 5. During a March 5, 2014 meet and confer, the parties discussed the missing bond hearing notices and the missing database information. *Id.* at ¶¶ 8-11.

During that meet and confer, counsel for Respondents acknowledged that Respondents had "problems" providing the bond hearing notices required by the Court's order and the parties' agreement, but claimed that they had instituted new, better procedures to comply with their obligation to provide notices to class counsel in late October 2013—nearly three months *after* the Court issued the permanent injunction, and nearly a year after Respondents agreed to provide these notices to Petitioners. *Id.* at ¶ 10.

Regarding the missing database information, Respondents promised to review each case and provide an explanation for the missing data on a rolling basis or, at the latest, in their next status report. *Id.* at ¶ 11. Petitioners have since notified Respondents that, based on a more detailed analysis, it appears Respondents have failed to provide database information for approximately 101 class members, or roughly 6% of the approximately 1,677 class members for the relevant time period. *Id.* at ¶ 6. To date, Respondents have provided no explanation regarding the missing database information.

Thus, Petitioners now clarify for the Court that Respondents have been on notice of *both* their failure to provide hundreds of bond hearing notices *and* their

2

failure to provide database information in violation of the Court's order.   Moreover,
Petitioners have little confidence that Respondents have cured these violations.  With
respect to the notice violations, while the Supplemental Report claims that class
counsel did not receive notice in 34 cases arising after the date that Respondents' new
notice procedures were implemented, Petitioners have in fact documented double that
number—approximately 70 cases in which class counsel did not receive a bond
hearing notice for a hearing scheduled from October 23, 2013 to January 10, 2014.
*Id.* at ¶ 15.  Given this discrepancy, Petitioners are far from assured that the new
procedures will ensure Defendants' compliance.  With respect to the database
information, Respondents have yet to explain their failure to provide the missing
information, as required by this Court's injunction.  Therefore, Petitioners have no
reason to believe that Respondents will cure that violation.

## II.    Respondents Have Failed to Correct Inaccurate Representations Made to the Court.

Respondents' Supplemental Report also entirely fails to mention the
relationship between the newly-discovered violations of this Court's order and prior
representations Respondents' counsel made to the Court in opposition to the
Compliance Motion.  The non-compliance described above undermines a *central
argument* that Respondents advanced in an effort to defeat or limit the relief granted
in connection with the Compliance Motion.

Both in their briefing and at the December 9, 2013 hearing, Respondents
repeatedly represented to this Court that they have been producing bond hearing
notices and database information for *all* class members.  Respondents repeatedly
relied on that (alleged) fact in support of their claim that Petitioners could monitor
compliance without the need for further information such as audio tape recordings
and court files:

- Respondents' opposition brief represented that "Respondents provide
  class counsel with notice of all bond hearings scheduled as a result of the

permanent injunction at least one week in advance of the hearing." Dkt. 378 at 15.

- Their opposition also represented that each status report would include "information about bond hearings conducted or scheduled under both the preliminary and permanent injunctions dating back to before November 2012." *Id*. at 16.

- At the hearing, Respondents told this Court that Petitioners "know when [the bond hearings] are and they know where they are going to be held" because Respondents purportedly were providing bond hearing notices in advance of hearings. Kaufman Decl., Ex. E.

However, as the revelations described above show, each of these representations was inaccurate.

Respondents' reliance on the inaccurate representations above surely gave rise to an obligation to notify the Court of these inaccuracies, but the Supplemental Report makes no attempt to place these compliance issues in context or to acknowledge and correct the relevant inaccuracies. Instead, the Supplemental Report depicts the notice issue as an isolated compliance problem, and makes no mention of the relationship between these failures and Respondents' earlier representations to the Court. *See* Dkt. 412 at 3-6.

### III. Respondents' Substantial Non-Compliance with the Injunction's Reporting Obligations Justify Granting Petitioners' Pending Compliance Motion.

The newly-discovered evidence described here, which establishes Respondents' substantial failure to comply with the reporting obligations that this Court imposed on Respondents, strongly supports granting Petitioners' pending Compliance Motion.

