AHILAN T. ARULANANTHAM (SBN 237841)
aarulanantham@aclu-sc.org
MICHAEL KAUFMAN (SBN 254575)
mkaufman@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5211
Facsimile: (213) 977-5297

*Attorneys for Petitioners*
(Additional Counsel listed on following page)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, for themselves and on behalf of a class of similarly-situated individuals,<br><br>    Petitioners,<br><br>v.<br><br>ERIC HOLDER, United States Attorney General; JANET NAPOLITANO, Secretary, Homeland Security; THOMAS G. SNOW, Acting Director, Executive Office for Immigration Review; TIMOTHY ROBBINS, Field Office Director, Los Angeles District Immigration and Customs Enforcement; WESLEY LEE, Officer-in-Charge, Mira Loma Detention Center; et al.; RODNEY PENNER, Captain, Mira Loma Detention Center; SANDRA HUTCHENS, Sheriff of Orange County; OFFICER NGUYEN, Officer-in-Charge, Theo Lacy Facility; CAPTAIN DAVIS NIGHSWONGER, Commander, Theo Lacy Facility; CAPTAIN MIKE KREUGER, Operations Manager, James A. Musick Facility; ARTHUR EDWARDS, Officer-in-Charge, Santa Ana City Jail; RUSSELL DAVIS, Jail Administrator, Santa Ana City Jail,<br><br>    Respondents. | Case No. CV-07-3239-TJH (RNBx)<br><br>**DECLARATION OF MICHAEL KAUFMAN OF APRIL 9, 2014 IN SUPPORT OF PETITIONERS' RESPONSE TO RESPONDENTS' SUPPLEMENTAL STATUS REPORT**<br><br>Honorable Terry J. Hatter |

1  JUDY RABINOVITZ
   JRabinovitz@aclu.org
2  AMERICAN CIVIL LIBERTIES FOUNDATION
   IMMIGRANTS' RIGHTS PROJECT
3  125 Broad Street, 18th Floor
   New York, NY  10004
4  Telephone: (212) 549-2618
   Facsimile: (212) 549-2654
5
   MICHAEL TAN (SBN 284869)
6  mtan@aclu.org
   AMERICAN CIVIL LIBERTIES FOUNDATION
7  IMMIGRANTS' RIGHTS PROJECT
   39 Drumm Street
8  San Francisco, CA 94111
   Telephone:  (415) 343-0779
9  Facsimile:  (415) 395-0950

10 JAYASHRI SRIKANTIAH (SBN 189566)
   jsrikantiah@law.stanford.edu
11 STANFORD LAW SCHOOL
   IMMIGRANTS' RIGHTS CLINIC
12 Crown Quadrangle
   559 Nathan Abbott Way
13 Stanford, CA  94305-8610
   Telephone: (650) 724-2442
14 Facsimile: (650) 723-4426

15 SEAN COMMONS (SBN 217603)
   scommons@sidley.com
16 SIDLEY AUSTIN LLP
   555 West Fifth Street, Suite 4000
17 Los Angeles, CA  90013-1010
   Telephone: (213) 896-6000
18 Facsimile: (213) 896-6600

19 *Attorneys for Petitioners*

20

21

22

23

24

25

26

27

28

# DECLARATION OF MICHAEL KAUFMAN OF APRIL 9, 2014

I, Michael Kaufman, hereby declare:

1. I am a staff attorney at the American Civil Liberties Union of Southern California and counsel of record for Petitioners in the above-entitled certified class action ("Rodriguez"). I make this declaration in support of Petitioners' concurrently filed Response to Respondents' Supplemental Status Report based on my own personal knowledge and if called to testify I could and would do so competently as follows:

**Petitioners Discover Additional Substantial Non-Compliance by Respondents**

2. In approximately late October or early November, 2012, the parties reached an agreement under which Respondents agreed to produce bond hearing notices for every hearing conducted pursuant to the preliminary injunction. Subsequently, when the Court granted in part Petitioners' motion for summary judgment, the Court's order required that Respondents produce copies of bond hearing notices to Petitioners for every hearing under the permanent injunction. *See* Dkt. 353. Between the parties' agreement and the Court's order, Respondents were required to produce bond hearing notices for virtually every hearing conducted pursuant to the preliminary and permanent injunction. *See infra* ¶ 12. Respondents have repeatedly represented that they have complied with these requirements. *See* Dkt. 378 at 15-16; Ex. E.

