# EXHIBIT 2: Respondents' Reply in Support of Supplemental Status Report on Implementation of the August 6, 2013 Final Order and Permanent Injunction

STUART F. DELERY
Assistant Attorney General
Civil Division
COLIN KISOR
Deputy Director, Office of Immigration Litigation
District Court Section
SARAH S. WILSON
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
    P.O. Box 868, Ben Franklin Station
    Washington, DC 20044
    Phone: (202) 532-4700
    Sarah.S.Wilson@usdoj.gov
THEODORE ATKINSON
U.S. Department of Justice

Attorneys for Respondents

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*,<br><br>    Petitioners,<br><br>vs.<br><br>TIMOTHY S. ROBBINS, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director, et al.*,<br><br>    Respondents. | Case No. CV 07-3239-TJH (RNBx)<br><br>**RESPONDENTS' REPLY IN SUPPORT OF SUPPLEMENTAL STATUS REPORT ON IMPLEMENTATION OF THE AUGUST 6, 2013 FINAL ORDER AND PERMANENT INJUNCTION**<br><br>Hon. Terry J. Hatter, Jr. |

On April 4, 2014, Respondents submitted a supplemental status report on the implementation of this Court's August 6, 2013 Order and Permanent Injunction ("the Order") in part "to apprise the Court of an issue raised by Petitioners of a number of notices not sent to class counsel during the preliminary injunction period and under the permanent injunction, and of steps taken by Respondents to address the issue and to ensure that hearing notices continue to be sent to class counsel." *See* ECF No. 417. In the update, Respondents detailed the history of their process for identifying and mailing bond hearing notices to class counsel, provided a detailed breakdown of the notices that class counsel alleged to be "missing", and explained why a number of

those notices were not missing as alleged by Petitioners' counsel. Respondents also provided specific information on additional steps taken to ensure delivery of all notices to class counsel.

Then, inexplicably and without seeking leave to file an additional response from the Court, Petitioners filed a brief supplementing their Motion for Compliance (ECF No. 357) in which they (1) again request an amended permanent injunction order requiring additional and burdensome compliance measures, and (2) raise an unrelated claim of non-compliance. Petitioners are not entitled to an amended order. Respondents have been candid both with the Court and Petitioners' counsel about their compliance efforts and continue to work internally and cooperatively with Petitioners' counsel to improve their compliance procedures. As a result, Respondents are in full compliance with the Court's permanent injunction order.

Respondents' cooperative efforts are evidenced by the parties' resolution of a number of the issues raised in the compliance motion. In the last status report filed on January 28, 2014, Respondents provided Petitioners (and the Court) with all of the additional database information Petitioners requested in the compliance motion, including (1) whether a detainee was found eligible for a *Rodriguez* hearing; (2) the outcome of any appeal of a bond decision; (3) whether a class member bonded out from detention; (4) the date on which the bond was posted; (5) the date of the class member's release, and (6) contact information for the class member and/or his attorney (if Respondents possess it). *Compare* ECF No. 411(database fields) *with* ECF No. 367-1 at (Petitioners' requested database information). In addition, the parties have agreed on new language to be included in bond hearing notices issued pursuant to the Order. ECF No. 417 at 1. Respondents began using this language this week. *See* Exhibit A, Declaration of Thomas Fong ("Fong Decl."), at ¶ 8. Thus, the allegations contained in Petitioners' most recent filing, especially in light of the considerable progress made between the parties, fail to demonstrate entitlement to an amended permanent injunction order.

## I. Respondents Are in Compliance with the Order's Notice Requirements.

In the supplemental status report, Respondents notified the Court that, although Respondents were successful in immediately implementing the permanent injunction order by automatically scheduling bond hearings for class members and providing class members with advanced, written notice of the hearings, Respondents did not fully implement the current procedures for sending duplicates of the notices to class counsel until October 23, 2013. As explained in the report and the attached Declaration from Assistant Chief Immigration Judge Thomas Y.K. Fong, this oversight was due to severe staffing shortages in the Los Angeles Immigration Courts that resulted from the sequester budget and the lapse in federal funding from October 1 until October 16, 2014. Fong Decl. at ¶ 3. Once funding was restored, on October 23, 2013, the court staff was instructed on proper procedures for mailing copies of notices to class counsel. *Id*. When Petitioners alerted Respondents to missing notices, Respondents again reviewed their practices, implemented additional checks, and held another mandatory implementation training session for temporary and permanent court staff. *Id*. at ¶¶ 6-7.

