STUART F. DELERY
Assistant Attorney General
Civil Division
COLIN KISOR
Acting Director, Office of Immigration Litigation
District Court Section
THEODORE W. ATKINSON
United States Department of Justice
Office of Immigration Litigation
    P.O. Box 888, Ben Franklin Station
    Washington, DC 20044
    Phone: (202) 616-4266
    theodore.atkinson@usdoj.gov
SARAH S. WILSON
EREZ R. REUVENI
Trial Attorneys

Attorneys for Respondents

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*,<br><br>    Petitioners,<br><br>vs.<br><br>TIMOTHY S. ROBBINS, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director, et al.*,<br><br>    Respondents. | Case No. CV 07-3239-TJH (RNBx)<br><br>**RESPONDENTS' SUPPLEMENTAL THIRD STATUS REPORT ON IMPLEMENTATION OF THE AUGUST 6, 2013 FINAL ORDER AND PERMANENT INJUNCTION**<br><br>Hon. Terry J. Hatter, Jr. |

    Respondents submit the following supplemental status report on the implementation of this Court's August 6, 2013 Order, Judgment and Permanent Injunction.

* * *

    As noted in Respondents' Third Status Report filed April 28, 2014, one of the issues to be negotiated with respect to Petitioners' Motion for Compliance was a revised notice to be sent to aliens scheduled for a bond hearing under the permanent injunction.

The parties have agreed on language for the revised notice and have finalized a
proposed order for this Court that would authorize its use.  Respondents submit that
proposed order with this supplemental report.

* * *

Another issue the Court asked the parties to address with respect to the Motion
for Compliance was the representation that Petitioners sought identifying categories of
aliens to whom Respondents are not providing bond hearings.  Respondents had
provided an identification of those categories of aliens in a letter to class counsel on
December 3, 2013.  At the December 9 hearing, Petitioners requested that the Court
order Respondents to file a declaration identifying those alien categories, but the
Court agreed that Respondents could instead make a representation in a report to the
Court identifying those categories of aliens.

On April 23, 2014, Petitioners' counsel provided Respondents with proposed
language for inclusion in this report, which Respondents considered in revising the
representation language below:

Respondents represent that the only aliens detained for six months or longer in
the Central District of California for whom Respondents do not provide a *Rodriguez*
hearing are those who fall outside the class definition.  Such aliens fall within one of
the following categories:

(1)    juvenile alien detainees who are detained for six months or longer under
the care of the Department of Health and Human Services;

(2)    aliens detained under 8 U.S.C. § 1226a or 8 U.S.C. §§ 1531-1537;

(3)    alien detainees who received a *Rodriguez* hearing under the preliminary
injunction and for whom a bond decision was made by the immigration judge under
the standards set forth in *V. Singh*;

(4)     alien detainees who received a bond hearing under *Casas-Castrillon* or *Diouf II* and for whom a bond decision was made by the Immigration Judge under the standards set forth in *V. Singh*;

(5)     alien detainees who have an administratively final order of removal and no judicial stay of their removal order such that the government has present authority to remove, including (a) alien detainees who did not file a petition for review within 30 days after the Board of Immigration Appeals ("BIA") denied their appeal,[1]  (b) alien detainees who filed a petition for review within 30 days of the BIA's decision, but no stay of removal is in effect; (c) alien detainees who have a pending petition for review, but who have had a motion for a stay of removal denied or a stay of removal lifted; and (d) alien detainees who have had their petition for review denied by the court of appeals and there is no judicial stay of their removal;

(6)     alien detainees who have an administratively final order of removal and who do not seek administrative review of that order.

Respondents further represent that after diligent consideration, they are aware of no other exceptions or exclusions to the class definition.

---

[1] The parties disagree whether aliens who have received an administratively final order of removal, but who have not filed a petition for review (but have 30 days to do so) fall within the class definition and cannot be removed.  This Court has indicated that they are in the class; but it has not indicated whether they may be removed during this period.  That dispute is currently before this Court and a proposed order resolving that dispute has been under consideration by this Court since January 2014.  While this matter remains under advisement, Respondents have agreed to provide *Rodriguez* bond hearings to alien detainees who have an administratively final order of removal, no judicial impediment to removal, but the time to file a petition for review has not lapsed.

1    Date:  May 15, 2014                    STUART F. DELERY
                                            Assistant Attorney General
2                                           Civil Division
                                            COLIN KISOR
3                                           Acting Director, Office of Immigration
                                            Litigation
4                                           District Court Section
                                            THEODORE W. ATKINSON
5                                           United States Department of Justice
                                            Office of Immigration Litigation
6                                                P.O. Box 888, Ben Franklin Station
                                                 Washington, DC 20044
7                                                Phone: (202) 216-4266
                                                 theodore.atkinson@usdoj.gov
8                                           SARAH S. WILSON
                                            EREZ R. REUVENI
9                                           Trial Attorneys

10                                          Attorneys for Respondents

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 15, 2014, I served a copy of the foregoing through the Court's CM/ECF system on the following counsel of record:

Ahilan T. Arulanantham
ACLU Foundation of Southern
California
1616 Beverly Boulevard
Los Angeles, CA 90026
213-977-5211
Fax: 213-977-5297
Email: aarulanantham@aclu-sc.org

Jayashri Srikantiah
Stanford Law School
Immigrants' Rights Clinic,
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
650-724-2442
Fax: 650-723-4426
Email: jsrikantiah@law.stanford.edu

Sean Commons
Sidley Austin
555 West Fifth Street Suite 4000
Los Angeles, CA 90013-1010
213-816-6000
Fax: 213-896-6600
Email: scommons@sidley.com

Judy Rabinovitz
ACLU Immigrants' Rights Project
125 Broad Street 18th Floor
New York, NY 10004
212-549-2618
Fax: 212-549-2654
Email: jrabinovitz@aclu.org

Cody Jacobs
Sidley Austin LLP
555 West Fifth Street Suite 4000
Los Angeles, CA 90013-1010
213-896-6000
Fax: 213-896-6600
Email: cjacobs@sidley.com

*/s/  Theodore W. Atkinson*
Theodore W. Atkinson
United States Department of Justice

5