# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*, | Case No. CV 07-3239-TJH (RNBx) |
| Petitioners, | |
| vs. | **[PROPOSED] ORDER** |
| TIMOTHY S. ROBBINS, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director, et al.*, | Hon. Terry J. Hatter, Jr.<br>Hearing: none requested |
| Respondents. | |

This matter came on Petitioners' motion for compliance [ECF No. 367] with this Court's August 6, 2013 Order, Judgment and Permanent Injunction (the "Order") [ECF No. 353]. As part of Petitioners' motion for compliance, Petitioners challenged the notice of bond hearing issued by Respondents as not in compliance with the Order. Oral argument on the motion for compliance was held on December 9, 2013. At the hearing, this Court encouraged the parties to attempt to negotiate mutually agreed upon language of a revised notice to comply with the Order. The parties reached agreement on revised notice language on or about January 17, 2014.

Accordingly, the Court enters the following order proposed by the parties:

1

1.    For any bond hearing conducted pursuant to this Court's August 6, 2013 Order, Judgment and Permanent Injunction [ECF No. 353], Respondents shall provide written notice to the detainee of his or her upcoming bond hearing containing the language as follows.  The parties may agree to changes in the language without further order of this Court.  This order does not modify or supersede Respondents' obligations to ensure receipt of the notice by the class member and class counsel under the Order.

> SUPPLEMENT TO NOTICE OF CUSTODY DETERMINATION HEARING UNDER RODRIGUEZ V. ROBBINS
>
> As noted in the attached Notice of Hearing, your case has been scheduled/rescheduled for a custody determination hearing before an immigration judge, as ordered by the federal district court in Rodriguez v. Robbins.
>
> At your custody determination hearing, the government must prove by clear and convincing evidence that you are a flight risk or danger to the community to keep you detained. To show that you are a flight-risk, the government must show that you are not likely to appear for future immigration hearings or for removal. To show that you are a danger, the government must show that your release would harm property or persons. The Immigration Judge will consider alternatives to detention, such as supervised release and electronic monitoring, in determining whether you can be released.
>
> You may present evidence to show why you are not a flight risk or danger to the community and should be released, including documents or witnesses. You may also testify at your custody determination hearing. If you intend to present evidence, you may submit documents and/or a witness list either at your hearing, or by filing them with the immigration court before your hearing. A copy must be sent to the Department of Homeland Security (DHS). If you submit documents at the hearing, you must bring a copy for the DHS attorney.
>
> You may be represented at your custody determination hearing at no expense to the government, by an attorney or other individual authorized and qualified to represent persons before an immigration court. If you wish to be represented,

your attorney or representative should appear with you at your custody determination hearing. If you do not appear with an attorney at your custody determination hearing and wish to be represented, you may ask the judge for more time to find an attorney or representative.

If you disagree with the judge's decision at the end of the hearing, you can appeal the decision by filing Form EOIR-26 with the Board of Immigration Appeals (BIA) within 30 days of the decision.

Dated: _____

_____
Hon. Terry Hatter , Jr.
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28