# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*, | CV 07-03239 TJH |
| Petitioners, | |
| v. | Order [367] |
| TIMOTHY S. ROBBINS, *et al.*, | |
| Respondents. | |

This matter came before the Court on Petitioners' Motion for Compliance. At a hearing on December 9, 2013, this Court instructed the parties to meet and negotiate over various matters raised in Petitioners' motion and by the parties at the hearing and to prepare an order for submission to this Court. However, the parties were unable to reach agreements.

This Court, having considered Petitioners' motion, Respondents' opposition, supplemental briefing by the parties, and oral argument, hereby orders as follows:

1. Content of Notice of *Rodriguez* Hearings:

Respondents shall provide Petitioners with a draft Notice on or before August 18,

2014. The parties shall either negotiate a mutually-acceptable revised Notice by September 15, 2014, or submit to the Court by that date competing Notice proposals from the parties for consideration by the Court.

2. Spreadsheet Information:

In addition to information already required in the spreadsheet accompanying the periodic reports ordered by this Court in its August 6, 2013, permanent injunction, Respondents shall provide the following information:

   a. Respondents shall provide (1) the date bond was posted (if at all), and (2) the date of the alien's release after posting bond. Respondents shall include such bond information in spreadsheets required to be submitted with status reports under the permanent injunction. Respondents shall, also, provide this information by September 15, 2014, to Petitioners for all aliens identified on the spreadsheets filed under seal with this Court and who were identified in those spreadsheets as having been awarded bond.

   b. Respondents shall provide contact information for an alien's representative or for the alien, if the alien acted *pro se*, for any alien identified as released on bond in spreadsheets required to be submitted with status reports under the Permanent Injunction. Respondents shall produce the last known contact information available from the electronic database maintained by the Executive Office for Immigration Review.

   Respondents shall, also, provide this information by September 15, 2014, to Petitioners for all detainees identified on the spreadsheets – *i.e.*, for all detainees who had a *Rodriguez* bond hearing since the date of the preliminary injunction – who were identified in that spreadsheet as having been awarded bond.

   c. Respondents shall provide information identifying the outcome of any administrative appeal to the Board of Immigration Appeals for review of any *Rodriguez* hearing. Respondents shall include such bond information in

spreadsheets required to be submitted with status reports under the permanent injunction.

Respondents shall, also, provide this information by September 15, 2014, to Petitioners for all aliens identified on the spreadsheets as having filed an appeal of a Rodriguez hearing with the Board of Immigration Appeals.

d. Respondents shall identify whether a detainee was found eligible for a *Rodriguez* hearing, and, if found to be ineligible, the basis of ineligibility ("eligibility information"). Respondents shall include such eligibility information in spreadsheets required to be submitted with future status reports under the permanent injunction.

Respondents shall, also, provide this information by September 15. 2014, to Petitioners for all detainees identified on the spreadsheets – *i.e.*, all detainees who had a bond hearing since the date of the preliminary injunction – who were identified in that spreadsheet as having a hearing outcome of "no jurisdiction," "no action," or "other."

3. Digital Audio Recordings and Proceeding Documents:

Respondents shall provide to Petitioners Digital Audio Recordings ("DARs") of Rodriguez hearings for 20% of the hearings covered by each status report required under the permanent injunction, including for the *Rodriguez* hearings described in the initial status report and the November, 2013, spreadsheet. Petitioners shall be allowed to select which DARs Respondents shall produce. Respondents shall produce such recordings within 14 days of Petitioners making a request as to which recordings they wish to review. Respondents shall, also, provide the immigration court files concerning any *Rodriguez* hearing for any cases in which they have received a DAR upon written request by Petitioners. Petitioners shall make a written request only after having reviewed the recording and determined that they are unable to obtain sufficient information relating to compliance based on the recording itself. Respondents shall produce such information within 14 days of any request.

5. Class Membership.

The Court makes the following order with respect to the two groups of individuals addressed by the parties in their briefing:

    a.    Individuals detained under 8 U.S.C. § 1226(a) who are awarded bond, either as part of the initial custody determination by U.S. Immigration and Customs Enforcement ("ICE"), or following a pre-six month bond hearing before an immigration judge, but are unable to post bond and remain detained after 180 days, are Class members. Accordingly, Respondents shall provide these Class members with bond hearings consistent with the terms of the permanent injunction.

    b.    Pursuant to the Court's ruling at the December 9, 2013, hearing, the following individuals are Class members and, by definition, not subject to removal prior to their receiving a bond hearing pursuant to this Court's prior orders: individuals who have received a final removal order from the Board of Immigration Appeals, have not yet filed a petition for review of that order or waived their right to file such a petition, and whose time to file a petition for review has not yet expired. Accordingly, Respondents shall provide these Class members with bond hearings consistent with the terms of the permanent injunction.

6. Identification of Detainees Not Provided with *Rodriguez* Hearings:

In response to Petitioners' request for a declaration from Respondents identifying all individuals or categories of individuals to whom Respondents have not provided Rodriguez bond hearings, Respondents provided a letter on or about December 4, 2013, identifying categories of individuals to whom Respondents have not provided *Rodriguez* bond hearings. Petitioners shall identify to Respondents any perceived deficiencies in Respondents' December 4, 2013, letter by August 22, 2014, and Respondents shall revise the letter as necessary to comply with the Court's notification provision under its permanent injunction by September 15, 2014. Respondents shall submit the finalized

letter along with the October, 2014, status report.

7. Time for Scheduling Hearings:

The Court's prior order regarding the timing of bond hearings occurring pursuant to the permanent injunction is modified as follows: All *Rodriguez* hearings required by this Court's permanent injunction shall be held on or before an alien's 195th day of detention. Any notice of hearing required by this Court's permanent injunction shall be served on the alien's representative, the alien, and class counsel between the 150th and 180th day of detention.

This order resolves all outstanding issues currently before the Court. If either party believes other issues remain outstanding, then that party shall file a new motion.

Date: August 6, 2014

_____
Terry J. Hatter, Jr.
Senior United States District Judge