1   JOYCE BRANDA
    Acting Assistant Attorney General
2   Civil Division
    WILLIAM PEACHEY
3   Director, Office of Immigration Litigation
    District Court Section
4   EREZ REUVENI
    Trial Attorney
5   United States Department of Justice
    Office of Immigration Litigation,
6   District Court Section
        P.O. Box 868, Ben Franklin Station
7       Washington, DC 20044
        Telephone: (202) 307-4293
8       Facsimile: (202) 616-8962
        Email: erez.r.reuveni @usdoj.gov
9   SARAH S. WILSON

10  Attorneys for Respondents

11              **UNITED STATES DISTRICT COURT**

12             **CENTRAL DISTRICT OF CALIFORNIA**

13                  **WESTERN DIVISION**

14
    ALEJANDRO RODRIGUEZ, *et al.*,     ) Case No. CV 07-3239-TJH (RNBx)
15                                      )
              Petitioners,              )
16                                      )
         vs.                            ) **JOINT STIPULATION CONCERNING**
17                                      ) **THE COURT'S AUGUST 6, 2014**
    TIMOTHY S. ROBBINS, *in his*        ) **ORDER**
18  *capacity as U.S. Immigration and*  )
    *Customs Enforcement, Los Angeles*  ) Hon. Terry J. Hatter, Jr.
19  *District Field Office Director, et al.,* )
                                        )
20                                      )
              Respondents.             )
21  _____)
22
23
24
25
26
27
28

The parties jointly stipulate to the following implementation of paragraph 3 of the Court's August 6, 2014 order concerning the provision by Respondents to Petitioners of the "Digital Audio Recordings ('DARS') of *Rodriguez* hearings for 20% of the hearings covered by each status report required under the permanent injunction, including for the *Rodriguez* hearings described in the initial status report and the November, 2013, spreadsheet." *See* ECF 425 at 3. The Court's order requires Respondents to produce such information "within 14 days of any request." *Id.* The parties agree to the following production schedule with the following terms:

1.      Petitioners shall request no more than 120 DARs once every 30 days. Respondents shall have 30 days from the date of such a request to produce the DARs.

2.      The production of all DARs shall be subject to the stipulated protective order entered into by the parties and adopted by the Court on June 15, 2012. *See* ECF 227. The parties agree that, subject to the provisions below, all DARs shall be deemed "highly confidential" initially.

3.      Petitioners may request that Respondents designate specific DARs as not containing information properly designated as "highly confidential" by providing Respondents written notice including the names and alien numbers ("A Numbers") at issue.

4.      In the event that Petitioners seek to designate specific DARs as not containing information properly designated as "highly confidential," Petitioners agree that they will first make good faith efforts to secure the consent of the specific class member whose bond hearing is recorded in the DAR. Petitioners have no obligation to obtain a class member's consent if they do not have access to the class member's current contact information.

1

a.    Subject to paragraph 4.b, should consent of the specific alien in such hearings be secured, Respondents agree they will no longer consider the DAR "highly confidential" under the terms of the protective order.

b.    The parties agree that even where consent of the specific alien in such hearings is secured, before the DAR sheds its "highly confidential" status, Respondents shall first review the DAR to determine if any third-party confidential information otherwise subject to the confidentiality provisions in the protective order appears in the DAR. Respondents shall complete their review within the time periods provided in paragraph 5. In the event that Respondents determine third-party confidential information is not present, Respondents shall notify Petitioners and the DAR shall shed its "highly confidential" status. In the event Respondents determine such information is present, Respondents shall notify Petitioners. Upon notification, the parties shall follow the meet and confer provisions outlined below at paragraph 6.

