FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, for himself and on behalf of a class of similarly-situated individuals; ABDIRIZAK ADEN FARAH, for himself and on behalf of a class of similarly-situated individuals; JOSE FARIAS CORNEJO; YUSSUF ABDIKADIR; ABEL PEREZ RUELAS,<br>    *Petitioners-Appellees*,<br><br>and<br><br>EFREN OROZCO,<br>    *Petitioner*,<br><br>v.<br><br>TIMOTHY ROBBINS, Field Office Director, Los Angeles District, Immigration and Customs Enforcement; JEH JOHNSON, Secretary, Homeland Security; LORETTA E. LYNCH, Attorney General; WESLEY LEE, Assistant Field Office Director, Immigration and Customs Enforcement; RODNEY PENNER, Captain, Mira Loma Detention Center; SANDRA HUTCHENS, Sheriff of Orange County; NGUYEN, Officer, Officer- | No. 13-56706<br><br>D.C. No. 2:07-cv-03239- TJH-RNB |

2   RODRIGUEZ V. ROBBINS

in-Charge, Theo Lacy Facility;
DAVIS NIGHSWONGER, Captain,
Commander, Theo Lacy Facility;
MIKE KREUGER, Captain, Operations
Manager, James A. Musick Facility;
ARTHUR EDWARDS, Officer-in-
Charge, Santa Ana City Jail;
RUSSELL DAVIS, Jail Administrator,
Santa Ana City Jail; JUAN P. OSUNA,
Director, Executive Office for
Immigration Review,
              *Respondents-Appellants*.

ALEJANDRO RODRIGUEZ, for himself       No. 13-56755
and on behalf of a class of similarly-
situated individuals; ABDIRIZAK         D.C. No.
ADEN FARAH, for himself and on         2:07-cv-03239-
behalf of a class of similarly-situated    TJH-RNB
individuals; JOSE FARIAS CORNEJO;
YUSSUF ABDIKADIR; ABEL PEREZ
RUELAS,                                   ORDER
          *Petitioners-Appellants*,

          and

EFREN OROZCO,
              *Petitioner*,

          v.

TIMOTHY ROBBINS, Field Office
Director, Los Angeles District,

| RODRIGUEZ V. ROBBINS | 3 |
|---|---|

Immigration and Customs Enforcement; LORETTA E. LYNCH, Attorney General; WESLEY LEE, Assistant Field Office Director, Immigration and Customs Enforcement; RODNEY PENNER, Captain, Mira Loma Detention Center; SANDRA HUTCHENS, Sheriff of Orange County; NGUYEN, Officer, Officer-in-Charge, Theo Lacy Facility; DAVIS NIGHSWONGER, Captain, Commander, Theo Lacy Facility; MIKE KREUGER, Captain, Operations Manager, James A. Musick Facility; RUSSELL DAVIS, Jail Administrator, Santa Ana City Jail; ARTHUR EDWARDS, Officer-in-Charge, Santa Ana City Jail; THOMAS G. SNOW, Acting Director, Executive Office for Immigration Review; JEH JOHNSON, Secretary, Homeland Security,
                *Respondents-Appellees.*

Filed October 2, 2015

Before: Kim McLane Wardlaw and Ronald M. Gould, Circuit Judges and Sam E. Haddon,[*] District Judge.

---

[*] The Honorable Sam E. Haddon, District Judge for the U.S. District Court for the District of Montana, sitting by designation.

## SUMMARY[**]

**Immigration Habeas Corpus**

In a class action lawsuit brought by detained non-citizens, the panel discharged its Order to Show Cause dated August 13, 2015, and held that no government attorney provided information to the *Los Angeles Times* with the object of influencing this appeal.

The panel wrote that it was concerned that at oral argument on July 24, 2015, government counsel made an argument based on evidence not properly before the court from a July 21, 2015 *Los Angeles Times* article which referenced an immigration detainee's bond hearings. However, the panel found no basis to conclude that counsel deliberately attempted to mislead the court. The panel discharged the OSC and did not impose sanctions for improper oral argument.

## ORDER

We have considered both the government's and petitioners' responses to the Order to Show Cause dated August 13, 2015, and these submissions have satisfied us that no government attorney provided information to the press with the object of influencing this appeal. Rather, it appears that a U.S. Immigration and Customs Enforcement (ICE) spokesperson provided information about this case in

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

| RODRIGUEZ V. ROBBINS | 5 |
|---|---:|

response to an inquiry by a *Los Angeles Times* reporter on July 16, 2015, and that the timing of the article's publication was only coincidentally related to the date of the hearing. We therefore discharge the Order to Show Cause.

Though we appreciate the government's prompt and respectful submission, we remain concerned that government counsel made an argument based on evidence not properly before this court, which left an impression contrary to the facts surrounding Kaene Dean's immigration bond hearings.

