1  | AHILAN T. ARULANANTHAM (SBN 237841)
2  | aarulanantham@aclusocal.org
   | MICHAEL KAUFMAN (SBN 254575)
3  | mkaufman@aclusocal.org
   | ACLU FOUNDATION OF SOUTHERN CALIFORNIA
4  | 1313 West 8th Street
   | Los Angeles, CA 90017
5  | Telephone: (213) 977-5211
   | Facsimile: (213) 977-5297

6  | Attorneys for Petitioner
7  | (Additional counsel listed on following page)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

ALEJANDRO RODRIGUEZ,
ABDIRIZAK ADEN FARAH, YUSSUF
ABDIKADIR, ABEL PEREZ RUELAS,
JOSE FARIAS CORNEJO, ANGEL
ARMANDO AYALA, for themselves and
on behalf of a class of similarly-situated
individuals,

        Petitioners,

        v.

WILLIAM BARR, United States Attorney
General; KEVIN MCALEENAN, Acting
Secretary, Homeland Security; JAMES
MCHENRY, Director, Executive Office
for Immigration Review; DAVID MARIN,
Field Office Director, Los Angeles
District, Immigration and Customs
Enforcement; DON BARNES Sheriff of
Orange County; OFFICER NGUYEN,
Officer-in-Charge, Theo Lacy Facility;
LUKE SOUTH, Commander, Theo Lacy
Facility; LISA VON NORDHEIM,
Captain, James A. Musick Facility;
TERRY NELSEN, Assistant Field Office
Director, Adelanto Detention Facility,

        Respondents.

Case No. CV 07-3239-TJH (RNBx)

**NOTICE OF MOTION AND
MOTION FOR LEAVE TO FILE
FOURTH AMENDED
COMPLAINT**

**MEMORANDUM OF POINTS
AND AUTHORITIES**

The Honorable Terry J. Hatter, Jr.

Hearing Date:  June 17, 2019
Hearing Time:  Under Submission

1  Additional counsel:

2  JUDY RABINOVITZ
   jrabinovitz@aclu.org
3  AMERICAN CIVIL LIBERTIES FOUNDATION
   IMMIGRANTS' RIGHTS PROJECT
4  125 Broad Street, 18th Floor
   New York, NY  10004
5  Telephone:  (212) 549-2618
   Facsimile:  (212) 549-2654
6
   MICHAEL TAN (SBN 284869)
7  mtan@aclu.org
   AMERICAN CIVIL LIBERTIES FOUNDATION
8  IMMIGRANTS' RIGHTS PROJECT
   39 Drumm Street
9  San Francisco, CA 94111
   Telephone:  (415) 343-0779
10 Facsimilie:  (415) 395-0950

11 JAYASHRI SRIKANTIAH (SBN 189566)
   jsrikantiah@law.staford.edu
12 STANFORD LAW SCHOOL
   IMMIGRANTS' RIGHTS CLINIC
13 Crown Quadrangle
   559 Nathan Abbott Way
14 Stanford, CA 94305-8610
   Telephone:  (650) 724-2442
15 Facsimile:  (650) 723-4426

16 SEAN COMMONS (SBN 217603)
   scommons@sidley.com
17 SIDLEY AUSTIN LLP
   555 West Fifth Street, Suite 4000
18 Los Angeles, California 90013-1010
   Telephone:  (213) 896-6000
19 Facsimile:  (213) 896-6600

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

To Respondents and their counsel of record:

Please take notice that a hearing is under submission in the above-entitled Court, before the Honorable Terry J. Hatter, on June 17, 2019. Petitioners Alejandro Rodriguez, Abdirizak Aden Farah, Yussuf Abdikadir, Abel Perez Ruelas, Angel Armando Ayala, and Alex Cacho Castillo, will and hereby do move for leave to file a Fourth Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), and this Court's order of March 18, 2019. *See* Dkt. 505.

Counsel for Petitioners have spoken and corresponded with Counsel for Respondents concerning the filing of an amended complaint in this action on several occasions, including at length on Thursday, May 16, 2019. Counsel for Respondents stated their intention to oppose some but not all of the proposed amendments, as explained *infra*.

