JOSEPH HUNT
Assistant Attorney General
Civil Division
WILLIAM PEACHEY
Director, Office of Immigration Litigation
EREZ REUVENI
Assistant Director
SARAH STEVENS WILSON
United States Department of Justice
   1801 Fourth Avenue North
   Birmingham, Alabama
   Telephone: (205) 244-2140
   Email: Sarah.Wilson2@usdoj.gov

Attorneys for Respondents

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*, <br><br> Petitioners-Plaintiffs, <br><br> vs. <br><br> DAVID MARIN, Field Office Director, U.S. Immigration and Custom Enforcement, Los Angeles, *et al.*, <br><br> Respondents-Defendants. | No. cv 07-3239-TJH (RNBx) <br><br> Hon. Terry J. Hatter, Jr. <br><br> **RESPONDENTS' OPPOSITION TO PETITIONERS' MOTION TO AMEND THE COMPLAINT** |

     Respondents oppose Plaintiff's motion to amend the complaint.[1] Petitioners seek to add a new named petitioner, a new claim, and to make "significant revisions to

---

[1] Petitioners incorrectly reported Respondents' position on the motion as partially opposed. During what Respondents believed would be the first of several discussions of the proposed amendments, undersigned counsel expressed a willingness to consider (with her clients) some of the proposed updates if Petitioners would consider limiting those requests to exclude additions that will substantially delay the case. After

*(Footnote continued)*

the sub-class definitions." Pet. Motion, ECF 509 at 4. Such sweeping amendments, even if sought late in the discovery process would raise eyebrows. Requested here, nearly a decade after the close of discovery, the proposed amendments are untenable. Petitioners have not shown sufficient justification for delaying the case to add claims they "do not intend to move for summary judgment on" on remand, or for adding a new petitioner who is *not* a member of the certified class. Petitioners' proposed amendments would further expand this already unwieldy case, necessitate extensive additional briefing, and delay resolution of a case in which the government remains subject to an injunction order. It is time for this case to move to its final conclusion. To the extent Petitioners want to bring new claims on behalf of a new class, they are certainly free to release the government from the injunction, dismiss the case, and file a new case. The motion to amend should therefore be denied.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires." *Id.* Nevertheless, leave to amend need not be granted when the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *See Amerisource Bergen Corp. v. Dialysist West Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.3d 1385, 1397 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330–31 (1971)). "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecommunications*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)); *see Clarke v. Upton*,

---

reviewing the motion, Counsel for Respondents contacted Petitioners' counsel and indicated her concern about the position statement. In response, Petitioners' counsel offered to file a correction but the parties agreed that Respondents would simply correct their position in the response. Respondents' position is stated herein.

2

703 F. Supp. 2d 1037, 1041 (E.D. Cal. 2010); *see also Alzheimer's Inst. of Am. v. Elan Corp. PLC*, 274 F.R.D. 272, 276 (N.D. Cal. 2011).

## ARGUMENT

Petitioners lack sufficient justification for the proposed amendments. The vast majority of Petitioners' justifications for seeking leave to amend address anticipated future needs, and do not show any present "interest of justice." If amended, the case is likely to be significantly delayed with myriad procedural hurdles before it would be ripe for final resolution. Petitioners' amended complaint will make a new motion to dismiss, new motions to appoint a new class representative, and to modify the class definitions necessary. Meanwhile, Respondents face significant prejudiced from the delay as the government remains subject to an injunction. Petitioners' purported need for the proposed amendments cannot overcome the considerable prejudice, expense, and delay that will be caused by starting over at this stage of the litigation. *Bassani v. Sutton,* 430 F. App'x 596, 597 (9th Cir. 2011) ("the district court's ultimate conclusions—that there would be undue delay and prejudice to the defendants if [the plaintiff] were allowed to amend his complaint two years into litigation and after the close of discovery—were not an abuse of discretion"); *see also AmerisourceBergen Corp. v. Dialysist W., Inc.,* 465 F.3d 946, 957 (9th Cir.2006) (Tashima, J., dissenting) (the Ninth Circuit has "often affirmed the denial of leave to amend ... when discovery had closed or was about to close").

First, justice certainly does not require the addition of Mr. Cacho Castillo as party in this case. Mr. Cacho Castillo was initially detained in early 2019. On May 24, 2019, he was afforded a bond hearing and released on a $1,500 bond. Exhibit A, Immigration Bond Order.[2] He subsequently settled in New York, and the government

---

[2] Petitioner's bond hearing was not conducted as a result of the injunction in this case, but was conducted consistent with the Board of Immigration Appeals decision in *Matter of X-K-*, 23 I. & N Dec. 731 (BIA 2005) overruled *Matter of M-S-*, 27 I. & N. Dec. 509, 518 (BIA 2019)).

