AHILAN T. ARULANANTHAM (SBN 237841)
aarulanantham@aclusocal.org
MICHAEL KAUFMAN (SBN 254575)
mkaufman@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5211
Facsimile: (213) 977-5297

Attorneys for Petitioner
(Additional counsel listed on following page)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, for themselves and on behalf of a class of similarly-situated individuals,<br><br>    Petitioners,<br><br>    v.<br><br>WILLIAM BARR, United States Attorney General; KEVIN MCALEENAN, Acting Secretary, Homeland Security; JAMES MCHENRY, Director, Executive Office for Immigration Review; DAVID MARIN, Field Office Director, Los Angeles District, Immigration and Customs Enforcement; DON BARNES Sheriff of Orange County; OFFICER NGUYEN, Officer-in-Charge, Theo Lacy Facility; LUKE SOUTH, Commander, Theo Lacy Facility; LISA VON NORDHEIM, Captain, James A. Musick Facility; TERRY NELSEN, Assistant Field Office Director, Adelanto Detention Facility,<br><br>    Respondents. | Case No. CV 07-3239-TJH (RNBx)<br><br>**REPLY IN SUPPORT OF PETITIONERS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**<br><br>The Honorable Terry J. Hatter, Jr.<br><br>Hearing Date: June 17, 2019<br>Hearing Time: Under Submission |

Additional counsel:

JUDY RABINOVITZ
jrabinovitz@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS'RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0779
Facsimilie: (415) 395-0950

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.staford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

# REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

Respondents apparently oppose all of Petitioners' proposed amendments, but their bases for opposition are meritless. Most important, Respondents never grapple with the elephant in the room: this case has been remanded *nine years* after the operative complaint was filed and *six years* after this Court granted summary judgment, during which time three appellate opinions – two from the Ninth Circuit and another from the Supreme Court – as well as various other legal developments, have dramatically altered the underlying legal landscape. Leave to amend should be granted with "extreme liberality" even where so much time has *not* passed and the legal landscape has *not* changed. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotations and citation omitted). Moreover, the Ninth Circuit remanded with instructions that this Court, *inter alia*, may "reconsider[]" "[t]he composition of the various subclasses," "the scope of remedies available," and "*any other* relevant issue." *Rodriguez v. Marin ("Rodriguez V")*, 909 F.3d 252, 255, 257 n.2 (9th Cir. 2018) (emphasis added). The amendments Petitioners propose are plainly appropriate in light of the massive changes in facts and law that have occurred in the last nine years, as well as the instructions given to this Court on remand.

Respondents nonetheless resist the amendment process, hypothesizing the proposed amendments will create unspecified "procedural hurdles" and significant additional litigation arising from the amendments. But the parties are already required to submit additional briefing to address questions this Court has been directed to answer on remand. The parties can easily litigate any additional issues raised by the proposed amendments in the context of that briefing. That litigation likely will occasion no further delay, and certainly none significant enough to warrant denying leave to amend in light of the unusual procedural posture of this case.

# ARGUMENT

"[A]mendments under Rule 15(a)(2) may be made at any stage of the litigation." Wright, Miller & Kane, Federal Practice and Procedure, 6 Fed. Prac. & Proc. Civ. § 1484 (3d ed.). "Absent a mandate which explicitly directs to the contrary, a district court upon remand can permit the plaintiff to 'file additional pleadings, vary or expand the issues . . .'" *Nguyen v. United States*, 792 F.2d 1500, 1502 (9th Cir. 1986) (quoting *Rogers v. Hill*, 289 U.S. 582, 587–88 (1933)). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires," except where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *AmerisourceBergen Corp. v. Dialysist West Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (internal quotations and citation omitted). "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecommunications*, Inc., 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

Respondents have failed to meet their burden to show that Petitioners' four sets of amendments to the complaint should not be permitted under Rule 15. The first set of proposed amendments reflect changes to reflect the passage of time and related non-substantive amendments. Dkt. 509 at 3-4. Respondents concede these are not "substantively objectionable," Dkt. 512 at 5, but nonetheless oppose them because "they serve no litigation purpose." *Id.* But Petitioners cannot file a complaint stating, for example, that a named Plaintiff's case remains pending when in fact it does not. *See, e.g.*, Dkt. 509-1 ¶¶ 15-20. Nor can they file a description of the case's procedural history that stops in 2011. Other changes in this set of proposed amendments are entirely appropriate responses to important legal developments that occurred during the appellate litigation. *See, e.g.*, Prayer for Relief ¶ b (amending the prayer for relief in response to issues raised by Justices Thomas and Gorsuch); *Jennings v. Rodriguez ("Rodriguez IV")*, 138 S. Ct. 830,

2

858 (2018) (asserting "this case does not involve a habeas petition" because of, *inter alia*, the way Petitioners framed their request for relief). Such amendments are necessary to ensure this Court resolves Plaintiffs' claims based on the current factual and legal landscape. Respondents' objection to these amendments is utterly meritless.

