JOSEPH HUNT
Assistant Attorney General
Civil Division
WILLIAM PEACHEY
Director, Office of Immigration Litigation
EREZ REUVENI
Assistant Director
SARAH STEVENS WILSON
United States Department of Justice
    1801 Fourth Avenue North
    Birmingham, Alabama
    Telephone: (205) 244-2140
    Email: Sarah.Wilson2@usdoj.gov

Attorneys for Respondents

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>DAVID MARIN, Field Office Director, U.S. Immigration and Custom Enforcement, Los Angeles, *et al.*,<br><br>Respondents. | No. CV 07-3239-TJH (RNBx)<br><br>Hon. Terry J. Hatter, Jr.<br><br>**RESPONDENTS' NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT**<br><br>**MEMORANDUM AND POINTS OF AUTHORITY IN SUPPORT OF THE MOTION**<br><br>Date: October 7, 2019<br>Time: UNDER SUBMISSION<br>Ctrm: Honorable Judge Terry J. Hatter |

## DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

TO THE COURT AND TO PETITIONERS:

PLEASE TAKE NOTICE that on October 7, 2019, Respondents' Partial Motion to Dismiss the Fourth Amended Complaint under Rule 12(b)(1) and Rule 12(b)(6) will be taken under submission by the Court. Should a hearing take place, it will be held in the courtroom of the Honorable Terry J. Hatter, United States District Judge, located in Courtroom 9B of the First Street Courthouse, 350 W. 1st Street, Los Angeles, California, 90012.

This motion is based on the memorandum of points and authorities in support of this motion and the documents cited therein.

This motion is made following a conference of counsel pursuant to Local Rule 7-3 which took place telephonically on August 7, 2019.

Respectfully Submitted,

JOSEPH HUNT
Assistant Attorney General
Civil Division
WILLIAM PEACHEY
Director, Office of Immigration Litigation
EREZ REUVENI
Assistant Director

*/s/ Sarah Stevens Wilson*
SARAH STEVENS WILSON
United States Department of Justice
1801 Fourth Avenue North
Birmingham, Alabama
Telephone: (205) 244-2140
Email: Sarah.Wilson2@usdoj.gov

*Attorney for Respondents*

## MEMORANDUM AND POINTS AND AUTHORITIES

The parties have conferred and determined that, in order to avoid duplicative briefing, the majority of the issues raised by the Fourth Amended Complaint (FAC) can be addressed in other remand briefing, including Respondents' forthcoming motion to decertify the class and vacate the injunction, and the parties' subsequent cross-briefing on the merits. Three issues remain. First, Alex Cacho Castillo, the only new Petitioner added in the FAC, should be dismissed because FAC does not plead any claim that can be brought by Cacho Castillo as he was released prior to the filing of the FAC and before he was detained long enough to become a member of the certified class. Second, Count One should be dismissed in its entirety. Count One asserts that the subclasses are *statutorily* entitled to bond hearings under the Immigration and Nationality Act (INA) after 180 days of immigration detention. The Supreme Court has already definitively foreclosed Petitioners' statutory interpretation of the INA's pre-final order detention provisions (8 U.S.C. §§ 1225(b)(1)(B)(iii)(IV); 1225(b)(2)(A); 1226(a); 1226(c)) and the Ninth Circuit has dismissed Petitioners' claims under the INA's post-order provision (8 U.S.C. § 1231). Finally, the Court lacks jurisdiction to entertain Count Four because it expands the scope of the issues remanded by the Supreme Court and the Ninth Circuit.

## LEGAL STANDARD

### A. Rule 12(b)(1) Standard

Federal courts may only hear a case if authorized to do so by statute or by the Constitution. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A challenge to subject matter jurisdiction is properly decided under Federal Rule of Civil Procedure 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *see Robinson v. U.S.,* 586 F.3d 683, 685 (9th Cir. 2009) ("Unless the jurisdictional issue is inextricable from the merits of a case, the court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1)[.]"). Because federal courts are courts of limited jurisdiction, it is "presumed that a cause lies outside this

limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Vacek v. United States Postal Service*, 447 F.3d 1248, 1250 (9th Cir. 2006). In addition, a court's subject matter jurisdiction is limited to matters "ripe" for adjudication, and if a case is not ripe, the court should dismiss it. Fed. R. Civ. P. 12(b)(1); *Chandler v. State Farm Mutual Automobile Insurance Co.,* 598 F.3d 1115, 1121, 1122 (9th Cir. 2010).

