AHILAN T. ARULANANTHAM (SBN 237841)
aarulanantham@aclusocal.org
MICHAEL KAUFMAN (SBN 254575)
mkaufman@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5211
Facsimile: (213) 977-5297

Attorneys for Petitioner
(Additional counsel listed on following page)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, ALEX CACHO CASTILLO for themselves and on behalf of a class of similarly-situated individuals, <br><br> Petitioners, <br><br> v. <br><br> WILLIAM BARR, United States Attorney General; KEVIN MCALEENAN, Acting Secretary, Homeland Security; JAMES MCHENRY, Director, Executive Office for Immigration Review; DAVID MARIN, Field Office Director, Los Angeles District, Immigration and Customs Enforcement; DON BARNES Sheriff of Orange County; OFFICER NGUYEN, Officer-in-Charge, Theo Lacy Facility; LUKE SOUTH, Commander, Theo Lacy Facility; LISA VON NORDHEIM, Captain, James A. Musick Facility; TERRY NELSEN, Assistant Field Office Director, Adelanto Detention Facility, <br><br> Respondents. | Case No. CV 07-3239-TJH (RNBx) <br><br> **OPPOSITION TO RESPONDENTS' PARTIAL MOTION DISMISS FOURTH AMENDED COMPLAINT** <br><br> The Honorable Terry J. Hatter, Jr. |

Additional counsel:

JUDY RABINOVITZ
jrabinovitz@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY  10004
Telephone:  (212) 549-2618
Facsimile:  (212) 549-2654

MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS'RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Telephone:  (415) 343-0779
Facsimilie:  (415) 395-0950

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.staford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone:  (650) 724-2442
Facsimile:  (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600

**OPPOSITION TO RESPONDENTS' PARTIAL MOTION TO DISMISS FOURTH AMENDED COMPLAINT**

The Court should deny Respondents' partial motion to dismiss certain portions of Petitioners' Fourth Amended Complaint ("FAC").

Respondents err in arguing that Mr. Cacho Castillo is not a proper plaintiff. He was incarcerated at the time Petitioners moved to add him as a plaintiff. Therefore, under governing circuit precedent, the Complaint "relates back" his status to that time for purposes of standing. Respondents' various other objections to his inclusion are meritless. Most important, Respondents contend that Mr. Cacho Castillo should be subject to mandatory confinement for the duration of his removal proceedings under their interpretation of Section 1225(b). Petitioners disagree, and that controversy creates a justiciable dispute for this Court to resolve. *Infra* Section I.

Respondents also err in asserting Petitioners' statutory claims must be dismissed. The FAC does not plead a statutory claim on behalf of the Section 1225(b), Section 1226(a), and Section 1226(c) Subclasses, as it expressly acknowledges that the Supreme Court rejected those claims. *See* Dkt. 515 at 31 n.12 (observing that "The Supreme Court has rejected this claim as to all but the Post-Order Custody Review sub-class."). However, Petitioners may pursue their statutory claim for the Section 1231(a) Subclass. That claim is controlled by *Diouf v. Napolitano* (*Diouf II*), 634 F.3d 1081, 1091 (9th Cir. 2011), which construed Section 1231(a) to require bond hearings where the government bears the burden of proof once detention exceeds six months. *Diouf II* is the earliest (and therefore binding) Ninth Circuit opinion with respect to the Section 1231(a) Subclass. *Infra* Section II.

Respondents similarly err in asserting this Court should dismiss their Eighth Amendment claim. The Ninth Circuit's remand order leaves every issue open for this Court's consideration, which is understandable given the changes to the legal landscape that have occurred in the *six years* since this Court last adjudicated this

case. *See Rodriguez v. Marin (Rodriguez V)*, 909 F.3d 252, 257 n.2 (9th Cir. 2018) ("By referencing the issues spotted by the *Rodriguez* majority, we do not intend to restrict the district court from considering any other relevant issue."). The Ninth Circuit's instruction to this Court is fully consistent with the Supreme Court's decision. The Supreme Court remanded with instructions to consider Petitioners' constitutional right to a bond hearing, and Justice Breyer's opinion makes clear that the Eighth Amendment may be relevant to the disposition of that constitutional issue. *Infra* Section III.

