JOSEPH HUNT
Assistant Attorney General
Civil Division
WILLIAM PEACHEY
Director, Office of Immigration Litigation
EREZ REUVENI
Assistant Director
SARAH STEVENS WILSON
United States Department of Justice
1801 Fourth Avenue North
Birmingham, Alabama
Telephone: (205) 244-2140
Email: Sarah.Wilson2@usdoj.gov

Attorneys for Respondents

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>DAVID MARIN, Field Office Director, U.S. Immigration and Custom Enforcement, Los Angeles, *et al.*,<br><br>Respondents. | No. CV 07-3239-TJH (RNBx)<br><br>Hon. Terry J. Hatter, Jr.<br><br>**RESPONDENTS' REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT**<br><br>Date: October 7, 2019<br>Time: UNDER SUBMISSION<br>Ctrm: Honorable Judge Terry J. Hatter |

Respondents moved to dismiss on three discrete aspects in the Fourth Amended Complaint (FAC): (1) the new Petitioner Alex Cacho Castillo; (2) the previously-rejected Count One, which repleads the Section 1231 Subclass's statutory entitlement to a bond hearing; and (3) newly-added Count Four, which asserts a new constitutional right to a bond hearing under the Eighth Amendment.

First, the FAC does not plead any claim that can be brought by Alex Cacho Castillo. The FAC exclusively pleads a class habeas challenge to the constitutionality of detaining immigrants for a period exceeding 180 days. Because Cacho Castillo was released prior to being able to bring that habeas claim, he is not a jurisdictionally-appropriate Petitioner in this case. Rather than address Respondents' argument related to Cacho Castillo's ability to assert the existing class claim at this time, Petitioners offer a host of reasons why Cacho Castillo might *in the future* share the class claim. None of these arguments demonstrate that this Court has habeas jurisdiction to hear a claim that detention in excess of 180 days violates the due process clause brought by an individual who was released prior to crossing that threshold. Cacho Castillo does not share the claims raised in the FAC and there is no habeas jurisdiction to preemptively remedy a future detention challenge. He should be dismissed as a party.

Second, Count One should be dismissed. Count One asserts that the Section 1231 Subclass is statutorily entitled to bond hearings under the Immigration and Nationality Act (INA) after 180 days of immigration detention. The Ninth Circuit has already directed this Court to reverse the judgment it previously entered on this very same claim as to the Section 1231 Subclass. Petitioners suggest that this Court need not follow the Ninth Circuit's order for reasons that amount to little more than the Petitioners themselves disagree with the Court's reasoning. That is not a basis for relief here. Therefore, the Court should dismiss Court One consistent with the Ninth Circuit's prior order.

Finally, the Court lacks jurisdiction to entertain Count Four because it expands the scope of the issues remanded by the Supreme Court. Petitioners do not dispute that

1

such an expansion is ordinarily barred, but suggest that the Ninth Circuit's remand order—permitting consideration of "any relevant issue"—is sufficient to overcome a settled jurisdictional bar. It is not, and even if it were sufficiently specific, the Ninth Circuit court not transfer jurisdiction to this Court that it did not otherwise have. Therefore, Count Four should be dismissed.

### A. Cacho Castillo does not have a ripe challenge to detention exceeding six month and must be dismissed from the FAC.

Petitioner's arguments regarding Cacho Castillo all miss the fundamental problem with his inclusion in this lawsuit: he cannot (and has never been able to) plead the habeas claim brought by the class here, and, as a result of his release, he does not have a ripe challenge to detention exceeding 180 days. Petitioners admit that Cacho Castillo is and has never been a member of the certified class: he was not denied a bond hearing and was released prior to reaching 180 days of custody. Pet. Opp. at 6. The FAC exclusively pleads a class habeas claim based on due process violations alleged to occur when physical immigration custody extends beyond 180 days. Therefore, because the petition does not include any habeas claim that can be asserted by Cacho Castillo at this time, and he must be dismissed as a Petitioner.

