1
2
3
4
5
6
7

# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*, | CV 07-03239 TJH (RNBx) |
| Petitioners, | |
| v. | **Order** |
| DAVID MARIN, *et al.*, | [521] |
| Respondents. | |

The Court has considered Respondents' motion to dismiss, together with the moving and opposing papers.

Over the past twelve years, this immigration class action has ricocheted between this Court, the Ninth Circuit Court of Appeals, and the United States Supreme Court. At the initiation of this action, Petitioners set forth two theories of their case – statutory and constitutional – and moved forward with their statutory claims, first.

Initially, the Court denied Petitioners' motion for class certification as to their statutory claims. The Ninth Circuit reversed, noting that certification would be proper if the class were divided into subclasses. *See Rodriguez v. Hayes*, 591 F.3d 1105 (9th

Cir. 2010) ["*Rodriguez I*"]. On April 5, 2010, in light of *Rodriguez I*, this Court certified the class as "all non-citizens within the Central District of California who: (1) Are or were detained for longer than six months pursuant to one of the general immigration detention statutes pending completion of removal proceedings, including judicial review; (2) Are not and have not been detained pursuant to a national security detention statute; and (3) Have not been afforded a hearing to determine whether their detention is justified."

Petitioners, then, sought a preliminary injunction, which this Court granted, and the Ninth Circuit affirmed. *See Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013) ["*Rodriguez II*"]. Petitioners, then, moved for summary judgment and sought a permanent injunction, which this Court granted, and the Ninth Circuit affirmed in part and reversed in part. *See Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015) ["*Rodriguez III*"]. The Ninth Circuit held that summary judgment and a permanent injunction were warranted as to three of Petitioner's statutory claims and subclasses, but reversed as to Petitioners' 8 U.S.C. § 1231(a) claim and subclass. *See Rodriguez III*, 804 F.3d at 1090. The Ninth Circuit reasoned that the class was certified only as to those individuals who were detained while waiting for a determination as to their potential removability, whereas § 1231(a) dealt with those whom the Government had already deemed removable and were merely waiting to be removed. *Rodriguez III*, 804 F.3d at 1085-1086. The Government sought a writ of *certiorari*, which was granted.

The Supreme Court reversed *Rodriguez III* and remanded this case to the Ninth Circuit to consider whether the class may continue based on Petitioners' constitutional claims. *See Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). Notably, the issue of whether Petitioners' § 1231(a) claim and subclass were properly rejected by the Ninth Circuit was not appealed by Rodriguez and, therefore, never before the Supreme Court. The Ninth Circuit remanded the action to this Court for further proceedings.

Although neither the Supreme Court nor the Ninth Circuit expressly vacated the permanent injunction, the Supreme Court implicitly did so because it reversed as to the

1   merits on summary judgment. *See Paige v. State of Cal.*, 102 F.3d 1035, 1040 (9th
2   Cir. 1996).  However, the preliminary injunction remains in place.

3       On July 11, 2019, Petitioners filed a Fourth Amended Complaint ["FAC"]
4   which, *inter alia*: (1) Added a new petitioner, Alex Cacho Castillo, who was detained
5   at the beginning of 2019, and released by May, 2019; (2) Reasserted a claim under §
6   1231(a); and (3) Added an Eighth Amendment claim.

7       Respondents, now, move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

8       The party seeking federal jurisdiction bears the burden of establishing that
9   jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  A complaint
10  will be dismissed under Fed. R. Civ. P. 12(b)(1) if, *inter alia*, there is no case or
11  controversy. *See Baker v. Carr*, 369 U.S. 186, 198 (1962).

12      While a complaint need not include detailed factual allegations for each element
13  of each claim, it must contain enough facts to state a claim for relief that is plausible
14  on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  The Court
15  must accept all allegations in a complaint as true and draw all reasonable inferences
16  from those allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff
17  cannot simply restate the elements of her claim, but, rather, must allege enough facts
18  to allow the Court to draw a reasonable inference that a defendant is liable for the
19  misconduct alleged. *See Iqbal*, 556 U.S. at 678.

20      Respondents argued that because Cacho Castillo was detained for less than 6
21  months, he cannot serve as a named petitioner or be a member of this class.
22  Respondents are correct.  Given the class definition, Cacho Castillo was, indeed,
23  misjoined. *See* Fed. R. Civ. P. 20(a)(1).  Petitioners argued that because the Board of
24  Immigration Appeals opinion that allowed for Cacho Castillo's release may have been
25  recently overturned, the Government may, at any time, cause him to be detained,
26  again. According to Petitioners, Cacho Castillo "likely would become" a class member
27  in the near future.  The possibility of future injury is too speculative, here, to make
28  Cacho Castillo's claims ripe for adjudication. *See Wolfson v. Brammer*, 616 F.3d

1   1045, 1057 (9th Cir. 2010).   Because Cacho Castillo failed to allege a case or

2   controversy ripe for adjudication, he must be dismissed.  *See Baker*, 369 U.S. at 198.

3          Respondents, further, argued that Petitioners' are barred from reasserting a

4   claim, here, under § 1231(a) in light of *Rodriguez III* and the Supreme Court's holding

5   in *Jennings*.   Indeed, the Ninth Circuit reversed this Court's grant of summary

6   judgment on Petitioners' § 1231(a) claim and held that the § 1231(a) claim and subclass

7   "does not exist" within this action.  *See Rodriguez III*, 804 F.3d at 1090.  Nevertheless,

8   Petitioners argued that the § 1231(a) claim can move forward because the Ninth

9   Circuit's decision in *Rodriguez III* was incorrectly decided because it is inconsistent

10  with a prior Ninth Circuit case, *Diouf v. Napolitano*, 634 F.3d 1081, 1091 (9th Cir.

11  2011). Petitioners' argument is misplaced.  If Petitioners thought that the Ninth Circuit

12  erred in deciding *Rodriguez III*, they should have petitioned the Ninth Circuit for

13  reconsideration or a hearing *en banc,* or sought review from the Supreme Court.

14  *Rodriguez III* is the law of the case to the extent that it resolved Petitioners' § 1231(a)

15  claim and subclass, and Petitioners cannot reassert their § 1231(a) claim, here, where

16  *Rodriguez III* so clearly resolved that claim.  *See Rodriguez III*, 804 F.2d at 1080.

17         Respondents, finally, argued that this Court lacks subject matter jurisdiction over

18  Petitioners' newly alleged Eighth Amendment claim because the new claim exceeded

19  the scope of the Supreme Court's remand in *Jennings*.  The Supreme Court's remand

20  and its corresponding instructions were addressed to the Ninth Circuit, not to this

21  Court.  Indeed, this Court is not limited to the scope set forth by the Supreme Court

22  to the Ninth Circuit, especially when the Ninth Circuit's subsequent remand to this

23  Court expressly instructed this Court to consider, *inter alia*, "any other relevant issue."

24

25         Accordingly,

26

27         𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the motion to dismiss be, and hereby is, 𝕲𝖗𝖆𝖓𝖙𝖊𝖉 as to

28  Petitioner Alex Cacho Castillo and Petitioners' § 1231 claim.

1    It is further Ordered that the motion to dismiss be, and hereby is, Denied
2    as to Petitioners' Eighth Amendment claim.

4    Date: November 7, 2019

                                        Terry J. Hatter, Jr.
                                        Senior United States District Judge