AHILAN T. ARULANANTHAM (SBN 237841)
aarulanantham@aclusocal.org
MICHAEL KAUFMAN (SBN 254575)
mkaufman@aclusocal.org
ZOE MCKINNEY (SBN 312877)
zmckinney@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5211
Facsimile: (213) 977-5297

Attorneys for Petitioner
(Additional counsel listed on following page)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, ALEX CACHO CASTILLO for themselves and on behalf of a class of similarly-situated individuals,<br><br>Petitioners,<br><br>v.<br><br>WILLIAM BARR, United States Attorney General; KEVIN MCALEENAN, Acting Secretary, Homeland Security; JAMES MCHENRY, Director, Executive Office for Immigration Review; DAVID MARIN, Field Office Director, Los Angeles District, Immigration and Customs Enforcement; DON BARNES Sheriff of Orange County; OFFICER NGUYEN, Officer-in-Charge, Theo Lacy Facility; LUKE SOUTH, Commander, Theo Lacy Facility; LISA VON NORDHEIM, Captain, James A. Musick Facility; TERRY NELSEN, Assistant Field Office Director, Adelanto Detention Facility,<br><br>Respondents. | Case No. CV 07-3239-TJH (RNBx)<br><br>**MOTION FOR CLARIFICATION OR RECONSIDERATION**<br><br>The Honorable Terry J. Hatter, Jr.<br><br>Hearing Date: December 23, 2019<br>Hearing Time: Under Submission |

Additional counsel:

JUDY RABINOVITZ
jrabinovitz@aclu.org
MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.staford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

# MOTION FOR CLARIFICATION OR RECONSIDERATION

Petitioners respectfully move this Court under Federal Rule of Civil Procedure 59(e) to clarify or reconsider in part its order of November 7, 2019, which granted in part and denied in part Respondents' partial motion to dismiss. ECF 527. Petitioners seek review of only one aspect of the Court's order—its suggestion that the Supreme Court "implicitly" vacated the entire permanent injunction, leaving only the preliminary injunction in place. *See id*. at 2-3. ("Although neither the Supreme Court nor the Ninth Circuit expressly vacated the permanent injunction, the Supreme Court implicitly did so because it reversed as to the merits on summary judgment").

Plaintiffs respectfully submit that the Court's apparent conclusion contravenes the Ninth Circuit's remand order, which unambiguously held that the permanent injunction remains in place pending this Court's resolution of Plaintiffs' constitutional claims. Moreover, the error is significant because Section 1226(a) Subclass members are entitled to bond hearings only under the permanent injunction, not the preliminary injunction. Absent further order from this Court, Respondents will soon cease providing bond hearings to those individuals, thereby reversing policy that has afforded them due process for the last six years. Because the Court's apparent conclusion is clearly erroneous and would work a manifest injustice, this Court should clarify or reconsider it. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (holding that reconsideration should be granted where a decision is in "clear error or the initial decision was manifestly unjust").

The Court's suggestion that the Supreme Court implicitly vacated the permanent injunction is clearly erroneous. In its order remanding this case to this Court, the Ninth Circuit stated "*[l]ike the Supreme Court, we do not vacate the permanent injunction* pending the consideration of these vital constitutional issues." *See Rodriguez v. Marin (Rodriguez V)*, 909 F.3d 252, 256 (9th Cir. 2018) (emphasis added). The Ninth Circuit made that statement in response to

1  Respondents' request that the Ninth Circuit vacate the permanent injunction
2  because "existing Supreme Court authority *implicitly* forecloses a six-month
3  constitutional limit to pre-order detention." Respondents' Supplemental Brief at 8,
4  *Rodriguez v. Marin*, Nos. 13-56706, 13-56755 (9th Cir. Jul. 13, 2018) ECF No. 174
5  (emphasis added). Thus, the Ninth Circuit rejected Respondents' attempt to read
6  the Supreme Court's decision as implicitly vacating the injunction.
7       In their recent motion to dismiss Petitioners' Fourth Amended Complaint—
8  the motion that gave rise to the order at issue here—Respondents recognized they
9  had lost this argument at the Ninth Circuit. They argued the permanent injunction
10 would remain in place unless and until the Court granted "Respondents'
11 forthcoming motion to decertify the class and vacate the injunction." ECF 521 at 3.
12 Respondents have not yet filed that motion.
13      Thus, while this Court may decide to vacate the injunction *after* the parties
14 brief the constitutional questions, it would be clear error to vacate the injunction
15 *now* on the ground that the Supreme Court has implicitly done so, because the
16 Ninth Circuit unambiguously rejected that very argument and held instead that the
17 Supreme Court intended for the injunction to remain in place pending resolution of
18 Petitioners' constitutional claims. *Rodriguez V*, 909 F.3d at 256. Therefore, this
19 Court should clarify or reconsider its apparent decision to vacate the permanent
20 injunction.
21      The Court should also refrain from vacating the permanent injunction
22 because doing so now would work a manifest injustice. *Zamani*, 491 F.3d at 997.
23 Whether the operative injunction is now the preliminary injunction or instead the
24 permanent injunction (which has been in effect since 2013) matters greatly because
25 members of the Section 1226(a) Subclass are only entitled to bond hearings under
26 the permanent injunction. *Compare* ECF 255 (preliminary injunction ordering
27 *Rodriguez* bond hearings only for individuals held under the Section 1225(b) and
28 Section 1226(c) Subclasses) *with* ECF 353 (permanent injunction ordering bond

hearings for all four Subclasses). The Court's order therefore permits Respondents to cease providing bond hearings to members of the Section 1226(a) Subclass *before* they have had the chance to litigate their constitutional claims.

For these reasons, Petitioners respectfully request the Court clarify or, if necessary, reverse its prior order, so as to make clear that the permanent injunction remains in effect.[1]

Respectfully submitted,

ACLU OF SOUTHERN CALIFORNIA

Dated: November 18, 2019

By: /s/ Ahilan T. Arulanantham
AHILAN T. ARULANANTHAM
Counsel for Petitioners

---

[1] Petitioners do not seek reconsideration of the Court's ruling dismissing the Section 1231(a) Subclass. Respondents' counsel has indicated that the Government will continue to provide bond hearings to those individuals under *Diouf v. Holder (Diouf II)*, 634 F.3d 1081, 1085 (9th Cir. 2011) and *Aleman-Gonzalez v. Barr*, 325 F.R.D. 616, 619 (N.D. Cal. 2018), *appeal pending*, No. 18-16465 (9th Cir. 2019).

3