JOSEPH HUNT
Assistant Attorney General
Civil Division
DAVID MCCONNELL
Director, Office of Immigration Litigation
Appellate Court Section
ERNESTO MOLINA
Deputy Director
SARAH WILSON
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation,
District Court Section
    P.O. Box 868, Ben Franklin Station
    Washington, DC 20044
    Phone: (202) 532-4700/(205) 244-2140
    sarah.s.wilson@usdoj.gov

Attorneys for Federal Respondents

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*,<br><br>    Petitioners,<br><br>vs.<br><br>DAVID MARIN, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director, et al.*,<br><br>    Respondents. | Case No. CV 07-3239-TJH<br><br>**RESPONDENTS' OPPOSITION TO PETITIONER'S MOTION FOR CLARIFICATION OR RECONSIDERATION**<br><br>**The Honorable Terry Hatter, Jr.**<br><br>Hearing Date: December 23, 2019<br>Hearing Time: Under Submission |

1    Petitioners request reconsideration of this Court's decision recognizing the vacatur of the permanent injunction. This recognition is in line with settled law that that when a judgment is reversed, the associated relief should also be vacated. *See* Fed. R. 60(b)(5) (proving relief from judgment or order "based on an earlier judgment that has been reversed or vacated"). Here, the permanent injunction was entered in connection with this Court's order granting Petitioner's motion for summary judgment on the class's statutory claims. The Supreme Court has undeniably reversed that summary judgment grant, and with it vacated the permanent injunction. *See TransWorld Airlines v. American Coupon Exch.*, 913 F.2d 676, 680 (9th Cir.1990) ("A summary judgment order that provides the legal authority to issue an injunction— that constitutes a 'necessary predicate' to complete review of the injunction—is inextricably bound up with the injunction."). The motion should therefore be denied.

Notably absent from Petitioners' motion is any legal justification for leaving in place a permanent injunction entered on a reversed summary judgment order. Indeed, Petitioners do not cite a single authority to suggest that a permanent injunction can remain in place without a judgment to support it. Instead, Petitioners hang their motion on a single sentence in the Ninth Circuit's order—"[l]ike the Supreme Court, we do not vacate the permanent injunction"—from which they derive an unjustifiable principle. Pet. Mot., ECF 528-1 at 3 (quoting *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018)). The Ninth Circuit's decision to remand the case to this Court without expressly vacating the injunction, is not—as Petitioners claim—a "h[olding] . . . that the Supreme Court intended for the injunction to remain in place pending resolution of Petitioners' constitutional claims." *Id*. at 4. The Ninth Circuit took no action with respect to the injunction and instead elected to return all remaining issues to this Court—including the housekeeping matter of vacatur—to handle in the first instance. Thus, it was wholly appropriate for this Court to recognize the vacatur of the permanent injunction at this stage of the proceedings.

Petitioners' prejudice claims are misguided and also fail to justify the unprecedented relief they seek. The only subclass impacted by the Court's order is the class held pursuant to 8 U.S.C. 1226(a). This class is statutorily entitled to bond hearings through a process that even the *Jennings* dissenters concluded was constitutionally adequate. *Jennings v. Rodriguez,* 138 S. Ct. 830, 876 (2018) (Breyer, J., dissenting) (concluding that any constitutionally-required bond hearings should be conducted "in accordance with customary rules of procedure and burdens of proof rather than the special rules that the Ninth Circuit imposed."). Every individual in the subclass has been individually assessed for flight risk and danger, 8 C.F.R. § 236.1(c)(5), (g), and provided with the opportunity to seek two levels of review of that determination, 8 C.F.R. 236.1(d)(1); 8 C.F.R. § 236.1(d)(3). They also have the opportunity to request a new bond hearing based on materially changed circumstances, and, if dissatisfied with the outcome of the hearing, appeal the decision to the Board of Immigration Appeals. 8 C.F.R. § 1003.19(e); *Matter of Uluocha*, 20 I. & N. Dec. 133 (BIA 1989). But even so, prejudice is not a basis for leaving in place a vacated injunction, and Petitioners have not cited any authority suggesting otherwise. The permanent injunction has been vacated. The motion should be denied.

Dated: November 25, 2019

JOSEPH HUNT
Assistant Attorney General
Civil Division
DAVID MCCONNELL
Director, Office of Immigration Litigation
Appellate Court Section
ERNESTO MOLINA
Deputy Director

*/s/ Sarah Wilson*
SARAH WILSON
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4700/ (205) 244-2140
sarah.s.wilson@usdoj.gov

Attorneys for Respondents

## CERTIFICATE OF SERVICE

I certify that on November 25, 2019, I served a copy of the foregoing by CM/ECF which delivered a copy to all counsel of record, including:

Ahilan T. Arulanantham
Email: aarulanantham@aclu-sc.org

Michael Kaufman
Email: mkaufman@aclu-sc.org

Zoe McKinney
Email: ZMcKinney@aclusocal.org

                                                  */s/  Sarah Wilson*
                                                  Sarah Wilson
                                                  United States Department of Justice