JOSEPH HUNT
Assistant Attorney General
Civil Division
DAVID MCCONNELL
Director, Office of Immigration Litigation
Appellate Court Section
ERNESTO MOLINA
Deputy Director
SARAH WILSON
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation,
District Court Section
    P.O. Box 868, Ben Franklin Station
    Washington, DC 20044
    Phone: (202) 532-4700/(205) 244-2140
    sarah.s.wilson@usdoj.gov

Attorneys for Federal Respondents

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*,<br><br>Petitioners,<br><br>vs.<br><br>DAVID MARIN, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director, et al.*,<br><br>Respondents. | Case No. CV 07-3239-TJH<br><br>**[PROPOSED] ORDER ON RESPONDENTS' MOTION TO VACATE PRELIMINARY INJUNCTION AND DECERTIFY CLASS**<br><br>**The Honorable Terry Hatter, Jr.**<br><br>Hearing Date: February 17, 2020<br>Hearing Time: 10:00 am |

The Court has already recognized the vacatur of the permanent injunction under *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), and the preliminary injunction must be vacated for the same reason. Petitioners have not moved for a preliminary injunction on their constitutional claims and the preliminary injunction was entered on statutory claims that have been rejected by the Supreme Court. Therefore, Respondents' motion to vacate the injunction is GRANTED.

In addition, the class and subclasses should be decertified. On a motion for decertification, the Petitioners continue to "bear[] the burden of demonstrating that the requirements of [Federal] Rule[] [of Civil Procedure] 23(a) and (b) are met." *Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 947 (9th Cir. 2011). Under Rule 23, Petitioners bear the "rigorous" burden of demonstrating, among other things, that there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2), (b)(2); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011). To satisfy Rule 23(b)(2), Petitioners must show that relief "is available to the class as a whole" and that the challenged conduct is "such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart*, 564 U.S. at 360.

Petitioners have not satisfied their "rigorous" burden under Rule 23. *Id.* at 350-51. Every court to consider the validity of a six-month rule since the Supreme Court's decision in this case has agreed that the relevant due process factors are so profoundly individualized that the right to a bond hearing cannot be resolved on a classwide basis based on a share six month of detention time alone. *See, e.g., Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274 (3d Cir. 2018) (upholding constitutionality of section 1226(a) as applied to detainee held for 18 months); *Abdi v. McAleenan*, --- F. Supp. 3d ---, 2019 WL 4621898 (W.D.N.Y. Sept. 24, 2019) (rejecting six-month rule for now-decertified class of asylum seekers detained under section 1225(b)(1)(B)(ii)); *Reid v. Donelan*, 390 F. Supp. 3d 201, 219 (D. Mass. 2019) (rejecting six-month rule for class of section 1226(c) detainees); *Sajous v. Decker,* No. 18-cv-2447, 2018 WL 2357266, at *10 (S.D.N.Y. May 23, 2018) (rejecting six-month

1  rule in favor of an individualized due process analysis of section 1226(c) claims for
2  bond hearing). Therefore, Respondents' motion to decertify the class is GRANTED.

4  Dated:

                                                                                            _____
                                                                                             Hon. Terry J. Hatter
                                                                                             United States District Court

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28