AHILAN T. ARULANANTHAM (SBN 237841)
aarulanantham@aclusocal.org
MICHAEL KAUFMAN (SBN 254575)
mkaufman@aclusocal.org
ZOE MCKINNEY (SBN 312877)
zmckinney@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5211
Facsimile: (213) 977-5297

Attorneys for Petitioner
(Additional counsel listed on following page)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, ALEX CACHO CASTILLO for themselves and on behalf of a class of similarly-situated individuals,<br><br>Petitioners,<br><br>v.<br><br>WILLIAM BARR, United States Attorney General; KEVIN MCALEENAN, Acting Secretary, Homeland Security; JAMES MCHENRY, Director, Executive Office for Immigration Review; DAVID MARIN, Field Office Director, Los Angeles District, Immigration and Customs Enforcement; DON BARNES Sheriff of Orange County; OFFICER NGUYEN, Officer-in-Charge, Theo Lacy Facility; LUKE SOUTH, Commander, Theo Lacy Facility; LISA VON NORDHEIM, Captain, James A. Musick Facility; TERRY NELSEN, Assistant Field Office Director, Adelanto Detention Facility,<br><br>Respondents. | Case No. CV 07-3239-TJH (RNBx)<br><br>**REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OR RECONSIDERATION**<br><br>The Honorable Terry J. Hatter, Jr.<br><br>Hearing Date: December 23, 2019<br>Hearing Time: Under Submission |

Additional counsel:

JUDY RABINOVITZ
jrabinovitz@aclu.org
MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.staford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

**REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OR RECONSIDERATION**

Respondents' opposition to Petitioners' straightforward motion for clarification or reconsideration asks this Court to disregard the Ninth Circuit's express directions. If Respondents believed there was no "legal justification" for the Ninth Circuit's order, Dkt. 531 at 2, they should have sought reconsideration or rehearing en banc. But they cannot ask this Court to reverse an error they believe the Ninth Circuit committed.

This Court's apparent decision to vacate the permanent injunction at this stage—i.e., *before* taking briefing on the constitutional basis for the injunction—warrants reconsideration because it contravenes the clear instructions in the Ninth Circuit's remand order. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (holding that reconsideration should be granted where a decision is in "clear error or the initial decision was manifestly unjust"). If this Court intends to dismantle the critical constitutional protections it put in place seven years ago, it should do so only after detailed consideration following briefing and argument, as the Ninth Circuit ordered. *See, e.g.*, *Vizcaino v. U.S. Dist. Court for Western Dist. of Washington*, 173 F.3d 713, 719 (9th Cir. 1999) (reaffirming that district courts "cannot vary" an appellate court's instructions and must implement those instructions both in letter and spirit). That approach is most appropriate given the gravity of the liberty interests at stake.

Respondents argued at length in their Ninth Circuit briefing that the Supreme Court's decision required immediate vacatur of the injunction, but the Ninth Circuit rejected those arguments and, "like the Supreme Court," left the injunction in place "*pending* the consideration of these vital constitutional issues," which it directed this Court to do in the first instance. *Rodriguez v. Marin (Rodriguez V)*, 909 F.3d 252, 256 (9th Cir. 2018) (emphasis added). *See* Dkt. 528-1 (citing Respondents' Ninth Circuit briefing seeking immediate vacatur of the injunction on the ground that Supreme Court authority "implicitly" forecloses the

1 relief it provides).

2 Despite the Ninth Circuit's clear instructions, Respondents contend the Ninth Circuit expected this Court to vacate the injunction upon remand as a matter of "housekeeping." Dkt. 531 at 2. But the plain language of the order—preserving the injunction "pending" full consideration of the constitutional questions—refutes that reading. In the very next sentence, the Ninth Circuit explained its rationale for keeping the injunction in place: "[w]e have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." *Rodriguez V*, 909 F.3d at 256.

Moreover, when the Ninth Circuit intends to direct a lower court to vacate an injunction on remand, it says so. *See, e.g.*, *Johnson v. Poway Unified Sch. Dist.*, 658 F.3d 954, 975 (9th Cir. 2011) ("remand[ing] with instructions that the district court vacate its grant of injunctive and declaratory relief"); *Rocky Mountain Farmers Union v. Corey*, 730 F.3d 1070, 1107 (9th Cir. 2013) ("remand[ing] to the district court with instructions to vacate the preliminary injunction"); *Ali v. Gonzales*, 421 F.3d 795, 797 (9th Cir. 2005), *as amended on reh'g* (Oct. 20, 2005) ("remand[ing] this case to the district court with instructions to vacate the injunction"). Instead, here the Ninth Circuit did the opposite, instructing that the injunction should remain in place "*pending*" this Court's consideration of the constitutional issues.

Respondents' implausible reading of the Ninth Circuit's order also cannot be reconciled with their own conduct. The Ninth Circuit remanded this case to this Court more than a year ago. *Rodriguez V*, 909 F.3d at 256. If Respondents truly believed the Ninth Circuit intended for immediate vacatur of the injunction as a matter of mere "housekeeping," they would have sought that relief. But Respondents did not. Instead, they only now have sought vacatur of the injunction,

2

and through a noticed motion that requires substantive briefing on whether the injunction should remain in place prior to a decision from this Court. Dkt. 533.

