**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**OFFICE OF THE CLERK**
**255 EAST TEMPLE STREET, ROOM 180**
**LOS ANGELES, CALIFORNIA 90012**

**OFFICIAL BUSINESS**

NEOPOST
03/10/2020
US POSTAGE $00

```
Case: 2:07cv3239  Doc: 547




Frederick  Ngaywa A95722629
PO Box 6005
Adelanto, CA 92301
```



FILED
CLERK, U.S. DISTRICT COURT
MAR 26 2020
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY



RETURN TO SENDER
Adelanto ICE Processing Center
Reason checked

☐ All books must have prior authorization, be new, and soft cover. NO hard cover, spiral bound, magazines, newspapers or package allowed
☐ Must have Detainees Name, A#: ☐ Dorm # ☐
☐ Not allowed marker, crayon, glitter, glue, stickers, Books stamps, perfume or lipstick on the letter or envelope
☐ No longer at this address

☐ No such recipient/ Not in custody
☐ Illegible or Incomplete
☐ Not known or Not our Mail
☐ Contents not acceptable
☐ Photos; no larger than 5x7,photos with sexual nudity is not allowed
☐ Released/Damaged/ Refused
☐ Violates the institution's policies
☐ Other _____



RECEIVED
CLERK, U.S. DISTRICT COURT
MAR 26 2020
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Case: 2:07cv3239  Doc: 547

Frederick  Ngaywa A95722629
PO Box 6005
Adelanto, CA 92301

MIME-Version:1.0 From:cacd_ecfmail@cacd.uscourts.gov To:ecfnef@cacd.uscourts.gov Message-Id:<29433579@cacd.uscourts.gov>Subject:Activity in Case 2:07-cv-03239-TJH-RNB Alejandro Rodriguez v. James Hayes et al Order Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**
The following transaction was entered on 3/10/2020 at 11:02 AM PDT and filed on 3/9/2020

| | |
|---|---|
| **Case Name:** | Alejandro Rodriguez v. James Hayes et al |
| **Case Number:** | 2:07-cv-03239-TJH-RNB |
| **Filer:** | |
| **Document Number:** | 547 |

**Docket Text:**
AMENDED ORDER by Judge Terry J. Hatter, Jr: IT IS ORDERED that the motion to dismiss be, hereby is GRANTED as to Petitioner Alex Cacho Castillo and Petitioner's Section 1231 claim. IT IS FURTHER ORDERED that the motion to dismiss be, and hereby is DENIED as to Petitioner's Eighth Amendment claim. See order for further details. re MOTION for Order for Clarification or Reconsideration of Order (Dkt. 527), [528]. (shb)

**2:07-cv-03239-TJH-RNB Notice has been electronically mailed to:**
Michael K T Tan     michael-tan-9223@ecf.pacerpro.com, mtan@aclu.org
Michael Bryan Kaufman     cminneci@aclusocal.org, gtien@aclu-sc.org, mkaufman@aclusocal.org
Erez Reuveni     erez.r.reuveni@usdoj.gov
Sarah S Wilson     sarah.s.wilson@usdoj.gov
Sean A Commons     sean-commons-1061@ecf.pacerpro.com, laefilingnotice@sidley.com, cvespinoza@sidley.com, scommons@sidley.com
Jayashri Srikantiah     ecmadriz@law.stanford.edu, jsrikantiah@law.stanford.edu
Cecillia D Wang     cwang@aclu.org
Zoe Nicole McKinney     zmckinney@aclusocal.org
Judy Rabinovitz     judy-rabinovitz-3958@ecf.pacerpro.com, jrabinovitz@aclu.org, mtan@aclu.org
Luis Allen Carrillo     lj@carrillofirm.com, ac@carrillofirm.com, hr@carrillofirm.com, mike@carrillofirm.com, lac4justice@gmail.com, vb@carrillofirm.com
Stacey Ilene Young     stacey.young@usdoj.gov
Ahilan T Arulanantham     gtien@aclu-sc.org, aarulanantham@aclusocal.org
Peter J Eliasberg     peliasberg@aclusocal.org, ckasher@aclusocal.org

**2:07-cv-03239-TJH-RNB Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

Frederick Ngaywa
A 95 722 629
PO Box 6005
Adelanto CA 92301
US

Adriana Betanco-Vondriska
ACLU of Southern California
1313 West 8th Street
Los Angeles CA 90017

# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, et al., <br><br> Petitioners, <br><br> v. <br><br> DAVID MARIN, et al., <br><br> Respondents. | CV 07-03239 TJH (RNBx) <br><br> Amended <br> Order <br> [528] |

The Court has considered Respondents' motion to dismiss, together with the moving and opposing papers.

Over the past twelve years, this immigration class action has ricocheted between this Court, the Ninth Circuit Court of Appeals, and the United States Supreme Court. At the initiation of this action, Petitioners set forth two theories of their case – statutory and constitutional – and moved forward with their statutory claims, first.

Initially, the Court denied Petitioners' motion for class certification as to their statutory claims. The Ninth Circuit reversed, noting that certification would be proper if the class were divided into subclasses. *See Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2010) ["*Rodriguez I*"]. On April 5, 2010, in light of *Rodriguez I*, this Court certified the class as "all non-citizens within the Central District of California who: (1)

Are or were detained for longer than six months pursuant to one of the general immigration detention statutes pending completion of removal proceedings, including judicial review; (2) Are not and have not been detained pursuant to a national security detention statute; and (3) Have not been afforded a hearing to determine whether their detention is justified."

