JOSEPH HUNT
Assistant Attorney General
Civil Division
ERNESTO MOLINA
Deputy Director
Office of Immigration Litigation
Appellate Court Section
SARAH WILSON
Senior Litigation Counsel
United States Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4700
sarah.s.wilson@usdoj.gov

Attorneys for Federal Respondents

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*,<br><br>Petitioners,<br><br>vs.<br><br>DAVID MARIN, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director, et al.,*<br><br>Respondents. | Case No. CV 07-3239-TJH<br><br>**MEMORANDUM IN SUPPORT OF RESPONDENTS' MOTION FOR RECONSIDERATION AND TO VACATE THE PERMANENT INJUNCTION**<br><br>**The Honorable Terry Hatter, Jr.**<br><br>Hearing Date: May 11, 2020<br>Hearing Time: Under Submission |

Respondents request reconsideration of this Court's order granting Petitioners' motion to clarify or reconsider (ECF 546) and its amended order on the motion to dismiss (ECF 547). Rather than limiting itself to the question of whether the Supreme Court implicitly invalidated the permanent injunction in this case, the Court's order addresses the distinct question of whether this Court can or should maintain the permanent injunction. The Court's order deprived Respondents of the opportunity to seek vacatur of the injunction, and therefore merits reconsideration.

The permanent injunction must be vacated. There is no legal justification for maintaining a permanent injunction when the only claims that have progressed to a final judgment have been rejected and dismissed. *See Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Rodriguez v. Robbins*, 804 F.3d 1060, 1086 (9th Cir. 2015) ("*Rodriguez III*"). Moreover, Petitioners cannot satisfy the preliminary injunction standard for relief on the constitutional claims as every Court to consider the question in the wake of the Supreme Court's decision in *Jennings* has concluded that there is no due process right to the relief afforded by the permanent injunction. To the extent Petitioners believe they are entitled to a *preliminary* injunction on their constitutional claims, the Ninth Circuit's order gave them the opportunity to seek that relief on remand. Petitioners' failure to do so is not a justification for maintaining a permanent injunction where there is no final judgment to support it.

## PROCEDURAL HISTORY

On February 27, 2018, the Supreme Court reversed the Ninth Circuit's decision in *Rodriguez III,* 804 F.3d 1060, that 8 U.S.C. §§ 1225(b), 1226(a), and 1226(c) require bond hearings after six months of immigration detention as a matter of statutory construction. *Jennings*, 138 S. Ct. 836. The Supreme Court declined to consider the class's constitutional challenges to the statutes "in the first instance" because the Ninth Circuit "had no occasion to consider [the] constitutional arguments on their merits." *Jennings*, 138 S. Ct. at 851. The Supreme Court directed "the Court of Appeals" on remand to "first decide whether it continues to have jurisdiction

2

despite 8 U.S.C. § 1252(f)(1)" and "reexamine whether respondents can continue litigating their claims as a class" in light of Federal Rule of Civil Procedure 23(b)(2), and *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), prior to addressing the merits of the constitutional claims. *Id*. at 851-52.

On remand, the Ninth Circuit directed the parties to brief these issues alongside the merits of Petitioners' constitutional claims. *Rodriguez v. Marin*, 887 F.3d 954 (9th Cir. 2018). After briefing and argument, the Ninth Circuit declined to rule on these issues, and noted that "[l]ike the Supreme Court, [it would] not vacate the permanent injunction pending the consideration of these vital constitutional issues." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("*Marin*"). Instead, the Ninth Circuit directed this Court to address the following questions on remand:

> (1) whether the class certified by the district court should remain certified for consideration of the constitutional issue and available class remedies;
> (2) whether classwide injunctive relief is available under 8 U.S.C. § 1252(f)(1);
> (3) whether a Rule 23(b)(2) class action (a) remains the appropriate vehicle in light of *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011), and (b) whether such a class action is appropriate for resolving Petitioners' due process claims;
> (4) whether composition of the previously identified subclasses should be reconsidered;
> (5) the minimum requirements of due process to be accorded to all that will ensure a meaningful time and manner of opportunity to be heard; and
> (6) a reassessment and reconsideration of both the clear and convincing evidence standard and the six-month bond hearing requirement.

*Id*. at 257 & n.2.

On further remand, this Court granted Petitioners leave to file their Fourth Amended Complaint (FAC), in which they added a new named Petitioner, a claim under the Eighth Amendment, proposed changes to the subclass definitions, and re-asserted a statutory claim for the vacated 1231 subclass. ECF 515. Respondents moved to dismiss the FAC, and this Court granted that motion in part on November 7, 2019. ECF 527. In that order, the Court dismissed the new Petitioner, confirmed the

decertification of the section 1231 subclass, and recognized that the permanent injunction had been vacated implicitly by the Supreme Court: "Although neither the Supreme Court nor the Ninth Circuit expressly vacated the permanent injunction, the Supreme Court implicitly did so because it reversed as to the merits on summary judgment. *See Paige v. State of Cal.*, 102 F.3d 1035, 1040 (9th Cir. 1996). However, the preliminary injunction remains in place." ECF 527 at 2-3.

