1  AHILAN T. ARULANANTHAM (SBN 237841)
   aarulanantham@aclusocal.org
2  MICHAEL KAUFMAN (SBN 254575)
   mkaufman@aclusocal.org
3  ZOE MCKINNEY (SBN 312877)
   zmckinney@aclusocal.org
4  ACLU FOUNDATION OF SOUTHERN CALIFORNIA
   1313 West 8th Street
5  Los Angeles, CA 90017
   Telephone: (213) 977-5211
6  Facsimile: (213) 977-5297

7  Attorneys for Petitioner
   (Additional counsel listed on following page)
8

9              UNITED STATES DISTRICT COURT

              CENTRAL DISTRICT OF CALIFORNIA
10
                    WESTERN DIVISION
11

12 ALEJANDRO RODRIGUEZ,                 )  Case No. CV 07-3239-TJH (RNBx)
   ABDIRIZAK ADEN FARAH, YUSSUF         )
13 ABDIKADIR, ABEL PEREZ RUELAS,        )  **PETITIONERS' OPPOSITION TO**
   JOSE FARIAS CORNEJO, ANGEL           )  **RESPONDENTS' MOTION TO**
14 ARMANDO AYALA, ALEX CACHO            )  **VACATE AND DECERTIFY THE**
   CASTILLO for themselves and on behalf )  **CLASS**
15 of a class of similarly-situated individuals, )

16              Petitioners,            )  The Honorable Terry J. Hatter, Jr.
                                         )
17        v.                            )
                                         )
18 WILLIAM BARR, United States Attorney )
   General; KEVIN MCALEENAN, Acting     )
19 Secretary, Homeland Security; JAMES  )
   MCHENRY, Director, Executive Office  )
20 for Immigration Review; DAVID MARIN, )
   Field Office Director, Los Angeles   )
21 District, Immigration and Customs    )
   Enforcement; DON BARNES Sheriff of   )
22 Orange County; OFFICER NGUYEN,       )
   Officer-in-Charge, Theo Lacy Facility; )
23 LUKE SOUTH, Commander, Theo Lacy     )
   Facility; LISA VON NORDHEIM,         )
24 Captain, James A. Musick Facility;   )
   TERRY NELSEN, Assistant Field Office )
25 Director, Adelanto Detention Facility, )
                                         )
26              Respondents.            )

27

28

Additional counsel:

JUDY RABINOVITZ
jrabinovitz@aclu.org
MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY  10004
Telephone:  (212) 549-2618
Facsimile:  (212) 549-2654

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.staford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone:  (650) 724-2442
Facsimile:  (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600

Respondents' motion represents their ***fifth*** attempt to vacate before resolution of Petitioners' constitutional claims. After the Supreme Court declined to vacate the injunction, Respondents filed a motion to vacate with the Ninth Circuit and requested the same relief in their merits briefing on remand. The Ninth Circuit rejected their request, unequivocally stating the injunction would remain in place "pending the consideration of these vital constitutional issues." *Rodriguez v. Marin (Rodriguez V)*, 909 F.3d 252, 256 (9th Cir. 2018). Dissatisfied with the Ninth Circuit's ruling, Respondents next filed a motion to vacate with this Court, and requested the Court to do the same in opposing Petitioners' motion to reconsider. Dkt. 531. This Court followed the Ninth Circuit's clear instructions and held that the injunction will remain "in place pending a resolution on Petitioners' constitutional claims." Dkt. 546 at 2.[1]

In the instant motion, Defendants advance the ***exact same*** arguments for vacatur that the Ninth Circuit and this Court have repeatedly considered and rejected. Petitioners will not further waste this Court's time repeating why Respondents are wrong, which is amply laid out in prior briefing. *See* Dkts. 528, 534, 539. Indeed, Respondents appear to have simply cut-and-pasted their prior briefing into their motion. *Compare* Dkt. 550-1 at 6-10 with Dkt. 533 at 7-10, Dkt. 531 at 2. Because Respondents fail to identify any new fact or legal argument warranting reconsideration, their motion must be rejected. *See* L.R. 7-18 (grounds for a motion to reconsider); id. ("No motion for reconsideration shall in **any manner** repeat any oral or written argument made in support of or in opposition to the original motion.") (emphasis added).

Respondents make two arguments, however, that bear a response. First, Respondents claim that the Court "exceeded the relief sought by Petitioners" by ordering that the injunction remain in place until the Court resolves Petitioners'

---

[1] Petitioners agree with Respondents that the Court's order forecloses Respondents' pending to motion to vacate the injunction. *See* Dkt. 533.

constitutional claims. Dkt. 550-1 at 1. This is demonstrably false. Plaintiffs expressly argued that "the Court's apparent conclusion contravenes the Ninth Circuit's remand order, which unambiguously held that the permanent injunction remains in place pending this Court's resolution of Plaintiffs' constitutional claims," and requested that the Court "make clear that the permanent injunction remains in effect." Dkt. 528-1 at 1, 3; Dkt. 534 at 3 ("The order unambiguously requires that the injunction remain in place "pending" this Court's consideration of the constitutional issues.).

Second, Respondents complain that this Court has "deprived Respondents of the opportunity seek vacatur of the injunction." Dkt. 550-1 at 1, 5. This makes no sense. This Court will consider whether vacatur is warranted when it considers the merits of Petitioners' claims. Defendants' motion only serves to delay resolution of those claims by burdening the parties and the Court with duplicative and unnecessary motions practice.

The Court should reject Respondents' latest attempt to vacate the injunction, and permit the parties to move forward with litigating the "vital constitutional issues" at issue here as the Ninth Circuit directed.

Respectfully submitted,

ACLU OF SOUTHERN CALIFORNIA

Dated:  April 20, 2020        By: /s/ Ahilan T. Arulanantham
                              AHILAN T. ARULANANTHAM
                              Counsel for Petitioners

2