JOSEPH HUNT
Assistant Attorney General
Civil Division
ERNESTO MOLINA
Deputy Director
Office of Immigration Litigation
Appellate Court Section
SARAH WILSON
Senior Litigation Counsel
United States Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4700
sarah.s.wilson@usdoj.gov

Attorneys for Federal Respondents

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*, <br><br> Petitioners, <br><br> vs. <br><br> DAVID MARIN, *in his capacity as U.S. Immigration and Customs Enforcement, Los Angeles District Field Office Director, et al.,* <br><br> Respondents. | Case No. CV 07-3239-TJH <br><br> **REPLY IN SUPPORT OF RESPONDENTS' MOTION FOR RECONSIDERATION AND TO VACATE THE PERMANENT INJUNCTION** <br><br> **The Honorable Terry Hatter, Jr.** <br><br> Hearing Date: May 11, 2020 <br> Hearing Time: Under Submission |

Respondents seek two independent forms of relief in the motion: Respondents request reconsideration of this Court's order granting Petitioners' motion to clarify or reconsider (ECF 546) and its amended order on the motion to dismiss (ECF 547), and Respondents move this court for vacatur of the permanent injunction. Relief is justified on both motions. The Court's order extending the permanent injunction exceeds the appropriate relief for Petitioner's motion to reconsider, which sought reconsideration of this Court's assertion that the injunction *had already been vacated*. Because the Court did not limit itself to correcting its suggestion that the Supreme Court implicitly invalidated the permanent injunction and instead addressed the distinct question of whether this Court should extend the permanent injunction, the Court's order deprived Respondents of the opportunity to seek vacatur of the injunction ahead of a final disposition. This is ample justification for reconsideration, and would give the Court the opportunity to consider, with the benefit of complete briefing, the government's motion to vacate the permanent injunction. *See Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*, 282 F.R.D. 216, 220 (D. Ariz. 2012).

The permanent injunction should be vacated. Petitioners do not offer any legal justification for maintaining a permanent injunction where there is no final judgment on any claim to support the injunction. To date, the only claims to progress to a final judgment have been rejected and dismissed. *See Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Rodriguez v. Robbins*, 804 F.3d 1060, 1086 (9th Cir. 2015) ("*Rodriguez III*"). Permanent injunctions, however, are final orders and must therefore be supported by success on a substantive cause of action. *See Golden Gate Hotel Ass'n v. City & County of San Francisco,* 18 F.3d 1482, 1483 (9th Cir. 1994); *Veridian Credit Union v. Eddie Bauer, LLC*, 295 F. Supp. 3d 1140, 1156 (W.D. Wash. 2017) (quoting *Dinkins v. Schinzel*, No. 217CV01089JADGWF, 2017 WL 4891524, at *2 (D. Nev. Oct. 30, 2017)). Without a final judgment approving any of Petitioners' claims, there can be no permanent injunction.

Alternatively, even if a permanent injunction could be converted into a preliminary injunction for a different set of claims, it could not be accomplished sua sponte. To the extent Petitioners believe they are entitled to a preliminary injunction on their constitutional claims, the Ninth Circuit's order gave them the opportunity to seek that relief on remand. In opposition to Respondents' Ninth Circuit motion to vacate the injunction, Petitioners asked that the Court not vacate the permanent injunction before giving them "a full and fair opportunity to defend an alternative basis for the injunction." *Marin*, 13-56755, Dkt. 150 at 1. The Court's remand order granted their request, but Petitioners have not moved for preliminary relief on an alternative basis.

Petitioners' failure to move for preliminary relief on the constitutional claims is not a justification for maintaining the permanent injunction. Consistent with the Ninth Circuit's remand order, Respondents' Motion to Vacate the Permanent Injunction affords this Court the opportunity to consider the merits of the injunction, and with it the opportunity to determine whether the injunction should remain in place pending a final resolution of those claims. Yet, Petitioners did not make any effort to satisfy the *Winter* standard for relief on their constitutional claims under the appropriate legal framework. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Marin*, 909 F.3d at 257 (instructing that classwide relief cannot exceed "the minimum requirements of due process" available for any class member); *Schwenk v. Hartford*, 204 F.3d 1187, 1204 (9th Cir. 2000) (statute must be presumed constitutional). Nor do they dispute that every Court to consider their constitutional claim in the wake of the Supreme Court's decision in *Jennings* has concluded that there is no due process right to the relief afforded by the permanent injunction. *See, e.g., Abdi v. McAleenan*, 405 F. Supp. 3d 467, 479-483 (W.D.N.Y. 2019); *Reid v. Donelan*, 390 F. Supp. 3d 201, 219 (D. Mass. 2019); *Sajous v. Decker,* No. 18-cv-2447, 2018 WL 2357266, at *10 (S.D.N.Y. May 23, 2018); *see also* ECF 533-1 at 15-16 (collecting cases). Therefore, the permanent injunction must be vacated.

Petitioners make only two points in response to the motion. First, Petitioners claim that they asked for a continuation of the injunction in the motion to reconsider. Even if Petitioners are correct that their reconsideration motion previewed their position on continued injunctive relief, there is a distinction between urging the Court to withdraw its observation that the injunction had already been vacated and in obtaining an order that preempts pending litigation on whether to maintain the injunction for the duration of the proceedings. In any event, an order extending the injunction is not procedurally appropriate relief for a motion seeking reconsideration of disputed language in a factual background section of an unrelated order. Petitioners' argument, even if true, does not provide any reason to decline reconsideration where reconsideration would permit an important legal issue to be resolved through a more procedurally appropriate motion.

Second, Petitioners argue that the order did not cut off Respondents' opportunity to vacate the injunction at the end of the case. This misses the point. Respondents limited their original vacatur motion, ECF 533, to vacatur of the preliminary injunction because, at the time it was filed, this Court had already recognized the vacatur of the permanent injunction. Petitioners acknowledge that the vacatur part of that motion was essentially nullified by the Court's order because the preliminary injunction has now been replaced by the permanent injunction. As a result, Respondents have been deprived of the opportunity to make their case for vacatur of the injunction pending a final judgment in the case. ECF 552 at 1 n.1. The opportunity to be free from the injunction after the end of the case is not the same as the opportunity to challenge whether the standard for preliminary relief has been satisfied in the first place. Thus, Petitioners' argument is nonresponsive to Respondents' asserted basis for reconsideration. The Court should grant the motion for reconsideration and vacate the permanent injunction.

Dated:  April 27, 2020

JOSEPH HUNT
Assistant Attorney General
Civil Division
ERNESTO MOLINA
Deputy Director
Office of Immigration Litigation
Appellate Court Section

*/s/ Sarah Wilson*
SARAH WILSON
Senior Litigation Counsel
United States Department of Justice
Office of Immigration Litigation,
Appellate Court Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4700
sarah.s.wilson@usdoj.gov

Attorneys for Respondents

# CERTIFICATE OF SERVICE

I certify that on April 27, 2020, I served a copy of the foregoing by CM/ECF which delivered a copy to all counsel of record, including:

Ahilan T. Arulanantham
Email: aarulanantham@aclu-sc.org

Michael Kaufman
Email: mkaufman@aclu-sc.org

Zoe McKinney
Email: ZMcKinney@aclusocal.org

                                       */s/ Sarah Wilson*
                                       Sarah Wilson
                                       United States Department of Justice