# United States District Court
# Central District of California
# Western Division

ALEJANDRO RODRIGUEZ, *et al.*,

    Petitioners,

v.

DAVID MARIN, *et al.*,

    Respondents.

CV 07-03239 TJH (SPx)

Order

    The Court has considered Respondents' motion to vacate the preliminary injunction and decertify the class [dkt # 533] and Respondents' motion for reconsideration of the Court's March 9, 2020, order granting Petitioners' motion for reconsideration and to vacate the permanent injunction [dkt # 550], together with the moving and opposing papers.

    This case has been pending for 13 years and, at this point, has a very complex substantive and procedural history. The complexity is due, at least in part, to the fact that this case has ricocheted among this Court, the Ninth Circuit Court of Appeals, and the United States Supreme Court.

    In response to the instant motions, the Court has reviewed the entire record and,

in particular, the orders issued by this Court, the Ninth Circuit, and the Supreme Court. Based on those orders, this case has been placed in a complicated, and unusual, procedural posture.

The Court will, now, attempt to reconcile those orders so that this case can move forward toward a final resolution. In reconciling those orders, the Court cannot overrule the orders issued by the Ninth Circuit or the Supreme Court. Indeed, this Court is duty bound to respect, give meaning, reconcile and apply the orders of those higher courts.

Initially, the Court denied Petitioners' motion for class certification as to their statutory claims. The Ninth Circuit reversed, noting that certification would be proper if the class were divided into subclasses. *See Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2010) ["*Rodriguez I*"]. On March 8, 2011, in light of *Rodriguez I*, this Court certified the class action and defined the class as "all non-citizens within the Central District of California who: (1) Are or will be detained for longer than six months pursuant to the general immigration detention statutes pending completion of removal proceedings, including judicial review; (2) Are not detained pursuant to a national security detention statute…; and (3) Have not been afforded a hearing to determine whether their prolonged detention is justified." The Court certified four subclasses; class members were divided into subclasses based on which immigration statute they were detained under – 18 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a).

Petitioners, then, sought a preliminary injunction, which this Court granted, and the Ninth Circuit affirmed. *See Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013) ["*Rodriguez II*"]. Petitioners, then, moved for summary judgment and sought a permanent injunction, which this Court granted, and the Ninth Circuit affirmed in part and reversed in part. *See Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015) ["*Rodriguez III*"]. The Ninth Circuit held that summary judgment and the permanent injunction were warranted as to three of Petitioner's statutory claims and the corresponding subclasses, but reversed as to Petitioners' 8 U.S.C. § 1231(a) claim and

the corresponding subclass. *See Rodriguez III*, 804 F.3d at 1090. The Government, then, sought a writ of *certiorari* from the Supreme Court, which was granted. The Supreme Court reversed *Rodriguez III* and remanded this case to the Ninth Circuit to consider whether the class action may continue based on Petitioners' constitutional claims, which had not yet been considered by this Court. *See Jennings v. Rodriguez*, 138 S. Ct. 830 (2018) ["*Jennings*"]. The Supreme Court was silent as to the status of the permanent injunction. On remand, the Ninth Circuit, in turn, remanded this case to this Court for it to consider Petitioner's constitutional claims; the Ninth Circuit left this Court's permanent injunction in place "pending the consideration of vital constitutional issues." *See Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ["*Marin*"].

On July 10, 2019, the Court granted Petitioners' motion for leave to file a Fourth Amended Complaint. After Petitioners filed their Fourth Amended Complaint, Respondents moved to dismiss.

On November 7, 2019, the Court granted in part and denied in part Respondents' motion to dismiss Petitioners' Fourth Amended Complaint. That order included language indicating that the Supreme Court had implicitly vacated the permanent injunction in *Jennings*. On November 18, 2019, Petitioners moved for reconsideration of the November 7, 2019, order, arguing that the Ninth Circuit expressly left in place the "permanent injunction pending the consideration of… vital constitutional issues." *See Marin*, 909 F.3d at 256.

On November 27, 2019, before the Court had an opportunity to rule on Petitioners' motion for reconsideration, Respondents moved to vacate the preliminary injunction.

On March 9, 2020, the Court granted Petitioners' motion for reconsideration and issued an amended order that, *inter alia*, omitted the language regarding the permanent injunction, pursuant to *Marin*.

On April 7, 2020, Respondents filed a motion for reconsideration of the Court's

March 9, 2020, order and for an order vacating the permanent injunction, arguing that the Court's March 9, 2020, order, *inter alia*, deprived Respondents of the opportunity to brief whether a permanent injunction should remain in place for the duration of the proceedings in this matter. Respondents chose to file their motion to vacate the preliminary injunction before the Court could rule on Petitioners' motion for reconsideration, despite knowing that the status of the permanent injunction was in dispute.

Normally, a preliminary injunction remains in force until a case is finally resolved. Here, after the Court granted summary judgment in favor of Petitioners, it issued a permanent injunction, which superceded the preliminary injunction. Then, the Supreme Court reversed and vacated the summary judgment. Consequently, this Court initially held that the Supreme Court had implicitly vacated the permanent injunction when it vacated this Court's summary judgment. However, because the Ninth Circuit, on remand from the Supreme Court, left the permanent injunction in place pending the consideration of the constitutional issues, *Marin*, 909 F.3d at 256, this Court is obligated to follow those instructions. Accordingly, Respondents' motions for reconsideration and to vacate the permanent injunction must be denied.

Because of the orders from the Ninth Circuit and the Supreme Court, there, now, exists a procedural quagmire in that there is a permanent injunction in place without a corresponding final judgment on the merits supporting that permanent injunction. Thus, this Court has been entrusted with the task of fitting the proverbial round peg into the square hole, while being duty bound to respect, give meaning, reconcile and apply the orders of the Ninth Circuit and the Supreme Court. The most sensical resolution to this procedural quagmire, while maintaining due respect for the orders of the Ninth Circuit and the Supreme Court, is for this Court to deem its previously issued permanent injunction to be, in effect, a preliminary injunction, which shall supercede the previously issued preliminary injunction, and which shall, now, remain in place pending a final resolution of Petitioners' constitutional claims. Accordingly, Respondents'

1 motion to vacate the preliminary injunction shall be denied as moot.

2 Finally, while considering the procedural quagmire caused by the continuation of the permanent injunction, the Court simultaneously considered Respondents' motion to de-certify the class. When the Court certified this case into sub-classes, it did so pursuant to *Rodriguez I*. Thereafter, the certification of the class permeated all aspects of this case. Indeed, the Court's original preliminary and permanent injunctions ordered remedies based on class members' membership in particular sub-classes. *See Rodriguez II and III*. Because the Ninth Circuit ordered the permanent injunction to remain in effect, the decertification of the class, at this juncture, would move this case backward rather than forward. As previously stated, that is not the direction the Court is attempting to move this case. Consequently, the motion to decertify the class must be denied.

IT IS SO ORDERED.

Date: May 28, 2020

_____
Terry J. Hatter, Jr.
Senior United States District Judge