AHILAN T. ARULANANTHAM (SBN 237841)
aarulanantham@aclusocal.org
MICHAEL KAUFMAN (SBN 254575)
mkaufman@aclusocal.org
ZOË MCKINNEY (SBN 312877)
zmckinney@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5211
Facsimile: (213) 977-5297

Attorneys for Petitioner
(Additional counsel listed on following page)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, ABDIRIZAK ADEN FARAH, YUSSUF ABDIKADIR, ABEL PEREZ RUELAS, JOSE FARIAS CORNEJO, ANGEL ARMANDO AYALA, ALEX CACHO CASTILLO for themselves and on behalf of a class of similarly-situated individuals,<br><br>Petitioners,<br><br>v.<br><br>WILLIAM BARR, United States Attorney General; KEVIN MCALEENAN, Acting Secretary, Homeland Security; JAMES MCHENRY, Director, Executive Office for Immigration Review; DAVID MARIN, Field Office Director, Los Angeles District, Immigration and Customs Enforcement; DON BARNES Sheriff of Orange County; OFFICER NGUYEN, Officer-in-Charge, Theo Lacy Facility; LUKE SOUTH, Commander, Theo Lacy Facility; LISA VON NORDHEIM, Captain, James A. Musick Facility; TERRY NELSEN, Assistant Field Office Director, Adelanto Detention Facility,<br><br>Respondents. | Case No. CV 07-3239-TJH (RNBx)<br><br>**JOINT STIPULATION TO TEMPORARILY SUSPEND CASE SCHEDULE**<br><br>Honorable Terry J. Hatter, Jr. |

Additional counsel:

JUDY RABINOVITZ
jrabinovitz@aclu.org
MICHAEL TAN (SBN 284869)
mtan@aclu.org
AMERICAN CIVIL LIBERTIES FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

JAYASHRI SRIKANTIAH (SBN 189566)
jsrikantiah@law.staford.edu
STANFORD LAW SCHOOL
IMMIGRANTS' RIGHTS CLINIC
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-2442
Facsimile: (650) 723-4426

SEAN COMMONS (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

AVA GUO
aguo@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

On May 19, 2020, Dkt. 554, this Court granted the Parties' stipulated request to stay the scheduling order it had entered on January 27, 2020, Dkt. 541, for 60 days from April 15, 2020 to June 15, 2020 because of the COVID-19 pandemic. In light of the fact that the COVID-19 pandemic continues to significantly impact day-to-day activities for counsel and the Court, and because it continues to complicate efforts to proceed with discovery in this case, the Parties hereby jointly request that the Court extend the stay for an additional 30 days to July 15, 2020.

The Parties have met and conferred at length regarding the significant limitations and burdens that the pandemic has imposed on meeting upcoming case deadlines. For example, both Parties' counsel and other employees at both the federal government and the ACLU remain under work-from-home orders, and will therefore be largely unable to access physical files to respond to discovery requests. Furthermore, completing depositions in this case could require cross-country travel, which is not feasible due to California's extended shelter-in-place orders.

The parties are mindful of their obligations to adhere to the case schedules adopted by the Court and have been endeavoring to comply with the operative deadlines, but jointly believe there is good cause for extending the 60-day suspension of the case for an additional 30 days until July 15, 2020 because of the concerns discussed above. Before July 15, 2020, the Parties will again meet and confer as to an updated case schedule and submit a stipulated agreement to the Court. The Parties agree that entry of an additional 30-day stay will not inhibit either Party's right to seek appeal, and that any deadline that would otherwise have fallen during the 30-day stay period should not be deemed to have expired during that period.

As the COVID-19 situation continues to evolve, and it remains uncertain when offices will re-open and regular day-to-day activities will resume, the Parties will reassess the need for extending the stay prior to the end of this 30-day period.

Should the parties wish to continue the stay beyond July 15, 2020, they will inform the Court by separate filing.

It is so stipulated.

                                                      Respectfully submitted,

Dated: June 15, 2020                    /s/ Ahilan Arulanantham
                                                      Counsel for Petitioners

                                                      /s/ Sarah Wilson (with permission)
                                                      Counsel for Respondents