After Petitioners advised Respondents of the notice and database reporting violations, Respondents initially refused to notify the Court about their non-compliance. *See* Kaufman Decl. at ¶ 10. During a March 5, 2014 meet and confer,

Respondents took the position that their new notice procedures would likely cure their non-compliance, and that they had no obligation to notify the Court of the hundreds of violations that had occurred to date.  Respondents subsequently changed course and filed their Supplemental Report, but only after Petitioners advised Respondents by email that they would notify the Court of the violations.  *Id*. at ¶ 14.

While Petitioners appreciate that Respondents have taken responsibility for at least part of their non-compliance, these events unfortunately echo prior compliance problems.  On at least five different occasions, Respondents have only acknowledged compliance issues after Petitioners uncovered the violations, notified Respondents, and either threatened to or filed motions with the Court. [2]  In light of Respondents' history of non-compliance, the Court ordered Respondents to produce the notices and database information to class counsel, so that class counsel could protect against future violations.

Respondents' violations of the very safeguards that were implemented to monitor compliance confirm the fears that motivated Petitioners to request additional disclosures to more effectively and efficiently monitor Respondents through their Compliance Motion.  If Respondents cannot comply with their reporting obligations under the permanent injunction, why should Petitioners be required to accept Respondents' assurances that they have scrupulously complied with the substantive requirements of this Court's orders?  Petitioners could not responsibly accept such a

---

[2] *See* Dkt. 336 (Petitioners' motion seeking order prohibiting Respondents from unilaterally excluding three groups of class members from class); Dkt. 353 (order granting motion and admonishing Respondents that there "are no exceptions, express or implied, to the class membership definition" and ordering Respondents to notify Petitioners of any additional exclusions); Dkt. 367 (Petitioners' motion to prevent Respondents from excluding fourth category of class members without required notice, and seeking compliance with Court order requiring improved notice for bond hearings); Dkt. 388 (Petitioners' notice advising Court that Respondents had violated permanent injunction by unilaterally implementing fifth exclusion without required notice); Dkt. 391 (Respondents' brief acknowledging violation of permanent injunction by excluding fifth group of class members); Dkt. 404 (parties' joint proposed order reflecting Court's rulings at December 9, 2013 hearing that Respondents had violated permanent injunction by (1) excluding fourth and fifth categories of class members, and (2) failing to issue improved notice for bond hearings).

1   representation, not only because Respondents' representations concerning their

2   compliance with the reporting obligations have been proven false, but also because

3   Petitioners had already, before this latest discovery, uncovered numerous instances in

4   which Respondents wrongfully denied bond hearings to class members by

5   unilaterally excluding them from the class.

6                                   *      *      *

7           Respondents' unfortunate history of non-compliance to date warrants granting

8   class counsel access to information that will allow Petitioners to determine whether

9   Respondents have been complying with the substantive provisions of this Court's

10  orders.  In light of Respondents' latest instances of non-compliance, this Court would

11  be warranted in ordering the full relief that Petitioners initially sought in their

12  Compliance Motion.  *See* Dkt. 367.  At a minimum, the Court should grant the more

13  limited relief that Petitioners seek in the pending proposed order—a sufficiently large

14  sampling of audio files and court files that will enable adequate monitoring.[3]  *See*

15  Dkt. 404.

16                                      Respectfully submitted,

17                                      ACLU OF SOUTHERN CALIFORNIA

18

19  Dated:  April 9, 2014              _s/ Michael Kaufman____

20                                      MICHAEL KAUFMAN
                                        Counsel for Petitioners
21

22

23  _____

24  [3] Petitioners had initially sought the production of the audio recordings, database
    information, and access to court files for all class members.  *See* Dkt. 367.  At the
25  hearing on the Compliance Motion, this Court granted Petitioners' request, but limited
    the production of audio recordings and court files to a sampling of the class, and
26  instructed the parties to meet and confer on an appropriate sample.  After the parties
    were unable to reach agreement, they submitted a joint proposed order with their
27  competing proposals for an appropriate sample.  *See* Dkt. 404.  The Court has not
    ruled on that order.  Petitioners still request that the Court order Respondents to
28  produce database information for all class members, and audio recordings and access
    to court files for 20% of class members.  *Id.*

                                        6