3. In approximately early February, 2014, I learned that there were discrepancies between the class members listed in the government spreadsheets accompanying their status reports, and the class members for whom we had received bond hearing notices. Following conversations with co-counsel and staff, I worked with members of the *Rodriguez* litigation team to compile a comprehensive list of: (1) every class member listed in the government's spreadsheet for whom we did not receive a bond hearing notice; and (2) every class member for whom we received a

1

bond hearing notice, but whose information did not appear in the government's spreadsheets. To conduct this analysis, we relied on a spreadsheet maintained by class counsel that catalogs every bond hearing notice produced by Respondents under the preliminary and permanent injunctions.

4.     The analysis, conducted under my direction and supervision, revealed that there were: (1) 690 class members listed in Respondents' first and second status reports for whom we did not receive a bond hearing notice; and (2) 66 class members for whom we had received a notice for a bond hearing conducted under the preliminary injunction, but who did not appear in Respondents' status reports. Due to resource constraints at that time, we were unable to determine how many class members for whom we had received a notice for a bond hearing conducted exclusively under the permanent injunction did not appear in Respondents' status reports. Subsequently, however, we determined that there have been a total of 101 class members for whom we had received a notice for a bond hearing conducted under the preliminary and permanent injunctions, but who did not appear in Respondents' status reports.

**Petitioners Advise Respondents of Non-Compliance, But Respondents Refuse to Notify the Court or Correct Their Mis-Representations**

5.     On February 19, 2014, I emailed counsel for Respondents, Theodore Atkinson and Sarah Wilson, to notify them that it appeared that Respondents were not in compliance with the permanent injunction in two respects. First, Respondents had not provided bond hearings notices for hundreds of class members, in violation of the permanent injunction and contrary to Respondents' representations to the Court. I attached a spreadsheet that contained a list of 690 class members who were listed in the government's status reports but for whom class counsel had not received bond hearing notices. Second, Respondents had not provided database information for numerous class members, in violation of the permanent injunction. I attached a spreadsheet that contained a list of 66 class members for whom we had received a

bond hearing notice during the preliminary injunction, but for whom the government did not provide database information in their status reports. I informed counsel for Respondents that Petitioners were still in the process of comparing bond hearing notices, provided under the permanent injunction, to determine whether the discrepancies were continuing. Attached hereto as Exhibit A is a true and correct copy of the February 19, 2014 email.

6. On February 24, 2014, I sent an email to Mr. Atkinson and Ms. Wilson notifying them that I had not received a response to my February 19 email, and requesting a conference call to discuss the compliance issues. In an email response sent the same day, Ms. Wilson requested that the parties "defer talking about the compliance issues" until early next week to "give us time to work through things with clients." On February 28, 2014, Mr. Atkinson sent me an email in which he requested that the parties meet and confer on Respondents' request for an extension for their opening Ninth Circuit brief, and suggested that we set a time for "the meet and confer you requested." In an email sent that day, I responded and suggested that the parties meet and confer on both sets of issues on March 3, 2014. Attached hereto as Exhibit B is a true and correct copy of the February 24 and 28, 2014 email correspondence.

7. On March 3, 2014, I met and conferred by phone with Mr. Atkinson on several issues. During the call, Mr. Atkinson informed me that he had been unable to conduct several meetings with officials about the compliance issues due to the weather-related government shutdown in Washington, D.C., and requested that we schedule a call on March 5, 2014 to discuss those issues.

8. On March 5, 2014, I met and conferred with Mr. Atkinson and Ms. Wilson regarding the compliance issues. Mr. Atkinson and Ms. Wilson were joined by Dan Cicchini from the Office of the General Counsel for the Executive Office for Immigration Review, which is the agency that includes the immigration courts. During the call, Mr. Atkinson acknowledged that Respondents had failed to send

3

bond hearing notices for hundreds of class members, but stated that the vast majority of these bond hearings were conducted under the preliminary injunction or in the period directly after the permanent injunction issued. Mr. Atkinson stated that Los Angeles Chief Immigration Judge Fong had set up "new machinery" for the production of bond hearings that was not implemented until approximately mid-October 2013. Mr. Atkinson represented that this new system should ensure that all notices are sent to Petitioners as required by the permanent injunction.