Respondents' extensive compliance efforts go well beyond the Order's requirement that Respondents "take reasonable steps to ensure receipt of the notice by the class member and class counsel." ECF No. 353 at 5, ¶ 3. Since October 23, 2013, through April 4, 2014, Respondents have mailed approximately 1,050 bond hearing notices to class counsel. *Id*. at ¶ 4. To date Respondents have identified only 12 *Rodriguez* hearing notices generated after October 23, 2013, where Respondents failed to mail a duplicate notice to class counsel. *Id*. at ¶ 5. In all 12 cases, the class member was represented and the class member's attorney had requested the bond hearing. *Id*. At the time, some temporary and detailed court staff believed that the Order required them to mail only copies of notices for *automatically* scheduled *Rodriguez* hearings and, therefore, Respondents neglected to mail notices to class counsel for attorney-requested hearings. *Id*. The court staff has since been retrained

3

on the Order's requirements, including the requirement that all *Rodriguez* bond notices must be sent to class counsel. *Id*. at ¶¶ 5-6. Respondents have also implemented a number of new monitoring procedures, including running one-to-one checks between the mailed notices and compliance report entries. *Id*. at ¶ 7. These checks are designed to ensure that class counsel receives copies of notices for all scheduled *Rodriguez* hearings and that the results of all *Rodriguez* hearings are included in the 90-day compliance reports.

Petitioners assert that the number of missing notices during this time is "approximately 70" and not 34 as "the Supplemental Status Report claims". *See* ECF No. 413 at 3. Petitioners' statement is wrong on two counts. First, in arriving at their calculation of 70 missing notices since October 23, 2013, Petitioners incorrectly included all hearings *scheduled to occur* any time after October 23, 2013. On our last call, however, Respondents explained that would not result in an accurate count because notices are generated and mailed weeks prior to the scheduled hearing date. Therefore some of the "missing" notices for hearings scheduled to occur *after* October 23 were processed *before* October 23 and therefore would not be indicative of the effectiveness of the post-October 23, 2013 procedures.

Second, Petitioners wrongly claim that Respondents acknowledged in the supplemental report that 34 notices were not mailed to Petitioners under the new system when, in fact, of the 34 notices identified by Petitioners, only 12 were notices that should have been generated and sent to class counsel. *See* ECF No. 412 at 5-6. Specifically, Respondents stated in the supplemental report that, of the 34 notices that appeared to have been generated after October 23, 2014, 10 were for *Rodriguez* hearings that Petitioners agree did not require the generation of a separate hearing notice for class counsel,[1] 8 involved cases where no *Rodriguez* hearing took place,[2]

---

[1] In these cases, the detainees made an in-court request for an immediate *Rodriguez* bond hearing. The court went forward with the hearing without requiring the detainees to wait seven days to satisfy the Order's notice requirement because doing

*(Footnote continued)*

4

and 1 was for a hearing that took place in 2012 under the preliminary injunction but was misreported by Respondents as occurring in 2013. *Id.* Respondents' records show that the remaining 3 notices were mailed to Petitioners. *Id.* Thus, Respondents' review of their practices since October 23, 2013, indicate that the number of truly "missing" class-counsel notices is approximately 12, constituting only 1% of notices generated since that date.