5.    If Petitioners are not able to obtain consent from the class member, but otherwise believe that the DAR does not contain protected information, or if Petitioners believe that a DAR contains information not properly designated as "highly confidential" but do not seek to de-designate the audio recording itself, Petitioners may request that Respondents produce a written transcript of the DAR. Respondents shall provide Petitioners with a written transcript of the proceeding recorded in the DAR, provided that the parties acknowledge that Respondents may redact any information contained within the transcript that Respondents believe is properly designated "confidential" under the terms of the stipulated protective order. For any redactions, Respondents shall redact only such information that they believe is properly designated as "confidential" or "highly confidential" and identify the basis (e.g., specific confidentiality provisions) for withholding the redacted information. If the parties disagree as to whether information is properly designated as "confidential"

and redacted, the parties shall resolve their dispute pursuant to the procedures outlined in paragraph six (6).

a.    The parties agree that if Petitioners request twenty-five (25) or fewer DARs, Respondents shall review, transcribe, redact where necessary, and produce the relevant DARs in transcript form, subject to the terms of this paragraph, within fourteen (14) days of Petitioners' request.

b.    The parties agree that if Petitioners request between twenty-six (26) and fifty (50) DARS, Respondents shall review, transcribe, redact where necessary, and produce the transcript described in this paragraph within thirty (30) days of Petitioners' request.

c.    The parties agree that if Petitioners request more than fifty (50) DARs, the parties will meet and confer on a schedule for Respondents' review and production of transcription. If the parties cannot agree on a schedule, the parties will resolve their dispute pursuant to the procedures provided under Local Rules 37-1 and 37-2 and III.c of the protective order.

6.    If Respondents redact information in a transcript, Respondents shall inform Petitioners of the specific basis (e.g., applicable confidentiality provision) for their determination that the DAR (or a portion of it) contains information that is properly designated as "confidential" or "highly confidential." If Petitioners disagree with Respondents' determination, the parties shall meet and confer within five (5) business days after Petitioners notify Respondents of their disagreement. If the parties continue to disagree after meeting and conferring, Petitioners may object to and challenge the designation in a manner that comports with Local Rules 37-1 and 37-2 and III.c of the protective order. Respondents shall bear the burden of showing that the challenge information is confidential. Failure to challenge a designation immediately does not waive a party's ability to bring a later challenge.

1      7.     This agreement does not amend or modify the definition of "confidential"

2   or "highly confidential" information in the stipulated protective order.

3

4
    Date: October 24, 2014
5

6   By: */s/ Michael Kaufman*                  JOYCE BRANDA
    MICHAEL KAUFMAN                             Acting Assistant Attorney General
7   ACLU OF SOUTHERN                            Civil Division
    CALIFORNIA
8   Attorneys for Petitioners                  WILLIAM PEACHEY
                                                Director, Office of Immigration Litigation
9                                               District Court Section

10                                              */s/ Erez Reuveni*
                                                EREZ REUVENI
11                                              Trial Attorney
                                                United States Department of Justice
12                                              Office of Immigration Litigation,
                                                District Court Section
13                                              P.O. Box 868, Ben Franklin Station
                                                Washington, DC 20044
14                                              Phone: (202) 532-4135
                                                Erez.R.Reuveni@usdoj.gov
15
                                                SARAH WILSON
16                                              Trial Attorney

17                                              Attorneys for Respondents

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I certify that on October 24, 2014, I served a copy of the foregoing through the Court's CM/ECF system on the following counsel of record:

Ahilan T. Arulanantham
ACLU Foundation of Southern California
1616 Beverly Boulevard
Los Angeles, CA 90026
213-977-5211
Fax: 213-977-5297
Email: aarulanantham@aclu-sc.org

Jayashri Srikantiah
Stanford Law School
Immigrants' Rights Clinic,
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
650-724-2442
Fax: 650-723-4426
Email: jsrikantiah@law.stanford.edu

Sean Commons
Sidley Austin
555 West Fifth Street Suite 4000
Los Angeles, CA 90013-1010
213-816-6000
Fax: 213-896-6600
Email: scommons@sidley.com

Judy Rabinovitz
ACLU Immigrants' Rights Project
125 Broad Street 18th Floor
New York, NY 10004
212-549-2618
Fax: 212-549-2654
Email: jrabinovitz@aclu.org

Cody Jacobs
Sidley Austin LLP
555 West Fifth Street Suite 4000
Los Angeles, CA 90013-1010
213-896-6000
Fax: 213-896-6600
Email: cjacobs@sidley.com

*/s/  Erez Reuveni*
EREZ REUVENI
Trial Attorney
United States Department of Justice

5