Under review are cross-motions for summary judgment. We are therefore limited to considering evidence that was before the district court when it issued its ruling, unless we take judicial notice of the new evidence pursuant to Federal Rule of Evidence 201. *See* Fed. R. App. P. 10(a); *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1136 (9th Cir. 2009). Government counsel did not request judicial notice of the July 21, 2015, *Los Angeles Times* article, which referenced Mr. Dean's bond hearings. Nor was the article properly a subject for judicial notice as it contained representations neither "generally known within the trial court's territorial jurisdiction" nor "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Unfortunately, the representations made to the court by government counsel about those proceedings appear to have been based on the news article, which included partial and potentially misleading information concerning the proceedings. *See* Model Rules of Prof'l Conduct r. 3.3; Cal. Rules of Prof'l Conduct r. 5-200.

Government counsel argued to the panel that Mr. Dean was *initially* denied release on bond under the § 1226(a)

6  RODRIGUEZ V. ROBBINS

standard, but that under the *Rodriguez* preliminary injunction standard, in a second bond hearing, the immigration judge (IJ) concluded that Mr. Dean had to be released because the government had not carried its burden.[1] The government has now provided us with the transcript of the April 28, 2015, *Rodriguez* bond hearing. The transcript shows that the IJ conducted a total of four bond hearings for Mr. Dean and had previously released him twice on bond with conditions *before* she held the bond hearing pursuant to *Rodriguez*. On each occasion, Mr. Dean violated the conditions of release on bond and was returned to detention. *See* Apr. 28, 2015 Tr. at 16 ("[Y]ou've been given bond twice before, and you've broken the terms of the bond twice before."). Mr. Dean's release on bond on the prior two occasions was not due to the government's failure to meet the *Rodriguez* standard, as the district court did not issue its preliminary injunction until September 13, 2012. Moreover, as the IJ states, she released Mr. Dean on bond on April 28, 2015, because she concluded

---

[1] Counsel argued that:

> We know that initially the hearing was conducted under the 1226(a) standard, that the first hearing when he was taken into custody was conducted under that standard. That standard places the burden on the individual alien to prove that he is not a flight risk or a danger. The IJ denied bond and said that this person is not entitled to release. It was only after 180 days passed and we then conducted the hearing again anew under the standard under the preliminary injunction, which requires the government to prove by clear and convincing evidence, that that individual was released. It was concluded by the immigration judge that the government had not carried the burden . . . .

Oral Argument at 12:23–13:00; *see also id.* at 10:44–10:53.

RODRIGUEZ V. ROBBINS 7

that Mr. Dean's predatory behavior was treatable, his mother presented a concrete treatment plan, and Mr. Dean and his mother assured her that he would comply with it.[2] *Id.* at 14–17. The IJ also reasoned that, "at the last hearing," *i.e.*, on December 2, 2014 (the "initial" hearing to which government counsel referred) when Mr. Dean was denied release on bond, Mr. Dean's mother wasn't sure if Mr. Dean would consent to mental health treatment. *Id.* at 15.[3]

We do not see the relevance of Mr. Dean's immigration proceedings to the legal issues on appeal, and neither in its

---

[2] As the IJ explained:

> I am going to grant you bond. I think what's going on here is treatable. I don't think there's enough evidence to show that you're a danger. Well it's a disturbing record but it's not enough for me to find that you're a danger and not eligible for bond. It is disturbing though. But I think it's treatable. I think this is something you can figure out. Okay? So I'm going to grant you bond. Because you've broken bond twice before though it has to be a significant bond. Even though I gave you $10,000 bond and you got in trouble, I'm going to do $10,000 again. But obviously I'm going to add a couple things to it. I'm going to add a requirement that you report to the Department of Homeland Security once a month, and I'm requiring that you enroll in a mental health treatment plan with the Santa Marita Mental Health Center. This is the program that your mother has provided us with evidence of. You must do that. You must go to that center and set up the treatment plan within 10 days.

*Id.* at 16–17.

[3] The government's response to the Order to Show Cause indicates that there is no transcript of the December 2, 2014, proceeding available.

| 8 | RODRIGUEZ V. ROBBINS |
|---|---|

response to the Order to Show Cause nor at any time in a proper way, *e.g.*, a letter brief filed pursuant to Federal Rule of Appellate Procedure 28(j), has government counsel explained the relevance. We will therefore disregard the *Los Angeles Times* article and government counsel's arguments referencing it. However, we find no basis for concluding that government counsel deliberately attempted to mislead the court by relying on only a partial and potentially misleading news report of Mr. Dean's immigration proceedings; we therefore do not find her conduct in doing so sanctionable.[4]

The Order to Show Cause is discharged; no sanctions are imposed.

**IT IS SO ORDERED.**

---

[4] The ICE spokesperson, in her email of July 17, 2015, alluded to Mr. Dean's prior immigration bond hearings and release when she wrote "[t]his individual *most recently* came into [ICE] custody in October 2014 . . . ." Dkt. 130, at 12 (emphasis added).