## MEMORANDUM OF POINTS AND AUTHORITIES

Rule 15(a)(2) allows a party to amend the complaint "with the opposing party's written consent or the court's leave" and further provides that "the court should freely give leave when justice so requires." The Ninth Circuit has repeatedly interpreted this rule to require that leave to amend should be granted with "extreme liberality." *See, e.g.*, *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

Here, the Court should grant Petitioners leave to amend for at least two reasons. *First*, the Supreme Court's disposition of the appeal from this Court's summary judgment order from August 2013, (Dkt. 353), warrants amendment. *Jennings v. Rodriguez*, 138 S.Ct. 830 (2018). Although Petitioners had raised statutory and constitutional claims in their motion for summary judgment, Petitioners had defined the Sub-classes by reference to the relevant detention

statutes, consistent with the Ninth Circuit's instructions in its opinion on class certification. *See Rodriguez v. Hayes (Rodriguez I)*, 591 F.3d 1105, 1123 (9th Cir. 2010) (observing that the "differing statutes authorizing detention of the various class members . . . may counsel the formation of subclasses"). Although both this Court and the Ninth Circuit repeatedly referenced the constitutional problems arising from prolonged detention without bond hearings, the primary basis for this Court's summary judgment ruling was statutory, as was the Ninth Circuit's decision largely affirming that ruling. Dkt. 353 at 2 (relying on the Ninth Circuit's rationale in *Rodriguez v. Robbins* (*Rodriguez II*), 715 F.3d 1127, 1138 (9th Cir. 2013) (holding mandatory detention statute at 8 U.S.C. 1226(c) "inapplicable" in cases of prolonged detention); *id*. at 1144 (same for Section 1225(b)); *Rodriguez v. Robbins* (*Rodriguez III*), 804 F.3d 1060, 1079 (9th Cir. 2015) (adopting *Rodriguez II*'s statutory rationale for Section 1226(c)); *id*. at 1082 (same for Section 1225(b)).

The Supreme Court reversed the Ninth Circuit's decision on Petitioners' summary judgment motion, but its ruling resolved only the statutory issues. The Court declined to reach Petitioners' "constitutional arguments on their merits," and "remand[ed] the case to the Court of Appeals to consider them in the first instance." *Jennings v. Rodriguez*, 138 S.Ct. 830, 851 (2018) (plurality opinion of Alito, J.). On remand, the Ninth Circuit in turn remanded for this Court to consider the constitutional claims. *Rodriguez v. Marin*, 909 F.3d 252, 255 (9th Cir. 2018).

Because the Supreme Court has clarified that Petitioners' claims must be resolved on constitutional (and not statutory) grounds, Petitioners should be permitted to redefine the Sub-classes to focus on their relevant constitutional characteristics. Under those modified definitions, Plaintiffs would now exclude returning lawful permanent residents from the Arriving Sub-class (which is now

1    described as the "Parole Sub-class").[1]

2          Second, the passage of time coupled with the unusual posture of this case

3    warrants permitting Petitioners to amend. The Third Amendment complaint was

4    filed on November 1, 2010, nearly nine years ago. In the intervening years, a

5    number of factual and legal changes have occurred, including many arising from

6    the three lengthy opinions written by the Supreme Court justices in this case and

7    the three Ninth Circuit decisions that addressed the legal framework applicable to

8    Petitioners' constitutional claims. Fairness dictates that Petitioners should be

9    afforded an opportunity to alter their pleadings in response to those changes. *Cf.*

10   *Neely v. JP Morgan Chase Bank, N.A.*, No. 16-01924, 2018 WL 6003562, at *1

11   (C.D. Cal. Aug. 17, 2018) (motion to amend denied "because it does not present

12   any change in law that alters the reasoning or conclusions of the Court's original

13   order").

14         The proposed amendments are modest. They fall into four general

15   categories. *First*, a number of the proposed amendments involve alterations to

16   reflect the passage of time, changes in terminology, and other amendments that

17   have no effect on the merits of the complaint. *See, e.g.*, ¶ 8(updating procedural

18   history); *id.* at ¶¶ 15-20, ¶¶ 44, 52, 63, 77, 89, 103 (updating history of named

19   plaintiffs' cases). Others involve clarifications that conform the proposed

20   complaint to legal positions Petitioners had taken in the years since the prior

21   complaint was filed, sometimes at Respondents' request. *See, e.g.*, ¶ 12 (specifying

22   the "general detention statutes"); *id.* at ¶¶ 131, 141 (specifying the hearing

23   procedures Petitioners seek). Still others respond to issues that arose during the

24   appellate process. *See, e.g.*, Prayer for Relief ¶ b (adding specific request for

25

26   [1] With that exception, the proposed definitional changes have no effect on the
     actual composition of the Sub-classes themselves, because the statutes dictate what

27   custody review procedures detainees receive, which in turn dictate the nature of the
     constitutional claims available to them.