1  moved to change the venue of his immigration case to New York. Exhibit B, Motion
2  to Change Venue. Mr. Cacho Castillo never reached 180 days of detention and
3  therefore is not a member of this class. *See* ECF 509 at 4 ("Cacho Castillo . . . has
4  spent nearly five months in ICE custody."); ECF 509 at ¶ 21. In addition, there is no
5  significant possibility that he will become a class member as he was released, has
6  moved out of the area, and is unlikely to be subject to any future immigration
7  detention in this jurisdiction. *See* Exhibit B at 3 (identifying address reported by
8  Cacho Castillo); ECF 509 at n.2 (confirming Petitioners do not propose changing the
9  geographic scope of the injunction). Petitioners' only argument for adding Mr. Cacho
10 Castillo appears to be based on a potential, future need to amend and to again alter the
11 subclass definitions. ECF 509 at 4-5. Even if such a speculative future need could
12 satisfy the interest of justice standard at this juncture, under these circumstances, there
13 can be no conceivable basis for him serving as a class representative.

14         Second, Petitioners are not entitled to raise a new claim at this stage of the
15 litigation. Petitioners concede that the new claim would delay the case as it would
16 necessitate a new round of motion to dismiss briefing. ECF 509 at 5. Petitioners also
17 disclaim any current need for the amendment by confirming that they do not have any
18 intention of seeking relief on the claim on remand. *Id*. The concern that the Supreme
19 Court may, at some point in the future, consider bond challenges under the Eighth
20 Amendment standard, is no justification for adding it now. *See Jackson v. Bank of*
21 *Haw.*, 902 F.2d 1385, 1388 (9th Cir.1990) ("Putting the defendants through the time
22 and expense of continued litigation on a new theory, with the possibility of additional
23 discovery, would be manifestly unfair and unduly prejudicial.") (quoting *Priddy v.*
24 *Edelman,* 883 F.2d 438, 447 (6th Cir.1989)); *Campbell v. Emory Clinic*, 166 F.3d
25 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in an
26 amendment asserted after the close of discovery and after dispositive motions have
27 been filed, briefed, and decided.").
28

Third, Petitioners have not justified the need for the proposed modifications to the main class and subclass definitions. Petitioners' suggestion that the Supreme Court intimated that they should be afforded the opportunity to amend the class definition is incorrect. The Supreme Court's direction that this Court "consider whether a Rule 23(b)(2) class action continues to be the appropriate vehicle for respondents' claims" suggests futility rather than permission for substantive modifications. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 851 (2018). Moreover, Petitioners' briefing on the need for the subclass overhaul is extremely truncated. They confusingly describe the changes as "significant," while noting that they "have no effect on the actual composition of the class," and fail to explain the presence of returning lawful permanent residents in the main class definition while excluding them from the subclasses. These and other issues should be examined in a more thorough and thoughtful manner. Luckily, there are less procedurally burdensome mechanisms for Petitioners to modify the class definitions without amending the complaint. Indeed, Respondents have notified Petitioners of their intention to move to vacate the injunction and decertify the class. It would be appropriate to discuss any proposed changes to the class definitions as part of that conferral and briefing process, not through a new amended pleading.

Finally, although Petitioners' various proposed "alterations to reflect the passage of time [and] changes in terminology," are not substantively objectionable, they also serve no litigation purpose. ECF 509 at 3-4. Accordingly, whatever minimal value they have, it is not sufficient to justify amending the complaint seven years after the close of discovery. Petitioners face no prejudice from the denial as they can simply update the court on the law, facts, and terminology in merits briefing. The existing complaint sufficiently pleads the due process issue on which the Supreme Court remanded such that there is no need for any further amendments at this stage of the litigation. If Petitioners now believe that their classes or claims (or both) are no longer the ones on which they wish to proceed, they should dismiss this case.

5

**CONCLUSION**

The motion for leave to amend should be denied.

Respectfully Submitted,

*/s/ Sarah Stevens Wilson*
SARAH STEVENS WILSON
United States Department of Justice
1801 Fourth Avenue North
Birmingham, Alabama
Telephone: (205) 244-2140
Email: Sarah.Wilson2@usdoj.gov

*Attorney for Respondents*

**CERTIFICATE OF SERVICE**

I certify that on June 12, 2019, I filed the foregoing through the Court's CM/ECF system, which will deliver a copy to all counsel of record in this matter.

<u>/s/ *Sarah Stevens Wilson*</u>
SARAH STEVENS WILSON
United States Department of Justice