The second set of proposed amendments alter the Subclass definitions in light of the clear instructions – from both the Supreme Court and the Ninth Circuit – that this case should now be decided on constitutional grounds. There is no ambiguity in these instructions. The Ninth Circuit "instruct[ed] the district court to consider and determine … [*inter alia*] (4) whether composition of the previously identified subclasses should be reconsidered [and] (5) the minimum requirements of due process to be accorded to all claimants that will ensure a meaningful time and manner of opportunity to be heard." *Rodriguez V*, 909 F.3d at 256. Yet, remarkably, Respondents assert this Court should deny Petitioners the opportunity to redefine the subclasses because they believe the Supreme Court "suggest[ed]" that any amendments to the class definition would be "futil[e]." Dkt. 512 at 5. But the Supreme Court made no such finding. To the contrary, the Supreme Court remanded with instructions to reconsider class certification, without limitation. *Rodriguez IV*, 138 S. Ct. at 851. Consistent with *Rodriguez IV*, the Ninth Circuit specifically instructed that this Court may "reconsider[]" the composition of the subclasses. *Rodriguez V*, 909 F.3d at 256. Amendment is therefore necessary for this Court to follow the Ninth Circuit's instructions.

Respondents also argue there are substantive problems with Petitioners' proposed redefinition. Dkt. 512 at 5. But this argument confuses amendment of the complaint with class certification: just because the Court grants Petitioners *leave to amend* does not mean it has to *certify* the new proposed subclasses. The parties will address the question whether the new subclasses should be certified, along with the other questions the Supreme Court and Ninth Circuit set forth, in subsequent

3

briefing. This motion concerns only whether Petitioners should be allowed to *request* certification of the new subclasses by amending the complaint. The answer to that question is governed by the law governing amendments, which must be permitted with "extreme liberality." *Eminence Capital, LLC*, 316 F.3d at 1051 (quotations and citation omitted). Respondents also suggest that the Court could alter the subclasses when it considers Respondents' planned motion to de-certify the class. Dkt. 512 at 5. But Respondents have not met and conferred on any such motion, much less explained the basis for the motion or how it could obviate the need for amendment of the complaint.

The third set of amendments concern the addition of proposed new named representative Mr. Cacho Castillo, who is subject to the Attorney General's decision in *Matter of M-S-*, 27 I&N Dec. 509 (A.G. 2019), which goes into effect on approximately July 15, 2019. *See* Dkt. 509 at 4-5. Respondents observe that Mr. Cacho Castillo has been released from custody. Dkt. 512 at 3-4. However, if and when Respondents implement *M-S-*, they will assert that they *must* detain Mr. Cacho Castillo and others like him without bond hearings. *See* Dkt. 509 at 4-5. *See generally* 8 C.F.R. § 1236.1(c)(9) (providing that a noncitizen's "release may be revoked at any time in the discretion of the [ICE] district director . . . , in which event the alien may be taken into physical custody and detained"). Therefore, Mr. Cacho Castillo has a present cognizable interest in avoiding prolonged confinement without a bond hearing. *Cf. Chang v. United States*, 327 F.3d 911, 921 (9th Cir. 2003) (holding that "[t]his Court does not require Damocles's sword to fall before we recognize the realistic danger of sustaining a direct injury") (internal quotations and citation omitted).

Respondents separately argue that because Mr. Cacho Castillo is in New York, he should not be added as a named representative. But he was here at the time the amended complaint was submitted. *Cf. Ex Parte Mitsuye Endo*, 323 U.S. 283, 307 (1944) (habeas jurisdiction is "in no way impaired or defeated" by the

"removal of the prisoner from the territorial jurisdiction of the District Court"). Moreover, while he is in New York now, the government routinely moves people around the country when they are in immigration custody, and nothing would stop Respondents from returning him here once *M-S-* takes effect.