A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). When a defendant makes a factual challenge "by presenting affidavits or other evidence properly before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id*. (citations and quotations omitted). The court need not presume the truthfulness of Plaintiffs' allegations under a factual attack. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the court must "accept all allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiffs." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

**B. Rule 12(b)(6) Standard**

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Dismissal under Rule 12(b)(6) is appropriate when the complaint lacks a cognizable legal theory or the absence of sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Medical Center*, 521 F.3d 1097, 1104 (9th Cir. 2008). "To survive a motion to dismiss, a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must include "sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Id*. (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). Under Rule 12(b)(6), allegations of fact in the complaint are taken as true and are construed in the light most favorable to the nonmoving party. *Spreewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## ARGUMENT

### A. Cacho Castillo does not have a ripe challenge to detention exceeding six month and must be dismissed from the FAC.

The FAC challenges the Respondents' authority to hold Cacho Castillo under 8 U.S.C. § 1226(a) for a period exceeding six months without a bond hearing. Cacho Castillo cannot plead that claim, however, because he was released on bond prior to reaching the six-month mark and he is not a representative for or member of any certified class. Therefore, the Court does not have jurisdiction over Cacho Castillo's claims, both as a matter of habeas jurisdiction and ripeness, and even if it did, Cacho Castillo fails to state any claim based on being detained for six months or longer.

Cacho Castillo was initially detained in early 2019. At that time, he was eligible for a bond hearing under the Board of Immigration Appeals decision in *Matter of X-K*, 23 I. & N Dec. 731 (BIA 2005), overruled by *Matter of M-S-*, 27 I. & N. Dec. 509, 518 (BIA 2019). On May 24, 2019, after fewer than five months of immigration detention, he was afforded a *Matter of X-K-* bond hearing and ordered released on a $1,500 bond. ECF 512-1 (Cacho Castillo Immigration Bond Order); ECF 512-2 at 3 (Cacho Castillo release); ECF 515 at ¶ 21 (confirming total detention time). He subsequently settled in New York and the government moved to change the venue of his immigration case to New York. ECF 512-2. Cacho Castillo is not a member of the class and does not plead any basis for concluding that he is likely to become a class member. Nor could he; he was released from custody well short of the six-month

mark required for class membership, and has moved out of the Central District of California. *See* 512-2 at 3; ECF 515 at ¶ 21. As a result, even if he is again detained, he has no reasonable prospect of class membership.

At a jurisdictional and statutory minimum, a habeas claim brought under 28 U.S.C. § 2241 requires that the petitioner be in custody as a result of challenged governmental conduct. "[J]urisdiction is usually determined from the filing of the relevant complaint." *Cabaccang v. U.S. Citizenship & Immigration Servs.*, 627 F.3d 1313, 1317 (9th Cir. 2010). On the date that the FAC was filed, however, Cacho Castillo was not in custody as a result of the conduct challenged in the FAC. *See* 512-1 (release order dated May 2019); 512-2 (confirming release); ECF 515 at ¶ 21 (filed July 11, 2019). Cacho Castillo had been released on a minimum bond, *see* 8 U.S.C. § 1226(a)(2)(A), and afforded precisely the constitutional entitlement asserted here: the right to be considered and released on bond. Thus, Petitioner was not "in custody" as a result of the unconstitutional actions asserted in the FAC. The habeas claim fails both jurisdictionally and substantively under 28 U.S.C. § 2241.

In addition, the claims in the FAC are not ripe as to Cacho Castillo. A plaintiff must allege facts giving rise to a case or controversy which is ripe for adjudication. *See United States Nat'l Bank of Or. v. Indep. Ins. Agents of Am.*, 508 U.S. 439 (1993). The claims in the complaint are exclusively focused on constitutional and statutory violations occurring after detention exceeds six months. Cacho Castillo's challenge to detention exceeding six months is premature and, to the extent it was premised on imminent, future harm, was mooted by his release and transfer to New York. *See Cabaccang,* 627 F.3d at 1317 ("[A]fter-arising events can defeat jurisdiction by negating the ripeness of a claim."). He has not plead any basis for concluding that he is likely to be redetained and any challenge to future detention is highly speculative. Therefore, Cacho Castillo has not stated a ripe claim for relief and has not established any basis for asserting habeas jurisdiction here. He should be dismissed as a Petitioner.