## ARGUMENT

### I. This Court Should Not Dismiss Petitioner Cacho Castillo

Respondents err in suggesting this Court must dismiss Petitioner Cacho Castillo. As explained in the Petitioners' Motion to Amend, Dkt. 509, that this Court granted, Dkt. 514, the Court should permit Petitioner Cacho Castillo to serve as a Class Representative because Respondents contend he is subject to mandatory detention. Indeed, Respondents' motion conspicuously declines to state that Mr. Cacho Castillo is entitled to remain released on bond notwithstanding the Attorney General's decision in *Matter of M-S-*, 27 I&N Dec. 509 (A.G. 2019), which overruled *Matter of X-K-*, 23 I&N Dec. 731 (BIA 2005). Because Respondents claim the legal authority to subject Petitioner Cacho Castillo to mandatory detention, his claim—that he cannot be detained absent the relief Petitioners seek—remains justiciable.

Respondents contend that Mr. Cacho-Castillo is nonetheless an improper Petitioner because he was released before the FAC was filed. However, Mr. Cacho-Castillo was still confined at the time the *Motion to Amend* was filed, and that is the critical date for these purposes. "[M]any cases from around the country hold[] that '[w]hen a plaintiff seeks to add a new defendant in an existing action, the date of the *filing of the motion to amend* constitutes the date the action was commenced for statute of limitations purposes.'" *Villanueva v. Liberty Acquisitions*

2

*Servicing, LLC*, 215 F. Supp. 3d 1045, 1057 (D. Or. 2016) (quoting *Rothman v. Gregor*, 220 F.3d 81, 96 (2d Cir. 2000)) (emphasis added).

The same principle applies to motions for leave to file an amended complaint. Although it has not addressed this precise issue, the Ninth Circuit has recognized that "even if the district court has not yet addressed the class certification issue, mooting the putative class representative's claims will not necessarily moot the class action." *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1090 (9th Cir. 2011). Courts recognize a mootness exception for "an inherently transitory claim [that] will repeat as to the class . . . because 'it is certain that other persons similarly situated' will the same complaint." *Id.* (quoting *Gerstein v. Pugh*, 420 U.S. 103, 110 n. 11 (1975). "In such cases, the named plaintiff's claim is 'capable of repetition, yet evading review,' and "'the 'relation back' doctrine is properly invoked to preserve the merits of the case for judicial resolution.'" *Id.* (quoting *Gerstein*, 420 U.S. at 110 n. 11 and *County of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991)). Because cases involving immigration detainees present a paradigmatic example of "inherently transitory" claims, *see, e.g., Hernandez v. Lynch*, 2016 WL 7116611, at *13 (C.D. Cal. Nov. 10, 2016), Mr. Cacho Castillo's claims must "relate back" to the filing of his motion to amend to preserve the merits of the case for judicial review. [1]

While Respondents are correct that Mr. Cacho Castillo received a bond hearing and posted the bond set, he received that bond hearing under *X-K-*, as Respondents acknowledge. Dkt. 521 at 5. Respondents contend that decision is no longer good law because it was overruled by *Matter of M-S-*, rendering the

---

[1] Respondents cite *Cabaccang v. USCIS*, 627 F.3d 1313, 1317 (9th Cir. 2010) for the proposition that "after-arising events can defeat jurisdiction by negating the ripeness of a claim," but *Cabaccang* described that as an exception to the general rule that "jurisdiction is usually determined from the filing of the relevant complaint." *Id.* The concerns about "racing to the courthouse" that justified the exception there do not apply here, where administrative exhaustion is not at issue.

resulting bond order invalid. *See id*. Therefore, and contrary to Respondents' claims, Mr. Cacho Castillo likely would become a class member were *M-S-* permitted to go into effect, as the government would claim authority to subject him to mandatory confinement. That risk suffices to establish Mr. Cacho Castillo's standing to seek injunctive relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (holding that a plaintiff has standing if he can show a "real or immediate threat that [he] will be wronged" by allegedly unlawful policies).

To the extent Respondents suggest the Court independently lacks habeas jurisdiction, that claim is meritless. Mr. Cacho Castillo was released on a $1,500 bond and "other" conditions of supervision. *See* Dkt. 512-1; 512-2. The Ninth Circuit held *in this case* that such releases do not render moot a habeas petition seeking a bond hearing where the government would bear the burden of proof. *See Rodriguez v. Hayes, (Rodriguez I)*, 591 F.3d 1105, 1117 (9th Cir. 2010); *see also Jones v. Cunningham*, 371 U.S. 236, 242 (1963) (possibility of re-arrest for violating terms of release suffices to establish habeas jurisdiction).