Petitioners first assert that the Court has jurisdiction because Cacho Castillo's claims "relate back" to the date Petitioners' moved to amend the complaint.[1] Pet. Opp. at 4-5. But even if Cacho Castillo's habeas claim related back to the date of filing (when he was in immigration custody), it does not address the fact that as of the date of the motion to amend, Cacho Castillo could not plead a challenge to immigration detention in excess of 180 days. He was not a class member on that date either and

---

[1] Notably, none of the cases cited by Petitioner's support applying a relation back theory in this manner. Rather, the cases exclusively apply this doctrine to cases involving statutes of limitations for claims—not to parties to the action. *See id*. In addition, the justification Petitioners provide for applying their novel theory here is the same justification courts use for relating back to the date of filing, not to the date of the motion. *Id*.

therefore did not have a ripe challenge to prolonged detention exceeding 180 days. Further, even if Cacho Castillo's claim was ripe at the time, his subsequent release negated the ripeness of his claim. *Cabaccang v. U.S. Citizenship & Immigration Servs.,* 627 F.3d 1313, 1317 (9th Cir. 2010) ("[A]fter-arising events can defeat jurisdiction by negating the ripeness of a claim."). Petitioners' hypothetical musings that Cacho Castillo may again be detained are purely speculative and fail to satisfy the "actual" or "imminent" standards.[2] *See United States Nat'l Bank of Or. v. Indep. Ins. Agents of Am.,* 508 U.S. 439 (1993). Thus, the relation back doctrine does not change the outcome here.

Petitioners' "in-custody" arguments suffer from similar issues. Petitioners argue that Cacho Castillo can satisfy the "in-custody" requirement for habeas jurisdiction because he is under a bond order. Pet. Opp. at 6. But this does nothing to establish that the claim raised here is ripe. Cacho Castillo is not challenging his bond order in the FAC. Rather, the FAC exclusively challenges the constitutionality of a situation Cacho Castillo has never faced and it wholly irrelevant to the terms of his custody order. Thus, Petitioner's in-custody argument does little more than to suggest that Petitioner may have another jurisdictionally-appropriate challenges. It does not demonstrate that he that he can bring the one he has raised here.

Finally, Petitioners contend that as a practical matter it makes sense to allow Cacho Castillo's claim to go forward here to avoid another round of amendments. Pet. Opp. at 7. But the practical reality is Cacho Castillo cannot participate in this case if

---

[2] Contrary to Petitioners' suggestion, the burden is not on Respondents to disprove ripeness; it is on the Petitioner to demonstrate with particularly that the risk of future detention is actual and imminent and that it will give rise to the claim brought here. *See United States Nat'l Bank of Or.,* 508 U.S. 439. In this case, the government remains subject to an injunction that requires that individuals like Cacho-Castillo to be afforded bond hearings. Even if that injunction were lifted, there has been no indication that the government would cancel bond entered or redetain those (like Cacho Castillo) who were awarded minimum bonds—much less that he would then be transferred back to California.

3

he is not a member of the certified class. As the Supreme Court "has repeatedly held, a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *E. Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403, 97 S. Ct. 1891, 1896, 52 L. Ed. 2d 453 (1977) (citing *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 216 (1974).

Cacho Castillo has not stated a ripe claim for relief and has not established any basis for asserting preemptive habeas jurisdiction to challenge any future detention here. He should be dismissed as a Petitioner.

### B.   Count One must be dismissed consistent with binding precedent.

Count One, in which Petitioners assert a *statutory* right to automatic bond hearing after 180 days, should be dismissed because all of Petitioners' statutory claims have been resolved in prior appeals in this case. In *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), the Supreme Court determined that three of the four subclasses—the 1226(a), 1226(c), and 1225(b) subclasses—have no statutory right to these hearings. Prior to that, in *Rodriguez v. Robbins*, 804 F.3d 1060, 1088 (9th Cir. 2015) ("*Rodriguez III*"), the Ninth Circuit ordered this Court to reverse its grant of summary judgment and entry of an injunction as to the Section 1231 Subclass, and held that the Section 1231 Subclass "does not exist."