Respondents claim Petitioners "do not cite a single authority" that an injunction can remain in place on remand pending determination of whether it can be upheld on alternative grounds. Dkt. 531 at 2. But the Parties already briefed that issue in detail at the Ninth Circuit, and the Ninth Circuit decided it in Petitioners' favor. *See Rodriguez v. Marin*, Nos. 13-56706, 13-56755 (9th Cir.) ECF Nos. 149; 152; 154; 212 at 7-10; 213 at 31 n.12; 221 at 1-3; and 229 at 4-5. The only authority relevant here is the Ninth Circuit's remand order. Indeed, the Ninth Circuit has reversed district court orders modifying its mandate in any respect. *United States v. Perez*, 475 F.3d 1110, 1114 (9th Cir. 2007) (treating district court order modifying scope of remand as "jurisdictional error," and reversing without consideration of whether error was harmless). The order unambiguously requires that the injunction remain in place "pending" this Court's consideration of the constitutional issues. *Rodriguez V*, 909 F.3d at 256.[1]

To be clear, the Ninth Circuit did not decide that the injunction would have to remain in place even *after* consideration of the constitutional questions. If this Court ultimately decides the Constitution permits indefinite confinement without process under the immigration laws, it should of course vacate the injunction. But the Ninth Circuit held the injunction should remain in place *until* this Court issues a constitutional ruling on a full record. It therefore would be clear error—and a violation of the Ninth Circuit's remand order—to dissolve the injunction *before* considering the constitutional issues.

Respondents' argument against Petitioners' other basis for reconsideration— that the Court's recent order would work a "manifest injustice"—is equally

---

[1] This Court has previously expressed similar views, observing "the government is constitutionally obligated to provide [bond] hearings" to class members under the injunction. *See* Dkt. 353 at 4.]

3

meritless. Respondents admit that, as a result of the Court's order, they will now stop providing bond hearings under the injunction to members of the Section 1226(a) Subclass, even if they have been imprisoned under the immigration laws for years. They defend this action with new arguments *on the merits*, Dkt. 531 at 3, but that only proves Petitioners' point: the Court should permit Petitioners to respond on the merits of the constitutional issues before it abandons protections that the Constitution may require for this Subclass. Because Petitioners have not yet had the opportunity to brief their position on those issues since the remand, rejecting Petitioners' view *now* would be manifestly unjust.

Moreover, even a cursory review of the merits reveals deep flaws in Respondents' position. The bond hearings they claim suffice to satisfy due process occur only at the outset of confinement. *See* 8 C.F.R. 236.1(d)(1). Absent the injunction, there would be no additional process even after *years* of imprisonment, even though "arbitrary prolonged detention without any process" is almost certainly unconstitutional. *Rodriguez V*, 909 F.3d at 256. Moreover, the initial bond hearings on which Respondents rely require that the detainee bear the burden of proof, even though the Ninth Circuit has repeatedly rejected that allocation of the burden in cases of prolonged confinement. *See, e.g.*, *Singh v. Holder*, 638 F.3d 1196, 1204 (9th Cir. 2011) (due process requires government to prove danger and flight risk by clear and convincing evidence); *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 951 (9th Cir. 2008) (requiring government to bear burden in prolonged detention hearings); *Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005) (same).

Respondents also contend the treatment of the claims in this case by the dissenting Justices of the Supreme Court now forecloses Respondents' constitutional position. ECF 531 at 3. That too is wrong. The Supreme Court majority explicitly stated it was not addressing any constitutional questions. *Jennings v. Rodriguez (Rodriguez IV)*, 138 S.Ct. 830, 851 (2018) ("we remand the

case to the Court of Appeals to consider [the constitutional issues] in the first instance"). And as Petitioners will explain once this Court takes briefing on the merits, the injunction's allocation of the burden is consistent with the dissenting Justices' views, as well as existing Ninth Circuit law. Indeed, after the Supreme Court issued *Rodriguez IV*, two other classes of jailed immigrants have recently won similar arguments even as to initial detention. *See Brito v. Barr*, No. CV 19-11314-PBS, 2019 WL 6333093, at *8  (D. Mass. Nov. 27, 2019) (holding on constitutional grounds that noncitizens "detained pursuant to 8 U.S.C. § 1226(a) are entitled to receive a bond hearing at which [inter alia] the Government must prove the alien is either dangerous by clear and convincing evidence or a risk of flight by a preponderance of the evidence"); *Padilla v. ICE*, 379 F. Supp. 3d 1170, 1172-73 (W.D. Wash. 2019) (holding constitution requires bond hearings where government bears burden of proof for asylum seekers who have passed credible fear interview).

For all these reasons, Petitioners respectfully request the Court reconsider or clarify its prior order at Dkt. 527, and instead enter the proposed order at Dkt. 528-2, which makes clear that the bond hearings ordered by this Court will remain in place at least until it resolves Petitioners' constitutional claims.

Respectfully submitted,

ACLU OF SOUTHERN CALIFORNIA

Dated:  December 2, 2019        By: /s/ Ahilan T. Arulanantham
                                    AHILAN T. ARULANANTHAM
                                    Counsel for Petitioners