Petitioners, then, sought a preliminary injunction, which this Court granted, and the Ninth Circuit affirmed. *See Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013) ["*Rodriguez II*"]. Petitioners, then, moved for summary judgment and sought a permanent injunction, which this Court granted, and the Ninth Circuit affirmed in part and reversed in part. *See Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015) ["*Rodriguez III*"]. The Ninth Circuit held that summary judgment and a permanent injunction were warranted as to three of Petitioner's statutory claims and subclasses, but reversed as to Petitioners' 8 U.S.C. § 1231(a) claim and subclass. *See Rodriguez III*, 804 F.3d at 1090. The Ninth Circuit reasoned that the class was certified only as to those individuals who were detained while waiting for a determination as to their potential removability, whereas § 1231(a) dealt with those whom the Government had already deemed removable and were merely waiting to be removed. *Rodriguez III*, 804 F.3d at 1085-1086. The Government sought a writ of *certiorari*, which was granted.

The Supreme Court reversed *Rodriguez III* and remanded this case to the Ninth Circuit to consider whether the class may continue based on Petitioners' constitutional claims. *See Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). Notably, the issue of whether Petitioners' § 1231(a) claim and subclass were properly rejected by the Ninth Circuit was not appealed by Rodriguez and, therefore, never before the Supreme Court. The Ninth Circuit remanded the action to this Court for further proceedings, and left this Court's permanent injunction in place "[ending the consideration of vital constitutional issues."

On July 11, 2019, Petitioners filed a Fourth Amended Complaint ["FAC"] which, *inter alia*: (1) Added a new petitioner, Alex Cacho Castillo, who was detained

at the beginning of 2019, and released by May, 2019; (2) Reasserted a claim under § 1231(a); and (3) Added an Eighth Amendment claim.

Respondents, now, move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

The party seeking federal jurisdiction bears the burden of establishing that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). A complaint will be dismissed under Fed. R. Civ. P. 12(b)(1) if, *inter alia*, there is no case or controversy. *See Baker v. Carr*, 369 U.S. 186, 198 (1962).

While a complaint need not include detailed factual allegations for each element of each claim, it must contain enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The Court must accept all allegations in a complaint as true and draw all reasonable inferences from those allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff cannot simply restate the elements of her claim, but, rather, must allege enough facts to allow the Court to draw a reasonable inference that a defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678.

Respondents argued that because Cacho Castillo was detained for less than 6 months, he cannot serve as a named petitioner or be a member of this class. Respondents are correct. Given the class definition, Cacho Castillo was, indeed, misjoined. *See* Fed. R. Civ. P. 20(a)(1). Petitioners argued that because the Board of Immigration Appeals opinion that allowed for Cacho Castillo's release may have been recently overturned, the Government may, at any time, cause him to be detained, again. According to Petitioners, Cacho Castillo "likely would become" a class member in the near future. The possibility of future injury is too speculative, here, to make Cacho Castillo's claims ripe for adjudication. *See Wolfson v. Brammer*, 616 F.3d 1045, 1057 (9th Cir. 2010). Because Cacho Castillo failed to allege a case or controversy ripe for adjudication, he must be dismissed. *See Baker*, 369 U.S. at 198.

Respondents, further, argued that Petitioners' are barred from reasserting a claim, here, under § 1231(a) in light of *Rodriguez III* and the Supreme Court's holding

in *Jennings*. Indeed, the Ninth Circuit reversed this Court's grant of summary judgment on Petitioners' § 1231(a) claim and held that the § 1231(a) claim and subclass "does not exist" within this action. *See Rodriguez III*, 804 F.3d at 1090. Nevertheless, Petitioners argued that the § 1231(a) claim can move forward because the Ninth Circuit's decision in *Rodriguez III* was incorrectly decided because it is inconsistent with a prior Ninth Circuit case, *Diouf v. Napolitano*, 634 F.3d 1081, 1091 (9th Cir. 2011). Petitioners' argument is misplaced. If Petitioners thought that the Ninth Circuit erred in deciding *Rodriguez III*, they should have petitioned the Ninth Circuit for reconsideration or a hearing *en banc*, or sought review from the Supreme Court. *Rodriguez III* is the law of the case to the extent that it resolved Petitioners' § 1231(a) claim and subclass, and Petitioners cannot reassert their § 1231(a) claim, here, where *Rodriguez III* so clearly resolved that claim. *See Rodriguez III*, 804 F.2d at 1080.

Respondents, finally, argued that this Court lacks subject matter jurisdiction over Petitioners' newly alleged Eighth Amendment claim because the new claim exceeded the scope of the Supreme Court's remand in *Jennings*. The Supreme Court's remand and its corresponding instructions were addressed to the Ninth Circuit, not to this Court. Indeed, this Court is not limited to the scope set forth by the Supreme Court to the Ninth Circuit, especially when the Ninth Circuit's subsequent remand to this Court expressly instructed this Court to consider, *inter alia*, "any other relevant issue."

Accordingly,

**It is Ordered** that the motion to dismiss be, and hereby is, **Granted** as to Petitioner Alex Cacho Castillo and Petitioners' § 1231 claim.

**It is further Ordered** that the motion to dismiss be, and hereby is, **Denied** as to Petitioners' Eighth Amendment claim.

Date: March 9, 2020

_____
Terry J. Hatter, Jr.
Senior United States District Judge