Petitioners moved for reconsideration of the order's vacatur language and argued that the Court erred in asserting that the Supreme Court had implicitly vacated the injunction. ECF 528. While the motion was pending, Respondents moved for vacatur of the preliminary injunction (and class decertification), in a motion directed to answering the first three questions remanded by the Ninth Circuit. ECF 533. Respondents did not move for vacatur of the permanent injunction as part of that motion because of the Court's recognition of its vacatur in the prior order. *Id*.

On March 10, 2020, the Court granted Petitioners' motion for clarification or reconsideration and issued a revised order on the motion to dismiss. ECF 546, 547. The Court deleted the portion of the order suggesting that the permanent injunction had been implicitly overruled. ECF 547. In the order granting the motion to dismiss, the Court announced, "Upon further consideration, this Court will keep the permanent injunction in place pending a resolution on Petitioners' constitutional claims." ECF 546. Respondents request reconsideration of the orders, and that the Court now vacate the permanent injunction.

**STANDARD OF REVIEW**

Under the Local Rules, a party may move for reconsideration if: (1) Facts or law previously unknown and unknowable to the moving party come to light; (2) New facts or law emerge; or (3) There was a manifest failure to consider material facts. Local Rule 7-18. Under the Federal Rules of Civil Procedure, a party may move for reconsideration upon a showing of: (1) Mistake, surprise, or excusable neglect; (2) Newly discovered evidence; (3) Fraud; (4) A void judgment; (5) A satisfied or

4

discharged judgment; or (6) Any other reason that justifies relief. Fed. R. Civ. P. 59, 60(b). District courts have "considerable discretion" when ruling on a motion under Rule 59(e). *See Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*, 282 F.R.D. 216, 220 (D. Ariz. 2012) ("*Teamsters*").

## ARGUMENT

**I.  The Court should reconsider its order extending the injunction pending the "resolution of the constitutional claims."**

The Court's order exceeded the relief sought by the Petitioners in the reconsideration motion and deprived Respondents of the opportunity to brief the question of whether the injunction should remain in place for the duration of the proceedings before this Court. Petitioner sought reconsideration of the Court's assertion that the Supreme Court had implicitly vacated the permanent injunction. ECF 527 at 2. The Court granted the motion and issued a revised order on the motion to dismiss that removed that assertion. ECF 546, 547. In granting the motion, however, the Court also announced that the court "will keep the permanent injunction in place pending a resolution on Petitioner's constitutional claims." ECF 546 at 2.

The Court's order merits reconsideration. The issue of whether the Supreme Court implicitly vacated the permanent injunction is a distinct question from whether the permanent injunction should remain in place for the entirety of the litigation. The Court's sweeping pronouncement deprived Respondents of the opportunity to brief whether the injunction should be vacated, regardless of whether the Supreme Court implicitly vacated it, and to obtain a ruling on Respondents' motion to vacate the injunction. Moreover, the order incorrectly extends the permanent injunction through resolution of the merits of the remanded proceedings, where the Ninth Circuit merely stated that *it* would not disturb the injunction and would in turn remand all of the remaining issues to this Court. It did not provide any instruction to the district court regarding the manner in which it needed to consider issues on remand or the status of the injunction on remand. ECF 546; *Marin*, 909 F.3d at 256-57. That type of

embellishment on the Ninth Circuit's Order should be reserved for an order issued after complete briefing on the issue. Therefore, the Court's order satisfies the standard for reconsideration under Local Rule 7-18 and Federal Rule 59 and 60(b).

## II. The Court should vacate the permanent injunction.

The permanent injunction is procedurally improper at this stage of the litigation and inconsistent with post-*Jennings* law, which has uniformly rejected the relief ordered by the permanent injunction.[1]

### A. There is no procedural basis for imposing a permanent injunction prior to the final adjudication of a claim.

The permanent injunction cannot stand without a final judgment to support it. A permanent injunction is a final order. *Golden Gate Hotel Ass'n v. City & County of San Francisco,* 18 F.3d 1482, 1483 (9th Cir. 1994). It "is a form of relief that the court may grant when a plaintiff succeeds on a substantive cause of action that lends itself to this remedy." *Veridian Credit Union v. Eddie Bauer, LLC*, 295 F. Supp. 3d 1140, 1156 (W.D. Wash. 2017) (quoting *Dinkins v. Schinzel*, No. 217CV01089JADGWF, 2017 WL 4891524, at *2 (D. Nev. Oct. 30, 2017)). To date, relief has been denied on all of the claims for which litigation is complete. There is no final judgment on the constitutional claims and certainly no finding of success on "a substantive cause of action that lends itself to" the relief ordered by the permanent injunction. Therefore, as a procedural matter, the permanent injunction must be lifted.