9. Mr. Atkinson then provided a breakdown of the 690 individuals identified by Petitioners. According to Mr. Atkinson, Respondents had determined that: there are 522 unique A numbers for those individuals; of those, 320 individuals had hearings conducted under the preliminary injunction, and 166 were conducted from August 6, 2013 to mid-October 2013; of the remaining 36 individuals, Mr. Atkinson identified several different explanations that Respondents believed justified the lack of notice provided to Petitioners (including that some of the bond hearings were conducted as a result of an oral request made in court, and that Respondents had records indicating that they had in fact sent bond hearing notices to Petitioners for approximately 7-8 hearings). Mr. Atkinson also observed – as I had in my February 19, 2014 email – that Respondents had agreed to produce bond hearing notices to Petitioners after the Court's order granting the preliminary injunction, and that therefore some of the hearings for which Petitioners did not receive a notice may have occurred in the time period before the agreement was in place. Mr. Atkinson said that he could not determine when Respondents first agreed to produce the notices, and requested that I provide any documentation of when the agreement was reached.

10. Mr. Atkinson further stated that Respondents believe that their next status report due in late April will confirm that Respondents have adopted better notice practices, and he requested that Petitioners not bring this issue to the Court's attention until, at the earliest, after the April status report is filed. I informed Mr.

Atkinson that Petitioners would review Respondents' explanations but that, even if Respondents had recently adopted better notice practices that comply with the permanent injunction, Respondents had repeatedly misrepresented to the Court that they had provided notices of all bond hearings to class counsel, and had argued that such production obviated the need for the monitoring measures that Petitioners are still seeking in their pending motion for compliance.  Mr. Atkinson acknowledged that Respondents had "problems" previously and had misrepresented the sufficiency of their notice practices under the preliminary injunction, but argued that there was a difference between doing something "voluntarily," and doing it under court order.

11. With respect to the 66 class members for whom Respondents had failed to provide database information, Mr. Atkinson stated that Respondents were still reviewing the issue.  Mr. Atkinson stated that they will review each case and provide an explanation for the missing information on a rolling basis or, at the latest, in their next status report.  Mr. Atkinson requested that Petitioners provide a list of any missing data for class members who had hearings conducted under the permanent injunction.  I stated that Petitioners are working on compiling such a list, but may not be able to do so immediately due to staffing issues.

12. On March 11, 2013, Mr. Atkinson sent me an email in which he purported to memorialize the parties' March 5 meet and confer.  On March 13, 2014, I responded and stated that, while I was traveling and had limited access to email, I was compelled to respond to certain statements and positions in Mr. Atkinson's email.  First, I provided evidence that Respondents had agreed to produce notices to class counsel in approximately late October or early November 2012, and had produced the first set of hearing notices on November 6, 2012.  While I could not determine the exact date that Respondents began conducting bond hearings under the preliminary injunction, Mr. Atkinson represented to the Ninth Circuit (during oral argument in Respondents' appeal of this Court's preliminary injunction ruling) that the hearings began in mid-November.  Accordingly, very few, if any, of the missing

1 notices could be explained by the fact that the hearings occurred prior to the parties'
2 agreement.

3     13.     Second, I disagreed with Mr. Atkinson's characterization to the extent
4 that he suggested that Respondents' investigation of the missing database information
5 was dependent on Petitioners providing more information, given that Respondents
6 had access to the same information as Petitioners, and had repeatedly professed that
7 they were doing everything in their power to ensure their compliance with the
8 Court's orders.

9     14.     Third, I expressed concern that Respondents continued to take the
10 position that their violations and mis-representations should not be brought to the
11 Court's attention, and notified Respondents that Petitioners intended to advise the
12 Court of these developments in the near future. Attached hereto as Exhibit C is a true
13 and correct copy of the March 11 and March 13, 2014 correspondence.

14     15.     On April 4, 2014, I sent an email to Mr. Atkinson and Ms. Wilson in
15 which I notified Respondents that Petitioners had determined that Respondents had
16 failed to produce database information for 101 class members under the preliminary
17 and permanent injunction, and provided a list of A numbers for the 101 class
18 members. I also notified Respondents that Petitioners had documented that
19 Petitioners had failed to provide notices for 69 bond hearings conducted after October
20 23, 2013, the date on which Respondents had purportedly implemented a new notice
21 system. I included a list of the 69 class members for whom we did not receive notice
22 of their bond hearing. Attached hereto as Exhibit D is a true and correct copy of my
23 April 4, 2014 correspondence.

1  16. Attached hereto as Exhibit E are true and correct copies of excerpts of
2  the transcript of the December 9, 2013 hearing on Petitioners' Motion for
3  Compliance.
4  I declare under penalty of perjury of the laws of the State of California and the
5  United States that the foregoing is true and correct to the best of my knowledge and
6  belief. Executed this 9th day of April, 2014, in Los Angeles, California.

          s/ Michael Kaufman
          MICHAEL KAUFMAN