      Respondents' efforts do not constitute non-compliance, entitle Petitioners to a burdensome modification of the permanent injunction, or undermine any previous representation Respondents made to Petitioners or this Court. Respondents' implementation of a reliable compliance system and continuous improvement upon that system demonstrates a commitment to compliance that far exceeds the "reasonable steps" necessary for minimum compliance. ECF No. 353 at 5, ¶ 3. These efforts are not indicative of the kind of secretive intransigence Petitioners' filing describes as necessitating a burdensome modified injunction order. *See* ECF No. 378-2, Declaration of Jeff Rosenberg, at ¶ 10 (Production of the information requested by Petitioners in the compliance motion would "require[e] employees to abandon their ordinary duties" and "substantially impair EOIR's ability to . . . fulfill its core mission."). Respondents' representation that the current monitoring provisions eliminate the need for a modified order remains accurate. The compliance spreadsheets are designed to remedy the fact that Petitioners are not able to attend all of the thousands of bond hearings that have taken place to date by providing

---

so had the potential to further prolong their detention. For these hearings, hearing notices may have been generated *post hoc* for the detainee's administrative file, but duplicates were not mailed to class counsel.

[2] The reasons for this include: (1) the detainee was given a *Casas* hearing, rather than a *Rodriguez* hearing, (2) the detainee was removed or granted relief prior to the hearing, or (3) there was a data entry error that incorrectly indicated that a Rodriguez bond hearing had been held.

Petitioners with complete information about hearings scheduling pursuant to the preliminary and permanent injunctions.

## II. Petitioners' Claim of Widespread Reporting Noncompliance Are Premature and Unfounded.

Petitioners next claim that Respondents failed to provide database information for 34 (of the more than 1000) hearings held under the permanent injunction and 66 (of the more than 800) hearings held under the preliminary injunction. Petitioners further claim that Respondents had an obligation to bring the issue to the Court's attention in the supplemental report. *See* ECF No. 413 at 2. Respondents are perplexed by Petitioners' premature claims – which fall well short of demonstrating an ongoing compliance issue entitling Petitioners to relief – given Respondents' prior agreement to include the "missing" entries in the April compliance report.

During the March 5, 2014 meet and confer and later by email on March 11, 2014, Respondents represented to Petitioners their belief that a number of the alleged "missing" entries were reasonably omitted. Specifically, Respondents indicated that several of the entries identified by Petitioners were omitted for one of two reasons:

(1) The scheduled hearing for which Petitioners' counsel received notice was not a *Rodriguez* hearing, but a *Casas*, *Diouf*, or other bond hearing. Therefore, although a bond hearing was held, it was not one for which reporting was necessary.

(2) The scheduled hearing did not take place due to the detainee no longer being in custody on the date of the scheduled *Rodriguez* hearing. In these cases, the detainee was removed or granted relief in the time period between the issuance of a bond hearing notice and the date of the scheduled hearing. As a result, there was no data on the hearing to report.

Respondents offered to further address the issue in the upcoming April status report by providing complete database information for all of the individuals identified by Petitioners. Respondents suggested this alternative to allow Respondents the opportunity to individually research each of the cases flagged by Petitioners. As

6

explained to Petitioners during the meet and confer process, the only way for Respondents to determine whether an individual should have been included in compliance reporting is to individually research the case to determine (1) whether the scheduled bond hearing took place and (2) if so, listen to a recording of the bond hearing to determine the outcome of the hearing. Respondents have worked diligently to collect information for the 100 flagged cases and will include this information, along with any necessary explanations of the data, in the April report.

In addition to individually researching the cases raised by Petitioners, Respondents adopted new procedures to better track whether all hearings are being reported on the compliance spreadsheets. Respondents have improved their recordkeeping practices so that court staff has the capability to verify that all generated Rodriguez bond hearing notices have a corresponding entry on the compliance spreadsheet. Respondents believed the additional disclosures, coupled with the new compliance procedures, to be an acceptable resolution to Petitioners' concerns and considered the issue resolved pending any future discussions of the complete data. The Court should deny Petitioners' request for further modification of the Order's monitoring provisions.