28
                                                                            (cont'd)

                                            3

conditional release to resolve any doubt about whether this is a habeas petition).
Respondents have stated they do not oppose these amendments.[2]

*Second*, while Petitioners have not materially changed the Main Class
definition, they have proposed significant revisions to the sub-class definitions in
order to conform them to the constitutional rationale for bond hearings, consistent
with the Supreme Court's and Ninth Circuit's instructions for remand. Those
revisions define the sub-classes by reference to the custody review procedures
currently provided to each of them, rather than by reference to the statutes under
which individuals are incarcerated. These changes reflect the fact that the
constitutional rights of class members turn on what custody review process they
presently receive, rather than on what statute purports to authorize their
imprisonment. *See generally* ¶ 120a-d. Respondents have stated they do not oppose
these amendments.

*Third*, Petitioners have proposed amendments in light of the Attorney
General's decision in *Matter of M-S-*, 27 I&N Dec. 509 (A.G. 2019), which will
become effective on approximately July 15, 2019 unless enjoined by other
litigation. *Id.* at 519 n.8 (specifying that decision will go into effect 90 days after
publication); *see generally* Dkt. 507 (parties' joint stipulation extending
amendment deadline to address *M-S-*). Specifically, Petitioners have proposed to
add a new named representative, Alex Cacho Castillo, who is currently imprisoned
within the Central District and has spent nearly five months in ICE Custody. Mr.
Cacho Castillo is currently scheduled to become a member of the Bond Hearing

---

[2] Respondents sought clarification that the proposed amendments do not alter the
nature of the protection Petitioners seek either with respect to the geographic scope
of the injunction's protections or with respect to the right to recorded bond
hearings. Petitioners hereby clarify that they do not seek protection beyond that
provided by the extant injunction as modified by the Ninth Circuit, and the
proposed amendments should not be interpreted to seek any such further
protection.

sub-class (formerly the Section 1226(a) sub-class). However, if the *M-S-* decision goes into effect, individuals like him will no longer be eligible for bond hearings. If that occurs, Petitioners will likely seek leave to create a new sub-class for individuals denied bond hearings under the *M-S-* decision. Respondents have not definitively stated their position on this amendment.

Finally, Petitioners have added a claim under the Constitution's Eighth Amendment, in light of the extensive discussion of it in the constitutional portion of Justice Breyer's opinion in *Rodriguez IV*. *See* 138 S.Ct. at 862 (Breyer, J., dissenting) ("The Eighth Amendment reinforces the view that the Fifth Amendment's Due Process Clause does apply"). Petitioners add this claim only to preserve it in the event that the Supreme Court ultimately concludes the Eighth Amendment rather than the Due Process Clause provides the proper doctrinal basis for the harms alleged in Petitioners' complaint.

While the Eighth Amendment claim is new to this case, Respondents suffer no prejudice from its inclusion, for three reasons. *First*, Petitioners do not intend to move for summary judgment on this claim at this stage of the litigation. They have added it solely to preserve it for possible further consideration should the doctrinal landscape shift. *Cf. id*. (Breyer, J., dissenting) ("The Due Process Clause foresees eligibility for bail as part of 'due process.'"). *Second*, any evidence needed to litigate it would overlap with evidence gathered in support of Petitioners' due process claim and therefore would not expand the scope of discovery in this case. *Finally*, under the terms of the remand, the parties are already required to brief the constitutional questions anew in this case. Thus, should Respondents wish to move to dismiss the Eighth Amendment claim now, adding a new set of arguments to what will already be new briefing will not materially prejudice Respondents. Respondents have stated they intend to oppose this amendment.

For these reasons, Petitioners respectfully request that the Court grant leave to amend the complaint and accept the Fourth Amended Complaint as the

operative complaint in this case, until such time as further amendment may be required.

Respectfully submitted,

ACLU OF SOUTHERN CALIFORNIA

Dated:  May 20, 2019                 By: /s/Ahilan T. Arulanantham
                                          AHILAN T. ARULANANTHAM
                                          Counsel for Petitioners

6