  Respondents claim there is no *present* "interest of justice" served by this amendment, but they cannot dispute that they themselves have purported to change the law governing Mr. Cacho Castillo's entitlement to a bond hearing by issuing the *M-S-* decision. *See Matter of M-S-*, 27 I&N Dec. at 509 (overruling *Matter of X-K-*, 23 I&N Dec. 731 (BIA 2005), and holding that individuals like Mr. Cacho Castillo are no longer entitled to bond hearings). *See also* Dkt. 512 at 3 n.2 (acknowledging *M-S-*'s effect). Moreover, this Court set the amendment deadline for May 20, 2019, which was before *M-S-*'s effective date. Under these particular circumstances, Petitioners are entitled to protect the interests of class members under the constraints set by this Court and the legal changes Respondents themselves have put into effect.[1]

  Finally, Petitioners propose an amendment to add a claim under the Eighth Amendment, in direct response to the views expressed by several Supreme Court Justices. Dkt. 509 at 5. Respondents do not dispute that the Eighth Amendment has become relevant in light of the Supreme Court opinions in this case, but they oppose amendment merely because they intend to file a motion to dismiss the new claim. Dkt. 512 at 4. However, Petitioners' Eighth Amendment claim requires no additional discovery, and any briefing over the claim can easily be folded into the constitutional issues the parties must already brief. Dkt. 509 at 5. Court have

---

[1] Petitioners would not object to this Court denying the amendment now, provided that it permits Petitioners to amend the complaint whenever the M-S- decision goes into effect. However, Petitioners note that an amendment at some later date, during or after the parties' briefing on the questions set by the Supreme Court and Ninth Circuit, could actually delay this litigation, unlike the amendments Petitioners are proposing now.

| | |
|---|---|
| 1 | recognized that the mere "inconvenience[] [of] another round of motion practice" |
| 2 | "does not rise to the level of prejudice that would warrant denial of leave to |
| 3 | amend," particularly where there are "competing interests" of a plaintiff class. *See* |
| 4 | *Morse v. McWhorter*, 290 F.3d 795, 799, 801 (6th Cir. 2002). Respondents |
| 5 | therefore fail to meet their burden to show these amendments will result in |
| 6 | prejudice or undue delay sufficient to overcome Rule 15's "extreme liberality" |
| 7 | standard. *Eminence Capital, LLC*, 316 F.3d at 1051 (quotations and citation |
| 8 | omitted); *see also AmerisourceBergen Corp.*, 465 F.3d at 953. |
| 9 |     For these reasons, Defendants' cited cases, in which courts rejected |
| 10 | amendments that would result in additional discovery and undue delay, are plainly |
| 11 | inapposite. *See* Dkt. 512 at 4 (citing *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 |
| 12 | (9th Cir. 1990) (denying leave to amend where addition of claims would require |
| 13 | further discovery and force the opposing party to relitigate portions of related state |
| 14 | court action) and *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) |
| 15 | (denying leave to amend after all "dispositive motions ha[d] been filed, briefed, |
| 16 | and decided")). |
| 17 |     Moreover, here, Petitioners' proposed amendment directly responds to the |
| 18 | views stated by several Justices in the decision remanding the case for |
| 19 | consideration of the merits of Petitioners' constitutional claims. Indeed, courts |
| 20 | have suggested that *reopening a final judgment* to permit amendments to the |
| 21 | complaint would be warranted where intervening appellate authority creates a new |
| 22 | avenue for the relief sought in the case. *See Plestina v. Baetz*, 225 F. App'x 470, |
| 23 | 471 (9th Cir. 2007) (where party did not identify newly discovered evidence or |
| 24 | intervening change in law, failure to grant leave to amend was not clear error); |
| 25 | *Neely v. JP Morgan Chase Bank*, N.A., No. 16-01924, 2018 WL 6003562, at *1 |
| 26 | (C.D. Cal. Aug. 17, 2018) (motion to amend denied "because it does not present |
| 27 | any change in law that alters the reasoning or conclusions of the Court's original |
| 28 | order"). Here, where there is no final judgment, amendment is plainly warranted to |

permit Petitioners to plead a claim that several Justices cited as basis for the relief Petitioners seek.

     For all these reasons, the Court should grant Petitioners leave to amend.

                            Respectfully submitted,

                            ACLU OF SOUTHERN CALIFORNIA

Dated: June 24, 2019         By: /s/Ahilan T. Arulanantham
                                AHILAN T. ARULANANTHAM
                                Counsel for Petitioners