### B. Count One must be dismissed consistent with binding precedent.

In Count One, Petitioners reassert the very same statutory claims that they lost in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), and purport to revive a subclass declared void in *Rodriguez v. Robbins*, 804 F. 3d 1060 (9th Cir. 2015) ("*Rodriguez III*"). Both of these published decisions are binding on this Court and require that Count One be dismissed in its entirety.

The Supreme Court has resolved Count One with respect to all of the pre-final order detention statutes. In *Jennings*, the Supreme Court rejected Petitioners' interpretations of 8 U.S.C. §§ 1225(b)(1)(B)(iii)(IV); 1225(b)(2)(A); 1226(a); 1226(c), as expiring after six months of detention. Because the claim has already been rejected by the Supreme Court, the final authority on the matter, these claims cannot (and need not) be preserved in the FAC.

Neither can Petitioners disregard the Ninth Circuit's decision dismissing the statutory claims brought by the section 1231/post-order subclass. *Rodriguez III,* 804 F. 3d at 1088 ("Simply put, the § 1231(a) subclass does not exist. The district court's grant of summary judgment and permanent injunction are therefore reversed to the extent they pertain to individuals detained under § 1231(a)."). That ruling remains published, binding precedent. *Kotler v. Am. Tobacco Co.*, 981 F.2d 7, 13 (1st Cir. 1992); *see Nw. Envtl. Def. Ctr. v. Decker*, 728 F.3d 1085, 1086 (9th Cir. 2013) ("[W]hen he Supreme Court reverses this court . . . it leaves unchanged the law of this circuit on issues not reached by the Court.") (quoting *Misic v. Bldg. Serv. Emps. Health & Welfare Trust,* 789 F.2d 1374, 1379 (9th Cir. 1986)). As such, this Court does not have the authority to overrule it and must apply it here. *Biggs v. Sec'y of Cal. Dep't of Corr. & Rehab.*, 717 F.3d 678, 689 (9th Cir. 2013) (district courts are bound by a prior circuit decision unless that decision is "clearly irreconcilable with intervening Supreme Court precedent"). No statutory claims remain in this case, and therefore Count One should be dismissed.

### C. Count Four should be dismissed as outside of the scope of the Supreme Court's remand order.

This Court lacks jurisdiction to expand the questions beyond those remanded by the Supreme Court. The general rule is that when the Supreme Court remands in a civil case, the lower courts should confine the ensuing inquiry to matters coming within the specified scope of the remand. *Hermann v. Brownell,* 274 F.2d 842, 843 (9th Cir. 1960) (the appellate court's jurisdiction "is rigidly limited to those points, and those points only, specifically consigned to our consideration by the Supreme Court"), *cert. denied,* 364 U.S. 821 (1960). Here, the Supreme Court has carefully directed the issues that must be addressed on remand. This Court cannot expand the issues the Supreme Court directed be considered on remand to include new constitutional claims. Therefore, Count Four must be dismissed for lack of jurisdiction.

### CONCLUSION

For the reasons set forth above, Petitioner Alex Cacho Castillo and Counts One and Four should be dismissed from the FAC.

Respectfully Submitted,

JOSEPH HUNT
Assistant Attorney General
Civil Division
WILLIAM PEACHEY
Director, Office of Immigration Litigation
EREZ REUVENI
Assistant Director

*/s/ Sarah Stevens Wilson*
SARAH STEVENS WILSON
United States Department of Justice
1801 Fourth Avenue North
Birmingham, Alabama
Telephone: (205) 244-2140
Email: Sarah.Wilson2@usdoj.gov

*Attorney for Respondents*

**CERTIFICATE OF SERVICE**

I certify that on August 22, 2019, I filed the foregoing through the Court's CM/ECF system, which will deliver a copy to all counsel of record in this matter.

                         /s/ *Sarah Stevens Wilson*
                         SARAH STEVENS WILSON
                         United States Department of Justice