Respondents also raise several technical objections to Mr. Cacho Castillo's status as a class member, but they all lack merit. First, they contend he was released prior to becoming a class member. That is true, but only because *Matter of M-S-* had not gone into effect at the time of his hearing. It could do so in the future, at which point Respondents would contend he is subject to mandatory detention. That risk is "real" enough to establish standing. *See Lyons*, 461 U.S. at 111. Second, they contend Mr. Cacho Castillo went to New York after his release from ICE custody in this District. This is also true, but again does not eliminate the risk that he will be re-detained. Nor does it mean he will not be returned to this district. On the contrary, ICE routinely transfers people in its custody around the country, and asserts discretionary authority to do so. *See* "ICE Policy 11022.1: Detainee Transfers," *available at* https://www.ice.gov/doclib/detention-reform/pdf/hd-detainee-transfers.pdf.

Finally, permitting Mr. Cacho Castillo to remain as a Petitioner also makes practical sense. His bond order remains valid because *M-S-* has not gone into effect; it has been challenged in other litigation. *See generally Padilla v. ICE*, 387 F. Supp. 3d 1219, 1223 (W.D. Wash. 2019). If *M-S-* goes into effect, the question whether individuals subject to mandatory detention under that case should receive bond hearings after six months under this Court's injunction will present distinct legal issues. By definition, such individuals have entered the United States, and therefore are not subject to the "entry fiction," *see Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953). However, they have been in the United States for shorter periods of time and therefore, in Respondents' view, are entitled to fewer due process protections. *See* Memorandum of Points and Authorities in Opposition to the Motion for Preliminary Injunction at 36, *Make the Road New York v. McAleenan*, No. 1:19-cv-02369-KBJ, ECF 25 (D.D.C. argued Sept. 6, 2019) ("[U]nlawfully present aliens who have not been admitted or paroled lack any due process rights with respect to their applications for admission other than rights provided by Congress."). Petitioners obviously disagree with that view, as have the courts thus far. But unless the Court permits Mr. Cacho Castillo to remain as a named representative at this time, Petitioners will likely have to amend the complaint *again* if and when *M-S-* goes into effect, even if briefing before this Court is otherwise complete.

Therefore, both doctrinal and practical reasons counsel in favor of permitting Mr. Cacho Castillo to remain as a Petitioner in this case.

**II.     This Court Should Not Dismiss Petitioners' Statutory Claims**

As noted in the introduction, Defendants misread the FAC insofar as they believe Petitioners have plead statutory claims on behalf of the Section 1225(b), Section 1226(a), and Section 1226(c) Subclasses. *See See* Dkt. 515 at 31 n.12 (observing that "The Supreme Court has rejected this claim as to all but the Post-Order Custody Review sub-class."). The Supreme Court's decision in *Jennings*

5

therefore provides no basis for dismissing Plaintiffs' statutory claim, as they now pursue that claim only on behalf of the Section 1231(a) Subclass.

Respondents also err in arguing this Court should dismiss the statutory claim for the Section 1231(a) Subclass. Contrary to Respondents' contention, that class plainly does still exist. Indeed, the entitlement to bond hearings for such individuals outside the Central District is now subject to litigation in other districts. *See Aleman Gonzalez v. Sessions*, 325 F.R.D. 616, 619 (N.D. Cal. 2018) (observing that "the Central District of California and the Western District of Washington have certified classes of detainees under section 1231(a)(6)"); *Baños v. Asher*, 2018 WL 1617706 (W.D. Wash. 2018).[2] Their entitlement to hearings within this District remains established by this Court's injunction.

Respondents nonetheless seek dismissal based on the Ninth Circuit's decision in *Rodriguez III*, in which it stated that the Section 1231(a) Subclass "does not exist." However, that ruling was incorrect as to that point even before the Supreme Court reversed it, because it contravened the Ninth Circuit's prior decision in *Diouf v. Napolitano (Diouf II)*, 634 F.3d 1081, 1091 (9th Cir. 2011) (holding that individuals held under Section 1231(a) are entitled to bond hearings when their detention exceeds six months). The Ninth Circuit has acknowledged *Diouf II*'s holding even after *Rodriguez III*. In holding that individuals in "withholding-only" proceedings are detained under color of Section 1231(a), the Ninth Circuit recognized that "[w]e previously have held that 'individuals detained under § 1231(a)(6) are entitled to the same procedural safeguards against prolonged detention as individuals detained under § 1226(a).' Diouf v. Napolitano, 634 F.3d 1081, 1084 (9th Cir. 2011)." *Padilla-Ramirez v. Bible*, 882 F.3d 826, 830 (9th Cir. 2017).