In opposition, Petitioners clarify that Court One includes only a statutory claim asserted on behalf of the Section 1231 Subclass. Petitioners also concede that the Ninth Circuit's order dismissing the claims of the Section 1231 Subclass "remain good law." Pet. Opp. at 8; *see also Nw. Envtl. Def. Ctr. v. Decker*, 728 F.3d 1085, 1086 (9th Cir. 2013); *Misic v. Bldg. Serv. Emps. Health & Welfare Trust,* 789 F.2d 1374, 1379 (9th Cir. 1986). Petitioners nonetheless suggest that this Court can ignore the Ninth Circuit's order because Petitioners' believe it is inconsistent with the Ninth Circuit's 2011 decision in *Diouf v. Napolitano*, 634 F.3d 1081 (9th Cir. 2011)—a decision which the *Rodriguez III* Court thoroughly discussed and cited throughout the decision. Petitioners' attempt to manufacture a conflict is strained, and provides no

basis for this Court to ignore an unambiguous published order entered by the reviewing court in this case. The Court must follow *Rodriguez III* strike Count One from the FAC.

Petitioners cite only two non-binding district court cases to support their remarkable position that this Court can ignore a published holding of the Ninth Circuit directing dismissal of the Section 1231(a) Subclass's claim. Pet. Opp. at 9 (citing *Maner v. Dignity Health*, 350 F. Supp. 3d 899, 909 (D. Ariz. 2018) and *Fluck v. Blevins*, 969 F. Supp. 1231, 1236 (D. Or. 1997)). Neither case cited by Petitioners deals with an order entered in a prior appeal *in the very same case*. Both case presume that the later decision was clearly irreconcilable with the first, but that the later panel was either unaware of the prior decision or attempting to impermissibly overrule it. These cases are inapplicable here.

First, neither case deals with the situation here, where one of the decisions was issued by the appellate court in a prior review of the very same case. Here, the *Rodriguez III* ruling was not merely a description of an abstract legal principle, but an order specifically directed to the 1231 Subclass in this case. Thus, it is very different from the cases cited by Petitioners, where decades after either circuit decision, a district court with a similar issue was left to make a judgment call between two unrelated precedential decisions. Here, this Court has been told how to handle this very claim brought by this very subclass in a published decision. It must follow that order.

Second, *Rodriguez III* is not clearly irreconcilable with *Diouf*. The applicable holding in *Rodriguez III* was that relief should be denied for the Section 1231(a)(6) Subclass—which is defined as individuals with pending proceedings who have been detained under section 1231(a)(6) for 180 days *and have not received a bond hearing*. *Diouf* speaks directly to the composition of the Section 1231(a) Subclass: broadly read it directs that individuals who are detained for 180 days under 1231(a)(6) be afforded a bond hearing meeting the very same standard sought by the Petitioners here. As a

5

result, it is reasonable to assume that the *Rodriguez III* Court concluded—*consistent with Diouf*—that the statutory entitlements of the Section 1231(a) Subclass is set by the *Diouf* decision and that that there should be no individuals falling within the Section 1231 Subclass.[3] Thus, rather than being inconsistent with *Diouf*, the *Rodriguez III* holding appears to rely on upon it.

Finally, unlike in the cases cited by Petitioners, the *Rodriguez III* Court was certainly aware of the *Diouf* decision. *Diouf*'s core holding was described in detail, and *Diouf* was favorably cited more than 15 times in the decision. *Diouf* was also extensively brief by the parties, cited by the parties dozens of times in the briefing. There is therefore no basis to conclude that the *Rodriguez III* Court was either unaware of *Diouf* or attempting to circumvent it. Accordingly, this Court should not apply an unnatural reading to *Rodriguez III* order as a grounds for disobeying it.