---

[1] The injunction should also be vacated consistent with 8 U.S.C. § 1252(f)(1) for the reasons set forth in Respondents' prior briefing. *See* ECF 533-1 at 10-16; ECF 544 at 5-7. Respondents acknowledge, however, that the Ninth Circuit's recent decision in *Padilla v. ICE*, --- F.3d ----, 2020 WL 1482393 (9th Cir. Mar. 27, 2020), likely forecloses this argument as the class is composed of individuals who are presently in removal proceedings. The time for seeking further review of the *Padilla* decision has not expired. Respondents reserve their arguments regarding section 1252(f)(1) for further review.

6

### B. *Jennings* eliminated the legal justification for the injunction.

i. Petitioners cannot satisfy the standard for an injunction on the constitutional claims. Any continuation of the injunction pending resolution of this suit – which would be a preliminary injunction, not a permanent injunction – would have to be supported by a new examination of the constitutionality of the challenged statutes as they were interpreted by the Supreme Court in *Jennings*, and a finding that the Petitioners satisfied the rigorous standard imposed by *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008), for preliminary injunctive relief. Petitioners have not moved for this relief, and cannot satisfy *Winter*'s standard.

It is well-established that any constitutional analysis must begin by interpreting the statute and applying the presumption that the statute is constitutional as drafted. *Schwenk v. Hartford*, 204 F.3d 1187, 1204 (9th Cir. 2000); *see United States v. Morrison*, 529 U.S. 598, 607 (2000); *SeaRiver Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 669 (9th Cir. 2002). In *Jennings*, 138 S. Ct. 836, the Supreme Court concluded that the challenged statutes govern detention for the duration of the removal proceedings. As a result, the analysis of the constitutional claims must begin from the premise that these statutes may be lawfully applied for that same period. *Schwenk*, 204 F.3d at 1204 (Acts of Congress "enjoy a strong presumption of constitutionality."). In addition, the Ninth Circuit has confirmed that injunctive relief must be limited to the "the minimum requirements of due process" for any individual member of the class. *Marin*, 909 F.3d at 257. Thus, to support the injunction on constitutional grounds, Petitioners must overcome the weighty presumption that the statutes can be lawfully applied for the duration of the proceedings, and prove that these statutes cannot be constitutionally applied *under any circumstances* after six months of detention. Petitioners cannot show a likelihood of success on the existing injunction under this framework.

As Petitioners acknowledge, ECF 539 at 15, every court to examine the question since *Jennings* has rejected the argument that there is a classwide entitlement

to a bond hearing after six months under any of the challenged statutes. *See, e.g., Abdi v. McAleenan*, 405 F. Supp. 3d 467, 479-483 (W.D.N.Y. 2019); *Reid v. Donelan*, 390 F. Supp. 3d 201, 219 (D. Mass. 2019); *Sajous v. Decker,* No. 18-cv-2447, 2018 WL 2357266, at *10 (S.D.N.Y. May 23, 2018). In addition, district courts across the country have consistently affirmed the constitutionality of the challenged statutes well beyond the six-month mark. ECF 533-1 at 15-16 (collecting cases). The weight of the authority decidedly supports vacatur of the permanent injunction on the merits.

Petitioners have not pointed to any post-*Jennings* authority to support the permanent injunction, and make no effort to justify the application of pre-*Jennings* precedent against the unbroken line of cases affirming the constitutionality of immigration detention in excess of six months. *See*, *e.g., Demore v. Kim*, 538 U.S. 510 (2003) (upholding section 1226(c) as applied to alien detained for longer than six months knowing that the administrative proceedings remained ongoing); *Shaughnessy v. Mezei*, 345 U.S. 206, 209 (1953) (affirming the constitutionality of detaining inadmissible, former lawful permanent resident for 20 months).[2] These cases confirm that the minimum standard of due process here does not require a bond hearing in all instances after six months.[3]

Petitioners have relied exclusively on cases interpreting a detention provision that is no longer at issue in this case, 8 U.S.C. § 1231(a)(6), including a decision that was reversed on appeal, *see* ECF 539 at 14 (citing *Hamama v. Adducci*, 349 F. Supp.

---

[2] In all briefing to date, Petitioners have cited only one post-*Jennings* decision suggesting, in dicta, a six-month limit to one of the detention provisions at issue here, ECF 539 at 14, but that decision is based exclusively on pre-*Jennings* case law.