| | | |
|---|---|---|
| 1 | Date:  April 16, 2014 | STUART F. DELERY |
| 2 | | Assistant Attorney General |
| | | Civil Division |
| 3 | | U.S. Department of Justice |
| | | COLIN KISOR |
| 4 | | Acting Director |
| | | Office of Immigration Litigation |
| 5 | | District Court Section |

*/s/ Sarah S. Wilson*
SARAH S. WILSON
Trial Attorney
United States Department of Justice
Office of Immigration Litigation,
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4700
Sarah.S.Wilson@usdoj.gov

THEODORE ATKINSON
Trial Attorney
U.S. Department of Justice

Attorneys for Respondents

# EXHIBIT A: Declaration of Thomas Y.K. Fong

STUART F. DELERY
Assistant Attorney General
Civil Division
COLIN KISOR
Acting Director, Office of Immigration Litigation
District Court Section
SARAH S. WILSON
Trial Attorney
Georgia Bar No. 212212
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4700
sarah.s.wilson@usdoj.gov

Attorneys for Respondents

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, et al., | Case No. CV 07-3239-TJH (RNBx) |
| Petitioners, | |
| vs. | **DECLARATION OF THOMAS Y.K. FONG** |
| TIMOTHY S. ROBBINS, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director, et al.*, | |
| Respondents. | |

I, Thomas Y.K. Fong, declare as follows:

1. I serve as an Assistant Chief Immigration Judge of the Los Angeles Immigration Court, Executive Office for Immigration Review (EOIR). In this capacity, I oversee Immigration Judges and court staff in the Los Angeles Immigration Court. I have served in this position since my appointment in 2006.

2. I am familiar with the litigation history of the above-captioned case. During discovery, I was deposed regarding EOIR's practices and procedures in the Los Angeles Immigration Court. In addition, I have primary responsibility for the implementation of procedures for complying with the permanent injunction order in the Los Angeles Immigration Court.


3. Due to a number of factors discussed in Respondents' Supplemental Status Report, court staff was only able to fully implement a standardized process for mailing *Rodriguez* bond hearing notices to class counsel after October 23, 2013. Those factors included a severe shortage of court staff in the Los Angeles Immigration Court (which remains an ongoing issue), the Government's shutdown from October 1 until October 16, 2013, and the resulting need to rely on temporary and detailed staff for the administrative functioning of the court.

4. Between October 24, 2013, and April 4, 2014, approximately 1,050 *Rodriguez* bond hearing notices have been mailed to class counsel.

5. The court staff has identified only 22 *Rodriguez* hearing notices generated after October 23, 2013, where Respondents failed to mail a notice to class counsel. In 10 of those cases, I understand that notices were not required under the permanent injunction order because the hearings were held immediately following an oral request in court by a class member or a class member's attorney for a *Rodriguez* bond hearing. In the other 12 cases, the bond hearing was scheduled following a request for a hearing by the class member's attorney. At the time, some members of the court staff believed that the permanent injunction did not required them to mail notices to class counsel ~~for~~ in cases involving a written motion or request for a bond hearing by a class member's attorney. Subsequent instructions and trainings have clarified that all *Rodriguez* notices must be mailed to class counsel.

6. To ensure compliance with the injunction, I have directed the two designated Supervisory Legal Assistants to ensure that all members of the court staff – permanent and temporary – are trained on their obligations under the *Rodriguez* permanent injunction order. Most recently, on February 27, 2014, I directed court staff to attend a mandatory Coordination Training to ensure the standardization of *Rodriguez* bond hearing administrative procedures and recordkeeping. That training took place on March 3, 2014, and was attended by all necessary court staff members.

7. In addition to requiring additional training, I have also implemented procedures to improve EOIR's ability to monitor Respondents' compliance with the permanent injunction. These procedures include improved tracking of mailed notices and requiring court staff to run one-to-one checks between the mailed notices and compliance report entries.

8. I understand that the parties to this litigation recently reached an agreement on new language to include on all *Rodriguez* bond hearing notices. As a result, I have instructed court staff to begin using the new language effective April 15, 2014.

Dated: April 14, 2014

Thomas Y.K. Fong

3