---

[2] Petitioners prevailed in district court in both of those cases, and the government has now appealed in both. The cases are currently scheduled for argument in November 2019.

1    Thus, while Plaintiffs agree with Respondents that those portions of a Ninth
2 Circuit opinion not specifically reversed by the Supreme Court remain good law,
3 *see* Dkt. 521 at 7 (citing *Nw. Envtl. Def. Ctr. v. Decker*, 728 F.3d 1085 (9th Cir.
4 2013)), that rule only leaves *Rodriguez III* with the same status as any other Ninth
5 Circuit opinion. Because *Diouf II* was decided before *Rodriguez III*, it controls.
6 When two Ninth Circuit opinions conflict, a district court is bound to follow the
7 earlier one. *See Maner v. Dignity Health*, 350 F. Supp. 3d 899, 909 (D. Ariz. 2018)
8 ("[T]he Ninth Circuit has instructed that the earlier case … controls over the later
9 inconsistent case … because the panel that decided the later case had no authority
10 to overrule Ninth Circuit precedent."); *Fluck v. Blevins*, 969 F.Supp. 1231, 1236-
11 37 (D. Or. 1997) ("When two Ninth Circuit panel decisions conflict, the trial court
12 ordinarily follows the older case. That is because one Ninth Circuit panel cannot
13 overrule another.") (citing cases). This Court should not depart from that rule,
14 particularly where the Ninth Circuit, subsequent to *Rodriguez III*, has reaffirmed
15 that the Section 1231(a) subclass does in fact exist, and that they are entitled to
16 bond hearings. *Padilla-Ramirez*, 882 F.3d at 836

17 **III.    This Court Should Not Dismiss the Eighth Amendment Claim**
18    The Court also should not dismiss Petitioners' Eighth Amendment claim.
19 Respondents suggest this Court has no authority to revisit issues beyond those
20 specifically listed in the Supreme Court's opinion. Dkt. 521 at 8 (citing *Hermann*
21 *v. Brownell*, 274 F.2d 842 (9th Cir. 1960)). However, *Hermann* concerns the scope
22 of the circuit court's authority in a case remanded from the Supreme Court. *Id*. at
23 843. But the Supreme Court did not remand this case to *this* Court. It remanded to
24 the Ninth Circuit. The Ninth Circuit remanded the case to this Court; thus, the
25 scope of the *Ninth Circuit's* remand order governs these proceedings. The Ninth
26 Circuit's remand order clearly gave this Court authority to consider "any other
27 relevant issue" in this case, *Rodriguez V*, 909 F.3d at 257 n.2, which was
28 understandable given the dramatic changes in the legal landscape in the six years

7

since this Court last considered Petitioners' claims.

Even if this Court were free to interpret the Supreme Court's remand order to the Ninth Circuit on a clean slate, it should still reject Respondents' view. Nothing in the Supreme Court's decision forecloses Plaintiffs from bringing an Eighth Amendment claim. On the contrary, the Court remanded with instructions for the Ninth Circuit to consider Petitioners' constitutional arguments on the merits. *Rodriguez IV*, 130 S.Ct. at 851. Justice Breyer's discussion of the constitutional issues strongly suggested the Eighth Amendment is relevant to any disposition of the constitutional issues. *Id.* at 862 (Breyer, J., dissenting) ("The Eighth Amendment reinforces the view that the Fifth Amendment's Due Process Clause does apply."). These passages make clear that Petitioners are free to add new constitutional claims given the changes to the legal landscape that have occurred since this Court granted summary judgment six years ago.

## CONCLUSION

For these reasons, the Court should deny Respondents' motion to dismiss.

Respectfully submitted,

ACLU OF SOUTHERN CALIFORNIA

Dated:  September 16, 2019        By: /s/ Ahilan T. Arulanantham
                                  AHILAN T. ARULANANTHAM
                                  Counsel for Petitioners