### C. Count Four should be dismissed as outside of the scope of the Supreme Court's remand order.

This Court lacks jurisdiction to expand the questions beyond those remanded by the Supreme Court. In *Jennings*, the Supreme Court remanded for consideration of very specific issues related to the appropriateness of classwide injunctive relief for the class's constitutional due process claim. In *Hermann v. Brownell,* 274 F.2d 842, 843 (9th Cir. 1960), *cert. denied,* 364 U.S. 821 (1960), the Ninth Circuit held that issues on remand from the Supreme Court should be "rigidly limited to those points, and those points only, specifically consigned to [the Court's] consideration by the Supreme Court." This Court cannot expand the issues on remand to include new

---

[3] Petitioners reference two district court cases to quibble with the factual accuracy of the Court's conclusion. *See* Pet. Opp. at 8 & n.2. But they are not published circuit decisions and therefore are not relevant to the question of whether this Court can disregard the *Rodriguez III*. And, in any event, the district courts there held that *Diouf* is applicable to all individuals held under 8 U.S.C. 1231(a)(6). That holding is not at odds with *Rodriguez III* reading *Diouf* as eliminating the Section 1231(a) Subclass.

constitutional claims. Therefore, Count Four must be dismissed for lack of jurisdiction.

Petitioners do not dispute the principle set out in *Hermann*, but appear to suggest that the district court need not follow *Hermann* because the Ninth Circuit already violated it by giving the district court permission to consider "any other relevant issue" in its own remand order. *Rodriguez v. Marin*, 909 F.3d 252, 257 (9th Cir. 2018) ("*Rodriguez IV*"). This is both factually incorrect and would still be insufficient to confer jurisdiction here.

The Ninth Circuit's remand order does not give permission for this Court to consider issues other than those related to the adjudication of the class's due process claim. The Court's footnote reference "to other *relevant* issues" is directed to issues *relevant* to the matters discussed in the body of order, which were exclusively limited to the resolution of the class's due process claim. *Id.* at 252 n.2. The footnote in its entirety reads: "By referencing the issues spotted by the *Rodriguez* majority, we do not intend to restrict the district court from considering any other relevant issue, such as the scope of remedies available to the subclasses if the court should find a constitutional violation." Notably, the example provided by the Court of an appropriate "relevant issues" is limited to remedial matters that may be necessary for entering final judgment on the due process claim. It was not an invitation to impermissibly expand the scope of the Supreme Court's remand order.

In any event, the Supreme Court's remand order continues to govern here. Even if this Court had questions as to the intended scope of the Ninth Circuit's remand order, the Court should refrain from reading it in a way that would violate a settled jurisdictional principle.[4] Just as this Court would not read any other general remand instruction as preemptively conferring jurisdiction over otherwise defective claims, it

---

[4] After all, according to Petitioners, where two circuit decisions are in conflict, the Court must follow the earlier decision. Pet. Opp. at 8.

7

should not read this general instruction as endorsing a jurisdictionally-prohibited amendment here.

Finally, Petitioners incorrectly suggest that Justice Breyer's passing reference to the Eight Amendment analysis expanded the scope of the Supreme Court's remand order. Pet. Op at 9. But Justice Breyer wrote in dissent and his opinion carries no authoritative weight. The majority opinion set the issues for remand, and, although they were free to include Justice Breyer's questions about the Eighth Amendment, they did not. And on remand, the Court is "rigidly limited to those points, and those points only." *Hermann,* 274 F.2d at 843. Count Four should therefore be dismissed.

## CONCLUSION

For the reasons set forth above, Petitioner Alex Cacho Castillo and Counts One and Four should be dismissed from the FAC.

Respectfully Submitted,

JOSEPH HUNT
Assistant Attorney General
Civil Division
WILLIAM PEACHEY
Director, Office of Immigration Litigation
EREZ REUVENI
Assistant Director

*/s/ Sarah Stevens Wilson*
SARAH STEVENS WILSON
United States Department of Justice
1801 Fourth Avenue North
Birmingham, Alabama
Telephone: (205) 244-2140
Email: Sarah.Wilson2@usdoj.gov

*Attorney for Respondents*

**CERTIFICATE OF SERVICE**

I certify that on September 23, 2019, I filed the foregoing through the Court's CM/ECF system, which will deliver a copy to all counsel of record in this matter.

/s/ *Sarah Stevens Wilson*
SARAH STEVENS WILSON
United States Department of Justice