[3] The Ninth Circuit's recent decision in *Padilla*, --- F.3d ----, 2020 WL 1482393, also fails to support the injunction. There the Ninth Circuit simply returned certain section 1225(b) subclass members to their pre-*Matter of M-S-,* 27 I. & N. Dec. 509 (A.G. 2019), status, and found them eligible for ordinary 1226(a) bond hearings. This holding does not recognize any right that did not exist at the time of the original injunction and appears to rejects any right to heightened bond procedures at the initial stages of the removal proceeding. Moreover, it provides no support for an injunction covering individuals detained under section 1226(a) or section 1226(c).

3d 665 (E.D. Mich. 2018)), overruled by *Hamama v. Adducci*, 946 F.3d 875 (6th Cir. 2020). Petitioners' reliance on the six-month limitation on section 1231(a)(6) imposed in *Zadvydas v. Davis*, 533 U.S. 678 (2001), is equally misplaced as the Supreme Court has said already it said it is inapplicable to pre-order detention. *Jennings*, 138 S. Ct. at 848 (quoting *Demore*, 538 U.S. at 529). The six-month limitation suggested in *Diouf v. Napolitano*, 634 F.3d 1081 (9th Cir. 2011), was similarly imposed as a matter of statutory construction. Regardless of whether it was abrogated by *Jennings*, the Ninth Circuit has never applied *Diouf*'s holding to pre-order detention (besides, of course, the Ninth Circuit's now-vacated decision in this case). Finally, *Diouf* notably stops short of applying an unbending six-month rule by allowing for exceptions where removal is imminent. 634 F.3d at 1092 n.13. Thus *Diouf* itself demonstrates that, even under section 1231, "the minimum requirements of due process" is not a bond hearing after six months.

ii. This Court based its reconsideration order on a misreading of the Ninth Circuit's remand order stating that *it* (the Ninth Circuit) would not vacate the injunction "pending a consideration on the merits" as keeping the injunction in place for a final resolution on the merits. ECF 546. But the Ninth Circuit's order makes no mention of what the district court must do with the injunction on remand. Indeed, the series of questions remanded to this Court include questions of jurisdiction and class certification with the potential to necessitate the vacatur of the injunction well ahead of any resolution of the constitutional questions. *Marin*, 909 F.3d at 257. Nothing in the Ninth Circuit's order can be read as the extending the permanent injunction for any set period of time, and certainly not until the constitutional issues are resolved.

It makes little sense to read the Ninth Circuit's remand order as maintaining the full *permanent* injunction while remanding for consideration of the claims in the first instance. This Court has already recognized this insomuch as it has acknowledged that part of the permanent injunction is no longer valid. *See* ECF 547 at 2 (vacating the 1231 subclass). The same is true of the other subclasses, which Petitioners have

indicated they intend to change, who are now seeking relief on a new theory. There is simply no basis for maintaining a permanent injunction entered on a different claim for a different class of individuals where there is no final judgment on these claims. *See Golden Gate Hotel Ass'n,* 18 F.3d at 1483.

The Ninth Circuit's remand order is better read as affording Petitioners the opportunity to move for a new preliminary relief on the constitutional claim on behalf of modified classes on remand. The Ninth Circuit correctly observed that the prior injunctions were not entered on the constitutional claim. *Marin*, 909 F.3d at 257. ("[T]he district court . . . 'had no occasion to consider petitioners' constitutional arguments on their merits.'"). Petitioners relied on that fact in opposition to Respondents' motion to vacate and requested that the Ninth Circuit give Petitioners "a full and fair opportunity to defend an alternative basis for the injunction" prior to vacatur. *Marin*, 13-56755, Dkt. 150 at 1. The Court's remand order gave them that chance, but Petitioners have not moved for preliminary relief on an alternative basis. That failure does not mean that they are entitled to a continued permanent injunction in this case. Rather, Respondents' Motion to Vacate the Preliminary Injunction, as well as this motion, afford this Court the opportunity to consider the merits of the injunction, and therefore the opportunity to consider whether the injunction should remain in place pending a final resolution of those claims. The Ninth Circuit's remand order did not pre-determine the outcome of these motions. Consistent with the Federal Rule of Civil Procedure and *Winter*, the permanent injunction must be vacated.

Dated: April 7, 2020

JOSEPH HUNT
Assistant Attorney General
Civil Division
ERNESTO MOLINA
Deputy Director
Office of Immigration Litigation
Appellate Court Section

*/s/ Sarah Wilson*
SARAH WILSON
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation,
Appellate Court Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4700
sarah.s.wilson@usdoj.gov

Attorneys for Respondents